**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (*pro hac vice* pending)
Alice Belisle Eaton (*pro hac vice* pending)
Christopher Hopkins (*pro hac vice* pending)
Sean A. Mitchell (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the  Debtors and Debtors in Possession*

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

</div>

| | |
|---|---|
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br>      Debtors.[1] | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Joint Administration Requested) |

<div align="center">

**DEBTORS' MOTION FOR ENTRY OF INTERIM
AND FINAL ORDERS (I) AUTHORIZING AND APPROVING
PROCEDURES TO REJECT, ASSUME, OR ASSUME AND ASSIGN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF**

</div>

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

   The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion:[2]

---

1 The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

2 Capitalized terms used but not defined in this motion have the meanings ascribed to them in the First Day Declaration, defined below.

## Relief Requested

1.      The Debtors seek entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and "Final Order", and each an "Order"): (a) authorizing and approving procedures (as described herein, the "Contract Procedures") for rejecting, assuming, or assuming and assigning executory contracts and unexpired leases (each a "Contract" and, collectively, the "Contracts"); and (b) granting related relief.

2.      The Debtors also request authority, but not direction, to remove or abandon personal property of the Debtors, including, without limitation, equipment, fixtures, furniture, and other personal property that may be located on, or have been installed in, leased premises that are subject to a rejected Contract after the effective date of any proposed rejection.

## Jurisdiction and Venue

3.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief requested herein are sections 105(a), 363, 365, and 554 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002, 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 6004-1, 6007-1

and 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## Background

6.      On May 5, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrent with the filing of this motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

7.      A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Marc Liebman, Chief Transformation Officer of the Debtors, in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.

## The Debtors' Executory Contracts and Unexpired Leases

8.      The Debtors are party to thousands of Contracts, which include agreements with vendors for the supply of goods and services and other contracts related to the Debtors' business, and leases with respect to real and personal property, many of which may be considered nonresidential real property leases subject to section 365(d)(4) of the Bankruptcy Code, which provides that, absent agreement with the non-Debtor counterparty, such Contracts will be deemed rejected unless they are assumed, or assumed and assigned, by the date that is the earlier of (a) 120

3

days after the Petition Date and (b) the date of the entry of an order confirming a plan.[3] During the

pendency of these chapter 11 cases, the Debtors may, on a consensual or non-consensual basis,

seek to assume, assume and assign, or reject the Contracts.

9. The Debtors are in the process of evaluating all of their Contracts to determine

whether such Contracts should be (a) rejected as unfavorable to the Debtors or no longer beneficial

for business operations and the Debtors' sale process or (b) assumed or assumed and assigned to

third parties, as they are favorable or otherwise valuable to the Debtors' estates, including those

Contracts to be assumed as amended through consensual negotiations with the relevant

counterparties. Absent the relief requested in this motion, the Debtors would be required to file

separate motions to reject or assume individual Contracts, resulting in substantial costs to, and

administrative burdens on, the Debtors' estates— not to mention the attendant burden on the

Court's docket. To that end, and for the reasons discussed further herein, the Debtors hereby

request approval of the assumption and rejection procedures contemplated hereby to minimize

such costs and burdens.

**<u>The Proposed Rejection Procedures</u>**

10. The Debtors seek entry of the Interim and Final Orders authorizing and approving

the following procedures with respect to rejection of the Contracts (the "<u>Rejection Procedures</u>"):

a. ***Rejection Notice***. The Debtors shall file one or more notices substantially in
the form attached to the Order as **<u>Exhibit 1</u>** (the "<u>Rejection Notice</u>")
indicating the Debtors' intent to reject a Contract or Contracts pursuant to
section 365 of the Bankruptcy Code, which Rejection Notice shall set forth,
among other things: (i) the Contract or Contracts to be rejected; (ii) the
Debtor or Debtors party to such Contract; (iii) the names and addresses of
the counterparties to such Contract(s) (each a "<u>Rejection Counterparty</u>");
(iv) the store number and address of the affected location, if applicable; (v)
the proposed effective date of the rejection for each such Contract, which

---

3    Notwithstanding the relief sought in this motion, the Debtors reserve the right to file a separate motion seeking to
extend the 120-day deadline in section 365(d)(4) of the Bankruptcy Code.

for leases shall be the later of (a) the proposed effective date set forth on the Rejection Notice, (b) the date the Debtors relinquish control of the premises by (1) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and turning over keys, key codes, and security codes, if any, to the affected landlord, or (2) notifying the affected landlord in writing, with email being sufficient, that the keys, key codes, and security codes, if any, are not available, but that the landlord may rekey the leased premises, or (c) such other date to which the Debtors and the applicable Rejection Counterparty have agreed or as the Court may order (each a "Rejection Date"); (vi) if any such Contract is a lease, the personal property to be abandoned (the "Abandoned Property"), if any, and if practicable an estimate of the book value of such property; (vii) with respect to real property, any known third party having an interest in any remaining property, including personal property, furniture, fixtures, and equipment located at the leased premises; and (viii) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The Rejection Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on the Rejection Notice shall be limited to no more than 100 and the Rejection Counterparties shall be listed in alphabetical order. Further, the Rejection Notice shall include the proposed form of order (the "Rejection Order") approving the rejection of the Contracts, which shall be substantially in the form of Exhibit 1-A to the Rejection Notice. No Contract shall be deemed rejected absent entry of an applicable Rejection Order.

b.   ***Service of the Rejection Notice***. No later than two (2) business days after filing, the Debtors will cause the Rejection Notice to be served (i) by first-class mail and e-mail, where known, upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract (and their counsel, if known) and all parties who may have any interest in any Abandoned Property (if known), and (ii) by first class mail, email, or fax upon: (a) the office of the United States Trustee for the District of New Jersey; (b) the Debtors' 50 largest unsecured creditors (on a consolidated basis); (c) the Prepetition ABL Agent and counsel thereto; (d) Bank of America, N.A., as administrative agent and collateral agent under the DIP Facility (the "DIP Agent"), and counsel thereto; (e) counsel to any statutory committee appointed in these chapter 11 cases; (f) the United States Attorney's Office for the District of New Jersey; (g) the Internal Revenue Service; (h) the U.S. Securities and Exchange Commission; (i) the attorneys general in the states where the Debtors conduct their business operations; (j) the parties affected by the Rejection Notice at the notice party provided in the applicable Contract (and by email upon such Rejection Counterparty's counsel, if known); and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Service Parties").

c.     ***Objection Procedures***. Parties objecting to a proposed rejection must file and serve a written objection[4] so that such objection is filed with the Court and ***actually received*** by the following parties no later than ten (10) calendar days after the date the Debtors file and serve the applicable Rejection Notice (the "<u>Rejection Objection Deadline</u>"): (a) the Debtors, New Rite Aid, LLC, 200 Newberry Commons, Etters, Pennsylvania 17319; (b) proposed co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice Yudkin (fyudkin@coleschotz.com), and Seth Van Aalten, Esq. (svanaalten@coleschotz.com), and Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 6th Avenue, New York, NY 10019, Attn: Andrew N. Rosenberg (arosenberg@paulweiss.com), Alice Belisle Eaton (aeaton@paulweiss.com), Christopher Hopkins (chopkins@paulweiss.com), and Sean A. Mitchell (smitchell@paulweiss.com); (c) counsel to the Prepetition ABL Agent and DIP Agent, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola (jventola@choate.com), Jonathan D. Marshall (jmarshall@choate.com), and Mark D. Silva (msilva@choate.com) and Greenberg Traurig, LLP, 500 Campus Drive, Suite 400, Florham Park, NJ 07932, Attn: Alan J. Brody (brodya@gtlaw.com) and Julia Frost-Davies (julia.frostdavies@gtlaw.com); (d) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M. Sponder (Jeffrey.M.Sponder@usdoj.gov) and Lauren Bielskie (lauren.bielskie@usdoj.gov); (e) counsel to the applicable Contract counterparty; and (f) counsel to any official committee appointed in these chapter 11 cases (collectively, the "<u>Objection Service Parties</u>").

d.     ***No Objection Timely Filed***. If no objection to the rejection of any Contract is timely filed, the Debtors shall file a Rejection Order under a certificate of no objection. The rejection of each Contract listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agree; *provided* that the Rejection Date for a rejection of a lease of nonresidential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by (A) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the

---

[4]     An objection to the rejection of any particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

premises and that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises; *provided*, *further*, that the Rejection Date for a rejection of a lease of nonresidential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e.    ***Unresolved Timely Objections***. If an objection to the rejection of any Contract(s) listed in the applicable Rejection Notice is timely filed and properly served as specified above and not withdrawn or consensually resolved, the Debtors shall file a notice for a hearing to be held on not less than ten (10) calendar days' notice to the applicable Rejection Counterparty and Objection Service Parties to consider the objection for the Contract(s) to which such objection relates. Such Contract will only be deemed rejected upon entry by the Court of a consensual form of Rejection Order resolving the objection as between the objecting party and the Debtors or, if resolution is not reached and/or the objection is not withdrawn, upon further order of the Court and shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty agree, or as ordered by the Court.

f.    ***No Application of Security Deposits***. If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not setoff, recoup, or otherwise use such monies without further order of the Court, unless the Debtors and the applicable Rejection Counterparty to such Contract(s) otherwise agree.

g.    ***Abandoned Property***. The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract; *provided*, *however*, that (i) nothing shall modify any requirement under applicable law with respect to the removal of any hazardous materials as defined under the applicable law from any of the Debtors' leased premises, (ii) to the extent the Debtors seek to abandon personal property that contains "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code (the "PII"), the Debtors shall remove the PII from such personal property before abandonment, and (iii) the Debtors shall not abandon any medications or medicines. If the Debtors decide to abandon any personal property, the Debtors shall generally describe the abandoned personal property in the Rejection Notice. Absent a timely objection, the property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. For the avoidance of doubt, any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. Landlords may, in their sole discretion and without further notice or order of

this Court utilize and/or dispose of such property without notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

h. ***Proofs of Claim***. Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) thirty (30) calendar days after the later of (A) the date of entry of the Rejection Order approving rejection of the applicable Contract, and (B) the Rejection Date. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

i. ***Removal from a Rejection Notice***. The Debtors reserve the right to remove any Contract from the schedule to a Rejection Notice at any time prior to the Rejection Date, but shall provide any affected Rejection Counterparty and the Objection Service Parties notice of removal of any Contract from the Rejection Notice within two (2) business days of any such change, *provided* that the Debtors shall not remove any Contract from the schedule to a Rejection Notice if they have relinquished control of the premises by notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises as described above and (a) turning over keys, key codes, and security codes, if any, to the affected landlord or (b) notifying the affected landlord in writing, with email being sufficient, that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leases premises.

