| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br>        Debtors.[1] | **Order Filed on May 7, 2025**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey**<br><br>Chapter 11<br><br>Case No. 25-14861 (MBK)(Jointly Administered) |

**ORDER (I) APPROVING THE AUCTION AND BIDDING PROCEDURES,
(II) SCHEDULING CERTAIN DATES AND DEADLINES WITH RESPECT
THERETO, (III) APPROVING THE FORM AND MANNER
OF NOTICE THEREOF, (IV) ESTABLISHING NOTICE AND PROCEDURES FOR
THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES,
(V) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS,
(VI) AUTHORIZING (A) THE SALE OF ASSETS AND (B) SHORTENED NOTICE WITH
<u>RESPECT THERETO, AND (VII) GRANTING RELATED RELIEF</u>**

    The relief set forth on the following pages, numbered three (3) through and including

twenty-three (23), is **ORDERED**.

**DATED: May 7, 2025**

                  *Michal B. Kaplan*

              Honorable Michael B. Kaplan
              United States Bankruptcy Judge

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

(Page | 3)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al*. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Approving Auction and Bidding Procedures (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice With Respect Thereto, and (VII) Granting Related Relief |

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
Andrew N. Rosenberg (*pro hac vice* pending)
Alice Belisle Eaton (*pro hac vice* pending)
Christopher Hopkins (*pro hac vice* pending)
Sean A. Mitchell (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

(Page | 4)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Approving Auction and Bidding Procedures (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice With Respect Thereto, and (VII) Granting Related Relief |

Upon the *Debtors' Motion Seeking Entry of an Order (I) Approving the Auction and Bidding Procedures, (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice With Respect Thereto, and (VII) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Bidding Procedures Order"): (a) approving the proposed marketing, auction, and bidding procedures attached as Exhibit 1 to the Bidding Procedures Order (the "Bidding Procedures"), by which the Debtors may solicit and select the highest or otherwise best offer(s) for the sale or sales (each, a "Sale Transaction") of all, substantially all, or any portion of the Debtors' assets (collectively, the "Assets"); (b) establishing certain dates and deadlines related thereto and scheduling auctions, if needed, for the Sale Transactions (each, an "Auction"); (c) approving the manner of notice of the Auctions and the sale hearings (each, a "Sale Hearing") as may be necessary to approve the Sale Transactions; (d) approving procedures for the assumption and assignment of certain executory contracts and unexpired leases of nonresidential real property (collectively, the "Contracts") that are selected for assumption and assignment (the "Assumed

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Bidding Procedures, as applicable.

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Approving Auction and Bidding Procedures (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice With Respect Thereto, and (VII) Granting Related Relief |

Contracts") in connection with the Sale Transactions, if any; (e) approving the Debtors' use of certain forms of notice with respect to the Bidding Procedures, substantially in the forms attached to the Bidding Procedures as Schedule 1 and Schedule 2; (f) providing that, in light of the fact that the Debtors assert that the Debtors' Privacy Policies do not prohibit the transfer of personal identifiable information, the appointment of a consumer privacy ombudsman is not required at this time; *provided*, *that*, parties in interest, including the U.S. Trustee and any statutory committees appointed in these cases, may seek the appointment of a consumer privacy ombudsman at a later date in connection with any proposed Sales Transactions; (g) scheduling a final hearing to consider approval of the Motion on a final basis solely with respect to the Remaining Assets; and (h) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; the Rifkin Declaration; and the Frejka Declaration filed in support of the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion, the First Day Declaration, the Rifkin Declaration and the Frejka Declaration, and having heard the statements in

(Page | 6)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Approving Auction and Bidding Procedures (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice With Respect Thereto, and (VII) Granting Related Relief |

support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on a final basis with respect to the Pharmacy Assets and an interim basis with respect to the Remaining Assets.

2.      The final hearing (the "Final Hearing") on the Motion solely with respect to the Remaining Assets (the "Remaining Assets Motion") will be held on May 21, 2025 at 11:30 a.m. (Eastern Time).  Objections, if any, that relate to the Remaining Assets Motion shall be filed and served so as to be actually received by the following parties on or before May 19, 2025 at 4:00 p.m. (Eastern Time): (a) the Debtors, New Rite Aid, LLC, 200 Newberry Commons, Etters, Pennsylvania 17319, Attn: David Kastin (David.Kastin@riteaid.com); (b) proposed co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice Yudkin (fyudkin@coleschotz.com), and Seth Van Aalten, Esq. (svanaalten@coleschotz.com), and Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 6th Avenue, New York, NY 10019, Attn: Andrew N. Rosenberg (arosenberg@paulweiss.com), Alice Belisle Eaton (aeaton@paulweiss.com), Christopher Hopkins (chopkins@paulweiss.com), and Sean A. Mitchell (smitchell@paulweiss.com); (c) the United States Trustee for the District of New

(Page | 7)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Approving Auction and Bidding Procedures (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice With Respect Thereto, and (VII) Granting Related Relief |

Jersey, Attn: Jeffrey M. Sponder and Lauren Bielskie, One Newark Center, Suite 2100, Newark, NJ 07102; (d) counsel to any statutory committee appointed in these chapter 11 cases; and (e) counsel to the Prepetition ABL Agent and the DIP Agent, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola (jventola@choate.com), Jonathan D. Marshall (jmarshall@choate.com), and Mark D. Silva (msilva@choate.com) and Greenberg Traurig, LLP, 500 Campus Drive, Suite 400, Florham Park, NJ 07932, Attn: Alan J. Brody (brodya@gtlaw.com) and Julia Frost-Davies (julia.frostdavies@gtlaw.com).  If no objections are filed to the Remaining Assets Motion, the Court may enter an order approving the relief requested in the Remaining Assets Motion on a final basis (the "Final Order") without further notice or hearing.

3. The Debtors have articulated good and sufficient reasons for authorizing and approving the Bidding Procedures, which are fair, reasonable, and appropriate under the circumstances and in the best interests of the Debtors' estates.

4. The Debtors' notice of the Motion and the Hearing was adequate and sufficient under the circumstances of these chapter 11 cases, and no other or further notice is required.

5. All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled prior to or at the Hearing are overruled.

(Page | 8)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Approving Auction and Bidding Procedures (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice With Respect Thereto, and (VII) Granting Related Relief |

## I.    Important Dates and Deadlines.

6.    **Pharmacy Assets Bid Deadline**.  May 13, 2025, at 6:00 a.m., prevailing Eastern Time, is the deadline by which all Qualified Bids for the Pharmacy Assets must be actually received by the parties specified in the Bidding Procedures.

7.    **Remaining Assets Bid Deadline**.  Subject to entry of the Final Order, June 13, 2025, at 5:00 p.m., prevailing Eastern Time, is the deadline by which all Qualified Bids for the Remaining Assets must be actually received by the parties specified in the Bidding Procedures.

8.    **Auctions**.  The Pharmacy Assets Auction, if needed, shall commence on May 14, 2025, at 9:00 a.m. prevailing Eastern Time, or such later time as the Debtors determine in consultation with the Consultation Parties.[3]  Subject to entry of the Final Order, the Remaining Assets Auction, if needed, shall commence on June 20, 2025, at 9:00 a.m. prevailing Eastern Time, or such later time as the Debtors determine in consultation with the Consultation Parties.

9.    The Debtors, in consultation with the Consultation Parties, reserve the right to cancel or adjourn the applicable Auction with respect to any particular Assets at any time.  The

---

[3] "Consultation Parties" shall mean counsel to (i) the Prepetition ABL Agent and the DIP Agent (each, an "Agent"), (ii) an ad hoc group of certain secured notes (the "Ad Hoc Group"), and (iii) any statutory committees appointed in these cases; *provided, however*, that to the extent any Agent or the Ad Hoc Group (or any members thereof) submits a bid for any Pharmacy Assets and/or Remaining Assets, such Agent or the Ad Hoc Group shall not be a Consultation Party with respect to (a) the evaluation and qualification of competing bids for the Pharmacy Assets and/or the Remaining Assets included in such bid or (b) seeking and/or obtaining information about other bids, but such Agent and the Ad Hoc Group shall remain a Consultation Party for the other purposes set forth herein.

(Page | 9)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Approving Auction and Bidding Procedures (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice With Respect Thereto, and (VII) Granting Related Relief |

Debtors will notify any applicable Qualified Bidders of the cancellation or adjournment of the Auctions for any Assets subject to their Bids (which may occur at the commencement of or during the Auction). Notwithstanding anything to the contrary in the Bidding Procedures, the Debtors may, in their business judgment, in consultation with the Consultation Parties, after the applicable Bid Deadline, select a Successful Bidder for any of the Assets without holding an Auction for such Assets. The Debtors will include any such Successful Bidder(s) in the Notice of Successful Bidder(s) filed after the conclusion of the Pharmacy Assets Auction or the Remaining Assets Auction, as applicable (or the filing of a notice of cancellation of the applicable Auction is cancelled with respect to all Assets).

10. Except as otherwise determined by the Debtors, in consultation with the Consultation Parties, only the Debtors, the Consultation Parties, the U.S. Trustee, any applicable Qualified Bidders, and, in each case, the respective representatives and professionals of the foregoing parties, shall be entitled to participate in each Auction, and only Qualified Bidders will be entitled to make Overbids (as defined in the Bidding Procedures) at each Auction. The Debtors shall send written notice of the date, time, and place of each Auction to the applicable Qualified Bidders, the Consultation Parties, and the U.S. Trustee no later than two business days before such Auction, and will post notice of the date, time, and place of such Auction no later than two business days before such Auction on the Debtors' restructuring website:

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Approving Auction and Bidding Procedures (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice With Respect Thereto, and (VII) Granting Related Relief |

https://restructuring.ra.kroll.com/RiteAid2025.  The Debtors may also conduct multiple Auctions with respect to non-overlapping portions of the Assets.

11.    At or following an Auction, the Debtors may, in consultation with the advisors to the Consultation Parties:  (a) select, in their business judgment, pursuant to the Bidding Procedures, the highest or otherwise best Qualified Bid as the Successful Bid; and (b) reject any Bid (regardless of whether such Bid is a Qualified Bid) that, in such Debtor's business judgment, is (i) inadequate, insufficient, or not the highest or otherwise best Bid, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, or the Bidding Procedures, or (iii) contrary to, or otherwise not in the best interests of the Debtors' estates, affected stakeholders, or other parties in interest, in each case subject to and in accordance with the Bidding Procedures.  No Debtor is required to name a Successful Bidder for any given Asset or group thereof and may elect to not sell such Asset(s) to the highest or otherwise best bidder.

12.    **Notice of Successful Bidder**.  If any Successful Bidder is identified at an Auction, as soon as reasonably practicable upon conclusion of the applicable Auction but not later than three calendar days, the Debtors shall file with the Court and serve on the Notice Parties a Notice of Successful Bidder for the applicable Assets.

13.    **Sale Order Deadlines**.  The Debtors shall file a proposed form of Sale Order for the Sale Transactions no later than May 9, 2025.  The proposed Sale Order for the Pharmacy Assets, if any, must be filed by May 16, 2025 at 5:00 p.m., prevailing Eastern Time.  Subject to

(Page | 11)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Approving Auction and Bidding Procedures (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice With Respect Thereto, and (VII) Granting Related Relief |

entry of the Final Order, the proposed Sale Order for the Remaining Assets, if any, must be filed by June 21, 2025 at 5:00 p.m., prevailing Eastern Time.

14.     **Sale Objection Deadlines**.  Objections to the Sale of the Pharmacy Assets, if any, must be made by May 19, 2025 at 5:00 p.m., prevailing Eastern Time.  Subject to entry of the Final Order, objections to the Sale of the Remaining Assets, if any, must be made by June 24, 2025 at 5:00 p.m., prevailing Eastern Time.

15.     **Sale Hearings**.  May 21, 2025, at a time to be determined by this Court, or as soon thereafter as the Debtors may be heard, is the date and time for the hearing for the Court to consider the Successful Bid or Successful Bids of the Pharmacy Assets, if needed.  Subject to entry of the Final Order, June 25, 2025, at a time to be determined by this Court, or as soon thereafter as the Debtors may be heard, is the date and time for the hearing for the Court to consider the Successful Bid or Successful Bids of the Remaining Assets, if needed.

## II.     Auction, Bidding Procedures, Auction and Sale Hearing Notice, and Related Relief.

16.     The Bidding Procedures, substantially in the form attached hereto as **Exhibit 1**, are incorporated herein and are hereby approved in their entirety, and the Bidding Procedures shall govern the submission, receipt, and analysis of all Bids relating to any proposed Sale Transaction. Any party desiring to submit a Bid shall comply with the Bidding Procedures and this Bidding Procedures Order.  The Debtors are authorized to take any and all actions necessary to implement the Bidding Procedures.  Subject to the terms of the Bidding Procedures, the Debtors, in

(Page | 12)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Approving Auction and Bidding Procedures (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice With Respect Thereto, and (VII) Granting Related Relief |

consultation with the Consultation Parties, may modify the Bidding Procedures or waive any provision or requirement therein as necessary or appropriate to maximize value for their estates.

17.     Any deposit (including any Good Faith Deposit) provided by a Qualified Bidder shall be held in escrow by the Debtors or their agent, and shall not become property of the Debtors' bankruptcy estates unless and until released from escrow to the Debtors pursuant to the terms of the applicable escrow agreement, the Bidding Procedures, or order of this Court, as applicable.

