| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | **Order Filed on May 7, 2025**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br>                                  Debtors.¹ | Chapter 11<br><br>Case No. 25-14861 (MBK) (Jointly Administered) |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO
(A) MAINTAIN AND ADMINISTER THEIR
CUSTOMER PROGRAMS, AS MODIFIED, AND (B) HONOR
CERTAIN PREPETITION OBLIGATIONS RELATED
THERETO, AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through ten (10), is **ORDERED**.

**DATED: May 7, 2025**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (*pro hac vice* pending)
Alice Belisle Eaton (*pro hac vice* pending)
Christopher Hopkins (*pro hac vice* pending)
Sean A. Mitchell (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email:  arosenberg@paulweiss.com
 aeaton@paulweiss.com
 chopkins@paulweiss.com
 smitchell@paulweiss.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:  msirota@coleschotz.com
 wusatine@coleschotz.com
 fyudkin@coleschotz.com
 svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al*. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Maintain and Administer Their Customer Programs, as Modified, and (B) Honor Certain Prepetition Obligations Related Thereto, and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain and Administer Their Customer Programs, as Modified, and (B) Honor Certain Prepetition Obligations Related Thereto and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing the Debtors to (i) maintain and administer their Customer Programs, as modified, and (ii) honor certain undisputed prepetition obligations related thereto, (b) granting related relief, and (c) scheduling a final hearing to consider approval of the Motion on a final basis, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all

---

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) MAINTAIN AND ADMINISTER THEIR CUSTOMER PROGRAMS AND (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, AND (II) GRANTING RELATED RELIEF |

of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** on an interim basis as set forth herein.

2. The Final Hearing on the Motion will be held on **June 6, 2025 at 11:30 a.m. (Eastern Time)**. Objections, if any, that relate to the Motion shall be filed and served so as to be actually received by the following parties on or before **May 30, 2025 at 4:00 p.m. (Eastern Time)**: (a) the Debtors, New Rite Aid, LLC, 200 Newberry Commons, Etters, Pennsylvania 17319, Attn: David Kastin (David.Kastin@riteaid.com); (b) proposed co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice Yudkin (fyudkin@coleschotz.com), and Seth Van Aalten, Esq. (svanaalten@coleschotz.com), and Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 6th Avenue, New York, NY 10019, Attn: Andrew N. Rosenberg (arosenberg@paulweiss.com), Alice Belisle Eaton (aeaton@paulweiss.com), Christopher Hopkins (chopkins@paulweiss.com), and Sean A. Mitchell (smitchell@paulweiss.com); (c) the United States Trustee for the District of New Jersey, Attn: Jeffrey M. Sponder and Lauren Bielskie, One Newark Center, Suite 2100, Newark, NJ 07102; (d) counsel to any statutory committees appointed in these chapter 11 cases; (e) counsel to the Prepetition ABL Agent and the DIP Agent, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola (jventola@choate.com), Jonathan D. Marshall (jmarshall@choate.com), and Mark D. Silva (msilva@choate.com) and Greenberg Traurig, LLP, 500 Campus Drive, Suite 400, Florham Park, NJ 07932, Attn: Alan J. Brody (brodya@gtlaw.com)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) MAINTAIN AND ADMINISTER THEIR CUSTOMER PROGRAMS AND (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, AND (II) GRANTING RELATED RELIEF |

and Julia Frost-Davies (julia.frostdavies@gtlaw.com); and (f) counsel to McKesson Corporation, Sidley Austin LLP, 350 South Grant Avenue, Los Angeles, CA 90071, Attn: Anna Gumport (agumport@sidley.com), and Buchalter, A Professional Corporation, 18400 Von Karman Avenue, Suite 800 Irvine, California 92612, Attn: Jeffrey K. Garfinkle (jgarfinkle@buchalter.com). If no objections are filed to the Motion, the Court may enter an order approving the relief requested in the Motion on a final basis without further notice or hearing.

3. The Debtors are authorized, but not directed, to continue to administer the Customer Programs currently in effect and honor any undisputed prepetition obligations related to the Customer Programs, in their discretion and consistent with prepetition practices, and to modify, replace, or terminate any Customer Program in the ordinary course of business.

4. For the first thirty (30) days after entry of this Interim Order, the Debtors shall continue to accept the Debtors validly-issued gift card, gift certificates, and equivalents in their e-commerce business or in-store in the ordinary course of business. After the expiration of this 30-day period, all such validly-issued gift cards, gift certificates, and equivalents will no longer be accepted by the Debtors and will be deemed to have no remaining value. Notwithstanding any policy or state law to the contrary, the gift cards, gift certificates, and equivalents are not redeemable for cash at any time.

