| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY (TRENTON)<br>**Caption in Compliance with D.N.J. 9004-1(b)**<br>Gail C. Lin (Bar No. 036752001)<br>**RAISNER ROUPINIAN LLP**<br>270 Madison Avenue, Suite 1801<br>New York, NY 10016<br>Telephone: (212) 221-1747<br>Fax: (212) 221-1747<br>Email: gcl@raisnerroupinian.com<br><br>*Attorneys for Plaintiff and all others similarly situated* | |
| In Re:<br><br>NEW RITE AID, LLC, et al.[1]<br><br>                    Debtors. | Chapter 11<br><br>Bankr. Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |
| MARTIN C. GORDON II, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br>      v.<br><br>NEW RITE AID, LLC and RITE AID HDQTRS. CORP.,<br><br>                    Defendants. | Adv. Pro. No.: _____ |

**CLASS ACTION ADVERSARY PROCEEDING COMPLAINT
FOR VIOLATION OF WARN ACT 29 U.S.C. § 2101, *ET SEQ.***

Plaintiff Martin C. Gordon II ("Plaintiff") allege on behalf of himself and a putative class

of similarly situated former employees of Debtor-Defendants New Rite Aid, LLC and Rite Aid

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

Hdqtrs. Corp. (the "Debtors" or "Defendants") by way of this Class Action Adversary Proceeding Complaint against Defendants as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of himself and other similarly situated former employees who worked for Defendants and who were terminated without cause, as part of, or as the result of, the mass layoffs or plant closings carried out by Defendants on or about May 5, 2025 and within 30 days of that date, who were not provided 60 days advance written notice of their terminations by Defendants.

2. Defendants failed to give Plaintiff and the other similarly situated employees 60 days' advance notice of these terminations, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*. In this action, Plaintiff and the similarly situated employees seek their remedies for these statutory violations.

3. Plaintiff was terminated along with at least 300 other similarly situated employees as part of, or as the foreseeable result of, a mass layoffs or plant closings ordered by Defendants on or about May 5, 2025. These terminations failed to give Plaintiff and other similarly situated employees of Defendants at least 60 days' advance notice of termination, as required by the WARN Acts. As a result, Plaintiff and other similarly situated employees of Defendants seek their statutory remedies.

4. Plaintiff and all similarly situated employees seek to recover 60 days' wages and benefits, pursuant to the federal WARN Act, from Defendants.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334 and 29 U.S.C. § 2104(a)(5).

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

7. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

8. The Court has jurisdiction over the Defendants because they did business and filed their bankruptcy petitions in this District.

## THE PARTIES

### *Plaintiff*

9. Plaintiff worked as a regional construction manager for Defendants out of Defendants' facility located at 200 Newberry Commons Etters, Pennsylvania (the "Valley Green Facility") from January 2015 until his termination on or about May 5, 2025.

10. On May 5, 2025, Plaintiff received a letter stating that he would be terminated from his employment effective that day.

11. Plaintiff was terminated without cause.

12. Along with Plaintiff, an estimated 300 or more similarly situated employees who worked at, reported to, or received assignments from Defendants' Valley Green Facility, as well as the Rite Aid Collaboration Center, located at its corporate headquarters at 1200 Intrepid Avenue, Suite 2, Philadelphia, Pennsylvania ("Headquarters Facility", cumulatively, the "Facilities") were also terminated on or about May 5, 2025.

13. Upon information and belief, none of the terminated employees received 60 days' written notice prior to their terminations.

14. All the similarly situated former employees were terminated without cause.

### *Defendants*

15. Rite Aid is a pharmacy and drug store chain that operates over 1,200 pharmacies in 15 states.

16. Until their terminations by Defendants, Plaintiff and the other similarly situated persons were employees of Defendants who worked at, were based out of, received assignments from, or reported to the Facilities.

