**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY AN ORDER,
PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE,
EXTENDING THE DEADLINE FOR THE DEBTORS TO ASSUME OR
REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY**

TO THE HONORABLE JUDGE MICHAEL B. KAPLAN UNITED STATES BANKRUPTCY JUDGE FOR THE DISTRICT OF NEW JERSEY:

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**RELIEF REQUESTED**

1. By this Motion, pursuant to section 365(d)(4) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), the Debtors request entry of an order, in substantially the form attached as **Exhibit A** hereto (the "Order"): (a) granting the Debtors a ninety (90) day extension (for a total of 210 days from the Petition Date (as defined below)) of the statutory deadline for the Debtors to assume or reject any leases, subleases, and other agreements under which any Debtor is a lessee and that may be considered unexpired leases of non-residential real property under applicable law (collectively, the "Leases") through and including December 1, 2025; and (b) granting related relief.[2] The Debtors further request that the proposed extension be without prejudice to the Debtors' right to seek additional extensions of the time to assume or reject the Leases, as contemplated under section 365(d)(4)(B)(ii) of the Bankruptcy Code, with the consent of the applicable Lease counterparty.

**JURISDICTION AND VENUE**

2. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey*, entered July 23, 1984, and amended September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot

---

[2] Notwithstanding anything herein to the contrary, the Debtors are not seeking a determination that any particular lease, contract, instrument, or other document constitutes an unexpired lease of nonresidential real property subject to the provisions of section 365(d)(4) of the Bankruptcy Code and all parties' rights are reserved with respect to such determination.

enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

## BACKGROUND

5. On May 5, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Marc Liebman, Chief Transformation Officer of the Debtors, in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 24] (the "First Day Declaration").[3]

6. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On May 7, 2025, the Court entered an order, pursuant to section 1102 of the Bankruptcy Code, authorizing procedural consolidation and joint administration of these chapter 11 cases under lead Case No. 25-14681 [Docket No. 122]. On May 15, 2025, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases [Docket No. 316]. On May 19, 2025, the U.S. Trustee

---

[3] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the First Day Declaration.

amended and reconstituted the Committee [Docket No. 440]. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

7. On May 7, 2025 the Court entered an order granting the relief set forth in the Bidding Procedures Motion, approving the bidding procedures contemplated thereby, and scheduling hearings with respect to approval of any sale(s) of the Debtors' Pharmacy Assets on May 7, 2025 [Docket No. 142]. The Court entered an order granted the same relief in respect of the Debtors' Remaining Assets on May 21, 2025 [Docket No. 473]. On May 9, 2025, the Court entered an order granting the relief set forth in the Lease Auction Procedures Motion, which relief included procedures to govern the sale of Leases that are not sold pursuant to the Bidding Procedures Motion, or which are not otherwise rejected or sold in a private sale (such procedures, the "Lease Auction Procedures") [Docket No. 183]. Also on May 9, 2025, the Court entered an order granting the relief set forth in the Location Closing Motion, which relief approved the conduct of sales at the Debtors' leased premises and authorized the Debtors to, at the end of the sales and store closure process, vacate the applicable closing store premises and address the Lease for such premises in such manner as deemed appropriate by the Debtors in their business judgment.

8. The procedures set forth in each of the Bidding Procedures, Location Closing, and Lease Auction Procedures Motions (collectively, the "Sale Motions") are designed to preserve and maximize the value of the Debtors' estates for the benefit of all stakeholders. As of the Petition Date, the Debtors were party to over 1,200 Leases. The majority of the Leases have been or will be subject to the ongoing sales processes conducted under the Sale Motions (collectively, the "Sale Processes"), and thus may be assumed and assigned to winning bidders, for the benefit of the Debtors' estates and stakeholders. In fact, on May 16, 2025, the Debtors filed the *Amended Notice of (I) Successful Bidders and (II) Adjournment of Auction* [Docket No. 338], thereby declaring the

4

successful bidders for the Debtors' Pharmacy Assets and over 60 Leases. As of the date of filing of this Motion, the Debtors have not conducted an auction for the Remaining Assets and the sale process at their closing locations remains ongoing, as does the Lease sale process under the Lease Auction Procedures.

