| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| OFFIT KURMAN, P.A.<br>By: Paul J. Winterhalter, Esquire (006961986)<br>Court Plaza South<br>21 Main Street, Suite 158<br>Hackensack, NJ 07601<br>Telephone: (267) 338-1370<br>Facsimile: (267) 338-1335<br>E-mail: pwinterhalter@offitkurman.com<br><br>*Counsel for Fair Oaks, LLC* | |
| In re:<br><br>NEW RITE AID, LLC, et al.,<br><br>                *Debtor*. | Chapter 11<br><br>Case No. 25-14861<br><br>Judge: Michael B. Kaplan<br><br>(Jointly Administered) |
| | Hrg. Date:   June 9, 2025<br>Time:          11:30 am<br>Courtroom   8 |

**RESPONSE OF FAIR OAKS, LLC**
**TO DEBTORS' MOTION TO**
**CLARIFY EFFECT OF STAY &**
**CROSS MOTION FOR RELIEF**

Fair Oaks, LLC, a creditor and Landlord of the Debtors, by and through its attorneys, Offit Kurman, P.A. hereby Responses to the Motion of Debtors for the Entry of An Order (I) Clarifying the Automatic Stay Applies to Pending Appeals, or (II) in the alternative, Staying Pending Appeals [Docket No. 344], and in relation to the relief sought by the Debtors, Fair Oaks, LLC presents this **Cross Motion for Relief** from the stay imposed by the New Rite Aid, LLC *et al.* Bankruptcy filings, and in support of the relief sought represents as follows:

1

1. On May 5, 2025, Debtor Thrifty Payless, Inc. along with numerous other Debtor entities initiated new Bankruptcy proceedings with this Court in the matter as captioned above. The lead Debtor is New Rite Aid, LLC.

2. On October 15, 2023, the same Debtors, or certain predecessors in interest, filed previous bankruptcy proceedings in the matter *In re: Rite Aid Corp.* under case number 23-18993 (MBK).

3. Fair Oaks, LLC was a Landlord of one Debtor, Thrifty Payless, Inc. who contested the assumption of its lease by the Debtors in the first bankruptcy proceeding. The formal and proper assumption of the lease has never been consummated. The Debtors never resolved its cure obligations under the Lease. On October 31, 2024, this Court entered an Order denying Fair Oaks, LLC's request to determine the subject lease was deemed rejected by operation of law. On November 6, 2024, this Court entered a Memorandum Opinion in the first bankruptcy explaining its ruling. Fair Oaks, LLC appealed the Order and decision by this Court to the United States District Court for the District of New Jersey. The Appeal, fully briefed before the District Court, remained pending at the time New Rite Aid, LLC *et al.* initiated its second bankruptcy proceedings. The Fair Oaks, LLC Appeal was one of seven separate appeals pending before the District Court at the time of the second filing.

4. The formal and proper assumption of the Fair Oaks, LLC Lease was and has never been consummated. The Debtors never resolved its cure obligations under the Lease.

5. The New Rite Aid Debtors have now brought a Motion before this Court seeking the Bankruptcy Court to confirm the automatic stay imposed by operation of law upon the second filing stayed each of the appeals emanating from proceedings in the first bankruptcy case.

    *6.*    As noted in the Debtors' Motion, Fair Oaks, LLC concedes the second bankruptcy filing stays the Fair Oaks, LLC appeal pending before the District Court. *See Debtors' Motion, paragraph 24.*

    7.    Despite this concession and recognition of the effect of the automatic stay, Fair Oaks, LLC respectfully requests, by Cross Motion that the Bankruptcy Court grant Fair Oaks, LLC relief from the second bankruptcy stay for cause pursuant to 11 U.S.C. §362(d).

    8.    Specifically, the issue on appeal in the Fair Oaks, LLC proceeding before the District Court is whether the Debtors failed to properly and timely assume the Fair Oaks, LLC lease consistent with the statutory mandates of the Bankruptcy Code and Bankruptcy Rules. Fair Oaks, LLC in its appeal to the District Court contends the Bankruptcy Court's ruling was an abuse of discretion by the Court or an erroneous interpretation of the clear statutory and rule mandates. Of significance, however, if Fair Oaks, LLC is successful on its appeal to the District Court, the Debtors in this second bankruptcy case would have no property interest remaining in the Fair Oaks, LLC Lease.  The Lease would not be property of the second bankruptcy estate.

    9.    The issue on appeal before the District Court is whether the current Debtor has any equitable interest remaining in the Fair Oaks, LLC lease. While this Court ruled against Fair Oaks, LLC following a spirited argument, the propriety of this ruling is only appropriately to be reviewed before the District Court. The second bankruptcy should not be used as a vehicle for the applicable Debtor to get a second crack at resolving a deficiency which occurred in the first case.  With all due respect to your Honor, justice requires this Court grant the requested stay relief and allow the District Court to conclude its review and issue a determination of the merits of this Court's earlier ruling.

10. As a result, stay relief is fully appropriate pursuant to 11 U.S.C.§362(d)(2). At minimum, it is proper for this Court to allow the District Court to review the Bankruptcy Court determination.

WHEREFORE, Fair Oaks, LLC respectfully requests the Court grant Fair Oaks, LLC relief from the second bankruptcy stay for appropriate cause to permit the District Court to rule on the propriety of the Bankruptcy Court's previous Order and Opinion as to whether this Debtor has any remaining interest under the subject lease.

Respectfully submitted,

**OFFIT KURMAN, P.A.**

By: */s/ P.J. Winterhalter*
PAUL J. WINTERHALTER
Court Plaza South
21 Main Street, Suite 158
Hackensack, NJ 07601
Telephone: (267) 338-1370
Facsimile: (267) 338-1300
E-mail: pwinterhalter@offitkurman.com

*Counsel to Fair Oaks, LLC*

Dated: May 30, 2025