UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Bradshaw Rost
**TENENBAUM & SAAS P.C.**
4504 Walsh Street
Suite 200
Chevy Chase, MD  20815
Tel:  (301) 961-5300
Fax:  (301) 961-5305
E-mail: brost@tspclaw.com

-and-

Douglas G. Leney
**ARCHER & GREINER, P.C.**
1025 Laurel Oak Road
Voorhees, NJ  08043
Tel:  (215) 963-3300
Fax:  (215) 963-9999
E-mail:  dleney@archerlaw.com

*Counsel for Westminster Granite Main LLC*

---

In re:

NEW RITE AID, LLC, *et al.*[2]

Debtors.

Chapter 11

Case Number:  25-14861-MBK
(Jointly Administered)

Hon. Michael B. Kaplan

**MOTION OF WESTMINSTER GRANITE MAIN LLC TO
ALLOW ADMINISTRATIVE EXPENSE CLAIM AND
COMPEL IMMEDIATE PAYMENT THEREOF**

---

[2] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at: https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

230546896 v1

TO THE HONORABLE MICHAEL B. KAPLAN,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Westminster Granite Main LLC ("Landlord"), by and through its undersigned counsel, hereby files this Motion (the "Motion") for entry of an Order, pursuant to 11 U.S.C. §§ 105(a), 503(b)(1), and 507(a)(2), allowing the administrative expense claim of Landlord and compelling immediate payment of same.  In support of this Motion, Landlord respectfully states as follows and submits the accompanying *Declaration of Jason Klug in Support of Motion of Westminster Granite Main LLC to Allow Administrative Expense Claim and Compel Immediate Payment Thereof* (the "Klug Declaration"):

## PRELIMINARY STATEMENT

1.        Landlord and debtor, Rite Aid of Maryland, Inc. ("RAM," and together with Landlord, the "Parties") are parties to that certain Lease originally dated July 2, 1985, as amended and assigned by (i) a Lease Modification Agreement dated September 4, 1987; (ii) First Amendment to Lease dated April 9, 2002; (iii) Second Amendment to Lease dated February 28, 2007; (iv) Third Amendment to Lease, dated March 6, 2012; (v) Fourth Amendment to Lease, dated November 21, 2021; and (vi) Fifth Amendment to Lease, dated July 12, 2024 (collectively referred to as the "Lease"), with respect to the premises at the Westminster Shopping Center in Carroll County, Maryland, located at No. 7 Route 140 and Englar Road, Westminster, Maryland (the "Premises").  A true and correct copy of the Lease is annexed to the Klug Declaration as **Exhibit "A."**

2.        As more fully set forth in the Klug Declaration, RAM has failed to make post-petition payments to Landlord in the aggregate amount of $38,917.51.  Landlord is therefore entitled to an administrative expense claim of $38,917.51 pursuant to 11 U.S.C. §§ 503(b) and

2

507(b), as more fully detailed herein.  RAM has failed to fulfill its obligations under the

Bankruptcy Code and the Lease, and should be compelled to make immediate payment to

Landlord in the full amount of all post-petition charges now due.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court

pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4.    On May 5, 2025 (the "Petition Date"), each of the Debtors filed their respective

voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§

101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of

New Jersey (the "Bankruptcy Court").  The Debtors are operating their businesses as debtors in

possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.     Prior to the Petition Date, the Parties (and/or their respective predecessors in

interest) entered into the Lease.  At all times relevant hereto, the subject Premises is operated by

RAM as a "Rite Aid Liquors" store, from which RAM sells alcoholic beverages and related

items to its retail clientele.

## RELIEF REQUESTED AND BASIS THEREFOR

6.    By this Motion, Landlord respectfully requests that the Court enter an Order,

pursuant to sections 105(a), 503(b)(1), and 507(a)(2) of the Bankruptcy Code, allowing an

administrative expense claim in the amount of $38,917.51, and compelling immediate payment

thereof.

### A.    Fixing Amount of Landlord's Administrative Claim

7.    Section 503(b) of the Bankruptcy Code provides that allowed administrative claims arise from the "actual and necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). A claim under section 503(b)(1) may be established by evidence demonstrating that (1) the expense and right to payment arose post-petition and (2) the expense directly and substantially benefitted the estate. Calpine Corp. v. O'Brien Env't Energy, Inc. (In re O'Brien Env't Energy, Inc.), 181 F.3d 527, 532-33 (3d Cir. 1999); In re Green Field Energy Servs. Inc., 585 B.R. 89, 114 (Bankr. D. Del. 2018).  "For a commercial lessor's claim to get administrative expense treatment under § 503(b)(1), the debtor's occupancy of the leased premises must confer an actual and necessary benefit to the debtor in the operation of its business." In re Goody's Fam. Clothing Inc., 610 F.3d 812, 818 (3d Cir. 2010).

