**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel for Debtors and
Debtors in Possession*

<div align="center">

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

</div>

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No. 25-14861 (MBK) |
| Debtors.[1] | (Jointly Administered) |

<div align="center">

**NOTICE OF FILING OF PROPOSED ORDERS
AUTHORIZING AND APPROVING THE SALE OF CERTAIN OF THE
DEBTORS' ASSETS, WITH SUCH SALES TO BE FREE AND CLEAR OF ALL
LIENS, CLAIMS, AND ENCUMBRANCES, AND (III) GRANTING RELATED RELIEF**

</div>

**PLEASE TAKE NOTICE** that on May 21, 2025, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered the *Order (I) Approving the Auction and Bidding Procedures, (II) Scheduling Certain Dates and Deadlines With Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice With Respect Thereto, and (VII) Granting Related Relief* [Docket No. 473] (the "Bidding Procedures Order") by which the Court approved procedures (such procedures,

---

[1]  The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

the "Bidding Procedures") for the sale or sales (each, a "Sale Transaction") of all, substantially all, or any portion of the Assets.[2]

       **PLEASE TAKE FURTHER NOTICE** that on May 9, 2025, the Debtors filed the Notice of Filing Proposed Sale Order [Docket No. 186] (the "Form Sale Order").

       **PLEASE TAKE FURTHER NOTICE** that, in accordance with the Bidding Procedures, the Debtors hereby file a copy of the proposed sale orders, attached hereto as **Exhibits A** and **C** approving the sale of (i) the Debtors' Thrifty Ice Cream Assets (the "Thrifty Proposed Sale Order") and (ii) certain of the Debtors' Pharmacy Assets to KPH Healthcare Services, Inc., respectively (the "KPH Proposed Sale Order," and together with the Thrifty Proposed Sale Order, the "Proposed Sale Orders").

       **PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit B** is a redline of the Thrifty Proposed Sale Order marked against the Form Sale Order.

       **PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit D** is a redline of the KPH Proposed Sale Order marked against the Form Sale Order.

       **PLEASE TAKE FURTHER NOTICE** that the Proposed Sale Orders attached hereto remain subject to further review and revision in all respects by the Debtors and the applicable Successful Bidders, and all parties' rights are reserved in connection therewith.

       **PLEASE TAKE FURTHER NOTICE** that copies of the Bidding Procedures Order, the Proposed Sale Order, and any other documents filed in these cases may be obtained free of charge at the website maintained by the Debtors' proposed Claims and Noticing Agent, Kroll Restructuring Administration, LLC at https://restructuring.ra.kroll.com/RiteAid2025. In addition, copies of the documents can also be downloaded for a fee from the Court's website, www.njb.uscourts.gov. To access documents on the Court's website, you will need a PACER password and login which can be obtained at www.pacer.psc.uscourts.gov.

*[Remainder of page intentionally left blank]*

---

[2]  Capitalized terms used but not defined in this notice have the meanings given to them in the Bidding Procedures Order.

Dated:  June 24, 2025

_/s/ Michael D. Sirota_

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted _pro hac vice_)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
Andrew N. Rosenberg (admitted _pro hac vice_)
Alice Belisle Eaton (admitted _pro hac vice_)
Christopher Hopkins (admitted _pro hac vice_)
Sean A. Mitchell (admitted _pro hac vice_)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

_Proposed Co-Counsel for Debtors and
Debtors in Possession_

**<u>Exhibit A</u>**

**Thrifty Proposed Sale Order**

<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

---

In re:

NEW RITE AID, LLC, *et al*.,

                                    Debtors.[1]

</td><td>

Chapter 11

Case No. 25-14861 (MBK)

(Jointly Administered)

</td></tr>
</table>

### ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE [PURCHASER NAME] ASSET PURCHASE AGREEMENT, (II) APPROVING THE SALE OF PURCHASED ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (III) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS IN CONNECTION THEREWITH, AND (IV) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through forty-five (45) is **ORDERED**.

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Upon the motion, dated May 6, 2025 [Docket No. 17] (the "Motion"),[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections 105, 363, and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules for the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), for an order (this "Order"): (a) authorizing and approving the entry into and performance under the terms and conditions of that certain Asset Purchase Agreement, dated as of June [24], 2025, by and among certain of the Debtors (the "Sellers") and [●] (the "Purchaser"), substantially in the form attached hereto as **Exhibit 1** to the Order (as it may be amended, modified, or supplemented in accordance with its terms, the "Asset Purchase Agreement"), and all other transaction documents necessary and desirable to consummate the transactions contemplated by the Asset Purchase Agreement (the "Transaction Documents"); (b) authorizing the Debtors to sell the Purchased Assets (as defined in the Asset Purchase Agreement) to the Purchaser as described in the Asset Purchase Agreement, free and clear of liens, claims, Encumbrances, and other interests pursuant to section 363(f) of the Bankruptcy Code and in accordance with the terms set forth in the Asset Purchase

---

[2]   Capitalized terms used but not otherwise defined herein have the meaning given to such terms in the Motion, the *Order (I) Approving the Auction and Bidding Procedures, (II) Scheduling Certain Dates and Deadlines With Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice With Respect Thereto, and (VII) Granting Related Relief,* [Docket No. 473] (the "Bidding Procedures Order"), the Bidding Procedures, or the Asset Purchase Agreement, as applicable.

(Page | 4)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Agreement (the "Sale"); (c) providing that the appointment of a consumer privacy ombudsman is not required; and (d) granting related relief, all as more fully set forth in the Motion; and the Court having entered the Bidding Procedures Order [Docket No. 473]; and the Debtors having scheduled an auction (the "Auction") for the Purchased Assets; and the Auction having been commenced on June 24, 2025 at 11:00 a.m. (prevailing Eastern Time) by the Debtors in accordance with the Bidding Procedures; and the Debtors having determined that the Purchaser has submitted the highest or otherwise best bid for the Purchased Assets and determined that the Purchaser is the Successful Bidder and that [●] is the Designated Backup Bidder (defined below) for the Purchased Assets, in accordance with the Bidding Procedures; and the Debtors having served the notice of the Auction and notice of the Sale Hearing (the "Sale Notice") in accordance with the Bidding Procedures Order; and the Debtors having filed and served the Notice of Successful Bidder with respect to the Purchased Assets in accordance with the Bidding Procedures, and the Debtors having filed the form of Order on May 9, 2025, and the Court having held a hearing on June 30, 2025 (the "Sale Hearing"), at which time all interested parties were offered an opportunity to be heard with respect to the Motion and the proposed Order; and the Court having reviewed and considered the Motion, the Asset Purchase Agreement, the proposed Order, and any and all objections to the Sale, the Asset Purchase Agreement, and the other Transaction Documents filed in accordance with the Bidding Procedures Order; and upon the First Day Declaration; the *Declaration of Adam Rifkin in Support of the Debtors' Bidding Procedures Motion* [Docket No. 20] (the "Bidding Procedures Declaration") and the *Declaration of Adam Rifkin in Support of Debtors' Omnibus*

(Page | 5)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

*Reply in Support of Sale of Remaining Assets* (the "<u>Remaining Asset Sale Declaration</u>") filed substantially contemporaneously herewith]; and the Frejka Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their stakeholders, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and the proposed Order was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the Sale Hearing; and this Court having determined that the legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing, it is hereby

**FOUND, CONCLUDED, AND DETERMINED THAT:**

**<u>Petition Date; Jurisdiction, Venue, and Final Order</u>**

A.      On May 5, 2025 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

(Page | 6)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

B.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.     This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h), 6006(d), and any other applicable Bankruptcy Rules or Local Rules, and to any extent necessary under Bankruptcy Rule 9014 and Federal Rule of Civil Procedure 54(b), as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of judgment as set forth herein.

D.     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

**Notice of the Bidding Procedures Order, the Bidding Procedures,
the Asset Purchase Agreement and the Sale, the Auction, the Sale Hearing, and this Order**

E.     As evidenced by the Sale Notice and service thereof [Docket No. 342], the Notice of Successful Bidder [Docket No. [●]], the form of Order [Docket No. 186], affidavits of service and publication previously filed with this Court, proper, timely, adequate, and sufficient notice of the Sale Hearing, the Asset Purchase Agreement, entry of this Order, and the Sale has been provided in accordance with section 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004,

(Page | 7)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

9007, and 9014, and Local Rule 6004-3. The foregoing notice was good, sufficient, and appropriate under the circumstances, and no other or further notice of the Sale Hearing, the Asset Purchase Agreement, or the Sale is required.

F.      No further notice beyond that described in this Order is required in connection with the Sale.

G.      A reasonable opportunity to object or to be heard regarding the relief requested in the Motion was afforded to all interested persons and entities.

H.      The *Notice of Potentially Assumed Executory Contracts and Unexpired Leases* (the "Contract Assumption Notice") [Docket No. ●] is appropriate and reasonably calculated to provide each non-Debtor counterparty to the applicable Contracts (as defined in the Bidding Procedures Order) with proper notice of the potential assumption and assignment of the applicable Contract, the proposed cure cost, and the Assumption and Assignment Procedures (as set forth in the Bidding Procedures Order). The inclusion of any particular Contracts on any Assumption Notice (defined below) shall not be deemed to be an admission that such contract or lease is an executory contract or unexpired lease of property or require or guarantee that such contract or lease will be assumed and/or assigned, and all rights of the Debtors with respect to the foregoing are reserved.

I.      In accordance with the Bidding Procedures Order, the Debtors have served a notice of their intent to assume and assign the Contracts and of the cure costs therefor upon each counterparty to a Contract. The service and provision of such notice was good, sufficient, and

| | |
|---|---|
| (Page \| 8) | |
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

appropriate under the circumstances and no further or other notice need be given in respect of assumption and assignment of the Contracts or establishment of cure costs for the respective Contracts.  Pursuant to the Bidding Procedures Order, counterparties to the Contracts have had or will have had an adequate opportunity to object to assumption and assignment of the applicable Contracts and the cure costs therefor as set forth in the notice (including objections related to adequate assurance of future performance and objections based on whether applicable law excuses the counterparty from accepting performance by, or rendering performance to, the Purchaser (or its designee) for purposes of section 365(c)(1) of the Bankruptcy Code).

### Authority to Execute and Perform Under the Asset Purchase Agreement

J.      The Debtors' performance under the Asset Purchase Agreement is approved in all respects.  The Debtors are authorized to execute and perform under the Asset Purchase Agreement pursuant to sections 363 of the Bankruptcy Code and may close the Sale pursuant to the Asset Purchase Agreement.

### Highest or Best Offer

K.      The Debtors conducted a sale process in accordance with (i) and have complied in all respects with the Bidding Procedures Order and (ii) the purpose of obtaining the highest or otherwise best offer for, and have afforded a full, fair, and reasonable opportunity for any interested party to make a higher or otherwise better offer to purchase, the Purchased Assets (including assumption of the Assumed Liabilities).

(Page | 9)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

L.       (i) Prior to and from and after the commencement of these chapter 11 cases, the Debtors and their advisors engaged in a robust and extensive marketing and sale process and exercised sound business judgment, as more fully detailed in the Bidding Procedures Declaration and the First Day Declaration; (ii) the Bidding Procedures were substantively and procedurally fair to all parties and the Debtors conducted a fair and open sale process in compliance therewith, (iii) the sale process, the Bidding Procedures, and the Auction, were non-collusive, duly noticed, and provided a full, fair, reasonable, and adequate opportunity for any entity that either expressed an interest in acquiring the Purchased Assets, or who the Debtors believed may have had an interest in acquiring the Purchased Assets, to make an offer to purchase the Debtors' assets, including, without limitation the Purchased Assets, (iv) the Debtors and the Purchaser have negotiated and undertaken their roles leading to the entry into the Asset Purchase Agreement in a diligent, non-collusive, fair, reasonable, and good-faith manner; and (v) the sale process conducted by the Debtors pursuant to the Bidding Procedures and the Bidding Procedures Order resulted in the highest or otherwise best value for the Purchased Assets for the Debtors and their estates, was in the best interest of the Debtors, their estates, their creditors, and all parties in interest, and any other transaction would not have yielded as favorable a result.  There is no legal or equitable reason to delay entry into the Asset Purchase Agreement and the transactions contemplated therein.

M.       Approval of the Asset Purchase Agreement, and the consummation of the Sale contemplated thereby, is in the best interests of the Debtors, their respective creditors, estates, and other parties in interest.  The Debtors have demonstrated good, sufficient, and sound business

(Page | 10)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

reasons and justifications for entering into the Sale and the performance of their obligations under the Asset Purchase Agreement. The Sale must be approved and consummated in order to maximize the value of the Debtors' estates.

N. The consummation of the Sale outside a plan of reorganization pursuant to the Asset Purchase Agreement neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates the terms of a plan of reorganization or liquidation for the Debtors. The Sale does not constitute a *sub rosa* chapter 11 plan for which approval has been sought without the protections that a disclosure statement would afford.

O. The Debtors have also determined, in a valid and sound exercise of their business judgment and in consultation with their advisors and the Consultation Parties, that the next highest or otherwise best Qualified Bid (the "Designated Backup Bid") for the Acquired Assets was that of [●] (the "Designated Backup Bidder").

P. Entry of an order approving the Asset Purchase Agreement and all the provisions thereof is a necessary condition precedent to the Purchaser's consummation of the Sale.

**Personally Identifiable Information**

Q. As set forth in the Frejka Declaration, the sale, conveyance, assignment, and transfer of personally identifiable information (as defined in section 101(41A) of the Bankruptcy Code) ("Personal Information") pursuant to the terms of the Asset Purchase Agreement is consistent with the terms of the Debtors' policies regarding the transfer of such Personal Information as of the Petition Date, and, as a result, consummation of the Sale as set forth in the

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Asset Purchase Agreement is permitted pursuant to section 363(b)(1)(A) of the Bankruptcy Code.

Accordingly, appointment of a consumer privacy ombudsman in accordance with sections

363(b)(1) or 332 of the Bankruptcy Code is not required with respect to the Sale and the

transactions contemplated by the Asset Purchase Agreement. To the extent applicable, the Notice

of Successful Bidder (as defined in the Motion) contains any information required pursuant to

Bankruptcy Rule 2002(c)(1).

## **Good Faith of the Purchaser**

R.    The consideration to be paid by the Purchaser under the Asset Purchase Agreement

was negotiated at arm's length, in good faith, and without collusion pursuant to section 363(m) of

the Bankruptcy Code and constitutes reasonably equivalent value and fair and adequate

consideration for the Purchased Assets. Specifically: (i) the Purchaser recognized that the Debtors

were free to deal with any other party interested in purchasing the Purchased Assets; (ii) the

Purchaser complied in all respects with the provisions in the Bidding Procedures Order in

negotiating and entering into the Asset Purchase Agreement and the other Transaction Documents,

and the Asset Purchase Agreement, the other Transaction Documents, and the transactions

described therein comply with the Bidding Procedures Order; (iii) the Purchaser agreed to subject

any bid to the competitive bid procedures set forth in the Bidding Procedures Order; (iv) all

payments made by the Purchaser in connection with the Sale have been disclosed in the Asset

Purchase Agreement; (v) no common identity of directors, officers, or controlling stockholders

exists among the Purchaser and the Debtors; (vi) the negotiation and execution of the Asset

(Page | 12)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Purchase Agreement was at arm's length and in good faith, and at all times each of the Purchaser and the Debtors were represented by competent counsel of their choosing; and (vii) the Purchaser has not acted in a collusive manner with any person. The Purchaser will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Asset Purchase Agreement. The terms and conditions set forth in the Asset Purchase Agreement are fair and reasonable under the circumstances and were not entered into for the purpose of, nor do they have the effect of, hindering, delaying, or defrauding the Debtors or their creditors under any applicable laws.

S.      The Debtors, the Purchaser, and each of their respective management, boards of directors, members, officers, directors, employees, agents, and representatives, as applicable, have acted in good faith. The Asset Purchase Agreement and the other Transaction Documents were negotiated, proposed, and entered into by the Debtors and the Purchaser in good faith, without collusion or fraud, and from arm's-length bargaining positions. The Purchaser is a "good faith purchaser" within the meaning of section 363(m) of the Bankruptcy Code, and, as such, is entitled to all the protections afforded thereby.

T.      The Asset Purchase Agreement and the transactions contemplated thereby cannot be avoided under section 363(n) of the Bankruptcy Code. The Debtors, the Purchaser, and their respective agents, representatives, and affiliates have not engaged in any conduct that would cause or permit the Asset Purchase Agreement or the consummation of the transactions contemplated

(Page | 13)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

thereby to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy

Code.

**No Fraudulent Transfer**

U.       The consideration provided by the Purchaser pursuant to the Asset Purchase

Agreement for its purchase of the Purchased Assets and the assumption of the Assumed Liabilities

constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the

Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act, and under the laws of

the United States, any state, territory, possession, and the District of Columbia.

V.       Neither the Purchaser nor its past, present, and future subsidiaries, parents,

divisions, affiliates, agents, representatives, insurers, attorneys, successors, and assigns, nor any

of its nor their respective directors, managers, officers, employees, shareholders, members, agents,

representatives, attorneys, contractors, subcontractors, independent contractors, owners, insurance

companies, or partners (collectively, the "Purchaser Parties") is a continuation of the Debtors or

their respective estates, and the Purchaser is not holding itself out to the public as a continuation

of the Debtors or their respective estates and the Sale does not amount to a consolidation, merger,

or *de facto* merger of the Purchaser and the Debtors.

**Validity of Transfer**

W.       Subject to entry of this Order, the Debtors (i) have full corporate power and

authority to execute and deliver the Asset Purchase Agreement and all other documents

contemplated thereby, as applicable, (ii) have all of the power and authority necessary to

(Page | 14)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

consummate the Sale, and (iii) have taken all action necessary to authorize and approve the Asset Purchase Agreement and to consummate the Sale, and no further consents or approvals, other than those expressly provided for in the Asset Purchase Agreement, are required for the Debtors to consummate the transactions contemplated by the Asset Purchase Agreement, except as otherwise set forth in the Asset Purchase Agreement. The Purchased Assets constitute property of the Debtors' estates within the meaning of section 541(a) of the Bankruptcy Code, and title thereto is presently vested in the Debtors' estates.

## Section 363(f) Is Satisfied

X.   The Sale of the Purchased Assets to the Purchaser, including the Contracts, under the terms of the Asset Purchase Agreement meets the applicable provisions of section 363(f) of the Bankruptcy Code such that the Sale of the Purchased Assets will be free and clear of any and all liens, claims, Encumbrances, and other interests, and will not subject the Purchaser to any liability for any claims whatsoever (including, without limitation, under any theory of equitable law, antitrust, or successor or transferee liability) (collectively, "Claims and Interests"), except as expressly provided in the Asset Purchase Agreement with respect to the Assumed Liabilities and Permitted Liens. All holders of Claims and Interests who did not object or who withdrew their objections to the Sale are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code and all holders of Claims and Interests are adequately protected—thus satisfying section 363(e) of the Bankruptcy Code—by having their Claims and Interests, if any, attach to the proceeds of the Sale ultimately attributable to the property against or in which they

(Page | 15)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

assert Claims and Interests or other specifically dedicated funds in the same order of priority and with the same validity, force, and effect that such holder had prior to the Sale, subject to (a) any rights, claims, and defenses of the Debtors or their estates, as applicable and (b) paragraph 41of this Order. Those holders of Claims and Interests who did object and who have an interest in the Purchased Assets fall under one or more of the other subsections of section 363(f) of the Bankruptcy Code.

Y.      The transfer of the Purchased Assets to the Purchaser under the Asset Purchase Agreement will be a legal, valid, and effective transfer of all of the legal, equitable, and beneficial right, title, and interest in and to the Purchased Assets free and clear of all Claims and Interests, except as expressly provided in the Asset Purchase Agreement with respect to the Assumed Liabilities and Permitted Liens. The Debtors may sell their interests in the Purchased Assets free and clear of all Claims and Interests because, in each case, one or more of the standards set forth in section 363(f) has been satisfied. The Purchaser would not have entered into the Asset Purchase Agreement and the Transaction Documents and would not consummate the transactions contemplated thereby, including, without limitation, the Sale, (i) if the transfer of the Purchased Assets was not free and clear of all interest of any kind or nature whatsoever, including, without limitation, rights or claims based on any successor, transferee, derivative or vicarious liability or any similar theory, and/or applicable state or federal law or otherwise or (ii) if the Purchaser or any of its affiliates or designees would, or in the future could, be liable for any interests, including, without limitation, rights or claims based on any successor, transferee, derivative or vicarious

(Page | 16)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

liability or any similar theory, and/or applicable state or federal law or otherwise, in each case, subject only to the Assumed Liabilities and Permitted Liens.  Not transferring the Purchased Assets free and clear of all Claims and Interests of any kind or nature whatsoever, including, without limitation, rights or claims based on any successor, transferee, derivative or vicarious liability or any similar theory, and/or applicable state or federal law or otherwise (subject only to the Assumed Liabilities and Permitted Liens) would adversely impact the Debtors' efforts to maximize the value of their estates.

## Assumption and Assignment of Contracts

Z.     The assumption and assignment of the Contracts pursuant to the terms of this Order are integral to the Asset Purchase Agreement, are in the best interests of the Debtors and their respective estates, creditors, and other parties in interest, and represent the reasonable exercise of sound and prudent business judgment by the Debtors.

AA.     The Debtors served a Contract Assumption Notice on each non-Debtor counterparty to a Contract on or before [●], 2025.  In accordance with the Assumption and Assignment Procedures, the objection deadline for all Contracts listed on such notice is fourteen (14) days from the date of service, and the objection deadline to any Contract listed on a Supplemental Assumption Notice (as defined in the Bidding Procedures Order and, together with each Contract Assumption Notice, collectively, the "Assumption Notice") shall be set forth in such notice (each, a "Contract Objection Deadline") and be in accordance with the Assumption and Assignment Procedures.

(Page | 17)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

BB.     The Debtors have demonstrated that it is a reasonable exercise of their sound business judgment to assume and assign the Contracts to the Purchaser pursuant to the terms of this Order and the Asset Purchase Agreement, in each case in connection with the consummation of the Sale, and the assumption and assignment of the Contracts is in the best interests of the Debtors, their estates and creditors, and other parties in interest.

CC.     Any non-Debtor counterparty to any Contract that has not actually filed with the Court an objection, or who withdrew an objection or does not timely file an objection to an Assumption Notice by the applicable Contract Objection Deadline, is deemed to have consented to such assumption and assignment and the cure cost, if any.

DD.     The cure cost set forth on the Contract Assumption Notice, if any, are the sole amounts necessary under section 365 of the Bankruptcy Code to cure all defaults and pay all actual pecuniary losses under the Contracts, unless otherwise determined by the Court or by agreement of the Debtors and the non-Debtor counterparty, and such assumption and assignment to Purchaser shall be deemed approved by this Order without further order of this Court.  The findings of fact in this paragraph shall not apply to any non-Debtor counterparty to a Contract prior to the applicable Contract Objection Deadline, absent the consent of the non-Debtor counterparty.

EE.     The Debtors shall have the right, in accordance with and subject to the Bidding Procedures Order, to serve a Supplemental Assumption Notice upon any non-Debtor counterparty indicating the Debtors' intent to assume and assign such executory contract.

(Page | 18)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

FF.     The Debtors have met all requirements of section 365(b) of the Bankruptcy Code for each of the Contracts. The Debtors have (i) cured and/or provided adequate assurance of cure of any default existing prior to the Closing under all of the Contracts, within the meaning of section 365(b)(1)(A) of the Bankruptcy Code and (ii) provided compensation or adequate assurance of compensation to any counterparty for actual pecuniary loss to such party resulting from a default prior to Closing under any of the Contracts. The Purchaser has provided adequate assurance of future performance within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) and in accordance with the Bidding Procedures to the extent that any such assurance is required and not waived by the counterparties to such Contracts. The findings of fact in this paragraph shall not apply to any non-Debtor counterparty to a Contract prior to the applicable Contract Objection Deadline, absent the consent of the non-Debtor counterparty.

## Prompt Consummation

GG.     The sale of the Purchased Assets must be approved and consummated promptly to maximize value for the Debtors' estates, and avoid irreparable harm to the Debtors' estates and their stakeholders, including their creditors and customers. Time, therefore, is of the essence in effectuating the Asset Purchase Agreement. As such, the Debtors and the Purchaser intend to close the sale of the Purchased Assets as soon as reasonably practicable in accordance with the terms of the Asset Purchase Agreement. The Debtors have demonstrated immediate and irreparable harm absent entry of this Order and compelling circumstances and a good, sufficient, and sound business purpose and justification for the immediate approval and consummation of the Asset Purchase

| Debtors: | NEW RITE AID, LLC, et al. |
|---|---|
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Agreement.  Accordingly, there is sufficient cause to waive the stay provided in Bankruptcy Rule 6004(h) and 6006(d) and any other applicable Bankruptcy Rule or Local Rule.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

## General Provisions

1.      The Motion is **GRANTED** as set forth herein.

2.      All objections to or reservations of rights with respect to the Motion or the relief requested therein that have not been withdrawn or resolved are overruled with prejudice.  All persons and entities who did not object or withdraw their objections to the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

3.      The Asset Purchase Agreement, attached hereto as **Exhibit 1**, and the other Transaction Documents and all terms and conditions thereof, are hereby approved in all respects. The failure to specifically include any particular provision of the Asset Purchase Agreement or the Transaction Documents in this Order shall not diminish or impair the effectiveness of such provision.

4.      [●] is hereby approved as the Designated Backup Bidder. If the Asset Purchase Agreement is terminated, pursuant to the Bidding Procedures, the purchase agreement with the Designated Backup Bidder (the "Backup Bidder APA"), shall be approved, and the Debtors may consummate the Backup Bidder APA in accordance with its terms.

(Page | 20)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

**Transfer of the Purchased Assets**
**as set forth in the Asset Purchase Agreement**

5.      The Debtors are authorized, but not directed, to take any and all actions necessary and appropriate to cause the Sellers to: (a) consummate the transactions contemplated by the Asset Purchase Agreement and the Transaction Documents in accordance with the terms thereof; (b) sell the Purchased Assets to the Purchaser for the purchase price in accordance with the terms of this Order and the Asset Purchase Agreement and the Transaction Documents; (c) assume and assign any and all Contracts, and (d) otherwise implement and effectuate the terms of the Asset Purchase Agreement and the Transaction Documents.

6.      Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, upon Closing, all of the Debtors' right, title, and interest in and to, and possession of, the Purchased Assets shall be transferred to the Purchaser, free and clear of any and all Claims and Interests, with all such Claims and Interests to attach to the proceeds of the Purchased Assets in the order of their priority, with the same force, effect, and validity that they had immediately prior to the entry of this Order, subject to any rights, claims, or defenses the Debtors may have with respect thereto, *except* with respect to any Assumed Liabilities or Permitted Liens allowed under the Asset Purchase Agreement and subject to paragraph 41 of this Order.  Such transfer shall constitute a legal, valid, binding, and effective transfer of the Purchased Assets.

7.      As set forth in the Asset Purchase Agreement, the Purchaser is not acquiring any of the Excluded Assets or assuming any of the Excluded Liabilities.

(Page | 21)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

8.      Except for (a) the Assumed Liabilities expressly set forth in the Asset Purchase Agreement or described therein or (b) the Permitted Liens expressly set forth in the Asset Purchase Agreement none of the Purchaser, its successors or assigns, or any of their respective affiliates shall have any liability for any Claims and Interests that (x) arose prior to the date of Closing, or (y) otherwise is assertable against the Debtors or is related to the Purchased Assets prior to the date of Closing, including, for the avoidance of doubt, Claims and Interests arising out of the Excluded Liabilities.

9.      All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with, or which would be inconsistent with, the ability of the Debtors to transfer the Purchased Assets to the Purchaser in accordance with the Asset Purchase Agreement, the Transaction Documents, and this Order.

10.      At Closing, all of the Debtors' right, title, and interest in and to, and possession of, the corresponding Purchased Assets shall be immediately vested in the Purchaser pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code.  Such transfer shall constitute a legal, valid, enforceable, and effective transfer of such Purchased Assets.  All persons or entities presently or at or after Closing in possession of some or all of the corresponding Purchased Assets are directed to surrender possession of any and all portions of such Purchased Assets to the Purchaser or its respective designees at Closing or at such time thereafter as the Purchaser may request.

(Page | 22)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

11.    This Order (a) shall be effective as a determination that, as of Closing, (i) no Claims and Interests other than the corresponding Assumed Liabilities and Permitted Liens will be assertable against the Purchaser or any of its assets, (ii) the corresponding Purchased Assets shall have been transferred to the Purchaser free and clear of all Claims and Interests, subject only to the applicable Assumed Liabilities and Permitted Liens, and (iii) the conveyances described herein have been effected, and (b) is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, registrars of patents, trademarks, or other intellectual property, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement and the Transaction Documents.  The Purchased Assets are sold free and clear of any reclamation rights. All Claims and Interests on the Purchased Assets shall attach to the proceeds of the Sale ultimately attributable to the property against which such Claims and Interests applied or other specifically dedicated funds, in the same order of priority and with the same validity, force, and effect that such Claims and Interests applied prior to the Sale, subject to any rights, claims, and defenses of the Debtors or their estates, as applicable, subject to paragraph 41 of this Order.

(Page | 23)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

12.     Except as otherwise provided in the Asset Purchase Agreement, all persons and entities (and their respective successors and assigns), including, but not limited to, all debt security holders, equity security holders, affiliates, governmental, tax, and regulatory authorities, lenders, customers, vendors, employees, trade creditors, litigation claimants, and other creditors holding claims arising under or out of, in connection with or in any way relating to, the Debtors, the Purchased Assets, and the ownership, sale, or operation of the Purchased Assets prior to Closing or the transfer of the applicable Purchased Assets to the Purchaser are hereby forever barred, estopped, and permanently enjoined from asserting such claims against the Purchaser and its property (including, without limitation, the Purchased Assets).  Following Closing, no holder of any claim or interest shall interfere with the Purchaser's title to or use and enjoyment of the corresponding Purchased Assets based on or related to any such claim or interest or based on any action the Debtors may take in their chapter 11 cases.

13.     If any person or entity that has filed financing statements, mortgages, mechanic's claims, *lis pendens*, or other documents or agreements evidencing claims against the Debtors or in the Purchased Assets shall not have delivered to the Debtors prior to Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, and/or releases of all Claims and Interests that the person or entity has with respect to the Debtors or the Purchased Assets or otherwise, then only with regard to the Purchased Assets that are purchased by the Purchaser pursuant to the Asset Purchase Agreement and this Order: (a) the Debtors are hereby authorized and directed to execute and file such statements, instruments,

(Page | 24)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

releases, and other documents on behalf of the person or entity with respect to the Purchased Assets; (b) the Purchaser is hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Claims and Interests against the Purchaser Parties and the Purchased Assets; and (c) upon consummation of the Sale, the Purchaser may seek in this Court or any other court to compel appropriate parties to execute termination statements, instruments of satisfaction, and releases of all Claims and Interests that are extinguished or otherwise released pursuant to this Order under section 363 of the Bankruptcy Code and any other provisions of the Bankruptcy Code with respect to the Purchased Assets. This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, or local government agency, department, or office. Notwithstanding the foregoing, the provisions of this Order authorizing the Sale and assignment of the Purchased Assets free and clear of Claims and Interests shall be self-executing and neither the Debtors nor the Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments to effectuate, consummate, and implement the provisions of this Order.

14.     Effective upon Closing, all persons and entities are forever prohibited and enjoined from commencing or continuing in any matter any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral, or other proceeding against the Purchaser or its assets (including, without limitation, the Purchased Assets), with respect to any (a) claim in these chapter 11 cases or in connection with or related to the Sale or the Debtors or (b) Successor or

(Page | 25)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Transferee Liability (defined below), including, without limitation, the following actions with respect to clauses (a) and (b): (i) commencing or continuing any action or other proceeding pending or threatened; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any lien, claim, interest, or Encumbrance; (iv) asserting any set-off, right of subrogation, or recoupment of any kind; (v) commencing or continuing any action in any manner or place that does not comply with, or is inconsistent with, the provisions of this Order or other orders of this Court, or the agreements or actions contemplated or taken in respect hereof; or (vi) revoking, terminating, failing, or refusing to renew any License (defined below) to operate any business in connection with the Purchased Assets or conduct any of the businesses operated with respect to such assets.

