**CUTOLO BARROS LLC**
46-50 Throckmorton Street
Freehold, New Jersey 07728
(732) 414-1170
Joseph A. Kutschman III, Esq. (046732010)
jkutschman@cutolobarros.com
*Counsel to OSJ of Peterborough LLC*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

## MOTION OF OSJ OF PETERBOROUGH LLC TO ALLOW ADMINISTRATIVE EXPENSE CLAIM AND COMPEL IMMEDIATE PAYMENT

OSJ of Peterborough LLC, a New Hampshire Limited Liability Company ("OSJ" and/or "Landlord"), by and through its counsel, Cutolo Barros LLC, files this Motion to Allow Administrative Expense Claim and Compel Immediate Payment ("Motion") pursuant to 11 U.S.C. 105(a), 503(b)(1), and 507(a)(2). In support of the Motion, Landlord relies upon the Declaration of Cristen L. Raucci, Esq. (the "Declaration") submitted herewith.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. 157 and 1334. This is a core proceeding pursuant to 28 U.S. U.S.C. 157(b). Venue is proper in this Court pursuant to 28 U.S.C. 1408 and 1409.

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

## FACTS

2. On May 5, 2025 (the "Petition Date"), New Rite Aid, LLC ("New Rite Aid") and its affiliate entities, including Maxi Drug North, Inc. ("Tenant") filed voluntary petitions for bankruptcy relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") under Case Nos. 25-14861-MBK and 25-14838-MBK, respectively.

3. OSJ is the landlord of real property located at 19 Wilton Road, Suite 1, Peterborough, NH 03458 (the "Premises").

4. Prior to the Petition Date, Landlord entered into a commercial lease with Tenant dated February 10, 2017, as amended by the First Amendment to the Lease dated November 1, 2023 and the Second Amendment to the Lease dated June 20, 2024 concerning the Premises (collectively, the "Commercial Lease").

5. Rite Aid Corporation ("Guarantor") executed a guaranty agreement dated February 10, 2017 and reaffirmed the guaranty in all subsequent amendments to the Commercial Lease. (the "Guaranty Agreement").

6. Pursuant to the Commercial Lease, rent, taxes and common area maintenance ("CAM") charges are due on the first (1st) day of each month.

## LEGAL ARGUMENT

7. Administrative expenses are allowable when such claims result from the "actual and necessary costs and expenses of preserving the estate." *See* 11 U.S.C. 503(b)(1)(A).

8. As a threshold matter, to establish an administrative expense claim, "the debt must arise from a transaction with the debtor-in-possession" and the "claimant's right to payment [must be] beneficial to the debtor-in-possession in the operation of the business". *In re O'Brien Env't Energy, Inc.*, 181 F.3d 527, 532–33 (3d Cir. 1999).

9. Here, the Tenant was in possession of the Premises on the Petition Date and benefited from its business operations its business to the Tenant's financial benefit to the detriment of the Landlord.

10. Specifically, landlords are entitled to stub rent as an administrative expense. *See In re Goody's Fam. Clothing Inc.*, 610 F.3d 812, 815 (3d Cir. 2010) (Stub Rent "is the amount due a landlord for the period of occupancy and use between the petition date and the first post-petition rent payment.").

11. In this case, Tenant filed for Chapter 11 Bankruptcy protection on May 5, 2025 and rent is due to OSJ on the first of each month. *See* Declaration, Paragraph 9 and Exhibit A submitted therewith.

12. Accordingly, the stub rent is from May 6, 2025 through May 31, 2025 and the Landlord is entitled to same as an administrative expense claim. *See* Declaration, Paragraphs 10 – 11 and Exhibits B, and C submitted therewith.

13. Tenant commenced its Chapter 11 Bankruptcy case on the Petition Date and failed to pay May 2025 rent and prorated (May 6, 2025 until May 31, 2025) stub rent in the amount of $24,355.88 plus CAM charges in the amount of $7,646.63 remain due and owing, totaling $32,002.51. *See* Declaration, Paragraph 10.

14. Landlord is entitled to immediate payment of the administrative expense claim. *See* 11 U.S.C. 365(d)(3); *see also, In re Montgomery Ward Holding Corp.*, 268 F.3d 205 (3d Cir. 2001).

## WAIVER OF MEMORANDUM OF LAW

Landlord respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which Landlord relies is set forth in this Motion, which does not raise any novel issues of law.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Landlord respectfully requests entry of an order: (i) allowing the administrative expense claim of Landlord in the amount of $32,002.51 and (i) compelling immediate payment of same.

Cutolo Barros LLC<br>
Attorneys for Landlord<br><br>
/s/ Joseph A. Kutschman III<br>
Joseph A. Kutschman III