| | |
|---|---|
| **IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** | Order Filed on July 24, 2025 by Clerk U.S. Bankruptcy Court District of New Jersey |
| In re:<br><br>NEW RITE AID, LLC., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

**ORDER AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES IN FURTHERANCE OF THE SALE TO CVS PHARMACY, INC.**
**[Store Nos. 5297, 5375, 5394 & 6956]**

The relief set forth on the following pages, numbered three (3) through nine (9) is **ORDERED.**

DATED: July 24, 2025

*Honorable Michael B. Kaplan*
United States Bankruptcy Judge

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**Caption in Compliance with D.N.J. LBR 9004- 1(b)**

**BALLARD SPAHR LLP**
Leslie C. Heilman
Laurel D. Roglen
Margaret A. Vesper
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
E-mail:  heilmanl@ballardspahr.com
        roglenl@ballardspahr.com
        vesperm@ballardspahr.com

-and-

Dustin P. Branch
Nahal Zarnighian
Sara Shahbazi
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: (424) 204-4354
Facsimile: (424) 204-4350
E-mail: branchd@ballardspahr.com
        zarnighiann@ballardspahr.com
        shahbazis@ballardspahr.com

-and-

Michael S. Myers
Joel F. Newell
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: (602) 798-5400
Facsimile: (602) 798-5595
E-mail: myersm@ballardspahr.com
        newellj@ballardspahr.com

*Counsel to Gartin Properties, LLC, RAR 2 Queen*
*Anne Eden Hill QRS, LLC, Realty Income Properties*
*16, LLC, Valley Mall, L.L.C., and CP/IPERS Woodfield, LLC*

Debtors:           NEW RITE AID, LLC, *et al.*
Case No.           25-14861 (MBK)
Caption of Order:  Order Authorizing the Assumption and Assignment of Certain Leases
                   In Furtherance of Sale to CVS Pharmacy, Inc.

---

Upon consideration of the *Certification of Counsel Regarding Order Authorizing the Assumption and Assignment of Certain Leases in Furtherance of the Sale to CVS Pharmacy LLC* (the "Certification"); and this Court having entered the *Order (I) Approving and Authorizing the Sale of Certain Pharmacy Assets Free and Clear of All Liens, Claims, Rights, Interests, and Encumbrances, (II) Approving Certain Asset Purchase Agreements and Related Agreements Among the Debtors and Purchaser, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief* on May 21, 2025, [Docket No. 470] (the "Sale Order");[1] and the Debtors having served those certain *Notices of Potentially Assumed Unexpired Leases* on or about May 19, 2025 to the landlords set forth therein [Docket No. 463], including those landlords that are the subject of this Order; and upon consideration of that certain *Limited Objection of Gartin Properties, LLC, RAR 2 Queen Anne Eden Hill QRS, LLC, Realty Income Properties 16, LLC and Valley Mall, LLC to Notice of Potentially Assumed Expired Leases* filed on June 5, 2025 [Docket No. 702] (the "Limited Objection"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that due and appropriate notice of the relief provided for herein has been given under the circumstances; and the Court having determined that the relief provided for herein is in the best interests of the Debtors, their estates,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Certification or the Sale Order, as applicable.

(Page | 4)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Authorizing the Assumption and Assignment of Certain Leases In Furtherance of Sale to CVS Pharmacy, Inc. |

