|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | **Order Filed on July 24, 2025 by Clerk U.S. Bankruptcy Court District of New Jersey** |
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case Number: 25-14861 (MBK)<br><br>(Jointly Administered) |

**ORDER APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASE IN DEBTORS' NOTICE OF POTENTIALLY ASSUMED UNEXPIRED LEASES**

[Related to Docket No. 470]

The relief set forth on the following pages, numbered three (3) through nine (9), is

**ORDERED.**

**DATED: July 24, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice)*
Alice Belisle Eaton (admitted *pro hac vice)*
Christopher Hopkins (admitted *pro hac vice)*
Sean A. Mitchell (admitted *pro hac vice)*
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice)*
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel to the Debtors and
Debtors in Possession*

(Page | 3)

| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving Assumption and Assignment of Certain Unexpired Leases in Debtors' Notice of Potentially Assumed Unexpired Leases |

Pursuant to the *Order (I) Approving and Authorizing the Sale of Certain Pharmacy Assets Free and Clear of All Liens, Claims, Rights, Interests, and Encumbrances, (II) Approving Certain Asset Purchase Agreements and Related Agreements Among the Debtors and Purchaser, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief* [Docket No. 470] (the "Sale Order"); and this Court having jurisdiction over this matter under 28 U.S.C. § 1334; and this Court having found that this is a core proceeding under 28 U.S.C. § 157(b) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding in this district is proper under 28 U.S.C. § 1408; and this Court having found that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having properly served the *Notice of Potentially Assumed Unexpired Leases* (the "Assignment Notice") to each applicable party, including those parties set forth in Schedule 1 attached hereto (the "Assumption Schedule"), in accordance with the terms of the Sale Order; and due and proper notice of the Sale Order and Assignment Notice having been provided to each applicable counterparty, and it appearing that no other notice need be provided; and the Court having considered the *Limited Objection of First Washington Realty and Regency Centers, L.P. to Debtors' Notice of Potentially Assumed Unexpired Leases* [Docket No. 644] (the "Limited Objection"); and after due deliberation and sufficient cause appearing, it is **HEREBY ORDERED THAT**:

1.      Pursuant to the terms of this Order, the Limited Objection is resolved as set forth herein.

(Page | 4)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al*. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving Assumption and Assignment of Certain Unexpired Leases in Debtors' Notice of Potentially Assumed Unexpired Leases |

2.      The real property lease set forth on the Assumption Schedule (the "Lease") is assumed and assigned to the entity listed on the Assumption Schedule (the "Assignee"), effective on the closing date for such Lease (the "Lease Assignment Date"), pursuant to the terms and conditions set forth in this Order. Notice of the Lease Assignment Date shall be provided by email to Robert L. LeHane, Jennifer D. Raviele, and Connie Y. Choe, counsel for each Landlord (defined below), at least five (5) calendar days prior to such Lease Assignment Date.  The Landlord acknowledges that the requisite notice has been provided.

3.      Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of the Lease shall:

a.   be free and clear of all Interests (as defined in the Sale Order), other than any Interests expressly assumed under, or expressly permitted by, the CVS Transaction Documents (as defined in the Sale Order); and

b.   constitute a legal, valid and effective transfer of the Lease and vest the Assignee with all rights, title, and interests to the Lease.

4.      Pursuant to section 365(b)(1)(A) and (B) of the Bankruptcy Code, within three (3) business days following the Lease Assignment Date for the Lease, the Debtors shall pay to the landlord identified on the Assumption Schedule (the "Landlord") the undisputed cure amount set forth therein (the "Cure Amount").

5.      The Cure Amount represents any and all known amounts accrued and owed under the Lease through the Lease Assignment Date and represents the Debtors' payment obligation under the Lease arising prior to the Lease Assignment Date.[2] Debtors' sole obligation with respect

---

[2]      For the avoidance of doubt, the Cure Amount does not include all post-petition amounts due and owing under the Lease pursuant to section 365(d)(3) of the Bankruptcy Code.  The parties are currently in discussions to resolve such post-petition amounts and, once agreed, any outstanding amount shall be promptly paid to the Landlord.

