| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**BALLARD SPAHR LLP**<br>Leslie C. Heilman<br>Laurel D. Roglen<br>Margaret A. Vesper<br>919 N. Market Street, 11th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 252-4465<br>Facsimile: (302) 252-4466<br>E-mail: heilmanl@ballardspahr.com<br>          roglenl@ballardspahr.com<br>          vesperm@ballardspahr.com<br><br>**ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP**<br>Ivan M. Gold (admitted *pro hac vice*)<br>Three Embarcadero Center, 12th Floor<br>San Francisco, California 94111-4074<br>Telephone: (415) 837-1515<br>Facsimile: (415) 837-1516<br>E-mail: igold@allenmatkins.com<br><br>*Counsel for Responding Landlords* | |
| In Re:<br><br>New Rite Aid, LLC, *et al.*,[1]<br><br>Debtors. | Case No.: 25-14861 (MBK)<br><br>Chapter 11<br><br>(Jointly Administered) |

**RESPONSE AND RESERVATION OF RIGHTS OF B10 MOUNTAIN B LA LP, MGP XI-A TOWN CENTER LAKE FOREST, LLC AND ROIC PARAMOUNT PLAZA, LLC TO DEBTORS' NOTICE OF ASSUMPTION AND ASSIGNMENT OF CERTAIN OF THE DEBTORS' LEASES**

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

B10 Mountain B LA LP, MGP XI-A Town Center Lake Forest, LLC, and ROIC Paramount Plaza, LLC (collectively, the "Responding Landlords"), by and through the undersigned counsel, respectfully submit their response and reservation of rights with respect to Debtors' *Notice of Assumption and Assignment of Certain of the Debtors' Leases* [Docket No. 1525] (the "Assumption and Assignment Notice")[2] and state as follows:

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

1. On or about May 5, 2025 (the "Petition Date"), Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). No trustee or examiner has been appointed and Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107 and 1108.

2. Responding Landlords are the lessors of Debtors under unexpired nonresidential real property leases at the following locations: (1) Plaza de la Canada, Ontario, California (landlord B10 Mountain B LA LP), (2) Town Center at Lake Forest Park, Lake Forest Park, Washington (landlord MGP XI-A Town Center Lakes Forest, LLC) and (3) Paramount Plaza, Paramount, CA (landlord ROIC Paramount Plaza, LLC) (collectively, the "Leases"). It cannot be seriously disputed that each of Debtors' Leases with Responding Landlords are nonresidential real property leases for premises in a "shopping center" as that term is used in Bankruptcy Code section 365(b)(3). *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3rd Cir. 1990); *In re Sun TV and Appliances, Inc.*, 234 B.R. 356, 360 (Bankr. D. Del. 1999).

3. On June 11, 2025, the Court entered its *Final Order (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief*

---

[2] Capitalized terms not otherwise defined shall have the same meaning as set forth in the Assumption and Assignment Notice.

2

[Docket No. 804] (the "Procedures Order") which, among other things, approved procedures for the potential assumption and assignment of unexpired real property leases and related relief.

4. On July 22, 2025, Debtors filed and served the Assumption and Assignment Notice. Debtors' Leases with Responding Landlords are among those identified as nonresidential real property leases for proposed assumption and assignment, as set forth in the "Assumption Schedule," Schedule A to the Assumption and Assignment Notice. Debtors' Leases with Responding Landlords are not proposed for present assumption and assignment but, rather, are subject to a "Designation Rights Agreement" between Debtors and Five Below, Inc. ("Five Below").[3]

## II. ARGUMENT

### A. Debtors Must Cure All Existing Defaults, or Provide Adequate Assurance of a Prompt Cure, as a Condition to the Assumption and Assignment of the Leases

5. Bankruptcy Code section 365(b)(1)(A) provides that unless a lessee-debtor either (a) cures all existing defaults or (b) provides the lessor with adequate assurance that it will promptly cure those defaults, it cannot assume and assign a lease. As one court has held, "Section 365(b)(1) is intended to provide protection to the non-debtor lessor to insure that he receives the full benefit of his bargain in the event of assumption." *In re Bon Ton Restaurant & Pastry Shop, Inc.*, 53 B.R. 789, 793 (Bankr. N.D. Ill. 1985); *accord*, *In re Valley View Shopping Center, L.P.*, 260 B.R. 10, 25 (Bankr. D. Kansas 2001); *In re Mushroom Transp. Co., Inc.*, 78 B.R. 754, 759 (Bankr. E.D. Pa. 1987). Indeed, "the cost of assumption is nothing short of complete mutuality and requires performance in full as if bankruptcy had not intervened." *In re Frontier Properties, Inc.*, 979 F.2d 1358, 1367 (9th Cir. 1992). Bankruptcy Code

---

[3] *See generally In re Ames Dept. Stores, Inc.*, 287 B.R. 112, 118-20 (Bankr. S.D.N.Y. 2002) (discussing nature of designation rights transactions).

