| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| **Caption in Compliance with D.N.J. LBR 9004- 1(b)**<br><br>**BALLARD SPAHR LLP**<br>Leslie C. Heilman<br>Laurel D. Roglen<br>Margaret A. Vesper<br>919 N. Market Street, 11th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 252-4465<br>Facsimile: (302) 252-4466<br>E-mail:  heilmanl@ballardspahr.com<br>           roglenl@ballardspahr.com<br>           vesperm@ballardspahr.com<br><br>*Counsel to 5931 Atlantic LLC* |

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*[1] | Case No.  25-14861 (MBK) |
| Debtors. | (Jointly Administered) |

## LIMITED OBJECTION OF 5931 ATLANTIC LLC TO NOTICE OF SUCCESSFUL AND BACKUP BIDDERS WITH RESPECT TO THE AUCTION OF CERTAIN OF THE DEBTORS' LEASES

5931 Atlantic LLC (the "Landlord"), by and through its undersigned counsel, hereby files this limited objection (the "Limited Objection") to the *Notice of Successful and Backup Bidders with Respect to the Auction of Certain of the Debtors' Leases* [D.I. 1524] (the "Assignment Notice"), which designates the Landlord as the successful bidder of that certain unexpired nonresidential real property lease by and between Thrifty Payless, Inc. (the "Debtor") and Landlord (the "Lease"), for the lease of that certain store,

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

No. 5479, submitted on Store, No. 5479, located at 4410 East Slauson Avenue in Maywood, California (the "Premises"). In support of the Limited Objection, Landlord respectfully represents as follows:

## I. BACKGROUND FACTS

1. On May 5, 2025 (the "Petition Date"), New Rite Aid, LLC and certain of its debtor affiliates (the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code") with the United States Bankruptcy Court for the District of New Jersey (the "Court").

2. The Debtor leases the Premises from Landlord pursuant to the Lease, in that certain shopping center commonly known as The Maywood Town Center (the "Center").

3. The Lease is a lease "of real property in a shopping center" as that term is used in Section 365(b)(3). *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

4. On May 6, 2025, the Debtors filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief* [Docket No. 22] (the "Lease Procedures Motion"), seeking approval of procedures authorizing the Debtors to sell or transfer certain unexpired leases and the sale of designation rights by public auction (the "Auction Procedures").

5. On May 9, 2025, the Court entered the *Interim Order (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief* [Docket No. 183], which approved the Auction Procedures on an interim basis.

6. On June 11, 2025, the Court entered the *Final Order (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief* [Docket No. 804], approving the Auction Procedures on a final basis.

7. Pursuant to the Auction Procedcues, the Debtors established a bid deadline of July 17, 2025 (the "Bid Deadline") for bids to be submitted for the Lease.

8. On or before the Bid Deadline, Landlord submitted a termination bid (the "Bid") for the Lease pursuant to that certain form of Lease Termination Agreement (the "LTA"), submitted with its Bid.

9. On July 21, 2025, the Debtors conducted an auction with respect to the Lease (the "Auction"). There were no other bidders for the Lease other than Landlord's Bid.

10. At the Auction, the Landlord agreed to increase the Bid price for the Lease to a total consideration price comprising of a full waiver of the prepetition cure, plus a waiver of any damages arising from the rejection and/or termination of the Lease, plus cash consideration of $100,000, less any outstanding and unpaid post-petition obligations of the Debtors due under the Lease as of the termination date of August 31, 2025 (the "Post-Petition Waiver Amount"), subject to a further reconciliation and agreement of the parties following the Auction with respect to the Post-Petition Waiver Amount (the "Bid Price").

11. On July 22, 2025, the Debtors filed the Assignment Notice designating the Landlord as the Successful Bidder of the Lease pursuant to the terms of the LTA, with a proposed termination date of August 31, 2025 (the "Termination Date"). Among other things, the Assignment Notice also listed $25,559.06 as the outstanding "Cure Costs" allegedly due under the Lease (the "Debtors' Cure").

12. Following the Auction, on July 31, 2025, Landlord circulated to the Debtors a revised Bid Price calculation, which detailed the Landlord's prepetition arrears and the Post-Petition Waiver Amount (together, the "Landlord's Cure"), in accordance with the Landlord's books and records, for reconciliation by the parties. As of the time of this Limited Objection, the Debtors have not yet responded to the Landlord's Cure.

13. Landlord does not object to the termination of the Lease pursuant to the terms of the LTA, or to its designation as the Successful Bidder of the Lease. However, as of the filing of this Limited Objection, the parties have not yet reconciled and agreed to the Bid Price, and the Debtors' Cure does not account for all amounts due and owing, and/or that have accrued or are accruing under the Lease, that must be accounting for to cure any defaults under the Lease at the time of the Termination Date. Therefore, Landlord files this Limited Objection to preserve its rights with respect to the Landlord's Cure, including amounts that may have accrued or are accruing but are not yet due as of the Termination Date. Landlord will continue to work with the Debtors to reconcile and agree to the Bid Price to be paid under the Lease in advance of the approval hearing to approve the Lease termination with the Landlord.

## II.    LIMITED OBJECTION AND RESERVATION OF RIGHTS

14. As referenced in the Assignment Notice, the Bid of the Landlord included certain waivers of pre- and post-Petition Date monetary obligations due under the Lease. The monetary amounts being waived, as reflected by the Landlord's books and records, do not necessarily coincide with asserted Debtor's Cure, and are being presently being reconciled between the parties in connection with the finalization of the LTA. However, since (1) Bankruptcy Code section 365(b)(1) measures defaults requiring "cure" as of the "time of assumption" or termination (*see, e.g., In re Rachels Industries, Inc.*, 109 B.R. 797, 811-812 (Bankr. W.D. Tenn. 1990)) and (2) by its terms, Bankruptcy Code section 365(b)(1) is not limited to monetary obligations (*see, e.g., In re Old Market Group Holdings, Inc.*, 647 B.R. 104, 113-114 (Bankr. S.D.N.Y. 2022), which nonmonetary obligations could also arise under the Lease prior to the proposed Termination Date.

15. Accordingly, out of an abundance of caution, Landlord submits this Reservation of Rights to (i) preserve and not waive any rights of the Landlord as to Landlord's Cure until such

4

time as the parties have reached an agreed Bid Price and final lease termination documentation; and (ii) avoid any potential waiver of accruing but not yet due obligations arising under the Lease and/or performance due from Debtors through the Termination Date.

16. Landlord fully reserves it's rights to (a) further supplement or amend this Limited Objection with respect to any additional obligations that may arise under the Lease with the Landlord in the ordinary course of business, (b) further object to any proposed assumption, or assumption and assignment of the Lease other than the proposed termination transaction with Landlord, and (c) further object on additional grounds based upon any new information provided, or different relief requested, by Debtors.

WHEREFORE, Landlord respectfully requests that the Court enter an order consistent with the foregoing Limited Objection, and for such other and further relief as may be just and proper under all of the circumstances.

Date: August 5, 2025                                       Respectfully Submitted,

/s/Leslie C. Heilman
Leslie C. Heilman
Laurel D. Roglen
Margaret A. Vesper
**BALLARD SPAHR LLP**
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
E-mail: heilmanl@ballardspahr.com
            roglenl@ballardspahr.com
            vesperm@ballardspahr.com

*Counsel to 5931 Atlantic LLC*