| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** |
| TUCKER ARENSBERG, P.C.<br>Evan C. Pappas, Esquire<br>Michael A. Shiner, Esquire<br>Maribeth Thomas, Equire<br>300 Corporate Center Drive, Suite 200<br>Camp Hill, Pennsylvania 17011<br>Telephone: (717) 234-4121<br>Fax: (717) 232-6802<br>epappas@tuckerlaw.com<br>mshiner@tuckerlaw.com<br>mthomas@tuckerlaw.com<br>*Counsel for Ameriserv Financial Bank and Martin Perry, as Receiver for 1700 Murray Avenue, LLC* |

| | |
|---|---|
| In re: | Case No. 25-14861 (MBK) |
| A NEW RITE AID, LLC, *et al.*,[1] | Chapter 11 |
| Debtors. | Hon. Michael B. Kaplan |

## OBJECTION TO ASSUMPTION AND ASSIGNMENT NOTICE

Ameriserv Financial Bank ("**AmeriServ**") and Martin Perry, as the Court-Appointed Receiver for 1700 Murray Avenue, LLC (the "**Receiver**" and together with Ameriserv, "**Respondents**"), file this Objection to Cure Amount in response to the Debtors' cure proposed in their *Notice of Assumption and Assignment of Certain of the Debtors' Leases* (the "**Assumption and Assignment Notice**").

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

## BACKGROUND

1. 1700 Murray Avenue, LLC ("**1700 Murray**") is the current owner of real property at 1700-1710 Murray Avenue and 1712-1714 Murray Avenue, Pittsburgh, Pennsylvania 15217 (the "**Property**"). The Property is leased by the Debtor and is the location of Store No. 274.

2. The Property secures a Note in favor of AmeriServ in the original principal amount of $10,080,000, as evidenced by a Mortgage which was recorded with the Recorder of Deeds of Allegheny County, Pennsylvania on May 20, 2019, at Mortgage Book 50552 Page 477.

3. After 1700 Murray Avenue defaulted on its obligations under the Note and Mortgage, AmeriServ commenced a foreclosure action against 1700 Murray in the Court of Common Pleas of Allegheny County, Pennsylvania on June 15, 2024.

4. The Court of Common Pleas of Allegheny County Pennsylvania appointed, the Receiver as receiver for 1700 Murray by Order dated January 29, 2025 (the "**Receivership Order**"). A copy of the Receivership Order is attached hereto and incorporated herein as **Exhibit A**.

5. Pursuant to the terms of the Receivership Order, the Receiver is currently in control of the Property, including all leases and contracts related to the Property.

6. Debtor Rite Aid of Pennsylvania, Inc. ("**Rite Aid**") and 1700 Murray Avenue, as successor in interest to Alex-Forbes and Murray, LP, are counterparties to a prepetition lease agreement dated August 19, 2003, as amended or as may be amended from time to time, whereunder Rite Aid agreed to lease from 1700 Murray, *inter alia*, certain retail space, identified by Rite Aid as Store No. 274, situated at the Property (the "**Lease**"). A copy of the Lease is attached hereto and incorporated herein as **Exhibit B**.

7.  Pursuant to the Lease, in addition to its monthly rent obligations, Rite Aid is obligated to pay to 1700 Murray "all real estate taxes and assessments levied or imposed against the [ ] Property", as well as utilities and proportionate share of insurance costs and common area maintenance fees ("**CAM Fees**") incurred by 1700 Murray. *See* Lease at § 6.

8.  1700 Murray's right to collect, *inter alia*, all monthly rent obligations, delinquent real estate taxes, insurance costs, utilities, and CAM Fees from Rite Aid were assigned to Ameriserv pursuant to the Assignment of Leases, Rents, and Profits dated May 17, 2019, a copy of which is attached hereto and incorporated herein as **Exhibit C**.

9.  On May 5, 2025 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "**Bankruptcy Code**").

10. On June 11, 2025, the Court issued its *Final Order (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief* (the "**Order**"), in which the Court approved, *inter alia*, the procedures for assuming and assigning unexpired leases by and between the Debtors and lease counterparties (the "**Assumption Procedures**"). [Doc. No. 804.]

11. On July 22, 2025, pursuant to the approved Assumption Procedures, the Debtors filed the Assumption and Assignment Notice, wherein the Lease was included in the schedule of unexpired leases to be assumed by the Debtors and assigned to Murray Ave Market, effective August 31, 2025, for a price of $93,275.00. [Doc. No. 1525.]

## OBJECTION TO CURE AMOUNT

12. The Assumption and Assignment Notice lists the cure amount for the Lease as $32,275.

13. However, as of the Petition Date, the amount due and owing to Respondents by Rite Aid under the Lease is $203,606.38, itemized as follows:[2]

### RITE AID LEASE

| | |
|---|---:|
| April 2025 Rent | $ 16,335.00 |
| May 2025 Rent | $ 16,335.00 |
| 2025 Pro Rata Share of CAM Fees (23.91%) | $ 16,774.79 |
| 2024 Pro Rata Share of CAM Fees (23.91%) | $ 37,576.47 |
| **TOTAL LEASE CHARGES** | **$ 87,021.26** |

### REAL ESTATE TAXES

| | |
|---|---:|
| Delinquent Taxes (2021-2024) | $ 81,488.20 |
| 2025 City and School District | $ 16,456.11 |
| 2025 County | $ 5,940.17 |
| | $ 4,083.81 |
| 2023 County | $ 4,614.70 |
| 2022 County | $ 4,002.13 |
| **TOTAL REAL ESTATE TAXES** | **$ 116,585.12** |

| | |
|---|---:|
| Total Lease Charges | $ 87,021.26 |
| Total Real Estate Taxes | $ 116,585.12 |
| Attorneys' Fees[3] | $ TBD |
| **TOTAL CURE COSTS** | **$ 203,606.38** |

14. Section 365(a) of the Bankruptcy Code empowers a debtor to assume or reject an executory contract. Pursuant to section 365(f)(2)(A) of the Bankruptcy Code, the trustee or debtor-in-possession may assign an executory contract or unexpired lease of the debtor only if the trustee or debtor-in-possession assumes such contract or lease in accordance with the provisions of section 365 of the Bankruptcy Code. 11 U.S.C. § 365(f)(2)(A).

