<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

FOX ROTHSCHILD LLP
49 Market Street
Morristown, NJ 07960
Telephone: (973) 992-4800
Fax: (973) 992-9125
Michael R. Herz, Esq.
Agostino A. Zammiello, Esq.
mherz@foxrothschild.com
azammiello@foxrothschild.com
*Attorneys for Alscott, Inc.*

</td></tr>
</table>

| | |
|---|---|
| In Re: | Chapter 11 |
| NEW RITE AID, LLC, *et al*. | Case No. 25-14861-MBK |
| Debtors[1] | Judge: Hon. Michael B. Kaplan |

**OBJECTION AND RESERVATION OF RIGHTS OF ALSCOTT, INC. TO DEBTORS' NOTICE OF SUCCESSFUL AND BACKUP BIDDERS WITH RESPECT TO THE AUCTION OF CERTAIN OF THE DEBTORS' LEASES AND NOTICE OF ASSUMPTION AND ASSIGNMENT OF CERTAIN OF THE DEBTORS' LEASES**

Alscott, Inc. ("Alscott"), by and through its undersigned counsel, submits this objection and reservation of rights (the "Objection") to the Debtors' *Notice of Successful and Backup Bidders with Respect to the Auction of Certain of the Debtors' Leases* [Docket No. 1524] (the "Successful Bidder Notice") and Debtors' *Notice of Assumption and Assignment of Certain of the Debtors' Leases* [Docket No. 1525] (the "Assumption Notice," together with the Successful Bidder Notice, the "Notices") and respectfully represents as follows:

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**BACKGROUND**

1. On May 5, 2025 ("Petition Date"), each of the above-captioned debtors ("Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. Upon information and belief, the Debtors remain in possession of their properties and continue to manage their businesses as debtors-in-possession in their jointly administered chapter 11 cases.

3. Alscott, as landlord, and debtor, Thrifty PayLess, Inc. ("Thrifty PayLess") (through its predecessor Pay Less Drug Stores Northwest, Inc.), as tenant, are parties to a Lease and Sublease Agreement dated September 30, 1980 (together with its amendments, the "Building Lease") for real property located at the Auburn Plaza Shopping Center, 2805 Bell Road, Auburn, CA 95603 (the "Premises").

4. Alscott, by way of assignment dated September 30, 1980 from Pay Less Drug Stores Northwest, Inc., and LF2 Rock Creek LP (through its predecessor Auburn Plaza Co. LTD.), as owner of Premises, are parties to a Shopping Center Ground Lease dated February 8, 1979 (together with its amendments, the "Ground Lease").[2] The Premises are located on the land subject to the Ground Lease.[3]

5. The Building Lease includes sublease provisions for the Ground Lease. Specifically, as set forth in the Certificate of Ground Lease dated October 3, 1980, Thrifty PayLess

---

[2] Pay Less Drug Stores Northwest, Inc. was the original tenant under the Ground Lease before the September 30, 1980 assignment to Alscott.

[3] The Building Lease, Ground Lease, and various related documents are voluminous and not attached hereto but can be made available upon request.

2

"shall remain liable to [LF2 Rock Creek LP (through its predecessor Auburn Plaza Co. LTD.)] for full performance of ground lessee's obligations under such Ground Lease."

6. On June 13, 2025, the Debtors filed a *Notice of Bid Deadline, Potential Auction, and Potential Sale H Earing for Certain Lease Assets* (the "Sale Notice") [Docket No. 1320] which listed the Building Lease and the Ground Lease as among the "Specified Leases" for potential sale through auction.

7. On July 10, 2025, Alscott filed an objection and reservation of rights to the Sale Notice [Docket No. 1390], which, among other things, noted that the Debtors are not parties to the Ground Lease, and that the only interest that debtor Thrifty PayLess has in the Ground Lease is through its rights as a subtenant under the sublease provisions of the Building Lease.

