<div style="border:1px solid">

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004- 1(b)**

**BALLARD SPAHR LLP**
Leslie C. Heilman
Laurel D. Roglen
Margaret A. Vesper
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
E-mail:  heilmanl@ballardspahr.com
           roglenl@ballardspahr.com
           vesperm@ballardspahr.com

Dustin P. Branch
Nahal Zarnighian
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: (424) 204-4354
Facsimile: (424) 204-4350
E-mail: branchd@ballardspahr.com
          zarnighiann@ballardspahr.com

*Counsel to S & N II, Ltd.*

</div>

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*[1] | Case No.  25-14861 (MBK) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF S & N II, LTD. TO NOTICE OF
SUCCESSFUL AND BACKUP BIDDERS WITH RESPECT TO THE
<u>AUCTION OF CERTAIN OF THE DEBTORS' LEASES</u>**

S & N II, Ltd. (the "<u>Landlord</u>"), by and through its undersigned counsel, hereby files this limited

objection (the "<u>Limited Objection</u>") to the *Notice of Successful and Backup Bidders with Respect to the*

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

*Auction of Certain of the Debtors' Leases* [D.I. 1524] (the "Assignment Notice"), which seeks to assume and assign that certain unexpired nonresidential real property lease between Thrifty Payless, Inc. and Landlord to Ross Dress for Less, Inc. ("Ross"). In support of the Limited Objection, Landlord respectfully represents as follows:

**I.    BACKGROUND FACTS**

1. On May 5, 2025 (the "Petition Date"), New Rite Aid, LLC and certain of its debtor affiliates (the "Debtors", and each a "Debtor") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code") with the United States Bankruptcy Court for the District of New Jersey (the "Court").

2. The Debtors lease retail space from Landlord pursuant to an unexpired lease of nonresidential real property (the "Lease") located at 19205 Sonoma Highway, Sonoma, California 92527 (the "Premises"), in that certain shopping center more commonly known as Maxwell Village Shopping Center (the "Center").

3. The Lease is a lease "of real property in a shopping center" as that term is used in Section 365(b)(3). *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

4. On May 6, 2025, the Debtors filed *Debtors' Motion for Entry of an Order (I) Approving the Auction and Bidding Procedures, (II) Scheduling Certain Dates and Deadlines with Respect thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice with Respect thereto, and (VII) Granting Related Relief* [Docket No. 17] (the "Bidding Procedures Motion"), seeking to establish procedures governing,

2

among other things, the assumption and assignment of certain unexpired leases of non-residential real property in connection with any sale of all or substantially all or a subset of their assets.

5. On May 6, 2025, the Debtors filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief* [Docket No. 22] (the "Lease Procedures Motion"), seeking approval of procedures authorizing the Debtors to sell or transfer certain unexpired leases and the sale of designation rights by public auction (the "Auction Procedures").

6. On May 7, 2025, the Court entered the *Order (I) Approving the Auction and Bidding Procedures, (II) Scheduling Certain Dates and Deadlines with Respect thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice with Respect thereto, and (VII) Granting Related Relief*, [Docket No. 142] (the "Bidding Procedures Order").

7. On May 9, 2025, the Court entered the *Interim Order (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief* [Docket No. 183] (the "Interim Order").

8. On June 11, 2025, the Court entered the *Final Order (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief* [Docket No. 804] (the "Final Order").

9. On July 21, 2025, the Debtors conducted an auction with respect to the Lease (the "Auction").

3

10. At the Auction, the Debtor announced that it was proceeding by private sale to Ross for the Lease.

11. On July 22, 2025, the Debtors filed the Assignment Notice indicating their intent to assume and assign the Lease to Ross, as assignee, with a proposed assumption and assignment date of August 31, 2025. Among other things, the Assignment Notice listed $16,767.67 as the "Cure Costs" for the Lease (the "Debtors' Cure").

