Corey E. Taylor (Bar No. 178501)
Paige K. Miller (Bar No. 338873)
Law Office of Corey E. Taylor, APC
629 Camino de los Mares, Suite 305
San Clemente, CA 92673
Tel. (949) 429-3481
Fax. (949) 271-2704
E-Mail: corey@taylorlawoc.com
E-Mail: paige@taylorlawoc.com

*Pro Hac Vice Admission Pending*

Attorney for Lease Counterparty 7900 Bellaire I, Ltd.

U.S. BANKRUPTCY COURT
FILED
TRENTON, NJ

2025 AUG -6 P 3: 55

JEANNE A. NAUGHTON

BY: K. Atillwell
DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>NEW RITE AID, LLC, et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered)<br><br>**LEASE COUNTERPARTY 7900 BELLAIRE I, LTD.'S SALE OBJECTION REGARDING FIVE BELOW, INC.'S ASSUMPTION FO THE LEASE FOR STORE 5775; SUPPORTING DECLARATION OF KELLY HORNER**<br><br>Hearing Date: August 14, 2025 |

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

Lease Counterparty 7900 Bellaire I, Ltd. ("**Counterparty**") provides the following limited Sale Objection regarding the purchase of Debtor's Store No. 5775 located at 2400 B Las Posas Road, Camarillo, CA, 93010 ("**Store 5775**"):

On July 22, 2025, Counterparty was notified that Five Below, Inc. ("**Successful Bidder**") was to assume the lease for Store 5775. Counterparty does not object to Successful Bidder's assumption of the Lease in theory, but disagrees with the claimed cure amount of $40,533.04 and is concerned that operation of Store 5775 by Successful Bidder will violate use protections contained in the leases of two other tenants located in Camarillo Village Square ("**Shopping Center**") where Store 5775 is located.

As evidenced by the attached statement of unpaid charges, inclusive of rent due for August 2025, Debtor's balance due to Counterparty is $68,474.89. Exhibit "A." That figure, less any additional post-petition payments made prior to the hearing, is needed to cure the ongoing lease default.

As for use violation concerns, Section IV 10.m. of the Order (I) Approving the Auction and Bidding Procedures, (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (Iii) Approving the Form and Manner of Notice Thereof, (Iv) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (Vi) Authorizing (A) the Sale of Assets and (B) Shortened Notice with Respect Thereto, and (Vii) Granting Related Relief ("**Order**") entered on May 21, 2025 (Docket No. 473) states as follows:

> **Adequate Assurance of Future Performance**: Each Bid must, to the extent applicable, (i) identify any then-known executory contracts and unexpired leases (collectively, the "Contracts") to be assumed and assigned in connection with the proposed Sale Transaction, (ii) provide for the payment of all cure amounts related to such then-known Contracts by the Acceptable Bidder and (iii) demonstrate, in the Debtors' reasonable business judgment, in consultation with the Consultation Parties, that the Acceptable Bidder can provide adequate assurance of future performance under all such then-known Contracts sufficient to satisfy the

requirements of sections 365(b)(3) and 365(f)(2)(B) of the Bankruptcy Code, and (iv) provide the following documentation (which the Debtors may reasonably request be supplemented after the Bid is submitted in connection with any reasonable request from a counterparty to a proposed Assumed Contract):

(Emphasis added.)

Section 365(b)(3), in turn, states at subsections (C) and (D):

(C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and (D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

(Emphasis added.)

A debtor in bankruptcy, should it desire to assume one of its leases or executory contracts, must assume such an agreement in its entirety. *N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531–32 (1984). A potential assignee of the Lease must adequately assure Counterparty that it can and will comply with restrictions in the lease. *See In re Sun TV & Appliances, Inc.*, 234 B.R. 356, 370-71 & n.7 (Bankr. D. Del. 1999); *In re Rickel Home Centers, Inc.*, 209 F.3d 291, 299 (3d Cir. 2000).

The Shopping Center is home to a number of other retail operators, including Sprouts and Ross Dress for Less. Each of the leases for those operators contains language that may prevent Five Below from operating its discount clothing operation at Store 5775.

Exhibit G(1) to the lease for Sprouts store #419 operating in the Shopping Center states as follows, in pertinent part:

The following uses (collectively, "Prohibited Uses") are prohibited in any portion of the Shopping Center:

a.   any so-called singled price point discount or discount dollar stores (such as Dollar Tree, 99 Center and More, Family Dollar, Dollar General, or any stores with

a similar business plan or similar operation)[.]

