Moshie Solomon, Esq.
Jonathan L. Flaxer, Esq.
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
711 Third Avenue
New York, New York 10022
Telephone: (212) 907-7300
Facsimile: (212) 754-0330

*Counsel for Tandem Equities, L.L.C.*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.,* | Case No. 25-14861 (MBK) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF TANDEM EQUITIES L.L.C. TO**
**NOTICE OF ASSUMPTION AND ASSIGNMENT OF LEASE**

Tandem Equities L.L.C. ("**Landlord**"), a creditor in this bankruptcy case, by and through its undersigned counsel, files this limited objection (the "**Objection**") to the above-captioned debtors' (the "**Debtors**") Notice of Assumption and Assignment of Certain of the Debtors' Leases [Dkt. No. 1525] and Notice of Successful and Backup Bidders with Respect to the Auction of Certain of the Debtors' Leases [Dkt. No. 1524] (together, the "**Assumption and Assignment Notice**").[1] In support of the Objection, Landlord respectfully states as follows:

1. On May 5, 2025 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of New Jersey (this "**Court**").

---

[1] Although the Assumption and Assignment Notice established August 5, 2025 as the deadline to file any objections to such notice, Debtors' counsel, via email dated August 5, 2025, extended Landlord's objection deadline to August 7, 2025.

5325672.1

2. Landlord leases a certain premises known as 81 1st Avenue, New York, New York 10003 (the "**Premises**") pursuant to a certain lease agreement dated as of September 29, 1995 (as amended, supplemented, and subsequently assigned, the "**Lease**") between Landlord and Debtor Rite Aid of New York, Inc. A copy of the Lease is available upon request made to the undersigned counsel for the Landlord.

3. The Assumption and Assignment Notice proposes that the Debtors will assume and assign the Lease to KF Ennis Foods LLC ("**KF**") under sections 365(b) and (f) of title 11 of the United States Code (the "**Bankruptcy Code**").

**A.     Cure Amount**

4. Pursuant to the Assumption and Assignment Notice, the Premises is referenced as Store 4205, and the Debtors assert that the cure amount due to the Landlord under the Lease in accordance with Bankruptcy Code §§ 365(b)(1)(A) and (f)(2)(A) is $75,000 (the "**Proposed Cure Amount**").

5. Based on Landlord's books and records, the Proposed Cure Amount is understated. The cure amount (the "**Cure Amount**") for all pre-petition and post-petition amounts due under the Lease through July 31, 2025, including rent, tenant charges, and real estate taxes, is $178,920.26, which includes an estimate of $3,500 for attorneys' fees incurred by Landlord. A copy of a detailed invoice prepared by the Landlord, as well as proof of Landlord's payment of real estate taxes for the current quarter that was the responsibility of the Debtors under the Lease, are annexed hereto as **Exhibit "A"**. The foregoing Cure Amount is subject to increase for possible accruing, but not yet calculated, additional rent under the Lease (including additional attorneys' fees and submetered utilities after July 31, 2025).

5325672.1

6.  Landlord objects to any assumption and assignment of the Lease without payment of the Cure Amount in accordance with Bankruptcy Code §§ 365(b)(1)(A) and (f)(2)(A). Landlord further reserves all rights to assert that some or all of the Cure Amount is an administrative expense in these bankruptcy cases.

### B.  Adequate Assurance of Future Performance

7.  Landlord also contends that the documentation provided by KF to demonstrate adequate assurance of future performance under the Lease as required by Bankruptcy Code §§ 365(b)(1)(C) and (f)(2)(B) was insufficient to meet its burden under such sections. In order to resolve Landlord's concerns, and in accordance with Bankruptcy Code § 365(l), KF has agreed to provide a security deposit to Landlord upon assignment of the Lease equal to three (3) months of rent, which is $112,500. Landlord therefore respectfully requests that, as a condition for approval of the assignment and assumption of the Lease, the Order requires KF to pay a security deposit to Landlord equal to three months of rent ($112,500) under the Lease.

5325672.1

WHEREFORE, Landlord respectfully requests that the Court enter an Order (i) conditioning the assumption and assignment of the Lease upon (a) payment of the Cure Amount, and (b) payment by KF of a security deposit equal to three months of rent ($112,500) and (ii) granting such other relief as is just and proper.

Dated: New York, New York
      August 7, 2025

Respectfully submitted,

By:   /s/ Moshie Solomon
Moshie Solomon, Esq.
Jonathan L. Flaxer, Esq.
GOLENBOCK EISEMAN ASSOR BELL
 & PESKOE LLP
711 Third Avenue
New York, New York 10017
(212) 907-7300

*Counsel for Tandem Equities L.L.C.*