|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** | |
| *Caption in Compliance with D.N.J. LBR 9004-1(b)* <br><br> **SAUL EWING LLP** <br> Monique B. DiSabatino, Esquire <br> 1201 North Market Street, Suite 2300 <br> P.O. Box 1266 <br> Wilmington, DE 19899 <br> Telephone: (302) 421-6806 <br> monique.disabatino@saul.com <br><br> *Counsel for Mary Ann Genuario* | |
| In re: <br><br> NEW RITE AID, LLC, *et al.*,[1] <br><br>                        Debtors. | Chapter 11 <br><br> Case No. 25-14861 (MBK) <br><br> (Jointly Administered) <br> **Related to Docket No. 1525** |

## LIMITED OBJECTION OF MARY ANN GENUARIO
## TO NOTICE OF ASSUMPTION AND ASSIGNMENT OF
## <u>CERTAIN OF THE DEBTORS' LEASES</u>

Mary Ann Genuario (the "**Landlord**") hereby files this limited objection (the "**Objection**") to the *Notice of Assumption and Assignment of Certain of the Debtors' Leases* [D.I. 1525] (the "**Cure Notice**") filed by the above-captioned debtors (the "**Debtors**"), and in support hereof, respectfully states as follows:

---

[1]     The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

56030559.1

**BACKGROUND**

1. On May 5, 2025, (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

2. As of the Petition Date, the Landlord and Rite Aid of Connecticut, Inc. (the "**Tenant**") were parties to that certain lease dated December 12, 1992 (as amended, the "**Lease**"), pursuant to which the Tenant leased certain nonresidential real property located at 190 East Avenue, Norwalk, Connecticut [Store 3440] (the "**Premises**").

3. On June 11, 2025, the Court entered the *Final Order (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief* [D.I. 804] (the "**Sale Procedures Order**"). Thereafter, in accordance with the Sale Procedures Order, the Debtors filed the *Notice of Bid Deadline, Potential Auction and Potential Sale Hearing for Certain Lease Assets* [D.I. 1320], which established certain deadlines related to the submission of bids for, and auction of, the leases specified therein, including the Lease.

4. A Qualified Bid was received in connection with the Lease, and on July 22, 2025, the Debtors filed the *Notice of Successful and Backup Bidders with Respect to the Auction of Certain of the Debtors' Leases* [D.I. 1524], which identified Anthony Pena as the Successful Bidder/Proposed Assignee for the Lease.[2] In addition, on July 22, 2025, the Debtors filed the Cure Notice, which reflects a cure amount of $15,364.17 owed in connection with the Lease (the "**Asserted Cure Amount**").

---

[2] The Landlord was later advised that the correct name of the Successful Bidder for the Lease is 1060 Lazaro Market LLC.

5.      The Asserted Cure Amount, however, fails to take into account property taxes that were due and owing under the Lease, in the total amount of $53,816.68, detail for which is attached hereto as **Exhibit 1** (the "**Tax Invoices**").  Taking into account the obligations owed in connection with the Tax Invoices as of July 1, 2025,[3] the cure amount should be $42,272.51 (the "**Actual Cure Amount**").

## LIMITED OBJECTION

6.      In order to assume an executory contract or unexpired lease, section 365(b) of the Bankruptcy Code requires a debtor to cure any defaults existing at the time of assumption.  11 U.S.C. § 365(b)(1)(A).  Furthermore, section 365(b)(1)(B) requires a debtor, at the time of assumption, to compensate the counterparty for any actual pecuniary loss resulting from a default.  11 U.S.C. § 365(b)(1)(B).  The Landlord thus objects to any proposed assumption and assignment of the Lease to the extent such assumption and assignment fails to provide for full payment of the Actual Cure Amount.

## RESERVATION OF RIGHTS

7.      The Landlord reserves the right to supplement this Limited Objection to, *inter alia*, assert a right to recover attorneys' fees, expenses, and/or interest.  The Landlord also reserves its rights to object to any other relief sought by the Debtors in connection with the assumption and assignment of the Lease, including, without limitation, an assignee's proposed adequate assurance of future performance.

## CONCLUSION

---

[3]   The property tax obligations are payable in two installments, with half payable on July 1, 2025 and half payable on January 1, 2026.  Accordingly, the Actual Cure Amount set forth herein includes only half of the amounts set forth in the Actual Cure Amount.  The Landlord understands that the remaining half would be assumed by the Successful Bidder.

56030559.1

WHEREFORE, the Landlord respectfully requests that this Court (i) sustain this Limited Objection, (ii) condition assumption and assignment of the Lease on payment of the Actual Cure Amount, and (iii) grant such other and further relief as the Court deems just and proper.

Dated:  August 7, 2025                                    **SAUL EWING LLP**

*/s/ Monique B. DiSabatino*
Monique B. DiSabatino (DE Bar No. 6027)
1201 North Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6806
Email: monique.disabatino@saul.com

*Counsel for Mary Ann Genuario*
