UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

PAMELA ELCHERT THURMOND
Senior Attorney
City of Philadelphia
1401 JFK Blvd., 5th Floor
Philadelphia, PA  19102-1595
215-686-0508 (phone)
215-686-0588 (fax)
Email: Pamela.Thurmond@phila.gov

In Re:

NEW RITE AID, LLC

Case No.: 25-14861 (MBK)

**CITY OF PHILADELPHIA'S LIMITED OBJECTION TO DEBTORS' NOTICE OF SUCCESSFUL AND BACKUP BIDDER[S] WITH RESPECT TO THE AUCTION OF CERTAIN OF THE DEBTORS' FEE OWNED PROPERTY
AND RESERVATION OF RIGHTS**

AND NOW, comes the City of Philadelphia ("the City"), a secured creditor for five real property parcels in Philadelphia, PA that were noticed for sale ("the Philadelphia Properties") in the above-captioned case, by and through its counsel, Pamela Elchert Thurmond, Senior Attorney, pursuant to Bankruptcy Code § 363(f) and Bankruptcy Rule of Civil Procedure of 6004, to object to the Notice of Successful and Backup Bidder[s] with Respect to the Auction of Certain of the Debtors' Fee Owned Properties ("the Notice") filed by the Debtors, New Rite Aid, LLC *et al*.

The City avers the following in its objection thereto:

1.  On May 5, 2025, the Debtors commenced their bankruptcy proceeding in Chapter 11.

1

2. On June 11, 2025, the Court entered the *Final Order (1) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties and (II) Granting Related Relief,* which established procedures for the Debtors to auction its fee owned properties. [D.I. 804].

3. On July 3, 2025, the Debtor filed the *Notice of Bid Deadline, Potential Auction, and Potential Sale Hearing for Certain Fee Owned Properties*. [D.I. 1321].

4. On August 4, 2025, the Debtor filed this instant Notice seeking to sell the Philadelphia Properties free and clear of liens as identified below.

5. The City does not object generally to the sale of the Philadelphia Properties, however, it files this limited objection to ensure its statutory water liens are paid appropriately from the sale transactions.

6. The City has outstanding statutory water liens on each of the Philadelphia Properties[1]:

| Property Address | Amount of Water Lien | Date of Last Water Bill |
|---|---|---|
| 1924 Fairmount Avenue | $920.81 | 7/16/2025 |
| 6363 Frankford Avenue | $1037.16 | 7/28/2025 |
| 2023 S. Broad Street | $1407.41 | 7/11/2025 |
| 1443-49 S. 7th Street | $629.89 | 7/9/2025 |
| 2201 W. Allegheny Avenue | $1020.05 | 7/25/2025 |

---

[1] Currently, no outstanding real estate taxes for the Philadelphia Properties.

7. Under Pennsylvania's Municipal Claim and Tax Lien Act ("MCTLA"), when the City provides water services to water customers the claim associated with that service qualifies as a "municipal claim."[2]

8. The City's municipal claims, including its statutory water liens, have payment priority pursuant to the MCTLA and need to be paid prior to distribution to other secured creditors. See 53 P.S. §7106(a)(1)("[M]unicipal claims and municipal liens shall arise when lawfully imposed and assessed and shall have priority to and be fully paid and satisfied out of the proceeds of any judicial sale of said property, before any other obligation, judgment, claim, lien or estate with which the said property may be charged.").

9. From the auction notices filed in this case, the Debtor seeks to sell the fee owned properties, including the Philadelphia Properties, free and clear of all liens and encumbrances, but the notices do not specify whether the Debtor or the purchasers intend to pay the outstanding liens at closing including the City's statutory water liens.

10. Thus, the City's statutory water liens must be paid in full at closing and requests language be added in the proposed order specifying the payment of the liens.

**RESERVATION OF RIGHTS**

11. The City reserves all rights with respect to the auction notices and the sale of the Philadelphia Properites. The purchase and sale agreement between the Debtors and the intended purchasers of the Philadelphia Properties have not been filed nor has the proposed order approving the sale, thus the City reserves its rights to make such other and further objections as may be appropriate.

---

[2] The MCTLA defines "municipal claims" to include any "claim arising out of . . . a service supplied . . . by a municipality, although the amount thereof be not at the time definitely ascertained by the authority authorized to determine the same, and a lien thereof be not filed, but becomes fillable within the period and in the manner herein provided."  53 P.S. § 7101.

WHEREFORE, the City respectfully requests that this Court GRANT the Debtors' request with the modifications requested by the City.

Respectfully submitted,

THE CITY OF PHILADELPHIA

Dated: August 7, 2025

By:     /s/ Pamela Elchert Thurmond
PAMELA ELCHERT THURMOND
Senior Attorney
PA Attorney I.D. 202054
Attorney for the City of Philadelphia
City of Philadelphia Law Department
1401 JFK Blvd., 5th Floor
Philadelphia, PA  19102-1595
215-686-0508 (phone)
Email: Pamela.Thurmond@phila.gov