Law Office of Shmuel Klein PA
Attorney for Gallashea Properties, LLC
113 Cedarhill Ave
Mahwah, NJ 07430
845-425-2510
Attorney ID 00851987
email: shmuel.klein@verizon.net

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

_____

In re:
NEW RITE AID LLC, *et al.*,1
Debtors

_____

Chapter 11
Case No. 25-14861 (MBK)

### Objection of Gallashea Properties, LLC to Notice of Store Closing

TO: HONORABLE MICHAEL B. KAPLAN
United States Bankruptcy Judge

PLEASE TAKE NOTICE, that Gallashea Properties, LLC, ("Gallashea"), hereby files this Objection to the Notice of Store Closing (docket #1062 referencing docket numbers 73, 473 and 1845 for "Thrifty Assets" and particularly the lease for Store 05271, and respectfully certifies as follows:

1.      On May 5, 2025 (the "Petition Date"), the Debtors filed respective voluntary petitions for reorganization pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.      Since the Petition Date, the Debtors originally continued to manage their properties and operate their businesses as debtors-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

3.      Gallshea is the owner of certain nonresidential real property located at 7041 Pacific Avenue, Tacoma, WA (Store #05271), which Debtor represented was successfully purchased by CVS.

4.      On June 20, 2024 the consolidated Debtor through Thrifty Payless Inc., a Debtor affiliate,

_____

1 The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

entered into a lease amendment which had been assumed and included in its confirmed plan in the Debtors' last bankruptcy Docket 23-18993 (MBK) (hereinafter the "previous bankruptcy"). The Debtor then filed the instant bankruptcy.

5. The Notice of Closing is deficient as it does not acknowledge the assignment to CVS and cure amount pursuant to §365 of the Bankruptcy Code.

6. On May 21, 2025 Gallashea received a proposed assumption and assignment of its lease and related cure payments in connection with the Successful Bid by CVS. The Debtor breached it's lease in it's failure to timely pay taxes due April 30, 2025 in the amount of $44,814.82 by only paying half of the tax due.

7. As a result of the Debtor's numerous defaults in it's lease obligations, Gallshea was forced to retain legal counsel to protect its rights. Attorney's fees were $12,900.00 including time for the promised June 30, 2025 hearing. However, in a good faith effort to resolve the Cure amount, the Debtor agreed to pay counsel fees on only $5,000.00.

8. As a result of more than a year of neglect by the Debtors-in-possession, and in further breach of its lease, is a quote for repair of the broken monument sign. This contractor installed LED lights in the parking lot about 18 months ago and is very familiar with the system and has worked on approximately a dozen Rite Stores in Seattle-Tacoma area. The sign has not work for at-least 188 months and the remote monitoring and control is obsolete and requires repair.

9. Also as stated in prior objections, a quote from Backflows NW, which did the inspection in April 2025. According to the repair person the price will be a total amount of $1500.00 for an emergency call.

10. In order to assume any lease including the Lease, the Debtors are required to cure defaults existing thereunder pursuant to § 365(b)(1)(A) of the Bankruptcy Code, which provides in relevant part that "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the

trustee … cures, or provides adequate assurance that the trustee will promptly cure, such default…" 11 U.S.C. § 365(b)(1)(A).

11. Accordingly, the Lease may not be assumed and or assigned unless and to the extent that Store 5271 Cure Amount is paid promptly and in full.

12. Gallshea specifically reserves its rights to object to any other relief sought by the Debtors in connection with the assumption of the Lease, including adequate assurance of future performance to be provided by the successful purchaser and additional attorney's fees.

13. Debtors must satisfy the Cure Amount under the Lease in the current amount set forth below and in order to satisfy such amount following the entry of an order approving the assumption and assignment of the Lease.

13. As of July 31, 2025 the total cure amount is $37,425.20.  The itemization is as follows:

| Description | Amount | Balance Due |
|---|---|---|
| Tax Bill | 22,407.41 | 22,407.21 |
| Interest on tax bill for May, 2025 | 443.59 | 22,850.80 |
| Interest on tax bill for June, 2025 | 443.59 | 23,294.39 |
| Interest on tax bill for July, 2025 | 443.59 | 23,737.98 |
| Attorney fees | 5,000.00 | 28,737.98 |
| Repair of Sign | 7,616.22 | 36,354.20 |
| Repair of Back Flow | 1,071.00 | 37,425.20 |

WHEREFORE, Gallshea respectfully requests the entry of an order granting the relief described herein, together with such other and further relief as is just and proper.

Dated: August 10, 2025        Law Office of Shmuel Klein PA
BY: /s/ Shmuel Klein
Shmuel Klein, Esq.
Attorney for Gallashea Properties, LLC