**WILLKIE FARR & GALLAGHER LLP**
Brett H. Miller, Esq. (admitted *pro hac vice*)
Todd M. Goren, Esq. (admitted *pro hac vice*)
James H. Burbage, Esq. (admitted *pro hac vice*)
Jessica D. Graber, Esq. (admitted *pro hac vice*)
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8000
E-mail:  bmiller@willkie.com
          tgoren@willkie.com
          jburbage@willkie.com
          jgraber@willkie.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

**SILLS CUMMIS & GROSS P.C.**
Andrew H. Sherman, Esq.
Boris Mankovetskiy, Esq.
Gregory Kopacz, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 643-7000
E-mail:  asherman@sillscummis.com
          bmankovetskiy@sillscummis.com
          gkopacz@sillscummis.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

**STATEMENT OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS
WITH RESPECT TO DEBTORS' MOTION FOR ENTRY
OF AN ORDER (I) AUTHORIZING THE ADMINISTRATIVE
CLAIMS PROCEDURES AND (II) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee") of New Rite Aid, LLC and its debtor affiliates in the above-captioned cases (collectively, the "Debtors"), by and through its undersigned counsel, respectfully submits this statement with respect to the *Debtors' Motion*

---

[1] The last four digits of Debtor New Rite Aid LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

*for Entry of an Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1820] (the "<u>Administrative Claims Procedures Motion</u>").[2]

1.    Over the last few weeks, the Debtors, DIP Lenders, and Committee have discussed potential strategies for the Debtors' exit from these chapter 11 cases. The Debtors maintain that a chapter 11 plan can be confirmed under the right circumstances, including strong administrative creditor participation in the proposed Administrative Claims Procedures. Under these proposed procedures, certain administrative creditors (the "<u>Administrative Claimants</u>") may: (i) opt-in to receive an accelerated recovery of up to 5.0% of their allowed administrative claim from a $5.0 million pot available to Administrative Claimants for distributions; (ii) opt-out to retain their claims in full, and receive no recovery under the Administrative Claims Procedures; or (iii) neither opt-in nor opt-out, and receive a non-accelerated recovery of up to 5.0% from the remainder of the $5.0 million pot of value described above following the chapter 11 plan's effective date.

2.    In light of the difficult circumstances presented by these cases, the Committee does not oppose the Administrative Claims Procedures Motion. During negotiations over these procedures, the Committee provided the Debtors with feedback, including a request for clarification that the Administrative Claims Procedures would not apply to administrative expense claims that the DIP Lenders committed to pay under the Final DIP Order. Said differently, the Committee did not want the Administrative Claims Procedures to undercut protections that certain holders of administrative expense claims had successfully negotiated for earlier in these cases. The Debtors have added clarifying language to the proposed form of order, making clear that such

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Administrative Claims Procedures Motion or the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 1396] (the "<u>Final DIP Order</u>").

expenses, including Employee Expenses and Stub Rent Claims (each, as defined in the Final DIP Order), are excluded from the Administrative Claims Procedures.

3. The Committee believes that approval of the Administrative Claims Procedures is the least harmful path forward for creditors. Here, the Debtors' alternative exit strategies—including, potentially, a conversion to chapter 7—are significantly less desirable for creditors. Accordingly, under these circumstances, the Committee does not oppose approval of the Administrative Claims Procedures Motion.

[*Remainder of Page Left Intentionally Blank*]

| | |
|---|---|
| Dated: August 13, 2025 | */s/ Andrew H. Sherman* |

**SILLS CUMMIS & GROSS P.C.**
Andrew H. Sherman, Esq.
Boris Mankovetskiy, Esq.
Gregory Kopacz, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 643-7000
Facsimile: (973) 643-6500
Email: asherman@sillscummis.com
  bmankovetskiy@sillscummis.com
  gkopacz@sillscummis.com

**WILLKIE FARR & GALLAGHER LLP**
Brett H. Miller, Esq. (admitted *pro hac vice*)
Todd M. Goren, Esq. (admitted *pro hac vice*)
James H. Burbage, Esq. (admitted *pro hac vice*)
Jessica D. Graber, Esq. (admitted *pro hac vice*)
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8000
E-mail:  bmiller@willkie.com
   tgoren@willkie.com
   jburbage@willkie.com
   jgraber@willkie.com

*Co-Counsel to the Official Committee of Unsecured Creditors*