Caption in Compliance with D.N.J. LBR 9004-1(b)

Order Filed on August 14, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br>Debtors.[1] |

Chapter 11

Case No. 25-14861 (MBK)

(Jointly Administered)

## ORDER (I) AUTHORIZING THE ADMINISTRATIVE CLAIMS PROCEDURES AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through eighteen (18), is

**ORDERED**.

**DATED: August 14, 2025**

*Honorable Michael B. Kaplan*
United States Bankruptcy Judge

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher J. Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel to the Debtors and
Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.*, |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of an Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* (the "Motion"),[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") establishing procedures for the settlement of administrative expense claims, and granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court (the "Hearing"); and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

---

[1]    Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.*, |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief |

1.      The Motion is **GRANTED** as set forth herein.

## I.      The Administrative Claims Procedures

2.      Notice of the accelerated Administrative Claim payment procedures and settlement (collectively, the "Administrative Claims Procedures") is sufficient and effective in satisfaction of federal and state due process requirements and other applicable law to put the parties in interest in these chapter 11 cases and others, including Administrative Claimants, on notice of the Administrative Claims Procedures.

3.      The Administrative Claims Procedures and the transactions contemplated thereby are a proper exercise of the Debtors' business judgment, satisfy the standards of section 363(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9019, are reasonable, fair, equitable and supported by adequate consideration, and are hereby approved.

4.      The Debtors are hereby authorized to enter into, perform under, execute, and deliver all documents, and take all actions necessary or appropriate to timely and fully implement and consummate the Administrative Claims Procedures, including, without limitation, to make any payments to Administrative Claimants contemplated thereunder.  The Debtors may, in consultation with the Committee and with the consent of the DIP Lenders (not to be unreasonably withheld), terminate the Administrative Claims Procedures at any time prior to the filing of a Participation Condition Notice indicating that the Participation Condition has been met or waived.

5.      The Participation Condition is approved.    The implementation of the Administrative Claims Procedures is conditioned upon sufficient participation therein, as determined by the Debtors and the DIP Lenders, in consultation with the Committee.  If the Debtors and the DIP Lenders determine, in consultation with the Committee, that the number of

(Page | 5)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.*, |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief |

consenting or deemed consenting Administrative Claimants is insufficient, the Participation Condition shall not be satisfied and, unless such condition is waived by the Debtors, the Administrative Claims Procedures will not be consummated.

6.    Following the Election Deadline, the Debtors shall file the Participation Condition Notice with the Court indicating whether the Participation Condition has been met or waived.  If a Participation Condition Notice is filed indicating that the Participation Condition has been met or waived, the Debtors are authorized to make the First Distribution on the terms set forth in the Motion.

7.    The Debtors are authorized to adjust their books and records and/or claims register, as applicable, to reflect the satisfaction of any Administrative Claims satisfied through the Administrative Claims Procedures without further notice, action, order, or approval from the Bankruptcy Court.

## II.    The Administrative Claims Record Date and Opt-In and Opt-Out Procedures

8.    July 31, 2025 shall be established as the record date for the purpose of determining which Administrative Claimants are entitled to participate in the Administrative Claims Procedures in accordance with the terms of the Election Form, attached hereto as **Exhibit 1** (the "Administrative Claims Record Date").

9.    The Administrative Claims Procedures as set forth below are hereby approved:

| Notice & Service | Within three (3) business days after entry of the Order (the "Mailing Date"), the Debtors shall cause their claims and noticing agent (the "Claims Agent") to mail, via first-class mail and e-mail (where available) based on the applicable Administrative Claimant's contact information (and its counsel, if known) as provided to the Debtors and reflected in their books and records, the following materials (the "Administrative Claimant Materials"): (i) a copy of the Order, as entered by this Court and without attachments, (ii) an Election |
|---|---|

(Page | 6)

| Debtors: | NEW RITE AID, LLC, *et al.*, |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief |

|  | Form (as defined below) to each Administrative Claimant, and (iii) a postage-prepaid return envelope.  After the initial mailings of the Administrative Claimant Materials, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that notices are returned with forwarding addresses or additional potential claimants become known to the Debtors.<br><br>Within two (2) business days of entry of the Order, the Debtors shall cause a notice substantially in the form attached to the Order as **Exhibit 2** (the "Publication Notice") to be (i) published in the national edition of The New York Times, Wall Street Journal or another publication with similar national circulation, and (ii) on the case management website.<br><br>The Publication Notice is intended to reach parties for whom notice by mail is impracticable, including potential Administrative Claimants that are unknown, not reasonably ascertainable, or whose mailing addresses cannot be located despite reasonable diligence. |
| **Subject Administrative Claims** | The Administrative Claims Procedures shall apply to all Administrative Claims arising on or before the Administrative Claims Record Date, excluding the following: (i) Post-Petition Lease Obligations (as defined in paragraph 49(f) of the Final DIP Order);[2] (ii) claims of their vendors, suppliers, and service providers arising postpetition in the ordinary course of business; (iii) the following Employee Expenses (as defined in paragraph 42 the Final DIP Order):  (a) amounts agreed to be paid to employees in any postpetition agreement between the Debtors and a collective bargaining representative, (b) all matching obligations arising on account of employee 401(k) plans, (c) severance obligations owing to employees terminated after the Petition Date, and (d) employee claims arising after the Petition Date under the (1) NY Warn Act, NJ Warn Act, MD Warn Act, and Philadelphia Warn Act (each as defined in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Associate Wages, Salaries, Other Compensation, and Reimbursable Associate Expenses and (B) Continue Associate Benefit Programs, and (II)* |

---

[2]  "Final DIP Order" shall mean the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [Docket No. 1396].

