| | |
|---|---|
| **WILLKIE FARR & GALLAGHER LLP** | **SILLS CUMMIS & GROSS P.C.** |
| Brett H. Miller, Esq. (admitted *pro hac vice*) | Andrew H. Sherman, Esq. |
| Todd M. Goren, Esq. (admitted *pro hac vice*) | Boris Mankovetskiy, Esq. |
| James H. Burbage, Esq. (admitted *pro hac vice*) | Gregory Kopacz, Esq. |
| Jessica D. Graber, Esq. (admitted *pro hac vice*) | One Riverfront Plaza |
| 787 Seventh Avenue | Newark, New Jersey 07102 |
| New York, NY 10019-6099 | Telephone: (973) 643-7000 |
| Telephone: (212) 728-8000 | E-mail: asherman@sillscummis.com |
| E-mail: bmiller@willkie.com | bmankovetskiy@sillscummis.com |
| tgoren@willkie.com | gkopacz@sillscummis.com |
| jburbage@willkie.com | |
| jgraber@willkie.com | |
| *Co-Counsel to the Official Committee of Unsecured Creditors* | *Co-Counsel to the Official Committee of Unsecured Creditors* |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No. 25-14861 (MBK) |
| Debtors.[1] | |
| | (Jointly Administered) |

**SECOND SUPPLEMENTAL DECLARATION OF ANDREW H. SHERMAN IN SUPPORT OF APPLICATION TO RETAIN AND EMPLOY SILLS CUMMIS & GROSS P.C. AS CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NEW RITE AID, LLC, *ET AL.*, *NUNC PRO TUNC* TO MAY 16, 2025**

Andrew H. Sherman makes this declaration (the "Second Supplemental Declaration") pursuant to 28 U.S.C. § 1746:

1. I am an attorney at law and a Member of the law firm Sills Cummis & Gross P.C. ("Sills"), co-counsel for the Official Committee of Unsecured Creditors (the "Committee").

---

[1] The last four digits of Debtor New Rite Aid LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

2. On July 3, 2025, the Committee filed the *Application to Retain and Employ Sills Cummis & Gross P.C. as Co-Counsel for the Official Committee of Unsecured Creditors of New Rite Aid, LLC, et al., Nunc Pro Tunc to May 16, 2025* [Docket No. 1314] (the "Application").[2] In support of the Application, I filed the *Declaration of Andrew H. Sherman in Support of Application to Retain and Employ Sills Cummis & Gross P.C. as Co-Counsel for the Official Committee of Unsecured Creditors of New Rite Aid, LLC, et al., Nunc Pro Tunc to May 16, 2025* [Docket No. 1314, Exhibit B] (the "Initial Declaration") and the *First Supplemental Declaration of Andrew H. Sherman in Support of Application to Retain and Employ Sills Cummis & Gross P.C. as Co-Counsel for the Official Committee of Unsecured Creditors of New Rite Aid, LLC, et al., Nunc Pro Tunc to May 16, 2025* [Docket No. 1436] (the "First Supplemental Declaration"). On July 15, 2025, the Court entered the *Order Authorizing the Employment and Retention of Sills Cummis & Gross P.C. as Co-Counsel for the Official Committee of Unsecured Creditors of New Rite Aid, LLC, et al., Nunc Pro Tunc to May 16, 2025* [Docket No. 1458] (the "Retention Order").

3. In connection with the Application and the Retention Order, I submit this Second Supplemental Declaration to supplement the disclosures in the Initial Declaration and the First Supplemental Declaration, based on Sills' receipt of an updated parties-in-interest list (the "Additional Conflicts Check Parties"). To the extent any of the Additional Conflicts Check Parties were previously disclosed in the Initial Declaration or the First Supplemental Declaration, such parties are not disclosed again in this Second Supplemental Declaration.

4. Unless otherwise stated, I have personal knowledge of the facts set forth herein. To the extent any information disclosed herein requires amendment or modification upon completion of further review by Sills or as additional information becomes available, a

---

[2] Capitalized terms not otherwise defined shall have the meanings ascribed to such terms in the Application.

supplemental affidavit will be submitted to the Court reflecting such amended or modified information.

## SUPPLEMENTAL DISCLOSURES

5. Sills' analysis of the Additional Conflict Check Parties revealed the following connections to the Additional Conflict Check Parties:

    (a) The following Additional Conflicts Check Parties and/or certain of their affiliates are current Sills' clients in a matter or matters unrelated to these chapter 11 cases:

        (1) Rutgers, The State University of New Jersey
        (2) The Joseph P Addabbo Family Health Center, Inc.
        (3) Visiting Nurse Association Of Central Jersey Community Health
        (4) Greenbaum, Rowe, Smith & Davis LLP
        (5) Loeb & Loeb LLP
        (6) Pashman Stein Walder Hayden, P.C.
        (7) Brixmor Property Group
        (8) Edens
        (9) Levin Management Corporation
        (10) Novo Nordisk Inc.

