**Order Filed on August 15, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al*., | Case No. 25-14861 (MBK) |
| Debtors.[1] | (Jointly Administered) |

### ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO ABDUSALAM ALI

The relief set forth on the following pages, numbered three (3) through seven (7), is

**ORDERED**.

**DATED: August 15, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel to the Debtors and
Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO ABDUSALAM ALI |

Upon the *Final Order (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief* [Docket No. 804] (the "Final Order")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having jurisdiction over this matter and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.) and June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the matter in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having properly filed and served a *Notice of Bid Deadline, Potential Auction and Potential Sale Hearing for Certain Lease Assets* [Docket No. 1320], a *Notice of Successful and Backup Bidders With Respect to the Auction of Certain of the Debtors' Leases* [Docket No. 1524] (the "Notice of Successful Bidder") and the *Notice of Assumption and Assignment of Certain of the Debtors' Leases* [Docket No. 1525] (the "Assumption and Assignment Notice" and, together with the Notice of Successful Bidder, the "Bid Notice Documents") on the Objection Notice Parties, the Successful Bidder(s), the Backup Bidder(s), and the applicable Lease Counterparties, in accordance with the terms of the Final Order; and it appearing that no other notice need be provided; and this Court having determined that the Debtors having complied with the Final Order and the Auction Procedures (as defined therein), and that the Debtors' entry into the Assumption and Assignment Agreement, in the form attached hereto

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Final Order or the *Debtors' Motion for Entry of Interim and Final Orders (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief* [Docket No. 22].

(Page | 4)
Debtors:                    NEW RITE AID, LLC, *et al.*
Case No.                    25-14861 (MBK)
Caption of Order:      ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF
                                 UNEXPIRED LEASE TO ABDUSALAM ALI

---

as **Exhibit 1** (the "Assignment Agreement"), is in the best interest of the Debtors and their estates

and provides for the highest or best offer for the Lease (as defined in the Assignment Agreement);

and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED**

**THAT**:

1.       The applicable Debtor and Assignee (as defined in the Assignment Agreement) are

authorized to enter into and perform under the Assignment Agreement, and to implement the

Assignment Agreement and the transactions contemplated thereunder and hereunder.  The

Assignment Agreement and all of the terms and conditions thereof is hereby approved in all

respects.

2.       Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, the applicable

Debtor is hereby authorized to assume, sell and assign to Assignee the Lease, pursuant to the terms

and provisions of this Order and the Assignment Agreement, all of the terms of which are hereby

approved.  Assignee shall be deemed to be substituted for the applicable Debtor as a party to the

Lease and the Debtors shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from

any further liability under the Lease from and after the Assumption Date.

3.       Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of

the Lease shall: (a) be free and clear of (i) all interests including, but not limited to, any liens,

claims, rights, interests, charges, or encumbrances, except with respect to any interests related to

reciprocal easement agreements or that may be assumed liabilities under the Assignment

Agreement (collectively, the "Interests") and any Interests shall attach to the proceeds in the same

order and priority, as applicable, and subject to all existing defenses, claims, setoffs, and rights

(Page | 5)
Debtors:           NEW RITE AID, LLC, *et al.*
Case No.           25-14861 (MBK)
Caption of Order:  ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF
                   UNEXPIRED LEASE TO ABDUSALAM ALI

and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code),

obligations, demands, guarantees of or by the Debtors, debts, rights, contractual commitments,

restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent

to the commencement of these chapter 11 cases, and whether imposed by agreement,

understanding, law, equity, or otherwise (including, without limitation, claims and encumbrances

(A) that purport to give to any party a right or option to effect any forfeiture, modification, or

termination of the interest of any Debtor or Assignee, as the case may be, in the Lease (but only in

connection with the assignment by the Debtor to the Assignee), *provided* that any such assignment

shall not be free and clear of any accrued but unbilled or not due rent and charges under the Lease,

including adjustments, reconciliations, and indemnity obligations, liability for which shall be

assumed or assumed and assigned by the Debtors or the Assignee, as agreed by and among the

Debtors and the Assignee or (B) in respect of any taxes, and (b) constitute a legal, valid, and

effective transfer of the Lease and vest the Assignee with all rights, titles, and interests to the

Lease.  For the avoidance of doubt, all provisions of the Lease, including any provision limiting

assignment, shall be binding on the Assignee.

