**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Order Filed on August 15, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

NEW RITE AID, LLC, *et al.*,

Debtors.[1]

Chapter 11

Case No. 25-14861 (MBK)

(Jointly Administered)

## ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO VALUE DRUG STORES, INC.

The relief set forth on the following pages, numbered three (3) through seven (7), is

**ORDERED**.

**DATED: August 15, 2025**

*Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel to the Debtors and
Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO VALUE DRUG STORES, INC. |

Upon the *Final Order (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief* [Docket No. 804] (the "<u>Final Order</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"); and the Court having jurisdiction over this matter and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.) and June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the matter in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having properly filed and served a *Notice of Bid Deadline, Potential Auction and Potential Sale Hearing for Certain Lease Assets* [Docket No. 1320], a *Notice of Successful and Backup Bidders With Respect to the Auction of Certain of the Debtors' Leases* [Docket No. 1524] (the "<u>Notice of Successful Bidder</u>") and the *Notice of Assumption and Assignment of Certain of the Debtors' Leases* [Docket No. 1525] (the "<u>Assumption and Assignment Notice</u>" and, together with the Notice of Successful Bidder, the "<u>Bid Notice Documents</u>") on the Objection Notice Parties, the Successful Bidder(s), the Backup Bidder(s), and the applicable Lease Counterparties, in accordance with the terms of the Final Order; and it appearing that no other notice need be provided; and this Court having determined that the Debtors having complied with the Final Order and the Auction Procedures (as defined therein), and that the Debtors' entry into the Assumption and Assignment Agreement with Value Drug Stores, Inc.

---

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Final Order, the *Debtors' Motion for Entry of Interim and Final Orders (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief* [Docket No. 22], or the Assignment Agreement (as defined below), as applicable.

(Page | 4)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO VALUE DRUG STORES, INC. |

(the "<u>Assignee</u>"), in the form attached hereto as **<u>Exhibit 1</u>** (the "<u>Assignment Agreement</u>"), is in the best interest of the Debtors and their estates and provides for the highest or best offer for the Lease attached to the Assignment Agreement as **<u>Schedule A</u>**; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1.      The applicable Debtor and Assignee are authorized to enter into and perform under the Assignment Agreement, and to implement the Assignment Agreement and the transactions contemplated thereunder and hereunder.  The Assignment Agreement and all of the terms and conditions thereof is hereby approved in all respects.

2.      Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, the applicable Debtor is hereby authorized to assume, sell and assign to Assignee the Lease, pursuant to the terms and provisions of this Order and the Assignment Agreement, all of the terms of which are hereby approved.  Assignee shall be deemed to be substituted for the applicable Debtor as a party to the Lease and the Debtors shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under the Lease from and after the Assumption Date.

3.      Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of the Lease shall: (a) be free and clear of (i) all interests including, but not limited to, any liens, claims, rights, interests, charges, or encumbrances, except with respect to any interests related to reciprocal easement agreements or that may be assumed liabilities under the Assignment Agreement (collectively, the "<u>Interests</u>") and any Interests shall attach to the proceeds in the same order and priority, as applicable, and subject to all existing defenses, claims, setoffs, and rights and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code),

(Page | 5)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO VALUE DRUG STORES, INC. |

obligations, demands, guarantees of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise, including, without limitation, claims and encumbrances that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Lease, *provided* that any such assignment shall not be free and clear of (A) any rent or accrued but unbilled or not due rent and charges under the Lease, including all pre-petition and post-petition obligations, adjustments, taxes, reconciliations and other amounts due, owed or accrued under the Lease on or prior to the Assumption Date (collectively, the "Cure Costs"), which Cure Costs shall be the sole responsibility of the Debtors, as set forth in the Assignment Agreement, and (B) agreements that run with the land such as REAs and COREAs, and (b) constitute a legal, valid, and effective transfer of the Lease and vest the Assignee with all rights, titles, and interests to the Lease.  For the avoidance of doubt, all provisions of the Lease, including any provision limiting further assignment, if any, shall be binding on the Assignee and Landlord (as defined below).

4.      Subject to the other provisions of this Order, the Debtors are hereby authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to Assignee the Lease with Assignee being responsible only for post-Assumption Date liabilities or defaults under the Lease, if any, and (b) execute and deliver to Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer the Lease, including the Assignment Agreement.

