**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No. 25-14861 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**SUPPLEMENTAL NOTICE OF SUCCESSFUL AND BACKUP BIDDERS WITH RESPECT TO THE AUCTION OF CERTAIN OF THE DEBTORS' LEASES**

      **PLEASE TAKE NOTICE** that on June 11, 2025, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered the *Final Order (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief*, [Docket No. 804] (the "Order") by which the Court approved procedures setting forth the process by which the Debtors are authorized to conduct an auction (the "Auction") for the sale of certain unexpired leases of nonresidential real property (each, a "Lease"), in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors").

      **PLEASE TAKE FURTHER NOTICE** that, on July 21, 2025, pursuant to the Order, the Debtors conducted the Auction with respect to certain of the Leases.

      **PLEASE TAKE FURTHER NOTICE** that, at the conclusion of the Auction, the Debtors, in consultation with their professionals, filed the *Notice of Successful and Backup Bidders with Respect to the Auction of Certain of the Debtors' Leases* [Docket No. 1524] (the "Successful Bidder Notice").[2]

      **PLEASE TAKE FURTHER NOTICE** that following the Auction, the Debtors received bids for certain Leases which were not otherwise bid upon and have selected the Successful Bidder with respect to each of the Leases listed on Exhibit A attached hereto. The Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each unexpired lease set forth on Exhibit A shall be assumed and assigned, effective as of the earlier of the (i) date set forth in Exhibit A, (ii) entry of an order approving such assumption and assignment, or (iii) such other date as the Debtors, any counterparty to such Leases, and the proposed assignee agree (the "Assumption Date").

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

[2] Capitalized terms used but not defined in this notice have the meanings given to them in the Successful Bidder Notice.

**PLEASE TAKE FURTHER NOTICE** that objections (each, a "Sale Objection") to the proposed Cure Costs, assumption and assignment, form of adequate assurance of future performance, or any other objections to the proposed sale or disposition of any Lease identified on Exhibit A must be filed with the Court and served so as to be actually received on or before **September 5, 2025 at 5:00 p.m., prevailing Eastern Time** (the "Sale Objection Deadline") by (a) the Debtors' co-counsel, (i) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn: Alice Belisle Eaton (aeaton@paulweiss.com), Christopher Hopkins (chopkins@paulweiss.com), and Nick Krislov (nkrislov@paulweiss.com)) and (ii) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601 (Attn: Michael D. Sirota (msirota@coleschotz.com), Warren A. Usatine (wusatine@coleschotz.com), Felice R. Yudkin (FYudkin@coleschotz.com), and Seth Van Aalten (svanaalten@coleschotz.com)); (b) the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102, Attn: Jeffrey M. Sponder and Lauren Bielskie (the "U.S. Trustee"); (c) counsel to the Prepetition ABL Agent and the DIP Agent, (i) Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110 (Attn: John F. Ventola (jventola@choate.com), Jonathan D. Marshall (jmarshall@choate.com) and Mark D. Silva (msilva@choate.com)) and (ii) Greenberg Traurig, LLP, 500 Campus Drive, Suite 400, Florham Park, NJ 07932 (Attn: Alan J. Brody (brodya@gtlaw.com) and Julia Frost-Davies (julia.frostdavies@gtlaw.com)); (d) proposed co-counsel to the Committee, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Brett H. Miller (bmiller@willkie.com), Todd M. Goren (tgoren@willkie.com), James H. Burbage (jburbage@willkie.come), and Jessica D. Graber (jgraber@willkie.com) and Sills Cummis & Gross P.C., One Riverfront Plaza, Newark, NJ 07102, Attn: Andrew S. Sherman (asherman@sillscummis.com), Boris Mankovetskiy (bmankovetskiy@sills cummis.com), and Gregory Kopacz (gkopacz@sillscummis.com); (e) any affected Lease Counterparty or their known counsel; and (f) the applicable Successful Bidder(s) and Backup Bidder(s), if known.

**PLEASE TAKE FURTHER NOTICE** that, if no Sale Objection is timely filed, the Debtors may seek to have the Court enter, under a certificate of no objection, an order, consistent with the form attached hereto as Exhibit B (the "Assumption Order") approving the assumption and assignment of each Lease set forth in Exhibit A, in each case, effective on the Assumption Date set forth therein or such other date as the Debtors, any counterparty to such Lease, and the proposed assignee agree.[3]

**PLEASE TAKE FURTHER NOTICE** that, if a Sale Objection is timely filed and not withdrawn or resolved, such Sale Objection will be heard at a hearing to be scheduled upon the request of the Debtors or as ordered by the Court. If such Sale Objection is overruled or withdrawn, such Lease shall be assumed, pursuant to an Assumption Order, as of the Assumption Date.

