**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher J. Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweisss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Co-Counsel for the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

## DEBTORS' LIMITED OMNIBUS REPLY IN RESPONSE TO CURE OBJECTIONS AND IN SUPPORT OF SALE OF CERTAIN OF THE DEBTORS' LEASES

New Rite Aid, LLC, together with its affiliated debtors and debtors in possession (collectively, the "Debtors"), file this reply (the "Reply") in connection with the objections, identified on **Schedule A,** annexed hereto (collectively, the "Cure Objections") filed by various landlords (collectively, the "Objecting Landlords") to the sale of certain of the Debtors' leases (the "Leases") identified on the *Notice of Assumption and Assignment of Certain of the Debtors' Leases*

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

[Docket No. 1525] (the "Cure Notice")[2] in connection with the *Final Order (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief* [Docket No. 804](the "Lease Sale Procedures Order"). In support of the Reply, the Debtors respectfully state as follows:

1. In accordance with the Auction Procedures approved in the Lease Sale Procedures Order, on July 3, 2025, the Debtors filed the *Notice of Bid Deadline, Potential Auction, and Potential Sale hearing for Certain Lease Assets* [Docket No. 1320], providing notice of an auction which was held on July 21, 2025 (the "Auction").

2. On July 22, 2025, after the conclusion of the Auction, the Debtors filed the *Notice of Successful and Backup Bidders with Respect to the Auction of Certain of the Debtors' Leases* [Docket No. 1524] (the "Successful Bidder Notice") and the Cure Notice, setting forth the Cure Costs for each Lease as reflected in the Debtors' records. In response to the Cure Notice, the Objecting Landlords filed the Cure Objections raising, *inter alia,* objections to the amount of the Cure Costs stated therein.

3. The Debtors are working to resolve the issues raised in the Cure Objections. To the extent the Debtors are unable to resolve the Cure Objections in advance of the Sale Hearing, as continued to August 28, 2025, the Debtors request that the Court overrule the Cure Objections to the extent they assert that the Cure Costs must be agreed and paid prior to assignment, provided that the disputed cure amount is reserved by the Debtors.[3]

---

[2] Capitalized terms used but not defined in this notice have the meanings given to them in the Successful Bidder Notice.

[3] Objections other than to the applicable Cure Costs shall be preserved,

4. Section 365 of the Bankruptcy Code requires:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or **provides adequate assurance that the trustee will promptly cure**, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property, if it is impossible for the trustee to cure such default by performing nonmonetary acts at and after the time of assumption, except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph. . . .

11 U.S.C. §365(b)(1)(A) (emphasis added).

5. Here, the Debtors' counsel and financial advisor have reviewed each of the Cure Objections to ensure that the appropriate cure amount is paid in connection with the assignment of the corresponding Lease. Despite the Debtors' efforts, these objections may not be fully resolved before the end of August 2025. If the Debtors are prohibited from assigning these Leases pending full resolution of the Cure Costs, they will incur September 2025 rent and related Lease charges which will significantly diminish the return to the Debtors' estates. To resolve this issue, the Debtors intend to pay the undisputed portion of the Cure Costs on or about the applicable assignment date and to reserve any disputed portion of the cure in a separate escrow account.

6. To ensure that the appropriate amount is reserved, for each Lease which has a disputed cure, the applicable assignment order will provide:

> The disputed portion of the Landlord's asserted cure, in the amount of $[●] will be held by the Debtors in escrow, pending an agreement on the appropriate cure amount. To the extent the Debtors and Landlord are unable to resolve the cure dispute, on ten (10) days' notice, either party shall be authorized to request that the matter be scheduled for the next

3

omnibus hearing date, which request shall be made by email to chambers_of_mbk@njb.uscourts.gov, with a copy to the opposing party.

7. The Debtors submit that the foregoing satisfies section 365 of the Bankruptcy Code since reservation of any disputed cure amount as a condition to assignment provides adequate assurance that the Debtors are able to promptly satisfy the cure, once the amount due is resolved.

[*Remainder of page intentionally left blank*]

## **CONCLUSION**

For the foregoing reasons, the Debtors respectfully request that the Court overrule the Cure Objections and grant the Debtors the authority to assume and assign the Leases, provided that they reserve any disputed portion of the amounts asserted in the Cure Objections.

Dated:  August 22, 2025

*/s/ Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Co-Counsel for Debtors and
Debtors in Possession*

## Schedule A

- Limited Objection of SN Investment Properties, LLC to Notice of Assumption and Assignment of Certain of the Debtors' Leases [Dkt. No. 1525] [Docket No. 1784]

- Objection of the Chen 1998 Family Trust, et al. to Notice of Assumption and Assignment of Lease and Cure Amount [Docket No. 1786]

- Objection of TMT Bear Creek Shopping Center, Inc. to Notice of Assumption and Assignment of Lease [Docket No. 1796]

- Objection and Reservation of Rights of Landlord Mill Avenue Associates, LLC to the Debtors' Proposed Cure Amount and Assumption and Assignment of Its Lease [Docket No. 1797]

- Objection of PFK Partners LP to Debtor's Proposed Assumption and Assignment of Lease [Docket No. 1803]

- Response and Reservation of Rights of B10 Mountain B LA LP, MGP XI-A Town Center Lake Forest, LLC and ROIC Paramount Plaza, LLC to Debtors' Notice of Assumption and Assignment of Certain of the Debtors' Leases [Docket No. 1804]

- Ameriserv Financial Bank and Martin Perry, as Receiver for 1700 Murray Avenue, LLC's Objection to Assumption and Assignment Notice [Docket No. 1805, as amended by Docket No. 1808]

- Limited Objection of 5931 Atlantic LLC to Notice of Successful and Backup Bidders with Respect to the Auction of Certain of the Debtors' Leases [Docket No. 1806]

- Reservation of Rights of B10 Mountain A LA LP, B10 Mountain A OC LP, B10 Mountain A WA LLC And Zentmyer Properties II LLC to Debtors' Notice of Assumption and Assignment of Certain of the Debtors' Leases [Docket No. 1809]

- Limited Objection of S & N II, Ltd. to Notice of Successful and Backup Bidders with Respect to the Auction of Certain of the Debtors' Leases [Docket No. 1811]

- Objection of DS Properties 18 LP to Notice of Assumption and Assignment of Certain of the Debtors' Leases [Docket No. 1813]

- Lease Counterparty 7900 Bellaire I, Ltd.'s Sale Objection Regarding Five Below, Inc.'s Assumption to the Lease for Store 5775; Supporting Declaration of Kelly Horner [Docket No. 1825]

- Limited Objection of Tandem Equities L.L.C. to Notice of Assumption and Assignment of Lease [Docket No. 1833]

- Objection of Mary Ann Genuario to Notice of Assumption and Assignment of Certain of the Debtors' Leases [Docket No. 1834]

- Objection to Notice of Successful and Backup Bidders with Respect to the Auction of Certain of the Debtors' Leases filed by Scott Fleischer on behalf of SVAP III Plaza Mexico, LLC [Docket No. 1873]