| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** **SAUL EWING LLP** Turner N. Falk 1500 Market Street, 38th Floor Philadelphia, PA 19102 Telephone: (215) 972-7777 turner.falk@saul.com -and- Lucian B. Murley 1201 N. Market Street, Suite 2300 Wilmington, DE 19801 Telephone: (302) 421-6800 luke.murley@saul.com *Counsel for Ross Dress for Less, Inc.* | |
| In re: NEW RITE AID, LLC, et al., Debtors[1] | Case No. 25-14861 (MBK) Chapter 11 (Jointly Administered) **Re: Docket Nos. 1320, 1524, 1873** |

### ROSS DRESS FOR LESS, INC.'S REPLY TO THE OBJECTION OF SVAP III PLAZA MEXICO, LLC TO NOTICE OF ASSUMPTION AND ASSIGNMENT OF CERTAIN OF THE DEBTORS' LEASES

Ross Dress for Less, Inc. ("Ross"), by its undersigned counsel, hereby replies to the *Objection of SVAP III Plaza Mexico, LLC to Notice of Assumption and Assignment of Certain of the Debtors' Leases* [D.I. 1873] (the "Objection") filed by SVAP III Plaza Mexico, LLC ("Landlord") on August 13, 2025, and states as follows:

---

[1]     The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

## PRELIMINARY STATEMENT

1.        The Landlord's Objection as to adequate assurance of future performance is meritless.  Ross, the proposed assignee of the lease, is one of the most financially healthy clothing retailers in the world.  Ross is the operating entity for over 1,800 stores, and seeks to open 90 new stores this year.  Its publicly traded parent, Ross Stores Inc., enjoys a market capitalization of over $47 billion (as of the morning of filing this Reply), and had sales in excess of $21 billion for the fiscal year 2024.  The Landlord has no leg to stand on in objecting to adequate assurance of future performance.

2.        Even in the face of this public information regarding Ross Stores, Inc., the Landlord continues to press its objection to adequate assurance, arguing that the financial health of the publicly traded parent is not dispositive of the financial health of Ross Dress for Less, Inc., the assignee.  In an effort to resolve the Objection, prior to filing this Reply, Ross offered a parent guaranty (i.e., Ross Stores, Inc. guarantying the lease obligations of Ross Dress for Less, Inc.).  Incredibly, the Landlord has yet to confirm that its adequate assurance objection is resolved.

3.        The Landlord's Objection should be overruled, and the assumption and assignment of the Landlord's lease should be approved.

## I.    BACKGROUND

### a.  Background Regarding the Lease and Bankruptcy Sale Process

4.        Debtor Thrifty Payless, Inc. and the Landlord are parties to that certain unexpired lease of nonresidential real property dated February 20, 1987, as amended by that certain Amendment No. 1 to Lease dated February 28, 1987 and Amendment Number 2 to Lease and Memorandum of Lease dated February 20, 1987 (collectively, as amended or modified, the

"Lease"), whereby the above-captioned debtors (the "Debtors") lease retail space from the Landlord located at 11325 Long Beach Boulevard, Lynwood, California.

5.      On May 5, 2025, (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Court"), commencing the instant cases.

6.      On June 11, 2025, the Court entered the *Final Order (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief* [D.I. 804] (the "Sale Procedures Order").  Thereafter, in accordance with the Sale Procedures Order, the Debtors filed the *Notice of Bid Deadline, Potential Auction and Potential Sale Hearing for Certain Lease Assets* [D.I. 1320], which established certain deadlines related to the submission of bids for, and auction of, the leases specified therein, including the Lease.

7.      Pursuant to the procedures approved in the Sale Procedures Order, Ross submitted a bid for, among other leases, the Landlord's Lease.

8.      The Debtors selected Ross as the successful bidder for a package deal covering 18 leases – including the Lease.  The consideration for this package deal was $3,790,000.00 plus payment of prepetition cure amounts and stub rent.

9.      The Debtors filed the *Notice of Assumption and Assignment of Certain of the Debtors' Leases* [D.I. 1525] (the "Assignment Notice"), identifying Ross as the successful bidder for the Lease and other leases, and noting the nature of the package deal.

10.     The Landlord filed the Objection, opposing the assumption of the Lease and its assignment to Ross.  In the Objection, the Landlord argues that the sale to Ross did not follow the procedures approved in the Sale Procedures Order, that the sale does not maximize the value for

the estates, that the Landlord has not been adequately assured of Ross's ability to perform the obligations under the Lease, and that the proposed cure amount is inaccurate.

### b. Ross' Financial Condition

11.     On June 30, 2025, Ross filed with the United States Securities and Exchange Commission its Form 10-Q quarterly report for the three months ending May 4, 2025 (the "10-Q").[2] A true and correct copy of the 10-Q is attached hereto as **Exhibit A**.

