| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br>　　　　　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

**Order Filed on August 27, 2025**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

**ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING**
**THE ASSUMPTION AND ASSIGNMENT OF LEASE**
**WITH GALLASHEA PROPERTIES, LLC**
**[Related to Docket No. 470]**

　　The relief set forth on the following pages, numbered three (3) through and including nine (9), is **ORDERED**.

**DATED: August 27, 2025**

　　　　　　　　　　　　　　　　　　　　　　　　Honorable Michael B. Kaplan
　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025.  The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel to the Debtors and Debtors in Possession*

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Pursuant to Sections 365 and 363 Approving the Assumption and Assignment of Lease with Gallashea Properties, LLC |

Pursuant to the *Order (I) Approving and Authorizing the Sale of Certain Pharmacy Assets Free and Clear of All Liens, Claims, Rights, Interests, and Encumbrances, (II) Approving Certain Asset Purchase Agreements and Related Agreements Among the Debtors and Purchaser, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief* [Docket No. 470] (the "Sale Order");[1] and this Court having jurisdiction over this matter under 28 U.S.C. § 1334; and this Court having found that this is a core proceeding under 28 U.S.C. § 157(b) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding in this district is proper under 28 U.S.C. § 1408; and this Court having found that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having properly served the *Notice of Potentially Assumed Unexpired Leases* dated May 19, 2025 (the "Assignment Notice") upon Gallashea Properties, LLC (the "Landlord"), in accordance with the terms of the Sale Order; and due and proper notice of the Sale Order and Assignment Notice having been provided to the Landlord, and it appearing that no other notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT**:

1.   Pursuant to sections 105(a), 363(b)(1) and (f), and 365(a) of the Bankruptcy Code, Thrifty Payless, Inc. (the "Debtor") is hereby authorized and directed to (a) sell and assume and

---

[1] Capitalized terms not otherwise defined herein shall be given the meanings ascribed to them in the Sale Order or in the Asset Purchase Agreement, dated as of May 15, 2025, by and among CVS Pharmacy, Inc. and its Designated Purchasers, and the Debtors, a copy of which is attached to the Sale Order as Exhibit A (together with the exhibits and schedules thereto, as may be further amended, modified, supplemented and/or restated, the "PNW Purchase Agreement"), as applicable.

(Page | 4)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Pursuant to Sections 365 and 363 Approving the Assumption and Assignment of Lease with Gallashea Properties, LLC |

assign to Washington CVS Pharmacy, L.L.C. (the "Assignee"), in accordance with the terms of the Sale Order and this Order, that certain lease of nonresidential real property between the Debtor and the Landlord, dated April 28, 1998 (as amended from time to time, the "Lease"), with respect to that certain premises located at 7041 Pacific Avenue, Tacoma, Washington 98408-7220 (the "Premises") free and clear of any and all licenses, tenants and/or subtenants, license and concession agreements for all or any part of the Premises, and all liens, claims, violations and encumbrances, with such license and concession agreements for all or any part of the Premises, and all liens, claims, violations and encumbrances to attach to the proceeds received on account of such transfer in the same order of priority and with the same validity, force and effect that any creditor had prior to the transfer, subject to any claims and defenses the Debtors and the Debtors' estates may have with respect thereto, and (b) execute and deliver to the Assignee such documents or other instruments as the Assignee deems necessary to assign and transfer the Lease to Assignee.

2.    Assignee has demonstrated adequate assurance of future performance and has satisfied the requirements set forth in section 365(b)(1)(C) of the Bankruptcy Code with respect to the Lease. Assignee is a good faith purchaser of the Lease within the meaning of section 363(m) of the Bankruptcy Code.

