| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in compliance with D.N.J. LBR 9004-1(b)**<br>NORGAARD, O'BOYLE & HANNON<br>184 Grand Avenue<br>Englewood, NJ  07631<br>(201) 871-1333<br>Attorneys for Universal Group Companies<br>  Brian G. Hannon (BH – 2012)<br>  bhannon@norgaardfirm.com<br>  John O'Boyle (JO – 6337)<br>  joboyle@norgaardfirm.com | Chapter 11 |
| In re:<br><br>    NEW RITE AID, LLC, et als<br><br>                           Debtors. | Case No.:  25-14861 MBK<br><br>Hearing Date:  August 28, 2025 |

**OBJECTION TO DEBTORS' REPLACEMENT OF UNVERSAL GROUP COMPANIES AS SUCCESSFUL BIDDER AT AUCTION OF LEASE OF STORE NO. 5736**

Mohammad Kazmi certifies as follows:

1.      I am the President of Universal Group Companies ("Universal")  I make this certification to relate Universal's objection to the Debtors' replacement of Universal as the "successful bidder" at the July 21, 2025 auction sale of the Debtors' interest in its lease of Store No. 5736 with Laguna Woods RA, LLC ("Laguna Woods").

2.      On June 11, 2025, the Court entered a detailed Final Order Establishing Procedures for the Sale of Certain of the Debtor's Leases (the "Bidding Procedures Order"), a copy of which is annexed hereto as **Exhibit A**.  In that order, the Court approved the auction procedures that set forth "the process by which the Debtors are authorized to solicit bids for and conduct auctions. . .for a sale or transfer of certain unexpired leases on non-residential real property." (Exhibit A, p. 25).

3. Universal sought to acquire the Debtors' interest in its lease of Store No. 5736 (the "Lease"), which covers the property at 24330 El Toro Road, Laguna Woods, CA ("the Property"). In compliance with the Bidding Procedures Order, Universal provided the Debtors with its bid qualification package, including its executed Assumption and Assignment Agreement and Adequate Assurance Package.

4. The Debtors determined that Universal was a qualified bidder, permitting Universal to participate in the July 21, 2025 auction of the Lease. At the auction, the Debtors accepted Universal's bid. Annexed hereto as **Exhibit B** is a copy of the Debtors' Notice of Successful Bidders, which they filed with the Court on July 22, 2025. This notice designates Universal as the Successful Bidder for the Lease.

5. As set forth in the Notice of Successful Bidders, the Debtors scheduled the hearing to approve the sale of the Lease to Universal for August 14, 2025, and fixed August 5, 2025 as the deadline for any party to file a written objection to the sale. The notice explained that if no party filed a timely objection, the Debtors would seek this Court's entry of an Order approving the assumption and assignment of the Lease to Universal. As of the filing of this objection, no objection has been filed to Universal being the Successful Bidder.

6. After becoming the Successful Bidder, Universal, through its affiliate, was negotiating with a third party to sublet the Property. The Debtors' counsel David Bass, Esq. also connected me with the landlord's representatives to address adequate assurance issues. Universal then obtained the landlord's approval for its proposed use of the Property, including the anticipated sublet arrangement and its intention to fit-out the Property for the subtenant. Universal agreed with the landlord that it would cure Rite Aid's delinquency under the Lease and agreed to commence its own rental payments to the landlord as of September 1, 2025.

7.      No party objected to the Debtors' sale of the Lease to Universal by the August 5 deadline. However, despite the requirements of the Bidding Procedures Order and the Notice of Successful Bidders (which was made part of the Bidding Procedures Order at Schedule 3-A), the Debtors did not file a certification of no objection or seek entry of an order approving their assumption and assignment agreement with Universal. Further, It appears from an examination of the Court's docket that the Debtors requested to postpone the hearing approving the sale from August 14 to August 28. It is unclear to Universal why the hearing to approve the sale was adjourned.

8.      However, on or about August 21, 2025, the Debtors' counsel David Bass informed me that Debtors intended to renegue on their obligation to sell the Lease to Universal, and stated that they had instead decided to sell the lease to an undisclosed third party. Early on August 21, I communicated with Mr. Bass by email. He declined my request for the Debtors to honor their obligation to assign the lease in compliance with the auction, and he refused my proposal for the Debtors to reimburse the costs that Universal had expended to complete the transaction. Annexed hereto as **Exhibit C** is a copy of my email to Mr. Bass and his response.

9.      Later on August 21, the Debtors filed the attached Notice of Acceptance of New Successful Bidder With Respect to Store No. 5736. A copy of this notice is annexed hereto as **Exhibit D**. It provides:

> . . .following the auction and the filing of the Successful Bidder Notice, the Debtors received an unsolicited offer for $800,000, plus an assumption of all cure costs, from Laguna Woods RA, LLC (Laguna Woods RA") which amount far exceeds the consideration that would be received from Universal Group for the Lease.
>
> PLEASE TAKE FURTHER NOTICE that, in consultation with the Consultation Parties, the Debtors have determined, in their business judgment and in the exercise of their fiduciary duties consistent with the Auction Procedures, to name Laguna Woods RA as the new successful bidder.

