# EXHIBIT C

\* \* \* \* \* \*

This e-mail message from Cole Schotz P.C. is private and may contain privileged information. If you are not the intended recipient, please do not read, copy or use it or disclose it to others. If you have received this message in error, please notify the sender immediately by replying to this message and then delete it from your system.

---

**2 attachments**

📄 **Rite Aid - Final Sale Procedures Order.pdf**
1973K

📄 **Rite Aid - Order Approving Assumption and Assignment of Lease (Universal Group Companies_ Store _856_ Prospect Pa(50459419.1).pdf**
238K

---

**Kazmi .** <sk@upssites.com>                                                                 Thu, Aug 21, 2025 at 12:28 PM
To: "Bass, David" <DBass@coleschotz.com>

David,

Regarding the Laguna Woods transaction arising from the Rite Aid bankruptcy auction, where I was the winning bidder pursuant to the Court-supervised process. Your firm, acting as fiduciary to the estate, has an obligation to exercise its duties in strict compliance with bankruptcy law, court orders, and principles of fair dealing.

Pursuant to your explicit instructions, I complied with all conditions imposed by the landlord, including direct engagement with the landlord and their counsel. As a result, the landlord confirmed satisfaction with my assignment and granted consent to my assumption of the lease.

Despite this, your firm is now attempting to substitute an undisclosed bidder—one who did not participate in the auction, has not been approved as a qualified bidder under the Bankruptcy Court's process, and has not obtained the landlord's consent for lease assignment. Such actions directly conflict with the Bankruptcy Code's requirement of transparency and fairness and raise serious concerns about the fiduciary obligations owed by your firm to creditors, the estate, and the integrity of the auction process itself.

Moreover, the covenants and restrictions imposed by the shopping center against this property are extensive and compliance is material to the landlord's consent. I have adhered to every one of these obligations to the landlord's satisfaction. It is entirely unknown whether this new bidder has even reviewed these restrictions or is even aware of them, let alone complied with them or obtained landlord approval. A party that has not demonstrated compliance or awareness of these strict covenants presents a major risk of failing to secure landlord consent and therefore lacks the certainty to close the transaction. Without proof of compliance, this new bidder cannot possibly be considered "best and highest," as that standard necessarily includes the ability to close in full compliance with all lease obligations of the CRC

As you are aware, a fiduciary duty requires loyalty, good faith, and adherence to court-approved procedures. Certainty of closing and compliance with landlord covenants were integral conditions of the auction. I have met those conditions in full. By contrast, the undisclosed bidder's lack of landlord consent, lack of participation in the auction, and complete absence of engagement with the landlord create a fundamental uncertainty regarding the ability to close the transaction. In bankruptcy sales, "best and highest" does not mean the highest purchase price alone; it necessarily includes certainty of closing, compliance with all conditions, and assurance that the transaction can be completed without delay or risk to the estate. A party who has never even spoken with the landlord, has not obtained landlord approval, and has not gone through the qualification process cannot possibly meet the best and highest standard because there is no evidence or assurance that they can actually close the transaction as required. The result is a substantial risk of failure to close, which undermines the entire purpose of the court-supervised process.

In the Prospect Park matter, when a landlord objected before the court-mandated deadline, your firm stated that the objection was not valid because, although it was submitted within the proper time frame, it did not comply with the strict procedural requirements for objections. I forwarded the landlord's objection email to you, and you confirmed that even though the objection was timely, it was not in the proper form and therefore did not count. Now, in Laguna Woods, the objection is both untimely and procedurally defective, yet you appear to be accepting it, which is inconsistent and concerning. Moreover, in the Prospect Park matter, ColeSchotz offered to have me pay $25,000 to resolve the issue,

8/21/25, 12:49 PM                                                    Shamikh kazmi Mail - SETTLEMENT DISCUSSIONS

which I accepted, even though the landlord had not approved my assignment, and I agreed to pay that amount to settle the matter.

I have incurred approximately $150,000 in costs to complete this transaction in compliance with all court- and landlord-imposed conditions. To avoid formal objection and litigation, I am willing to stipulate to one of the following resolutions:

Proceed with my winning bid as contemplated, in compliance with the Bankruptcy Court's process and landlord approval; or

Compensate me $150,000 for my damages and expenses incurred.

If neither option is acceptable, I will engage bankruptcy counsel to file formal objections, seek enforcement of my winning bid rights, and pursue all available remedies for breach of fiduciary duty and violations of bankruptcy sale procedures.

Please let me know by EOD to give me time to seek counsel if needed.

Thank you!
[Quoted text hidden]

---

**Bass, David** <DBass@coleschotz.com>                                                Thu, Aug 21, 2025 at 12:33 PM
To: "Kazmi ." <sk@upssites.com>

The proposal is rejected. The order and procedures I sent you, which you agreed to, specifically waive any right to the compensation you are requesting. You can object, and we will proceed with litigation for store 856 unless you remit the purchase price this week. Thanks. David

## COLE SCHOTZ P.C.

**DAVID BASS**
**MEMBER**

**OFFICE** 646.563.8932

**EMAIL** dbass@coleschotz.com

Court Plaza North | 25 Main Street | Hackensack, NJ 07601

**NEW JERSEY   NEW YORK   DELAWARE   MARYLAND   TEXAS   FLORIDA   WASHINGTON, D.C.**

**VCARD | BIO | COLESCHOTZ.COM**

Legal Practice Assistant: Aishling Brennan | 201.489.3000 x 5008 | ABrennan@coleschotz.com

[Quoted text hidden]
[Quoted text hidden]

---

**Kazmi .** <sk@upssites.com>                                                         Thu, Aug 21, 2025 at 12:36 PM
To: "Bass, David" <DBass@coleschotz.com>

I will have my attorney reach out thanks

[Quoted text hidden]
  [Quoted text hidden]

  On Thu, Aug 21, 2025 at 10:48 AM Bass, David <DBass@coleschotz.com> wrote:
  [Quoted text hidden]