| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br> **Caption in Compliance with D.N.J. LBR 9004-1** <br><br> Jeffrey Kurtzman, Esquire (JK-7689) <br> **KURTZMAN | STEADY, LLC** <br> 101 N. Washington Avenue, Suite 4A <br> Margate, NJ 08402 <br> kurtzman@kurtzmansteady.com <br> Telephone: (215) 839-1222 <br><br> Attorneys for Scottsville Properties LLC | |
| In re: <br><br> NEW RITE AID, LLC, et al., <br><br>                 Debtors. | Case No. 25-14861 (MBK) <br><br> Chapter 11 <br><br> (Jointly Administered) <br><br> Hearing Date: To be set by the Court |

### OBJECTION OF SCOTTSVILLE PROPERTIES LLC TO DEBTORS' SECOND SUPPLEMENTAL NOTICE OF SUCCESSFUL AND BACKUP BIDDERS WITH RESPECT TO THE AUCTION OF CERTAIN OF THE DEBTORS' LEASES

The objection of Scottsville Properties LLC ("Scottsville"), by and through its undersigned attorneys, to the proposed assumption and assignment of the nonresidential real property lease (the "Lease") for premisess located at 1860 Brownsville Road, Trevose, Pennsylvania (the "Premises") to Dollar Tree Stores, Inc. ("Dollar Tree") pursuant to the Second Supplemental Notice of Successful and Backup Bidders with respect to the Auction of Certain of the Debtors' Leases (the "Assignment Notice") [Doc. No. 2205], respectfully represents as follows:

### BACKGROUND

1. On May 5, 2025 (the "Petition Date"), the above-captioned debtors and debtors-in-p[ossession (collectively, the "Debtors") filed respective volunatary petitions for reorgainzization pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. Pursuant to §§1107 and 1108 of the Bankruptcy Code, the Debtors are continuing in the operation of their respective business and the management of their assets.

3. Scottsville is the owner of the Premises, which is a "shopping center" within the meaning of §365(b)(3) of the Bankruptcy Code.

4. Pursuant to the Lease, Rite Aid of Pennsylvania, LLC, as lessee, leases a portion of the Premises.

5. On August 29, 2025, the Debtors filed the Assignment Notice, which seeks an order authorizing the Debtors to assume and assign the Lease (among other leases) to Dollar Tree pursuant to §365(b) and (f) of the Bankruptcy Code.

6. In addition to the Lease, Scottsville is the lessor under a nonresidential real property lease (the "Family Dollar Lease") with Family Dollar Stores of Pennsylvania, Inc. ("Family Dollar"). A copy of the Family Dollar Lease is annexed hereto and made a part hereof as Exhibit "A".

7. The Family Dollar Lease contains an exclusive use provision restricting Scottsville's ability to enter into a lease with or otherwise permit the tenancy of a competing discount merchandise retailer, which explicitly includes Dollar Tree. Specifically, section 19 of the Family Dollar Lease, relating to Family Dollar's exclusive use, provides in relevant part, as follows:

> 19. EXCLUSIVE USE. So long as [Family Dollar] is open and operating for a use permitted under Paragraph 3 of this Lease, unless [Family Dollar] is closed for renovations or remodeling or reasons set forth in Paragraph 37, FORCE MAJEURE, and so long as [Family Dollar] is not in default of this Lease beyond applicable notice and cure periods, Landlord agrees that Landlord and any entity controlled by Landlord or any partner or principal of Landlord will not lease (or permit the leasing or subleasing of) or sell any space in the Shopping Center, nor any space on any property contiguous with or connected to the Shopping Center owned by or controlled by Landlord or any entity

2

controlled by Landlord or any or any partner or principal of Landlord to any discount store occupying less than 25,000 square feet operated by or under the name of Fred's, Marc's, Wal-Mart, K-Mart, Sears Holdings, Meijer's, Duckwall-Alco, A.J. Wright, Big Lots, Shopke, Parmida, Value City, Dolgencor or Dollar General, Dals, Only Deals, 99 Cents Only, dd's Discounts, **Dollar Tree**, or any entity controlled by, affiliated with or related to any of them, or any other dollar store or single price point stre occupying more than 2,000 square feet, or any store operated by Variety Wholesalers including but not limited to Maxway, Roses, Super 10, Value Mart, Pope's and Bargain Town. (Emphasis added).

