**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel for Debtors and Debtors in Possession*

*Co-Counsel for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No. 25-14861 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING**
**ON THE DEBTORS' MOTION FOR**
**ENTRY OF AN ORDER (I) EXTENDING THE DEBTORS'**
**EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND**
**SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121**
**OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion for Entry of an Order*

*(I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances*

*Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief*

---

[1]   The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

(the "Motion") will be held on **September 30, 2025 at 10:00 a.m. (prevailing Eastern Time)** or

as soon thereafter as counsel may be heard (the "Hearing") before the Honorable Judge Michael

B. Kaplan, Clarkson S. Fisher United States Courthouse, 402 East State Street, Second Floor,

Courtroom 8, Trenton, NJ 08608.

 **PLEASE TAKE FURTHER NOTICE** that the Motion sets forth the relevant factual

bases upon which the relief requested should be granted.  A proposed order granting the relief

requested in the Motion is also submitted herewith.

 **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in

the Motion shall:  (a) be in writing; (b) state with particularity the basis of the objection; and (c) be

filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who

regularly practice before the Bankruptcy Court in accordance with the General Order Regarding

Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002

(the "General Order") and the Commentary Supplementing Administrative Procedures dated as of

March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental

Commentary and the User's Manual for the Electronic Case Filing System can be found at

www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties in

interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with

the General Order and the Supplemental Commentary, so as to be received no later than seven (7)

days before the hearing date set forth above.

 **PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are

timely filed, served, and received will be considered at the Hearing.  Failure to file a timely

objection may result in entry of a final order granting the Motion as requested by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that unless objections are timely filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d) and the relief requested may be granted without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases may be obtained free of charge by visiting the website of Kroll Restructuring Administration, LLC at https://restructuring.ra.kroll.com/RiteAid2025/.   You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:  September 2, 2025

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Co-Counsel for Debtors and
Debtors in Possession*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Co-Counsel for Debtors and Debtors in Possession*

**COLE SCHOTZ P.C.**

Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No. 25-14861 (MBK) |
| Debtors.[1] | (Jointly Administered) |

# DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (the "Motion"):[2]

---

[1]   The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

[2]   Capitalized terms not otherwise defined herein shall have the meaning set forth in the First Day Declaration, defined below.

**Introduction**

1.      By this Motion, the Debtors respectfully request that the United States Bankruptcy Court for the District of New Jersey (the "Court") extend the Debtors' exclusive right to file a chapter 11 plan through and including December 31, 2025 (the "Filing Exclusivity Period"), and to solicit votes thereon through and including March 3, 2026 (the "Soliciting Exclusivity Period" and, together with the Filing Exclusivity Period, the "Exclusivity Periods").

2.      The Debtors intend to file a chapter 11 plan of reorganization (as may be amended, supplements, or modified from time to time, the "Plan") in the near term, as well as a disclosure statement relating to the Plan (the "Disclosure Statement") and a motion seeking conditional approval of the Disclosure Statement, approval of solicitation procedures and approval of a proposed timeline for plan confirmation (the "DS Motion"). Accordingly, the Debtors seek an extension of their Exclusivity Periods to allow sufficient time for the Debtors to solicit votes on the Plan at the same time that they are concluding the ongoing sale processes.

3.      Given the progress of the sale processes to date and the chapter 11 cases generally, there is good cause to grant this first extension request, which will allow the Debtors to focus on maximizing value for all stakeholders and pursuing confirmation of the Plan. On May 5, 2025, with the support of their secured lenders, the Debtors entered bankruptcy to conduct orderly and value maximizing sales processes. To do so, the Debtors obtained commitments for an approximately $2 billion DIP financing package and proposed a framework to implement several multi-track sales processes, including a comprehensive sales process for substantially all of their assets. Recognizing the need to move swiftly towards implementation of these processes, the Debtors filed pleadings to approve their proposed bidding procedures, lease sale procedures, and lease rejection procedures, in addition to seeking other standard "first day" relief. In just under

four months since filing those documents, the Debtors have taken important steps to advance these

sales and their chapter 11 cases.  Specifically, the Debtors have:

