**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel for Debtors and Debtors in Possession*

*Co-Counsel for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*,[1] | Case No.  25-14861 (MBK) |
| Debtors. | (Jointly Administered) |

**DEBTORS' APPLICATION IN LIEU OF MOTION IN SUPPORT OF ENTRY OF THE STIPULATION AND CONSENT ORDER BY AND BETWEEN THE DEBTORS AND XIFIN, INC., INCLUDING ITS OMNISYS PHARMACY DIVISION, REGARDING <u>TERMINATION AND REJECTION OF MASTER SERVICES AGREEMENT</u>**

TO THE HONORABLE MICHAEL B. KAPLAN,
UNITED STATES BANKRUPTCY JUDGE:

        The above-captioned debtors and debtors-in-possession (the "**<u>Debtors</u>**"), by and through

their undersigned co-counsel, respectfully state the following in support of this application (the

---

[1]     The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

"**Application**"), pursuant to D.N.J. LBR 9019-4(b), seeking the approval and entry of the proposed *Stipulation and Consent Order by and Between the Debtors and XIFIN, Inc., Including Its OmniSys Pharmacy Division, Regarding Termination and Rejection of Master Services Agreement* (the "**Proposed Stipulation**"),[2] a copy of which is attached hereto as **Exhibit A**, and respectfully states as follows:

1.      On May 5, 2025 (the "**Petition Date**"), each Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      As explained in the *Declaration of Marc Liebman, Chief Transformation Officer of the Debtors, in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 24], the Debtors are engaging in a value-maximizing sales process.  This value-maximizing process includes the sale of substantially all of the Debtors' assets, closing of store locations, and the evaluation and potential sale of the Debtors' lease and real property portfolio.

3.      Prior to the Petition Date, XIFIN, Inc. (together with its OmniSys Pharmacy Division, "**XIFIN**") and the Debtors (together with XIFIN, the "**Parties**") entered into that certain Master Services Agreement dated April 12, 2023 (the "**MSA**"), pursuant to which XIFIN provided professional services to the Debtors.

4.      XIFIN contends that although it has performed all of its responsibilities under the MSA, the Debtors have not paid the amounts due thereunder.

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Proposed Stipulation.

5.      The Parties have engaged in arm's-length negotiations regarding the purported defaults under the MSA.  The Parties have reached a resolution with respect to the MSA and the related defaults, as memorialized in the Proposed Stipulation.

6.      The Parties desire to have the settlement memorialized in the Proposed Stipulation approved as soon as possible and have entered into the Proposed Stipulation to obtain the Bankruptcy Court's approval thereof.

7.      This Application is submitted pursuant to D.N.J. LBR 9019-4(b) in lieu of a motion in support of the Debtors' request that the Court enter the Proposed Stipulation, as presented.  The Debtors submit that the Proposed Stipulation is in the best interests of Debtors' estates and creditors.

8.      No previous application for the relief sought herein has been made to this or any other Court.

*[Remainder of Page Intentionally Left Blank.]*

Dated:  September 3, 2025

*/s/ Michael D. Sirota*
_____

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Stipulation**

Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br>                    Debtors.[2] | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

### STIPULATION AND CONSENT ORDER BY AND BETWEEN THE DEBTORS AND XIFIN, INC., INCLUDING ITS OMNISYS PHARMACY DIVISION, REGARDING TERMINATION AND REJECTION OF MASTER SERVICES AGREEMENT

The relief set forth on the following pages, numbered three (3) through five (5), is

**ORDERED**.

---

[2]    The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

Caption in Compliance with D.N.J. LBR 9004-1(b)

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email:  arosenberg@paulweiss.com
        aeaton@paulweiss.com
        chopkins@paulweiss.com
        smitchell@paulweiss.com

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
Seth Van Aalten (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:  msirota@coleschotz.com
        wusatine@coleschotz.com
        fyudkin@coleschotz.com
        svanaalten@coleschotz.com

*Co-Counsel to the Debtors and Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No.: | 25-14861 (MBK) |
| Caption of Order: | Stipulation and Consent Order by and Between the Debtors and XIFIN, Inc., Including Its OmniSYS Pharmacy Division, Regarding Termination and Rejection of Master Services Agreement |

