Law Office of Shmuel Klein PA
Attorney for HVP2 LLC
113 Cedarhill Ave
Mahwah, NJ 07430
845-425-2510
Attorney ID 00851987
email:shmuel.klein@verizon.net

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re:
New Rite Aid, LLC, *et al.*,1
Debtors

Chapter 11
Case No. 25-14861 (MBK)

### OPPOSTION TO DEBTORS' MOTION FOR FOR ENTRY OF AN ORDER (I) EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF

COMES NOW HVP2 LLC, and possibly other landlords, who each object to the consolidated Debtors-in-possession motion to extend its exclusive period to file a Chapter 11 Plan and solicit acceptances.

1.      On May 5, 2025 (the "Petition Date"), NEW RITE AID LLC and certain of its affiliated debtors (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), ultimately consolidated into the above-captioned case.   Since the Petition Date, the Debtors have continued to occupy, do business and manage their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.      The Debtor has not shown sufficient "cause" for the extension.

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

3.    Code Section 11 U.S.C. § 1121(b) provides that, "Except as otherwise provided in this section, only the debtor may file a plan until after 120-days after the date of the order for relief under this chapter."  "The decision to extend or terminate exclusivity for cause is within the discretion of the Bankruptcy Court, and is fact specific. The elements that constitute "cause" are not specified by § 1121(d) of the Code, but Courts identified factors to be considered when determining whether "cause" exists to reduce or increase a Debtor's exclusivity period." R.G. Pharmacy, 374 BR 484, 487 (Bankr. Ct. 2007).  The factors are: a) the size and complexity of the case; b) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information; c) the existence of good faith progress toward reorganization; d) the fact that the debtor is paying its bills as they become due; e) whether the debtor has demonstrated reasonable prospects for filing a viable plan; f) whether the debtor has made progress in negotiations with its creditors; g) the amount of time which has elapsed in the case; h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and i) whether an unresolved contingency exists.

4.    This Debtor has admitted from the beginning that it has no hope of reorganization.  All applications by the Debtor are to liquidate.  There is no plan of reorganization to confirm.  The case must be converted to Chapter 7 which will save MILLIONS of dollars to pay creditors and not attorneys, consultants and corporate board members.

5.    This Court has already short circuited the ballot process by entering an order for payment of administrative expenses for pennies on the dollar.   The Court based it's decision on the representation of the Debtor that payments to creditors would come sooner than later.  That representation is false. The Debtor has failed to pay promised "tag rent" due in May.  The Debtor continues to liquidate its leases and other assets.  This Vicinage has very qualified Chapter 7 Trustees who will accomplish the same result are far less cost to the Estate and a far greater remuneration to Creditors.

6.  I certify that the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false I am subject to punishment.

WHEREFORE it is respectfully requested the Debtors' motion specifically include the obligation for the Debtor to pay all post-petition payments to its landlords under the leases and for such other relieve as the Court may deem just and proper.

Dated: September 3, 2025        Law Office of Shmuel Klein PA
                                BY: /s/ Shmuel Klein
                                Shmuel Klein, Esq.
                                Attorney for HVP2 LLC