**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: <br><br> NEW RITE AID, LLC, *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 25-14861 (MBK) <br><br> (Jointly Administered) |

**CERTIFICATE OF PUBLICATION**

I, Jean-Christophe Gache, declare and state as follows:

I am employed by Kroll Restructuring Administration LLC, the claims and noticing agent for the Debtors in the above-captioned chapter 11 cases.

This Certification of Publication includes certification verifying that the *Notice of Election Deadline for the Settlement of Administrative Claims,* as conformed for publication, was published on August 18, 2025 in the national edition of *The New York Times*, as described in the proof of publication attached hereto as **Exhibit A**.

Dated: August 28, 2025

*/s/ Jean-Christophe Gache*
Jean-Christophe Gache

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

SRF 90930

**Exhibit A**



**The New York Times Company**

620 8th Avenue
New York, NY 10018
nytimes.com

# PROOF OF PUBLICATION

August 18, 2025

I, Larnyce Tabron, in my capacity as a Principal Clerk of the Publisher of The New York Times, a daily newspaper of general circulation printed and published in the City, County, and State of New York, hereby certify that the advertisement annexed hereto was published in the editions of The New York Times on the following date or dates, to wit on.

8/18/20025, NY/NATL, pg B5

_Larnyce Tabron_

Sworn to me this 18th day of August, 2025

_[signature]_

Shannon Schmidt
Online Notary Public
State of New York
Nassau County
Commission #: 01SC0033223
Commission Expires: 01/28/2029

---

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

In re: NEW RITE AID, LLC, et al., Debtors.[1]

Chapter 11
Case No. 25-14861 (MBK)
(Jointly Administered)

**NOTICE OF ELECTION DEADLINE FOR THE SETTLEMENT OF ADMINISTRATIVE CLAIMS**

PLEASE TAKE NOTICE THAT on August 14, 2025, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. 1883] (the "Administrative Claims Procedures Order"): (a) approving the terms of the Administrative Claims Procedures; (b) authorizing the above captioned debtors and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to carry out the terms of the Administrative Claims Procedures; (c) approving the noticing procedures in respect of the Administrative Claims Procedures; (d) approving the form and manner of the Election Form to be distributed to Administrative Claimants; (e) scheduling certain dates with respect thereto; and (f) approving procedures for soliciting, receiving, and tabulating votes on the Administrative Claims Procedures.[2]

PLEASE TAKE FURTHER NOTICE THAT the Administrative Claims Procedures provides holders of Administrative Claims with an option to elect to certain treatment in respect of such claims. For the specific terms and conditions of the Administrative Claims Procedures, please refer to the terms of the program, which can be accessed as described below.

PLEASE TAKE FURTHER NOTICE THAT the Administrative Claims Procedures Order established **September 16, 2025 at 5:00 p.m. (prevailing Eastern Time)** (the "Election Deadline") as the deadline by which certain holders of Administrative Claims may elect to opt-in to or opt-out of the Administrative Claims Procedures.

PLEASE TAKE FURTHER NOTICE THAT by August 19, 2025, the Debtors shall cause the Administrative Claimant Materials to be distributed to known holders of Administrative Claims in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Administrative Claims Procedures Order, and the Administrative Claims Procedures.

IF YOU BELIEVE YOU HAVE AN ADMINISTRATIVE CLAIM AGAINST ANY DEBTOR ENTITY, YOU MAY BE ENTITLED TO MAKE AN OPT-IN TO OR OUT OF THE SETTLEMENT PROPOSED IN THE ADMINISTRATIVE CLAIMS PROCEDURES. TO PARTICIPATE IN THE OPTIONAL ELECTION:

1. Contact the Claims Agent at least three (3) business days before the Election Deadline by (a) emailing RiteAid2025Info@ra.kroll.com (with "In re New Rite Aid, LLC New Administrative Claimant Election Inquiry" in the subject line) or (b) through the Online Portal set forth at https://restructuring.ra.kroll.com/RiteAid2025. You should also contact your attorney if you have one.

