| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** <br> *Caption in Compliance with D.N.J. LBR 9004-1(b)* <br><br> SAUL EWING LLP <br> Monique B. DiSabatino (Bar No. 200901040) <br> 1201 N. Market Street, Suite 2300 <br> P. O. Box 1266 <br> Wilmington, DE 19899 <br> Office : (302) 421-6800 <br> monique.disabatino@saul.com <br><br> *Counsel for Forest Valley Station LLC* | |
| In re: <br><br> NEW RITE AID, LLC, *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 25-14861 (MBK) <br><br> Jointly Administered <br> **Related to Docket No. 2205** |

### RESERVATION OF RIGHTS OF FOREST VALLEY STATION LLC TO SECOND SUPPLEMENTAL NOTICE OF SUCCESSFUL BIDDERS AND BACKUP BIDDERS WITH RESPECT TO THE AUCTION OF CERTAIN OF THE DEBTORS' LEASES

Forest Valley Station LLC (the "**Landlord**") hereby files this reservation of rights ("**Reservation of Rights**") with respect to the *Second Supplemental Notice of Successful and Backup Bidders with Respect to the Auction of Certain of the Debtors' Leases* [D.I. 2205] (the "**Successful Bidder Notice**"), and respectfully represents as follows:

### BACKGROUND

1. On May 5, 2025 (the "**Petition Date**"), the above-captioned debtors and debtors in possession (the "**Debtors**") filed voluntary petitions for relief under chapter 11 of the United States

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

56165570.1

Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of New Jersey (the "**Court**"). Since the Petition Date, the Debtors have continued to manage their properties and operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. As of the Petition Date, the Landlord and Rite Aid of Maryland, Inc. (the "**Tenant**") were parties to that certain lease dated April 4, 1997 (as amended and/or extended, the "**Lease**"), pursuant to which the Tenant leased certain nonresidential real property located at 1520 Rock Spring Road, Forest Hill, Maryland [Store 2205] (the "**Premises**").

3. On June 11, 2025, the Court entered the *Final Order (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief* [D.I. 804] (the "**Lease Sale Procedures Order**") pursuant to which the Court approved the procedures for the auction and sale of certain unexpired leases of non-resident real property, including the Lease.

4. On August 29, 2025, in accordance with the Lease Sale Procedures Order, the Debtors filed the Successful Bidder Notice, attached to which as <u>Exhibit B</u> is a proposed Assumption and Assignment Agreement with Dollar Tree Stores, Inc. (the "**Assumption and Assignment Agreement**"),[2] and attached to which as <u>Exhibit C</u> is a proposed order authorizing the Debtors' entry into the Assumption and Assignment Agreement (the "**Proposed Order**").

5. Notably, the Proposed Order is not an order authorizing the assumption and assignment of a particular lease. Rather, the Proposed Order provides that "assumption and assignment of any Leases to the Assignee shall be contingent on, and subject to, a *separate order* from this Court authorizing such assignment." Proposed Order at ¶ 1 (emphasis added).

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Assumption and Assignment Agreement.

6. Notwithstanding, the proposed Assumption and Assignment Agreement contains language indicating that the Assignor is selling all of its rights, title and interests in the Leases, free and clear of all liens, rights and encumbrances, and that, subject to an Assignment Order, the Assignee is assuming and curing obligations under the Lease "from and after Closing." *See* Assignment Agreement at §§ 2(a) and (b), 7.[3]

## RESERVATION OF RIGHTS

7. To be clear, as a general matter, the Landlord generally does not oppose the assumption and assignment of the Lease to Dollar Tree. The Landlord also understands that a *separate* order is intended to govern the assumption and assignment of its Lease to Dollar Tree (as reflected at Docket No. 2260).

8. That said, given language seemingly intended to limit the Assignee's obligations under the Lease, the Landlord files this reservation of rights to emphasize that a debtor's assumption of a contract or lease must be *cum onere* – including all of the conditions, liabilities and obligations as well as the benefits of such contract or lease. *See N.L.R.B. v. Bildisco & Bildisco,* 465 U.S. 513, 531 (1984) (a debtor is required to assume a contract "*cum onere*"); *In re Fleming Companies, Inc.,* 499 F.3d 300, 308 (3d Cir. 2007) (same). The Debtors may not, through language in the Assignment Order, Assumption and Assignment Agreement or otherwise, modify or eliminate rights otherwise granted to landlords under their leases, including rights for indemnification or contribution arising against the Debtors under such leases.

9. In particular, notwithstanding any provision in the Assumption and Assignment Agreement to the contrary, any assumption and assignment of the Lease by the Debtors must be

---

[3] The Assignment Agreement references a proposed order approving the assignment of an applicable Lease attached as "Exhibit 2," and a proposed cure amount reflected on "Schedule A;" however, neither of these attachments are included with the proposed Assignment Agreement.

56165570.1

subject to (a) applicable reciprocal easement agreements (or similar agreements), (b) obligations to pay all accruing or accrued but unbilled charges or obligations due under the Lease, including un-billed year-end adjustments and reconciliations, which may come due in the future in accordance with the terms of the Lease, regardless of when they arose, (c) any contractual indemnification obligations to indemnify and hold the Landlord harmless with regard to claims for personal injuries or damages at the leased premises or shopping center that arise from the Debtors' use and occupancy of the premises prior to assumption, but which may not be known to the Landlord as of the time of the assumption, and (d) and any rights of setoff to which the Landlord may be entitled under the Lease.

10. Insofar as the Assignment Order or the Assumption and Assignment Agreement contain provisions that appear to improperly cut off these rights and obligations, language should be added to the Assignment Order to make clear that assumption and assignment of the Lease is pursuant to the terms of the Lease, and does not cut off obligations arising thereunder.

11. The Landlord further reserves its rights to object to any other relief sought by the Debtors in connection with the assumption and assignment of the Lease, including, without limitation, the proposed Cure Costs associated with the Lease and the Assignee's proposed adequate assurance of future performance.

Dated: September 4, 2025

**SAUL EWING LLP**

*/s/ Monique B. DiSabatino*
Monique B. DiSabatino (No. 200901040)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6806
Email: monique.disabatino@saul.com

*Counsel to Forest Valley Station, LLC*

4

56165570.1