YODER & LANGFORD, P.C.
Robert R. Yoder, Esq.
(*pro hac vice*)
8175 East Evans Road, #13598
Scottsdale, Arizona 85267
Phone: (602) 808-9578
Facsimile: (602) 468-0688
robert@yoderlangford.com

LAU & ASSOCIATES, P.C.
Shawn J. Lau, Esq. (PA Bar No. 56071)
New Jersey Court Attorney ID No. 041021989
4228 Saint Lawrence Avenue
Reading, Pennsylvania 19606
Phone: (610) 674-0498
Facsimile: (610) 370-0700
shawn_lau@msn.com

*Counsel to RWY Trust*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **In re:**<br><br>**NEW RITE AID, LLC,** *et al.*,<br><br>Debtors.[1] | **Chapter 11**<br><br>**Case No. 25-14861 (MBK)**<br><br>**(Jointly Administered)** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF LANDLORD, RWY TRUST, IN RESPONSE TO DEBTORS' THIRTY-FIRST NOTICE OF REJECTION OF <u>CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES</u>**
(Related Docket No.: 2166)

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number is 1843.

RWY Trust (the "**Landlord**"), the owner and landlord of non-residential real property located at 500 East Lancaster Avenue, Shillington, Pennsylvania 19607 (the "**Property**"), designated as Store No. 290 by the Debtors on Schedule 1 of the Rejection Notice, by and through its attorneys, Yoder & Langford, P.C. and Lau & Associates, P.C., submits this Limited Objection and Reservation of Rights in response to the *Debtor's Thirty-First Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases* [Doc. No. 2166] (the "**Rejection Notice**") and states as follows:

1. The Landlord, as Landlord, and Rite Aid of Pennsylvania, LLC, previously known as Rite Aid of Pennsylvania, Inc., as well as Rite Aid Corporation as guarantor (collectively the "**Debtor**"), as Tenant, are parties to that certain Lease dated as of August 3, 1995, in connection with the Property, as amended by amendments dated August 3, 1995; January 8, 2010; June 1, 2015; and November 1, 2023 (collectively, the "**Lease**"). Pursuant to the Lease, *inter alia*, the Debtor is obligated to pay base rent in the amount of $202,215.00 per annum, or $16,851.25 per month, which is due the first day of every month. In addition, pursuant to the Lease, the Debtor is solely responsible for directly paying all charges for heat, water, gas, electricity, or any other utility used or consumed in the Property, and all other expenses, maintenance costs, charges, taxes, assessments, or costs in connection with the Property. Pursuant to Lease Article 39, these additional amounts are expressly characterized as additional rents ("All sums other than rent payable hereunder by Tenant are hereby deemed and declared to be additional rent under the terms of this Lease and the Landlord shall have any and all rights afforded it hereunder or at law or equity to collect the same.")

2. Pursuant to the Rejection Notice, the Debtors have identified the Lease as one which the Debtors propose to reject, effective as of August 31, 2025. The Landlord does not

oppose the rejection of the Lease but requests that any order approving the rejection of the Lease should also require the Debtors to pay the Landlord the full amount of its unpaid post-petition obligations immediately. In this regard, Section 365(d)(3) of the Bankruptcy Code expressly provides that "[t]he trustee shall timely perform all the obligations of the debtor… arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected [and] performance shall not be extended beyond such 60-day period." Landlord further directs the Court to Paragraph 49(a) of its July 10, 2025, Final Order authorizing the Debtors to obtain post-petition financing and other relief [Dkt. No. 1396], wherein the Debtors were ordered to pay their Stub Rent Claims from a Stub Rent Escrow Account to be created. Per Section 49(c) of this Order "[t]he Debtors shall use the amounts held in the Stub Rent Escrow Account to solely pay the applicable Stub Rent Claims for which such deposit was made on the later of (x) August 31, 2025 and (y) the date… a notice to reject such lease is filed…." Both of these dates have now passed.

