**Caption in Compliance with D.N.J. LBR 9004-1(b)**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **In re:** | Case No. 25-14861 (MBK) |
| **NEW RITE AID, LLC,** *et al.*, | **Chapter 11** |
| | **(Jointly Administered)** |
| Debtors.[1] | Hearing Date: _____ |

### ORDER APPROVING REJECTION OF THE LEASE BETWEEN DEBTORS AND THE RWY TRUST

The relief set forth on the following pages, numbered two (2) through three (3), is **ORDERED**.

DATED: _____          _____
                                          Honorable Michael B. Kaplan
                                          United States Bankruptcy Judge

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number is 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

Upon consideration of the Limited Objection and Reservation of Rights of Landlord, RWY Trust, in Response to Debtors' Thirty-First Notice of Rejection of Certain Executory Contracts And / Or Unexpired Leases (Related Docket No:. 2166) (the "**Objection**"), as filed by the RWY Trust (the "**Landlord**"), with regard to a lease (the "**Lease**") between Landlord and **Debtors** for non-residential real property located at 500 East Lancaster Avenue, Shillington, Pennsylvania 19607 (the "**Property**"), designated as Store No. 290 by the Debtors on Schedule 1 of the *Debtor's Thirty-First Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases* [Doc. No. 2166] (the "**Rejection Notice**"), the Court hereby ORDERS as follows:

1. The Lease with regard to the above Property is hereby rejected under section 365 of the Bankruptcy Code effective August 31, 2025.

2. Any and all property located on the Property on the Rejection Date shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. Landlord may, in its sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

3. Landlord has reserved claims arising out of the rejection of the Lease and with regard to pre-petition amounts that Landlord alleges to be due. Nothing in this Order forecloses such claims. Any such claims must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) thirty (30) calendar days after the later of (a) the date of entry of this Order approving rejection of the Lease, and (b) the Rejection Date. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

4.        Debtor is further ORDERED as follows:

    (1)      To immediately pay all known stub rents identified in paragraph 4 of the Objection, in the amount of $38,941.25;

    (2)      To pay all additional stub rents identified in paragraph 5 upon notice to Debtor of actual amounts due;

    (3)      To confirm that all other post-petition charges (e.g., utilities, assessments, potential liens against the property) have been paid. If unpaid, Debtor shall immediately pay such amounts as additional stub rents;

    (4)      To confirm that Debtor is maintaining insurance on the Landlord's property until a final order approving the rejection is issued.

5.        The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order and the rejection without further order from this Court.

6.        This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.