| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>By: Corinne Samler Brennan (# 015082007)<br>10000 Lincoln Drive East, Suite 201<br>Marlton, NJ  08053<br>Telephone: (856) 486-7900<br>cbrennan@klehr.com<br>*Counsel to Audubon Square, Inc.* |

| In re:                                | Case No.: | 25-14861 |
|---|---|---|
|     NEW RITE AID, LLC, et al.,        | Judge:    | Michael B. Kaplan |
|                            Debtors.   | Chapter:  | 11 |

## LIMITED OBJECTION, JOINDER, AND RESERVATION OF RIGHTS OF AUDUBON SQUARE, INC. TO THE TWENTY-NINTH NOTICE OF REJECTION OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

Audubon Square, Inc. ("Landlord"), by and through its undersigned counsel, hereby files this Limited Objection, Joinder, and Reservation of Rights (the "Objection") to the Twenty-Ninth Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases (the "Notice of Rejection"), and respectfully represent as follows:

### BACKGROUND

1. On May 5, 2025 (the "Petition Date"), New Rite Aid, LLC and its subsidiaries (collectively, the "Debtors") filed voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. Since the Petition Date, the Debtors have maintained their properties and operated their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. Landlord (through a predecessor-in-interest) and Rite Aid of Pennsylvania, Inc. ("Tenant" and, together with Landlord, the "Parties") are parties to that certain Lease Agreement

dated as of August 24, 2007 (the "Original Agreement") for the Leased Premises located at 2674 Egypt Road, Audubon, Pennsylvania 19403.[1] A true and correct copy of the Original Agreement will be made available upon request.

4. Effective January 2, 2024, the Parties entered that certain Amendment to Lease (the "Amendment" and, together with all amendments, modifications, and revisions thereto, and all documents executed pursuant thereto or in connection therewith, the "Lease"). A true and correct copy of the Amendment will be made available upon request.

5. On May 6, 2025, the Debtors filed a *Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Assume and Perform Under the Consulting Agreement, (II) Authorizing and Approving the Sale of Closing Location Assets, With Such Sales to be Free and Clear of all Liens, Claims, and Encumbrances, and (III) Granting Related Relief* (the "Sale Motion").

6. On May 9, 2025 the Court entered an Order granting the Sale Motion on an interim basis.

7. On August 26, 2025, the Debtors filed the Notice of Rejection, pursuant to which they indicated an intent to reject the Lease, on an effective date that is the later of (a) August 31, 2025, or (b) the date the Debtors relinquish control of the Leased Premises by notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender with keys, key codes, and security codes relinquished or confirmation that the same are not available. See Notice of Rejection, p. 2.

**LIMITED OBJECTION, JOINDER, AND RESERVATION OF RIGHTS**

8. The Tenant did not vacate the Leased Premises by August 31, 2025.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Original Agreement.

PHIL1\11710069.v1

9. The Tenant has not provided written confirmation to Landlord that it has surrendered the Leased Premises.

10. To date, Landlord has not received confirmation from Tenant that keys, key codes, or security codes have been relinquished or that the same are not available.

11. Accordingly, the effective for rejection has not occurred with respect to the Lease.

12. Furthermore, and to date, Landlord has not received the rent due on September 1, 2025 under the Lease, nor has Landlord received stub rent for the period May 5, 2025 through May 31, 2025 under the Lease.

13. The Debtors have an affirmative obligation under the Bankruptcy Code to pay post-petition rent on a go-forward basis, and Landlord reserves all rights and remedies to pursue the same. See 11 U.S.C. § 365(c)(2).

14. Moreover, and because the Leased Premises has not been surrendered as of the date of this Objection, Landlord reserves any and all rights it has with respect to the abandonment of assets at the Leased Premises, any conduct of the Debtors, or any other party, that may violate their post-petition obligations under the Lease, and any actions the Debtors, or any other party, may take that would prejudice Landlord's ability to file a claim related to damages sustained by Landlord.

15. Landlord also expressly reserves all rights, claims, actions, defenses, set-offs, or recoupments to which it is or may be entitled under the Lease, applicable law, or in equity. Landlord further reserves the right to raise further objections, as may be necessary or appropriate under the circumstances.

16. To the extent not inconsistent with this Objection, Landlord incorporates by reference any objections, limited objections, or reservations of rights to the Notice of Rejection asserted by other parties in these cases.

PHIL1\11710069.v1

WHEREFORE, Landlord reserves all rights and remedies with respect to the Notice of Rejection, at law and in equity, none of which are waived.

Respectfully submitted:

**KLEHR HARRISON HARVEY BRANZBURG LLP**

By:  /s/*Corinne Samler Brennan*
Corinne Samler Brennan, Esquire
10000 Lincoln Drive East, Suite 201
Marlton, NJ  08053
Telephone: (856) 486-7900

*Counsel to Audubon Square, Inc.*

Date:   September 5, 2025

PHIL1\11710069.v1