**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher J. Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweisss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Co-Counsel for the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

**DEBTORS' OBJECTION TO HVP2 LLC MOTION FOR PAYMENT OF STUB RENT AND POST-PETITION AMOUNTS PAST DUE [DOCKET NO. 1755]**

New Rite Aid, LLC, together with its affiliated debtors and debtors in possession (collectively, the "Debtors"), file this objection to the *HVP2 LLC Motion for Payment of Stub Rent and Post-Petition Amounts Past Due* [Docket No. 1755] (the "Motion") and in response to the thereto, the Debtors respectfully state as follows:

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

1. Through the Motion, HVP2 LLC ("HVP") requests the immediate payment of (i) stub rent (for now the fourth time)[2] in the amount of $24,896.82, (ii) August rent (for a lease that the Debtors filed a notice of rejection and vacated and surrendered July 31, 2025) in the amount of $29,684.67, (iii) post-petition late fees in the amount of $4,979.36 (without any basis for how that figure was arrived at or the basis therefor),[3] and (iv) "administrative expenses attorney's fees in the current amount (without prejudice) of $38,249.00 as of the writing of the motion (see lease filed herewith as Exhibit 'A')."

2. The Debtors have previously addressed the requests for stub rent, late fees and attorneys' fees. *See* Docket Nos. 653 and 1108 (the "Debtors' Prior Objections"). The Debtors incorporate each of the Debtors' Prior Objections by reference and rely on the Debtors' arguments set forth therein with respect to HVP2's requests in the Motion for stub rent, late fees and attorneys' fees.[4]

---

[2] *See* Docket Nos. 182, 390 and 714; *provided*, *however*, Docket No. 714 has been withdrawn. *See* Docket No. 1777.

[3] While the Lease (as defined below) does provide for late charges, HVP2 has failed to demonstrate that it is entitled to any late charges. The Lease provides, at Section 3.8, as follows:

> If any installment of Minimum Rent is not paid within five (5) business days after written notice from Landlord that such payment was not made when due, Tenant shall pay to Landlord together with such late payment of Minimum Rent, a late charge equal to five percent (5%) of each late payment of Minimum Rent; provided, however, that Landlord shall not be obligated to provide such written notice more than once in any calendar year to be entitled to collect a late charge with respect to any payment of Minimum Rent not received by Landlord within five (5) business days of the date such payment is due. The parties agree that such late charge represents a fair and reasonable estimate of the costs that the Landlord will incur by reason of such payment.

The Debtors timely paid rent for June 2025 and July 2025, and HVP2 has provided no evidence otherwise (or provided evidence that it sent the notice that the payment was not made when due as required by the Lease). Accordingly, there is no late charge due (or even assertable) for the periods prior to the rejection of the Lease. Moreover, because no rent was due for August 2025, as set forth below, no late charge is due for August 2025.

[4] With respect to the Debtors' arguments against attorneys' fees in the Debtors' Prior Objections, the Debtors mistakenly relied on a prior lease for Store 10687 that has since been superseded by the Lease, as amended, and attached hereto collectively as **Exhibit 1** (the "Lease"). That prior lease did not provide any right to attorneys' fees. The operative Lease does provide a right to reasonable attorneys' fees for a prevailing party. *See* Lease at Section 21.3. While the Debtors did rely in the Debtors' Prior Objections, in part, on the fact that the prior lease did not include a provision that provided for attorneys' fees, the Debtors also challenged HVP2's right to recover those fees on, *inter alia*, a reasonableness basis. *See*, *e.g.*, *Debtors' Supplement to Omnibus Opposition to Motions*

2

3. With respect to August rent, HVP2 alleges as follows:

> Further, despite having rejected its lease with the movant, the Debtor has failed to surrender the premises by tendering the keys and alarm codes, despite demand for the same. As a result, the Debtor now owes August 2025 rent. Section 365(d)(3) of the Bankruptcy Code says that the tenant is to "timely perform" its obligations under the lease.

*See* Memorandum of Law in Support of HVP2 LLC Motion for Payment of Stub Rent and Post Petition Amounts Past Due at p. 2.

4. The Debtors are not, however, required to tender the keys and alarm codes as a condition to the effectiveness of the rejection of any lease or to the surrender of the applicable premises. In accordance with this Court's *Final Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 776] (the "Rejection Procedures Order"), this Court approved, among other things, procedures with respect to rejection and the effective date for the relinquishment of premises subject to a lease, allowing the Debtors, in lieu of returning keys/security codes to the applicable landlord, to "(2) notify[] the affected landlord in writing, with email being sufficient, that the keys, key codes, and security codes, if any, are not available, but that the landlord may rekey the leased premises." Rejection Procedures Order at ¶ 2.a.

