UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Jeffrey M. Sponder, Esq.
Lauren Bielskie, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email: jeffrey.m.sponder@usdoj.gov
      lauren.bielskie@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
|  | : | Case No. 25-14681 (MBK) |
| New Rite Aid, LLC, *et al.*,[1] | : |  |
|  | : | The Honorable Michael B. Kaplan |
| Debtors. | : |  |
|  | : | Hearing Date: September 16, 2025 at 11:30 a.m. |
|  | : |  |

**UNITED STATES TRUSTEE'S OBJECTION AND RESERVATION OF RIGHTS TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I)(A) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (B) APPROVING THE SOLICITATION PROCEDURES, (C) APPROVING THE FORM OF BALLOT AND NOTICES IN CONNECTION THEREWITH, (D) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (E) GRANTING RELATED RELIEF AND (II)(A) APPROVING, IN THE ALTERNATIVE, DISMISSAL OF THE DEBTORS' CHAPTER 11 CASES, (B) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (C) GRANTING RELATED RELIEF**

Andrew R. Vara, the United States Trustee for Regions Three and Nine (the "U.S. Trustee"), through his undersigned counsel, hereby files this Objection and Reservation of Rights

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims, noticing, and solicitation agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

to the *Debtors' Motion for Entry of an Order (I)(A) Conditionally Approving the Adequacy of the Disclosure Statement, (B) Approving the Solicitation Procedures, (C) Approving the Form of Ballot and Notices in Connection Therewith, (D) Scheduling Certain Dates with Respect Thereto, and (E) Granting Related Relief, and (II)(A) Approving, in the Alternative, Dismissal of the Debtors' Chapter 11 Cases, (B) Scheduling Certain Dates With Respect Thereto, and (C) Granting Related Relief* (the "Motion"), Dkt. 2289, and respectfully states as follows:

## PRELIMINARY STATEMENT

1. The U.S. Trustee files this Objection and reserves all rights to file substantive objections to the Debtors' Disclosure Statement and Plan. The Debtors seek conditional approval of the Disclosure Statement and approval of the solicitation procedures through the pending Motion, brought on shortened time. On this truncated schedule, the U.S. Trustee is reserving all rights but submits that ultimately the Debtors' Plan is patently unconfirmable and, therefore, the Disclosure Statement should not be approved and should not be solicited at this time. In addition, the U.S. Trustee objects to certain of the Solicitation Procedures and the approval of procedures concerning the dismissal of the Debtors' Chapter 11 Cases.

2. The Court must deny interim approval of a disclosure statement if the related proposed plan is not confirmable on its face. Here, the proposed Plan is unconfirmable for at least three reasons: (i) in contravention of the United States Supreme Court precedent and applicable state law, the proposed Plan includes non-consensual third-party releases; (ii) the Plan's exculpation provision violates controlling Third Circuit case law by attempting to shield non-fiduciaries of the Debtors' estates and includes pre-petition conduct; and (iii) the Debtors may not be capable of paying administrative claimants in accordance with the priorities established by the Bankruptcy Code and applicable law.

2

3. The Court should also deny the Motion because it furthers the Debtors' attempt to obtain third-party releases through an opt-out procedure.

## JURISDICTION AND STANDING

4. This Court has jurisdiction to hear and determine the Motion, interim approval of the Disclosure Statement, and this Objection pursuant to: (i) 28 U.S.C. § 1334; (ii) applicable orders of the United States District Court of the District of New Jersey issued pursuant to 28 U.S.C. § 157(a); and (iii) 28 U.S.C. § 157(b)(2).

5. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of chapter 11 cases filed in this judicial district. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the Courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"). Under 28 U.S.C. § 586(a)(3)(B) the U.S. Trustee has the duty to monitor and comment on plans and disclosure statements filed in chapter 11 cases.

