# **<u>EXHIBIT B</u>**

## ASSUMPTION AND ASSIGNMENT AGREEMENT

This ASSIGNMENT AND ASSUMPTION AGREEMENT (the "Agreement"), dated as of August 19, 2025, is by and between Thrifty Payless, Inc. ("Assignor") and Laguna Woods RA, LLC ("Assignee").

## RECITALS

WHEREAS, Assignor, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"); and

WHEREAS, Assignor has agreed to assign and Assignee has agreed to assume the real property lease(s) listed on the attached Schedule A (referred to as the "Lease(s)") with respect to the premises set forth on Schedule A (the "Premises") pursuant to the terms and conditions of the Auction Procedures approved by the Bankruptcy Court in the chapter 11 cases of *In re New Rite Aid, LLC, et al.*, Case No. 25-14861 (MBK) (the "Bankruptcy Court Approval").

NOW, THEREFORE, in consideration of the premises and the mutual agreements herein contained, the parties ("Parties") hereto agree as follows:

## AGREEMENT

1. *Assignment and Assumption*. Effective upon the receipt of Bankruptcy Court Approval and payment of the Purchase Price as set forth below:

    (a) Assignor hereby sells, transfers, conveys, assigns and sets over to Assignee, its successors and assigns, all of Assignor's right, title, and interest in and to the Lease(s).

    (b) Assignee hereby assumes and undertakes to pay, perform, and discharge all of Assignor's obligations and duties with respect to the Lease(s).

2. *Payment of Purchase Price*. Assignee shall, on or before August 31, 2025, deliver the purchase price for the Lease(s) in the amount of $800,000 (the "Purchase Price") in immediately available funds wired to the account specified by Assignor. Together with the Purchase Price, Assignee shall also pay to Assignor the sum of $29,155.49 respecting rent and other charges paid by Assignor under the Lease for the months in which the Closing (hereinafter defined) occurs and any subsequent months. If the assumption and assignment of the Lease(s) do(es) not occur by August 31, 2025, Assignee will additionally reimburse Assignor for all amounts that came due, were required to be paid, and were in fact paid in connection with the Lease(s) on and after August 31, 2025. The Parties acknowledge that if the assignment and assumption of the Lease(s) (the "Closing") does not occur before September 30, 2025, the Lease(s) may thereafter be rejected in the Bankruptcy Court proceeding referenced above.

3. *Assumption of Liabilities*. In addition to assuming all remaining obligations that exist with respect to the Lease(s), including, but not limited to, accrued but unbilled

adjustments for CAM, real estate taxes, and insurance, Assignee shall assume and cure all outstanding liabilities with respect to the Lease(s).

4. **No Further Liability of Assignor.** From and after Closing, Assignor shall have no further obligations and duties with respect to the Lease(s).

5. **Further Assurances.** At any time and from time to time after the date hereof, at the request of Assignee, and without further consideration, Assignor shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation or consents and take such other action as Assignee may reasonably request as necessary or desirable in order to more effectively transfer, convey, and assign to Assignee Assignor's rights to the Lease(s).

6. **"As Is Where Is" Transaction.** Assignee hereby acknowledges and agrees that Assignor makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Lease(s). Without limiting the foregoing, Assignor hereby disclaims any warranty (express or implied) of merchantability or fitness for any premises subject to the Lease(s). Assignee further acknowledges that the Assignee has conducted an independent inspection and investigation of the physical condition of premises subject to the Lease(s) and all such other matters relating to or affecting the Lease(s) as Assignee deemed necessary or appropriate and that in proceeding with its acquisition of the Lease(s), Assignee is doing so based upon such independent inspections and investigations. Accordingly, Assignee will accept the Lease(s) "AS IS" and "WHERE IS."

7. **Compliance With Law.** Assignee hereby agrees to comply with all applicable laws. Assignee agrees to indemnify and hold Assignor harmless for any violation or alleged violation of this section.

8. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflicts of law.

9. **Jurisdiction.** The Parties consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of New Jersey with respect to all matters arising under or relating to this Agreement. The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

10. **No Reliance.** Each Party represents and warrants that in entering into this Agreement it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter. In entering into this Agreement, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

11. **Construction.** This Agreement has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Agreement so as to give rise to any presumption of convention regarding construction of this document. All terms of this Agreement were negotiated in good faith and at arm's-length, and this Agreement was

prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other. The execution and delivery of this Agreement is the free and voluntary act of the Parties.

12. **Execution in Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. All signatures of the Parties to this Agreement may be transmitted by facsimile or by electronic mail, and such transmission will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces, and will be binding upon such Party.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

*[Signatures appear on following page]*

**ASSIGNOR:**
**THRIFTY PAYLESS, INC.**

By: _____
Name: _____
Its: _____

**ASSIGNEE:**
**LAGUNA WOODS RA, LLC**

By: *DAVID RAVANSHENAS* (Signed by)
Name: DAVID RAVANSHENAS
Its: Senior Vice President

Doc#: US1:27362200v1