| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br><br>SAUL EWING LLP<br>Monique B. DiSabatino (Bar No. 200901040)<br>1201 N. Market Street, Suite 2300<br>P. O. Box 1266<br>Wilmington, DE 19899<br>Office : (302) 421-6840<br>monique.disabatino@saul.com<br><br>*Counsel for Forest Valley Station LLC* |

| | |
|---|---|
| In re: | Chapter 11 |
| RITE AID CORPORATION, *et al.*,[1] | Case No. 25-14861 (MBK) |
| Debtors. | Jointly Administered<br>**Related to Docket No. 2260** |

### LIMITED OBJECTION OF FOREST VALLEY STATION LLC TO NOTICE OF ASSUMPTION AND ASSIGNMENT OF CERTAIN OF DEBTORS' LEASES TO DOLLAR TREE STORES, INC.

Forest Valley Station LLC (the "**Landlord**") hereby files this limited objection ("**Limited Objection**") to the *Notice of Assumption and Assignment of the Debtors' Leases to Dollar Tree Stores, Inc.* [Docket No. 2260] (the "**Assumption Notice**").[2] In support hereof, the Landlord states as follows:

---

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Assumption Notice.

56290673.1

## BACKGROUND

1. On May 5, 2025 (the "**Petition Date**"), the above-captioned debtors and debtors in possession (the "**Debtors**") filed voluntary petitions for relief under chapter 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of New Jersey (the "**Court**"). Since the Petition Date, the Debtors have continued to manage their properties and operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. As of the Petition Date, the Landlord and Rite Aid of Maryland, Inc. (the "**Tenant**") were parties to that certain lease dated April 4, 1997 (as amended and/or extended, the "**Lease**"), pursuant to which the Tenant leased certain nonresidential real property located at 1520 Rock Spring Road, Forest Hill, Maryland [Store 2205] (the "**Premises**").

3. On June 11, 2025, the Court entered the *Final Order (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief* [D.I. 804] (the "**Lease Sale Procedures Order**") pursuant to which the Court approved the procedures for the auction and sale of certain unexpired leases of non-resident real property, including the Lease.

4. On August 29, 2025, in accordance with the Lease Sale Procedures Order, the Debtors filed the *Second Supplemental Notice of Successful and Backup Bidders with Respect to the Auction of Certain of the Debtors' Leases* [D.I. 2205] (the "**Successful Bidder Notice**"), pursuant which the Debtors sought approval of a proposed Assumption and Assignment Agreement with Dollar Tree Stores, Inc. (the "**Assumption and Assignment Agreement**"). The Court approved the Assumption and Assignment Agreement on September 9, 2025 [D.I. 2380].

56290673.1

5.     On September 2, 2025, the Debtors filed the Assumption Notice, which reflects a proposed assumption and assignment of the Lease to Dollar Tree Stores, Inc. ("**Dollar Tree**") "as soon as practicable following entry of the Assignment Order." The Assumption Notice incorrectly reflects a cure amount for the Lease of $7,606.00 (the "**Proposed Cure Amount**"). The Assumption Notice also includes a proposed order approving the assumption and assignment of the Leases identified therein, which is attached as Schedule 2 to the Assumption Notice (the "**Proposed Assumption Order**").

6.     While the Landlord generally does not object to the assumption and assignment of the Lease to Dollar Tree, its requires certainty that nothing set forth in the Proposed Assumption Order or any assignment agreement will cut off any rights of the Landlord under the Lease. In addition, the Landlord objects to the Proposed Cure Amount insofar as it is inconsistent with the Landlord's records, as described herein, and further reserves all rights to object to the Proposed Cure Amount to the extent additional amounts come due under the Lease and remain unpaid as of the proposed effective date of assignment.

7.     As such, the Landlord files this Limited Objection to ensure that such rights are preserved.

## LIMITED OBJECTION

**A.     The Lease Must be Assumed *Cum Onere***

8.     A debtor's assumption of a contract or lease must be *cum onere* – including all of the conditions, liabilities and obligations as well as the benefits of such contract or lease. *See N.L.R.B. v. Bildisco & Bildisco,* 465 U.S. 513, 531 (1984) (a debtor is required to assume a contract "*cum onere*"); *In re Fleming Companies, Inc.,* 499 F.3d 300, 308 (3d Cir. 2007) (same). The Debtors may not, through language in the Proposed Assumption Order, assignment agreement, or

otherwise, modify or eliminate rights otherwise granted to landlords under their leases, including rights for indemnification or contribution arising against the Debtors under such leases.

