| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>FLASTER GREENBERG PC<br>William J. Burnett, Esq. (NJ Bar No. 030211995)<br>1717 Arch Street, Suite 3300<br>Philadelphia, PA 19103<br>215.279.9383 (Telephone)<br>215.279.9394 (Facsimile)<br>Email: william.burnett@flastergreenberg.com<br><br>*Counsel for Colella Family Partners and Samuel D. Colella, Trustee of the Colella Family Non-Exempt Marital Deduction Trust dated 9/21/1992* |

| | |
|---|---|
| In re:<br><br>RITE AID CORPORATION, *et al.*,<br><br>                             Debtors.[1] | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>Honorable Michael B. Kaplan |

## ASSIGNMENT OBJECTION OF COLELLA FAMILY PARTNERS AND SAMUEL D. COLELLA, TRUSTEE OF THE COLELLA FAMILY NON-EXEMPT MARITAL DEDUCTION TRUST DATED 9/21/1992

Colella Family Partners and Samuel D. Colella, Trustee of the Colella Family Non-Exempt Marital Deduction Trust dated 9/21/1992 (collectively, "Landlord"), by and through their undersigned counsel, hereby objects to the proposed Cure Amount and to the form of adequate assurance of future performance (the "Assignment Objection") to the *Notice of Assumption and*

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

*Assignment of Certain of the Debtors' Leases to Dollar Tree Stores, Inc.* [Docket No. 2260] (the "Assumption and Assignment Notice")[2] as follows:

## BACKGROUND

1. Landlord and Rite Aid of Pennsylvania, LLC, a Pennsylvania limited liability company, successor-in-interest to Rite Aid of Pennsylvania, Inc. ("Tenant"), one of the above-captioned debtors (collectively, the "Debtors"), are parties to that certain Lease Agreement dated October 1, 2004, as amended by the Amendment to Lease Agreement dated April 15, 2020 and as subsequently amended by the Amendment to Lease dated November 1, 2023 (together, and as the same may be further amended, supplemented or otherwise modified, the "Lease Agreement").

2. Pursuant to the Lease Agreement, Tenant leases certain space located at 1814 Spring Road, Carlisle, Pennsylvania 17013-1150 (the "Premises"), commonly referred to by the Debtors as Rite Aid Store No. 3607.

3. Under the terms of the Lease Agreement, Tenant is obligated to pay Landlord gross rent in the amount of One Hundred Thirty-Three Thousand Three Hundred Ninety-Nine and 41/100 Dollars ($133,399.41) per annum, which amount includes percentage rent, common area maintenance charges, taxes and insurance premiums, payable on the first (1st) day of each month in equal installments of Eleven Thousand One Hundred Sixteen and 62/100 Dollars ($11,116.62).

4. On May 5, 2025 (the "Petition Date"), each of the Debtors filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of New Jersey (the "Court").

5. On August 29, 2025, the Debtors filed the *Second Supplemental Notice of Successful and Backup Bidders* [Dkt. 2205], which identified Dollar Tree Stores, Inc. ("Dollar Tree") as the

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Sale Procedures Order.

proposed assignee for, *inter alia*, the Lease for the Premises.

6.      On or about September 2, 2025, the Debtors field the *Assumption and Assignment Notice* [Dkt. 2260], which lists a Cure Amount of $2,785.00 for the Lease (the "Cure Notice"). In the Cure Notice, the Debtors identified the Premises as Rite Aid Store No. 3607, and asserted that the amount necessary to cure the defaults under the Lease of the Property was $2,785.00 (the "Proposed Cure Amount").

7.      Landlord, along with other counter parties identified in Schedule 1 of the Assumption and Assignment Notice were advised that if it had an objection to the proposed assumption and assignment of the Lease, to the form of adequate assurance of future performance, or to the proposed Cure Amount, it must file and serve a written objection so that such Assignment Objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is actually received by the following parties no later than September 16, 2025: (i) the Objection Notice Parties (as defined in the Sale Procedures Order); (ii) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102; and (iii) counsel to Dollar Tree Stores, Inc., Latham & Watkins LLP, 330 North Wabash Avenue, Chicago, IL 60611, Attn: Jonathan Gordon (jonathan.gordon@lw.com).

8.      As discussed below, the Proposed Cure Amount materially understates the amount owed to the Landlord as of this date.

## **OBJECTION TO CURE AMOUNT AND ADEQUATE ASSURANCE**

9.      In order to assume and/or assign the Lease, the Debtors must cure any default outstanding at the time of assumption and provide adequate assurance of future performance under the Lease. 11 U.S.C. § 365(b)(1).

10.     The Debtors' proposed cure amount of $2,785 listed in the Cure Notice does not provide for payment of all amounts outstanding for rent and related obligations owed pursuant to

the Lease. Landlord's books and records show it is owed at least **$13,918.09** in rent and related obligations pursuant to the Lease, as of September 3, 2025, as follows: Stub Rent for May 5, 2025 to May 31, 2025 ($9,867.90) and the 2nd Installment Property Taxes ($4,050.19), which are the obligation of the Debtor under the Lease, but are not billed until the Landlord receives a property tax bill.

11. Additional amounts will come due after the date of this objection, including rent and related obligations attributable to time periods prior to the assumption and assignment of the Lease. For example, real property taxes are the obligation of the Debtor under the Lease, but are not billed until the Landlord receives a property tax bill.

12. Accordingly, any order that is entered establishing the cure amount with respect to the Lease must require that the Debtors pay all outstanding amounts owed as of the date of assignment in order to cure, and with respect to any unbilled charges, that any proposed assignee assume the obligation to pay those amounts as they are billed.

13. Additionally, there is currently no adequate assurance that the proposed assignee will be able to fulfill the obligations of the Lease going forward.

14. The Landlord hereby reserves its rights to make such other and further objections as may be appropriate, including, but not limited to, objections regarding adequate assurance of future performance under Section 365.

## **RESERVATION OF RIGHTS**

15. Landlord reserves its rights to object to any other relief sought by the Debtors in connection with the assumption and assignment of the Lease, including, without limitation, an assignee's proposed adequate assurance of future performance. Landlord further reserves all rights to object to any proposed sale or assumption and assignment of the Lease in connection with the sale of the Debtors' assets, and all objections and reservations of rights set forth herein shall apply

to any such proposed sale or transfer of the Lease pursuant to such procedures.

Dated: September 16, 2025        Respectfully submitted,

                By: /s/ *William J. Burnett*
                    FLASTER GREENBERG PC
                    William J. Burnett, Esq. (NJ Bar No. 030211995)
                    1717 Arch Street, Suite 3300
                    Philadelphia, PA 19103
                    215.279.9383 (Telephone)
                    215.279.9394 (Facsimile)
                    Email: william.burnett@flastergreenberg.com

                    Shauneen Militello, Esquire
                    BACH MILI LLP
                    1800 Vine Street, Ste 100
                    Hollywood, CA 90028
                    smilitello@bachmili.com

                    *Counsel for Colella Family Partners and Samuel D. Colella, Trustee of the Colella Family Non-Exempt Marital Deduction Trust dated 9/21/1992*