**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

**LEIGHTON LAW GROUP, LLC**
Jay B. Leighton, Esq.
24548 East Main Street, Suite 101
P.O. Box 461
Columbus, New Jersey 08022
(609) 298-4280 (Telephone)
(609) 479-2215 (Facsimile)
jay@leighton-law.com
*Attorneys for Kachr, LLC*

| | |
|---|---|
| In re:<br><br>NEW RITE AID, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-14861 (MBK)<br>(Jointly Administered)<br>Hon. Michael B. Kaplan |

## OBJECTION TO CURE AMOUNT IN ASSUMPTION AND ASSIGNMENT NOTICE

Kachr, LLC ("Kachr"), by and through its undersigned legal counsel, Leighton Law Group, LLC, files this Objection to Cure Amount in response to the Debtors' cure proposed in their *Notice of Assumption and Assignment of Certain of the Debtors' Leases to Dollar Tree Stores, Inc.* (the **"Assumption and Assignment Notice"**).

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

1

**BACKGROUND**

1. Kachr is the current owner of the real property at 4630 Perkiomen Avenue, Reading, Pennsylvania 19606 (the **"Property"**). The Property is leased by the Debtor, Eckerd Corporation, and is the location of Store No.11172.

2. Debtor, Eckerd Corporation (**"Eckerd"**), and Kachr are counterparties to a pre-petition Ground Lease dated November 12, 2008, as amended, whereunder Eckerd agreed to construct a building and lease from Kachr certain retail space and the ground upon which it is located identified by Eckerd as Store No.11172, situated at the Property (the **"Lease"**). A true and correct copy of the Lease is attached hereto and incorporated herein as **Exhibit A**.

3. Pursuant to the Lease, Kachr caused all real estate tax bills and assessments regarding the Property to be sent directly to Eckerd, and in addition to its monthly rent obligations, Eckerd is obligated to pay directly to the taxing authorities "all Real Estate Taxes on or prior to the date such Real Estate Taxes are due". *See* Lease at §5.1.1.

4. On May 5, 2025 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. §101, *et seq.* (the "**Bankruptcy Code**").

5. On September 2, 2025, the Debtors filed a Notice of Assumption and Assignment of Certain of the Debtors' Leases to Dollar Tree Stores, Inc., wherein the Lease was included in the Assignment Schedule as a lease to be assumed by the Debtors and assigned to Dollar Tree Stores, Inc. [Doc. No. 2260.]

6. On September 9, 2025, the Court issued that certain Order Approving the Debtors' Entry Into the Assumption and Assignment Agreement with Dollar Tree Stores, Inc. (the "**Assignment Order**"). [Doc. No. 2380].

## OBJECTION TO CURE AMOUNT

7. The Assumption and Assignment Notice lists the cure amount for the Lease as Twenty-Eight Thousand Seven Hundred Eighty-Eight Dollars ($28,788.00), which is for two months' base rent.

8. However, the amount due and owing to Kachr by Eckerd under the Lease includes the real estate taxes not paid by Eckerd, which Kachr paid in order to protect its interest in the Property. The taxes owed by Eckerd to Kachr are itemized as follows:

### REAL ESTATE TAXES

| | |
|---|---|
| 2025 County and Township Taxes | $17,906.75 |
| 2025-2026 School District Taxes | $46,992.38 |
| **TOTAL REAL ESTATE TAXES:** | **$64,899.13** |

9. In addition to the cure amount for two months' base rent set forth on Schedule 1 to the Assumption and Assignment Notice in the amount of Twenty-Eight Thousand Seven Hundred Eighty-Eight Dollars ($28,788.00), Debtors also owe real estate taxes totaling Sixty-Four Thousand Eight Hundred Ninety-Nine and 13/100 Dollars ($64,899.13), making the total cure amount to Kachr Ninety-Three Thousand Six Hundred Eighty-Seven and 13/100 ($93,687.13). True and correct copies of the tax bills and a copy of a check issued for the payment of the real estate taxes is attached hereto as **Exhibit B.**

10. Section 365 (a) of the Bankruptcy Code empowers a debtor to assume or reject an unexpired lease. Pursuant to Section 365(f)(2)(A) of the Bankruptcy Code, the trustee or debtor-in-possession may assign an executory contract or unexpired lease of the debtor only if the trustee or debtor-in- possession assumes such contract or lease in accordance with the provisions of Section 365 of the Bankruptcy Code. 11 U.S.C. § 365(f)(2)(A).

