

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**U.S. COURTHOUSE**
**402 E. STATE STREET**
**TRENTON, NEW JERSEY 08608**

**Hon. Michael B. Kaplan**  609-858-9360
**Judge, United States Bankruptcy Court**

September 18, 2025

*All Interested Parties*

      Re:    <u>New Rite Aid, LLC</u>
                   Case No.: 25-14861 (MBK)

Dear Counsel:

      Presently before the Court is an Objection (ECF No. 1805) and Amended Objection (ECF No. 1808) filed by Ameriserv Financial Bank ("AmeriServ") and Martin Perry, as the Court-Appointed Receiver for 1700 Murray Avenue, (the "Receiver" and together with Ameriserv, "Respondents").  Respondents object to Debtors' Notice of Assumption and Assignment of Certain of the Debtors' Leases (the "Notice," ECF No. 1525) in which the Debtors identify Murray Ave Market as the successful bidder/assignee for the lease at 1700 Murray Avenue, Pittsburgh, PA 15217 (the "Lease").  For the reasons that follow, the Court will overrule the Objection and APPROVE the assumption and assignment.

## I. Jurisdiction

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012 and June 6, 2025, referring all bankruptcy cases to the bankruptcy court. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (M) and (N). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The following constitutes the Court's findings of fact and conclusions of law pursuant to FED. R. BANKR. P. 7052.[1]

## II. Background and Procedural History

The factual background and procedural history of the matter are well known to the parties. As such, they will not be repeated in detail here. In brief, 1700 Murray Avenue, LLC is the current owner of the real property in question (the "Property"), and AmeriServ holds the Note and Mortgage. When 1700 Murray Avenue, LLC defaulted on its loan obligations, AmerisServ commenced a foreclosure action, and the Pennsylvania state court appointed a receiver. The Receiver currently controls the Property, including all leases and contracts related thereto. The Property is leased by the Debtors. *See Lease (Ex. B to Respondents' Obj.)*, ECF No. 1805-2.

On July 22, 2025, Debtors filed the Notice (ECF No. 1525) indicating their intent to assume and assign the Lease to Murray Ave Market effective August 31, 2025, for a price of $93,275.00. Respondents object to the assignment and argue that "the Debtors have failed to provide sufficient evidence of the financial status of the proposed assignee of the Lease, Murray Ave Market, or the

---

[1] To the extent that any of the findings of fact might constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact they too are adopted as such.

ability of Murray Ave Market to perform all of the obligations contained in the Lease going forward." *Respondents' Obj.* ¶ 19, ECF No. 1805.[2]

Shortly before the scheduled hearing on this matter, the corporate designee for Murray Ave Market, Yitzchok Glassner, filed a Declaration in support of Murray Ave Market's assumption (ECF No. 2194), along with a Market Business Plan (ECF No. 2194-1).

The Court heard argument on this issue during a hearing on August 28, 2025. During the hearing, counsel for the Respondents acknowledged receipt of the business plan and a 2023 tax return, as well as the recently-filed declaration. However, counsel pointed out that it had

> no information regarding the principals of the new entity, their financial wherewithal to perform, the obligations. There's no guarantee under this lease, but we haven't seen any actual financial information, any proposed budgets. And we don't know what assets are there to pay the rent, to make the necessary improvements, to convert the space from a drugstore retail space to a kosher grocery store.

*Tr. of Aug. 28, 2025 Hrg.* 63:11-18, ECF No. 2241.

The Court, thus, requested supplemental briefing and specifically requested submission of financial data and information supporting Murray Ave Market's ability to operate as the anchor retailer in this building.

---

[2] Initially, Respondents also objected to assumption on the basis that the Notice does not accurately provide the amount necessary to cure Debtors' default under the Lease. The Notice reports the cure amount for the Lease as $32,275, *see Notice*, ECF No. 1545, whereas Respondents allege total cure costs in the amount of $203,606.38, *see Respondents' Obj.* ¶ 13, ECF No. 1805. Since the filing of the Objection, however, the parties have agreed to fix the cure amount in the context of a future hearing and "Murray Avenue Market has committed to pay the full cure after final determination by this Court." *Murray Ave Market Sur-Reply* ¶4 n.2, ECF No. 2459. Accordingly, the instant Letter Opinion will only address Respondents' Objection as it relates to adequate assurance of the assignee's future performance.

On September 5, 2025, Yitzchok Glassner submitted a Supplemental Declaration (ECF No. 2330) as the corporate designee for Murray Ave Market. As Respondents acknowledge, the Supplemental Declaration includes

> (i) a 2025 year-to-date income statement for Murray Avenue Kosher, Inc. ("**Murray Avenue Kosher**"), the kosher grocery store currently in operation in Squirrel Hill, (ii) an explanation that the relocation to the Property will result in a significant reduction in expenses and an equivalent increase in profit, (iii) tax returns for the years 2022 and 2024; and (iv) a 12-month personal guaranty of the Lease by Glassner.

