UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**ATTORNEY FEE APPLICATION COVER SHEET
FOR THE PERIOD MAY 5, 2025 THROUGH AUGUST 31, 2025**

| | |
|---|---|
| In re New Rite Aid, LLC, *et al.* | Applicant: Paul, Weiss, Rifkind, Wharton & Garrison LLP ("**Paul, Weiss**") |
| Case No. 25-14861 (MBK) | Client: Debtors and Debtors in Possession |
| Chapter 11 | Case Filed: May 5, 2025 |

COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION
UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746.

RETENTION ORDER ATTACHED.

*/s/ Andrew N. Rosenberg*                9/26/2025
Andrew N. Rosenberg                          Date

---

| SECTION I<br>FEE SUMMARY |
|---|

**First Interim Fee Application Covering the Period
May 5, 2025 through August 31, 2025:**

| | |
|---|---|
| FEE TOTALS | $18,434,132.00 |
| DISBURSEMENTS TOTALS | $247,144.23 |
| **TOTAL FEE APPLICATION** | **$18,681,276.23** |

| | **FEES** | **EXPENSES** |
|---|---|---|
| TOTAL PREVIOUS FEES REQUESTED: | $18,434,132.00 | $247,144.23 |
| TOTAL FEES ALLOWED TO DATE: | $0.00 | $0.00 |
| TOTAL RETAINER REMAINING: | $ 2,877,028.44 | $0.00 |
| TOTAL HOLDBACK (IF APPLICABLE): | $3,686,826.40 | $0.00 |
| TOTAL RECEIVED BY APPLICANT: | $8,123,598.40 | $135,501.08 |

+-------------------------------------------------------------+
|                      **SECTION II**                         |
|                    **CASE HISTORY**                         |
+-------------------------------------------------------------+

(1)    Date cases filed:  May 5, 2025

(2)    Chapter under which cases commenced:  Chapter 11

(3)    Date of retention: June 25, 2025, effective as of May 5, 2025. <u>See</u> **<u>Exhibit A</u>**.

       If limit on number of hours or other limitations to retention, set forth: N/A

(4)    Summarize in brief the benefits to the estate and attach supplements as needed:  <u>See</u> narrative portion of fee application.

(5)    Anticipated distribution to creditors:

       (a)    Administration expense: As set forth in the *First Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and its Debtor Affiliates* [Docket No. 2517] (as may be amended from time to time, the "<u>Plan</u>").

       (b)    Secured creditors: As set forth in the Plan.

       (c)    Priority creditors: As set forth in the Plan.

       (d)    General unsecured creditors: As set forth in the Plan.

(6)    Final disposition of case and percentage of dividend paid to creditors (if applicable): This is the first interim fee application.  Distributions to creditors will be made pursuant to the Plan, following entry of a confirmation order and the occurrence of the Plan effective date, neither of which have yet occurred.

**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher J. Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Co-Counsel for the Debtors and*
*Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NEW RITE AID, LLC, *et al.*,[1] | ) | Case No. 25-14861 (MBK) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### FIRST INTERIM FEE APPLICATION OF PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM MAY 5, 2025 THROUGH AUGUST 31, 2025

Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss"), attorneys for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submits this first interim application for compensation of professional services rendered and reimbursement of actual and necessary expenses (the "Application") pursuant to (i) sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of

---

[1] The last four digits of New Rite Aid, LLC's tax identification number are 1483. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at [https://restructuring.ra.kroll.com/RiteAid2025]. The location of Debtor New Rite Aid LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, PA 17319.

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey (the "<u>Local Rules</u>"), (ii) the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "<u>Guidelines</u>"), and (iii) this Court's *Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court*, dated June 9, 2025 [Docket No. 767] (the "<u>Administrative Fee Order</u>"), for professional services rendered by Paul, Weiss for the period commencing May 5, 2025 through and including August 31, 2025 (the "<u>Interim Compensation Period</u>"), and for reimbursement of its actual and necessary expenses incurred during the Interim Compensation Period.  In support of this Application, Paul, Weiss respectfully represents as follows:

**<u>JURISDICTION AND VENUE</u>**

1.      The United States Bankruptcy Court for the District of New Jersey (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-1.

**<u>BACKGROUND</u>**

4.      On May 5, 2025 (the "<u>Petition Date</u>"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "<u>Chapter 11 Cases</u>").  A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Chapter 11 Cases are set forth in greater detail in the *Declaration of Marc Liebman, Chief Transformation Officer*

2

*of the Debtors, in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 24] and incorporated by reference herein.

5.      The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On May 7, 2025, the Court entered an order [Docket No. 122] authorizing procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  On May 15, 2025, the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 316] (the "Committee").

6.      On June 9, 2025, the Court entered the Administrative Fee Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these Chapter 11 Cases.

7.      On June 25, 2025, the Court entered the *Order Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Attorneys for the Debtors and Debtors in Possession Effective as of the Petition Date* [Docket No. 1079] (the "Retention Order"), attached hereto as **Exhibit A**.  The Retention Order authorizes the Debtors to compensate and reimburse Paul, Weiss in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court.  The Retention Order also authorizes the Debtors to compensate Paul, Weiss at Paul, Weiss's hourly rates charged for services of this type and to reimburse Paul, Weiss for Paul, Weiss's actual and necessary out-of-pocket expenses incurred, subject to application to this Court.  The particular terms of Paul, Weiss's engagement are detailed in the engagement letter by and between Paul, Weiss and the Debtors, effective as of September 4, 2024.

3

8.      On September 3, 2025, the Debtors filed the *Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates* [Docket No. 2286] and the *Disclosure Statement Relating to the Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates* [Docket No. 2287].

9.      On September 4, 2025, the Debtors filed the *Debtors' Motion for Entry of an Order (I)(A) Conditionally Approving the Adequacy of the Disclosure Statement, (B) Approving the Solicitation Procedures, (C) Approving the Form of Ballot and Notices in Connection Therewith, (D) Scheduling Certain Dates with Respect Thereto, and (E) Granting Related Relief and (II)(A) Approving, in the Alternative, Dismissal of the Debtors' Chapter 11 Cases, (B) Scheduling Certain Dates with Respect Thereto, and (C) Granting Related Relief* [Docket No. 2289] (the "DS Motion").

10.     On September 19, 2025, the Debtors filed the *First Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates* [Docket No. 2517] (as further amended, supplemented, or modified from time to time, the "Plan") and the *First Amended Disclosure Statement Relating to First Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates* [Docket No. 2518] (the "Disclosure Statement").

11.     On September 22, 2025, the Court entered the *Order (I)(A) Conditionally Approving the Adequacy of the Disclosure Statement, (B) Approving the Solicitation Procedures, (C) Approving the Form of Ballot and Notices in Connection Therewith, (D) Scheduling Certain Dates With Respect Thereto, and (E) Granting Related Relief and (II)(A) Scheduling Certain Dates With Respect to the Dismissal of the Chapter 11 Cases, and (B) Granting Related Relief* [Docket No. 2535].

## INFORMATION REQUIRED BY THE GUIDELINES

### A.    The Scope of the Application

12.    Consistent with the Guidelines, Paul, Weiss discloses the following concerning the scope of the Application:

| | |
|---|---|
| Name of Applicant | Paul, Weiss, Rifkind, Wharton & Garrison LLP |
| Name of Client | Debtors in Possession |
| Petition Date | May 5, 2025 |
| Retention Date | Order signed June 25, 2025, effective May 5, 2025. *See* Retention Order at Docket No. 1079, a copy of which is attached hereto as **Exhibit A**. |
| Time Period Covered by Application | May 5, 2025 – August 31, 2025 |
| Terms and Conditions of Employment | Hourly |
| Interim / Final | Interim application under 11 U.S.C. §§ 330 and 331 |
| Date and Terms of Administrative Fee Order | On June 9, 2025, this Court entered the Administrative Fee Order.  Pursuant to the Administrative Fee Order, Professionals, as defined therein, can file monthly fee statements with the Court.  If there are no objections to a monthly fee statement, Professionals are entitled to payment of eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in their monthly fee statement.  The Administrative Fee Order further provides that Professionals may file interim fee applications for allowance of compensation and reimbursement of expenses of the amount sought in their monthly fee statements, including the twenty percent (20%) holdback pursuant to section 331 of the Bankruptcy Code at four-month intervals or such other intervals directed by the Court. |
| 11 U.S.C. § 330 | Paul, Weiss seeks compensation under 11 U.S.C. § 330. |
| Total Compensation (Fees) Sought in the Interim Compensation Period | $18,434,132.00 |
| Total Expenses Sought in the Interim Compensation Period | $247,144.23 |
| Total compensation approved by interim order to date | $0.00 |

| Total expenses approved by interim order to date | $0.00 |
|---|---|
| Blended rate in this Application for all attorneys | $1,701.94 |
| Blended rate in this Application for all timekeepers | $1,602.06 |
| Compensation sought in this Application already paid pursuant to a monthly compensation order but not yet allowed | $8,123,598.40 |
| Expenses sought in this Application already paid pursuant to a monthly compensation order but not yet allowed | $135,501.08 |
| If applicable, number of professionals in this Application not included in staffing plan approved by client | N/A |
| If applicable, difference between fees budgeted and compensation sought for this Interim Compensation Period | Paul, Weiss budgeted approximately $19,250,000 in fees during the Interim Compensation Period and incurred $18,434,132.00 in compensation during the Interim Compensation Period. |
| Number of professionals billing fewer than 15 hours to the case during this Interim Compensation Period | 11 |
| Are any rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this Application using the rates originally disclosed in the retention application | [] Yes          [X] No<br><br>N/A |

B.    **Summary of Timekeepers and Rate Increases**

13.    With respect to each professional and paraprofessional who billed on the matter during the Interim Compensation Period, Paul, Weiss discloses the following information on **Exhibit B** attached: (i) name; (ii) title or position; (iii) primary department, group, or section; (iv) date of first admission to the bar, if applicable; (v) total fees billed included in this Application; (vi) total hours billed included in this Application; and (vii) current hourly rate.  No rate increases were implemented during the Interim Compensation Period.

**C.**      **Customary and Comparable Compensation**

14.      Paul, Weiss submits its compensation is customary as evidenced by the blended hourly rate data set forth on **Exhibit C** attached for the 2024 calendar year as compared to the Interim Compensation Period.  As set forth in **Exhibit C**, Paul, Weiss' blended hourly rate for all timekeepers during the Interim Compensation Period was $1,602.06.

