UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**SECOND MONTHLY FEE STATEMENT COVER SHEET FOR THE**
**PERIOD OF AUGUST 1, 2025 THROUGH AND INCLUDING AUGUST 31, 2025**

New Rite Aid LLC, *et al.*,[1]                 Applicant:  Guggenheim Securities, LLC

Case No.: 25-14861 (MBK)              Client:  Debtors and Debtors in Possession
(Jointly Administered)
Chapter 11                                         Cases Filed:  May 5, 2025

COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION
UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746.

<u>RETENTION ORDER ATTACHED</u>.

Dated:  September 26, 2025
New York, New York

                                        **GUGGENHEIM SECURITIES, LLC**

                                        By:        */s/ Brendan Hayes*
                                        Name:    Brendan Hayes
                                        Title:     Senior Managing Director
                                                    Guggenheim Securities LLC
                                                    *Investment Banker to the Debtors*
                                                    *and Debtors-in-Possession*

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

| SECTION I |
|:---------:|
| **FEE SUMMARY** |

Summary of Amounts Requested for the Period
August 1, 2025 through August 31, 2025 (the "Compensation Period")[2]

| | |
|---|---:|
| Fee Total | $979,854.88[3] |
| Expense Total | $1,565.55[4] |
| Total Fees Plus Expenses | $981,420.43 |
| Minus 20% Holdback | $135,970.98[5] |
| Total Amount Sought at this Time | $545,449.45 |

Summary of Amounts Requested for Previous Periods

| | |
|---|---:|
| Total Previous Fees and Expenses Requested: | $3,505,596.04 |
| Total Fees and Expenses Allowed to Date: | $0.00 |
| Total Holdback | $566,373.64 |
| Total Received by Applicant: | $2,939,222.40 |

---

[2] Unless otherwise stated, all capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Debtors' Application for Entry of an Order (I) Authorizing the Debtors to Retain and Employ Guggenheim Securities, LLC as Investment Banker Effective as of the Petition Date, and (II) Modifying Certain Timekeeping Requirements, and (III) Granting Related Relief* (the "Retention Application") [Docket No. 652].

[3] The $979,854.88 fee total consists of the (i) August 2025 Monthly Fee in the total amount of $300,000.00 and (ii) Sale Transaction Fees in the aggregate of $679,854.88 after crediting of the August 2025 Monthly Fee, on account of (A) the sale of certain pharmacy assets approved pursuant to the *Order (I) Approving and Authorizing the Sale of Certain Pharmacy Assets Free and Clear of All Liens, Claims, Rights, Interests, and Encumbrances, (II) Approving Certain Asset Purchase Agreements and Related Agreements Among the Debtors and Purchaser, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief* [Docket No. 470]; (B) the sale of certain pharmacy assets approved pursuant to the *Order (I) Authorizing the Debtors to Enter Into and Perform Under the KPH Healthcare Services Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (IV) Granting Related Relief* [Docket No. 1178]; and (C) the sale of certain pharmacy assets approved pursuant to *Final Order (I) Authorizing the Debtors to Assume and Perform Under the Consulting Agreement, (II) Authorizing and Approving the Sale of Closing Location Assets, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, and (III) Granting Related Relief* [Docket No. 1397].  The calculation detail of the Sale Transaction Fees is attached hereto as **Exhibit D**.

[4] The expense reimbursements requested herein may not include certain expenses incurred by Guggenheim Securities during the Compensation Period but not processed as of the date hereof.  Any such expenses will be included in future monthly fee applications.

[5] The $135,970.98 holdback amount is on account of 20% of the Sale Transaction Fees. With respect to the Monthly Fee, the Retention Order authorizes the Debtors to pay Guggenheim Securities' Monthly Fees in full each month when required under the Engagement Letter without a prior fee application; provided however, that such Monthly Fees shall be subject to review and approval in any interim and final fee applications.

**SUMMARY OF MONTHLY FEES DURING COMPENSATION PERIOD OF**
**AUGUST 1, 2025 THROUGH AND INCLUDING AUGUST 31, 2025**

| August 1, 2025 – August 31, 2025 | |
|---|---|
| Monthly Fee | Amount |
| August 2025 | $300,000.00 |
| **Total** | **$300,000.00** |

**SUMMARY OF TRANSACTION FEES DURING COMPENSATION PERIOD OF**
**AUGUST 1, 2025 THROUGH AND INCLUDING AUGUST 31, 2025**

| August 1, 2025 – August 31, 2025 | |
|---|---|
| Category | Amount |
| Sale Transaction Fee | $979,854.88 |
| Crediting of Monthly Fee | ($300,000.00)[6] |
| **Net Sale Transaction Fee** | **$679,854.88** |

---

[6]  As set forth in the Engagement Letter, 100% of Monthly Fees actually paid to Guggenheim Securities shall be credited against any Transaction Fee that thereafter becomes payable pursuant to Sections 4(b) or 4(c) of the Engagement Letter.  The $300,000.00 of Monthly Fee crediting is on account of the August 2025 Monthly Fee set forth above.

## SECTION II
## SUMMARY OF SERVICES

**SUMMARY OF PROFESSIONALS' TIME AND HOURS BY CATEGORY
DURING COMPENSATION PERIOD OF
AUGUST 1, 2025 THROUGH AND INCLUDING AUGUST 31, 2025[7]**

| Time by Professional | | |
|---|---|---|
| **Name** | **Title** | **Total Hours** |
| Brendan Hayes | Senior Managing Director | 25.0 |
| Adam Rifkin | Senior Managing Director | 4.0 |
| Andrew Herrera | Vice President | 62.5 |
| Kelly Walsh | Associate | 4.0 |
| Payton Ahola | Analyst | 4.0 |
| **Total** | | **99.5** |

| Time by Category | |
|---|---|
| **Project Category** | **Total Hours** |
| Case Administration | 28.5 |
| General Correspondence | 45.0 |
| Coordination of Creditors | 5.5 |
| Sale Related Activities | 20.5 |
| Travel | 0.0 |
| **Total** | **99.5** |

---

[7] A summary of Guggenheim Securities' time records for the period of August 1, 2025 through and including August 31, 2025 is attached hereto as **Exhibit B**.

## SECTION III
## SUMMARY OF DISBURSEMENTS

**SUMMARY OF EXPENSES DURING COMPENSATION PERIOD OF
AUGUST 1, 2025 THROUGH AND INCLUDING AUGUST 31, 2025**

| August 1, 2025 – August 31, 2025 | |
|---|---|
| Expense Category | Amount |
| Legal | $1,535.00 |
| Meals | $30.55 |
| **Total** | **$1,565.55** |

| **SECTION IV**<br>**CASE HISTORY** |
| :---: |

1.  Date cases filed: May 5, 2025

2.  Chapter under which case commenced: Chapter 11

3.  Date of retention: June 20, 2025, effective as of May 5, 2025.  *See* **Exhibit A**.

    If limit on number of hours or other limitations to retention, set forth:  N/A

4.  Summarize in brief the benefits to the estate and attach supplements as needed:[8]

    a.  **Case Administration:** Assisting the Debtors (in coordination with Debtors' legal counsel and their other advisors) in connection with their administration of these chapter 11 cases, including, among other things, advising and assisting the Debtors with the execution of certain pertinent pieces of their overall strategy and related action plans, and their preparation for Board presentations and discussions with key stakeholders;

    b.  **Coordination of Creditors:** Assisting the Debtors in connection with, among other things: (i) discussions and meetings with creditors and other key stakeholders (and their associated advisors) and (ii) the Debtors' coordination of due diligence materials with those stakeholders and their advisors. This category also includes advisor-only discussions between the Guggenheim Securities team and the advisors to other constituents;

    c.  **Sale Related Activities:** Assisting the Debtors in connection with their sale efforts including, without limitation, assisting with the Debtors' (i) preparation of related marketing and due diligence materials, (ii) solicitation and review of proposals from prospective buyers, (iii) coordination of due diligence materials with prospective buyers, and (iv) negotiation and documentation of such sales, in coordination with Debtors' counsel and/or other applicable advisors;

    d.  **General Correspondence:** Telephone calls, emails, and other communications with the internal Guggenheim Securities team, the Debtors and their advisors and other constituents throughout the case regarding various matters pertaining to the Debtors' chapter 11 cases; review of certain of the Debtors' pertinent filings and applicable news items pertaining thereto; and

---

[8] The following summary is intended to highlight the general categories of services the Applicant rendered on behalf of the Debtors and for the benefit of the estates; it is not intended to itemize each and every professional service which the Applicant performed.

    e.   **Travel Time:** Time spent traveling on behalf of the Debtors, including travel time to and from the Debtors' corporate headquarters and the Court.

