**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**FEE APPLICATION COVER SHEET**

| | | | |
|---|---|---|---|
| IN RE: | New Rite Aid, LLC[1] | APPLICANT: | AlixPartners, LLP |
| CASE NO.: | 25-14861 (MBK) | CLIENT: | Official Committee of Unsecured Creditors |
| CHAPTER: | 11 | CASE FILED: | May 5, 2025 |

**FIRST INTERIM APPLICATION OF ALIXPARTNERS, LLP,
FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
FOR THE PERIOD FROM MAY 16, 2025 THROUGH AUGUST 31, 2025**

**SECTION I**
**FEE SUMMARY**

☐ Monthly Fee Statement    or    ☑ 1st Interim    ☐ Final Fee Application

| | FEES | EXPENSES |
|---|---|---|
| Total Previous Fee Requested: | $1,312,704.50 | $0.00 |
| Total Fees Allowed To Date: | $0.00 | $0.00 |
| Total Retainer (If Applicable) | $0.00 | |
| Total Holdback (If Applicable) | $262,540.90 | $0.00 |
| Total Received By Applicant | $897,835.20 | $0.00 |

| | |
|---|---|
| FEE TOTALS | $ 1,312,704.50 |
| DISBURSEMENTS TOTALS | +              0.00 |
| TOTAL FEE APPLICATION | $ 1,312,704.50 |

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

## SUMMARY OF PROFESSIONALS CHART

| Professional | Title | Rate | Hours | Fees |
|---|---|---|---|---|
| David MacGreevey | Partner & Managing Director | $1,460 | 66.0 | $    96,360.00 |
| Kathryn B McGlynn | Partner & Managing Director | $1,415 | 157.8 | 223,287.00 |
| Richard Collura | Partner & Managing Director | $1,415 | 1.6 | 2,264.00 |
| Elizabeth S Kardos | Partner | $950 | 4.9 | 4,655.00 |
| Matthew D Gates | Director | $1,120 | 259.4 | 290,528.00 |
| Kaitlyn Sundt McClarren | Director | $715 | 4.9 | 3,503.50 |
| Daniel Metcalf | Senior Vice President | $980 | 0.6 | 588.00 |
| Thomas G Prince | Senior Vice President | $950 | 219.7 | 208,715.00 |
| Chase Hood | Senior Vice President | $850 | 372.8 | 316,880.00 |
| Sari Rosenfeld | Senior Vice President | $660 | 17.5 | 11,550.00 |
| Brooke Filler | Senior Vice President | $605 | 7.2 | 4,356.00 |
| Jennifer Braverman | Senior Vice President | $565 | 241.6 | 136,504.00 |
| Lisa Marie Bonito | Vice President | $580 | 23.3 | 13,514.00 |
| **Total Hours and Fees for Professionals** | | | **1,377.3** | **$  1,312,704.50** |

