**WEBBER MCGILL LLC**
Douglas J. McGill, Esq.
100 E. Hanover Avenue, Suite 401
Cedar Knolls, New Jersey 07927
Tel: (973) 739-9559
dmcgill@webbermcgill.com
*Attorneys for Red Eagle Management LLC*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>New Rite Aid, LLC, et al.,<br><br>    Debtors. | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

**MOTION OF RED EAGLE MANAGEMENT TO ALLOW AND COMPEL PAYMENT
OF ADMINISTRATIVE CLAIM FOR STUB RENT AND POST-PETITION
UTILITY CHARGES**

Red Eagle Management LLC ("**Landlord**"), by and through its undersigned counsel, hereby files this Motion to Allow and Compel Payment of Administrative Claim for Stub Rent and Unpaid Post-Petition Utility Charges, and represents:

**BACKGROUND**

1. Rite Aid Corporation and various affiliates commenced the above-captioned cases on May 5, 2025 (the "**Petition Date**") by filing petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2. James E. Kerr, as Trustee of Seeche Realty Trust ("**Former Landlord**") and Rite Aid of New Hampshire, Inc. (the "**Debtor**") were parties to that certain Lease Agreement dated December 7, 1995, as amended and extended (the "**Lease**") for the real property commonly known

as 92 South Street in Concord, New Hampshire, from which the Debtor operated Rite Aid Store #4282 (the "**Leased Premises**") prior to and after the Petition Date.

3. Landlord acquired its interest in the Lease and Leased Premises from Former Landlord pursuant to, among other things, that certain Assignment and Assumption of Lease dated March 26, 2025 (the "**Assignment**"). A true and correct copy of the Lease is attached as Exhibit A to the Certification of Tyler Weber ("**Weber Cert.**") submitted herewith; a copy of the Assignment is attached to the Weber Cert. as Exhibit B.

4. The Debtor rejected the Lease, effective July 31, 2025.

5. The Debtor failed to pay rent due April 1, 2025, and May 1, 2025. The Debtor has also failed to pay or reimburse Landlord for post-petition water charges.

## RELIEF REQUESTED AND REASONS THEREFOR

6. By this Motion, Landlord seeks the allowance of an administrative claim for stub rent, *i.e.*, for the period May 5, 2025 through May 31, 2025, and unpaid post-petition utility charges.

7. In the Third Circuit, a landlord may assert an administrative priority claim for "stub rent," which is "the amount due a landlord for the period of occupancy and use between the petition date and the first post-petition rent payment." *In re Goody's Family Clothing, Inc.*, 610 F.2d 812, 815 (3d Cir. 2010).

8. Administrative expense claims may be allowed for "the actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1)(A). *See id.* at 817 ("Post-petition obligations are ordinarily given a payment priority as administrative expenses, though such claims must still go through standard procedures of notice and a hearing to demonstrate that the costs were actual, necessary expenses of preserving the estate").

2

9. "For a claim . . . to be entitled to priority under [§ 503(b)(1)(A)], the debt must arise from a transaction with the debtor-in-possession . . . [and] the consideration supporting the claimant's right to payment [must be] beneficial to the debtor-in-possession in the operation of the business." *In re O'Brien Energy, Inc.*, 181 F.3d 527, 532-33 (3d Cir. 1999).

10. From the Petition Date through July 31, 2025, the Debtor continued to occupy and use the Leased Premises to sell retail and other items to its customers, generating income for the bankruptcy estate. The Debtor made the June 1, 2025 and July 1, 2025 base rent payments under the Lease, each in the amount of $15,098.96.

11. Landlord is entitled to allowance of an administrative expense claim for stub rent for the period May 5, 2025 through May 31, 2025, in the amount of $12,661.98.

12. Landlord has also incurred water charges from the Petition Date through July 31, 2025, in the amount of $925.19, which are the Debtor's responsibility under the Lease, and for which Landlord is entitled to allowance of an administrative expense claim. *See Weber Cert., Ex. C.*

13. As explained by the court in *In re HQ Global Holdings, Inc.*, 282 B.R. 169 (Bankr. D.Del. 2002):

> The determination of the timing of payment of administrative expenses is within the discretion of the bankruptcy court. In making this determination, one of the chief factors courts consider is bankruptcy's goal of an orderly and equal distribution among creditors and the need to prevent a race to the debtor's assets. Thus, distributions prior to confirmation of a plan are usually disallowed when the estate may not be able to pay all administrative expenses in full. Other factors include the particular needs of each administrative claimant and the length and expense of the case's administration.

*Id.* at 173.

14. Other factors that may be considered by the court when deciding when an administrative expense will be paid include "prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors." *See In re Garden Ridge Corp.*, 323 B.R. 126, 143 (Bankr. D.Del. 2005).

15. Here, there does not appear to be an indication that the Debtor will be unable to pay all administrative expenses in full. Moreover, Landlord should not be prejudiced by having to wait indefinitely to receive payment.

16. For the foregoing reasons, Landlord is entitled to allowance and immediate payment of an administrative claim in the aggregate amount of $13,587.17.

## WAIVER OF MEMORANDUM OF LAW

17. Landlord respectfully submits that a memorandum of law is unnecessary under the circumstances, because the Motion does not raise novel issues of law, and applicable authorities are set forth herein. Landlord thererfore requests that compliance with D.N.J. LBR 9013-1(a)(3) be excused.

## CONCLUSION

WHEREFORE, Landlord respectfully requests that the Court enter an order granting its Motion, and granting such other and further relief as the Court deems just and proper.

WEBBER MCGILL LLC
*Attorneys for Red Eagle Management LLC*

By: */s/ Douglas J. McGill*
    Douglas J. McGill

Dated: September 30, 2025