Order Filed on October 3, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br>                             Debtors. [1] | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

# ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE LEASE TERMINATION AGREEMENT WITH BLUE MERFCED R 1414, LLC

The relief set forth on the following pages, numbered three (3) through five (5), is **ORDERED**.

DATED: October 3, 2025

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel to the Debtors and Debtors in Possession*

Debtors:        NEW RITE AID, LLC, *et al.*
Case No.        25-14861 (MBK)
Caption of Order:  ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE LEASE TERMINATION AGREEMENT WITH BLUE MERFCED R 1414, LLC

---

Upon the *Final Order (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief* [Docket No. 804] (the "Final Order")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having jurisdiction over this matter and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.) and June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the matter in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having properly filed and served a Notice of Successful and Backup Bidders on the Objection Notice Parties in accordance with the terms of the Final Order; and it appearing that no other notice need be provided; and no timely objections having been filed; and after due deliberation and sufficient cause appearing therefor; and this Court having reviewed the pleadings and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the Debtors having complied with the Final Order, and that the Debtors' entry into the lease termination agreement, in the form annexed hereto as **Exhibit 1** (the "Lease Termination Agreement"), is in the best interest of the Debtors and their estates and provides for the highest or best bid for the Lease (as defined in the Lease Termination Agreement); and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Final Order.

(Page | 4)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al*. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE LEASE TERMINATION AGREEMENT WITH BLUE MERFCED R 1414, LLC |

1. Pursuant to sections 105(a), 363(b)(1) and (f) and 365(a) of the Bankruptcy Code, the Debtors and Landlord (as defined in the Lease Termination Agreement) are authorized to enter into and perform under the Lease Termination Agreement, and to implement the Lease Termination Agreement and the transactions contemplated thereunder and hereunder. The Lease Termination Agreement and all of the terms and conditions thereof, including, without limitation, the rejection and termination of the Lease, the Debtors' surrender of the Premises (as defined in the Lease Termination Agreement), the consummation of the transactions contemplated thereunder and hereunder, and the releases contemplated therein, which for the avoidance of doubt includes the Landlord's release of any administrative claims (except as provided thereunder), are hereby approved in all respects.

2. Upon the Termination Date (as defined in the Lease Termination Agreement), the Debtors' rejection and termination of the Lease shall occur without any further action required by the Debtors, and the Debtors shall surrender the Premises pursuant to the terms of the Lease Termination Agreement.

3. The Debtors are authorized, pursuant to section 363(b)(1) of the Bankruptcy Code, to transfer any rights in and under the Lease and the Premises to the Landlord, pursuant to the terms of the Lease Termination Agreement, which transfer shall, pursuant to section 363(f) of the Bankruptcy Code, be free and clear of any and all liens, claims and encumbrances, with such liens, claims and encumbrances to attach to the proceeds received on account of such transfer in the same order of priority and with the same validity, force and effect that any creditor had prior to the

(Page | 5)
Debtors: NEW RITE AID, LLC, *et al.*
Case No. 25-14861 (MBK)
Caption of Order: ORDER PURSUANT TO SECTIONS 365 AND 363 APPROVING THE LEASE TERMINATION AGREEMENT WITH BLUE MERFCED R 1414, LLC

transfer, subject to any claims and defenses the Debtors and the Debtors' estates may have with respect thereto.

4. The Debtors and the Landlord are authorized to take any and all actions reasonably necessary or appropriate to consummate the Lease Termination Agreement and the transactions contemplated thereunder and hereunder.

5. The Lease Termination Agreement and each of the transactions contemplated therein were negotiated, proposed and are undertaken by the Debtors and the Landlord from arm's-length bargaining positions without collusion or fraud, and in good faith within the meaning of section 363(m) of the Bankruptcy Code. As a result of the foregoing, the Landlord is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

6. The Debtors and Landlord are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Order shall be effective and enforceable immediately upon entry hereof.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

<u>Exhibit 1</u>

Lease Termination Agreement

## LEASE TERMINATION AGREEMENT

This Lease Termination Agreement (the "Agreement") is made as of this _____ day of September, 2025 (the "Effective Date") between BLUE MERFCED R 1414, LLC (the "Landlord") and THRIFTY PAYLESS, INC. (the "Tenant" or "Debtor", and together with the Landlord, the "Parties").

## RECITALS

WHEREAS, Landlord and Tenant entered into that certain lease dated November 8, 1989 (the "Lease"), covering certain premises located at 2819 Hopyard Avenue, Pleasanton, CA (the "Premises"), on the terms and conditions set forth therein;

WHEREAS, on May 5, 2025, the above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court");

WHEREAS, the Parties desire to enter into this Agreement, for among things, Landlord is restored to possession of the Premises as of the Termination Date (as defined below), the Parties release each other and Landlord is able to dispose of any remaining furniture, fixtures and equipment at the Premises in its sole and absolute discretion;

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the receipt and sufficiency of which are hereby acknowledged, Landlord and Tenant hereby covenant and agree as follows subject only to an order of the Bankruptcy Court approving this Agreement (the "Bankruptcy Court Order"):

