**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No. 25-14861 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**CERTIFICATE OF PUBLICATION**

I, Jean-Christophe Gache, declare and state as follows:

I am employed by Kroll Restructuring Administration LLC, the claims and noticing agent for the Debtors in the above-captioned chapter 11 cases.

This Certificate of Publication includes certification verifying that the *Notice of (A) Hearing to Consider Confirmation of the Chapter 11 Plan Filed by the Debtors and Related Voting and Objection Deadlines, and (B) in the Alternative, Hearing to Consider Dismissal of the Debtors' Chapter 11 Cases*, as conformed for publication, was published on September 26, 2025 in the national edition of The New York Times, as described in the proof of publication attached hereto as **Exhibit A**.

Dated: October 6, 2025

*/s/ Jean-Christophe Gache*
Jean-Christophe Gache

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims, noticing, and solicitation agent at https://restructuring.ra.kroll.com/RiteAid2025.  The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

SRF 91213

**<u>Exhibit A</u>**



**The New York Times Company**

620 8th Avenue
New York, NY 10018
nytimes.com

# PROOF OF PUBLICATION

September 26, 2025

I, Larnyce Tabron, in my capacity as a Principal Clerk of the Publisher of The New York Times, a daily newspaper of general circulation printed and published in the City, County, and State of New York, hereby certify that the advertisement annexed hereto was published in the editions of The New York Times on the following date or dates, to wit on.

9/26/2025, NY/NATL, pg B3

*Larnyce Tabron*

Sworn to me this 26th day of September, 2025

Shannon Schmidt
Online Notary Public
State of New York
Nassau County
Commission #: 01SC0033223
Commission Expires: 01/28/2029



# China Bought $12.6 Billion in U.S. Soybeans Last Year. Now, It's $0.

**By KEVIN DRAPER**

Each week, the Agriculture Department publishes a summary of the latest exports of American crops. Lately, they have all been missing the same thing: the sale of soybeans to China.

Soybeans are the single largest American export to China in terms of value, $12.6 billion worth last year. But as the fall harvest gets underway — 9 percent of planted beans had been harvested as of last week — the country that bought 52 percent of all American soybean exports last year is completely absent.

Sept. 1 was the beginning of the new marketing year for soybeans, the starting point for big sales. Instead, China hasn't bought any American soybeans since May.

The cause is retaliatory tariffs China has placed on the United States, making the price of American soybeans unattractive for buyers there. Throughout the summer, farmers hoped the Trump administration and China would reach a trade agreement that would drop the tariff on their crops, but so far, no relief has been forthcoming.

Through July, China bought 51 percent fewer American soybeans than during the same period last year, according to the Agriculture Department. Other countries like Egypt, Taiwan and Bangladesh are buying soybeans from the United States, but total soybean exports are still down 23 percent this year.

Already, the consequences are stacking up for American farmers. On Monday, the Trump administration pledged to support Argentina as it faces economic turmoil. The same day, Argentina suspended its tax on exports of a number of key crops, including soybeans. Shortly thereafter, Chinese companies bought more than one million tons of Argentine soybeans, according to Reuters, increasing the nation's ability to hold out from buying the crop from America.

The real worry, though, is what is to come.

Soybean prices have been subdued, trading at around $10 a bushel for much of the past year, down from around $13 at the start of 2024.

The sale of soybeans in the spring and summer is always slow, as China and other countries turn to Brazil, which harvests in February and March. Typically, more than half of American soybean exports are sold between October and December. If Chinese buyers continue to stay away, American soybean farmers will be in a rough place.

Continued slow sales of soybeans, and an expected bumper corn crop in a number of states, are raising worries that there will not be enough storage space for grains this fall. There are fears that grain elevators, which buy and store large quantities of crops before selling them, will simply stop accepting soybeans, as they lack confidence they'll be able to export them.

