| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**SAUL EWING LLP**<br>Turner N. Falk, Esq.<br>1500 Market Street, 38th Floor<br>Centre Square West<br>Philadelphia PA 19102<br>(215) 972-8415<br>turner.falk@saul.com<br>*Counsel for H.K.N. IV, LLC* |
| In re:<br><br>NEW RITE AID, LLC, *et al*.,[1]<br><br>                    Debtors. |

Chapter 11

Case No. 25-14861 (MBK)

(Jointly Administered)

# DECLARATION OF JAVIER ARCE IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER (A) GRANTING AN ALLOWED ADMINISTRATIVE EXPENSE FOR POST-PETITION LEASE OBLIGATIONS, AND (B) COMPELLING IMMEDIATE PAYMENT THEREOF

Pursuant to 28 U.S.C. § 1746, Javier Arce hereby declares as follows:

1.    I am an authorized representative of H.K.N. IV, LLC (the "Landlord").

2.    I respectfully submit this declaration in support of the Landlord's *Motion for Entry of an Order (A) Granting an Allowed Administrative Expense for Post-Petition Lease Obligations, and (B) Compelling Immediate Payment Thereof* (the "Motion").

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

56221137.3

3. On May 5, 2025 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.

4. As of the Petition Date, the Landlord and Thrifty Payless Inc. (the "Debtor") were parties to a lease effective February 1, 1978 (as amended, the "Lease"), pursuant to which the Debtor leased certain nonresidential real property located at 1029 East Capitol Expressway, San Jose, CA 95121 (the "Premises").

5. Under the Lease, rent and related additional rental obligations are due on the first day of each calendar month. These amounts include tax payments, common area maintenance, and other operating costs payable under the Lease.

6. On July 10, 2025, the Court entered the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [D.I. 1396] (the "Final DIP Order").

7. The Final DIP Order is associated with a budget giving the Debtors access to lending sufficient to fulfill the commitments in the Final DIP Order.

8. The Final DIP Order provides that "the Debtors shall pay their postpetition contractual rent obligations to their applicable landlords for the period of the Petition Date to May 31, 2025…" Final DIP Order ¶ 49(a).

9. The Final DIP Order further provides that "The Debtors shall continue to comply with section 365(d)(3) of the Bankruptcy Code, including by timely paying in accordance with the

56221137.3

applicable leases all postpetition obligations arising under unexpired leases of nonresidential real property" until the Lease is assumed, assigned or rejected. Final DIP Order ¶ 49(f).

10. The Landlord received one or more postpetition payments from the Debtors, but the payments did not cover the full amount owed.

11. As shown on the payment ledger attached as **Exhibit A**, the Landlord is owed $12,137.08 attributable to May 2025 Lease charges. The Debtors have not paid the 87.09%[2] of these May charges attributable to postpetition use. The Landlord remains entitled to a stub rent claim in the amount of $10,570.18 (the "Stub Rent Claim").

12. As further shown on Exhibit A, charges in the amount of $54,846.28 remain due and owing for postpetition, pre-rejection months under the Lease.

13. Prior to rejection of the Lease, the Landlord's counsel attempted to obtain timely payment of the obligations sought in this Motion, incurring attorney's fees that may be shifted to the Debtor pursuant to the Lease. These fees are in the approximate amount of $5,000.

14. The Stub Rent and unpaid postpetition Lease obligations, including attorney fees (the "Total Lease Obligations") in the amount of $70,416.46 remain outstanding.

15. The Debtors filed the *Thirtieth Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases* [D.I. 2165] on August 26, 2025 listing the Lease as a lease to be rejected as of August 31, 2025.

16. Like numerous other landlords in this case, the Landlord is not receiving the post-petition rent and related obligations owed under the Lease pursuant to 365(d)(3) of the Bankruptcy Code. Additionally, the Landlord has not received any payment for the Stub Rent Claim that is entitled to an administrative claim pursuant to section 503(b)(1) of the Bankruptcy Code.

---

[2] Computed by taking the 27 postpetition days of May, divided by 31 days in the entire month.

3

56221137.3

17. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: October 3, 2025

*/s/Javier Arce*
Javier Arce

56221137.3