| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>SAUL EWING LLP<br>Turner N. Falk, Esq.<br>1500 Market Street, 38th Floor<br>Centre Square West<br>Philadelphia PA 19102<br>(215) 972-8415<br>turner.falk@saul.com<br>*Counsel for H.K.N. IV, LLC* | |
|---|---|
| In re:<br><br>NEW RITE AID, LLC, *et al*.,[1]<br><br>　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

## MOTION FOR ENTRY OF AN ORDER (A) GRANTING AN ALLOWED ADMINISTRATIVE EXPENSE FOR POST-PETITION LEASE OBLIGATIONS, AND (B) COMPELLING IMMEDIATE PAYMENT THEREOF

H.K.N. IV, LLC (the "Landlord"), by and through its undersigned counsel, hereby moves (the "Motion") for entry of an order granting the Landlord an allowed administrative expense for post-petition lease obligations and compelling the above-captioned debtors (the "Debtors") to pay the administrative expense immediately. In support of the Motion, the Landlord states as follows:

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

56221137.3

## PRELIMINARY STATEMENT[2]

1. The Debtors owe unpaid stub rent in the amount of $10,570.18.

2. The Debtors owe postpetition Lease obligations in the amount of $54,846.28, plus attorney's fees of approximately $5,000.00.

3. Pursuant to the Final DIP Order, the Debtors are obligated to pay stub rent on or before August 31, 2025.

4. Pursuant to the Final DIP Order and section 365(d)(3) of the Bankruptcy Code, the Debtors are obligated to pay postpetition, pre-rejection rent as it comes due.

5. The Landlord is entitled to an administrative expense in the amount of $70,416.46 for unpaid lease obligations that benefitted the estate.

6. The Debtors have already committed, in their pleadings in this Court, to pay such amounts, and have the funding and budget to do so. No party in interest will be prejudiced if the Debtors are held to their word and compelled to pay these administrative expenses immediately.

## JURISDICTION

7. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

8. Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

9. The statutory bases for the relief requested herein are sections 105, 363, 365, 503, and 507 of the Bankruptcy Code, Bankruptcy Rule 9014, and Local Rule 9013-1.

---

[2] Any capitalized term not otherwise defined herein shall have the same meaning as that ascribed to it elsewhere in the Motion.

56221137.3

10. The Landlord consents to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

## BACKGROUND

11. On May 5, 2025 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.

12. The following facts are asserted in a declaration attached hereto in support of the Motion. As of the Petition Date, the Landlord and Thrifty Payless Inc. (the "Debtor") were parties to a lease effective February 1, 1978 (as amended, the "Lease"), pursuant to which the Debtor leased certain nonresidential real property located at 1029 East Capitol Expressway, San Jose, CA 95121 (the "Premises").

13. Under the Lease, rent and related additional rental obligations are due on the first day of each calendar month. These amounts include tax payments, common area maintenance, and other operating costs payable under the Lease.

14. On July 10, 2025, the Court entered the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [D.I. 1396] (the "Final DIP Order").

15. The Final DIP Order is associated with a budget giving the Debtors access to lending sufficient to fulfill the commitments in the Final DIP Order.

56221137.3

16. The Final DIP Order provides that "the Debtors shall pay their postpetition contractual rent obligations to their applicable landlords for the period of the Petition Date to May 31, 2025…" Final DIP Order ¶ 49(a).

17. The Final DIP Order further provides that "The Debtors shall continue to comply with section 365(d)(3) of the Bankruptcy Code, including by timely paying in accordance with the applicable leases all postpetition obligations arising under unexpired leases of nonresidential real property" until the Lease is assumed, assigned or rejected. Final DIP Order ¶ 49(f).

18. The Debtors have obtained approval of *Debtors' Motion for Entry of an Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [D.I. 1820], which motion established procedures for compromising certain administrative claims. That motion specifically noted that "the Administrative Claim Procedures shall not include (i) claims on account of their postpetition non-residential lease obligations arising under section 365(d)(3) of the Bankruptcy Code … each of which the Debtors intend to continue to pay in the ordinary course in accordance with Approved Budget." *See* [D.I. 1820 at ¶10 & n.2].

19. The Landlord received one or more postpetition payments from the Debtors, but the payments did not cover the full amount owed.

20. As shown on the payment ledger attached as **Exhibit A**, the Landlord is owed $12,137.08 attributable to May 2025 Lease charges. The Debtors have not paid the 87.09%[3] of these May charges attributable to postpetition use. The Landlord remains entitled to a stub rent claim in the amount of $10,570.18 (the "Stub Rent Claim").

