# Exhibit A

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**FOLEY & LARDNER LLP**
Anne B. Sekel, Esq.
90 Park Avenue
New York, NY 10016-1314
Tel: (212) 682-7474
Fax: (212) 687-2329
ASekel@foley.com

*and*

**FOLEY & LARDNER LLP**
Geoffrey S. Goodman, Esq. (admitted *pro hac vice*)
Jonathan W. Garlough, Esq. (admitted *pro hac vice*)
321 N. Clark Street, Suite 3000
Chicago, IL 60654
Tel: (312) 832-4500
Fax: (312) 832-4700
ggoodman@foley.com
jgarlough@foley.com

*Counsel for CVS Pharmacy, Inc.*

| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
|---|---|
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

**ORDER ENFORCING THE SALE ORDER AND COMPELLING PERFORMANCE BY DEBTORS UNDER THE PNW APA**

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

The relief set forth on the following pages, numbered three (3) through and including four (4), is **ORDERED**.

(Page | 3)
Debtors: NEW RITE AID, LLC, *et al.*
Case No. 25-14861 (MBK)
Caption of Order: Order Enforcing the Sale Order and Compelling Performance by Debtors Under the PNW APA

Upon *CVS Pharmacy Inc.'s Emergency Motion to Enforce Sale Order and Compel Performance by Debtors Under the PNW APA* (the "Emergency Motion"),[1] for entry of an order (this "Order") (A) granting the Emergency Motion, (B) compelling Debtors to purchase insurance coverage as expressly provided in Section 6.7 of the PNW APA, and (C) granting such other and further relief for CVS as the Court deems equitable and just, all as more fully set forth in the Emergency Motion; and upon the Strode Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to (1) 28 U.S.C §§ 157 and 1334, the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); (2) paragraph 44 of the Sale Order; (3) section 11.12 of the PNW APA; and (4) the Court's jurisdiction to interpret and enforce its own orders; and this Court having found that this is a core proceeding under 28 U.S.C. § 157(b) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that CVS's notice of the Emergency Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Emergency Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing") on October [9], 2025; and this Court having determined that the legal and factual bases set forth in the Emergency Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Emergency Motion.

4917-3457-2656.1

Exhibit A - Proposed Order Page 5 of 5

(Page | 4)
Debtors: NEW RITE AID, LLC, *et al*.
Case No. 25-14861 (MBK)
Caption of Order: Order Pursuant to Sections 365 and 363 Approving the Assumption and Assignment of Lease with Gallashea Properties, LLC

1. The Emergency Motion is **GRANTED** as set forth herein.

2. The PNW APA requires the Debtors to either (a) maintain, at their own expense and for a period of three (3) years following September 30, 2025, their existing insurance coverage with respect to events relating to druggist liability occurring prior to September 30, 2025, or (b) purchase tail coverage for a period of three (3) years after September 30, 2025 covering any and all such occurrences prior to each Closing, and which are not reported until after such Closing Date (the "Insurance Obligation").

3. The Debtors are in breach of their Insurance Obligation.

4. The Debtors shall immediately remedy their breach of their Insurance Obligation and purchase the required extended or tail insurance coverage by no later than October 15, 2025.

5. The Debtors shall provide CVS evidence of their compliance with their Insurance Obligation by providing either a certificate of insurance showing the terms and conditions thereof or the insurance binder therefor.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry

7. This Order shall constitute a final judgment with respect to the Emergency Motion.

4917-3457-2656.1