**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher J. Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweisss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Co-Counsel for the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

**DEBTORS' OMNIBUS REPLY IN RESPONSE TO**
**OBJECTIONS TO THE DEBTORS' REJECTION OF LEASES**

New Rite Aid, LLC, together with its affiliated debtors and debtors in possession (collectively, the "Debtors"), file this reply (the "Reply") in connection with the objections, identified on **Schedule A**, annexed hereto (collectively, the "Rejection Objections") filed by various landlords (collectively, the "Objecting Landlords") to the rejection of certain of the Debtors' leases (the "Leases") identified on the corresponding rejection notices (the "Rejection Notices"). In support of the Reply, the Debtors respectfully state as follows:

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

1. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The ability to assume or reject executory contracts and unexpired leases is essential in chapter 11 to relieve the debtors' estate from burdensome obligations that could impede confirmation of a chapter 11 plan. *See N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. 513, 528 (1984). The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor. *See, e.g., Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996); *see also N.L.R.B. v. Bildisco and Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test." (citation omitted)). The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice. *See Lubrizol Enters., Inc. v. Richmond Metal Finishers*, 756 F.2d 1043, 1047 (4th Cir. 1985), cert, denied, 475 U.S. 1057 (1986).

2. The main thrust of the Rejection Objections is that the Debtors should be required to satisfy certain rent and other monetary obligations of their Leases *as a condition* to rejection. But section 365(a) does not condition the payment of any monetary obligation (or indeed the satisfaction of *any* obligation) before a burdensome lease may rejected. Of course, that is why it is no surprise that none of the Rejection Objections cites any applicable authority requiring such a payment as a precondition to rejection—because, of course, no such authority exists.

3. Indeed, the Rejection Objections make no effort to challenge the Debtors' business judgment in their decision to reject the Leases, nor do they challenge that the premises were properly vacated prior to the requested rejection effective date.

4. Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease. Further, the business judgment standard is satisfied when a debtor determines that assumption or rejection will benefit the estate. *See In re Trans World Airlines, Inc.*, No. 01-0056, 2001 Bankr. LEXIS 722, at *7–8 (Bankr. D. Del. Mar. 16, 2001) (noting that the standard under section 365 requires consideration of the benefit of the rejection to the debtor's estate); *see also In re TS Indus., Inc.*, 117 B.R. 682, 685 (Bankr. D. Utah 1990); *In re Del Grosso*, 115 B.R. 136, 138 (Bankr. N.D. Ill. 1990).

5. In pursuing the Rejection Objections, the Objecting Landlords seek to further their own parochial interests concerning their respective Leases, *i.e.*, the payment of rent or other obligations they believe remain due and owing.

6. The Objecting Landlords do not, however, disagree with or otherwise challenge the Debtors' business judgment in rejecting the Leases. That is because the decision to reject each Lease is well within the Debtors' "business judgment" and to the benefit of the Debtors' estates; the fact that this decision may have occurred prior to the full payment of all obligations, which the Debtors do not concede, is of no consequence. *See Bildisco*, 682 F.2d at 79; *Trans World Airlines, Inc.*, 2001 Bankr. LEXIS 722, at *7–8. Under this standard, the Court need not second-guess the Debtors' business judgment and should authorize rejection of the Leases *for the benefit of the Debtors' estates*. The Debtors are not deriving any value from the Leases, and preventing the Debtors from rejecting, with the consequence that the Debtors could potentially take on further obligations under the Leases when Debtors are no longer utilizing the Premises or able to monetize these Leases. Such an outcome would be antithetical to the premise behind rejection and would thwart the Debtors' rights to exercise one of the most fundamental rights afforded to debtors in chapter 11.

7. Accordingly, the Rejection Objections, to the extent they seek to compel payment of any rent-related obligations before such Lease may be rejected, should be denied, without prejudice to the rights of the Objecting Landlords to pursue the allowance or payment of their claims (administrative or other otherwise) in accordance with the other applicable provisions of the Bankruptcy Code.[2]

8. The Debtors must also separately address the *Amended Limited Objection and Reservation of Rights of Landlord, Gitomer Family Realty LLC to Debtors' Thirtieth Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases* [Docket No. 2292, amending Docket No. 2264] (the "Gitomer Objection") which, in addition to the foregoing arguments, requests that the Court require the Debtors to remove encumbrances recorded prior to the Petition Date, including a Leasehold Mortgage, Assignment of Leases and Rents, Security Agreement, and Fixture filing and a Short Form Ground Lease. While the Debtors are willing to provide reasonable assistance to the Objecting Landlord to resolve title issues, these issues also have no bearing on the Debtors' right to reject the Lease. Accordingly, the Gitomer Objection should also be overruled and the Debtors should be permitted to reject the Lease with Gitomer effective as of the requested rejection effective date, without any requirement that they take affirmative steps to clear title.

---

[2] Certain of the Objecting Landlords assert that the *Amended Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [Docket No. 2536, amending Docket No. 1396] (the "DIP Order") *requires* the Debtors to pay any and all lease obligations arising during the stub period as a precondition to rejection of the Leases. The DIP Order does not *require* such payment as a precondition to rejection. While the rights of the Objecting Landlords to argue that the DIP Order identifies a timing mechanism for when the stub rent payments must be made are, of course, preserved, the Rejection Objections are not the appropriate vehicle for this argument. In any event, it makes no sense to suggest that the Debtors would be prevented from rejecting a lease without such payment and thereby take on additional liabilities for which they are receiving no benefit.

## CONCLUSION

For the foregoing reasons, the Debtors respectfully request that the Court overrule the Rejection Objections to the extent they require the Debtors to make any payments or undertake any action prior to the rejection of the Leases.

Dated: October 6, 2025

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Co-Counsel for Debtors and Debtors in Possession*

## Schedule A

Objections

- Reservation of Rights of RAP Smyrna, LLC and RAP East Market York, LLC to the Seventeenth Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases [Docket No. 1780]

- Objection, Joinder, and Reservation of Rights of Landlord, AG WGI, LLC Regarding Debtors Seventeenth Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases [Docket No. 1790]

- Limited Objection and Reservation of Rights of Landlord, Washington Town Center, LLC, in Response to Debtors' Eighteenth Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases [Docket No. 1783]

- Limited Objection and Reservation of Rights of Landlord, 4151 White Plains Road LLC, in Response to Debtors' Twenty-Ninth Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases [Docket No. 2202]

- Amended Limited Objection and Reservation of Rights of Landlord, Gitomer Family Realty LLC to Debtors' Thirtieth Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases [Docket No. 2292, amending Docket No. 2264]

- Objection and Reservation of Right of Schwartz Halfmoon Associates, LLC to Thirty-First Notice of Rejection of Certain Executory Contracts and Unexpired Leases [Docket No. 2334]

- Limited Objection and Reservation of Rights of Landlord, RWY Trust, in Response to Debtors' Thirty-First Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases [Docket No. 2299]