|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | Order Filed on October 7, 2025 by Clerk U.S. Bankruptcy Court District of New Jersey |
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No. 25-14861 (MBK) |
| Debtors.[1] | (Jointly Administered) |

### ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO BROTHERS' FRESH MARKETPLACE, INC.

The relief set forth on the following pages, numbered three (3) through nine (9), is **ORDERED**.

DATED: October 7, 2025

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel to the Debtors and Debtors in Possession*

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO BROTHERS' FRESH MARKETPLACE, INC. |

Upon the *Final Order (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief* [Docket No. 804] (the "Final Order")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having jurisdiction over this matter and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.) and June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the matter in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having properly filed and served a *Notice of Bid Deadline, Potential Auction and Potential Sale Hearing for Certain Lease Assets* [Docket No. 1320], a *Notice of Successful and Backup Bidders With Respect to the Auction of Certain of the Debtors' Leases* [Docket No. 1524] (the "Notice of Successful Bidder") and the *Notice of Assumption and Assignment of Certain of the Debtors' Leases* [Docket No. 1525] (the "Assumption and Assignment Notice" and, together with the Notice of Successful Bidder, the "Bid Notice Documents") on the Objection Notice Parties, the Successful Bidder(s), the Backup Bidder(s), and the applicable Lease Counterparties, in accordance with the terms of the Final Order; and it appearing that no other notice need be provided; and this Court having determined that the Debtors having complied with the Final Order and the Auction Procedures (as defined therein), and that the Debtors' entry into the Assumption and Assignment Agreement, in the form attached hereto

---

[2]  Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Final Order or the *Debtors' Motion for Entry of Interim and Final Orders (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief* [Docket No. 22].

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO BROTHERS' FRESH MARKETPLACE, INC. |

as **Exhibit 1** (the "Assignment Agreement"), is in the best interest of the Debtors and their estates and provides for the highest or best offer for the Lease (as defined in the Assignment Agreement); and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The applicable debtor, Thrifty PayLess, Inc. (hereinafter the "Debtor") and Brothers' Fresh Marketplace, Inc. ("Assignee") are authorized to enter into and perform under the Assignment Agreement, and to implement the Assignment Agreement and the transactions contemplated thereunder and hereunder. The Assignment Agreement and all of the terms and conditions thereof is hereby approved in all respects.

2. Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, the Debtor is hereby authorized to assume, sell and assign to Assignee the Lease, pursuant to the terms and provisions of this Order and the Assignment Agreement, all of the terms of which are hereby approved. Assignee shall be deemed to be substituted for the Debtor as a party to the Lease and the Debtor shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under the Lease from and after the date of entry of this Order (the "Assumption Date").

3. Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of the Lease shall: (a) be free and clear of (i) all interests including, but not limited to, any liens, claims, rights, interests, charges, or encumbrances, except with respect to any interests related to reciprocal easement agreements or that may be assumed liabilities under the Assignment Agreement (collectively, the "Interests") and any Interests shall attach to the proceeds in the same order and priority, as applicable, and subject to all existing defenses, claims, setoffs, and rights and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code),

Case 25-14861-MBK    Doc 2789    Filed 10/07/25    Entered 10/07/25 14:37:43    Desc Main
Document    Page 5 of 18

(Page | 5)
Debtors:         NEW RITE AID, LLC, *et al.*
Case No.         25-14861 (MBK)
Caption of Order: ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO BROTHERS' FRESH MARKETPLACE, INC.

obligations, demands, guarantees of or by the Debtor, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims and encumbrances (A) that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of the Debtor or Assignee, as the case may be, in the Lease (but only in connection with the assignment by the Debtor to Assignee), *provided* that any such assignment shall not be free and clear of any accrued but unbilled or not due rent and charges under the Lease, including adjustments, reconciliations, and indemnity obligations, liability for which shall be assumed or assumed and assigned by the Debtor or Assignee, as agreed by and among the Debtor and Assignee or (B) in respect of any taxes, and (b) constitute a legal, valid, and effective transfer of the Lease and vest Assignee with all rights, titles, and interests to the Lease. For the avoidance of doubt, all provisions of the Lease, including any provision limiting assignment, shall be binding on Assignee.

