| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**SAUL EWING LLP**<br>Turner N. Falk, Esq.<br>1500 Market Street, 38th Floor<br>Centre Square West<br>Philadelphia PA 19102<br>(215) 972-8415<br>turner.falk@saul.com<br>*Counsel for Allegheny County Airport Authority* | |
| In re:<br><br>NEW RITE AID, LLC, *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

### MOTION FOR ENTRY OF AN ORDER (A) GRANTING AN ALLOWED ADMINISTRATIVE EXPENSE FOR POST-PETITION LEASE OBLIGATIONS, AND (B) COMPELLING IMMEDIATE PAYMENT THEREOF

Allegheny County Airport Authority (the "Landlord"), by and through its undersigned counsel, hereby moves (the "Motion") for entry of an order granting the Landlord an allowed administrative expense for unpaid stub rent and compelling the above-captioned debtors (the "Debtors") to pay the administrative expense immediately.  In support of the Motion, the Landlord states as follows:

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

56324486.3

## PRELIMINARY STATEMENT[2]

1. The Debtors owe unpaid stub rent in the amount of $15,431.76 for May 2025.

2. Pursuant to the Final DIP Order, the Debtors are obligated to pay stub rent on or before August 31, 2025.

3. The Landlord is entitled to an administrative expense in the amount of $15,431.76 for unpaid post-petition use of the Premises that benefitted the estate.

4. The Debtors have already committed, in their pleadings in this Court, to pay such amounts, and have the funding and budget to do so. No party in interest will be prejudiced if the Debtors are held to their word and compelled to pay these administrative expenses immediately.

## JURISDICTION

5. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

6. Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

7. The statutory bases for the relief requested herein are sections 105, 363, 365, 503, and 507 of the Bankruptcy Code, Bankruptcy Rule 9014, and Local Rule 9013-1.

8. The Landlord consents to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

---

[2] Any capitalized term not otherwise defined herein shall have the same meaning as that ascribed to it elsewhere in the Motion.

## BACKGROUND

9. On May 5, 2025 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.

10. The following facts are asserted in a declaration attached hereto in support of the Motion. As of the Petition Date, the Landlord and Eckerd Corporation (the "Debtor") were parties to a sublease[3] dated June 5, 2008 (as amended, the "Lease"), pursuant to which the Debtor leased certain nonresidential real property located in the Pittsburgh International Airport, Pittsburgh, PA 15231 (the "Premises").

11. Under the Lease, rent and related additional rental obligations are due on the first day of each calendar month. These amounts include tax payments, common area maintenance, and other operating costs payable under the Lease, as well as 0.50% of all concession revenue and 14% of all gross sales in excess of $100,000.00.

12. On July 10, 2025, the Court entered the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [D.I. 1396] (the "Final DIP Order").

13. The Final DIP Order is associated with a budget giving the Debtors access to lending sufficient to fulfill the commitments in the Final DIP Order.

---

[3] The sublease was originally between the Debtor and the Landlord's concessioner Airmall Pittsburgh Inc. Airmall Pittsburgh Inc.'s interest in the sublease was assigned to the Landlord in 2022.

56324486.3

14. The Final DIP Order provides that "the Debtors shall pay their postpetition contractual rent obligations to their applicable landlords for the period of the Petition Date to May 31, 2025…" Final DIP Order ¶ 49(a).

15. The Landlord has not been paid in full for amounts attributable to May 2025 charges.

16. As shown on the aging report attached as **Exhibit A**, before including concession revenue, base rent for May 2025 is $17,069.33.

17. Prepetition, the Debtors would send a monthly sales report calculating the amount of concession revenue and gross sales. Despite numerous requests, the Debtors have not provided a sales report for May 2025. As shown on the January 2025 sales ledger attached as **Exhibit B**, additional rent attributable to gross sales was likely $0.00. Additional rent attributable to concession revenue is approximately $650.00.

18. The May 2025 Lease charges totaled $17,719.33. The Debtors only partially paid the 87.09%[4] of these May charges attributable to postpetition use. The Landlord remains entitled to a stub rent claim in the amount of $4,947.89 (the "Stub Rent Claim").

