| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**SAUL EWING LLP**<br>Turner N. Falk, Esq.<br>1500 Market Street, 38th Floor<br>Centre Square West<br>Philadelphia PA 19102<br>(215) 972-8415<br>turner.falk@saul.com<br>*Counsel for Allegheny County Airport Authority* |–|
| In re:<br><br>NEW RITE AID, LLC, *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

**DECLARATION OF MICHELLE WHALEN IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER (A) GRANTING AN ALLOWED ADMINISTRATIVE EXPENSE FOR POST-PETITION LEASE OBLIGATIONS, AND (B) COMPELLING IMMEDIATE PAYMENT THEREOF**

Pursuant to 28 U.S.C. § 1746, Michelle Whalen hereby declares as follows:

1. I am an authorized representative of Allegheny County Airport Authority (the "Landlord").

2. I respectfully submit this declaration in support of the Landlord's *Motion for Entry of an Order (A) Granting an Allowed Administrative Expense for Post-Petition Lease Obligations, and (B) Compelling Immediate Payment Thereof* (the "Motion").

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

56324486.3

3. On May 5, 2025 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.

4. As of the Petition Date, the Landlord and Eckerd Corporation (the "Debtor") were parties to a sublease[2] dated June 5, 2008 (as amended, the "Lease"), pursuant to which the Debtor leased certain nonresidential real property located in the Pittsburgh Internation Airport, Pittsburgh, PA 15231 (the "Premises").

5. Under the Lease, rent and related additional rental obligations are due on the first day of each calendar month. These amounts include tax payments, common area maintenance, and other operating costs payable under the Lease, as well as 0.50% of all concession revenue and 14% of all gross sales in excess of $100,000.00

6. On July 10, 2025, the Court entered the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [D.I. 1396] (the "Final DIP Order").

7. The Final DIP Order is associated with a budget giving the Debtors access to lending sufficient to fulfill the commitments in the Final DIP Order.

8. The Final DIP Order provides that "the Debtors shall pay their postpetition contractual rent obligations to their applicable landlords for the period of the Petition Date to May 31, 2025…" Final DIP Order ¶ 49(a).

---

[2] The sublease, originally with the Landlord's concessioner Airmall Pittsburgh Inc., was assigned to the Landlord in 2022.

56324486.3

9. The Landlord has not been paid in full for amounts attributable to May 2025 charges.

10. As shown on the aging report attached as **Exhibit A**, before including concession revenue, base rent for May 2025 is $17,069.33.

11. Prepetition, the Debtors would send a monthly sales report calculating the amount of concession revenue and gross sales. Despite numerous requests, the Debtors have not provided a sales report for May 2025. As shown on the January 2025 sales ledger attached as **Exhibit B**, additional rent attributable to gross sales was likely $0.00. Additional rent attributable to concession revenue is approximately $650.00.

12. The May 2025 Lease charges totaled $17,719.33. The Debtors only partially paid the 87.09%[3] of these May charges attributable to postpetition use. The Landlord remains entitled to a stub rent claim in the amount of $4,947.89 (the "Stub Rent Claim").

13. The Lease was rejected, effective May 31, 2025. [D.I. 848].

14. Like numerous other landlords in this case, the Landlord has not received any payment for the Stub Rent Claim that is entitled to an administrative claim pursuant to section 503(b)(1) of the Bankruptcy Code.

15. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: October 6, 2025

*/s/ Michelle Whalen*
Michelle Whalen

---

[3] Computed by taking the 27 postpetition days of May, divided by 31 days in the entire month.

56324486.3