YODER & LANGFORD, P.C.
Robert R. Yoder, Esq.
(*pro hac vice*)
8175 East Evans Road, #13598
Scottsdale, Arizona 85267
Phone: (602) 808-9578
Facsimile: (602) 468-0688
robert@yoderlangford.com

LAU & ASSOCIATES, P.C.
Shawn J. Lau, Esq. (PA Bar No. 56071)
New Jersey Court Attorney ID No. 041021989
4228 Saint Lawrence Avenue
Reading, Pennsylvania 19606
Phone: (610) 674-0498
Facsimile: (610) 370-0700
shawn_lau@msn.com

*Counsel to RWY Trust*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

### RWY TRUST REPLY TO DEBTORS' OMNIBUS RESPONSE TO OBJECTIONS TO DEBTORS' REJECTION TO LEASES
**(Related Docket Nos.: 2166, 2299, 2782)**

RWY Trust (the "**Landlord**" or "**RWY Trust**"), the owner and landlord of non-residential real property located at 500 East Lancaster Avenue, Shillington, Pennsylvania 19607 (the

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number is 1843.

"**Property**"), designated as Store No. 290 by the Debtors on Schedule 1 of the Rejection Notice, by and through its attorneys, Yoder & Langford, P.C. and Lau & Associates, P.C., filed a Limited Objection and Reservation of Rights [Doc. No. 2299] in response to the *Debtor's Thirty-First Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases* [Doc. No. 2166] (the "**Rejection Notice**") on September 4, 2025. Debtors filed an Omnibus response [Doc. No. 2782] on October 6, 2025 to a number of different objections by different landlords including those filed by the RWY Trust. The RWY Trust replies as follows:

1. The RWY Trust did not and does not object to rejection of the its Lease. The RWY Trust agrees that Debtor has the right to reject the Lease as a matter within its business judgment. The limited objections asserted by the RWY Trust focused on Debtor's obligation to pay post-petition rents and other obligations under the Lease through the date of rejection.

2. Per 11 U.S.C. § 365(d)(3), "The trustee shall timely perform all the obligations of the debtor...until such lease is assumed or rejected, notwithstanding Section 503(b)(1) of this title." The RWY Trust is seeking an order confirming Debtors obligation to pay these required amounts. This will require Debtors to engage in a substantive dialogue with Landlord in order to determine the proper amounts due, something that Debtors have not done to date, despite numerous attempts by the RWY Trust to address these issues short of a hearing on these matters.

3. Debtors appear to contend that the RWY Trust's sole remedy should be to file an administrative claim. In this regard, while we acknowledge the Landlord's right to file an administrative claim (and specifically reserve that right), we note that nothing in Section 365(d)(3) limits the remedy for Debtor's failure to pay amounts due through the date of rejection to an administrative claim.

4. The legislative history to Section 365(d)(3) makes it clear that the intent of the statute is to require "timely" payment of lease obligations through rejection, and not merely to provide landlords the ability to seek damages "after the fact" through an administrative claim. In this regard, we note the following legislative history:

> In this situation, the Landlord is forced to provide current services – the use of its property, utilities, security, and other services – without current payment. No other creditor is put in this position.... The bill would lessen these problems by requiring the Trustee to perform all obligations of the Debtor under a lease of non-residential real property <u>at the time required in the lease</u>. This <u>timely performance requirement</u> will ensure that Debtor-Tenants pay their rent, common area, and other charges <u>on time pending the Trustee's</u> assumption or <u>rejection</u> of the lease (emphasis added).

Senator Orrin Hatch, H.R. Rep. No.882, 95th, Cong., 2d Sess., reprinted in 1984 U.S.C.C.A.N. 576. If Debtors are permitted to limit Landlord rights to an administrative claim, for post-petition expenses through rejection, the intent of Section 365(d)(3) timely payment requirements would be averted. See *In re: Valley Media Company, Inc.* 290B.R.73, 77 (Bankr. D Del. 2003) ("§ 365(d)(3) can be read to say that aside from administrative expenses provided for in § 503(b)(1), § 365(d)(3) creates a new and different kind of "obligation" – one that does not necessarily rest on the administrative expenses concept").

5. At this time, the RWY Trust respectfully requests that the Court require Debtors to meet with the RWY Trust to determine applicable amounts due under Section 365(d)(3) and to pay those amounts due through the date of rejection independent of any right that Landlord may otherwise have to file an administrative claim (with such rights expressly reserved).

Date: October 9, 2025.

Respectfully submitted,

                                YODER & LANGFORD, P.C.

                                Robert R. Yoder
                                *Pro Hac Vice*

                                LAU & ASSOCIATES, P.C.

                                Shawn J. Lau

                                *Attorneys for RWY Trust*