### The Proposed Assumption Procedures

11.     The Debtors seek entry of the Interim and Final Orders authorizing and approving

the following procedures with respect to the assumption and assumption and assignment of the

Contracts (the "Assumption Procedures" and together with the Rejection Procedures, collectively,

the "Contract Procedures"):

a. ***Assumption Notice.*** The Debtors shall file one or more notices substantially in the form attached hereto as **Exhibit 2** (the "Assumption Notice") indicating the Debtors' intent to assume or assume and assign one or more Contracts pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things: (i) the Contract or Contracts to be assumed or assumed and assigned; (ii) the names and addresses of the counterparties to such Contract(s) (each an "Assumption Counterparty"); (iii) the Debtor or Debtors party to such Contract; (iv) the store number and address of the affected location, if applicable; (v) the identity of the proposed assignee of

such Contract (each, an "Assignee"), if applicable; (vi) the proposed effective date of the assumption or assumption and assignment for each such Contract (each, an "Assumption Date"); (vii) the proposed cure amount, if any, for each such Contract; (viii) a description of any material amendments to the Contract made with the prior consent and written agreement of the applicable Assumption Counterparty outside of the ordinary course of business; and (ix) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below). The Assumption Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on the Assumption Notice shall be limited to no more than 100 and the Assumption Counterparties shall be listed in alphabetical order. Further, the Assumption Notice shall include the proposed form of order (the "Assumption Order") approving the assumption or assumption and assignment of the Contracts, which shall be substantially in the form of Exhibit 2-A to the Assumption Notice. No Contract shall be deemed assumed or assumed and assigned absent entry of an applicable Assumption Order.

b. **Service of the Assumption Notice and Evidence of Adequate Assurance**. No later than two (2) business days after filing, the Debtors will cause the Assumption Notice to be served (i) by first-class mail and e-mail, where known, upon the Assumption Counterparties affected by the Assumption Notice and each Assignee, if applicable, at the address set forth in the notice provision of the applicable Contract (and their counsel, if known) and (ii) by first class mail, email, or fax upon the Service Parties. To the extent the Debtors seek to assume or assume and assign a Contract, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by first-class mail and e-mail, where known, upon the Assumption Counterparties affected by the Assumption Notice at the address set forth in the notice provision of the applicable Contract (and their counsel, if known, by electronic mail).[5]

c. **Objection Procedures**. Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of a Contract must file and serve a written objection[6] so that such objection is

---

[5] Adequate assurance information may include: (i) the specific name of the proposed assignee, and the proposed name under which the proposed assignee intends to operate the store if not the current trade-name of the Debtors; (ii) a corporate organizational chart or similar disclosure identifying ownership and control of the proposed assignee of the applicable contracts and leases; (iii) audited or unaudited financial statements, tax returns, bank account statements, or annual reports; (iv) financial projections, calculations, and/or financial pro-formas prepared in contemplation of purchasing the applicable Contracts; (v) the proposed assignee's intended use of the leased premises and a description of the proposed business to be conducted at the premises; (vi) the proposed assignee's experience in retail and in operating in a shopping center, if applicable; (vii) a contact person for the proposed assignee; and/or (viii) any other documentation that the Debtors may further request

[6] An objection to the assumption of any particular Contract listed on the Assumption Notice shall not constitute an objection to the assumption of any other Contract listed on such Assumption Notice.

filed with the Court and ***actually received*** by the Objection Service Parties no later than ten (10) calendar days after the date the Debtors file and serve the relevant Assumption Notice (the "Assumption Objection Deadline").

    d.    ***No Objection***. If no objection to the assumption or assumption and assignment of any Contract is timely filed the Debtors shall file an Assumption Order under a certificate of no objection. The assumption of each Contract shall be assumed or assumed and assigned as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the Assumption Counterparties agree and the proposed cure amount shall be binding on all counterparties to such Contract and no amount in excess thereof shall be paid for cure purposes; *provided* that the Assumption Date for a lease of nonresidential real property shall not occur earlier than the date the Debtors filed and served the applicable Assumption Notice.

    e.    ***Unresolved Timely Objections***. If an objection to the assumption or assumption and assignment of any Contract(s) listed in the applicable Assumption Notice is timely filed and properly served as specified above and not withdrawn or consensually resolved, the Debtors shall file a notice for a hearing to be held on not less than ten (10) calendar days' notice to the applicable Assumption Counterparty and Objection Service Parties to consider the objection for the Contract(s) to which such objection relates. The Debtors may adjourn the hearing to a later date from time to time upon filing an amended notice of hearing. Such Contract will only be deemed assumed or assumed and assigned upon entry by the Court of a consensual form of Assumption Order resolving the objection as between the objecting party and the Debtors or, if resolution is not reached and/or the objection is not withdrawn, upon further order of the Court and shall be assumed or assumed and assigned as of the applicable Assumption Date set forth in the Assumption Notice or such other date to which the Debtors and the applicable Assumption Counterparty agree, or as ordered by the Court.

    f.    ***Modifications of Assumption Notice***. The Debtors reserve the right to remove any Contract from an Assumption Notice at any time prior to the entry of the Assumption Order (including, without limitation, upon the failure of any proposed assumption and assignment to close).

    12.    In addition, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Debtors request that the assignment of any Contract pursuant to the Assumption Procedures: (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds in the same order and priority subject to all existing defenses, claims, setoffs, and rights), and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guarantees

of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims, and encumbrances that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s) (but only in connection with the assignment by the Debtor to the Assignee)), provided that any such assignment shall not be free and clear of any accrued but unbilled or not due rent and charges under a lease of non-residential real property, including adjustments, reconciliations, and indemnity obligations, liability for which shall be assumed or assumed and assigned by the Debtors or the applicable Assignee, as agreed by and among the Debtors and the applicable Assignee; and (b) constitutes a legal, valid, and effective transfer of such Contract(s) and vests the applicable Assignee with all rights, titles, and interests to the applicable Contract(s).

13.    For the avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee.

**Basis for Relief**

**I.    The Contract Procedures Are in the Best Interests of the Debtors' Estates.**

14.    Given the large number of Contracts to which the Debtors are a party, establishing the Contract Procedures will streamline the administration of these chapter 11 cases and enhance the efficiency of the Debtors' sale process by eliminating substantial legal expenses that would otherwise be incurred if multiple hearings were held on separate motions with respect to every Contract that the Debtors seek to assume or reject. The Contract Procedures are reasonable and fair to Contract counterparties because they afford parties in interest the opportunity to be heard

11

with respect to the rejection, assumption, or assumption and assignment of the Contracts (and any amendments to Contracts or abandonment of property related thereto).

15.     Courts in this circuit often enter orders approving similar relief as requested in this motion. *See, e.g.*, *In re Rite Aid Corp.*, No. 23-18993 (MBK) (Bankr. D.N.J. Nov. 20, 2023) (entering an order for procedures to reject or assume executory contracts and unexpired leases); *In re WeWork Inc.*, No. 23-19865 (JKS) (Bankr. D.N.J. Nov. 29, 2023) (same); *In re Sam Ash Corp.*, No. 24-12727 (SLM) (Bankr. D.N.J. June 5, 2024) (same); *In re Invitae Corp.*, No. 24-11364 (MBK) (Bankr. D.N.J. Mar. 18, 2024) (same); *In re Bed Bath & Beyond Inc.*, No. 23-13359 (VPF) (Bankr. D.N.J. May 17, 2023) (same).[7]

## II.     Rejection, Assumption, Assumption and Assignment, and Amendment of the Contracts Is an Exercise of the Debtors' Business Judgment.

16.     Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The ability to assume or reject executory contracts and unexpired leases is essential in chapter 11 to relieve the debtors' estate from burdensome obligations that could impede confirmation of a chapter 11 plan. *See N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. 513, 528 (1984). The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor. *See, e.g.*, *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996); *see also Nat'l Labor Relations Bd. v. Bildisco and Bildisco* (*In re Bildisco*), 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test." (citation omitted)). The business judgment standard mandates

---

[7]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

that a court approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice. *See Lubrizol Enters., Inc. v. Richmond Metal Finishers*, 756 F.2d 1043, 1047 (4th Cir. 1985), cert, denied, 475 U.S. 1057 (1986).

17.    The Court may also authorize the Contract Procedures under section 105(a) of the Bankruptcy Code. Section 105(a) codifies a bankruptcy court's inherent equitable powers, and allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Accordingly, a bankruptcy court's exercise of its authority under section 105(a) of the Bankruptcy Code is appropriately used to carry out one of the central policies underlying chapter 11—*i.e.*, to preserve value and maximize property available to satisfy the debtor's stakeholders.

18.    Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease. Further, the business judgment standard is satisfied when a debtor determines that assumption or rejection will benefit the estate. *See In re Trans World Airlines, Inc.*, No. 01-0056, 2001 Bankr. LEXIS 722, at *7–8 (Bankr. D. Del. Mar. 16, 2001) (noting that the standard under section 365 requires consideration of the benefit of the rejection to the debtor's estate); *see also In re TS Indus., Inc.*, 117 B.R. 682, 685 (Bankr. D. Utah 1990); *In re Del Grosso*, 115 B.R. 136, 138 (Bankr. N.D. Ill. 1990).

19.    Further, as with the assumption or rejection of an executory contract or an unexpired lease under section 365, any amendment to an executory contract or unexpired lease that may be deemed outside the ordinary course of business is authorized under section 363 of the Bankruptcy Code when there is a "sound business purpose" that justifies such action. *See* In re Borders Grp. Inc., 453 B.R. 477, 482 (Bankr. S.D.N.Y. 2011) ("In approving a transaction conducted pursuant to section 363(b)(1), courts consider whether the debtor exercised sound

13

business judgment."); *see also Crystalin, LLC v. Selma Props. Inc.* (*In re Crystalin, LLC*), 293

B.R. 455, 463 (B.A.P. 8th Cir. 2003); *Comm. of Equity Sec. Holders v. Lionel Corp.* (*In re Lionel

Corp.*), 722 F.2d 1063, 1070 (2d Cir. 1983); *see also In re Delaware and Hudson Ry. Co.*, 124

B.R. 169, 176 (Bankr. D. Del. 1991) (noting that the Third Circuit has adopted the "sound business

judgment" standard for transactions under section 363 of the Bankruptcy Code).

20.    The Debtors have determined, in their sound business judgment, that the rejection,

assumption, or assumption and assignment (and any amendments thereto) of Contracts in

accordance with the Contract Procedures proposed herein is and will be in the best interest of the

Debtors' estates. Further, the Contract Procedures will avoid substantial legal expense and the use

of Court time that would result if a motion were filed and a hearing held for every motion seeking

the rejection, assumption, or assumption and assignment of Contracts. The information provided

on the Rejection Notices and Assumption Notices will provide the Court and interested parties

with sufficient information to establish that the Debtors are entitled to make such a rejection,

assumption, or assumption and assignment (and any amendments thereto) in their sound business

judgment. Accordingly, the Debtors respectfully request that the Court approve the Contract

Procedures.

### III.    The Debtors Should Be Permitted to Assign Contracts Free and Clear of Interests.

21.    Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and

clear of another party's interest in such property if: (a) applicable nonbankruptcy law permits a

free and clear sale; (b) the holder of the interest consents; (c) the interest is a lien and the sale price

of the property exceeds the value of all liens on the property; (d) the interest is in bona fide dispute;

or (e) the holder of the interest could be compelled in a legal or equitable proceeding to accept a

monetary satisfaction of its interest. *See* 11 U.S.C. § 363(f).

22.     Executory contracts and unexpired leases are property of a debtor's estate. To the extent the Debtors assume and assign a Contract pursuant to the Assumption Procedures, such assignment is tantamount to a sale of estate property and may be transferred free and clear of the interests in such property held by an entity other than the estate, so long as one of the criteria under section 363(f) of the Bankruptcy Code is satisfied. The Debtors propose that if a party in interest fails to timely object to an assumption and assignment consistent with the Assumption Procedures, such party shall be deemed to "consent" to such assumption and assignment within the meaning of section 363(f)(2) of the Bankruptcy Code. If a party in interest timely objects to an assumption and assignment consistent with the Assumption Procedures, and such objection is not withdrawn or resolved, the Debtors shall request the Court set a hearing on same to consider the objection; if such objection is overruled or withdrawn, the Contract(s) in question shall be assumed. The requirements of section 363(f) of the Bankruptcy Code would thus be satisfied for any proposed "transfer" of a Contract free and clear of liens, claims, encumbrances, and other interests.

23.     Courts have granted similar authority. *See, e.g.*, *In re Rite Aid Corp.*, No. 23-18993 (MBK) (Bankr. D.N.J. Nov. 20, 2023) (authorizing the assignment of contracts and leases free and clear of liens and claims); *In re WeWork Inc.*, No. 23-19865 (JKS) (Bankr. D.N.J. Nov. 29, 2023) (same); *In re Cyxtera Technologies, Inc.*, No. 23-14853 (Bankr. D.N.J. June 29, 2023) (same); *In re Bon Ton Stores, Inc.*, No. 18-10248 (Bankr. D. Del. Aug. 30, 2018) (same); *In re Specialty Retail Shops Holding Corp.*, No. 19-80064 (Bankr. D. Neb. Jan. 16, 2019) (same).