18.     The Auction and Sale Hearing Notice, substantially in the form attached as Schedule 1 to the Bidding Procedures, is hereby approved.  The form and manner of the notice of Auction and Sale Hearing Notice constitutes good and adequate notice of the Auctions and the Sale Hearings, and the proceedings with respect thereto.  The applicable requirements of Bankruptcy Rule 2002 are satisfied by such notice or otherwise waived.

19.     As soon as reasonably practicable but not later than three (3) calendar days following entry of the Bidding Procedures Order, the Debtors will cause the Auction and Sale Hearing Notice to be served upon the Notice Parties.[4]

---

[4] "Notice Parties" means (a) the office of the United States Trustee for the District of New Jersey; (b) the Debtors' 50 largest unsecured creditors (on a consolidated basis); (c) the Prepetition ABL Agent and counsel thereto; (d) the DIP Agent and counsel thereto; (e) the trustees for the Senior Secured Notes and counsel thereto; (f) the United States Attorney's Office for the District of New Jersey; (g) the Internal Revenue Service; (h) the U.S. Securities and Exchange Commission; (i) the attorneys general in the states where the Debtors conduct their business operations; (j) all parties who have expressed a written interest in purchasing some or all of the Assets; (k) any known Assumed Contract Counterparties; (k) all known holders of Encumbrances; (l) each governmental agency that is an interested party with respect to the Sale Transactions; (m) each of the Debtors' landlords; (n) McKesson; and (o) any party that has requested notice pursuant to Bankruptcy Rule 2002.

(Page | 13)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Approving Auction and Bidding Procedures (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice With Respect Thereto, and (VII) Granting Related Relief |

20.     Pursuant to Local Rule 6004-2(c)(2):  (a) each bidder participating at an Auction shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale, as set forth in the Bidding Procedures; (b) each Auction shall be conducted openly; and (c) each Auction shall be documented, recorded, or videotaped.

**III.     Assumption and Assignment Procedures.**

21.     The procedures set forth below regarding the assumption and assignment of the Contracts proposed to be assumed by the Debtors pursuant to section 365(b) of the Bankruptcy Code and assigned to the Successful Bidder, if any, pursuant to section 365(f) of the Bankruptcy Code in connection with the Sale Transactions are hereby approved to the extent set forth herein.

22.     These Assumption and Assignment Procedures shall govern the assumption and assignment of all of the Debtors' Contracts to be assumed and assigned in connection with any Sale Transaction(s) under any asset purchase agreement approved hereby, subject to any contract designation rights set forth in any purchase agreement (which shall comply with these Assumption and Assignment Procedures) and the payment of any amount necessary to satisfy all defaults and actual pecuniary loss to the counterparty resulting from such defaults including, but not limited to, all claims, demands, charges, rights to refunds and monetary and non-monetary obligations that the relevant counterparty can assert under a Contract, whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinate, relating to money now owing or owing in the future, arising under or out of, in

(Page | 14)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al*. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Approving Auction and Bidding Procedures (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice With Respect Thereto, and (VII) Granting Related Relief |

connection with, or in any way relating to a Contract (the foregoing amounts as stated in the Contract Assumption Notice, the "Cure Payments"):

(a)     **Contract Assumption Notice.**  As soon as reasonably practicable but not less than three (3) calendar days following the conclusion of an Auction, if any, or the filing of a Notice of Successful Bidder (the "Assumption and Assignment Service Deadline"), the Debtors shall serve a notice of contracts proposed to be assumed and assigned to any Successful Bidder, to the extent known by the Debtors and the applicable Successful Bidder (the "Contract Assumption Notice"), in substantially the form attached to the Bidding Procedures as Schedule 2 via first class mail on each applicable Assumed Contract Counterparty at the notice addresses set forth in the applicable Contract and on their counsel of record via email, each to the extent known, and provide a copy of the same to the Consultation Parties. The Contract Assumption Notice, with respect to the assumption and assignment of Contracts, shall inform each recipient of the timing and procedures relating to such assumption and assignment, and, to the extent applicable, (i) the title of the Contract, (ii) the name of the counterparty to the Contract, (iii) the Debtors' good faith estimates of the Cure Payments, if any, required in connection with the Contract, and (iv) the applicable objection deadline; *provided*, *however*, that service of a Contract Assumption Notice does not constitute an admission that any Contract listed thereon is an executory contract or that such stated Cure Payment constitutes a claim against the Debtors or a right against any Successful Bidder, all rights with respect thereto being expressly reserved.  Further, the inclusion of a contract on the Contract Assumption Notice is not a guarantee that such contract will ultimately be assumed and assigned.

(b)     **Cure Payments.**  Except to the extent a timely objection is filed in accordance with paragraph 22(d), below, the payment of the applicable Cure Payments by the Debtors and/or the Successful Bidder, as applicable, shall (i) effect a cure of all defaults existing thereunder, (ii) compensate for any actual pecuniary loss to such counterparty resulting from such default, and (iii) together with the assumption of the ultimately assumed Contract by the Debtors and the assignment of such Contract to the Successful Bidder, constitute adequate assurance of future performance thereof.

(Page | 15)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al*. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Approving Auction and Bidding Procedures (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice With Respect Thereto, and (VII) Granting Related Relief |

(c) **Supplemental Contract Assumption Notice.** To the extent the Debtors, at any time after the Assumption and Assignment Service Deadline (i) identify additional Contracts that may be assumed by and assigned to the Successful Bidder, (ii) remove any Contracts from the list attached to the Contract Assumption Notice, (iii) and/or modify the previously stated Cure Payment associated with any Contract, the Debtors will promptly file with this Court and serve by first-class mail a supplemental notice of contract assumption (a "Supplemental Assumption Notice") on each of the Assumed Contract Counterparties affected by the Supplemental Assumption Notice. Each Supplemental Assumption Notice will include the same information with respect to listed Contracts as was included in the Contract Assumption Notice. A Successful Bidder may designate additional Contracts to be assumed and assigned up to two business days prior to closing and may remove Contracts from the list of Contracts up to two business days prior to closing or in accordance with any Successful Bid; *provided*, *however*, the Debtors may not add an executory contract or unexpired lease to the list of Assumed Contracts (i) after the deadline for the Debtors to assume or reject leases pursuant to section 365(d)(4) of the Bankruptcy Code (as may be extended); and (ii) that has been previously rejected by the Debtors by order of the Court.

(d) **Objections.** Objections, if any, to the proposed assumption and assignment of any Contract, adequate assurance of the Successful Bidder's ability to perform under any Contract, or the Cure Payment proposed with respect thereto, must (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Rules, and the Bankruptcy Local Rules, (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed Cure Payment, state the correct Cure Payment alleged by the objecting counterparty, together with any applicable and appropriate documentation in support thereof, and (iv) be filed with the Court and served upon (collectively, the "Objection Notice Parties") (a) the Bid Notice Parties (as defined in the Bidding Procedures), (b) the Office of the United States Trustee for the District of New Jersey, (c) counsel to any official committees of unsecured creditors appointed in these chapter 11 cases, (d) the applicable Successful Bidder(s), if known, and (e) any other party that has filed a notice of appearance in these chapter 11 cases, so as actually to be received on or before the objection deadline set forth in the

| Debtors: | NEW RITE AID, LLC, *et al.* |
|---|---|
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Approving Auction and Bidding Procedures (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice With Respect Thereto, and (VII) Granting Related Relief |

Contract Assumption Notice or Supplemental Assumption Notice, as applicable, which objection deadline shall apply to every Contract proposed to be assumed and assigned in accordance with these Assumption and Assignment Procedures and shall be no less than fourteen (14) calendar days after the Contract Assumption Notice or Supplemental Assumption Notice, as applicable, is served.

(e) **No Objection**: If no Objection to the proposed assumption and assignment of any Assumed Contract is timely filed, each Assumed Contract shall be assumed as of the date set forth in the applicable Contract Assumption Notice or such other date as the Debtors, the Proposed Assignee, and the applicable Assumed Contract Counterparties agree, and the Cure Payment shall be binding, as applicable, on the Debtors, the Proposed Assignee, and the Assumed Contract Counterparties and no amount in excess thereof shall be paid for cure purposes; *provided*, *however* that the assignment date for an Assumed Contract shall not occur earlier than the date the Debtors filed and served the applicable Contract Assumption Notice.

(f) **Dispute Resolution.** In the event that the Debtors and an Assumed Contract Counterparty cannot resolve an objection to a Cure Payment, the Contract at issue may be assumed by the Debtors and assigned to the Successful Bidder, *provided* that the Debtors shall segregate the Cure Payment that the Assumed Contract Counterparty asserts is required to be paid, pending a resolution of the dispute by the Court or mutual agreement by the parties. Any objection to the proposed assumption and assignment of a Contract or related Cure Payment proposed in connection with the Sale Transactions that remains unresolved as of the applicable Sale Hearing, shall be heard at such Sale Hearing (or at a later date as fixed by the Court); *provided*, *further* that, with respect to any Contracts that are leases of real property, absent the consent of the Debtors and the Assumed Contract Counterparty, the Successful Bidder may not take possession of the leased premises or operate the business thereon prior to the assumption and assignment of the Contract.

(g) **Contract Assumption.** Except as set forth pursuant to paragraph 22(f) above, no Contract shall be deemed assumed and assigned pursuant to section 365 of the Bankruptcy Code until the later of (i) the date the Court

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al*. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Approving Auction and Bidding Procedures (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice With Respect Thereto, and (VII) Granting Related Relief |

has entered an order assuming and assigning such Contract or (ii) the date the applicable Sale Transaction has closed.

23.     Any party failing to timely file an objection to the Cure Payments, adequate assurance of future performance, or the proposed assumption and assignment of a Contract is deemed to have consented to (a) such Cure Payment, (b) the assumption and assignment of such Contract, (c) the related relief requested in the Motion, (d) adequate assurance of future performance, and (e) the Sale Transactions.  Such party shall be forever barred and estopped from objecting to the Cure Payments, the assumption and assignment of the Contract, adequate assurance of future performance, the relief requested in the Motion, whether or not applicable law excuses such counterparty from accepting performance by, or rendering performance to, the Successful Bidder for purposes of section 365(c)(1) of the Bankruptcy Code and from asserting any additional cure or other amounts against the Debtors and the Successful Bidder with respect to such party's Contract.

24.     To the extent the Debtors seek to assume and assign a Contract in connection with a Sale Transaction, the Debtors shall, at the request of the Assumed Contract Counterparty, promptly provide evidence to such Assumed Contract Counterparty that the Proposed Assignee of the Contract has the ability to comply with the requirements of adequate assurance of future performance; *provided* that any such evidence that constitutes nonpublic information shall be provided on a confidential basis.  All Bidders are deemed to consent to the transmission of such

(Page | 18)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Approving Auction and Bidding Procedures (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice With Respect Thereto, and (VII) Granting Related Relief |

evidence of adequate assurances of future performance on a confidential basis to counsel for the Assumed Contract Counterparties via email with such information to be used only for purpose of assessing the applicable Bidder and objecting to adequate assurance; *provided*, that any such Assumed Contract Counterparty shall use reasonable efforts to maintain the confidentiality of such information, including by filing the relevant portions of such objection under seal.

### IV.     Miscellaneous.

25.     Nothing in this Bidding Procedures Order or the Bidding Procedures shall be deemed a waiver of any rights, remedies, or defenses that any party (including the sureties, the Debtors, the Debtors' lenders, and the agents under their respective credit agreements, or any other prospective purchaser) has or may have under applicable bankruptcy and non-bankruptcy law, under any indemnity agreements, surety bonds or related agreements or any letters of credit relating thereto, or any rights, remedies, or defenses of the Debtors with respect thereto, including seeking Bankruptcy Court relief with regard to the Auctions, the Bidding Procedures, the Sale Transactions, and any related items (including, if necessary, to seek an extension of the applicable Bid Deadline).

26.     The Debtors assert that any Sales Transactions are consistent with the Debtors' privacy policies, and, as such, are authorized to conduct such Sales Transactions without the appointment of a consumer privacy ombudsman.  However, nothing contained in this Bidding Procedures Order prejudices parties in interest, including the U.S. Trustee and any statutory

(Page | 19)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Approving Auction and Bidding Procedures (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice With Respect Thereto, and (VII) Granting Related Relief |

committees appointed in these cases, from seeking the appointment of a consumer privacy ombudsman at a later date in connection with any proposed Sales Transactions.

27. The failure to include or reference a particular provision of the Bidding Procedures in this Bidding Procedures Order shall not diminish or impair the effectiveness or enforceability of such a provision in the Bidding Procedures.

28. The Court, at the request of the Debtors in consultation with the Consultation Parties and subject to the Court's availability, may modify the dates of and adjourn any hearing set by this Bidding Procedures Order without further Order of this Court, *provided* that the Debtors will serve notice to all requisite parties informing them of such modification.

29. The Debtors, in consultation with the Consultation Parties, may modify any of the deadlines set forth in the Sale Schedules or provide for additional deadlines within the Sale Schedules; *provided* that the Debtors will disclose all applicable deadlines in a supplemental Auction and Sale Hearing Notice. The Debtors, in consultation with the Consultation Parties, are further authorized, but not directed, to conduct multiple Sale Transactions and/or Auctions (as necessary) in substantial conformity with the Sale Schedules and Bidding Procedures established through this Bidding Procedures Order.