5. The Debtors shall post conspicuous signs in their retail stores, including at their cash registers, and online explaining the modifications to the Gift Card Program and the Refund and Exchange Program, which shall remain posted throughout the first thirty (30) days of these chapter 11 cases.

(Page | 6)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) MAINTAIN AND ADMINISTER THEIR CUSTOMER PROGRAMS AND (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, AND (II) GRANTING RELATED RELIEF |

6. The Debtors are authorized to immediately cease issuance and accrual of all points under the Rite Aid Rewards Program as of the date of this Interim Order, or as soon as practicable thereafter. Upon expiration of any points or "Bonus Cash" coupons issued under the Rite Aid Rewards Program, such points and coupons will be deemed to have no remaining value. The Debtors are hereby authorized to terminate the Rite Aid Rewards Program in its entirety immediately upon the expiration of all points and "Bonus Cash" coupons issued under the Rite Aid Rewards Program. Notwithstanding any policy or state law to the contrary, "Bonus Cash" coupons and any points issued under the Rite Aid Rewards Program are not redeemable for cash at any time.

7. The Debtors are authorized, in consultation with the Prepetition ABL Agent and the DIP Agent and the advisors to any statutory committees appointed in these chapter 11 cases, to terminate, modify, or amend any Customer Program; *provided* that, except as otherwise approved in connection with the Motion and the Location Closing Motion (as defined in the First Day Declaration), the Debtors shall provide seven (7) calendar days' notice to the advisors to the Prepetition ABL Agent, the DIP Agent, any statutory committees appointed in these chapter 11 cases, and the U.S. Trustee, before terminating any Customer Program or making any change to any Customer Program; *provided*, *further*, that if the Debtors modify the Customer Programs, notice of such modification shall be posted on the first page of any website maintained by the Debtors for customers' online shopping, as well as the website for the Debtors' claims or noticing agent (such notice shall be through a link or shall set forth any modifications to the Customer Programs) and the Debtors shall post conspicuous signs in their stores, including at their cash

(Page | 7)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) MAINTAIN AND ADMINISTER THEIR CUSTOMER PROGRAMS AND (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, AND (II) GRANTING RELATED RELIEF |

registers, explaining such changes; *provided*, *further*, that any communications with customers as it relates to changes to Rite Aid Customer Programs shall use the actual calendar date of the filing date of the bankruptcy petitions in lieu of reference to "Petition Date." The Debtors shall also provide notice of any modifications to the Rite Aid Customer Programs via email blast to its customer database on at least one occasion.

8. The Debtors shall provide the advisors to the Prepetition ABL Agent, the DIP Agent, and any statutory committees appointed in these chapter 11 cases, with regular, bi-weekly reporting on amounts paid on account of Customer Programs pursuant to this Interim Order. For the avoidance of doubt, a summary of aggregate amounts paid may be shared with the Prepetition ABL Agent, the DIP Agent, and members of any statutory committees appointed in these chapter 11 cases.

9. The Debtors are authorized, but not directed, to continue incurring and paying the Processing Fees (including, for the avoidance of doubt, chargebacks and similar fees related to the Debtors' credit-card, debt-card, gift-card and check-processing transactions) in the ordinary course of business and consistent with prepetition practices, including such Processing Fees as may be due and owing to Fiserv, Inc., First Data Merchant Services, LLC and its affiliate Telecheck Services, Inc. and other payment processing providers utilized by the Debtors in the ordinary course of business (collectively "Payment Processing Companies"), and the Payment Processing Companies are authorized, without further order of this Court, but is not directed to, net out, offset, and apply undisputed Processing Fees against pending undisputed payments owed by the Payment Processing Companies to the Debtors in the ordinary course of business, pursuant to the terms of

(Page | 8)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) MAINTAIN AND ADMINISTER THEIR CUSTOMER PROGRAMS AND (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, AND (II) GRANTING RELATED RELIEF |

the applicable agreements between the Payment Processing Companies and the Debtors, and consistent with prepetition practices, including the Payment Processing Companies' provision of ordinary-course merchant statements and reporting to the Debtors. The Debtors are authorized to pay all undisputed prepetition amounts outstanding as of the date hereof owed to the Payment Processing Companies as service charges, fees or chargebacks without regard to whether such amounts are related to prepetition or postpetition services or charges.

10. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

11. Nothing contained in the Motion or this Interim Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Interim Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Interim Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant

(Page | 9)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) MAINTAIN AND ADMINISTER THEIR CUSTOMER PROGRAMS AND (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, AND (II) GRANTING RELATED RELIEF |

to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

12.    The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

13.    Notwithstanding anything to the contrary in the Motion or this Interim Order, any payment made by the Debtors pursuant to the authority granted in this Interim Order must be in compliance with and any authorization of the Debtors contained herein is subject to: (a) any interim or final orders entered by the Court approving the Debtors' entry into any postpetition debtor-in-possession financing facility and/or authorizing the use of cash collateral; (b) the documentation in respect of any such debtor-in-possession financing or use of cash collateral; and (c) any budget or cash flow forecasts in connection therewith (in each case, the "DIP Order"). To the extent there is any inconsistency between the terms of the DIP Order and this Interim Order, the terms of the DIP Order shall control.