17. Upon information and belief, on May 5, 2025, Defendants, as a single and/or joint employer, as defined by the WARN Act, terminated Plaintiff and other similarly situated employees who worked at, reported to, or received assignments from the Valley Green Facility and the Collaboration Center Facility.

18. On May 5, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On May 7, 2025, this Court ordered joint administration of Debtors' bankruptcy cases (Bankr. Case No. 25-14861-MBK, D.I. 122).

## FEDERAL WARN ACT CLASS ALLEGATIONS

19. Plaintiff brings this Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, on behalf of himself and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked at, were based out of, received assignments from, or reported to the Facilities and were terminated without cause on or about May 5, 2025, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about May 5, 2025 and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

20. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

21. Upon information and belief, Defendants employed more than 100 full-time employees who worked at or reported to the Facilities.

22. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendants.

23. On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination is contained in the books and records of Defendants.

24. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

(a) whether the members of the WARN Class were employees of the Defendants who worked at, were based out of, received assignments from, or reported to the Facilities;

(b) whether Defendants unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

(c) whether Defendants unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act; and

(d) whether Defendants are liable as a single employer to the WARN Class members.

25. Plaintiff's claims are typical of those of the WARN Class. Plaintiff, like other WARN Class members, worked at, was based out of, received assignments from, or reported to the Facilities and were terminated on or about May 5, 2025, due to the mass layoffs and/or plant closings ordered by Defendants.

26. Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

27. On or about May 5, 2025, Plaintiff was terminated by Defendants. This termination was part of mass layoffs or plant closings as defined by 29 U.S.C. § 2101(a)(2), (3), for which he was entitled to receive 60 days advance written notice under the WARN Act.

28. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendants, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

29. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

30. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

31. The relief sought in this proceeding is equitable in nature.

## CLAIM FOR RELIEF
## VIOLATION OF THE FEDERAL WARN ACT

32. Plaintiff realleges and incorporate by reference all allegations in all preceding paragraphs.

33. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

34. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a)(3) and continued to operate as a business until it decided to order mass layoffs or plant closings at the Facilities.

35. Within 30 days of May 5, 2025, Defendants ordered mass layoffs and/or plant closings at the Facilities, as those terms are defined by 29 U.S.C. § 210l(a)(2) and 20 C.F.R. § 639.3(i).

36. The mass layoff or plant closing at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as thirty-three percent (33%) of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

37. Plaintiff and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants at the Facilities.

38. Plaintiff and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

39. Defendants were required by the WARN Act to give Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

40. Defendants failed to give Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

41. Plaintiff and each of the Class Members are "aggrieved employees" of Defendants as that term is defined in 29 U.S.C. § 2104(a)(7).

42. Defendants failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued vacation and personal time off for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendants:

A. Certification of this action as a class action;

B. Designation of the Plaintiff as the Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of Plaintiff and the other similarly situated former employees equal to the sum of their unpaid wages for the 60 days, that would have been covered and paid for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A);

E. Treatment of all damage claims as priority wages pursuant to 11 U.S.C. § 507(a)(4) or (5) and the remainder as a general unsecured claim, or alternatively as an administrative expense pursuant to 11 U.S.C. § 503(b)(l)(A);

F.      Reasonable attorneys' fees and the costs and disbursements that the Plaintiff will incur in prosecuting this action, as authorized by the WARN Act; and

G.      Such other and further relief as this Court may deem just and proper.

Dated: May 16, 2025

*/s/ Gail C. Lin*
Gail C. Lin, Esquire (Bar No. 036752001)
Jack A. Raisner
René S. Roupinian
**Raisner Roupinian LLP**
270 Madison Avenue, Suite 1801
New York, NY 10016
Telephone: (212) 221-1747
Fax: (212) 221-1747
Email: gcl@raisnerroupinian.com
Email: jar@raisnerroupinian.com
Email: rsr@raisnerroupinian.com

*Attorneys for Plaintiff and All Others Similarly Situated*

9