9. In addition to conducting the Sale Processes, the Debtors are continuing their Lease portfolio analysis, pursuant to which they may determine that the costs associated with holding or selling a Lease exceeds the value of the proceeds that will be realized from its sale—or that the Lease for such property may not be saleable at all. As such Leases are unlikely to form part of any value maximizing bids in the Sale Processes, the Debtors sought and obtained on May 7, 2025, court approval to reject Leases pursuant to the *Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 134], pursuant to which the Debtors will file Rejection Notices (as defined therein) as they continue their Lease analysis and store closure process. As of the date hereof, the Debtors have filed three Rejection Notices. *See* Docket Nos. 185, 333, 505.[4]

10. Taking all of these considerations together, a ninety (90) day extension of the current section 365(d)(4) deadline is appropriate to facilitate an orderly, considered, and value-maximizing resolution of Lease-related matters in these chapter 11 cases.[5] Pending the Debtors' decision to assume or reject a Lease, the Debtors intend to timely perform all of their undisputed postpetition obligations thereunder, to the extent required by section 365(d)(3) of the Bankruptcy

---

[4] Also on May 7, 2025, the Debtors rejected 11 Leases pursuant to the *Order (I) Authorizing (A) Rejection of Certain Executory Contracts and Unexpired Leases of Non-Residential Real Property and (B) Abandonment of Any Personal Property, Each Effective as of the Petition Date and (II) Granting Related Relief* [Docket No. 139].

[5] Additionally, the milestone requirements under the Debtors' postpetition financing arrangements provide that Debtors must obtain entry of an order extending the section 365(d)(4) deadline by ninety additional days, with such order to be entered no later than June 9, 2025.

Code, including the payment of postpetition rent obligations. Accordingly, the Debtors seek entry of the Order extending the period during which the Debtors may assume or reject any Leases by ninety (90) days, through and including December 1, 2025 (the "Requested Extension").

## BASIS FOR RELIEF

11. Pursuant to section 365(d)(4) of the Bankruptcy Code, the Debtors have, at minimum, until the earlier of (a) the date of entry of an order confirming a chapter 11 plan and (b) 120 days after the Petition Date (*i.e.*, September 2, 2025) to assume or reject any Leases (the "Assumption/Rejection Period"); *provided* that this Court may extend the Debtors' 120-day Assumption/Rejection Period by 90 days "for cause." *See* 11 U.S.C. § 365(d)(4). Pursuant to section 365(d)(4) of the Bankruptcy Code, if the Debtors fail to assume or reject a Lease prior to the expiration of the Assumption/Rejection Period, such lease will automatically be deemed rejected. *See id.*

12. The term "cause" as used in section 365(d)(4) is not defined in the Bankruptcy Code, nor does the Bankruptcy Code establish formal criteria for evaluating a request for an extension of the initial 120-day period. In determining whether "cause" exists for an extension of the initial 120-day period, courts may consider the following non-exclusive factors: (a) whether the lease is an important asset of the estate; (b) whether the debtor has had sufficient time to assess intelligently its financial situation and the potential value of its assets; (c) whether the debtor continues to make rental payments to the landlord under the lease; and (d) whether the lessor would be damaged beyond compensation available under the Bankruptcy Code. *See In re Wedtech Corp.*, 72 B.R. 464, (Bankr. S.D.N.Y. 1987) (citing *Theatre Holding Corp. v. Mauro*, 681 F.2d 102, 105–06 (2d Cir. 1982)). Courts in this district have consistently recognized the benefits of granting additional time for a debtor to assume or reject leases of nonresidential real property under section

6

365(d)(4) of the Bankruptcy Code. *See, e.g.*, *In re Channel Home Ctrs., Inc.*, 989 F.2d 682, 687-88 (3d Cir. 1993); *In re GST Telecom Inc.*, 2001 WL 686971, *3 (D. Del. June 8, 2001); *In re Rickel Home Centers*, 1997 WL 538785 (D. Del. Aug. 13, 1997).