8.    A landlord's claim for unpaid post-petition rents is entitled to administrative priority.[3] See, e.g., In re Valley Media, Inc., 290 B.R. 73, 76 (Bankr. D. Del. 2003) ("I, however, agree with the Ninth Circuit that 'section 365(d)(3) authorizes administrative status for the unpaid rent for the [pre-rejection] period. The granting of administrative priority for this period is consistent with the intent of section 365(d)(3) and necessary to carry out its objectives.'"); see also, Goody's Family Clothing , Inc. v. Mountaineer Prop. Co. II, LLC (In re Goody's Family Clothing, Inc.), 401 B.R. 656 (D. Del. 2009) ("In other words, the term 'notwithstanding'

---

[3] Administrative priority also extends to attorneys' fees which are recoverable under the subject lease, as well as to post-petition, pre-rejection interest, *whether or not the subject lease explicitly provides for such interest*. See, e.g., In re Pelican Pool, 2009 Bankr. LEXIS 4623 at *36 (Bankr. D.N.J. July 27, 2009); Centerpoint Props. v. Montgomery Ward Holding Corp. (In re Montgomery Ward), 268 F.3d 205, 211 (3d Cir. 2001); In re Ames Dep't Stores, Inc., 306 B.R. 43, 81 (Bankr. S.D.N.Y. 2004) ("The payment of attorney fees *is* an obligation of the lease that must be satisfied under section 365(d)(3) when the lease at issue provides for such recovery as an obligation of the Debtor.") (emphasis in original).  Landlord reserves its right to seek an additional administrative claim for attorneys' fees,  costs, interest, and other such sums as may be recoverable under the Lease.

230546896 v1

operates to convey 'that irrespective of whether the payments required under the lease meet the usual requirements for administrative status, reasonableness and benefit to the estate, they are unconditionally due.'"; In re Circuit City Stores, Inc., 447 B.R. 475, 508 (Bankr. E.D. Va. 2009) ("[a]nything accruing after the entry [of] the order for relief is a post-petition charge that may be elevated to administrative priority under § 507(a).") (citing In re Trak Auto Corp., 277 B.R. 655, 664 (Bankr. E.D. Va. 2002), rev'd on other grounds, 367 F.3d 237 (4th Cir. 2004)).

9.      In the Third Circuit, this administrative priority treatment of landlord claims is extended to include "stub" rent, which refers to "the amount due a landlord for the period of occupancy and use between the petition date and the first post-petition rent payment." In re Goody's Fam. Clothing Inc., 610 F.3d at 815.  "We hold that § 365(d)(3) does not supplant § 503(b) and the Landlords are entitled to "stub rent" as an administrative expense." Id.  In other words, landlords may seek payment of the prorated portion of rent falling in the post-petition period as an administrative expense, provided such claim otherwise meets the criteria set forth under section 503(b). See, e.g., In re JLM Couture, Inc., 661 B.R. 862, 867 (Bankr. D. Del. 2024).

10.      Here, rent and other charges under the Lease are due on the first (1st) day of each month. See, Lease.  RAM commenced its chapter 11 case on the Petition Date (May 5, 2025), without having paid May 2025 rent.  Likewise, RAM has failed to pay rent for June 2025, which was due June 1, 2025.  Accordingly, RAM remains delinquent to Landlord for post-petition rent (including prorated stub rent) and other applicable charges in the total amount of $38,917.51, broken down as follows:

| **JUNE 2025** | |
|---|---|
| Base Rent | $15,424.67 |
| CAM | $3,078.99 |
| Prom Fund | $389.27 |
| Taxes | $2,272.74 |
| **SUBTOTAL – JUNE 2025** | **$21,165.67** |
| | |
| **MAY 2025** | |
| Base Rent (*prorated @ 26 days*) | $12,936.82 |
| CAM (*prorated @ 26 days*) | $2,582.38 |
| Prom Fund (*prorated @ 26 days*) | $326.48 |
| Taxes (*prorated @ 26 days*) | $1,906.15 |
| **SUBTOTAL – MAY 2025** | **$17,751.84** |
| | |
| **TOTAL DUE** | **$38,917.51** |

11.     Since the Petition Date, RAM has continued to occupy and utilize the Premises in order to sell alcoholic beverages and related items to its retail clientele, in turn, generating revenues for and creating a substantial benefit for RAM's bankruptcy estate.  Any profit derived from sales occurring at the Premises has undoubtedly contributed positively to RAM's restructuring efforts and going concern value.  In contrast, Landlord is not receiving the benefit of its bargain under the Lease, and has incurred – and will continue to incur – significant damages as a result of RAM's failure to pay its undisputed post-petition rents to Landlord.[4] Accordingly, Landlord is entitled to an administrative expense claim in the amount of $38,917.51.