### No Successor or Transferee Liability

15.    The Purchaser shall not be deemed, as a result of any action taken in connection with the Asset Purchase Agreement, the consummation of the Sale, or the transfer, operation, or use of the Purchased Assets to (a) be a legal successor or otherwise be deemed a successor to the Debtors (other than with respect to any Assumed Liabilities and Permitted Liens arising after Closing), (b) have, *de facto* or otherwise, merged with or into the Debtors, or (c) be an alter ego or a mere continuation or substantial continuation of the Debtors or the enterprise of the Debtors, including, without limitation, within the meaning of any foreign, federal, state, or local revenue law, pension law, the Employee Retirement Income Security Act of 1974 (as amended), tax law, labor law, products liability law, employment law, environmental law, or other law, rule, or

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

regulation (including, without limitation, filing requirements under any such laws, rules, or regulations), or under any products liability law or doctrine with respect to the Debtors' liability under such law, rule, or regulation.

16.     Immediately prior to each closing, Purchaser was not an "insider" or "affiliate" of the Debtors, as those terms are defined in the Bankruptcy Code, and no common identity of incorporators, directors, or controlling stockholders existed between the Purchaser and the Debtors.

17.     Other than as expressly set forth in the Asset Purchase Agreement, the Purchaser shall not have any responsibility for (a) any liability or other obligation of the Debtors or related to the Purchased Assets or (b) any claims against the Debtors or any of their predecessors or affiliates. Except as expressly provided in the Asset Purchase Agreement with respect to the Purchaser, the Purchaser shall not have any liability whatsoever with respect to the Debtors' (or their predecessors' or affiliates') respective businesses or operations or any of the Debtors' (or their predecessors' or affiliates') obligations (as defined herein, "Successor or Transferee Liability") based, in whole or part, directly or indirectly, on any theory of successor or vicarious liability of any kind or character, or based upon any theory of antitrust, environmental, successor, or transferee liability, *de facto* merger or substantial continuity, labor and employment or products liability, whether known or unknown as of Closing, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated, including, without limitation, liabilities on account of (a) any taxes arising, accruing, or payable under, out of, in connection with, or in

(Page | 27)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

any way relating to the Purchased Assets or the Assumed Liabilities or the Permitted Liens or prior to Closing or in respect of pre-Closing periods or (b) any plan, agreement, practice, policy, or program, whether written or unwritten, providing for pension, retirement, health, welfare, compensation or other employee benefit which is or has been sponsored, maintained, or contributed to by any Debtor or with respect to which any Debtor has any liability, whether or not contingent.

## **Assumption and Assignment of Contracts**

18.     The applicable non-Debtor counterparties may object to the assumption and assignment to the Purchaser of the applicable Contract in accordance with the Assumption and Assignment Procedures and, to the extent this Order is entered prior to any Contract Objection Deadline, the applicable Contracts may be assumed and assigned to the Purchaser no earlier than the occurrence of the applicable Contract Objection Deadline, absent the consent of the non-Debtor counterparty to the Contract.

19.     Subject to paragraph 18, the Debtors are authorized at Closing to assume and assign each of the Contracts to the Purchaser pursuant to sections 105(a) and 365 of the Bankruptcy Code and to execute and deliver to the Purchaser (or its designee) such documents or other instruments as may be necessary to assign and transfer the Contracts to the Purchaser.  The payment of the applicable cure costs (if any) shall (a) effect a cure of all defaults existing thereunder as of Closing and (b) compensate for any actual pecuniary loss to such counterparty resulting from such default.

(Page | 28)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

20.     Pursuant to section 365(f) of the Bankruptcy Code, subject to the payment of the applicable cure costs, the Contracts to be assumed and assigned under the Asset Purchase Agreement shall be assigned and transferred to, and remain in full force and effect for the benefit of, the Purchaser, notwithstanding any provision in the contracts or other restrictions prohibiting their assignment or transfer.  Any provisions in any Contract that prohibit or condition the assignment of such Contract to the Purchaser or allow the counterparty to such Contract to terminate, recapture, impose any penalty, condition on renewal or extension, or modify any term or condition upon the assignment of such Contract to the Purchaser constitute unenforceable anti-assignment provisions that are void and of no force and effect.  All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtors and assignment to the Purchaser of the Contracts have been satisfied.  Subject to paragraph 18, upon Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Purchaser shall be fully and irrevocably vested with all right, title, and interest of the Debtors under the Contracts, and such Contracts shall remain in full force and effect for the benefit of the Purchaser. Each counterparty to the Contracts shall be forever barred, estopped, and permanently enjoined from (a) asserting against the Debtors or any Purchaser or their respective property any assignment fee, acceleration, default, breach or claim or pecuniary loss, or condition to assignment existing, arising, or accruing as of Closing or arising by reason of any such Closing, including, without limitation, any breach related to or arising out of change-in-control provisions in such Contracts, or any purported written or oral modification to the Contracts and (b) asserting against any

(Page | 29)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Purchaser (or its respective property, including, without limitation, the Purchased Assets) any claim, counterclaim, defense, breach, condition, or setoff asserted, or assertable against the Debtors, including, without limitation, claims arising out of or related to service or notice of the Contract Assumption Notice, all existing as of Closing or arising by reason of any such Closing, except for the Assumed Liabilities and Permitted Liens.

21.    Subject to paragraph 18, upon Closing and the payment of the relevant cure costs, if any, in accordance with the terms of the Asset Purchase Agreement, the Purchaser shall be deemed to be substituted for the Debtors as a party to the applicable Contracts and the Debtors shall be released, pursuant to section 365(k) of the Bankruptcy Code, from any liability under the Contracts.  There shall be no assignment fees, increases, or any other fees charged to the Purchaser or the Debtors as a result of the assumption and assignment of the Contracts.  The failure of the Debtors or the Purchaser to enforce at any time one or more terms or conditions of any Contract shall not be a waiver of such terms or conditions or of the right of the Debtors or the Purchaser, as the case may be, to enforce every term and condition of such Contract.  The validity of the assumption and assignment of any Contract to the Purchaser shall not be affected by any existing dispute between the Debtors and any counterparty to such Contract.  Any party that may have had the right to consent to the assignment of any Contract has received adequate notice of the proposed assignment of such Contract and is deemed to have consented for the purposes of section 365(e)(2)(A) of the Bankruptcy Code.

(Page | 30)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

22.     All defaults or other obligations of the Debtors under the Contracts arising or accruing after the applicable Contract Objection Deadline and prior to Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be cured on Closing Date, or as soon thereafter as reasonably practicable, or by such other time agreed to by the Debtors and the applicable counterparty.

23.     The assignments of each of the Contracts are made in good faith under sections 363(b) and (m) of the Bankruptcy Code.

24.     The applicable non-Debtor counterparties may object to the assumption and assignment to the Purchaser of the applicable Contract in accordance with the Assumption and Assignment Procedures and, to the extent this Order is entered prior to any Contract Objection Deadline, the applicable Contracts may be assumed and assigned to the Purchaser no earlier than the occurrence of the applicable Contract Objection Deadline, absent the consent of the non-Debtor counterparty to the Contract.

25.     Subject to paragraph 18, the Debtors are authorized at Closing to assume and assign each of the Contracts to the Purchaser pursuant to sections 105(a) and 365 of the Bankruptcy Code and to execute and deliver to the Purchaser (or its designee) such documents or other instruments as may be necessary to assign and transfer the Contracts to the Purchaser.  The payment of the applicable cure costs (if any) shall (a) effect a cure of all defaults existing thereunder as of the

(Page | 31)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

relevant Closing and (b) compensate for any actual pecuniary loss to such counterparty resulting from such default.

26.     Pursuant to section 365(f) of the Bankruptcy Code, subject to the payment of the applicable cure costs, the Contracts to be assumed and assigned under the Asset Purchase Agreement shall be assigned and transferred to, and remain in full force and effect for the benefit of, the Purchaser, notwithstanding any provision in the contracts or other restrictions prohibiting their assignment or transfer.   Any provisions in any Contract that prohibit or condition the assignment of such Contract to the Purchaser or allow the counterparty to such Contract to terminate, recapture, impose any penalty, condition on renewal or extension, or modify any term or condition upon the assignment of such Contract to the Purchaser constitute unenforceable anti-assignment provisions that are void and of no force and effect.   All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtors and assignment to the Purchaser of the Contracts have been satisfied.   Subject to paragraph 18, upon Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Purchaser shall be fully and irrevocably vested with all right, title, and interest of the Debtors under the Contracts, and such Contracts shall remain in full force and effect for the benefit of the Purchaser. Each counterparty to the Contracts shall be forever barred, estopped, and permanently enjoined from (a) asserting against the Debtors or any Purchaser or their respective property any assignment fee, acceleration, default, breach or claim or pecuniary loss, or condition to assignment existing, arising, or accruing as of Closing or arising by reason of any such Closing, including, without

(Page | 32)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

limitation, any breach related to or arising out of change-in-control provisions in such Contracts, or any purported written or oral modification to the Contracts and (b) asserting against any Purchaser (or its respective property, including, without limitation, the Purchased Assets) any claim, counterclaim, defense, breach, condition, or setoff asserted, or assertable against the Debtors, including, without limitation, claims arising out of or related to service or notice of the Contract Assumption Notice, all existing as of Closing or arising by reason of any such Closing, except for the Assumed Liabilities and Permitted Liens.

27.     Subject to paragraph 18, upon Closing and the payment of the relevant cure costs, if any, in accordance with the terms of the Asset Purchase Agreement, the Purchaser shall be deemed to be substituted for the Debtors as a party to the applicable Contracts and the Debtors shall be released, pursuant to section 365(k) of the Bankruptcy Code, from any liability under the Contracts.  There shall be no assignment fees, increases, or any other fees charged to the Purchaser or the Debtors as a result of the assumption and assignment of the Contracts.  The failure of the Debtors or the Purchaser to enforce at any time one or more terms or conditions of any Contract shall not be a waiver of such terms or conditions or of the right of the Debtors or the Purchaser, as the case may be, to enforce every term and condition of such Contract.  The validity of the assumption and assignment of any Contract to the Purchaser shall not be affected by any existing dispute between the Debtors and any counterparty to such Contract.  Any party that may have had the right to consent to the assignment of any Contract has received adequate notice of the proposed

(Page | 33)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

assignment of such Contract and is deemed to have consented for the purposes of section 365(e)(2)(A) of the Bankruptcy Code.

28.     All defaults or other obligations of the Debtors under the Contracts arising or accruing after the applicable Contract Objection Deadline and prior to Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be cured on Closing Date, or as soon thereafter as reasonably practicable, or by such other time agreed to by the Debtors and the applicable counterparty.

**<u>Good Faith Purchaser</u>**

29.     The Sale contemplated by the Asset Purchase Agreement is undertaken by the Purchaser without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale unless such authorization and consummation of such Sale are duly and properly stayed pending such appeal.

30.     Neither the Debtors nor the Purchaser have engaged in any action or inaction that would cause or permit the Sale to be avoided or costs or damages to be imposed under section 363(n) of the Bankruptcy Code.  The consideration provided by the Purchaser for the Purchased Assets under the Asset Purchase Agreement is fair and reasonable and the Sale may not be avoided, and costs and damages may not be imposed, under section 363(n) of the Bankruptcy Code.

(Page | 34)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

## Other Provisions

31.     To the maximum extent permitted by applicable law and the Asset Purchase Agreement and other Transaction Documents, the Purchaser shall be authorized, as of Closing, to operate under any license, permit, registration, and governmental authorization or approval (collectively, the "Licenses") of the Debtors with respect to the Purchased Assets.

32.     To the extent provided by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or License relating to the Purchased Assets sold, transferred, or conveyed to the Purchaser on account of the filing or pendency of these chapter 11 cases or the consummation of the Sale contemplated by the Asset Purchase Agreement.

33.     The Asset Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in writing and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

34.     The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted with respect to the Debtors to the extent necessary, without further order of the Court, (a) to allow the Purchaser to give the Debtors any notice provided for in the Asset Purchase Agreement, (b) to allow the Purchaser to take any and all actions permitted by the Asset Purchase Agreement and the Transaction Documents in accordance with the terms and conditions thereof, including, without limitation, effectuating the Sale and the other transactions contemplated by the Asset

(Page | 35)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Purchase Agreement and the Transaction Documents, and (c) to otherwise implement the terms and provisions of the Asset Purchase Agreement, the Transaction Documents, and this Order.

35.     The terms and provisions of the Asset Purchase Agreement, and this Order shall be binding in all respects upon the Debtors, their affiliates, their estates, all creditors of (whether known or unknown) and holders of equity interests in any Debtor, any holders of claims against or on all or any portion of the Purchased Assets, all counterparties to the Contracts, the Purchaser, and all of their respective successors and assigns, including, but not limited to, as applicable, any subsequent trustee(s), examiner(s), or receiver(s) appointed in any of the Debtors' chapter 11 cases or upon conversion to chapter 7 under the Bankruptcy Code, as to which the terms and provisions of such trustee(s), examiner(s), or receiver(s) likewise shall be binding.  The Asset Purchase Agreement shall not be subject to rejection or avoidance by the Debtors, their estates, their creditors, their shareholders, or any trustee(s), examiner(s), receiver(s), or any other successor parties in interest.

36.     The terms and provisions of this Order and any actions taken pursuant hereto shall survive entry of an order which may be entered: (a) confirming any chapter 11 plan in any of these chapter 11 cases; (b) converting any of the chapter 11 cases to a case under chapter 7 of the Bankruptcy Code; (c) dismissing any of the chapter 11 cases; (d) transferring venue of the chapter 11 cases to a court other than this Court; or (e) pursuant to which this Court abstains from hearing any of the chapter 11 cases.  The terms and provisions of this Order, notwithstanding the

(Page | 36)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

entry of any such orders described in (a)–(e) above, shall continue in these chapter 11 cases or following dismissal of these chapter 11 cases.

37.    Each and every federal, state, and local governmental agency, department, or official is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement and the Transaction Documents.

38.    The Asset Purchase Agreement and the Sale contemplated hereunder shall not be subject to any bulk sales laws or any similar law of any state or jurisdiction.

39.    The Asset Purchase Agreement may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof, without further order of the Court; *provided* that any such modification, amendment, or supplement does not, based on the Debtors' business judgment, and in consultation with the Consultation Parties (as defined in the Bidding Procedures), have a material adverse effect on the Debtors' estates or their creditors. The Debtors shall provide the Consultation Parties and the U.S. Trustee with prior notice of any such modification, amendment, or supplement of the Asset Purchase Agreement.

40.    This Order is and shall be binding upon all persons and entities that may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or that may be required to report or insure any title or state of title in or to any property; and each of the foregoing persons and entities shall accept

(Page | 37)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

for filing any and all of the documents and instruments necessary and appropriate to consummate the Asset Purchase Agreement.

41.     Any Transaction Fee[3] due to Guggenheim Securities, LLC ("Guggenheim Securities") as a result of the closing of any Sale Transaction shall be segregated and escrowed (for the exclusive benefit of Guggenheim Securities) in the Debtors' or their agents' bank accounts from the proceeds of such Sale Transaction (including, without limitation, from the proceeds of any liquidation or other disposition of the Debtors' assets), as an express carve-out from the collateral of the Debtors' pre- and post-petition secured lenders, prior to any other use or distribution of such proceeds.  If any Sale Transaction is the result of a successful bid without a cash component sufficient to pay the corresponding Transaction Fee due to Guggenheim Securities in full, then any resulting unpaid portion of the Transaction Fee due to Guggenheim Securities shall be segregated and escrowed (for the exclusive benefit of Guggenheim Securities) at the closing of such Sale Transaction from the available cash of the Debtors, as an express carve-out from the collateral of the Debtors' pre- and post-petition secured lenders.  Nothing in this Order shall prohibit or be construed to prohibit the use of any unencumbered assets of the Debtors or the proceeds thereof to pay any fees and expenses of Guggenheim Securities or the assertion or allowance of an administrative priority claim under sections 503(b)(2) and 507(a)(2) of the Bankruptcy Code, if applicable, on account of any fees or expenses of Guggenheim Securities.

---

[3]  Capitalized terms used in this paragraph and not otherwise defined herein shall have the meanings ascribed to such terms in that certain amended and restated engagement letter between Guggenheim Securities and the Debtors, dated as of May 5, 2025, a copy of which was filed in connection with the Debtors' application to retain Guggenheim Securities [Docket No. 652].

(Page | 38)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Notwithstanding anything to the contrary set forth herein, the requirements and obligations contained in this paragraph to pay Guggenheim Securities any such Transaction Fee on account of such Sale Transaction shall be subject in all respects to the *Order (I) Authorizing the Debtors to Retain and Employ Guggenheim Securities, LLC as Investment Banker Effective as of the Petition Date, (II) Modifying Certain Time-Keeping Requirements, and (III) Granting Related Relief* [Docket No. 1045] (the "Guggenheim Securities Retention Order") and the terms of the Guggenheim Securities Retention Order, and the entry of an order by the Court approving any such fees including the Transaction Fee. All rights of the U.S. Trustee are reserved to object to such fees including the Transaction Fee pursuant to 11 U.S.C. § 330.

42. To the extent there are any inconsistencies between this Order, the Motion, the Bidding Procedures Order, the Bidding Procedures, the Asset Purchase Agreement, and the Transaction Documents, the terms of this Order shall control.

43. Except to the extent expressly provided herein, notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim, interest, or lien against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any prepetition claim, interest, or lien on any grounds; (c) a promise or requirement to pay prepetition claims; (d) a waiver of the obligation of any party in interest to file a proof of claim; (e) an implication or admission that any particular claim, interest, or lien is of a type specified or defined in the Motion or this Order; (f) an authorization to assume any prepetition agreement, contract, or lease pursuant to

| Debtors: | NEW RITE AID, LLC, et al. |
|---|---|
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

section 365 of the Bankruptcy Code; or (g) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

44.     The Debtors, in connection with offering a product or service, have not disclosed any policies prohibiting the transfer of Personal Information about individuals to persons that are not affiliated with the Debtors that are inconsistent with the Sale.  Nothing contained in this Order prejudices parties in interest from seeking the appointment of a consumer privacy ombudsman in connection with any other proposed sale.

45.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, and 9014 or any other Bankruptcy Rules or Local Rules to the contrary, the terms and conditions of this Order shall be effective and enforceable immediately upon entry, and the Debtors and the Purchaser are authorized to close the Sale immediately upon entry of this Order.

46.     Notice of the Motion, the Sale Hearing, the Asset Purchase Agreement, and the Sale, including through distribution of the Sale Notice shall be deemed good and sufficient notice of such Motion, the Sale Hearing, the Asset Purchase Agreement, and the Sale, and the requirements of Bankruptcy Rules 2002, 6004(a), and 6004(c) and the Local Rules are satisfied by such notice.  The Sale Notice is hereby approved.

47.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

48.     Notwithstanding any provision to the contrary in this Order, any Transaction Documents, or any other document related to the sale of the Purchased Assets, with respect to the

(Page | 40)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

United States of America (including all agencies, departments, and instrumentalities thereof, the "United States"), nothing shall:

i. release, nullify, preclude, or enjoin the enforcement of any police or regulatory powers;

ii. affect the setoff or recoupment rights of the United States against the Debtors;

iii. confer exclusive jurisdiction to the Bankruptcy Court except to the extent set forth in 28 U.S.C. § 1334 (as limited by any other provisions of the United States Code);

iv. solely to the extent included in the Acquired Assets, authorize the assumption, assignment, sale or other transfer of any federal: (a) grants, (b) grant funds, (c) contracts, (d) agreements, (e) awards, (f) task orders, (g) property, (h) leases, (i) certifications, (j) applications, (k) registrations, (l) billing numbers, (m) national provider identifiers, (n) provider transaction access numbers, (o) licenses, (p) permits, (q) covenants, (r) inventory, (s) guarantees, (t) indemnifications, (u) data, (v) records, or (w) any other interests belonging to the United States (collectively, "Federal Interests"), without compliance by the Debtors and Purchaser with the terms of the Federal Interests or, to the extent section 365 of the Bankruptcy Code is applicable, section 365(c);

v. be interpreted to set cure amounts under section 365 of the Bankruptcy Code or to require the United States to novate, approve or otherwise consent to the sale, assumption, assignment or other transfer of any Federal Interests; or

vi. expand the scope of 11 U.S.C.§ 525.

49.    In the event of an inconsistency or conflict between any provision of the Transaction Documents and any provision of this Order, as to the United States, the provisions of this Order shall govern.

50.    Notwithstanding any provision to the contrary in this Order, any Transaction Documents, or any other document related to the sale of the Purchased Assets, after Closing, nothing in such documents shall release, nullify, preclude, or enjoin the enforcement of any police

(Page | 41)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

or regulatory powers, under environmental statutes or regulations, to a governmental unit that any entity would be subject to as the post-sale owner or operator of the applicable Purchased Assets after the date of the Closing.

51.     Nothing in this Order, the Transaction Documents, or any document, agreement, or instrument contemplated by any of the foregoing, including any "transition services or transition period agreements", shall: (a) be construed to authorize or permit (i) the assumption and/or assignment of any surety bond issued by (A) International Fidelity Insurance Company and/or its affiliates, (B) Berkley Insurance Company, (C) The Hanover Insurance Company, and/or (D) RLI Insurance Company (items A through D, collectively, the "Sureties" and, each individually, a "Surety") on behalf of the Debtors (collectively, the "Surety Bonds" and, each individually, a "Surety Bond"), (ii) the assumption and/or assignment of any indemnity agreements executed by one or more of the Debtors pursuant to which the Surety Bonds were issued (the "Indemnity Agreements" and, each individually, an "Indemnity Agreement"), or (iii) obligate a Surety to replace any Surety Bond and/or issue any new surety bond on behalf of a Purchaser; or (b) be deemed to provide a Surety's consent to the involuntary substitution of any principal under any Surety Bond and/or any Indemnity Agreement, including, for the avoidance of doubt, that the Purchaser shall not be a substitute principal under any Surety Bond or any Indemnity Agreement absent a Surety's consent thereto or further order of the Bankruptcy Court. Additionally, nothing in this Order, the Transaction Documents, or any "transition agreement", or any other document, agreement, or instrument contemplated by any of the foregoing shall be

(Page | 42)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

deemed to alter, limit, modify, release, waive, or prejudice any rights, remedies, and/or defenses that the Sureties have or may have under applicable bankruptcy and non-bankruptcy laws, under any of the their respective Surety Agreements, or related agreements, or any letters of credit, or other Surety collateral relating thereto.

52.     With respect to any cure, assumption, and/or adequate assurance objections (each, an "Assumption Objection") timely filed in accordance with the Assumption and Assignment Procedures, the Debtors will address such Assumption Objections at a later hearing, unless (i) resolved by agreement of the Debtors and the non-Debtor counterparty, including through ordinary-course reconciliation, or (ii) the Debtors withdraw the request to seek to assume and assign such executory contract or unexpired lease.  Accordingly, notwithstanding anything to the contrary in the Bidding Procedures Order or this Order, a non-Debtor counterparty's Assumption Objection timely filed in accordance with the Assumption and Assignment Procedures challenging assumption and assignment, including any adequate assurance-related issues (including evidence), is expressly reserved until a later hearing and the findings of fact in this Order shall not waive, impair, or limit any right of non-Debtor counterparties to assert such Assumption Objections.  No non-Debtor counterparty that timely files an Assumption Objection in accordance with the Assumption and Assignment Procedures needs to object to or challenge the assumption or assumption and assignment of their executory contract or unexpired lease in connection with the Sale Hearing or this Order, including any challenge to adequate assurance and cure amounts, to preserve their rights for that later hearing.  Furthermore, to the extent a non-Debtor counterparty

(Page | 43)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

timely files an Assumption Objection in accordance with the Assumption and Assignment Procedures, the Debtors shall not be entitled to a waiver of Federal Rule of Bankruptcy Procedure 6006(d) with respect to such lease(s), but reserve the right to seek Bankruptcy Court approval of such waiver, with the non-Debtor counterparty's right to object to such request fully preserved.

53.     Nothing in this Sale Order shall authorize the sale of any credits and/or chargebacks provided by Haleon US Services, Inc. f/k/a GSK Consumer Healthcare Services Inc. to any of the Debtors (including but not limited to Loyalty and/or Co-op Funding, Feature Ad Costs and/or other promotional costs associated with Haleon brands as well as any other type of credit Rite Aid may assert) (the "Credits"), and such Credits shall be an asset excluded from any such sale.

54.     Notwithstanding anything to the contrary in this Order, the Motion, any Asset Purchase Agreement, the Transaction Documents, the Bidding Procedures Order, the Bidding Procedures, the Assumption and Assignment Procedures, any Contract Assumption Notice, any Supplemental Contract Assumption Notice, any notice or list of Assigned Contracts and/or Cure Payments, or any documents relating to any of the foregoing, (a) nothing shall permit or otherwise effectuate a sale, assumption, assignment or any other transfer to any Purchaser at this time of (i) any insurance policies that have been issued by ACE American Insurance Company and/or any of its U.S.-based affiliates and/or any predecessors and successors of any of the foregoing (collectively, and solely in their capacities as insurers under the foregoing policies, the "Chubb Companies") to, or pursuant to which coverage is provided to, any of the Sellers (or their affiliates or predecessors) at any time, and all agreements, documents or instruments relating

(Page | 44)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

to such policies, including, without limitation, any collateral or security provided by or on behalf of any of the Sellers (or their affiliates or predecessors) to any of the Chubb Companies and the proceeds thereof (collectively, the "Chubb Insurance Contracts"), and/or (ii) any rights, interests, proceeds, benefits, claims, rights to payments and/or recoveries under or related to such Chubb Insurance Contracts including, without limitation, any of the Chubb Companies' indemnity, subrogation, setoff, recoupment, and/or other rights; (b) the Chubb Insurance Contracts and any rights, interests, proceeds, benefits, claims, rights to payments and/or recoveries under or related to such Chubb Insurance Contracts (i) are not and shall not be deemed to be Assigned Contracts, Purchased Assets, or a portion of any of the Purchased Assets sold, assigned or otherwise transferred as part of any the Sale hereunder, and (ii) shall be deemed to be Excluded Assets; (c) nothing herein shall alter, modify or otherwise amend the terms, conditions, rights, and/or obligations of and/or under the Chubb Insurance Contracts; (d) for the avoidance of doubt, the Purchaser is not, and shall not be deemed to be, insureds under any of the Chubb Insurance Contracts; *provided*, *however*, that, to the extent any claim with respect to the Purchased Assets arises that is covered by the Chubb Insurance Contracts, the Debtors may pursue such claim in accordance with the terms of the Chubb Insurance Contracts, and, if applicable, turn over to the Purchaser any such insurance proceeds (each, a "Proceed Turnover"), *provided*, *further*, *however*, that the Chubb Companies shall not have any duty to the Purchaser to effectuate a Proceed Turnover or liability to the Purchaser related to a Proceed Turnover.

(Page | 45)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

55.     For the avoidance of doubt, the Purchased Assets shall not include any of the Debtors' rights arising under or in connection with that certain Supply Agreement between Rite Aid Corporation and McKesson Corporation ("McKesson"), dated as of August 30, 2024 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "Supply Agreement"), including any rebates, rights of return, set-off, recoupment, indemnification, rights to the assignment of antitrust claims, or related assets of the Debtors. Notwithstanding anything to the contrary in this Order, but without limiting the Purchaser's protections under this Order, McKesson's rights (a) against the Debtors under the Supply Agreement, and (b) against the Debtors and/or any other parties to any intercreditor agreements related to the Supply Agreement under such intercreditor agreements are fully reserved.

56.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

<u>**Exhibit 1**</u>

**Asset Purchase Agreement**

**<u>Exhibit B</u>**

**Redline of Thrifty Proposed Sale Order against Form Sale Order**

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

**ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND ~~PERFORM~~ PERFORM UNDER THE [~~PURCHASER NAME~~PURCHASER NAME] ASSET PURCHASE AGREEMENT, (II) APPROVING THE SALE OF PURCHASED ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (III) ~~AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED CONTRACTS TO PURCHASER AND ESTABLISHING CURE AMOUNTS RELATED THERETO IN ACCORDANCE WITH THE ASSUMPTION AND ASSIGNMENT PROCEDURES,[1] AND (IV) GRANTING RELATED RELIEF~~AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS IN CONNECTION THEREWITH, AND (IV) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered ~~[~~three (3)~~]~~ through ~~[thirty-six] ([54]~~forty-five (45) is **ORDERED**.

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' ~~proposed~~ claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

~~[1] **Note to Draft**: This form of sale Order contemplates the proposed assumption and assignment of executory contracts and/or unexpired leases to the Purchaser. To the extent the Asset Purchase Agreement does not propose to assume and assign contracts, such language may be removed from the sale Order.~~

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice* ~~pending~~)
Alice Belisle Eaton (admitted *pro hac vice* ~~pending~~)
Christopher Hopkins (admitted *pro hac vice* ~~pending~~)
Sean A. Mitchell (admitted *pro hac vice* ~~pending~~)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice* ~~pending~~)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

Upon the motion, dated May 6, 2025 [Docket No. 17] (the "Motion"),[1] of the ~~above-captioned~~above-captioned debtors and ~~debtors in possession~~debtors-in-possession (collectively, the "Debtors") ~~for entry of~~, pursuant to sections 105, 363, and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules for the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), for an order (this "Order"): (a) authorizing and approving the entry into and performance under the terms and conditions of that certain Asset Purchase Agreement, dated as of June [●24], 2025, by and among certain of the Debtors (the "Sellers") and [●] (the "Purchaser"), substantially in the form attached hereto as ~~Schedule~~**Exhibit 1** to the Order (as it may be amended, modified, or supplemented in accordance with its terms, the "Asset Purchase Agreement"), and all other transaction documents necessary and desirable to consummate the transactions contemplated by the Asset Purchase Agreement (the "Transaction Documents"); (b) authorizing the Debtors to sell the Purchased Assets (as defined in the Asset Purchase Agreement) to the Purchaser as described in the Asset Purchase Agreement, ~~including the Contracts,~~ free and clear of liens, claims, ~~encumbrances~~Encumbrances, and other interests pursuant to section 363(f) of the Bankruptcy Code and in accordance with the terms set forth in the Asset Purchase Agreement (the "Sale"); (c) ~~authorizing the Debtors to assume and assign to the Purchaser the Contracts subject to and in accordance with the Assumption and Assignment~~

---

[1] Capitalized terms used but not otherwise defined herein have the meaning given to such terms in the Motion, *the Order (I) Approving the Auction and Bidding Procedures, (II) Scheduling Certain Dates and Deadlines With Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice With Respect Thereto, and (VII) Granting Related Relief,* [Docket No. 473] (the "Bidding Procedures Order ~~(as defined herein~~") , the Bidding Procedures, or the Asset Purchase Agreement, as applicable.

(Page | 4)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

~~Procedures with cure costs, if any, established in accordance with the Assumption and Assignment Procedures (the "Cure Amounts"); (d)~~ providing that the appointment of a consumer privacy ombudsman is not required; and (~~e~~d) granting related relief, all as more fully set forth in the Motion; and the Court having entered the Bidding Procedures Order [Docket No. ~~142~~473]; and the Debtors having scheduled an auction (the "Auction") for the Purchased Assets; and the Auction having been ~~held or cancelled~~commenced on June 24, 2025 at 11:00 a.m. (prevailing Eastern Time) by the Debtors in accordance with the Bidding Procedures; and the Debtors having determined that the Purchaser has submitted the highest or otherwise best bid for the Purchased Assets and determined that the Purchaser is the Successful Bidder and that [●] is the Designated Backup Bidder (defined below) for the Purchased Assets, in accordance with the Bidding Procedures; and the Debtors having served the notice of the Auction and notice of the Sale Hearing (the "Sale Notice") in accordance with the Bidding Procedures Order; and the Debtors having filed and served the Notice of Successful Bidder with respect to the Purchased Assets in accordance with the Bidding Procedures, and the Debtors having filed ~~and served the Contract Assumption Notice and any Supplemental Assumption Notice (collectively, the "Assumption Notice") in accordance with the Assumption and Assignment Procedures; and the Debtors having filed~~ the form of Order on May 9, 2025, and the Court having held a hearing on ~~[May 21~~June 30, 2025~~/June 25, 2025]~~ (the "Sale Hearing"), at which time all interested parties were offered an opportunity to be heard with respect to the Motion and the proposed Order; and

(Page | 5)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~*Certain Executory Contracts in Connection Therewith*, and (IV) Granting Related Relief |

the Court having reviewed and considered the Motion, the Asset Purchase Agreement, the proposed Order, and any and all objections to the Sale, the Asset Purchase Agreement, and the other Transaction Documents filed in accordance with the Bidding Procedures Order; and upon the First Day Declaration~~,~~; the ~~Rifkin~~ *Declaration*~~, and~~ *of Adam Rifkin in Support of the Debtors' Bidding Procedures Motion [Docket No. 20] (the "Bidding Procedures Declaration") and the Declaration of Adam Rifkin in Support of Debtors' Omnibus Reply in Support of Sale of Remaining Assets (the "Remaining Asset Sale Declaration") filed substantially contemporaneously herewith]; and* the Frejka Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their stakeholders, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and the proposed Order was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at ~~a hearing before this Court (~~the "Sale Hearing~~")~~; and this Court having determined that the legal and factual bases set forth in the Motion and at the

(Page | 6)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Sale Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing, it is hereby

**FOUND, CONCLUDED, AND DETERMINED THAT:**

**Petition Date; Jurisdiction, Venue, and Final Order**

A.      On May 5, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

B.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules ~~6003(a),[3]~~6004(h), ~~and~~ 6006(d), and any other applicable Bankruptcy Rules or Local Rules, and to any extent necessary under Bankruptcy Rule 9014 and Federal Rule of Civil Procedure 54(b), as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of judgment as set forth herein.