---

their creditors, and other parties in interest; and good and sufficient cause appearing therefor, and after due deliberation, **IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. The unexpired leases of nonresidential real property covering the premises located at 2345 2nd Avenue SW, Seattle, WA (the "Gartin Lease") with landlord Gartin Properties LLC (Store No. 6956, the "Gartin Landlord"), 1514 SW Highland Avenue, Redmond, OR (Store No. 5394, the "RIC Lease") with landlord Realty Income Properties 16, LLC (the "RIC Landlord"), 2519 Main St, Union Gap, WA 98903 (Store No. 5297, the "Valley Mall Lease") with landlord Valley Mall, L.L.C. (the "Valley Mall Landlord"), and 57 West 29th Avenue, Eugene, OR (Store No. 5375, the "Woodfield Station Lease" and together with the Gartin Lease, the RIC Lease and the Valley Mall Lease, the "Leases") with landlord CP/IPERS Woodfield, LLC (the "Woodfield Station Landlord" and together with the Gartin Landlord, the RIC Landlord and the Valley Mall Landlord, the "Landlords"), shall each constitute and be deemed an Assigned Contract pursuant to the terms of the Sale Order, effective as of the later of: the date of entry of this Order and the applicable Closing (each an "Effective Date" and collectively the "Effective Dates") on the assumption and assignment of the Leases to the Purchaser or the respective Designated Purchasers identified on Exhibit 1 hereto (each an "Assignee" and collectively the "Assignees"). The Debtors shall provide notice of each Effective Date by email to counsel to the Landlords identified in the caption no later than one (1) business day following the applicable Closing.

2. Pursuant to the terms of this Order, the Limited Objection is resolved as more fully set forth herein, except as to Store No. 6967, located at 1929 Queen Anne Ave N Seattle, WA 9810

Debtors:           NEW RITE AID, LLC, *et al.*
Case No.           25-14861 (MBK)
Caption of Order:  Order Authorizing the Assumption and Assignment of Certain Leases
                   In Furtherance of Sale to CVS Pharmacy, Inc.

---

with landlord RAR 2 Queen Anne Eden Hill QRS, LLC (the "Queen Anne Landlord"), whose rights are reserved in accordance with Paragraph 6 herein.

3.  Except as explicitly set forth herein, the rights and responsibilities of the Debtors, the Purchaser, and the Landlords in respect of the Leases shall be governed by the terms of the respective Leases and the Sale Order. Pursuant to section 365(b)(1)(A) and (B) of the Bankruptcy Code, within three (3) business days of the applicable Effective Date for each Lease, the Debtors shall pay to each applicable landlord the cure costs set forth in Exhibit 1 of this Order (the "Agreed Cures").

4.  The Agreed Cures represent any and all amounts accrued and that have come due/owed under the Leases through June 30, 2025 and represent the Debtors' payment obligation under the Leases arising prior to June 30, 2025. Debtors' sole obligation with respect to the Agreed Cures shall be to pay such amounts and any other amounts agreed upon between the applicable Debtor and the applicable Landlord. Notwithstanding anything to the contrary in this Order or the Sale Order, the Assignees shall assume all obligations of the applicable Debtor(s) under each such Lease arising from and after the applicable Effective Date, including but not limited to: (i) amounts that accrue and become due under each assigned Lease after the corresponding Effective Date, such as for rent, common area maintenance, insurance, taxes, and similar charges; (ii) any regular or periodic adjustment or reconciliation of charges under each Lease coming due after the corresponding Effective Date, irrespective of when such amounts were accrued; (iii) other obligations, including indemnification obligations, that arise on or after the respective Effective Dates, for amounts that accrue or are related to underlying incidents that occur solely after the

(Page | 6)
Debtors: NEW RITE AID, LLC, *et al.*
Case No. 25-14861 (MBK)
Caption of Order: Order Authorizing the Assumption and Assignment of Certain Leases In Furtherance of Sale to CVS Pharmacy, Inc.