(Page | 5)

Debtors:          NEW RITE AID, LLC, *et al.*

Case No.          25-14861 (MBK)

Caption of Order:  Order Approving Assumption and Assignment of Certain Unexpired Leases
                   in Debtors' Notice of Potentially Assumed Unexpired Leases

to the Cure Amount shall be to pay such amount and any other amounts agreed upon between the Debtor and Assignee. Notwithstanding anything to the contrary in this Order or the Sale Order, the Assignee shall assume all obligations of the applicable Debtor(s) under the Lease arising from and after the applicable Lease Assignment Date, including but not limited to, (i) amounts owed under the assigned Lease that accrue after the Lease Assignment Date, such as common area maintenance, insurance, taxes, and similar charges; (ii) any regular or periodic adjustment or reconciliation of charges under the Lease coming due after the Lease Assignment Date, irrespective of when such amounts were accrued; (iii) other obligations, including indemnification obligations, that arise on or after the Lease Assignment Date, for amounts that accrue or are related to underlying incidents that occur solely after the Lease Assignment Date; and (iv) any tenant obligations under the Lease solely arising after the Lease Assignment Date; *provided, however,* that in no event shall the Assignee's assumption of any of the foregoing post-Lease Assignment Date obligations to the Landlord under the Lease limit any of the Assignee's rights and remedies to pursue the Debtors or their estates or their successors or assigns for payment, contribution or indemnification for such obligations as provided for in the CVS Transaction Documents. For the avoidance of doubt and the sake of clarity, except as set forth explicitly in this paragraph, nothing set forth in this Order shall require the Assignee to assume or otherwise become responsible for any obligations arising prior to the Lease Assignment Date, including, without limitation, the Cure Amount. Notwithstanding anything to the contrary herein, nothing shall impair or prejudice the rights of the Landlord to the Lease with respect to the Debtors' available insurance coverage with respect to third-party claims asserted in connection with the Debtors' use and occupancy of the premises subject to a Lease with regard to events that occurred prior to the Lease Assignment Date;

(Page | 6)
Debtors:              NEW RITE AID, LLC, *et al*.
Case No.              25-14861 (MBK)
Caption of Order:     Order Approving Assumption and Assignment of Certain Unexpired Leases
                      in Debtors' Notice of Potentially Assumed Unexpired Leases

*provided that*, such rights shall be subject in all respects to the Bankruptcy Code and applicable

law.  Further, solely with respect to the obligations described in item (ii) set forth above, any

amounts billed to the Assignee after the Lease Assignment Date relating to obligations that accrued

prior to the Lease Assignment Date ("Pre-Assignment Liabilities") shall be resolved between the

Debtors and Assignee in accordance with, and subject to, the terms and conditions of Article VII

of the Asset Purchase Agreement dated May 15, 2025 entered into by and among the Debtors,

Assignee, and others listed therein (the "Purchase Agreement"); *provided*, *further*, that the Debtors

and Assignee agree that, notwithstanding any provision of the Purchase Agreement to the contrary,

the provisions of the Purchase Agreement pertaining to "Limitations on Liability",

"Indemnification Procedures" or the Deductible (as defined in the Purchase Agreement) shall not

apply to Pre-Assignment Liabilities, provided that the amount of Pre-Assignment Liabilities shall

not exceed $25,000 in the aggregate (the "Cap"), and, in the event the Pre-Assignment Liabilities

amount shall exceed the Cap, then such Pre-Assignment Liabilities shall be subject to the

provisions of the Purchase Agreement in all respects (including, without limitation, Article VII

thereto).

6.      From and after the Lease Assignment Date and the payment of the Cure Amount,

(a) the Debtors and their estates shall be relieved of any liability for breach of the Lease occurring

after the Lease Assignment Date pursuant to section 365(k) of the Bankruptcy Code; and (b) except

for the Debtors' obligation to pay the Cure Amount, the Landlord to the Lease is barred and

permanently enjoined from asserting against the Debtors or the Assignee any existing or accrued

default, claim or liability arising from or relating to the Lease for the period prior to the Lease

Assignment Date.  Further, Assignee shall have no liability for claims or causes of action (whether

(Page | 7)
Debtors:            NEW RITE AID, LLC, *et al.*
Case No.            25-14861 (MBK)
Caption of Order:   Order Approving Assumption and Assignment of Certain Unexpired Leases
                    in Debtors' Notice of Potentially Assumed Unexpired Leases

known or unknown), including third-party tort claims that arose prior to the Lease Assignment

Date or claims for incidents that occurred prior to the Lease Assignment Date, and all other persons

and entities holding such claims attributable to the period prior to the Lease Assignment Date, are

hereby forever barred, estopped, and permanently enjoined from asserting or pursuing such claims

against the Assignee, its affiliates, successors or assigns, its property or the Lease; *provided*,

*however*, notwithstanding anything to the contrary in this Order, the Landlord does not release,

and is not releasing, the Debtors from any claims for indemnification under the Lease arising from

any third party claims that may be asserted against the Landlord for occurrences that took place

prior to the Lease Assignment Date, subject in all respects to the Bankruptcy Code and applicable

law.

7.      Upon the assumption and assignment of the Lease to Assignee in accordance with

the terms of this Order on the Lease Assignment Date, any reference in the Lease to the Debtors

shall thereafter be construed to refer to the Assignee.