3

section 365(b)(1)(A) "clearly and unambiguously" requires the cure of *all defaults* before an unexpired lease of nonresidential real property may be assumed. *In re Building Block Child Care Centers, Inc.*, 234 B.R. 762, 765 (9th Cir. BAP 1999); *accord In re Fifth Taste Concepts Las Olas, LLC*, 325 B.R. 42, (Bankr. S.D. Fla. 2005) ("The purpose of § 365(b)(1)(A) is to preserve the *entirety* of an unexpired lease upon assumption and cure any defaults." [emphasis in original]).

6. Debtors bear the burden of proving the requirements of Bankruptcy Code section 365(b) by a preponderance of the evidence. *See, e.g.*, *In re PRK Enters., Inc.*, 235 B.R. 597, 602 (Bankr. E.D. Tex. 1999).

**Monetary Defaults:**

7. Debtors' Assumption and Assignment Notice acknowledges the obligation to pay "Cure Costs," setting forth in the "Assumption Schedule" those amounts asserted to be due to satisfy the "cure" requirement under Bankruptcy Code section 365(b)(1) for each of the Responding Landlords. However, Debtors provide no itemization or detail as to the asserted Cure Costs. The Cure Costs with respect to Debtors' Leases with Responding Landlords are summarized below and, where different, are detailed in the account summaries attached hereto as Exhibit A.

| Debtors' Store # | Landlord/Property Address | Debtors' Amount | Landlord's Amount |
|---|---|---|---|
| 5225 | MGP XI-A Town Center Lake Forest, LLC, Town Center at Lake Forest Park, 17171 Bothell Way NE, Suite 150, Lake Forest Park, Washington | $72,219.05 | $91,605.56 |
| 5512 | ROIC Paramount Plaza, LLC, Paramount Plaza, 8447 Alondra Boulevard, Paramount, California | $76,763.23 | $84,842.46 |
| 5529 | B10 Mountain B LA LP, Plaza de La Canada, 647 Foothill Boulevard, La Canada Flintridge, California | $55,979.64 | $36,910.16 |

8.     The current Cure Costs asserted by Responding Landlords do not, however, include rent and charges that may accrue after August 5, 2025, or any payments that might be received prior to August 31, 2025, the proposed effective date of prospective assignments. Bankruptcy Code section 365(b)(1) measures defaults as of the "time of assumption." *See, e.g.*, *In re Rachels Industries, Inc.*, 109 B.R. 797, 811-12 (Bankr. W.D. Tenn. 1990). Debtors remain required to pay accruing post-petition rent and charges on a timely basis, as required by Bankruptcy Code section 365(d)(3) and Responding Landlords reserve their respective rights and remedies against Debtors with respect to such additional sums.[4]

**Attorneys' Fees:**

9.     Where, as here, there are defaults under leases sought to be assumed and assigned, Bankruptcy Code section 365(b)(1) comes into play. Debtors' Leases with Responding Landlords contain provisions for the recovery of attorneys' fees in the event of defaults under the

---

[4] This reservation of rights with respect to periods after August 5, 2025 extends to potential nonmonetary defaults. By its terms, Bankruptcy Code section 365(b)(1) is not limited to monetary obligations. *See, e.g.*, *In re Old Market Grp. Holdings, Inc.*, 647 B.R. 104, 113-14 (Bankr. S.D.N.Y. 2022); *In re Rachels Indus., Inc.*, 109 B.R. at 811-12. "A default exists under [Section 365] whenever the debtor has failed to perform its obligations under its contract or lease, regardless of whether that failure amounted to a default as defined by the contract or lease" and regardless of whether a contractual notice of default was previously served. *In re Old Market Grp. Holdings, Inc.*, 647 B.R. at 114-15.