15. Pursuant to section 365(b)(1) of the Bankruptcy Code:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

---

[2] Invoices supporting each amount included in 1700 Murray's total cure costs will be provided to the Debtors.
[3] The Lease entitles the Respondents to collect reasonable attorneys' fees associated with the protection of their interests under the Lease, and Respondents seek reimbursement of actual fees incurred.

>   (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ;
>
>   (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
>   (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

16.  As such, the Debtors may not assume or assign the Lease pursuant to section 365(f)(2)(A) and 365(b)(1) of the Bankruptcy Code unless they cure and compensate, or provide adequate assurances that they will promptly compensate, the Respondents for their actual pecuniary losses suffered as a result of the Debtors' defaults under the Lease. *See In re Rickel Home Centers*, Inc., 209 F.3d 291, 298 (3d Cir. 2000), *cert. denied*, 531 U.S. 873 (2000) (noting that trustee must satisfy requirement of cure or adequate assurance of prompt cure before he may assume a contract or lease).

17.  Cure or the provision of adequate assurance of a prompt cure is a prerequisite to the ability of a debtor-in-possession to assume and assign a contract or lease. *See In re Superior Toy & Manuf. Co., Inc.*, 78 F.3d 1169, 1174 (7th Cir. 1996) (interpreting language of section 365(b)(1) to unequivocally mean that "[a] party to an executory contract must be paid all amounts due him under the contract before the contract may be assumed"); *In re PRK Entreprises, Inc.*, 235 B.R. 597, 602 (Bankr. E.D. Tex. 1999) (holding that cure or adequate assurance that prompt cure will be made is a "prerequisite to assumption").

18.  As such, Respondents object to the Cure Notice as it does not accurately provide for the amount necessary to cure the Debtors' default under the Lease.

## **FAILURE TO DEMONSTRATE ADEQUATE ASSURANCE**

19. Respondents also object to the assumption and assignment of the Lease because the Debtors have failed to provide sufficient evidence of the financial status of the proposed assignee of the Lease, Murray Ave Market, or the ability of Murray Ave Market to perform all of the obligations contained in the Lease going forward.

20. The Debtors provided Respondents with a copy of a single 2023 tax return of Murray Ave Market's current business operations, as well as a brief company overview. Such information is wholly inadequate to demonstrate Murray Ave Market's ability to fully perform all obligations under the Lease, including but not limited to payment of the monthly rent, insurance costs, utilities, and CAM Fees.

21. To fully evaluate Murray Ave Market's ability to perform under the Lease, Respondents are entitled to fulsome information and due diligence, including, by way of example, full financial statements, projections for the business for the next three years, account statements, and other such relevant financial information.

22. Further, Murray Ave Market should be required to produce evidence if its ability to perform the tenant improvement work necessary to convert the former Rite Aid retail space to a kosher grocery market—a cost that is expected to range from $75 per square foot to $200 per square foot, resulting in a minimum cost of $913,500 (*i.e.* 12,180 sq. ft. at a cost of $75/sq. ft.).

23. Until such time that Respondents receive additional information to establish Murray Ave Market's ability and willingness to fully perform under the entire Lease, and make the required tenant improvements and any needed existing repairs, Respondents object to the assumption and assignment of the Lease.

## **RESERVATION OF RIGHTS**

24. Respondents reserve all their rights with respect to any assumption and assignment of the Lease unless it is to a party that satisfies the outstanding Cure Amount and provides adequate assurance of its ability and willingness to fully perform under the Lease. Respondents also reserve their rights to make such other and further objections as may be appropriate, including, but not limited to, an objection regarding adequate assurance of future performance under section 365 of the Bankruptcy Code.

WHEREFORE, Ameriserv Financial Bank and Martin Perry, as the Court-Appointed Receiver for 1700 Murray Avenue, LLC, respectfully request that this Honorable Court (i) sustain this Objection to Cure Notice; (ii) require that any order authorizing the assumption of the Lease affirmatively require the Debtors to pay all amounts owing thereunder through the effective date of any assumption, plus applicable attorneys' fees and expenses; and (c) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: August 5, 2025

TUCKER ARENSBERG, P.C.

/s/ Evan C. Pappas
Evan C. Pappas, Esquire
Michael A. Shiner, Esquire
Maribeth Thomas, Esquire
TUCKER ARENSBERG, P.C.
300 Corporate Center Drive, Suite 200
Camp Hill, PA 17011
Telephone: (717) 234-4121
Fax: (717) 232-6802
E-mail: epappas@tuckerlaw.com
mshiner@tuckerlaw.com
mthomas@tuckerlaw.com

*Counsel for Martin Perry, as Receiver for 1700 Murray Avenue, LLC*