8. The auction was held on July 21, 2025. Alscott was advised by Debtors' counsel prior to the auction that the Ground Lease would not be included in the auction based on Alscott's objection.

9. On July 22, 2025, the Debtors filed the Successful Bidder Notice and the Assumption Notice, which both listed the Building Lease as a lease that will be assumed and assigned to the successful bidder, Five Below, Inc. The Notices both provide that the proposed cure amount is $113,644.04.

10. As of the date of this Objection,[4] the actual Cure Amount due under the Building Lease is at least $136,633.87 (the "Actual Cure Amount").[5] *See* Exhibit A attached hereto.

---

[4] Historically, the Debtors would mail checks with the monthly rent, and if received, the checks will not be posted until the middle-end of the week.

[5] The Actual Cure Amount includes rent for August 2025 in the amount of $19,699.58 58 ($14,708.33 for the Building Lease and $4,991.25 for the sublease for the Ground Lease) that was due on August 1, 2025 and has not been remitted as of this filing.

3

**OBJECTION AND RESERVATION RIGHTS**

11. Alscott hereby objects to the assumption of the Building Lease to the extent that: (i) the Actual Cure Amount is not paid in full in connection with such assumption; or (ii) such assumption fails to otherwise comply with Bankruptcy Code § 365.

12. Section 365 of the Bankruptcy Code allows a debtor-in-possession to assume or reject executory contracts and unexpired leases. 11 U.S.C. § 365(a). Assumption of an executory contract or unexpired lease encumbers the debtor with certain obligations, namely that the counterparty be made whole. *In re National Gypsum Co.*, 208 F.3d 498, 506 (5th Cir. 2000) ("Section 365 'allows a debtor to continue in a beneficial contract provided, however, that the other party is made whole at the time of the debtor's assumption of said contract.'"); *see also* 11 U.S.C. § 365(b).

13. Section 365(b) of the Bankruptcy Code provides that an unexpired lease cannot be assumed by a debtor unless the debtor cures any default under the lease and provides adequate assurance of present and future performance under the lease. 11 U.S.C. § 365(b)(1). *See In re G-I Holdings, Inc.*, 580 B.R. 388, 420-21 (Bankr. D.N.J. 2018) ("In order to assume such an agreement, the debtor-in-possession must cure defaults and provide assurance of future performance"); *In re Carlisle Homes, Inc.*, 103 B.R. 524, 538 (Bankr. D.N.J. 1988) (noting same). *See also Adventure Resources, Inc. v. Holland*, 137 F.3d 786, 798 (4th Cir. 1998) ("That the obligations of an executory contract be accepted along with its benefits is made plain in the Bankruptcy Code's requirement that, as conditions of the contract's assumption, the debtor cure any existing default and compensate all non-debtor parties for actual pecuniary losses that have resulted therefrom."). The requirement to cure includes both pre- and post-petition defaults. *See In re Burger Boys*, 94 F.3d 755, 763 (2d Cir. 1996).

14. Further, it is well settled that "[w]here the debtor assumes an executory contract or unexpired lease, it must assume the entire agreement, *cum onere* – the debtor accepts both the obligations and the benefits of the executory contract." *In re National Gypsum Co.*, 208 F.3d 498, 506 (5th Cir. 2000) (*citing National Labor Relations Board v. Bildisco and Bildisco*, 465 U.S. 513, 531, 104 S.Ct. 1188 (1984)). *In re Jamesway Corp.*, 201 B.R. 73, 76 (Bankr. S.D.N.Y. 1996) ("[e]xcept as otherwise provided in the Bankruptcy Code, an executory contract or unexpired lease is assumed *cum onere*."); *In re Texaco, Inc.*, 254 B.R. 536, 550 (Bankr. S.D.N.Y. 2000) ("The law is clear that a debtor who assumes a lease or other executory contract assumes the contract *cum onere*, without any diminution in its obligations or impairment of the rights of the lessor in the present or the future."); *In re Kopel*, 232 B.R. 57, 64 (Bankr. E.D.N.Y. 1999) ("It is axiomatic that an executory contract must be assumed *cum onere*. A debtor cannot simply retain the favorable and excise the burdensome provisions of an agreement."). This rule prevents the estate from avoiding obligations that are an integral part of an assumed agreement." *In re Fleming Companies, Inc.*, 499 F.3d 300, 308 (3d Cir. 2007) (*quoting United Air Lines, Inc. v. Bank Trust Nat'l Ass'n (In re UAL Corp.)*, 346 B.R. 456, 468 n. 11 (Bankr. N.D. Ill. 2006). This requires that a lease be assumed "subject to the benefits and burdens thereunder." *Id. See also In re Eastman Kodak Company*, 495 B.R. 618, 624-25 (Bankr. S.D.N.Y. 2013) (noting that an agreement must be assumed "subject to its burdens").