12. Landlord does not object to the assumption and assignment of the Lease to Ross. However, as of the filing of this Limited Objection, the parties have not yet reconciled and agreed to the cure amounts that must be paid to cure any defaults under the Lease at the time of its assumption and assignment to Ross. Therefore, Landlord files this Limited Objection to preserve its rights with respect to the asserted cure amounts, including amounts that may have accrued but are not yet due as of the date of the assumption and assignment of the Lease to Ross. Landlord will continue to work with the Debtors to reconcile and agree to the cure amounts to be paid under the Lease in advance of the approval of the assumption and assignment of the Lease to Ross.

## II.    CURE OBJECTION

13. As set forth above, Landlord does not object to the assumption and assignment of the Lease to Ross, but Landlord does object to any proposed assumption and assignment of the Lease unless and until the Debtors and/or Ross complies with all of the requirements of Sections 365 of the Bankruptcy Code. The amount set forth in the Assignment Notice to cure the current defaults under the Lease does not reflect all outstanding balances due and owing to Landlord, or account for accruing or accrued, but unbilled charges or obligations that may come due in the future to be paid when due under the Lease.

**A.     The Debtors' Proposed Cure Amounts Do Not Provide for Payment of All Obligations Due and Owing under the Lease.**

14.     To assume and assign the Lease, the Debtors must comply with Section 365(b)(1) of the Bankruptcy Code, which provides that:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
> (A)     cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property, if it is impossible for the trustee to cure such default by performing nonmonetary acts at and after the time of assumption, except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph; . . .

11 U.S.C. § 365(b)(1).

15.     Landlord's Cure, as compared to the Debtors' Cure, is summarized more fully in the chart below, and the detailed charges comprising the Landlord's Cure are more fully detailed in Exhibit 1, attached hereto and incorporated into this Limited Objection by this reference:

| Landlord | Center | Location | Debtors' Cure | Landlord's Cure[2] | Exhibit No. |
|---|---|---|---|---|---|
| S & N II, Ltd. | Maxwell Village | Sonoma, CA | $16,767.67 | $20,472.08 | 1 |

---

[2] Unless otherwise indicated, Landlord's cure does not include charges that are billed or come due after the filing of the Assignment Notice, including but not limited to August 2025 rent and other charges, any deferral amounts, or charges that are billed directly to the Debtors, including in some cases, real estate taxes. To the extent Landlord is later billed for any amount due to the Debtors' failure to pay, Landlord reserves the right to amend the Objection to include such amounts. The Debtors must timely pay all rent and other lease charges as they come due under the Lease, and the Landlord reserves the right to payment (and amend this Objection to the extent necessary) for any amounts that come due under the Lease through the later of the date of any cure payment or the effective date of assumption and assignment of the Lease. In addition, unless otherwise indicated, Landlord's cure is exclusive of attorneys' fees,

16. In addition, the Debtors' proposed cure amounts do not account for accruing but unbilled charges which may come due in the future, and do not take into account any actual pecuniary losses arising from defaults under the Lease that have been incurred by Landlord, such as for attorney's fees, costs and interest. The Debtors' Cure must be modified to reflect additional charges owing, and any assumption order must be modified to recognize the liability for accruing charges due under the Lease, to be paid as and when such charges are billed and come due under the Lease, as more set forth herein. Further, any such assumption and assignment of the Landlord's Lease must comply with all the requirements of section 365 of the Bankruptcy Code, including that such assumption and assignment remain subject to all provisions of the Lease.