Similarly, the Lease for Ross Dress for Less operating in the Shopping Center states:

Landlord shall not lease any space in the Shopping Center, nor approve a change in use under a lease if Landlord is permitted to deny consent to such change in use under such lease, allowing the tenant's or occupant's space to be a facility primarily selling merchandise at one price of set prices such as 99 Cent Only Stores or Family Dollar store, as they are currently operated, and other such types of operations. The foregoing use restriction are referred to herein as the "Ross Prohibited Uses."

Given Successful Bidder's business model, Counterparty is concerned that its operation of a discount clothing store in the Shopping Center will place Counterparty in violation of the Sprouts lease and Ross Dress for Less lease.

Accordingly, Counterparty requests that either (1): Successful Bidder's assumption be contingent on Successful Bidder obtaining use restriction waivers from Sprouts and Ross Dress for Less allowing Successful Bidder's operation of Store 5775 in the Shopping Center, or (2) an order approving the sale notwithstanding the restrictions in the Sprouts and Ross Dress for Less leases, and further stating that such restrictions are of no force and effect as to Store 5775, or (3) such other relief as will protect Counterparty from breach of lease claims brought by Sprouts or Ross Dress for Less due to Successful Bidder's operation of Store 5775.

DATED: August 5, 2025

Respectfully submitted,

LAW OFFICE OF COREY E. TAYLOR, APC

By: _____
Corey E. Taylor, Esq.
Attorney for Lease Counterparty 7900 Bellaire I, Ltd.

## DECLARATION OF KELLY HORNER
## IN SUPPORT OF LIMITED SALE OBJECTION

I, Kelly Horner, declare as follows:

1. By virtue of my position as Real Estate Manager at Milan Capital Management, Inc., the authorized manager of the owner entity and plaintiff here, I am an authorized agent of 7900 Bellaire I, Ltd. ("**Counterparty**"), the landlord under the subject leases and owner of the subject property, and am authorized to make this verification on Counterparty's behalf.

### FOUNDATIONAL MATTERS

2. I have personal knowledge of the matters set forth herein or have gained the information from review of the business records maintained by my employer for Counterparty and, if called as a witness, I could and would testify competently thereto. I make this declaration in support of Counterparty's Sale Objection in this matter.

3. By virtue of my position as a property manager for Counterparty, I am one of the custodians of records for Counterparty. I have personal knowledge of the books and records of Plaintiff, as concerns Plaintiff's real property located at 2400 B Las Posas Road, Camarillo, CA, 93010 ("**Store 5775**"), within the real property commercial building commonly known as "Camarillo Village Square" ("**Shopping Center**"), which my employer, Milan Capital Management, Inc., manages for Counterparty. Said books and records include the lease files for Store 5775 and the lease files for Sprouts and Ross Dress for Less, each of which operate in the Shopping Center. This is true because, among my other job functions, I am responsible for overseeing, monitoring, and ensuring tenants' performance under leases with Counterparty.

4. Furthermore, I have personal knowledge that Counterparty's business records were prepared and retained in the ordinary course of its business, at or about the time the events reflected in such records, and that they were prepared and retained by one or more persons, such as myself, whose business duty was to prepare and/or retain such records.

5. Attached hereto as Exhibit "A" is a current report of unpaid lease charges due pursuant to the lease for Store 5775. Exhibit "A" is one of the business records described above.

As set forth on Exhibit "A," debtor Rite Aid owes Counterparty $68,474.89 as of the date of this objection.

6. The leases for Sprouts and Ross Dress for Less each contains language that may prevent Five Below from operating its discount clothing operation at Store 5775.

Exhibit G(1) to the lease for Sprouts store #419 operating in the Shopping Center states as follows, in pertinent part:

> The following uses (collectively, "Prohibited Uses") are prohibited in any portion of the Shopping Center:
> b.    any so-called singled price point discount or discount dollar stores (such as Dollar Tree, 99 Center and More, Family Dollar, Dollar General, or any stores with a similar business plan or similar operation)[.]

Similarly, the Lease for Ross Dress for Less operating in the Shopping Center states:

> Landlord shall not lease any space in the Shopping Center, nor approve a change in use under a lease if Landlord is permitted to deny consent to such change in use under such lease, allowing the tenant's or occupant's space to be a facility primarily selling merchandise at one price of set prices such as 99 Cent Only Stores or Family Dollar store, as they are currently operated, and other such types of operations. The foregoing use restriction are referred to herein as the "Ross Prohibited Uses."

7. Given Five Below. Inc. ("**Successful Bidder**")'s business model, Counterparty is concerned that its operation of a discount clothing store in the Shopping Center will place Counterparty in violation of the Sprouts lease and Ross Dress for Less lease. Accordingly, Counterparty requests that either (1): Successful Bidder's assumption be contingent on Successful Bidder obtaining use restriction waivers from Sprouts and Ross Dress for Less allowing Successful Bidder's operation of Store 5775 in the Shopping Center, or (2) an order approving the sale notwithstanding the restrictions in the Sprouts and Ross Dress for Less leases, and further stating that such restrictions are of no force and effect as to Store 5775, or (3) such other relief as will protect Counterparty from breach of lease claims brought by Sprouts or Ross Dress for Less due to Successful Bidder's operation of Store 5775.