(Page | 7)

| Debtors: | NEW RITE AID, LLC, *et al.*, |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief |

|  | *Granting Related Relief* [Docket No. 14]); (iv) Stub Rent Claims (as defined in paragraph 49 of the Final DIP Order); (v) amounts arising both pre- and postpetition on account of Sales and Use Taxes (as defined in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* [Docket No. 6]); and (vi) cure amounts due to a contract counter-party pursuant to Section 365(b) of the Bankruptcy Code and any entered order approving the assumption and assignment of a non-residential real property lease (the claims listed in the foregoing provisos (i) through (vi), the "Excluded Claims"); *provided, however,* that the Debtors may, by agreement with the applicable Administrative Claimant, offer the settlement terms provided for in the Administrative Claims Procedures to holders of Administrative Claims arising after the Administrative Claims Record Date.  For the avoidance of doubt, this Order does not impair or otherwise impact the payment of any Excluded Claim. |
|---|---|
| **Election Forms** | Each known Administrative Claimant shall receive an "Election Form" in the form attached to the Order as Exhibit 1.  Each Election Form shall include: <br><br> • A detailed description of the Administrative Claims Procedures; <br><br> • The amount of each Administrative Claimant's Administrative Claim as reflected on the Debtors' books and records as of the Administrative Claim Record Date (as listed on the applicable Election Form, the "Recorded Amount"); <br><br> • Detailed instructions for completing and returning the Election Form, indicating such Administrative Claimant's election to opt-in to (an "Opt-In Election") or opt-out of (an "Opt-Out Election") the Administrative Claims Procedures; and <br><br> • A prominent disclosure of the recovery to be received by such Administrative Claimant on account of its election. |
| **Administrative Claims Dispute Procedures** | In the event that an Administrative Claimant that has received the Administrative Claimant Materials disagrees with the Recorded Amount of its Administrative Claim, it may populate the amount that it believes should apply to its Administrative Claim within the "Administrative Claimant Recorded Amount" field of the Election |

(Page | 8)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.*, |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief |

| | |
|---|---|
| | Form.  If the Administrative Claimant populates an amount in the "Administrative Claimant Recorded Amount" field of the Election Form, the Debtors and any such disputing Administrative Claimant shall work in good faith to reconcile the amount of such claimant's Administrative Claim.

If an Administrative Claimant disagrees with the Recorded Amount and populates an amount in the "Administrative Claimant Recorded Amount" field of the Election Form, the validity of the Election Form is subject to further reconciliation by the Debtors and agreement upon the amount of such claimant's Administrative Claim.  **In instances where the Debtors do not agree with the Administrative Claim Amount populated by the claimant within the "Administrative Claimant Recorded Amount" field of an Election Form, such Administrative Claimant may be required to resubmit an Election Form with the reconciled, agreed upon claim amount populated in Recorded Amount field or risk their Election Form not being counted.**

If the Debtors and applicable Administrative Claimant are able to reach an agreement with respect to the amount of any such disputing Administrative Claimant's claim amounts, the Debtors shall be authorized to make distributions hereunder on account of such agreement amounts instead of the Recorded Amount.  If the Debtors and any such Administrative Claimant have not come to an agreement with respect to the amount of the applicable Administrative Claim prior to the Election Deadline (as may be extended with respect to such Administrative Claimant in accordance with the terms of these Administrative Claims Procedures), such Administrative Claimant shall have been deemed to have made an Opt-Out Election and shall not be entitled to any distribution on account of these Administrative Claims Procedures. |
| **Record Date** | The "<u>Administrative Claim Record Date</u>" shall be July 31, 2025. |
| **Election Deadline** | The "<u>Election Deadline</u>" shall be September 16, 2025 at 5:00 p.m. ET.  All Election Forms must be timely and properly completed and returned so as to be **actually received** by the Claims Agent either by (i) delivering the Election Form to the Claims Agent in the return envelope provided or otherwise by first-class mail, hand delivery, or overnight courier or (ii) submitting the Election Form by electronic online transmission through the Online Portal (as defined in the Election Form), in each case in accordance with the instructions set forth in the Election Form. |

(Page | 9)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.*, |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief |

| | |
|---|---|
| | The Debtors may, with the consent of the DIP Lenders (not to be unreasonably withheld) and in consultation with the Committee, extend the Election Deadline (including with respect to individual Administrative Claimants); *provided*, *however*, that the Election Deadline shall not be extended past the time at which the First Distribution (as defined below) is made. |
| **Tabulation** | The Election Forms shall be recorded and tabulated per the following procedures:<br><br>• Any Administrative Claimant that timely and properly returns an Election Form indicating an Opt-In Election shall be recorded as having opted in to the Administrative Claims Procedures, and shall receive the distribution contemplated thereunder.<br><br>• Any Administrative Claimant that timely and properly returns an Election Form indicating an Opt-Out Election shall be recorded as having opted out of the Administrative Claims Procedures;<br><br>• Any Administrative Claimant that timely and properly returns an Election Form shall have its election recorded with respect to each Debtor against which it holds a claim.<br><br>• Any Administrative Claimant that (i) returns an Election Form that does not properly indicate an Opt-In Election or Opt-Out Election or (ii) fails to timely and properly return an Election Form shall be deemed to consent to the treatment provided for in the Administrative Claims Procedures.<br><br>• The Debtors and the Claims Agent, as applicable, are authorized to determine all questions as to the validity, form, eligibility, acceptance, and revocation or withdrawal of any Election Form (including by waiving any deficiencies with respect to any returned Election Forms), and such determination shall be final and binding on all parties. |
| **Participation Condition** | The effectiveness of the Administrative Claims Procedures is conditioned on a sufficient number of Administrative Claimants (as determined by the Debtors and the DIP Lenders, in consultation with the Committee) consenting or being deemed to consent to the |

(Page | 10)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.*, |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief |

| | |
|---|---|
| | treatment contemplated in these Administrative Claims Procedures (the "<u>Participation Condition</u>"). **If the Debtors and the DIP Lenders determine, in consultation with the Committee, that the number of consenting or deemed consenting Administrative Claimants is insufficient and the Participation Condition is not waived, the Administrative Claims Procedures shall not be consummated, no payments shall be made to Administrative Claimants under it, and the Debtors believe that such payments will not be possible at all.** The Debtors shall, subject to the following paragraph, file a notice with the Bankruptcy Court following the Election Deadline indicating whether the Participation Condition has been met or waived (the "<u>Participation Condition Notice</u>"). The Debtors may, in consultation with the Committee and with the consent of the DIP Lenders (not to be unreasonably withheld), terminate the Administrative Claims Procedures at any time prior to the filing of a Participation Condition Notice indicating that the Participation Condition has been met or waived. |
| **Administrative Claims Distribution Pool** | The Administrative Claims Distribution Pool available to distribute to Administrative Claimants pursuant to these Administrative Claims Procedures is $5,000,000.00. |
| **Administrative Claimant Recoveries** | Through properly returning Election Forms in accordance with the Administrative Claims Procedures, Administrative Claimants may consent to receive the following recoveries: <ul><li>Each Administrative Claimant that timely and properly indicates an Opt-In Election shall receive, within ten (10) business days (or as soon as reasonably practicable thereafter) following the filing of a Participation Condition Notice indicating that the Participation Condition has been met or waived, a distribution (the "<u>First Distribution</u>") equal to such Administrative Claimant's Pro Rata Share[3] of the</li></ul> |