    (b) In addition, the following Additional Conflicts Check Parties and/or certain of their affiliates were Sills' clients in a matter or matters unrelated to these chapter 11 cases within the last three (3) years, but are not currently clients of the firm in any matter:

        (1) Brookdale Hospital Medical Center

3

(c) The following Additional Conflicts Check Parties and/or certain of their affiliates and/or divisions are adverse, potentially adverse, or parties in interest in matters involving current Sills' clients in a matter or matters unrelated to these chapter 11 cases:

(1) Adventist Health Bakersfield
(2) Adventist Health Clearlake Hospital, Inc.
(3) Adventist Health Lodi Memorial
(4) Adventist Health Medical Center Tehachapi
(5) Adventist Health Mendocino Coast
(6) Adventist Health Ukiah Valley
(7) Adventist Health California
(8) Community Health Systems, Inc.
(9) Camarena Health
(10) Community Medical Centers, Inc.
(11) John C. Fremont Healthcare District
(12) Bazaarvoice Inc.
(13) Knowbe4
(14) Pharmacy Automation Supplies
(15) Monadnock Community Hospital
(16) Q4 Inc.
(17) Reading Hospital
(18) Speare Memorial Hospital
(19) Yakima Valley Memorial Hospital
(20) Altshuler Berzon LLP
(21) Chipman Brown Cicero & Cole LLP
(22) Bryan Cave Leighton Paisner LLP
(23) Chiesa Shahinian & Giantomasi PC
(24) Clark Hill Plc

4

(25) Davis Wright Tremaine LLP

(26) Duane Morris LLP

(27) Gibbons P.C.

(28) Greenberg Traurig, LLP

(29) Klehr, Harrison, Harvey, Branzburg LLP

(30) Mccarter & English, LLP

(31) Mcelroy, Deutsch, Mulvaney & Carpenter, LLP

(32) Mintz, Levin, Cohn, Ferris, Glovsky And Popeo, P.C.

(33) Obermayer Rebmann Maxwell & Hippel LLP

(34) Office Of US Attorney, District Of New Jersey

(35) Porzio, Bromberg & Newman, P.C.

(36) Reed Smith LLP

(37) Schenck, Price, Smith & King, LLP

(38) Seyfarth Shaw LLP

(39) Trif & Modugno LLC

(40) Wollmuth Maher & Deutsch LLP

(41) Burlington Coat Factory Of Texas, Inc.

(42) Burlington Coat Factory Warehouse Corporation

(43) CVS Pharmacy, Inc.

(44) Easy Mile Us, LLC d/b/a Planet Fitness

(45) Ross Dress For Less Inc.

(46) Walgreen's Corporation

(47) Konica Minolta Premier Finance

(48) American Home Assurance Company

(49) Great American Assurance Company

(50) Kimco Realty Corporation

(51) Lexington Insurance Company

    (52) National Union Fire Insurance Company Of Pittsburgh, Pennsylvania

    (53) The Brooklyn Union Gas Company

    (54) The Jackson Investment Company, LLC

 (d) In addition, the following Additional Conflicts Check Parties and/or certain of their affiliates were previously adverse to Sills in a matter or matters unrelated to these chapter 11 cases:

    (1) Jamaica Hospital Medical Center

 (e) The following Additional Conflicts Check Parties and/or certain of their affiliates are co-defendants (or otherwise co-parties) with current Sills' clients in a matter or matters unrelated to these chapter 11 cases:

    (1) Jefferson Health – Northeast

    (2) Stark & Stark, P.C.

 (f) In addition, the following Additional Conflicts Check Parties and/or certain of their affiliates are currently and/or were members of one or more official committees of unsecured creditors in matters unrelated to these chapter 11 cases where Sills currently represents or previously represented the committee(s):

    (1) Public Service Company Of New Hampshire

6. In addition, Pachulski Stang Ziehl & Jones LLP, a party-in-interest in these chapter 11 cases, has represented and represents other official committees of unsecured creditors with Sills as co-counsel in matters unrelated to these chapter 11 cases and has represented debtors in chapter 11 cases where Sills represented the official committee of unsecured creditors in matters unrelated to these chapter 11 cases.

7. In addition, Bernstein-Burkley, P.C., a party-in-interest in these chapter 11 cases, currently represents an official committee of unsecured creditors with Sills as co-counsel in a matter unrelated to these chapter 11 cases.

8. In addition, Saul Ewing LLP, a party-in-interest in these chapter 11 cases, is counsel to the debtors in matters unrelated to these chapter 11 cases where Sills serves as counsel to the official committee of unsecured creditors.

9. To the best of my knowledge and information, all of the work performed for the Additional Conflicts Check Parties is for matters unrelated to these chapter 11 cases and the annual fees paid to Sills by each of the Additional Conflicts Check Parties did not exceed 2% of Sills' annual gross revenue for each of the past three years.

10. Sills does not believe the foregoing disclosure presents any conflict of interest or affects its status as a disinterested person, but discloses the connection in an abundance of caution.

11. I understand that there is a continuing duty to disclose any adverse interest or change in disinterestedness. Sills will from time to time review its disclosures in these chapter 11 cases, and in the event that additional material connections are discovered, will disclose such information to the Court on notice to parties-in-interest and the United States Trustee.

I certify that, to the best of my knowledge after reasonable inquiry, the foregoing is true and correct.

Dated: August 14, 2025            /s/ *Andrew H. Sherman*
Newark, New Jersey            Andrew H. Sherman