4.      Subject to the other provisions of this Order, the Debtors are hereby authorized in

accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to Assignee

the Lease with Assignee being responsible only for the post-assignment liabilities or defaults under

the Lease except as otherwise provided for in this Order and (b) execute and deliver to Assignee

such assignment documents as may be reasonably necessary to sell, assign, and transfer the Lease.

5.      The Assignee shall have no liability or obligation with respect to defaults relating

(Page | 6)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al*. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO ABDUSALAM ALI |

to the Lease arising, accruing, or relating to a period prior to the Assumption Date except as otherwise agreed to between the Assignee and the Debtors.

6.      Upon payment of the applicable Cure Cost, the Lease Counterparty is hereby barred and permanently enjoined from asserting against the Debtors and Assignee any default, claim, or liability existing, accrued, arising, or relating to the Lease for the period prior to the entry of this Order.  The Cure Cost is hereby fixed at the amounts set forth in the Assumption and Assignment Notice, except as forth in this Order, on the record of the Hearing (if any), as otherwise agreed between the Lease Counterparty and the Debtors, or as determined by Court order, as the case may be; *provided, however*, that the Lease Counterparty shall not be barred from seeking additional amounts on account of any defaults occurring between the deadline to object to Cure Cost set forth in the Assumption and Assignment Notice and the Assumption Date.

7.      The Debtors are authorized to execute and deliver all instruments and documents and take all additional actions necessary to effectuate the relief granted in this Order and the assumption without further order from this Court.

8.      For the avoidance of doubt, the assumption or assumption and assignment of the Lease shall not be free and clear of, and instead shall be subject to: (a) amounts that are unbilled or not yet due as of the Assumption Date, regardless of when such amounts accrued, such as common area maintenance, insurance, taxes, and similar charges; (b) any regular or periodic adjustment or reconciliation of charges that are not due or have not been determined as of the Assumption Date; (c) any percentage rent that may come due; (d) indemnification obligations; (e) any unpaid cure amount, calculated in accordance with the terms of any applicable amendment or other agreement of the

(Page | 7)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO ABDUSALAM ALI |

Parties; and (f) agreements that run with the land such as REAs and COREAs.

9.      Notwithstanding anything to the contrary in this Order or the Auction Procedures, any Assumption and Assignment Notice, Assumption and Assignment Agreement or Purchase Agreement, side letter(s), or any document or agreement related to any of the forgoing, none of the Debtors' insurance policies (and/or any agreements related thereto between any of the Debtors, on the one hand, and the applicable insurer(s) and/or third-party administrators, on the other hand), including, without limitation, any collateral or security provided by or on behalf of any of the Debtors, and any rights, proceeds, benefits, claims, rights to payments and/or recoveries thereunder and/or any claims handling service agreements, shall be abandoned, sold, assigned, or otherwise transferred without the express prior written consent of the applicable insurer and/or third-party administrator.

10.      The 14-day stay required of any assignment of any contract or lease pursuant to Bankruptcy Rule 6006(d) is hereby waived.

11.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## EXHIBIT 1

## ASSUMPTION AND ASSIGNMENT AGREEMENT

## ASSUMPTION AND ASSIGNMENT AGREEMENT

This ASSIGNMENT AND ASSUMPTION AGREEMENT (the "Agreement"), dated as of _June 22, 2025, is by and between THRIFTY PAYLESS, INC. ("Assignor") and ABDUSALAM ALI ("Assignee").

## RECITALS

WHEREAS, Assignor, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"); and

WHEREAS, Assignor has agreed to assign and Assignee has agreed to assume the real property lease for 3225 Panama Lane, Bakersfield, CA (the "Premises"), dated March 30, 1998 (referred to as the "Lease") pursuant to the terms and conditions of the Auction Procedures approved by the Bankruptcy Court in the chapter 11 cases of *In re New Rite Aid, LLC, et al.*, Case No. 25-14861 (MBK) (the "Bankruptcy Court Approval").