(Page | 6)

| Debtors: | NEW RITE AID, LLC, *et al*. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO VALUE DRUG STORES, INC. |

5.      The Assignee shall have no liability or obligation with respect to any defaults, claims, or liabilities relating to the Lease owed, arising, accruing, or relating to any period prior to the Assumption Date.

6.      The Assignee shall assume all obligations of the applicable Debtor under the Lease first accruing from and after the Assumption Date. For the avoidance of doubt, other than the Purchase Price, Assignee shall have no liability for any of the Cure Costs or any other liabilities or debts accrued, arising or owed under the Lease prior to the Assumption Date.

7.      Upon payment of the Cure Costs, Lighthouse Commons, LLC (the "Landlord") is hereby barred and permanently enjoined from asserting against the Debtors and Assignee any default, claim, or liability existing, accrued, arising, or relating to the Lease for the period prior to the entry of this Order; *provided*, *however*, notwithstanding anything to the contrary in this Order, the Landlord does not release, and is not releasing, the Debtors from any claims for indemnification under the Lease arising from any third party claims that may be asserted against the Landlord for occurrences that took place prior to the Assumption Date, subject in all respects to the Bankruptcy Code and applicable law.  The Cure Costs shall be paid from the Purchase Price as set forth in the Assignment Agreement.

8.      The Debtors and the Assignee are authorized to execute and deliver all instruments and documents and take all additional actions necessary to effectuate the relief granted in this Order and the assumption without further order from this Court.

9.      Notwithstanding anything to the contrary in this Order or the Auction Procedures, the Assumption and Assignment Notice, the Assignment Agreement, any side letter(s), or any

(Page | 7)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al*. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO VALUE DRUG STORES, INC. |

document or agreement related to any of the forgoing, none of the Debtors' insurance policies (and/or any agreements related thereto between any of the Debtors, on the one hand, and the applicable insurer(s) and/or third-party administrators, on the other hand), including, without limitation, any collateral or security provided by or on behalf of any of the Debtors, and any rights, proceeds, benefits, claims, rights to payments and/or recoveries thereunder and/or any claims handling service agreements, shall be abandoned, sold, assigned, or otherwise transferred without the express prior written consent of the applicable insurer and/or third-party administrator.

10.     Nothing in this Order or the Assignment Agreement shall be construed to impose any successor liability upon the Assignee with respect to any obligations of the Debtors other than those expressly assumed by the Assignee.

11.     The 14-day stay required of any assignment of any contract or lease pursuant to Bankruptcy Rule 6006(d) is hereby waived.

12.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>EXHIBIT 1</u>**

**<u>ASSUMPTION AND ASSIGNMENT AGREEMENT</u>**

## ASSUMPTION AND ASSIGNMENT AGREEMENT

This ASSIGNMENT AND ASSUMPTION AGREEMENT (the "Agreement"), dated as of August       , 2025, is by and between GENOVESE DRUG STORES, INC. ("Assignor") and VALUE DRUG STORES, INC. ("Assignee").

## RECITALS

WHEREAS, Assignor, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"); and

WHEREAS, Assignor has agreed to assign and Assignee has agreed to assume the real property Lease dated July 15, 2008 (referred to, as amended, as the "Lease"), listed on the attached Schedule A, with respect to the premises at 391 West Main Street, Huntington, New York (the "Premises") pursuant to the terms and conditions of that certain Interim Order (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief, entered by the Bankruptcy Court on May 9, 2025 (Doc. 183) (the "Interim Order"), that certain Final Order (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief (Doc. 804) (the "Final Order"), and that certain Order Approving the Assumption and Assignment of Unexpired Leases to Value Drug Stores, Inc. entered by the Bankruptcy Court on _____, 2025 (Doc.__) authorizing the assumption and assignment of the Lease to Assignee free and clear of liens and claims as permitted under, *inter alia*, Sections 105(a), 363(f) and 365 of the Bankruptcy Code, in form and substance acceptable to Assignee (the "Assumption/Assignment Order," and together, with the Interim Order and Final Order, the "Bankruptcy Court Approval").