---

[3] An objection to the assumption and assignment of any particular Lease listed in this Notice of Successful and Backup Bidders shall not constitute an objection to the assumption and assignment of any other Lease listed in this Notice of Successful and Backup Bidders. Any objection to the assumption and assignment of any particular Lease listed in this Notice of Successful and Backup Bidders must state with specificity the Lease(s) to which it is directed. For each particular unexpired lease whose assumption and assignment is not timely or properly objected to, such assumption and assignment will be effective in accordance with this Notice of Successful and Backup Bidders and the Order.

**PLEASE TAKE FURTHER NOTICE** that the Debtors believe that the party to which each Lease, as applicable, will be assigned has the financial wherewithal to meet all future obligations under such unexpired lease and the Debtors will, within twenty-four (24) hours of the filing of this notice, provide evidence thereof to such applicable Lease Counterparty (and their counsel, if known) thereby demonstrating that the proposed assignee of the Lease has the ability to comply with the requirements of adequate assurance of future performance.

**PLEASE TAKE FURTHER NOTICE** that copies of the Auction Procedures and the Order, as well as all related exhibits, including the form Assumption and Assignment Agreement, are available: (a) upon request to Kroll Restructuring Administration LLC (the claims, noticing, and solicitation agent retained in these chapter 11 cases) by calling (888) 575-9318 (toll free) or +1 (646) 930-4577 (international); (b) by visiting the website maintained in these chapter 11 cases at **https://restructuring.ra.kroll.com/RiteAid2025**; or (c) for a fee via PACER by visiting http://www.njb.uscourts.gov.

*[Remainder of Page Intentionally Left Blank.]*

Dated: August 22, 2025

/s/ *Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:  msirota@coleschotz.com
  wusatine@coleschotz.com
  fyudkin@coleschotz.com
  svanaalten@coleschotz.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email:  arosenberg@paulweiss.com
  aeaton@paulweiss.com
  chopkins@paulweiss.com
  smitchell@paulweiss.com

*Co-Counsel to the Debtors and
Debtors in Possession*

## Exhibit A

## Successful and Backup Bidder List[1]

| Store No. | Lease(s) | Lease Counterparty & Address | Successful Bidder/Assignee | Backup Bidder | Price | Cure Costs | Assignment or Termination Date |
|---|---|---|---|---|---|---|---|
| 6225 | 1665 ALPINE BOULEVARD, ALPINE, CA, 91901 | NEW ALPINE INVESTMENT, LLC, 105 Coldwater, Irvine, CA, 92602 | Stanley A. Boney | N/A | $134,768.00, plus Cure Costs limited to 35% of the purchase price | $85,039.06 | August 31, 2025 |

---

[1] The Cure Costs listed reflect prepetition **and** postpetition amounts outstanding, as of the date hereof.

**Exhibit B**

**Proposed Assumption Order**

3

| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
|---|---|
| In re: <br><br> NEW RITE AID, LLC, *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 25-14861 (MBK) <br><br> (Jointly Administered) |

### ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF <u>UNEXPIRED LEASE TO [•]</u>

The relief set forth on the following pages, numbered three (3) through seven (7), is

**ORDERED**.

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

Case 25-14861-MBK    Doc 1999    Filed 08/22/25    Entered 08/22/25 15:17:58    Desc Main
Document    Page 8 of 14

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel to the Debtors and Debtors in Possession*

(Page | 3)
Debtors: NEW RITE AID, LLC, *et al*.
Case No. 25-14861 (MBK)
Caption of Order: ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO [•]

Upon the *Final Order (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief* [Docket No. 804] (the "Final Order")[6] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having jurisdiction over this matter and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.) and June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the matter in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having properly filed and served a *Notice of Bid Deadline, Potential Auction and Potential Sale Hearing for Certain Lease Assets* [Docket No. 1320] (the "Auction Notice") and a *Supplemental Notice of Successful and Backup Bidders With Respect to the Auction of Certain of the Debtors' Leases* [Docket No. •] (the "Notice of Successful Bidder" and, together with the Auction Notice, the "Bid Notice Documents") on the Objection Notice Parties, the Successful Bidder(s), the Backup Bidder(s), and the applicable Lease Counterparties, in accordance with the terms of the Final Order; and it appearing that no other notice need be provided; and this Court having determined that the Debtors having complied with the Final Order and the Auction Procedures (as defined therein), and that the Debtors' entry into the Assumption and Assignment Agreement, in the form attached hereto as **Exhibit 1** (the "Assignment Agreement"), is in the best interest of the Debtors and their estates and provides for the highest or

---

[6] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Final Order or the *Debtors' Motion for Entry of Interim and Final Orders (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief* [Docket No. 22].

(Page | 4)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al*. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO [•] |

best offer for the Lease (as defined in the Assignment Agreement); and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The applicable Debtor and Assignee (as defined in the Assignment Agreement) are authorized to enter into and perform under the Assignment Agreement, and to implement the Assignment Agreement and the transactions contemplated thereunder and hereunder. The Assignment Agreement and all of the terms and conditions thereof is hereby approved in all respects.

2. Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, the applicable Debtor is hereby authorized to assume, sell and assign to Assignee the Lease, pursuant to the terms and provisions of this Order and the Assignment Agreement, all of the terms of which are hereby approved. Assignee shall be deemed to be substituted for the applicable Debtor as a party to the Lease and the Debtors shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under the Lease from and after the Assumption Date.

3. Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of the Lease shall: (a) be free and clear of (i) all interests including, but not limited to, any liens, claims, rights, interests, charges, or encumbrances, except with respect to any interests related to reciprocal easement agreements or that may be assumed liabilities under the Assignment Agreement (collectively, the "<u>Interests</u>") and any Interests shall attach to the proceeds in the same order and priority, as applicable, and subject to all existing defenses, claims, setoffs, and rights and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guarantees of or by the Debtors, debts, rights, contractual commitments,

(Page | 5)
Debtors:           NEW RITE AID, LLC, *et al.*
Case No.           25-14861 (MBK)
Caption of Order:  ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO [•]

restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims and encumbrances (A) that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Lease (but only in connection with the assignment by the Debtor to the Assignee), *provided* that any such assignment shall not be free and clear of any accrued but unbilled or not due rent and charges under the Lease, including adjustments, reconciliations, and indemnity obligations, liability for which shall be assumed or assumed and assigned by the Debtors or the Assignee, as agreed by and among the Debtors and the Assignee or (B) in respect of any taxes, and (b) constitute a legal, valid, and effective transfer of the Lease and vest the Assignee with all rights, titles, and interests to the Lease. For the avoidance of doubt, all provisions of the Lease, including any provision limiting assignment, shall be binding on the Assignee.

4. Subject to the other provisions of this Order, the Debtors are hereby authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to Assignee the Lease with Assignee being responsible only for the post-assignment liabilities or defaults under the Lease except as otherwise provided for in this Order and (b) execute and deliver to Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer the Lease.

5. The Assignee shall have no liability or obligation with respect to defaults relating to the Lease arising, accruing, or relating to a period prior to the Assumption Date except as otherwise agreed to between the Assignee and the Debtors.

(Page | 6)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO [•] |

6.    Upon payment of the applicable Cure Cost, the Lease Counterparty is hereby barred and permanently enjoined from asserting against the Debtors and Assignee any default, claim, or liability existing, accrued, arising, or relating to the Lease for the period prior to the entry of this Order.  The Cure Cost is hereby fixed at the amounts set forth in the Assumption and Assignment Notice, except as forth in this Order, on the record of the Hearing (if any), as otherwise agreed between the Lease Counterparty and the Debtors, or as determined by Court order, as the case may be; *provided, however*, that the Lease Counterparty shall not be barred from seeking additional amounts on account of any defaults occurring between the deadline to object to Cure Cost set forth in the Assumption and Assignment Notice and the Assumption Date.

7.    The Debtors are authorized to execute and deliver all instruments and documents and take all additional actions necessary to effectuate the relief granted in this Order and the assumption without further order from this Court.

8.    For the avoidance of doubt, the assumption or assumption and assignment of the Lease shall not be free and clear of, and instead shall be subject to: (a) amounts that are unbilled or not yet due as of the Assumption Date, regardless of when such amounts accrued, such as common area maintenance, insurance, taxes, and similar charges; (b) any regular or periodic adjustment or reconciliation of charges that are not due or have not been determined as of the Assumption Date; (c) any percentage rent that may come due; (d) indemnification obligations; (e) any unpaid cure amount, calculated in accordance with the terms of any applicable amendment or other agreement of the Parties; and (f) agreements that run with the land such as REAs and COREAs.

9.    Notwithstanding anything to the contrary in this Order or the Auction Procedures,

(Page | 7)
Debtors: NEW RITE AID, LLC, *et al.*
Case No. 25-14861 (MBK)
Caption of Order: ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO [•]

any Assumption and Assignment Notice, Assumption and Assignment Agreement or Purchase Agreement, side letter(s), or any document or agreement related to any of the forgoing, none of the Debtors' insurance policies (and/or any agreements related thereto between any of the Debtors, on the one hand, and the applicable insurer(s) and/or third-party administrators, on the other hand), including, without limitation, any collateral or security provided by or on behalf of any of the Debtors, and any rights, proceeds, benefits, claims, rights to payments and/or recoveries thereunder and/or any claims handling service agreements, shall be abandoned, sold, assigned, or otherwise transferred without the express prior written consent of the applicable insurer and/or third-party administrator.

10. The 14-day stay required of any assignment of any contract or lease pursuant to Bankruptcy Rule 6006(d) is hereby waived.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# EXHIBIT 1
# ASSUMPTION AND ASSIGNMENT AGREEMENT