12.     The 10-Q reports the following facts that are relevant to the instant dispute:

a.   The parent company Ross Stores, Inc. ("Ross Parent") operates two brands of off-price retail apparel and home fashion stores: Ross, with 1,847 locations in 44 states, and dd's DISCOUNTS, with 358 stores in 22 states. *See* Ex. A at 24.

b.   Ross Parent's sales growth was 3%, and its costs and expenses as a percentage of sales held stable compared to the same time period in 2024. Id. at 25.

c.   Ross Parent opened 19 new stores in the first quarter of 2025, and plans to open as many as 90 more during fiscal year 2025. Id.

d.   In the first quarter of fiscal year 2025, Ross opened 16 stores and closed zero stores. Id. at 26.

e.   Ross Parent's earnings before taxes for the first quarter of fiscal year 2025 increased to $640 million, from $637 million in the first quarter of fiscal year 2024. Id. at 22.

f.   Ross Parent's current liabilities decreased, and its long-term debt and lease liabilities remained stable, compared to the same time in 2024. Id. at 6.

13.     Ross, which brand constitutes 83% of Ross Parent's locations, has the financial wherewithal to perform its obligations under the Lease.

14.    Even though Ross, the proposed assignee, is well-capitalized and able to meet its Lease obligations alone, Ross Parent has offered – and continues to offer – an additional form of adequate assurance: a personal guarantee of Lease obligations from Ross Parent.

## II.   ARGUMENT

15.    The term "adequate assurance of future performance" is not defined in the Bankruptcy Code but is included in both sections 365(b)(1)(C) and 365(f)(2)(B).[3] But the Third Circuit cited with approval to *Richmond Leasing Co. v. Capital Bank, N.A.*, agreeing that "'[A]dequate assurance of future performance' are not words of art; the legislative history of the [Bankruptcy] Code shows that they were intended to be given a practical, pragmatic construction." *Cinicola v. Scharffenberger*, 248 F.3d 110, 120 & n.10 (3d Cir. 2001) (quoting *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985)); *see also In re Carlisle Homes, Inc.*, 103 B.R. 524, 538 (Bankr. D.N.J. 1988) (same).

16.    Adequate assurance for a shopping center lease includes, among other things, assurances that (1) the proposed assignee has a "similar . . . financial condition and operating performance" as the debtor "as of the time the debtor became the lessee under the lease." *MOAC Mall Holdings LLC v. Transform Holdco LLC*, 598 U.S. 288, 293 (2023) (quoting Bankruptcy Code sections 365(b)(3)(A), (D)).

17.    Ross is the dominant business segment of Ross Parent, a public company generating over $640 million of quarterly earnings before taxes.  Ross maintains 1,847 leases and has not closed a single location in the first quarter of 2025.  Ross's debt load is stable or decreasing.  Ross

---

[2]    This Court may take judicial notice of facts in SEC filings.  *See, e.g.*, *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) (taking judicial notice of filings with the SEC); *Youkelsone v. Wash. Mut., Inc. (In re Wash. Mut., Inc.)*, Adv. No. 09-50039 (MFW), 2010 WL 3238903, at *14 (Bankr. D. Del. Aug. 13, 2010) (taking judicial notice of public filings with the SEC, FTC, and FDIC).

[3]    Courts in the Third Circuit have noted that under either section, the definition of the term "should be generally the same." *Cinicola v. Scharffenberger*, 248 F.3d 110, 120 (3d Cir. Pa. 2001) (citing Don Fogel, Executory Contracts and Unexpired Leases in the Bankruptcy Code, Minn. L. Rev. 341, 362 (1980)).

intends to expand its nationwide presence, including by taking assignment of at least 18 leases from the Debtors, including the Lease.

18.     The Landlord alleges that it does not have adequate information to show Ross's ability to perform, separate from Ross Parent.  The Landlord cannot seriously contest Ross's ability to financially perform.  The Landlord cannot articulate a legally cognizable reason for the Court to refuse to approve this value-maximizing assignment.

19.     However, to obviate this particular objection, Ross Parent has offered, and continues to offer, to personally guarantee Ross's obligations under the Lease.

20.     The Court must overrule the Objection as to Ross's ability to provide adequate assurances of future performance.

## III.     JOINDER TO DEBTORS' REPLY

21.     To the extent applicable to Ross, Ross joins the arguments in any reply or other pleading filed by the Debtors in support of the assumption and assignment of the Lease to Ross.

## IV.     CONCLUSION

WHEREFORE, for all of the foregoing reasons, the Court should overrule the Landlord's

Objection and approve the proposed assumption and assignment of the Lease to Ross.

Dated: August 22, 2025                    Respectfully submitted,

                                          **SAUL EWING LLP**

                                          */s/ Turner N. Falk*
                                          Turner N. Falk
                                          1500 Market Street, 38th Floor
                                          Philadelphia, PA 19102
                                          Telephone: (215) 972-7777
                                          turner.falk@saul.com

                                          -and-

                                          Lucian B. Murley
                                          1201 N. Market Street, Suite 2300
                                          Wilmington, DE 19801
                                          Telephone: (302) 421-6800
                                          luke.murley@saul.com

                                          *Counsel to Ross Dress for Less, Inc.*