3.    Upon the latter of the entry of this Order and the date of the closing on the Lease (the "Lease Assignment Date"), the assignment of the Lease by the Debtor to Assignee shall constitute a legal, valid, and effective transfer of such Lease, notwithstanding any requirement for approval or consent by any person, and vests Assignee with all right, title, and interest of the Debtor in and to such Lease, free and clear of all Interests (as defined in the Sale Order), other than any

Case 25-14861-MBK    Doc 2173    Filed 08/27/25    Entered 08/27/25 11:26:56    Desc Main
Document    Page 5 of 9

(Page | 5)
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Pursuant to Sections 365 and 363 Approving the Assumption and Assignment of Lease with Gallashea Properties, LLC |

Interests expressly assumed under, or expressly permitted by, the CVS Transaction Documents (as defined in the Sale Order), pursuant to sections 363(f) and 365 of the Bankruptcy Code.

4. Upon the Lease Assignment Date, Assignee shall be deemed to be substituted for the Debtor as a party to the Lease and the Debtors shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under the Lease solely arising on or after the Lease Assignment Date.

5. The Assignee and its affiliates, successors and assigns shall not be deemed or considered (a) to be a legal successor, or otherwise be deemed a successor to any of the Debtors; (b) to have, *de facto* or otherwise, merged with or into any or all Debtors, or (c) to be a continuation or substantial continuation, or be holding itself out as a mere continuation, of any of the Debtors or their respective estates, businesses or operations, or any enterprise of the Debtors, in each case by any law or equity, and the Assignee has not assumed nor is it in any way responsible for any liability or obligation of the Debtors or the Debtors' estates except as expressly set forth herein.

6. The Assignee and its affiliates, successors and assigns shall have no successor, transferee or vicarious liability of any kind or character, including, under any theory of foreign, federal, state or local antitrust, environmental, successor, tax, ERISA, assignee or transferee liability, labor, product liability, employment, de facto merger, substantial continuity or other law, rule regulation or doctrine, whether known or unknown as of the Lease Assignment Date, now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, liquidated or unliquidated with respect to the Debtors or any obligations of the Debtors arising prior to the Lease Assignment Date, including liabilities on account of any taxes or other governmental authority

(Page | 6)
Debtors:            NEW RITE AID, LLC, *et al*.
Case No.            25-14861 (MBK)
Caption of Order:   Order Pursuant to Sections 365 and 363 Approving the Assumption and Assignment of Lease with Gallashea Properties, LLC

fees, contributions or surcharges, in each case arising, accruing or payable under, out of, in connection with, or in any way relating to, the Lease prior to the Lease Assignment Date or arising based on actions of the Debtors taken after the Lease Assignment Date.

7. The Cure Payments total $31,256.56. Within five (5) business days after the applicable Closing Date, the Debtors shall pay the Landlord the Cure Payments.

8. Upon payment of the applicable Cure Payments, Landlord is hereby barred and permanently enjoined from asserting against the Debtors any default, claim, or liability existing, accrued, arising, or relating to the Leases for the period prior to the entry of this Order. The Cure Payments are hereby fixed as set forth in this Order.

9. There shall be no rent accelerations, assignment fees, increases, or any other fees charged to Assignee or the Debtors as a result of the assumption and assignment of the Lease, provided, however, that any such provisions shall remain in full force and effect with respect to any subsequent assignment of the Lease.

10. Any provisions in the Lease that prohibit or condition the assignment of the Lease or allow Landlord to terminate, declare a breach or default, recapture, impose any penalty, condition any renewal or extension, or modify any term or condition, as a result of the assignment of such Lease constitute unenforceable anti-assignment provisions and are void and of no force and effect as against the Debtors and Assignee in connection with the assumption and assignment of the Lease pursuant to the Sale Order and the PNW Purchase Agreement only. Any such provisions shall remain in full force and effect with respect to any subsequent assignment. The

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Pursuant to Sections 365 and 363 Approving the Assumption and Assignment of Lease with Gallashea Properties, LLC |

Lease shall remain in full force and effect, without existing defaults (if any), subject only to payment of the Cure Payments as set forth herein.