10. Thus, simply by filing a notice of "Acceptance of New Successful Bidder," the Debtors seek to shun their promise to sell the Lease to Universal and to disregard their duties under the Bidding Procedures Order and the Bankruptcy Code. The Debtors have no authority to sell any lease except to the successful bidders who complied with the Bidding Procedures Order and participated in the auction. The Bidding Procedures Order provides the Debtors with no authority to designate Laguna Woods as a successful bidder, much less a "new" successful bidder, when Laguna Woods failed to seek qualification as a bidder or participate in the auction. Further, the Debtors have no authority to sell the Lease to Laguna Woods without notice and hearing as required by Bankruptcy Code Sec. 363.

11. Additionally, the Debtors' action falls far from fulfilling their "fiduciary duties." The Debtors' fiduciary duty to their creditors does not require them to conduct the liquidation of their leases with such mischief. The Debtors' fiduciary duties require them to protect the estate from liability to the auction bidders with whom they have agreed to sell their property. Their fiduciary duties do not permit them to breach their contracts to sell leases and expose the estate to administrative claims. And their duties to be candid with the Court and transparent with all parties-in-interest forbid them from using stealth to seek the Court's approval for a sale of estate property to a party that circumvented the Court's prescribed sale procedure.

12. Since the Debtors announced their intention to accept Laguna Woods' post-auction "bid" for the Lease, it is my understanding that subtenant that I was negotiating with colluded with Laguna Woods to purchase the lease directly and to cut Universal and its affiliate out of the deal. Thus it appears that the Debtors may have interfered with Universal's agreement with its prospective subtenant, and vice-versa. Such conduct is potentially tortious toward Universal; the Debtors' assignment of the Lease to Laguna Woods may give rise to a substantial

4

administrative claim. But even if the Debtors were not aware of Laguna Woods' connections to Universal when it received Laguna Woods' $800,000 "unsolicited" offer to buy the Lease, their breach of their contract to sell the lease to Universal will impose liability upon the estate.

13. Also, the Court cannot determine whether an assignment of the Lease to Laguna Woods will be in the best interests of the estate, or that Laguna Woods is a good-faith purchaser entitled to the protection of Bankruptcy Code Sec. 363(m). Laguna Woods is a new entity that was formed one day after I sent an LOI to my prospective subtenant. Attached hereto as **Exhibit E** is a copy of the State of California Articles of Incorporation for Laguna Woods RA, LLC showing that the entity was formed on August 7, 2025.

14. Laguna Woods has not confirmed on the record that it has engaged in no collusion with respect to its bid as required by the Bidding Procedures Order (*see* Exhibit A, Par. 18 and Schedule 1, p. 9). And Laguna Woods has not produced an "Adequate Assurance Package" for the Debtors to serve upon the landlord as required by the Bidding Procedures Order (see Exhibit A, Par. 22(b)). The Court cannot confirm an assignment of the Lease to Laguna Woods when the Debtors have not provided the landlord with proof of Laguna Woods' ability to perform the lease obligations. And the Court cannot confirm the assignment when the Debtors have deprived the landlord and other parties-in-interest of their right to object to an assignment to Laguna Woods.

15. As the landlord was not given a period of time to object to this new proposed purchaser, as was required by the Bidding Procedure Order, it is unclear whether this new proposed purchaser can even close on this matter as the landlord could still object to the new proposed purchaser's use of the space.

16. The Notice of Acceptance of New Successful Bidder is procedurally deficient as it does not provide sufficient notice of the proposed purchaser, does not set out objection deadlines and does not provide an avenue for parties to address potential collusion concerns, all things that were contemplated when the auction was approved and all things that were addressed in the Notice of Successful Bidder that was filed with this Court when Universal was declared the successful bidder. By now filing the Notice of Acceptance of New Successful Bidder without any deadlines for objections, the process unfairly burdens objectors and circumvents the original bidding process design. To allow a new bid to be accepted after the auction was completed, without notice to any party and without the opportunity for any party to object, would undermine the integrity of the auction process and potentially discourage future participation in auctions in this matter.

17. Universal does not believe that this bid to purchase was made in good faith. To the contrary, Universal believes that the potential subtenant that it was speaking with about the location has circumvented Universal and now seeks to cut Universal out of the process by directly buying the lease from the Debtors.

18. It would be highly unjust for this Court to allow the Debtors to accept an offer made a month after they closed the bidding and designated Universal as the Successful Bidder. Condoning the Debtors' disregard of its obligations to Universal and permitting it to accept Laguna's tardy and secretive bid will erode the public's trust in the Debtors and the Court. If the Court does not require the Debtor to assign the Lease to Universal, it will encourage parties to abstain from participating in future bankruptcy auctions and discourage open and competitive bidding.

19. Universal has fully complied with the bidding procedures that were proposed by the Debtors and approved by the Court. It has been designated the Successful Bidder, and has expended thousands of dollars in reliance on that designation. It stands ready, willing and able to complete its purchase of the Lease in accordance with the Assumption and Assignment Agreement that the Debtors required it to execute prior to the auction. It respectfully requests the Court to enter an order approving the assumption and assignment of the lease to it, and not to Laguna Woods.

WHEREFORE, Universal objects to confirmation of the Debtors' proposed assignment of the Lease to Laguna Woods and respectfully requests the Court to enter an order approving the Debtors' assumption and assignment of the Lease to Universal.

I certify that the foregoing statements are true. I am aware that if the foregoing statements are willfully false, I am subject to punishment.

Dated: August 27, 2025                                  /s/ Mohammad Kazmi
                                                                                         Mohammad Kazmi, President
                                                                                         Universal Group Companies