8. In the event that Scottsville violates the Family Dollar exclusive use rights, the consequences are severe. Section 19 of the Family Dollar Lease further provides that Family Dollar may elect to terminate the Family Dollar Lease or suspend its fixed rent payment obligation and pay a substantially reduced rent based on a percentage of its monthly sales. In addition, the Family Dollar Lease permits Family Dollar to recover its attorneys' fees and costs in the event that it exercises its rights following a Scottsville breach.

9. Family Dollar is not in default under the Family Dollar Lease, and no circumstances exist which render the exclusive use provision in that instrument invalid or unenforceable.

10. In addition, Dollar Tree is acutely aware of the Family Dollar exclusive use rights and the impediment to any assignment resulting therefrom. Annexed hereto and made a part hereof as Exhibit "B" is an electronic mail message dated August 22, 2025 from Kevin Cohen, Dollar Tree's Regional Leasing Director, in which he sets forth Dollar Tree's proposal to amend the Lease and certain conditions to an assignment. Item 8 presented by Mr. Cohen is a "Family Dollar waiver (we will help with)', by which Mr. Cohen was referring to the Family Dollar exclusive use rights and the need for Family Dollar to waive those rights in order to facilitate an assignment. Mr. Cohen did not specify how Dollar Tree intended to assist in obtaining any such waiver. In any

event, Dollar Tree has not delivered a Family Dollar waiver in connection with the proposed assignment of the Lease as of the date hereof.

### THE RELIEF REQUESTED AND THE REASONS THEREFOR

11.     Section 365(b)(3) of the Bankruptcy Code affords significant protections to shopping center landlords in the context of a debtor's assumption, or assumption and assignment, of a commercial lease.  The statute provides that the adequate assurance of future performance requirement arising generally under §365 may only be satified with respect to a shopping center lease to the extent that "the assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use or exclusivity provision, ***and will not breach any such provision contained in any other lease, financing agreement or master agreement relating to such shopping center;*** and …that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center." 11 U.S.C. §365(b)(3)(C) and (D). Empasis added.

12.     While Congressional intent in restricting shopping center lease assignments is clear from the text of §365(b)(3), Congress also left no room for doubt in the legislative history, which describes a shopping center as "a carefully planned enterprise, and though it consists of numerous individual tenants…is planned as a single unit, often subject to a master lease or financing arrangement."  H.R. Rep. No. 95-595, 348-49 (1978).  This is precisely the situation which is threatened here by virtue of a prospective Dollar Tree use.

13.     Finally, this Court is required to apply the holding of In re Joshua Slocum Ltd., 922 F.2d 1081 (3rd Cir. 1991), which remains controlling law in this circuit and which requires the bankruptcy court to enforce provisions contained in shopping center leases in order to preserve a

landlord's rights even where doing so adversely impacts the debtor's estate by precluding an assignment. See, also, In re Heilig-Meyers Co., 294 B.R. 660, 663 (holding that §365(b)(3)(C) requires a debtor to provide adequate assurance that the assumption and assignment of a shopping center lease is subject to provisions such as radius, location, use or exclusivity and will not result in a breach of any other lease in the shopping center:; Trak Auto Corp v. West Town Center (In re Trak Auto Corp.), 367 F.3d 237 (4th Cir. 2004).

14.  Here, the exclusive use provision contained in the Family Dollar Lease prohibits the Debtors from assigning the Lease to Dollar Tree since doing so would expressly violate a use restriction under a shopping center lease. Similarly, the Family Dollar Lease prohibits Scottsville's consent to any non-conforming assignment of the Lease. Based on the Family Dollar use restriction, this Court must deny the proposed assignment of the Lease to Dollar Tree under §365(b)(3).

## CONCLUSION

15.  For the foregoing reasons, the relief requested in the Assignment Notice should be denied as it relates to Scottsville.

WHEREFORE, Scottsville Properties LLC respectfully requests the entry of an order denying the proposed assignment of the Lease, together with such other and further relief as is just and proper.

Dated:  September 2, 2025                                KURTZMAN | STEADY, LLC

                                                         **By: /s/ JeffreyKurtzman**
                                                         Jeffrey Kurtzman, Esquire
                                                         101 N. Washington Avenue, Suite 4A
                                                         Margate, NJ  08402
                                                         Telephone:  (856) 428-1060
                                                         Email:  kurtzman@kurtzmansteady.com

                                                         Attorneys for Scottsville Properties LLC