- ***"First Day" Relief***.  Obtained all crucial "first day" relief, on a final basis, enabling the Company to smoothly transition their operations into chapter 11;

- ***DIP Facilities***.  Obtained approval of the DIP Facilities on a final basis with the support of key stakeholder constituencies (including the official committee of unsecured creditors (the "<u>Committee</u>") and the Debtors' prepetition lenders), providing continued access to sufficient liquidity for the Debtors to continue conducting their orderly sale processes;

- ***Sale Process***.  Following a prepetition marketing process, obtained Court approval of procedures governing the sale of substantially all of the Debtors' assets, with closings occurring on an ongoing basis; and

- ***Plan Negotiations***.  Negotiated a restructuring support agreement and worked towards an agreed form of Plan with certain of their key stakeholders, with the goal of implementing a cost-effective path towards emergence for the Debtors, and obtained this approval of procedures for the settlement of administrative claims to facilitate the foregoing.

4.      Although much work remains to be done, the Debtors' progress to date has been

achieved in no small part due to the breathing room afforded not only by the automatic stay, but

also by the exclusive right of debtors in possession in chapter 11 proceedings to pursue

confirmation of a chapter 11 plan.  Throughout the coming weeks, it is critical that the Debtors

retain the exclusive right to file and solicit a chapter 11 plan to avoid the time-consuming

distractions that would be caused by the filing of an alternative plan.  The Debtors therefore seek

a 120-day extension of their Filing Exclusivity Period through and including December 31, 2025,

and of their Soliciting Exclusivity Period through and including March 3, 2026.  The proposed

extensions will allow the Debtors to proceed toward confirmation and implementation of the Plan.

5.      For these reasons, and the reasons set forth below, the Debtors respectfully submit

that "cause" exists under section 1121 of title 11 of the United States Code

(the "<u>Bankruptcy Code</u>") to extend the Exclusivity Periods on the terms set forth herein.

## Relief Requested

6.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"):  (a) extending (i) the Debtors' Filing Exclusivity Period by 120 days through and including December 31, 2025, and (ii) the Debtors' Soliciting Exclusivity Period by 120 days through and including March 3, 2026,[3] without prejudice to the Debtors' right to seek further extensions of the Exclusivity Periods; and (b) granting related relief.

## Jurisdiction and Venue

7.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.).  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

8.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

9.      The bases for the relief requested herein are section 1121 of the  Bankruptcy Code and rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

10.      On May 5, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Marc Liebman, Chief Transformation Officer of the Debtors, in Support*

---

3    By operation of Bankruptcy Rule 9006, the current 180-day period expires on Monday, November 3, 2025.

*of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 24]

(the "<u>First Day Declaration</u>"), and incorporated herein by reference.

11.     The Debtors are operating their business and managing their properties as debtors

in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On May 7, 2025,

the Court entered an order authorizing procedural consolidation and joint administration of these

chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 122].  On May 15, 2025, the

Office of the United States Trustee for the District of New Jersey (the "<u>U.S. Trustee</u>") appointed

the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 316], as

amended and reconstituted on May 19, 2025 [Docket No. 440].  No request for the appointment

of a trustee or examiner has been made in these chapter 11 cases.

### Basis for Relief

12.     A debtor has the exclusive right to propose a chapter 11 plan for the first 120 days

of a chapter 11 case pursuant to section 1121(b) of the Bankruptcy Code.  Section 1121(c)(3) of

the Bankruptcy Code extends the period of exclusivity for an additional sixty days, to an initial

maximum of 180 days, where the debtor has filed a chapter 11 plan and is soliciting votes on such

plan.  "[T]he point of exclusivity is to promote an environment in which the debtor's business may

be rehabilitated and a consensual plan may be negotiated." *Cont'l Casualty Co.* v. *Burns and Roe*