This Stipulation and Consent Order (the "Stipulation") is entered into by and between the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), XIFIN, Inc., Including Its OmniSYS Pharmacy Division (collectively, "XIFIN" and together with Rite Aid and Rite Aid Hdqtrs. Corp., the "Parties"). The Parties hereby stipulate and agree as follows:

## RECITALS

**WHEREAS**, on May 5, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Court").

**WHEREAS**, debtor Rite Aid Hdqtrs. Corp., on behalf of itself and certain of its debtor affiliates (collectively, "Rite Aid"), and XIFIN are parties to that certain Master Services Agreement dated April 12, 2023 (the "Agreement") regarding certain professional services provided by XIFIN to Rite Aid, as more fully described in the Agreement and its supporting documents.

**WHEREAS**, pursuant to its terms, the Agreement between the Parties is still in effect. XIFIN contends that it has performed all of its responsibilities under the Agreement.

**WHEREAS**, XIFIN contends that Rite Aid as not paid the amounts due under the Agreement and from the Petition Date through the date of this Stipulation, the amount due by Rite Aid to XIFIN is approximately $111,323.97 ("Rejection Damages"). In addition to the Rejection Damages, XIFIN contends that there are pre-petition amounts due by Rite Aid to XIFIN.

**WHEREAS**, Rite Aid and XIFIN have mutually agreed to the termination and rejection of the Agreement, pursuant to the terms set forth herein.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS SO ORDERED AS FOLLOWS:**

1.      Effective as of the date the Court approves this Stipulation (the "Effective Date"), the Agreement shall immediately be terminated in its entirety by mutual agreement of the Parties and deemed rejected pursuant to 11 U.S.C. § 365.

2.      Except as provided for in Paragraphs 3 and 4 below of this Stipulation, effective as of the Effective Date, (a) XIFIN waives and releases any and all claims arising under or relating to the Agreement against the Debtors and their estates, including, but not limited to, any indemnification claims; and (b) the Debtors waive and release any and all claims arising under or relating to the Agreement against XIFIN including, but not limited to, any indemnification claims. After the Effective Date, no Party shall have any rights or obligations arising under or relating to the Agreement. For the avoidance of doubt, nothing herein shall constitute a waiver of claims arising under and/or to enforce this Stipulation.

3.      XIFIN reserves any and all rights to submit a proof of claim for Rejection Damages and any other pre-petition damages arising out of the Agreement and nothing herein shall constitute a waiver of XIFIN's rights to submit its proof of claim in this Bankruptcy Case. Nothing herein shall constitute a waiver of Debtors' rights to object to any claim filed by XIFIN in this Bankruptcy Case.

4.      Nothing in this Stipulation is intended or should be construed as a waiver or limitation of the Parties' rights and claims under the Bankruptcy Code or any other applicable law, which rights and claims are expressly preserved.

5.      The Parties are authorized to take all actions necessary to effectuate the relief granted pursuant to and in accordance with this Stipulation.

6.      The Parties acknowledge that this Stipulation is the joint work product of the Parties, and that, accordingly, in the event of ambiguities, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

4

7.      Each Party represents and warrants to the other that it has the power and authority to enter into this Stipulation. Each person who executes this Stipulation on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such Party and that each such Party has full knowledge of, and has consented to, this Stipulation.

8.      The terms and conditions of this Stipulation shall be immediately effective and enforceable upon approval by the Court.

9.      The Court retains sole and exclusive jurisdiction with respect to the enforcement, interpretation, and implementation of this Stipulation.

**IN WITNESS WHEREOF**, and in agreement herewith, the Parties have executed and delivered this Stipulation as of the date set forth below.

Dated: September __2__, 2025

**XIFIN, Inc., a California Corporation**

**RITE AID HDQTRS. CORP. (on behalf of itself and each of its subsidiaries and affiliates**

*Martin Barrack*

*/s/ Michael D. Sirota*

_____

_____

By:   Martin Barrack
Its:   CLO

By: Michael D. Sirota
Its: Counsel

5