2. Request from the Claims Agent the Administrative Claimant Materials. To the extent you submitted your request on or after seven (7) business days before the Election Deadline, the Claims Agent will provide you with the Administrative Claimant Materials by overnight mail or via email.

3. Carefully review the Administrative Claimant Materials.

You may wish to consult a lawyer on how your rights, if any, may be affected by the Administrative Claims Procedures.

4. At your option, you may make an Opt-In Election or an Opt-Out Election by completing, signing, and returning your Election Form according to the instructions provided therein. The failure to follow the instructions on the Election Form may result in your election being disqualified.

5. Submit the completed and signed election form to the Claims Agent so that it is actually received by the Election Deadline (September 16, 2025 at 5:00 p.m. (prevailing Eastern Time)). Election Forms received after the Election Deadline will not be effective.

PLEASE TAKE FURTHER NOTICE THAT if you would like to obtain a copy of the Administrative Claims Procedures Order or any related documents, you should contact the Claims Agent retained by the Debtors in these chapter 11 cases, Kroll Restructuring Administration LLC by: (a) calling the Claims Agent at (888) 575-9318 (U.S./ Canada, toll free) or +1 (646) 930-4577 (international); (b) visiting the Debtors' restructuring website at: https://restructuring.ra.kroll.com/RiteAid2025; (c) writing to the Claims Agent at New Rite Aid, LLC's Election Form Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232; or (d) emailing RiteAid2025Info@ra.kroll.com (with "In re New Rite Aid, LLC Election Inquiry" in the subject line). You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

PLEASE TAKE FURTHER NOTICE THAT if you have any questions about the status of any of your Administrative Claims (if any), you should contact the Claims Agent in accordance with the instructions provided above.

Dated: August 14, 2025, /s/ Michael D. Sirota, COLE SCHOTZ P.C., Michael D. Sirota, Esq., Warren A. Usatine, Esq., Felice R. Yudkin, Esq., Seth Van Aalten, Esq. (admitted pro hac vice), Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Telephone: (201) 489-3000, msirota@coleschotz.com, wusatine@coleschotz.com, fyudkin@coleschotz.com, svanaalten@coleschotz.com -and- PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, Andrew N. Rosenberg (admitted pro hac vice), Alice Belisle Eaton (admitted pro hac vice), Christopher J. Hopkins (admitted pro hac vice), Sean A. Mitchell (admitted pro hac vice), 1285 Avenue of the Americas, New York, New York 10019, Telephone: (212) 373-3000, Facsimile: (212) 757-3990, arosenberg@paulweiss.com, aeaton@paulweiss.com, chopkins@paulweiss.com, smitchell@paulweiss.com, Co-Counsel for Debtors and Debtors in Possession

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Administrative Claims Procedures Order.

# Tariffs Set to Hit Ireland, Where U.S. Drugmakers Play 'Tax Games'

FROM FIRST BUSINESS PAGE

companies are in the United States. So are a majority of their laboratories, clinical trial sites and, crucially, sales. But many of these companies register only a tiny share of the profits in the United States, helping them lower their overall tax bill.

Forest Laboratories, now owned by AbbVie, shifted profits to Ireland for the antidepressant Lexapro, Gilead Sciences with its hepatitis C treatment Sovaldi and Regeneron with the eye drug Eylea.

In the past three years, some of the largest drugmakers booked 91 percent of their profits overseas, on average, up from 76 percent in the mid-2010s, according to an analysis by Martin Sullivan, a tax economist who writes for the trade publication Tax Notes.

Technically, drugmakers don't have to put their manufacturing in Ireland in order to shift profits out of the United States. Still, the strategy often involves putting it there.

In recent months, as Mr. Trump threatened to impose punishing tariffs on medicines, most of the largest drugmakers announced plans to spend billions of dollars building or expanding U.S. factories.