3.   As of May 5, 2025 (the "**Petition Date**"), when the Debtors commenced these Chapter 11 proceedings, the Debtor owed the Landlord Pre-Petition amounts totaling **$38,987.43**, comprised of $16,851.25 in unpaid base rent for April, 2025, $1,190.98 in unpaid sewer tax charges for Quarter #1 (1/1/25 – 3/31/25), $317.80 in unpaid sewer tax charges for Quarter#2 (4/1/25 – 6/30/25, pro-rated at 35 days pre-petition), $7,223.00 in unpaid 2025 County Real Estate Taxes (pro-rated at 124 days pre-petition at $58.25 daily rate), and $13,404.40 in unpaid 2025 School Real Estate Taxes (pro-rated at 124 days pre-petition at $108.10 daily rate). Per Lease Article 39, all such amounts are characterized as additional rents. *See, e.g.,* Lease Article 13 (repair and maintenance), Lease Article 14 (liability insurance), Lease Article 16 (triple net lease), Lease Article 20 (governmental regulations), Lease Article 23 (default of tenant), Lease Article 26 (rent),

3

Lease Article 28 (payment of taxes), Lease Article 30 (liens), Lease Article 34 (fire insurance), Lease Article 36 (surrender of premises), Lease Article 39 (characterization of amounts due); *See also*, Tax Statements attached as **Exhibit A**.

4.  Since the Petition Date, the Debtor has paid base rent on a timely basis for June, July, and August, but owes the following post-petition amounts totaling **$34,981.25**, consisting of unpaid base rent for May of $14,676.90 (at a per diem rate of $534.59 for 27 days), $508.70 in unpaid sewer tax charges (additional rents) for Quarter#2, 4/1/25 – 6/30/25 (pro-rated to exclude 35 days of pre-petition charges), $6,931.75 in unpaid County Real Estate Taxes / additional rents (pro-rated at 119 days post-petition thru date of rejection at $58.25 daily rate), and $12,863.90 in unpaid 2025 School Tax Real Estate Taxes / additional rents (pro-rated at 119 days post-petition thru date of rejection at $108.10 daily rate). Per Lease Article 39, all such amounts are characterized as additional rents due. *See, e.g.*, Lease Article 13 (repair and maintenance), Lease Article 14 (liability insurance), Lease Article 16 (triple net lease), Lease Article 20 (governmental regulations), Lease Article 23 (default of tenant), Lease Article 26 (rent), Lease Article 28 (payment of taxes), Lease Article 30 (liens), Lease Article 34 (fire insurance), Lease Article 39 (characterization of amounts due), Lease Article 36 (surrender of premises); *See also*, Tax Statements attached as **Exhibit A**.

5.  In addition, Debtors owe additional post-petition sewer tax charges (additional rents) for Quarter#3 (pro-rated for the period of 7/1/25 – 8/31/25), which have not yet been billed by the taxing authority, plus deferred maintenance / additional rents (not yet determined in amount) for the post-petition period thru date of rejection, and any other unpaid post-petition utilities or other assessments, including any unpaid amounts that could result in a lien against the Landlord's property (not yet determined in amount), which also are characterized as additional rents.

6. Debtors also owe <u>pre-petition</u> deferred maintenance (not yet determined in amount) for deferred maintenance incurred prior to the Petition Date. Per Lease Article 39 these amounts are characterized as additional rents.

7. All post-petition amounts referred to in paragraphs 4 and 5 are stub rents and subject to immediate payment.

8. The Notice of rejection was provided in the evening of August 26, 2025 with only three business days before a holiday weekend. This is not reasonable notice to secure insurance, confirm status of and transfer utilities, or asses/assume maintenance. Landlord is diligently working on these transition matters.

9. In confirming the foregoing rejection, Landlord now requests the Court to also Order Debtor: (1) to pay all known stub rents identified in paragraph 4, (2) to pay all additional stub rents identified in paragraph 5 upon notice to Debtor of actual amounts due, (3) to confirm that all other post-petition charges (e.g., utilities, assessments, potential liens against the property) have been paid, and (4) to confirm that Debtor is maintaining insurance on the Landlord's property until a final order approving the rejection is issued.

10. The Landlord reserves its rights to amend or supplement this Objection and to raise any additional objections to the Rejection Notice at the time of hearing. In addition, the Landlord reserves its rights to prosecute a separate motion or claim for the allowance and payment of an administrative claim and assert any claims for unpaid pre-petition arrears and full lease rejection damages.

11. This will further confirm that Landlord's counsel, Robert Yoder, has / will provide notice of this objection to all parties identified on pages 2 – 4 of the Rejection Notice, Dkt. No. 2166.

WHEREFORE, the Landlord respectfully requests that the Court enter an order consistent with the above Limited Objection and for such other and further relief as the Court deems just and proper.

Date: September 4, 2025.

Respectfully submitted,

YODER & LANGFORD, P.C.

Robert R. Yoder
*Pro Hac Vice*

LAU & ASSOCIATES, P.C.

/s/ Shawn J Lau
Shawn J. Lau

*Attorneys for RWY Trust*