5. On July 25, 2025, the Debtors filed the *Sixteenth Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases* [Docket No. 1573] (the "Rejection Notice") which identified the Lease as among the leases to be rejected, with a Rejection Effective Date of 7/31/2025. *See* Schedule 1 to Rejection Notice, # 53 (ECF p. 21 of 28).[5]

---

of HVP2 LLC [Docket Nos. 182 and 390]. New Hartford Holdings LLC [Docket No. 245] and Gallashea Properties, LLC [Docket No. 315] [Docket No. 1108] at ¶¶ 9-11. The Debtors rely on the arguments set forth therein and further note that HVP2 has not been the "prevailing party" in any matter.

[5] HVP2 has filed an objection to the Rejection Notice. *See* Docket No. 1776.

3

6. On that same day (July 25, 2025), Kroll Restructuring Administration LLC ("Kroll"), the claims and noticing agent for the Debtors in the above-captioned chapter 11 cases, served the Rejection Notice upon HVP2's counsel LAW OFFICE OF SHMUEL KLEIN PA, Attn: Shmuel Klein, by Email (SHMUEL.KLEIN@VERIZON.NET). *Affidavit of Service*, Docket No. 2239.[6]

7. On July 28, 2025, Kroll also served HVP2 with the Rejection Notice via Email to the following email address: HVP2LLC@GMAIL.COM. *Id.*[7]

8. On July 28, 2025, Kroll also emailed a letter (the "Surrender Letter") to HVP2 (to HVP2LLC@GMAIL.COM),[8] a copy of which is attached hereto as **Exhibit 2**, notifying HVP2, in relevant part, as follows:

> In accordance with the Rejection Notice [*See* Docket No. 1573], this shall confirm that as of July 31, 2025, (the "Surrender Date") the above-referenced lease will be rejected through the Bankruptcy Court. This letter shall confirm that Tenant hereby relinquishes actual control of the Premises and surrenders to Landlord possession and control of the Premises as of **11:59 p.m. (prevailing local time) on the Surrender Date**, in accordance with the *Final Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 776] (the "Lease Rejection Order").
>
> Pursuant to the Lease Rejection Order, upon surrender the Landlord is permitted to rekey the Premises and Tenant will have relinquished control of the Premises to the Landlord.
>
> The Debtors have arranged for the burglar alarm company to disable the burglar alarm system. The burglar alarm will be disabled as of midnight on the Surrender Date but will continue to ring locally (police will not be notified) until it is silenced with the codes or disconnected as provided on the instructions attached to this letter as **Schedule 1**. To the extent the Landlord is not already in possession

---

[6] Kroll also sent the Rejection Notice to HVP2 LLC, c/o PROPUP MANAGEMENT GROUP, 7 HANA LANE, MONSEY, NEW YORK 10952 via Overnight Mail. However, the Debtors understand that PropUp Management Group is no longer the management company for HVP2.

[7] Kroll also emailed the Rejection Notice to BREINY@PROPUPGROUP.COM. Ms. Breiny is a representative of PropUp Management Group, which as noted above, is no longer the management company for HVP2.

[8] Similar to the Rejection Notice, Kroll also emailed the Surrender Letter to BREINY@PROPUPGROUP.COM.

4

of the alarm code, the alarm code is unavailable and the Landlord is free to reset the alarm system.

9. Thus, the Debtors, having complied with the Rejection Procedures Order, properly rejected the Lease as of July 31, 2025.

10. Moreover, through the Surrender Letter sent on July 28, 2025, the Debtors notified HVP2 that the Debtor-Tenant would be "relinquish[ing] actual control of the Premises and surrender[ing] to Landlord possession and control of the Premises as of **11:59 p.m. (prevailing local time) on the [July 31, 2025] Surrender Date**." *See* Surrender Letter (emphasis in original).

11. In accordance with the Rejection Procedures Order, the Surrender Letter specifically notified HVP that it "is permitted to rekey the Premises" and that "the alarm code is unavailable and [HVP] is free to reset the alarm system". *See id.* The Surrender Letter also provided instructions on how to disarm and how to disable the burglar alarm system. *See id.*

12. Accordingly, despite HVP2's argument otherwise in the Motion, the Debtors did, in fact, "surrender the premises" and, as a result, the request for payment of August rent (or any rent after July 31, 2025) is unfounded and the Motion seeking the "immediate payment of August 2025 rent in the amount of $29,684.67" should be denied.

[*Remainder of page intentionally left blank*]

## CONCLUSION

For the foregoing reasons and for the reasons set forth in the Debtors' Prior Objections, the Debtors respectfully request that the Court deny the Motion and grant the Debtors such other relief as is just and proper.

Dated: September 9, 2025

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Co-Counsel for Debtors and Debtors in Possession*