6. The U.S. Trustee has standing to be heard on the Motion, the Disclosure Statement, and this Objection pursuant to 11 U.S.C. § 307. *See U.S. Tr. v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under section 307, which goes beyond mere pecuniary interest).

## BACKGROUND

### A. The Chapter 11 Case

7. On May 5, 2025, New Rite Aid, LLC, and affiliated debtors (the "Debtors") commenced these chapter 11 cases by filing voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code" or "Code"). *See* for example Case No. 25-14861/MBK at Dkt. 1.

8.  The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

9.  On May 16, 2025, the U.S. Trustee appointed an official committee of unsecured creditors.  *See* Dkt. 316.

10. As of the date hereof, no trustee or examiner has been requested or appointed.

**B.  The Plan, Disclosure Statement, and the Motion**

11. On August 14, 2025, the Court entered an Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief (the "Administrative Procedures Order").  *See* Dkt. 1883.  Pursuant to the Administrative Procedures Order, certain administrative claimants were provided with the opportunity to elect to opt-out of an agreement to accept a reduced payment in satisfaction of such claims.  *See id.*  Also, pursuant to the Administrative Procedures Order, the Election deadline is September 16, 2025 at 5:00 p.m. ET.  *See id.*

12. On September 3, 2025, the Debtors filed the *Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates* (the "Plan"), and the related Disclosure Statement.  *See* Dkts. 2286 and 2287.

13. On September 4, 2025, the Debtors filed the Motion that is the subject of this Objection and Reservation of Rights.  *See* Dkt. 2289.

14. Also, on September 4, 2025, the Court entered an *Order Shortening Time Period For Notice, Setting Hearing and Limiting Notice* that scheduled a hearing on the conditional approval of the Disclosure Statement for September 11, 2025 at 11:30 a.m., with objections due on or before September 10, 2025.  *See* Dkt. 2291.  The hearing has been adjourned to September 16, 2025 at 11:30 a.m., with objections due on or before September 15, 2025 at 9:00 a.m.

15. The Plan includes Third-Party Release provisions, gatekeeping provisions, and overbroad Exculpation and Injunction provisions.  *See* Dkt. 2286 at Article X.  In addition, the

4

Plan, Disclosure Statement, and Solicitation Procedures include opt-out provisions. *See* Dkt. 2286 at I.A.138, Dkt. 2287 at Article IX, and Dkt. 2289 at ¶ 7(e) and Exhibits thereto.

**OBJECTION AND RESERVATION OF RIGHTS**

**A.    The Court Should Deny Approval of the Disclosure Statement Because the Plan is Patently Unconfirmable**

16. As the Third Circuit has held, "a '[c]ourt should not proceed with the time-consuming and expensive proposition of hearings on a disclosure statement and plan when the plan may not be confirmable because it does not comply with [confirmation requirements].'" *See Am. Cap. Equip.*, 688 F.3d at 154; *see also In re Quigley Co.,* 377 B.R. 110, 115 (Bankr. S.D.N.Y. 2007) ("If the plan is patently unconfirmable on its face, the application to approve the disclosure statement must be denied, as solicitation of the vote would be futile.") (citing *In re Beyond.com Corp.*, 289 B.R. 138, 140 (Bankr. N.D. Cal. 2003); *In re 266 Wash. Assocs.*, 141 B.R. 275, 288 (Bankr. E.D.N.Y.), *aff'd*, 147 B.R. 827 (E.D.N.Y. 1992); and *In re Filex, Inc.*, 116 B.R. 37, 41 (Bankr. S.D.N.Y. 1990)).

17. Moreover, this Court should not approve solicitation procedures that facilitate the Plan's defects, as it would be a waste of estate resources for the Debtors to solicit votes on a plan that is patently unconfirmable.