9. In particular, notwithstanding any provision in the Proposed Assumption Order or any assignment agreement to the contrary, any assumption and assignment of the Lease by the Debtors must be subject to (a) applicable reciprocal easement agreements (or similar agreements) and other restrictive covenants, (b) obligations to pay all accruing or accrued but unbilled charges or obligations due under the Lease, including un-billed year-end adjustments and reconciliations, which may come due in the future in accordance with the terms of the Lease, *regardless of when they arose*, (c) any contractual indemnification obligations to indemnify and hold the Landlord harmless with regard to claims for personal injuries or damages at the leased premises or shopping center that arise from the Debtors' use and occupancy of the premises prior to assumption, but which may not be known to the Landlord as of the time of the assumption, and (d) and any rights of setoff to which the Landlord may be entitled under the Lease, including with respect to application of any security deposits maintained by the Landlord under the Lease.

10. Insofar as the Proposed Assumption Order or any assignment agreement contain provisions that appear to improperly cut off these rights and obligations, language should be added to the Proposed Assumption Order to make clear that assumption of the Lease is pursuant to the terms of the Lease, and does not cut off obligations arising thereunder.

11. The Landlord has shared certain comments to the Proposed Assumption Order with counsel to the Debtors to address these concerns and looks forward to continuing to work productively towards resolution.

**B.     Disputed Cure Amounts**

12.     As noted above, the Assumption Notice reflects a $7,606.00 cure amount for the Lease. The Landlord disputes such Proposed Cure Amount and believes the appropriate cure amount is as follows:

| Lease | Proposed Cure Amount | Actual Cure Amount |
|---|---|---|
| Forest Valley Station LLC (Store 2205) | $7,606.00 | $15,388.31 |

13.     In order to assume the Lease, the Debtors are required to cure defaults existing under such Lease pursuant to section 365(b)(l)(A) of the Bankruptcy Code, which provides, in relevant part, that "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee . . . cures, or provides adequate assurance that the trustee will promptly cure, such default[.]" 11 U.S.C. § 365(b)(l)(A).

14.     To the extent that rent, attorneys' fees, interest, and/or other charges continue to accrue, and/or the Landlord suffers other pecuniary losses with respect to the Lease, the Landlord reserves the right to further dispute the Proposed Cure Amount to ensure that it includes additional amounts that continue to accrue, including non-monetary obligations, and any other obligations that arise and/or become known to the Landlord prior to the proposed effective date of assignment to Dollar Tree.

## RESERVATION OF RIGHTS

15.     Nothing contained herein is intended to be, or should be construed as, a waiver by the Landlord of any other rights under the Lease, the Bankruptcy Code, or applicable law. The Landlord expressly reserves all such rights, including the right to supplement and/or amend this Limited Objection and to assert any additional objections to the proposed assumption or assignment of the Lease.

56290673.1

## CONCLUSION

16.    For the foregoing reasons, the Landlord seeks an order of this Court fixing the Debtors' cure obligation under the Lease in the amount of $15,388.31 (less any payments made by the Debtors on account of such sums prior to the assumption of the Lease and plus any additional post-petition amounts accruing under the Lease through the date thereof) and directing the Debtors or any Successful Bidder to promptly to satisfy such amount following the entry of any order authorizing the assumption of the Lease.

## CONCLUSION

**WHEREFORE**, the Landlord respectfully requests the entry of an order granting the relief described herein, together with such other and further relief as is just and proper.

Dated: September 16, 2025        **SAUL EWING LLP**

        */s/ Monique B. DiSabatino*
        Monique B. DiSabatino (Bar No. 200901040)
        1201 North Market Street, Suite 2300
        P.O. Box 1266
        Wilmington, DE 19899
        Telephone: (302) 421-6806
        Email: monique.disabatino@saul.com

        *Attorneys for Forest Valley Station LLC*

56290673.1