11. Pursuant to Section 365(b)(1) of the Bankruptcy Code:

If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee---

(A). cures or provides adequate assurance that the trustee will promptly cure such default…;

(B). compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C). provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

12. As such, the Debtors may not assume or assign the Lease pursuant to Sections 365(f)(2)(A) and 365(b)(1) of the Bankruptcy Code unless they cure and compensate, or provide adequate assurances that they will promptly compensate, Kachr for its actual pecuniary losses suffered as a result of the Debtors' defaults under the Lease. *See In re Rickel Home Ctrs., Inc.,* 209 F.3d 291, 298 (3d Cir. 2000), *cert. denied,* 531 U.S. 873 (2000) (noting that trustee must satisfy requirement of cure or adequate assurance of prompt cure before he may assume a contract or lease); *accord In re Kiwi Int'l Airlines, Inc.,* 344 F.3d 311, 318 (3d Cir. 2003) (stating "In order to assume such an agreement, the debtor-in-possession must cure defaults and provide assurance of future performance."); *see also In re GI Holds., Inc.,* 580 B.R. 388, 420 (Bankr. D.N.J. 2018) (stating "The purpose of Section 365(b)(1) in particular is to restore the debtor-creditor relationship . . . to pre-default conditions, bringing the loan back into compliance with its terms." (internal quotation marks and brackets omitted)).

13. Cure or the provision of adequate assurance of a prompt cure is a prerequisite to the ability of a debtor-in-possession to assume and assign a contract or lease. *See In re Superior Toy & Manuf. Co., Inc.,* 78 F.3d 1169, 1174 (7th Cir. 1996) (interpreting language of section 365(b)(1) to

unequivocally mean that "[a] party to an executory contract must be paid all amounts due him under the contract before the contract may be assumed"); *In re PRK Entreprises, Inc.,* 235 B.R. 597, 602 (Bankr. E.D. Tex. 1999) (holding that cure or adequate assurance that prompt cure will be made is a "prerequisite to assumption").

14. As such, Kachr objects to the Cure Amount set forth in Schedule 1 to the Assumption and Assignment Notice, as it does not accurately provide for the amount necessary to cure the Debtors' default under the Lease.

## **RESERVATION OF RIGHTS**

15. Kachr reserves all of its rights with respect to any assumption and assignment of the Lease unless it is to a party that satisfies the outstanding Cure Amount.  Kachr also reserves its rights to make such other and further objections as may be appropriate, including, but not limited to, an objection regarding payment of any utilities bills not paid by Eckerd for the Property and adequate assurance of future performance under Section 365 of the Bankruptcy Code.

**WHEREFORE**, Kachr, LLC, respectfully requests this Honorable Court (i) sustain this Objection to Cure Amount in the Assumption and Assignment Notice; (ii) require that any order authorizing the assumption of the Lease affirmatively require the Debtors to pay all amounts owing thereunder through the effective date of any assumption, plus applicable attorney's fees and expenses; and (iii) grant such other further relief as the Court deems just, equitable and proper.

Respectfully Submitted,

**LEIGHTON LAW GROUP, LLC**

/s/ Jay B. Leighton
Jay B. Leighton, Esquire
24548 East Main Street, Suite 101
P.O. Box 461
Columbus, NJ 08022
Telephone: (609) 298-4280
Fax: (609) 479-2215
Email: jay@leighton-law.com
*Attorneys for Kachr, LLC*

Date: September 16, 2025