*Respondents' Supp.* ¶ 5, ECF No. 2399. Although Respondents concede that the Supplemental Declaration provides additional information, Respondents contend that Murray Ave Market has not provided all requested information, and assert that yet more information is needed to demonstrate adequate assurance of Murray Ave Market's ability to perform under the Lease. *Id.* at ¶ 6. Specifically, Respondents request:

a) The identity of the principals of Murray Avenue Market and whether any of those principals are also principals of Murray Avenue Kosher;
b) A proposed budget that itemizes Murray Avenue Market's plan to convert the Property from a drugstore retail space into a kosher grocery store;
c) Business projections for a minimum of three years; and
d) Yitzchok Glassner's financial ability to guaranty the Lease.

*Id.*

Accordingly, Respondents maintain their objection to the proposed assignment. In response, Murray Ave Market filed a Sur-Reply (ECF No. 2459), asserting that many of Respondents' inquiries have already been answered by information admitted into evidence. Murray Ave Market asks the Court to overrule Respondents' objections.

III. **Discussion**

The Bankruptcy Code permits a debtor to assume and assign a lease so long as "adequate assurance of future performance by the assignee of such . . . lease is provided, . . . ." *See* 11 U.S.C. § 365(f)(2)(B). The Court has reviewed the record with respect to the Lease and proposed assignee and concludes that the parties have sufficiently demonstrated adequate assurance of future performance by Murray Ave Market.

The Declarations admitted into evidence establish that Murray Ave Market is acquiring Murray Avenue Kosher, Inc. and will convert the Property associated with this Lease to a specialty upscale kosher food market. *Glassner Supp. Decl.* ¶ 5, ECF No. 2330. The 2025 year-to-date income statement for Murray Avenue Kosher, Inc. submitted with the Supplemental Declaration indicates net income in excess of $350,000. *P&L Statement*, ECF No. 2330-1. Mr. Glassner explains that Murray Ave Market stands to be more profitable because "Murray Avenue Kosher, Inc.'s current location has unusually high expenses due to age and condition—recurring plumbing issues, chronic leaks, and substantial roof damage." *Glassner Supp. Decl.* ¶ 17, ECF No. 2330. Thus, Mr. Glassner certifies that the assumption of the new lease "will significantly reduce utilities and repair costs, with savings of approximately $100,000.00 annually compared to Murray Avenue Kosher's current location." *Id.* at ¶ 18.

The Court also considers the Market Business Plan, which discloses financial forecasts— including improvement costs to refresh the existing space—and projects $2.9 million in net profit within five years. *Market Business Plan*, ECF No. 2194-1. Murray Ave Market, LLC further certifies that, although it can afford them, renovations may not be necessary because "the space is plug-and-play and ready for immediate use in its as-is condition." *Murray Ave Market Sur-Reply.*

5

¶ 14, ECF No. 2439. Thus, an itemized budget for conversion/renovation expenses is unnecessary for an inquiry into Murray Ave Market's ability to perform under the Lease.

The Court will not require Mr. Glassner to provide evidence regarding his financial ability to personally guarantee the Lease, nor will it require the parties to further identify principals of the markets. Indeed, principals have been identified, *see id.* at ¶ 13, and additional information is not necessary for an evaluation of Murray Ave Market's future performance. Significantly, the record demonstrates that Murray Avenue Kosher, Inc. has been doing business for over fifty (50) years, and currently pays substantially similar rent at its current location. *See Glassner Decl.* ¶¶ 4, 11, ECF No. 2194. Ultimately, the record reflects that Murray Avenue Kosher, Inc. has a long-standing history and a healthy financial condition. The P&L statement and the Market Business Plan support assumption given the substantial similarities between the businesses, including rent expenses. The record suggests that Murray Ave Market—essentially stepping into the shoes of Murray Avenue Kosher, Inc.—stands to be similarly profitable and will enjoy cost-savings by moving to the Property.

## IV. Conclusion

For the foregoing reasons, the Court concludes that Debtors have provided adequate assurance of future performance. Respondents' Objection is overruled, and the Court APPROVES the proposed assumption and assignment. Debtors are directed to submit an appropriate form of Order.

*[signature]*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

Cc: Filed on CM/ECF

United States Bankruptcy Court
District of New Jersey

In re:  Case No. 25-14861-MBK
New Rite Aid, LLC  Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3  User: admin  Page 1 of 1
Date Rcvd: Sep 18, 2025  Form ID: pdf903  Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 20, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + New Rite Aid, LLC, 200 Newberry Commons, Etters, PA 17319-9363 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Sep 20, 2025  Signature:  /s/Gustava Winters