**D.**      **Statements from the Applicant**

15.      Consistent with the Guidelines, Paul, Weiss answers the following questions:

| Question | Answer |
|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? | No |
| If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? | The total fees requested in this Application are not higher by 10% or more than the total budgeted amount for the Interim Compensation Period. |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | No |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | Yes (minimal time/fees) |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? | Yes (minimal time/fees) |
| Does the fee application include any rate increases? | No |

**E.**      **Budget and Staffing Plan**

16.      Consistent with the Guidelines, Paul, Weiss provided the Debtors with, and the Debtors approved, a budget and staffing plan for the Interim Compensation Period.  A copy of the approved budget and staffing plan for the Interim Compensation Period is attached hereto as **Exhibit D**.  As set forth below, the total hours and fees actually incurred did not exceed the budget by more than 10% in the aggregate during the Interim Compensation Period:

| | HOURS | | FEES | |
|---|---|---|---|---|
| PROJECT CATEGORY | Budgeted | Billed | Budgeted | Billed |
| Asset Sales and Section 363 Issues (RA01) | 3,749.00 | 3,569.90 | $5,893,203.00 | $5,807,285.00 |
| Automatic Stay Issues (RA02) | 150.00 | 63.60 | $235,791.00 | $92,017.00 |
| Business Operations/Reporting (RA03) | 150.00 | 73.70 | $235,791.00 | $130,107.00 |
| Case Administration (RA04) | 797.00 | 531.10 | $1,252,836.00 | $636,265.50 |
| Cash Collateral and Financing (RA05) | 465.00 | 875.20 | $730,952.00 | $1,549,291.50 |
| Chapter 11 Filing & First Day Relief (RA06) | 479.00 | 290.50 | $752,959.00 | $412,593.50 |
| Claims Administration & Objections (RA07) | 150.00 | 183.20 | $235,791.00 | $288,109.50 |
| Corporate and Securities Matters | 100.00 | 0.00 | $157,194.00 | $0.00 |
| Corporate Governance and Board Matters (RA09) | 100.00 | 106.90 | $157,194.00 | $165,205.00 |
| Court Hearings (RA10) | 250.00 | 215.70 | $392,985.00 | $448,263.50 |
| Creditor and Stakeholder Issues (RA11) | 250.00 | 88.90 | $392,985.00 | $175,290.00 |
| Employee Matters (RA12) | 100.00 | 104.00 | $157,194.00 | $166,060.50 |
| Executory Contracts and Unexpired Leases (RA13) | 260.00 | 163.70 | $408,704.00 | $237,189.50 |
| Litigation (RA14) | 2,100.00 | 3,570.00 | $3,301,074.00 | $5,680,315.00 |
| Regulatory Matters (RA15) | 350.00 | 82.10 | $550,179.00 | $134,937.00 |
| Non-Working Travel Time | 210.00 | 11.10 | $330,107.00 | $22,990.00 |
| Plan, Disclosure Statement, and Confirmation (RA17) | 1,011.00 | 745.80 | $1,589,231.00 | $1,311,853.00 |
| Retention/Fee Applications – Non-PW (RA18) | 50.00 | 32.10 | $78,597.00 | $53,208.50 |
| Retention/Fee Applications – PW (RA19) | 380.00 | 406.50 | $597,337.00 | $345,653.00 |
| Strategic Advice (RA20) | 300.00 | 6.00 | $471,582.00 | $14,247.00 |
| Tax Matters (RA21) | 395.00 | 197.20 | $620,916.00 | $424,820.50 |
| U.S. Trustee Communications and Issues (RA22) | 100.00 | 2.60 | $157,194.00 | $4,522.00 |
| Vendor/Supplier/Utilities Matters (RA23) | 350.00 | 186.70 | $550,179.00 | $333,908.50 |
| TOTAL | 12,246.00 | 11,506.50 | $19,249,975.00 | $18,434,132.00 |

## SUMMARY OF PROFESSIONAL SERVICES
## RENDERED AND EXPENSES INCURRED

17.     During the Fee Period, Paul, Weiss represented the Debtors professionally and diligently, advising them on a variety of complex matters and issues in an effort to enable the Debtors to maximize the value of their estates for the benefit of all parties in interest.

18.     Paul, Weiss seeks allowance of compensation for professional services rendered to the Debtors during the Interim Compensation Period in the amount of $18,434,132.00.  In addition, Paul, Weiss seeks approval for reimbursement of expenses incurred in connection with the rendition of its services in the aggregate amount of $247,144.23.

19.     During the Interim Compensation Period, Paul, Weiss attorneys and paraprofessionals expended a total of 11,506.50 hours for which compensation is requested.  Of the aggregate time expended, 2,571.60 recorded hours were expended by partners of Paul, Weiss,

842.50 recorded hours were expended by counsel, 7,136.00 recorded hours were expended by associates, and 956.40 recorded hours were expended by paraprofessionals.

20.     The fees charged by Paul, Weiss in these Chapter 11 Cases are billed in accordance with its existing billing rates and procedures in effect during the Interim Compensation Period.  During the Interim Compensation Period, Paul, Weiss' hourly billing rates for attorneys and paraprofessionals ranged from $460.00 to $2,595.00 per hour.  Allowance of compensation in the amount requested would result in a blended hourly billing rate of $1,602.06 which represents a blended rate of $1,701.94 and $500.32 for attorneys and paraprofessionals, respectively, at Paul, Weiss' regular billing rates in effect at the time of the performance of services.

21.     The following summary highlights the major areas in which Paul, Weiss rendered services during the Interim Compensation Period.  As required by the Guidelines, the summary is organized by project category.  A summary chart setting forth the number of hours spent, and the amount of compensation requested for each projected category is attached as **Exhibit E-1** and a summary chart setting forth the amount of expenses requested by Paul, Weiss in this Application is attached as **Exhibit E-2**.  Detailed statements of fees and descriptions of services rendered are contained in Paul, Weiss' monthly fee statements for the Interim Compensation Period, which appear at Docket Nos. 1731, 2261, 2541, and 2542 and are incorporated herein by reference.

22.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Interim Compensation Period, but were not processed prior to the preparation of this Application, Paul, Weiss reserves the right to request additional compensation for such services and reimbursement of such expenses by future application to the Court.

**A.    Asset Sales and Section 363 Issues (RA01)**
Total Fees:    $5,807,285.00
Total Hours:    3,569.90

23.    This category includes time spent by Paul, Weiss attorneys and paraprofessionals assisting the Debtors in pursuit of certain sale processes. Among other things, Paul, Weiss attorneys and paraprofessionals spent time:

(a)    drafting, revising, filing, and obtaining approval of the Debtors' motion to approve bidding procedures for various sale processes on both an interim and final basis [Docket Nos. 142, 473] (the "Bidding Procedures Orders");

(b)    communicating with the Debtors and their other professionals to actively market Debtors' Pharmacy Assets and Remaining Assets (as each is defined in the Bidding Procedures Orders) for sale;

(c)    reviewing and analyzing bid proposals, and communicating with potential bidders regarding the same;

(d)    responding to diligence requests from potential bidders for certain of the Debtors' assets;

(e)    drafting and negotiating asset purchase agreements and related documents for the sale and closing of certain of the Debtors' Pharmacy Assets and Thirty Assets (as each is defined in the Bidding Procedures Orders);

(f)    advising the Debtors and communicating with the Debtors and other professionals in connection with the auctions for the Debtors' Pharmacy Asset, Thrifty Ice Cream business, and certain unsold Pharmacy Assets;

(g)    drafting and negotiating orders approving the sales of such assets and preparing for hearings to approve the same;

(h)    analyzing strategy and approach with the Debtors and their other advisors regarding the Debtors' sale processes and purchase agreements, including in connection with the Debtors' emergency motion to enforce the order approving the sale of certain Pharmacy Assets to CVS Pharmacy, Inc. (the "CVS Sale Order"); and

(i)    communicating with the Debtors, their other professionals, Committee advisors, and objecting parties regarding sale issues, case issues and related considerations.

**B.    Automatic Stay Issues (RA02)**
Total Fees:    $92,017.00
Total Hours:    63.60

24.     This category includes time spent by Paul, Weiss attorneys and paraprofessionals advising the Debtors on matters related to motions for relief from the automatic stay filed by various parties in interest in these Chapter 11 Cases.

**C.      Business Operations/Reporting (RA03)**
Total Fees:    $130,107.00
Total Hours:    73.70

25.     This category includes time spent by Paul, Weiss attorneys and paraprofessionals preparing and filing the Debtors' monthly operating reports and addressing operational issues arising during these Chapter 11 Cases.

**D.      Case Administration (RA04)**
Total Fees:    $636,265.50
Total Hours:    531.10

26.     This category includes time spent by Paul, Weiss attorneys and paraprofessionals on a variety of tasks that were necessary to ensure the efficient and smooth administration of legal services related to these Chapter 11 Cases.   Among other things, Paul, Weiss attorneys spent time:

    (a)     managing and administering these Chapter 11 Cases on a daily basis, through maintenance of case calendars, working group lists, task lists, docket updates, databases, and timelines created for use by Paul, Weiss attorneys, the Debtors, and the Debtors' other professionals; and

    (b)     preparing for and participating in regular internal calls to provide updates and discuss various case matters.

**E.      Cash Collateral and Financing (RA05)**
Total Fees:    $1,549,291.50
Total Hours:    875.20

27.     This category includes time spent by Paul, Weiss attorneys and paraprofessionals addressing issues relating to postpetition financing and cash collateral in these Chapter 11 Cases. Among other things, Paul, Weiss attorneys spent time:

(a)     reviewing, revising, and negotiating the motion to approve debtor in possession financing and an order approving same on an interim basis;

(b)     advising the Debtors in connection with their authorization to use cash collateral and postpetition financing;

(c)     drafting the final order approving the Debtors' postpetition financing and drafting a reply in response to various objections to the same;

(d)     engaging in negotiations with objecting parties regarding the final postpetition financing order; and

(e)     communicating with the Debtors, their other professionals, Committee advisors, and objecting parties regarding various postpetition financing issues and related considerations, including stub rent related issues.

**F.      Chapter 11 Filing & First Day Relief (RA06)**
Total Fees:    $412,593.50
Total Hours:    290.50

28.     This category includes time spent by Paul, Weiss attorneys and paraprofessionals:

(a)     reviewing, revising, and negotiating certain first day motions;

(b)     reviewing and revising certain orders granting final relief requested in certain first day motions; and

(c)     preparing for the first day hearing.

**G.      Claims Administration & Objections (RA07)**
Total Fees:    $288,109.50
Total Hours:    183.20

29.     This category includes time spent by Paul, Weiss attorneys and paraprofessionals

providing services related to the estimation, allowance, reconciliation, and settlement of claims.

Among other things, Paul, Weiss attorneys spent time:

(a)     researching and analyzing various claims-related issues;

(b)     communicating with the Debtors and their other professionals regarding various claims-related issues and other claims-related considerations;

(c)     drafting an administrative claims procedures motion; and

(d)     preparing for a court hearing regarding the approval of the administrative claims procedures motion.