5.   Anticipated distribution to creditors:

    a.   Administration expenses:  To be paid in accordance with the *First Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates* [Docket No. 2517] (as further amended, supplemented, or modified from time to time, the "Plan").

    b.   Secured creditors: To be paid in accordance with the Plan.

    c.   Priority creditors: To be paid in accordance with the Plan.

    d.   General unsecured creditors: To be paid in accordance with the Plan.

6.   Final disposition of case and percentage of dividend paid to creditors:  Unknown at this time.

This is the second monthly fee statement.

## Exhibit A

**Retention Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No. 25-14861 (MBK) |
| Debtors. [1] | (Jointly Administered) |

**Order Filed on June 20, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

### ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY GUGGENHEIM SECURITIES, LLC AS INVESTMENT BANKER EFFECTIVE AS OF THE PETITION DATE, (II) MODIFYING CERTAIN TIME-KEEPING REQUIREMENTS, AND (III) GRANTED RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through eleven (11) is

**ORDERED**.

**DATED: June 20, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1]    The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

| Debtors: | NEW RITE AID, LLC, *et al.* |
|---|---|
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY GUGGENHEIM SECURITIES, LLC AS INVESTMENT BANKER EFFECTIVE AS OF THE PETITION DATE, (II) MODIFYING CERTAIN TIME-KEEPING REQUIREMENTS, AND (III) GRANTED RELATED RELIEF |

Upon consideration of the application (the "Application")[1] of the Debtors for entry of an order (this "Order") authorizing the Debtors to retain and employ Guggenheim Securities, LLC ("Guggenheim Securities") as their investment banker, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, effective as of the Petition Date, pursuant to the terms of the Engagement Letter, all as more fully described in the Application; and the Court being satisfied, based on the representations made in the Application and the Hayes Declaration, that Guggenheim Securities does not hold or represent any interest adverse to the Debtors' estates and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided pursuant to the Local Rules; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Application; and objections (if any) to the Application having been withdrawn, resolved or overruled on the merits; and the Court

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

(Page | 3)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY GUGGENHEIM SECURITIES, LLC AS INVESTMENT BANKER EFFECTIVE AS OF THE PETITION DATE, (II) MODIFYING CERTAIN TIME-KEEPING REQUIREMENTS, AND (III) GRANTED RELATED RELIEF |

having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and this Court having found that sufficient cause exists for the relief set forth herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is GRANTED as set forth herein.

2.      Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors are authorized to retain and employ Guggenheim Securities as their investment banker in these chapter 11 cases, pursuant to the terms and subject to the conditions set forth in the Engagement Letter to the extent approved herein.

3.      Except to the extent set forth herein, the Engagement Letter, including, without limitation, the Fee and Expense Structure, is approved pursuant to section 328(a) of the Bankruptcy Code, and the Debtors are authorized to pay, reimburse, and indemnify Guggenheim Securities in accordance with the terms and conditions of, and at the times specified in, the Engagement Letter.

4.      Guggenheim Securities shall file applications for allowance of compensation and reimbursement of expenses pursuant to and in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders and procedures of this Court; *provided* that the fees, expenses and other compensation payable to Guggenheim Securities pursuant to the Engagement Letter shall be subject to review pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and

| Debtors: | NEW RITE AID, LLC, *et al.* |
|---|---|
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY GUGGENHEIM SECURITIES, LLC AS INVESTMENT BANKER EFFECTIVE AS OF THE PETITION DATE, (II) MODIFYING CERTAIN TIME-KEEPING REQUIREMENTS, AND (III) GRANTED RELATED RELIEF |

shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code,

except, notwithstanding any provisions to the contrary in this Order, the U.S. Trustee shall retain

the right and be entitled to object to Guggenheim Securities' fees, expenses and other

compensation based on the reasonableness standard provided for in section 330 of the Bankruptcy

Code.  This Order and the record relating to the Court's consideration of the Application shall not

prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of

Guggenheim Securities' fees under the standard set forth in the preceding sentence. Accordingly,

nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding

on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Guggenheim

Securities' fees.

5.       In the event that, during the pendency of these chapter 11 cases, Guggenheim

Securities requests reimbursement for any attorneys' fees and/or expenses, the invoices and

supporting time records from such attorneys shall be included in Guggenheim Securities' fee

applications, and such invoices and time records shall be in compliance with the Local Rules, the

U.S. Trustee Guidelines, and the standards of section 330 and 331 of the Bankruptcy Code, without

regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and

without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy

Code.  Notwithstanding the foregoing, Guggenheim Securities shall only be reimbursed for any

legal fees incurred in connection with these chapter 11 cases to the extent permitted under

applicable law; *provided*, *however*, that Guggenheim Securities shall not seek reimbursement from

(Page | 5)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY GUGGENHEIM SECURITIES, LLC AS INVESTMENT BANKER EFFECTIVE AS OF THE PETITION DATE, (II) MODIFYING CERTAIN TIME-KEEPING REQUIREMENTS, AND (III) GRANTED RELATED RELIEF |

the Debtors' estates for any fees incurred in defending any of Guggenheim Securities' fee applications in these chapter 11 cases.

6.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, or any guidelines regarding submission and approval of fee applications, in light of services to be provided by Guggenheim Securities and the structure of Guggenheim Securities' compensation pursuant to the Engagement Letter, Guggenheim Securities and its professionals shall be granted a limited waiver of the information-keeping requirements of Bankruptcy Rule 2016(a), Local Rule 2016-1, the U.S. Trustee Guidelines, and any otherwise applicable orders or procedures of the Court in connection with the services to be rendered pursuant to the Engagement Letter, and shall instead be required only to maintain time records of its services rendered for the Debtors in half-hour increments.

7.      Notwithstanding anything to the contrary in the Application or any of its attachments (including the Hayes Declaration and the Engagement Letter), no amounts shall be paid to Guggenheim Securities absent an order of this Court approving a fee application filed on notice to parties in interest in these chapter 11 cases under the procedures set forth in any order entered by the Court in these chapter 11 cases allowing for interim compensation, except that the Debtors are authorized to pay the $300,000.00 Monthly Fee to Guggenheim Securities each month when required under the Engagement Letter without a prior fee application; *provided*, however, that Guggenheim Securities shall file monthly fee statements and interim fee applications pursuant to the deadlines and other procedures specified for monthly fee statements and interim fee

(Page | 6)

| Debtors: | NEW RITE AID, LLC, *et al.* |
|---|---|
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY GUGGENHEIM SECURITIES, LLC AS INVESTMENT BANKER EFFECTIVE AS OF THE PETITION DATE, (II) MODIFYING CERTAIN TIME-KEEPING REQUIREMENTS, AND (III) GRANTED RELATED RELIEF |

applications set forth in any order entered by the Court in these chapter 11 cases allowing for interim compensation, except as otherwise expressly set forth in this Order. All fees paid to Guggenheim Securities by the Debtors pursuant to the Engagement Letter during these chapter 11 cases are subject to disgorgement unless and until they are approved by the Court on a final basis, after submission of Guggenheim Securities' final fee application.

8.    The indemnification, contribution, and reimbursement provisions included in the Indemnification Provisions annexed to the Engagement Letter are approved, subject during the pendency of these chapter 11 cases to the following modifications:

a.    Guggenheim Securities shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter, unless the indemnification, contribution or reimbursement is approved by the Court;

b.    notwithstanding any provision of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify or provide contribution or reimbursement to Guggenheim Securities for any claim or expense to the extent that it is either (i) judicially determined (the determination having become final) to have arisen from Guggenheim Securities' bad faith, actual fraud, gross negligence or willful misconduct, (ii) for a contractual dispute in which the Debtors allege breach of Guggenheim Securities' obligations under the Engagement Letter unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003), or (iii) settled without the Debtors' consent prior to a judicial determination as to Guggenheim Securities' gross negligence, actual fraud, willful misconduct, bad faith or self-dealing but determined by this Court, after notice and a hearing, to be a claim or expense for which Guggenheim Securities should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order;

c.    if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer

| Debtors: | NEW RITE AID, LLC, *et al.* |
|---|---|
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY GUGGENHEIM SECURITIES, LLC AS INVESTMENT BANKER EFFECTIVE AS OF THE PETITION DATE, (II) MODIFYING CERTAIN TIME-KEEPING REQUIREMENTS, AND (III) GRANTED RELATED RELIEF |

subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, Guggenheim Securities believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, Guggenheim Securities must file an application before this Court and the Debtors may not pay any such amounts before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by Guggenheim Securities for indemnification, contribution, or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify or make contributions or reimbursements to Guggenheim Securities. All parties in interest shall retain the right to object to any demand by Guggenheim Securities for indemnification, contribution or reimbursement in accordance with the terms of this Order; and

d.      any limitation of liability pursuant to the terms and conditions set forth in the Application, the Engagement Letter, or any ancillary documents thereto shall not apply as to any losses, claims, damages, or liabilities to the extent resulting from conduct for which Guggenheim Securities would not be entitled to indemnification under the provisions of this Order. Notwithstanding any provision in the Engagement Letter or any ancillary documents thereto to the contrary, the contribution obligations of Guggenheim Securities shall not be limited to the aggregate amount of fees actually received by Guggenheim Securities pursuant to the Engagement Letter.