**Average Billing Rate  $           953.10**

## SECTION II
## SUMMARY OF SERVICES

| SERVICES RENDERED | HOURS | FEE |
|---|---|---|
| **1.1 Planning, Coordination and Case Management:** Organized and managed resources to effectively plan and coordinate the Chapter 11 process, keep the engagement team informed of the latest case developments, remain aligned on the many workstreams, verify that resources were properly allocated to meet deadlines, and ensure all matters and issues are being addressed in an efficient and timely manner. | 10.6 | 12,862.50 |
| **1.2 Meetings & Communication with UCC and Creditors** Updated the Committee regarding the status of the Chapter 11 Cases, presented analyses to the Committee related to various case workstreams, and attended discussions and communicated with other professionals representing the Committee. | 77.7 | 94,387.50 |
| **1.3 Preparation of Committee Presentations** Prepared, revised and circulated presentations to the Committee containing case updates and various case workstream analyses. | 163.2 | 172,643.00 |
| **1.4 Meetings & Communication with Debtors** Attended meetings, communicated and coordinated with the Debtors and/or the Debtors' professionals. | 100.0 | 116,233.50 |
| **1.6 DIP Financing and Cash Collateral** Analyzed the refinancing of the Debtors' prepetition financing; analyzed and reviewed the DIP Credit Agreement and other related documents; and reviewed the Debtors' DIP Budget and assessed various mechanisms to extend the runway of the Chapter 11 Cases. | 168.5 | 172,579.50 |
| **1.7 Analysis of Liquidity and Cash Management** Analyzed cash flow budgets and budget variance reports published during these Chapter 11 Cases to monitor the Debtors' liquidity through the pendency of the Cases; and reviewed the liquidity impact of professional fees and payments under first day motions. | 133.9 | 125,009.00 |
| **1.8 Sale of Business and Assets** Oversaw the Debtors' sale processes for the Debtors' pharmacy, real estate and other assets; reviewed proposals for the sales of the above-referenced assets; analyzed and reviewed the Bidding Procedures motions and other related documents; and provided the Committee with updates on the sales. | 160.7 | 161,684.00 |
| **1.10 Employee Compensation and Advisor Retention Matters** Reviewed and analyzed engagement letters and professional fee forecasts, and reviewed other professionals' retention pleadings. | 35.3 | 35,158.00 |
| **1.11 Financial and Other Diligence** Researched and documented relevant information regarding the Debtors' and other relevant parties' financial affairs from public and non-public sources, including, but not limited to, data provided by the Debtors' advisors through an online data room. | 81.2 | 82,294.50 |
| **1.12 Review Other Motions and Related Objections** Reviewed the Court docket and case calendars; and analyzed and reviewed pleadings filed on the Court docket. | 41.2 | 44,145.50 |
| **1.14 Claims Analysis** Reviewed and analyzed claims and potential claims. | 19.5 | 21,838.00 |
| **1.17 RSA, Disclosure Statement & Plan of Reorganization** Negotiated, analyzed, reviewed and provided commentary on settlement proposals and other related documents. | 13.4 | 15,767.00 |
| **1.18 Court Hearings and Status Conferences** Attended Court hearings. | 45.5 | 52,079.00 |

| | | |
|---|---|---|
| **1.19 Retention Applications & Relationship Disclosures**<br>Drafted AlixPartners' retention application, proposed orders, and declarations; analyzed relationship disclosures required by the Bankruptcy Code; communicated with various parties regarding AlixPartners' retention; and responded to inquiries from the U.S. Trustee related to AlixPartners' retention. | 280.3 | 168,372.50 |
| **1.20 Fee Applications & Fee Statements**<br>Managed the fee application process in accordance with requirements of the U.S. Trustee and/or the Court. Prepared and reviewed monthly fee statements, including all required supporting documentation in accordance with requirements of the U.S. Trustee and/or the Court. | 46.3 | 37,651.00 |
| **SERVICE TOTALS:** | **1,377.3** | **1,312,704.50** |

**SECTION III**
**SUMMARY OF DISBURSEMENTS**

No Reimbursement of Expenses Sought in First Interim Fee Application

I certify under penalty of perjury that the foregoing is true and correct.

Dated:  September 26, 2025

/s/  *David MacGreevey*
David MacGreevey
Partner & Managing Director

*Financial Advisor to the Official Committee*
*of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| New Rite Aid, LLC, *et al.,* | Case No. 25-14861 (MBK) |
| Debtors. [1] | (Jointly Administered) |
| | **Hearing Date:  October 20, 2025 @ 10:00 a.m.**<br>**Objection Deadline:  October 17, 2025 at 4:00 p.m**. |

**FIRST INTERIM APPLICATION OF ALIXPARTNERS, LLP,**
**FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL**
**SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED**
**FOR THE PERIOD FROM MAY 16, 2025 THROUGH AUGUST 31, 2025**

AlixPartners, LLP  ("AlixPartners"),  as financial advisor to the Official Committee of Unsecured Creditors (the "Committee") to the above-captioned debtors (the "Debtors"), hereby submits its first interim application (the "Application") for allowance of compensation for professional services rendered and reimbursement of out-of-pocket expenses incurred for the period from May 16, 2025 through August 31, 2025 (the "First Interim Period").  AlixPartners respectfully states as follows:

**Jurisdiction and Venue**

1.    The United States Bankruptcy Court for the New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1]    The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

## Basis for Relief

3.    The bases for the relief requested herein are Sections 330 and 331 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-3 of *Local Rules of the United States Bankruptcy Court District of New Jersey*, adopted August 1, 2025 (the "Local Rules")*,* the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, adopted June 11, 2013 (the "U.S. Trustee Guidelines") and the *Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and* (the "Interim Compensation Order").