## AGREEMENT

1.  Recitals.  The Recitals are incorporated herein as if set forth at length.

2.  Lease Termination.  Subject to the Bankruptcy Court Order, the Lease is terminated effective July 31, 2025 (the "Termination Date").  From and after the Termination Date, Tenant shall have no right, title or interest in or to the Premises pursuant to the Lease.  Subject to the Bankruptcy Court Order, no later than the Termination Date, Tenant shall surrender the Premises to Landlord, deliver possession thereof to Landlord and deliver all access codes and keys (or written confirmation that Landlord is authorized to change the locks), key codes and alarm codes for the Premises (if practically available) to Landlord.  Tenant acknowledges and agrees that, from and after the Effective Date, (a) Landlord shall have the right to immediately market the Premises for lease, and (b) Tenant shall not market the Lease, and shall remove the Lease from any further sale process, and shall instruct its representatives, advisors and agents (including A&G Realty Partners, LLC) accordingly.

3.  <u>Consideration</u>.  Landlord shall pay to Tenant $100,000.00 minus $24,033.92 in cure costs for a balance of $75,966.08 and Landlord hereby waives all other unpaid prepetition and post-petition amounts owed by Tenant to Landlord.

4.  <u>Landlord Release of Tenant</u>.  For valuable consideration, and the mutual covenants and agreements contained herein, effective from and after the Termination Date, Landlord does hereby fully, forever and irrevocably release, discharge and acquit Tenant, and its respective past and present affiliates, and the respective past and present officers, directors, shareholders, agents, and employees of each and all of the foregoing entities, and its and their respective successors, heirs, and assigns, and any other person or entity now, previously, or hereafter affiliated with any or all of the foregoing entities (the "<u>Tenant Released Parties</u>"), of and from any and all rights, claims, demands, obligations liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of money, accounts, compensations, contracts, controversies, promises, damages, costs, losses and expenses of every type, kind, nature, description or character, and irrespective of how, why, or by reason of what facts, whether heretofore or now existing, or that could, might, or may be claimed to exist, of whatever kind or name, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, claimed or unclaimed, whether based on contract, tort, breach of any duty, or other legal or equitable theory of recovery, each as though fully set forth herein at length, including, without limitation, any and all claims evidenced by the Lease.

5.  <u>Tenant Release of Landlord</u>.  For valuable consideration, and the mutual covenants and agreements contained herein, Tenant does hereby fully, forever and irrevocably release, discharge and acquit Landlord, and its respective past and present affiliates, and the respective past and present officers, directors, shareholders, agents, property managers, and employees of each and all of the foregoing entities, and its and their respective successors, heirs, and assigns, and any other person or entity now, previously, or hereafter affiliated with any or all of the foregoing entities (the "<u>Landlord Released Parties</u>," and together with the Tenant Released Parties, the "<u>Released Parties</u>"), of and from any and all rights, claims, demands, obligations liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, avoidance actions under chapter 5 of the Bankruptcy Code, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of money, accounts, compensations, contracts, controversies, promises, damages, costs, losses and expenses of every type, kind, nature, description or character, and irrespective of how, why, or by reason of what facts, whether heretofore or now existing, or that could, might, or may be claimed to exist, of whatever kind or name, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, claimed or unclaimed, whether based on contract, tort, breach of any duty, or other legal or equitable theory of recovery, each as though fully set forth herein at length, including, without limitation, any and all claims evidenced by the Lease.

6.  As further consideration for the releases set forth in sections 4 and 5 hereof, the Parties, for themselves and their successors and assigns, hereby agree, represent and warrant that the matters released herein are not limited to matters that are known or disclosed, and the Parties hereby waive any and all rights and benefits that they now have, or in the future may have,

2

conferred upon it by virtue of the provisions of Section 1542 of the Civil Code of the State of California (or any other statute or common law principles of similar effect), which Section provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTORS.

7. The Parties agree, represent and warrant that they realize and acknowledge that factual matters now unknown to them may have given or may hereafter give rise to causes of action, claims, demands, debts, controversies, damages, costs, losses, and expenses that are presently unknown, unanticipated, and unsuspected, and the Parties further agree, represent and warrant that the releases set forth in sections 4 and 5 hereof have been negotiated and agreed upon in light of that realization and that, except as expressly limited above, they nevertheless hereby intend to release, discharge, and acquit the Released Parties from any such unknown causes of action, claims, demands, debts, controversies, damages, costs, losses, and expenses.

8. Conditions Precedent. As a condition precedent to the effectiveness of this Agreement, each and all of the following shall have occurred no later than the Termination Date:

(a) Tenant has delivered possession of the Premises to Landlord;

(b) Tenant has delivered to Landlord the keys and access codes to the Premises (or provided written confirmation (email being sufficient) that Landlord is authorized to change the locks or access codes); and

(c) An order has been entered by the Bankruptcy Court approving the entirety of this Agreement. Tenant shall use commercially reasonable efforts to seek and obtain Bankruptcy Court approval of this Agreement on an expedited basis.