Politicians from big farming states, like Senator Chuck Grassley of Iowa, an influential member of the Senate Committee on Agriculture, Nutrition and Forestry, have highlighted the harm to farmers from the trade dispute with China and have called for negotiators to reach a deal.

The Trump administration has noticed. "We care very much about the fact that China has stopped buying our agricultural products," Kevin Hassett, the director of the White House National Economic Council, said on Fox Business Network on Thursday.



U.S. Soybean Sales to China (8 million metric tons)

All soybean sales to Chinese companies ceased at the end of May.

Source: United States Department of Agriculture | Note: Data is as of Sept. 25.
JACQUELINE GU/THE NEW YORK TIMES

TIM GRUBER FOR THE NEW YORK TIMES
Retaliatory tariffs put in place by China have made the price of American soybeans unattractive for buyers there.

---



SAUL LOEB/AGENCE FRANCE-PRESSE — GETTY IMAGES
Lisa Cook's removal from the Federal Reserve Board, her lawyers warned Thursday, would "sound the death knell for the central-bank independence."

## Cook Urges Supreme Court To Keep Her on Fed's Board

**By ANN E. MARIMOW**

WASHINGTON — Lawyers for Lisa Cook, a member of the Federal Reserve Board, warned the Supreme Court on Thursday not to allow President Trump to immediately remove her, saying such a move would "sound the death knell for the central-bank independence."

The administration has asked the court to permit the president to remove Ms. Cook while litigation continues over the legality of her firing. Justice Department lawyers say the president has the authority to fire her "for cause" because Mr. Trump has alleged she engaged in mortgage fraud in loan documents she signed before she joined the Fed in 2022.

Ms. Cook's legal team forcefully pushed back on what it called "flimsy, unproven allegations of pre-office wrongdoing." Allowing Mr. Trump to remove Ms. Cook would "eviscerate the independence" of the Fed and "ignore centuries of history, and transform the Federal Reserve into a body subservient to the president's will," her lawyers said in a new Supreme Court filing.

That position got a boost on Thursday from a group of the nation's top former economic policymakers, who also urged the justices to allow Ms. Cook to remain on the job while the underlying merits of the case are under review.

The group includes the former Fed chairs Alan Greenspan and Ben Bernanke, in addition to a long list of former Treasury secretaries, including Janet L. Yellen, who served under President Joseph R. Biden Jr.; Timothy F. Geithner, who served under President Barack Obama; and Henry M. Paulson, who served under President George W. Bush.

In a brief filed with the Supreme Court, the group said allowing Mr. Trump to remove Ms. Cook now would upset longstanding protections Congress imposed to insulate the Fed from political pressures "jeopardizing the credibility and efficacy of U.S. monetary policy."

In contrast, they said, keeping Ms. Cook in place would "serve the public's interest by safeguarding the independence and stability of the system that governs monetary policy in this country."

The Supreme Court's conservative majority has repeatedly allowed the Trump administration to fire the leaders of other independent agencies while legal challenges continue in the lower courts. But the filing from such prominent financial figures is likely to be a significant factor as the justices consider the administration's latest request to fire Ms. Cook.

The justices have already signaled in other recent cases that the Fed is distinct from other independent agencies and may deserve special consideration in part because of its central role in the American economy.

Justice Department lawyers have pointed to the law establishing the Fed that allows the president to fire governors for cause. Ms. Cook has not been charged with a crime.

In Thursday's filing, Ms. Cook's lawyers said the administration's allegations were "manufactured" and conveniently timed following Mr. Trump's criticism of the Fed's policy decisions. The justices, they wrote, were likely to find that Ms. Cook could not be removed for conduct that predated her service on the board.

The filing shows that Ms. Cook's legal team now includes Paul D. Clement, a prominent conservative lawyer who was the U.S. solicitor general under Mr. Bush and has argued more than 100 cases before the Supreme Court.