21. As further shown on Exhibit A, charges in the amount of $54,846.28 remain due and owing for postpetition, pre-rejection months under the Lease.

---

[3] Computed by taking the 27 postpetition days of May, divided by 31 days in the entire month.

56221137.3

22. Prior to rejection of the Lease, the Landlord's counsel attempted to obtain timely payment of the obligations sought in this Motion, incurring attorney's fees that may be shifted to the Debtor pursuant to the Lease. These fees are in the approximate amount of $5,000.

23. The Stub Rent and unpaid postpetition Lease obligations, including attorney fees (the "Total Lease Obligations") in the amount of $70,416.46 remain outstanding.

24. The Debtors filed the *Thirtieth Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases* [D.I. 2165] on August 26, 2025 listing the Lease as a lease to be rejected as of August 31, 2025.

25. Like numerous other landlords in this case, the Landlord is not receiving the post-petition rent and related obligations owed under the Lease pursuant to 365(d)(3) of the Bankruptcy Code. Additionally, the Landlord has not received any payment for the Stub Rent Claim that is entitled to an administrative claim pursuant to section 503(b)(1) of the Bankruptcy Code.

## RELIEF REQUESTED

26. Landlord seeks entry of an Order by this Court allowing and directing immediate allowance and payment of postpetition rent and charges due under the Lease pursuant to section 365(d)(3), and the immediate allowance and payment of the Stub Rent Claim pursuant to section 503(b)(1). Landlord should also be awarded attorneys' fees, which are estimated to be at least $5,000 in connection with the Landlord's pre-rejection attempts to obtain full payment under the Lease.

## BASIS FOR RELIEF REQUESTED

### A. The Total Lease Obligations are Allowed Administrative Expenses

27. Bankruptcy Code section 365(d)(3) provides, in pertinent part, as follows:

56221137.3

> The trustee shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

11 U.S.C. § 365(d)(3). The plain language of section 365(d)(3) and applicable case law require Debtors' immediate payment of the post-petition, pre-rejection obligations under the Lease. "The clear and express intent of § 365(d)(3) is to require the trustee to perform the lease in accordance with its terms." *CenterPoint Properties v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 268 F.3d 205, 209 (3rd Cir. 2001). Section 365(d)(3) of the Bankruptcy Code "impos[es] a special duty with respect to unexpired leases of nonresidential real property" on the debtor-in-possession. *See In re Goody's Family Clothing Inc.*, 610 F.3d 812, 816 (3rd Cir. 2010).

28. Congress specifically chose to protect real property lessors because "the landlord is forced to provide current services – the use of its property, utilities, security, and other services – without current payment. No other creditor is put in this position." *Id.* at 818; *see also In re DeCicco of Montvale, Inc.*, 239 B.R. 475, 479 (Bankr. D.N.J. 1999) ("§365(d)(3) [is intended] to protect landlords from becoming involuntary post-petition creditors, and ensure that landlords receive 'current payment' for 'current services.'"). The purpose and intent of section 365(d)(3) is that "a landlord can remain confident that obligations arising post-petition will be timely paid while the debtor is deciding whether to assume or reject the lease." *In re Pac-West Telecomm, Inc.*, 377 B.R. 119, 125 (Bankr. D. Del. 2007) (citing *In re Valley Media, Inc.*, 290 B.R. 73, 75 (Bankr. D. Del. 2003)).

29. Contrary to section 365(d)(3) of the Bankruptcy Code and applicable case law, Landlord did not receive "current payment" for the "current services" which it was compelled to

6

provide pending Debtors' decisions to assume or reject the Lease. The Debtors should be compelled to immediately pay all obligations due to the Landlord under the Lease.

30. In the Third Circuit, a debtor must timely perform its post-petition obligations under section 365(d)(3) of the Code "when the legally enforceable duty to perform arises under [the] lease." *In re Montgomery Ward Holding Corp.*, 268 F.3d at 211.

31. Obligations for the postpetition period of June through August 2025 are past due.

32. In the Third Circuit, the Stub Rent Claim is entitled to an administrative claim under section 503(b)(1) of the Bankruptcy Code. *See In re Goody's Fam. Clothing Inc.*, 610 F.3d at 818 ("[w]hen a debtor occupies post-petition non-residential space it leases, that § 365(d)(3) provides when the rent obligation arises does not erase when lessors may make § 503(b)(1) claims for the value conferred post-petition by that occupancy"). The Landlord provided value through the Debtors' occupancy of the Premises during May 2025 and is thus entitled to the payment of the Stub Rent Claim.