4. Subject to the other provisions of this Order, the Debtor is hereby authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to Assignee the Lease with Assignee being responsible only for the post-assignment liabilities or defaults under the Lease except as otherwise provided for in this Order and (b) execute and deliver to Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer the Lease.

5. Assignee shall have no liability or obligation with respect to defaults relating to the Lease arising, accruing, or relating to a period prior to the Assumption Date except as otherwise agreed to between Assignee and the Debtor.

(Page | 6)
Debtors: NEW RITE AID, LLC, *et al*.
Case No. 25-14861 (MBK)
Caption of Order: ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO BROTHERS' FRESH MARKETPLACE, INC.

---

6. Upon payment of $90,961.79 to the Lease Counterparty (the "Cure Cost") on or before the Assumption Date, the Lease Counterparty is hereby barred and permanently enjoined from asserting against the Debtors and Assignee any default, claim, or liability existing, accrued, arising, or relating to the Lease for the period prior to the entry of this Order (except that Assignee shall be responsible for discounted September rent as set forth below, and all accrued and unpaid taxes and common area maintenance reconciliation charges for 2024 and thereafter, and the Debtor and Assignee shall not be released with respect to any third party claims against Lease Counterparty unknown to Lease counterparty as of the Assumption Date, subject in all respects to the Bankruptcy Code and applicable law). The Cure Cost is hereby fixed at the amounts set forth in the Assumption and Assignment Notice, except as forth in this Order, on the record of the Hearing (if any), as otherwise agreed between the Lease Counterparty and the Debtor, or as determined by Court order, as the case may be; *provided, however*, that the Lease Counterparty shall not be barred from seeking additional amounts on account of any defaults occurring between the deadline to object to Cure Cost set forth in the Assumption and Assignment Notice and the Assumption Date.

7. As a condition to the effectiveness of the Assignment Agreement, on or before the Assumption Date, Varduhi Grigoryan, Assignee's Chief Executive Officer, shall execute a personal guaranty in favor of the Lease Counterparty in the form attached hereto as **Exhibit 2**.

8. As a condition to the effectiveness of the Assignment Agreement, on or before the Assumption Date, the Debtor shall pay to the Lease Counterparty the Cure Cost and Assignee shall pay to the Lease Counterparty (a) the discounted September rent of $15,545.46, (b) October rent of $31,090.92, and (c) a security deposit in the amount of $186,545.52 which deposit shall provide

Debtors:        NEW RITE AID, LLC, *et al.*
Case No.        25-14861 (MBK)
Caption of Order:    ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO BROTHERS' FRESH MARKETPLACE, INC.

security to the Lease Counterparty for the faithful performance by Assignee of all the terms, covenants and conditions of the Lease. Provided that Assignee is not in default under the terms of the Lease beyond any applicable notice and cure periods at any time prior to August 7, 2025, Assignee shall have the right to utilize the security deposit, in whole or in part, toward the payment of rent due for the period commencing September 1, 2027 (but in no event more often than every other month) by providing Lease Counterparty with a notice thereof at any time after July 1, 2027 ("Burn Off Notice"). The Burn Off Notice shall specify the amount of the security deposit Assignee wishes to apply toward rent and the specific month(s) to which such amount shall be applied. Upon receipt of a valid Burn Off Notice, Lease Counterparty shall apply the designated portion of the security deposit to the rent payment(s) for the month(s) specified in Assignee's notice. Assignee shall not be required to replenish the security deposit after it has been applied toward rent pursuant to this provision; provided, however, that if Assignee is in default under any terms of this Lease beyond applicable notice and cure periods at the time the Burn Off Notice is delivered or at the time the security deposit is to be applied toward rent, the provisions of the Burn Off Notice shall not apply and Assignee shall be obligated to replenish the security deposit to the extent applied by Lease Counterparty pursuant to the terms of the Lease.

9. Notwithstanding anything to the contrary contained in the Lease or any other writing executed by the Lease Counterparty, Debtor and/or Vons Companies, Inc. (the anchor tenant in the Glendale Plaza Shopping Center), subject to applicable law, Vons Companies, Inc. (or any successor in interest) and Assignee each have the right under their respective leases to sell beer, wine and liquor in their respective premises located in the Glendale Plaza Shopping Center.

10. The Debtor is authorized to execute and deliver all instruments and documents and

(Page | 8)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al*. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO BROTHERS' FRESH MARKETPLACE, INC. |

take all additional actions necessary to effectuate the relief granted in this Order and the assumption without further order from this Court.