19. The Lease was rejected, effective May 31, 2025. [D.I. 848].

20. Like numerous other landlords in this case, the Landlord has not received full payment for the Stub Rent Claim that is entitled to an administrative claim pursuant to section 503(b)(1) of the Bankruptcy Code.

---

[4] Computed by taking the 27 postpetition days of May, divided by 31 days in the entire month.

56324486.3

**RELIEF REQUESTED**

21. Landlord seeks entry of an Order by this Court allowing and directing immediate allowance and payment of the Stub Rent Claim pursuant to section 503(b)(1).

**BASIS FOR RELIEF REQUESTED**

**A. The Stub Rent Claim is Allowed Administrative Expense**

22. In the Third Circuit, the Stub Rent Claim is entitled to an administrative claim under section 503(b)(1) of the Bankruptcy Code. *See In re Goody's Fam. Clothing Inc.*, 610 F.3d 812, 816 (3rd Cir. 2010) ("[w]hen a debtor occupies post-petition non-residential space it leases, that § 365(d)(3) provides when the rent obligation arises does not erase when lessors may make § 503(b)(1) claims for the value conferred post-petition by that occupancy").

23. The Landlord provided value through the Debtors' occupancy of the Premises during May 2025 and is thus entitled to the payment of the Stub Rent Claim as an administrative expense.

24. Further, the Debtors sold concession inventory during May 2025, which sales provided value to the Debtors' estates. The portion of the Stub Rent Claim attributable to concession revenue is an administrative expense as well.

25. A court may, in its discretion, require that section 503(b) claims be paid immediately. *In re Garden Ridge Corp.*, 323 B. R. 136, 143 (Bankr. D. Del. 2005). "In determining the time of payment, courts consider prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors." *Id*. citing *HQ Global Holdings, Inc.*, 282 B.R. 169, 174 (Bankr. D.Del. 2002).

26. Here, the Debtors have already promised, via the Final DIP Order, to pay the Stub Rent Claim. The Final DIP Order also provides them authorization from this Court, and a DIP budget, giving them both legal and practical ability to pay the Stub Rent Claim.

56324486.3

27. The Debtors have thus already decided that, in their business judgment, the prejudice to the Debtors and other creditors arising from immediate payment of the Stub Rent Claim is outweighed by the necessity of paying such claims in short order.

28. The Debtors have also budgeted and set aside sufficient funds to pay the Stub Rent Claim without impairing their ability to operate or restructure during the pendency of these cases.

29. The Landlord further submits that there would be no meaningful prejudice to other creditors if the Landlord is paid immediately. As the holder of an allowed administrative expense, the Landlord is entitled to payment in full for its administrative claim in any potential plan or liquidation, so immediate payment will not disadvantage any other creditors.

30. On the other hand, the Landlord would suffer clear prejudice if the payment of the Stub Rent Claim was delayed, as it will continue to expend time and money addressing issues that may arise in this case while the Landlord holds unpaid administrative expenses.

31. The totality of the circumstances supports compelling the Debtors to pay the Stub Rent Claim immediately, as further delay in payment will only prejudice the Landlord, and there is no cognizable prejudice to the Debtors or to the Debtors' other creditors. Accordingly, the Landlord requests that the administrative expense claim be paid within seven days after the entry of this Court's order granting the Motion.

## WAIVER OF MEMORANDUM OF LAW

32. The Landlord respectfully requests that the court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon

56324486.3

which the Landlord relies is incorporated herein and the Motion does not raise any novel issues of law.

## RESERVATION OF RIGHTS

33. The Landlord expressly reserves any and all rights to supplement or amend this Motion and make any other requests or objections to further relief sought by the Debtors, including but not limited to a subsequent motion to compel the payment of future obligations owed under the Lease.

## CONCLUSION

34. The Landlord respectfully requests the entry of an order, substantially in the form of the Proposed Order attached hereto (i) allowing the Stub Rent Claim as an administrative expense; (ii) requiring the Debtors to immediately pay the Stub Rent Claim; and (iii) granting any other relief this Court deems just and proper.

Dated: October 7, 2025     By: */s/ Turner N. Falk*
**SAUL EWING LLP**
Turner N. Falk, Esq.
1500 Market Street, 38th Floor
Centre Square West
Philadelphia PA 19102
(215) 972-8415
turner.falk@saul.com
*Counsel for Allegheny County Airport Authority*

56324486.3