**IV.     Abandonment of Personal Property Is in the Best Interests of the Debtors' Estates.**

24.     With respect to the Debtors' request for authority to abandon property, the Debtors submit that the standard set forth in section 554(a) of the Bankruptcy Code is satisfied. Section 554(a) provides that a debtor in possession may abandon, subject to court approval, "property of the estate that . . . is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Before

authorizing abandonment of property, a bankruptcy court must find that either: (a) the property is burdensome to the estate; or (b) the property is both of inconsequential value and inconsequential benefit to the estate. *See, e.g.*, *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 497 (1986); *Matter of Boogaard*, 89 B.R. 397, 397 (Bankr. D. Del. 1988); *In re Pilz Compact Disc, Inc.*, 229 B.R. 630, 635 (Bankr. E.D. Pa. 1999). The personal property proposed to be abandoned in connection with any future rejections of Contracts that are real property leases would primarily consist of fixtures, furniture, advertising displays, and other office and store equipment that could not be sold in the store closing sales and is (a) of minimal or no material value or benefit to the Debtors' estates and/or (b) burdensome insofar as the costs and expenses of removal and storage of such property are likely to exceed the net proceeds realizable from their sale.

## V. The Contract Procedures Satisfy Due Process.

25.     The Contract counterparties will not be prejudiced by the Contract Procedures because, upon receipt of an Assumption Notice or a Rejection Notice, such counterparties will have received advance notice of the Debtors' intent to reject, assume, or assume and assign their respective Contract and of the effective date of such assumption or rejection. *See, e.g.*, *In re Thane Int'l, Inc.*, 586 B.R. 540, 548 (Bankr. D. Del. 2018) (finding that the requirements of the Bankruptcy Code are meant to protect the interests of the non-debtor parties to executory contracts, so they may avoid having to deal with an assumption of which they had no notice and which they had no opportunity to contest); *In re Mid Region Petrol. Inc.*, 111 B.R. 968, 970 (Bankr. N.D. Okla. 1990) (holding effective date of rejection of leases was the date the trustee gave notice to lessor of intent to reject), *aff'd*, 1 F.3d 1130 (10th Cir. 1993); *In re Carlisle Homes, Inc.*, 103 B.R. 524, 535 (Bankr. D.N.J. 1988) (finding debtor may reject executory contract by clearly communicating intention to reject).

26.     Additionally, in the case of unexpired leases of non-residential real property, the Debtors will likely vacate the premises before or upon serving the Rejection Notice, thereby allowing the counterparties to take possession of and relet the property promptly. *See, e.g.*, *Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 608-09 (2d Cir. 2007) (holding that bankruptcy court did not abuse its discretion in finding balance of equities favored making rejection of a non-residential lease of real property retroactive to date tenant vacated premises, as tenant's action provided landlord with opportunity to relet premises); *In re New Valley Corp*, No. 98-982, 2000 U.S. Dist. LEXIS 12663, at *44-46 (D.N.J. Aug. 31, 2000) (holding that bankruptcy court properly exercised its discretion in adjusting the effective date of rejection from the date the court signed the order authorizing rejection to the date on which the debtor vacated and the landlord exercised control over the property); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (holding that lease at issue should be deemed rejected as of the petition date due to equities of the case where debtor turned over keys and vacated premises and served motion to reject lease as soon as possible).

27.     As a procedural matter, "[a] proceeding to assume, reject, or assign an executory contract or unexpired lease . . . is governed by Rule 9014." Bankruptcy Rule 6006(a). Bankruptcy Rule 9014 provides that: "[i]n a contested matter . . . , not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Bankruptcy Rule 9014(a). The notice and hearing requirements for contested matters under Bankruptcy Rule 9014 are satisfied if appropriate notice and an opportunity for hearing are given *in light of the particular circumstances*. *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" or a similar phrase to mean such notice and an opportunity for hearing "as [are] appropriate in the particular circumstances").

28.     Under Bankruptcy Rule 6006(f), a debtor may join requests for authority to assume or reject multiple executory contracts or unexpired leases in one motion, subject to Bankruptcy Rule 6006(e). Bankruptcy Rule 6006(f) sets forth six requirements that motions to assume or reject multiple executory contracts or unexpired leases must satisfy. These requirements are procedural in nature. A motion to assume or reject multiple executory contracts or unexpired leases that are not between the same parties shall:

    i.    state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

    ii.    list parties alphabetically and identify the corresponding contract or lease;

    iii.    specify the terms, including the curing of defaults, for each requested assumption or assignment;

    iv.    specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

    v.    be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

    vi.    be limited to no more than 100 executory contracts or unexpired leases. Bankruptcy Rule 6006(f).

29.     The clear purpose of Bankruptcy Rule 6006(f) is to protect the due process rights of counterparties to the Contracts while conserving estate resources. Counterparties must be able to locate their Contracts and readily determine whether their Contracts are being assumed or rejected.

30.     The Contract Procedures satisfy Bankruptcy Rule 6006(f), including the 100-contract or lease limit set forth in subsection (vi) thereof. Further, given the substantial number of Contracts the Debtors will be seeking to assume, assume and assign, or reject, obtaining Court approval of each assumption, assignment, or rejection would impose unnecessary administrative burdens on the

Debtors and the Court and result in costs to the Debtors' estates that may decrease the economic benefits of rejection or assumption or assumption and assignment.

31.     In accordance with Bankruptcy Rule 6007(a), the Debtors will provide the United States Trustee for the District of New Jersey and other parties in interest with the requisite notice and an opportunity to object to any proposed abandonment of property.

32.     As a result, the Contract Procedures afford Contract counterparties and all other parties in interest their due process rights by providing notice and the opportunity to be heard. Moreover, Court oversight is maintained in the event of an objection. For the foregoing reasons, the Contract Procedures should be approved, and the Debtors should be authorized to reject, assume, and assume and assign the Contracts consistent with the terms of such procedures.

33.     In sum, the Contract Procedures will minimize costs to the Debtors' estates and reduce the burden on the Court's docket while protecting parties in interest by providing notice and the opportunity to object and obtain a hearing. The Debtors have determined that the Contract Procedures are an appropriate means to protect and maximize the value of the Debtors' estates.

## **The Requirements of Bankruptcy Rule 6003(a) Are Satisfied**

34.     Bankruptcy Rule 6003(a) empowers a court to grant relief within the first twenty-one days after the Petition Date if the "relief is needed to avoid immediate and irreparable harm."  As set forth in this motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm.  Furthermore, the failure to receive the requested relief during the first twenty-one days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture.  Establishing the Contract Procedures is vital to a smooth transition into chapter 11 so that the Debtors may reject, assume, or assume and assign executory contracts and unexpired leases.  Accordingly, the Debtors submit that they have satisfied the

"immediate and irreparable harm" standard of Bankruptcy Rule 6003(a) to support the relief requested herein.

## Waiver of Bankruptcy Rule 6004(a) and 6004(h)

35.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## Waiver of Memorandum of Law

36.     The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the motion does not raise any novel issues of law.

## Reservation of Rights

37.     Nothing contained in this motion or any order granting the relief requested in this motion, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this motion or any order granting the relief requested by this motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a

waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party

in interest against any person or entity under the Bankruptcy Code or any other applicable law.

## No Prior Request

38.     No prior request for the relief sought in this motion has been made to this or any

other court.

## Notice

39.     The Debtors will provide notice of this motion to the following parties and/or their

respective counsel, as applicable: (a) the office of the United States Trustee for the District of New

Jersey; (b) the Debtors' 50 largest unsecured creditors (on a consolidated basis); (c) the Prepetition

ABL Agent and counsel thereto; (d) the DIP Agent and counsel thereto; (e) the trustees for the

Senior Secured Notes and counsel thereto; (f) the United States Attorney's Office for the District

of New Jersey; (g) the Internal Revenue Service; (h) the attorneys general in the states where the

Debtors conduct their business operations; and (i) any party that has requested notice pursuant to

Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no

other or further notice need be given.


*[Remainder of Page Intentionally Left Blank.]*

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated:  May 6, 2025

*/s/ Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (*pro hac vice* pending)
Alice Belisle Eaton (*pro hac vice* pending)
Christopher Hopkins (*pro hac vice* pending)
Sean A. Mitchell (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

<u>**Exhibit A**</u>

**Proposed Interim Order**

<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

In re:

NEW RITE AID, LLC, *et al.*,

<div align="right">Debtors. [1]</div>

</td><td>

Chapter 11

Case No. 25-14861 (MBK)

(Jointly Administered)

</td></tr>
</table>

### INTERIM ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO REJECT, ASSUME, OR ASSUME AND ASSIGN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through fourteen (14), is

**ORDERED**.

---

[1]    The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
Andrew N. Rosenberg (*pro hac vice* pending)
Alice Belisle Eaton (*pro hac vice* pending)
Christopher Hopkins (*pro hac vice* pending)
Sean A. Mitchell (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Interim Order (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief* (the "<u>Motion</u>"),[1] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), for entry of an order (this "<u>Interim Order</u>") (a) authorizing and approving procedures (as described in the Motion, the "<u>Contract Procedures</u>") for rejecting, assuming, or assuming and assigning executory contracts and unexpired leases and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"), if any; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Interim Order (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

1.       The Motion is **GRANTED** on an interim basis as set forth herein.

2.       The Final Hearing on the Motion will be held on _____, **2025 at**
_____ **(Eastern Time)**.  Objections, if any, that relate to the Motion shall be filed and
served so as to be actually received by the following parties on or before _____,
**2025 at 4:00 p.m. (Eastern Time)**: (a) the Debtors, New Rite Aid, LLC, 200 Newberry
Commons, Etters, Pennsylvania 17319, Attn: David Kastin (David.Kastin@riteaid.com); (b)
proposed co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street,
Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com),
Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice Yudkin
(fyudkin@coleschotz.com), and Seth Van Aalten, Esq. (svanaalten@coleschotz.com), and Paul,
Weiss, Rifkind, Wharton & Garrison LLP, 1285 6th Avenue, New York, NY 10019, Attn:
Andrew N. Rosenberg (arosenberg@paulweiss.com), Alice Belisle Eaton
(aeaton@paulweiss.com), Christopher Hopkins (chopkins@paulweiss.com), and Sean A.
Mitchell (smitchell@paulweiss.com); (c) the United States Trustee for the District of New Jersey,
Attn: Jeffrey M. Sponder and Lauren Bielskie, One Newark Center, Suite 2100, Newark, NJ
07102; (d) counsel to any statutory committee appointed in these chapter 11 cases; and (e)
counsel to the Prepetition ABL Agent and the DIP Agent, Choate, Hall & Stewart LLP, Two
International Place, Boston, MA 02110, Attn: John F. Ventola (jventola@choate.com), Jonathan
D. Marshall (jmarshall@choate.com), and Mark D. Silva (msilva@choate.com) and Greenberg
Traurig, LLP, 500 Campus Drive, Suite 400, Florham Park, NJ 07932, Attn: Alan J. Brody
(brodya@gtlaw.com) and Julia Frost-Davies (julia.frostdavies@gtlaw.com). If no objections are

(Page | 5)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Interim Order (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

filed to the Motion, the Court may enter an order approving the relief requested in the Motion on

a final basis without further notice or hearing.