30. The Debtors may modify any Good Faith Deposit, in consultation with the Consultation Parties, as necessary or appropriate, in their business judgment.

(Page | 20)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Approving Auction and Bidding Procedures (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice With Respect Thereto, and (VII) Granting Related Relief |

31.     Nothing in this Bidding Procedures Order or the Bidding Procedures shall prevent the Debtors from seeking authority to sell any Assets pursuant to any other motion or order entered by this Court, including any orders authorizing the relief requested in the Location Closing Motion as such term is defined in the Motion, or the *Debtors' Motion for Entry of an Order (I) Establishing Procedures for the Sale of Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief*.

32.     In the event of any inconsistencies between this Bidding Procedures Order and the Motion and/or the Bidding Procedures, this Bidding Procedures Order shall govern in all respects.

33.     Any Transaction Fee[5] due to Guggenheim Securities, LLC ("Guggenheim Securities") as a result of the closing of any Sale Transaction shall be segregated and escrowed (for the exclusive benefit of Guggenheim Securities) in the Debtors' or their agents' bank accounts from the proceeds of such Sale Transaction (including, without limitation, from the proceeds of any liquidation or other disposition of the Debtors' assets), as an express carve-out from the collateral of the Debtors' pre- and post-petition secured lenders, prior to any other use or distribution of such proceeds.  If any Sale Transaction is the result of a successful bid without a cash component sufficient to pay the corresponding Transaction Fee due to Guggenheim Securities

---

[5]   Capitalized terms used in this paragraph and not otherwise defined herein shall have the meanings ascribed to such terms in that certain amended and restated engagement letter between Guggenheim Securities and the Debtors, dated as of May 5, 2025, a copy of which will be filed in connection with the Debtors' application to retain Guggenheim Securities, LLC.

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Approving Auction and Bidding Procedures (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice With Respect Thereto, and (VII) Granting Related Relief |

in full, then any resulting unpaid portion of the Transaction Fee due to Guggenheim Securities shall be segregated and escrowed (for the exclusive benefit of Guggenheim Securities) at the closing of such Sale Transaction from the available cash of the Debtors, as an express carve-out from the collateral of the Debtors' pre- and post-petition secured lenders.  Nothing in this Bidding Procedures Order shall prohibit or be construed to prohibit the use of any unencumbered assets of the Debtors or the proceeds thereof to pay any fees and expenses of Guggenheim Securities or the assertion or allowance of an administrative priority claim under sections 503(b)(2) and 507(a)(2) of the Bankruptcy Code, if applicable, on account of any fees or expenses of Guggenheim Securities.  Notwithstanding anything to the contrary set forth herein, the requirements and obligations contained in this paragraph 33 to pay Guggenheim Securities any such Transaction Fee on account of such Sale Transaction shall be subject in all respects to entry of a final order of this Court authorizing the retention of Guggenheim Securities as investment banker to the Debtors (the "Guggenheim Securities Retention Order") and the terms of the Guggenheim Securities Retention Order, and the entry of an order by the Court approving any such fees including the Transaction Fee.  The U.S. Trustee reserves all rights to object to such fees including the Transaction Fee pursuant to 11 U.S.C. § 330.

34.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Bidding Procedures Order in accordance with the Motion.

(Page | 22)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al*. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Approving Auction and Bidding Procedures (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice With Respect Thereto, and (VII) Granting Related Relief |

35.     The Debtors have demonstrated that without the approval of the Bidding Procedures and the timelines contemplated therein, the Debtors' businesses will deteriorate to the detriment of all stakeholders, including the Debtors' creditors and its customers.  Further, such harm cannot not be redressed by a legal or equity remedy.  Accordingly, the Debtors have demonstrated that the requested relief is "necessary to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003(a).

36.     Notwithstanding Bankruptcy Rule 6004(h) and 6006(d), to the extent applicable, this Bidding Procedures Order shall be effective and enforceable immediately upon entry hereof.

37.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

38.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

39.     Any party may move for modification of this Bidding Procedures Order in accordance with Local Rule 9013-5(e).

40.     The Debtors shall serve a copy of this Bidding Procedures Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f).

(Page | 23)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al*. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Approving Auction and Bidding Procedures (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice With Respect Thereto, and (VII) Granting Related Relief |

41.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bidding Procedures Order.

## **Exhibit 1**

### **Bidding Procedures**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No. 25-14861 (MBK) |
| Debtors.[1] | (Jointly Administered) |

## BIDDING PROCEDURES FOR THE
## SUBMISSION, RECEIPT, AND ANALYSIS OF BIDS IN
## CONNECTION WITH THE SALE OF THE DEBTORS' ASSETS

On May 5, 2025 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Court").

On May 6, 2025, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Approving the Auction and Bidding Procedures, (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice with Respect Thereto, and (VII) Granting Related Relief* [Docket No. 17] (the "Bidding Procedures Motion"), seeking approval of, among other things, the procedures contained herein (as modified from time to time, the "Bidding Procedures").

On [●], 2025, the Court entered the *Order (I) Approving the Auction and Bidding Procedures, (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice with Respect Thereto, and (VII) Granting Related Relief* [Docket No. [●]] (the "Bidding Procedures Order"),[2] by which the Court approved these Bidding Procedures on a final basis with respect to the Pharmacy Assets and on an interim basis with respect to the Remaining Assets, with a final hearing on these Bidding Procedures with respect to the Remaining Assets scheduled for **May 21, 2025 at 11:30 a.m. (prevailing Eastern Time)** (as may be

---

[1]   The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

[2]   All capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Bidding Procedures Motion, the Bidding Procedures Order, or the First Day Declaration, as applicable.

adjourned in accordance with the Bidding Procedures Order).  These Bidding Procedures set forth the process by which the Debtors are authorized to solicit bids for and conduct an auction (the "Auction") for a sale or disposition of all, any portion of, or substantially all of the Assets (collectively, the "Sale," and each, a "Sale Transaction").

Any Sale will be implemented pursuant to section 363 of the Bankruptcy Code or a chapter 11 plan (as modified, amended, or supplemented from time to time, the "Plan").

Copies of the Bidding Procedures Order or any other documents in the Debtors' chapter 11 cases are available upon request to Kroll Restructuring Administration LLC by calling (888) 575-9318 (toll free) or +1 (646) 930-4577 (international) or visiting the Debtors' restructuring website at (https://restructuring.ra.kroll.com/RiteAid2025).

## I.  Assets to be Auctioned.

1.  The Debtors are seeking to sell all of their assets, or any portion thereof, either as a going-concern or otherwise.  These assets include, in each case, free and clear of all liens, claims, interests, or other encumbrances to the greatest extent permitted by the Bankruptcy Code and applicable non-bankruptcy law:

    a.  the Debtors' prescription files (and related records), pharmacy inventory, and any assets related to or requested to be acquired in connection with the foregoing (including, without limitation, unexpired leases and other real and personal property associated with the sale of any retail pharmacy locations on a going concern basis) (collectively, the "Pharmacy Assets"); and

    b.  all of the Debtors' assets that are not Pharmacy Assets, including intellectual property, the Thrifty Ice Cream business and related assets, various technology and software assets, including proprietary pharmacy management software (i.e., NexGen), the central prescription fill facility, other real and personal property, unexpired leases, executory contracts, equipment, inventory, supplies, insurance proceeds, prepaid expenses and deposits, and books and records (collectively, the "Other Assets", and together with the Pharmacy Assets, the "Assets").

2.  Any Pharmacy Assets that are not sold pursuant to the auction for the Pharmacy Assets (as described below) are referred to herein as the "Remaining Pharmacy Assets", and together with the Other Assets, as the "Remaining Assets."

## II.  Public Announcement of Auctions and Sale Hearings.

3.  Within three (3) calendar days after entry of the Bidding Procedures Order, the Debtors shall (a) serve on the Notice Parties[3] (i) a notice setting forth (1) the date, time, and place

---

[3]  "Notice Parties" include (a) the office of the United States Trustee for the District of New Jersey; (b) the Debtors' 50 largest unsecured creditors (on a consolidated basis); (c) the Prepetition ABL Agent and counsel thereto; (d) the DIP Agent and counsel thereto; (e) the trustees for the Senior Secured Notes and counsel thereto; (f) the United States Attorney's Office for the District of New Jersey; (g) the Internal Revenue Service; (h) the U.S.

of the (A) auctions for the Pharmacy Assets (the "Pharmacy Assets Auction") and for the Remaining Assets (the "Remaining Assets Auction") and (B) the Sale Hearings (as defined below) and (2) the deadlines and procedures for objecting to the proposed Sale Transactions, and (ii) the Bidding Procedures Order and these Bidding Procedures in the applicable form attached hereto as **Schedule 1** (the "Auction and Sale Hearing Notice"), (b) within three (3) calendar days after entry of the Bidding Procedures Order, the Debtors shall seek to publish the above notice in *The New York Times* (National Edition) to any other potential interested parties, and (c) post the Auction and Sale Hearing Notice on their case website, https://restructuring.ra.kroll.com/RiteAid2025. The Auction and Sale Hearing Notice shall include a general description of the Assets for sale.

4.     After the conclusion of the Pharmacy Assets Auction (or the cancellation of such auction and filing of the Notice of Successful Bidder(s)) with respect to some or all of the Pharmacy Assets), the Debtors shall (i) serve on the Notice Parties a supplemental notice setting forth (1) an updated description of the Remaining Assets, including any Remaining Pharmacy Assets not sold following the conclusion of the Pharmacy Assets Auction, (2) the date and time of the Bid Deadline, the Auction, and the Sale Hearing with respect to the Remaining Assets, and (3) the deadlines and procedures for objecting to the proposed Sale(s) of the Remaining Assets (the "Notice of Remaining Assets") and (ii) post such Notice of Remaining Assets on their case website, https://restructuring.ra.kroll.com/RiteAid2025.

## III.    Potential Bidder Requirements.

5.     To participate in the bidding process or otherwise be considered for any purpose hereunder, including to receive access to due diligence materials, a person or entity interested in purchasing the Assets or part of the Assets (a "Potential Bidder") must deliver or have previously delivered to (a) proposed co-counsel to the Debtors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019, Attn: Andrew N. Rosenberg (arosenberg@paulweiss.com), Alice Belisle Eaton (aeaton@paulweiss.com), Christopher Hopkins (chopkins@paulweiss.com), Megan Spelman (mspelman@paulweiss.com), Sean Mitchell (smitchell@paulweiss.com), and Joshua A. Esses (jesses@paulweiss.com), (b) proposed co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota (msirota@coleschotz.com), Warren A. Usatine (wusatine@coleschotz.com), Felice R. Yudkin (fyudkin@coleschotz.com), and Seth Van Aalten (svanaalten@coleschotz.com), and (c) proposed investment banker to the Debtors, Guggenheim Securities, LLC, 330 Madison Avenue, New York, New York 10017, Attn: Adam Rifkin (Adam.Rifkin@guggenheimpartners.com), Jeff Cohen (Jeff.Cohen@guggenheimpartners.com), Brendan Hayes (Brendan.Hayes@guggenheimpartners.com), and Andrew Herrera (Andrew.P.Herrera@guggenheimpartners.com), the following preliminary documentation (collectively, the "Preliminary Bid Documents"), unless already delivered to the Debtors (in the Debtors' business judgment):

---

Securities and Exchange Commission; (i) the attorneys general in the states where the Debtors conduct their business operations; (j) all parties who have expressed a written interest in purchasing some or all of the Assets; (k) any known Assumed Contract Counterparties; (k) all known holders of Encumbrances; (l) each governmental agency that is an interested party with respect to the Sale Transactions; (m) each of the Debtors' landlords; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002.

a.    An executed confidentiality agreement, which may include a "clean team" agreement (a "<u>Confidentiality Agreement</u>") in form and substance acceptable to the Debtors.

b.    Sufficient information that the Potential Bidder has or can reasonably obtain the financial capacity to close a purchase of any portion, all, or substantially all of the Assets subject to the contemplated Bid, the adequacy of which must be acceptable to the Debtors, in consultation with the Consultation Parties.[4]

c.    A statement detailing whether the Potential Bidder is partnering with or otherwise working with any other interested party in connection with the potential submission of a joint Bid, the identity of any such party or parties, and a concise description of the nature of such partnership or joint Bid to the extent reasonably practicable.

6.    Any bidder that is party to a confidentiality agreement with the Debtors as of the Petition Date (a "<u>Prepetition NDA Bidder</u>") must submit a Qualified Bid for any Pharmacy Assets it wishes to Bid on by the Pharmacy Assets Bid Deadline (as defined below) to be eligible to participate in any Auction for such Pharmacy Assets, including if such Pharmacy Assets become Remaining Pharmacy Assets. *__A Prepetition NDA Bidder will be eligible to be a Potential Bidder for Pharmacy Assets (including any Remaining Pharmacy Assets) if, and only if, such Prepetition NDA Bidder submits a Qualified Bid for such Pharmacy Assets by the Pharmacy Assets Bid Deadline.__* Failure to do so will render such Prepetition NDA Bidder ineligible to be a Potential Bidder for any Remaining Pharmacy Assets to the extent that such Prepetition NDA Bidder failed to submit a Bid for such Assets by the Pharmacy Assets Bid Deadline.