14.    The Debtors have demonstrated that the requested relief is "necessary to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003(a).

(Page | 10)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) MAINTAIN AND ADMINISTER THEIR CUSTOMER PROGRAMS AND (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, AND (II) GRANTING RELATED RELIEF |

15. Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due.

16. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

17. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

18. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

19. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

20. Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

21. The Debtors shall serve a copy of this Interim Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f).

22. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

United States Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Case No. 25-14861-MBK |
| New Rite Aid, LLC | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 1 of 3 |
| Date Rcvd: May 08, 2025 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 10, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + New Rite Aid, LLC, 200 Newberry Commons, Etters, PA 17319-9363 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 10, 2025              Signature:    /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 7, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Alan G Tippie | on behalf of Creditor Larchmont Properties Ltd. Alan.Tippie@gmlaw.com |
| Alan J. Brody | on behalf of Creditor BANK OF AMERICA brodya@gtlaw.com alan-brody-2138@ecf.pacerpro.com |
| Alison Rebecca Gross Benedon | on behalf of Debtor New Rite Aid LLC abenedon@paulweiss.com, lcanty@paulweiss.com |
| Andrew Behlmann | on behalf of Interested Party SB360 Capital Partners LLC, Gordon Brothers Retail Partners, LLC, GA Retail Solutions, Tiger Capital Group, LLC, and Hilco Merchant Resources, LLC abehlmann@lowenstein.com |
| Brian I. Kantar | on behalf of Creditor Berkley Insurance Company bkantar@csglaw.com |
| Brian I. Kantar | on behalf of Creditor The Hanover Insurance Company bkantar@csglaw.com |

Case 25-14861-MBK    Doc 195    Filed 05/10/25    Entered 05/11/25 00:16:06    Desc
Imaged Certificate of Notice    Page 12 of 13

| District/off: 0312-3 | User: admin | Page 2 of 3 |
|---|---|---|
| Date Rcvd: May 08, 2025 | Form ID: pdf903 | Total Noticed: 1 |

| | |
|---|---|
| Charles E. Boulbol | on behalf of Creditor RX Newburgh Owners LLC rtrack@msn.com |
| Corinne Samler Brennan | on behalf of Creditor Audubon Square Inc. csamler@klehr.com, scmcginly@klehr.com;nyackle@klehr.com |
| David Edelberg | on behalf of Unknown Role Type Musso Properties dedelberg@sh-law.com edelbergdr82964@notify.bestcase.com |
| David Edelberg | on behalf of Unknown Role Type The Jackson Investment Company LLC dedelberg@sh-law.com, edelbergdr82964@notify.bestcase.com |
| Gary D. Bressler | on behalf of Creditor Haleon US Services Inc., formerly known as GSK Consumer Healthcare Services Inc. and its affiliates gbressler@mdmc-law.com, hryan@mdmc-law.com |
| James S. Carr | on behalf of Creditor Ryder Integrated Logistics Inc. and Ryder Transportation Solutions, LLC KDWBankruptcyDepartment@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com |
| Jeffrey Kurtzman | on behalf of Creditor The Goldenberg Group kurtzman@kurtzmansteady.com |
| Jeffrey Kurtzman | on behalf of Creditor AMS Olyphant RA LLC kurtzman@kurtzmansteady.com |
| Jeffrey Kurtzman | on behalf of Creditor Kingsway Realty Company kurtzman@kurtzmansteady.com |
| Jeffrey Kurtzman | on behalf of Creditor Goodman Properties kurtzman@kurtzmansteady.com |
| Jeffrey M. Sponder | on behalf of U.S. Trustee U.S. Trustee jeffrey.m.sponder@usdoj.gov jeffrey.m.sponder@usdoj.gov |
| Joseph H. Lemkin | on behalf of Creditor The Libman Company jlemkin@stark-stark.com |
| Joseph H. Lemkin | on behalf of Creditor Yoko C. Gates Trust jlemkin@stark-stark.com |
| Joseph H. Lemkin | on behalf of Creditor Levin Management Corporation jlemkin@stark-stark.com |
| Joseph H. Lemkin | on behalf of Creditor SADG-1 Limited Partners jlemkin@stark-stark.com |
| Joseph H. Lemkin | on behalf of Creditor Santiago Holdings II LLC jlemkin@stark-stark.com |
| Joseph H. Lemkin | on behalf of Creditor RAP Hamlin LP jlemkin@stark-stark.com |
| Joseph H. Lemkin | on behalf of Creditor Conopco Inc. d/b/a Unilever NA jlemkin@stark-stark.com |
| Joseph H. Lemkin | on behalf of Creditor RAP Dallas LP jlemkin@stark-stark.com |
| Joseph H. Lemkin | on behalf of Creditor Ald Capital PA LLC jlemkin@stark-stark.com |
| Joseph H. Lemkin | on behalf of Creditor SADG-3 Limited Partnership jlemkin@stark-stark.com |
| Joseph H. Lemkin | on behalf of Creditor SADG-4 Limited Partnership jlemkin@stark-stark.com |
| Joseph H. Lemkin | on behalf of Creditor Felos Associates LLC jlemkin@stark-stark.com |
| Joseph H. Lemkin | on behalf of Creditor Robert Marin and Celeset de Schulthess Marin Family Trust jlemkin@stark-stark.com |
| Joseph H. Lemkin | on behalf of Creditor LS Morrell LLC jlemkin@stark-stark.com |
| Joseph H. Lemkin | on behalf of Creditor Joseph Murphy Corporation jlemkin@stark-stark.com |
| Kelly M. Purcaro | on behalf of Creditor Larchmont Properties Ltd. Kelly.Purcaro@gmlaw.com, melody.langley@gmlaw.com |