13. Cause exists for the Court to grant the Requested Extension, including on account of the current status of the Court-approved Sale Processes for the Leases.

14. *First*, the Leases are important assets from which the Debtors are seeking to extract value for the benefit of all stakeholders. As discussed above, the Debtors sold over 60 Leases pursuant to the Pharmacy Assets auction, and expect to market for sale a significant number of the over 1,000 remaining Leases, either through the Remaining Assets auction, an auction conducted pursuant to the Lease Auction Procedures, or a private sale. In light of the flexible, multi-track nature of the Sales Processes, the Debtors submit that they may not be able to determine whether to assume or reject the Leases prior to the expiration of the initial Assumption/Rejection Period.

15. *Second*, to allow the Sale Processes to play out, it is imperative that the Debtors preserve optionality as to their Leases. While the Debtors will seek approval of the assumption and assignment of each applicable Lease at a hearing before this Court, as contemplated by the Sale Motions, the effective date of such assumption and assignment is contingent upon the closing of the applicable sale, which may not occur until after the expiration of the initial Assumption/Rejection Period. In addition, the Debtors and a successful bidder may determine that a Lease should be added or removed from the list of executory contracts and unexpired leases to be assumed and assigned in connection with a sale. Further, if the potential assumption and assignment of an applicable Lease requested by the Debtors is denied, the Debtors would need sufficient time to analyze potential alternatives impacting whether the Leases should be assumed or rejected. Finally, the Debtors may determine that adjourning a hearing to approve the

assumption and assignment of a Lease past the initial Assumption/Rejection Period is in the best interests of their estates and stakeholders. As the Debtors are moving forward with the Sales Processes on an expedited timeline, preserving flexibility and optionality will be critical to implementing value-maximizing transactions.

16. *Third,* the Requested Extension will not prejudice the lessors to the Leases. *See In re Bon Ton Restaurant & Pastry Shop, Inc.*, 52 B.R. 850, 854-55 (Bankr. N.D. Ill. 1985) (concluding that a lessor who received continuing monthly rent payments was not prejudiced by an extension of the section 365(d)(4) deadline). The Debtors intend to honor their postpetition obligations under the Leases in the ordinary course of business pending their determination of whether to assume and assign or reject the Leases. As such, the Requested Extension will not affect the substantive rights of the lessors under the Unexpired Leases. *See, e.g., In re Am. Healthcare Mgmt., Inc.*, 900 F.2d 827, 833 (5th Cir. 1990) ("[A]n order extending the time for a debtor to assume or reject a lease merely preserves the status quo.").

17. *Fourth,* Courts in this district frequently grant debtors additional time to assume or reject unexpired nonresidential leases pursuant to section 365(d)(4) of the Bankruptcy Code, particularly in similar complex chapter 11 cases. See, e.g., *In re Careismatic Brands, LLC*, No. 24-10561 (VFP) (Bankr. D.N.J. May 8, 2024) (authorizing the extension of debtors' time to assume or reject unexpired leases of non-residential real properties by 90 days); *In re WeWork, Inc.*, No. 23-19865 (JKS) (Bankr. D.N.J. April 29, 2024) (same); *In re Rite Aid Corp.*, No. 23-18993 (MBK) (Bankr. D.N.J. Dec. 20, 2023) (same); *In re Cyxtera Technologies, Inc.*, No. 23-14853 (JKS) (Bankr. D.N.J. September 21, 2023) (same); *In re Bed Bath & Beyond Inc.*, No. 23-13359 (VFP) (Bankr. D.N.J. August 17, 2023) (same). The Debtors submit that similar relief is warranted in these chapter 11 cases.

8

18. *Finally,* in the absence of an extension of the Assumption/Rejection Period, section 365(d)(4) of the Bankruptcy Code may force the Debtors to choose to pursue one of two suboptimal options in any of the aforementioned circumstances: (a) prematurely rejecting a Lease, thereby forfeiting potentially valuable property of the Debtors' estates and minimizing creditor recovery when the Debtors' are conducting Sales Processes designed to preserve and maximize the value of their estates; or (b) prematurely assuming Leases that may ultimately not provide net value to the Debtors and their estates. The Requested Extension avoids this unnecessary dilemma, benefiting all stakeholders.