---

[4] Landlord expressly reserves its right to seek relief from the automatic stay in order to effectuate a termination of the Lease, eviction of RAM from the Premises, and/or any and all other remedies available to Landlord under the Lease and applicable nonbankruptcy law.

**B.      Landlord is Entitled to Immediate Payment of Its Administrative Claim**

12.      Notwithstanding section 1129(a)(9) of the Bankruptcy Code, which establishes the effective date of the Plan as the deadline to pay administrative expense claims, the bankruptcy courts are empowered to order that such claims be paid sooner than the effective date. In re The Korea Chosun Daily Times, Inc., 337 B.R. 773, 784 (Bankr. E.D.N.Y. 2005). When determining whether to order an earlier payment of an administrative expense claim, the courts consider the prejudice to the debtor, the hardship on the creditor, and potential detriment to other creditors. In re Garden Ridge Corp., 323 B.R. 136, 143 (Bankr. D. Del. 2005).

13.      "The language of § 365(d)(3) requires an estate representative to make immediate payment of nonresidential lease obligations where the estate representative can meet those obligations consistent with its obligations to others." In re Valley Media, Inc., 290 B.R. 73, 77 (Bankr. D. Del. 2003) (citations omitted).  The "timely perform … obligations" language found in section 365(d)(3) gives rise to the right to immediate payment of a landlord who holds an administrative priority claim for unpaid post-petition rents. See, In re C.Q., LLC, 343 B.R. 915 (Bankr. W.D. Wis. 2005).

14.      Immediate payment of the Landlord's administrative expense claim is warranted here because there is no prejudice to RAM's bankruptcy estate or other creditors.  There is no question that the Premises is the location from which RAM operates its business, and thus, the bankruptcy estate and other creditors should already reasonably be expecting the money owed to Landlord to flow out of the estate.  Furthermore, the goods being sold by RAM are presumably resulting in tangible profit for RAM, strengthening the company's value as a going concern and thus creating value for the bankruptcy estate.  RAM's payment of rent on account of being able to sell those goods at the Premises cannot be characterized as a detriment.  On the other hand,

7

Landlord should not be prejudiced by effectively being forced to extend RAM unlimited credit without any clear timeline or prospect of repayment; particularly where the Parties have an agreement (the Lease) definitively dictating such terms.

15.     Accordingly, Landlord is entitled to an administrative expense claim in the amount of $38,917.51, and immediate payment thereof.

## **WAIVER OF MEMORANDUM OF LAW**

16.     Landlord respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which Landlord relies is set forth in this Motion, which does not raise any novel issues of law.

## **RESERVATION OF RIGHTS**

17.     Landlord reserves the right to amend and/or supplement this Motion and to assert other administrative expenses or post-petition claims as and when same may come due.

## **CONCLUSION**

**WHEREFORE,** for the foregoing reasons, Landlord respectfully requests entry of an order: (a) allowing the administrative expense claim of Landlord and (b) compelling immediate payment of same.  Pursuant to D.N.J. LBR 3001-1(a), Landlord will concurrently file its *Request for Payment of Administrative Expense* in the form required by the local rules as **Exhibit "B."**

Dated: Voorhees, New Jersey
      June 5, 2025

**ARCHER & GREINER, P.C.**

  */s/  Douglas G. Leney*
Douglas G. Leney (NJ Bar No. 034232007)
1025 Laurel Oak Road
Voorhees, NJ  08043
Tel:  (215) 963-3300
dleney@archerlaw.com

-and-

230546896 v1

**TENENBAUM & SAAS P.C.**
Bradshaw Rost (*pro hac vice* pending)
4504 Walsh Street
Suite 200
Chevy Chase, MD  20815
Tel:  (301) 961-5300
E-mail: brost@tspclaw.com

*Counsel for Westminster Granite Main LLC*