D.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this

---

[3]  ~~**Note to Draft**:  To the extent the proposed timing of the entry of the sale order is later than 21 days after the Petition Date, references to Bankruptcy Rule 6003(a) will be removed from findings of fact and conclusions of law.~~

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

**Notice of the Bidding Procedures Order, the Bidding Procedures,
the Asset Purchase Agreement and the Sale, the Auction, the Sale Hearing, ~~the Proposed Assumption and Assignment of the Contracts, the Cure Amounts,~~ and this Order**

E.      As evidenced by the Sale Notice and service thereof [Docket No. ~~[●]~~342], the Notice of Successful Bidder [Docket No. [●]], the ~~Assumption Notice [Docket No. [●]], the~~ form of Order [Docket No. ~~[●]~~186]~~]~~, affidavits of service and publication previously filed with this Court, proper, timely, adequate, and sufficient notice of the Sale Hearing, the Asset Purchase Agreement, ~~the proposed assumption and assignment of the Contracts,~~ entry of this Order, and the Sale has been provided in accordance with ~~sections~~section 363 ~~and 365~~ of the Bankruptcy Code, Bankruptcy Rules 2002, 6004,~~ 6006,~~ 9007, and 9014, and Local Rule 6004-3.  The foregoing notice was good, sufficient, and appropriate under the circumstances, and no other or further notice of the Sale Hearing, the Asset Purchase Agreement, or the Sale~~, or the proposed assumption and assignment of the Contracts~~ is required.

F.      No further notice beyond that described in this Order is required in connection with the Sale.

G.      A reasonable opportunity to object or to be heard regarding the relief requested in the Motion was afforded to all interested persons and entities.

(Page | 8)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

H. ~~F.~~ The *Notice of Potentially Assumed Executory Contracts and Unexpired Leases (the "Contract Assumption Notice") [Docket No. ●]* is appropriate and reasonably calculated to provide each non-Debtor counterparty to the applicable Contracts (as defined in the Bidding Procedures Order) with proper notice of the potential assumption and assignment of the applicable Contract, the proposed ~~Cure Amount~~cure cost, and the Assumption and Assignment Procedures (as set forth in the Bidding Procedures Order). The inclusion of any particular Contracts on any Assumption Notice (defined below) shall not be deemed to be an admission that such contract or lease is an executory contract or unexpired lease of property or require or guarantee that such contract or lease will be assumed and/or assigned, and all rights of the Debtors with respect to the foregoing are reserved.

I. ~~G.~~ In accordance with the Bidding Procedures Order ~~and the Assumption and Assignment Procedures (as defined therein)~~, the Debtors have served ~~an Assumption Notice indicating~~a notice of their intent to assume and assign the Contracts and of the ~~Cure Amounts~~cure costs therefor upon each counterparty to ~~an~~a Contract. The service and provision of such ~~Assumption Notice~~notice was good, sufficient, and appropriate under the circumstances and no further or other notice need be given in respect of assumption and assignment of the Contracts or ~~establishing Cure Amounts~~establishment of cure costs for the respective Contracts. Pursuant to the ~~Assumption and Assignment~~Bidding Procedures Order, counterparties to the Contracts have had or will have had an adequate opportunity to object to assumption and

(Page | 9)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

assignment of the applicable Contracts and the ~~Cure Amounts~~cure costs therefor as set forth in

the ~~Assumption Notice.~~notice (including objections related to adequate assurance of future

performance and objections based on whether applicable law excuses the counterparty from

accepting performance by, or rendering performance to, the Purchaser (or its designee) for

purposes of section 365(c)(1) of the Bankruptcy Code).

~~H. No further notice beyond that described in this Order is required in connection with the Sales and the proposed assumption and assignments to the Purchaser of the Contracts.~~

~~I. A reasonable opportunity to object or to be heard regarding the relief requested in the Motion was afforded to all interested persons and entities.~~

**Authority to ~~Assume~~Execute and Perform Under the Asset Purchase Agreement**

J.      The Debtors' performance under the Asset Purchase Agreement is approved in all respects.  The Debtors are authorized to ~~assume~~execute and perform under the Asset Purchase Agreement pursuant to sections 363 ~~and 365~~ of the Bankruptcy Code and may close the Sale pursuant to the Asset Purchase Agreement.

**Highest or Best Offer**

K.      The Debtors conducted a sale process in accordance with (i) and have complied in all respects with the Bidding Procedures Order and (ii) the purpose of obtaining the highest or otherwise best offer for, and have afforded a full, fair, and reasonable opportunity for any

(Page | 10)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~ Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

interested party to make a higher or otherwise better offer to purchase, the Purchased Assets (including assumption of the Assumed Liabilities).

L.    (i) Prior to and from and after the commencement of these chapter 11 cases, the Debtors and their advisors engaged in a robust and extensive marketing and sale process and exercised sound business judgment, as more fully detailed in the ~~Rifkin~~ Bidding Procedures Declaration~~,~~ and the First Day Declaration; (ii) the Bidding Procedures were substantively and procedurally fair to all parties and the Debtors conducted a fair and open sale process in compliance therewith, (iii) the sale process, the Bidding Procedures, and the Auction ~~(or cancellation thereof)~~, were non-collusive, duly noticed, and provided a full, fair, reasonable, and adequate opportunity for any entity that either expressed an interest in acquiring the Purchased Assets, or who the Debtors believed may have had an interest in acquiring the Purchased Assets, to make an offer to purchase the Debtors' assets, including, without limitation the Purchased Assets, (iv) the Debtors and the Purchaser have negotiated and undertaken their roles leading to the entry into the Asset Purchase Agreement in a diligent, ~~non-collusive~~ non-collusive, fair, reasonable, and good-faith manner; and (v) the sale process conducted by the Debtors pursuant to the Bidding Procedures and the Bidding Procedures Order resulted in the highest or otherwise best value for the Purchased Assets for the Debtors and their estates, was in the best interest of the Debtors, their estates, their creditors, and all parties in interest, and any other transaction

(Page | 11)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

would not have yielded as favorable a result.  There is no legal or equitable reason to delay entry into the Asset Purchase Agreement and the transactions contemplated therein.

M.     Approval of the Asset Purchase Agreement, and the consummation of the Sale contemplated thereby, is in the best interests of the Debtors, their respective creditors, estates, and other parties in interest.  The Debtors have demonstrated good, sufficient, and sound business reasons and justifications for entering into the Sale and the performance of their obligations under the Asset Purchase Agreement.  The Sale must be approved and consummated in order to maximize the value of the Debtors' estates.

N.     The consummation of the Sale outside a plan of reorganization pursuant to the Asset Purchase Agreement neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates the terms of a plan of reorganization or liquidation for the Debtors. The Sale does not constitute a *sub rosa* chapter 11 plan for which approval has been sought without the protections that a disclosure statement would afford.

O.     The Debtors have also determined, in a valid and sound exercise of their business judgment and in consultation with their advisors and the Consultation Parties, that the next highest or otherwise best Qualified Bid (the "Designated Backup Bid") for the Acquired Assets was that of [●] (the "Designated Backup Bidder").

(Page | 12)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

P. O. Entry of an order approving the Asset Purchase Agreement and all the provisions thereof is a necessary condition precedent to the Purchaser's consummation of the Sale, as set forth in Section [●] of the Asset Purchase Agreement.

**Personally Identifiable Information**

Q. P. As set forth in the [●]Frejka Declaration, the sale, conveyance, assignment, and transfer of personally identifiable information (as defined in section 101(41A) of the Bankruptcy Code), if any, ("Personal Information") pursuant to the terms of the Asset Purchase Agreement is consistent with the terms of the Debtors' policies regarding the prohibition of transfer of such personally identifiable informationPersonal Information as of the Petition Date, if any, and, as a result, consummation of the Sale as set forth in the Asset Purchase Agreement is permitted pursuant to section 363(b)(1)(A) of the Bankruptcy Code. Accordingly, appointment of a consumer privacy ombudsman in accordance with sections 363(b)(1) or 332 of the Bankruptcy Code is not required with respect to the Sale and the other transactions contemplated by the Asset Purchase Agreement. To the extent applicable, the Notice of Successful Bidder (as defined in the Motion) contains any information required pursuant to Bankruptcy Rule 2002(c)(1).

**Good Faith of the Purchaser**

R. Q. The consideration to be paid by the Purchaser under the Asset Purchase Agreement was negotiated at arm's length, in good faith, and without collusion pursuant to

(Page | 13)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

section 363(m) of the Bankruptcy Code and constitutes reasonably equivalent value and fair and adequate consideration for the Purchased Assets.  Specifically: (i) the Purchaser recognized that the Debtors were free to deal with any other party interested in purchasing the Purchased Assets; (ii) the Purchaser complied in all respects with the provisions in the Bidding Procedures Order in negotiating and entering into the Asset Purchase Agreement and the other Transaction Documents, and the Asset Purchase Agreement, the other Transaction Documents, and the transactions described therein comply with the Bidding Procedures Order; (iii) the Purchaser agreed to subject any bid to the competitive bid procedures set forth in the Bidding Procedures Order; (iv) all payments made by the Purchaser in connection with the Sale have been disclosed in the Asset Purchase Agreement; (v) no common identity of directors, officers, or controlling stockholders exists among the Purchaser and the Debtors; (vi) the negotiation and execution of the Asset Purchase Agreement was at arm's length and in good faith, and at all times each of the Purchaser and the Debtors were represented by competent counsel of their choosing; and (vii) the Purchaser has not acted in a collusive manner with any person.  The Purchaser will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Asset Purchase Agreement.  The terms and conditions set forth in the Asset Purchase Agreement are fair and reasonable under the circumstances and were not entered into for the purpose of, nor do they have the effect of, hindering, delaying, or defrauding the Debtors or their creditors under any applicable laws.

(Page | 14)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

S. R. The Debtors, the Purchaser, and each of their respective management, boards of directors, members, officers, directors, employees, agents, and representatives, as applicable, have acted in good faith.  The Asset Purchase Agreement and the other Transaction Documents were negotiated, proposed, and entered into by the Debtors and the Purchaser in good faith, without collusion or fraud, and from arm's-length bargaining positions.  The Purchaser is a "good faith purchaser" within the meaning of section 363(m) of the Bankruptcy Code, and, as such, is entitled to all the protections afforded thereby.

T. S. The Asset Purchase Agreement and the transactions contemplated thereby cannot be avoided under section 363(n) of the Bankruptcy Code. The Debtors, the Purchaser, and their respective agents, representatives, and affiliates have not engaged in any conduct that would cause or permit the Asset Purchase Agreement or the consummation of the transactions contemplated thereby to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

**No Fraudulent Transfer**

U. T. The consideration provided by the Purchaser pursuant to the Asset Purchase Agreement for its purchase of the Purchased Assets and the assumption of the Assumed Liabilities constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act, and under the laws of the United States, any state, territory, possession, and the District of Columbia.

(Page | 15)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

V. ~~U.~~ Neither the Purchaser nor its past, present, and future subsidiaries, parents, divisions, affiliates, agents, representatives, insurers, attorneys, successors, and assigns, nor any of its nor their respective directors, managers, officers, employees, shareholders, members, agents, representatives, attorneys, contractors, subcontractors, independent contractors, owners, insurance companies, or partners (collectively, the "Purchaser Parties") is a continuation of the Debtors or their respective estates, and the Purchaser is not holding itself out to the public as a continuation of the Debtors or their respective estates and the Sale does not amount to a consolidation, merger, or *de facto* merger of the Purchaser and the Debtors.

**Validity of Transfer**

W. ~~V. The applicable boards of directors or managers, as applicable, of the Debtors have authorized the execution and delivery of the Asset Purchase Agreement and the Sale of the Purchased Assets to the Purchaser.~~ Subject to entry of this Order, the Debtors (i) have full corporate power and authority to ~~assume~~execute and deliver the Asset Purchase Agreement and all other documents contemplated thereby, as applicable, (ii) have all of the power and authority necessary to consummate the Sale, and (iii) have taken all action necessary to authorize and approve the Asset Purchase Agreement and to consummate the Sale, and no further consents or approvals, other than those expressly provided for in the Asset Purchase Agreement, are required for the Debtors to consummate the transactions contemplated by the Asset Purchase Agreement, except as otherwise set forth in the Asset Purchase Agreement. The Purchased Assets constitute

(Page | 16)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

property of the Debtors' estates within the meaning of section 541(a) of the Bankruptcy Code, and title thereto is presently vested in the Debtors' estates.

## Section 363(f) Is Satisfied

X.    ~~W.~~ The Sale of the Purchased Assets to the Purchaser, including the Contracts, under the terms of the Asset Purchase Agreement meets the applicable provisions of section 363(f) of the Bankruptcy Code such that the Sale of the Purchased Assets will be free and clear of any and all liens, claims, ~~encumbrances~~Encumbrances, and other interests, and will not subject the Purchaser to any liability for any claims whatsoever (including, without limitation, under any theory of equitable law, antitrust, or successor or transferee liability) (collectively, "Claims and Interests"), except as expressly provided in the Asset Purchase Agreement with respect to the Assumed Liabilities and Permitted ~~Encumbrances~~Liens.  All holders of Claims and Interests who did not object or who withdrew their objections to the Sale are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code and all holders of Claims and Interests are adequately protected—thus satisfying section 363(e) of the Bankruptcy Code—by having their Claims and Interests, if any, attach to the proceeds of the Sale ultimately attributable to the property against or in which they assert Claims and Interests or other specifically dedicated funds in the same order of priority and with the same validity, force, and effect that such holder had prior to the Sale, subject to (a) any rights, claims, and defenses of the Debtors or their estates, as applicable and (b) paragraph ~~39 of~~41of this Order.  Those holders of

(Page | 17)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Claims and Interests who did object and who have an interest in the Purchased Assets fall under

one or more of the other subsections of section 363(f) of the Bankruptcy Code.

Y.    ~~X.~~ The transfer of the Purchased Assets to the Purchaser under the Asset Purchase

Agreement will be a legal, valid, and effective transfer of all of the legal, equitable, and

beneficial right, title, and interest in and to the Purchased Assets free and clear of all Claims and

Interests, except as expressly provided in the Asset Purchase Agreement with respect to the

Assumed Liabilities and Permitted ~~Encumbrances~~Liens. The Debtors may sell their interests in

the Purchased Assets free and clear of all Claims and Interests because, in each case, one or more

of the standards set forth in section 363(f) has been satisfied. The Purchaser would not have

entered into the Asset Purchase Agreement and the Transaction Documents and would not

consummate the transactions contemplated thereby, including, without limitation, the Sale, (i) if

the transfer of the Purchased Assets was not free and clear of all interest of any kind or nature

whatsoever, including, without limitation, rights or claims based on any successor, transferee,

derivative or vicarious liability or any similar theory, and/or applicable state or federal law or

otherwise or (ii) if the Purchaser or any of its affiliates or designees would, or in the future could,

be liable for any interests, including, without limitation, rights or claims based on any successor,

transferee, derivative or vicarious liability or any similar theory, and/or applicable state or federal

law or otherwise, in each case, subject only to the Assumed Liabilities and Permitted

~~Encumbrances~~Liens. Not transferring the Purchased Assets free and clear of all Claims and

(Page | 18)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Interests of any kind or nature whatsoever, including, without limitation, rights or claims based on any successor, transferee, derivative or vicarious liability or any similar theory, and/or applicable state or federal law or otherwise (subject only to the Assumed Liabilities and Permitted EncumbrancesLiens) would adversely impact the Debtors' efforts to maximize the value of their estates.

**Assumption and Assignment of the Contracts**

Z.     The assumption and assignment of the Contracts pursuant to the terms of this Order are integral to the Asset Purchase Agreement, are in the best interests of the Debtors and their respective estates, creditors, and other parties in interest, and represent the reasonable exercise of sound and prudent business judgment by the Debtors.

AA.     Y.   The Debtors served the initiala Contract Assumption Notice on Mayeach non-Debtor counterparty to a Contract on or before [●], 2025.  In accordance with the Assumption and Assignment Procedures, the objection deadline for all Contracts listed on such notice is May [●], 2025fourteen (14) days from the date of service, and the objection deadline to any Contract listed on a Supplemental Assumption Notice (as defined in the Bidding Procedures Order and, together with each Contract Assumption Notice, collectively, the "Assumption Notice") shall be set forth in such notice (each, a "Contract Objection Deadline") and be in accordance with the Assumption and Assignment Procedures.

(Page | 19)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

BB.    Z. The Debtors have demonstrated that it is a reasonable exercise of their sound business judgment to assume and assign the Contracts to the Purchaser pursuant to the terms of this Order and the Asset Purchase Agreement, in each case in connection with the consummation of the Sale, and the assumption and assignment of the Contracts is in the best interests of the Debtors, their estates and creditors, and other parties in interest.

CC.    AA. Any non-Debtor counterparty to any Contract that has not actually filed with the Court an objection, or who withdrew an objection or does not timely file an objection to an Assumption Notice by the applicable Contract Objection Deadline, is deemed to have consented to such assumption and assignment and the Cure Amountcure cost, if any.

DD.    BB. The Cure Amountscure cost set forth on the Contract Assumption Notice, if any, are the sole amounts necessary under section 365 of the Bankruptcy Code to cure all defaults and pay all actual pecuniary losses under the Contracts, unless otherwise determined by the Court or by agreement of the Debtors and the non-Debtor counterparty, and such assumption and assignment to Purchaser shall be deemed approved by this Order without further order of this Court.  The findings of fact in this paragraph BB shall not apply to any non-Debtor counterparty to a Contract prior to the applicable Contract Objection Deadline, absent the consent of the non-Debtor counterparty.

(Page | 20)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

EE.    ~~CC.~~ The Debtors shall have the right, in accordance with and subject to the Bidding Procedures Order, to serve a Supplemental Assumption Notice upon any non-Debtor counterparty indicating the Debtors' intent to assume and assign such executory contract.

FF.    ~~DD.~~ The Debtors have met all requirements of section 365(b) of the Bankruptcy Code for each of the Contracts. The Debtors have (i) cured and/or provided adequate assurance of cure of any default existing prior to the ~~applicable closing~~Closing under all of the Contracts, within the meaning of section 365(b)(1)(A) of the Bankruptcy Code and (ii) provided compensation or adequate assurance of compensation to any counterparty for actual pecuniary loss to such party resulting from a default prior to ~~the applicable~~Closing under any of the Contracts. The Purchaser has provided adequate assurance of future performance within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) and in accordance with the Bidding Procedures to the extent that any such assurance is required and not waived by the counterparties to such Contracts. The findings of fact in this paragraph ~~DD~~ shall not apply to any non-Debtor counterparty to a Contract prior to the applicable Contract Objection Deadline, absent the consent of the non-Debtor counterparty.

**Prompt Consummation**

GG.    ~~EE.~~ The sale of the Purchased Assets must be approved and consummated promptly to ~~comply with the terms of the Asset Purchase Agreement,~~ maximize value for the Debtors' estates, and avoid irreparable harm to the Debtors' estates and their stakeholders,

(Page | 21)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

including their creditors and customers. Time, therefore, is of the essence in effectuating the Asset Purchase Agreement. As such, the Debtors and the Purchaser intend to close the sale of the Purchased Assets as soon as reasonably practicable in accordance with the terms of the Asset Purchase Agreement. The Debtors have demonstrated immediate and irreparable harm absent entry of this Order and compelling circumstances and a good, sufficient, and sound business purpose and justification for the immediate approval and consummation of the Asset Purchase Agreement. Accordingly, ~~(i) there would be immediate and irreparable harm absent the waiver of Bankruptcy Rule 6003(a), and (ii)~~ there is sufficient cause to waive the stay provided in ~~the~~ Bankruptcy ~~Rules~~Rule 6004(h) and 6006(d) and any other applicable Bankruptcy Rule or Local Rule.

## NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

### General Provisions

1.     The Motion is **GRANTED** as set forth herein.

2.     All objections to or ~~reservation~~reservations of rights with respect to the Motion or the relief requested therein that have not been withdrawn or resolved are overruled with prejudice. All persons and entities who did not object or withdraw their objections to the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

(Page | 22)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

3.      The Asset Purchase Agreement, attached hereto as ~~Schedule~~**Exhibit** 1, and the other Transaction Documents and all terms and conditions thereof, are hereby approved in all respects.  The failure to specifically include any particular provision of the Asset Purchase Agreement or the Transaction Documents in this Order shall not diminish or impair the effectiveness of such provision.

4.      [●] is hereby approved as the Designated Backup Bidder. If the Asset Purchase Agreement is terminated, pursuant to the Bidding Procedures, the purchase agreement with the Designated Backup Bidder (the "Backup Bidder APA"), shall be approved, and the Debtors may consummate the Backup Bidder APA in accordance with its terms.

(Page | 23)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~ Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

**Transfer of the Purchased Assets
as set forth in the Asset Purchase Agreement**

5. ~~4.~~ The Debtors are authorized, but not directed, to take any and all actions necessary and appropriate to cause the Sellers to: (a) consummate the transactions contemplated by the Asset Purchase Agreement and the Transaction Documents in accordance with the terms thereof; (b) sell the Purchased Assets to the Purchaser for the purchase price in accordance with the terms of this Order and the Asset Purchase Agreement and the Transaction Documents; ~~and~~ (c) assume and assign any and all Contracts, and (d) otherwise implement and effectuate the terms of the Asset Purchase Agreement and the Transaction Documents.

6. ~~5.~~ Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, upon ~~each closing~~ Closing, all of the Debtors' right, title, and interest in and to, and possession of, the Purchased Assets shall be transferred to the Purchaser, free and clear of any and all Claims and Interests, with all such Claims and Interests to attach to the proceeds of the Purchased Assets in the order of their priority, with the same force, effect, and validity that they had immediately prior to the entry of this Order, subject to any rights, claims, or defenses the Debtors may have with respect thereto, *except* with respect to any Assumed Liabilities or Permitted ~~Encumbrances~~ Liens allowed under the Asset Purchase Agreement and subject to paragraph ~~39~~ 41 of this Order.  Such transfer shall constitute a legal, valid, binding, and effective transfer of the Purchased Assets.

(Page | 24)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

7. ~~6.~~ As set forth in the Asset Purchase Agreement, the Purchaser is not acquiring any of the Excluded Assets or assuming any of the Excluded Liabilities.

8. ~~7.~~ Except for (a) the Assumed Liabilities expressly set forth in the Asset Purchase Agreement or described therein or (b) the Permitted ~~Encumbrances~~Liens expressly set forth in the Asset Purchase Agreement~~,~~ none of the Purchaser, its successors or assigns, or any of their respective affiliates shall have any liability for any Claims and Interests that (x) arose prior to the date of ~~each applicable closing~~Closing, or (y) otherwise is assertable against the Debtors or is related to the Purchased Assets prior to the date of ~~such applicable closing~~Closing, including, for the avoidance of doubt, Claims and Interests arising out of the Excluded Liabilities.

9. ~~8.~~ All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with, or which would be inconsistent with, the ability of the Debtors to transfer the Purchased Assets to the Purchaser in accordance with the Asset Purchase Agreement, the Transaction Documents, and this Order.

10. ~~9.~~ At ~~each applicable closing~~Closing, all of the Debtors' right, title, and interest in and to, and possession of, the corresponding Purchased Assets shall be immediately vested in the Purchaser pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code. Such transfer shall constitute a legal, valid, enforceable, and effective transfer of such Purchased Assets. All persons or entities presently or at or after ~~each applicable closing~~Closing in possession of some or all of the corresponding Purchased Assets are directed to surrender possession of any and all

(Page | 25)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

portions of such Purchased Assets to the Purchaser or its respective designees ~~on each applicable closing~~at Closing or at such time thereafter as the Purchaser may request.

11. ~~10.~~ This Order (a) shall be effective as a determination that, as of ~~each applicable closing~~Closing, (i) no Claims and Interests other than the corresponding Assumed Liabilities and Permitted ~~Encumbrances~~Liens will be assertable against the Purchaser or any of its assets, (ii) the corresponding Purchased Assets shall have been transferred to the Purchaser free and clear of all Claims and Interests, subject only to the applicable Assumed Liabilities and Permitted ~~Encumbrances~~Liens, and (iii) the conveyances described herein have been effected, and (b) is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, registrars of patents, trademarks, or other intellectual property, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement and the Transaction Documents. The Purchased Assets are sold free and clear of any reclamation rights.  All Claims and Interests on the Purchased Assets shall attach to the proceeds of the Sale ultimately attributable to the property against which such Claims and Interests applied or other specifically dedicated funds, in

(Page | 26)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

the same order of priority and with the same validity, force, and effect that such Claims and

Interests applied prior to the Sale, subject to any rights, claims, and defenses of the Debtors or

their estates, as applicable, subject to paragraph ~~39~~41 of this Order.

12.    ~~11.~~ Except as otherwise provided in the Asset Purchase Agreement, all persons

and entities (and their respective successors and assigns), including, but not limited to, all debt

security holders, equity security holders, affiliates, governmental, tax, and regulatory authorities,

lenders, customers, vendors, employees, trade creditors, litigation claimants, and other creditors

holding claims arising under or out of, in connection with or in any way relating to, the Debtors,

the Purchased Assets, and the ownership, sale, or operation of the Purchased Assets prior to ~~each~~

~~applicable closing~~Closing or the transfer of the applicable Purchased Assets to the Purchaser are

hereby forever barred, estopped, and permanently enjoined from asserting such claims against

the Purchaser and its property (including, without limitation, the Purchased Assets).  Following

~~each applicable closing~~Closing, no holder of any claim or interest shall interfere with the

Purchaser's title to or use and enjoyment of the corresponding Purchased Assets based on or

related to any such claim or interest or based on any action the ~~Debtor~~Debtors may take in their

chapter 11 cases.

13.    ~~12.~~ If any person or entity that has filed financing statements, mortgages,

mechanic's claims, *lis pendens*, or other documents or agreements evidencing claims against the

Debtors or in the Purchased Assets shall not have delivered to the Debtors prior to ~~each~~

(Page | 27)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

~~applicable closing of each Sale~~Closing, in proper form for filing and executed by the appropriate

parties, termination statements, instruments of satisfaction, and/or releases of all Claims and

Interests that the person or entity has with respect to the Debtors or the Purchased Assets or

otherwise, then only with regard to the Purchased Assets that are purchased by the Purchaser

pursuant to the Asset Purchase Agreement and this Order: (a) the Debtors are hereby authorized

and directed to execute and file such statements, instruments, releases, and other documents on

behalf of the person or entity with respect to the Purchased Assets; (b) the Purchaser is hereby

authorized to file, register, or otherwise record a certified copy of this Order, which, once filed,

registered, or otherwise recorded, shall constitute conclusive evidence of the release of all

Claims and Interests against the Purchaser Parties and the Purchased Assets; and (c) upon

consummation of the Sale, the Purchaser may seek in this Court or any other court to compel

appropriate parties to execute termination statements, instruments of satisfaction, and releases of

all Claims and Interests that are extinguished or otherwise released pursuant to this Order under

section 363 of the Bankruptcy Code and any other provisions of the Bankruptcy Code with

respect to the Purchased Assets.  This Order is deemed to be in recordable form sufficient to be

placed in the filing or recording system of each and every federal, state, or local government

agency, department, or office.  Notwithstanding the foregoing, the provisions of this Order

authorizing the Sale and assignment of the Purchased Assets free and clear of Claims and

Interests shall be self-executing and neither the Debtors nor the Purchaser shall be required to

(Page | 28)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

execute or file releases, termination statements, assignments, consents, or other instruments to effectuate, consummate, and implement the provisions of this Order.

14. ~~13.~~ Effective upon ~~each applicable closing~~Closing, all persons and entities are forever prohibited and enjoined from commencing or continuing in any matter any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral, or other proceeding against the Purchaser or its assets (including, without limitation, the Purchased Assets), with respect to any (a) claim in these chapter 11 cases or in connection with or related to the Sale or the Debtors or (b) Successor or Transferee Liability (defined below), including, without limitation, the following actions with respect to clauses (a) and (b): (i) commencing or continuing any action or other proceeding pending or threatened; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any lien, claim, interest, or ~~encumbrance~~Encumbrance; (iv) asserting any set-off, right of subrogation, or recoupment of any kind; (v) commencing or continuing any action in any manner or place that does not comply with, or is inconsistent with, the provisions of this Order or other orders of this Court, or the agreements or actions contemplated or taken in respect hereof; or (vi) revoking, terminating, failing, or refusing to renew any License (defined below) to operate any business in connection with the Purchased Assets or conduct any of the businesses operated with respect to such assets.

(Page | 29)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~ Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

**No Successor or Transferee Liability**

15. ~~14.~~ The Purchaser shall not be deemed, as a result of any action taken in connection with the Asset Purchase Agreement, the consummation of the Sale, or the transfer, operation, or use of the Purchased Assets to (a) be a legal successor or otherwise be deemed a successor to the Debtors (other than with respect to any Assumed Liabilities and Permitted ~~Encumbrances~~ Liens arising after ~~each applicable closing~~ Closing), (b) have, *de facto* or otherwise, merged with or into the Debtors, or (c) be an alter ego or a mere continuation or substantial continuation of the Debtors or the enterprise of the Debtors, including, without limitation, within the meaning of any foreign, federal, state, or local revenue law, pension law, the Employee Retirement Income Security Act of 1974 (as amended), tax law, labor law, products liability law, employment law, environmental law, or other law, rule, or regulation (including, without limitation, filing requirements under any such laws, rules, or regulations), or under any products liability law or doctrine with respect to the Debtors' liability under such law, rule, or regulation.

16. ~~15.~~ Immediately prior to each closing, ~~the~~ Purchaser was not an ~~"~~"insider~~"~~" or ~~"~~"affiliate~~"~~" of the Debtors, as those terms are defined in the Bankruptcy Code, and no common identity of incorporators, directors, or controlling stockholders existed between the Purchaser and the Debtors.

(Page | 30)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

17.   ~~16.~~ Other than as expressly set forth in the Asset Purchase Agreement, the Purchaser shall not have any responsibility for (a) any liability or other obligation of the Debtors or related to the Purchased Assets or (b) any claims against the Debtors or any of their predecessors or affiliates. Except as expressly provided in the Asset Purchase Agreement with respect to the Purchaser, the Purchaser shall not have any liability whatsoever with respect to the Debtors' (or their predecessors' or affiliates') respective businesses or operations or any of the Debtors' (or their predecessors' or affiliates') obligations (as defined herein, "Successor or Transferee Liability") based, in whole or part, directly or indirectly, on any theory of successor or vicarious liability of any kind or character, or based upon any theory of antitrust, environmental, successor, or transferee liability, *de facto* merger or substantial continuity, labor and employment or products liability, whether known or unknown as of ~~each applicable closing~~Closing, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated, including, without limitation, liabilities on account of (a) any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the Purchased Assets or the Assumed Liabilities or the Permitted ~~Encumbrances~~Liens or prior to ~~each applicable closing~~Closing or in respect of ~~pre-closing~~pre-Closing periods or (b) any plan, agreement, practice, policy, or program, whether written or unwritten, providing for pension, retirement, health, welfare, compensation or other employee benefit which is or has been

(Page | 31)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

sponsored, maintained, or contributed to by any Debtor or with respect to which any Debtor has any liability, whether or not contingent.