---

Effective Dates; and (iv) any tenant obligations under the Leases solely arising after the Effective Dates; *provided, however*, that in no event shall the Assignees' assumption of any of the foregoing post-Effective Date obligations to the Landlords under the Leases limit any of the Assignees' rights and remedies to pursue the Debtors or their estates or their successors or assigns for payment, contribution or indemnification for such obligations as provided for in the CVS Transaction Documents. For the avoidance of doubt and the sake of clarity, except as set forth explicitly in this paragraph, nothing set forth in this Order shall require the Assignees to assume or otherwise become responsible for any obligations arising prior to the Effective Dates, including, without limitation, any of the Agreed Cures. Notwithstanding anything to the contrary herein, nothing shall impair or prejudice the rights of the Landlord to each Lease with respect to the Debtors' available insurance coverage with respect to the third-party claims asserted in connection with the Debtors' use and occupancy of the premises subject to a Lease with regard to events that occurred prior to the Effective Date; *provided that*, such rights shall be subject in all respects to the Bankruptcy Code and applicable law. Further, solely with respect to the obligations described in item (ii) set forth above, any amounts billed to the Assignees after the Effective Date relating to obligations that accrued prior to the Effective Date ("Pre-Assignment Liabilities") shall be resolved between the Debtors and Assignees in accordance with, and subject to, the terms and conditions of Article VII of the Asset Purchase Agreement dated May 15, 2025 entered into by and among the Debtors, Assignees, and others listed therein (the "Purchase Agreement"); *provided, further*, that the Debtors and Assignees agree that, notwithstanding any provision of the Purchase Agreement or the Sale Order to the contrary, the provisions of the Purchase Agreement

Case 25-14861-MBK    Doc 1546    Filed 07/24/25    Entered 07/24/25 14:12:47    Desc Main
Document    Page 7 of 11

(Page | 7)
Debtors:            NEW RITE AID, LLC, *et al.*
Case No.            25-14861 (MBK)
Caption of Order:   Order Authorizing the Assumption and Assignment of Certain Leases
                    In Furtherance of Sale to CVS Pharmacy, Inc.

and Sale Order pertaining to "Limitations on Liability", "Indemnification Procedures", or the Deductive (as defined in the Purchase Agreement) shall not apply to Pre-Assignment Liabilities, provided that the amount of the Pre-Assignment Liabilities shall not exceed $25,000 in the aggregate per applicable adjustment or reconciliation billing (the "Cap"), and, in the event the Pre-Assignment Liabilities amount shall exceed the Cap, then such Pre-Assignment Liabilities shall be subject to the provisions of the Purchase Agreement in all respects (including, without limitation, Article VII thereto).

5. Solely with respect to the Leases, and notwithstanding anything in the Sale Order or the CVS Transaction Documents to the contrary,

   a. the Debtors shall be released pursuant to and to the full extent provided under Section 365(k) of the Bankruptcy Code and the Sale Order, *provided that* such release shall (i) be subject to the payment of Agreed Cures or other Section 365(d)(3) amounts arising under the Leases on or after July 1, 2025 and prior to the Effective Date, to be paid by the Debtors pursuant to the terms of the Sale Order and this Order, (ii) be limited to curing monetary defaults only, and (iii) not limit, restrict or waive any right of the Landlords to seek to recover from the Debtors (but not the Purchaser or any Designated Purchaser or Assignee) and the Debtors are not released from, any indemnification obligations under the applicable Leases, if any, from third party claims, events or circumstances arising from or as a result of the Debtors' use and occupancy of the leased premises prior to the Effective Date for which the Debtors had a duty to indemnify such Landlords pursuant to any of

Case 25-14861-MBK    Doc 1546    Filed 07/24/25    Entered 07/24/25 14:12:47    Desc Main
Document    Page 8 of 11

(Page | 8)
Debtors:           NEW RITE AID, LLC, *et al.*
Case No.           25-14861 (MBK)
Caption of Order:  Order Authorizing the Assumption and Assignment of Certain Leases
                   In Furtherance of Sale to CVS Pharmacy, Inc.

the Leases; *provided,* that any such indemnification payments or recovery sought in connection therewith shall be solely from the proceeds of the Debtors' applicable insurance policies, and, for the avoidance of doubt, the Debtors shall not be liable for any payments for indemnification obligations in excess of any such applicable insurance coverage; *provided, further*, that such indemnification shall be subject in all respects to the provisions of the Leases, the Bankruptcy Code and applicable law.