8.      The Landlord, upon the latest of (i) payment of the Cure Amount, (ii) entry of this

Order, and (iii) occurrence of the Lease Assignment Date, shall be forever barred and enjoined

from asserting against the Debtors and their estates any claim in connection with any breach or

default of the respective Lease, monetary or non-monetary, existing and which accrued prior to

the Lease Assignment Date.

9.      The Debtors are authorized to take any action necessary to implement the terms of

this Order and the assumption and assignment of the Lease without further order from this Court.

All persons that are currently in possession of the premises leased under the Lease are hereby

(Page | 8)
Debtors:            NEW RITE AID, LLC, *et al*.
Case No.            25-14861 (MBK)
Caption of Order:   Order Approving Assumption and Assignment of Certain Unexpired Leases
                    in Debtors' Notice of Potentially Assumed Unexpired Leases

directed to surrender possession of the premises to the Assignee as of the entry of this Order and

the Lease Assignment Date.

10.     All recording officers are authorized to strike recorded encumbrances, claims, liens

and other interests against the Lease recorded prior to the date of this Order.  To the extent

permitted by applicable law, a certified copy of this Order may be filed with the appropriate

recording officers to evidence cancellation of any recorded encumbrances, claims, liens and other

interests against the Lease recorded prior to the date of this Order.  All recording officers are

hereby authorized to accept for filing any and all of the documents and instruments necessary and

appropriate to consummate the transactions contemplated by this Order.  Utility providers are

directed not to discontinue service and to cooperate with the transfer of utilities to Assignee

without any transfer fees.  Assignee's liability for such utility usage commences on the Lease

Assignment Date; *provided*, for the avoidance of doubt, that this Order does not affect the Debtors'

liability, if any, for utility charges incurred before the Lease Assignment Date.

11.     The Assignee and its affiliates, successors and assigns shall not be deemed or

considered to:

   a.  be a legal successor, or otherwise be deemed a successor to any of the Debtors,

   b.  have, *de facto* or otherwise, merged with or into any or all Debtors, or

   c.  be a continuation or substantial continuation, or be holding itself out as a mere
       continuation, of any of the Debtors or their respective estates, businesses or
       operations, or any enterprise of the Debtors, in each case by any law or equity,
       and the Assignee has not assumed nor is it in any way responsible for any
       liability or obligation of the Debtors or the Debtors' estates except as expressly
       set forth herein.

12.     The Assignee and its affiliates, successors and assigns shall have no successor,

transferee or vicarious liability of any kind or character, including, under any theory of foreign,

(Page | 9)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al*. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving Assumption and Assignment of Certain Unexpired Leases in Debtors' Notice of Potentially Assumed Unexpired Leases |

federal, state or local antitrust, environmental, successor, tax, ERISA, assignee or transferee liability, labor, product liability, employment, de facto merger, substantial continuity or other law, rule regulation or doctrine, whether known or unknown as of the Lease Assignment Date, now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, liquidated or unliquidated with respect to the Debtors or any obligations of the Debtors arising prior to the Lease Assignment Date, including liabilities on account of any taxes or other governmental authority fees, contributions or surcharges, in each case arising, accruing or payable under, out of, in connection with, or in any way relating to, the Lease prior to the respective Lease Assignment Date or arising based on actions of the Debtors taken after the Lease Assignment Date.

13.     The Assignee is a "good faith purchaser," within the meaning of section 363(m) of the Bankruptcy Code, of the Lease and is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code.  The parties will be acting in good faith if they proceed to consummate the Lease assignment at any time after entry of this Order.  This Order is effective immediately, notwithstanding Bankruptcy Rules 6004(h), 6006(d), and any similar provision of law.

14.     This Court shall retain jurisdiction to resolve any dispute arising from or related to this Order.

**Schedule 1 to Assignment Order**
**Assumption Schedule**

| Store No. | Debtor | Landlord | Store Address | Assignee | Cure Amount[1] |
|---|---|---|---|---|---|
| 6968 | The Bartell Drug Company | GRI Fairwood LLC | 17254 140TH AVE SE, RENTON, WA, 98058 | Washington CVS Pharmacy, L.L.C. | $26,502.61 |

---

[1] The parties acknowledge that the Cure Amount may include stub rent due for the period from May 5 through May 31, 2025. Certain payments of stub rent should be made to the Landlord in accordance with the settlement reached between the Landlord and the Debtors for the payment of stub rent and postpetition amounts, as defined in paragraph 49 of the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Use of Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [Docket No. 1396]. If such payments are made prior to the entry of this Order, the parties will work together to reduce the Cure Amount accordingly.