5

respective lease. Bankruptcy courts have held that attorneys' fees incurred in the enforcement of obligations, covenants and conditions of a lease are recoverable as part of a landlord's "pecuniary loss" under Bankruptcy Code section 365(b)(1)(B) due upon assumption and assignment of a lease if the underlying lease provides for them. *In re Entmt., Inc.*, 223 B.R. 141, 152 (Bankr. N.D. Ill. 1998). "Although attorneys' fees are not independently recoverable under the Bankruptcy Code, section 365(b)(1)(B) allows for such recovery if based upon the existence of a separate agreement between the parties." *In the Child World, Inc.,* 161 B.R. 349, 353 (Bankr. S.D.N.Y. 1993); *see also Travelers Cas. & Sur. Co. v. Pac. Gas & Elec. Co.*, 127 S. Ct. 1199, 1203-06 (2007) (contract providing for attorneys' fee recovery enforceable in bankruptcy unless Bankruptcy Code specifically provides otherwise); *In re Crown Books Corp.*, 269 B.R. 12, 18 (Bankr. D. Del. 2001) (landlord's attorneys' fees incurred in proving post-petition rent had not been recoverable as component of cure under Section 365(b)(1)). "[T]here is no logical distinction, for purposes of §365, between claims for attorney's in connection with pre-petition defaults and such claims in connection with post-petition defaults." *In re Entmt., Inc.*, 223 B.R. at 154. The Responding Landlords' attorneys' fees, which currently are in excess of $7,500.00 in the aggregate, are ongoing. Responding Landlords each reserve the right to supplement this Response to provide such further attorneys' fees information as may be requested by Debtors.

### III.    RESERVATION OF RIGHTS

10.    Responding Landlords each fully reserve their respective rights to (a) further supplement or amend this Response and assert any additional objections, including any additional obligations that may arise under Debtors' Leases with Responding Landlords in the ordinary course of business, (b) further object to any proposed assumption, or assumption and assignment of their Leases with Debtors once the particular leases are designated for assignment, including any objection based on the failure of Debtors or Five Below to demonstrate adequate

assurance of future performance, as required by Bankruptcy Code Section 365(b)(1)(C), (b)(3)(A)-(D) and (f)(2)(B),[5] and (c) further object on additional grounds based upon any new information provided by Debtors or upon any different relief requested by Debtors.

## IV.   **CONCLUSION**

11.   For the foregoing reasons, Responding Landlords request that their cure objection be sustained.  Among other things, the assumption, or assumption and assignment of each of Debtors' Leases with Responding Landlords must be conditioned on the prompt cure of then-existing monetary and nonmonetary defaults asserted by Responding Landlords, and payment of Responding Landlords' reasonable attorneys' fees.

Date: August 5, 2025

Respectfully Submitted,

*/s/ Leslie C. Heilman*
BALLARD SPAHR LLP
Leslie C. Heilman
Laurel D. Roglen
Margaret A. Vesper
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
E-mail:  heilmanl@ballardspahr.com
           roglenl@ballardspahr.com
           vesperm@ballardspahr.com

-and-

---

[5] Bankruptcy Code section 365(b)(3)(C) plainly provides that the "assumption or assignment of such lease is subject to all the provisions thereof." *See, e.g., In re Buffets Holdings, Inc.*, 387 B.R. 115, 119 (Bankr. D. Del. 2008) ("If the debtor decides to assume a lease, however, it must generally assume all the terms of the leases and may not pick and choose only favorable terms to be assumed."). To date, Responding Landlords have not been provided with a copy of Debtors' agreement with Five Below (notwithstanding a written request) which would demonstrate whether or not Five Below seeks to limit the scope of assumed liabilities or intends to assume the leases in their entirety. *See, e.g., Cinnicola v. Scharffenberger*, 248 F.3d 110, 119 (3rd Cir. 2001) ("If the trustee [or debtor-in-possession] meets the assumption requirements under § 365 it must assume the executory contract *entirely*."). Contrary to the suggestion of the Assumption and Assignment Notice, whether or not a prospective assignee, such as Five Below, has the "financial wherewithal to meet all future obligations" under leases to be assigned, a strong balance sheet is not enough – the requirements of Bankruptcy Code section 365(b)(3)(A)-(D) are conjunctive.

**ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP**
Ivan M. Gold (admitted *pro hac vice*)
Three Embarcadero Center, 12th Floor
San Francisco, California 94111-4074
Telephone: (415) 837-1515
Facsimile: (415) 837-1516
E-mail:  igold@allenmatkins.com

*Attorneys for Responding Landlords*

8