15. The Debtor has occupied the leased premises at all times since execution of the Building Lease, including all times since the Petition Date. As noted above, the Debtor is in monetary default under the Building Lease in an amount of at least $136,633.87, which constitutes "actual pecuniary loss[es]" of Alscott under the Building Lease. *See* 11 U.S.C. § 365(b)(1)(B). Pursuant to § 365(b), the Building Lease cannot be assumed unless the Actual Cure Amount (and

5

any other amounts then-due but not paid, including attorneys' fees and any costs incurred by Alscott) are promptly paid to Alscott in connection with such assumption.  11 U.S.C. § 365(b)(1)(A)-(B).  Attorneys' fees due under the Building Lease are compensable under the law. *See LJC Corp. v. Boyle*, 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *In re Bullock*, 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); *In re Crown Books Corp.*, 269 B.R. 12, 14-15 (Bankr. D. Del. 2001); *In re BAB Enterprises, Inc.*, 100 B.R. 982, 984 (Bankr. W.D. Tenn. 1989); *In re Westview 74th St. Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Vill., Inc.*, 57 B.R. 319, 322 (Bankr. S.D.N.Y. 1986).  Accordingly, as part of its pecuniary losses, Alscott is entitled to attorneys' fees in connection with the Debtors' obligation to cure all monetary defaults under the Building Lease.

16.     Further, the Debtors must cure all non-monetary obligations under the Building Lease, including such obligations required under the Ground Lease sublease provisions of the Building Lease, and any other obligations that arise and/or become known to Alscott prior to assumption of the Building Lease.

17.     Additionally, the buyer must be aware of its obligations as a subtenant of the Ground Lease under the subtenant provisions of the Building Lease, including remitting applicable rent as a subtenant and performing all other required obligations.  The buyer shall remit both Building Lease and Ground Lease payments to Alscott, and Alscott will remit the applicable Ground Lease payments to LF2 Rock Creek LP.

**RESERVATION OF RIGHTS**

18.     Alscott reserves its rights to assert any additional objections related to the assumption or assignment of the Building Lease, including amending the Actual Cure Amount, making additional requests related to adequate assurance of future performance

under Bankruptcy Code § 365 and to assert that any other amounts that come due under the Building Lease prior to the time of assignment and assumption must also be cured, or to otherwise amend this Objection for any reason.

## RELIEF REQUESTED

19. For the foregoing reasons, Alscott respectfully requests that the Court (a) sustain the Objection; (b) require that any order authorizing the Debtors' assumption of the Building Lease affirmatively require payment of the Actual Cure Amount and all other amounts due under the Building Lease; and (c) grant Alscott such other and further relief as the Court deems just and proper.

Dated: August 5, 2025

FOX ROTHSCHILD LLP

By: /s/ *Michael R. Herz*
Michael R. Herz
Agostino A. Zammiello
49 Market Street
Morristown, NJ 07960
Telephone: (973) 992-4800
Fax: (973) 992-9125
mherz@foxrothschild.com
azammiello@foxrothschild.com

*Counsel to Alscott, Inc.*