17. Bankruptcy Code section 365(b)(1)(A) provides that unless a lessee-debtor either (a) cures all existing defaults or (b) provides the lessor with adequate assurance that it will promptly cure those defaults, it cannot assume and assign a lease. As one court has held, "Section 365(b)(1) is intended to provide protection to the non-debtor lessor to insure that he receives the full benefit of his bargain in the event of assumption." *In re Bon Ton Rest. & Pastry Shop, Inc.*, 53 B.R. 789, 793 (Bankr. N.D. Ill. 1985); *accord In re Valley View Shopping Ctr., L.P.*, 260 B.R. 10, 25 (Bankr. D. Kan. 2001); *In re Mushroom Transp. Co., Inc.*, 78 B.R. 754, 759 (Bankr. E.D. Pa. 1987). Indeed, "the cost of assumption is nothing short of complete mutuality and requires performance in full as if bankruptcy had not intervened." *In re Frontier Props., Inc.*, 979 F.2d 1358, 1367 (9th Cir. 1992). Bankruptcy Code section 365(b)(1)(A) "clearly and unambiguously" requires the cure of *all defaults* before an unexpired lease of nonresidential real property may be assumed. *In re Bldg. Block Child Care Centers, Inc.*, 234 B.R. 762, 765 (9th Cir.

---

interest and costs that form the basis of the Landlord's actual pecuniary losses. Presently, Landlord estimates that its attorneys' fees incurred to date are in an amount not less than $3,500 under the Lease.

B.A.P. 1999); *accord*, *In re Fifth Taste Concepts Las Olas, LLC*, 325 B.R. 42, 49 (Bankr. S.D. Fla. 2005) ("The purpose of § 365(b)(1)(A) is to preserve the *entirety* of an unexpired lease upon assumption and cure any defaults.") (emphasis in original).

18. In addition to the current outstanding rent and other monthly charges due, and not yet paid under the Lease, in determining what must be paid as cure pursuant to Section 365(b), the charges referenced below must also be taken into consideration and paid by the Debtors or any assignee, either as cure or when properly billed under the Lease.

i. *Year-end adjustments and reconciliations; Indemnification Obligations*

19. In addition to the rent and related monthly charges due under the Lease, together with attorneys' fees, costs, and interest, there are some charges for which the Debtors bear responsibility under the Lease that either have not yet been reconciled and/or adjusted from pre-petition (or even post-petition) periods, or will not be known by the Landlord until after the assumption and assignment of the Lease. By way of example, as is typical in modern commercial leases, the Debtors pay fixed minimum rent, along with their pro-rata share of certain "Operating Expenses" such as utilities, real property taxes, insurance, common area maintenance expenses, ("CAM") HVAC maintenance expenses, and the like. Certain of these charges are estimated prospectively based on budgeted amounts compared to a base year, billed to and paid by the tenant on a monthly basis during the year, and subject to later reconciliation based on actual expenses incurred, typically after year-end. To the extent the estimated payments exceed actual charges, the result is a credit to the tenant. To the extent the estimated payments do not cover actual charges incurred under the Lease, the result is an additional amount (or debit) for which the tenant is liable. In some instances, year-end reconciliations and adjustments for previous years for the Premises may not yet be complete (*i.e.*, year-end reconciliations and adjustments that accrued in 2024 may not yet have been billed, and such charges that are accruing for 2025 will not be billed until 2026).

7

In other instances, certain charges may be paid in arrears and cannot be calculated (in some cases) until a year or more after year-end.

20. Bankruptcy Code section 365(b)(1) measures defaults as of the "time of assumption." *See*, *e.g.*, *In re Rachels Indus., Inc.*, 109 B.R. 797, 811-12 (Bankr. W.D. Tenn. 1990). Accrued obligations that are not yet due, and obligations that are accruing but not yet billed under the Lease are not "defaults" that require cure at the time of assumption but are to be paid when due under the terms of the Lease in the ordinary course. The Debtors must timely pay all rent and other lease charges as they come due under the Lease, and the Landlord reserves the right to seek payment (and amend this Limited Objection to the extent necessary) from the Debtors or Ross for any amounts that come due under the Lease, either as cure as of the time of the assignment of the Lease, or when properly billed under the Lease in accordance with its terms. Further, to the extent Landlord is later billed for any amount due to the Debtors' failure to pay, Landlord reserves the right to amend this Limited Objection to include such amounts in the Landlord's Cure as well.