1   I declare under penalty of perjury the laws of the State of California that the foregoing is
2   true and correct.
3   Executed on August 5th, 2025 at North Hollywood, California.

```
                                    /S/
                                    Kelly Horner
```

# EXHIBIT "A"

## Lease Unpaid Charges

Tenant: Rite Aid(t0003892)

| Date | Description | Ctl | Charge | Payment | Net Due | Balance |
|---|---|---|---:|---:|---:|---:|
| 01/01/2025 | Standard ... | C-368877 | 9,390.89 | 8,957.10 | 433.79 | 433.79 |
| 01/30/2025 | Standard ... | C-370925 | 740.85 | 0.00 | 740.85 | 1,174.64 |
| 02/01/2025 | Standard ... | C-370965 | 10,131.74 | 3,631.30 | 6,500.44 | 7,675.08 |
| 04/01/2025 | Standard ... | C-374229 | 10,131.74 | 0.00 | 10,131.74 | 17,806.82 |
| 04/01/2025 | Rent (04/2025) | C-374230 | 10,134.83 | 0.00 | 10,134.83 | 27,941.65 |
| 05/01/2025 | Standard ... | C-377279 | 10,131.74 | 0.00 | 10,131.74 | 38,073.39 |
| 05/01/2025 | Rent (05/2025) | C-377280 | 10,134.83 | 0.00 | 10,134.83 | 48,208.22 |
| 07/01/2025 | Standard ... | C-381202 | 10,131.74 | 10,131.64 | 0.10 | 48,208.32 |
| 08/01/2025 | Standard ... | C-382415 | 10,131.74 | 0.00 | 10,131.74 | 58,340.06 |
| 08/01/2025 | Rent (08/2025) | C-382416 | 10,134.83 | 0.00 | 10,134.83 | 68,474.89 |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this proceeding. My business address is: **629 Camino de los Mares, Suite 305, San Clemente, CA 92673**

A true and correct copy of the foregoing document entitled (*specify*): **LEASE COUNTERPARTY 7900 BELLAIRE I, LTD.'S SALE OBJECTION REGARDING FIVE BELOW, INC.'S ASSUMPTION FO THE LEASE FOR STORE 5775; SUPPORTING DECLARATION OF KELLY HORNER** will be served in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/26/2024, I checked the CM/ECF docket for this proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*), I served the following persons and/or entities at the last known addresses in this proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling BRCP or LR, on July 21, 2025, I served the following persons and/or entities **by email** as follows:

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/5/2025 | Corey E. Taylor | /s/ Corey E. Taylor |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

# EMAIL SERVICE LIST

**Co-Counsel for Debtors**

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

- Alice Belisle Eaton aeaton@paulweiss.com
- Christopher Hopkins chopkins@paulweiss.com
- Nick Krislov nkrislov@paulweiss.com

COLE SCHOTZ P.C.

- Michael D. Sirota msirota@coleschotz.com
- Warren A. Usatine wusatine@coleschotz.com
- Felice R. Yudkin FYudkin@coleschotz.com
- Seth Van Aalten svanaalten@coleschotz.com

**U.S. Trustee**

- Jeffrey M. Sponder Jeffrey.M.Sponder@Usdoj.Gov
- Lauren Bielskie Lauren.Bielskie@Usdoj.Gov

**Counsel to the Prepetition ABL Agent and the DIP Agent**

CHOATE, HALL & STEWART LLP

- John F. Ventola jventola@choate.com
- Jonathan D. Marshall jmarshall@choate.com
- Mark D. Silva msilva@choate.com

GREENBERG TRAURIG, LLP

- Alan J. Brody brodya@gtlaw.com
- Julia Frost-Davies julia.frostdavies@gtlaw.com

**Proposed cocounsel to the Committee**

WILLKIE FARR & GALLAGHER LLP

- Brett H. Miller bmiller@willkie.com
- Todd M. Goren tgoren@willkie.com
- James H. Burbage jburbage@willkie.come
- Jessica D. Graber jgraber@willkie.com

SILLS CUMMIS & GROSS P.C

- Andrew S. Sherman asherman@sillscummis.com
- Boris Mankovetskiy bmankovetskiy@sillscummis.com
- Gregory Kopacz gkopacz@sillscummis.com

**Successful Bidder**

FIVE BELOW INC.

- Real_Estate@fivebelow.com