---

[3] "<u>Pro Rata Share</u>" means, for purposes of these Administrative Claims Procedures, (i) with respect to each Administrative Claimant making an Opt-In Election, the Recorded Amount (or such other amount as agreed between the Debtors and such Administrative Claimant) of such Administrative Claimant's Administrative Claim relative to the aggregate Recorded Amounts (or such other amounts as agreed between the Debtors and such Administrative Claimants) of all other Administrative Claimants that timely and properly make Opt-In Elections, and (ii) with respect to each Administrative Claimant that fails to make an Opt-In Election or Opt-Out Election, the Recorded Amount (or such other amount as agreed between the Debtors and such Administrative Claimant) of such Administrative Claimant's Administrative Claim relative to the aggregate Recorded Amounts (or such

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.*, |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief |

Administrative Claims Distribution Pool, not to exceed 5.00% of such Administrative Claimant's Recorded Amount (or such other amount as agreed between the Debtors and such Administrative Claimant) in full and final satisfaction of its Administrative Claim.

- Each Administrative Claimant that timely and properly indicates an Opt-Out Election shall retain its rights to assert its Administrative Claim against the Debtors, if any, and receive no recovery under the Administrative Claims Procedures.

- Administrative Claimants that **fail to make an Opt-In Election or Opt-Out Election** shall be deemed to consent to receiving a distribution (the "Second Distribution") equal to such Administrative Claimant's Pro Rata Share of amounts remaining in the Administrative Claims Distribution Pool after the First Distribution is made, not to exceed 5.00% of such Administrative Claimant's Recorded Amount (or (i) such other amount as agreed between the Debtors and such Administrative Claimant or (ii) if there is no Recorded Amount as of the Election Deadline with respect to the applicable Administrative Claim (if, *e.g.*, the Administrative Claimant did not receive an Election Form), the amount in which the applicable Administrative Claim is allowed pursuant to any chapter 11 plan or order of this Court) under any subsequent chapter 11 plan confirmed in these Chapter 11 Cases, in satisfaction of section 1129 of the Bankruptcy Code.

Each claimant receiving a distribution pursuant to these Administrative Claims Procedures shall be deemed to acknowledge and agree that its consent or deemed consent to the treatment contemplated herein constitutes an agreement with respect to its treatment for all purposes including, without limitation, section 1129(a)(9) of the Bankruptcy Code, and shall have waived any rights to object to any plan of reorganization on the basis of such treatment.

**Nothing in these Administrative Claims Procedures or any**

---

other amounts as agreed between the Debtors and such Administrative Claimants) of all other Administrative Claimants that fail to make an Opt-In Election or Opt-Out Election.

(Page | 12)
Debtors:           NEW RITE AID, LLC, *et al.*,
Case No.           25-14861 (MBK)
Caption of Order:  Order (I) Authorizing the Administrative Claims Procedures and
                   (II) Granting Related Relief

| | |
|---|---|
| | **Election Form shall impair, limit, or otherwise impact the Debtors' authority to make payments to Administrative Claimants by separate agreement or in accordance with applicable law**. In the event of any payment to an Administrative Claimant on account of its Administrative Claim, the Recorded Amount (or other agreed amount, as applicable) of the Administrative Claim shall be deemed to be reduced on a dollar-for-dollar basis by the amount of any such payment (or as otherwise provided for pursuant to the applicable separate agreement) for purposes of calculating any recovery distributed pursuant to these Administrative Claims Procedures. |
| **Waiver of Preference Actions** | In addition to the First Distribution, the Debtors shall, in consideration for such elections and effective upon the making of the First Distribution, waive any and all claims and causes of action arising against each Administrative Claimant that makes an Opt-In Election arising under section 547 of the Bankruptcy Code. |

10.     The foregoing Administrative Claims Procedures are hereby approved and deemed adequate to solicit Opt-In Elections and Opt-Out Elections from all Administrative Claimants as of the Administrative Claims Record Date and to inform such Administrative Claimants of their rights and available choices thereunder.  Any such Administrative Claimant that does not timely and properly return an Election Form indicating an Opt-In Election or Opt-Out Election shall be deemed to have consented to the treatment of their Administrative Claims proposed by the Administrative Claims Procedures in a chapter 11 plan, in satisfaction of section 1129(a)(9) of the Bankruptcy Code.  Any Administrative Claimant that receives a distribution pursuant to the Administrative Claims Procedures shall be deemed to have received such payments in full and final satisfaction, compromise, settlement, and release of such Administrative Claim, irrespective of whether such distribution is received on account of (i) an Opt-In Election, or (ii) a failure to make an Opt-In Election or Opt-Out Election.

11.     Each Administrative Claimant that receives a distribution pursuant to the

(Page | 13)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.*, |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief |

Administrative Claims Procedures shall be deemed, upon receipt of such distribution, to acknowledge and agree that its consent or deemed consent to the treatment contemplated herein constitutes an agreement with respect to its treatment for all purposes including, without limitation, section 1129(a)(9) of the Bankruptcy Code, and shall have waived any right(s) to object to any plan of reorganization on the basis of such treatment.

12.     The Administrative Claimant Materials, and each of the documents contained therein (in substantially the form attached hereto) including, but not limited to, the Election Form, are hereby approved and provide conspicuous, adequate, and proper notice with respect to the consequences of an Administrative Claimant's decision whether to make an Opt-In Election or Opt-Out Election.

### III.     Notice of Administrative Claims Procedures

13.     The Debtors shall cause a copy of this Order to be distributed by email (where available) or first-class mail to the following persons and entities, wherever located:

a.      the Office of the United States Trustee for the District of New Jersey;

b.      counsel to the Committee;

c.      the Internal Revenue Service;

d.      all other taxing authorities for jurisdictions in which the Debtors do business or did business as of and following the Petition Date;

e.      the office of the attorney general for the District of New Jersey and for the states in which the Debtors operate as of and following the Petition Date; and

f.      any other entity that has requested notice of pleadings filed in the Chapter 11 Cases.