NOW, THEREFORE, in consideration of the premises and the mutual agreements herein contained, the parties ("Parties") hereto agree as follows:

## AGREEMENT

1.    Assignment and Assumption.  Effective upon the receipt of Bankruptcy Court Approval and payment of the Purchase Price as set forth below:

(a)    Assignor hereby sells, transfers, conveys, assigns and sets over to Assignee, its successors and assigns, all of Assignor's right, title, and interest in and to the Lease(s).

(b)    Assignee hereby assumes and undertakes to pay, perform, and discharge all of Assignor's obligations and duties with respect to the Lease(s).

2.    Payment of Purchase Price.  Within one business day after issuance of the Bankruptcy Court Order, Assignee shall deliver the purchase price for the Lease(s) in the amount of $118,723.41 (the "Purchase Price") in immediately available funds wired to the account specified by Assignor.  Together with the Purchase Price, Assignee shall also pay to Assignor its proportionate share of the monthly rent for the month of Closing.  The Parties acknowledge that if the assignment and assumption of the Lease(s) (the "Closing") does not occur before August 31, 2025, the Lease(s) may thereafter be rejected in the Bankruptcy Court proceeding referenced above.

3.    Assumption of Liabilities.    In addition to assuming all remaining obligations that exist with respect to the Lease(s), including, but not limited to, accrued but unbilled adjustments for CAM, real estate taxes, and insurance, Assignee shall assume and cure all outstanding liabilities with respect to the Lease(s).

4.    No Further Liability of Assignor.  From and after Closing, Assignor shall have no further obligations and duties with respect to the Lease(s).

5.    Further Assurances.  At any time and from time to time after the date hereof, at the request of Assignee, and without further consideration, Assignor shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation or consents and take such other action as Assignee may reasonably request as necessary or desirable in order to more effectively transfer, convey, and assign to Assignee Assignor's rights to the Lease(s).

6.    "As Is Where Is" Transaction.  Assignee hereby acknowledges and agrees that Assignor makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Lease(s).  Without limiting the foregoing, Assignor hereby disclaims any warranty (express or implied) of merchantability or fitness for any premises subject to the Lease(s).  Assignee further acknowledges that the Assignee has conducted an independent inspection and investigation of the physical condition of premises subject to the Lease(s) and all such other matters relating to or affecting the Lease(s) as Assignee deemed necessary or appropriate and that in proceeding with its acquisition of the Lease(s), Assignee is doing so based upon such independent inspections and investigations.  Accordingly, Assignee will accept the Lease(s) "AS IS" and "WHERE IS."

7.    Compliance With Law.  Assignee hereby agrees to comply with all applicable laws.  Assignee agrees to indemnify and hold Assignor harmless for any violation or alleged violation of this section.

8.    Governing Law.  This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflicts of law.

9.    Jurisdiction.  The Parties consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of New Jersey with respect to all matters arising under or relating to this Agreement.  The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law.  The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

10.    No Reliance.  Each Party represents and warrants that in entering into this Agreement it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter.  In entering into this Agreement, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

11.    Construction.  This Agreement has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Agreement so as to give rise to any presumption of convention regarding construction of this document.  All terms of this Agreement were negotiated in good faith and at arm's-length, and this Agreement was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by

2

Docusign Envelope ID: 6DDF57DD-175F-4269-B1AC-B6B9593C8BFD

any of the Parties upon the other.  The execution and delivery of this Agreement is the free and voluntary act of the Parties.

        12.    <u>Execution in Counterparts</u>.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  All signatures of the Parties to this Agreement may be transmitted by facsimile or by electronic mail, and such transmission will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces, and will be binding upon such Party.

        IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

*[Signatures appear on following page]*

**ASSIGNOR:**

THRIFTY PAYLESS, INC.

By: _____ *Susan C. Lowell* _____

Name: _____

Its: _____

**ASSIGNEE:**

Name: ABDUSALAM ALI