NOW, THEREFORE, in consideration of the premises and the mutual agreements herein contained, the parties ("Parties") hereto agree as follows:

## AGREEMENT

1.    Assignment and Assumption. Effective upon the receipt of Bankruptcy Court Approval and payment of the Cure Costs (as defined below) from proceeds of the Purchase Price (as defined below) as described in paragraph 2 below, on the Assumption Date (as defined herein):

(a)    Assignor hereby sells, transfers, conveys, assigns and sets over to Assignee, its successors and assigns, all of Assignor's right, title, and interest in and to the Lease, as provided herein; and

(b)    Assignee hereby assumes and undertakes to pay, perform, and discharge all of Assignor's obligations and duties with respect to the Lease, as provided herein.

2.    Purchase Price and Cure Costs. On the Assumption Date (as defined below) Assignee shall deliver to Assignor the sum of $214,076.80 (the "Purchase Price"), which amount shall constitute the full consideration for the assumption and assignment of the Lease as provided

1

for herein, including for all pre-petition and post-petition obligations, adjustments, taxes, reconciliations and other amounts due, owed or accrued under the Lease on or prior to the Assumption Date (as defined below) (such obligations, the "Cure Costs"), as required by the Assumption/Assignment Order.

3.    Assumption of Liabilities. Assignee shall assume all obligations of Assignor under the Lease first accruing from and after the Assumption Date. For the avoidance of doubt, other than the Purchase Price, Assignee shall have no liability or responsibility for any of the Cure Costs or any other liabilities, obligations or debts accrued or owed under the Lease prior to the Assumption Date.

4.    No Further Liability of Assignor. From and after the Assumption Date, Assignor shall have no further obligations and duties with respect to the Lease, except as specifically provided for herein.

5.    Assumption Date. The closing of the transaction contemplated herein shall occur within five (5) days of entry of the Assumption/Assignment Order, but in no event earlier than September 1, 2025 (the "Assumption Date"), assuming such Assumption/Assignment Order is entered prior to September 1, 2025. Any personal property remaining at the Premises on the Assumption Date shall be deemed abandoned and the sole personal property of Assignee, free and clear of any liens, claims or encumbrances.

6.    Further Assurances. At any time and from time to time after the date hereof, at the request of either party hereto, and without further consideration, Assignor and Assignee shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation or consents and take such other action as Assignee or Assignor may reasonably request as necessary or desirable in order to more effectively transfer, convey, and assign to Assignee Assignor's rights to the Lease.

7.    "As Is Where Is" Transaction. Assignee hereby acknowledges and agrees that Assignor makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Lease. Without limiting the foregoing, Assignor hereby disclaims any warranty (express or implied) of merchantability or fitness for any premises subject to the Lease. Subject to Assignee's inspection of the Premises, Assignee further acknowledges that the Assignee has conducted an independent inspection and investigation of the physical condition of premises subject to the Lease and all such other matters relating to or affecting the Lease as Assignee deemed necessary or appropriate and that in proceeding with its acquisition of the Lease, Assignee is doing so based upon such independent inspections and investigations. Accordingly, Assignee will accept the Lease "AS IS" and "WHERE IS."

8.    Compliance With Law. Assignee hereby agrees to comply with all applicable laws.

9.    Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflicts of law.

10.    Jurisdiction. The Parties consent to the exclusive jurisdiction of the Bankruptcy Court with respect to all matters arising under or relating to this Agreement. The Parties hereby

Docusign Envelope ID: 3D4128A4-9553-4EAF-8EA4-C2B45E378428

irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

11.    <u>No Reliance</u>. Each Party represents and warrants that in entering into this Agreement it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter. In entering into this Agreement, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

12.    <u>Construction</u>. This Agreement has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Agreement so as to give rise to any presumption of convention regarding construction of this document. All terms of this Agreement were negotiated in good faith and at arm's-length, and this Agreement was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other. The execution and delivery of this Agreement is the free and voluntary act of the Parties.

13.    <u>Execution in Counterparts</u>. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. All signatures of the Parties to this Agreement may be transmitted by facsimile or by electronic mail, and such transmission will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces and will be binding upon such Party.

*[Signatures appear on following page]*

3

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

ASSIGNOR:
**GENOVESE DRUG STORES, INC.**

By: _Susan C. Lowell_
Name: _____
Its: _____

ASSIGNEE:
**VALUE DRUG STORES, INC.**

By: _(signature)_
Name: _Peter Pastorelli_
Its: _President_

4