11. To the extent the Lease contains use restrictions that would otherwise prohibit Assignee from operating at the Premises in the ordinary course of its business, including any restrictions on the sale of some or all of the items and goods typically sold by Assignee and except to the extent such items and goods are prohibited by law, such use restriction provisions are deemed to be unenforceable anti-assignment provisions pursuant to section 365(f) of the Bankruptcy Code.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order. The provisions of this Order authorizing the assignment of the Lease shall be self-executing, and neither the Debtors nor Assignee shall be required to execute or file assignments, consents or other instruments in order to effectuate, consummate, and/or implement the provisions of this Order. Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to effect, consummate, and/or implement the transactions contemplated by this Order. A certified copy of this Order may (to the extent necessary) be filed with the appropriate clerk and/or recorded with the recorder to act to effectuate, consummate, and/or implement the provisions of this Order.

13. Notwithstanding any term of the Lease to the contrary, any extension, renewal option, or other rights contained in such Lease that purports to be personal only to the Debtor or Debtors or to a named entity in such Lease or to be exercisable only by the Debtor or Debtors or

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Pursuant to Sections 365 and 363 Approving the Assumption and Assignment of Lease with Gallashea Properties, LLC |

by a named entity or an entity operating under a specific trade name may be freely exercised to their full extent by the Assignee, in accordance with the terms of such Lease. The Debtors have timely exercised any applicable extension or renewal options under the Lease, and the Lease is in full force and effect. The Debtors have not previously rejected the Lease and the Debtors' period to assume or reject the Lease has not otherwise expired.

14. Notwithstanding any provision of the Lease (including any related reciprocal easement agreement or declaration of covenants and restrictions or other land use agreement (each, an "REA") or any ground or master lease (each, a "Master Lease")) to the contrary, including a covenant of continuous operation or a "go dark" provision, Assignee shall not be required to operate its business from the Premises for a reasonable period of time after the entry of this Order not to exceed twelve (12) months, provided that such time period may be extended on consent of the Landlord, not to be unreasonably withheld in order to perform alterations and remodeling which shall be done in a manner consistent with the terms of the Lease, and to replace and modify existing signage to the extent necessary to operate at the Premises as an Assignee store and consistent with its business operations and the terms of the Lease.

15. Landlord shall cooperate in good faith and use commercially reasonable efforts to execute and deliver, upon the request of Assignee, any instruments, applications, consents, or other documents or information that may be required by any public or quasi-public authority or other party or entity, for the purpose of obtaining any permits, approvals, or other necessary documents required for the alteration of, installation of signage on or around, opening of, and operation of the Premises, provided same comply with the terms and conditions of the Lease.

Case 25-14861-MBK    Doc 2173    Filed 08/27/25    Entered 08/27/25 11:26:56    Desc Main
Document    Page 9 of 9

(Page | 9)
Debtors: NEW RITE AID, LLC, *et al.*
Case No. 25-14861 (MBK)
Caption of Order: Order Pursuant to Sections 365 and 363 Approving the Assumption and Assignment of Lease with Gallashea Properties, LLC

16. Notwithstanding anything to the contrary in this Order, the Sale Order or the PNW Purchase Agreement, none of the Debtors' insurance policies (and/or any agreements related thereto between any of the Debtors, on the one hand, and the applicable insurer(s) and/or third-party administrators, on the other hand) shall be abandoned, sold, assigned, or otherwise transferred pursuant this Order.

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Sale Order and the PNW Purchase Agreement.

18. The Debtors and Assignee are authorized to take any and all actions reasonably necessary or appropriate to consummate the transactions contemplated hereunder.

19. In the event of any inconsistencies between this Order, the Sale Order, and/or the PNW Purchase Agreement, this Order shall govern.

20. Notwithstanding Bankruptcy Rules 6004(h) or 6006(d), or any other Bankruptcy Rule or Local Rule, to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

21. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.