*Enters., Inc. (In re Burns and Roe Enters., Inc.)*, No. 00-41610 (RG), 2005 WL 6289213, at *4

(D.N.J. Nov. 2, 2005).  In these chapter 11 cases, the Exclusivity Period and Soliciting Exclusivity

Period, set forth in sections 1121(b) and 1121(c) of the Bankruptcy Code, will expire on September

2, 2025 and November 3, 2025, respectively, absent further order of the Court.[4]  The Debtors seek

---

[4]     Pursuant to the *Chapter 11 Complex Case Management Order* [Docket No. 502] (the "<u>Case Management Order</u>"),
        if a motion to extend the time for a party to take any action is filed before the expiration of the period prescribed

an extension of the Exclusivity Periods to continue working toward finalizing, confirming and consummating the Plan.

13.     Section 1121(d)(1) of the Bankruptcy Code permits a court to extend a debtor's exclusivity "for cause," subject to certain limitations not relevant here.    Specifically, section 1121(d) of the Bankruptcy Code provides that "on request of a party in interest made within the respective periods . . . of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d).   Although the term "cause" is not defined by the Bankruptcy Code, the legislative history indicates it is intended to be a flexible standard, and one which allows a debtor a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and nonfinancial information concerning the ramifications of any proposed plan for disclosure to creditors.  *See In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

14.     Courts within the Third Circuit have held that the decision to extend a debtor's exclusivity period is left to the sound discretion of a bankruptcy court and should be based on the totality of the circumstances in each case.  *See Cont'l Casualty*, 2005 WL 6289213, at *3 ("Whether or not to grant an extension of exclusivity 'is a matter of discretion based on all facts and circumstances.'") (quoting *In re Mid-State Raceway, Inc.*, 323 B.R. 63, 68 (Bankr. N.D.N.Y. 2005)).  In particular, bankruptcy courts, including in New Jersey, typically examine several factors to determine whether a debtor has had an adequate opportunity to develop, negotiate, and propose a chapter 11 plan and thus whether there is "cause" for extension of a debtor's exclusivity.

---

by the Bankruptcy Code, "the time must be automatically extended until the Court rules on the motion, without the necessity of a bridge order." *See* Case Management Order, pg. 13, Section XIII.

*See Mo v. H.S.B.C. Bank USA, N.A. (In re Mo)*, 650 B.R. 193, 227–28 (Bankr. D.N.J. 2023)

(quoting *In re Cent. Jersey Airport Servs.*, 282 B.R. at 184).  These factors include the following:

(a)     the size and complexity of the case;

(b)     the existence of good faith progress toward reorganization;

(c)     the necessity of sufficient time to negotiate a plan of reorganization and prepare adequate information to allow a creditor to determine whether to accept such plan;

(d)     whether the debtor is paying its debts as they become due;

(e)     whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(f)     whether the debtor has made progress negotiating with creditors;

(g)     the length of time a case has been pending;

(h)     whether the debtor is seeking an extension to pressure creditors; and

(i)     whether or not unresolved contingencies exist.

*Id.*

15.     Not all of these factors are relevant to every case, and courts use only the relevant subset of the above factors to determine whether cause exists to grant an exclusivity extension in a particular chapter 11 case.  *See, e.g.*, *In re Express One Int'l Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (identifying four of the factors as relevant in determining whether "cause" exists to extend exclusivity).  For example, both Congress and courts have recognized that the size and complexity of a debtor's case alone may constitute cause for extension of a debtor's exclusive periods to file a plan and solicit acceptances of such a plan.  H.R. Rep. No. 95-595, at 231–232, 406 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6191 ("[I]f an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement."); *see Cont'l Casualty*, 2005 WL 6289213, at *3 (quoting *Texaco*, 76 B.R. at 326) ("The large size of the debtor and the consequent difficulty in

7

formulating a plan of reorganization for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods.").