This spring, while under the threat of tariffs, the American drugmaker Merck announced a change for its cancer medication Keytruda — the best-selling drug on the planet — which it produces mainly in Ireland. Next year, the company plans to begin shifting Keytruda production for American patients to the United States.

In the meantime, Merck and others have scrambled to transport medicines while they could still flow freely. In the first five months of this year, shipments of pharma products from Ireland to the United States were up nearly fourfold compared with the same period in 2024. Merck said it had shuttled enough Keytruda to the United States to supply American patients for the rest of the year.

Irish trade data shows that about $35 billion worth of ingredients used in weight-loss drugs were exported out of Ireland in the first three months of this year. The bulk of those shipments were from Eli Lilly, which manufactures active ingredients for its popular obesity drug Zepbound in Ireland.

Unlike India and China, where local companies manufacture low-cost generics, Ireland is where the world's biggest drugmakers produce expensive brand-name medicines.

In County Cork, an industry hotbed in southwestern Ireland, Johnson & Johnson manufactures active ingredients for Darzalex, a cancer medication, and Stelara, which treats conditions like arthritis. At a facility a few hours north, in County Mayo, AbbVie formulates Botox.

Last year, Ireland sent $50 billion worth of pharma products to the United States, most of which were made and shipped by multinational drug companies. This relationship has provoked the ire of the Trump administration.

The president complained in March that Ireland's tax policies "took our pharmaceutical companies away." He added, "This beautiful island of five million people has got the entire U.S. pharmaceutical industry in its grasp."

Howard Lutnick, the commerce secretary, said in an interview the same month that Ireland was running a "tax scam" that American tech and pharma companies were exploiting.

Tax experts and pharmaceutical executives have said that tariffs would be at best a blunt instrument for discouraging corporate activity in Ireland. Changing U.S. tax rules could more directly address the incentives that are motivating drugmakers, they said.

Lower tax rates overseas "drove a lot of the innovative companies to make drugs in low-tax islands like Ireland and Singapore and Switzerland," said David Ricks, chief executive of Eli Lilly. He called for lower tax rates for companies making products in the United States.

It remains to be seen whether tariffs and new U.S. factories will spur drugmakers to book more profits — and pay more taxes — in the United States. Where a company holds its intellectual property is more important for its tax bill than the location of its manufacturing, tax experts said.

Nearly all of the largest pharma companies have a manufacturing presence in Ireland, in some cases dating back decades.

The Irish government attracted drug companies by rewarding them for building factories and hiring local workers. The companies got not only tax advantages but also a skilled, English-speaking work force and easy access to the European market.

Ireland, in turn, gained high-paying jobs, new factories and billions of euros in taxes that helped create an enormous budget surplus. Today, a vast majority of Ireland's corporate tax revenue comes from multinational drug companies and tech giants, which have also used Ireland to shift profits.

Many large American drugmakers have complex webs of subsidiaries around the world, including in Ireland. In a typical arrangement, the Irish subsidiary and its parent company enter into a licensing deal: The subsidiary gets to exploit a key intellectual property, for instance by funding research. The subsidiary pays the parent company royalties but keeps most of the profits — often billions of dollars a year.

This arrangement has allowed pharmaceutical companies to move profits out of Ireland and book them in tax havens like Bermuda or the Cayman Islands, which impose no income taxes at all, and where companies have no actual business activity.

Over the past decade, global tax authorities have increasingly cracked down on such tactics. It is not clear how much the practices have abated.

Irish officials said their country should not be dismissed as a tax shelter, pointing to the tens of thousands of Irish workers employed by multinational pharma companies. "If it was a tax scam, then those people wouldn't be working," said Daniel Mulhall, a former Irish ambassador to the United States.

There was some sense of relief in Ireland that the 15 percent tariff was not higher, said Neil McGowan, an organizer for an Irish union that represents thousands of pharmaceutical workers. "It's not a good situation to be in," he said. "But it could have been a lot worse." In the longer term, he said, "there are still concerns about what it's going to mean for people working in the industry here."