18. Here, the Court should deny approval of the Disclosure Statement because the Plan is patently unconfirmable for at least three separate and independent reasons. First, the Plan is unconfirmable because it proposes non-consensual third-party releases that are not authorized under the Bankruptcy Code. Second, to the extent that exculpation is permissible beyond what is expressly provided for in section 1125(e) of the Bankruptcy Code, the Plan's Exculpation Provision exceeds the limitations imposed by courts in this Circuit. Third, the Debtors may not be

able to pay administrative claimants in accordance with the priorities established by the Bankruptcy Code and applicable law.

19. The U.S. Trustee reserves all rights to file a substantive objection on these issues, and others, in connection with final approval of the Disclosure Statement and confirmation of the Plan, but submits this Objection at this time on the basis that a disclosure statement for a patently unconfirmable Plan should not be approved and the Plan should not be solicited.

**B. Miscellaneous Objections to the Solicitation Procedures and the Dismissal Case Resolution Procedures**

20. The proposed Solicitation Procedures authorize the Debtors to solicit votes on the Plan and also authorizes the Debtors to serve a Notice of Non-Voting Status and an Opt-Out Form on certain non-voting classes. To the extent the Court agrees that the Opt-Out procedure is invalid because failure to return the Opt-Out Form does not demonstrate consent, the Court should deny the Motion.

21. In the alternative, to the extent the Court conditionally approves the Disclosure Statement, the U.S. Trustee also objects to the following provisions of the Debtors' proposed Solicitation Procedures, dismissal Case Resolution Procedures, and the proposed Conditional Approval Order:

- To the extent the Debtors seek confirmation of the Plan, the Debtors seek to establish the following dates: (i) the Solicitation Mailing and Publication Deadline will be three (3) business days after entry of Conditional Approval Order; (ii) the Deadline to file the Confirmation Order will be September 26, 2025; (iii) the Plan Supplement Deadline will be September 30, 2025; (iv) the Voting and Opt-Out Deadline will be October 7, 2025 at 4:00 p.m. ET; (v) the Confirmation Objection Deadline will be October 10, 2025 at 4:00 p.m. ET; (vi) the Confirmation Brief Deadline will be October, 14, 2025; (vii) the Deadline to File Voting Report will be October 14, 2025 or 3 days prior to the hearing; and (viii) the Combined Hearing will be held on October 17, 2025 at 10:00 a.m. ET. *See* Dkt. 2289 at pages 7-9 of 300. It appears that any pleadings to be filed by parties in opposition to the Debtors must be filed by 4:00 p.m. ET (iv and v above) but that the Debtors do not have the same time deadline. The U.S. Trustee requests that the deadlines

6

    above be the same for the Debtors and other parties.  As such, all the deadlines should be changed to either 4:00 p.m. ET or with no time deadline.  In addition, as the hearing concerning this Motion was adjourned, the above deadlines should be revised.

- The Solicitation Procedures provide that the only acceptable means of submission of a Ballot or Opt-Out Form is online via the Debtors' restructuring website maintained by the Claims Agent. *See* Dkt. 2289 at pages 258 and 281 of 300.  Parties submitting a Ballot and/or an Opt-Out Form should be allowed to submit such Ballot and/or Opt-Out Form by means other than just the online portal including at least via first class mail and/or overnight mail.

- Section F of the proposed Solicitation Procedures reserves the Debtors' rights to make non-substantive changes to the Disclosure Statement, Plan, Combined Hearing/Dismissal Hearing Notice, Solicitation Packages, Toggle Notice, Notice of Non-Voting Status, Ballot, Opt-Out Form, Publication Notice, Solicitation Procedures, Assumption Notice, and any related documents without further order of the Court. *See id.* at page 261 of 300.  The U.S. Trustee should be provided notice of any non-substantive changes.