**H.    Corporate Governance and Board Matters (RA09)**
Total Fees:    $165,205.00
Total Hours:    106.90

30.    This category includes time spent by Paul, Weiss attorneys providing services in connection with various corporate governance and Board matters.  Among other things, Paul, Weiss attorneys spent time:

    (a)    preparing for and attending meetings of the Debtors' Board of Directors and Special Committee to deliver updates on the Chapter 11 Cases and advise in respect of key restructuring decisions;

    (b)    preparing and reviewing materials in advance of such meetings and communicating with the Debtors and the Debtors' other professionals regarding the same; and

    (c)    analyzing various corporate governance issues with these Chapter 11 Cases.

**I.    Court Hearings (RA10)**
Total Fees:    $448,263.50
Total Hours:    215.70

31.    This category includes time spent by Paul, Weiss attorneys attending various court hearings and court conferences, including the first day hearing addressing the Debtors' first day motions, the second day hearing for approval of certain second day orders granting the final relief requested in the first day motions, the hearing on approval of the Debtors' postpetition financing on a final basis, hearings seeking approval of certain sales of the Debtors' assets, the hearing on the Debtors' motion to enforce the CVS Sale Order, and various status conferences.

**J.    Creditor and Stakeholder Issues (RA11)**
Total Fees:    $175,290.00
Total Hours:    88.90

32.    This category includes time spent by Paul, Weiss attorneys addressing issues and responding to inquiries raised by the Debtors' various creditors and other stakeholders. Specifically, Paul, Weiss attorneys spent time corresponding with the Debtors, various

13

stakeholders, and their respective advisors to provide updates as to developments in these Chapter 11 Cases, and responding to miscellaneous creditor inquiries, among other items.

**K.     Employee Matters (RA12)**
    Total Fees:   $166,060.50
    Total Hours:   104.00

33.     This category includes time spent by Paul, Weiss attorneys analyzing issues and advising the Debtors related to the Debtors' obligations under its collective bargaining agreements, the Debtors' 401(k) plan, and the Debtors' pension plan.

**L.     Executory Contracts and Unexpired Leases (RA13)**
    Total Fees:   $237,189.50
    Total Hours:   163.70

34.     This category includes time spent by Paul, Weiss attorneys assisting the Debtors in evaluating issues relating to executory contracts and unexpired leases.  Among other things, Paul, Weiss attorneys spent time:

> (a)     communicating with the Debtors and their other professionals regarding the treatment of certain executory contracts and unexpired leases;
>
> (b)     negotiating with creditors and their advisors with respect to their respective contracts and unexpired leases;
>
> (c)     communicating and negotiating with the Debtors' landlords regarding payment of charges, administration of these Chapter 11 Cases, and sale issues; and
>
> (d)     communicating and negotiating with the Debtors' landlords regarding payment of stub rent and sale issues.

**M.     Litigation (RA14)**
    Total Fees:   $5,680,315.00
    Total Hours:   3,570.00

35.     This category includes time spent by Paul, Weiss attorneys and paraprofessionals providing services relating to litigation, discovery-related matters, preparing for and taking

depositions, and conducting related research and drafting documentation related to the Debtors'

litigation strategy.  Among other things, Paul, Weiss attorneys spent time:

(a)    preparing research memoranda, pleadings, and other documents in anticipation of future litigation;

(b)    advising on strategy regarding various issues that could have potential litigation consequences;

(c)    responding to discovery requests from various parties;

(d)    conducting reviews of documents for discovery and production purposes;

(e)    engaging in meet-and-confers with opposing counsel;

(f)    drafting the Debtors' motion to enforce the CVS Sale Order and preparing for the hearing regarding same;

(g)    preparing for and participating in depositions regarding ongoing litigation and disputes;

(h)    drafting and negotiating a stipulation with MedImpact Healthcare Systems, Inc. to resolve certain recoupment disputes;

(i)    drafting a motion to enforce the automatic stay with respect to pending appeals in connection with the chapter 11 cases of Rite Aid Corporation and certain of its subsidiaries commenced in 2023 and preparing for a hearing regarding same;

(j)    drafting a response to McKesson Corporation's motion to allow administrative expense claim and compel payment thereon and the Debtors' adversary complaint against McKesson;

(k)    preparing for a potential contested hearing regarding the motion by McKesson Corporation to compel payment of administrative expenses; and

(l)    coordinating and communicating with the Debtors, the Debtors' other advisors, and key stakeholders regarding the foregoing activities.

**N.    Regulatory Matters (RA15)**
Total Fees:    $134,937.00
Total Hours:   82.10

36.     This category includes time spent by Paul, Weiss attorneys providing services relating to the Debtors' compliance with laws and regulations from various government agencies.

**O.     Non-Working Travel Time (RA16)**
        Total Fees:    $22,990.00
        Total Hours:   11.10

37.     This category includes time spent by Paul, Weiss attorneys traveling to and from in-person meetings and hearings.  The amounts presented for review and the request for payment in this Application reflect a reduction of one half the charges for travel time.

**P.     Plan, Disclosure Statement, and Confirmation (RA17)**
        Total Fees:    $1,311,853.00
        Total Hours:   745.80

38.     This category includes time spent by Paul, Weiss attorneys and paraprofessionals advising the Debtors with respect to the Plan, the Disclosure Statement, and related documents. Among other things, Paul, Weiss attorneys spent time:

     (a)     researching and conducting diligence regarding legal and factual issues relevant to the Disclosure Statement and Plan, and advising the Debtors on all aspects of their chapter 11 strategy;

     (b)     drafting, revising, and analyzing issues related to the Plan, Disclosure Statement, and the DS Motion and related exhibits;

     (c)     negotiating with various stakeholders regarding chapter 11 plan issues and potential alternatives;

     (d)     drafting a chapter 11 plan settlement term sheet; and

     (e)     drafting a restructuring support agreement and negotiating the terms of same with key stakeholders.

**Q.     Retention/Fee Applications – Non-PW (RA18)**
        Total Fees:    $53,208.50
        Total Hours:   32.10

39.     This category includes time spent by Paul, Weiss attorneys assisting and advising the Debtors' other professionals with the drafting, revising, and filing of retention applications, related declarations, and monthly fee statements.

**R.     Retention/Fee Applications – PW (RA19)**
        Total Fees:    $345,653.00
        Total Hours:    406.50

40.     This category includes time spent by Paul, Weiss attorneys and paraprofessionals assisting the Debtors with issues related to Paul, Weiss' retention and monthly fee statements. Among other things, Paul, Weiss attorneys spent time:

        (a)     preparing and obtaining approval of its retention application;

        (b)     conducting a comprehensive conflicts analysis and implementing internally established procedures to continually analyze potential new conflicts;

        (c)     preparing updated professional disclosures for filing; and

        (d)     preparing monthly fee statements.

**S.     Strategic Advice (RA20)**
        Total Fees:    $14,247.00
        Total Hours:    6.00

41.     This category includes time spent by Paul, Weiss attorneys providing strategic advice to the Debtors with respect to these Chapter 11 Cases, including communicating with the Debtors, their other professionals, key stakeholders, and their advisors regarding key case issues and go-forward strategic considerations.

**T.     Tax Matters (RA21)**
        Total Fees:    $424,820.50
        Total Hours:    197.20

42.     This category includes time spent by Paul, Weiss attorneys analyzing and advising the Debtors regarding tax-related issues, including in connection with the Plan, Disclosure Statement, and the purchase agreements for certain of the Debtors' assets.

**U.      U.S. Trustee Communications and Issues (RA22)**
Total Fees:   $4,522.00
Total Hours:   2.60

43.      This category includes time spent by Paul, Weiss attorneys communicating with

the U.S. Trustee about various issues relating to or arising during these Chapter 11 Cases.

**V.      Vendor/Supplier/Utilities Matters (RA23)**
Total Fees:   $333,908.50
Total Hours:   186.70

44.      This category includes time spent by Paul, Weiss attorneys advising the Debtors

on vendor and supplier issues, including with respect to postpetition business activities and

corresponding with the Debtors, stakeholders, and their respective advisors regarding vendor and

supplier matters, including analyzing issues and negotiations related to disputes with McKesson

Corporation.

## ACTUAL AND NECESSARY EXPENSES INCURRED BY PAUL, WEISS

45.      As set forth in **Exhibit E-2** attached hereto, Paul, Weiss has incurred a total of

$247,144.23 in expenses on behalf of the Debtors during the Interim Compensation Period.

These charges are intended to reimburse Paul, Weiss's direct operating costs, which are not

incorporated into Paul, Weiss's hourly billing rates.  Paul, Weiss charges external copying and

computer research at the provider's cost without markup.  Only clients who actually use services

of this type are separately charged for such services.  The effect of including such expenses as

part of the hourly billing rates would impose that cost upon clients who do not require extensive

photocopying and other facilities and services.

46.      In addition, due to the location of the Debtors' businesses, creditors, and other

parties in interest in relation to Paul, Weiss's offices, frequent multi-party telephone conferences

involving numerous parties were required.  The disbursements for such services are not included

in Paul, Weiss's overhead for the purpose of setting billing rates, and Paul, Weiss has made

18

every effort to minimize its disbursements in the Chapter 11 Cases.  The actual expenses incurred in providing professional services were necessary, reasonable, and justifiable under the circumstances to serve the needs of the Debtors in the Chapter 11 Cases.

47.      Among other things, Paul, Weiss ensures that all overtime meals, travel meals, hotel rates, and airfares (if any) are reasonable and appropriate expenses for which to seek reimbursement.  Specifically, Paul, Weiss regularly reviews its bills to ensure that the Debtors are only billed for services that were actual and necessary and, where appropriate, prorates expenses.

## RELIEF REQUESTED AND BASIS THEREFOR

48.      Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual necessary expenses." 11 U.S.C. § 330(a)(1).

49.      Section 330 of the Bankruptcy Code contains two separate criteria, and before determining the reasonableness of the service, the Court must make a threshold inquiry into its necessity.  *See In re Engel*, 190 B.R. 206, 209 (Bankr. D.N.J. 1995); *see also In re Fleming Cos.*, 304 B.R. 85, 89 (D. Del. 2003) (discussing a two-tiered approach to determining whether compensation should be allowed—first "the court must be satisfied that the attorney performed actual and necessary services" and second "the court must assess a reasonable value for those services").  The majority of courts which have interpreted section 330 of the Bankruptcy Code have held that an element of whether such services are "necessary" is whether they benefitted the bankruptcy estate.  *Engel*, 190 B.R. at 209.  Further, the test for determining necessity is objective, focusing on what services a reasonable lawyer would have performed under the same circumstances.  *In re APW Enclosure Sys., Inc.*, No. 06-11378 (MFW), 2007 WL 3112414, at *3

(Bankr. D. Del. 2007) (citing *Fleming*, 304 B.R. at 89).  This test does not rely on hindsight to determine the ultimate success or failure of the attorney's actions.  *See id*. (citing, *inter alia, Keate* v. *Miller (In re Kohl)*, 95 F.3d 713, 714 (8th Cir. 1996)).