9.      Notwithstanding anything to the contrary in this Order and/or the Engagement Letter, in the event of a Sale Transaction which results in any assets (including equity securities of the reorganized Company) being owned by an entity (or any affiliate of such entity) that credit bid its debt or otherwise voluntarily compromised its claims in these proceedings in such Sale Transaction, then, for purposes of calculating "Aggregate Consideration" under the Engagement Letter for such Sale Transaction, the value of such credit bid or voluntary compromise of claims

| | |
|---|---|
| (Page \| 8) | |
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY GUGGENHEIM SECURITIES, LLC AS INVESTMENT BANKER EFFECTIVE AS OF THE PETITION DATE, (II) MODIFYING CERTAIN TIME-KEEPING REQUIREMENTS, AND (III) GRANTED RELATED RELIEF |

included in the calculation of Aggregate Consideration (if any) shall be determined in good faith by the Debtors, Bank of America N.A., in its capacity as DIP Agent, Guggenheim Securities, and the Official Committee of Unsecured Creditors.

10.     Notwithstanding anything in the Application, the Hayes Declaration or the Engagement Letter to the contrary, Guggenheim Securities shall apply the expense advance received from the Debtors before the Petition Date as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to an order of the Court awarding fees and expenses to Guggenheim Securities.  Guggenheim Securities is authorized without further order of the Court to apply amounts from the prepetition expense advance, that would otherwise be applied toward payment of postpetition fees and expenses, as are necessary and appropriate to compensate and reimburse Guggenheim Securities for fees or expenses incurred on or prior to the Petition Date consistent with its ordinary course billing practice.  At the conclusion of Guggenheim Securities' engagement by the Debtors, if the amount of any expense advance held by Guggenheim Securities is in excess of the amount of Guggenheim Securities' outstanding and estimated fees, expenses, and costs, Guggenheim Securities will pay to the Debtors the amount by which any expense advance exceeds such fees, expenses, and costs, in each case in accordance with the Engagement Letter.

11.     Notwithstanding anything in the Application, the Hayes Declaration or the Engagement Letter to the contrary, to the extent Guggenheim Securities retains the services of independent contractors or subcontractors (collectively, the "**Contractors**") in these chapter 11

(Page | 9)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY GUGGENHEIM SECURITIES, LLC AS INVESTMENT BANKER EFFECTIVE AS OF THE PETITION DATE, (II) MODIFYING CERTAIN TIME-KEEPING REQUIREMENTS, AND (III) GRANTED RELATED RELIEF |

cases to conduct certain of its investment banking services under the Engagement Letter in its stead and Guggenheim Securities seeks to pass through to the Debtors, and requests to be reimbursed for, the fees and/or costs of the Contractors, Guggenheim Securities shall (a) pass through the fees of such Contractors to the Debtors at the same rate that Guggenheim Securities pays the Contractors; (b) seek reimbursement for actual costs of the Contractors only; (c) ensure that the Contractors perform the conflicts check required by Bankruptcy Rule 2014 and file with the Court such disclosures as required by Bankruptcy Rule 2014; and (d) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in these chapter 11 cases.

12.    In the event the Debtors seek to have any of Guggenheim Securities' affiliates or employees of foreign affiliates or subsidiaries perform services for the Debtors, the Debtors shall seek the separate retention of any such affiliates, foreign affiliates, or subsidiaries.

13.    The Debtors shall use their best efforts to avoid any duplication of services provided by Guggenheim Securities and any of the Debtors' other retained professionals in these chapter 11 cases, and, in connection with the services to be rendered pursuant to the Engagement Letter, Guggenheim Securities shall endeavor to coordinate and work together with such of the Debtors' other retained professionals to minimize or avoid duplication of services.

14.    Any Transaction Fee due to Guggenheim Securities as a result of the closing of any Sale Transaction shall be segregated and escrowed (for the exclusive benefit of Guggenheim Securities) in the Debtors' or their agents' bank accounts from the proceeds of such Sale

(Page | 10)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY GUGGENHEIM SECURITIES, LLC AS INVESTMENT BANKER EFFECTIVE AS OF THE PETITION DATE, (II) MODIFYING CERTAIN TIME-KEEPING REQUIREMENTS, AND (III) GRANTED RELATED RELIEF |

Transaction (including, without limitation, from the proceeds of any liquidation or other disposition of the Debtors' assets), as an express carve-out from the collateral of the Debtors' pre- and post-petition secured lenders, prior to any other use or distribution of such proceeds.  If any Sale Transaction is the result of a successful bid without a cash component sufficient to pay the corresponding Transaction Fee due to Guggenheim Securities in full, then any resulting unpaid portion of the Transaction Fee due to Guggenheim Securities shall be segregated and escrowed (for the exclusive benefit of Guggenheim Securities) at the closing of such Sale Transaction from the available cash of the Debtors, as an express carve-out from the collateral of the Debtors' pre- and post-petition secured lenders. Nothing in this Order shall prohibit or be construed to prohibit the use of any unencumbered assets of the Debtors or the proceeds thereof to pay any fees and expenses of Guggenheim Securities or the assertion or allowance of an administrative priority claim under sections 503(b)(2) and 507(a)(2) of the Bankruptcy Code, if applicable, on account of any fees or expenses of Guggenheim Securities.  Notwithstanding anything to the contrary set forth herein, the requirements and obligations contained in this paragraph 14 to pay Guggenheim Securities any such Transaction Fee on account of such Sale Transaction shall be subject in all respects to the entry of an order by the Court approving any such fees including the Transaction Fee. The U.S. Trustee reserves all rights to object to such fees including the Transaction Fee pursuant to 11 U.S.C. § 330.

15.    None of the fees payable to Guggenheim Securities under the Engagement Letter shall constitute a "bonus" or fee enhancement under applicable law.

(Page | 11)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY GUGGENHEIM SECURITIES, LLC AS INVESTMENT BANKER EFFECTIVE AS OF THE PETITION DATE, (II) MODIFYING CERTAIN TIME-KEEPING REQUIREMENTS, AND (III) GRANTED RELATED RELIEF |

16.     Notwithstanding anything to the contrary in the Application, the Hayes Declaration or the Engagement Letter, during these chapter 11 cases, that portion of the second sentence of Paragraph N of the Annex to the Engagement Letter concerning fiduciary duties shall have no force or effect.

17.     To the extent that there may be any inconsistency between the terms of the Engagement Letter, the Application, the Hayes Declaration, and this Order, the terms of this Order shall govern.

18.     The Debtors and Guggenheim Securities are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

19.     Notice of this Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

20.     Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

21.     Notwithstanding anything to the contrary in the Application, the Hayes Declaration or the Engagement Letter, this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of the Engagement Letter (to the extent arising during the pendency of these chapter 11 cases) and this Order.