## Background

4.    On May 5, 2025 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases") in this Court.

5.    No trustee has been appointed in these Chapter 11 Cases.

6.    On May 16, 2025, the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee") [Docket No. 316.

## AlixPartners' Retention

7.    On July 3, 2025, the Committee filed its *Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of AlixPartners, LLP as Financial Advisor to the Official Committee of Unsecured Creditors Effective as of May 16, 2025* [Docket No. 1315].

8.    On July 18, 2025, the Court entered the *Order Authorizing the Official Committee of Unsecured Creditors to Employ and Retain AlixPartners, LLP as Financial Advisor to the Official Committee of Unsecured Creditors Effective as of May 16, 2025* [Docket No. 1491] (the

"Retention Order"), attached hereto as **Exhibit A**.

9.      The Retention Order approved the terms of AlixPartners' hourly fee and expense structure set forth in the engagement letter dated May 16, 2025  (the "Engagement Letter") and authorized AlixPartners to be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, Bankruptcy Rules, Local Rules, U.S. Trustee Guidelines and the Interim Compensation Order, and any other applicable orders of this Court.

10.      Pursuant to the Engagement Letter, David MacGreevey is the Partner & Managing Director responsible for this engagement, assisted by a staff of consultants at various levels with a wide range of relevant skills and abilities.

## **Monthly Fee Statements During the First Interim Period**

11.      AlixPartners filed and served four (4) monthly fee statements (the "Monthly Fee Statements") during the First Interim Period pursuant to the Interim Compensation Order.  The Monthly Fee Statements contain detailed descriptions of the services rendered in the amount of $1,312,704.50[3] are noted below:

| Date Filed; Docket No. | Period | Requested | | Paid | | Certificate of No Objection | Amount Outstanding |
|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | | |
| 07/25/2025 Docket #1580 | 05/16/2025 - 05/31/2025 | $    253,789.00 | $         - | $    203,031.20 | $         - | 08/11/2025 Docket #1855 | $      50,757.80 |
| 07/25/2025 Docket #1581 | 06/01/2025 - 06/30/2025 | 523,810.00 | - | 419,048.00 | - | 08/11/2025 Docket #1856 | 104,762.00 |
| 08/25/2025 Docket #2035 | 07/01/2025 - 07/31/2025 | 344,695.00 | - | 275,756.00 | - | 09/09/2025 Docket #2382 | 68,939.00 |
| 09/25/2025 Docket #2556 | 08/01/2025 - 08/31/2025 | 190,410.50 | - | | - | | 190,410.50 |
| **Total** | | **$  1,312,704.50** | **$         -** | **$    897,835.20** | **$         -** | | **$    414,869.30** |

12.      Detailed descriptions of the services performed by each professional, organized by matter category and by date, the hours of services provided (in tenths of an hour) during the First

---

[3]   This amount includes the 20% holdback of fees reflected in the Monthly Fee Statements, including $50,757.80 for the First Monthly Fee Statement, $104,762.00 for the Second Monthly Fee Statement, $68,939.00 for the Third Monthly Fee Statement, and $38,082.10 for the Fourth Monthly Fee Statement, for a total holdback of $262,540.90 (the "Holdback").

Interim Period are attached to the Monthly Fee Statements.

13.    AlixPartners received payments from the Debtors in the amount of $897,835.20 for services rendered during the First Interim Period.  The total amount of $414,869.30 remains outstanding as of the filing of this Application.

14.    AlixPartners believes that the fees requested are reasonable, actual and for necessary services rendered on behalf of the Committee during the First Interim Period.

15.    AlixPartners has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these Chapter 11 Cases.  No promises have been received by AlixPartners or any member thereof as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code.

## <u>Summary of Services Rendered During the First Interim Period</u>

16.    During the course of the First Interim Period, AlixPartners has advised and assisted the Committee with: (i) review of the Debtors' first day motions; (ii) participation in discussions with the Debtors' advisors regarding workstreams and various case developments; (iii) participation in weekly discussions with the Committee and the Committee's advisors; (iv) analyzing the Debtors' DIP financing and projected liquidity; (v) due diligence on the Debtors' financial affairs; (vi) analysis of the Debtors' real estate, pharmacy, front end and other assets to be sold or liquidated; (vii) coordination with the Committee's legal advisors, Willkie Farr & Gallagher LLP, to develop case strategy; and (viii) coordination, response and information flow to various Committee members to ensure all constituents received the information they requested on a timely basis.