9. Abandonment. Subject to Bankruptcy Court approval, upon the Termination Date, any personal property remaining at the premises is deemed abandoned and Landlord is free to dispose of or utilize any personal property without further notice or liability to the Tenant or any third parties; provided that, the Tenant shall have fourteen (14) days after the Closing Date to remove any point-of-sale ("POS") systems from the Premises during which time the Landlord shall not utilize or dispose of any such POS systems and shall use commercially reasonable efforts to provide access to the Premises to Tenant to remove any such POS systems.

10. Authority to Settle. Each of the Parties respectively represents and warrants that each such Party has the absolute and unfettered power, right and authority to enter into this Agreement and settle, compromise and release fully and completely all matters and claims contemplated to be resolved hereby. Each of the parties to this Agreement respectively represents and warrants that each such Party owns and controls each of the claims, causes of action, or other

matters that are the subject matter of this Agreement and that it has not assigned or transferred to any other person any of such claims, causes of action, or other matters.

11. <u>Entire Agreement</u>. This Agreement, the exhibits hereto and the other items to be delivered as a condition precedent to the effectiveness of this Agreement, contains the entire agreement and understanding concerning the subject matter of the Agreement supersedes and replaces all prior negotiations and proposed settlement agreements, written or oral. Each of the Parties respectively represent and warrant that no other Party to this Agreement, nor any agent or attorney of any such Party, has made any promise, representation or warranty, express or implied, not contained in this Agreement or the exhibits hereto to induce any Party to execute this Agreement. Each of the Parties further acknowledge that such Party is not executing this Agreement in reliance on any promise, representation or warranty not contained in this Agreement or the exhibits hereto.

12. <u>Advice of Counsel</u>. Each of the Parties respectively represent and warrant that each such Party has (a) been adequately represented, or has had the opportunity to be represented, by independent legal counsel of its own choice, throughout all of the negotiations that preceded the execution of this Agreement, (b) executed this Agreement with the consent and upon the competent advice of such counsel, or that it has had the opportunity to seek such consent and advice, (c) read this Agreement, and understands and assents to all the terms and conditions contained in this Agreement without any reservations; and (d) had, or has had the opportunity to have had, the same explained to it by its own counsel. In entering into this Agreement, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

13. <u>Attorneys' Fees</u>. Each of the Parties agree that in the event a dispute arises as to the validity, scope, applicability, or enforceability of this Agreement, the prevailing Party shall be entitled to recover its costs and attorneys' fees.

14. <u>Counterparts</u>. This Agreement may be executed in one or more counterparts, each of which shall be an original, and all of which shall constitute one and the same document. Further, each of the parties to this Agreement agrees that scanned signatures of each Party hereto shall be deemed original signatures and shall be binding on each such Party whose signature is by scan to the same extent as if it were its original signature.

15. <u>Governing Law.</u> This Agreement shall be governed by and construed under the laws of the State of California, without regard to conflicts of laws principles that would require the application of the law of another jurisdiction.

16. <u>Jurisdiction</u>. The Parties consent to the exclusive jurisdiction of the Bankruptcy Court with respect to all matters arising under or relating to this Agreement. The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

17. <u>Miscellaneous</u>.

(a) The headings of the sections of this Agreement are for convenience of reference only and shall not affect the meaning or interpretation of this Agreement. This Agreement and its terms, provisions, covenants and conditions may not be amended, changed, altered, modified or waived except by an express instrument in writing signed by each and all of the Parties hereto.

(b) This Agreement and each of its provisions are binding upon and shall inure to the benefit of the Tenant's successors and assigns, including, without limitation, a trustee, if any, subsequently appointed under Chapter 7 or 11 of the Bankruptcy Code.

(c) Each of the Parties shall take all necessary steps, cooperate, and use reasonable best efforts to obtain and achieve the objectives and fulfill the obligations of this Agreement. Each of the Parties hereto shall cooperate with each other and shall execute and deliver any and all additional notices, papers, documents, and other assurances, and shall do any and all acts and things reasonably necessary in connection with the performance of their obligations hereunder and to carry out the intent of this Agreement.

(d) Each of the Parties shall pay all of its own legal fees, costs, and any other expenses incurred or to be incurred in connection with the consummation of this Agreement.

(e) Tenant acknowledges and agrees that Landlord shall have no obligation to pay a broker commission or any other compensation to any broker or real estate consultant engaged by Tenant with respect to this Agreement.

(f) The determination of the terms of, and the drafting of, this Agreement has been by mutual agreement after negotiation, with consideration by and participation of all Parties hereto and their counsel. Because this Agreement was drafted with the participation of all Parties hereto and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. Each of the Parties respectively represent and warrant that each such Party was represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Agreement, and there was no disparity in bargaining power among the parties to this Agreement.

*[Signature page follows]*

IN WITNESS HEREOF, the Parties have duly executed this Agreement as of the Effective Date.

**BLUE MERCED R 1414, LLC**

By: _/s/ Blake Megdal_
Print Name: Blake Megdal
Its: Manager

**THRIFTY PAYLESS, INC.**

By: _/s/ Susan C. Lowell_
Print Name: _____
Its: _____

68500/0009-51125001v3