The administration appealed to the Supreme Court after the U.S. Court of Appeals for the District of Columbia Circuit refused to allow the president to immediately remove Ms. Cook, who was appointed by Mr. Biden. As a result, she was present last week when the Federal Reserve voted to cut interest rates for the first time since December.

The former U.S. financial leaders, who were appointed by presidents of both parties, stressed in their filing on Thursday that the public's perception of the Fed as free from political interference was critical to the central bank's mandate of ensuring that the government, businesses and households can borrow at moderate interest rates.

Financial markets, employers and lenders, the group said, "are watching the current dispute over the president's removal of Governor Cook to judge how credible the Fed will be going forward."

The Trump administration was likely to file a reply to Ms. Cook's legal team quickly, and the justices could issue an order addressing Ms. Cook's status any time after that.

---

## Intel in Talks With Apple To Seek Out Investment

**By LAUREN HIRSCH and TRIPP MICKLE**

Intel, the embattled chipmaker, has talked with Apple about investing in its business as it tries to improve its financial standing.

The companies have talked several times, both before and after the U.S. government invested $8.9 billion in Intel last month, said two people familiar with the talks, who were not authorized to speak about confidential discussions. It is unclear whether Apple would make an investment.

The conversations are part of a furious effort by Intel to raise cash and find customers for its ailing business.

Last week, Intel secured a $5 billion investment from Nvidia and a commitment that the artificial intelligence chipmaker would partner to develop a new semiconductor for A.I. systems. Weeks earlier, it received a $2 billion in-

**$5B**
The investment secured by Intel from Nvidia last week.

**$8.9B**
The U.S. government's investment in Intel last month.

vestment from SoftBank, which is the majority owner of Arm, the British chip design company.

When the Trump administration took a stake in Intel, it was perhaps the most notable government intervention in a U.S. company since 2008. That year, the government poured billions of dollars into the auto industry to prevent its collapse during the financial crisis.

Intel's shares closed at $31.22 on Wednesday, up 52 percent from the price that the government paid for the company's shares on Aug. 22. They were up 6 percent for the day on news of the talks with Apple, which were earlier reported by Bloomberg.

Intel declined to comment. Apple didn't respond to requests to comment.

Founded in 1968 in Silicon Valley, Intel was an industry pioneer, but it has missed several waves of innovation, including the rise of smartphones and artificial intelligence. Its effort to catch up with rivals in chip manufacturing has faltered in recent years as the tech industry shifts to A.I., where Intel has been slow to develop a competitive product.

Commerce Secretary Howard Lutnick has tried to help Intel, which is the last remaining U.S. manufacturer of leading edge chips. In January, before he took office, he spoke with Taiwan Semiconductor Manufacturing Co., the world's largest chip manufacturer, about taking over operations of Intel's manufacturing business, which would be spun off into a separate company, two people familiar with the conversations have said. The idea at the time was to have Apple, Nvidia and other tech companies invest and take stakes in that business.

Intel has struggled to compete with TSMC in producing the latest chips. Apple, which works with TSMC, has been unwilling to shift production to Intel because its technology has lagged behind, these people said.



KENNY HOLSTON/THE NEW YORK TIMES
Commerce Secretary Howard Lutnick has tried to help Intel, which is the last U.S. manufacturer of leading edge chips.



ANASTASIIA SAPON FOR THE NEW YORK TIMES
Intel's efforts to catch up with its rivals in chip manufacturing have faltered as the tech industry shifts to A.I., where Intel has been slow to compete.