33. Additionally, the Landlord has incurred attorneys' fees to enforce its rights under the Lease and the Bankruptcy Code with respect to Debtors' defaults in their failure to timely pay the Stub Rent Claim and postpetition Lease obligations when due. As authorized by the terms of the Lease, pre-rejection attorneys' fees are recoverable as an administrative claim as well. *See, e.g.*, *In re MS Freight Distribution, Inc.*, 72 B.R. 976, 978-79; *In re Pac-West Telecomm, Inc.*, 377 B.R. 119, 126 (Bankr. D. Del. 2007) (attorneys' fees for motion to compel payment of post-petition lease obligations); *In re Beltway Medical, Inc.*, 358 B.R. 448, 453-455 (Bankr. S.D. Fla. 2006); *see also Travelers Casualty & Surety Co. of America v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 448 (2007) (holding that "an otherwise enforceable contract allocating attorney's fees . . . is

7

allowable in bankruptcy except where the Bankruptcy Code provides otherwise."). These attorneys' fees are estimated to be in excess of $5,000.

34. Given the Debtors' affirmative duty under section 365(d)(3) to perform all obligations of the Lease, the Landlord respectfully requests that this Court order the Debtors to pay the Landlord immediately and in full.

35. A court may, in its discretion, require that section 503(b) claims be paid immediately. *In re Garden Ridge Corp.*, 323 B. R. 136, 143 (Bankr. D. Del. 2005). "In determining the time of payment, courts consider prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors." *Id. citing HQ Global Holdings, Inc.*, 282 B.R. 169, 174 (Bankr. D.Del. 2002).

36. Here, the Debtors have already promised, via the Final DIP Order, to pay the Stub Rent Claim and all other Total Lease Obligations. The Final DIP Order also provides them authorization from this Court, and a DIP budget, giving them both legal and practical ability to pay the Total Lease Obligations.

37. The Debtors have thus already decided that, in their business judgment, the prejudice to the Debtors and other creditors arising from immediate payment of the Total Lease Obligations is outweighed by the necessity of paying such claims in short order.

38. The Debtors have also budgeted and set aside sufficient funds to pay the Total Lease Obligations without impairing their ability to operate or restructure during the pendency of these cases.

39. The Landlord further submits that there would be no meaningful prejudice to other creditors if the Landlord is paid immediately. As the holder of an allowed administrative expense,

56221137.3

the Landlord is entitled to payment in full for its administrative claim in any potential plan or liquidation, so immediate payment will not disadvantage any other creditors.

40. On the other hand, the Landlord would suffer clear prejudice if the payment of the Total Lease Obligations was delayed – exactly the kind of prejudice that section 365(d)(3) was enacted to prevent.

41. The totality of the circumstances supports compelling the Debtors to pay the Total Lease Obligations immediately, as further delay in payment will only prejudice the Landlord, and there is no cognizable prejudice to the Debtors or to the Debtors' other creditors. Accordingly, the Landlord requests that the administrative expense claim be paid within seven days after the entry of this Court's order granting the Motion.

## WAIVER OF MEMORANDUM OF LAW

42. The Landlord respectfully requests that the court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon which the Landlord relies is incorporated herein and the Motion does not raise any novel issues of law.

## RESERVATION OF RIGHTS

43. The Landlord expressly reserves any and all rights to supplement or amend this Motion and make any other requests or objections to further relief sought by the Debtors, including but not limited to a subsequent motion to compel the payment of future obligations owed under the Lease.

**CONCLUSION**

44. The Landlord respectfully requests the entry of an order, substantially in the form of the Proposed Order attached hereto (i) allowing the Total Lease Obligations as an administrative expense; (ii) requiring the Debtors to immediately pay the Total Lease Obligations; and (iii) granting any other relief this Court deems just and proper.

Dated:  October 6, 2025
By: /s/ Turner N. Falk
**SAUL EWING LLP**
Turner N. Falk, Esq.
1500 Market Street, 38th Floor
Centre Square West
Philadelphia PA 19102
(215) 972-8415
turner.falk@saul.com
*Counsel for H.K.N. IV, LLC*

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br>SAUL EWING LLP<br>Turner N. Falk, Esq.<br>1500 Market Street, 38th Floor<br>Centre Square West<br>Philadelphia PA 19102<br>(215) 972-8415<br>turner.falk@saul.com<br>*Counsel for H.K.N. IV, LLC* | |
|---|---|
| In re:<br><br>NEW RITE AID, LLC, *et al.*,[1]<br><br>               Debtors. | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered)<br><br>**Hearing Date**: Oct. 27, 2025 at 10:00 a.m. EST<br><br>**Objections Due**: Oct. 20, 2025 |