11. For the avoidance of doubt, the assumption or assumption and assignment of the Lease shall not be free and clear of, and instead shall be subject to: (a) amounts that are unbilled or not yet due as of the Assumption Date, regardless of when such amounts accrued, such as common area maintenance, insurance, taxes, and similar charges; (b) any regular or periodic adjustment or reconciliation of charges that are not due or have not been determined as of the Assumption Date; (c) any percentage rent that may come due; (d) indemnification obligations; (e) any unpaid cure amount, calculated in accordance with the terms of any applicable amendment or other agreement of the Parties; and (f) agreements that run with the land such as REAs and COREAs.

12. Notwithstanding anything to the contrary in this Order or the Auction Procedures, any Assumption and Assignment Notice, Assumption and Assignment Agreement or Purchase Agreement, side letter(s), or any document or agreement related to any of the forgoing, none of the Debtors' insurance policies (and/or any agreements related thereto between any of the Debtors, on the one hand, and the applicable insurer(s) and/or third-party administrators, on the other hand), including, without limitation, any collateral or security provided by or on behalf of any of the Debtors, and any rights, proceeds, benefits, claims, rights to payments and/or recoveries thereunder and/or any claims handling service agreements, shall be abandoned, sold, assigned, or otherwise transferred without the express prior written consent of the applicable insurer and/or third-party administrator.

13. The 14-day stay required of any assignment of any contract or lease pursuant to Bankruptcy Rule 6006(d) is hereby waived.

(Page | 9)
Debtors:         NEW RITE AID, LLC, *et al.*
Case No.         25-14861 (MBK)
Caption of Order: ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO BROTHERS' FRESH MARKETPLACE, INC.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# EXHIBIT 1

## ASSUMPTION AND ASSIGNMENT AGREEMENT

## ASSUMPTION AND ASSIGNMENT AGREEMENT

This ASSUMPTION AND ASSIGNMENT AGREEMENT (the "Agreement"), dated as of October ___, 2025, is by and between THRIFTY PAYLESS, INC. ("Assignor") and BROTHERS FRESH MARKETPLACE, INC. ("Assignee").

## RECITALS

WHEREAS, Assignor, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"); and

WHEREAS, Assignor has agreed to assign and Assignee has agreed to assume that certain lease agreement dated July 25, 1958 (as amended from time to time thereafter, the "Lease") by and between PFK Partners, L.P., a California limited partnership and Glendale Glenvia, LLC, a California limited liability company (collectively, "Landlord") and Assignor, as tenant, with respect to the premises located at 531 North Glendale Avenue, Los Angeles, CA (the "Premises") pursuant to the terms and conditions of the Auction Procedures approved by the Bankruptcy Court in the chapter 11 cases of *In re New Rite Aid, LLC, et al.*, Case No. 25-14861 (MBK) (the "Bankruptcy Court Approval").

NOW, THEREFORE, in consideration of the premises and the mutual agreements herein contained, the parties ("Parties") hereto agree as follows:

## AGREEMENT

1. **Assumption and Assignment**. Effective upon the receipt of Bankruptcy Court Approval and payment of the Purchase Price as set forth below:

    (a) Assignor hereby sells, transfers, conveys, assigns, and sets over to Assignee, its successors, and assigns, all of Assignor's right, title, and interest in and to the Lease(s).

    (b) Assignee hereby assumes and undertakes to pay, perform, and discharge all of Assignor's obligations and duties with respect to the Lease, including without limitation (i) rent under the Lease from September 1, 2025, (ii) any 2025 real estate taxes payable by tenant under the Lease, and (iii) the CAM or Operating Expense reconciliation under the Lease for the 2025 calendar year.

2. **Payment of Purchase Price**. Assignee shall within one (1) business day of the Bankruptcy Court Approval deliver the purchase price for the Lease in the amount of $150,000.00 (the "Purchase Price"), minus (i) the deposit of $15,000.00, and (ii) the cure amount of $90,961.79 (which the Assignee will pay directly to the landlord within one (1) business day of the Bankruptcy Court Approval), resulting in a net wire to Assignor of

$44,038.21 in immediately available funds, wired to the account specified by Assignor. Together with the Purchase Price, Assignee shall also pay to Assignor its proportionate share of the monthly rent for the month of Closing. If the assumption and assignment of the Lease does not occur by October 31, 2025, Assignee will additionally reimburse Assignor for all amounts that come due, were required to the paid, and were in fact paid in connection with the Lease on and after October 31, 2025. The Parties acknowledge that if the assumption and assignment of the Lease (the "Closing") does not occur before October 31, 2025, the Lease may thereafter be rejected in the Bankruptcy Court proceeding referenced above.