3.        The following Rejection Procedures are approved in connection with rejecting

Contracts:

a.        ***Rejection Notice***. The Debtors shall file one or more notices substantially in the form attached to the Interim Order as **<u>Exhibit 1</u>** (the "<u>Rejection Notice</u>") indicating the Debtors' intent to reject a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things: (i) the Contract or Contracts to be rejected; (ii) the Debtor or Debtors party to such Contract; (iii) the names and addresses of the counterparties to such Contract(s) (each a "<u>Rejection Counterparty</u>"); (iv) the store number and address of the affected location, if applicable; (v) the proposed effective date of the rejection for each such Contract, which for leases shall be the later of (a) the proposed effective date set forth on the Rejection Notice, (b) the date the Debtors relinquish control of the premises by (1) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and turning over keys, key codes, and security codes, if any, to the affected landlord, or (2) notifying the affected landlord in writing, with email being sufficient, that the keys, key codes, and security codes, if any, are not available, but that the landlord may rekey the leased premises, or (c) such other date to which the Debtors and the applicable Rejection Counterparty have agreed or as the Court may order (each a "<u>Rejection Date</u>"); (vi) if any such Contract is a lease, the personal property to be abandoned (the "<u>Abandoned Property</u>"), if any, and if practicable an estimate of the book value of such property; (vii) with respect to real property, any known third party having an interest in any remaining property, including personal property, furniture, fixtures, and equipment located at the leased premises; and (viii) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The Rejection Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on the Rejection Notice shall be limited to no more than 100 and the Rejection Counterparties shall be listed in alphabetical order.  Further, the Rejection Notice shall include the proposed form of order (the "<u>Rejection Order</u>") approving the rejection of the Contracts, which shall be substantially in the form of <u>Exhibit 1-A</u> to the

| (Page | 6) | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No.: | 25-14861 (MBK) |
| Caption of Order: | Interim Order (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

Rejection Notice. No Contract shall be deemed rejected absent entry of an applicable Rejection Order.

b. ***Service of the Rejection Notice***. No later than two (2) business days after filing, the Debtors will cause the Rejection Notice to be served (i) by first-class mail and e-mail, where known, upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract (and their counsel, if known) and all parties who may have any interest in any Abandoned Property (if known), and (ii) by first class mail, email, or fax upon: (a) the office of the United States Trustee for the District of New Jersey; (b) the Debtors' 50 largest unsecured creditors (on a consolidated basis); (c) the Prepetition ABL Agent and counsel thereto; (d) the DIP Agent and counsel thereto; (e) counsel to any statutory committee appointed in these chapter 11 cases; (f) the United States Attorney's Office for the District of New Jersey; (g) the Internal Revenue Service; (h) the U.S. Securities and Exchange Commission; (i) the attorneys general in the states where the Debtors conduct their business operations; (j) the parties affected by the Rejection Notice at the notice party provided in the applicable Contract (and by email upon such Rejection Counterparty's counsel, if known); and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Service Parties").

c. ***Objection Procedures***. Parties objecting to a proposed rejection must file and serve a written objection[2] so that such objection is filed with the Court and ***actually received*** by the following parties no later than ten (10) calendar days after the date the Debtors file and serve the applicable Rejection Notice (the "Rejection Objection Deadline"): (a) the Debtors, New Rite Aid, LLC, 200 Newberry Commons, Etters, Pennsylvania 17319; (b) proposed co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice Yudkin (fyudkin@coleschotz.com), and Seth Van Aalten, Esq. (svanaalten@coleschotz.com), and Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 6th Avenue, New York, NY 10019, Attn: Andrew N. Rosenberg (arosenberg@paulweiss.com), Alice Belisle Eaton (aeaton@paulweiss.com), Christopher Hopkins (chopkins@paulweiss.com), and Sean A. Mitchell

---

[2]    An objection to the rejection of any particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

(Page | 7)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Interim Order (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

(smitchell@paulweiss.com); (c) counsel to the Prepetition ABL Agent and DIP Agent, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola (jventola@choate.com), Jonathan D. Marshall (jmarshall@choate.com), and Mark D. Silva (msilva@choate.com) and Greenberg Traurig, LLP, 500 Campus Drive, Suite 400, Florham Park, NJ 07932, Attn: Alan J. Brody (brodya@gtlaw.com) and Julia Frost-Davies (julia.frostdavies@gtlaw.com); (d) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M. Sponder (Jeffrey.M.Sponder@usdoj.gov) and Lauren Bielskie (lauren.bielskie@usdoj.gov); (e) counsel to the applicable Contract counterparty; and (f) counsel to any official committee appointed in these chapter 11 cases (collectively, the "Objection Service Parties").

d.   ***No Objection Timely Filed***. If no objection to the rejection of any Contract is timely filed, the Debtors shall file a Rejection Order under a certificate of no objection. The rejection of each Contract listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agree; *provided* that the Rejection Date for a rejection of a lease of nonresidential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by (A) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises; *provided*, *further*, that the Rejection Date for a rejection of a lease of nonresidential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e.   ***Unresolved Timely Objections***. If an objection to the rejection of any Contract(s) listed in the applicable Rejection Notice is timely filed and properly served as specified above and not withdrawn or consensually resolved, the Debtors shall file a notice for a hearing to be held on not less than ten (10) calendar days' notice to the applicable Rejection Counterparty and Objection Service Parties to consider the objection for the Contract(s) to which such objection relates. Such Contract will only be deemed rejected upon entry by the Court of a consensual form of Rejection Order resolving the objection

(Page | 8)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Interim Order (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

as between the objecting party and the Debtors or, if resolution is not reached and/or the objection is not withdrawn, upon further order of the Court and shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty agree, or as ordered by the Court.

f.     ***No Application of Security Deposits***. If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not setoff, recoup, or otherwise use such monies without further order of the Court, unless the Debtors and the applicable Rejection Counterparty to such Contract(s) otherwise agree.

g.     ***Abandoned Property***. The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract; *provided*, *however*, that (i) nothing shall modify any requirement under applicable law with respect to the removal of any hazardous materials as defined under the applicable law from any of the Debtors' leased premises, (ii) to the extent the Debtors seek to abandon personal property that contains "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code (the "PII"), the Debtors shall remove the PII from such personal property before abandonment, and (iii) the Debtors shall not abandon any medications or medicines. If the Debtors decide to abandon any personal property, the Debtors shall generally describe the abandoned personal property in the Rejection Notice. Absent a timely objection, the property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. For the avoidance of doubt, any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. Landlords may, in their sole discretion and without further notice or order of this Court utilize and/or dispose of such property without notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

j.     ***Proofs of Claim***. Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) thirty (30) calendar days after the later of (A) the date of entry of the Rejection Order approving rejection of the applicable Contract, and (B) the Rejection Date. If no proof of claim is timely filed, such claimant shall be forever barred

| | |
|---|---|
| (Page \| 9) | |
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Interim Order (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

k.      ***Removal from a Rejection Notice***. The Debtors reserve the right to remove any Contract from the schedule to a Rejection Notice at any time prior to the Rejection Date, but shall provide any affected Rejection Counterparty and the Objection Service Parties notice of removal of any Contract from the Rejection Notice within two (2) business days of any such change, *provided* that the Debtors shall not remove any Contract from the schedule to a Rejection Notice if they have relinquished control of the premises by notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises as described above and (a) turning over keys, key codes, and security codes, if any, to the affected landlord or (b) notifying the affected landlord in writing, with email being sufficient, that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leases premises.

3.      The following Assumption Procedures are approved in connection with assuming

and assuming and assigning Contracts:

a.      ***Assumption Notice***. The Debtors shall file one or more notices substantially in the form attached hereto as **<u>Exhibit 2</u>** (the "<u>Assumption Notice</u>") indicating the Debtors' intent to assume or assume and assign one or more Contracts pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things: (i) the Contract or Contracts to be assumed or assumed and assigned; (ii) the names and addresses of the counterparties to such Contract(s) (each an "<u>Assumption Counterparty</u>"); (iii) the Debtor or Debtors party to such Contract; (iv) the store number and address of the affected location, if applicable; (v) the identity of the proposed assignee of such Contract (each, an "<u>Assignee</u>"), if applicable; (vi) the proposed effective date of the assumption or assumption and assignment for each such Contract (each, an "<u>Assumption Date</u>"); (vii) the proposed cure amount, if any, for each such Contract; (viii) a description of any material amendments to the Contract made with the prior consent and written agreement of the applicable Assumption Counterparty outside of the ordinary course of business; and (ix) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below). The Assumption Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on the Assumption Notice shall be limited to no more than 100 and the

(Page | 10)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Interim Order (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

Assumption Counterparties shall be listed in alphabetical order. Further, the Assumption Notice shall include the proposed form of order (the "<u>Assumption Order</u>") approving the assumption or assumption and assignment of the Contracts, which shall be substantially in the form of <u>Exhibit 2-A</u> to the Assumption Notice. No Contract shall be deemed assumed or assumed and assigned absent entry of an applicable Assumption Order.

b.   ***Service of the Assumption Notice and Evidence of Adequate Assurance***. No later than two (2) business days after filing, the Debtors will cause the Assumption Notice to be served (i) by first-class mail and e-mail, where known, upon the Assumption Counterparties affected by the Assumption Notice and each Assignee, if applicable, at the address set forth in the notice provision of the applicable Contract (and their counsel, if known) and (ii) by first class mail, email, or fax upon the Service Parties. To the extent the Debtors seek to assume or assume and assign a Contract, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by first-class mail and e-mail, where known, upon the Assumption Counterparties affected by the Assumption Notice at the address set forth in the notice provision of the applicable Contract (and their counsel, if known, by electronic mail).[3]

c.   ***Objection Procedures***. Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of a Contract must file and serve a written objection[4] so that such objection is filed with the Court and ***actually received*** by the Objection Service Parties no later than ten (10) calendar days after the date the Debtors file and serve the relevant Assumption Notice (the "<u>Assumption Objection Deadline</u>").

d.   ***No Objection***. If no objection to the assumption or assumption and assignment of any Contract is timely filed the Debtors shall file an

---

[3]   Adequate assurance information may include: (i) the specific name of the proposed assignee, and the proposed name under which the proposed assignee intends to operate the store if not the current trade-name of the Debtors; (ii) a corporate organizational chart or similar disclosure identifying ownership and control of the proposed assignee of the applicable contracts and leases; (iii) audited or unaudited financial statements, tax returns, bank account statements, or annual reports; (iv) financial projections, calculations, and/or financial pro-formas prepared in contemplation of purchasing the applicable Contracts; (v) the proposed assignee's intended use of the leased premises and a description of the proposed business to be conducted at the premises; (vi) the proposed assignee's experience in retail and in operating in a shopping center, if applicable; (vii) a contact person for the proposed assignee; and/or (viii) any other documentation that the Debtors may further request

[4]   An objection to the assumption of any particular Contract listed on the Assumption Notice shall not constitute an objection to the assumption of any other Contract listed on such Assumption Notice.

(Page | 11)

| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Interim Order (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

Assumption Order under a certificate of no objection. The assumption of each Contract shall be assumed or assumed and assigned as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the Assumption Counterparties agree and the proposed cure amount shall be binding on all counterparties to such Contract and no amount in excess thereof shall be paid for cure purposes; *provided* that the Assumption Date for a lease of nonresidential real property shall not occur earlier than the date the Debtors filed and served the applicable Assumption Notice.

e.  ***Unresolved Timely Objections***. If an objection to the assumption or assumption and assignment of any Contract(s) listed in the applicable Assumption Notice is timely filed and properly served as specified above and not withdrawn or consensually resolved, the Debtors shall file a notice for a hearing to be held on not less than ten (10) calendar days' notice to the applicable Assumption Counterparty and Objection Service Parties to consider the objection for the Contract(s) to which such objection relates. The Debtors may adjourn the hearing to a later date from time to time upon filing an amended notice of hearing. Such Contract will only be deemed assumed or assumed and assigned upon entry by the Court of a consensual form of Assumption Order resolving the objection as between the objecting party and the Debtors or, if resolution is not reached and/or the objection is not withdrawn, upon further order of the Court and shall be assumed or assumed and assigned as of the applicable Assumption Date set forth in the Assumption Notice or such other date to which the Debtors and the applicable Assumption Counterparty agree, or as ordered by the Court.

f.  ***Modifications of Assumption Notice***. The Debtors reserve the right to remove any Contract from an Assumption Notice at any time prior to the entry of the Assumption Order (including, without limitation, upon the failure of any proposed assumption and assignment to close).

4.    The Debtors' right to assert that any provisions in a Contract that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of the Contract to an Assignee are unenforceable anti-assignment or *ipso facto* clauses is fully reserved.

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Interim Order (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

5.      Approval of the Contract Procedures and this Interim Order will not prevent the Debtors from seeking to reject, assume, or assume and assign a Contract by separate motion or pursuant to a chapter 11 plan.

6.      All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Interim Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is expired or terminated and is no longer an executory contract or unexpired lease, respectively.

7.      Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Interim Order or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any

(Page | 13)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Interim Order (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief authorized in this Interim Order are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

8.     Notwithstanding anything to the contrary in the Motion or this Interim Order, any payment made by the Debtors pursuant to the authority granted in this Interim Order must be in compliance with and any authorization of the Debtors contained herein is subject to: (a) any interim or final orders entered by the Court approving the Debtors' entry into any postpetition debtor-in-possession financing facility and/or authorizing the use of cash collateral; (b) the documentation in respect of any such debtor-in-possession financing or use of cash collateral; and (c) any budget or cash flow forecasts in connection therewith (in each case, the "DIP Order"). To the extent there is any inconsistency between the terms of the DIP Order and this Interim Order, the terms of the DIP Order shall control.