7.    Any bidder that is not a party to a confidentiality agreement with the Debtors as of the Petition Date (a "<u>Non-Prepetition NDA Bidder</u>") may be a Potential Bidder and may submit a Bid or an indication of interest for the Pharmacy Assets by the Pharmacy Assets Bid Deadline; *provided* that such Potential Bidders must submit a Qualified Bid by the Pharmacy Assets Bid Deadline for such Pharmacy Assets to be entitled to participate in the Pharmacy Assets Auction. Non-Prepetition NDA Bidders that do not submit a Bid for the Pharmacy Assets by the Pharmacy Assets Bid Deadline shall be entitled to participate in the sale process for the Remaining Pharmacy Assets, if any. *__Only Non-Prepetition NDA Bidders will be eligible to submit a Qualified Bid for Remaining Pharmacy Assets, if any.__*

8.    Solely with respect to any Assets that are prescription files and/or pharmacy inventory, to be an Acceptable Bidder, a Potential Bidder must hold all applicable licenses, permits, and authorizations required to operate a pharmacy and/or handle and distribute

---

[4]    "<u>Consultation Parties</u>" shall mean counsel to (i) the Prepetition ABL Agent and the DIP Agent (each, an "<u>Agent</u>"), (ii) an ad hoc group of certain secured notes (the "<u>Ad Hoc Group</u>"), and (iii) any statutory committees appointed in these cases; *provided*, *however*, that to the extent any Agent or the Ad Hoc Group (or any members thereof) submits a bid for any Pharmacy Assets and/or Remaining Assets, such Agent or the Ad Hoc Group shall not be a Consultation Party with respect to (a) the evaluation and qualification of competing bids for the Pharmacy Assets and/or the Remaining Assets included in such bid or (b) seeking and/or obtaining information about other bids, but such Agent and the Ad Hoc Group shall remain a Consultation Party for the other purposes set forth herein.

pharmaceutical products in the jurisdiction applicable to such prescription files and/or pharmacy inventory.

9.    The Debtors, in consultation with their advisors and in consultation with the Consultation Parties, will determine and notify each Potential Bidder whether such Potential Bidder has submitted adequate documents so that such Potential Bidder may proceed to conduct due diligence and submit a bid (such Potential Bidder, an "Acceptable Bidder").

## IV.    Qualified Bid Requirements.

10.    To participate in any Auction, an Acceptable Bidder must deliver to the Debtors and their above-referenced advisors an irrevocable offer for the purchase of some or all of the Assets (each, a "Bid"), and shall meet the following criteria, in each case, on or prior to the applicable Bid Deadline (as defined below):

a.    **Purchased Assets and Assumed Liabilities**:  Each Bid must clearly state the following: (i) the particular Assets, or the portion thereof, identified with reasonable specificity, to be purchased; (ii) the liabilities and obligations to be assumed, including any debt and cure costs to be assumed; and (iii) as applicable, whether the Acceptable Bidder intends to operate the applicable Assets as a going concern.

b.    **Good Faith Deposit**:  The Debtors, in consultation with the Consultation Parties, reserve the right to require a cash deposit in an amount to be determined in its discretion based on the Assets subject to the Bid to be held in an interest-bearing or non-interest bearing escrow account to be identified and established by the Debtors (the "Good Faith Deposit") at any time at or prior to the signing of a definitive purchase agreement for the applicable Assets set forth in the Bid.  To the extent that a Bid for which a Good Faith Deposit was provided is modified at or prior to the applicable Auction, the Debtors, in consultation with the Consultation Parties, may require the applicable Acceptable Bidder to adjust its Good Faith Deposit in the amount set forth in the modified Bid, if any, promptly and in no event later than one (1) business day following the conclusion of the applicable Auction.

c.    **Purchase Price**:  Each Bid must (i) clearly set forth the purchase price to be paid, assuming a purchase of the applicable Assets and any assumption of liabilities (the "Purchase Price"), (ii) identify separately the cash and non-cash components of the Purchase Price, (iii) indicate the allocation of the Purchase Price among the applicable Assets, and (iv) if the Bid includes Pharmacy Assets (including Remaining Pharmacy Assets), indicate the allocation of value of the applicable Assets on a store by store basis; *provided* that, the allocations set forth in (iii) and (iv) shall be nonbinding on any third party and shall not prejudice the rights of any party in interest to contest such allocation.  The Purchase Price should be a single point value in U.S. Dollars for the applicable Assets on a cash-free, debt-free basis. Any Bid for substantially all of the Assets must also include a statement as to whether the Bid is conditioned on purchasing all Assets or whether the Qualified Bid should be viewed as separate Bid for one or more sets of Assets.  The Debtors reserve the right to ask any Acceptable Bidder to further allocate the value ascribed

to a Bid for any particular Asset and to inquire about any significant assumptions on which such valuations are based beyond information provided in the applicable Bid and Pharmacy Bidder Matrix (as defined below).

d.    **Same or Better Terms; Bid Documents**:  Each Bid must include duly executed and non-contingent transaction documents necessary to effectuate the transactions contemplated in the Bid (the "<u>Bid Documents</u>").  The Bid Documents shall include: (i) a form of purchase agreement; (ii) a schedule of contracts and leases to be assumed to the extent applicable to the Bid, (iii) with respect to the purchase agreement, a redline of such agreement marked to reflect the amendments and modifications made to a form of the applicable purchase agreement that the Debtors shall make available to Acceptable Bidders via the Debtors' electronic data room pursuant to the due diligence process, (iv) to the extent such Bid includes any Pharmacy Assets (including Remaining Pharmacy Assets), a completed copy (in excel format) of the buyer information form made available to Acceptable Bidders via the Debtors' electronic data room (the "<u>Pharmacy Bidder Matrix</u>"), (v) any other material documents integral to such Bid, and (vi) a statement from the Acceptable Bidder that (1) it is prepared to enter into and consummate the transactions contemplated in the form purchase agreement after the conclusion of the applicable Auction on the timeline set forth therein, subject to any necessary regulatory approvals, as specified by the Acceptable Bidder (or, if no Auction is held, the applicable deadline by which all binding Bids must be actually received pursuant to the Bidding Procedures), and (2) the Qualified Bid will be irrevocable until the consummation of the applicable Sale Transaction(s).

e.    **No Qualified Bidder Bid Protections**:  A Qualified Bid must include a statement that the Bid does not entitle such bidder to any break-up fee, termination fee, expense reimbursement, or similar type of payment or reimbursement and a waiver of any substantial contribution administrative expense claim under section 503(b) of the Bankruptcy Code related to bidding for the applicable Assets.

f.    **Employee Obligations**:  Each Bid must indicate whether the Acceptable Bidder intends to hire any or all employees who are primarily employed in connection with the applicable Assets included in such Bid, and the Acceptable Bidder's proposed approach with respect to any relevant arrangements with labor unions, including regarding employee and retirement benefits matters, and, where applicable, whether it intends to assume or otherwise offer to assume collective bargaining agreements.  If the Acceptable Bidder does not intend to hire any or all employees who are primarily employed in connection with the applicable Assets included in such Bid, the Acceptable Bidder must include a description of the Acceptable Bidder's intentions with respect to the relevant employees who are primarily employed in connection with the applicable Assets.  The Debtors will assist Successful Bidders in arranging interviews as needed with any applicable employees.

g.    **Sources of Financing**:

i. <u>Prepetition NDA Bidder</u>. Each Bid submitted by a Prepetition NDA Bidder must be accompanied by evidence of the Acceptable Bidder's capacity to consummate the Sale Transaction(s) set forth in its Bid with cash on hand or with availably liquidity under an existing line of credit, revolving loan, or similar facility.

ii. <u>Non-Prepetition NDA Bidder</u>. Each Bid submitted by a Non-Prepetition NDA Bidder must be accompanied by either (a) evidence of the Acceptable Bidder's capacity to consummate the Sale Transaction(s) set forth in its Bid with cash on hand or with availably liquidity under an existing line of credit, revolving loan, or similar facility or (b) a description of the Acceptable Bidder's proposed financing, documented to the Debtors' satisfaction, in consultation with the Consultation Parties, that demonstrates that the Acceptable Bidder has received, or has a reasonable likelihood of securing, sufficient debt and/or equity funding commitments to satisfy the Acceptable Bidder's obligations under the proposed Sale Transaction(s) and other obligations under its Bid, including providing adequate assurance of future performance under all Contracts proposed to be assumed by such Bid. Such funding commitments or other financing must be unconditional and must not be subject to any internal approvals, syndication requirements, diligence, or credit committee approvals, and shall have covenants and conditions acceptable to the Debtors.

h. **Contingencies; No Financing or Diligence Outs**: The Bid must not be conditioned on the obtaining or the sufficiency of financing, any internal approval, or on the outcome or review of due diligence, but may be subject to the accuracy at the closing of specified representations and warranties. All diligence must be completed before the applicable Bid Deadline.

i. **Identity**: Each Bid must fully disclose the identity of each entity and each entity's shareholders, partners, investors, and ultimate controlling entities that will be bidding for or purchasing the applicable Assets or otherwise participating in connection with such Bid, and the complete terms of any such participation, along with sufficient evidence that the Acceptable Bidder is legally empowered to complete the transactions on the terms contemplated by the parties. Each Bid must also include contact information for the specific person(s) whom Guggenheim Securities, LLC ("<u>Guggenheim Securities</u>") and Paul, Weiss, Rifkind, Wharton & Garrison LLP ("<u>Paul, Weiss</u>") should contact regarding such Bid.

j. **As-Is, Where-Is**: Each Bid must include a written acknowledgement and representation that the Acceptable Bidder: (i) has had an opportunity to conduct any and all due diligence prior to making its offer; (ii) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the assets in making its Bid; and (iii) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, by the Debtors,

Guggenheim Securities, Paul, Weiss, or the Debtors' other advisors regarding any information provided in connection therewith, except, solely with respect to the Debtors, as expressly stated in the Acceptable Bidder's proposed purchase agreement.

k.      **Authorization**:  Each Bid must contain evidence that the Acceptable Bidder has obtained all necessary authorizations or approvals from its shareholders and/or its board of managers or directors, or any other internal and other approvals, as applicable, with respect to the submission of its Bid and the consummation of the transactions contemplated in such Bid.

l.      **Joint Bids**:  The Debtors will be authorized to approve joint Bids in their reasonable business judgment, in consultation with the Consultation Parties, on a case-by-case basis, so long as a joint Bid meets the Qualified Bid Requirements, and the applicable bidders otherwise comply with these Bidding Procedures.

m.      **Adequate Assurance of Future Performance**:  Each Bid must, to the extent applicable, (i) identify any then-known executory contracts and unexpired leases (collectively, the "Contracts") to be assumed and assigned in connection with the proposed Sale Transaction, (ii) provide for the payment of all cure amounts related to such then-known Contracts by the Acceptable Bidder and (iii) demonstrate, in the Debtors' reasonable business judgment, in consultation with the Consultation Parties, that the Acceptable Bidder can provide adequate assurance of future performance under all such then-known Contracts sufficient to satisfy the requirements of sections 365(b)(3) and 365(f)(2)(B) of the Bankruptcy Code, and (iv) provide the following documentation (which the Debtors may reasonably request be supplemented after the Bid is submitted in connection with any reasonable request from a counterparty to a proposed Assumed Contract):

    1.      The legal name of the proposed assignee of such then-known Assumed Contracts (the "Proposed Assignee") and any guarantors, as applicable.

    2.      Financial statements for the calendar or fiscal years ended 2023 and 2024 for the Proposed Assignee and any guarantors, as applicable, or such other financial information about the Proposed Assignee to demonstrate its ability to provide adequate assurance of future performance.

    3.      With respect to a Bid to acquire some or all of the Assets as a going concern, summary documentation regarding the Proposed Assignee's and any guarantor's, as applicable, retail experience and present retail operations.

    4.      With respect to a Proposed Assignee of an unexpired lease of nonresidential real property identified in a Bid for the Assets, a summary of the Proposed Assignee's proposed use of the premises.

n.      **Acknowledgement of Compliance with Bidding Procedures, Bidding Procedures Order, Bankruptcy Code, and Non-Bankruptcy Law**:  Each Bid must acknowledge its compliance in all respects with these Bidding Procedures, the

8

Bidding Procedures Order, Bankruptcy Code and any applicable non-bankruptcy law.

o.   **Privacy Policies**:  To the extent applicable to the Assets subject to a Bid, the Acceptable Bidder must comply in all respects with the Debtors' Privacy Policies, and each Bid must contain a statement acknowledging such compliance.

p.   **No Collusion**:  The Acceptable Bidder must represent in writing (i) that it has not engaged in any collusion with respect to any Bids or the Sale Transactions, specifying that it did not agree with any Acceptable Bidders or Potential Bidders to control price, and (ii) that it agrees not to engage in any collusion with respect to any Bids, the Auctions, or the Sale Transactions.  This requirement does not restrict Potential Bidder(s) from working with other Potential Bidder(s) with the Debtors' prior written consent (email shall suffice).

q.   **Good Faith Offer**:  The Bid must constitute a good faith, *bona fide* offer to consummate the applicable Sale Transactions.

r.   **Regulatory Approvals and Covenants**:  A Bid must set forth each regulatory and third-party approval required for the Acceptable Bidder to consummate the applicable Sale Transaction, if any, and the time period within which the Acceptable Bidder expects to receive such regulatory and third-party approvals (and in the case that receipt of any such regulatory or third-party approval is expected to take more than thirty days following execution and delivery of the applicable purchase agreement and/or confirmation of the Plan, those actions the Acceptable Bidder will take to ensure receipt of such approvals as promptly as possible).

s.   **Expected Closing Date**:  Each Bid must state the Acceptable Bidder's expected date(s) of closing of the applicable Sale Transaction(s).

t.   **Time Frame for Closing**:  A Bid by an Acceptable Bidder must be reasonably likely (based on antitrust or other regulatory issues, experience, and other considerations) to be consummated, if selected as the Successful Bid (as defined herein), within a time frame acceptable to the Debtors, and, with respect to the Pharmacy Assets, as soon as reasonably practical.

u.   **No Fees**:  Each Acceptable Bidder presenting a Bid or Bids will bear its own costs and expenses (including legal fees) in connection with the proposed transaction, and by submitting its Bid(s) is agreeing to disclaim any right to receive a fee analogous to a break-up fee, expense reimbursement, termination fee, or other similar form of compensation; *provided*, *however*, that nothing in these Bidding Procedures shall limit, alter or impair the rights of any party to payment and reimbursement of expenses that are set forth in the DIP Orders, and parties entitled to payment or reimbursement of expenses under the DIP Orders shall be entitled to payment or reimbursement of expenses incurred in connection with these Bidding Procedures and the matters contemplated hereby.