| District/off: 0312-3 | User: admin | Page 3 of 3 |
|---|---|---|
| Date Rcvd: May 08, 2025 | Form ID: pdf903 | Total Noticed: 1 |

Lauren Bielskie
    on behalf of U.S. Trustee U.S. Trustee lauren.bielskie@usdoj.gov

Michael D. Sirota
    on behalf of Debtor New Rite Aid  LLC msirota@coleschotz.com,
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michele M. Dudas
    on behalf of Creditor McKesson Corporation and certain corporate affiliates mdudas@msbnj.com

Pamela Elchert Thurmond
    on behalf of Creditor LAW DEPT CITY OF PHILADELPHIA Pamela.Thurmond@phila.gov

Robert L. LeHane
    on behalf of Interested Party Thomas A. Pitta  Co-Trustee of the RAD Master Trust, Trustee of the RAD Sub-Trust A, and Trustee of the RAD GUC Equity Trust rlehane@kelleydrye.com,
    KDWBankruptcyDepartment@KelleyDrye.com;BankruptcyDepartment2@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com

Sam Della Fera, Jr
    on behalf of Creditor Greenwood Shopping Center  Inc. sdellafera@csglaw.com

Scott A. Zuber
    on behalf of Creditor Berkley Insurance Company szuber@csglaw.com  ecf@csglaw.com

Scott A. Zuber
    on behalf of Creditor The Hanover Insurance Company szuber@csglaw.com  ecf@csglaw.com

Steven A. Jayson
    on behalf of Creditor 1021 First Avenue Conway  LLC sjayson@msklaw.net,
    jloewenstein@msklaw.net;donnaz@msklaw.net;pmasiello@msklaw.net

Thomas S. Onder
    on behalf of Creditor Levin Management Corporation tonder@stark-stark.com

Thomas S. Onder
    on behalf of Creditor SADG-1 Limited Partners tonder@stark-stark.com

Thomas S. Onder
    on behalf of Creditor Robert Marin and Celeset de Schulthess Marin Family Trust tonder@stark-stark.com

Thomas S. Onder
    on behalf of Creditor RAP Hamlin LP tonder@stark-stark.com

Thomas S. Onder
    on behalf of Creditor Joseph Murphy Corporation tonder@stark-stark.com

Thomas S. Onder
    on behalf of Creditor LS Morrell  LLC tonder@stark-stark.com

Thomas S. Onder
    on behalf of Creditor Felos Associates LLC tonder@stark-stark.com

Thomas S. Onder
    on behalf of Creditor Santiago Holdings II  LLC tonder@stark-stark.com

Thomas S. Onder
    on behalf of Creditor SADG-4 Limited Partnership tonder@stark-stark.com

Thomas S. Onder
    on behalf of Creditor RAP Dallas LP tonder@stark-stark.com

Thomas S. Onder
    on behalf of Creditor SADG-3 Limited Partnership tonder@stark-stark.com

Thomas S. Onder
    on behalf of Creditor Ald Capital PA  LLC tonder@stark-stark.com

Thomas S. Onder
    on behalf of Creditor Yoko C. Gates Trust tonder@stark-stark.com

U.S. Trustee
    USTPRegion03.NE.ECF@usdoj.gov

Virginia T. Shea
    on behalf of Creditor Haleon US Services  Inc., formerly known as GSK Consumer Healthcare Services Inc. and its affiliates vshea@mdmc-law.com, gbressler@mdmc-law.com

TOTAL: 57