19. Accordingly, the Debtors submit that cause exists to grant the Requested Extension, and the Debtors respectfully request that the Court grant this Motion.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

20. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### Waiver of Memorandum of Law

21. The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

### Reservation of Rights

22. Nothing contained in this Motion or any order granting the relief requested in this motion, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under

9

the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this motion or any order granting the relief requested by this motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

## No Prior Request

23. No prior request for the relief sought in this Motion has been made to this Court or any other court.

## Notice

24. The Debtors will provide notice of this motion to the following parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the District of New Jersey; (b) the Committee and counsel thereto; (c) the Prepetition ABL Agent and counsel thereto; (d) the DIP Agent and counsel thereto; (e) the trustees for the Senior Secured Notes and counsel thereto; (f) the United States Attorney's Office for the District of New Jersey; (g) the Internal Revenue Service; (h) the attorneys general in the states where the Debtors conduct their business operations; (i) the counterparties to the Leases; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Debtors respectfully request entry of the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: May 27, 2025

/s/ *Michael D. Sirota*
                        
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:    msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com
            svanaalten@coleschotz.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email:    arosenberg@paulweiss.com
            aeaton@paulweiss.com
            chopkins@paulweiss.com
            smitchell@paulweiss.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

**Proposed Order**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re:<br>NEW RITE AID, LLC, *et al.*,<br>　　　　　　　　　　　　Debtors.[1] | Chapter 11<br>Case No. 25-14861 (MBK)<br>(Jointly Administered) |

**ORDER PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY
CODE, EXTENDING THE DEADLINE FOR THE DEBTORS TO ASSUME
OR REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY**

The relief set forth on the following pages, numbered three (3) through and including five (5), is

**ORDERED**.

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

(Page | 3)
Debtors:           NEW RITE AID, LLC, *et al*.
Case No.           25-14861 (MBK)
Caption of Order:  Order Pursuant to Section 365(d)(4) of the Bankruptcy Code, Extending the Deadline for the Debtors to Assume or Reject Unexpired Leases of Non-Residential Real Property

Upon the *Debtors' Motion for Entry of an Order Pursuant to Section 365(d)(4) of the Bankruptcy Code, Extending the Deadline for the Debtors to Assume or Reject Unexpired Leases of Non-Residential Real Property* (the "Motion"),[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"):  (a) granting the Debtors a ninety (90) day extension of the statutory deadline for the Debtors to assume or reject any leases, subleases, and other agreements under which any Debtor is a lessee and that may be considered unexpired leases of non-residential real property under applicable law (collectively, the "Leases"); and (b) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion, the First Day Declaration, and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause

---

[1]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al*. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Pursuant to Section 365(d)(4) of the Bankruptcy Code, Extending the Deadline for the Debtors to Assume or Reject Unexpired Leases of Non-Residential Real Property |

for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. Pursuant to section 365(d)(4) of the Bankruptcy Code, the deadline under section 365(d)(4) of the Bankruptcy Code for the Debtors to assume or reject any Leases is hereby extended through and including December 1, 2025 (the "Assumption/Rejection Period"); *provided that* if the Debtors file a motion to assume or reject a Lease prior to such date, the time period within which the Debtors must assume or reject such Lease pursuant to section 365(d)(4)(B)(i) of the Bankruptcy Code shall be deemed extended through and including the date that the Court enters an order granting or denying such motion.

3. This Order shall be without prejudice to the Debtors' rights to seek a further extension of the Assumption/Rejection Period in accordance with section 365(d)(4) of the Bankruptcy Code.

4. Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this motion or any order granting the relief requested by this motion; (e) a request or authorization

(Page | 5)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al*. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Pursuant to Section 365(d)(4) of the Bankruptcy Code, Extending the Deadline for the Debtors to Assume or Reject Unexpired Leases of Non-Residential Real Property |

to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

5. The relief granted by this Order shall not affect the ability of the Debtors to assume or reject any Lease.

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of his Order are immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.