**~~Good Faith Purchaser~~**

~~17.    The Sale contemplated by the Asset Purchase Agreement is undertaken by the Purchaser without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale unless such authorization and consummation of such Sale (including, without limitation, the assumption and assignment of the Contracts) are duly and properly stayed pending such appeal.~~

~~18.    Neither the Debtors nor the Purchaser have engaged in any action or inaction that would cause or permit the Sale to be avoided or costs or damages to be imposed under section 363(n) of the Bankruptcy Code.   The consideration provided by the Purchaser for the Purchased Assets under the Asset Purchase Agreement is fair and reasonable and the Sale may not be avoided, and costs and damages may not be imposed, under section 363(n) of the Bankruptcy Code.~~

**Assumption and Assignment of Contracts**

18.    ~~19.~~ The applicable non-Debtor counterparties may object to the assumption and assignment to the Purchaser of the applicable Contract in accordance with the Assumption and Assignment Procedures and, to the extent this Order is entered prior to any Contract Objection

(Page | 32)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Deadline, the applicable Contracts may be assumed and assigned to the Purchaser no earlier than

the occurrence of the applicable Contract Objection Deadline, absent the consent of the

non-Debtor counterparty to the Contract.

19.   ~~20.~~ Subject to paragraph ~~20, upon the Closing~~18, the Debtors are authorized at

Closing to assume and assign each of the ~~applicable~~ Contracts to the Purchaser ~~free and clear of~~

~~all Claims and Interests in accordance with the Assumption and Assignment Procedures~~

~~described in the Motion~~pursuant to sections 105(a) and 365 of the Bankruptcy Code and to

execute and deliver to the Purchaser (or its designee) such documents or other instruments as

may be necessary to assign and transfer the Contracts to the Purchaser.  The payment of the

applicable ~~Cure Amounts~~cure costs (if any) shall~~:~~ (a) effect a cure of all defaults existing

thereunder as of ~~the applicable closing date;~~Closing and (b) compensate for any actual pecuniary

loss to such ~~non-Debtor party~~counterparty resulting from such default~~; and (c) together with the~~

~~assumption of the Contracts by the Purchaser, constitute adequate assurance of future~~

~~performance thereof.  The Purchaser shall then have assumed the Contracts and, pursuant to~~

~~section 365(f) of the Bankruptcy Code, the assignment by the Debtors thereof shall not be a~~

~~default thereunder.  After the payment of the relevant Cure Amounts, neither the Debtors nor the~~

~~Purchaser shall have any further liabilities to the non-Debtor parties to the Contracts other than~~

~~the Purchaser's obligations under the Contracts that become due and payable on or after the~~

~~applicable closing date.~~.

(Page | 33)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

20.   Pursuant to section 365(f) of the Bankruptcy Code, subject to the payment of the applicable cure costs, the Contracts to be assumed and assigned under the Asset Purchase Agreement shall be assigned and transferred to, and remain in full force and effect for the benefit of, the Purchaser, notwithstanding any provision in the contracts or other restrictions prohibiting their assignment or transfer. Any provisions in any Contract that prohibit or condition the assignment of such Contract to the Purchaser or allow the counterparty to such Contract to terminate, recapture, impose any penalty, condition on renewal or extension, or modify any term or condition upon the assignment of such Contract to the Purchaser constitute unenforceable anti-assignment provisions that are void and of no force and effect. All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtors and assignment to the Purchaser of the Contracts have been satisfied. Subject to paragraph 18, upon Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Purchaser shall be fully and irrevocably vested with all right, title, and interest of the Debtors under the Contracts, and such Contracts shall remain in full force and effect for the benefit of the Purchaser. Each counterparty to the Contracts shall be forever barred, estopped, and permanently enjoined from (a) asserting against the Debtors or any Purchaser or their respective property any assignment fee, acceleration, default, breach or claim or pecuniary loss, or condition to assignment existing, arising, or accruing as of Closing or arising by reason of any such Closing, including, without limitation, any breach related to or arising out of change-in-control

(Page | 34)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

provisions in such Contracts, or any purported written or oral modification to the Contracts and (b) asserting against any Purchaser (or its respective property, including, without limitation, the Purchased Assets) any claim, counterclaim, defense, breach, condition, or setoff asserted, or assertable against the Debtors, including, without limitation, claims arising out of or related to service or notice of the Contract Assumption Notice, all existing as of Closing or arising by reason of any such Closing, except for the Assumed Liabilities and Permitted Liens.

21.     Subject to paragraph ~~20, the Contracts shall, as of the Closing, be valid and binding on the Purchaser and the other non-Debtor counter-parties thereto, and in full force and effect and enforceable~~18, upon Closing and the payment of the relevant cure costs, if any, in accordance with ~~their respective terms.   Following such assignment,~~the terms of the Asset Purchase Agreement, the Purchaser shall be deemed to be substituted for the Debtors as a party to the applicable Contracts and the Debtors shall be ~~relieved~~released, pursuant to section 365(k) of the Bankruptcy Code, from any liability under the Contracts.  There shall be no assignment fees, increases, or any other fees charged to the Purchaser or the Debtors as a result of the assumption and assignment of the Contracts.  The failure of the Debtors or the Purchaser to enforce at any time one or more terms or conditions of any Contract shall not be a waiver of such terms or conditions or of the right of the Debtors or the Purchaser, as the case may be, to enforce every term and condition of such Contract.  The validity of the assumption and assignment of any Contract to the Purchaser shall not be affected by any existing dispute between the Debtors

(Page | 35)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

and any counterparty to such Contract.  Any party that may have had the right to consent to the assignment of any Contract has received adequate notice of the proposed assignment of such Contract and is deemed to have consented for the purposes of section 365(e)(2)(A) of the Bankruptcy Code.

22.    All defaults or other obligations of the Debtors under the Contracts arising or accruing after the applicable Contract Objection Deadline and prior to Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be cured on Closing Date, or as soon thereafter as reasonably practicable, or by such other time agreed to by the Debtors and the applicable counterparty.

23.    The assignments of each of the Contracts are made in good faith under sections 363(b) and (m) of the Bankruptcy Code.

24.    The applicable non-Debtor counterparties may object to the assumption and assignment to the Purchaser of the applicable Contract in accordance with the Assumption and Assignment Procedures and, to the extent this Order is entered prior to any Contract Objection Deadline, the applicable Contracts may be assumed and assigned to the Purchaser no earlier than the occurrence of the applicable Contract Objection Deadline, absent the consent of the non-Debtor counterparty to the Contract.

(Page | 36)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

25.     Subject to paragraph 18, the Debtors are authorized at Closing to assume and assign each of the Contracts to the Purchaser pursuant to sections 105(a) and 365 of the Bankruptcy Code and to execute and deliver to the Purchaser (or its designee) such documents or other instruments as may be necessary to assign and transfer the Contracts to the Purchaser.  The payment of the applicable cure costs (if any) shall (a) effect a cure of all defaults existing thereunder as of the relevant Closing and (b) compensate for any actual pecuniary loss to such counterparty resulting from such default.

26.     ~~22.~~ Pursuant to section 365(f) of the Bankruptcy Code, subject to the payment of the applicable cure costs, the Contracts to be assumed and assigned under the Asset Purchase Agreement shall be assigned and transferred to, and remain in full force and effect for the benefit of, the Purchaser, notwithstanding any provision in the contracts or other restrictions prohibiting their assignment or transfer.     Any provisions in any ~~Contracts that prohibits or conditions~~Contract that prohibit or condition the assignment of such ~~Contracts or allows the non-Debtor party to such Contracts~~Contract to the Purchaser or allow the counterparty to such Contract to terminate, recapture, impose any penalty, condition on renewal or extension, or modify any term or condition upon the assignment of such ~~Contracts,~~Contract to the Purchaser constitute unenforceable anti-assignment provisions that are void and of no force and effect.  All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtors and assignment to the Purchaser of the Contracts have been satisfied.

(Page | 37)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Subject to paragraph ~~20~~18, upon ~~each applicable closing~~Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Purchaser shall be fully and irrevocably vested with all ~~rights~~right, title, and interest of the Debtors under the ~~applicable Contracts.~~Contracts, and such Contracts shall remain in full force and effect for the benefit of the Purchaser. Each counterparty to the Contracts shall be forever barred, estopped, and permanently enjoined from (a) asserting against the Debtors or any Purchaser or their respective property any assignment fee, acceleration, default, breach or claim or pecuniary loss, or condition to assignment existing, arising, or accruing as of Closing or arising by reason of any such Closing, including, without limitation, any breach related to or arising out of change-in-control provisions in such Contracts, or any purported written or oral modification to the Contracts and (b) asserting against any Purchaser (or its respective property, including, without limitation, the Purchased Assets) any claim, counterclaim, defense, breach, condition, or setoff asserted, or assertable against the Debtors, including, without limitation, claims arising out of or related to service or notice of the Contract Assumption Notice, all existing as of Closing or arising by reason of any such Closing, except for the Assumed Liabilities and Permitted Liens.

~~23. The Purchaser has provided adequate assurance of its future performance under the relevant Contracts within the meaning of sections 365(b)(l)(C) and 365(f)(2)(B) of the Bankruptcy Code.~~

(Page | 38)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

27. ~~24.~~ Subject to paragraph 18, upon Closing and the payment of the relevant cure costs, if any, in accordance with the terms of the Asset Purchase Agreement, the Purchaser shall be deemed to be substituted for the Debtors as a party to the applicable Contracts and the Debtors shall be released, pursuant to section 365(k) of the Bankruptcy Code, from any liability under the Contracts. There shall be no ~~rent accelerations,~~ assignment fees, increases ~~(including advertising rates),~~ or any other fees charged to the Purchaser or the Debtors as a result of the assumption and assignment of the Contracts. The failure of the Debtors or the Purchaser to enforce at any time one or more terms or conditions of any Contract shall not be a waiver of such terms or conditions or of the right of the Debtors or the Purchaser, as the case may be, to enforce every term and condition of such Contract. The validity of the assumption and assignment of any Contract to the Purchaser shall not be affected by any existing dispute between the Debtors and any counterparty to such Contract. Any party that may have had the right to consent to the assignment of any Contract has received adequate notice of the proposed assignment of such Contract and is deemed to have consented for the purposes of section 365(e)(2)(A) of the Bankruptcy Code.

28. All defaults or other obligations of the Debtors under the Contracts arising or accruing after the applicable Contract Objection Deadline and prior to Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be cured on Closing Date, or as soon thereafter as

(Page | 39)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~ Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

reasonably practicable, or by such other time agreed to by the Debtors and the applicable counterparty.

**Good Faith Purchaser**

29.     The Sale contemplated by the Asset Purchase Agreement is undertaken by the Purchaser without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale unless such authorization and consummation of such Sale are duly and properly stayed pending such appeal.

30.     Neither the Debtors nor the Purchaser have engaged in any action or inaction that would cause or permit the Sale to be avoided or costs or damages to be imposed under section 363(n) of the Bankruptcy Code.  The consideration provided by the Purchaser for the Purchased Assets under the Asset Purchase Agreement is fair and reasonable and the Sale may not be avoided, and costs and damages may not be imposed, under section 363(n) of the Bankruptcy Code.

~~25. From and after the applicable Contract Objection Deadline, each non-Debtor party to a Contracts shall (i) be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts with respect to such Contracts and the Debtors and Purchaser shall be entitled to rely solely upon the Cure Amounts on the applicable Assumption Notice, and (ii) be forever barred and estopped from asserting or claiming against the Debtors, any purchaser~~

(Page | 40)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

~~of the Debtors' assets, including the Purchaser, and any assigned of any Contracts that any additional amounts as of the date of assignment are due or defaults exist under such Contracts.~~

~~26.  Subject to paragraph 20, any Contracts proposed to be assumed and assigned to Purchaser for which there is a timely objection outstanding with respect solely to the Cure Amount may be assumed and assigned prior to resolution of such objection, so long as (i) the Debtors or Purchaser, as applicable, in accordance with the Asset Purchase Agreement, pay any undisputed portion of the Cure Amount on or before the applicable closing date, and (ii) the Debtors or the Purchaser agrees to pay the disputed portion of the Cure Amount pending resolution of the dispute and if so required thereunder.  The assumption and assignment of any such Contracts shall be effective immediately upon the payment of the undisputed Cure Amount, without the need for further order of the Court.~~

~~27.  Subject to paragraph 20, pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, all parties to the Contracts are forever barred and enjoined from raising or asserting against Purchaser any assignment fee, default, breach or claim or pecuniary loss, or condition to assignment, arising under or related to the Contracts existing as of the applicable closing date or arising by reason of the closing.~~

~~28.  The assignments of each Contract are made in good faith under sections 363(b) and (m) of the Bankruptcy Code.~~

(Page | 41)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

## Other Provisions

31. ~~29.~~ To the maximum extent permitted by applicable law and the Asset Purchase Agreement and other Transaction Documents, the Purchaser shall be authorized, as of ~~each closing~~Closing, to operate under any license, permit, registration, and governmental authorization or approval (collectively, the "Licenses") of the Debtors with respect to the Purchased Assets.

32. ~~30.~~ To the extent provided by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or License relating to the Purchased Assets sold, transferred, or conveyed to the Purchaser on account of the filing or pendency of these chapter 11 cases or the consummation of the Sale contemplated by the Asset Purchase Agreement.

33. ~~31.~~ The Asset Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in writing and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

34. ~~32.~~ The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted with respect to the Debtors to the extent necessary, without further order of the Court, (a) to allow the Purchaser to give the Debtors any notice provided for in the Asset Purchase

(Page | 42)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~ Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Agreement, (b) to allow the Purchaser to take any and all actions permitted by the Asset Purchase Agreement and the Transaction Documents in accordance with the terms and conditions thereof, including, without limitation, effectuating the Sale and the other transactions contemplated by the Asset Purchase Agreement and the Transaction Documents, and (c) to otherwise implement the terms and provisions of the Asset Purchase Agreement, the Transaction Documents, and this Order.

35.     ~~33.~~ The terms and provisions of the Asset Purchase Agreement, and this Order shall be binding in all respects upon the Debtors, their ~~Affiliates,~~ affiliates, their estates, all creditors of (whether known or unknown) and holders of equity interests in any Debtor, any holders of claims against or on all or any portion of the Purchased Assets, all counterparties to the Contracts, the Purchaser, and all of their respective successors and assigns, including, but not limited to, as applicable, any subsequent trustee(s), examiner(s), or receiver(s) appointed in any of the Debtors' chapter 11 cases or upon conversion to chapter 7 under the Bankruptcy Code, as to which the terms and provisions of such trustee(s), examiner(s), or receiver(s) likewise shall be binding.  The Asset Purchase Agreement shall not be subject to rejection or avoidance by the Debtors, their estates, their creditors, their shareholders, or any trustee(s), examiner(s), receiver(s), or any other successor parties in interest.

36.     ~~34.~~ The terms and provisions of this Order and any actions taken pursuant hereto shall survive entry of an order which may be entered: (a) confirming any chapter 11 plan in any

(Page | 43)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

of these chapter 11 cases; (b) converting any of the chapter 11 cases to a case under chapter 7 of the Bankruptcy Code; (c) dismissing any of the chapter 11 cases; (d) transferring venue of the chapter 11 cases to a court other than this Court; or (e) pursuant to which this Court abstains from hearing any of the chapter 11 cases.  The terms and provisions of this Order, notwithstanding the entry of any such orders described in (a)–(e) above, shall continue in these chapter 11 cases or following dismissal of these chapter 11 cases.

37.    ~~35.~~ Each and every federal, state, and local governmental agency, department, or official is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement and the Transaction Documents.

38.    ~~36.~~ The Asset Purchase Agreement and the Sale contemplated hereunder shall not be subject to any bulk sales laws or any similar law of any state or jurisdiction.

39.    ~~37.~~ The Asset Purchase Agreement may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof, without further order of the Court; *provided* that any such modification, amendment, or supplement does not, based on the Debtors' business judgment, and in consultation with the Consultation Parties (as defined in the Bidding Procedures), have ~~an~~a material adverse effect on the Debtors' estates or their creditors.  The Debtors shall provide the Consultation Parties and the U.S. Trustee with prior notice of any such modification, amendment, or supplement of the Asset Purchase Agreement.

(Page | 44)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

40. ~~38.~~ This Order is and shall be binding upon all persons and entities that may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or that may be required to report or insure any title or state of title in or to any property; and each of the foregoing persons and entities shall accept for filing any and all of the documents and instruments necessary and appropriate to consummate the Asset Purchase Agreement.

41. ~~39.~~ Any Transaction Fee[42] due to Guggenheim Securities, LLC ("Guggenheim Securities") as a result of the closing of any Sale Transaction shall be segregated and escrowed (for the exclusive benefit of Guggenheim Securities) in the Debtors' or their agents' bank accounts from the proceeds of such Sale Transaction (including, without limitation, from the proceeds of any liquidation or other disposition of the Debtors' assets), as an express carve-out from the collateral of the Debtors' pre- and post-petition secured lenders, prior to any other use or distribution of such proceeds.  If any Sale Transaction is the result of a successful bid without a cash component sufficient to pay the corresponding Transaction Fee due to Guggenheim Securities in full, then any resulting unpaid portion of the Transaction Fee due to Guggenheim Securities shall be segregated and escrowed (for the exclusive benefit of

---

[42] Capitalized terms used in this paragraph and not otherwise defined herein shall have the meanings ascribed to such terms in that certain amended and restated engagement letter between Guggenheim Securities and the Debtors, dated as of May 5, 2025, a copy of which ~~will be~~was filed in connection with the Debtors' application to retain Guggenheim Securities~~, LLC~~ [Docket No. 652].

(Page | 45)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~ Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Guggenheim Securities) at the closing of such Sale Transaction from the available cash of the Debtors, as an express carve-out from the collateral of the Debtors' pre- and post-petition secured lenders.  Nothing in this Order shall prohibit or be construed to prohibit the use of any unencumbered assets of the Debtors or the proceeds thereof to pay any fees and expenses of Guggenheim Securities or the assertion or allowance of an administrative priority claim under sections 503(b)(2) and 507(a)(2) of the Bankruptcy Code, if applicable, on account of any fees or expenses of Guggenheim Securities.  Notwithstanding anything to the contrary set forth herein, the requirements and obligations contained in this paragraph ~~39~~ to pay Guggenheim Securities any such Transaction Fee on account of such Sale Transaction shall be subject in all respects to ~~entry of a final order of this Court authorizing the retention of~~ the *Order (I) Authorizing the Debtors to Retain and Employ* Guggenheim Securities ~~as investment banker to the Debtors~~, *LLC as Investment Banker Effective as of the Petition Date, (II) Modifying Certain Time-Keeping Requirements, and (III) Granting Related Relief* [Docket No. 1045] (the "Guggenheim Securities Retention Order") and the terms of the Guggenheim Securities Retention Order, and the entry of an order by the Court approving any such fees including the Transaction Fee.  All rights of the U.S. Trustee are reserved to object to such fees including the Transaction Fee pursuant to 11 U.S.C. § 330.

(Page | 46)

Debtors:                 NEW RITE AID, LLC, et al.
Case No.               25-14861 (MBK)
Caption of Order:   Order (I) Authorizing the Debtors to Enter Into and Perform Under the
                             [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of
                             Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and
                             Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the
                             Assumed Contracts to Purchaser and Establishing Cure Amounts Related
                             Thereto in Accordance with the Assumption and Assignment
                             Procedures~~Certain Executory Contracts in Connection Therewith, and (IV)
                             Granting Related Relief

42. ~~40.~~ To the extent there are any inconsistencies between this Order, the Motion,

the Bidding Procedures Order, the Bidding Procedures, the Asset Purchase Agreement, and the

Transaction Documents, the terms of this Order shall control.

43. ~~41.~~ Except to the extent expressly provided herein, notwithstanding the relief

granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be

deemed: (a) an admission as to the validity of any prepetition claim, interest, or lien against a

Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any

prepetition claim, interest, or lien on any grounds; (c) a promise or requirement to pay prepetition

claims; (d) a waiver of the obligation of any party in interest to file a proof of claim; (e) an

implication or admission that any particular claim, interest, or lien is of a type specified or

defined in the Motion or this Order; (f) an authorization to assume any prepetition agreement,

contract, or lease pursuant to section 365 of the Bankruptcy Code; or (g) a waiver of the Debtors'

or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

44. ~~42.~~ The Debtors, in connection with offering a product or service, have not

disclosed any policies prohibiting the transfer of ~~personally identifiable information~~Personal

Information about individuals to persons that are not affiliated with the Debtors that are

inconsistent with the Sale.  Nothing contained in this Order prejudices parties in interest from

seeking the appointment of a consumer privacy ombudsman in connection with any other

proposed sale.

(Page | 47)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

~~43. The Debtors have demonstrated that without the approval of the Order, the Debtors' stakeholders will be harmed, including the Debtors' creditors and its customers. Further, such harm cannot not be redressed by a legal or equity remedy. Accordingly, the Debtors have demonstrated that the requested relief is "necessary to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003(a).~~

45. ~~44.~~ Notwithstanding the possible applicability of Bankruptcy Rules ~~6003(a),~~ 6004(h), 6006(d), 7062, and 9014 or any other Bankruptcy Rules or Local Rules to the contrary, the terms and conditions of this Order shall be effective and enforceable immediately upon entry, and the Debtors and the Purchaser are authorized to close the Sale immediately upon entry of this Order.

46. ~~45.~~ Notice of the Motion, the Sale Hearing, the Asset Purchase Agreement, and the Sale, ~~and the proposed assumption and assignment of the Contracts, as provided therein,~~ including through distribution of the Sale ~~Notice and the Assumption~~ Notice shall be deemed good and sufficient notice of such Motion, the Sale Hearing, the Asset Purchase Agreement, and the Sale, and ~~the proposed assumption and assignment of the Contracts, and~~ the requirements of Bankruptcy Rules 2002, 6004(a), and 6004(c) and the Local Rules are satisfied by such notice. The Sale Notice is hereby approved.

47. ~~46.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

(Page | 48)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

48.  Notwithstanding any provision to the contrary in this Order, any Transaction Documents, or any other document related to the sale of the Purchased Assets, with respect to the United States of America (including all agencies, departments, and instrumentalities thereof, the "United States"), nothing shall:

    i.  release, nullify, preclude, or enjoin the enforcement of any police or regulatory powers;

    ii.  affect the setoff or recoupment rights of the United States against the Debtors;

    iii.  confer exclusive jurisdiction to the Bankruptcy Court except to the extent set forth in 28 U.S.C. § 1334 (as limited by any other provisions of the United States Code);

    iv.  solely to the extent included in the Acquired Assets, authorize the assumption, assignment, sale or other transfer of any federal:  (a) grants, (b) grant funds, (c) contracts, (d) agreements, (e) awards, (f) task orders, (g) property, (h) leases, (i) certifications, (j) applications, (k) registrations, (l) billing numbers, (m) national provider identifiers, (n) provider transaction access numbers, (o) licenses, (p) permits, (q) covenants, (r) inventory, (s) guarantees, (t) indemnifications, (u) data, (v) records, or (w) any other interests belonging to the United States (collectively, "Federal Interests"), without compliance by the Debtors and Purchaser with the terms of the Federal Interests or, to the extent section 365 of the Bankruptcy Code is applicable, section 365(c);

    v.  be interpreted to set cure amounts under section 365 of the Bankruptcy Code or to require the United States to novate, approve or otherwise consent to the sale, assumption, assignment or other transfer of any Federal Interests; or

    vi.  expand the scope of 11 U.S.C.§ 525.

(Page | 49)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

49.    In the event of an inconsistency or conflict between any provision of the Transaction Documents and any provision of this Order, as to the United States, the provisions of this Order shall govern.

50.    Notwithstanding any provision to the contrary in this Order, any Transaction Documents, or any other document related to the sale of the Purchased Assets, after Closing, nothing in such documents shall release, nullify, preclude, or enjoin the enforcement of any police or regulatory powers, under environmental statutes or regulations, to a governmental unit that any entity would be subject to as the post-sale owner or operator of the applicable Purchased Assets after the date of the Closing.

51.    Nothing in this Order, the Transaction Documents, or any document, agreement, or instrument contemplated by any of the foregoing, including any "transition services or transition period agreements", shall: (a) be construed to authorize or permit (i) the assumption and/or assignment of any surety bond issued by (A) International Fidelity Insurance Company and/or its affiliates, (B) Berkley Insurance Company, (C) The Hanover Insurance Company, and/or (D) RLI Insurance Company (items A through D, collectively, the "Sureties" and, each individually, a "Surety") on behalf of the Debtors (collectively, the "Surety Bonds" and, each individually, a "Surety Bond"), (ii) the assumption and/or assignment of any indemnity agreements executed by one or more of the Debtors pursuant to which the Surety Bonds were issued (the "Indemnity Agreements" and, each individually, an "Indemnity Agreement"), or (iii)

(Page | 50)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

obligate a Surety to replace any Surety Bond and/or issue any new surety bond on behalf of a Purchaser; or (b) be deemed to provide a Surety's consent to the involuntary substitution of any principal under any Surety Bond and/or any Indemnity Agreement, including, for the avoidance of doubt, that the Purchaser shall not be a substitute principal under any Surety Bond or any Indemnity Agreement absent a Surety's consent thereto or further order of the Bankruptcy Court. Additionally, nothing in this Order, the Transaction Documents, or any "transition agreement", or any other document, agreement, or instrument contemplated by any of the foregoing shall be deemed to alter, limit, modify, release, waive, or prejudice any rights, remedies, and/or defenses that the Sureties have or may have under applicable bankruptcy and non-bankruptcy laws, under any of the their respective Surety Agreements, or related agreements, or any letters of credit, or other Surety collateral relating thereto.

52.    With respect to any cure, assumption, and/or adequate assurance objections (each, an "Assumption Objection") timely filed in accordance with the Assumption and Assignment Procedures, the Debtors will address such Assumption Objections at a later hearing, unless (i) resolved by agreement of the Debtors and the non-Debtor counterparty, including through ordinary-course reconciliation, or (ii) the Debtors withdraw the request to seek to assume and assign such executory contract or unexpired lease. Accordingly, notwithstanding anything to the contrary in the Bidding Procedures Order or this Order, a non-Debtor counterparty's Assumption Objection timely filed in accordance with the Assumption and Assignment Procedures

(Page | 51)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

challenging assumption and assignment, including any adequate assurance-related issues (including evidence), is expressly reserved until a later hearing and the findings of fact in this Order shall not waive, impair, or limit any right of non-Debtor counterparties to assert such Assumption Objections.  No non-Debtor counterparty that timely files an Assumption Objection in accordance with the Assumption and Assignment Procedures needs to object to or challenge the assumption or assumption and assignment of their executory contract or unexpired lease in connection with the Sale Hearing or this Order, including any challenge to adequate assurance and cure amounts, to preserve their rights for that later hearing.  Furthermore, to the extent a non-Debtor counterparty timely files an Assumption Objection in accordance with the Assumption and Assignment Procedures, the Debtors shall not be entitled to a waiver of Federal Rule of Bankruptcy Procedure 6006(d) with respect to such lease(s), but reserve the right to seek Bankruptcy Court approval of such waiver, with the non-Debtor counterparty's right to object to such request fully preserved.

53.    Nothing in this Sale Order shall authorize the sale of any credits and/or chargebacks provided by Haleon US Services, Inc. f/k/a GSK Consumer Healthcare Services Inc. to any of the Debtors (including but not limited to Loyalty and/or Co-op Funding, Feature Ad Costs and/or other promotional costs associated with Haleon brands as well as any other type of credit Rite Aid may assert) (the "Credits"), and such Credits shall be an asset excluded from any such sale.

(Page | 52)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

54.    Notwithstanding anything to the contrary in this Order, the Motion, any Asset

Purchase Agreement, the Transaction Documents, the Bidding Procedures Order, the Bidding

Procedures, the Assumption and Assignment Procedures, any Contract Assumption Notice, any

Supplemental Contract Assumption Notice, any notice or list of Assigned Contracts and/or Cure

Payments, or any documents relating to any of the foregoing, (a) nothing shall permit or

otherwise effectuate a sale, assumption, assignment or any other transfer to any Purchaser at this

time of (i) any insurance policies that have been issued by ACE American Insurance Company

and/or any of its U.S.-based affiliates and/or any predecessors and successors of any of the

foregoing (collectively, and solely in their capacities as insurers under the foregoing policies,

the "Chubb Companies") to, or pursuant to which coverage is provided to, any of the Sellers (or

their affiliates or predecessors) at any time, and all agreements, documents or instruments

relating to such policies, including, without limitation, any collateral or security provided by or

on behalf of any of the Sellers (or their affiliates or predecessors) to any of the Chubb Companies

and the proceeds thereof (collectively, the "Chubb Insurance Contracts"), and/or (ii) any rights,

interests, proceeds, benefits, claims, rights to payments and/or recoveries under or related to such

Chubb Insurance Contracts including, without limitation, any of the Chubb Companies'

indemnity, subrogation, setoff, recoupment, and/or other rights; (b) the Chubb Insurance

Contracts and any rights, interests, proceeds, benefits, claims, rights to payments and/or

recoveries under or related to such Chubb Insurance Contracts (i) are not and shall not be

(Page | 53)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

deemed to be Assigned Contracts, Purchased Assets, or a portion of any of the Purchased Assets sold, assigned or otherwise transferred as part of any the Sale hereunder, and (ii) shall be deemed to be Excluded Assets; (c) nothing herein shall alter, modify or otherwise amend the terms, conditions, rights, and/or obligations of and/or under the Chubb Insurance Contracts; (d) for the avoidance of doubt, the Purchaser is not, and shall not be deemed to be, insureds under any of the Chubb Insurance Contracts; *provided*, *however*, that, to the extent any claim with respect to the Purchased Assets arises that is covered by the Chubb Insurance Contracts, the Debtors may pursue such claim in accordance with the terms of the Chubb Insurance Contracts, and, if applicable, turn over to the Purchaser any such insurance proceeds (each, a "Proceed Turnover"), *provided*, *further*, *however*, that the Chubb Companies shall not have any duty to the Purchaser to effectuate a Proceed Turnover or liability to the Purchaser related to a Proceed Turnover.

55.    For the avoidance of doubt, the Purchased Assets shall not include any of the Debtors' rights arising under or in connection with that certain Supply Agreement between Rite Aid Corporation and McKesson Corporation ("McKesson"), dated as of August 30, 2024 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "Supply Agreement"), including any rebates, rights of return, set-off, recoupment, indemnification, rights to the assignment of antitrust claims, or related assets of the Debtors. Notwithstanding anything to the contrary in this Order, but without limiting the Purchaser's protections under this Order, McKesson's rights (a) against the Debtors under the Supply

(Page | 54)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name] Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Agreement, and (b) against the Debtors and/or any other parties to any intercreditor agreements related to the Supply Agreement under such intercreditor agreements are fully reserved.

56. ~~47.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## ~~Schedule~~Exhibit 1

**Asset Purchase Agreement**

**<u>Exhibit C</u>**

**KPH Proposed Sale Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No. 25-14861 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND
PERFORM UNDER THE KPH HEALTHCARE SERVICES ASSET PURCHASE
AGREEMENT, (II) APPROVING THE SALE OF PURCHASED ASSETS FREE
AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND
(III) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS IN CONNECTION THEREWITH, AND (IV) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through forty-six (46) is **ORDERED**.

---

[1]    The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025.  The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Upon the motion, dated May 6, 2025 [Docket No. 17] (the "Motion"),[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections 105, 363, and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules for the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), for an order (this "Order"): (a) authorizing and approving the entry into and performance under the terms and conditions of that certain Asset Purchase Agreement, dated as of June 17, 2025, by and among certain of the Debtors (the "Sellers") and KPH Healthcare Services, Inc., (the "Purchaser"), substantially in the form attached hereto as **Exhibit 1** to the Order (as it may be amended, modified, or supplemented in accordance with its terms, the "Asset Purchase Agreement"), and all other transaction documents necessary and desirable to consummate the transactions contemplated by the Asset Purchase Agreement (the "Transaction Documents"); (b) authorizing the Debtors to sell the Purchased Assets (as defined in the Asset Purchase Agreement) to the Purchaser as described in the Asset Purchase Agreement, free and clear of liens, claims, Encumbrances, and other interests pursuant to section 363(f) of the Bankruptcy Code and in accordance with the terms set forth in

---

[2]    Capitalized terms used but not otherwise defined herein have the meaning given to such terms in the Motion, the *Order (I) Approving the Auction and Bidding Procedures, (II) Scheduling Certain Dates and Deadlines With Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice With Respect Thereto, and (VII) Granting Related Relief*, [Docket No. 473] (the "Bidding Procedures Order"), the Bidding Procedures, or the Asset Purchase Agreement, as applicable.