b. The Leases shall not be assumed by the Debtors and assigned to a Designated Purchaser other than (i) with respect to the Gartin Lease and the Valley Mall Lease, Washington CVS Pharmacy, L.L.C.; and (ii) with respect to the RIC Lease and the Woodfield Station Lease, Oregon CVS Pharmacy, L.L.C..

c. any change of signage at the Pharmacy locations subject to the Leases shall be done in a manner consistent with and be subject to the terms of the Leases; *provided* that no such signage restrictions shall prevent the Assignee from changing the name in a manner consistent with its branding; and

d. subject to the terms of the Leases and related shopping center documents including but not limited to easements, reciprocal easement agreements, operating or redevelopment agreements, covenants, licenses or permits, which currently run with the land as reflected in the applicable public records (collectively, "Restrictive Covenants"), and all rights and obligations of the parties set forth therein, nothing herein or in the Sale Order or in the CVS Transaction Documents or any related

(Page | 9)
Debtors:           NEW RITE AID, LLC, *et al.*
Case No.           25-14861 (MBK)
Caption of Order:  Order Authorizing the Assumption and Assignment of Certain Leases
                   In Furtherance of Sale to CVS Pharmacy, Inc.

---

document shall authorize, absent further order of the Court or agreement among the Debtors or the Assignees, on the one hand, and each Landlord, on the other hand, the assumption and assignment of any Lease free and clear of any Restrictive Covenants.

6. The Limited Objection is reserved solely with respect to the arguments raised regarding Store No. 6967, located at 1929 Queen Anne Ave N Seattle, WA 9810 with the Queen Anne Landlord, subject to any and all rights of the Debtors, including the Debtors' right to dispute the Queen Anne Landlord's right to assert any cure and the Debtors' right to dispute the amount of the Queen Anne Landlord's asserted cure. The Debtors shall reserve in a separate escrow account the disputed asserted cure amount of $124,810.03 until such time as the parties' reach a resolution of the Limited Objection with the Queen Anne Landlord.

7. This Court shall retain jurisdiction to resolve any disputes arising from or related to this Order.

**Exhibit 1**

| Debtor | Assignee | Landlord | Store Number | Store Address | Description of Contract | Agreed Cures[1] |
|---|---|---|---|---|---|---|
| The Bartell Drug Company | Washington CVS Pharmacy, L.L.C. | Gartin Properties, LLC | 6956 | 2345 42nd Avenue SW Seattle, WA 98116 | Lease Agreement dated December 4, 2001 (together with all amendments, modifications and related agreements) | $77,519.91 |
| Thrifty Payless, Inc. | Oregon CVS Pharmacy, L.L.C. | Realty Income Properties 16, LLC | 5394 | 1514 SW Highland Ave Redmond, OR 97556 | Lease Agreement dated December 4, 2015 (together with all amendments, modifications and related agreements) | $32,000.00 |
| Thrifty Payless, Inc. | Washington CVS Pharmacy, L.L.C. | Valley Mall, L.L.C. | 5297 | 2519 Main Street Union Gap, WA 98903 | Lease Agreement dated June 14, 2000 (together with all amendments, | $34,528.23 |

---

[1] The parties acknowledge that the Agreed Cures may include stub rent due for the period from May 5 through May 31, 2025. Certain payments of stub rent should be made to each of the Landlords in accordance with the settlement reached between the Landlords and the Debtors for the payment of stub rent and postpetition amounts, as defined in paragraph 49 of the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Use of Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [Docket No. 1396]. If such payments are made prior to the entry of this Order, the parties will work together to reduce the Agreed Cures accordingly.

| | | | | |
|---|---|---|---|---|
| | | | | modifications and related agreements) |
| Thrifty Payless, Inc. | Oregon CVS Pharmacy, L.L.C. | CP/IPERS Woodfield, LLC | 5375 | 57 West 29th Avenue Eugene, OR 97405 | Lease Agreement dated July 9, 2004 (together with all amendments, modifications and related agreements) | $55,300.47 |