21. Since Section 365(b) only requires debtors to cure defaults under their leases, and since there can be no default for failure to pay an amount that has not as yet been billed, accrued, but unbilled, charges are not yet due under the Lease and, therefore, they do not create a current default that gives rise to a requirement of cure by the Debtors at this time. Instead accruing but not yet due charges are part of the adequate assurance requirements under the Code. Therefore, in connection with the assumption and assignment of the Lease, in order to satisfy the adequate assurance requirements of Bankruptcy Code section 365(b)(1)(C), Debtors or Ross must provide Landlord with adequate assurance that such accrued, but unbilled, obligations will be satisfied when billed in the future, irrespective of the period in which they relate, and Landlord's rights and remedies with respect thereto are reserved.

22.     The Debtors and Ross assume the Lease subject to its terms, and must assume all obligations owing under the Lease, including obligations that have accrued but may not yet have been billed under the Lease.[3] To the extent that Ross has not agreed to pay the accrued but unbilled amounts that may be billed under the Lease, the Debtors should be required to reserve 150% of the average of the prior three years adjustments to ensure that there are sufficient funds available to pay these amounts. Any proposed order authorizing the assumptionadn assignment of the lease should clearly state that the Debtors (or Ross) will assume these lease obligations and pay them when due, regardless of whether they relate to the period prior to, or after, the closing of any sale and assignment. In addition, any provision in such order that purports to release the Debtors (or Ross) of further liability based upon a payment of cure amounts, must specify that such release does not apply to obligations to pay accrued or accruing, but unbilled, charges that come due under the Lease.

23.     Similarly, the Lease requires the Debtors to indemnify and hold the Landlord harmless with respect to any existing claims, which may not become known until after the assumption and assignment of the Lease, examples of which may include such claims as personal injuries at the Premises and damage to the Premises by the Debtors or their agents. Again, any assumption and assignment of the Lease must be subject to the terms of the Lease, including the continuation of all indemnification obligations, regardless of when they arose. In the alternative, the Debtors must provide (by insurance or otherwise) that they can satisfy the indemnification obligations under the Lease for any claims that relate to the period prior to assumption and assignment of the Lease. Nothing in any assumption order should preclude the Landlord from pursuing the Debtors, their insurance, or any other party that may be liable under the Lease, and

---

[3] Any ability to assume and assign the Lease is subject to the protections provided by Section 365(b) and (f). Therefore, any assumption must be in accordance with all provisions of the Lease.

9

the Landlord requests that any order specifically preserve its right to pursue such rights irrespective of any resolution of cure amounts herein.

    *ii.*    *Attorneys' fees, costs and interest*

24.    Where, as here, there are defaults under the Lease sought to be assumed and assigned, Bankruptcy Code section 365(b)(1) comes into play, and Landlord is entitled not only to a cure of any defaults but also compensation for its actual pecuniary losses resulting from such defaults. *See* 11 U.S.C. § 365(b)(1)(A) and (B). The principle is well-recognized. *In re LCO Enters.*, 12 F.3d 938, 941 (9th Cir. 1993); *Elkton Associates v. Shelco Inc. (Matter of Shelco)*, 107 B.R. 483, 487 (Bankr. D. Del. 1989) (debtors allowed to assume lease provided it cured *all pre-petition defaults*). The Lease contains provisions for the recovery of attorneys' fees, costs and interest in the event of defaults or to otherwise compel compliance with the terms of the Lease. Bankruptcy courts have held that attorneys' fees incurred in the enforcement of the obligations, covenants and conditions of a lease are proper components of a cure claim, and recoverable as part of a landlord's "pecuniary loss" under Bankruptcy Code section 365(b)(1)(B) upon assumption and assignment of a lease if the underlying lease provides for them. *In re Entm't, Inc.*, 223 B.R. 141, 152 (Bankr. N.D. Ill. 1998). "[T]here is no logical distinction, for purposes of § 365, between claims for attorney's fees in connection with pre-petition defaults and such claims in connection with post-petition defaults."). *Id.* at 154. The fact that a landlord uses bankruptcy procedures to enforce a lease should not preclude recovery of attorneys' fees and costs for such enforcement activity (particularly where the Bankruptcy Court is the exclusive forum where the landlord can obtain any relief, being foreclosed from state court relief by the automatic stay). *Id.* at 152; *see also In re Crown Books Corp.*, 269 B.R. 12 (Bankr. D. Del. 2001) (Landlords' fees and costs are recoverable as a component of cure under 11 U.S.C. § 365(b)(1)); *Urban Retail Props. v. Loews*