14.     The Debtors shall cause the Administrative Claims Materials to be sent via first-class and e-mail (where available) to the last known mailing and email address for each Administrative Claimant, as reflected in the Debtors' books and records as of the Administrative

(Page | 14)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.*, |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief |

Claims Record Date and their counsel, if known.  If the Debtors receive a "returned to sender" notification in response to any sending of the Administrative Claimant Materials, the Debtors will conduct a reasonable search for an alternative physical or e-mail address, and if none is found, the Debtors will not re-send the Administrative Claimant Materials to such party.

## IV.    Publication Notice of the Administrative Claimant Materials for Unknown Potential Creditors

15.    The Debtors shall cause the notice of the Administrative Claims Procedures to be given by publication to parties to whom notice by mail is impracticable, including parties who are unknown or not reasonably ascertainable by the Debtors and parties whose identities are known but whose addresses are unknown by the Debtors following a reasonable search for such information.  Specifically, within two (2) business days of the entry of this Order, the Debtors shall cause a notice of the Administrative Claims Procedures, substantially the form attached hereto as **Exhibit 2**, to be published in the national edition of The New York Times or Wall Street Journal or another publication with similar national circulation, and on the case management website.

## V.    Tabulation of Opt-In Elections and Opt-Out Elections

16.    The Debtors and the Claims Agent are hereby authorized to take all actions necessary to implement the Administrative Claims Procedures, including, but not limited to, (i) distributing the Administrative Claimant Materials, (ii) receiving, tabulating, and reporting on Election Forms recording Opt-In Elections and Opt-Out Elections, (iii) responding to inquiries from parties in interest related to the Administrative Claims Procedures and the forms and materials related thereto, (iv) if necessary or appropriate, contacting creditors and Administrative Claimants regarding the Administrative Claimant Materials, including, without limitation, the Administrative Claimant Recorded Amount (if any) populated in the applicable field of the

(Page | 15)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.*, |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief |

Election Form; and (v) taking any other related actions necessary or appropriate to effect the

Administrative Claims Procedures.

17.     If an Administrative Claimant disagrees with the Recorded Amount and populates

an amount in the "Administrative Claimant Recorded Amount" field of the Election Form, the

validity of the Election Form is subject to further reconciliation by the Debtors and agreement

upon the amount of such claimant's Administrative Claim.  In instances where the Debtors do not

agree with the Administrative Claim Amount populated by the claimant within the "Administrative

Claimant Recorded Amount" field of an Election Form, such Administrative Claimant may be

required to resubmit an Election Form with the reconciled, agreed upon claim amount populated

in Recorded Amount field or risk their Election Form not being counted.

18.     **Tuesday, September 16, 2025 at 5:00 p.m. (prevailing Eastern Time)** shall be

established as the deadline to return an Election Form indicating an Opt-In Election or Opt-Out

Election (the "Election Deadline").  The Claims Agent is authorized to accept Election Forms

submitted on or before the Election Deadline:  (i) by mail in the return envelope provided with the

Administrative Claimant Materials, (ii) by overnight courier, (iii) by hand delivery, or (iv) by

electronic,      online      transmission      at      https://restructuring.ra.kroll.com/RiteAid2025

(the "Online Portal"), in each case in accordance with the instructions set forth in the Election

Form.  The encrypted data and audit trail created by electronic submission of an Election Form via

the Claims Agent's Online Portal shall become part of the record of any Election Form submitted

in this manner and the creditor's electronic signature shall be deemed to be immediately legally

valid and effective.

19.     The Debtors are authorized to (i) waive any defects or irregularities as to any

(Page | 16)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.*, |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief |

Election Form, either before or after the Election Deadline, and (ii) extend the Election Deadline.

20.     With respect to any transfer of an administrative claim subject to the Administrative Claims Procedures effected in accordance with Bankruptcy Rule 3001(e) which occurs after the Administrative Claims Record Date, if the transferor claimant has made an Opt-In Election or Opt-Out Election as of the time of such transfer, the Debtors are authorized to distribute the Administrative Claimant Materials to the transferee.  If all actions necessary to transfer such claim are completed prior to the Election Deadline, the transferee may return an Election Form in accordance with the Administrative Claims Procedures.  If a transferor has made an Opt-In Election or Opt-Out Election prior to any such transfer, however, any transferee with respect to the applicable claim shall be bound by the transferor's prior election.

**VI.     Miscellaneous**

21.     Nothing contained herein or any order granting the relief requested in the Motion, and no action taken pursuant to such relief (including any payment made in accordance therewith) is intended or shall be construed or deemed to be: (i) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law (including, for the avoidance of doubt, that any Administrative Claim subject to the Administrative Claims Procedures is, in fact, entitled to any priority under the Bankruptcy Code or applicable law); (ii) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any particular claim; (iv) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this motion or any order granting the relief requested by this motion; (v) a request or authorization to assume, adopt, or reject any

| Debtors: | NEW RITE AID, LLC, *et al.*, |
|---|---|
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief |

agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (vi) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (vii) a waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

22.     The Debtors may make corrections, additions, or deletions to the Administrative Claimant Materials (including, without limitation, the Publication Notice) as appropriate, including to remove stale or non-pertinent information.

23.     The Debtors and the Claims Agent are authorized and empowered to take such steps and perform such actions as may be necessary or appropriate to implement and effectuate the terms of this Order, without seeking further order of the Court.

24.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

25.     Notification of the relief granted by this Order as provided herein is fair and reasonable and will provide adequate, sufficient, and proper notice to Administrative Claimants of their rights and obligations in connection with administrative claims they may have against the Debtors in these Chapter 11 Cases and satisfies the requirements of the Bankruptcy Code, Bankruptcy Rules, and the Local Rules, including by providing each Administrative Claimant with clear, conspicuous notice of the consequences of its Opt-In Election, Opt-Out Election, or failure to properly and timely return an Election Form indicating an election.

26.     Nothing in this Order shall prejudice the rights of the Debtors or their estates with

(Page | 18)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.*, |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief |

respect to any claims arising after the Administrative Claims Record Date.