16.     As set forth below, the Debtors' chapter 11 cases satisfy the relevant factors and, thus, sufficient "cause" exists to extend the Exclusivity Periods as provided herein.  There is ample precedent in this district for an initial extension of exclusivity.  *See, e.g.*, *In re CCA Construction, Inc.*, No. 24-22548 (MBK) (Bankr. D.N.J. May 23, 2025) (granting an initial exclusivity extension of 120 days and a solicitation exclusivity extension of 120 days); *In re Invitae Corporation*, No. 24-11362 (MBK) (Bankr. D.N.J. June 11, 2024) (granting an initial exclusivity extension of 60 days and a solicitation exclusivity extension of 60 days); *In re Rite Aid Corporation,* No. 23-18993 (MBK) (Bankr. D.N.J. April 11, 2024) (granting an initial exclusivity extension of 75 days and a solicitation exclusivity extension of 75 days); *In re Cyxtera Technologies, Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Sept. 21, 2023) (granting an initial exclusivity extension of 120 days and a solicitation exclusivity extension of 120 days); *In re Bed Bath & Beyond Inc.*, No. 23-13359 (VFP) (Bankr. D.N.J. Aug. 2, 2023) (granting an initial exclusivity extension of 90 days); *In re Blockfi Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Apr. 19, 2023) (granting an initial filing exclusivity extension of 48 days and a solicitation exclusivity extension of 73 days); *In re Nat'l Realty Investment Advisors LLC*, No. 22-14539 (JKS) (Bankr. D.N.J. Oct. 5, 2022) (granting an initial exclusivity extension of 120 days).[5]

**I.    The Debtors' Chapter 11 Cases are Large and Complex**.

17.     These chapter 11 cases involve 118 Debtor entities that operate one of the industry's few retail drug store chains.  As of the Petition Date, the Debtors operated 1,277 stores and 3

---

[5]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' counsel.

distribution centers in 15 states and employed approximately 24,500 people.  The Debtors' primary

business line was their pharmacy segment that offered a wide range of health care services to

millions of customers, including dispensing medications, performing immunizations and other

clinical care, assisting pharmacy-care customers with high blood pressure and diabetes care, and

educating pharmacy-care customers on managing their medications and potential side effects.

Through their front-end merchandise business, the Debtors also sold various products, including

health and beauty aids, personal care products, seasonal merchandise, and a large private brand

portfolio of food and consumer products, both in their physical locations and on their e-commerce

platform.  As of the Petition Date, the Debtors collectively had approximately $2 billion in long-

term liabilities and estimated assets of more than $1 billion.

18.     During these chapter 11 cases, the Debtors have been engaged in multiple

comprehensive sale processes with the goal of maximizing value for the Debtors' estates.  With

substantial assistance from the Debtors' employees, professionals, and advisors, the sale processes

have covered the Debtors' retail pharmacy assets, valuable long-term lease and fee owned property

assets, and remaining assets.  Consistent with the Bidding Procedures Order,[6] the Debtors have

engaged in and obtained approval of the sale of Pharmacy Assets to, among others, CVS Pharmacy,

Inc. and Walgreen Co.  *See* Docket Nos. 469 and 470.  The Debtors also conducted a full marketing

process for their unsold Pharmacy Assets and their Remaining Assets (including their Thrifty Ice

Cream business), which ultimately resulted in Court-approved sales of such assets to KPH

Healthcare Services, Inc [Docket No. 1178] and Hilrod Holdings, L.P. [Docket No. 1179],

---

[6]  The "Bidding Procedures Order" shall mean the Order (I) Approving Auction and Bidding Procedures (II)
Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice
Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases,
(V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets
and (B) Shortened Notice With Respect Thereto, and (VII) Granting Related Relief [Docket No. 142].

respectively.[7]  At the same time, the Debtors marketed and sold their lease assets and fee owned

properties pursuant to the Lease Sale Procedures Order.[8]  The Debtors marketed for sale:  (a) 1,180

lease assets, of which 143 were successfully auctioned; and (b) 49 fee-owned properties, all of

which were successfully auctioned.  Although no further auctions are currently scheduled, the

Debtors continue to review bids received for their Assets on a rolling basis.  In addition, the

Debtors' staged store closing sales process remains ongoing and, as of the date hereof, 42

pharmacies and 50 front-end stores remain operational, and the Debtors continue to work to wind

down these operations and close outstanding sale transactions.