Drugmakers are expected to keep at least some of their manufacturing in Ireland regardless of the tariffs. But European Union officials, worried about the bloc's No. 1 export to the United States, fear that drugmakers will cut jobs or cancel or scale back planned expansions.

For Keytruda, which is given as an intravenous infusion, a Merck factory in the Dublin suburb Swords makes the active ingredients. An hour away in Carlow, another Merck plant handles the next step of formulating the drug, according to the supply chain analytics firm QYOBO.

Johanna Herrmann, a spokeswoman for the company, said no job cuts were being planned at Merck's Irish plants, which will continue to make Keytruda for countries other than the United States, along with other drugs.

Merck recently broke ground on a factory in Delaware that is expected to begin making Keytruda in 2030. Until then, the company says, U.S. contract manufacturers will handle production for American patients.

Plans to shift more of Merck's production to the United States were underway long before talk of tariffs, Ms. Herrmann said.

Merck has been reaping tax benefits from producing Keytruda in Ireland. But Keytruda somewhat deviates from the typical industry playbook, in which American companies move their intellectual property overseas so they can shift their profits.

Ms. Herrmann said that the patents protecting Keytruda have always been held in the Netherlands, where the drug was discovered in the 2000s before Merck acquired it. As a result, while three-fifths of Keytruda sales have been in the United States, Merck has booked much of the profits in the Netherlands.

Susan C. Beachy contributed research.



A Johnson & Johnson plant in County Cork, Ireland, where the pharma giant manufactures active ingredients for Darzalex, a cancer medication, and Stelara, which treats conditions like arthritis. DAVID CREEDON/ALAMY LIVE NEWS

 

A Merck manufacturing plant, left, in Swords, a suburb of Dublin. At right, an AbbVie facility in County Cork. Last year, Ireland sent $50 billion worth of pharma products to the United States. PAULO NUNES DOS SANTOS FOR THE NEW YORK TIMES / CLODAGH KILCOYNE/REUTERS

> 'It's not a good situation to be in. But it could have been a lot worse.'
>
> Neil McGowan, an Irish union organizer, on the planned 15 percent tariffs on medicines.



An infusion of the cancer drug Keytruda in 2014. Merck plans to shift some Keytruda production to the United States. JAMES BORCHUCK/TAMPA BAY TIMES/ZUMA WIRE

**UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY**

In re: NEW RITE AID, LLC, et al., Debtors.[1]  Chapter 11  Case No. 25-14861 (MBK)  (Jointly Administered)

**NOTICE OF ELECTION DEADLINE FOR THE SETTLEMENT OF ADMINISTRATIVE CLAIMS**

PLEASE TAKE FURTHER NOTICE THAT on August 14, 2025, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order (Docket No. 1883) (the "Administrative Claims Procedures Order"): (a) approving the terms of the Administrative Claims Procedures; (b) authorizing the above captioned debtors and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to carry out the terms of the Administrative Claims Procedures; (c) approving the noticing procedures in respect of the Administrative Claims Procedures; (d) approving the form and manner of the Election Form to be distributed to Administrative Claimants; (e) scheduling certain dates with respect thereto; and (f) approving procedures for soliciting, receiving, and tabulating votes on the Administrative Claims Procedures.[2]

PLEASE TAKE FURTHER NOTICE THAT the Administrative Claims Procedures Order established **September 16, 2025 at 5:00 p.m. (prevailing Eastern Time)** (the "Election Deadline") as the deadline by which certain holders of Administrative Claims may elect to opt-in to or opt-out of the Administrative Claims Procedures.

PLEASE TAKE FURTHER NOTICE THAT by August 19, 2025, the Debtors shall cause the Administrative Claimant Materials to be distributed to known holders of Administrative Claims in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Administrative Claims Procedures Order, and the Administrative Claims Procedures.