- The Debtors propose the following timeline in case of a Non-Plan Toggle:  (i) file the dismissal order(s) on September 16, 2025; (ii) file the Non-Plan Toggle Notice on September 23, 2025; (iii) objections to the dismissal of the cases on September 25, 2025 at 4:00 p.m.; and (iv) a dismissal hearing to be held on October 1, 2025. *See id.* at pages 7-9 of 300.  D.N.J. LBR 9013-1 requires a proposed form of order to be served with a motion.  Here, the Debtors filed the Motion without the proposed dismissal order(s) opting instead to file them possibly twelve (12) days after the Motion was filed, which only provides nine (9) days to review prior to the objection deadline.[2]  In fact, as the hearing has been adjourned to September 16, 2025, it is unclear whether the dismissal order(s) are still going to be filed on or before September 16, 2025.  In addition, there may be no reason to review the dismissal order(s) to the extent that the Debtors elect to pursue Plan confirmation instead of the Non-Plan Toggle.  However, because the Debtors gave themselves until September 23, 2025 to decide on Plan confirmation or the Non-Plan Toggle, parties will be left to review the dismissal order(s) and start preparing objections, which may not be required should the Debtors elect Plan confirmation.

    Further, the Debtors are not providing at least 21 days' notice after the service of the Combined Hearing/Dismissal Notice.  Pursuant to the

---

[2] The proposed Conditional Approval Order at paragraph 9 provides that the Debtors "are authorized to extend or otherwise modify the dates by which the Toggle Notice and Voting Report shall be filed with the Court; *provided*, *however*, that the Debtors will file notice of any modification to such deadlines." *See id.* at page 63 of 300.  It is unclear whether the deadlines to object to the dismissal of the cases will likewise be extended or modified.

        Motion, all parties entitled to receive the Combined Hearing/Dismissal Notice will receive such notice no later than the Solicitation Deadline, which is on or before three (3) business days after the Conditional Approval Order is entered. If the Conditional Approval Order is entered on September 16, 2025, the Debtors would have until Friday, September 19, 2025 to serve the Combined Hearing/Dismissal Notice, which would provide only six (6) days from the date of service to file objections to the dismissal order(s) and would be twelve (12) days prior to the hearing. The dismissal hearing date should be extended as well as the other Non-Plan Toggle deadlines.

- Paragraph 6 of the proposed Conditional Approval Order provides that the Solicitation Mailing Deadline and the Publication Deadline are "on or before three (3) business days after entry of the Order on the Court's docket (or as soon as reasonably practicable thereafter)." *See id.* at page 60 of 300. The three (3) business days is sufficient time to distribute the Notices of Non-Voting Status and Solicitation Packages and to submit the Combined Hearing/Dismissal Hearing Notice in a format modified for publication. As such, the phrase "or as soon as reasonably practicable thereafter" should be removed.

- If the Non-Toggle Plan Notice is filed, the Debtors will seek dismissal order(s) that include certain Case Resolution Procedures. As the Debtors have not filed the dismissal order(s), the U.S. Trustee reserves all of his rights concerning objections to the dismissal of these cases and the Case Resolution Procedures.

- Paragraph 27 of the Motion provides that the Voting Record Date is July 31, 2025 but it should be September 8, 2025. *See id.* at page 18 of 300.

- Exhibit 4A to the Motion, the Opt-Out Form, does not contain a box to check to opt-out. *See id.* at page 285 of 300.

### C.  Reservation of Rights

22. The U.S. Trustee leaves the Debtors to their burden of proof and reserves any and all rights, remedies and obligations to, among other things, complement, supplement, augment, alter or modify this Objection and reservation of rights, assert any objection, file any appropriate motion, or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

8

**WHEREFORE**, the U.S. Trustee respectfully requests that this Court deny the Motion and grant such other and further relief as the Court deems just and equitable.

    Respectfully submitted,

    ANDREW R. VARA
    UNITED STATES TRUSTEE
    REGIONS 3 & 9

By: */s/ Jeffrey M. Sponder*
    Jeffrey M. Sponder
    Trial Attorney

    */s/ Lauren Bielskie*
    Lauren Bielskie
    Trial Attorney

Dated: September 10, 2025