50.    Once the court determines that a service was necessary, it also assesses the reasonable value of the service.   11 U.S.C. § 330(a)(3).   Section 330(a)(3) of the Bankruptcy Code sets forth the criteria for the award of such compensation and reimbursement, stating:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.*

51.    In determining the reasonableness of fees, courts routinely employ the following twelve factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or

contingent; (7) time limitations imposed by client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Staiano* v. *Cain (In re Lan Assocs. XI, L.P.)*, 192 F.3d 109, 123 n.8 (3d Cir. 1999).

52.    In addition, section 331 of the Bankruptcy Code provides that a debtor's attorney employed under section 327 of the Bankruptcy Code may apply to the Court for interim compensation not more than once every 120 days after an order for relief in a case under chapter 11. *See* 11 U.S.C. § 331; *see also* Administrative Fee Order.

53.    Here, as described above, Paul, Weiss devoted a substantial amount of time and effort to addressing the numerous issues involved in these Chapter 11 Cases. Paul, Weiss respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary to effectively represent the Debtors, were performed economically, effectively, and efficiently. Because Paul, Weiss' services benefitted the bankruptcy estates, Paul, Weiss respectfully submits that it performed "actual and necessary" services compensable under Section 330 of the Bankruptcy Code.

54.    Further, Paul, Weiss submits that consideration of the relevant factors enumerated in *Lan Assocs.* establishes that the compensation requested is reasonable in light of the nature, extent, and value of such services to the Debtors:

> (a)    *The Time and Labor Required*.  The professional services rendered by Paul, Weiss on behalf of the Debtors have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, in order to deal with the many issues encountered by the Debtors in these Chapter 11 Cases with skill and dispatch. Paul, Weiss respectfully represents that the services rendered by it were performed efficiently, effectively, and economically.

(b)     *The Novelty and Difficulty of Questions*.   Many legal challenges have arisen in the course of these cases.  Paul, Weiss' effective assistance on these and other matters has facilitated the efficient resolution of such issues.

(c)     *The Skill Required to Perform the Legal Services Properly*.  Paul, Weiss believes that its recognized expertise in the area of insolvency proceedings and reorganization contributes to the efficient and effective representation of the Debtors in these Chapter 11 Cases.

(d)     *The Preclusion of Other Employment by Applicant Due to Acceptance of the Case*.  Paul, Weiss' representation of the Debtors did not preclude its acceptance of new clients.  However, the issues that arose in these cases required attention on a continuing, and oftentimes emergent, basis, requiring Paul, Weiss' professionals to commit significant portions of their time to these Chapter 11 Cases.

(e)     *The Customary Fee*.   The fee sought herein is based on Paul, Weiss' normal hourly rates for services of this kind.   Paul, Weiss respectfully submits that the hourly rates of its professionals are not unusual given the time expended in attending to the representation of the Debtors.   Paul, Weiss' hourly rates and the fees requested herein are commensurate with fees Paul, Weiss has been awarded in other chapter 11 cases, as well as with fees charged by other attorneys of comparable experience.

(f)     *Whether the Fee is Fixed or Contingent*.  Not applicable.

(g)     *Time Limitations Imposed by Client or other Circumstances*.   Not applicable.

(h)     *The Amount Involved and Results Obtained*.  Paul, Weiss respectfully submits that the amount of fees for which compensation is sought is reasonable under the circumstances given the numerous issues that had to be addressed.

(i)     *The Experience, Reputation and Ability of the Attorneys*.  Paul, Weiss is a an international law firm that practices extensively in the fields of, among others, bankruptcy and corporate restructuring, litigation, real estate, tax, corporate, finance, and employment.  Paul, Weiss has represented debtors, creditors, and numerous other parties in numerous cases in various bankruptcy courts throughout the country.

(j)     *The Undesirability of the Case*.  Not applicable.

(k)     *Nature and Length of Professional Relationship*.  Not applicable.

(l)     _Awards in Similar Cases_.  As previously indicated, the fees sought herein are commensurate with fees Paul, Weiss has been awarded in other chapter 11 cases.

55.     In sum, Paul, Weiss respectfully submits that the professional services provided by Paul, Weiss on behalf of the Debtors and their estates during these Chapter 11 Cases were necessary and appropriate given the complexity of these Chapter 11 Cases, the time expended by Paul, Weiss, the nature and extent of Paul, Weiss's services provided, the value of Paul, Weiss's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code.  Accordingly, Paul, Weiss respectfully submits that approval of the compensation sought herein is warranted and should be approved.

## CONCLUSION

WHEREFORE, Paul, Weiss respectfully requests that the Court enter an order (a) awarding Paul, Weiss interim compensation for professional and paraprofessional services provided during the Interim Compensation Period in the amount of $18,434,132.00, and reimbursement of actual, reasonable and necessary expenses incurred in the Interim Compensation Period in the amount of $247,144.23; (b) authorizing and directing the Debtors to remit payment to Paul, Weiss for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Dated:  September 26, 2025

        _/s/ Andrew N. Rosenberg_____

**PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted _pro hac vice_)
Alice Belisle Eaton (admitted _pro hac vice_)
Christopher Hopkins (admitted _pro hac vice_)
Sean A. Mitchell (admitted _pro hac vice_)
1285 Avenue of the Americas
New York, New York 10019
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email:      arosenberg@paulweiss.com
            aeaton@paulweiss.com
            chopkins@paulweiss.com
            smitchell@paulweiss.com

_Co-Counsel for Debtors_

24

**<u>EXHIBIT A</u>**

**RETENTION ORDER**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re:

NEW RITE AID, LLC, *et al.*,

                            Debtors.[1]

Order Filed on June 25, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Chapter 11

Case No. 25-14861 (MBK) (Jointly Administered)

## ORDER AUTHORIZING THE RETENTION
## AND EMPLOYMENT OF PAUL, WEISS, RIFKIND,
## WHARTON & GARRISON LLP AS ATTORNEYS FOR THE DEBTORS AND
## DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE

The relief set forth on the following pages, numbered three (3) through (7), is **ORDERED**

**DATED: June 25, 2025**

*Michael B. Kaplan*

Honorable Michael B. Kaplan
United States Bankruptcy Judge

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP As Attorneys For The Debtors And Debtors In Possession Effective as of The Petition Date |

Upon the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP As Attorneys For The Debtors And Debtors In Possession Effective as of The Petition Date* (the "Application")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rules 2014-1, authorizing the retention and employment of Paul, Weiss as attorneys for the Debtors, effective as of the Petition Date, as more fully set forth in the Application; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Application has been given as set forth in the Application, and that such notice is adequate and no other or further notice need be given; and this Court having reviewed the Application, the Rosenberg Declaration and the Liebman Declaration; and this Court being satisfied, based on the representations made in the Application and the Rosenberg Declaration, that Paul, Weiss is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code; and that Paul,

---

[1]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

(Page | 4)

| Debtors: | NEW RITE AID, LLC, *et al.* |
|---|---|
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP As Attorneys For The Debtors And Debtors In Possession Effective as of The Petition Date |

Weiss does not hold or represent any interests adverse to the Debtors, the Debtors' estates, or their creditors; and that the legal and factual bases set forth in the Application having established just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1.      The Application is **GRANTED** as set forth herein.

2.      Pursuant to sections 327(a) and 330 of the Bankruptcy Code, the Debtors are authorized to employ and retain Paul, Weiss as their bankruptcy co-counsel in these chapter 11 cases effective as of the Petition Date on the terms and conditions set forth in the Application and Engagement Letter attached hereto as **Exhibit 1** to the extent set forth herein.

3.      Paul, Weiss is authorized to render professional services to the Debtors as described in the Application and the Engagement Letter.  Specifically, but without limitation, Paul, Weiss will render the following services, among others:

(a)      providing legal advice with respect to the Debtors' powers and duties as debtors in possession in the continued operation of their business and management of their properties;

(b)      attending meetings and negotiating with representatives of creditors and other parties-in-interest and advising and consulting on the conduct of these chapter 11 cases, including the legal and administrative requirements of operating in chapter 11;

(c)      taking action necessary to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

(d)      preparing and prosecuting on behalf of the Debtors all motions, applications, answers, orders, reports, and papers necessary to the administration of the estates;

4

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP As Attorneys For The Debtors And Debtors In Possession Effective as of The Petition Date |

    (e)      advising and assisting the Debtors with financing and transactional matters as such may arise during the chapter 11 cases;

    (f)      representing the Debtors in connection with obtaining authority to use cash collateral and post-petition financing;

    (g)      advising and assisting the Debtors with the marketing and sale processes for their assets and financing and transactional matters, as such may arise during the chapter 11 cases;

    (h)      taking any necessary action on behalf of the Debtors to negotiate, prepare and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documentation related thereto;

    (i)      appearing in Court and protecting the interests of the Debtors before the Court;

    (j)      advising the Debtors regarding tax matters; and

    (k)      performing all other legal services for the Debtors that may be necessary and proper in these chapter 11 cases.

4.     Paul, Weiss shall apply for compensation of professional services and reimbursement of expenses incurred during the pendency of these chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court. Paul, Weiss shall make a reasonable effort to comply with the United States Trustee for the District of New Jersey's (the "U.S. Trustee") requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013 (the "U.S. Trustee Guidelines"), both in connection with this Application and the interim and final fee applications to be filed by Paul, Weiss in the Debtors' chapter 11 cases.

(Page | 6)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP As Attorneys For The Debtors And Debtors In Possession Effective as of The Petition Date |

5.      Paul, Weiss is authorized to apply its remaining retainer against any outstanding prepetition fees, expenses, and costs and/or hold its remaining retainer as security during the pendency of these chapter 11 cases until Paul, Weiss's postpetition fees and expenses are awarded and payable to Paul, Weiss on a final basis. Paul, Weiss shall waive the amount of any prepetition fees, costs, or expenses (if any) in excess of the amount of its retainer.  At the conclusion of Paul, Weiss's engagement by the Debtors, if the amount of Paul, Weiss's retainer is in excess of the amount of Paul, Weiss's outstanding and estimated fees, expenses, and costs, Paul, Weiss will pay to the Debtors the amount by which Paul, Weiss's retainer exceeds such fees, expenses, and costs.