**<u>Exhibit B</u>**

**Summary of Time Records for the Period of
<u>August 1, 2025 Through and Including August 31, 2025</u>**

Guggenheim Securities
Hourly Detail

EXHIBIT B

GUGGENHEIM SECURITIES, LLC
HOURLY DETAIL FOR THE PERIOD
AUGUST 01, 2025 THROUGH AUGUST 31, 2025

| Date | Day | Category | Professional | Hours | Description |
|---|---|---|---|---|---|
| 8/1/2025 | Friday | Case Administration | Brendan Hayes | 0.5 | Email correspondence internally |
| 8/1/2025 | Friday | General Correspondence | Andrew Herrera | 0.5 | Participation in calls with co-advisors and the Company |
| 8/1/2025 | Friday | Case Administration | Andrew Herrera | 0.5 | Email correspondence internally |
| 8/1/2025 | Friday | General Correspondence | Andrew Herrera | 0.5 | Email correspondence with co-advisors and the Company |
| 8/1/2025 | Friday | Case Administration | Andrew Herrera | 0.5 | Participation in calls with co-advisors |
| 8/1/2025 | Friday | Sale Related Activities | Andrew Herrera | 1.0 | Participation in due diligence related calls with potential bidders in the sales process |
| 8/1/2025 | Friday | Coordination of creditors | Andrew Herrera | 0.5 | Email correspondence with creditor advisors |
| 8/1/2025 | Friday | Sale Related Activities | Andrew Herrera | 0.5 | Email correspondence with potential bidders in the sale process |
| 8/4/2025 | Monday | General Correspondence | Brendan Hayes | 0.5 | Participation in calls with co-advisors and the Company |
| 8/4/2025 | Monday | General Correspondence | Andrew Herrera | 0.5 | Participation in calls with co-advisors and the Company |
| 8/4/2025 | Monday | Case Administration | Andrew Herrera | 0.5 | Email correspondence internally |
| 8/4/2025 | Monday | General Correspondence | Andrew Herrera | 0.5 | Email correspondence with co-advisors and the Company |
| 8/4/2025 | Monday | Case Administration | Andrew Herrera | 0.5 | Participation in calls with co-advisors |
| 8/4/2025 | Monday | Sale Related Activities | Andrew Herrera | -- | Participation in due diligence related calls with potential bidders in the sales process |
| 8/4/2025 | Monday | Coordination of creditors | Andrew Herrera | 0.5 | Email correspondence with creditor advisors |
| 8/4/2025 | Monday | Sale Related Activities | Andrew Herrera | 1.0 | Preparation and review of analysis for the sale process |
| 8/5/2025 | Tuesday | General Correspondence | Brendan Hayes | 0.5 | Participation in calls with co-advisors and the Company |
| 8/5/2025 | Tuesday | Case Administration | Brendan Hayes | 0.5 | Email correspondence internally |
| 8/5/2025 | Tuesday | Sale Related Activities | Brendan Hayes | 0.5 | Participation in due diligence related calls with potential bidders in the sales process |
| 8/5/2025 | Tuesday | Coordination of creditors | Brendan Hayes | 0.5 | Email correspondence with creditor advisors |
| 8/5/2025 | Tuesday | Case Administration | Brendan Hayes | 0.5 | Participation in calls with the Company and the Board of Directors or Special Committee regarding the sale process |
| 8/5/2025 | Tuesday | Sale Related Activities | Brendan Hayes | 0.5 | Email correspondence with potential bidders in the sale process |
| 8/5/2025 | Tuesday | General Correspondence | Andrew Herrera | 0.5 | Participation in calls with co-advisors and the Company |
| 8/5/2025 | Tuesday | Case Administration | Andrew Herrera | 0.5 | Email correspondence internally |
| 8/5/2025 | Tuesday | General Correspondence | Andrew Herrera | 0.5 | Email correspondence with co-advisors and the Company |
| 8/5/2025 | Tuesday | Case Administration | Andrew Herrera | 0.5 | Participation in calls with co-advisors |
| 8/5/2025 | Tuesday | Sale Related Activities | Andrew Herrera | 0.5 | Participation in due diligence related calls with potential bidders in the sales process |
| 8/5/2025 | Tuesday | Coordination of creditors | Andrew Herrera | 0.5 | Email correspondence with creditor advisors |
| 8/5/2025 | Tuesday | Case Administration | Andrew Herrera | 0.5 | Participation in calls with the Company and the Board of Directors or Special Committee regarding the sale process |
| 8/5/2025 | Tuesday | Sale Related Activities | Andrew Herrera | 0.5 | Email correspondence with potential bidders in the sale process |
| 8/5/2025 | Tuesday | General Correspondence | Adam Rifkin | 0.5 | Participation in calls with co-advisors and the Company |
| 8/5/2025 | Tuesday | General Correspondence | Kelly Walsh | 0.5 | Participation in calls with co-advisors and the Company |
| 8/5/2025 | Tuesday | General Correspondence | Payton Ahola | 0.5 | Participation in calls with co-advisors and the Company |
| 8/6/2025 | Wednesday | Case Administration | Brendan Hayes | 0.5 | Email correspondence internally |
| 8/6/2025 | Wednesday | General Correspondence | Brendan Hayes | 0.5 | Email correspondence with co-advisors and the Company |
| 8/6/2025 | Wednesday | Case Administration | Andrew Herrera | 0.5 | Email correspondence internally |
| 8/6/2025 | Wednesday | General Correspondence | Andrew Herrera | 0.5 | Email correspondence with co-advisors and the Company |
| 8/6/2025 | Wednesday | Coordination of creditors | Andrew Herrera | 0.5 | Email correspondence with creditor advisors |
| 8/6/2025 | Wednesday | Sale Related Activities | Andrew Herrera | 0.5 | Preparation and review of analysis for the sale process |
| 8/6/2025 | Wednesday | Sale Related Activities | Andrew Herrera | 0.5 | Email correspondence with potential bidders in the sale process |
| 8/7/2025 | Thursday | General Correspondence | Brendan Hayes | 0.5 | Participation in calls with co-advisors and the Company |
| 8/7/2025 | Thursday | Sale Related Activities | Brendan Hayes | 0.5 | Participation in due diligence related calls with potential bidders in the sales process |
| 8/7/2025 | Thursday | Sale Related Activities | Brendan Hayes | 0.5 | Email correspondence with potential bidders in the sale process |
| 8/7/2025 | Thursday | General Correspondence | Andrew Herrera | 1.0 | Participation in calls with co-advisors and the Company |
| 8/7/2025 | Thursday | Case Administration | Andrew Herrera | 0.5 | Email correspondence internally |
| 8/7/2025 | Thursday | General Correspondence | Andrew Herrera | 0.5 | Email correspondence with co-advisors and the Company |
| 8/7/2025 | Thursday | Case Administration | Andrew Herrera | 0.5 | Participation in calls with co-advisors |
| 8/7/2025 | Thursday | Sale Related Activities | Andrew Herrera | 1.0 | Participation in due diligence related calls with potential bidders in the sales process |
| 8/7/2025 | Thursday | Coordination of creditors | Andrew Herrera | 0.5 | Email correspondence with creditor advisors |
| 8/7/2025 | Thursday | Sale Related Activities | Andrew Herrera | 0.5 | Preparation and review of analysis for the sale process |
| 8/7/2025 | Thursday | Sale Related Activities | Andrew Herrera | 0.5 | Email correspondence with potential bidders in the sale process |
| 8/7/2025 | Thursday | General Correspondence | Adam Rifkin | 0.5 | Participation in calls with co-advisors and the Company |
| 8/7/2025 | Thursday | General Correspondence | Kelly Walsh | 0.5 | Participation in calls with co-advisors and the Company |
| 8/7/2025 | Thursday | General Correspondence | Payton Ahola | 0.5 | Participation in calls with co-advisors and the Company |
| 8/8/2025 | Friday | General Correspondence | Brendan Hayes | 0.5 | Participation in calls with co-advisors and the Company |
| 8/8/2025 | Friday | Sale Related Activities | Brendan Hayes | 0.5 | Email correspondence with potential bidders in the sale process |
| 8/8/2025 | Friday | General Correspondence | Andrew Herrera | 2.0 | Participation in calls with co-advisors and the Company |
| 8/8/2025 | Friday | Case Administration | Andrew Herrera | 0.5 | Email correspondence internally |
| 8/8/2025 | Friday | General Correspondence | Andrew Herrera | 0.5 | Email correspondence with co-advisors and the Company |
| 8/8/2025 | Friday | Case Administration | Andrew Herrera | 0.5 | Participation in calls with co-advisors |
| 8/8/2025 | Friday | Sale Related Activities | Andrew Herrera | 0.5 | Email correspondence with potential bidders in the sale process |
| 8/11/2025 | Monday | General Correspondence | Brendan Hayes | 0.5 | Participation in calls with co-advisors and the Company |
| 8/11/2025 | Monday | Case Administration | Brendan Hayes | 0.5 | Participation in internal calls |
| 8/11/2025 | Monday | General Correspondence | Brendan Hayes | 0.5 | Email correspondence with co-advisors and the Company |
| 8/11/2025 | Monday | General Correspondence | Andrew Herrera | 0.5 | Participation in calls with co-advisors and the Company |
| 8/11/2025 | Monday | Case Administration | Andrew Herrera | 0.5 | Participation in internal calls |
| 8/11/2025 | Monday | General Correspondence | Andrew Herrera | 0.5 | Email correspondence with co-advisors and the Company |
| 8/11/2025 | Monday | Case Administration | Andrew Herrera | 0.5 | Participation in calls with co-advisors |
| 8/11/2025 | Monday | Coordination of creditors | Andrew Herrera | 0.5 | Email correspondence with creditor advisors |
| 8/11/2025 | Monday | Sale Related Activities | Andrew Herrera | 0.5 | Preparation and review of analysis for the sale process |
| 8/11/2025 | Monday | General Correspondence | Adam Rifkin | 0.5 | Participation in calls with co-advisors and the Company |
| 8/11/2025 | Monday | General Correspondence | Kelly Walsh | 0.5 | Participation in calls with co-advisors and the Company |
| 8/11/2025 | Monday | General Correspondence | Payton Ahola | 0.5 | Participation in calls with co-advisors and the Company |
| 8/12/2025 | Tuesday | General Correspondence | Andrew Herrera | 0.5 | Email correspondence with co-advisors and the Company |
| 8/12/2025 | Tuesday | Sale Related Activities | Brendan Hayes | 0.5 | Participation in due diligence related calls with potential bidders in the sales process |
| 8/12/2025 | Tuesday | Case Administration | Brendan Hayes | 0.5 | Participation in calls with the Company and the Board of Directors or Special Committee regarding the sale process |
| 8/12/2025 | Tuesday | Sale Related Activities | Brendan Hayes | 0.5 | Email correspondence with potential bidders in the sale process |
| 8/12/2025 | Tuesday | General Correspondence | Andrew Herrera | 1.0 | Participation in calls with co-advisors and the Company |
| 8/12/2025 | Tuesday | Case Administration | Andrew Herrera | 0.5 | Email correspondence internally |
| 8/12/2025 | Tuesday | General Correspondence | Andrew Herrera | 0.5 | Email correspondence with co-advisors and the Company |
| 8/12/2025 | Tuesday | Case Administration | Andrew Herrera | 0.5 | Participation in calls with co-advisors |
| 8/12/2025 | Tuesday | Sale Related Activities | Andrew Herrera | 0.5 | Participation in due diligence related calls with potential bidders in the sales process |
| 8/12/2025 | Tuesday | Coordination of creditors | Andrew Herrera | 0.5 | Email correspondence with creditor advisors |
| 8/12/2025 | Tuesday | Case Administration | Andrew Herrera | 0.5 | Participation in calls with the Company and the Board of Directors or Special Committee regarding the sale process |
| 8/12/2025 | Tuesday | Sale Related Activities | Andrew Herrera | 0.5 | Email correspondence with potential bidders in the sale process |
| 8/13/2025 | Wednesday | General Correspondence | Andrew Herrera | 1.0 | Participation in calls with co-advisors and the Company |
| 8/13/2025 | Wednesday | Case Administration | Andrew Herrera | 0.5 | Email correspondence internally |
| 8/13/2025 | Wednesday | General Correspondence | Andrew Herrera | 0.5 | Email correspondence with co-advisors and the Company |
| 8/13/2025 | Wednesday | Case Administration | Andrew Herrera | 0.5 | Participation in calls with co-advisors |
| 8/13/2025 | Wednesday | Sale Related Activities | Andrew Herrera | 0.5 | Participation in due diligence related calls with potential bidders in the sales process |
| 8/13/2025 | Wednesday | Coordination of creditors | Andrew Herrera | 0.5 | Email correspondence with creditor advisors |
| 8/13/2025 | Wednesday | Sale Related Activities | Andrew Herrera | 0.5 | Preparation and review of analysis for the sale process |
| 8/13/2025 | Wednesday | Sale Related Activities | Andrew Herrera | 0.5 | Email correspondence with potential bidders in the sale process |
| 8/14/2025 | Thursday | General Correspondence | Brendan Hayes | 1.0 | Participation in calls with co-advisors and the Company |
| 8/14/2025 | Thursday | Case Administration | Brendan Hayes | 0.5 | Email correspondence internally |