## **Certification**

17.    The Certification of David MacGreevey is attached hereto as **Exhibit B** and incorporated herein.

## **No Prior Request**

18.    No prior request for the relief sought in this Application has been made to this or any other Court.  This Application is made without prejudice to further or final applications based upon all relevant criteria, including the results achieved in these Chapter 11 Cases.

## **Notice**

19.    Notice of the Application has been or will be provided to those parties entitled to receive notice hereof in accordance with any applicable order of this Court.

*[Remainder of page intentionally left blank.]*

## <u>Conclusion</u>

**WHEREFORE**, AlixPartners, as financial advisor to the Committee, respectfully requests that the Court enter an order providing: (i) an interim allowance to AlixPartners in the amount of $1,312,704.50 (including the Holdback in the amount of $262,540.90) as compensation for professional services rendered during the First Interim Period; (ii) that the Debtors are authorized and directed to pay AlixPartners the remaining outstanding balance of $414,869.30; and (iii) such other and further relief as this Court deems proper.

Dated:  September 26, 2025

ALIXPARTNERS, LLP
909 Third Avenue, 28th Floor
New York, New York 10022


*/s/  David MacGreevey*
By:  David MacGreevey
        Partner & Managing Director

*Financial Advisor to the Official Committee of Unsecured Creditors*

## Exhibit A

**AlixPartners' Retention Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**WILLKIE FARR & GALLAGHER LLP**
Brett H. Miller, Esq. (*pro hac vice*)
Todd M. Goren, Esq. (*pro hac vice*)
James H. Burbage, Esq. (*pro hac vice*)
Jessica D. Graber, Esq. (*pro hac vice*)
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8000
E-mail:  bmiller@willkie.com
         tgoren@willkie.com
         jburbage@willkie.com
         jgraber@willkie.com

**SILLS CUMMIS & GROSS P.C.**
Andrew H. Sherman, Esq.
Boris Mankovetskiy, Esq.
Gregory Kopacz, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 643-7000
E-mail: asherman@sillscummis.com
         bmankovetskiy@sillscummis.com
         gkopacz@sillscummis.com

*Counsel to the Official*
*Committee of Unsecured Creditors*



**Order Filed on July 18, 2025**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No. 25-14861 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO EMPLOY AND RETAIN ALIXPARTNERS, LLP AS FINANCIAL
ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS EFFECTIVE AS OF MAY 16, 2025**

The relief set forth on the following pages, numbered two (2) through eight (8), is hereby

**ORDERED.**

**DATED: July 18, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page: 2
Debtor:     New Rite Aid, LLC, *et al.*
Case No.:   25-14861 (MBK)
Caption:    Order Authorizing the Employment and Retention of Sills Cummis & Gross P.C.
            as Co-Counsel for the Official Committee of Unsecured Creditors of New Rite
            Aid, LLC, *et al.*, *Nunc Pro Tunc* to May 16, 2025.

Upon the application (the "Application") of the Official Committee of Unsecured Creditors

(the "Committee") appointed in these Chapter 11 Cases of New Rite Aid, LLC and its debtor

affiliates, as debtors and debtors in possession in the above-captioned cases (the "Debtors") for

entry of an order (this "Order"), pursuant to sections 328(a), 330, 331, and 1103(a) of title 11 of

the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local

Bankruptcy Rules for the District of New Jersey (the "Local Rules"), authorizing the Committee

to employ and retain AlixPartners, LLP ("AlixPartners") as the Committee's financial advisor,

effective as of May 16, 2025; and upon consideration of the Declaration of David MacGreevey