---

**UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY**

In re: NEW RITE AID, LLC, et al., Debtors.[1]

Chapter 11
Case No. 25-14861 (MBK)
(Jointly Administered)

**NOTICE OF (A) HEARING TO CONSIDER CONFIRMATION OF THE CHAPTER 11 PLAN FILED BY THE DEBTORS AND RELATED VOTING AND OBJECTION DEADLINES, AND (B) IN THE ALTERNATIVE, HEARING TO CONSIDER DISMISSAL OF THE DEBTORS' CHAPTER 11 CASES**

PLEASE TAKE NOTICE THAT on September 22, 2025, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order (Docket No. 2535) (the "Disclosure Statement Order"): (i)(a) authorizing New Rite Aid, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the First Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and its Debtor Affiliates (Docket No. 2517) (as modified, amended, or supplemented from time to time, the "Plan"); (b) conditionally approving the First Amended Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Docket No. 2518) (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); (d) approving procedures for soliciting, noticing, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (ii) in the event the Debtors determine to seek entry of the Dismissal Orders (the "Non-Plan Toggle"), scheduling certain dates with respect to the dismissal of these chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors will file a notice (the "Toggle Notice"), indicating their intention to continue to seek Confirmation of a Plan or entry of the Dismissal Orders, by **September 26, 2025, at 4:00 p.m. (prevailing Eastern Time)** as such date may be extended in accordance with the Disclosure Statement Order.

**PLEASE TAKE FURTHER NOTICE THAT**, in the event that the Debtors seek Dismissal, the Dismissal Hearing will commence on **October 20, 2025, at 9:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE THAT**, in the event that the Debtors confirm they intend to seek confirmation of the Plan, the hearing at which the Court will consider confirmation of the Plan and approval of the Disclosure Statement on a final basis, will commence on **October 20, 2025, at 9:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard (the "Combined Hearing") before the Honorable Chief Judge Michael B. Kaplan, United States Bankruptcy Judge, Clarkson S. Fisher United States Courthouse, 402 East State Street, Second Floor, Courtroom 8, Trenton, NJ 08608.

**PLEASE BE ADVISED**: THE COMBINED HEARING OR DISMISSAL HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE DEBTORS **WITHOUT FURTHER NOTICE** OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE COURT AND SERVED ON ALL PARTIES ENTITLED TO NOTICE.

**CRITICAL INFORMATION REGARDING VOTING ON THE PLAN**

**Voting Record Date**. The voting record date is **September 8, 2025** (the "Voting Record Date"), which is the date for determining which certain Holders of Claims are entitled to vote on the Plan.

**Voting Deadline**. The deadline for voting on the Plan is **October 13, 2025, at 4:00 p.m. (prevailing Eastern Time)** (the "Voting Deadline"). If you received a Solicitation Package, including a Ballot and intend to vote on the Plan you must: (a) follow the instructions carefully; (b) complete all of the required information on the ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is **actually received** by the Debtors' claims, noticing and solicitation agent, Kroll Restructuring Administration LLC, (the "Claims Agent") on or before the Voting Deadline. A failure to follow such instructions may disqualify your vote.

**CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN AND/OR OBJECTING TO ENTRY OF THE DISMISSAL ORDERS**

**Objection Deadlines**. The deadline for filing objections to the Plan is **October 13, 2025, at 4:00 p.m. (prevailing Eastern Time)** (the "Confirmation Objection Deadline"). The deadline for filing objections to the Dismissal is **October 13, 2025, at 4:00 p.m. (prevailing Eastern Time)** (the "Dismissal Objection Deadline"). Any objection to the relief sought at the Confirmation Hearing or the Dismissal Hearing **must**: (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the Court electronically by attorneys who regularly practice before the Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Court) and, by all other parties-in-interest, if not otherwise filed with the Clerk of the Court electronically via hard copy, and shall be served in accordance with the General Order and the Supplemental Commentary upon the following parties so as to be **actually received** on or before the applicable deadline: (i) **Debtors: New Rite Aid, LLC**, 200 Newberry Commons, Etters, Pennsylvania 17319; (ii) **Counsel to the Debtors: PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**, 1285 Avenue of the Americas, New York, New York 10019, Attn: Andrew N. Rosenberg; Alice Belisle Eaton; Christopher Hopkins; Sean A. Mitchell; (iii) **Counsel to the Debtors: Cole Schotz, P.C.**, Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota; Warren A. Usatine; Felice R. Yudkin; Seth Van Aalten; (iv) **Counsel to the Committee: WILLKIE FARR & GALLAGHER LLP**, 787 Seventh Avenue, New York, New York 10019, Attn: Brett H. Miller; Todd M. Goren; James H. Burbage; Jessica D. Graber -and- **SILLS CUMMIS & GROSS P.C.**, One Riverfront Plaza, Newark, New Jersey 07102, Attn: Andrew H. Sherman; Boris Mankovetskiy; Gregory Kopacz; (v) **Counsel to the DIP Agents: Choate, Hall & Stewart LLP**, Two International Place, Boston, Massachusetts 02110, Attn: John F. Ventola; Jonathan D. Marshall; Mark D. Silva -and- **Greenberg Traurig LLP**, 500 Campus Drive, Suite 400, Florham Park, New Jersey 07932, Attn: Alan J. Brody; (vi) **Counsel to McKesson Corporation (as Plan Sponsor): SIDLEY AUSTIN LLP**, One South Dearborn Street, Chicago, Illinois 60603, Attn: Dennis M. Twomey; Jackson T. Garvey; Ian C. Ferrell -and- **McMAHON, SCOTLAND & BAUMANN, LLC**, 75 Livingston Avenue, Suite 201, Roseland, New Jersey 07068, Attn: Anthony Sodono, III; Michele M. Dudas; and (vii) **United States Trustee: Office of the United States Trustee, United States Trustee, Region 3**, One Newark Center, Suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M. Sponder and Lauren Bielskie.

**ADDITIONAL INFORMATION**

**Obtaining Solicitation Materials**. The materials in the Solicitation Package are intended to be self-explanatory. If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials if you received the materials in electronic format), please feel free to contact the Debtors' Claims Agent, by: (a) visiting the Debtors' restructuring website at: https://restructuring.ra.kroll.com/RiteAid2025; (b) writing to the Claims Agent at New Rite Aid Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, New York 11232; (c) calling the Claims Agent at (888) 575-9318 (USA or Canada, toll free) or +1 (646) 930-4577 (international); or (d) email RiteAid2025Info@ra.kroll.com, (with "In re New Rite Aid - Solicitation Inquiry" in the subject line). You may also obtain copies of any pleadings filed with the Court for free by visiting the Debtors' restructuring website, https://restructuring.ra.kroll.com/RiteAid2025, or the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein. Please be advised that the Claims Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Plan.

**Filing the Plan Supplement**. The Debtors will file the Plan Supplement (as defined in the Plan) **no later than September 30, 2025, at 4:00 p.m. (prevailing Eastern Time)** and will serve notice on all Holders of Claims entitled to vote on the Plan, which will (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

**BINDING NATURE OF THE PLAN: IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM IN THESE CHAPTER 11 CASES, OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTED TO REJECT THE PLAN.**

Dated: September 23, 2025, /s/ Michael D. Sirota     **COLE SCHOTZ P.C.**, Michael D. Sirota, Esq., Warren A. Usatine, Esq., Felice R. Yudkin, Esq., Seth Van Aalten, Esq. (admitted pro hac vice), Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Telephone: (201) 489-3000, msirota@coleschotz.com, wusatine@coleschotz.com, fyudkin@coleschotz.com, svanaalten@coleschotz.com -and- **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**, Andrew N. Rosenberg (admitted pro hac vice), Alice Belisle Eaton (admitted pro hac vice), Christopher J. Hopkins (admitted pro hac vice), Sean A. Mitchell (admitted pro hac vice), 1285 Avenue of the Americas, New York, New York 10019, Telephone: (212) 373-3000, Facsimile: (212) 757-3990, arosenberg@paulweiss.com, aeaton@paulweiss.com, chopkins@paulweiss.com, smitchell@paulweiss.com, Co-Counsel for Debtors and Debtors in Possession

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims, noticing, and solicitation agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

[2] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.