**NOTICE OF MOTION FOR ENTRY OF AN ORDER (A) GRANTING AN ALLOWED ADMINISTRATIVE EXPENSE FOR POST-PETITION LEASE OBLIGATIONS, AND (B) COMPELLING IMMEDIATE PAYMENT THEREOF**

      **PLEASE TAKE NOTICE** that on **October 27, 2025 at 10:00 a.m.** (Eastern Time), or as soon thereafter as counsel may be heard, the above-captioned debtors (the "Debtors"), by and through their undersigned counsel, will move before the Honorable Michael B. Kaplan, United States Bankruptcy Judge, at the United States Bankruptcy Court, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, Courtroom #8, for entry of an order granting

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

56221137.3

the *Motion for Entry of an Order (A) Granting an Allowed Administrative Expense for Post-Petition Lease Obligations, and (B) Compelling Immediate Payment Thereof* (the "Motion") filed by H.K.N. IV, LLC (the "Landlord").

**PLEASE TAKE FURTHER NOTICE** that in support of the Motion, the Landlord shall rely upon the Motion submitted concurrently herewith and the declaration and exhibit thereto. The Landlord submits that no separate memorandum of law is necessary because the applicable law is adequately set forth in the supporting Motion.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (i) be in writing; (ii) state with particularity the basis of the objection; and (iii) be filed with the Clerk of the United States Bankruptcy Court in accordance with D.N.J. LBR 9013-2 by **October 20, 2025**.

**PLEASE TAKE FURTHER NOTICE** that unless objections are timely filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that oral argument is hereby waived unless timely objection is received.

[*Remainder of page left intentionally blank*]

| |
|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** <br> **Caption in Compliance with D.N.J. LBR 9004-1(b)** <br> **SAUL EWING LLP** <br> Turner N. Falk, Esq. <br> 1500 Market Street, 38th Floor <br> Centre Square West <br> Philadelphia PA 19102 <br> (215) 972-8415 <br> turner.falk@saul.com <br> *Counsel for H.K.N. IV, LLC* |

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*,[1] | Case No. 25-14861 (MBK) |
| Debtors. | (Jointly Administered) |

## ORDER GRANTING MOTION FOR ENTRY OF AN ORDER (A) GRANTING AN ALLOWED ADMINISTRATIVE EXPENSE FOR POST-PETITION LEASE OBLIGATIONS, AND (B) COMPELLING IMMEDIATE PAYMENT THEREOF

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED**.

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

56221137.3

Debtors: NEW RITE AID, LLC, *et al*.
Case No. 25-14861 (MBK)
Caption of Order:  ORDER GRANTING MOTION FOR ENTRY OF AN ORDER (A) GRANTING AN ALLOWED ADMINISTRATIVE EXPENSE FOR POST-PETITION LEASE OBLIGATIONS, AND (B) COMPELLING IMMEDIATE PAYMENT THEREOF

Upon Consideration of the *Motion for Entry of an Order (A) Granting an Allowed Administrative Expense for Post-Petition Lease Obligations, and (B) Compelling Immediate Payment Thereof* (the "Motion")[2] filed by H.K.N. IV, LLC (the "Landlord"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue is proper under 28 U.S.C. §§ 1408 and 1409; and it appearing to the Court that all of the requirements of sections 365(d)(3) of the Bankruptcy Code as well as the Federal Rules of Bankruptcy Procedure are met and the Local Rules of the United States Bankruptcy Court for the District of New Jersey, have been satisfied; and it further appearing that the relief sought herein is reasonable and necessary; and that the notices of the Motion were appropriate; and after due deliberation and sufficient and good cause appearing therefore;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. The Landlord is ALLOWED an administrative expense for the Total Lease Obligations in the amount of $70,416.46.

3. The Debtor shall pay the Landlord the allowed administrative expense of $70,416.46 within seven days of the date of this Order.

---

[2] Any capitalized term not otherwise defined herein shall have the same meaning as that ascribed to it in the Motion.