3. <u>Assumption of Liabilities</u>. In addition to assuming all remaining obligations that exist with respect to the Lease, including, but not limited to, accrued but unbilled adjustments for CAM, real estate taxes, and insurance, Assignee shall assume and cure all outstanding liabilities with respect to the Lease, including any third-party indemnity claims related to the period prior to Closing.

4. <u>No Further Liability of Assignor</u>. From and after Closing, Assignor shall have no further obligations and duties with respect to the Lease, except that Assignor and its insurer shall remain obligated for third party indemnity claims related to the period prior to Closing which are unknown to Landlord at the time of Closing, subject in all respects to the Bankruptcy Code and applicable law.

5. <u>Further Assurances</u>. At any time and from time to time after the date hereof, at the request of Assignee, and without further consideration, Assignor shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation or consents and take such other action as Assignee may reasonably request as necessary or desirable in order to more effectively transfer, convey, and assign to Assignee Assignor's rights to the Lease.

6. <u>"As Is Where Is" Transaction</u>. Assignee hereby acknowledges and agrees that Assignor makes no representations or warranties whatsoever, express, or implied, with respect to any matter relating to the Lease. Without limiting the foregoing, Assignor hereby disclaims any warranty (express or implied) of merchantability or fitness for any premises subject to the Lease(s). Assignee further acknowledges that the Assignee has conducted an independent inspection and investigation of the physical condition of premises subject to the Lease(s) and all such other matters relating to or affecting the Lease as Assignee deemed necessary or appropriate and that in proceeding with its acquisition of the Lease, Assignee is doing so based upon such independent inspections and investigations. Accordingly, Assignee will accept the Lease "AS IS" and "WHERE IS."

7. <u>Compliance With Law</u>. Assignee hereby agrees to comply with all applicable laws. Assignee agrees to indemnify and hold Assignor harmless for any violation or alleged violation of this section.

2

68500/0009-51279091v5

8.  Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflicts of law.

9.  Jurisdiction. The Parties consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of New Jersey with respect to all matters arising under or relating to this Agreement. The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

10. No Reliance. Each Party represents and warrants that in entering into this Agreement it is relying on its own judgment, belief, and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter. In entering into this Agreement, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

11. Construction. This Agreement has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Agreement so as to give rise to any presumption of convention regarding construction of this document. All terms of this Agreement were negotiated in good faith and at arm's-length, and this Agreement was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other. The execution and delivery of this Agreement is the free and voluntary act of the Parties.

12. Execution in Counterparts. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. All signatures of the Parties to this Agreement may be transmitted by facsimile or by electronic mail, and such transmission will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces, and will be binding upon such Party.

13. Third-Party Beneficiary. Each of Assignor and Assignee hereby acknowledges and agrees that Landlord is a direct third-party beneficiary of the provisions of this Agreement; provided that, for the avoidance of doubt, Landlord shall have no obligations or liabilities under this Agreement.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

*[Signatures appear on following page]*

**ASSIGNOR:**

THRIFTY PAYLESS, INC.

By: _____ *Susan C. Lowell* _____
      DocuSigned by: 7BDBCCA79B39474...
Name: _____
Its: _____


**ASSIGNEE:**

BROTHERS FRESH MARKETPLACE, INC.