9.     Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10.     The Debtors have demonstrated that the requested relief is necessary to avoid "immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003.

11.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

12.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

(Page | 14)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al*. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Interim Order (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

13.     The Debtors are authorized to take all actions necessary to effectuate the relief

granted in this Interim Order in accordance with the Motion.

14.     Any party may move for modification of this Interim Order in accordance with

Local Rule 9013-5(e).

15.     The Debtors shall serve a copy of this Interim Order and the Motion on all parties

required to receive such service pursuant to Local Rule 9013-5(f).

16.     This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Interim Order.

## **Exhibit 1**

**Proposed Rejection Notice**

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

Andrew N. Rosenberg (*pro hac vice* pending)
Alice Belisle Eaton (*pro hac vice* pending)
Christopher Hopkins (*pro hac vice* pending)
Sean A. Mitchell (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**COLE SCHOTZ P.C.**

Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No. 25-14861 (MBK) |
| Debtors.[1] | (Joint Administration Requested) |

## NOTICE OF REJECTION OF
## CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON <u>SCHEDULE 1</u> ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY**

---

[1]   The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**PLEASE TAKE NOTICE** that on [ _____ ], 2025, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an interim order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors") (i) authorizing and approving procedures to reject, assume, or assume and assign executory contracts and unexpired leases and (ii) granting related relief [Docket No. ____] (the "Interim Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Procedures Order and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 1** attached hereto is hereby rejected effective as of the date (the "Rejection Date") set forth on **Schedule 1**, or such other date to which the Debtors and the counterparty or counterparties to any such Contract agree. For unexpired leases, the rejection effective date shall be the later of (a) the proposed effective date set forth on the Rejection Notice; and (b) the date the Debtors relinquish control of the premises by (1) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and turning over keys, key codes, and security codes, if any, to the affected landlord or (2) notifying the affected landlord in writing, with email being sufficient, that the keys, key codes, and security codes, if any, are not available, but that the landlord may rekey the leased premises

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed rejection of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is ***actually received*** by the following parties no later than ten (10) calendar days after the date that the Debtors file and served this Notice: (a) the Debtors, New Rite Aid, LLC, 200 Newberry Commons, Etters, Pennsylvania

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

17319; (b) proposed co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main

Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com),

Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice Yudkin (fyudkin@coleschotz.com),

and Seth Van Aalten, Esq. (svanaalten@coleschotz.com), and Paul, Weiss, Rifkind, Wharton &

Garrison LLP, 1285 6th Avenue, New York, NY 10019, Attn: Andrew N. Rosenberg

(arosenberg@paulweiss.com), Alice Belisle Eaton (aeaton@paulweiss.com), Christopher

Hopkins (chopkins@paulweiss.com), and Sean A. Mitchell (smitchell@paulweiss.com); (c)

counsel to the Prepetition ABL Agent and DIP Agent, Choate, Hall & Stewart LLP, Two

International Place, Boston, MA 02110, Attn: John F. Ventola (jventola@choate.com), Jonathan D.

Marshall (jmarshall@choate.com), and Mark D. Silva (msilva@choate.com) and Greenberg Traurig,

LLP, 500 Campus Drive, Suite 400, Florham Park, NJ 07932, Attn: Alan J. Brody

(brodya@gtlaw.com) and Julia Frost-Davies (julia.frostdavies@gtlaw.com); (d) the Office of the

United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard,

suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M. Sponder (Jeffrey.M.Sponder@usdoj.gov)

and Lauren Bielskie (lauren.bielskie@usdoj.gov); (e) counsel to the applicable Contract

counterparty; and (f) counsel to any official committee appointed in these chapter 11 cases.

    **PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the

Debtors shall file a Rejection Order under a certificate of no objection. The rejection of each

Contract listed in this Rejection Notice shall become effective on the applicable Rejection Date

set forth on **<u>Schedule 1</u>** or such other date to which the Debtors and the counterparty or

counterparties to such Contract agree.[3]

---

[3]    An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an
objection to the rejection of any other contract or lease listed in this Rejection Notice. Any objection to the
rejection of any particular Contract listed in this Rejection must state with specificity the Contract to which it is

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the rejection of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates. If such objection is overruled or withdrawn, such Contract will only be deemed rejected upon entry by the Court of a consensual form of Rejection Order resolving the objection as between the objecting party and the Debtors or, if resolution is not reached and/or the objection is not withdrawn, upon further order of the Court and shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty agree, or as ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Interim Procedures Order, if the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, the Contract counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contracts otherwise agree.

**PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any personal property of the Debtors that is listed and described on **Schedule 1** shall be deemed abandoned as of the Rejection Date. With respect to unexpired leases, on the Rejection Date landlords may, in their sole discretion and without further notice or order of the Court, utilize and/or dispose of such property without notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay will be modified to allow such disposition.

---

directed. For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Interim Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim with respect to rejection of your Contract or Contracts, you must do so on or before the later of (a) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and, (b) thirty (30) calendar days after the later of (A) the date of entry of the Rejection Order approving rejection of the applicable Contract, and (B) the Rejection Date.  IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

Dated:  [●], 2025

_/s/ DRAFT_

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (_pro hac vice_ pending)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (_pro hac vice_ pending)
Alice Belisle Eaton (_pro hac vice_ pending)

Christopher Hopkins (*pro hac vice* pending)
Sean A. Mitchell (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

**Schedule 1**

**Rejected Contracts[1]**

| Rejection Counterparty | Debtor Party | Store Number | Address | Description of Contract[2] | Abandoned Property | Rejection Date |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

---

[1] For the avoidance of doubt, the Contracts referenced herein include any ancillary documents, including guaranties or assignments thereof, and any amendments, modifications, subleases, or termination agreements related thereto.

[2] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

## **Exhibit 1-A**

## **Proposed Rejection Order**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** **DISTRICT OF NEW JERSEY** | |
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No. 25-) |
| Debtors. [1] | (Jointly Administered) |

## [NUMBER] ORDER APPROVING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES AND THE ABANDONMENT OF CERTAIN PERSONAL PROPERTY, IF ANY

The relief set forth on the following pages, numbered three (3) through five (5), is

**ORDERED**.

---

[1]    The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
Andrew N. Rosenberg (*pro hac vice* pending)
Alice Belisle Eaton (*pro hac vice* pending)
Christopher Hopkins (*pro hac vice* pending)
Sean A. Mitchell (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al*. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | [Number] Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any |

Upon the *Interim Order (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No.____] (the "Interim Procedures Order")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having jurisdiction over this matter and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the matter in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having properly filed and served a Rejection Notice on each applicable party as set forth in the Rejection Schedule, attached hereto as **Exhibit 1**, in accordance with the terms of the Interim Procedures Order; and no timely objections having been filed to the Rejection of such Contracts; and due and proper notice of the Interim Procedures Order and the Rejection Notice having been provided to each applicable Rejection Counterparty as set forth in the Rejection Schedule and it appearing that no other notice need be provided; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1.      The Contracts listed on the Rejection Schedule attached hereto as **Exhibit 1** are rejected under section 365 of the Bankruptcy Code effective as of the later of the Rejection Date listed on **Exhibit 1** or such other date as the Debtors and the applicable Rejection Counterparty

---

[1]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Interim Procedures Order.

(Page | 4)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | [Number] Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any |

agrees; *provided*, that the Rejection Date for a rejection of a lease of nonresidential real property shall not occur until the later of (i) the Rejection Date set forth on **Exhibit 1** and (ii) the date the Debtors relinquish control of the premises by (A) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises.

2.      The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract; *provided*, *however*, that nothing shall modify any requirement under applicable law with respect to the removal of any hazardous materials as defined under the applicable law from any of the Debtors' leased premises, to the extent the Debtors seek to abandon personal property that contains "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code (the "PII"), the Debtors shall remove the PII from such personal property before abandonment, and (iii) the Debtors shall not abandon any medications or medicines. The property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. For the avoidance of doubt, and absent any sustained objection as it relates to property at a particular premises, any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. Landlords may, in their sole discretion and without

(Page | 5)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | [Number] Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any |

further notice or order of this Court, utilize and/or dispose of such property without notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

3.    Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) thirty (30) calendar days after the later of (A) the date of entry of this Order approving rejection of the applicable Contract, and (b) the Rejection Date. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

4.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order and the rejection without further order from this Court.

5.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

<u>Exhibit 1</u>

Rejection Schedule

**<u>Exhibit 2</u>**

**Proposed Assumption Notice**

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (*pro hac vice* pending)
Alice Belisle Eaton (*pro hac vice* pending)
Christopher Hopkins (*pro hac vice* pending)
Sean A. Mitchell (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No. 25-14861 (MBK) |
| Debtors.[1] | (Joint Administration Requested) |

**NOTICE OF ASSUMPTION OF**
**CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

---

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON <u>SCHEDULE 1</u> ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY**

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**PLEASE TAKE NOTICE** that on [ _____ ], 2025, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an interim order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors") (i) authorizing and approving procedures to reject, assume, or assume and assign executory contracts and unexpired leases and (ii) granting related relief [Docket No. ____] (the "Interim Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Procedures Order and by this written notice (this "Assumption Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 1** attached hereto is hereby assumed or assumed and assigned, as applicable, effective as of the date (the "Assumption Date") set forth on **Schedule 1**, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

**PLEASE TAKE FURTHER NOTICE** that the Debtor or Assignee, as applicable, has the financial wherewithal to meet all future obligations under the Contract, thereby demonstrating that the Debtor or Assignee, as applicable, has the ability to comply with the requirements of adequate assurance of future performance. Evidence of such adequate assurance of future performance is included with this Assumption Notice.

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed assumption or assumption and assignment of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is ***actually received*** by the following parties no later than ten (10) calendar days after the date that the Debtors filed and served this Notice: (a) the Debtors, New Rite Aid, LLC, 200 Newberry Commons, Etters, Pennsylvania 17319; (b) proposed co-counsel to the Debtors, Cole

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael

D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com),

Felice Yudkin (fyudkin@coleschotz.com), and Seth Van Aalten, Esq.

(svanaalten@coleschotz.com), and Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 6th

Avenue, New York, NY 10019, Attn: Andrew N. Rosenberg (arosenberg@paulweiss.com), Alice

Belisle Eaton (aeaton@paulweiss.com), Christopher Hopkins (chopkins@paulweiss.com), and

Sean A. Mitchell (smitchell@paulweiss.com); (c) counsel to the Prepetition ABL Agent and DIP

Agent, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: John F.

Ventola (jventola@choate.com), Jonathan D. Marshall (jmarshall@choate.com), and Mark D. Silva

(msilva@choate.com) and Greenberg Traurig, LLP, 500 Campus Drive, Suite 400, Florham Park, NJ

07932, Attn: Alan J. Brody (brodya@gtlaw.com) and Julia Frost-Davies

(julia.frostdavies@gtlaw.com); (d) the Office of the United States Trustee for the District of New

Jersey, One Newark Center, 1085 Raymond Boulevard, suite 2100, Newark, New Jersey 07102,

Attn: Jeffrey M. Sponder (Jeffrey.M.Sponder@usdoj.gov) and Lauren Bielskie

(lauren.bielskie@usdoj.gov); (e) counsel to the applicable Contract counterparty; and (f) counsel

to any official committee appointed in these chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed the

Debtors shall file an Assumption Order under a certificate of no objection. The assumption of each

Contract shall be assumed or assumed and assigned as of the Assumption Date set forth on

**Schedule 1** or such other date as the Debtors and the Assumption Counterparties agree and the

proposed cure amount shall be binding on all counterparties to such Contract and no amount in

excess thereof shall be paid for cure purposes.[3]

---

[3]    An objection to the assumption and/or assignment of any particular Contract or cure amount listed in this Assumption
Notice shall not constitute an objection to the assumption and/or assignment of any other contract or lease listed in this

**PLEASE TAKE FURTHER NOTICE** that, the proposed cure amount under the Contract is set forth on **Schedule 1**. If a written objection to the proposed cure amount is not timely filed, then the cure amount shall be binding on all parties and no amount in excess thereof shall be paid for cure purposes.