By submitting its Bid, each Acceptable Bidder is agreeing to refrain from and waive any assertion or request for reimbursement on any basis, including under section 503(b) of the Bankruptcy Code.

v.      **Adherence to Bidding Procedures**:  By submitting its Bid, each Acceptable Bidder is agreeing to abide by and honor the terms of these Bidding Procedures and agrees not to submit a Bid or seek to reopen any Auction after conclusion of such Auction.

w.      **Consent to Jurisdiction**:  The Acceptable Bidder must submit to the jurisdiction of the Court and waive any right to a jury trial in connection with any disputes relating to the Debtors' qualification of Bids, to the Auctions, the Sales, the Sale Transactions, and the construction and enforcement of these Bidding Procedures, the Preliminary Bid Documents, the Bids, the Bid Documents, and any and all other agreements entered into in connection with any proposed Sale Transaction, and the closing, as applicable.

x.      **Conditions to Closing**:  Each Bid must identify with particularity each and every condition to closing, including any then-known Contracts for which assumption and assignment is required.

11.     **The Debtors reserve the right to exclude any party from any Auction for any particular Assets (including with respect to the Pharmacy Assets, excluding any party from any Auction for Pharmacy Assets at a specific store location) if the Debtors have determined, in their reasonable business judgment, in consultation with the Consultation Parties, that such party did not submit a Qualified Bid (including solely because such party did not put forward a good faith Bid).**

12.     Only Bids fulfilling all of the preceding requirements contained in this section may, unless otherwise determined in the Debtors' reasonable business judgment, in consultation with the Consultation Parties, be deemed to be "Qualified Bids," and only those parties submitting Qualified Bids shall be deemed to be "Qualified Bidders."

13.     Except and to the extent expressly set forth in a definitive executed purchase agreement with respect to specific Assets, the Debtors are not making and have not at any time made any warranties or representations of any kind or character, express or implied, with respect to the Assets, including, but not limited to, any warranties or representations as to operating history or projections, valuation, governmental approvals, the compliance of the Assets with governmental laws, the truth, accuracy, or completeness of any documents related to the Assets, or any other information provided by or on behalf of the Debtors to a bidder, or any other matter or thing regarding the Assets.  All bidders must acknowledge and agree that upon closing the Debtors shall sell and transfer to the Successful Bidder and the Successful Bidder shall accept the applicable Assets, except to the extent expressly provided in the Bankruptcy Court's order approving the applicable Sale Transaction(s).  Neither the Debtors nor any of their advisors will be liable for or bound by any express or implied warranties, guaranties, statements, representations, or information pertaining to the Assets or relating thereto that the Debtors, any advisor, or agent representing or purporting to represent the Debtors to whomever might have made or furnished, directly or

indirectly, orally or in writing, unless (with respect to the Debtors only) specifically set forth in the Bankruptcy Court's order(s) approving the applicable Sale Transaction(s).

14.    In advance of the commencement of each Auction, as is reasonably practicable, the Debtors shall determine, in consultation with the Consultation Parties, which Acceptable Bidders are Qualified Bidders and will notify the Acceptable Bidders whether Bids submitted constitute Qualified Bids, which will enable such Qualified Bidders to participate in such Auction. Any Bid that is not deemed a Qualified Bid shall not be considered by the Debtors; *provided* that if the Debtors receive a Bid prior to the applicable Bid Deadline that does not satisfy the requirements of a Qualified Bid, the Debtors may provide the Acceptable Bidder with the opportunity to remedy any deficiencies prior to the applicable Auction.

15.    Notwithstanding anything to the contrary in these Bidding Procedures, the Debtors, in consultation with the Consultation Parties, may, in their business judgment, following the applicable Bid Deadline, select a Successful Bidder for any of the Assets without holding an Auction for such Assets, as described below in section VIII.

16.    Solely with respect to the Other Assets, nothing in these Bidding Procedures shall impair or otherwise affect the rights of any secured creditor that is an Acceptable Bidder to credit bid all or any portion of such secured creditor's secured claims pursuant to section 363(k) of the Bankruptcy Code; *provided* that any such Bid is submitted in accordance with these Bidding Procedures.

## V.    Obtaining Due Diligence Access.

17.    Only Acceptable Bidders shall be eligible to receive due diligence information, access to the Debtors' electronic data room, and additional non-public information regarding the Debtors. ***No Acceptable Bidder will be permitted to conduct any due diligence without entry into a Confidentiality Agreement***. If an Acceptable Bidder was already subject to a Confidentiality Agreement with the Debtors as of the Petition Date, that Confidentiality Agreement shall remain in effect in accordance with its terms. Any Acceptable Bidders that are not subject to a Confidentiality Agreement with the Debtors as of the Petition Date may request to enter into a Confidentiality Agreement ahead of Remaining Assets IOI Deadline by contacting the Bid Notice Parties.

18.    Beginning on the date the Debtors enter into a Confidentiality Agreement with an Acceptable Bidder, the Debtors may provide such Acceptable Bidder with access to an electronic data room and reasonable due diligence information, as requested by such Acceptable Bidder, as soon as reasonably practicable after such request. The Debtors shall post substantially all written due diligence provided to any Acceptable Bidder to the Debtors' electronic dataroom for the benefit of all applicable Bidders (it being understood that certain materials may only be available to members of a "clean team" and subject to the terms of any "clean team" agreement). To the extent the Debtors provide any material written information to an Acceptable Bidder that the Debtors had not previously provided to a Consultation Party, the Debtors shall promptly make such information available to such Consultation Party.

19.     Acceptable Bidders will not, directly or indirectly, contact or initiate or engage in discussions in respect of matters relating to the Debtors or a potential transaction with any customer, employee, supplier, or other contractual counterparty of the Debtors without the prior written consent of the Debtors.  The due diligence period will end on the applicable Bid Deadline and subsequent to the applicable Bid Deadline the Debtors shall have no obligation to furnish any due diligence information; *provided* that the Debtors may continue to furnish any due diligence information with respect to the Remaining Pharmacy Assets after the Pharmacy Assets Bid Deadline.

20.     In connection with the provision of due diligence information to Acceptable Bidders, the Debtors shall not furnish any confidential information relating to the Debtors or a potential transaction to any person except an Acceptable Bidder or such Acceptable Bidder's duly authorized representatives to the extent provided in an applicable Confidentiality Agreement.

21.     The Debtors and their advisors shall make reasonable efforts to coordinate all reasonable requests for additional information and due diligence access from Acceptable Bidders; provided that the Debtors, in consultation with the Consultation Parties, may decline to provide such information to Acceptable Bidders who, in the Debtors' reasonable business judgment have not established, or who have raised doubt, that such Acceptable Bidders intend in good faith to, or have the capacity to, consummate the applicable Sale Transaction.  For any bidder who is a competitor or customer of the Debtors or is affiliated with any competitors or customers of the Debtors, the Debtors, in consultation with the Consultation Parties, reserve the right to withhold or modify any diligence materials that the Debtors determine are business-sensitive or otherwise inappropriate for disclosure to such bidder.

22.     None of the Debtors, Guggenheim Securities, Paul, Weiss, or the Debtors' other advisors make any representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise regarding the any information provided in connection with due diligence, except, solely with respect to the Debtors, and solely to the extent that expressly stated in a definitive executed purchase agreement related to any Assets.

## A.     Communications with Acceptable Bidders (including Qualified Bidders).

23.     Notwithstanding anything to the contrary in these Bidding Procedures, all substantive direct communications, including any diligence requests, with Acceptable Bidders (including any Qualified Bidders) shall be through Guggenheim Securities.

## B.     Due Diligence from Acceptable Bidders (including Qualified Bidders).

24.     Each Acceptable Bidder (including any Qualified Bidder) shall comply with all reasonable requests for additional information and due diligence access requested by the Debtors or their advisors and their respective advisors, regarding the ability of such Acceptable Bidder (including any Qualified Bidder) to consummate its contemplated transaction.  Failure by an Acceptable Bidder (including any Qualified Bidder) to comply with such reasonable requests for additional information and due diligence access may be a basis for the Debtors to determine that such bidder is no longer an Acceptable Bidder (including any Qualified Bidder) or that a Bid made by such bidder is not a Qualified Bid.

The Debtors have designated Adam Rifkin, Jeff Cohen, Brendan Hayes, and Andrew Herrera at Guggenheim Securities to coordinate all requests for additional information and due diligence access on behalf of the Debtors. They can be reached at Adam.Rifkin@guggenheimpartners.com, Jeff.Cohen@guggenheimpartners.com, Brendan.Hayes@guggenheimpartners.com, and Andrew.P.Herrera@guggenheimpartners.com.

## VI.    Bid Deadline.

25.    Binding Bids must be submitted in writing to the following parties (the "Bid Notice Parties") by the applicable deadline set forth below :

(a)    proposed co-counsel to the Debtors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019, Attn: Andrew N. Rosenberg (arosenberg@paulweiss.com), Alice Belisle Eaton (aeaton@paulweiss.com), Christopher Hopkins (chopkins@paulweiss.com), Megan Spelman (mspelman@paulweiss.com), Sean Mitchell (smitchell@paulweiss.com), and Joshua A. Esses (jesses@paulweiss.com);

(b)    proposed co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601 Attn: Michael D. Sirota (msirota@coleschotz.com), Warren A. Usatine (wusatine@coleschotz.com), Felice R. Yudkin (fyudkin@coleschotz.com), and Seth Van Aalten (svanaalten@coleschotz.com); and

(c)    the Debtors' proposed investment banker, Guggenheim Securities, LLC, 330 Madison Avenue, New York, New York 10017, Attn: Adam Rifkin (Adam.Rifkin@guggenheimpartners.com), Jeff Cohen (Jeff.Cohen@guggenheimpartners.com), Brendan Hayes (Brendan.Hayes@guggenheimpartners.com), and Andrew Herrera (Andrew.P.Herrera@guggenheimpartners.com).

### A.    Pharmacy Assets.

26.    Prepetition NDA Bidders must submit binding Bids to the Bid Notice Parties no later than **6:00 a.m. (prevailing Eastern Time) on May 13, 2025** (the "Pharmacy Assets Bid Deadline"). Non-Prepetition NDA Bidders are entitled to submit either a non-binding indication of interest or a binding Bid by the Pharmacy Assets Bid Deadline. However, such Potential Bidders will also be eligible to submit bids for any Remaining Pharmacy Assets by the Remaining Assets Bid Deadline (as defined below).

### B.    Remaining Assets.

27.    In order to be eligible to submit a Bid for Remaining Assets, Acceptable Bidders will first be required to submit a non-binding indication of interest (an "Remaining Assets IOI") not later than **5:00 p.m. (prevailing Eastern Time) on May 30, 2025** (the "Remaining Assets IOI Deadline"), to the Bid Notice Parties (as defined below); *provided* that the Debtors may extend the Remaining Assets IOI Deadline or waive the requirement of an Remaining Assets IOI for one or

more Acceptable Bidders, without further order of the Court. ***Prepetition NDA Bidders will not be eligible to submit Bids for any Remaining Pharmacy Assets to the extent that such Prepetition NDA Bidder failed to submit a Bid for such Assets by the Pharmacy Assets Bid Deadline.***

28.    Each Remaining Assets IOI must include, except as the Debtors, in consultation with the Consultation Parties, otherwise determine:

(a)    a letter outlining the Acceptable Bidder's offer, form(s) of consideration, any conditions precedent (other than the sufficiency of financing) and stating that the Acceptable Bidder is prepared to work in good faith to acquire the Remaining Assets and finalize a binding proposal by the applicable Bid Deadline (as defined below);

(b)    written evidence acceptable to the Debtors demonstrating financial wherewithal and a description of any corporate or governmental authorizations necessary to consummate the proposed Sale Transaction;

(c)    the identification of the ultimate beneficial owners of the Acceptable Bidder;

(d)    a description of all remaining due diligence requirements and any material conditions to be satisfied prior to submission of a Bid; and

(e)    to the extent known at the time of the Remaining Assets IOI, any obligations related to employees of the Debtors the Acceptable Bidder may assume.