(Page | 4)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

the Asset Purchase Agreement (the "Sale"); (c) providing that the appointment of a consumer

privacy ombudsman is not required; and (d) granting related relief, all as more fully set forth in

the Motion; and the Court having entered the Bidding Procedures Order [Docket No. 473]; and the

Debtors having scheduled an auction (the "Auction") for the Purchased Assets; and the Debtors,

on June 23, 2025, having filed the *Notice of (I) Sale by Auction and Sale Hearing for Debtors'*

*Thrifty Assets and (II) Adjournment of Auction with Respect to the Debtors' Other Remaining*

*Assets* [Docket No. 1062], adjourning the Auction with respect to the Remaining Assets *sine die*,

in accordance with the Bidding Procedures; and the Debtors having determined that the Purchaser

has submitted the highest or otherwise best bid for the Purchased Assets and determined that the

Purchaser is the Successful Bidder, in accordance with the Bidding Procedures; and the Debtors

having served the notice of the Auction and notice of the Sale Hearing (the "Sale Notice") in

accordance with the Bidding Procedures Order; and the Debtors having filed and served the Notice

of Successful Bidder with respect to the Purchased Assets in accordance with the Bidding

Procedures, and the Debtors having filed the form of Order on May 9, 2025, and the Court having

held a hearing on June 30, 2025 (the "Sale Hearing"), at which time all interested parties were

offered an opportunity to be heard with respect to the Motion and the proposed Order; and the

Court having reviewed and considered the Motion, the Asset Purchase Agreement, the proposed

Order, and any and all objections to the Sale, the Asset Purchase Agreement, and the other

Transaction Documents filed in accordance with the Bidding Procedures Order; and upon the First

Day Declaration; the *Declaration of Adam Rifkin in Support of the Debtors' Bidding Procedures*

(Page | 5)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

*Motion* [Docket No. 20] (the "Bidding Procedures Declaration") and the *Declaration of Adam Rifkin in Support of Debtors' Omnibus Reply in Support of Sale of Remaining Assets* (the "Remaining Asset Sale Declaration"); and the Frejka Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their stakeholders, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and the proposed Order was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the Sale Hearing; and this Court having determined that the legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing, it is hereby

## FOUND, CONCLUDED, AND DETERMINED THAT:

### Petition Date; Jurisdiction, Venue, and Final Order

A.   On May 5, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

(Page | 6)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

B.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h), 6006(d), and any other applicable Bankruptcy Rules or Local Rules, and to any extent necessary under Bankruptcy Rule 9014 and Federal Rule of Civil Procedure 54(b), as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of judgment as set forth herein.

D.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

**Notice of the Bidding Procedures Order, the Bidding Procedures,
the Asset Purchase Agreement and the Sale, the Auction, the Sale Hearing, and this Order**

E.      As evidenced by the Sale Notice and service thereof [Docket No. 342], the Notice of Successful Bidder [Docket No. [●]], the form of Order [Docket No. 186], affidavits of service and publication previously filed with this Court, proper, timely, adequate, and sufficient notice of the Sale Hearing, the Asset Purchase Agreement, entry of this Order, and the Sale has been provided in accordance with section 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004,

(Page | 7)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

9007, and 9014, and Local Rule 6004-3.   The foregoing notice was good, sufficient, and appropriate under the circumstances, and no other or further notice of the Sale Hearing, the Asset Purchase Agreement, or the Sale is required.

F.   No further notice beyond that described in this Order is required in connection with the Sale.

G.   A reasonable opportunity to object or to be heard regarding the relief requested in the Motion was afforded to all interested persons and entities.

H.   The *Notice of Potentially Assumed Executory Contracts and Unexpired Leases* (the "Contract Assumption Notice") [Docket No. ●] is appropriate and reasonably calculated to provide each non-Debtor counterparty to the applicable Contracts (as defined in the Bidding Procedures Order) with proper notice of the potential assumption and assignment of the applicable Contract, the proposed cure cost, and the Assumption and Assignment Procedures (as set forth in the Bidding Procedures Order).   The inclusion of any particular Contracts on any Assumption Notice (defined below) shall not be deemed to be an admission that such contract or lease is an executory contract or unexpired lease of property or require or guarantee that such contract or lease will be assumed and/or assigned, and all rights of the Debtors with respect to the foregoing are reserved.

I.   In accordance with the Bidding Procedures Order, the Debtors have served a notice of their intent to assume and assign the Contracts and of the cure costs therefor upon each counterparty to a Contract.   The service and provision of such notice was good, sufficient, and

(Page | 8)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

appropriate under the circumstances and no further or other notice need be given in respect of assumption and assignment of the Contracts or establishment of cure costs for the respective Contracts.  Pursuant to the Bidding Procedures Order, counterparties to the Contracts have had or will have had an adequate opportunity to object to assumption and assignment of the applicable Contracts and the cure costs therefor as set forth in the notice (including objections related to adequate assurance of future performance and objections based on whether applicable law excuses the counterparty from accepting performance by, or rendering performance to, the Purchaser (or its designee) for purposes of section 365(c)(1) of the Bankruptcy Code).

### Authority to Execute and Perform Under the Asset Purchase Agreement

J.      The Debtors' performance under the Asset Purchase Agreement is approved in all respects.  The Debtors are authorized to execute and perform under the Asset Purchase Agreement pursuant to sections 363 of the Bankruptcy Code and may close the Sale pursuant to the Asset Purchase Agreement.

### Highest or Best Offer

K.      The Debtors conducted a sale process in accordance with (i) and have complied in all respects with the Bidding Procedures Order and (ii) the purpose of obtaining the highest or otherwise best offer for, and have afforded a full, fair, and reasonable opportunity for any interested party to make a higher or otherwise better offer to purchase, the Purchased Assets (including assumption of the Assumed Liabilities).

(Page | 9)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

L.      (i) Prior to and from and after the commencement of these chapter 11 cases, the Debtors and their advisors engaged in a robust and extensive marketing and sale process and exercised sound business judgment, as more fully detailed in the Bidding Procedures Declaration and the First Day Declaration; (ii) the Bidding Procedures were substantively and procedurally fair to all parties and the Debtors conducted a fair and open sale process in compliance therewith, (iii) the sale process, the Bidding Procedures, and the Auction, were non-collusive, duly noticed, and provided a full, fair, reasonable, and adequate opportunity for any entity that either expressed an interest in acquiring the Purchased Assets, or who the Debtors believed may have had an interest in acquiring the Purchased Assets, to make an offer to purchase the Debtors' assets, including, without limitation the Purchased Assets, (iv) the Debtors and the Purchaser have negotiated and undertaken their roles leading to the entry into the Asset Purchase Agreement in a diligent, non-collusive, fair, reasonable, and good-faith manner; and (v) the sale process conducted by the Debtors pursuant to the Bidding Procedures and the Bidding Procedures Order resulted in the highest or otherwise best value for the Purchased Assets for the Debtors and their estates, was in the best interest of the Debtors, their estates, their creditors, and all parties in interest, and any other transaction would not have yielded as favorable a result.  There is no legal or equitable reason to delay entry into the Asset Purchase Agreement and the transactions contemplated therein.

M.      Approval of the Asset Purchase Agreement, and the consummation of the Sale contemplated thereby, is in the best interests of the Debtors, their respective creditors, estates, and other parties in interest.  The Debtors have demonstrated good, sufficient, and sound business

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

reasons and justifications for entering into the Sale and the performance of their obligations under the Asset Purchase Agreement.  The Sale must be approved and consummated in order to maximize the value of the Debtors' estates.

N.      The consummation of the Sale outside a plan of reorganization pursuant to the Asset Purchase Agreement neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates the terms of a plan of reorganization or liquidation for the Debtors.  The Sale does not constitute a *sub rosa* chapter 11 plan for which approval has been sought without the protections that a disclosure statement would afford.

O.      Entry of an order approving the Asset Purchase Agreement and all the provisions thereof is a necessary condition precedent to the Purchaser's consummation of the Sale.

**<u>Personally Identifiable Information</u>**

P.      As set forth in the Frejka Declaration, the sale, conveyance, assignment, and transfer of personally identifiable information (as defined in section 101(41A) of the Bankruptcy Code) ("<u>Personal Information</u>") pursuant to the terms of the Asset Purchase Agreement is consistent with the terms of the Debtors' policies regarding the transfer of such Personal Information as of the Petition Date, and, as a result, consummation of the Sale as set forth in the Asset Purchase Agreement is permitted pursuant to section 363(b)(1)(A) of the Bankruptcy Code.  Accordingly, appointment of a consumer privacy ombudsman in accordance with sections 363(b)(1) or 332 of the Bankruptcy Code is not required with respect to the Sale and the transactions contemplated by the Asset Purchase Agreement.  To the extent applicable, the Notice

(Page | 11)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

of Successful Bidder (as defined in the Motion) contains any information required pursuant to

Bankruptcy Rule 2002(c)(1).

## **Good Faith of the Purchaser**

Q.      The consideration to be paid by the Purchaser under the Asset Purchase Agreement

was negotiated at arm's length, in good faith, and without collusion pursuant to section 363(m) of

the Bankruptcy Code and constitutes reasonably equivalent value and fair and adequate

consideration for the Purchased Assets.  Specifically: (i) the Purchaser recognized that the Debtors

were free to deal with any other party interested in purchasing the Purchased Assets; (ii) the

Purchaser complied in all respects with the provisions in the Bidding Procedures Order in

negotiating and entering into the Asset Purchase Agreement and the other Transaction Documents,

and the Asset Purchase Agreement, the other Transaction Documents, and the transactions

described therein comply with the Bidding Procedures Order; (iii) the Purchaser agreed to subject

any bid to the competitive bid procedures set forth in the Bidding Procedures Order; (iv) all

payments made by the Purchaser in connection with the Sale have been disclosed in the Asset

Purchase Agreement; (v) no common identity of directors, officers, or controlling stockholders

exists among the Purchaser and the Debtors; (vi) the negotiation and execution of the Asset

Purchase Agreement was at arm's length and in good faith, and at all times each of the Purchaser

and the Debtors were represented by competent counsel of their choosing; and (vii) the Purchaser

has not acted in a collusive manner with any person.  The Purchaser will be acting in good faith

within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

contemplated by the Asset Purchase Agreement. The terms and conditions set forth in the Asset Purchase Agreement are fair and reasonable under the circumstances and were not entered into for the purpose of, nor do they have the effect of, hindering, delaying, or defrauding the Debtors or their creditors under any applicable laws.

R.       The Debtors, the Purchaser, and each of their respective management, boards of directors, members, officers, directors, employees, agents, and representatives, as applicable, have acted in good faith. The Asset Purchase Agreement and the other Transaction Documents were negotiated, proposed, and entered into by the Debtors and the Purchaser in good faith, without collusion or fraud, and from arm's-length bargaining positions. The Purchaser is a "good faith purchaser" within the meaning of section 363(m) of the Bankruptcy Code, and, as such, is entitled to all the protections afforded thereby.

S.       The Asset Purchase Agreement and the transactions contemplated thereby cannot be avoided under section 363(n) of the Bankruptcy Code. The Debtors, the Purchaser, and their respective agents, representatives, and affiliates have not engaged in any conduct that would cause or permit the Asset Purchase Agreement or the consummation of the transactions contemplated thereby to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

## No Fraudulent Transfer

T.       The consideration provided by the Purchaser pursuant to the Asset Purchase Agreement for its purchase of the Purchased Assets and the assumption of the Assumed Liabilities

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the

Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act, and under the laws of

the United States, any state, territory, possession, and the District of Columbia.

U.     Neither the Purchaser nor its past, present, and future subsidiaries, parents,

divisions, affiliates, agents, representatives, insurers, attorneys, successors, and assigns, nor any

of its nor their respective directors, managers, officers, employees, shareholders, members, agents,

representatives, attorneys, contractors, subcontractors, independent contractors, owners, insurance

companies, or partners (collectively, the "Purchaser Parties") is a continuation of the Debtors or

their respective estates, and the Purchaser is not holding itself out to the public as a continuation

of the Debtors or their respective estates and the Sale does not amount to a consolidation, merger,

or *de facto* merger of the Purchaser and the Debtors.

**Validity of Transfer**

V.     Subject to entry of this Order, the Debtors (i) have full corporate power and

authority to execute and deliver the Asset Purchase Agreement and all other documents

contemplated thereby, as applicable, (ii) have all of the power and authority necessary to

consummate the Sale, and (iii) have taken all action necessary to authorize and approve the Asset

Purchase Agreement and to consummate the Sale, and no further consents or approvals, other than

those expressly provided for in the Asset Purchase Agreement, are required for the Debtors to

consummate the transactions contemplated by the Asset Purchase Agreement, except as otherwise

set forth in the Asset Purchase Agreement.   The Purchased Assets constitute property of the

(Page | 14)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Debtors' estates within the meaning of section 541(a) of the Bankruptcy Code, and title thereto is presently vested in the Debtors' estates.

### **Section 363(f) Is Satisfied**

W.     The Sale of the Purchased Assets to the Purchaser, including the Contracts, under the terms of the Asset Purchase Agreement meets the applicable provisions of section 363(f) of the Bankruptcy Code such that the Sale of the Purchased Assets will be free and clear of any and all liens, claims, Encumbrances, and other interests, and will not subject the Purchaser to any liability for any claims whatsoever (including, without limitation, under any theory of equitable law, antitrust, or successor or transferee liability) (collectively, "Claims and Interests"), except as expressly provided in the Asset Purchase Agreement with respect to the Assumed Liabilities and Permitted Liens[3].  All holders of Claims and Interests who did not object or who withdrew their objections to the Sale are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code and all holders of Claims and Interests are adequately protected—thus

---

[3]     "Permitted Lien" means (i) Liens for utilities and Taxes not yet due and payable, or that are being contested in good faith, or the nonpayment of which is permitted or required by the Bankruptcy Code, (ii) easements, rights of way, restrictive covenants, encroachments and similar non-monetary liens or non-monetary impediments against any of the Purchased Assets which do not, individually or in the aggregate, adversely affect the operation of the Purchased Assets in any material respect and, in the case of the Assumed Lease, which do not, individually or in the aggregate, adversely affect the use or occupancy of the Assumed Lease in any material respect, (iii) applicable zoning Laws, building codes, land use restrictions and other similar restrictions imposed by Law which are not violated in any material respect by the current use or occupancy of the Assumed Lease, (iv) materialmans', mechanics', artisans', shippers', warehousemans' or other similar common law or statutory liens incurred in the Ordinary Course of Business for amounts not yet due and payable or that are being contested by appropriate proceedings, (v) licenses granted on a non-exclusive basis, (vi) such other Liens or title exceptions which do not, individually or in the aggregate, materially and adversely affect the operation of the Purchased Assets, (vii) matters that would be disclosed by an accurate survey or inspection of the applicable real property, (viii) with respect to any leased real property, any Liens to which the fee or any superior leasehold is subject and any Lien in favor of the lessor on the Purchased Assets located at such leased real property, or (ix) solely prior to the Closing, any Liens that will be removed or released by operation of the Sale Order.

| | |
|---|---|
| (Page | 15) | |
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

satisfying section 363(e) of the Bankruptcy Code—by having their Claims and Interests, if any, attach to the proceeds of the Sale ultimately attributable to the property against or in which they assert Claims and Interests or other specifically dedicated funds in the same order of priority and with the same validity, force, and effect that such holder had prior to the Sale, subject to (a) any rights, claims, and defenses of the Debtors or their estates, as applicable and (b) paragraph 40 of this Order.  Those holders of Claims and Interests who did object and who have an interest in the Purchased Assets fall under one or more of the other subsections of section 363(f) of the Bankruptcy Code.

X.      The transfer of the Purchased Assets to the Purchaser under the Asset Purchase Agreement will be a legal, valid, and effective transfer of all of the legal, equitable, and beneficial right, title, and interest in and to the Purchased Assets free and clear of all Claims and Interests, except as expressly provided in the Asset Purchase Agreement with respect to the Assumed Liabilities and Permitted Liens.  The Debtors may sell their interests in the Purchased Assets free and clear of all Claims and Interests because, in each case, one or more of the standards set forth in section 363(f) has been satisfied.  The Purchaser would not have entered into the Asset Purchase Agreement and the Transaction Documents and would not consummate the transactions contemplated thereby, including, without limitation, the Sale, (i) if the transfer of the Purchased Assets was not free and clear of all interest of any kind or nature whatsoever, including, without limitation, rights or claims based on any successor, transferee, derivative or vicarious liability or any similar theory, and/or applicable state or federal law or otherwise or (ii) if the Purchaser or

(Page | 16)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

any of its affiliates or designees would, or in the future could, be liable for any interests, including, without limitation, rights or claims based on any successor, transferee, derivative or vicarious liability or any similar theory, and/or applicable state or federal law or otherwise, in each case, subject only to the Assumed Liabilities and Permitted Liens.  Not transferring the Purchased Assets free and clear of all Claims and Interests of any kind or nature whatsoever, including, without limitation, rights or claims based on any successor, transferee, derivative or vicarious liability or any similar theory, and/or applicable state or federal law or otherwise (subject only to the Assumed Liabilities and Permitted Liens) would adversely impact the Debtors' efforts to maximize the value of their estates.

## Assumption and Assignment of Contracts

Y.    The assumption and assignment of the Contracts pursuant to the terms of this Order are integral to the Asset Purchase Agreement, are in the best interests of the Debtors and their respective estates, creditors, and other parties in interest, and represent the reasonable exercise of sound and prudent business judgment by the Debtors.

Z.    The Debtors served a Contract Assumption Notice on each non-Debtor counterparty to a Contract on or before [●], 2025.  In accordance with the Assumption and Assignment Procedures, the objection deadline for all Contracts listed on such notice is fourteen (14) days from the date of service, and the objection deadline to any Contract listed on a Supplemental Assumption Notice (as defined in the Bidding Procedures Order and, together with each Contract Assumption Notice, collectively, the "Assumption Notice") shall be set forth in such

(Page | 17)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

notice (each, a "Contract Objection Deadline") and be in accordance with the Assumption and Assignment Procedures.

AA.    The Debtors have demonstrated that it is a reasonable exercise of their sound business judgment to assume and assign the Contracts to the Purchaser pursuant to the terms of this Order and the Asset Purchase Agreement, in each case in connection with the consummation of the Sale, and the assumption and assignment of the Contracts is in the best interests of the Debtors, their estates and creditors, and other parties in interest.

BB.    Any non-Debtor counterparty to any Contract that has not actually filed with the Court an objection, or who withdrew an objection or does not timely file an objection to an Assumption Notice by the applicable Contract Objection Deadline, is deemed to have consented to such assumption and assignment and the cure cost, if any.

CC.    The cure cost set forth on the Contract Assumption Notice, if any, are the sole amounts necessary under section 365 of the Bankruptcy Code to cure all defaults and pay all actual pecuniary losses under the Contracts, unless otherwise determined by the Court or by agreement of the Debtors and the non-Debtor counterparty, and such assumption and assignment to Purchaser shall be deemed approved by this Order without further order of this Court.  The findings of fact in this paragraph shall not apply to any non-Debtor counterparty to a Contract prior to the applicable Contract Objection Deadline, absent the consent of the non-Debtor counterparty.

(Page | 18)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

DD.     The Debtors shall have the right, in accordance with and subject to the Bidding Procedures Order, to serve a Supplemental Assumption Notice upon any non-Debtor counterparty indicating the Debtors' intent to assume and assign such executory contract.

EE.     The Debtors have met all requirements of section 365(b) of the Bankruptcy Code for each of the Contracts.  The Debtors have (i) cured and/or provided adequate assurance of cure of any default existing prior to the Closing under all of the Contracts, within the meaning of section 365(b)(1)(A) of the Bankruptcy Code and (ii) provided compensation or adequate assurance of compensation to any counterparty for actual pecuniary loss to such party resulting from a default prior to Closing under any of the Contracts.  The Purchaser has provided adequate assurance of future performance within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) and in accordance with the Bidding Procedures to the extent that any such assurance is required and not waived by the counterparties to such Contracts.  The findings of fact in this paragraph shall not apply to any non-Debtor counterparty to a Contract prior to the applicable Contract Objection Deadline, absent the consent of the non-Debtor counterparty.

## **Prompt Consummation**

FF.     The sale of the Purchased Assets must be approved and consummated promptly to maximize value for the Debtors' estates, and avoid irreparable harm to the Debtors' estates and their stakeholders, including their creditors and customers.  Time, therefore, is of the essence in effectuating the Asset Purchase Agreement.  As such, the Debtors and the Purchaser intend to close the sale of the Purchased Assets as soon as reasonably practicable in accordance with the terms of

(Page | 19)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

the Asset Purchase Agreement. The Debtors have demonstrated immediate and irreparable harm absent entry of this Order and compelling circumstances and a good, sufficient, and sound business purpose and justification for the immediate approval and consummation of the Asset Purchase Agreement. Accordingly, there is sufficient cause to waive the stay provided in Bankruptcy Rule 6004(h) and 6006(d) and any other applicable Bankruptcy Rule or Local Rule.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

**General Provisions**

1. The Motion is **GRANTED** as set forth herein.

2. All objections to or reservations of rights with respect to the Motion or the relief requested therein that have not been withdrawn or resolved are overruled with prejudice. All persons and entities who did not object or withdraw their objections to the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

3. The Asset Purchase Agreement, attached hereto as **Exhibit 1,** and the other Transaction Documents and all terms and conditions thereof, are hereby approved in all respects. The failure to specifically include any particular provision of the Asset Purchase Agreement or the Transaction Documents in this Order shall not diminish or impair the effectiveness of such provision.

(Page | 20)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

**Transfer of the Purchased Assets**
**as set forth in the Asset Purchase Agreement**

4.       The Debtors are authorized, but not directed, to take any and all actions necessary and appropriate to cause the Sellers to: (a) consummate the transactions contemplated by the Asset Purchase Agreement and the Transaction Documents in accordance with the terms thereof; (b) sell the Purchased Assets to the Purchaser for the purchase price in accordance with the terms of this Order and the Asset Purchase Agreement and the Transaction Documents; (c) assume and assign any and all Contracts, and (d) otherwise implement and effectuate the terms of the Asset Purchase Agreement and the Transaction Documents.

5.       Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, upon Closing, all of the Debtors' right, title, and interest in and to, and possession of, the Purchased Assets shall be transferred to the Purchaser, free and clear of any and all Claims and Interests, with all such Claims and Interests to attach to the proceeds of the Purchased Assets in the order of their priority, with the same force, effect, and validity that they had immediately prior to the entry of this Order, subject to any rights, claims, or defenses the Debtors may have with respect thereto, *except* with respect to any Assumed Liabilities or Permitted Liens allowed under the Asset Purchase Agreement and subject to paragraph 40 of this Order.  Such transfer shall constitute a legal, valid, binding, and effective transfer of the Purchased Assets.

6.       As set forth in the Asset Purchase Agreement, the Purchaser is not acquiring any of the Excluded Assets or assuming any of the Excluded Liabilities.

(Page | 21)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

7.     Except for (a) the Assumed Liabilities expressly set forth in the Asset Purchase Agreement or described therein or (b) the Permitted Liens expressly set forth in the Asset Purchase Agreement none of the Purchaser, its successors or assigns, or any of their respective affiliates shall have any liability for any Claims and Interests that (x) arose prior to the date of Closing, or (y) otherwise is assertable against the Debtors or is related to the Purchased Assets prior to the date of Closing, including, for the avoidance of doubt, Claims and Interests arising out of the Excluded Liabilities.

8.     All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with, or which would be inconsistent with, the ability of the Debtors to transfer the Purchased Assets to the Purchaser in accordance with the Asset Purchase Agreement, the Transaction Documents, and this Order.

9.     At Closing, all of the Debtors' right, title, and interest in and to, and possession of, the corresponding Purchased Assets shall be immediately vested in the Purchaser pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code.  Such transfer shall constitute a legal, valid, enforceable, and effective transfer of such Purchased Assets.  All persons or entities presently or at or after Closing in possession of some or all of the corresponding Purchased Assets are directed to surrender possession of any and all portions of such Purchased Assets to the Purchaser or its respective designees at Closing or at such time thereafter as the Purchaser may request.

(Page | 22)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

10.    This Order (a) shall be effective as a determination that, as of Closing, (i) no Claims and Interests other than the corresponding Assumed Liabilities and Permitted Liens will be assertable against the Purchaser or any of its assets, (ii) the corresponding Purchased Assets shall have been transferred to the Purchaser free and clear of all Claims and Interests, subject only to the applicable Assumed Liabilities and Permitted Liens, and (iii) the conveyances described herein have been effected, and (b) is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, registrars of patents, trademarks, or other intellectual property, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement and the Transaction Documents.  The Purchased Assets are sold free and clear of any reclamation rights. All Claims and Interests on the Purchased Assets shall attach to the proceeds of the Sale ultimately attributable to the property against which such Claims and Interests applied or other specifically dedicated funds, in the same order of priority and with the same validity, force, and effect that such Claims and Interests applied prior to the Sale, subject to any rights, claims, and defenses of the Debtors or their estates, as applicable, subject to paragraph 40 of this Order.

(Page | 23)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

11.    Except as otherwise provided in the Asset Purchase Agreement, all persons and entities (and their respective successors and assigns), including, but not limited to, all debt security holders, equity security holders, affiliates, governmental, tax, and regulatory authorities, lenders, customers, vendors, employees, trade creditors, litigation claimants, and other creditors holding claims arising under or out of, in connection with or in any way relating to, the Debtors, the Purchased Assets, and the ownership, sale, or operation of the Purchased Assets prior to Closing or the transfer of the applicable Purchased Assets to the Purchaser are hereby forever barred, estopped, and permanently enjoined from asserting such claims against the Purchaser and its property (including, without limitation, the Purchased Assets).  Following Closing, no holder of any claim or interest shall interfere with the Purchaser's title to or use and enjoyment of the corresponding Purchased Assets based on or related to any such claim or interest or based on any action the Debtors may take in their chapter 11 cases.

12.    If any person or entity that has filed financing statements, mortgages, mechanic's claims, *lis pendens*, or other documents or agreements evidencing claims against the Debtors or in the Purchased Assets shall not have delivered to the Debtors prior to Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, and/or releases of all Claims and Interests that the person or entity has with respect to the Debtors or the Purchased Assets or otherwise, then only with regard to the Purchased Assets that are purchased by the Purchaser pursuant to the Asset Purchase Agreement and this Order: (a) the Debtors are hereby authorized and directed to execute and file such statements, instruments,

(Page | 24)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

releases, and other documents on behalf of the person or entity with respect to the Purchased Assets; (b) the Purchaser is hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Claims and Interests against the Purchaser Parties and the Purchased Assets; and (c) upon consummation of the Sale, the Purchaser may seek in this Court or any other court to compel appropriate parties to execute termination statements, instruments of satisfaction, and releases of all Claims and Interests that are extinguished or otherwise released pursuant to this Order under section 363 of the Bankruptcy Code and any other provisions of the Bankruptcy Code with respect to the Purchased Assets. This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, or local government agency, department, or office. Notwithstanding the foregoing, the provisions of this Order authorizing the Sale and assignment of the Purchased Assets free and clear of Claims and Interests shall be self-executing and neither the Debtors nor the Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments to effectuate, consummate, and implement the provisions of this Order.

13. Effective upon Closing, all persons and entities are forever prohibited and enjoined from commencing or continuing in any matter any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral, or other proceeding against the Purchaser or its assets (including, without limitation, the Purchased Assets), with respect to any (a) claim in these chapter 11 cases or in connection with or related to the Sale or the Debtors or (b) Successor or

(Page | 25)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Transferee Liability (defined below), including, without limitation, the following actions with respect to clauses (a) and (b): (i) commencing or continuing any action or other proceeding pending or threatened; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any lien, claim, interest, or Encumbrance; (iv) asserting any set-off, right of subrogation, or recoupment of any kind; (v) commencing or continuing any action in any manner or place that does not comply with, or is inconsistent with, the provisions of this Order or other orders of this Court, or the agreements or actions contemplated or taken in respect hereof; or (vi) revoking, terminating, failing, or refusing to renew any License (defined below) to operate any business in connection with the Purchased Assets or conduct any of the businesses operated with respect to such assets.

### No Successor or Transferee Liability

14.     The Purchaser shall not be deemed, as a result of any action taken in connection with the Asset Purchase Agreement, the consummation of the Sale, or the transfer, operation, or use of the Purchased Assets to (a) be a legal successor or otherwise be deemed a successor to the Debtors (other than with respect to any Assumed Liabilities and Permitted Liens arising after Closing), (b) have, *de facto* or otherwise, merged with or into the Debtors, or (c) be an alter ego or a mere continuation or substantial continuation of the Debtors or the enterprise of the Debtors, including, without limitation, within the meaning of any foreign, federal, state, or local revenue law, pension law, the Employee Retirement Income Security Act of 1974 (as amended), tax law, labor law, products liability law, employment law, environmental law, or other law, rule, or

(Page | 26)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

regulation (including, without limitation, filing requirements under any such laws, rules, or regulations), or under any products liability law or doctrine with respect to the Debtors' liability under such law, rule, or regulation.

15.     Immediately prior to each closing, Purchaser was not an "insider" or "affiliate" of the Debtors, as those terms are defined in the Bankruptcy Code, and no common identity of incorporators, directors, or controlling stockholders existed between the Purchaser and the Debtors.

16.     Other than as expressly set forth in the Asset Purchase Agreement, the Purchaser shall not have any responsibility for (a) any liability or other obligation of the Debtors or related to the Purchased Assets or (b) any claims against the Debtors or any of their predecessors or affiliates.  Except as expressly provided in the Asset Purchase Agreement with respect to the Purchaser, the Purchaser shall not have any liability whatsoever with respect to the Debtors' (or their predecessors' or affiliates') respective businesses or operations or any of the Debtors' (or their predecessors' or affiliates') obligations (as defined herein, "Successor or Transferee Liability") based, in whole or part, directly or indirectly, on any theory of successor or vicarious liability of any kind or character, or based upon any theory of antitrust, environmental, successor, or transferee liability, *de facto* merger or substantial continuity, labor and employment or products liability, whether known or unknown as of Closing, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated, including, without limitation, liabilities on account of (a) any taxes arising, accruing, or payable under, out of, in connection with, or in

(Page | 27)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

any way relating to the Purchased Assets or the Assumed Liabilities or prior to Closing or in respect of pre-Closing periods or (b) any plan, agreement, practice, policy, or program, whether written or unwritten, providing for pension, retirement, health, welfare, compensation or other employee benefit which is or has been sponsored, maintained, or contributed to by any Debtor or with respect to which any Debtor has any liability, whether or not contingent.

**Assumption and Assignment of Contracts**

17.    The applicable non-Debtor counterparties may object to the assumption and assignment to the Purchaser of the applicable Contract in accordance with the Assumption and Assignment Procedures and, to the extent this Order is entered prior to any Contract Objection Deadline, the applicable Contracts may be assumed and assigned to the Purchaser no earlier than the occurrence of the applicable Contract Objection Deadline, absent the consent of the non-Debtor counterparty to the Contract.

18.    Subject to paragraph 17, the Debtors are authorized at Closing to assume and assign each of the Contracts to the Purchaser pursuant to sections 105(a) and 365 of the Bankruptcy Code and to execute and deliver to the Purchaser (or its designee) such documents or other instruments as may be necessary to assign and transfer the Contracts to the Purchaser.  The payment of the applicable cure costs (if any) shall (a) effect a cure of all defaults existing thereunder as of Closing and (b) compensate for any actual pecuniary loss to such counterparty resulting from such default.