*Cineplex Entertainment Corp., et al.*, 2002 WL 5355479, at *9 (S.D.N.Y. Apr. 9, 2002) (where lease "provides for recovery of attorneys' fees and interest, their receipt deserves the same priority under Section 365(d)(3) as any of the debtors' other obligations that arise postpetition . . . ."); *Three Sisters Partners, L.L.C. v. Harden (In re Shangra-La, Incorporated)*, 167 F.3d 843, 850 (4th Cir. 1999). The Supreme Court has upheld the enforceability of such attorneys' fees clauses, ruling that pre-petition attorneys' fee clauses were enforceable with respect to issues peculiar to bankruptcy law. *Travelers Casualty & Surety Co. Of America v. Pac. Gas & Elec.*, 549 U.S. 443, 452-53 (2007).

25. Here, Landlord has incurred attorneys' fees enforcing its rights under the Lease and, pursuant to the Lease, is entitled to recover those attorneys' fees from the Debtors as cure as an obligation under the Lease. Landlord estimates its attorneys' fees and costs through any hearing on the assumption and assignment of the Lease to be approximately $3,500. Landlord reserves the right to supplement its response to provide such further attorneys' fees information as may be requested by Debtors, and to amend or reconcile such fees to the actual fees incurred at the time of the assumption and assignment of its Lease.

**B.    The Cure Amount Serves Only as Estimates.**

26. Landlord can only provide the information presently available regarding amounts owing by the Debtors, while reserving the right to amend this Limited Objection as necessary to include any additional or unknown charges that arise, including but not limited to subsequent rent defaults, attorneys' fees, costs, interest, and year-end adjustments and reconciliations. There is no basis to impose upon the Landlord the equivalent of an administrative bar date, limiting its recourse to recover charges to which it is entitled under the Lease as of the time of the filing of this Limited Objection.

### III. ASSUMPTION AND AMENDMENT AGREEMENT

27. Landlord also requests that, as a condition to any order approving the assumption and assignment of the Landlord's Lease, that Ross shall be required to enter into a short form Assumption and Amendment Agreement whereby Ross shall become directly obligated to Landlord and the provisions of the Lease regarding notice addresses will be modified.

### IV. JOINDER IN OBJECTIONS RAISED BY OTHER LANDLORDS

28. To the extent consistent with the limited objections expressed herein, Landlord also joins in the objections of other shopping center lessors to the Debtors' proposed relief.

### V. RESERVATION OF RIGHTS

29. Landlord reserves the right to further object to the proposed assumption and assignment of the Lease based upon any new information provided by Debtors or Ross, or upon any different relief requested by Debtors.

### VI. CONCLUSION

WHEREFORE, Landlord respectfully requests that the Court enter an order consistent with the foregoing Limited Objection and for such other and further relief as may be just and proper under all of the circumstances.

Date: August 5, 2025                                    Respectfully Submitted,

*/s/Leslie C. Heilman*
Leslie C. Heilman
Laurel D. Roglen
Margaret A. Vesper
**BALLARD SPAHR LLP**
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
E-mail: heilmanl@ballardspahr.com
         roglenl@ballardspahr.com
         vesperm@ballardspahr.com

-and-

Dustin P. Branch
Nahal Zarnighian
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: (424) 204-4354
Facsimile: (424) 204-4350
E-mail:  branchd@ballardspahr.com
            zarnighiann@ballardspahr.com

*Counsel to S & N II, Ltd.*