27.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

28.     Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order (including, without limitation, Bankruptcy Rule 6004(h)) is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

29.     The Court shall retain jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

## <u>Exhibit 1</u>

**Notice & Election Form**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No. 25-14861 (MBK) |
| Debtors.[1] | (Jointly Administered) |

## NOTICE OF ADMINISTRATIVE CLAIMS PROCEDURES

**PLEASE TAKE NOTICE THAT** on August [●], 2025, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Order"): (a) approving the terms of the Administrative Claims Procedures; (b) authorizing the above captioned debtors and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to carry out the terms of the Administrative Claims Procedures; (c) approving the noticing procedures in respect of the Administrative Claims Procedures; (d) approving the form and manner of the Election Form to be distributed to Administrative Claimants; (e) scheduling certain dates with respect thereto; and (f) approving procedures for soliciting, receiving, and tabulating votes on the Administrative Claims Procedures.

**PLEASE TAKE FURTHER NOTICE THAT** on or about August 19, 2025, the Debtors caused the Administrative Claimant Materials to be distributed in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Order, and the Administrative Claims Procedures.

**PLEASE TAKE FURTHER NOTICE THAT** the Administrative Claims Procedures Order established **September 16, 2025 at 5:00 p.m. (prevailing Eastern Time)** (the "Election Deadline") as the deadline by which certain holders of Administrative Claims may elect to opt in to (an "Opt-In Election") or out of (an "Opt-Out Election") the Administrative Claims Procedures.

**PLEASE TAKE FURTHER NOTICE THAT** to the extent you are a holder of one or more claims which would be entitled to priority treatment pursuant to section 1129 of the Bankruptcy Code (each such claim, an "Administrative Claim") as of the Administrative Claims Records Date, **your claim is subject to the Administrative Claims Procedures**, and you may make an Opt-In Election or Opt-Out Election by checking the appropriate box on the Election Form attached to this notice as **Attachment A** and returning your completed Election Form in accordance with the instructions provided therein.

**YOU ARE RECEIVING THIS NOTICE BECAUSE, PER THE BOOKS AND RECORDS OF THE DEBTORS, YOU ARE THE HOLDER OF AN ADMINISTRATIVE CLAIM SUBJECT TO THE ADMINISTRATIVE CLAIMS PROCEDURES. YOU ARE ADVISED TO REVIEW THE ORDER AND THE ELECTION FORM FOR ADDITIONAL DETAILS REGARDING THE TERMS OF THE ADMINISTRATIVE CLAIMS PROCEDURES, AND THE CONSEQUENCES OF MAKING AN OPT-IN ELECTION OR OPT-OUT ELECTION, AS WELL AS THE CONSEQUENCES OF FAILING TO MAKE**

---

[1]    The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

AN ELECTION.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Order or related documents, you should contact Kroll Restructuring Administration LLC, the claims, noticing, and solicitation agent retained by the Debtors in these chapter 11 cases (the "Claims Agent"), by: (a) calling the Claims Agent at (888) 575-9318 (U.S./ Canada, toll free) or +1 (646) 930-4577 (international); (b) visiting the Debtors' restructuring website at: https://restructuring.ra.kroll.com/RiteAid2025; (c) writing to the Claims Agent at New Rite Aid, LLC's Election Form Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232; or (d) emailing RiteAid2025Info@ra.kroll.com (with "In re New Rite Aid, LLC Election Inquiry" in the subject line). You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://restructuring.ra.kroll.com/RiteAid2025, or the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about the status of any of your Administrative Claims, you should contact the Claims Agent in accordance with the instructions provided above.

Dated:  August 6, 2025

_/s/ Draft_

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted _pro hac vice_)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted _pro hac vice_)
Alice Belisle Eaton (admitted _pro hac vice_)
Christopher J. Hopkins (admitted _pro hac vice_)
Sean A. Mitchell (admitted _pro hac vice_)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

_Co-Counsel for Debtors and_
_Debtors in Possession_

## <u>ATTACHMENT A</u>

**Election Form**

## ADMINISTRATIVE CLAIMS PROCEDURES ELECTION FORM

You are receiving this Election Form (this "Election Form") because you are a holder of one or more Administrative Claims against New Rite Aid, LLC and/or its debtor-affiliates (collectively, the "Debtors") as of **July 31, 2025** (the "Administrative Claims Record Date"). Your Administrative Claim is subject to the Administrative Claims Procedures as described in the *Debtors' Motion for Entry of an Order (I) Approving the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1820] (the "Motion").[1] **You may affirmatively opt in to (an "Opt-In Election") or out of (and "Opt-Out Election") the Administrative Claims Procedures by checking the box and returning this Election Form in accordance with the directions below on or before September 16, 2025 at 5:00 p.m. (prevailing Eastern Time) (the "Election Deadline").**

---

**THE ELECTION DEADLINE IS SEPTEMBER 16, 2025 AT 5:00 P.M. (PREVAILING EASTERN TIME).**

**FOR YOUR ELECTION TO BE COUNTED, THE CLAIMS AGENT MUST ACTUALLY RECEIVE THIS ELECTION FORM, WITH THE APPROPRIATE BOX BELOW CHECKED, ON OR BEFORE THE ELECTION DEADLINE.**

**IF YOUR ELECTION FORM IS RECEIVED AFTER THE ELECTION DEADLINE, YOUR ELECTION FORM WILL NOT BE COUNTED, AND YOU WILL BE DEEMED TO HAVE CONSENTED TO THE TREATMENT OF YOUR ADMINISTRATIVE CLAIM AS SET FORTH IN THE ADMINISTRATIVE CLAIMS PROCEDURES AND THIS ELECTION FORM.**

---

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS ELECTION FORM CAREFULLY BEFORE COMPLETING THIS ELECTION FORM.

**To make an Opt-In Election or Opt-Out Election**, you must check only the appropriate box below labeled "**OPT-IN ELECTION**" or "**OPT-OUT ELECTION**" as applicable, provide the requested identifying information, and promptly submit your completed Election Form electronically via the electronic portal maintained by Kroll Restructuring Administration LLC ("Kroll" or the "Claims Agent") or by first-class mail or overnight courier. By returning this Election Form with the "Opt-In Election" or "Opt-Out Election" box checked, you will be deemed to have elected to opt-in or opt-out, as applicable, to the Administrative Claims Procedures.