19.     The Debtors have also appeared before the Court on numerous occasions seeking

approval of the foregoing sales and resolution of related disputes.  To that end, the Court has

entered numerous orders approving the sale of Pharmacy Assets, Remaining Assets, lease and fee

owned property assets, resolving cure disputes, and approving lease termination agreements.[9]

20.     As set forth above, the scale of the Debtors' sale processes, which remain ongoing,

makes these chapter 11 cases undoubtedly complex and weighs in favor of extending the

Exclusivity Periods.

---

[7]  Additionally, the Debtors sold certain Pharmacy Assets (i) to Giant Eagle, Inc. on July 2, 2025 [Docket No. 1306],
(ii) jointly to Unity Rx 103 LLC and Aspire Rx LLC on July 18, 2025 [Docket No. 1492], and (iii) to Med One
Pharmacy Inc. on August 6, 2025 [Docket No. 1819].  The Debtors consummated each of the foregoing Pharmacy
Asset sales in accordance with the terms of the applicable purchase agreement.

[8]  The "Lease Sale Procedures Order" shall mean and refer to the Final Order (I) Establishing Procedures for the Sale
of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief [Docket No. 804].

[9]  See, e.g. Docket Nos. 469, 470, 472, 473, 1408, 1409, 1437, 1546, 1730, 1751, 1893, 1894, 1895, 1896, 1897,
1898, 1899, 1900, 1901, 1902, 1903, 1925, 1926, 1927, 1928, 1929, 1930, 1931, 1932, 1933, 1934, 1959, 1960,
1983, 1984, 1986, 1989, 1990, 1992, 2026, 2028, 2029, 2030, 2171, 2172, 2173, 2174, 2175, 2176, 2177, 2198,
2199, 2201, 2203, 2208, 2215, 2216, 2217 and 2240.

## I.      The Debtors Have Made Good-Faith Progress Towards an Orderly Chapter 11 Liquidation.

21.      During their short time in chapter 11, the Debtors have made significant progress in winding down their operations and administering these chapter 11 cases.  Consistent with their obligations under the DIP Order,[10] the Debtors satisfied several required milestones in these chapter 11 cases, including the Sale Procedures Milestones, Business Sale Milestones and Other Milestones (each as defined in the DIP Order) that established, *inter alia*, deadlines for the Debtors to file and obtain approval of certain sale and store closing-related pleadings.  The Debtors have also made substantial progress in liquidating their assets and obtaining approval of the various sales to effectuate an orderly wind down of their estates, as detailed above.  In addition, shortly after the filing of this Motion, the Debtors intend to file the Plan, Disclosure Statement, and DS Motion with the support of their key stakeholders, which will set the Debtors on a path towards an expeditious and cost-effective emergence from their chapter 11 cases.  Accordingly, the Debtors' substantial progress emergence from these chapter 11 cases, and the meaningful negotiations the Debtors have conducted with creditors and stakeholders in connection therewith, weigh in favor of the extensions of the Exclusivity Periods.

## II.     An Extension of the Exclusivity Periods Will Not Prejudice Creditors.

22.      The Debtors are not seeking extensions of the Exclusivity Periods to pressure or prejudice any of their stakeholders.  Rather, extensions of the Exclusivity Periods will support the ongoing sale process which benefits all stakeholders.  Continued exclusivity will permit the Debtors to maintain the speed of their operational wind down, as competing plans that could

---

[10]  The "DIP Order" shall mean and refer to the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [Docket No. 1396].

otherwise derail the Debtors' ongoing sale processes or prosecution of the Plan, which would lead to costly, time-consuming distractions, could not be filed.  The Debtors have already engaged in significant efforts to reduce their operational overhead and right-size their management team given these reduced operations, and being required to dual-track negotiations across multiple plans would distract the Debtors' already hardworking management team and consequently interfere with the Debtors' ongoing sale and confirmation processes to the detriment of all stakeholders. Moreover, throughout these chapter 11 cases, the Debtors have continued to honor their postpetition obligations in the ordinary course.  Ultimately, extending the Exclusivity Periods will benefit, not prejudice, the Debtors' estates, their creditors, and all other key parties in interest.