**IF YOU BELIEVE YOU HAVE AN ADMINISTRATIVE CLAIM AGAINST ANY DEBTOR ENTITY, YOU MAY BE ENTITLED TO MAKE AN OPT-IN TO OR OUT-OF THE SETTLEMENT PROPOSED IN THE ADMINISTRATIVE CLAIMS PROCEDURES. TO PARTICIPATE IN THE OPTIONAL ELECTION:**

1. Contact the Claims Agent at least three (3) business days before the Election Deadline by (a) emailing RiteAid2025Info@ra.kroll.com with "In re New Rite Aid, LLC New Administrative Claimant Election Inquiry" in the subject line; or (b) through the Online Portal set forth at https://restructuring.ra.kroll.com/RiteAid2025. You should also contact your attorney if you have one.

2. Request from the Claims Agent the Administrative Claimant Materials. To the extent you submitted your request on or after seven (7) business days before the Election Deadline, the Claims Agent will provide you with the Administrative Claimant Materials by overnight mail or via email.

3. Carefully review the Administrative Claimant Materials. You may wish to consult a lawyer on how your rights, if any, may be affected by the Administrative Claims Procedures.

4. At your option, you may make an Opt-In Election or an Opt-Out Election by completing, signing, and returning your Election Form according to the instructions provided therein. The failure to follow the instructions on the Election Form may result in your election being disqualified.

5. Submit the completed and signed election form to the Claims Agent so that it is actually received by the Election Deadline (September 16, 2025 at 5:00 p.m. prevailing Eastern Time). Election Forms received after the Election Deadline will not be effective.

PLEASE TAKE FURTHER NOTICE THAT if you would like to obtain a copy of the Administrative Claims Procedures Order or any related documents, you should contact the Claims Agent retained by the Debtors in these chapter 11 cases, Kroll Restructuring Administration LLC by: (a) calling the Claims Agent at (888) 575-9318 (U.S./Canada, toll free) or +1 (646) 930-4577 (international); (b) visiting the Debtors' restructuring website at: https://restructuring.ra.kroll.com/RiteAid2025; (c) writing to the Claims Agent at New Rite Aid, LLC's Election Form Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232; or (d) emailing RiteAid2025Info@ra.kroll.com (with "In re New Rite Aid, LLC Election Inquiry" in the subject line). You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: August 14, 2025, /s/ Michael D. Sirota , COLE SCHOTZ P.C., Michael D. Sirota, Esq., Warren A. Usatine, Esq., Felice R. Yudkin, Esq., Seth Van Aalten, Esq. (admitted pro hac vice), Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Telephone: (201) 489-3000, msirota@coleschotz.com, wusatine@coleschotz.com, fyudkin@coleschotz.com, svanaalten@coleschotz.com -and- PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, Andrew N. Rosenberg (admitted pro hac vice), Alice Belisle Eaton (admitted pro hac vice), Christopher J. Hopkins (admitted pro hac vice), Sean A. Mitchell (admitted pro hac vice), 1285 Avenue of the Americas, New York, New York 10019, Telephone: (212) 373-3200, Facsimile: (212) 757-3990, arosenberg@paulweiss.com, aeaton@paulweiss.com, chopkins@paulweiss.com, smitchell@paulweiss.com, Co-Counsel for Debtors and Debtors in Possession

1 The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

2 Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Administrative Claims Procedures Order.

---

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

In re: LEISURE INVESTMENTS HOLDINGS LLC, et al.,[1] Debtors.   Chapter 11  Case No. 25-10606 (LSS)  (Jointly Administered)

**NOTICE OF DEADLINES FOR THE FILING OF PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENTS UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

PLEASE TAKE NOTICE OF THE FOLLOWING:

**Deadlines for Filing Proofs of Claim.** On August 5, 2025, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (Docket No. 433) (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in the chapter 11 cases of the above captioned debtors and debtors in possession (collectively, the "Debtors").