6.      To the extent that Paul, Weiss uses the services of contract attorneys, independent contractors or subcontractors (collectively, the "Contractors") in these cases, Paul, Weiss shall (i) pass through the cost of such Contractors at the same rate that Paul, Weiss pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the conflict checks as required for Paul, Weiss; (iv) file with this Court such disclosures required by Bankruptcy Rule 2014; and (v) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in these cases.

7.      Paul, Weiss shall review its files periodically during the pendency of the Debtors' chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Paul, Weiss shall file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

8.      In order to avoid any duplication of effort and provide services to the Debtors in the most efficient and cost-effective manner, Paul, Weiss shall coordinate with Cole Schotz P.C.

6

(Page | 7)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP As Attorneys For The Debtors And Debtors In Possession Effective as of The Petition Date |

and any additional firms the Debtors retain regarding their respective responsibilities in these chapter 11 cases. As such, Paul, Weiss shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

9. Prior to applying any increases in its hourly rates beyond the rates set forth in the Application and the Rosenberg Declaration (other than Step Increases), Paul, Weiss shall provide at least ten (10) business days' prior notice of any such increases to the Debtors, the U.S. Trustee, and the Committee, and shall file such notice with this Court. The U.S. Trustee retains the right to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

10. Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the declarations attached to the Application, any reimbursement provisions allowing for the reimbursement of fees earned and expenses incurred in connection with defending any objection to Paul, Weiss's fee applications under the Bankruptcy Code are not approved.

11. Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the declarations attached to the Application, any termination of the Engagement Letter by Paul, Weiss shall comply with the Local Rules and any other applicable rules of the Court, including Local Rule 9010-2(b).

12. No agreement or understanding exists between Paul, Weiss and any other person, other than as permitted by Bankruptcy Code section 504, to share compensation received for services rendered in connection with these cases, nor shall Paul, Weiss share or agree to share

7

| | |
|---|---|
| (Page \| 8) | |
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP As Attorneys For The Debtors And Debtors In Possession Effective as of The Petition Date |

compensation received for services rendered in connection with these cases with any other person other than as permitted by Bankruptcy Code section 504.

13.    To the extent the Application, the Engagement Letter, or the Rosenberg Declaration are inconsistent with this Order, the terms of this Order shall govern.

14.    The Debtors and Paul, Weiss are authorized to take all action necessary to carry out this Order.

15.    Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

16.    The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Application or otherwise waived.

17.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18.    Notwithstanding anything to the contrary in the Application, the Rosenberg Declaration, or the Engagement Letter, including paragraph 16 of the Engagement Letter, this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

## __Exhibit 1__

## Engagement Letter

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

DIRECT DIAL: (212) 373-3158
EMAIL: AROSENBERG@PAULWEISS.COM

BEIJING                SAN FRANCISCO
BRUSSELS               TOKYO
HONG KONG              TORONTO
LONDON                 WASHINGTON, DC
LOS ANGELES            WILMINGTON

April 9, 2025


Christin Bassett
New Rite Aid, LLC
200 Newberry Commons
Etters, PA 17319

Re:   Amended and Restated Engagement Letter

Dear Ms. Bassett:

I am pleased and grateful that New Rite Aid, LLC and its direct and indirect subsidiaries (collectively, "you," "Rite Aid," or the "Company") have retained Paul, Weiss, Rifkind, Wharton & Garrison LLP ("us" or the "Firm")  as its counsel to advise them in connection with the Company's strategic alternatives, including a potential restructuring.  Pursuant to a prior letter dated as of September 4, 2024, (the "September 2024 Letter"), Rite Aid engaged the Firm as its counsel in connection with, among others, corporate governance matters, merger and acquisition matters, and financing matters.  Effective as of March 10, 2025, the parties hereto agree that this engagement letter supersedes the September 2024 Letter in its entirety.

I write to confirm our acceptance of your continued engagement of us as counsel and to provide you with certain information concerning our practices and policies on fees, billing, collection, conflicts, and other material terms of our engagement.  We began work on the matter, and our engagement remains effective, as of September 4, 2024.  The rules governing our professional obligations require that we establish at the outset a common understanding about the terms and conditions of our employment.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

New Rite Aid, LLC                                                                                  2

<u>TERMS OF ENGAGEMENT</u>

The following terms and conditions apply to our engagement as your counsel:

**1.      Scope of Representation and Client Relationship  —**  We agree to provide you with legal services, as requested by you from time to time, which in our professional judgment are reasonably necessary and appropriate in connection with the matter described above. At this time, our engagement is limited to the matter described above, though we would be pleased to consider representing you in such other matters as you may request.  The terms and conditions of our engagement in any such other matter will be those set forth in this letter unless we otherwise mutually agree in writing.  In all matters in which we represent you, we will provide services of a strictly legal nature, and it is understood that you will not be relying on us for business, investment, or accounting advice, nor to assess or vouch for the creditworthiness of any third person.

Unless we otherwise agree or our representation of you otherwise requires, our engagement is solely with the individuals or entities specifically identified as clients in this letter. By entering into this agreement, we are not agreeing to represent any other individuals or entities not named as clients herein, including any parent company, subsidiary, affiliated corporations or businesses, or any of your shareholders, members, general or limited partners, individual officers, directors, employees or agents.

If you are acquired or otherwise subjected to a change in control after execution of this agreement, we will not be deemed to represent the acquiror, other controlling affiliate, or affiliates thereof, unless contemplated hereby, or unless we separately agree in writing or are required by law to do so.

The question of whether our fees are covered by some third-party agreement (including an insurance policy) is not within the scope of our representation, unless you specifically request us to consider that question.

**2.      Retainer  —**  Our agreement to represent the Company in connection with this engagement is contingent upon the Company's payment to us of an advance payment retainer in the amount of $1,000,000.00.  In addition, the Company agrees to provide one or more additional advance payment retainers as necessary, so as to ensure that the amount of any advance payment retainers remain at or above our estimated fees and expenses. We may apply the advance payment retainers to any outstanding fees as services are rendered and to expenses as they are incurred.  The Company understands and acknowledges that any advance payment retainers are earned by us upon receipt, any advance payment retainers become our property upon receipt, the Company no longer has a property or any other interest in any advance payment retainers upon our receipt, any advance payment retainers will be placed in our general account and will not be held in a client trust, escrow or similar account, and the Company will not earn any interest on any advance payment retainers.  The purpose of the advance payment retainer is to ensure that we do not become a creditor of the Company and will not be disqualified from representing the Company in any liquidation, reorganization or similar proceeding, including in any case under Title 11 of

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

New Rite Aid, LLC

the United States Code. The advance payment retainer is not a security deposit or security retainer. Notwithstanding payment of the advance payment retainers, the Company shall remain liable to us for all amounts owed to us pursuant to the terms of this engagement letter.  At the conclusion of this engagement, if the amount of any advance payment retainers held by us are in excess of the amount of our outstanding and estimated fees, expenses and costs, we will pay to the Company an amount equal to the amount by which any advance payment retainers exceed such fees, expenses and costs.

**3.    Fees for Legal Services** — Our fees for legal services are based on our assessment of the reasonable value of our services.  To assist us in determining that value, we assign hourly rates to each of our lawyers and legal assistants, and require each to maintain a record of the time spent and the services rendered on a particular matter.  Time is recorded in tenths of an hour, which is the minimum we charge for any service.  Our hourly rates, which are based on seniority, currently range from $2,245 to $2,595 per hour for partners, $1,995 per hour for counsel, $705 to $1,695 per hour for staff attorneys and associates, and $175 to $560 per hour for legal assistants.  From time to time, we reassess these rates to account for increases in our costs, augmentation of the experience and ability of our legal personnel and other factors, and thus our current rates may change (and be thereafter applied to all unbilled time) during our representation of you.  In addition to hourly rates, we may also take account of the types of services involved; the size, scope, complexity, and time limitations of the matter; the results obtained; and other relevant circumstances, including any factors that you may wish to call to our attention.  We are prepared, consistent with these principles, to adapt our valuation of services in advance of undertaking the representation to address any special needs you may raise with us.

For purposes of negotiating and finalizing our fee arrangements, you agree that we are acting on our own behalf in arm's-length discussions with you.  During these discussions, and for purposes of this engagement, we are not acting as your lawyer or fiduciary representative.  You have the right to consult with other counsel before executing this agreement.

**4.    Disbursements & Other Charges** — We are committed to serving you with the most effective and cost-efficient support systems reasonably required as an incident to our legal services, and to this end we allocate charges for such systems in accordance with the extent of usage by individual clients, which are billed in addition to our fee for legal services.  We provide certain services (or incur costs) in-house for which we charge an amount calculated in an effort fairly to reflect the equipment, personnel and overhead costs to us of providing the services to you.  We obtain other services (or incur other costs) from outside vendors or suppliers for which we charge only the amount billed to us by the vendor or supplier.  We may forward the invoices from these outside sources directly to you, in which event you will be responsible to pay the invoices in accordance with their terms.  Otherwise, our statements will separately bill you for these disbursements and other charges.

In the event we are required during or after our representation to respond to a subpoena or other formal request from a third party relating to services we have performed for you, you agree to reimburse us for our time and expense incurred in responding to such request.

**5.    Billing** — We want our clients to be satisfied with both the quality of our services and the reasonableness of our bills, and we earnestly invite you to discuss with us any

3

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

New Rite Aid, LLC

questions or comments you may have about any of our fees and charges or the format of our bills. Our practice is to bill on a monthly basis for the fees, disbursements, and related charges incurred in the preceding month, except that, in certain transactions, we may mutually agree that some or all of the billing will be done on some other basis. While we make every effort to include all disbursements in the statements for the period in which they were incurred, some costs (especially telephone or outside vendor expenses) are not available at the time of billing and must therefore be included in a later statement. Our statements are due and owing upon receipt, and payment in full is due within 30 days of receipt or, in transactions involving a closing, at such closing. Interest may become payable on any bills outstanding for more than thirty (30) days. In the event that some or all of our fees might be subject to payment by some third party (e.g., an insurance company), we regard our client as responsible for the payment of our fees and, absent a specific agreement to the contrary, we will not look to the third party for payment. We first apply all payments we receive from you to our oldest outstanding statement.

6.  **Managing Costs** — We are sensitive to the need to manage and, when possible, to predict legal costs. We are happy to work with you to estimate our likely fees and expenses in connection with our services. You understand, however, that any estimate of projected fees is necessarily only an inexact approximation based on assumptions that may prove unfounded in the unique circumstances of each matter, and that such estimates are not intended as either a maximum or a minimum fee for our legal services.

7.  **Outside Experts and Consultants** — In the course of our representation it may be appropriate, with your advance approval, to retain persons of special training or expertise to assist in the rendition of legal services (e.g., accountants, economists, investigators). Owing to privileges that may apply to services that an attorney requests from a third party, it will often be advisable for this firm to assume responsibility for hiring such experts. Notwithstanding that the contractual relationship may be with this firm, however, you agree that you will bear the responsibility directly to pay the invoices for the fees and expenses incurred by these persons.