Guggenheim Securities
Hourly Detail

EXHIBIT B

**GUGGENHEIM SECURITIES, LLC**
**HOURLY DETAIL FOR THE PERIOD**
**AUGUST 01, 2025 THROUGH AUGUST 31, 2025**

| Date | Day | Category | Professional | Hours | Description |
|---|---|---|---|---|---|
| 8/14/2025 | Thursday | General Correspondence | Brendan Hayes | 0.5 | Email correspondence with co-advisors and the Company |
| 8/14/2025 | Thursday | General Correspondence | Andrew Herrera | 1.0 | Participation in calls with co-advisors and the Company |
| 8/14/2025 | Thursday | Case Administration | Andrew Herrera | 0.5 | Email correspondence internally |
| 8/14/2025 | Thursday | General Correspondence | Andrew Herrera | 0.5 | Email correspondence with co-advisors and the Company |
| 8/14/2025 | Thursday | General Correspondence | Adam Rifkin | 0.5 | Participation in calls with co-advisors and the Company |
| 8/14/2025 | Thursday | General Correspondence | Kelly Walsh | 0.5 | Participation in calls with co-advisors and the Company |
| 8/14/2025 | Thursday | General Correspondence | Payton Ahola | 0.5 | Participation in calls with co-advisors and the Company |
| 8/15/2025 | Friday | Case Administration | Brendan Hayes | 0.5 | Email correspondence internally |
| 8/15/2025 | Friday | General Correspondence | Brendan Hayes | 0.5 | Email correspondence with co-advisors and the Company |
| 8/15/2025 | Friday | Sale Related Activities | Brendan Hayes | 0.5 | Participation in due diligence related calls with potential bidders in the sales process |
| 8/15/2025 | Friday | Case Administration | Andrew Herrera | 0.5 | Email correspondence internally |
| 8/15/2025 | Friday | General Correspondence | Andrew Herrera | 0.5 | Email correspondence with co-advisors and the Company |
| 8/15/2025 | Friday | Sale Related Activities | Andrew Herrera | 0.5 | Participation in due diligence related calls with potential bidders in the sale process |
| 8/15/2025 | Friday | Sale Related Activities | Andrew Herrera | 0.5 | Email correspondence with potential bidders in the sale process |
| 8/18/2025 | Monday | General Correspondence | Brendan Hayes | 0.5 | Participation in calls with co-advisors and the Company |
| 8/18/2025 | Monday | Case Administration | Brendan Hayes | 0.5 | Email correspondence internally |
| 8/18/2025 | Monday | General Correspondence | Brendan Hayes | 0.5 | Email correspondence with co-advisors and the Company |
| 8/18/2025 | Monday | General Correspondence | Andrew Herrera | 0.5 | Participation in calls with co-advisors and the Company |
| 8/18/2025 | Monday | Case Administration | Andrew Herrera | 0.5 | Email correspondence internally |
| 8/18/2025 | Monday | General Correspondence | Andrew Herrera | 0.5 | Email correspondence with co-advisors and the Company |
| 8/18/2025 | Monday | Sale Related Activities | Andrew Herrera | 0.5 | Preparation and review of analysis for the sale process |
| 8/18/2025 | Monday | Case Administration | Andrew Herrera | 0.5 | Preparation and review of the hours worked internally |
| 8/18/2025 | Monday | General Correspondence | Adam Rifkin | 0.5 | Participation in calls with co-advisors and the Company |
| 8/18/2025 | Monday | General Correspondence | Kelly Walsh | 0.5 | Participation in calls with co-advisors and the Company |
| 8/18/2025 | Monday | General Correspondence | Payton Ahola | 0.5 | Participation in calls with co-advisors and the Company |
| 8/19/2025 | Tuesday | Case Administration | Brendan Hayes | 0.5 | Email correspondence internally |
| 8/19/2025 | Tuesday | Sale Related Activities | Brendan Hayes | 0.5 | Participation in due diligence related calls with potential bidders in the sales process |
| 8/19/2025 | Tuesday | Case Administration | Brendan Hayes | 0.5 | Participation in calls with the Company and the Board of Directors or Special Committee regarding the sale process |
| 8/19/2025 | Tuesday | Sale Related Activities | Brendan Hayes | 0.5 | Email correspondence with potential bidders in the sale process |
| 8/19/2025 | Tuesday | Case Administration | Andrew Herrera | 0.5 | Email correspondence internally |
| 8/19/2025 | Tuesday | General Correspondence | Andrew Herrera | 0.5 | Email correspondence with co-advisors and the Company |
| 8/19/2025 | Tuesday | Case Administration | Andrew Herrera | 0.5 | Participation in calls with co-advisors |
| 8/19/2025 | Tuesday | Sale Related Activities | Andrew Herrera | 0.5 | Participation in due diligence related calls with potential bidders in the sales process |
| 8/19/2025 | Tuesday | Case Administration | Andrew Herrera | 0.5 | Preparation and review of the hours worked internally |
| 8/19/2025 | Tuesday | General Correspondence | Andrew Herrera | 0.5 | Participation in calls with the Company and the Board of Directors or Special Committee regarding the sale process |
| 8/19/2025 | Tuesday | Sale Related Activities | Andrew Herrera | 0.5 | Email correspondence with potential bidders in the sale process |
| 8/20/2025 | Wednesday | General Correspondence | Brendan Hayes | 0.5 | Participation in internal calls |
| 8/20/2025 | Wednesday | Case Administration | Brendan Hayes | 0.5 | Email correspondence internally |
| 8/20/2025 | Wednesday | General Correspondence | Andrew Herrera | 0.5 | Participation in internal calls |
| 8/20/2025 | Wednesday | Case Administration | Andrew Herrera | 0.5 | Email correspondence internally |
| 8/20/2025 | Wednesday | Sale Related Activities | Andrew Herrera | 0.5 | Preparation and review of analysis for the sale process |
| 8/20/2025 | Wednesday | Case Administration | Andrew Herrera | 0.5 | Preparation and review of the hours worked internally |
| 8/21/2025 | Thursday | General Correspondence | Brendan Hayes | 0.5 | Participation in calls with co-advisors and the Company |
| 8/21/2025 | Thursday | General Correspondence | Andrew Herrera | 1.0 | Participation in calls with co-advisors and the Company |
| 8/21/2025 | Thursday | Case Administration | Andrew Herrera | 0.5 | Email correspondence internally |
| 8/21/2025 | Thursday | General Correspondence | Andrew Herrera | 0.5 | Email correspondence with co-advisors and the Company |
| 8/21/2025 | Thursday | Case Administration | Andrew Herrera | 0.5 | Participation in calls with co-advisors |
| 8/21/2025 | Thursday | Coordination of creditors | Andrew Herrera | 0.5 | Email correspondence with creditor advisors |