(the "MacGreevey Declaration"); and it appearing that AlixPartners is "disinterested" and eligible

for retention pursuant to sections 101(14) and 328(c) of the Bankruptcy Code; and the Court having

jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing

that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue of

this case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Application having been provided, and it appearing that no other or

further notice need be provided, and the Court having reviewed the Application; and the Court

having held a hearing on the Application; and the Court having determined that the legal and

factual bases set forth in the Application establish just cause for the relief granted herein; and upon

all of the proceedings had before the Court and after due deliberation and sufficient cause

appearing therefor, **IT IS HEREBY ORDERED THAT:**

1.      The Application is granted to the extent set forth in this Order.

Page:  3
Debtor:    New Rite Aid, LLC, *et al.*
Case No.:  25-14861 (MBK)
Caption:   Order Authorizing the Employment and Retention of Sills Cummis & Gross P.C.
           as Co-Counsel for the Official Committee of Unsecured Creditors of New Rite
           Aid, LLC, *et al.*, *Nunc Pro Tunc* to May 16, 2025.

2.      Pursuant to sections 328(a) and 1103 of the Bankruptcy Code, the Committee is authorized to employ and retain AlixPartners as its financial advisor in connection with these Chapter 11 Cases effective as of May 16, 2025, and in accordance with the terms and conditions set forth in the Engagement Letter attached to the Application as **Exhibit B**, except as modified by this Order.

3.      The terms of the Engagement Letter, including, without limitation, the indemnification provisions, are reasonable, and the conditions of employment are approved in all respects, as modified by this Order.

4.      AlixPartners shall file monthly, interim, and final requests for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and the Local Rules, the U.S. Trustee Guidelines, the *Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court*, entered on June 9, 2025, and any other such procedures as may be fixed by order of the Court. AlixPartners shall keep its time in one-tenth (1/10) hour increments in accordance with the U.S. Trustee Guidelines.

5.      AlixPartners' compensation terms set forth in the Engagement Letter, including, without limitation, the Fee and Expense Structure, are approved, and the Debtors shall be bound by such terms. AlixPartners shall be compensated for the services identified in the Application, the MacGreevey Declaration and the Engagement Letter and reimbursed for out-of-pocket expenses incurred in connection with such services, pursuant to section 328(a) of the Bankruptcy

Page:  4
Debtor:    New Rite Aid, LLC, *et al.*
Case No.:    25-14861 (MBK)
Caption:    Order Authorizing the Employment and Retention of Sills Cummis & Gross P.C.
as Co-Counsel for the Official Committee of Unsecured Creditors of New Rite
Aid, LLC, *et al.*, *Nunc Pro Tunc* to May 16, 2025.

Code in accordance with the terms of the Engagement Letter, subject to the procedures set forth in

the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders of

the Court.  Notwithstanding the above, the standard of review of AlixPartners' fees, expenses and

other compensation shall be based on the reasonableness standard provided for in section 330 of

the Bankruptcy Code.

6.    The indemnification provisions included in the Engagement Letter are approved,

subject to the following:

a)    No AlixPartners Party (as that term is defined in the Engagement Letter)
shall be entitled to indemnification, contribution, or reimbursement
pursuant to the Engagement Letter for services, unless such services and the
indemnification, contribution, or reimbursement therefore are approved by
the Court.

b)    Notwithstanding any provision of the Engagement Letter to the contrary,
the Debtors shall have no obligation to indemnify an AlixPartners Party, or
provide contribution or reimbursement to an AlixPartners Party, for any
claim or expense that is either: (i) judicially determined (the determination
having become final and no longer subject to appeal) to have arisen from an
AlixPartners Party's gross negligence, bad faith, fraud, or willful
misconduct to which the Debtors have not consented; (ii) for a contractual
dispute in which the Debtors allege breach of AlixPartners Party's
obligations under the Engagement Letter, unless the Court determines that
indemnification, contribution or reimbursement would be permissible
pursuant to In re United Artists Theater Co., 315 F.3d 217 (3d. Cir. 2003);
or (iii) settled without the Debtors' consent prior to a judicial determination
as to an AlixPartners' Party's gross negligence, willful misconduct, breach
of fiduciary duty, or bad faith or self-dealing but determined by the Court
after notice and hearing to be a claim or expense for which the AlixPartners
Party should not receive indemnity, contribution, or reimbursement under
the terms of the Engagement Letter, as modified by this Order.

c)    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan
in these cases (that order having become a final order no longer subject to
appeal), or (ii) the entry of an order closing these Chapter 11 Cases, an
AlixPartners Party believes that they are entitled to the payment of any