56221137.3

Debtors: NEW RITE AID, LLC, *et al*.
Case No. 25-14861 (MBK)
Caption of Order:   ORDER GRANTING MOTION FOR ENTRY OF AN ORDER (A) GRANTING AN ALLOWED ADMINISTRATIVE EXPENSE FOR POST-PETITION LEASE OBLIGATIONS, AND (B) COMPELLING IMMEDIATE PAYMENT THEREOF

4. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

56221137.3

# EXHIBIT A

# Ledger

56221137.3

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**SAUL EWING LLP**<br>Turner N. Falk, Esq.<br>1500 Market Street, 38th Floor<br>Centre Square West<br>Philadelphia PA 19102<br>(215) 972-8415<br>turner.falk@saul.com<br>*Counsel for H.K.N. IV, LLC* | |
| In re:<br><br>NEW RITE AID, LLC, *et al*.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

## CERTIFICATION OF SERVICE

1. I, <u>Turner N. Falk</u>:

   ☒ represent <u>H.K.N. IV, LLC</u> in this matter.

   ☐ am the secretary/paralegal for _____, who represents the _____ in this matter.

   ☐ am the _____ in this case and am representing myself.

2. On <u>October 6, 2025</u>, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below:

   1. Motion for Allowance of Administrative Expense and Immediate Payment
   2. Declaration and Exhibit in Support of Motion
   3. Notice of Motion
   4. Proposed Order

3. I hereby certify under penalty of perjury that the above documents were sent using the mode of service indicated.

   Dated: <u>October 6, 2025</u>          /s/ *Turner N. Falk*
                                                          Signature

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

56221137.3

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| United States Trustee<br>Office of the United States Trustee<br>One Newark Center, Suite 2100<br>Newark, NJ 07102-5235<br>jeffrey.m.sponder@usdoj.gov<br>lauren.bielskie@usdoj.gov | U.S. Trustee | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☒ Other CM/ECF (Chapter 11 Complex Case Procedures § IV.b.iii)<br>(As authorized by the Court or by rule. Cite rule if applicable) |
| COLE SCHOTZ P.C.<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>Seth Van Aalten, Esq.<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>fyudkin@coleschotz.com<br>svanaalten@coleschotz.com<br><br>-and-<br><br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>Andrew N. Rosenberg<br>Alice Belisle Eaton<br>Christopher Hopkins<br>Sean A. Mitchell<br>1285 Avenue of the Americas<br>New York, New York 10019<br>arosenberg@paulweiss.com<br>aeaton@paulweiss.com<br>chopkins@paulweiss.com<br>smitchell@paulweiss.com | The Debtors | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☒ Other CM/ECF (Chapter 11 Complex Case Procedures § IV.b.iii)<br>(As authorized by the Court or by rule. Cite rule if applicable) |
| SILLS CUMMIS & GROSS P.C<br>Andrew Sherman<br>Boris Mankovetskiy<br>Gregory A. Kopacz<br>The Legal Center, One Riverfront Plaza<br>1037 Raymond Blvd<br>Newark NJ 07102<br>asherman@sillscummis.com<br>bmankovetskiy@sillscummis.com<br>gkopacz@sillscummis.com<br><br>-and-<br><br>WILLKIE FARR & GALLAGHER LLP<br>Brett H. Miller<br>Todd M. Goren<br>James H. Burbage<br>Jessica D. Graber<br>Misha Emanoil<br>787 Seventh Avenue | Official Committee of Unsecured Creditors | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☒ Other CM/ECF (Chapter 11 Complex Case Procedures § IV.b.iii)<br>(As authorized by the Court or by rule. Cite rule if applicable) |

56221137.3

3

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| New York NY 10019-6099<br>bmiller@willkie.com<br>tgoren@willkie.com<br>jburbage@willkie.com<br>jgraber@willkie.com<br>memanoil@willkie.com | | |
| CHOATE, HALL & STEWART LLP<br>Mark Silva<br>John Ventola<br>Kevin Simard<br>Jonathan Marshall<br>Rick Thide<br>Jean-Paul Jaillet<br>Mark G. Edgarton<br>Two International Place<br>Boston MA 02110<br>msilva@choate.com<br>jventola@choate.com<br>ksimard@choate.com<br>jmarshall@choate.com<br>rthide@choate.com<br>jjaillet@choate.com<br>gedgarton@choate.com<br><br>-and-<br><br>GREENBERG TRAURIG, LLP<br>Alan J. Brody<br>Julia Frost-Davies<br>500 Campus Drive, Suite 400<br>Florham Park NJ 07932-0677<br>brodya@gtlaw.com<br>julia.frostdavies@gtlaw.com | DIP Lender | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☒ Other CM/ECF (Chapter 11 Complex Case Procedures § IV.b.iii)<br>(As authorized by the Court or by rule. Cite rule if applicable) |
| All Parties That Have Entered an Appearance | Interested Party | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☒ Other CM/ECF (Chapter 11 Complex Case Procedures § IV.b.iii)<br>(As authorized by the Court or by rule. Cite rule if applicable) |

56221137.3