By: _____
Name: _Vardan_ _Grigoryan_____
Its: _CEO_____

## **EXHIBIT 2**

## **PERSONAL GUARANTY**

## GUARANTY OF LEASE

**WHEREAS,** PFK Partners, L.P., a California limited partnership ("**PFK**") and Glendale Glenvia, LLC, a California limited liability company (collectively, "*Landlord*") and Thrifty Payless, Inc., a California corporation ("*Assignor*"), are parties to that certain lease agreement dated July 25, 1958 (as amended from time to time thereafter, the "*Lease*"), with respect to that certain premises located at 531 North Glendale Avenue, Glendale, California 91206-3307, which premises is defined and more particularly described in the Lease (the "*Premises*");

**WHEREAS,** on May 5, 2025, Assignor and its affiliates (collectively, "**Debtors**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing Case No. 25-14861 (the "**Bankruptcy Case**");

**WHEREAS,** on May 6, 2025, Debtors filed a motion seeking approval of the sale of substantially all of the Debtors' assets which included the assumption and assignment of leases and on July 22, 2025, Debtors gave notice that Brothers Fresh Marketplace, Inc. (the "**Tenant**") was the proposed assignee of the Lease;

**WHEREAS,** on August 5, 2025, PFK filed an objection to the proposed assumption and assignment of the Lease to Tenant (the "**Objection**");

**WHEREAS,** upon PFK's withdrawal of the Objection subject to conditions agreed upon by the Tenant and the Guarantor (as defined below) (the "**Agreed Upon Conditions**"), the Court approved the assumption and assignment of the Lease to the Tenant;

**WHEREAS,** as required by the Agreed Upon Conditions, the undersigned (herein referred to as "*Guarantor*") is obligated to guarantee the payment of all Base Rent and other rent, as such terms are defined in, and in accordance with, the provisions of the Lease.

**WHEREAS,** the undersigned is desirous that the Lease be assigned to the Tenant pursuant to the Agreed Upon Conditions.

**NOW, THEREFORE,** in consideration of PFK's withdrawal of the Objection, Guarantor agrees as follows:

1. As of the Effective Date (as defined below), Guarantor hereby unconditionally guarantees the performance of, and unconditionally promises to perform, all of the obligations of Tenant to pay Monthly Rent and any and all other Rent under the Lease and any and all extensions and modifications thereof.

2. In such manner, upon such terms and at such times as Landlord shall deem best, and without notice to or the consent of Guarantor, Landlord may alter, compromise, extend or change the time or manner for the performance of any obligation hereby guaranteed, substitute or add any one or more guarantors, accept additional or substituted security for the performance of any such obligation, or release or subordinate any security therefor, any and all of which may be accomplished without any effect on the obligations of Guarantor hereunder. No exercise or non-exercise by Landlord of any right hereby given, no dealing by Landlord with Tenant, any other guarantor or other person, and no change, impairment or suspension of any right or remedy of Landlord shall in any way affect any of the obligations of Guarantor hereunder or any security furnished by Guarantor or give Guarantor any recourse against Landlord.

3. Guarantor hereby waives and agrees not to assert or take advantage of the following:

    a. Any right to require Landlord to proceed against Tenant or any other person or to proceed or exhaust any security held by Landlord at any time or to pursue any other remedy in Landlord's power before proceeding against Guarantor, including the provisions of Sections 2845 and 2850 of the Civil Code of California;

    b. Any defense based on the statute of limitations in any action hereunder or in any action for the performance of any obligation hereby guaranteed;

    c. Any defense that may arise by reason of the incapacity, lack of authority, bankruptcy, death or disability of any other person or persons or the failure of Landlord to file or enforce a claim against the estate (in administration, bankruptcy or any other proceeding) of any

d. Any right to receive demands, protests and notices of any kind including, but not limited to, notice of the existence, creation or incurring of any new or additional obligation or of any action or non-action on the part of Tenant, Landlord or any other person;

e. Any defense based on an election of remedies including, but not limited to, any action by Landlord which shall destroy or otherwise impair any subrogation right of Guarantor or the right of Guarantor to proceed against Tenant for reimbursement, or both; and

f. Any duty on the part of Landlord to disclose to Guarantor any facts Landlord may now or hereafter know about Tenant, regardless of whether Landlord has reason to believe that such facts materially increase the risk beyond that which Guarantor intends to assume or has reason to believe that such facts are unknown to Guarantor or has a reasonable opportunity to communicate such facts to Guarantor, it being understood and agreed that Guarantor is fully responsible for being and keeping informed of the financial condition of Tenant and of all circumstances bearing on the risk of nonperformance of any obligation hereby guaranteed.

g. Any right to receive notice of or to consent to any amendments that may hereafter be made to the Lease, including the provisions of Section 2819 of the Civil Code of California.

h. Any defense based on the fact that Guarantor's obligations hereunder are larger or more burdensome than that of Tenant's under the Lease, including the provisions of Section 2809 of the Civil Code of California.