**PLEASE TAKE FURTHER NOTICE** that if an objection to the assumption or assumption and assignment of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates. Such Contract will only be deemed assumed or assumed and assigned upon entry by the Court of a consensual form of Assumption Order resolving the objection as between the objecting party and the Debtors or, if resolution is not reached and/or the objection is not withdrawn, upon further order of the Court and shall be assumed or assumed and assigned as of the applicable Assumption Date set forth in **Schedule 1** or such other date to which the Debtors and the applicable Assumption Counterparty agree, or as ordered by the Court.

*[Remainder of Page Intentionally Left Blank]*

---

Assumption Notice. Any objection to the assumption and/or assignment of any particular Contract or cure amount listed in this Assumption Notice must state with specificity the Contract to which it is directed. For each particular Contract whose assumption and/or assignment is not timely or properly objected to, such assumption and/or assignment will be effective in accordance with this Assumption Notice and the Interim Procedures Order.

Dated:  [●], 2025

_/s/ DRAFT_

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (_pro hac vice_ pending)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
Andrew N. Rosenberg (_pro hac vice_ pending)
Alice Belisle Eaton (_pro hac vice_ pending)
Christopher Hopkins (_pro hac vice_ pending)
Sean A. Mitchell (_pro hac vice_ pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

_Proposed Co-Counsel to the Debtors and
Debtors in Possession_

**<u>Schedule 1</u>**

**Assumed Contracts**

| Assumption Counterparty | Debtor Party | Store Number | Address | Description of Contract[1] | Abandoned Property | Rejection Date |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

## **Exhibit 2-A**

**Proposed Assumption Order**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br><div align="right">Debtors. [1]</div> | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

### [NUMBER] ORDER APPROVING THE ASSUMPTION
### OR ASSUMPTION AND ASSIGNMENT OF CERTAIN
### EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

The relief set forth on the following pages, numbered three (3) through five (5), is

**ORDERED**.

---

[1]    The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
Andrew N. Rosenberg (*pro hac vice* pending)
Alice Belisle Eaton (*pro hac vice* pending)
Christopher Hopkins (*pro hac vice* pending)
Sean A. Mitchell (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | [Number] Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any |

Upon the *Interim Order (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No.___] (the "Interim Procedures Order")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having jurisdiction over this matter and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the matter in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having properly filed and served an Assumption Notice on each applicable party as set forth in the Assumption Schedule, attached hereto as **Exhibit 1**, in accordance with the terms of the Interim Procedures Order; and no timely objections having been filed to the assumption or assumption and assignment of such Contracts; and due and proper notice of the Interim Procedures Order and the Assumption Notice having been provided to each applicable Assumption Counterparty as set forth in the Assumption Schedule and it appearing that no other notice need be provided; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1.      The Debtors are authorized to assume or assume and assign the Contracts listed on **Exhibit 1**. The Contracts, as amended with the prior consent and written agreement of the applicable Assumption Counterparty if applicable, are hereby deemed to be assumed or assumed

---

[1]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Interim Procedures Order.

(Page | 4)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | [Number] Order Approving the Assumption or Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases |

and assigned by the Debtors pursuant to section 365(a) of the Bankruptcy Code.

2.      Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of the Contracts listed on **Exhibit 1** shall: (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds of such assignment in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guarantees of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims, and encumbrances that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s) (but only in connection with the assignment by the Debtor to the Assignee)); and (b) constitute a legal, valid, and effective transfer of such Contract(s) and vest the applicable Assignee with all rights, titles, and interests to the applicable Contract(s). For the avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee.

3.      Subject to the other provisions of this Order, the Debtors are hereby authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to any Assignee the applicable Contracts with any applicable Assignee being responsible only for the post-assignment liabilities or defaults under the applicable Contracts except as otherwise provided for in this Order and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer any such Contract.

(Page | 5)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | [Number] Order Approving the Assumption or Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases |

4.      The Assignee shall have no liability or obligation with respect to defaults relating to the assigned Contracts arising, accruing, or relating to a period prior to the applicable Assumption Date except as otherwise agreed to between the Assignee and the Debtors.

5.      The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into the consensual amendments as set forth in the Assumption Notice.

6.      The Debtors are authorized to execute and deliver all instruments and documents and take all additional actions necessary to effectuate the relief granted in this Order and the assumption without further order from this Court.

7.      For the avoidance of doubt, with respect to an unexpired lease of nonresidential real property, such lease assumption or assumption and assignment shall not be free and clear of, and instead shall be subject to: (a) amounts that are unbilled or not yet due as of the Assumption Date, regardless of when such amounts accrued, such as common area maintenance, insurance, taxes, and similar charges; (b) any regular or periodic adjustment or reconciliation of charges that are not due or have not been determined as of the Assumption Date; (c) any percentage rent that may come due; (d) indemnification obligations; (e) any unpaid cure amount, calculated in accordance with the terms of any applicable amendment or other agreement of the Parties; and (f) agreements that run with the land such as REAs and COREAs.

8.      The 14-day stay required of any assignment of any Contract pursuant to Bankruptcy Rule 6006(d) is hereby waived.

9.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

<u>Exhibit 1</u>

Assumption Schedule

## Exhibit B

**Proposed Final Order**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br>　　　　　　　　　　　Debtors. [1] | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

## FINAL ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO REJECT, ASSUME, OR ASSUME AND ASSIGN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through twelve (12), is

**ORDERED**.

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
Andrew N. Rosenberg (*pro hac vice* pending)
Alice Belisle Eaton (*pro hac vice* pending)
Christopher Hopkins (*pro hac vice* pending)
Sean A. Mitchell (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al*. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief* (the "Motion"),[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Final Order") (a) authorizing and approving procedures (as described in the Motion, the "Contract Procedures") for rejecting, assuming, or assuming and assigning executory contracts and unexpired leases and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

1.  The Motion is **GRANTED** on a final basis as set forth herein.

2.  The following Rejection Procedures are approved in connection with rejecting

Contracts:

a.  ***Rejection Notice***. The Debtors shall file one or more notices substantially in the form attached to the Final Order as **<u>Exhibit 1</u>** (the "<u>Rejection Notice</u>") indicating the Debtors' intent to reject a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things: (i) the Contract or Contracts to be rejected; (ii) the Debtor or Debtors party to such Contract; (iii) the names and addresses of the counterparties to such Contract(s) (each a "<u>Rejection Counterparty</u>"); (iv) the store number and address of the affected location, if applicable; (v) the proposed effective date of the rejection for each such Contract, which for leases shall be the later of (a) the proposed effective date set forth on the Rejection Notice, (b) the date the Debtors relinquish control of the premises by (1) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and turning over keys, key codes, and security codes, if any, to the affected landlord, or (2) notifying the affected landlord in writing, with email being sufficient, that the keys, key codes, and security codes, if any, are not available, but that the landlord may rekey the leased premises, or (c) such other date to which the Debtors and the applicable Rejection Counterparty have agreed or as the Court may order (each a "<u>Rejection Date</u>"); (vi) if any such Contract is a lease, the personal property to be abandoned (the "<u>Abandoned Property</u>"), if any, and if practicable an estimate of the book value of such property; (vii) with respect to real property, any known third party having an interest in any remaining property, including personal property, furniture, fixtures, and equipment located at the leased premises; and (viii) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The Rejection Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on the Rejection Notice shall be limited to no more than 100 and the Rejection Counterparties shall be listed in alphabetical order. Further, the Rejection Notice shall include the proposed form of order (the "<u>Rejection Order</u>") approving the rejection of the Contracts, which shall be substantially in the form of <u>Exhibit 1-A</u> to the Rejection Notice. No Contract shall be deemed rejected absent entry of an applicable Rejection Order.

(Page | 5)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No.: | 25-14861 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

b.  ***Service of the Rejection Notice***. No later than two (2) business days after filing, the Debtors will cause the Rejection Notice to be served (i) by first-class mail and e-mail, where known, upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract (and their counsel, if known) and all parties who may have any interest in any Abandoned Property (if known), and (ii) by first class mail, email, or fax upon: (a) the office of the United States Trustee for the District of New Jersey; (b) the Debtors' 50 largest unsecured creditors (on a consolidated basis); (c) the Prepetition ABL Agent and counsel thereto; (d) the DIP Agent and counsel thereto; (e) counsel to any statutory committee appointed in these chapter 11 cases; (f) the United States Attorney's Office for the District of New Jersey; (g) the Internal Revenue Service; (h) the U.S. Securities and Exchange Commission; (i) the attorneys general in the states where the Debtors conduct their business operations; (j) the parties affected by the Rejection Notice at the notice party provided in the applicable Contract (and by email upon such Rejection Counterparty's counsel, if known); and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Service Parties").

c.  ***Objection Procedures***. Parties objecting to a proposed rejection must file and serve a written objection[2] so that such objection is filed with the Court and ***actually received*** by the following parties no later than ten (10) calendar days after the date the Debtors file and serve the applicable Rejection Notice (the "Rejection Objection Deadline"): (a) the Debtors, New Rite Aid, LLC, 200 Newberry Commons, Etters, Pennsylvania 17319; (b) proposed co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice Yudkin (fyudkin@coleschotz.com), and Seth Van Aalten, Esq. (svanaalten@coleschotz.com), and Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 6th Avenue, New York, NY 10019, Attn: Andrew N. Rosenberg (arosenberg@paulweiss.com), Alice Belisle Eaton (aeaton@paulweiss.com), Christopher Hopkins (chopkins@paulweiss.com), and Sean A. Mitchell (smitchell@paulweiss.com); (c) counsel to the Prepetition ABL Agent and DIP Agent, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola (jventola@choate.com), Jonathan D.

---

[2]  An objection to the rejection of any particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

(Page | 6)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No.: | 25-14861 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

Marshall (jmarshall@choate.com), and Mark D. Silva (msilva@choate.com) and Greenberg Traurig, LLP, 500 Campus Drive, Suite 400, Florham Park, NJ 07932, Attn: Alan J. Brody (brodya@gtlaw.com) and Julia Frost-Davies (julia.frostdavies@gtlaw.com); (d) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M. Sponder (Jeffrey.M.Sponder@usdoj.gov) and Lauren Bielskie (lauren.bielskie@usdoj.gov); (e) counsel to the applicable Contract counterparty; and (f) counsel to any official committee appointed in these chapter 11 cases (collectively, the "Objection Service Parties").

d.    ***No Objection Timely Filed***. If no objection to the rejection of any Contract is timely filed, the Debtors shall file a Rejection Order under a certificate of no objection. The rejection of each Contract listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agree; *provided* that the Rejection Date for a rejection of a lease of nonresidential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by (A) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises; *provided, further,* that the Rejection Date for a rejection of a lease of nonresidential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e.    ***Unresolved Timely Objections***. If an objection to the rejection of any Contract(s) listed in the applicable Rejection Notice is timely filed and properly served as specified above and not withdrawn or consensually resolved, the Debtors shall file a notice for a hearing to be held on not less than ten (10) calendar days' notice to the applicable Rejection Counterparty and Objection Service Parties to consider the objection for the Contract(s) to which such objection relates. Such Contract will only be deemed rejected upon entry by the Court of a consensual form of Rejection Order resolving the objection as between the objecting party and the Debtors or, if resolution is not reached and/or the objection is not withdrawn, upon further order of the Court and shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice

(Page | 7)

| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

or such other date to which the Debtors and the applicable Rejection Counterparty agree, or as ordered by the Court.

f.    ***No Application of Security Deposits***. If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not setoff, recoup, or otherwise use such monies without further order of the Court, unless the Debtors and the applicable Rejection Counterparty to such Contract(s) otherwise agree.

g.    ***Abandoned Property***. The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract; *provided*, *however*, that (i) nothing shall modify any requirement under applicable law with respect to the removal of any hazardous materials as defined under the applicable law from any of the Debtors' leased premises, (ii) to the extent the Debtors seek to abandon personal property that contains "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code (the "PII"), the Debtors shall remove the PII from such personal property before abandonment, and (iii) the Debtors shall not abandon any medications or medicines. If the Debtors decide to abandon any personal property, the Debtors shall generally describe the abandoned personal property in the Rejection Notice. Absent a timely objection, the property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. For the avoidance of doubt, any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. Landlords may, in their sole discretion and without further notice or order of this Court utilize and/or dispose of such property without notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

l.    ***Proofs of Claim***. Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) thirty (30) calendar days after the later of (A) the date of entry of the Rejection Order approving rejection of the applicable Contract, and (B) the Rejection Date. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

(Page | 8)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

    m.    ***Removal from a Rejection Notice***. The Debtors reserve the right to remove any Contract from the schedule to a Rejection Notice at any time prior to the Rejection Date, but shall provide any affected Rejection Counterparty and the Objection Service Parties notice of removal of any Contract from the Rejection Notice within two (2) business days of any such change, *provided* that the Debtors shall not remove any Contract from the schedule to a Rejection Notice if they have relinquished control of the premises by notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises as described above and (a) turning over keys, key codes, and security codes, if any, to the affected landlord or (b) notifying the affected landlord in writing, with email being sufficient, that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leases premises.