29.    Binding Bids for the Remaining Assets must be submitted in writing to the Bid Notice Parties by **5:00 p.m. (prevailing Eastern Time) on June 13, 2025** (the "Remaining Assets Bid Deadline").

30.    In consultation with the Consultation Parties, the Debtors may extend the Bid Deadlines for any reason whatsoever, in their reasonable business judgment for all or certain Acceptable Bidders.

## VII.    Evaluation of Qualified Bids.

31.    The Debtors shall evaluate Qualified Bids and identify the Qualified Bid that is, in the Debtors' business judgment, and, in consultation with the Consultation Parties, the highest or otherwise best Qualified Bid or combination of Qualified Bids for any Assets (the "Starting Bids"). The Debtors shall promptly provide to the Consultation Parties and the U.S. Trustee copies of all Bids received by the Debtors, including the Starting Bid; *provided* that the Consultation Parties and the U.S. Trustee must treat such Bids and any related information as confidential and shall not publicly disclose such information without the written consent of the Debtors and the applicable bidder.

32.    When determining the highest or otherwise best Qualified Bid, as compared to other Qualified Bids, the Debtors may consider the following factors, in addition to any other factors that the Debtors deem appropriate:  (a) the amount and nature of the total consideration to be paid

by the Qualified Bidder, which includes but is not limited to, assumed liabilities (including administrative liabilities and cure payments), the amount of executory contracts and leased locations being assumed, and the types, amounts, and timing and other terms of the consideration to be paid by the Qualified Bidder; (b) the total quantity of stores and the percentage of stores in a particular region, if applicable, proposed to be purchased by the Qualified Bidder; (c) the likelihood, as determined by the Debtors in their reasonable business judgement, of obtaining necessary regulatory approvals and the speed upon which such approvals are expected to be obtained; (d) the likelihood of the Qualified Bidder's ability to close a transaction and the timing thereof; (e) the impact of the proposed Sale Transactions contemplated by the Qualified Bid on the Debtors' customers; (f) the net economic effect of any changes to the value to be received by each of the Debtors' estates from the transaction contemplated by the Bid Documents; (g) whether the Qualified Bid contemplates Sale Transactions that would be consummated through a Plan or a sale pursuant to section 363 of the Bankruptcy Code; (h) the impact of the proposed Sale Transactions contemplated by the Qualified Bid on the Debtors' employees; (i) the changes, if any, to the form purchase agreement provided by the Debtors (with fewer changes being viewed more favorably); (j) the tax consequences of such Qualified Bid; and (k) any other consideration that may impact the Debtors' stakeholders.  Prior to commencing each Auction, the Debtors shall notify all Qualified Bidders as to which Qualified Bid is the Starting Bid for such Auction with respect to the applicable assets.  At such time, the Debtors shall distribute to each Qualified Bidder the applicable terms of the Starting Bid, which may be provided in summary fashion from information contained in a Pharmacy Bidder Matrix and/or in a Debtor prepared summary of the foregoing in consultation with the Consultation Parties.

## VIII.  Cancellation of Auction.

33.    The Debtors, in consultation with the Consultation Parties, reserve the right to cancel or adjourn the applicable Auction with respect to any particular Assets at any time.  The Debtors will notify any applicable Qualified Bidders of the cancellation or adjournment of the Auctions for any Assets subject to their Bids (which, may occur at the commencement of or during the Auction).  Notwithstanding anything to the contrary in these Bidding Procedures, the Debtors may, in their business judgment, in consultation with the Consultation Parties, after the applicable Bid Deadline, select a Successful Bidder for any of the Assets without holding an Auction for such Assets. The Debtors will include any such Successful Bidder(s) in the Notice of Successful Bidder(s) filed after the conclusion of the Pharmacy Assets Auction or the Remaining Assets Auction, as applicable (or the filing of a notice of cancellation of the applicable Auction is cancelled with respect to all Assets).

## IX.    Auctions.

34.    If the Debtors receive more than one Qualified Bid for any particular Asset or portion of Assets by the applicable Bid Deadline, the Debtors may hold an Auction for such Assets. In that case, the Debtors shall cause a notice confirming the receipt of Qualified Bids (which shall not list the Qualified Bids or identity of any Qualified Bidders) to be filed on the docket of these chapter 11 cases and may conduct an Auction in accordance with the Auction Procedures (as defined below) to determine the Successful Bidder in their reasonable business judgment with respect to such Assets or portion of Assets.  If the Debtors do not receive a Qualified Bid for any particular Asset by the applicable Bid Deadline, the Debtors, in consultation with the Consultation

Parties, reserve the right to determine whether to hold an Auction with respect to such asset. If the Debtors select a Successful Bidder for any particular Pharmacy Assets following the applicable Bid Deadline without holding an Auction, the Debtors, in consultation with the Consultation Parties, reserve the right to not hold an Auction with respect to such Asset.

35. The Pharmacy Assets Auction, if needed, shall commence on **May 14, 2025, at 9:00 a.m. (prevailing Eastern Time)**, or such later time and/or place as the Debtors determine in consultation with the Consultation Parties. The Remaining Assets Auction, if needed, shall commence on **June 20, 2025, at 9:00 a.m. (prevailing Eastern Time)**, or such later time and/or place as the Debtors determine in consultation with the Consultation Parties. The Auctions will be held by videoconference (or at any location as the Debtors may hereafter designate on proper notice).

36. The Auctions will be conducted by the Debtors, in consultation with the Consultation Parties, in accordance with the following procedures (the "Auction Procedures"):

    a. Before the commencement of each Auction, the Debtors shall indicate which Assets are subject to such Auction. The Debtors may place up for auction any combination some, all, or substantially all of the Assets subject to Auction, in their reasonable business judgment.

    b. Each Auction will be conducted openly.

    c. Except as otherwise provided herein, only Qualified Bidders shall be entitled to bid at any Auction.

    d. The Qualified Bidders may appear virtually themselves or through duly-authorized representatives at the Auctions.

    e. Prior to the commencement of each Auction, the Debtors will assign each Qualified Bidder a unique identification number that will be used to refer to such Qualified Bidder during the applicable Auction. The Debtors will take reasonable steps to preserve anonymity of the Qualified Bidders during the Auctions, including by referring only to the unique identification numbers for the Qualified Bidders. The Debtors shall share the list of Qualified Bidders and their corresponding identification numbers with the Consultation Parties prior to each Auction. Notwithstanding the foregoing, the Debtors, in consultation with the Consultation Parties, may announce the identity of a Qualified Bidder in conjunction with declaring on the record such Bidder as having the Successful Bid for some or all of the Assets, and such announcement may occur at any point during the Auction.

    f. At the commencement of each Auction, in consultation with the Consultation Parties, the Debtors may announce procedural and related rules governing such Auction, including time periods available to all Qualified Bidders to submit successive Bid(s).

    g. Bidding shall begin with the Starting Bid.

h.    Subsequent Bids (each, an "<u>Overbid</u>") may only be made at the Auctions and shall be an increase, in an amount to be announced by the Debtors at the commencement of the applicable Auction, in cash, cash equivalents, or other such consideration that the Debtors, in their reasonable business judgment, in consultation with the Consultation Parties, deem equivalent over the previous Bid (a "<u>Minimum Overbid</u>"), and each successive Overbid shall exceed the then-existing Overbid by an incremental amount that is not less than the Minimum Overbid.  The Minimum Overbid announced by the Debtors at the commencement of the Auction may differ based on the applicable Assets and format of the applicable Auction.  The Debtors may, in their reasonable business judgment, in consultation with the Consultation Parties, announce increases or reductions to the Minimum Overbid at any time prior to or during the applicable Auction.  Each successive Bid that a Qualified Bidder may submit at the applicable Auction must contain a Purchase Price in cash, cash equivalents, or such other consideration that the Debtors, in consultation with the Consultation Parties, in their reasonable business judgment deem equivalent that exceeds the then-existing highest Bid by at least the amount of the Minimum Overbid.

i.    Each Qualified Bidder will be permitted a reasonable time to respond to previous Bids at each Auction, as determined by the Debtors.

j.    During the course of each Auction, the Debtors shall, after submission of each Overbid, promptly inform each Qualified Bidder of the terms of the previous Bids and inform each Qualified Bidder which Overbid(s) reflect, in the Debtors' view, the highest or otherwise best Bid(s) for the applicable Assets.

k.    Each Auction will be transcribed to ensure an accurate recording of the bidding at such Auction.

l.    Each Qualified Bidder will be required to confirm on the record that it has not engaged, and will not engage, in any collusion with respect to the bidding or any Sale Transactions.  This requirement does not restrict Qualified Bidder(s) from working with other Qualified Bidder(s) with the Debtors' prior written consent.

m.    Each Qualified Bidder will be required to confirm that its Bid is a good faith, *bona fide* offer and it intends to consummate the Sale Transactions if selected as the Successful Bid in accordance with these Bidding Procedures (as may be modified in accordance herewith at the applicable Auction).

n.    Subject to each of the Debtors' fiduciary obligations, including those explicitly set forth herein, the Court and the Debtors will not consider Bids made after the applicable Auction has been closed.

o.    The Debtors, in their reasonable business judgment and consistent with the Debtors' fiduciary obligations to maximize the value of their estates and to consider the interests of their stakeholders, and in consultation with the Consultation Parties, may reject, at any time before entry of an order of the Court approving a Successful

Bid, any Bid that the Debtors determine is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of the Sale Transactions, (iii) contrary to the best interests of the Debtors, their estates, their creditors, and other stakeholders, (iv) likely to lack the support of its stakeholders in seeking Court approval thereof, or (v) otherwise violative of any of the Debtors' fiduciary obligations.

p.    The Debtors have the right to request any additional information that will allow the Debtors to make a reasonable determination as to a Qualified Bidder's financial and other capabilities to consummate the transactions contemplated by their proposal and any further information that the Debtors believe is reasonably necessary to clarify and evaluate any Bid made by a Qualified Bidder during the applicable Auction.

q.    The Debtors reserve the right, in their reasonable business judgment, in consultation with the Consultation Parties, to adjourn any Auction one or more times to, among other things, (i) facilitate discussions between the Debtors and Qualified Bidders, (ii) allow Qualified Bidders to consider how they wish to proceed, and (iii) provide Qualified Bidders the opportunity to provide the Debtors with such additional evidence as the Debtors, in their reasonable business judgment, may require that the Qualified Bidder has sufficient internal resources or has received sufficient non-contingent debt and/or equity funding commitments to consummate the proposed transaction at the prevailing amount.

r.    Notwithstanding anything herein to the contrary, the Debtors may, in consultation with the Consultation Parties, at any time choose to adjourn any Auction by announcement at such Auction.  The Debtors shall promptly file notice of such adjournment with the Court.

s.    The Debtors, in consultation with the Consultation Parties, reserve the right to amend, waive, or otherwise modify the Auction Procedures at any time, including without limitation, the time, place, attendance, and format of the Auctions.

37.    Nothing in the Auction Procedures will prevent the Debtors from exercising their respective fiduciary duties under applicable law.

38.    Except as otherwise determined by the Debtors, in consultation with the Consultation Parties, only (i) the Debtors, (ii) the Consultation Parties, (iii) the Office of the United States Trustee, (iv) any applicable Qualified Bidders, and (v) in each case, the respective representatives and professionals of the foregoing parties shall be entitled to participate in each Auction.

## X.    Acceptance of the Successful Bid.

39.    Each Auction shall continue until (a) there is only one Qualified Bid or a combination of Qualified Bids that the Debtors determine, in their reasonable business judgment and in a manner consistent with the exercise of their fiduciary duties and outlined below in further detail, and in consultation with the Consultation Parties, is the highest or otherwise best Bid to

purchase the applicable Assets (each, a "Successful Bid"), and (b) the Debtors determine, in their reasonable business judgment, in consultation with the Consultation Parties, that further bidding is unlikely to result in a different Successful Bid or Successful Bids that would be reasonably acceptable to the Debtors, at which point, such Auction will be closed.

40.     When determining the highest or otherwise best Qualified Bid, as compared to other Qualified Bids, the Debtors, in consultation with the Consultation Parties, may consider the following factors in addition to any other factors that the Debtors deem appropriate: (i) the amount and nature of the total consideration to be paid by the Qualified Bidder, which includes but is not limited to, assumed liabilities (including administrative liabilities and cure payments), the amount of executory contracts and leased locations being assumed, and the types, amounts, and timing and other terms of the consideration to be paid by the Qualified Bidder; (ii) the total quantity of stores and the percentage of stores in a particular region, if applicable, proposed to be purchased by the Qualified Bidder; (iii) the likelihood, as determined by the Debtors in their reasonable business judgement, of obtaining necessary regulatory approvals and the speed upon which such approvals are expected to be obtained; (iv) the likelihood of the Qualified Bidder's ability to close a transaction and the timing thereof; (v) the impact of the proposed Sale Transactions contemplated by the Qualified Bid on the Debtors' customers; (vi) the net economic effect of any changes to the value to be received by each of the Debtors' estates from the transaction contemplated by the Bid Documents; (vii) whether the Qualified Bid contemplates Sale Transactions that would be consummated through a Plan or a sale pursuant to section 363 of the Bankruptcy Code; (viii) the impact of the proposed Sale Transactions contemplated by the Qualified Bid on the Debtors' employees; (ix) the changes, if any, to the form purchase agreement provided by the Debtors (with fewer changes being viewed more favorably); (x) the tax consequences of such Qualified Bid; and (xi) any other consideration that may impact the Debtors' stakeholders.