19.    Pursuant to section 365(f) of the Bankruptcy Code, subject to the payment of the applicable cure costs, the Contracts to be assumed and assigned under the Asset Purchase

(Page | 28)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Agreement shall be assigned and transferred to, and remain in full force and effect for the benefit of, the Purchaser, notwithstanding any provision in the contracts or other restrictions prohibiting their assignment or transfer.  Any provisions in any Contract that prohibit or condition the assignment of such Contract to the Purchaser or allow the counterparty to such Contract to terminate, recapture, impose any penalty, condition on renewal or extension, or modify any term or condition upon the assignment of such Contract to the Purchaser constitute unenforceable anti-assignment provisions that are void and of no force and effect.  All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtors and assignment to the Purchaser of the Contracts have been satisfied.  Subject to paragraph 17, upon Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Purchaser shall be fully and irrevocably vested with all right, title, and interest of the Debtors under the Contracts, and such Contracts shall remain in full force and effect for the benefit of the Purchaser. Each counterparty to the Contracts shall be forever barred, estopped, and permanently enjoined from (a) asserting against the Debtors or any Purchaser or their respective property any assignment fee, acceleration, default, breach or claim or pecuniary loss, or condition to assignment existing, arising, or accruing as of Closing or arising by reason of any such Closing, including, without limitation, any breach related to or arising out of change-in-control provisions in such Contracts, or any purported written or oral modification to the Contracts and (b) asserting against any Purchaser (or its respective property, including, without limitation, the Purchased Assets) any claim, counterclaim, defense, breach, condition, or setoff asserted, or assertable against the

(Page | 29)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Debtors, including, without limitation, claims arising out of or related to service or notice of the Contract Assumption Notice, all existing as of Closing or arising by reason of any such Closing, except for the Assumed Liabilities and Permitted Liens.

20.     Subject to paragraph 17, upon Closing and the payment of the relevant cure costs, if any, in accordance with the terms of the Asset Purchase Agreement, the Purchaser shall be deemed to be substituted for the Debtors as a party to the applicable Contracts and the Debtors shall be released, pursuant to section 365(k) of the Bankruptcy Code, from any liability under the Contracts.  There shall be no assignment fees, increases, or any other fees charged to the Purchaser or the Debtors as a result of the assumption and assignment of the Contracts.  The failure of the Debtors or the Purchaser to enforce at any time one or more terms or conditions of any Contract shall not be a waiver of such terms or conditions or of the right of the Debtors or the Purchaser, as the case may be, to enforce every term and condition of such Contract.  The validity of the assumption and assignment of any Contract to the Purchaser shall not be affected by any existing dispute between the Debtors and any counterparty to such Contract.  Any party that may have had the right to consent to the assignment of any Contract has received adequate notice of the proposed assignment of such Contract and is deemed to have consented for the purposes of section 365(e)(2)(A) of the Bankruptcy Code.

21.     All defaults or other obligations of the Debtors under the Contracts arising or accruing after the applicable Contract Objection Deadline and prior to Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

365(b)(2) of the Bankruptcy Code) shall be cured on Closing Date, or as soon thereafter as reasonably practicable, or by such other time agreed to by the Debtors and the applicable counterparty.

22.     The assignments of each of the Contracts are made in good faith under sections 363(b) and (m) of the Bankruptcy Code.

23.     The applicable non-Debtor counterparties may object to the assumption and assignment to the Purchaser of the applicable Contract in accordance with the Assumption and Assignment Procedures and, to the extent this Order is entered prior to any Contract Objection Deadline, the applicable Contracts may be assumed and assigned to the Purchaser no earlier than the occurrence of the applicable Contract Objection Deadline, absent the consent of the non-Debtor counterparty to the Contract.

24.     Subject to paragraph 17, the Debtors are authorized at Closing to assume and assign each of the Contracts to the Purchaser pursuant to sections 105(a) and 365 of the Bankruptcy Code and to execute and deliver to the Purchaser (or its designee) such documents or other instruments as may be necessary to assign and transfer the Contracts to the Purchaser.  The payment of the applicable cure costs (if any) shall (a) effect a cure of all defaults existing thereunder as of the relevant Closing and (b) compensate for any actual pecuniary loss to such counterparty resulting from such default.

25.     Pursuant to section 365(f) of the Bankruptcy Code, subject to the payment of the applicable cure costs, the Contracts to be assumed and assigned under the Asset Purchase

(Page | 31)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Agreement shall be assigned and transferred to, and remain in full force and effect for the benefit

of, the Purchaser, notwithstanding any provision in the contracts or other restrictions prohibiting

their assignment or transfer.   Any provisions in any Contract that prohibit or condition the

assignment of such Contract to the Purchaser or allow the counterparty to such Contract to

terminate, recapture, impose any penalty, condition on renewal or extension, or modify any term

or condition upon the assignment of such Contract to the Purchaser constitute unenforceable anti-

assignment provisions that are void and of no force and effect.   All other requirements and

conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtors

and assignment to the Purchaser of the Contracts have been satisfied.   Subject to paragraph 17,

upon Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Purchaser

shall be fully and irrevocably vested with all right, title, and interest of the Debtors under the

Contracts, and such Contracts shall remain in full force and effect for the benefit of the Purchaser.

Each counterparty to the Contracts shall be forever barred, estopped, and permanently enjoined

from (a) asserting against the Debtors or any Purchaser or their respective property any assignment

fee, acceleration, default, breach or claim or pecuniary loss, or condition to assignment existing,

arising, or accruing as of Closing or arising by reason of any such Closing, including, without

limitation, any breach related to or arising out of change-in-control provisions in such Contracts,

or any purported written or oral modification to the Contracts and (b) asserting against any

Purchaser (or its respective property, including, without limitation, the Purchased Assets) any

claim, counterclaim, defense, breach, condition, or setoff asserted, or assertable against the

(Page | 32)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Debtors, including, without limitation, claims arising out of or related to service or notice of the Contract Assumption Notice, all existing as of Closing or arising by reason of any such Closing, except for the Assumed Liabilities and Permitted Liens.

26.     Subject to paragraph 17, upon Closing and the payment of the relevant cure costs, if any, in accordance with the terms of the Asset Purchase Agreement, the Purchaser shall be deemed to be substituted for the Debtors as a party to the applicable Contracts and the Debtors shall be released, pursuant to section 365(k) of the Bankruptcy Code, from any liability under the Contracts.  There shall be no assignment fees, increases, or any other fees charged to the Purchaser or the Debtors as a result of the assumption and assignment of the Contracts.  The failure of the Debtors or the Purchaser to enforce at any time one or more terms or conditions of any Contract shall not be a waiver of such terms or conditions or of the right of the Debtors or the Purchaser, as the case may be, to enforce every term and condition of such Contract.  The validity of the assumption and assignment of any Contract to the Purchaser shall not be affected by any existing dispute between the Debtors and any counterparty to such Contract.  Any party that may have had the right to consent to the assignment of any Contract has received adequate notice of the proposed assignment of such Contract and is deemed to have consented for the purposes of section 365(e)(2)(A) of the Bankruptcy Code.

27.     All defaults or other obligations of the Debtors under the Contracts arising or accruing after the applicable Contract Objection Deadline and prior to Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

365(b)(2) of the Bankruptcy Code) shall be cured on Closing Date, or as soon thereafter as reasonably practicable, or by such other time agreed to by the Debtors and the applicable counterparty.

## Good Faith Purchaser

28.    The Sale contemplated by the Asset Purchase Agreement is undertaken by the Purchaser without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale unless such authorization and consummation of such Sale are duly and properly stayed pending such appeal.

29.    Neither the Debtors nor the Purchaser have engaged in any action or inaction that would cause or permit the Sale to be avoided or costs or damages to be imposed under section 363(n) of the Bankruptcy Code.  The consideration provided by the Purchaser for the Purchased Assets under the Asset Purchase Agreement is fair and reasonable and the Sale may not be avoided, and costs and damages may not be imposed, under section 363(n) of the Bankruptcy Code.

## Other Provisions

30.    To the maximum extent permitted by applicable law and the Asset Purchase Agreement and other Transaction Documents, the Purchaser shall be authorized, as of Closing, to

(Page | 34)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

operate under any license, permit, registration, and governmental authorization or approval (collectively, the "Licenses") of the Debtors with respect to the Purchased Assets.

31.     To the extent provided by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or License relating to the Purchased Assets sold, transferred, or conveyed to the Purchaser on account of the filing or pendency of these chapter 11 cases or the consummation of the Sale contemplated by the Asset Purchase Agreement.

32.     The Asset Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in writing and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

33.     The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted with respect to the Debtors to the extent necessary, without further order of the Court, (a) to allow the Purchaser to give the Debtors any notice provided for in the Asset Purchase Agreement, (b) to allow the Purchaser to take any and all actions permitted by the Asset Purchase Agreement and the Transaction Documents in accordance with the terms and conditions thereof, including, without limitation, effectuating the Sale and the other transactions contemplated by the Asset Purchase Agreement and the Transaction Documents, and (c) to otherwise implement the terms and provisions of the Asset Purchase Agreement, the Transaction Documents, and this Order.

(Page | 35)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

34.     The terms and provisions of the Asset Purchase Agreement, and this Order shall be binding in all respects upon the Debtors, their affiliates, their estates, all creditors of (whether known or unknown) and holders of equity interests in any Debtor, any holders of claims against or on all or any portion of the Purchased Assets, all counterparties to the Contracts, the Purchaser, and all of their respective successors and assigns, including, but not limited to, as applicable, any subsequent trustee(s), examiner(s), or receiver(s) appointed in any of the Debtors' chapter 11 cases or upon conversion to chapter 7 under the Bankruptcy Code, as to which the terms and provisions of such trustee(s), examiner(s), or receiver(s) likewise shall be binding.  The Asset Purchase Agreement shall not be subject to rejection or avoidance by the Debtors, their estates, their creditors, their shareholders, or any trustee(s), examiner(s), receiver(s), or any other successor parties in interest.

35.     The terms and provisions of this Order and any actions taken pursuant hereto shall survive entry of an order which may be entered: (a) confirming any chapter 11 plan in any of these chapter 11 cases; (b) converting any of the chapter 11 cases to a case under chapter 7 of the Bankruptcy Code; (c) dismissing any of the chapter 11 cases; (d) transferring venue of the chapter 11 cases to a court other than this Court; or (e) pursuant to which this Court abstains from hearing any of the chapter 11 cases.  The terms and provisions of this Order, notwithstanding the entry of any such orders described in (a)–(e) above, shall continue in these chapter 11 cases or following dismissal of these chapter 11 cases.

(Page | 36)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

36.     Each and every federal, state, and local governmental agency, department, or official is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement and the Transaction Documents.

37.     The Asset Purchase Agreement and the Sale contemplated hereunder shall not be subject to any bulk sales laws or any similar law of any state or jurisdiction.

38.     The Asset Purchase Agreement may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof, without further order of the Court; *provided* that any such modification, amendment, or supplement does not, based on the Debtors' business judgment, and in consultation with the Consultation Parties (as defined in the Bidding Procedures), have a material adverse effect on the Debtors' estates or their creditors.  The Debtors shall provide the Consultation Parties and the U.S. Trustee with prior notice of any such modification, amendment, or supplement of the Asset Purchase Agreement.

39.     This Order is and shall be binding upon all persons and entities that may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or that may be required to report or insure any title or state of title in or to any property; and each of the foregoing persons and entities shall accept for filing any and all of the documents and instruments necessary and appropriate to consummate the Asset Purchase Agreement.

(Page | 37)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

40.     Any     Transaction     Fee[4]     due     to     Guggenheim Securities,     LLC

("Guggenheim Securities") as a result of the closing of any Sale Transaction shall be segregated

and escrowed (for the exclusive benefit of Guggenheim Securities) in the Debtors' or their agents'

bank accounts from the proceeds of such Sale Transaction (including, without limitation, from the

proceeds of any liquidation or other disposition of the Debtors' assets), as an express carve-out

from the collateral of the Debtors' pre- and post-petition secured lenders, prior to any other use or

distribution of such proceeds.  If any Sale Transaction is the result of a successful bid without a

cash component sufficient to pay the corresponding Transaction Fee due to Guggenheim Securities

in full, then any resulting unpaid portion of the Transaction Fee due to Guggenheim Securities

shall be segregated and escrowed (for the exclusive benefit of Guggenheim Securities) at the

closing of such Sale Transaction from the available cash of the Debtors, as an express carve-out

from the collateral of the Debtors' pre- and post-petition secured lenders.  Nothing in this Order

shall prohibit or be construed to prohibit the use of any unencumbered assets of the Debtors or the

proceeds thereof to pay any fees and expenses of Guggenheim Securities or the assertion or

allowance of an administrative priority claim under sections 503(b)(2) and 507(a)(2) of the

Bankruptcy Code, if applicable, on account of any fees or expenses of Guggenheim Securities.

Notwithstanding anything to the contrary set forth herein, the requirements and obligations

contained in this paragraph to pay Guggenheim Securities any such Transaction Fee on account of

---

[4]     Capitalized terms used in this paragraph and not otherwise defined herein shall have the meanings ascribed to such terms in that certain amended and restated engagement letter between Guggenheim Securities and the Debtors, dated as of May 5, 2025, a copy of which was filed in connection with the Debtors' application to retain Guggenheim Securities [Docket No. 652].

(Page | 38)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

such Sale Transaction shall be subject in all respects to the *Order (I) Authorizing the Debtors to Retain and Employ Guggenheim Securities, LLC as Investment Banker Effective as of the Petition Date, (II) Modifying Certain Time-Keeping Requirements, and (III) Granting Related Relief* [Docket No. 1045] (the "Guggenheim Securities Retention Order") and the terms of the Guggenheim Securities Retention Order, and the entry of an order by the Court approving any such fees including the Transaction Fee.  All rights of the  U.S. Trustee are reserved to object to such fees including the Transaction Fee pursuant to 11 U.S.C. § 330.

41.     To the extent there are any inconsistencies between this Order, the Motion, the Bidding Procedures Order, the Bidding Procedures, the Asset Purchase Agreement, and the Transaction Documents, the terms of this Order shall control.

42.     Except to the extent expressly provided herein, notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim, interest, or lien against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any prepetition claim, interest, or lien on any grounds; (c) a promise or requirement to pay prepetition claims; (d) a waiver of the obligation of any party in interest to file a proof of claim; (e) an implication or admission that any particular claim, interest, or lien is of a type specified or defined in the Motion or this Order; (f) an authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (g) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

(Page | 39)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

43.      The Debtors, in connection with offering a product or service, have not disclosed any policies prohibiting the transfer of Personal Information about individuals to persons that are not affiliated with the Debtors that are inconsistent with the Sale.  Nothing contained in this Order prejudices parties in interest from seeking the appointment of a consumer privacy ombudsman in connection with any other proposed sale.

44.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, and 9014 or any other Bankruptcy Rules or Local Rules to the contrary, the terms and conditions of this Order shall be effective and enforceable immediately upon entry, and the Debtors and the Purchaser are authorized to close the Sale immediately upon entry of this Order.

45.      Notice of the Motion, the Sale Hearing, the Asset Purchase Agreement, and the Sale, including through distribution of the Sale Notice shall be deemed good and sufficient notice of such Motion, the Sale Hearing, the Asset Purchase Agreement, and the Sale, and the requirements of Bankruptcy Rules 2002, 6004(a), and 6004(c) and the Local Rules are satisfied by such notice.  The Sale Notice is hereby approved.

46.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

47.      Notwithstanding any provision to the contrary in this Order, any Transaction Documents, or any other document related to the sale of the Purchased Assets, with respect to the United States of America (including all agencies, departments, and instrumentalities thereof, the "United States"), nothing shall:

(Page | 40)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

    i.    release, nullify, preclude, or enjoin the enforcement of any police or regulatory powers;

    ii.    affect the setoff or recoupment rights of the United States against the Debtors;

    iii.    confer exclusive jurisdiction to the Bankruptcy Court except to the extent set forth in 28 U.S.C. § 1334 (as limited by any other provisions of the United States Code);

    iv.    solely to the extent included in the Purchased Assets, authorize the assumption, assignment, sale or other transfer of any federal: (a) grants, (b) grant funds, (c) contracts, (d) agreements, (e) awards, (f) task orders, (g) property, (h) leases, (i) certifications, (j) applications, (k) registrations, (l) billing numbers, (m) national provider identifiers, (n) provider transaction access numbers, (o) licenses, (p) permits, (q) covenants, (r) inventory, (s) guarantees, (t) indemnifications, (u) data, (v) records, or (w) any other interests belonging to the United States (collectively, "Federal Interests"), without compliance by the Debtors and Purchaser with the terms of the Federal Interests or, to the extent section 365 of the Bankruptcy Code is applicable, section 365(c);

    v.    be interpreted to set cure amounts under section 365 of the Bankruptcy Code or to require the United States to novate, approve or otherwise consent to the sale, assumption, assignment or other transfer of any Federal Interests; or

    vi.    expand the scope of 11 U.S.C. § 525.

48.    In the event of an inconsistency or conflict between any provision of the Transaction Documents and any provision of this Order, as to the United States, the provisions of this Order shall govern.

49.    Notwithstanding any provision to the contrary in this Order, any Transaction Documents, or any other document related to the sale of the Purchased Assets, after Closing, nothing in such documents shall release, nullify, preclude, or enjoin the enforcement of any police or regulatory powers, under environmental statutes or regulations, to a governmental unit that any

(Page | 41)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

entity would be subject to as the post-sale owner or operator of the applicable Purchased Assets after the date of the Closing.

50.    Nothing in this Order, the Transaction Documents, or any document, agreement, or instrument contemplated by any of the foregoing, including any "transition services or transition period agreements", shall: (a) be construed to authorize or permit (i) the assumption and/or assignment of any surety bond issued by (A) International Fidelity Insurance Company and/or its affiliates, (B) Berkley Insurance Company, (C) The Hanover Insurance Company, and/or (D) RLI Insurance Company (items A through D, collectively, the "Sureties" and, each individually, a "Surety") on behalf of the Debtors (collectively, the "Surety Bonds" and, each individually, a "Surety Bond"), (ii) the assumption and/or assignment of any indemnity agreements executed by one or more of the Debtors pursuant to which the Surety Bonds were issued (the "Indemnity Agreements" and, each individually, an "Indemnity Agreement"), or (iii) obligate a Surety to replace any Surety Bond and/or issue any new surety bond on behalf of a Purchaser; or (b) be deemed to provide a Surety's consent to the involuntary substitution of any principal under any Surety Bond and/or any Indemnity Agreement, including, for the avoidance of doubt, that the Purchaser shall not be a substitute principal under any Surety Bond or any Indemnity Agreement absent a Surety's consent thereto or further order of the Bankruptcy Court. Additionally, nothing in this Order, the Transaction Documents, or any "transition agreement", or any other document, agreement, or instrument contemplated by any of the foregoing shall be deemed to alter, limit, modify, release, waive, or prejudice any rights, remedies, and/or defenses

(Page | 42)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

that the Sureties have or may have under applicable bankruptcy and non-bankruptcy laws, under

any of the their respective Surety Agreements, or related agreements, or any letters of credit, or

other Surety collateral relating thereto.

51.     Notwithstanding anything to the contrary in the Transaction Documents, the

definition of Excluded Assets in the Transaction Documents shall include Personal Information

related to the "Rite Aid Rewards" loyalty program, marketing lists and other non-pharmacy retail

consumer data about Debtors' customers held or maintained by the Debtor related to its non-

pharmacy retail operations, and such Personal Information shall not be transferred to the Purchaser.

The Debtors and the Purchaser agree that the Pharmacy Assets that are Personal Information shall

only include "Protected Health Information" as defined in the Health Insurance Portability and

Accountability Act of 1996, held or maintained by Debtors in their prescription records related to

Debtors' pharmacy patients in connection with the Debtors' pharmacy operations.

52.     Notwithstanding anything to the contrary in this Order or the Bidding Procedures

Order, the Debtors are authorized, in consultation with the Consultation Parties, to file one or more

additional notices of successful bidder (each, an "Additional Notice of Successful Bidder").  Each

Additional Notice of Successful Bidder shall identify the applicable successful bidder

(the "Additional Purchaser"), the assets to be acquired, and shall attach the applicable asset

purchase agreement.  Upon the filing and service of any Additional Notice of Successful Bidder,

parties in interest shall have seven (7) days from the date of service (the "Additional Sale Objection

Deadline") to file and serve any objections to the proposed sale to the Additional Purchaser.  If no

(Page | 43)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

timely objection is filed and served by the Additional Sale Objection Deadline, the Debtors are authorized to consummate the sale to the Additional Purchaser in accordance with the terms set forth in the applicable asset purchase agreement, and such sale shall be deemed approved without further order of the Court.  Upon the closing of such sale, the Additional Purchaser shall be deemed a "Purchaser" under this Order, and all provisions of this Order, including, without limitation, those relating to the sale of assets free and clear of liens, claims, encumbrances, and interests, the procedures relating to the assumption and assignment of executory contracts and unexpired leases, and the protections afforded to a good faith purchaser, shall apply to the sale to the Additional Purchaser and the assets acquired thereby to the same extent as if such sale had been approved by this Order in the first instance.  If a timely objection is filed and served with respect to any Additional Notice of Successful Bidder, the Debtors may schedule a hearing to consider such objection on shortened notice, subject to the Court's availability, and shall not consummate the sale to the Additional Purchaser unless and until such objection is resolved by agreement of the parties or by order of the Court.  For the avoidance of doubt, the Debtors' authority to file Additional Notices of Successful Bidder and consummate sales pursuant to this provision shall be in addition to, and not in limitation of, any other authority granted under this Order or the Bidding Procedures Order.

53.     With respect to any cure, assumption, and/or adequate assurance objections (each, an "Assumption Objection") timely filed in accordance with the Assumption and Assignment Procedures, the Debtors will address such Assumption Objections at a later hearing, unless

(Page | 44)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

(i) resolved by agreement of the Debtors and the non-Debtor counterparty, including through ordinary-course reconciliation, or (ii) the Debtors withdraw the request to seek to assume and assign such executory contract or unexpired lease. Accordingly, notwithstanding anything to the contrary in the Bidding Procedures Order or this Order, a non-Debtor counterparty's Assumption Objection timely filed in accordance with the Assumption and Assignment Procedures challenging assumption and assignment, including any adequate assurance-related issues (including evidence), is expressly reserved until a later hearing and the findings of fact in this Order shall not waive, impair, or limit any right of non-Debtor counterparties to assert such Assumption Objections. No non-Debtor counterparty that timely files an Assumption Objection in accordance with the Assumption and Assignment Procedures needs to object to or challenge the assumption or assumption and assignment of their executory contract or unexpired lease in connection with the Sale Hearing or this Order, including any challenge to adequate assurance and cure amounts, to preserve their rights for that later hearing. Furthermore, to the extent a non-Debtor counterparty timely files an Assumption Objection in accordance with the Assumption and Assignment Procedures, the Debtors shall not be entitled to a waiver of Federal Rule of Bankruptcy Procedure 6006(d) with respect to such lease(s), but reserve the right to seek Bankruptcy Court approval of such waiver, with the non-Debtor counterparty's right to object to such request fully preserved.

54. Nothing in this Sale Order shall authorize the sale of any credits and/or chargebacks provided by Haleon US Services, Inc. f/k/a GSK Consumer Healthcare Services Inc. to any of the Debtors (including but not limited to Loyalty and/or Co-op Funding, Feature Ad Costs and/or other

(Page | 45)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

promotional costs associated with Haleon brands as well as any other type of credit Rite Aid may assert) (the "Credits"), and such Credits shall be an asset excluded from any such sale.

55.     Notwithstanding anything to the contrary in this Order, the Motion, any Asset Purchase Agreement, the Transaction Documents, the Bidding Procedures Order, the Bidding Procedures, the Assumption and Assignment Procedures, any Contract Assumption Notice, any Supplemental Contract Assumption Notice, any notice or list of Assigned Contracts and/or Cure Payments, or any documents relating to any of the foregoing, (a) nothing shall permit or otherwise effectuate a sale, assumption, assignment or any other transfer to any Purchaser at this time of (i) any insurance policies that have been issued by ACE American Insurance Company and/or any of its U.S.-based affiliates and/or any predecessors and successors of any of the foregoing (collectively, and solely in their capacities as insurers under the foregoing policies, the "Chubb Companies") to, or pursuant to which coverage is provided to, any of the Sellers (or their affiliates or predecessors) at any time, and all agreements, documents or instruments relating to such policies, including, without limitation, any collateral or security provided by or on behalf of any of the Sellers (or their affiliates or predecessors) to any of the Chubb Companies and the proceeds thereof (collectively, the "Chubb Insurance Contracts"), and/or (ii) any rights, interests, proceeds, benefits, claims, rights to payments and/or recoveries under or related to such Chubb Insurance Contracts including, without limitation, any of the Chubb Companies' indemnity, subrogation, setoff, recoupment, and/or other rights; (b) the Chubb Insurance Contracts and any rights, interests, proceeds, benefits, claims, rights to payments and/or recoveries under or related

(Page | 46)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

to such Chubb Insurance Contracts (i) are not and shall not be deemed to be Assigned Contracts, Purchased Assets, or a portion of any of the Purchased Assets sold, assigned or otherwise transferred as part of any the Sale hereunder, and (ii) shall be deemed to be Excluded Assets; (c) nothing herein shall alter, modify or otherwise amend the terms, conditions, rights, and/or obligations of and/or under the Chubb Insurance Contracts; (d) for the avoidance of doubt, the Purchaser is not, and shall not be deemed to be, insureds under any of the Chubb Insurance Contracts; *provided*, *however*, that, to the extent any claim with respect to the Purchased Assets arises that is covered by the Chubb Insurance Contracts, the Debtors may pursue such claim in accordance with the terms of the Chubb Insurance Contracts, and, if applicable, turn over to the Purchaser any such insurance proceeds (each, a "Proceed Turnover"), *provided*, *further*, *however*, that the Chubb Companies shall not have any duty to the Purchaser to effectuate a Proceed Turnover or liability to the Purchaser related to a Proceed Turnover.

56.    For the avoidance of doubt, the Purchased Assets shall not include any of the Debtors' rights arising under or in connection with that certain Supply Agreement between Rite Aid Corporation and McKesson Corporation ("McKesson"), dated as of August 30, 2024 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "Supply Agreement"), including any rebates, rights of return, set-off, recoupment, indemnification, rights to the assignment of antitrust claims, or related assets of the Debtors. Notwithstanding anything to the contrary in this Order, but without limiting the Purchaser's protections under this Order, McKesson's rights (a) against the Debtors under the Supply

(Page | 47)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Agreement, and (b) against the Debtors and/or any other parties to any intercreditor agreements related to the Supply Agreement under such intercreditor agreements are fully reserved.

57.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>Exhibit 1</u>**

**Asset Purchase Agreement**

## **Exhibit D**

**Redline of KPH Proposed Sale Order against Form Sale Order**

<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In re:

NEW RITE AID, LLC, *et al.*,

                                        Debtors.[1]
</td><td>

Chapter 11

Case No. 25-14861 (MBK)

(Jointly Administered)
</td></tr>
</table>

**ORDER (I) AUTHORIZING**
**THE DEBTORS TO ENTER INTO AND ~~PERFORM~~**
**PERFORM UNDER THE ~~[PURCHASER NAME]~~KPH HEALTHCARE SERVICES ASSET**
**PURCHASE**
**AGREEMENT, (II) APPROVING THE SALE OF PURCHASED ASSETS FREE**
**AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND**
**(III) ~~AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED~~**
**~~CONTRACTS TO PURCHASER AND ESTABLISHING CURE AMOUNTS RELATED~~**
**~~THERETO IN ACCORDANCE WITH THE ASSUMPTION AND ASSIGNMENT~~**
**~~PROCEDURES,[1]AND (IV) GRANTING RELATED RELIEF~~AUTHORIZING ASSUMPTION**
**AND ASSIGNMENT OF CERTAIN EXECUTORY**
**CONTRACTS IN CONNECTION THEREWITH, AND (IV) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered ~~[three (3)]~~ through

~~[thirty-six] ([56]~~forty-six (46) is **ORDERED**.

---

[1]    The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' ~~proposed~~ claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

~~[1]    **Note to Draft:**  This form of sale Order contemplates the proposed assumption and assignment of executory contracts and/or unexpired leases to the Purchaser.  To the extent the Asset Purchase Agreement does not propose to assume and assign contracts, such language may be removed from the sale Order.~~

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice* pending)
Alice Belisle Eaton (admitted *pro hac vice* pending)
Christopher Hopkins (admitted *pro hac vice* pending)
Sean A. Mitchell (admitted *pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice* pending)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

Upon the motion, dated May 6, 2025 [Docket No. 17] (the "Motion"),[1] of the ~~above-captioned~~above-captioned debtors and ~~debtors in possession~~debtors-in-possession (collectively, the "Debtors") ~~for entry of~~, pursuant to sections 105, 363, and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules for the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), for an order (this "Order"): (a) authorizing and approving the entry into and performance under the terms and conditions of that certain Asset Purchase Agreement, dated ~~[●]~~as of June 17, 2025, by and among certain of the Debtors (the "Sellers") and ~~[●]~~KPH Healthcare Services, Inc., (the "Purchaser"), substantially in the form attached hereto as ~~Schedule~~Exhibit 1 to the Order (as it may be amended, modified, or supplemented in accordance with its terms, the "Asset Purchase Agreement"), and all other transaction documents necessary and desirable to consummate the transactions contemplated by the Asset Purchase Agreement (the "Transaction Documents"); (b) authorizing the Debtors to sell the Purchased Assets (as defined in the Asset Purchase Agreement) to the Purchaser as described in the Asset Purchase Agreement, ~~including the Contracts,~~ free and clear of liens, claims, ~~encumbrances~~Encumbrances, and other interests pursuant to section 363(f) of the Bankruptcy Code and in accordance with the terms set forth in the Asset Purchase Agreement (the "Sale");

---

[1] Capitalized terms used but not otherwise defined herein have the meaning given to such terms in the Motion, the Order (I) Approving the Auction and Bidding Procedures, (II) Scheduling Certain Dates and Deadlines With Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice With Respect Thereto, and (VII) Granting Related Relief, [Docket No. 473] (the "Bidding Procedures Order ~~(as defined herein~~"), the Bidding Procedures, or the Asset Purchase Agreement, as applicable.

(Page | 4)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

(c) authorizing the Debtors to assume and assign to the Purchaser the Contracts subject to and in accordance with the Assumption and Assignment Procedures with cure costs, if any, established in accordance with the Assumption and Assignment Procedures (the "Cure Amounts"); (d) providing that the appointment of a consumer privacy ombudsman is not required; and (ed) granting related relief, all as more fully set forth in the Motion; and the Court having entered the Bidding Procedures Order [Docket No. 142473]; and the Debtors having scheduled an auction (the "Auction") for the Purchased Assets; and the Auction having been held or cancelled by the DebtorsDebtors, on June 23, 2025, having filed the *Notice of (I) Sale by Auction and Sale Hearing for Debtors' Thrifty Assets and (II) Adjournment of Auction with Respect to the Debtors' Other Remaining Assets* [Docket No. 1062], adjourning the Auction with respect to the Remaining Assets *sine die,* in accordance with the Bidding Procedures; and the Debtors having determined that the Purchaser has submitted the highest or otherwise best bid for the Purchased Assets and determined that the Purchaser is the Successful Bidder, in accordance with the Bidding Procedures; and the Debtors having served the notice of the Auction and notice of the Sale Hearing (the "Sale Notice") in accordance with the Bidding Procedures Order; and the Debtors having filed and served the Notice of Successful Bidder with respect to the Purchased Assets in accordance with the Bidding Procedures, and the Debtors having filed and served the Contract Assumption Notice and any Supplemental Assumption Notice (collectively, the "Assumption Notice") in accordance with the Assumption and Assignment Procedures; and the

(Page | 5)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Debtors having filed the form of Order on May 9, 2025, and the Court having held a hearing on [May 21June 30, 2025/June 25, 2025] (the "Sale Hearing"), at which time all interested parties were offered an opportunity to be heard with respect to the Motion and the proposed Order; and the Court having reviewed and considered the Motion, the Asset Purchase Agreement, the proposed Order, and any and all objections to the Sale, the Asset Purchase Agreement, and the other Transaction Documents filed in accordance with the Bidding Procedures Order; and upon the First Day Declaration.; the Rifkin Declaration, and *of Adam Rifkin in Support of the Debtors' Bidding Procedures Motion [Docket No. 20] (the "Bidding Procedures Declaration") and the Declaration of Adam Rifkin in Support of Debtors' Omnibus Reply in Support of Sale of Remaining Assets (the "Remaining Asset Sale Declaration"); and* the Frejka Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their stakeholders, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and the proposed Order was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion

(Page | 6)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Sale Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing, it is hereby

**FOUND, CONCLUDED, AND DETERMINED THAT:**

**Petition Date; Jurisdiction, Venue, and Final Order**

A.      On May 5, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

B.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6003(a),[3]6004(h), and 6006(d), and any other applicable Bankruptcy Rules or Local Rules, and to any extent necessary under Bankruptcy Rule 9014 and Federal Rule of Civil Procedure 54(b), as made applicable by Bankruptcy Rule

---

[3]  **Note to Draft**:  To the extent the proposed timing of the entry of the sale order is later than 21 days after the Petition Date, references to Bankruptcy Rule 6003(a) will be removed from findings of fact and conclusions of law.