**If you choose not to make an Opt-In Election or Opt-Out Election**, you do not need to take any further action. If you do not make an Opt-In Election or Opt-Out Election, either by (i) returning this Election Form without properly indicating such an election or (ii) failing to timely and properly return this Election Form **you shall be deemed, in each case, to have consented to receiving the Deemed Administrative Claim Settlement Amount (defined below) set forth below on account of, and in full and final satisfaction of, your Administrative Claim pursuant to any chapter 11 plan proposed by the Debtors and shall have waived any right(s) to object to any plan of reorganization on the basis of such treatment.**

**Submitting Your Election Form Electronically.** You may submit this Election Form electronically via Kroll's electronic submission portal by visiting Kroll's case website at https://restructuring.ra.kroll.com/riteaid2025/, navigating to the "Quick Links" section of the site and clicking on "Submit Election Form."

**IMPORTANT NOTE**: To submit your Election Form electronically, you will need your Unique Electronic Election Form ID#.

---

[1]   Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion. Access to the Motion and the Debtors' case docket is available free of charge at https://restructuring.ra.kroll.com/riteaid2025/ under "Docket."

---

**YOUR UNIQUE ELECTRONIC ELECTION FORM ID# IS: _____**

---

**Submitting Your Election Form in Hard Copy**.  You may deliver this Election Form via paper copy by completing, signing, and sending (by first class mail or overnight courier) to Kroll at:

**NEW RITE AID, LLC ELECTION FORM PROCESSING CENTER
C/O KROLL RESTRUCTURING ADMINISTRATION LLC
850 THIRD AVENUE, SUITE 412
BROOKLYN, NY 11232**

If you believe you have received this Election Form in error, please contact the Claims Agent immediately by:  (a) calling the Claims Agent at (888) 575-9318 (U.S./Canada, toll free) or +1 (646) 930-4577 (international), (b) emailing the Claims Agent at RiteAid2025Info@ra.kroll.com with a reference to "In re New Rite Aid, LLC – Election Form Inquiry" in the subject line, or (c) writing to the Claims Agent at New Rite Aid, LLC's Election Form Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.

**Item 1. Amount of Administrative Expense Claim**.  As of July 31, 2025, (the "Administrative Claims Record Date") the Debtors' books and records show that you held unpaid Administrative Claims in the aggregate amount listed in the table below as the "Recorded Amount."  In accordance with the Administrative Claims Procedures:

- If you make an Opt-In Election, you shall receive, within ten (10) business days (or as soon as reasonably practicable thereafter) following the filing by the Debtors of a Participation Condition Notice indicating that the Participation Condition has been met, a distribution equal to your Pro Rata Share of $5 million (the "Administrative Claims Distribution Pool"), not to exceed 5.00% of the Recorded Amount or such other amount as agreed between you and the Debtors (the "Maximum Settlement Payment Amount"), in full and final satisfaction of your Administrative Claim (the "First Distribution").

- If you make an Opt-Out Election, you shall retain your administrative claim and not receive any distribution on account of these Administrative Claims Procedures.

- If you do not make an Opt-In Election or an Opt-Out Election, you shall be deemed to have consented to receiving, in full and final satisfaction of your Administrative Claim, a distribution equal to your Pro Rata Share of amounts remaining in the Administrative Claims Distribution Pool after the First Distribution is made, not to exceed the Maximum Settlement Payment Amount or such other amount as agreed between you and the Debtors under any subsequent chapter 11 plan confirmed in the Debtors' chapter 11 cases, in satisfaction of section 1129 of the Bankruptcy Code.

- If you do not agree with the Recorded Amount populated below, you may populate the Administrative Expense Claim amount that you believe to be correct in "Administrative Claimant Recorded Amount" field.

- If you populate an amount in the "Administrative Claimant Recorded Amount" field, the validity of your Election Form and Opt-In Election or Opt-Out Election is subject to (i) further review of your Administrative Claim amount by the Debtors; and (ii) the Debtors' agreement upon your Administrative Claim amount.

- In instances where the Debtors do not agree with the Administrative Claim Amount populated within the "Administrative Claimant Recorded Amount" field, **you may be required to resubmit an Election Form with a reconciled, agreed upon claim amount populated in Recorded Amount field or risk your Election Form not being counted.**

**Each claimant receiving a distribution pursuant to the Administrative Claims Procedures shall be deemed to acknowledge and agree that its consent or deemed consent to such treatment constitutes an agreement with respect to its administrative claim treatment for all purposes including, without limitation, section 1129(a)(9) of the Bankruptcy Code, and shall have waived any rights to object to any plan of reorganization on the basis**

of such claim treatment.

| Recorded Amount | |
|---|---|
| Administrative Claimant Recorded Amount<br><br>(please **only** populate an amount in this field if you disagree with the Recorded Amount pre-populated above) | |
| Maximum Settlement Payment Amount<br>(5.00% of Recorded Amount) | |

**Item 2. Administrative Expense Claims Procedures – Important Information for Administrative Claimants.**

Generally, in order to be approved by the Bankruptcy Court, a chapter 11 plan must provide for the payment, in full, of administrative expense claims. However, holders of these priority claims can agree to "different treatment" and enable a debtor to confirm and consummate a chapter 11 plan even if funds are not available to pay priority claimants in full.

At this point in the Chapter 11 Cases, the Debtors believe that the assets available for distribution will not be sufficient to repay the Debtors' postpetition lenders, or "DIP Lenders," in full. Because the loans held by the DIP Lenders are secured by substantially all of the Debtors' assets, these lenders are entitled to payment from the Debtors' assets prior to administrative claimants. **As a result, unless the DIP Lenders agree to permit the Debtors to do so, they will be unable to provide *any* payment to you on account of your Administrative Claim**.

The Administrative Claims Procedures are the result of such an agreement between the Debtors and the DIP Lenders, and the Debtors believe that implementation of the Administrative Claims Procedures are the only way they will be able to make any distributions to holders of Administrative Claims. The implementation of the Administrative Claims Procedures is conditioned upon a sufficient number Administrative Claimants (as determined by the Debtors and the DIP Lenders in consultation with the Committee) consenting or being deemed to consent to the treatment contemplated in the Administrative Claims Procedures (the "Participation Condition").