### III.        The Debtors Are Paying Their Bills as They Come Due.

23.     Since the Petition Date, the Debtors have paid their postpetition debts in the ordinary course of business or as otherwise provided by Court order, which weighs in favor of an extension of the Exclusivity Periods.

### IV.        These Cases Are Approximately Four Months Old.

24.     The Debtors' request for an extension of the Exclusivity Periods is the Debtors' first such request and comes approximately four months after the Petition Date.  As discussed above, during this short time, the Debtors have accomplished a great deal and continue to work diligently with all stakeholders towards a timely resolution of these chapter 11 cases.  While this represents great progress for the Debtors and their stakeholders, the Debtors still have work to do, including continued negotiation and solicitation of the forthcoming Plan, and seeking conditional and final approval of the Disclosure Statement and confirmation of the Plan.

25.     An objective analysis of the relevant factors demonstrates that the Debtors are making meaningful progress in these chapter 11 cases.  The Debtors submit that sufficient cause

exists to extend the Exclusivity Periods as provided herein, particularly since the Debtors will file their Plan and Disclosure Statement shortly.

### **Waiver of Memorandum of Law**

26.     The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to rule 9013-1(a)(3) of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules") because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

### **No Prior Request**

27.     No prior request for the relief sought in this Motion has been made to this or any other court.

### **Notice**

28.     The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable:  (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Prepetition ABL Agent and counsel thereto; (d) the DIP Agent and counsel thereto; (e) the trustees for the Senior Secured Notes and counsel thereto; (f) the United States Attorney's Office for the District of New Jersey; (g) the Internal Revenue Service; (h) the attorneys general in the states where the Debtors conduct their business operations; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Order, in substantially the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

Dated:  September 2, 2025

_/s/ Michael D. Sirota_

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Co-Counsel for Debtors and
Debtors in Possession*

## <u>Exhibit A</u>

**Proposed Order**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br>                                        Debtors. [1] | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

**ORDER (I) EXTENDING THE DEBTORS'**
**EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND**
**SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121**
**OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through four (4) is

**ORDERED.**

---

[1]    The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843.   A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025.   The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel for Debtors and
Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al*. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* (the "<u>Motion</u>"),[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), for entry of an order (this "<u>Order</u>") (a) extending the Debtors' Filing Exclusivity Period by 120 days through and including December 31, 2025, and the Debtors' Soliciting Exclusivity Period by 120 days through and including March 3, 2026, without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court

---

[2]   Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief |

(the "Hearing"); and this Court having determined that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and upon all of the proceedings had before

the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY**

**ORDERED THAT:**

1.      The Motion is **GRANTED** on a basis as set forth herein.

2.      Pursuant to section 1121(d) of the Bankruptcy Code, the Filing Exclusivity Period

pursuant to section 1121(b) of the Bankruptcy Code is hereby extended through and including

December 31, 2025.

3.      Pursuant to section 1121(d) of the Bankruptcy Code, the Soliciting Exclusivity

Period pursuant to section 1121(c) of the Bankruptcy Code is hereby extended through and

including March 3, 2026.

4.      Nothing herein shall prejudice the Debtors' rights to seek further extensions of the

Exclusivity Periods consistent with section 1121(d) of the Bankruptcy Code.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief

granted pursuant to this Order in accordance with the Motion.

6.      The requirement set forth in Local Rule 9013-1(a)(3) that any motion be

accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion

or otherwise waived.

7.      This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.