**The Bar Dates.** Pursuant to the Bar Date Order, all entities (except governmental units), including individuals, partnerships, estates, and trusts who have a claim or potential claim against the Debtors that arose before each Debtors' Petition Date, as applicable, no matter how remote or contingent such right to payment or equitable remedy may be, including requests for payment under section 503(b)(9) of the Bankruptcy Code, must file a proof of claim on or before 5:00 p.m. (prevailing Eastern Time) on or before September 15, 2025 (the "General Bar Date"). Governmental entities who have a claim or potential claim against the Debtors that arose before the Petition Date, no matter how remote or contingent such right to payment or equitable remedy may be, must file a proof of claim on or before 5:00 p.m. (prevailing Eastern Time) on the date that is 180 days following the Petition Date applicable for each Debtor (the "Governmental Bar Date"). All entities who have a claim or potential claim against the Debtors based on the Debtors' rejection of an executory contract or unexpired lease, no matter how remote or contingent such right to payment or equitable remedy may be, must file a proof of claim on the later of (i) the General Bar Date, and (ii) 30 days after the entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors (the "Rejection Claim Bar Date").

ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE, ON OR BEFORE THE APPLICABLE BAR DATE SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.

**Filing a Proof of Claim.** Each proof of claim must be filed, including supporting documentation, so as to be actually received by Verita on or before the General Bar Date, Governmental Bar Date or the Rejection Bar Date, applicable, on or before any other Bar Date as set forth herein or by order of the Court either by (i) electronically through the Online Portal (available at https://veritaglobal.net/dolphinco) or (ii) U.S. mail, or other hand delivery system at the following address: The Dolphin Company Claims Processing Center, c/o KCC dba Verita, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245, Telephone at (888) 733-1434 (U.S./Canada) or (310) 751-2633 (International).

**Contents of Proofs of Claim.** Each proof of claim must: (i) be written in legible English or Spanish; (ii) include a claim amount denominated in the original currency or in United States dollars as of the Petition Date (and to the extent any such claim amount is converted to United States dollars from any other currency, state the conversion rate used in such conversion); (iii) state the legal and factual basis for the alleged claim; (iv) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (v) be signed by the claimant or by an authorized agent or legal representative of the claimant, whether such signature is an electronic signature or in ink. Each proof of claim must state a claim against only one Debtor and clearly indicate the specific Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the proof of claim, a proof of claim is treated as if filed only against the first-listed Debtor, or if a proof of claim is otherwise filed without identifying a specific Debtor, the proof of claim shall be deemed as filed only against Leisure Investments Holdings LLC.

**Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code.** Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also: (i) provide the date of shipment of goods the claimant contends the Debtors received in the twenty (20) days before the Petition Date, including the method of delivery; (ii) include the value of the goods delivered to and received by the Debtors in the 20 days before the Petition Date; (iii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iv) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

**Additional Information.** If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Verita, by calling the Debtors' restructuring hotline at (888) 733-1434 (U.S./Canada) or (310) 751-2633 (International), or writing (i) by hand delivery or U.S. mail to: The Dolphin Company Claims Processing Center c/o KCC dba Verita, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245; or (ii) online at https://veritaglobal.net/dolphinco. Please note that Verita cannot offer legal advice or advise whether you should file a proof of claim.

Due to the large number of Debtors in these chapter 11 cases a complete list of the Debtors is not provided herein. A complete list of the Debtors along with the last four digits of their tax identification numbers, where applicable, may be obtained on the website of the Debtors' restructuring claims agent, Verita, at https://veritaglobal.net/dolphinco, or by contacting counsel for the Debtors. For the purposes of these 11 chapter cases, the address for the Debtors is Leisure Investments Holdings LLC, c/o Riveron Management Services, LLC, 600 Brickell Avenue, Suite 2550, Miami, FL 33131.

Where a claim has been denominated in the original currency on a Proof of Claim, the Debtors propose to convert such amount to United States dollars based upon the conversion rate in place of as the Petition Date.