When working with your other legal, financial and accounting advisors on this matter, the scope of our responsibilities will be limited to those matters that you and we agree are appropriate, and such other advisors will be engaged by you and not by us unless contemplated hereby or separately agreed in writing. To avoid the risk of any misunderstandings in respect of the scope of our responsibilities, it is important that you provide us with clear and timely instructions. Similarly, if at any time you are unsure of whether we or one of your other advisors is focusing on a particular issue or concern, please contact us immediately to clarify our respective roles and responsibilities.

8.  **Confidentiality** — For our relationship to succeed, it is essential for Rite Aid to provide us with all factual information reasonably relevant and material to the subject matter of our representation. We regard the lawyer's duty to preserve the confidences and secrets of a client with the utmost seriousness. In instances in which we represent a corporation, partnership, or other legal entity, our attorney-client relationship is with, and this duty of confidentiality is owed only to, the entity, and not to the entity's parent or subsidiary corporations nor its shareholders, officers, directors, founders, managers, employees or partners, unless you instruct us or our representation of you requires otherwise. As a result, the confidences and secrets we obtain in the course of such representations belong to and may be waived by the organization we

4

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

New Rite Aid, LLC

represent, and not by the employees, officers, or directors of the organization.  Of course, in the absence of a conflict, we are free to represent these other persons, but should not be deemed to do so without our express agreement to that effect.

9.    **Conflicts of Interest** — We wish to avoid any circumstance in which you would regard our representation of another client to be inconsistent with our duties to and understandings with you.  Unless we have told you otherwise, we do not now represent another client in the specific matter in which you have retained us.

Because we represent many clients, including clients in your industry or related industries, in a wide variety of matters around the world, it is possible that, while we represent you in this matter, we will be asked to represent clients in other matters in which the interests of such other clients are adverse to your interests or which relate to the same or similar matters you are pursuing and for which we may need your informed consent under the rules of professional conduct for lawyers.  Those other matters can include, for example, negotiations, mergers, acquisitions, financings, work-outs, bankruptcy proceedings, litigation and other dispute resolution matters, and administrative or regulatory proceedings.

Subject to the other terms of this section 9, we agree that we will not undertake any such representation without your consent if the subject of that representation is substantially related to the specific matter(s) in which we then represent you.  If such representation is not substantially related to the specific matter(s) in which we then represent you, however, then you hereby agree that we will be free to undertake such representation, provided that the other client has consented to our continued representation of you (including by having entered into a letter agreement with us similar to this letter agreement).

Your consent means that this firm could represent another client adverse to you in another matter, such as a lawsuit, a transaction, or some other matter, so long as that matter is not substantially related to the matter(s) in which we then represent you.  Your consent also means that the firm could represent, in a separate matter not involving you, another client whom you may be adverse to in the matter(s) in which we represent you.

You further agree that we may represent another client in a matter that is substantially related to a matter in which we formerly represented you and in which your interests are adverse to the interests of the other client, even if we continue to represent you in unrelated matters, provided that:  (1) the lawyers who formerly represented you in the prior substantially related matter do not represent the other client in such matter and (2) the lawyers who do represent the other client in such matter are unable to access confidential information from the prior matter in which we represented you.

Your agreement regarding potential conflicts as set forth herein represents your acknowledgement that such representations are foreseeable to you and effects a waiver of your right, if any, to object to our representation in matters that are not then substantially related to our representation of you or to move to disqualify us or to claim that our representation otherwise breaches any obligation we owe to you in such matters.  While there may be potential risks to you inherent in such adverse representations, we will only take on such representations if we determine that we can continue to satisfy our professional obligations to you, including by appropriately

5

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

New Rite Aid, LLC

safeguarding your confidential information in the course of such representations, and providing you with competent and diligent representation in the matters in which we represent you.

Because we represent a number of venture capital, leveraged buy-out and other private equity, mezzanine and hedge fund investors, as well as other potential acquirers and financing sources, from time to time more than one of our clients participate as bidders, buyers or financing sources in an auction or other opportunity to buy or invest in the assets or securities of a third party, provide financing or other competitive transaction (a "Transaction"). In such case, we establish appropriate screening procedures to ensure that there is no disclosure of confidential information concerning the Transaction from the team of lawyers representing one client to the separate team of lawyers representing another client, or to such other client (other than the fact that we are or may be representing one or more other potential acquirers). You hereby agree that, in the event that you seek representation by us in such a Transaction, you waive prospectively any conflict of interest or other objection that would preclude our representation of another client or other clients in the same Transaction, so long as we establish appropriate screening procedures to prevent disclosure of confidential information concerning our representation of you, and assign a separate team of lawyers to assist you. In such circumstances, we will not (i) disclose to you the identities of any other such client (except with the consent of such client), (ii) advise any other such client of your identity as a competing bidder in such Transaction (except with your consent), or (iii) be obligated to advise you that we have undertaken representation of any such other client. For the avoidance of doubt, we confirm that we shall not represent any such other client in any litigation, arbitration or other dispute resolution procedure adverse to you that may arise out of such Transaction.

Moreover, in the course of representing you, and in order fully to satisfy our professional obligations, we may from time to time need to consult with lawyers, including lawyers in this firm, responsible for advising the firm on legal and ethical issues, including issues that may implicate your interests. You acknowledge and agree that the firm is free to consult with its own counsel, including internal counsel, on such matters without your consent and that such consultations are privileged and confidential to us. You specifically waive any conflict of interest based on such consultations.

We also inform you that certain entities owned by some of our current or former lawyers and senior staff have investments in funds or companies that may, directly or indirectly, be affiliated with you, hold investments in your debt or equity securities, be adverse to you, or conduct commercial transactions with you. These investment entities are passive and have no management or control rights in such funds or companies. Please let us know if you have any questions or concerns regarding our passive holdings.

You have considered the pros and cons of waiving conflicts of interests and recognize the inherent uncertainty about the array of potential matters and clients we might take on, but nonetheless have decided that, to secure our services instead of another firm's, it is in your interest to waive conflicts of interest as described above. Since we understand that you are experienced in retaining legal services, we are relying upon your agreement to the foregoing in undertaking this representation. We urge you to ask us any questions concerning this consent and encourage you to seek advice from independent legal advisors before we undertake to represent you.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

New Rite Aid, LLC

**10.** **Termination** — We hope and trust that our relationship with you will be a long and fruitful one. Nevertheless, you are free to terminate our representation of you at any time by written notice unless judicial approval is required for us to withdraw, in which event we agree not to oppose such withdrawal. Subject always to the applicable rules of professional conduct and any applicable rule of court, we may terminate this agreement at any time, including if you deliberately disregard the terms of this agreement, such as by failing to pay statements when due, or if, in our professional judgment, we are unable to continue the representation consistent with our ethical obligations. Notwithstanding any such termination, you remain liable to pay all fees and charges incurred up to the date of termination. Upon completion of the matter to which this engagement letter applies, or the earlier termination of the representation, our attorney-client relationship will end unless we agree to continue the representation on other matters. Subject to any applicable rules of court and/or rules of professional conduct, we have sole discretion to determine when our work on a matter is completed and thus the representation is terminated. Once a matter is completed, we shall have no continuing obligation to advise you on any matter unless we otherwise agree in writing. Once a matter is completed, unless we are doing other work for you, you will become a former client for purposes of the conflicts rules.

**11.** **Data Protection** — In providing legal services to you and in conducting our business, we may receive from you, store, and use information and documents which consist of or contain "personal data" or "special category personal data" about you and/or your shareholders, officers, directors, founders, managers, employees, partners, clients, business associates or others. Such information or similar information that is defined as "personal information," "sensitive personal information," or "sensitive data" under applicable data privacy or data protection laws, including, but not limited to, the UK Data Protection Act of 2018, Regulation (EU) 2016/679 (the "GDPR") and the California Consumer Privacy Act ("CCPA") may be protected under such laws. We may process personal data in order (i) to carry out work for you, (ii) to share data with third parties, including other professional advisors, in connection with our work for you, and (iii) to comply with applicable laws and regulations.

We will process personal data in line with our privacy notice (which can be found at www.paulweiss.com/notices/privacy-policy). If you provide us with personal data, you warrant that you have obtained all necessary consents or otherwise determined that you have a lawful basis to transfer the data under the UK Data Protection Act of 2018, the CCPA, the GDPR and other applicable data privacy laws. Where relevant under applicable law, the Firm and you shall be separate data controllers or businesses, except in specific circumstances where the Firm receives relevant instructions from you and acts as a processor or service provider. Where the Firm is to receive any personal data outside of the European Economic Area under this engagement letter, and applicable law requires, the parties will execute any necessary agreements (including, where necessary, the EU Standard Contractual Clauses or UK International Data Transfer Agreement).

**12.** **Information Management and Email Encryption** — We will maintain and manage all information and documents related to our representation of you in our offices, on our computing devices and systems, and/or using third-party service providers. We evaluate such third-party service providers, including "cloud" services, to ensure appropriate service agreements and technical and organizational controls are in place to help protect the confidentiality, integrity, availability, and security of such information. To the extent that you require we use any other

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

New Rite Aid, LLC

external system for communication or for storage, management, or transfer of information, you bear the responsibility for conducting such evaluations.

While our email systems are configured to attempt encryption, additional setup is often required to ensure automated enforced encryption between our email systems. At your request we can work with you to configure the systems accordingly.

13.    **Records Management and Retention** — The paper and electronic records we maintain related to our representation of you will include documents such as legal pleadings, transactional documents, substantive correspondence and other documents reasonably necessary to our representation of you in the matter (the "Client File"). The Client File is your property. The records may also include internal firm documents prepared for the purpose of facilitating performance of our legal services in the form of research memoranda, outlines, emails, handwritten notes and mark-ups of documents, as well as new matter intake forms and internal conflicts checking records. These records are our property. At the close of a specific matter, at your written request, we will return to you your original documents, if any, related to the matter. At your written request, any remaining records in the Client File will be returned to you at your expense. You agree that we may make physical or electronic copies if we choose at our own expense. You agree and understand that any materials left with us after the engagement has terminated may be retained or destroyed at our discretion without further notice to you and in a manner which preserves the confidential and secret nature of their contents. We will retain documents relating to this representation only as long as required by law or our legal hold policies, or as we otherwise determine is appropriate.

14.    **Legal Updates, Publications and Events** — You agree that we may contact you with legal updates or other publications which we believe may be useful to you (for example, with details of relevant changes in law). In addition, you agree that we may send you invitations to events such as client seminars on various legal topics. We may contact you for these purposes by email, mail or telephone (as appropriate). If you prefer not to be contacted for these purposes, please email us at privacy@paulweiss.com.