| 8/21/2025 | Thursday | Sale Related Activities | Andrew Herrera | 0.5 | Preparation and review of analysis for the sale process |
| 8/21/2025 | Thursday | Case Administration | Andrew Herrera | 0.5 | Preparation and review of the hours worked internally |
| 8/21/2025 | Thursday | General Correspondence | Adam Rifkin | 0.5 | Participation in calls with co-advisors and the Company |
| 8/21/2025 | Thursday | General Correspondence | Kelly Walsh | 0.5 | Participation in calls with co-advisors and the Company |
| 8/21/2025 | Thursday | General Correspondence | Payton Ahola | 0.5 | Participation in calls with co-advisors and the Company |
| 8/22/2025 | Friday | Case Administration | Brendan Hayes | 0.5 | Email correspondence internally |
| 8/22/2025 | Friday | Case Administration | Andrew Herrera | 0.5 | Email correspondence internally |
| 8/22/2025 | Friday | General Correspondence | Andrew Herrera | 0.5 | Email correspondence with co-advisors and the Company |
| 8/22/2025 | Friday | Case Administration | Andrew Herrera | 0.5 | Participation in calls with co-advisors |
| 8/22/2025 | Friday | Coordination of creditors | Andrew Herrera | 0.5 | Email correspondence with creditor advisors |
| 8/22/2025 | Friday | Sale Related Activities | Andrew Herrera | 0.5 | Preparation and review of analysis for the sale process |
| 8/22/2025 | Friday | Case Administration | Andrew Herrera | 0.5 | Preparation and review of the hours worked internally |
| 8/25/2025 | Monday | General Correspondence | Brendan Hayes | 0.5 | Participation in calls with co-advisors and the Company |
| 8/25/2025 | Monday | Case Administration | Brendan Hayes | 0.5 | Email correspondence internally |
| 8/25/2025 | Monday | General Correspondence | Brendan Hayes | 0.5 | Email correspondence with co-advisors and the Company |
| 8/25/2025 | Monday | Case Administration | Brendan Hayes | 0.5 | Preparation and review of the hours worked internally |
| 8/25/2025 | Monday | General Correspondence | Andrew Herrera | 0.5 | Participation in calls with co-advisors and the Company |
| 8/25/2025 | Monday | Case Administration | Andrew Herrera | 0.5 | Email correspondence internally |
| 8/25/2025 | Monday | General Correspondence | Andrew Herrera | 0.5 | Email correspondence with co-advisors and the Company |
| 8/25/2025 | Monday | Case Administration | Andrew Herrera | 0.5 | Preparation and review of the hours worked internally |
| 8/25/2025 | Monday | General Correspondence | Adam Rifkin | 0.5 | Participation in calls with co-advisors and the Company |
| 8/25/2025 | Monday | General Correspondence | Kelly Walsh | 0.5 | Participation in calls with co-advisors and the Company |
| 8/25/2025 | Monday | General Correspondence | Payton Ahola | 0.5 | Participation in calls with co-advisors and the Company |
| 8/26/2025 | Tuesday | General Correspondence | Brendan Hayes | 0.5 | Participation in calls with co-advisors and the Company |
| 8/26/2025 | Tuesday | Case Administration | Brendan Hayes | 0.5 | Participation in calls with the Company and the Board of Directors or Special Committee regarding the sale process |
| 8/26/2025 | Tuesday | General Correspondence | Andrew Herrera | 0.5 | Participation in calls with co-advisors and the Company |
| 8/26/2025 | Tuesday | General Correspondence | Andrew Herrera | 0.5 | Email correspondence with co-advisors and the Company |
| 8/26/2025 | Tuesday | Case Administration | Andrew Herrera | 0.5 | Participation in calls with the Company and the Board of Directors or Special Committee regarding the sale process |
| 8/27/2025 | Wednesday | General Correspondence | Brendan Hayes | 0.5 | Participation in calls with co-advisors and the Company |
| 8/27/2025 | Wednesday | Sale Related Activities | Brendan Hayes | 0.5 | Participation in due diligence related calls with potential bidders in the sales process |
| 8/27/2025 | Wednesday | Case Administration | Andrew Herrera | 0.5 | Email correspondence internally |
| 8/27/2025 | Wednesday | General Correspondence | Andrew Herrera | 0.5 | Participation in calls with co-advisors and the Company |
| 8/27/2025 | Wednesday | Sale Related Activities | Andrew Herrera | 0.5 | Participation in due diligence related calls with potential bidders in the sales process |
| 8/27/2025 | Wednesday | Sale Related Activities | Andrew Herrera | 0.5 | Preparation and review of analysis for the sale process |
| 8/28/2025 | Thursday | General Correspondence | Brendan Hayes | 0.5 | Participation in calls with co-advisors and the Company |
| 8/28/2025 | Thursday | General Correspondence | Brendan Hayes | 0.5 | Email correspondence with co-advisors and the Company |
| 8/28/2025 | Thursday | Case Administration | Andrew Herrera | 0.5 | Email correspondence internally |
| 8/28/2025 | Thursday | General Correspondence | Andrew Herrera | 0.5 | Email correspondence with co-advisors and the Company |
| 8/28/2025 | Thursday | General Correspondence | Adam Rifkin | 0.5 | Participation in calls with co-advisors and the Company |
| 8/28/2025 | Thursday | General Correspondence | Kelly Walsh | 0.5 | Participation in calls with co-advisors and the Company |
| 8/28/2025 | Thursday | General Correspondence | Payton Ahola | 0.5 | Participation in calls with co-advisors and the Company |
| 8/29/2025 | Friday | General Correspondence | Andrew Herrera | 0.5 | Participation in calls with co-advisors and the Company |
| 8/29/2025 | Friday | Case Administration | Andrew Herrera | 0.5 | Email correspondence internally |
| 8/29/2025 | Friday | General Correspondence | Andrew Herrera | 0.5 | Email correspondence with co-advisors and the Company |
| **Total** | | | | **99.5** | |

## Exhibit C

**Expenses**

**Guggenheim Securities**
Expense Detail

**EXHIBIT C**

**GUGGENHEIM SECURITIES, LLC**
**EXPENSE DETAIL FOR THE PERIOD OF**
**MAY 5, 2025 THROUGH AUGUST 31, 2025**

| Transaction Date | Category | Expense Incurred | Spend Category | Professional | Vendor |
|---|---|---|---|---|---|
| 6/22/2025 | Meals | 2.32 | T&E Meals - Overtime | Payton Ahola | T&E Meals - Overtime |
| 6/22/2025 | Meals | 28.23 | T&E Meals - Overtime | Payton Ahola | T&E Meals - Overtime |
| 8/27/2025 | Legal | 1,535.00 | PROFESSIONAL Legal | | DENTONS US LLP |
| **Total** | | **$1,565.55** | | | |