Page:  5
Debtor:    New Rite Aid, LLC, *et al.*
Case No.:    25-14861 (MBK)
Caption:    Order Authorizing the Employment and Retention of Sills Cummis & Gross P.C.
as Co-Counsel for the Official Committee of Unsecured Creditors of New Rite
Aid, LLC, *et al.*, *Nunc Pro Tunc* to May 16, 2025.

amounts by the Debtors on account of the indemnification, contribution
and/or reimbursement obligations under the Engagement Letter (as
modified by this Order), including, without limitation, the advancement of
defense costs, the AlixPartners Party must file an application therefore in
the Court, and the Debtors may not pay any such amounts to the
AlixPartners Party before the entry of an order by the Court approving the
payment. This subparagraph (c) is intended only to specify the period of
time under which the Court shall have jurisdiction over any request for fees
and expenses by any AlixPartners Party for indemnification, contribution
and/or reimbursement, and is not a provision limiting the duration of the
Debtors' obligation to indemnify, or make contributions or reimbursements
to, any AlixPartners Party. All parties in interest shall retain the right to
object to any demand by any AlixPartners Party for indemnification,
contribution and/or reimbursement.

7.    Any limitation of liability provisions set forth in the Engagement Letter, or

otherwise, are hereby eliminated for the duration of these Chapter 11 Cases.

8.    At least ten (10) days before implementing any increases from the rates listed in its

Engagement Letter and Application for its professionals in these cases, AlixPartners shall provide

written notice of any rate increases to the Committee, the United States Trustee, and the Debtors,

and will file a Supplemental Affidavit with the Court.  The Committee, the Debtors, the United

States Trustee, and all parties-in-interest retain all rights to object to any rate increase on all

grounds including, but not limited to, the reasonableness standard provided for in section 330 of

the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section

330 of the Bankruptcy Code.

9.    In the event that, during the pendency of these Chapter 11 Cases, AlixPartners seeks

reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records

from such attorneys shall be included in AlixPartners' fee applications and such invoices and time

records shall be in compliance with the Local Bankruptcy Rules, and shall be subject to the

Page:  6
Debtor:     New Rite Aid, LLC, *et al.*
Case No.:   25-14861 (MBK)
Caption:    Order Authorizing the Employment and Retention of Sills Cummis & Gross P.C.
            as Co-Counsel for the Official Committee of Unsecured Creditors of New Rite
            Aid, LLC, *et al.*, *Nunc Pro Tunc* to May 16, 2025.

Compensation Guidelines and approval of the Court under the standards of Bankruptcy Code

sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy

Code section 327 and 1103. All rights are reserved to object to any request for reimbursement of

expenses, including but not limited to any request for the reimbursement of legal fees of

AlixPartners' independent legal counsel.

10.     Notwithstanding anything to the contrary in the Application or the MacGreevey

Certification, AlixPartners (i) shall comply with the requirements of Local Rule 2016-1; (ii) shall

only bill 50% for non-working travel; (iii) shall not seek the reimbursement of any fees or costs,

including attorney fees and costs, arising from the defense of any objections to any of AlixPartners'

fee applications in these Chapter 11 Cases; (iv) shall use the billing and expense categories set

forth in the U.S. Trustee Guidelines (Exhibit D-1 "Summary of Compensation Requested by

Project Category") or reasonably similar; and (v) provide any and all fees and expenses included

in monthly fee statements, interim fee applications, and final fee applications in "LEDES", or

similar agreed upon Excel format, to the United States Trustee.

11.     None of the fees payable to AlixPartners shall constitute a "bonus" or fee

enhancement under applicable law, except where authorized by this Order.

12.     In the event AlixPartners seeks to use any of its affiliates to perform services for

the Debtors, the Debtors shall seek the separate retention of any such affiliates.

13.     Any material change to the scope of services being provided by AlixPartners, as

outlined in the Application and Engagement Letter, shall require further Court approval.

Page:  7
Debtor:   New Rite Aid, LLC, *et al.*
Case No.:   25-14861 (MBK)
Caption:   Order Authorizing the Employment and Retention of Sills Cummis & Gross P.C. as Co-Counsel for the Official Committee of Unsecured Creditors of New Rite Aid, LLC, *et al.*, *Nunc Pro Tunc* to May 16, 2025.