4. Until all obligations hereby guaranteed shall have been fully performed, Guarantor shall have no right of subrogation and waives any right to enforce any remedy which Landlord now has or may hereafter have against Tenant and any benefit of, and any right to participate in, any security now or hereafter held by Landlord, including the provisions of Sections 2847, 2848 and 2819 of the Civil Code of California.

5. All existing and future obligations of Tenant to Guarantor, or any person owned in whole or in part by Guarantor, and the right of Guarantor to cause or permit itself or such person to withdraw any capital invested in Tenant are hereby subordinated to all obligations hereby guaranteed, and, without the prior written consent of Landlord, such obligations to Guarantor shall not be performed, and such capital shall not be withdrawn, in whole or in part, while Tenant is in default under the Lease.

6. All rights, powers and remedies of Landlord hereunder and under any other agreement now or at any time hereafter in force between Landlord and Guarantor shall be cumulative and not alternative, and such rights, powers and remedies shall be in addition to all rights, powers and remedies given to Landlord at law or in equity. This Guarantee of Lease is in addition to and exclusive of the guarantee of any other guarantor of any obligation of Tenant to Landlord.

7. The obligations of Guarantor hereunder are independent of the obligations of Tenant under the Lease, and, in the event of any default hereunder or under the Lease, a separate action or actions may be brought and prosecuted against Guarantor, whether or not Tenant is joined therein or a separate action or actions are brought against Tenant. Landlord may maintain successive actions for other defaults. Landlord's rights hereunder shall not be exhausted by its exercise of any of its rights or remedies or by any such action or by any number of successive actions until and unless all obligations hereby guaranteed shall have been fully performed.

8. Guarantor shall pay to Landlord, without demand, reasonable attorneys' fees and all costs and other expenses which Landlord shall expend or incur in collecting or compromising any obligation hereby guaranteed or in enforcing this Guarantee of Lease against Guarantor, whether or not suit is filed including, but not limited to, attorneys' fees, costs and other expenses incurred by Landlord in connection with any insolvency, bankruptcy, reorganization, arrangement or other similar proceeding involving Guarantor which in any way affects the exercise by Landlord of its rights and remedies hereunder.

9. Should any one or more provisions of this Guarantee of Lease be determined to be illegal or unenforceable, all other provisions shall nevertheless be effective.

10. This Guarantee of Lease shall inure to the benefit of Landlord and its successors and assigns, and shall bind the heirs, executors, administrators, successors and assigns of Guarantor. This Guarantee of Lease may be assigned by Landlord concurrently with the transfer of title to property covered by the Lease, and when so assigned, Guarantor shall be liable to the assignees without in any manner affecting the liability of Guarantor hereunder.

shall be of no further force or effect; provided, however, that Guarantor's obligations hereunder shall continue and remain in effect if such full performance is avoided or recovered from Landlord as a preference, fraudulent transfer or otherwise.

12. No provision of this Guarantee of Lease or right of Landlord hereunder can be waived or modified, nor can Guarantor be released from Guarantor's obligations hereunder, except by a writing duly executed by Landlord.

13. When the context and construction so require, all words used in the singular herein shall be deemed to have been used in the plural and the masculine shall include the feminine and neuter and vice versa. The word "person" as used herein shall include any individual, company, firm, association, partnership, corporation, trust or other legal entity of any kind whatsoever.

14. If two (2) or more persons are signing this Guarantee of Lease as Guarantor, then all such persons shall be jointly and severally liable for the obligations of Guarantor hereunder.

15. This Guarantee of Lease shall be governed by and construed in accordance with the laws of the State of California. In any action brought under or arising out of this Guarantee of Lease, Guarantor hereby consents to the jurisdiction of any competent court within the State of California and hereby consents to service of process by any means authorized by California law. This Guarantee of Lease shall constitute the entire agreement of Guarantor with respect to the subject matter hereof, and no representation, understanding, promise or condition concerning the subject matter hereof shall be binding upon Landlord unless expressed herein.

**IN WITNESS WHEREOF,** Guarantor has caused this Guaranty of Lease to be executed as of the 6th day of ~~September~~ October 2025 (the "*Effective Date*").

Address: ███████████████     **GUARANTOR:**
         ███████████████
         _____

Telephone: ███████████████
           _____
           Varduhi Grigoryan

1