    4.    The following Assumption Procedures are approved in connection with assuming and assuming and assigning Contracts:

    a.    ***Assumption Notice***. The Debtors shall file one or more notices substantially in the form attached hereto as **Exhibit 2** (the "Assumption Notice") indicating the Debtors' intent to assume or assume and assign one or more Contracts pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things: (i) the Contract or Contracts to be assumed or assumed and assigned; (ii) the names and addresses of the counterparties to such Contract(s) (each an "Assumption Counterparty"); (iii) the Debtor or Debtors party to such Contract; (iv) the store number and address of the affected location, if applicable; (v) the identity of the proposed assignee of such Contract (each, an "Assignee"), if applicable; (vi) the proposed effective date of the assumption or assumption and assignment for each such Contract (each, an "Assumption Date"); (vii) the proposed cure amount, if any, for each such Contract; (viii) a description of any material amendments to the Contract made with the prior consent and written agreement of the applicable Assumption Counterparty outside of the ordinary course of business; and (ix) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below). The Assumption Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on the Assumption Notice shall be limited to no more than 100 and the Assumption Counterparties shall be listed in alphabetical order. Further, the Assumption Notice shall include the proposed form of order (the "Assumption Order") approving the assumption or assumption and assignment of the Contracts, which shall be substantially in the form of

(Page | 9)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

<u>Exhibit 2-A</u> to the Assumption Notice. No Contract shall be deemed assumed or assumed and assigned absent entry of an applicable Assumption Order.

b.   ***Service of the Assumption Notice and Evidence of Adequate Assurance***. No later than two (2) business days after filing, the Debtors will cause the Assumption Notice to be served (i) by first-class mail and e-mail, where known, upon the Assumption Counterparties affected by the Assumption Notice and each Assignee, if applicable, at the address set forth in the notice provision of the applicable Contract (and their counsel, if known) and (ii) by first class mail, email, or fax upon the Service Parties. To the extent the Debtors seek to assume or assume and assign a Contract, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by first-class mail and e-mail, where known, upon the Assumption Counterparties affected by the Assumption Notice at the address set forth in the notice provision of the applicable Contract (and their counsel, if known, by electronic mail).[3]

c.   ***Objection Procedures***. Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of a Contract must file and serve a written objection[4] so that such objection is filed with the Court and ***actually received*** by the Objection Service Parties no later than ten (10) calendar days after the date the Debtors file and serve the relevant Assumption Notice (the "<u>Assumption Objection Deadline</u>").

d.   ***No Objection***. If no objection to the assumption or assumption and assignment of any Contract is timely filed the Debtors shall file an Assumption Order under a certificate of no objection. The assumption of each Contract shall be assumed or assumed and assigned as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the Assumption Counterparties agree and the

---

[3]  Adequate assurance information may include: (i) the specific name of the proposed assignee, and the proposed name under which the proposed assignee intends to operate the store if not the current trade-name of the Debtors; (ii) a corporate organizational chart or similar disclosure identifying ownership and control of the proposed assignee of the applicable contracts and leases; (iii) audited or unaudited financial statements, tax returns, bank account statements, or annual reports; (iv) financial projections, calculations, and/or financial pro-formas prepared in contemplation of purchasing the applicable Contracts; (v) the proposed assignee's intended use of the leased premises and a description of the proposed business to be conducted at the premises; (vi) the proposed assignee's experience in retail and in operating in a shopping center, if applicable; (vii) a contact person for the proposed assignee; and/or (viii) any other documentation that the Debtors may further request

[4]  An objection to the assumption of any particular Contract listed on the Assumption Notice shall not constitute an objection to the assumption of any other Contract listed on such Assumption Notice.

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

proposed cure amount shall be binding on all counterparties to such Contract and no amount in excess thereof shall be paid for cure purposes; *provided* that the Assumption Date for a lease of nonresidential real property shall not occur earlier than the date the Debtors filed and served the applicable Assumption Notice.

e.      ***Unresolved Timely Objections***. If an objection to the assumption or assumption and assignment of any Contract(s) listed in the applicable Assumption Notice is timely filed and properly served as specified above and not withdrawn or consensually resolved, the Debtors shall file a notice for a hearing to be held on not less than ten (10) calendar days' notice to the applicable Assumption Counterparty and Objection Service Parties to consider the objection for the Contract(s) to which such objection relates. The Debtors may adjourn the hearing to a later date from time to time upon filing an amended notice of hearing. Such Contract will only be deemed assumed or assumed and assigned upon entry by the Court of a consensual form of Assumption Order resolving the objection as between the objecting party and the Debtors or, if resolution is not reached and/or the objection is not withdrawn, upon further order of the Court and shall be assumed or assumed and assigned as of the applicable Assumption Date set forth in the Assumption Notice or such other date to which the Debtors and the applicable Assumption Counterparty agree, or as ordered by the Court.

f.      ***Modifications of Assumption Notice***. The Debtors reserve the right to remove any Contract from an Assumption Notice at any time prior to the entry of the Assumption Order (including, without limitation, upon the failure of any proposed assumption and assignment to close).

17.      The Debtors' right to assert that any provisions in a Contract that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of the Contract to an Assignee are unenforceable anti-assignment or *ipso facto* clauses is fully reserved.

18.      Approval of the Contract Procedures and this Final Order will not prevent the Debtors from seeking to reject, assume, or assume and assign a Contract by separate motion or pursuant to a chapter 11 plan.

(Page | 11)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

19.     All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Final Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is expired or terminated and is no longer an executory contract or unexpired lease, respectively.

20.     Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Final Order or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief authorized in this Final Order are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

21.     Notwithstanding anything to the contrary in the Motion or this Final Order, any payment made by the Debtors pursuant to the authority granted in this Final Order must be in compliance with and any authorization of the Debtors contained herein is subject to: (a) any interim or final orders entered by the Court approving the Debtors' entry into any postpetition debtor-in-possession financing facility and/or authorizing the use of cash collateral; (b) the documentation in respect of any such debtor-in-possession financing or use of cash collateral; and (c) any budget or cash flow forecasts in connection therewith (in each case, the "DIP Order").  To the extent there is any inconsistency between the terms of the DIP Order and this Final Order, the terms of the DIP Order shall control.

22.     Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

23.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

24.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

25.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

26.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

## **Exhibit 1**

**Proposed Rejection Notice**

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

Andrew N. Rosenberg (*pro hac vice* pending)
Alice Belisle Eaton (*pro hac vice* pending)
Christopher Hopkins (*pro hac vice* pending)
Sean A. Mitchell (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**COLE SCHOTZ P.C.**

Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No. 25-14861 (MBK) |
| Debtors.[1] | (Joint Administration Requested) |

## NOTICE OF REJECTION OF
## CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

---

**PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON <u>SCHEDULE 1</u> ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY**

---

[1]    The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**PLEASE TAKE NOTICE** that on [ _____ ], 2025, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered a final order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors") (i) authorizing and approving procedures to reject, assume, or assume and assign executory contracts and unexpired leases and (ii) granting related relief [Docket No. ____] (the "Final Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Procedures Order and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 1** attached hereto is hereby rejected effective as of the date (the "Rejection Date") set forth on **Schedule 1**, or such other date to which the Debtors and the counterparty or counterparties to any such Contract agree. For unexpired leases, the rejection effective date shall be the later of (a) the proposed effective date set forth on the Rejection Notice; and (b) the date the Debtors relinquish control of the premises by (1) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and turning over keys, key codes, and security codes, if any, to the affected landlord or (2) notifying the affected landlord in writing, with email being sufficient, that the keys, key codes, and security codes, if any, are not available, but that the landlord may rekey the leased premises

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed rejection of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is ***actually received*** by the following parties no later than ten (10) calendar days after the date that the Debtors file and served this Notice: (a) the Debtors, New Rite Aid, LLC, 200 Newberry Commons, Etters, Pennsylvania

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

17319; (b) proposed co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main

Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com),

Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice Yudkin (fyudkin@coleschotz.com),

and Seth Van Aalten, Esq. (svanaalten@coleschotz.com), and Paul, Weiss, Rifkind, Wharton &

Garrison LLP, 1285 6th Avenue, New York, NY 10019, Attn: Andrew N. Rosenberg

(arosenberg@paulweiss.com), Alice Belisle Eaton (aeaton@paulweiss.com), Christopher

Hopkins (chopkins@paulweiss.com), and Sean A. Mitchell (smitchell@paulweiss.com); (c)

counsel to the Prepetition ABL Agent and DIP Agent, Choate, Hall & Stewart LLP, Two

International Place, Boston, MA 02110, Attn: John F. Ventola (jventola@choate.com), Jonathan D.

Marshall (jmarshall@choate.com), and Mark D. Silva (msilva@choate.com) and Greenberg Traurig,

LLP, 500 Campus Drive, Suite 400, Florham Park, NJ 07932, Attn: Alan J. Brody

(brodya@gtlaw.com) and Julia Frost-Davies (julia.frostdavies@gtlaw.com); (d) the Office of the

United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard,

suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M. Sponder (Jeffrey.M.Sponder@usdoj.gov)

and Lauren Bielskie (lauren.bielskie@usdoj.gov); (e) counsel to the applicable Contract

counterparty; and (f) counsel to any official committee appointed in these chapter 11 cases.

     **PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the

Debtors shall file a Rejection Order under a certificate of no objection. The rejection of each

Contract listed in this Rejection Notice shall become effective on the applicable Rejection Date

set forth on **<u>Schedule 1</u>** or such other date to which the Debtors and the counterparty or

counterparties to such Contract agree.[3]

---

[3]   An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an
objection to the rejection of any other contract or lease listed in this Rejection Notice. Any objection to the
rejection of any particular Contract listed in this Rejection must state with specificity the Contract to which it is

PLEASE TAKE FURTHER NOTICE that, if an objection to the rejection of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates. If such objection is overruled or withdrawn, such Contract will only be deemed rejected upon entry by the Court of a consensual form of Rejection Order resolving the objection as between the objecting party and the Debtors or, if resolution is not reached and/or the objection is not withdrawn, upon further order of the Court and shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty agree, or as ordered by the Court.

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Final Procedures Order, if the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, the Contract counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contracts otherwise agree.

PLEASE TAKE FURTHER NOTICE that, absent timely objection, any personal property of the Debtors that is listed and described on **Schedule 1** shall be deemed abandoned as of the Rejection Date. With respect to unexpired leases, on the Rejection Date landlords may, in their sole discretion and without further notice or order of the Court, utilize and/or dispose of such property without notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay will be modified to allow such disposition.