41.     Any Qualified Bidder that submits a Successful Bid will be deemed a "Successful Bidder" with respect to the Assets contemplated for the purchase pursuant to such Successful Bid. The Debtors shall file notice of the Successful Bid and the Successful Bidder with the Court as soon as reasonably practicable but no later than three (3) calendar days after conclusion of the applicable Auction. Following conclusion of the applicable Auction and selection of a Successful Bidder, the Debtors shall present the results of such Auction at a hearing (each, a "Sale Hearing") and shall seek Court approval to enter into a binding purchase agreement with the Successful Bidder on the terms of the Successful Bid (the order approving such entry, the "Definitive Purchase Agreement Order"). The Definitive Purchase Agreement Order shall deem the Debtors' selection of the Successful Bid final and the Debtors shall not solicit and /or accept any further Bids or offers to submit a Bid after such selection; *provided* that, notwithstanding anything to the contrary in these Bidding Procedures, nothing in these Bidding Procedures shall require the board of directors, board of managers, or such similar governing body of any Debtor, or any special committee of any board of any Debtor, to take or refrain from taking any action that the Debtors determined in good faith, in consultation with counsel, would be inconsistent with applicable law or its fiduciary obligations under applicable law.

42.     Within one (1) business day of the selection of the Successful Bidder, such Successful Bidder shall, to the extent applicable under the terms of the Successful Bid, make a cash deposit in an amount equal to the amount set forth in the Successful Bid (less the amount of any Good Faith Deposit), submitted by wire transfer of immediately available funds to an escrow

account to be identified and established by the Debtors pursuant to a customary and reasonable escrow agreement. Each Successful Bidder and the Debtors shall, as soon as commercially reasonable and practicable, complete and sign all agreements, contracts, instruments, or other documents evidencing and containing the terms upon which each such Successful Bid was made.

43. The Debtors expressly reserve all rights and remedies with respect to (a) any defaulting Successful Bidder, including, without limitation, the right to seek all available damages and/or specific performance (b) the ability to designate any Qualified Bidder as the back-up bidder for any applicable Assets.

## XI.    Approval of the Sale Transactions.

44. Hearings to consider approval of any Sale Transactions (each, a "Sale Hearing"), are currently scheduled to take place (a) with respect to the Pharmacy Assets, on **May 21, 2025** and (b) with respect to the Remaining Assets, on **June 25, 2025**, in each case, at a time to be determined by the Court, or as soon thereafter as the Debtors may be heard, before the Honorable Chief Judge Kaplan, at the United States Bankruptcy Court for the District of New Jersey, 402 East State Street, Courtroom 8, Trenton, New Jersey 08608 or by such other virtual or electronic means as determined by the Court.

45. At each Sale Hearing, certain findings will be sought from the Court regarding the Auctions, including, among other things, that: (a) the applicable Auction was conducted, and the Successful Bidder was selected, in accordance with the Bidding Procedures; (b) the applicable Auction was fair in substance and procedure; (c) any Successful Bid(s) were each a Qualified Bid as defined in the Bidding Procedures; and (d) consummation of any Sale Transactions as contemplated by the Successful Bid(s) in the applicable Auction will provide the highest or otherwise best offer for the applicable Assets and is in the best interests of the Debtors and their estates. **The Sale Hearings may be continued to a later date by the Debtors, in consultation with the Consultation Parties, by sending notice to creditors or other parties in interest prior to, or making an announcement at, such Sale Hearing. No further notice of any such continuance will be required to be provided to any party.**

46. In the event a transaction is consummated through a Plan, a hearing before the Court to consider confirmation of the Plan will be held at a date and time consistent with any order approving the Debtors' disclosure statement and scheduling applicable dates and deadlines related thereto, including confirmation of the Plan.

47. Objections to the Sale Transactions, and entry of any order approving the applicable sale order (the "Sale Order") must (i) be in writing and specify the nature of such objection; (ii) comply with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and all orders of the Court; and (iii) be filed with the Court and served so as to by **actually received** by (a) the Bid Notice Parties, (b) the Office of the United States Trustee for the District of New Jersey, (c) counsel to any official committees of unsecured creditors appointed in these chapter 11 cases, (d) the applicable Successful Bidder(s), if known, and (e) any other party that has filed a notice of appearance in these chapter 11 cases by (1) with respect to the Pharmacy Assets, **May 19, 2025,**

**at 5:00 p.m. (prevailing Eastern Time)** and (2) with respect to the Remaining Assets, **June 24, 2025, at 5:00 p.m. (prevailing Eastern Time)**.[5]

## XII.    Return of Good Faith Deposit.

48.     The Good Faith Deposit(s) of the Successful Bidder or Successful Bidders, if any, will, upon consummation of the Successful Bid or Successful Bids, become property of the Debtors' estates and be credited to the portion of such Successful Bidder's or Successful Bidders' applicable Purchase Price.

49.     If the Successful Bidder(s), if any, fails to consummate the Successful Bid(s), then the Good Faith Deposit(s) of such Successful Bidder(s) will be irrevocably forfeited to the Debtors and may be retained by the Debtors as liquidated damages, in addition to any and all rights, remedies, or causes of action that may be available to the Debtors, pursuant to the applicable asset purchase agreement.

50.     The Good Faith Deposits of any unsuccessful Qualified Bidders will be returned within five (5) calendar days following the designation of one or more Successful Bidders for the applicable Assets.

51.     All such deposits shall be held in escrow and at no time shall be deemed property of the Debtors' estates absent further order of the Court.

## XIII.    Reservation of Rights.

52.     The Debtors, in consultation with the Consultation Parties, reserve their rights to modify these Bidding Procedures or to waive any provision or requirement herein in their reasonable business judgment and in a manner consistent with the exercise of their fiduciary duties in any manner that will best promote the goals of the bidding process, or impose, at or before any Auction, additional customary terms and conditions on the sale of the applicable Assets, including, without limitation: (a) extending the deadlines set forth in the Bidding Procedures; (b) adjourning the Auctions without further notice; (c) adding procedural rules that are reasonably necessary or advisable under the circumstances for conducting the Auctions; (d) canceling any Auction; (e) rejecting any or all Bids or Qualified Bids; and (f) adjusting the applicable Minimum Overbid increment.

53.     All parties expressly reserve all of their rights (and do not waive any such rights) to seek Court relief with regard to the Auctions, the Bidding Procedures, the Sale Transactions, and any related items (including, if necessary, to seek an extension of the applicable Bid Deadline).

54.     Each reference in these Bidding Procedures and the Bidding Procedures Order to "consultation" (or similar phrase) with the Consultation Parties shall mean consultation in good faith. All Consultation Parties will be permitted to seek relief from the Bankruptcy Court, on an expedited basis, if they disagree with any actions or decisions made by the Debtors as part of these

---

[5]    To the extent the Debtors, in consultation with the Consultation Parties, reasonably determine in their business judgment to pursue a Sale Transaction pursuant to a Plan, a separate deadline to object to such Sale Transaction shall be set by order of the Court.

Bidding Procedures.  The rights of all Consultation Parties with respect to the outcome of the Auctions are reserved.

## XIV.   **Consent to Jurisdiction.**

55.     All Qualified Bidders at any Auction will be deemed to have consented to the core jurisdiction of the Court and waived any right to a jury trial in connection with any disputes relating to the Auctions, Sales, Sale Transactions, and the construction and enforcement of these Bidding Procedures, the Preliminary Bid Documents, the Bids, the Bid Documents, and any and all other agreements entered into in connection with any proposed Sale Transaction, as applicable, and consented to the entry of a final order or judgment in any way related to these Bidding Procedures, the Bid process, the Auctions, Sale Hearings, or the construction and enforcement of any agreement or any other document relating to any Sale or Sale Transaction if it is determined that the Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

56.     Any parties raising a dispute relating to these Bidding Procedures must request that such dispute be heard by the Court on an expedited basis.

## XV.   **Fiduciary Out.**

57.     Notwithstanding anything to the contrary in these Bidding Procedures, nothing in these Bidding Procedures or the Bidding Procedures Order shall require a Debtor or the board of directors, board of managers, or similar governing body of a Debtor, or any special committee of any board of any Debtor, to take any action or to refrain from taking any action related to any Sale Transaction or with respect to these Bidding Procedures, to the extent such Debtor, board of director, board of managers, or such similar governing body reasonably determines in good faith, in consultation with counsel, that taking or failing to take such action, as applicable, would be inconsistent with applicable law or its fiduciary obligations under applicable law.

58.     Further, notwithstanding anything to the contrary in these Bidding Procedures or the Bidding Procedures Order, through the date of the applicable Auction (if held), nothing in these Bidding Procedures or the Bidding Procedures Order shall diminish the right of the Debtors and their respective directors, officers, employees, investment bankers, attorneys, accountants, consultants, and other advisors or representatives to:  (a) consider, respond to, and facilitate alternate proposals for sales or other restructuring transactions involving the Assets (each an "Alternate Proposal"); (b) provide access to non-public information concerning the Debtors to any entity or enter into confidentiality agreements or nondisclosure agreements with any entity with respect to Alternative Proposals; (c) maintain or continue discussions or negotiations with respect to Alternate Proposals; (d) otherwise cooperate with, assist, participate in, or facilitate any inquiries, proposals, discussions, or negotiations of Alternate Proposals; and (e) enter into or continue discussions or negotiations with any person or entity regarding any Alternate Proposal.

### Schedule 1

**Auction and Sale Hearing Notice**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No. 25-14861 (MBK) |
| Debtors.[1] | (Joint Administration Requested) |

## NOTICE OF SALE BY AUCTION AND SALE HEARING

**PLEASE TAKE NOTICE** that on [●], 2025, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered the *Order (I) Approving the Auction and Bidding Procedures, (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice with Respect Thereto, and (VII) Granting Related Relief* [Docket No. [●]] (the "Bidding Procedures Order")[2] in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors").

**PLEASE TAKE FURTHER NOTICE** that the Debtors are soliciting offers for the purchase of substantially all or a portion of the Assets consistent with the bidding procedures (the "Bidding Procedures") approved by the Court pursuant to the Bidding Procedures Order on a final basis with respect to the Pharmacy Assets (defined below) and on an interim basis with respect to the Remaining Assets (defined below).  The Assets for sale include:

a.    the Debtors' prescription files (and related records), pharmacy inventory, and any assets related to or requested to be acquired in connection with the foregoing (including, without limitation, unexpired leases and other real and personal property associated with the sale of any retail pharmacy locations on a going concern basis) (collectively, the "Pharmacy Assets"); and

b.    all of the Debtors' assets that are not Pharmacy Assets, including intellectual property, the Thrifty Ice Cream business and related assets, various technology and software assets, including proprietary pharmacy management software (i.e., NexGen), the central prescription fill facility, other real and personal property, unexpired leases, executory contracts, equipment, inventory, supplies, insurance

---

[1]    The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

[2]    Capitalized terms used but not defined in this notice have the meanings given to them in the Bidding Procedures Order.

proceeds, prepaid expenses and deposits, and books and records (collectively, the "<u>Other Assets</u>", and together with the Pharmacy Assets, the "<u>Assets</u>").

**PLEASE TAKE FURTHER NOTICE** that **<u>all interested bidders should carefully read the Bidding Procedures and Bidding Procedures Order</u>.** To the extent that there are any inconsistencies between this notice and the Bidding Procedures or Bidding Procedures Order, the Bidding Procedures or Bidding Procedures Order, as applicable, shall govern in all respects.

<u>**Pharmacy Assets Dates And Deadlines**</u>

**PLEASE TAKE FURTHER NOTICE** that all Potential Bidders that are party to a Confidentiality Agreement with the Debtors as of the Petition Date (the "<u>Prepetition NDA Bidders</u>") must submit a Qualified Bid for the Pharmacy Assets in accordance with the Bidding Procedures so that it is actually received by **May 13, 2025 at 6:00 a.m., prevailing Eastern Time** (the "<u>Pharmacy Assets Bid Deadline</u>"). **<u>A Prepetition NDA Bidder will be eligible to be a Potential Bidder for Pharmacy Assets (including any Remaining Pharmacy Assets) if, and only if, such Prepetition NDA Bidder submits a Qualified Bid for such Pharmacy Assets by the Pharmacy Assets Bid Deadline.</u>**

**PLEASE TAKE FURTHER NOTICE** that all Potential Bidders that are not party to a Confidentiality Agreement with the Debtors as of the Petition Date (a "<u>Non-Prepetition NDA Bidder</u>") may be a Potential Bidder and may submit a Bid or an indication of interest for the Pharmacy Assets by the Pharmacy Assets Bid Deadline; *provided* that such Potential Bidders must submit a Qualified Bid by the Pharmacy Assets Bid Deadline for such Pharmacy Assets to be entitled to participate in the Pharmacy Assets Auction (as defined below). Non-Prepetition NDA Bidders that do not submit a Bid for the Pharmacy Assets by the Pharmacy Assets Bid Deadline shall be entitled to participate in the sale process for any remaining Pharmacy Assets not sold following the Pharmacy Assets Auction (the "<u>Remaining Pharmacy Assets</u>", and together with the "<u>Other Assets</u>", the "<u>Remaining Assets</u>") by the deadlines set forth for the Sale of the Remaining Assets below.