(Page | 7)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the ~~[Purchaser Name]~~KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of judgment as set forth herein.

D.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

**Notice of the Bidding Procedures Order, the Bidding Procedures,
the Asset Purchase Agreement and the Sale, the Auction, the Sale Hearing, ~~the Proposed Assumption and Assignment of the Contracts, the Cure Amounts,~~ and this Order**

E.      As evidenced by the Sale Notice and service thereof [Docket No. ~~[●]~~342], the Notice of Successful Bidder [Docket No. [●]], the ~~Assumption Notice [Docket No. [●]], the~~ form of Order [Docket No. ~~[●]~~186]~~]~~, affidavits of service and publication previously filed with this Court, proper, timely, adequate, and sufficient notice of the Sale Hearing, the Asset Purchase Agreement, ~~the proposed assumption and assignment of the Contracts,~~ entry of this Order, and the Sale has been provided in accordance with ~~sections~~section 363 ~~and 365~~ of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, ~~6006,~~ 9007, and 9014, and Local Rule 6004-3.  The foregoing notice was good, sufficient, and appropriate under the circumstances, and no other or further notice of the Sale Hearing, the Asset Purchase Agreement, or the Sale~~, or the proposed assumption and assignment of the Contracts~~ is required.

(Page | 8)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the ~~[Purchaser Name]~~KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

F.      No further notice beyond that described in this Order is required in connection with the Sale.

G.      A reasonable opportunity to object or to be heard regarding the relief requested in the Motion was afforded to all interested persons and entities.

H.      ~~F.~~ The *Notice of Potentially Assumed Executory Contracts and Unexpired Leases (the "Contract Assumption Notice") [Docket No. ●]* is appropriate and reasonably calculated to provide each non-Debtor counterparty to the applicable Contracts (as defined in the Bidding Procedures Order) with proper notice of the potential assumption and assignment of the applicable Contract, the proposed ~~Cure Amount~~cure cost, and the Assumption and Assignment Procedures (as set forth in the Bidding Procedures Order).  The inclusion of any particular Contracts on any Assumption Notice (defined below) shall not be deemed to be an admission that such contract or lease is an executory contract or unexpired lease of property or require or guarantee that such contract or lease will be assumed and/or assigned, and all rights of the Debtors with respect to the foregoing are reserved.

I.      ~~G.~~ In accordance with the Bidding Procedures Order ~~and the Assumption and Assignment Procedures (as defined therein)~~, the Debtors have served ~~an Assumption Notice indicating~~a notice of their intent to assume and assign the Contracts and of the ~~Cure Amounts~~cure costs therefor upon each counterparty to ~~an~~a Contract.  The service and provision of such ~~Assumption Notice~~notice was good, sufficient, and appropriate under the circumstances

(Page | 9)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

and no further or other notice need be given in respect of assumption and assignment of the

Contracts or establishing Cure Amountsestablishment of cure costs for the respective Contracts.

Pursuant to the Assumption and AssignmentBidding Procedures Order, counterparties to the

Contracts have had or will have had an adequate opportunity to object to assumption and

assignment of the applicable Contracts and the Cure Amountscure costs therefor as set forth in

the Assumption Notice.notice (including objections related to adequate assurance of future

performance and objections based on whether applicable law excuses the counterparty from

accepting performance by, or rendering performance to, the Purchaser (or its designee) for

purposes of section 365(c)(1) of the Bankruptcy Code).

H. No further notice beyond that described in this Order is required in connection with

the Sales and the proposed assumption and assignments to the Purchaser of the Contracts.

I. A reasonable opportunity to object or to be heard regarding the relief requested in the

Motion was afforded to all interested persons and entities.

**Authority to AssumeExecute and Perform Under the Asset Purchase Agreement**

J.      The Debtors' performance under the Asset Purchase Agreement is approved in all

respects.  The Debtors are authorized to assumeexecute and perform under the Asset Purchase

Agreement pursuant to sections 363 and 365 of the Bankruptcy Code and may close the Sale

pursuant to the Asset Purchase Agreement.

(Page | 10)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

**Highest or Best Offer**

K.     The Debtors conducted a sale process in accordance with (i) and have complied in all respects with the Bidding Procedures Order and (ii) the purpose of obtaining the highest or otherwise best offer for, and have afforded a full, fair, and reasonable opportunity for any interested party to make a higher or otherwise better offer to purchase, the Purchased Assets (including assumption of the Assumed Liabilities).

L.     (i) Prior to and from and after the commencement of these chapter 11 cases, the Debtors and their advisors engaged in a robust and extensive marketing and sale process and exercised sound business judgment, as more fully detailed in the RifkinBidding Procedures Declaration, and the First Day Declaration; (ii) the Bidding Procedures were substantively and procedurally fair to all parties and the Debtors conducted a fair and open sale process in compliance therewith, (iii) the sale process, the Bidding Procedures, and the Auction (or cancellation thereof), were non-collusive, duly noticed, and provided a full, fair, reasonable, and adequate opportunity for any entity that either expressed an interest in acquiring the Purchased Assets, or who the Debtors believed may have had an interest in acquiring the Purchased Assets, to make an offer to purchase the Debtors' assets, including, without limitation the Purchased Assets, (iv) the Debtors and the Purchaser have negotiated and undertaken their roles leading to the entry into the Asset Purchase Agreement in a diligent, non-collusivenon-collusive, fair, reasonable, and good-faith manner; and (v) the sale process conducted by the Debtors pursuant

(Page | 11)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

to the Bidding Procedures and the Bidding Procedures Order resulted in the highest or otherwise best value for the Purchased Assets for the Debtors and their estates, was in the best interest of the Debtors, their estates, their creditors, and all parties in interest, and any other transaction would not have yielded as favorable a result.  There is no legal or equitable reason to delay entry into the Asset Purchase Agreement and the transactions contemplated therein.

M.    Approval of the Asset Purchase Agreement, and the consummation of the Sale contemplated thereby, is in the best interests of the Debtors, their respective creditors, estates, and other parties in interest.  The Debtors have demonstrated good, sufficient, and sound business reasons and justifications for entering into the Sale and the performance of their obligations under the Asset Purchase Agreement.  The Sale must be approved and consummated in order to maximize the value of the Debtors' estates.

N.    The consummation of the Sale outside a plan of reorganization pursuant to the Asset Purchase Agreement neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates the terms of a plan of reorganization or liquidation for the Debtors. The Sale does not constitute a *sub rosa* chapter 11 plan for which approval has been sought without the protections that a disclosure statement would afford.

O.    Entry of an order approving the Asset Purchase Agreement and all the provisions thereof is a necessary condition precedent to the Purchaser's consummation of the Sale, as set forth in Section [●] of the Asset Purchase Agreement.

(Page | 12)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

## Personally Identifiable Information

P.      As set forth in the [•]Frejka Declaration, the sale, conveyance, assignment, and transfer of personally identifiable information (as defined in section 101(41A) of the Bankruptcy Code), if any, ("Personal Information") pursuant to the terms of the Asset Purchase Agreement is consistent with the terms of the Debtors' policies regarding the prohibition of transfer of such personally identifiable informationPersonal Information as of the Petition Date, if any, and, as a result, consummation of the Sale as set forth in the Asset Purchase Agreement is permitted pursuant to section 363(b)(1)(A) of the Bankruptcy Code.   Accordingly, appointment of a consumer privacy ombudsman in accordance with sections 363(b)(1) or 332 of the Bankruptcy Code is not required with respect to the Sale and the other transactions contemplated by the Asset Purchase Agreement.   To the extent applicable, the Notice of Successful Bidder (as defined in the Motion) contains any information required pursuant to Bankruptcy Rule 2002(c)(1).

## Good Faith of the Purchaser

Q.      The consideration to be paid by the Purchaser under the Asset Purchase Agreement was negotiated at arm's length, in good faith, and without collusion pursuant to section 363(m) of the Bankruptcy Code and constitutes reasonably equivalent value and fair and adequate consideration for the Purchased Assets.   Specifically: (i) the Purchaser recognized that the Debtors were free to deal with any other party interested in purchasing the Purchased Assets;

(Page | 13)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

(ii) the Purchaser complied in all respects with the provisions in the Bidding Procedures Order in negotiating and entering into the Asset Purchase Agreement and the other Transaction Documents, and the Asset Purchase Agreement, the other Transaction Documents, and the transactions described therein comply with the Bidding Procedures Order; (iii) the Purchaser agreed to subject any bid to the competitive bid procedures set forth in the Bidding Procedures Order; (iv) all payments made by the Purchaser in connection with the Sale have been disclosed in the Asset Purchase Agreement; (v) no common identity of directors, officers, or controlling stockholders exists among the Purchaser and the Debtors; (vi) the negotiation and execution of the Asset Purchase Agreement was at arm's length and in good faith, and at all times each of the Purchaser and the Debtors were represented by competent counsel of their choosing; and (vii) the Purchaser has not acted in a collusive manner with any person.  The Purchaser will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Asset Purchase Agreement.  The terms and conditions set forth in the Asset Purchase Agreement are fair and reasonable under the circumstances and were not entered into for the purpose of, nor do they have the effect of, hindering, delaying, or defrauding the Debtors or their creditors under any applicable laws.

R.       The Debtors, the Purchaser, and each of their respective management, boards of directors, members, officers, directors, employees, agents, and representatives, as applicable, have acted in good faith.  The Asset Purchase Agreement and the other Transaction Documents

(Page | 14)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

were negotiated, proposed, and entered into by the Debtors and the Purchaser in good faith, without collusion or fraud, and from arm's-length bargaining positions.  The Purchaser is a "good faith purchaser" within the meaning of section 363(m) of the Bankruptcy Code, and, as such, is entitled to all the protections afforded thereby.

S.      The Asset Purchase Agreement and the transactions contemplated thereby cannot be avoided under section 363(n) of the Bankruptcy Code. The Debtors, the Purchaser, and their respective agents, representatives, and affiliates have not engaged in any conduct that would cause or permit the Asset Purchase Agreement or the consummation of the transactions contemplated thereby to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

## No Fraudulent Transfer

T.      The consideration provided by the Purchaser pursuant to the Asset Purchase Agreement for its purchase of the Purchased Assets and the assumption of the Assumed Liabilities constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act, and under the laws of the United States, any state, territory, possession, and the District of Columbia.

U.      Neither the Purchaser nor its past, present, and future subsidiaries, parents, divisions, affiliates, agents, representatives, insurers, attorneys, successors, and assigns, nor any of its nor their respective directors, managers, officers, employees, shareholders, members,

(Page | 15)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

agents, representatives, attorneys, contractors, subcontractors, independent contractors, owners, insurance companies, or partners (collectively, the "Purchaser Parties") is a continuation of the Debtors or their respective estates, and the Purchaser is not holding itself out to the public as a continuation of the Debtors or their respective estates and the Sale does not amount to a consolidation, merger, or *de facto* merger of the Purchaser and the Debtors.

**Validity of Transfer**

V.      ~~The applicable boards of directors or managers, as applicable, of the Debtors have authorized the execution and delivery of the Asset Purchase Agreement and the Sale of the Purchased Assets to the Purchaser.~~ Subject to entry of this Order, the Debtors (i) have full corporate power and authority to ~~assume~~execute and deliver the Asset Purchase Agreement and all other documents contemplated thereby, as applicable, (ii) have all of the power and authority necessary to consummate the Sale, and (iii) have taken all action necessary to authorize and approve the Asset Purchase Agreement and to consummate the Sale, and no further consents or approvals, other than those expressly provided for in the Asset Purchase Agreement, are required for the Debtors to consummate the transactions contemplated by the Asset Purchase Agreement, except as otherwise set forth in the Asset Purchase Agreement. The Purchased Assets constitute property of the Debtors' estates within the meaning of section 541(a) of the Bankruptcy Code, and title thereto is presently vested in the Debtors' estates.

**Section 363(f) Is Satisfied**

(Page | 16)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

W.    The Sale of the Purchased Assets to the Purchaser, including the Contracts, under the terms of the Asset Purchase Agreement meets the applicable provisions of section 363(f) of the Bankruptcy Code such that the Sale of the Purchased Assets will be free and clear of any and all liens, claims, encumbrancesEncumbrances, and other interests, and will not subject the Purchaser to any liability for any claims whatsoever (including, without limitation, under any theory of equitable law, antitrust, or successor or transferee liability) (collectively, "Claims and Interests"), except as expressly provided in the Asset Purchase Agreement with respect to the Assumed Liabilities and Permitted EncumbrancesLiens[2].  All holders of Claims and Interests who did not object or who withdrew their objections to the Sale are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code and all holders of Claims and Interests are adequately protected—thus satisfying section 363(e) of the Bankruptcy Code—by

---

[2]    "Permitted Lien" means (i) Liens for utilities and Taxes not yet due and payable, or that are being contested in good faith, or the nonpayment of which is permitted or required by the Bankruptcy Code, (ii) easements, rights of way, restrictive covenants, encroachments and similar non-monetary liens or non-monetary impediments against any of the Purchased Assets which do not, individually or in the aggregate, adversely affect the operation of the Purchased Assets in any material respect and, in the case of the Assumed Lease, which do not, individually or in the aggregate, adversely affect the use or occupancy of the Assumed Lease in any material respect, (iii) applicable zoning Laws, building codes, land use restrictions and other similar restrictions imposed by Law which are not violated in any material respect by the current use or occupancy of the Assumed Lease, (iv) materialmans', mechanics', artisans', shippers', warehousemans' or other similar common law or statutory liens incurred in the Ordinary Course of Business for amounts not yet due and payable or that are being contested by appropriate proceedings, (v) licenses granted on a non-exclusive basis, (vi) such other Liens or title exceptions which do not, individually or in the aggregate, materially and adversely affect the operation of the Purchased Assets, (vii) matters that would be disclosed by an accurate survey or inspection of the applicable real property, (viii) with respect to any leased real property, any Liens to which the fee or any superior leasehold is subject and any Lien in favor of the lessor on the Purchased Assets located at such leased real property, or (ix) solely prior to the Closing, any Liens that will be removed or released by operation of the Sale Order.

(Page | 17)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

having their Claims and Interests, if any, attach to the proceeds of the Sale ultimately attributable to the property against or in which they assert Claims and Interests or other specifically dedicated funds in the same order of priority and with the same validity, force, and effect that such holder had prior to the Sale, subject to (a) any rights, claims, and defenses of the Debtors or their estates, as applicable and (b) paragraph 3940 of this Order. Those holders of Claims and Interests who did object and who have an interest in the Purchased Assets fall under one or more of the other subsections of section 363(f) of the Bankruptcy Code.

X.     The transfer of the Purchased Assets to the Purchaser under the Asset Purchase Agreement will be a legal, valid, and effective transfer of all of the legal, equitable, and beneficial right, title, and interest in and to the Purchased Assets free and clear of all Claims and Interests, except as expressly provided in the Asset Purchase Agreement with respect to the Assumed Liabilities and Permitted EncumbrancesLiens. The Debtors may sell their interests in the Purchased Assets free and clear of all Claims and Interests because, in each case, one or more of the standards set forth in section 363(f) has been satisfied. The Purchaser would not have entered into the Asset Purchase Agreement and the Transaction Documents and would not consummate the transactions contemplated thereby, including, without limitation, the Sale, (i) if the transfer of the Purchased Assets was not free and clear of all interest of any kind or nature whatsoever, including, without limitation, rights or claims based on any successor, transferee, derivative or vicarious liability or any similar theory, and/or applicable state or federal law or

(Page | 18)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

otherwise or (ii) if the Purchaser or any of its affiliates or designees would, or in the future could, be liable for any interests, including, without limitation, rights or claims based on any successor, transferee, derivative or vicarious liability or any similar theory, and/or applicable state or federal law or otherwise, in each case, subject only to the Assumed Liabilities and Permitted EncumbrancesLiens.  Not transferring the Purchased Assets free and clear of all Claims and Interests of any kind or nature whatsoever, including, without limitation, rights or claims based on any successor, transferee, derivative or vicarious liability or any similar theory, and/or applicable state or federal law or otherwise (subject only to the Assumed Liabilities and Permitted EncumbrancesLiens) would adversely impact the Debtors' efforts to maximize the value of their estates.

**Assumption and Assignment of the Contracts**

Y.    The assumption and assignment of the Contracts pursuant to the terms of this Order are integral to the Asset Purchase Agreement, are in the best interests of the Debtors and their respective estates, creditors, and other parties in interest, and represent the reasonable exercise of sound and prudent business judgment by the Debtors.

Z.    Y.  The Debtors served the initiala Contract Assumption Notice on Mayeach non-Debtor counterparty to a Contract on or before [●], 2025.  In accordance with the Assumption and Assignment Procedures, the objection deadline for all Contracts listed on such notice is May [●], 2025fourteen (14) days from the date of service, and the objection deadline to

(Page | 19)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

any Contract listed on a Supplemental Assumption Notice (as defined in the Bidding Procedures Order and, together with each Contract Assumption Notice, collectively, the "Assumption Notice") shall be set forth in such notice (each, a "Contract Objection Deadline") and be in accordance with the Assumption and Assignment Procedures.

AA.    Z. The Debtors have demonstrated that it is a reasonable exercise of their sound business judgment to assume and assign the Contracts to the Purchaser pursuant to the terms of this Order and the Asset Purchase Agreement, in each case in connection with the consummation of the Sale, and the assumption and assignment of the Contracts is in the best interests of the Debtors, their estates and creditors, and other parties in interest.

BB.    AA. Any non-Debtor counterparty to any Contract that has not actually filed with the Court an objection, or who withdrew an objection or does not timely file an objection to an Assumption Notice by the applicable Contract Objection Deadline, is deemed to have consented to such assumption and assignment and the Cure Amountcure cost, if any.

CC.    BB. The Cure Amountscure cost set forth on the Contract Assumption Notice, if any, are the sole amounts necessary under section 365 of the Bankruptcy Code to cure all defaults and pay all actual pecuniary losses under the Contracts, unless otherwise determined by the Court or by agreement of the Debtors and the non-Debtor counterparty, and such assumption and assignment to Purchaser shall be deemed approved by this Order without further order of this Court.   The findings of fact in this paragraph BB shall not apply to any non-Debtor

(Page | 20)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

counterparty to a Contract prior to the applicable Contract Objection Deadline, absent the consent of the non-Debtor counterparty.

DD.    CC. The Debtors shall have the right, in accordance with and subject to the Bidding Procedures Order, to serve a Supplemental Assumption Notice upon any non-Debtor counterparty indicating the Debtors' intent to assume and assign such executory contract.

EE.    DD. The Debtors have met all requirements of section 365(b) of the Bankruptcy Code for each of the Contracts. The Debtors have (i) cured and/or provided adequate assurance of cure of any default existing prior to the applicable closingClosing under all of the Contracts, within the meaning of section 365(b)(1)(A) of the Bankruptcy Code and (ii) provided compensation or adequate assurance of compensation to any counterparty for actual pecuniary loss to such party resulting from a default prior to the applicableClosing under any of the Contracts. The Purchaser has provided adequate assurance of future performance within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) and in accordance with the Bidding Procedures to the extent that any such assurance is required and not waived by the counterparties to such Contracts. The findings of fact in this paragraph DD shall not apply to any non-Debtor counterparty to a Contract prior to the applicable Contract Objection Deadline, absent the consent of the non-Debtor counterparty.

(Page | 21)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

**Prompt Consummation**

FF. EE. The sale of the Purchased Assets must be approved and consummated promptly to comply with the terms of the Asset Purchase Agreement, maximize value for the Debtors' estates, and avoid irreparable harm to the Debtors' estates and their stakeholders, including their creditors and customers.  Time, therefore, is of the essence in effectuating the Asset Purchase Agreement.  As such, the Debtors and the Purchaser intend to close the sale of the Purchased Assets as soon as reasonably practicable in accordance with the terms of the Asset Purchase Agreement.  The Debtors have demonstrated immediate and irreparable harm absent entry of this Order and compelling circumstances and a good, sufficient, and sound business purpose and justification for the immediate approval and consummation of the Asset Purchase Agreement.  Accordingly, (i) there would be immediate and irreparable harm absent the waiver of Bankruptcy Rule 6003(a), and (ii) there is sufficient cause to waive the stay provided in the Bankruptcy RulesRule 6004(h) and 6006(d) and any other applicable Bankruptcy Rule or Local Rule.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

**General Provisions**

1.     The Motion is **GRANTED** as set forth herein.

(Page | 22)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

2.     All objections to or reservationreservations of rights with respect to the Motion or the relief requested therein that have not been withdrawn or resolved are overruled with prejudice.  All persons and entities who did not object or withdraw their objections to the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

3.     The Asset Purchase Agreement, attached hereto as ScheduleExhibit 1, and the other Transaction Documents and all terms and conditions thereof, are hereby approved in all respects.  The failure to specifically include any particular provision of the Asset Purchase Agreement or the Transaction Documents in this Order shall not diminish or impair the effectiveness of such provision.

(Page | 23)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

**Transfer of the Purchased Assets
as set forth in the Asset Purchase Agreement**

4.      The Debtors are authorized, but not directed, to take any and all actions necessary and appropriate to cause the Sellers to: (a) consummate the transactions contemplated by the Asset Purchase Agreement and the Transaction Documents in accordance with the terms thereof; (b) sell the Purchased Assets to the Purchaser for the purchase price in accordance with the terms of this Order and the Asset Purchase Agreement and the Transaction Documents; and (c) assume and assign any and all Contracts, and (d) otherwise implement and effectuate the terms of the Asset Purchase Agreement and the Transaction Documents.

5.      Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, upon each closingClosing, all of the Debtors' right, title, and interest in and to, and possession of, the Purchased Assets shall be transferred to the Purchaser, free and clear of any and all Claims and Interests, with all such Claims and Interests to attach to the proceeds of the Purchased Assets in the order of their priority, with the same force, effect, and validity that they had immediately prior to the entry of this Order, subject to any rights, claims, or defenses the Debtors may have with respect thereto, *except* with respect to any Assumed Liabilities or Permitted EncumbrancesLiens allowed under the Asset Purchase Agreement and subject to paragraph 3940 of this Order.  Such transfer shall constitute a legal, valid, binding, and effective transfer of the Purchased Assets.

(Page | 24)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

6.      As set forth in the Asset Purchase Agreement, the Purchaser is not acquiring any of the Excluded Assets or assuming any of the Excluded Liabilities.

7.      Except for (a) the Assumed Liabilities expressly set forth in the Asset Purchase Agreement or described therein or (b) the Permitted EncumbrancesLiens expressly set forth in the Asset Purchase Agreement, none of the Purchaser, its successors or assigns, or any of their respective affiliates shall have any liability for any Claims and Interests that (x) arose prior to the date of each applicable closingClosing, or (y) otherwise is assertable against the Debtors or is related to the Purchased Assets prior to the date of such applicable closingClosing, including, for the avoidance of doubt, Claims and Interests arising out of the Excluded Liabilities.

8.      All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with, or which would be inconsistent with, the ability of the Debtors to transfer the Purchased Assets to the Purchaser in accordance with the Asset Purchase Agreement, the Transaction Documents, and this Order.

9.      At each applicable closingClosing, all of the Debtors' right, title, and interest in and to, and possession of, the corresponding Purchased Assets shall be immediately vested in the Purchaser pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code.  Such transfer shall constitute a legal, valid, enforceable, and effective transfer of such Purchased Assets.  All persons or entities presently or at or after each applicable closingClosing in possession of some or all of the corresponding Purchased Assets are directed to surrender possession of any and all

(Page | 25)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

portions of such Purchased Assets to the Purchaser or its respective designees on each applicable closingat Closing or at such time thereafter as the Purchaser may request.

10.     This Order (a) shall be effective as a determination that, as of each applicable closingClosing, (i) no Claims and Interests other than the corresponding Assumed Liabilities and Permitted EncumbrancesLiens will be assertable against the Purchaser or any of its assets, (ii) the corresponding Purchased Assets shall have been transferred to the Purchaser free and clear of all Claims and Interests, subject only to the applicable Assumed Liabilities and Permitted EncumbrancesLiens, and (iii) the conveyances described herein have been effected, and (b) is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, registrars of patents, trademarks, or other intellectual property, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement and the Transaction Documents. The Purchased Assets are sold free and clear of any reclamation rights.  All Claims and Interests on the Purchased Assets shall attach to the proceeds of the Sale ultimately attributable to the property against which such Claims and Interests applied or other specifically dedicated funds, in

(Page | 26)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the ~~[Purchaser Name]~~KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

the same order of priority and with the same validity, force, and effect that such Claims and Interests applied prior to the Sale, subject to any rights, claims, and defenses of the Debtors or their estates, as applicable, subject to paragraph ~~39~~40 of this Order.

11.     Except as otherwise provided in the Asset Purchase Agreement, all persons and entities (and their respective successors and assigns), including, but not limited to, all debt security holders, equity security holders, affiliates, governmental, tax, and regulatory authorities, lenders, customers, vendors, employees, trade creditors, litigation claimants, and other creditors holding claims arising under or out of, in connection with or in any way relating to, the Debtors, the Purchased Assets, and the ownership, sale, or operation of the Purchased Assets prior to ~~each applicable closing~~Closing or the transfer of the applicable Purchased Assets to the Purchaser are hereby forever barred, estopped, and permanently enjoined from asserting such claims against the Purchaser and its property (including, without limitation, the Purchased Assets).  Following ~~each applicable closing~~Closing, no holder of any claim or interest shall interfere with the Purchaser's title to or use and enjoyment of the corresponding Purchased Assets based on or related to any such claim or interest or based on any action the ~~Debtor~~Debtors may take in their chapter 11 cases.

12.     If any person or entity that has filed financing statements, mortgages, mechanic's claims, *lis pendens*, or other documents or agreements evidencing claims against the Debtors or in the Purchased Assets shall not have delivered to the Debtors prior to ~~each applicable closing~~

(Page | 27)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

of each SaleClosing, in proper form for filing and executed by the appropriate parties,

termination statements, instruments of satisfaction, and/or releases of all Claims and Interests

that the person or entity has with respect to the Debtors or the Purchased Assets or otherwise,

then only with regard to the Purchased Assets that are purchased by the Purchaser pursuant to the

Asset Purchase Agreement and this Order: (a) the Debtors are hereby authorized and directed to

execute and file such statements, instruments, releases, and other documents on behalf of the

person or entity with respect to the Purchased Assets; (b) the Purchaser is hereby authorized to

file, register, or otherwise record a certified copy of this Order, which, once filed, registered, or

otherwise recorded, shall constitute conclusive evidence of the release of all Claims and Interests

against the Purchaser Parties and the Purchased Assets; and (c) upon consummation of the Sale,

the Purchaser may seek in this Court or any other court to compel appropriate parties to execute

termination statements, instruments of satisfaction, and releases of all Claims and Interests that

are extinguished or otherwise released pursuant to this Order under section 363 of the

Bankruptcy Code and any other provisions of the Bankruptcy Code with respect to the Purchased

Assets. This Order is deemed to be in recordable form sufficient to be placed in the filing or

recording system of each and every federal, state, or local government agency, department, or

office. Notwithstanding the foregoing, the provisions of this Order authorizing the Sale and

assignment of the Purchased Assets free and clear of Claims and Interests shall be self-executing

and neither the Debtors nor the Purchaser shall be required to execute or file releases,

(Page | 28)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

termination statements, assignments, consents, or other instruments to effectuate, consummate, and implement the provisions of this Order.

13.     Effective upon each applicable closingClosing, all persons and entities are forever prohibited and enjoined from commencing or continuing in any matter any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral, or other proceeding against the Purchaser or its assets (including, without limitation, the Purchased Assets), with respect to any (a) claim in these chapter 11 cases or in connection with or related to the Sale or the Debtors or (b) Successor or Transferee Liability (defined below), including, without limitation, the following actions with respect to clauses (a) and (b): (i) commencing or continuing any action or other proceeding pending or threatened; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any lien, claim, interest, or encumbranceEncumbrance; (iv) asserting any set-off, right of subrogation, or recoupment of any kind; (v) commencing or continuing any action in any manner or place that does not comply with, or is inconsistent with, the provisions of this Order or other orders of this Court, or the agreements or actions contemplated or taken in respect hereof; or (vi) revoking, terminating, failing, or refusing to renew any License (defined below) to operate any business in connection with the Purchased Assets or conduct any of the businesses operated with respect to such assets.

(Page | 29)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the ~~[Purchaser Name]~~KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

**No Successor or Transferee Liability**

14.    The Purchaser shall not be deemed, as a result of any action taken in connection with the Asset Purchase Agreement, the consummation of the Sale, or the transfer, operation, or use of the Purchased Assets to (a) be a legal successor or otherwise be deemed a successor to the Debtors (other than with respect to any Assumed Liabilities and Permitted ~~Encumbrances~~Liens arising after ~~each applicable closing~~Closing), (b) have, *de facto* or otherwise, merged with or into the Debtors, or (c) be an alter ego or a mere continuation or substantial continuation of the Debtors or the enterprise of the Debtors, including, without limitation, within the meaning of any foreign, federal, state, or local revenue law, pension law, the Employee Retirement Income Security Act of 1974 (as amended), tax law, labor law, products liability law, employment law, environmental law, or other law, rule, or regulation (including, without limitation, filing requirements under any such laws, rules, or regulations), or under any products liability law or doctrine with respect to the Debtors' liability under such law, rule, or regulation.

15.    Immediately prior to each closing, ~~the~~ Purchaser was not an ~~"~~"insider~~"~~" or ~~"~~"affiliate~~"~~" of the Debtors, as those terms are defined in the Bankruptcy Code, and no common identity of incorporators, directors, or controlling stockholders existed between the Purchaser and the Debtors.

16.    Other than as expressly set forth in the Asset Purchase Agreement, the Purchaser shall not have any responsibility for (a) any liability or other obligation of the Debtors or related

(Page | 30)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

to the Purchased Assets or (b) any claims against the Debtors or any of their predecessors or affiliates.  Except as expressly provided in the Asset Purchase Agreement with respect to the Purchaser, the Purchaser shall not have any liability whatsoever with respect to the Debtors' (or their predecessors' or affiliates') respective businesses or operations or any of the Debtors' (or their predecessors' or affiliates') obligations (as defined herein, "Successor or Transferee Liability") based, in whole or part, directly or indirectly, on any theory of successor or vicarious liability of any kind or character, or based upon any theory of antitrust, environmental, successor, or transferee liability, *de facto* merger or substantial continuity, labor and employment or products liability, whether known or unknown as of each applicable closingClosing, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated, including, without limitation, liabilities on account of (a) any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the Purchased Assets or the Assumed Liabilities or the Permitted Encumbrances prior to each applicable closingClosing or in respect of pre-closingpre-Closing periods or (b) any plan, agreement, practice, policy, or program, whether written or unwritten, providing for pension, retirement, health, welfare, compensation or other employee benefit which is or has been sponsored, maintained, or contributed to by any Debtor or with respect to which any Debtor has any liability, whether or not contingent.

(Page | 31)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

**Good Faith Purchaser**

17. The Sale contemplated by the Asset Purchase Agreement is undertaken by the Purchaser without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale unless such authorization and consummation of such Sale (including, without limitation, the assumption and assignment of the Contracts) are duly and properly stayed pending such appeal.

18. Neither the Debtors nor the Purchaser have engaged in any action or inaction that would cause or permit the Sale to be avoided or costs or damages to be imposed under section 363(n) of the Bankruptcy Code.  The consideration provided by the Purchaser for the Purchased Assets under the Asset Purchase Agreement is fair and reasonable and the Sale may not be avoided, and costs and damages may not be imposed, under section 363(n) of the Bankruptcy Code.