**If the Debtors and the DIP Lenders determine, in consultation with the Committee, that the number of consenting or deemed consenting Administrative Claimants is insufficient and the Participation Condition is not waived, the Administrative Claims Procedures shall not be consummated, no payments shall be made to Administrative Claimants under it, and the Debtors believe that such payments will not be possible at all. Further, the Debtors may, in consultation with the Committee and with the consent of the DIP Lenders (not to be unreasonably withheld), terminate the Administrative Claims Procedures at any time prior to the filing of a Participation Condition Notice indicating that the Participation Condition has been met or waived.**

Please take notice that regardless of whether you participate in the Administrative Claims Procedures, the Debtors' rights of setoff, recoupment, and any and all potential Claims (as that term is defined in section 101(5) of the Bankruptcy Code) and causes of action of the Debtors, including under chapter 5 of the Bankruptcy Code or applicable law, are expressly preserved.

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE *DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE ADMINISTRATIVE CLAIMS PROCEDURES AND (II) GRANTING RELATED RELIEF* AND THE ORDER, INCLUDING THE ADMINISTRATIVE EXPENSE CLAIM PROCEDURES SET FORTH THEREIN, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**INSTRUCTIONS FOR COMPLETING THIS ELECTION FORM, AS WELL AS THE ELECTION AND CERTIFICATION ITEMS TO BE COMPLETED, ARE PROVIDED ON THE FOLLOWING PAGES.**

## INSTRUCTIONS FOR COMPLETING THIS ELECTION FORM

1.   Capitalized terms used in the Election Form or in these instructions (the "Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Motion.[2]

2.   **If you choose to make an Opt-In Election or Opt-Out Election**, you must complete the Election Form by taking the following steps:

   (a)   clearly indicate your decision to make an Opt-In Election or Opt-Out Election by checking the box labeled "**OPT-IN ELECTION**" or "**OPT-OUT ELECTION**" (as applicable) below;

   (b)   carefully read the "Certifications" set forth below and provide the requested identification information; and

   (c)   sign, date and submit your Election Form either electronically or in hard copy as described in the Election Form.

3.   **Return of Election Form**:  Your Election Form MUST be returned to the Claims Agent so as to be **actually received** by the Claims Agent on or before the Election Deadline, which is **5:00 p.m. (prevailing Eastern Time) on September 16, 2025**.

4.   If an Election Form is received by the Claims Agent after the Election Deadline, it will not be effective.  Additionally**,** the following Election Forms may NOT be counted:

   • ANY ELECTION FORM THAT IS ILLEGIBLE OR CONTAINS INSUFFICIENT INFORMATION TO PERMIT THE IDENTIFICATION OF THE HOLDER OF THE CLAIM;

   • ANY ELECTION FORM SENT TO THE DEBTORS, THE DEBTORS' AGENTS/REPRESENTATIVES (OTHER THAN THE CLAIMS AGENT), OR THE DEBTORS' FINANCIAL OR LEGAL ADVISORS;

   • ANY ELECTION FORM THAT DOES NOT INDICATE AN OPT-OUT ELECTION OR OPT-IN ELECTION;

   • ANY ELECTION FORM THAT INDICATES BOTH AN OPT-OUT ELECTION AND AN OPT-IN ELECTION;

   • ANY ELECTION FORM TRANSMITTED BY FACSIMILE OR E-MAIL;

   • ANY UNSIGNED ELECTION FORM; OR

   • ANY ELECTION FORM NOT COMPLETED IN ACCORDANCE WITH THE PROCEDURES APPROVED IN THE ADMINISTRATIVE CLAIMS PROCEDURES

---

[2]   The Motion and the Debtors' case docket is available free of charge at https://restructuring.ra.kroll.com/riteaid2025/ under "Docket."

ORDER.

5.  If multiple Election Forms are received from the same holder with respect to the same Administrative Claim prior to the Election Deadline, the last valid form timely received will supersede and revoke any earlier received forms.

6.  The Election Form is not a letter of transmittal and may not be used for any purpose other than to opt in to the Administrative Claims Procedures.

7.  The Election Form does <u>not</u> constitute, and shall not be deemed to be, (a) a proof of claim, (b) proof of interest, or (c) an assertion or admission of an Administrative Claim.

8.  <u>Please be sure to sign and date your Election Form in the section titled "Certifications" below</u>.  If you are signing an Election Form in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims Agent, the Debtors or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Administrative Claimant.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Election Form.

**<u>PLEASE SUBMIT YOUR ELECTION FORM PROMPTLY!</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS ELECTION FORM
OR THE INSTRUCTIONS OR PROCEDURES, PLEASE CONTACT
THE CLAIMS AGENT AT:
(888) 575-9318 (U.S./ CANADA, TOLL FREE) OR +1 (646) 930-4577 (INTERNATIONAL)
OR VIA E-MAIL TO: <u>RITEAID2025INFO@RA.KROLL.COM</u>  (WITH "IN RE NEW RITE AID,
LLC – ELECTION FORM INQUIRY" IN THE SUBJECT LINE).  PLEASE NOTE THAT THE
CLAIMS AGENT WILL NOT ACCEPT ELECTION FORMS SUBMITTED VIA E-MAIL.**

---

**IF THE CLAIMS AGENT DOES NOT <u>ACTUALLY RECEIVE</u> THE ELECTION FORM FROM YOU BEFORE THE OPT-IN DEADLINE, WHICH IS 5:00 P.M. PREVAILING EASTERN TIME ON SEPTEMBER 16, 2025, THEN YOUR ELECTION WILL NOT BE EFFECTIVE, AND YOU WILL BE DEEMED TO HAVE CONSENTED TO THE TREATMENT SET FORTH IN THE ADMINISTRATIVE CLAIMS PROCEDURES.**

---

**<u>PLEASE INDICATE YOUR OPT-IN OR OPT-OUT ELECTION ON THE FOLLOWING PAGE.</u>**

*[The remainder of this page is intentionally left blank.]*

**OPT-IN ELECTION.** YOU MAY ELECT TO OPT-IN TO THE ADMINISTRATIVE CLAIMS PROCEDURES BY CHECKING THE BOX BELOW:

<div style="border:1px solid black; padding:10px;">

☐     **By checking this box, you elect to <u>OPT-IN</u> to the Administrative Claims Procedures and receive up to the Maximum Settlement Payment Amount on account of your Administrative Claim in accordance with the Administrative Claims Procedures.**