In connection with our marketing materials describing our law practice and providing examples of matters we handle, you agree that we can identify you as a client and include factual summaries of publicly known matters we handled for you, so long as those materials do not disclose confidential or sensitive information under applicable ethical rules.

15.    **Governing Law** — Any controversy, dispute or claim arising out of this engagement shall be governed by and interpreted in accordance with the laws of the State of New York, without regard to conflict of law provisions that might provide for the application of the law of any other jurisdiction.

16.    **Binding Confidential Arbitration and Waiver of Jury Trial** — Any claim or controversy arising out of this engagement—including, without limitation, disputes over legal fees, expenses, or services provided pursuant to the agreement, claims for professional malpractice or conflicts of interest, or disputes relating to the interpretation or enforceability of the agreement—shall be determined exclusively by final, binding, and confidential arbitration, in lieu of any right you may otherwise have to arbitrate under Part 137 of the Rules of New York's Chief

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

New Rite Aid, LLC

Administrative Judge.  The arbitration shall be conducted through JAMS.  The dispute shall be heard by a single arbitrator who served as a federal judge in the Southern District of New York or the Eastern District of New York for at least five years.  Each party shall be entitled to depose a maximum of six fact witnesses, in addition to any expert witnesses.  All depositions shall be limited to six hours per witness.

No party may seek to confirm, vacate, or enforce the arbitration decision in any forum, except in the event that a party fails to pay when due any amounts awarded in the arbitration, in which case the party seeking to confirm or enforce the award shall be entitled to do so in a court of competent jurisdiction in the City, County, and State of New York.  No party may disclose the substance or results of the arbitration, except as required by law or regulation.

Each party shall bear its own costs, including attorneys' and other professional fees in connection with the arbitration, except that the costs payable to the arbitrator and JAMS shall be shared equally among the parties.  The arbitrator shall not award any party costs, attorneys' fees or other professional fees, or punitive or other special damages.

By agreeing to arbitration, you irrevocably and unconditionally, to the fullest extent permitted by applicable law, waive any right to trial by jury in such action.  You certify that you have considered the implications of this waiver of jury trial, make the waiver knowingly and voluntarily, and have not been induced to do so by the Firm's acceptance of this engagement.

17.    **Entire Agreement** — These terms set out the entire agreement between you and us concerning our provision of legal services (notwithstanding any guidelines for outside counsel that you may provide to the Firm), except where the parties otherwise agree in writing (which may be by email).  Any modifications of or amendments to these terms must be in writing (which may be by email) and agreed by both parties.

18.    **Severability** — If any provision of this engagement letter or any portion thereof, or the application of any such provision or portion thereof, is held invalid, illegal, void or unenforceable in any respect by a court of competent jurisdiction or administrative authority, such invalidity, illegality or unenforceability will not affect any other provision hereof or the remaining portion thereof, and the validity of the entire engagement letter as a whole shall not be affected thereby.

*  *  *

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

New Rite Aid, LLC

        Our goal is to serve you in an effective and efficient way, and we welcome your views on how we may best do so.  We encourage you to discuss with us any questions you might have concerning these matters.  Please signify your acceptance of the foregoing Terms of Engagement by signing the enclosed copy of this letter and returning it to me.  Please note that your instructing us or continuing to instruct us on the matter discussed above will constitute your full acceptance of the terms set out above.

        Again, we are all pleased at the chance to continue working with Rite Aid.

        Sincerely,

        *Andrew N. Rosenberg*

        Andrew N. Rosenberg
        Partner

AGREED:

**NEW RITE AID, LLC**

By: *Christin Bassett*
      _____

Name: Christin Bassett
Title:   Acting General Counsel

## EXHIBIT B

## SUMMARY OF TIMEKEEPERS INCLUDED IN THIS FEE APPLICATION

| Professional | Position | Year Admitted | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| William Clareman | Partner | 2007 | Litigation | $2,595.00 | 200.90 | $521,335.50 |
| Alice Eaton | Partner | 2000 | Restructuring | $2,595.00 | 576.40 | $1,495,758.00 |
| Peter E. Fisch | Partner | 1990 | Real Estate | $2,595.00 | 9.10 | $23,614.50 |
| Robert Holo | Partner | 1993 | Tax | $2,595.00 | 108.20 | $280,779.00 |
| Kyle Kimpler | Partner | 2009 | Restructuring | $2,595.00 | 123.90 | $321,520.50 |
| Gregory Laufer | Partner | 2008 | Litigation | $2,595.00 | 88.20 | $228,879.00 |
| Randy Luskey | Partner | 2005 | Litigation | $2,595.00 | 12.70 | $32,956.50 |
| Claudine K. Meredith-Goujon | Partner | 1999 | Corporate | $2,595.00 | 6.80 | $17,646.00 |
| Andrew N Rosenberg | Partner | 1992 | Restructuring | $2,595.00 | 31.80 | $82,521.00 |
| Scott Sher | Partner | 1997 | Litigation | $2,595.00 | 46.60 | $120,927.00 |
| Lawrence Witdorchic | Partner | 1996 | Exec. Comp. | $2,595.00 | 17.60 | $45,672.00 |
| Christopher Hopkins | Partner | 2014 | Restructuring | $2,350.00 | 104.20 | $244,870.00 |
| Sean A. Mitchell | Partner | 2015 | Restructuring | $2,350.00 | 550.80 | $1,294,380.00 |
| Megan Spelman | Partner | 2014 | Corporate | $2,350.00 | 275.00 | $646,250.00 |
| Alison R. Benedon | Partner | 2017 | Litigation | $2,245.00 | 354.60 | $796,077.00 |
| Yuni Sobel | Partner | 2011 | Corporate | $2,245.00 | 64.80 | $145,476.00 |
| Darren Johnson | Counsel | 2002 | Litigation | $1,995.00 | 222.50 | $443,887.50 |
| Sarah Harnett | Counsel | 2009 | Restructuring | $1,995.00 | 170.10 | $339,349.50 |
| Douglas Keeton | Counsel | 2016 | Restructuring | $1,995.00 | 339.80 | $677,901.00 |
| Robert N Kravitz | Counsel | 1989 | Litigation | $1,995.00 | 106.90 | $213,265.50 |
| William O'Brien | Counsel | 1987 | Environmental | $1,995.00 | 3.20 | $6,384.00 |
| Joshua Esses | Associate | 2017 | Restructuring | $1,695.00 | 463.20 | $785,124.00 |
| Benjamin Heller | Associate | 2016 | Tax | $1,695.00 | 39.70 | $67,291.50 |
| Nicholas Krislov | Associate | 2021 | Restructuring | $1,695.00 | 212.60 | $360,357.00 |
| Maegan Liegel | Associate | 2014 | Corporate | $1,695.00 | 8.70 | $14,746.50 |
| Richard Malek | Associate | 2020 | Executive Compensation | $1,695.00 | 6.40 | $10,848.00 |
| Marissa McDonough | Associate | 2018 | Corporate | $1,695.00 | 3.90 | $6,610.50 |
| Guy Polani | Associate | 2019 | Corporate | $1,695.00 | 546.30 | $925,978.50 |
| Martin J. Salvucci | Associate | 2019 | Restructuring | $1,695.00 | 348.30 | $590,368.50 |
| Max Siegel | Associate | 2019 | Litigation | $1,695.00 | 549.30 | $931,063.50 |
| Timothy M. Haase | Associate | 2021 | Tax | $1,675.00 | 20.20 | $33,835.00 |
| Emily Parsons | Associate | 2021 | Litigation | $1,675.00 | 66.30 | $111,052.50 |
| Sahil Sheth | Associate | 2021 | Litigation | $1,675.00 | 7.80 | $13,065.00 |
| Tyler F. Zelinger | Associate | 2021 | Restructuring | $1,675.00 | 460.70 | $771,672.50 |
| Emma Ouellet-Lizotte | Associate | Not Yet Admitted | Corporate | $1,595.00 | 431.10 | $687,604.50 |
| Alana Page | Associate | 2022 | Restructuring | $1,595.00 | 112.70 | $179,756.50 |
| Sarah Schofield | Associate | 2022 | Corporate | $1,595.00 | 45.00 | $71,775.00 |
| Nargis Fazli | Associate | Not Yet Admitted | Restructuring | $1,470.00 | 454.20 | $667,674.00 |