Dentons US LLP
233 South Wacker Drive
Suite 5900
Chicago, IL 60606

Guggenheim Securities
330 Madison Avenue
New York, NY 10017

**INVOICE #:**          **5001-1001911**

Invoice Date:          August 27, 2025

| | |
|---|---|
| **Matter Number:** | 21421443-000057 |
| **Description:** | Rite-Aid Corporation |
| | 102802 |

Payment Due Upon Receipt

For professional services rendered through July 31, 2025

**Invoice Amount**                                                     **$1,535.00**

**To pay by E-Check – https://www.e-billexpress.com/ebpp/DentonsUS**

**Electronic Transfer (Preferred Method of Payment):**
**Citibank, N.A.**
**227 West Monroe, Chicago, IL 60606**
**ABA Transit #:** ▮▮▮▮▮▮
**Account #:** ▮▮▮▮▮▮
**Account Name: Dentons US LLP**
**Swift Code:** ▮▮▮▮▮▮
**Reference: Invoice # and/or client matter #**

| **Payment by check (Overnight Delivery):** | | **Payment by check (USPS):** |
|---|---|---|
| REMITCO | | Dentons US LLP |
| Dentons #3078 | **OR** | P.O. Box. 3078 |
| 5450 N. Cumberland Avenue | | Carol Stream, IL 60132-3078 |
| Chicago, IL 60656 | | |

**\*\*Please contact Dentons US LLP directly to validate any request to change our payment details above\*\***

Please send remittance instructions to cashreceipts@dentons.com or include this page with your payment.

Dentons US LLP TIN # 36-1796730
Questions relating to this invoice should be directed to:
T. Labuda at (312) 876 8230



| Client: GUGGENHEIM SECURITIES | Invoice Date: | August 27, 2025 |
|---|---|---|
| Matter: 21421443-000057 | INVOICE #: | 5001-1001911 |

For professional services rendered through July 31, 2025

## Fee Detail:

| Date | Name | Description | Hours | Amount |
|---|---|---|---|---|
| 07/01/25 | T. Labuda | Conference with Herrera re sale fees and monthly fee statements. | 0.10 | 155.00 |
| 07/01/25 | T. Labuda | Conference with Ruben re monthly fee statement and interim compensation procedures. | 0.10 | 155.00 |
| 07/01/25 | S. Ruben | Conference with T. Labuda re monthly fee statement. | 0.10 | 95.00 |
| 07/13/25 | S. Ruben | Analysis of interim compensation procedures. | 0.10 | 95.00 |
| 07/28/25 | T. Labuda | Emails with client team re sale fees and fee filings. | 0.10 | 155.00 |
| 07/28/25 | T. Labuda | Review interim compensation procedures. | 0.10 | 155.00 |
| 07/28/25 | T. Labuda | Emails with Ruben re consolidated fee statement. | 0.10 | 155.00 |
| 07/28/25 | S. Ruben | Analysis of interim compensation procedures. | 0.10 | 95.00 |
| 07/28/25 | S. Ruben | Correspond with T. Labuda re monthly fee statement. | 0.10 | 95.00 |
| 07/28/25 | S. Ruben | Correspond with Guggenheim Securities and T. Labuda re monthly fee statement. | 0.10 | 95.00 |
| 07/30/25 | S. Ruben | Conference with T. Labuda re monthly fee statement. | 0.10 | 95.00 |
| 07/30/25 | S. Ruben | Draft monthly fee statement. | 0.20 | 190.00 |
| **Total For Services** | | | **1.30** | **$1,535.00** |

## Timekeeper Summary:

| Name | Hours | Rate | Amount |
|---|---|---|---|
| S. Ruben | 0.80 | 950.00 | 760.00 |
| T. Labuda | 0.50 | 1,550.00 | 775.00 |
| **Total** | **1.30** | | **$1,535.00** |

| | |
|---|---|
| Fees | 1,535.00 |
| **Total Due This Invoice** | **$1,535.00** |

**<u>Exhibit D</u>**

**Calculation Detail of Sale Transaction Fees**

Guggenheim Securities

**EXHIBIT D**

**GUGGENHEIM SECURITIES, LLC**
**SALE TRANSACTION FEE DETAIL FOR PHARMACY ASSETS**
**FOR THE PERIOD AUGUST 01, 2025 THROUGH AUGUST 30, 2025**

| Sale Transaction Fee Detail | | |
|---|---|---|
| **Store Number** | **Closing Date** | **Aggregate Consideration** |
| 5420 | 8/1/2025 | *** |
| 5532 | 8/1/2025 | *** |
| 5679 | 8/1/2025 | *** |
| 5809 | 8/1/2025 | *** |
| 5816 | 8/1/2025 | *** |
| 6302 | 8/1/2025 | *** |
| 6714 | 8/1/2025 | *** |
| 10273 | 8/1/2025 | *** |
| 10297 | 8/1/2025 | *** |
| 10313 | 8/1/2025 | *** |
| 5697 | 8/4/2025 | *** |
| 5700 | 8/4/2025 | *** |
| 5729 | 8/4/2025 | *** |
| 5794 | 8/4/2025 | *** |
| 6256 | 8/4/2025 | *** |
| 2397 | 8/5/2025 | *** |
| 4820 | 8/5/2025 | *** |
| 10291 | 8/5/2025 | *** |
| 10842 | 8/5/2025 | *** |
| 290 | 8/7/2025 | *** |
| 390 | 8/7/2025 | *** |
| 596 | 8/7/2025 | *** |
| 790 | 8/7/2025 | *** |
| 833 | 8/7/2025 | *** |
| 1021 | 8/7/2025 | *** |
| 1081 | 8/7/2025 | *** |
| 1185 | 8/7/2025 | *** |
| 1225 | 8/7/2025 | *** |
| 1404 | 8/7/2025 | *** |
| 1429 | 8/7/2025 | *** |
| 1567 | 8/7/2025 | *** |
| 1596 | 8/7/2025 | *** |
| 1674 | 8/7/2025 | *** |
| 1732 | 8/7/2025 | *** |
| 1807 | 8/7/2025 | *** |
| 1963 | 8/7/2025 | *** |
| 1975 | 8/7/2025 | *** |
| 2017 | 8/7/2025 | *** |
| 2476 | 8/7/2025 | *** |
| 2478 | 8/7/2025 | *** |
| 2527 | 8/7/2025 | *** |
| 2693 | 8/7/2025 | *** |
| 3434 | 8/7/2025 | *** |
| 3495 | 8/7/2025 | *** |
| 3602 | 8/7/2025 | *** |
| 3613 | 8/7/2025 | *** |
| 3801 | 8/7/2025 | *** |
| 3974 | 8/7/2025 | *** |
| 4155 | 8/7/2025 | *** |
| 4226 | 8/7/2025 | *** |
| 4256 | 8/7/2025 | *** |
| 4284 | 8/7/2025 | *** |
| 4601 | 8/7/2025 | *** |
| 4821 | 8/7/2025 | *** |
| 4938 | 8/7/2025 | *** |
| 4965 | 8/7/2025 | *** |
| 5249 | 8/7/2025 | *** |
| 5283 | 8/7/2025 | *** |
| 5297 | 8/7/2025 | *** |
| 5454 | 8/7/2025 | *** |
| 5464 | 8/7/2025 | *** |
| 5492 | 8/7/2025 | *** |
| 5504 | 8/7/2025 | *** |
| 5505 | 8/7/2025 | *** |
| 5516 | 8/7/2025 | *** |

Guggenheim Securities

**EXHIBIT D**

**GUGGENHEIM SECURITIES, LLC**
**SALE TRANSACTION FEE DETAIL FOR PHARMACY ASSETS**
**FOR THE PERIOD AUGUST 01, 2025 THROUGH AUGUST 30, 2025**