14.     During the pendency of these Chapter 11 Cases, paragraph 9 of the General Terms and Conditions attached to the Engagement Letter requiring arbitration shall not be applicable. The Court shall have exclusive jurisdiction over AlixPartners' engagement during the pendency of these Chapter 11 Cases.

15.     Section 10 of the General Terms and Conditions attached to the Engagement Letter is revised to reflect that termination during the pendency of these Chapter 11 Cases will only be allowed upon entry of an Order by the Bankruptcy Court.

16.     In addition to the last paragraph of Section 12 of the General Terms and Conditions attached to the Engagement Letter, to the extent AlixPartners uses the services of independent contractors (the "Contractors") in these Chapter 11 Cases, AlixPartners shall (a) seek reimbursement for actual costs incurred; and (b) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in these cases.

17.     The relief granted herein shall be binding upon any chapter 11 trustee appointed in these Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these Chapter 11 Cases to cases under chapter 7.

18.     To the extent there is an inconsistency between this Order, the Engagement Letter and the Application, the terms of this Order shall govern.

19.     AlixPartners shall use its reasonable efforts to avoid any duplication of services provided by any of the other retained professionals in these Chapter 11 Cases.

20.     The Committee and AlixPartners are authorized and empowered to take all necessary actions to implement the relief granted in this Order.

Page:  8
Debtor:      New Rite Aid, LLC, *et al.*
Case No.:    25-14861 (MBK)
Caption:     Order Authorizing the Employment and Retention of Sills Cummis & Gross P.C.
             as Co-Counsel for the Official Committee of Unsecured Creditors of New Rite
             Aid, LLC, *et al.*, *Nunc Pro Tunc* to May 16, 2025.

21.     The Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

## **Exhibit B**

**Certification of David MacGreevey**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| New Rite Aid, LLC, *et al.,* | Case No. 25-14861 (MBK) |
| Debtors.[1] | (Jointly Administered) |

## <u>CERTIFICATION OF DAVID MACGREEVEY</u>

I, David MacGreevey, declare under the penalty of perjury as follows:

1.     I am a Partner and Managing Director at AlixPartners, LLP ("<u>AlixPartners</u>"), with offices located at 909 Third Avenue, 28th Floor, New York, New York 10022. AlixPartners serves as financial advisor to the Official Committee of Unsecured Creditors (the "<u>Committee</u>") to the above-captioned debtors (the "<u>Debtors</u>").

2.     I have reviewed the *First Interim Application of AlixPartners, LLP, Financial Advisor to the Official Committee of Unsecured Creditors, for Allowance of Compensation for Professional Services Rendered and for Reimbursement of Expenses Incurred for the Period from May 16, 2025 through August 31, 2025* (the "<u>Application</u>").

3.     To the best of my knowledge, information and belief formed after reasonable inquiry, the Application complies with the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, adopted June 11, 2013 (the "<u>U.S. Trustee Guidelines</u>") and the *Local Rules of the United States Bankruptcy Court District of New Jersey*, adopted August 1, 2025 (the "<u>Local Rules</u>").

---

[1]    The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

4.      In accordance with 18 U.S.C. § 155 of the Bankruptcy Code[2] and the Rules of this Court, neither I nor any member of my firm has entered into any agreement, written or oral, express or implied, with the Debtors, any creditor, or any other party in interest, or any attorney of such person, for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the assets of the Debtors.

5.      In accordance with 11 U.S.C. § 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm or any attorney thereof, on the one hand, and any other person, on the other hand, for the division of such compensation as my firm may receive from the Debtors herein, nor will any division of fees prohibited by 11 U.S.C. § 504 of the Bankruptcy Code be made by me, or any employee of my firm.

6.      I have reviewed the requirements of Local Rule 2016-3, the Interim Compensation Order and the U.S. Trustee Guidelines and certify to the best of my knowledge, information and belief that this Application complies with the U.S. Trustee Guidelines, Local Rules and Interim Compensation Order.

I certify, under penalty of perjury, that the foregoing statements made by me are true to the best of my knowledge, information and belief.

Dated:   September 26, 2025

/s/ David MacGreevey
_____
By:  David MacGreevey
        Partner & Managing Director

---

[2]   Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.