---

directed. For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Final Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim with respect to rejection of your Contract or Contracts, you must do so on or before the later of (a) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and, (b) thirty (30) calendar days after the later of (A) the date of entry of the Rejection Order approving rejection of the applicable Contract, and (B) the Rejection Date.  IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

Dated:  [●], 2025

*/s/ DRAFT*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (*pro hac vice* pending)
Alice Belisle Eaton (*pro hac vice* pending)

Christopher Hopkins (*pro hac vice* pending)
Sean A. Mitchell (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

**Schedule 1**

**Rejected Contracts[1]**

| Rejection Counterparty | Debtor Party | Store Number | Address | Description of Contract[2] | Abandoned Property | Rejection Date |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

---

[1] For the avoidance of doubt, the Contracts referenced herein include any ancillary documents, including guaranties or assignments thereof, and any amendments, modifications, subleases, or termination agreements related thereto.

[2] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

## **Exhibit 1-A**

## **Proposed Rejection Order**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** **DISTRICT OF NEW JERSEY** | |
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No. 25-14861 (MBK) |
| Debtors. [1] | (Jointly Administered) |

## [NUMBER] ORDER APPROVING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES AND THE ABANDONMENT OF CERTAIN PERSONAL PROPERTY, IF ANY

The relief set forth on the following pages, numbered three (3) through five (5), is

**ORDERED**.

---

[1]    The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
Andrew N. Rosenberg (*pro hac vice* pending)
Alice Belisle Eaton (*pro hac vice* pending)
Christopher Hopkins (*pro hac vice* pending)
Sean A. Mitchell (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al*. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | [Number] Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any |

Upon the *Final Order (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No.____] (the "Final Procedures Order")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having jurisdiction over this matter and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the matter in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having properly filed and served a Rejection Notice on each applicable party as set forth in the Rejection Schedule, attached hereto as **Exhibit 1**, in accordance with the terms of the Final Procedures Order; and no timely objections having been filed to the Rejection of such Contracts; and due and proper notice of the Final Procedures Order and the Rejection Notice having been provided to each applicable Rejection Counterparty as set forth in the Rejection Schedule and it appearing that no other notice need be provided; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

6.     The Contracts listed on the Rejection Schedule attached hereto as **Exhibit 1** are rejected under section 365 of the Bankruptcy Code effective as of the later of the Rejection Date listed on **Exhibit 1** or such other date as the Debtors and the applicable Rejection Counterparty

---

[1]   Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Final Procedures Order.

(Page | 4)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | [Number] Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any |

agrees; *provided*, that the Rejection Date for a rejection of a lease of nonresidential real property shall not occur until the later of (i) the Rejection Date set forth on **Exhibit 1** and (ii) the date the Debtors relinquish control of the premises by (A) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises.

7.      The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract; *provided*, *however*, that nothing shall modify any requirement under applicable law with respect to the removal of any hazardous materials as defined under the applicable law from any of the Debtors' leased premises, to the extent the Debtors seek to abandon personal property that contains "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code (the "PII"), the Debtors shall remove the PII from such personal property before abandonment, and (iii) the Debtors shall not abandon any medications or medicines. The property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. For the avoidance of doubt, and absent any sustained objection as it relates to property at a particular premises, any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. Landlords may, in their sole discretion and without

(Page | 5)

| Debtors: | NEW RITE AID, LLC, *et al.* |
|---|---|
| Case No. | 25-14861 (MBK) |
| Caption of Order: | [Number] Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any |

further notice or order of this Court, utilize and/or dispose of such property without notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

8. Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) thirty (30) calendar days after the later of (A) the date of entry of this Order approving rejection of the applicable Contract, and (b) the Rejection Date. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order and the rejection without further order from this Court.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Exhibit 1

Rejection Schedule

## **Exhibit 2**

**Proposed Assumption Notice**

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (*pro hac vice* pending)
Alice Belisle Eaton (*pro hac vice* pending)
Christopher Hopkins (*pro hac vice* pending)
Sean A. Mitchell (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No. 25-14861 (MBK) |
| Debtors.[1] | (Joint Administration Requested) |

## NOTICE OF ASSUMPTION OF
## CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON <u>SCHEDULE 1</u> ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY**

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**PLEASE TAKE NOTICE** that on [ _____ ], 2025, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered a final order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors") (i) authorizing and approving procedures to reject, assume, or assume and assign executory contracts and unexpired leases and (ii) granting related relief [Docket No. ____] (the "Final Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Procedures Order and by this written notice (this "Assumption Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 1** attached hereto is hereby assumed or assumed and assigned, as applicable, effective as of the date (the "Assumption Date") set forth on **Schedule 1**, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

**PLEASE TAKE FURTHER NOTICE** that the Debtor or Assignee, as applicable, has the financial wherewithal to meet all future obligations under the Contract, thereby demonstrating that the Debtor or Assignee, as applicable, has the ability to comply with the requirements of adequate assurance of future performance. Evidence of such adequate assurance of future performance is included with this Assumption Notice.

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed assumption or assumption and assignment of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is ***actually received*** by the following parties no later than ten (10) calendar days after the date that the Debtors filed and served this Notice: (a) the Debtors, New Rite Aid, LLC, 200 Newberry Commons, Etters, Pennsylvania 17319; (b) proposed co-counsel to the Debtors, Cole

---

2    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael

D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com),

Felice    Yudkin    (fyudkin@coleschotz.com),    and    Seth    Van    Aalten,    Esq.

(svanaalten@coleschotz.com), and Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 6th

Avenue, New York, NY 10019, Attn: Andrew N. Rosenberg (arosenberg@paulweiss.com), Alice

Belisle Eaton (aeaton@paulweiss.com), Christopher Hopkins (chopkins@paulweiss.com), and

Sean A. Mitchell (smitchell@paulweiss.com); (c) counsel to the Prepetition ABL Agent and DIP

Agent, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: John F.

Ventola (jventola@choate.com), Jonathan D. Marshall (jmarshall@choate.com), and Mark D. Silva

(msilva@choate.com) and Greenberg Traurig, LLP, 500 Campus Drive, Suite 400, Florham Park, NJ

07932,    Attn:    Alan    J.    Brody    (brodya@gtlaw.com)    and    Julia    Frost-Davies

(julia.frostdavies@gtlaw.com); (d) the Office of the United States Trustee for the District of New

Jersey, One Newark Center, 1085 Raymond Boulevard, suite 2100, Newark, New Jersey 07102,

Attn:    Jeffrey    M.    Sponder    (Jeffrey.M.Sponder@usdoj.gov)    and    Lauren    Bielskie

(lauren.bielskie@usdoj.gov); (e) counsel to the applicable Contract counterparty; and (f) counsel

to any official committee appointed in these chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed the

Debtors shall file an Assumption Order under a certificate of no objection. The assumption of each

Contract shall be assumed or assumed and assigned as of the Assumption Date set forth on

**<u>Schedule 1</u>** or such other date as the Debtors and the Assumption Counterparties agree and the

proposed cure amount shall be binding on all counterparties to such Contract and no amount in

excess thereof shall be paid for cure purposes.[3]

---

[3]    An objection to the assumption and/or assignment of any particular Contract or cure amount listed in this Assumption
Notice shall not constitute an objection to the assumption and/or assignment of any other contract or lease listed in this

**PLEASE TAKE FURTHER NOTICE** that, the proposed cure amount under the Contract is set forth on **<u>Schedule 1</u>**. If a written objection to the proposed cure amount is not timely filed, then the cure amount shall be binding on all parties and no amount in excess thereof shall be paid for cure purposes.

**PLEASE TAKE FURTHER NOTICE** that if an objection to the assumption or assumption and assignment of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates. Such Contract will only be deemed assumed or assumed and assigned upon entry by the Court of a consensual form of Assumption Order resolving the objection as between the objecting party and the Debtors or, if resolution is not reached and/or the objection is not withdrawn, upon further order of the Court and shall be assumed or assumed and assigned as of the applicable Assumption Date set forth in **<u>Schedule 1</u>** or such other date to which the Debtors and the applicable Assumption Counterparty agree, or as ordered by the Court.

*[Remainder of Page Intentionally Left Blank]*

---

Assumption Notice. Any objection to the assumption and/or assignment of any particular Contract or cure amount listed in this Assumption Notice must state with specificity the Contract to which it is directed. For each particular Contract whose assumption and/or assignment is not timely or properly objected to, such assumption and/or assignment will be effective in accordance with this Assumption Notice and the Final Procedures Order.

Dated: [●], 2025

_____
/s/ DRAFT

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
Andrew N. Rosenberg (*pro hac vice* pending)
Alice Belisle Eaton (*pro hac vice* pending)
Christopher Hopkins (*pro hac vice* pending)
Sean A. Mitchell (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

## Schedule 1

**Assumed Contracts**

| Assumption Counterparty | Debtor Party | Store Number | Address | Description of Contract[1] | Abandoned Property | Rejection Date |
|---|---|---|---|---|---|---|
| | | | | | | |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

**Exhibit 2-A**

**Proposed Assumption Order**

<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In re:

NEW RITE AID, LLC, *et al.*,

                    Debtors. [1]

</td><td>

Chapter 11

Case No. 25-14861 (MBK )

(Jointly Administered)

</td></tr>
</table>

## [NUMBER] ORDER APPROVING THE ASSUMPTION OR ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

The relief set forth on the following pages, numbered three (3) through five (5), is

**ORDERED**.

---

[1]    The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
Andrew N. Rosenberg (*pro hac vice* pending)
Alice Belisle Eaton (*pro hac vice* pending)
Christopher Hopkins (*pro hac vice* pending)
Sean A. Mitchell (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | [Number] Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any |

Upon the *Final Order (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No.____] (the "Final Procedures Order")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having jurisdiction over this matter and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the matter in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having properly filed and served an Assumption Notice on each applicable party as set forth in the Assumption Schedule, attached hereto as **Exhibit 1**, in accordance with the terms of the Final Procedures Order; and no timely objections having been filed to the assumption or assumption and assignment of such Contracts; and due and proper notice of the Final Procedures Order and the Assumption Notice having been provided to each applicable Assumption Counterparty as set forth in the Assumption Schedule and it appearing that no other notice need be provided; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

10.    The Debtors are authorized to assume or assume and assign the Contracts listed on **Exhibit 1**. The Contracts, as amended with the prior consent and written agreement of the applicable Assumption Counterparty if applicable, are hereby deemed to be assumed or assumed

---

[1]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Final Procedures Order.

(Page | 4)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | [Number] Order Approving the Assumption or Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases |

and assigned by the Debtors pursuant to section 365(a) of the Bankruptcy Code.

11.     Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of the Contracts listed on **Exhibit 1** shall: (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds of such assignment in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guarantees of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims, and encumbrances that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s) (but only in connection with the assignment by the Debtor to the Assignee)); and (b) constitute a legal, valid, and effective transfer of such Contract(s) and vest the applicable Assignee with all rights, titles, and interests to the applicable Contract(s). For the avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee.

12.     Subject to the other provisions of this Order, the Debtors are hereby authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to any Assignee the applicable Contracts with any applicable Assignee being responsible only for the post-assignment liabilities or defaults under the applicable Contracts except as otherwise provided for in this Order and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer any such Contract.

(Page | 5)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al*. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | [Number] Order Approving the Assumption or Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases |

13.     The Assignee shall have no liability or obligation with respect to defaults relating to the assigned Contracts arising, accruing, or relating to a period prior to the applicable Assumption Date except as otherwise agreed to between the Assignee and the Debtors.

14.     The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into the consensual amendments as set forth in the Assumption Notice.

15.     The Debtors are authorized to execute and deliver all instruments and documents and take all additional actions necessary to effectuate the relief granted in this Order and the assumption without further order from this Court.

16.     For the avoidance of doubt, with respect to an unexpired lease of nonresidential real property, such lease assumption or assumption and assignment shall not be free and clear of, and instead shall be subject to: (a) amounts that are unbilled or not yet due as of the Assumption Date, regardless of when such amounts accrued, such as common area maintenance, insurance, taxes, and similar charges; (b) any regular or periodic adjustment or reconciliation of charges that are not due or have not been determined as of the Assumption Date; (c) any percentage rent that may come due; (d) indemnification obligations; (e) any unpaid cure amount, calculated in accordance with the terms of any applicable amendment or other agreement of the Parties; and (f) agreements that run with the land such as REAs and COREAs.

17.     The 14-day stay required of any assignment of any Contract pursuant to Bankruptcy Rule 6006(d) is hereby waived.

18.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

<u>Exhibit 1</u>

Assumption Schedule