**PLEASE TAKE FURTHER NOTICE** that **<u>only Non-Prepetition NDA Bidders will be eligible to submit a Qualified Bid for Remaining Pharmacy Assets, if any.</u>**

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Bidding Procedures, the Debtors may conduct an auction (the "<u>Pharmacy Assets Auction</u>") of the Pharmacy Assets on **May 14, 2025, at 9:00 a.m. (prevailing Eastern Time)** by videoconference. Instructions for accessing the Pharmacy Auction by videoconference will be provided to the applicable Qualified Bidders.

**PLEASE TAKE FURTHER NOTICE** that, except as otherwise determined by the Debtors, in consultation with the Consultation Parties, only the Debtors, the Consultation Parties, the U.S. Trustee, any Qualified Bidders, and, in each case, the respective representatives and professionals of the foregoing parties, shall be entitled to attend the Pharmacy Assets Auction, and only Qualified Bidders will be entitled to make Overbids at the Pharmacy Assets Auction. **All**

interested or potentially affected parties should carefully read the Bidding Procedures and the Bidding Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that the Debtors may seek approval of the Sale of any Pharmacy Assets at a hearing scheduled to commence on or before **May 21, 2025**, at a time to be determined by the Court, or as soon thereafter as the Debtors may be heard, before the Honorable Chief Judge Kaplan, at the United States Bankruptcy Court for the District of New Jersey, 402 East State Street, Courtroom 8, Trenton, New Jersey 08608 or by videoconference or such other form of remote communication established by the Court.

**PLEASE TAKE FURTHER NOTICE** that, except as otherwise set forth in the Bidding Procedures Order, objections to consummation or approval of each Sale of the Pharmacy Assets must (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules and the Local Rules; (c) state with particularity the legal and factual bases for the objection and the specific grounds therefor; and (d) be filed with the Court and served so as to be ***actually received* on or before May 19, 2025, at 5:00 p.m. (prevailing Eastern Time)** by (i) the Bid Notice Parties, (ii) the Office of the United States Trustee for the District of New Jersey, (iii) counsel to any official committees of unsecured creditors appointed in these chapter 11 cases, (iv) the applicable Successful Bidder(s), if known, and (v) any other party that has filed a notice of appearance in these chapter 11 cases.

## Remaining Assets Dates and Deadlines

**PLEASE TAKE FURTHER NOTICE** that the deadline by which all non-binding indications of interest for the Remaining Assets must be received pursuant to the Bidding Procedures is **May 30, 2025 at 5:00 p.m., prevailing Eastern Time**.

**PLEASE TAKE FURTHER NOTICE** that the deadline by which all Qualified Bids for the Remaining Assets must be received pursuant to the Bidding Procedures is **June 13, 2025 at 5:00 p.m., prevailing Eastern Time** (the "Remaining Assets Bid Deadline").

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Bidding Procedures, the Debtors may conduct an auction (the "Remaining Assets Auction") of the Remaining Assets on **June 20, 2025, at 9:00 a.m. (prevailing Eastern Time)** by videoconference.  Instructions for accessing the Pharmacy Auction by videoconference will be provided to the Qualified Bidders.

**PLEASE TAKE FURTHER NOTICE** that, except as otherwise determined by the Debtors, in consultation with the Consultation Parties, only the Debtors, the Consultation Parties, the U.S. Trustee, any Qualified Bidders, and, in each case, the respective representatives and professionals of the foregoing parties, shall be entitled to attend the Remaining Assets Auction, and only Qualified Bidders will be entitled to make Overbids at the Remaining Assets Auction. **All interested or potentially affected parties should carefully read the Bidding Procedures and the Bidding Procedures Order.**

**PLEASE TAKE FURTHER NOTICE** that the Debtors may seek approval of the Sale of any Remaining Assets at a hearing scheduled to commence on or before **June 25, 2025**, at a time to be determined by the Court, or as soon thereafter as the Debtors may be heard, before the Honorable Chief Judge Kaplan, at the United States Bankruptcy Court for the District of New

Jersey, 402 East State Street, Courtroom 8, Trenton, New Jersey 08608 or by videoconference or such other form of remote communication established by the Court.

**PLEASE TAKE FURTHER NOTICE** that, except as otherwise set forth in the Bidding Procedures Order, objections to consummation or approval of each Sale of the Remaining Assets must (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules and the Local Rules; (c) state with particularity the legal and factual bases for the objection and the specific grounds therefor; and (d) be filed with the Court and served so as to be ***actually received* on or before June 24, 2025, at 5:00 p.m. (prevailing Eastern Time)** by (i) the Bid Notice Parties, (ii) the Office of the United States Trustee for the District of New Jersey, (iii) counsel to any official committees of unsecured creditors appointed in these chapter 11 cases, (iv) the applicable Successful Bidder(s), if known, and (v) any other party that has filed a notice of appearance in these chapter 11 cases.

## <u>CONSEQUENCES OF FAILING TO TIMELY MAKE AN OBJECTION</u>

**ANY PARTY OR ENTITY WHO FAILS TO TIMELY MAKE AN OBJECTION TO THE SALE OR THE SALE TRANSACTIONS, AS APPLICABLE, ON OR BEFORE THE APPLICABLE SALE OBJECTION DEADLINE IN ACCORDANCE WITH THE BIDDING PROCEDURES ORDER SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO THE SALE, INCLUDING WITH RESPECT TO THE TRANSFER OF THE APPLICABLE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT AS MAY BE SET FORTH IN THE APPLICABLE PURCHASE AGREEMENT OR THE PLAN, AS APPLICABLE.**

**PLEASE TAKE FURTHER NOTICE** that copies of the Bidding Procedures, the Bidding Procedures Order, as well as all related exhibits, are available: (a) upon request to Kroll Restructuring Administration LLC (the claims, noticing, and solicitation agent retainer in these chapter 11 cases) by calling (888) 575-9318 (toll free) or, for international callers, +1 (646) 930-4577; (b) by visiting the Debtors' restructuring website at <u>https://restructuring.ra.kroll.com/RiteAid2025</u>; or (c) for a fee via PACER by visiting http://www.njd.uscourts.gov.

Dated:  [●], 2025

|  |
|---|
| */s/* DRAFT |
| **COLE SCHOTZ P.C.** |
| Michael D. Sirota, Esq. |
| Warren A. Usatine, Esq. |
| Felice R. Yudkin, Esq. |
| Seth Van Aalten, Esq. (*pro hac vice* pending) |
| Court Plaza North, 25 Main Street |
| Hackensack, New Jersey 07601 |
| Telephone: (201) 489-3000 |
| Email:      msirota@coleschotz.com |
|                  wusatine@coleschotz.com |

fyudkin@coleschotz.com
svanaalten@coleschotz.com

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
Andrew N. Rosenberg (*pro hac vice* pending)
Alice Belisle Eaton (*pro hac vice* pending)
Christopher Hopkins (*pro hac vice* pending)
Sean A. Mitchell (*pro hac vice* pending)

1285 Avenue of the Americas
New York, New York 10019
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email:      arosenberg@paulweiss.com
            aeaton@paulweiss.com
            chopkins@paulweiss.com
            smitchell@paulweiss.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

## <u>Schedule 2</u>

**Contract Assumption Notice**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No. 25-14861 (MBK) |
| Debtors.[1] | (Joint Administration Requested) |

**NOTICE OF POTENTIALLY**
**ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

> YOU ARE RECEIVING THIS NOTICE BECAUSE YOU
> OR ONE OF YOUR AFFILIATES ARE A COUNTERPARTY TO AN
> EXECUTORY CONTRACT OR UNEXPIRED LEASE WITH ONE OR MORE
> OF THE DEBTORS AS SET FORTH ON **EXHIBIT A** ATTACHED HERETO.

**PLEASE TAKE NOTICE** that on [●], 2025, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered the *Order (I) Approving the Auction and Bidding Procedures, (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice with Respect Thereto, and (VII) Granting Related Relief,* [Docket No. [●]] (the "Bidding Procedures Order")[2] in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors").

**PLEASE TAKE FURTHER NOTICE** that on [●], 2025, the Debtors conducted an Auction of certain of their Assets, pursuant to the Bidding Procedures Order, and thereafter filed Notice of Successful Bidder, declaring [●] as the successful bidder (the "Successful Bidder") for the Assets.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Bidding Procedures Order, the applicable Sale Hearing to consider approval of the Sale Transactions to the Successful Bidder is currently scheduled to take place on [●], 2025, before the Honorable Chief Judge Kaplan, at the United States Bankruptcy Court for the District of New Jersey, 402 East State Street, Courtroom

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

[2] Capitalized terms used but not defined in this notice have the meanings given to them in the Bidding Procedures Order.

8, Trenton, New Jersey 08608 or by videoconference or such other form of remote communication established by the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Bidding Procedures and the terms of any Successful Bid, the Debtors **may** assume and assign to the Successful Bidder the contract(s) or agreement(s) listed on **Exhibit A** to which you are a counterparty, upon approval of the Sale Transactions.  The Debtors have conducted a review of their books and records and have determined that the Cure Payments for unpaid monetary obligations under such Contract(s) is as set forth on **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that if you disagree with the proposed Cure Payments, object to a proposed assignment to the Successful Bidder of any Contract, or dispute the ability of the Successful Bidder to provide adequate assurance of future performance with respect to any Contract, or otherwise object to the applicable Sale Transaction, your objection must:  (a) be in writing; (b) comply with the applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any order governing the administration of these chapter 11 cases; (c) state with specificity the nature of the objection and, if the objection pertains to the proposed Cure Payments, state the correct Cure Payments alleged to be owed to the objecting contract counterparty, together with any applicable and appropriate documentation in support thereof; and (d) be filed with the Court and served and **actually received no later than [●], 2025 at 5:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**") by (i) the Bid Notice Parties, (ii) the Office of the United States Trustee for the District of New Jersey, (iii) counsel to any official committees of unsecured creditors appointed in these chapter 11 cases, (iv) the applicable Successful Bidder(s), if known, and (v) any other party that has filed a notice of appearance in these chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE** that if no objection to (a) the Cure Payments, (b) the proposed assignment and assumption of any Contract, or (c) adequate assurance of the Successful Bidder's ability to perform is filed by the applicable Objection Deadline, then (i) you will be deemed to have stipulated that the Cure Payments as determined by the Debtors are correct, (ii) you will be forever barred, estopped, and enjoined from asserting any additional Cure Payments are due under the Contract, and (iii) you will be forever barred, estopped, and enjoined from objecting to such proposed assignment to the Successful Bidder on the grounds that the Successful Bidder has not provided adequate assurance of future performance as of the closing date of the Sale Transactions.

**PLEASE TAKE FURTHER NOTICE** that any objection to the proposed assumption and assignment of a Contract or related Cure Payments in connection with the Successful Bid that otherwise complies with these procedures yet remains unresolved as of the commencement of the Sale Hearing, shall be heard at a later date as may be fixed by the Court.

**PLEASE THAT FURTHER NOTICE** that, notwithstanding anything herein, the mere listing of any Contract on this Contract Assumption Notice or any Supplemental Assumption Notice does not require or guarantee that such Contract will be assumed by the Debtors at any time or assumed and assigned, and all rights of the Debtors and the Successful Bidder with respect to such Contracts are reserved.  Moreover, the Debtors explicitly reserve the right, in their reasonable discretion, to seek to reject or assume each Contract pursuant to section 365(a) of the Bankruptcy

Code and in accordance with the procedures allowing the Debtors and/or the Successful Bidder, as applicable, to designate any Contract as either rejected or assumed on a post-closing basis.

**PLEASE TAKE FURTHER NOTICE** that, nothing herein (a) alters in any way the prepetition nature of the Contracts or the validity, priority, or amount of any claims of a counterparty to any Contract against the Debtors that may arise under such Contract, (b) creates a postpetition contract or agreement, or (c) elevates to administrative expense priority any claims of a counterparty to any Contract against the Debtors that may arise under such Contract.

**PLEASE TAKE FURTHER NOTICE** that copies of the Bidding Procedures, the Bidding Procedures Order, as well as all related exhibits, are available: (a) upon request to Kroll Restructuring Administration LLC (the claims, noticing, and solicitation agent retainer in these chapter 11 cases) by calling (888) 575-9318 (toll free) or, for international callers, +1 (646) 930-4577; (b) by visiting the Debtors' restructuring website at https://restructuring.ra.kroll.com/RiteAid2025; or (c) for a fee via PACER by visiting http://www.njd.uscourts.gov.

Dated:  [●], 2025

| | |
|---|---|
| | /s/ DRAFT |
| | **COLE SCHOTZ P.C.** |
| | Michael D. Sirota, Esq. |
| | Warren A. Usatine, Esq. |
| | Felice R. Yudkin, Esq. |
| | Seth Van Aalten, Esq. (*pro hac vice* pending) |
| | Court Plaza North, 25 Main Street |
| | Hackensack, New Jersey 07601 |
| | Telephone: (201) 489-3000 |
| | Email:   msirota@coleschotz.com |
| |    wusatine@coleschotz.com |
| |    fyudkin@coleschotz.com |
| |    svanaalten@coleschotz.com |

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (*pro hac vice* pending)
Alice Belisle Eaton (*pro hac vice* pending)
Christopher Hopkins (*pro hac vice* pending)
Sean A. Mitchell (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email:   arosenberg@paulweiss.com
    aeaton@paulweiss.com
    chopkins@paulweiss.com
    smitchell@paulweiss.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## Exhibit A