**Assumption and Assignment of Contracts**

17.    19. The applicable non-Debtor counterparties may object to the assumption and assignment to the Purchaser of the applicable Contract in accordance with the Assumption and Assignment Procedures and, to the extent this Order is entered prior to any Contract Objection Deadline, the applicable Contracts may be assumed and assigned to the Purchaser no earlier than

(Page | 32)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

the occurrence of the applicable Contract Objection Deadline, absent the consent of the non-Debtor counterparty to the Contract.

18. 20. Subject to paragraph 20, upon the Closing17, the Debtors are authorized at Closing to assume and assign each of the applicable Contracts to the Purchaser free and clear of all Claims and Interests in accordance with the Assumption and Assignment Procedures described in the Motionpursuant to sections 105(a) and 365 of the Bankruptcy Code and to execute and deliver to the Purchaser (or its designee) such documents or other instruments as may be necessary to assign and transfer the Contracts to the Purchaser. The payment of the applicable Cure Amountscure costs (if any) shall: (a) effect a cure of all defaults existing thereunder as of the applicable closing date;Closing and (b) compensate for any actual pecuniary loss to such non-Debtor partycounterparty resulting from such default; and (c) together with the assumption of the Contracts by the Purchaser, constitute adequate assurance of future performance thereof. The Purchaser shall then have assumed the Contracts and, pursuant to section 365(f) of the Bankruptcy Code, the assignment by the Debtors thereof shall not be a default thereunder. After the payment of the relevant Cure Amounts, neither the Debtors nor the Purchaser shall have any further liabilities to the non-Debtor parties to the Contracts other than the Purchaser's obligations under the Contracts that become due and payable on or after the applicable closing date.

(Page | 33)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

19.     Pursuant to section 365(f) of the Bankruptcy Code, subject to the payment of the applicable cure costs, the Contracts to be assumed and assigned under the Asset Purchase Agreement shall be assigned and transferred to, and remain in full force and effect for the benefit of, the Purchaser, notwithstanding any provision in the contracts or other restrictions prohibiting their assignment or transfer.  Any provisions in any Contract that prohibit or condition the assignment of such Contract to the Purchaser or allow the counterparty to such Contract to terminate, recapture, impose any penalty, condition on renewal or extension, or modify any term or condition upon the assignment of such Contract to the Purchaser constitute unenforceable anti-assignment provisions that are void and of no force and effect.  All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtors and assignment to the Purchaser of the Contracts have been satisfied.  Subject to paragraph 17, upon Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Purchaser shall be fully and irrevocably vested with all right, title, and interest of the Debtors under the Contracts, and such Contracts shall remain in full force and effect for the benefit of the Purchaser.  Each counterparty to the Contracts shall be forever barred, estopped, and permanently enjoined from (a) asserting against the Debtors or any Purchaser or their respective property any assignment fee, acceleration, default, breach or claim or pecuniary loss, or condition to assignment existing, arising, or accruing as of Closing or arising by reason of any such Closing, including, without limitation, any breach related to or arising out of change-in-control

(Page | 34)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

provisions in such Contracts, or any purported written or oral modification to the Contracts and (b) asserting against any Purchaser (or its respective property, including, without limitation, the Purchased Assets) any claim, counterclaim, defense, breach, condition, or setoff asserted, or assertable against the Debtors, including, without limitation, claims arising out of or related to service or notice of the Contract Assumption Notice, all existing as of Closing or arising by reason of any such Closing, except for the Assumed Liabilities and Permitted Liens.

20.   21. Subject to paragraph 20, the Contracts shall, as of the Closing, be valid and binding on the Purchaser and the other non-Debtor counter-parties thereto, and in full force and effect and enforceable 17, upon Closing and the payment of the relevant cure costs, if any, in accordance with their respective terms.  Following such assignment,the terms of the Asset Purchase Agreement, the Purchaser shall be deemed to be substituted for the Debtors as a party to the applicable Contracts and the Debtors shall be relievedreleased, pursuant to section 365(k) of the Bankruptcy Code, from any liability under the Contracts.  There shall be no assignment fees, increases, or any other fees charged to the Purchaser or the Debtors as a result of the assumption and assignment of the Contracts.  The failure of the Debtors or the Purchaser to enforce at any time one or more terms or conditions of any Contract shall not be a waiver of such terms or conditions or of the right of the Debtors or the Purchaser, as the case may be, to enforce every term and condition of such Contract.  The validity of the assumption and assignment of any Contract to the Purchaser shall not be affected by any existing dispute between the Debtors

(Page | 35)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

and any counterparty to such Contract. Any party that may have had the right to consent to the assignment of any Contract has received adequate notice of the proposed assignment of such Contract and is deemed to have consented for the purposes of section 365(e)(2)(A) of the Bankruptcy Code.

21. All defaults or other obligations of the Debtors under the Contracts arising or accruing after the applicable Contract Objection Deadline and prior to Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be cured on Closing Date, or as soon thereafter as reasonably practicable, or by such other time agreed to by the Debtors and the applicable counterparty.

22. The assignments of each of the Contracts are made in good faith under sections 363(b) and (m) of the Bankruptcy Code.

23. The applicable non-Debtor counterparties may object to the assumption and assignment to the Purchaser of the applicable Contract in accordance with the Assumption and Assignment Procedures and, to the extent this Order is entered prior to any Contract Objection Deadline, the applicable Contracts may be assumed and assigned to the Purchaser no earlier than the occurrence of the applicable Contract Objection Deadline, absent the consent of the non-Debtor counterparty to the Contract.

(Page | 36)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

24.    Subject to paragraph 17, the Debtors are authorized at Closing to assume and assign each of the Contracts to the Purchaser pursuant to sections 105(a) and 365 of the Bankruptcy Code and to execute and deliver to the Purchaser (or its designee) such documents or other instruments as may be necessary to assign and transfer the Contracts to the Purchaser.  The payment of the applicable cure costs (if any) shall (a) effect a cure of all defaults existing thereunder as of the relevant Closing and (b) compensate for any actual pecuniary loss to such counterparty resulting from such default.

25.    22. Pursuant to section 365(f) of the Bankruptcy Code, subject to the payment of the applicable cure costs, the Contracts to be assumed and assigned under the Asset Purchase Agreement shall be assigned and transferred to, and remain in full force and effect for the benefit of, the Purchaser, notwithstanding any provision in the contracts or other restrictions prohibiting their assignment or transfer.    Any provisions in any Contracts that prohibits or conditionsContract that prohibit or condition the assignment of such Contracts or allows the non-Debtor party to such ContractsContract to the Purchaser or allow the counterparty to such Contract to terminate, recapture, impose any penalty, condition on renewal or extension, or modify any term or condition upon the assignment of such Contracts,Contract to the Purchaser constitute unenforceable anti-assignment provisions that are void and of no force and effect.  All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtors and assignment to the Purchaser of the Contracts have been satisfied.

(Page | 37)

| Debtors: | NEW RITE AID, LLC, et al. |
|---|---|
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Subject to paragraph 2017, upon each applicable closingClosing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Purchaser shall be fully and irrevocably vested with all rightsright, title, and interest of the Debtors under the applicable Contracts.Contracts, and such Contracts shall remain in full force and effect for the benefit of the Purchaser. Each counterparty to the Contracts shall be forever barred, estopped, and permanently enjoined from (a) asserting against the Debtors or any Purchaser or their respective property any assignment fee, acceleration, default, breach or claim or pecuniary loss, or condition to assignment existing, arising, or accruing as of Closing or arising by reason of any such Closing, including, without limitation, any breach related to or arising out of change-in-control provisions in such Contracts, or any purported written or oral modification to the Contracts and (b) asserting against any Purchaser (or its respective property, including, without limitation, the Purchased Assets) any claim, counterclaim, defense, breach, condition, or setoff asserted, or assertable against the Debtors, including, without limitation, claims arising out of or related to service or notice of the Contract Assumption Notice, all existing as of Closing or arising by reason of any such Closing, except for the Assumed Liabilities and Permitted Liens.

23. The Purchaser has provided adequate assurance of its future performance under the relevant Contracts within the meaning of sections 365(b)(l)(C) and 365(f)(2)(B) of the Bankruptcy Code.

(Page | 38)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

26.    24. Subject to paragraph 17, upon Closing and the payment of the relevant cure costs, if any, in accordance with the terms of the Asset Purchase Agreement, the Purchaser shall be deemed to be substituted for the Debtors as a party to the applicable Contracts and the Debtors shall be released, pursuant to section 365(k) of the Bankruptcy Code, from any liability under the Contracts.  There shall be no rent accelerations, assignment fees, increases (including advertising rates), or any other fees charged to the Purchaser or the Debtors as a result of the assumption and assignment of the Contracts.  The failure of the Debtors or the Purchaser to enforce at any time one or more terms or conditions of any Contract shall not be a waiver of such terms or conditions or of the right of the Debtors or the Purchaser, as the case may be, to enforce every term and condition of such Contract.  The validity of the assumption and assignment of any Contract to the Purchaser shall not be affected by any existing dispute between the Debtors and any counterparty to such Contract.  Any party that may have had the right to consent to the assignment of any Contract has received adequate notice of the proposed assignment of such Contract and is deemed to have consented for the purposes of section 365(e)(2)(A) of the Bankruptcy Code.

27.    All defaults or other obligations of the Debtors under the Contracts arising or accruing after the applicable Contract Objection Deadline and prior to Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be cured on Closing Date, or as soon thereafter as

(Page | 39)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

reasonably practicable, or by such other time agreed to by the Debtors and the applicable counterparty.

25. From and after the applicable Contract Objection Deadline, each non-Debtor party to a Contracts shall (i) be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts with respect to such Contracts and the Debtors and Purchaser shall be entitled to rely solely upon the Cure Amounts on the applicable Assumption Notice, and (ii) be forever barred and estopped from asserting or claiming against the Debtors, any purchaser of the Debtors' assets, including the Purchaser, and any assigned of any Contracts that any additional amounts as of the date of assignment are due or defaults exist under such Contracts.

26. Subject to paragraph 20, any Contracts proposed to be assumed and assigned to Purchaser for which there is a timely objection outstanding with respect solely to the Cure Amount may be assumed and assigned prior to resolution of such objection, so long as (i) the Debtors or Purchaser, as applicable, in accordance with the Asset Purchase Agreement, pay any undisputed portion of the Cure Amount on or before the applicable closing date, and (ii) the Debtors or the Purchaser agrees to pay the disputed portion of the Cure Amount pending resolution of the dispute and if so required thereunder. The assumption and assignment of any such Contracts shall be effective immediately upon the payment of the undisputed Cure Amount, without the need for further order of the Court.

(Page | 40)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

27. Subject to paragraph 20, pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, all parties to the Contracts are forever barred and enjoined from raising or asserting against Purchaser any assignment fee, default, breach or claim or pecuniary loss, or condition to assignment, arising under or related to the Contracts existing as of the applicable closing date or arising by reason of the closing.

28. The assignments of each Contract are made in good faith under sections 363(b) and (m) of the Bankruptcy Code.

**Good Faith Purchaser**

28.     The Sale contemplated by the Asset Purchase Agreement is undertaken by the Purchaser without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale unless such authorization and consummation of such Sale are duly and properly stayed pending such appeal.

29.     Neither the Debtors nor the Purchaser have engaged in any action or inaction that would cause or permit the Sale to be avoided or costs or damages to be imposed under section 363(n) of the Bankruptcy Code.  The consideration provided by the Purchaser for the Purchased Assets under the Asset Purchase Agreement is fair and reasonable and the Sale may not be avoided, and costs and damages may not be imposed, under section 363(n) of the Bankruptcy Code.

(Page | 41)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

## Other Provisions

30. 29. To the maximum extent permitted by applicable law and the Asset Purchase Agreement and other Transaction Documents, the Purchaser shall be authorized, as of each closingClosing, to operate under any license, permit, registration, and governmental authorization or approval (collectively, the "Licenses") of the Debtors with respect to the Purchased Assets.

31. 30. To the extent provided by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or License relating to the Purchased Assets sold, transferred, or conveyed to the Purchaser on account of the filing or pendency of these chapter 11 cases or the consummation of the Sale contemplated by the Asset Purchase Agreement.

32. 31. The Asset Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in writing and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

33. 32. The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted with respect to the Debtors to the extent necessary, without further order of the Court, (a) to allow the Purchaser to give the Debtors any notice provided for in the Asset Purchase

(Page | 42)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the ~~[Purchaser Name]~~KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Agreement, (b) to allow the Purchaser to take any and all actions permitted by the Asset Purchase Agreement and the Transaction Documents in accordance with the terms and conditions thereof, including, without limitation, effectuating the Sale and the other transactions contemplated by the Asset Purchase Agreement and the Transaction Documents, and (c) to otherwise implement the terms and provisions of the Asset Purchase Agreement, the Transaction Documents, and this Order.

34.    ~~33.~~ The terms and provisions of the Asset Purchase Agreement, and this Order shall be binding in all respects upon the Debtors, their ~~Affiliates,~~affiliates, their estates, all creditors of (whether known or unknown) and holders of equity interests in any Debtor, any holders of claims against or on all or any portion of the Purchased Assets, all counterparties to the Contracts, the Purchaser, and all of their respective successors and assigns, including, but not limited to, as applicable, any subsequent trustee(s), examiner(s), or receiver(s) appointed in any of the Debtors' chapter 11 cases or upon conversion to chapter 7 under the Bankruptcy Code, as to which the terms and provisions of such trustee(s), examiner(s), or receiver(s) likewise shall be binding.  The Asset Purchase Agreement shall not be subject to rejection or avoidance by the Debtors, their estates, their creditors, their shareholders, or any trustee(s), examiner(s), receiver(s), or any other successor parties in interest.

35.    ~~34.~~ The terms and provisions of this Order and any actions taken pursuant hereto shall survive entry of an order which may be entered: (a) confirming any chapter 11 plan in any

(Page | 43)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

of these chapter 11 cases; (b) converting any of the chapter 11 cases to a case under chapter 7 of the Bankruptcy Code; (c) dismissing any of the chapter 11 cases; (d) transferring venue of the chapter 11 cases to a court other than this Court; or (e) pursuant to which this Court abstains from hearing any of the chapter 11 cases.  The terms and provisions of this Order, notwithstanding the entry of any such orders described in (a)–(e) above, shall continue in these chapter 11 cases or following dismissal of these chapter 11 cases.

36.    35. Each and every federal, state, and local governmental agency, department, or official is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement and the Transaction Documents.

37.    36. The Asset Purchase Agreement and the Sale contemplated hereunder shall not be subject to any bulk sales laws or any similar law of any state or jurisdiction.

38.    37. The Asset Purchase Agreement may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof, without further order of the Court; *provided* that any such modification, amendment, or supplement does not, based on the Debtors' business judgment, and in consultation with the Consultation Parties (as defined in the Bidding Procedures), have ana material adverse effect on the Debtors' estates or their creditors.  The Debtors shall provide the Consultation Parties and the U.S. Trustee with prior notice of any such modification, amendment, or supplement of the Asset Purchase Agreement.

(Page | 44)

Debtors:              NEW RITE AID, LLC, et al.
Case No.              25-14861 (MBK)
Caption of Order:     Order (I) Authorizing the Debtors to Enter Into and Perform Under the
                      [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement,
                      (II) Approving the Sale of Purchased Assets Free and Clear of All Liens,
                      Claims, Encumbrances, and Interests, (III) Authorizing the Assumption
                      and Assignment of the Assumed Contracts to Purchaser and Establishing
                      Cure Amounts Related Thereto in Accordance with the Assumption and
                      Assignment Procedures Certain Executory Contracts in Connection
                      Therewith, and (IV) Granting Related Relief

39. 38. This Order is and shall be binding upon all persons and entities that may be

required by operation of law, the duties of their office, or contract to accept, file, register, or

otherwise record or release any documents or instruments, or that may be required to report or

insure any title or state of title in or to any property; and each of the foregoing persons and

entities shall accept for filing any and all of the documents and instruments necessary and

appropriate to consummate the Asset Purchase Agreement.

40. 39. Any Transaction Fee[3] due to Guggenheim Securities, LLC

("Guggenheim Securities") as a result of the closing of any Sale Transaction shall be segregated

and escrowed (for the exclusive benefit of Guggenheim Securities) in the Debtors' or their

agents' bank accounts from the proceeds of such Sale Transaction (including, without limitation,

from the proceeds of any liquidation or other disposition of the Debtors' assets), as an express

carve-out from the collateral of the Debtors' pre- and post-petition secured lenders, prior to any

other use or distribution of such proceeds.  If any Sale Transaction is the result of a successful

bid without a cash component sufficient to pay the corresponding Transaction Fee due to

Guggenheim Securities in full, then any resulting unpaid portion of the Transaction Fee due to

Guggenheim Securities shall be segregated and escrowed (for the exclusive benefit of

---

[3]    Capitalized terms used in this paragraph and not otherwise defined herein shall have the meanings ascribed to
       such terms in that certain amended and restated engagement letter between Guggenheim Securities and the
       Debtors, dated as of May 5, 2025, a copy of which will be was filed in connection with the Debtors' application
       to retain Guggenheim Securities, LLC [Docket No. 652].

(Page | 45)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Guggenheim Securities) at the closing of such Sale Transaction from the available cash of the Debtors, as an express carve-out from the collateral of the Debtors' pre- and post-petition secured lenders. Nothing in this Order shall prohibit or be construed to prohibit the use of any unencumbered assets of the Debtors or the proceeds thereof to pay any fees and expenses of Guggenheim Securities or the assertion or allowance of an administrative priority claim under sections 503(b)(2) and 507(a)(2) of the Bankruptcy Code, if applicable, on account of any fees or expenses of Guggenheim Securities. Notwithstanding anything to the contrary set forth herein, the requirements and obligations contained in this paragraph 39 to pay Guggenheim Securities any such Transaction Fee on account of such Sale Transaction shall be subject in all respects to entry of a final order of this Court authorizing the retention ofthe *Order (I) Authorizing the Debtors to Retain and Employ* Guggenheim Securities as investment banker to the Debtors*, LLC as Investment Banker Effective as of the Petition Date, (II) Modifying Certain Time-Keeping Requirements, and (III) Granting Related Relief* [Docket No. 1045] (the "Guggenheim Securities Retention Order") and the terms of the Guggenheim Securities Retention Order, and the entry of an order by the Court approving any such fees including the Transaction Fee. All rights of the U.S. Trustee are reserved to object to such fees including the Transaction Fee pursuant to 11 U.S.C. § 330.

(Page | 46)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

41. 40. To the extent there are any inconsistencies between this Order, the Motion, the Bidding Procedures Order, the Bidding Procedures, the Asset Purchase Agreement, and the Transaction Documents, the terms of this Order shall control.

42. 41. Except to the extent expressly provided herein, notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim, interest, or lien against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any prepetition claim, interest, or lien on any grounds; (c) a promise or requirement to pay prepetition claims; (d) a waiver of the obligation of any party in interest to file a proof of claim; (e) an implication or admission that any particular claim, interest, or lien is of a type specified or defined in the Motion or this Order; (f) an authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (g) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

43. 42. The Debtors, in connection with offering a product or service, have not disclosed any policies prohibiting the transfer of personally identifiable informationPersonal Information about individuals to persons that are not affiliated with the Debtors that are inconsistent with the Sale. Nothing contained in this Order prejudices parties in interest from seeking the appointment of a consumer privacy ombudsman in connection with any other proposed sale.

(Page | 47)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

43. The Debtors have demonstrated that without the approval of the Order, the Debtors' stakeholders will be harmed, including the Debtors' creditors and its customers. Further, such harm cannot not be redressed by a legal or equity remedy. Accordingly, the Debtors have demonstrated that the requested relief is "necessary to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003(a).

44. Notwithstanding the possible applicability of Bankruptcy Rules 6003(a), 6004(h), 6006(d), 7062, and 9014 or any other Bankruptcy Rules or Local Rules to the contrary, the terms and conditions of this Order shall be effective and enforceable immediately upon entry, and the Debtors and the Purchaser are authorized to close the Sale immediately upon entry of this Order.

45. Notice of the Motion, the Sale Hearing, the Asset Purchase Agreement, and the Sale, and the proposed assumption and assignment of the Contracts, as provided therein, including through distribution of the Sale Notice and the Assumption Notice shall be deemed good and sufficient notice of such Motion, the Sale Hearing, the Asset Purchase Agreement, and the Sale, and the proposed assumption and assignment of the Contracts, and the requirements of Bankruptcy Rules 2002, 6004(a), and 6004(c) and the Local Rules are satisfied by such notice. The Sale Notice is hereby approved.

46. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

(Page | 48)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

47. Notwithstanding any provision to the contrary in this Order, any Transaction Documents, or any other document related to the sale of the Purchased Assets, with respect to the United States of America (including all agencies, departments, and instrumentalities thereof, the "United States"), nothing shall:

    i.   release, nullify, preclude, or enjoin the enforcement of any police or regulatory powers;

    ii.   affect the setoff or recoupment rights of the United States against the Debtors;

    iii.   confer exclusive jurisdiction to the Bankruptcy Court except to the extent set forth in 28 U.S.C. § 1334 (as limited by any other provisions of the United States Code);

    iv.   solely to the extent included in the Purchased Assets, authorize the assumption, assignment, sale or other transfer of any federal: (a) grants, (b) grant funds, (c) contracts, (d) agreements, (e) awards, (f) task orders, (g) property, (h) leases, (i) certifications, (j) applications, (k) registrations, (l) billing numbers, (m) national provider identifiers, (n) provider transaction access numbers, (o) licenses, (p) permits, (q) covenants, (r) inventory, (s) guarantees, (t) indemnifications, (u) data, (v) records, or (w) any other interests belonging to the United States (collectively, "Federal Interests"), without compliance by the Debtors and Purchaser with the terms of the Federal Interests or, to the extent section 365 of the Bankruptcy Code is applicable, section 365(c);

    v.   be interpreted to set cure amounts under section 365 of the Bankruptcy Code or to require the United States to novate, approve or otherwise consent to the sale, assumption, assignment or other transfer of any Federal Interests; or

    vi.   expand the scope of 11 U.S.C. § 525.

(Page | 49)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

48.     In the event of an inconsistency or conflict between any provision of the Transaction Documents and any provision of this Order, as to the United States, the provisions of this Order shall govern.

49.     Notwithstanding any provision to the contrary in this Order, any Transaction Documents, or any other document related to the sale of the Purchased Assets, after Closing, nothing in such documents shall release, nullify, preclude, or enjoin the enforcement of any police or regulatory powers, under environmental statutes or regulations, to a governmental unit that any entity would be subject to as the post-sale owner or operator of the applicable Purchased Assets after the date of the Closing.

50.     Nothing in this Order, the Transaction Documents, or any document, agreement, or instrument contemplated by any of the foregoing, including any "transition services or transition period agreements", shall: (a) be construed to authorize or permit (i) the assumption and/or assignment of any surety bond issued by (A) International Fidelity Insurance Company and/or its affiliates, (B) Berkley Insurance Company, (C) The Hanover Insurance Company, and/or (D) RLI Insurance Company (items A through D, collectively, the "Sureties" and, each individually, a "Surety") on behalf of the Debtors (collectively, the "Surety Bonds" and, each individually, a "Surety Bond"), (ii) the assumption and/or assignment of any indemnity agreements executed by one or more of the Debtors pursuant to which the Surety Bonds were issued (the "Indemnity Agreements" and, each individually, an "Indemnity Agreement"), or (iii)

(Page | 50)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

obligate a Surety to replace any Surety Bond and/or issue any new surety bond on behalf of a Purchaser; or (b) be deemed to provide a Surety's consent to the involuntary substitution of any principal under any Surety Bond and/or any Indemnity Agreement, including, for the avoidance of doubt, that the Purchaser shall not be a substitute principal under any Surety Bond or any Indemnity Agreement absent a Surety's consent thereto or further order of the Bankruptcy Court. Additionally, nothing in this Order, the Transaction Documents, or any "transition agreement", or any other document, agreement, or instrument contemplated by any of the foregoing shall be deemed to alter, limit, modify, release, waive, or prejudice any rights, remedies, and/or defenses that the Sureties have or may have under applicable bankruptcy and non-bankruptcy laws, under any of the their respective Surety Agreements, or related agreements, or any letters of credit, or other Surety collateral relating thereto.

51.    Notwithstanding anything to the contrary in the Transaction Documents, the definition of Excluded Assets in the Transaction Documents shall include Personal Information related to the "Rite Aid Rewards" loyalty program, marketing lists and other non-pharmacy retail consumer data about Debtors' customers held or maintained by the Debtor related to its non-pharmacy retail operations, and such Personal Information shall not be transferred to the Purchaser. The Debtors and the Purchaser agree that the Pharmacy Assets that are Personal Information shall only include "Protected Health Information" as defined in the Health Insurance Portability and Accountability Act of 1996, held or maintained by Debtors in their prescription

(Page | 51)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

records related to Debtors' pharmacy patients in connection with the Debtors' pharmacy operations.

52.     Notwithstanding anything to the contrary in this Order or the Bidding Procedures Order, the Debtors are authorized, in consultation with the Consultation Parties, to file one or more additional notices of successful bidder (each, an "Additional Notice of Successful Bidder"). Each Additional Notice of Successful Bidder shall identify the applicable successful bidder (the "Additional Purchaser"), the assets to be acquired, and shall attach the applicable asset purchase agreement. Upon the filing and service of any Additional Notice of Successful Bidder, parties in interest shall have seven (7) days from the date of service (the "Additional Sale Objection Deadline") to file and serve any objections to the proposed sale to the Additional Purchaser. If no timely objection is filed and served by the Additional Sale Objection Deadline, the Debtors are authorized to consummate the sale to the Additional Purchaser in accordance with the terms set forth in the applicable asset purchase agreement, and such sale shall be deemed approved without further order of the Court. Upon the closing of such sale, the Additional Purchaser shall be deemed a "Purchaser" under this Order, and all provisions of this Order, including, without limitation, those relating to the sale of assets free and clear of liens, claims, encumbrances, and interests, the procedures relating to the assumption and assignment of executory contracts and unexpired leases, and the protections afforded to a good faith purchaser, shall apply to the sale to the Additional Purchaser and the assets acquired thereby to the same

(Page | 52)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

extent as if such sale had been approved by this Order in the first instance. If a timely objection is filed and served with respect to any Additional Notice of Successful Bidder, the Debtors may schedule a hearing to consider such objection on shortened notice, subject to the Court's availability, and shall not consummate the sale to the Additional Purchaser unless and until such objection is resolved by agreement of the parties or by order of the Court. For the avoidance of doubt, the Debtors' authority to file Additional Notices of Successful Bidder and consummate sales pursuant to this provision shall be in addition to, and not in limitation of, any other authority granted under this Order or the Bidding Procedures Order.

53.     With respect to any cure, assumption, and/or adequate assurance objections (each, an "Assumption Objection") timely filed in accordance with the Assumption and Assignment Procedures, the Debtors will address such Assumption Objections at a later hearing, unless (i) resolved by agreement of the Debtors and the non-Debtor counterparty, including through ordinary-course reconciliation, or (ii) the Debtors withdraw the request to seek to assume and assign such executory contract or unexpired lease. Accordingly, notwithstanding anything to the contrary in the Bidding Procedures Order or this Order, a non-Debtor counterparty's Assumption Objection timely filed in accordance with the Assumption and Assignment Procedures challenging assumption and assignment, including any adequate assurance-related issues (including evidence), is expressly reserved until a later hearing and the findings of fact in this Order shall not waive, impair, or limit any right of non-Debtor counterparties to assert such

(Page | 53)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Assumption Objections.  No non-Debtor counterparty that timely files an Assumption Objection in accordance with the Assumption and Assignment Procedures needs to object to or challenge the assumption or assumption and assignment of their executory contract or unexpired lease in connection with the Sale Hearing or this Order, including any challenge to adequate assurance and cure amounts, to preserve their rights for that later hearing.  Furthermore, to the extent a non-Debtor counterparty timely files an Assumption Objection in accordance with the Assumption and Assignment Procedures, the Debtors shall not be entitled to a waiver of Federal Rule of Bankruptcy Procedure 6006(d) with respect to such lease(s), but reserve the right to seek Bankruptcy Court approval of such waiver, with the non-Debtor counterparty's right to object to such request fully preserved.

54.    Nothing in this Sale Order shall authorize the sale of any credits and/or chargebacks provided by Haleon US Services, Inc. f/k/a GSK Consumer Healthcare Services Inc. to any of the Debtors (including but not limited to Loyalty and/or Co-op Funding, Feature Ad Costs and/or other promotional costs associated with Haleon brands as well as any other type of credit Rite Aid may assert) (the "Credits"), and such Credits shall be an asset excluded from any such sale.

55.    Notwithstanding anything to the contrary in this Order, the Motion, any Asset Purchase Agreement, the Transaction Documents, the Bidding Procedures Order, the Bidding Procedures, the Assumption and Assignment Procedures, any Contract Assumption Notice, any

(Page | 54)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the ~~[Purchaser Name]~~KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing ~~the~~ Assumption and Assignment of ~~the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures~~Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

Supplemental Contract Assumption Notice, any notice or list of Assigned Contracts and/or Cure Payments, or any documents relating to any of the foregoing, (a) nothing shall permit or otherwise effectuate a sale, assumption, assignment or any other transfer to any Purchaser at this time of (i) any insurance policies that have been issued by ACE American Insurance Company and/or any of its U.S.-based affiliates and/or any predecessors and successors of any of the foregoing (collectively, and solely in their capacities as insurers under the foregoing policies, the "Chubb Companies") to, or pursuant to which coverage is provided to, any of the Sellers (or their affiliates or predecessors) at any time, and all agreements, documents or instruments relating to such policies, including, without limitation, any collateral or security provided by or on behalf of any of the Sellers (or their affiliates or predecessors) to any of the Chubb Companies and the proceeds thereof (collectively, the "Chubb Insurance Contracts"), and/or (ii) any rights, interests, proceeds, benefits, claims, rights to payments and/or recoveries under or related to such Chubb Insurance Contracts including, without limitation, any of the Chubb Companies' indemnity, subrogation, setoff, recoupment, and/or other rights; (b) the Chubb Insurance Contracts and any rights, interests, proceeds, benefits, claims, rights to payments and/or recoveries under or related to such Chubb Insurance Contracts (i) are not and shall not be deemed to be Assigned Contracts, Purchased Assets, or a portion of any of the Purchased Assets sold, assigned or otherwise transferred as part of any the Sale hereunder, and (ii) shall be deemed to be Excluded Assets; (c) nothing herein shall alter, modify or otherwise amend the terms,

(Page | 55)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

conditions, rights, and/or obligations of and/or under the Chubb Insurance Contracts; (d) for the avoidance of doubt, the Purchaser is not, and shall not be deemed to be, insureds under any of the Chubb Insurance Contracts; *provided, however,* that, to the extent any claim with respect to the Purchased Assets arises that is covered by the Chubb Insurance Contracts, the Debtors may pursue such claim in accordance with the terms of the Chubb Insurance Contracts, and, if applicable, turn over to the Purchaser any such insurance proceeds (each, a "Proceed Turnover"), *provided, further, however,* that the Chubb Companies shall not have any duty to the Purchaser to effectuate a Proceed Turnover or liability to the Purchaser related to a Proceed Turnover.

56.    For the avoidance of doubt, the Purchased Assets shall not include any of the Debtors' rights arising under or in connection with that certain Supply Agreement between Rite Aid Corporation and McKesson Corporation ("McKesson"), dated as of August 30, 2024 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "Supply Agreement"), including any rebates, rights of return, set-off, recoupment, indemnification, rights to the assignment of antitrust claims, or related assets of the Debtors. Notwithstanding anything to the contrary in this Order, but without limiting the Purchaser's protections under this Order, McKesson's rights (a) against the Debtors under the Supply Agreement, and (b) against the Debtors and/or any other parties to any intercreditor agreements related to the Supply Agreement under such intercreditor agreements are fully reserved.

(Page | 56)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the [Purchaser Name]KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment ProceduresCertain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief |

57. 47. This Court retains exclusive jurisdiction with respect to all matters arising

from or related to the implementation, interpretation, and enforcement of this Order.

## ~~Schedule~~Exhibit 1

**Asset Purchase Agreement**