</div>

**OPT-OUT ELECTION.** YOU MAY ELECT TO OPT-OUT OF THE ADMINISTRATIVE CLAIMS PROCEDURES BY CHECKING THE BOX BELOW:

<div style="border:1px solid black; padding:10px;">

☐     **By checking this box, you elect to <u>OPT-OUT</u> of the Administrative Claims Procedures.**

</div>

**PLEASE ENSURE THAT ONLY <u>ONE</u> OF THE ABOVE ELECTIONS IS MADE.**

**<u>Certifications.</u>**

By signing this Election Form, the undersigned ("<u>You</u>") certifies that:

(a) as of the Administrative Claims Record Date, either: (i) You were the holder of one or more Administrative Claims; (ii) You were an authorized signatory for an entity that was a holder of one or more Administrative Claims; or (iii) You were the beneficial holder (or authorized signatory for a beneficial holder) of one or more Administrative Claims;

(b) You (or in the case of an authorized signatory, the Administrative Claimant) have received a copy of and reviewed the Election Form and Your Election Form is completed pursuant to the terms and conditions set forth herein;

(c) You have submitted the Election Form with respect to all of your Administrative Claims against the Debtors; and

(d) You have not submitted any other Election Form with respect to the Administrative Claims against the Debtors listed in the Recorded Amount on your Election Form, or, if any other Election Forms have been submitted with respect to such Administrative Claims against the Debtors, then any such earlier forms are hereby revoked.

| | |
|---|---|
| Name of Administrative Claim Holder or Beneficial Holder: | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than the Administrative Claimant) |
| Title of Signatory: | _____ |
| Address: | _____ |
| | _____ |

| | |
|---|---|
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |
| | |

**PLEASE ENSURE THAT YOU HAVE REVIEWED THIS ELECTION FORM IN ITS ENTIRETY, AND (I) MADE AN OPT-IN ELECTION OR OPT-OUT ELECTION AND (II) PROPERLY COMPLETED THE CERTIFICATION ABOVE, THEN RETURN IT TO THE CLAIMS AGENT IN ACCORDANCE WITH THE INSTRUCTIONS ABOVE SO THAT IT IS RECEIVED ON OR BEFORE THE ELECTION DEADLINE.**

**<u>Exhibit 2</u>**

**Publication Notice – Administrative Claims Procedures**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br>                                        Debtors.[1] | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

NOTICE OF ELECTION DEADLINE
FOR THE SETTLEMENT OF ADMINISTRATIVE CLAIMS

**PLEASE TAKE NOTICE THAT** on August [●], 2025, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Administrative Claims Procedures Order"): (a) approving the terms of the Administrative Claims Procedures; (b) authorizing the above captioned debtors and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to carry out the terms of the Administrative Claims Procedures; (c) approving the noticing procedures in respect of the Administrative Claims Procedures; (d) approving the form and manner of the Election Form to be distributed to Administrative Claimants; (e) scheduling certain dates with respect thereto; and (f) approving procedures for soliciting, receiving, and tabulating votes on the Administrative Claims Procedures.

**PLEASE TAKE FURTHER NOTICE THAT** the Administrative Claims Procedures provides holders of Administrative Claims with an option to elect to certain treatment in respect of such claims. For the specific terms and conditions of the Administrative Claims Procedures, please refer to the terms of the program, which can be accessed as described below.

**PLEASE TAKE FURTHER NOTICE THAT** the Administrative Claims Procedures Order established **September 16, 2025 at 5:00 p.m. (prevailing Eastern Time)** (the "Election Deadline") as the deadline by which certain holders of Administrative Claims may elect to opt-in to or opt-out of the Administrative Claims Procedures.

**PLEASE TAKE FURTHER NOTICE THAT** on or about August 19, 2025, the Debtors caused the Administrative Claimant Materials to be distributed to known holders of Administrative Claims in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Administrative Claims Procedures Order, and the Administrative Claims Procedures.

**IF YOU BELIEVE YOU HAVE AN ADMINISTRATIVE CLAIM AGAINST ANY DEBTOR ENTITY, YOU MAY BE ENTITLED TO MAKE AN OPT-IN TO OR OUT-OF THE SETTLEMENT PROPOSED IN THE ADMINISTRATIVE CLAIMS PROCEDURES. TO PARTICIPATE IN THE OPTIONAL ELECTION:**

    **1.  Contact the Claims Agent at least three (3) business days before the Election Deadline by (a) emailing RiteAid2025Info@ra.kroll.com (with "In re New Rite Aid, LLC New Administrative**

---

[1]    The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

Claimant Election Inquiry" in the subject line) or (b) through the Online Portal set forth at
https://restructuring.ra.kroll.com/RiteAid2025.  You should also contact your attorney if you have
one.

2.   **Request from the Claims Agent the Administrative Claimant Materials.  To the extent you
submitted your request on or after seven (7) business days before the Election Deadline, the Claims
Agent will provide you with the Administrative Claimant Materials by overnight mail or via email.**

3.   **Carefully review the Administrative Claimant Materials.  You may wish to consult a lawyer on
how your rights, if any, may be affected by the Administrative Claims Procedures.**

4.   **At your option, you may make an Opt-In Election or an Opt-Out Election by completing, signing,
and returning your Election Form according to the instructions provided therein.  The failure to
follow the instructions on the Election Form may result in your election being disqualified.**

5.   **Submit the completed and signed election form to the Claims Agent so that it is actually received
by the Election Deadline (September 16, 2025 at 5:00 p.m. (prevailing Eastern Time)).  Election
Forms received after the Election Deadline will not be effective.**

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Administrative
Claims Procedures Order or any related documents, you should contact the Claims Agent retained by the Debtors in
these chapter 11 cases, Kroll Restructuring Administration LLC by:  (a) calling the Claims Agent at (888) 575-9318
(U.S./ Canada, toll free) or +1 (646) 930-4577 (international); (b) visiting the Debtors' restructuring website at:
https://restructuring.ra.kroll.com/RiteAid2025; (c) writing to the Claims Agent at New Rite Aid, LLC's Election Form
Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232;
or (d)  emailing RiteAid2025Info@ra.kroll.com (with "In re New Rite Aid, LLC Election Inquiry" in the subject line).
You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Bankruptcy
Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about the status of any of your
Administrative Claims (if any), you should contact the Claims Agent in accordance with the instructions provided
above.

Dated:  August 14, 2025

/s/ Draft
_____

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher J. Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Co-Counsel for Debtors and
Debtors in Possession*