| Professional | Position | Year Admitted | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Theodore Furchtgott | Associate | 2024 | Litigation | $1,470.00 | 209.30 | $307,671.00 |
| Vida Robinson | Associate | 2023 | Restructuring | $1,470.00 | 72.10 | $105,987.00 |
| Marissa Smith | Associate | 2023 | Litigation | $1,470.00 | 104.10 | $153,027.00 |
| Joseph Sommerfeld | Associate | 2023 | Real Estate | $1,470.00 | 5.60 | $8,232.00 |
| Alex Woelffer | Associate | 2022 | Litigation | $1,470.00 | 87.70 | $128,919.00 |
| Sarita Benesch | Associate | 2023 | Corporate | $1,220.00 | 273.70 | $333,914.00 |
| Avraham "Moshe" Gold | Associate | 2024 | Tax | $1,220.00 | 16.70 | $20,374.00 |
| Xinyue Ji | Associate | 2024 | Exec. Comp. | $1,220.00 | 39.60 | $48,312.00 |
| Isabelle Leipziger | Associate | 2024 | Litigation | $1,220.00 | 149.40 | $182,268.00 |
| Rana Matared | Associate | 2024 | Litigation | $1,220.00 | 33.10 | $40,382.00 |
| Rob Quelch | Associate | 2025 | Corporate | $1,220.00 | 297.70 | $363,194.00 |
| Usman Syed | Associate | Not Yet Admitted | Corporate | $1,220.00 | 139.50 | $170,190.00 |
| Yehuda Jay Zwick | Associate | 2023 | Real Estate | $1,220.00 | 8.40 | $10,248.00 |
| Christopher Bilicic | Associate | 2025 | Litigation | $975.00 | 458.60 | $447,135.00 |
| Julia K D Rozario | Associate | 2025 | Corporate | $975.00 | 11.10 | $10,822.50 |
| Lydia Graham | Associate | 2025 | Corporate | $975.00 | 22.90 | $22,327.50 |
| Kunal Khemani | Associate | 2025 | Restructuring | $975.00 | 515.40 | $502,515.00 |
| Natalie Punzak | Associate | 2025 | Real Estate | $975.00 | 16.20 | $15,795.00 |
| Vincent (Vinny) Sireci | Associate | 2025 | Restructuring | $975.00 | 744.70 | $726,082.50 |
| Cenadra Gopala-Foster | Associate | Not Yet Admitted | Litigation | $975.00 | 66.50 | $64,837.50 |
| Maria-Anastasia Gravani | Associate | Not Yet Admitted | Corporate | $975.00 | 62.30 | $60,742.50 |
| Bruce Thomas | Associate | Not Yet Admitted | Corporate | $975.00 | 25.00 | $24,375.00 |
| Timothy Carney | Paralegal | N/A | Corporate | $560.00 | 45.30 | $25,368.00 |
| Eric Jose | Paralegal | N/A | Litigation | $560.00 | 69.80 | $39,088.00 |
| Christopher Coleman | Paralegal | N/A | E-Discovery | $525.00 | 32.70 | $17,167.50 |
| Joshua Goldberg | Paralegal | N/A | E-Discovery | $525.00 | 25.50 | $13,387.50 |
| Maya Lempert | Paralegal | N/A | E-Discovery | $525.00 | 6.20 | $3,255.00 |
| Frank Oliveras | Paralegal | N/A | E-Discovery | $525.00 | 34.60 | $18,165.00 |
| Jonathan Romero | Paralegal | N/A | E-Discovery | $525.00 | 6.20 | $3,255.00 |
| Stephanie Tse | Paralegal | N/A | E-Discovery | $525.00 | 6.10 | $3,202.50 |
| Justin Turnofsky | Paralegal | N/A | E-Discovery | $525.00 | 7.70 | $4,042.50 |
| Eduard Vishnevetskiy | Paralegal | N/A | E-Discovery | $525.00 | 10.20 | $5,355.00 |
| Alina Ahmad | Paralegal | N/A | Litigation | $490.00 | 30.50 | $14,945.00 |
| Alicia Brown | Paralegal | N/A | Litigation | $490.00 | 6.00 | $2,940.00 |
| Jacqueline Coquillette | Paralegal | N/A | Corporate | $490.00 | 9.70 | $4,753.00 |
| Scott Fischer | Paralegal | N/A | Litigation | $490.00 | 13.20 | $6,468.00 |
| Teiana Gonsalves | Paralegal | N/A | Corporate | $490.00 | 13.20 | $6,468.00 |
| Victoria Hannaford | Paralegal | N/A | Litigation | $490.00 | 40.40 | $19,796.00 |
| Julia Hossain | Paralegal | N/A | Restructuring | $490.00 | 12.10 | $5,929.00 |
| Barrett Kanfer | Paralegal | N/A | Restructuring | $490.00 | 52.20 | $25,578.00 |
| Jessica Llewellyn | Paralegal | N/A | Litigation | $490.00 | 8.70 | $4,263.00 |
| Peter Patouhas | Paralegal | N/A | Corporate | $490.00 | 294.40 | $144,256.00 |

| Professional | Position | Year Admitted | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Julia Polsky | Paralegal | N/A | Litigation | $490.00 | 8.30 | $4,067.00 |
| Jayden Thompson | Paralegal | N/A | Corporate | $490.00 | 6.10 | $2,989.00 |
| Alexandra Tsalikis | Paralegal | N/A | Litigation | $490.00 | 120.30 | $58,947.00 |
| Raquel Winer | Paralegal | N/A | Litigation | $490.00 | 6.80 | $3,332.00 |
| LaAsia Canty | Paralegal | N/A | Research & Business Intelligence | $460.00 | 90.20 | $41,492.00 |
| **TOTAL** | | | | | **11,506.50** | **$18,434,132.00** |

3

<u>**EXHIBIT C**</u>

**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES**

(*See* Guidelines ¶ C.3. for definitions of terms used in this Exhibit)

Paul, Weiss's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by similarly skilled bankruptcy attorneys.  In addition, Paul, Weiss's hourly rates for bankruptcy services are comparable to the rates charged by the Firm, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.  Paul, Weiss's blended hourly rates for attorneys and paraprofessionals for the prior calendar year were as set forth below.

| Category of Timekeeper | Blended Hourly Rate | |
| --- | --- | --- |
| | **Billed Firm-wide for preceding calendar year (excluding bankruptcy)[1]** | **Billed This Application** |
| Partner | $2,055.63 | $2,449.32 |
| Counsel | $1,623.25 | $1,995.00 |
| Associate | $1,172.69 | $1,398.01 |
| Paralegal | $399.00 | $500.32 |
| Aggregated: | $1,347.86 | $1,602.06 |

---

[1]   This column reflects the blended 2024 rates charged on a firm-wide basis, excluding the Restructuring Group. Paul, Weiss increased its hourly rates on a firm-wide basis in October 2024, prior to the commencement of these Chapter 11 Cases and prior to the commencement of the Final Fee Period.  The difference in the blended hourly rates between the preceding calendar year and the blended rates for services rendered during the Final Fee Period is predominantly attributable to these firm-wide rate increases.

<u>**EXHIBIT D**</u>

**BUDGET & STAFFING PLAN**
<u>**May 5, 2025 – August 31, 2025**[1]</u>

<u>**Budget**</u>

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Sales and Section 363 Issues | 3,749.00 | $5,893,203.00 |
| Automatic Stay Issues | 150.00 | $235,791.00 |
| Business Operations/Reporting | 150.00 | $235,791.00 |
| Case Administration | 797.00 | $1,252,836.00 |
| Cash Collateral and Financing | 465.00 | $730,952.00 |
| Chapter 11 Filing & First Day Relief | 479.00 | $752,959.00 |
| Claims Administration & Objections | 150.00 | $235,791.00 |
| Corporate and Securities Matters | 100.00 | $157,194.00 |
| Corporate Governance and Board Matters | 100.00 | $157,194.00 |
| Court Hearings | 250.00 | $392,985.00 |
| Creditor and Stakeholder Issues | 250.00 | $392,985.00 |
| Employee Matters | 100.00 | $157,194.00 |
| Executory Contracts and Unexpired Leases | 260.00 | $408,704.00 |
| Litigation | 2,100.00 | $3,301,074.00 |
| Regulatory Matters | 350.00 | $550,179.00 |
| Non-Working Travel Time | 210.00 | $330,107.00 |
| Plan, Disclosure Statement, and Confirmation | 1,011.00 | $1,589,231.00 |
| Retention/Fee Applications – Non-PW | 50.00 | $78,597.00 |
| Retention/Fee Applications – PW | 380.00 | $597,337.00 |
| Strategic Advice | 300.00 | $471,582.00 |
| Tax Matters | 395.00 | $620,916.00 |
| U.S. Trustee Communications and Issues | 100.00 | $157,194.00 |
| Vendor/Supplier/Utilities Matters | 350.00 | $550,179.00 |
| **TOTAL** | **12,246.00** | **$19,249,975.00** |

---

[1]   This budget may be amended to reflect changed circumstances or unexpected developments.   Any such amended budget will be provided by the Debtors.

**Staffing Plan**[4]

| CATEGORY OF TIMEKEEPER | NUMBER OF TIMEKEEPERS EXPECTED TO WORK ON THE MATTER DURING THE BUDGET PERIOD | AVERAGE HOURLY RATE |
|---|---|---|
| Partner | 13 | $2,415.63 |
| Counsel | 8 | $1,995.00 |
| Sr. Associate (7 or more years since first admission) | 9 | $1,695.00 |
| Associate (4-6 years since first admission) | 8 | $1,535.00 |
| Jr. Associate (1-3 years since first admission) | 8 | $1,080.00 |
| Paralegals & Other Professionals | 10 | $486.67 |

---

[4]   This staffing plan may be amended to reflect changed circumstances or unexpected developments.  Any such amended staffing plan will be provided by the Debtors.

## EXHIBIT E-1

**SUMMARY OF COMPENSATION REQUESTED BY PROJECT CATEGORY**

(*See* Guidelines § C.8. for project category information.)

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Sales and Section 363 Issues (RA01) | 3,569.90 | $5,807,285.00 |
| Automatic Stay Issues (RA02) | 63.60 | $92,017.00 |
| Business Operations/Reporting (RA03) | 73.70 | $130,107.00 |
| Case Administration (RA04) | 531.10 | $636,265.50 |
| Cash Collateral and Financing (RA05) | 875.20 | $1,549,291.50 |
| Chapter 11 Filing & First Day Relief (RA06) | 290.50 | $412,593.50 |
| Claims Administration & Objections (RA07) | 183.20 | $288,109.50 |
| Corporate Governance and Board Matters (RA09) | 106.90 | $165,205.00 |
| Court Hearings (RA10) | 215.70 | $448,263.50 |
| Creditor and Stakeholder Issues (RA11) | 88.90 | $175,290.00 |
| Employee Matters (RA12) | 104.00 | $166,060.50 |
| Executory Contracts and Unexpired Leases (RA13) | 163.70 | $237,189.50 |
| Litigation (RA14) | 3,570.00 | $5,680,315.00 |
| Regulatory Matters (RA15) | 82.10 | $134,937.00 |
| Non-Working Travel Time (RA16) | 11.10 | $22,990.00 |
| Plan, Disclosure Statement, and Confirmation (RA17) | 745.80 | $1,311,853.00 |
| Retention/Fee Applications – Non-PW (RA18) | 32.10 | $53,208.50 |
| Retention/Fee Applications – PW (RA19) | 406.50 | $345,653.00 |
| Strategic Advice (RA20) | 6.00 | $14,247.00 |
| Tax Matters (RA21) | 197.20 | $424,820.50 |
| U.S. Trustee Communications and Issues (RA22) | 2.60 | $4,522.00 |
| Vendor/Supplier/Utilities Matters (RA23) | 186.70 | $333,908.50 |
| **Total** | **11,506.50** | **$18,434,132.00** |

**EXHIBIT E-2**

**SUMMARY OF EXPENSE REIMBURSEMENT REQUESTED BY CATEGORY**

(*See* Guidelines § C.8. for project category information.)

| Expense Category | Total Expenses |
|---|---|
| Airfare | $781.42 |
| Color Copies | $8,179.00 |
| Conference Room Catering | $1,921.37 |
| Docketing Retrieval | $896.28 |
| Express Delivery, Federal Express | $166.59 |
| General Info Databases | $0.28 |
| Hotel | $1,488.36 |
| Lexis | $13,203.43 |
| Meals | $2,120.86 |
| O/T Transportation | $3,347.76 |
| Overtime Meals | $3,942.61 |
| Paralegal O/T | $5,790.32 |
| Relativity One - Discovery Hosting | $20,970.30 |
| Reporting Services | $43,201.61 |
| Reproduction Expense | $12,142.67 |
| Research Services (lien searches) | $91,819.95 |
| Services O/T | $807.50 |
| Taxi Services | $5,033.62 |
| Telephone | $15.10 |
| Westlaw | $30,565.20 |
| Word Processing | $750.00 |
| **TOTAL** | **$247,144.23** |