**Sale Transaction Fee Detail**

| Store Number | Closing Date | Aggregate Consideration |
|---|---|---|
| 5531 | 8/7/2025 | *** |
| 5559 | 8/7/2025 | *** |
| 5587 | 8/7/2025 | *** |
| 5606 | 8/7/2025 | *** |
| 5622 | 8/7/2025 | *** |
| 5634 | 8/7/2025 | *** |
| 5655 | 8/7/2025 | *** |
| 5732 | 8/7/2025 | *** |
| 5749 | 8/7/2025 | *** |
| 5800 | 8/7/2025 | *** |
| 5822 | 8/7/2025 | *** |
| 5824 | 8/7/2025 | *** |
| 5832 | 8/7/2025 | *** |
| 5833 | 8/7/2025 | *** |
| 5846 | 8/7/2025 | *** |
| 5879 | 8/7/2025 | *** |
| 5907 | 8/7/2025 | *** |
| 5933 | 8/7/2025 | *** |
| 5937 | 8/7/2025 | *** |
| 5959 | 8/7/2025 | *** |
| 5983 | 8/7/2025 | *** |
| 5985 | 8/7/2025 | *** |
| 6015 | 8/7/2025 | *** |
| 6029 | 8/7/2025 | *** |
| 6032 | 8/7/2025 | *** |
| 6059 | 8/7/2025 | *** |
| 6081 | 8/7/2025 | *** |
| 6188 | 8/7/2025 | *** |
| 6207 | 8/7/2025 | *** |
| 6294 | 8/7/2025 | *** |
| 6338 | 8/7/2025 | *** |
| 6788 | 8/7/2025 | *** |
| 6839 | 8/7/2025 | *** |
| 6906 | 8/7/2025 | *** |
| 6909 | 8/7/2025 | *** |
| 6968 | 8/7/2025 | *** |
| 7830 | 8/7/2025 | *** |
| 10310 | 8/7/2025 | *** |
| 10369 | 8/7/2025 | *** |
| 10496 | 8/7/2025 | *** |
| 10526 | 8/7/2025 | *** |
| 10546 | 8/7/2025 | *** |
| 10618 | 8/7/2025 | *** |
| 10623 | 8/7/2025 | *** |
| 10648 | 8/7/2025 | *** |
| 10706 | 8/7/2025 | *** |
| 10822 | 8/7/2025 | *** |
| 10824 | 8/7/2025 | *** |
| 10827 | 8/7/2025 | *** |
| 10889 | 8/7/2025 | *** |
| 11006 | 8/7/2025 | *** |
| 11030 | 8/7/2025 | *** |
| 11034 | 8/7/2025 | *** |
| 11038 | 8/7/2025 | *** |
| 11046 | 8/7/2025 | *** |
| 11048 | 8/7/2025 | *** |
| 11064 | 8/7/2025 | *** |
| 11075 | 8/7/2025 | *** |
| 11083 | 8/7/2025 | *** |
| 11084 | 8/7/2025 | *** |
| 11089 | 8/7/2025 | *** |
| 11091 | 8/7/2025 | *** |
| 11095 | 8/7/2025 | *** |
| 11101 | 8/7/2025 | *** |
| 11114 | 8/7/2025 | *** |

Guggenheim Securities

**EXHIBIT D**

**GUGGENHEIM SECURITIES, LLC**
**SALE TRANSACTION FEE DETAIL FOR PHARMACY ASSETS**
**FOR THE PERIOD AUGUST 01, 2025 THROUGH AUGUST 30, 2025**

| Sale Transaction Fee Detail | | |
|---|---|---|
| **Store Number** | **Closing Date** | **Aggregate Consideration** |
| 11122 | 8/7/2025 | *** |
| 11130 | 8/7/2025 | *** |
| 6007 | 8/12/2025 | *** |
| 10315 | 8/12/2025 | *** |
| 220 | 8/14/2025 | *** |
| 384 | 8/14/2025 | *** |
| 675 | 8/14/2025 | *** |
| 729 | 8/14/2025 | *** |
| 731 | 8/14/2025 | *** |
| 822 | 8/14/2025 | *** |
| 843 | 8/14/2025 | *** |
| 923 | 8/14/2025 | *** |
| 992 | 8/14/2025 | *** |
| 1314 | 8/14/2025 | *** |
| 1321 | 8/14/2025 | *** |
| 1326 | 8/14/2025 | *** |
| 1384 | 8/14/2025 | *** |
| 1451 | 8/14/2025 | *** |
| 1628 | 8/14/2025 | *** |
| 1709 | 8/14/2025 | *** |
| 1762 | 8/14/2025 | *** |
| 1768 | 8/14/2025 | *** |
| 1887 | 8/14/2025 | *** |
| 2422 | 8/14/2025 | *** |
| 2466 | 8/14/2025 | *** |
| 2510 | 8/14/2025 | *** |
| 3273 | 8/14/2025 | *** |
| 3325 | 8/14/2025 | *** |
| 3400 | 8/14/2025 | *** |
| 3425 | 8/14/2025 | *** |
| 3470 | 8/14/2025 | *** |
| 3500 | 8/14/2025 | *** |
| 4156 | 8/14/2025 | *** |
| 5179 | 8/14/2025 | *** |
| 5223 | 8/14/2025 | *** |
| 5250 | 8/14/2025 | *** |
| 5264 | 8/14/2025 | *** |
| 5307 | 8/14/2025 | *** |
| 5387 | 8/14/2025 | *** |
| 5526 | 8/14/2025 | *** |
| 5529 | 8/14/2025 | *** |
| 5646 | 8/14/2025 | *** |
| 5786 | 8/14/2025 | *** |
| 5880 | 8/14/2025 | *** |
| 5885 | 8/14/2025 | *** |
| 5910 | 8/14/2025 | *** |
| 5961 | 8/14/2025 | *** |
| 6031 | 8/14/2025 | *** |
| 6325 | 8/14/2025 | *** |
| 6480 | 8/14/2025 | *** |
| 6778 | 8/14/2025 | *** |
| 7880 | 8/14/2025 | *** |
| 10376 | 8/14/2025 | *** |
| 10413 | 8/14/2025 | *** |
| 10468 | 8/14/2025 | *** |
| 10488 | 8/14/2025 | *** |
| 10509 | 8/14/2025 | *** |
| 10668 | 8/14/2025 | *** |
| 10714 | 8/14/2025 | *** |
| 10836 | 8/14/2025 | *** |
| 10874 | 8/14/2025 | *** |
| 10930 | 8/14/2025 | *** |
| 11076 | 8/14/2025 | *** |
| 11077 | 8/14/2025 | *** |
| 11087 | 8/14/2025 | *** |

Guggenheim Securities

**EXHIBIT D**

**GUGGENHEIM SECURITIES, LLC**
**SALE TRANSACTION FEE DETAIL FOR PHARMACY ASSETS**
**FOR THE PERIOD AUGUST 01, 2025 THROUGH AUGUST 30, 2025**

| Sale Transaction Fee Detail | | |
|---|---|---|
| **Store Number** | **Closing Date** | **Aggregate Consideration** |
| 11090 | 8/14/2025 | *** |
| 11109 | 8/14/2025 | *** |
| 11142 | 8/14/2025 | *** |
| 11154 | 8/14/2025 | *** |
| 11176 | 8/14/2025 | *** |
| 11187 | 8/14/2025 | *** |
| 4991 | 8/15/2025 | *** |
| 6489 | 8/15/2025 | *** |
| 6522 | 8/15/2025 | *** |
| 642 | 8/20/2025 | *** |
| 5739 | 8/20/2025 | *** |
| 319 | 8/21/2025 | *** |
| 5181 | 8/21/2025 | *** |
| 5184 | 8/21/2025 | *** |
| 5188 | 8/21/2025 | *** |
| 5228 | 8/21/2025 | *** |
| 5235 | 8/21/2025 | *** |
| 5255 | 8/21/2025 | *** |
| 5312 | 8/21/2025 | *** |
| 5317 | 8/21/2025 | *** |
| 5353 | 8/21/2025 | *** |
| 6234 | 8/21/2025 | *** |
| 6503 | 8/21/2025 | *** |
| 6921 | 8/21/2025 | *** |
| 1764 | 8/22/2025 | *** |
| 4294 | 8/25/2025 | *** |
| 4064 | 8/28/2025 | *** |
| 5192 | 8/28/2025 | *** |
| 5238 | 8/28/2025 | *** |
| 5282 | 8/28/2025 | *** |
| 5296 | 8/28/2025 | *** |
| 5305 | 8/28/2025 | *** |
| 6353 | 8/28/2025 | *** |
| 6493 | 8/28/2025 | *** |
| 6933 | 8/28/2025 | *** |
| 6941 | 8/28/2025 | *** |
| 6945 | 8/28/2025 | *** |
| 6971 | 8/28/2025 | *** |
| 6976 | 8/28/2025 | *** |
| 1514 | 8/29/2025 | *** |
| 10292 | 8/29/2025 | *** |
| 10299 | 8/29/2025 | *** |
| **Aggregate Consideration** | | **$108,872,764.48** |
| Applicable Fee % | | 0.9% |
| **Sale Transaction Fee ($)** | | **$979,854.88** |
| Less: Crediting of Monthly Fees | | (300,000.00) |
| **Sale Transaction Fee After Crediting of Monthly Fees ($)** | | **$679,854.88** |

Note: Guggenheim Securities understands that the proceeds received per store has not been publicly disclosed, but has been shared with certain of the major constituencies in these chapter 11 cases.