

|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** | |
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*[1] | Case No.  25-14861 (MBK) |
| Debtors. | (Jointly Administered) |

Order Filed on October 10, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

## ORDER APPROVING THE
## ASSUMPTION AND ASSIGNMENT OF
## CERTAIN UNEXPIRED LEASES TO ROSS DRESS FOR LESS, INC.

The relief set forth on the following pages, numbered three (3) through thirteen (13) is

**ORDERED**.

**DATED: October 10, 2025**

*Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**Caption in Compliance with D.N.J. LBR 9004-**

**1(b) PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile:  (212)  757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North
25 Main Street Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com


*Co-Counsel to the Debtors and
Debtors in Possession*

(P a g e | **3**)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving the Assumption and Assignment of Certain Unexpired Leases to Ross Dress For Less, Inc. |

Upon the *Final Order (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief* [Docket No. 804] (the "Final Order")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court having jurisdiction over this matter and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.) and June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the matter in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having properly filed and served a *Notice of Bid Deadline, Potential Auction and Potential Sale Hearing for Certain Lease Assets* [Docket No. 1320], a *Notice of Successful and Backup Bidders* [Docket No. 1524] and the *Notice of Assumption and Assignment of Certain of the Debtors' Leases* [Docket No. 1525] (collectively, the "Bid Notice Documents") on the Objection Notice Parties, the Successful Bidder(s), the Backup Bidder(s), and the applicable Lease Counterparties, in accordance with the terms of the Final Order; and no timely objections having been filed to the assumption or assumption and assignment of such Leases; and due and proper notice of the Final Order and the Notice of Successful and Backup Bidders having been provided to each applicable Lease Counterparty as set forth in the assumption schedule (the "Assumption Schedule"), attached hereto as **Exhibit 1**, and it appearing that no other

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Final Order or the *Debtors' Motion for Entry of Interim and Final Orders (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief* [Docket No. 22].

( P a g e | 4)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving the Assumption and Assignment of Certain Unexpired Leases to Ross Dress For Less, Inc. |

notice need be provided; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND THAT**:

A.    The assumption, assignment and sale of the leases identified on the Assumption Schedule (each a "Lease" and together the "Leases") to Ross Dress for Less, Inc. ("Assignee") pursuant to Sections 363 and 365 of the Bankruptcy Code is in the best interests of the Debtors, their estates and their creditors, and is consistent with the terms of the Final Order.

B.    Pursuant to Sections 365(b)(1)(C), 365(f)(2)(B) and 365(b)(3) of the Bankruptcy Code, to the extent required, Assignee has provided adequate assurance of future performance under the Leases.

C.    The assumption and assignment of the Leases to Assignee complies with Section 365(b)(3) of the Bankruptcy Code.

D.    The Assumption and Assignment Agreement attached to this Order as **Exhibit 2** (the "Assignment Agreement") between the Debtors and Assignee was negotiated and entered into in good faith, and from arm's length bargaining positions. Assignee is found to be a good faith purchaser of the Leases and is found to be entitled to the protections of a good faith purchaser under Section 363(m) of the Bankruptcy Code.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, the applicable Debtor is hereby authorized to assume, sell and assign to Assignee each Lease, pursuant to the terms and provisions of this Order and the Assignment Agreement, all of the terms of which are hereby approved.[3]

---

[3] This Order shall not apply to the Leases for the following locations subject to the Assignment Agreement, which

(P a g e | 5)

| Debtors: | NEW RITE AID, LLC, *et al.* |
|---|---|
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving the Assumption and Assignment of Certain Unexpired Leases to Ross Dress For Less, Inc. |

2.       In accordance with Section 363 of the Bankruptcy Code, effective as of the occurrence of a closing of the assignment of the Leases under the Assignment Agreement (such date being hereinafter defined as the "Closing Date"), each Lease shall be transferred free and clear of any leasehold mortgages, subleases, licenses, holdover rights under applicable bankruptcy and non-bankruptcy law and rules, claims, liens, interests, mechanics liens, bills, any rights under Section 365(h) of the Bankruptcy Code, and other rights and encumbrances; *provided*, that any such assignment shall not be free and clear of, and shall be subject to, any easements, reciprocal easement agreements, operating or redevelopment agreements, licenses, permits, dedications, covenants, or other rights applicable to such real estate that run with the land or limit or condition the permitted use of the property.

3.       Upon the entry of this Order and the occurrence of the Closing Date, and subject to the terms of the Assignment Agreement, Assignee shall be deemed to have assumed and succeeded to the entirety of the Debtors' rights and obligations in and to the Leases which are due and owing from and after the Closing Date and shall have the rights of the tenant thereunder.

4.       Upon entry of this Order and the occurrence of the Closing Date, Assignee is a good faith purchaser and shall be entitled to the protections of Bankruptcy Code Section 363(m).

5.       The Cure Costs due to each Lease Counterparty are hereby fixed at the amounts set forth in **Exhibit 1**, or as otherwise agreed to by the Debtors, Assignee and the Lease Counterparty in writing. Pursuant to Section 365(b)(l) of the Bankruptcy Code, the Cure Cost shall be promptly paid by the Debtors. Any objection of any Lease Counterparty to the assumption or assignment or

---

Leases shall be subject to a further Order of this Court: (i) Store 5476 Lynwood, CA and (ii) 5885 Half Moon Bay, CA or to those Leases included within this Court's *Order Approving the Assumption and Assignment of Certain Unexpired Leases to Ross Dress For Less, Inc.* entered on August 29, 2025 [Docket No. 2217].

(P a g e | 6)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving the Assumption and Assignment of Certain Unexpired Leases to Ross Dress For Less, Inc. |

transfer of any Lease, any Cure Cost, or seeking further adequate assurance of future performance, to the extent not otherwise resolved by agreement or disposed of by separate order of this Court, is hereby overruled. There shall be no accelerations, assignment fees, increases, or any other fees charged to the Assignee or the Debtors as a result of the assumption and assignment of the Leases. Upon remittance of the Cure Costs by the Debtors to each Lease Counterparty pursuant to the terms of this Order, such Lease Counterparty shall be barred from asserting any additional cure amounts or other claims with respect to the applicable Lease. For the avoidance of doubt, and except as otherwise provided for in any agreement between the Assignee and a Lease Counterparty, such Lease Counterparty shall be forever (i) barred from objecting to the applicable Cure Cost and from asserting any additional cure or other amounts with respect to the applicable Lease and (ii) barred, estopped, and permanently enjoined from asserting or claiming against the Debtors or Assignee, or their respective property, that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under the applicable Lease, or that there is any objection or defense to the assumption or assumption and assignment of the applicable Lease. On and after the Closing Date, and subject to the Assignment Agreement, Assignee shall be responsible for paying (and shall be entitled to receive any credits for) all amounts outstanding under each Lease due on or after the entry of this Order, regardless of whether such amounts accrued before or after the Closing Date.

6. All personal property and furniture, fixtures and equipment ("FF&E") of the Debtors remaining in any store subject to any Lease on or after the Closing Date shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as of the Closing Date. Assignee may, in its sole discretion and without further order of this Court, utilize and/or dispose of such property

(P a g e | 7)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving the Assumption and Assignment of Certain Unexpired Leases to Ross Dress For Less, Inc. |

without notice or liability to the Debtors or any consenting third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

7.      Any party that did not object within the time set forth in any applicable notice, including the Bid Notice Documents, is deemed to consent to the Debtors' assumption and assignment of the Leases, and the satisfaction of the requirements of Section 365 of the Bankruptcy Code. Upon the sale and assignment of the Leases, payment of the Cure Costs and the transfer of the FF&E pursuant to the paragraph immediately above, as applicable, the Debtors shall be relieved from any further liability pursuant to Section 365(k) of the Bankruptcy Code; *provided*, nothing herein or in the Assignment Agreement shall restrict or otherwise affect any claim by Assignee or any Lease Counterparty against Debtors' existing insurance coverage to satisfy any indemnification claims arising or accruing prior to the Closing Date.

8.      Solely with respect to the transactions contemplated by this Order and the Assignment Agreement, and except as otherwise agreed between any Lease Counterparty and Assignee, the following provisions of any Lease shall be unenforceable against Assignee (the "Unenforceable Provisions"):

   a.      a provision prohibiting Assignee's intended use of the premises;

   b.      a provision unreasonably prohibiting necessary alterations to the premises or signage required to convert the premises to Assignee's intended use; provided such alterations are deemed necessary by Assignee to conform such store consistent with Assignee's intended use of the premises; *provided, however,* the submission and execution of all building and signage permit applications shall be consistent with the terms of the Leases, provided, further, except as otherwise provided herein the

| Debtors: | NEW RITE AID, LLC, *et al.* |
|---|---|
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving the Assumption and Assignment of Certain Unexpired Leases to Ross Dress For Less, Inc. |

remaining provisions of the Leases regarding alterations and modifications to the applicable store to the extent such do not conflict with the above terms and provisions shall otherwise remain in full force and effect. Notwithstanding the foregoing, Assignee shall continue to pay rent and other charges during such "go dark" period;

      c.     a provision commonly referred to as a "going dark" or "continuous operations" provision, providing in substance for a forfeiture of the Leases or an increase in rent or any other penalty by reason of the Debtors' cessation of retail operations before the assignment, and/or any delay by Assignee in reestablishing retail operations after the assignment, to the extent any such provision does not permit Assignee to "go dark" until the date that is two hundred and seventy (270) days after the Closing Date of the assignment of the Leases. Notwithstanding the foregoing, Assignee shall comply with any and all obligations under the Leases as of the Closing Date, including but not limited to the payment of all rent and other charges;

      d.     a provision conditioning assignment on Lease Counterparty consent, or requiring any payment to the Lease Counterparty as the price of assignment, or granting Lease Counterparty the right to recapture the leased premises following the assignment;

      e.     a provision effecting forfeiture or a modification of any of Assignee's rights or obligations presently in effect under the Leases upon an assignment by the Debtors of the Leases;

      f.     a provision conditioning the Debtors' ability to assign their leasehold rights upon any terms not otherwise required under the Bankruptcy Code;

      g.     a provision restricting Assignee's ability to place reasonable signage on

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving the Assumption and Assignment of Certain Unexpired Leases to Ross Dress For Less, Inc. |

the premises; <u>provided</u>, that such signage is deemed necessary by Assignee to conform such store with Assignee's intended use of the premises;

   h. a provision requiring the use of a certain tradename; and

   i. a provision regarding minimum sales revenues required to be satisfied at the premises covered by the Leases soley with respect to the "go dark" period in section 8(c) hereof.

9. Solely with respect to the transactions contemplated by this Order and the Assignment Agreement and except as otherwise agreed between any Lease Counterparty and Assignee, none of the Unenforceable Provisions shall apply to Assignee in any respect and, without limiting the generality of the foregoing, no violation by the Debtors or Assignee of the Unenforceable Provisions shall constitute an event of default under any of the Leases.

10. Notwithstanding the provisions of Bankruptcy Rules 6004(h) and 6006(d), this Order shall not be stayed for fourteen (14) days after its entry and shall be effective immediately upon entry, and the Debtors and Assignee are authorized to close the sale of the Leases set forth in the Assignment Agreement immediately upon entry of this Order. Time is of the essence in closing the Lease sale transaction referenced herein, and the Debtors and Assignee intend to close the Lease sale transaction as soon as practicable. This Order is a final order and the period in which an appeal must be filed shall commence upon the entry of this Order.

11. Upon entry of this Order, this Order and the findings hereunder shall be binding upon all parties to the Leases and the Assignment Agreement.

12. Upon the entry of this Order and the occurrence of the Closing Date, each Lease Counterparty shall accept and honor the assignment of the Leases to Assignee.

(P a g e | 10)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving the Assumption and Assignment of Certain Unexpired Leases to Ross Dress For Less, Inc. |

13.     The Lease Counterparty known as SN Investment Properties, LLC ("SN Investment") leases certain premises (the "Tigard Leased Premises") in a shopping center in Tigard, Oregon (the "Tigard Shopping Center") to Debtor Thrifty Payless, Inc. pursuant to a written lease agreement ("Tigard Lease") and filed a limited objection to the proposed assumption and assignment of the Tigard Lease [Dkt. No. 1784] ("SN Investment Limited Objection"). Notwithstanding paragraph 5 above or anything to the contrary elsewhere in this Order or the Auction Procedures, the Debtors' assumption and assignment of the Tigard Lease is expressly conditioned on the Assignee's delivering to SN Investment a certification providing that the Assignee's use of the Leased Premises shall comply with all use restrictions set forth in the Tigard Lease and all other leases at the Tigard Shopping Center, including limitation, the Marshall's Lease (as defined in the SN Investment Limited Objection).

14.     Each Lease Counterparty shall reasonably cooperate and expeditiously execute and deliver, within ten (10) days of any reasonable requests of Assignee and at no cost to the Lease Counterparty, any instruments, applications, consents or other documents to the extent consistent with the Lease (as may be amended from time to time) which may be required by any public or quasi-public authority or other party or entity, for the purpose of obtaining any permits, approvals or other necessary documents required for the alteration, opening and operating of the properties as contemplated under the Assignment Agreement.

15.     Notwithstanding anything to the contrary in this Order or the Auction Procedures, any Assumption and Assignment Notice, Assumption and Assignment Agreement or Purchase Agreement, side letter(s), or any document or agreement related to any of the forgoing, none of the Debtors' insurance policies (and/or any agreements related thereto between any of the Debtors, on the one hand, and the applicable insurer(s) and/or third-party administrators, on the other hand), including, without limitation,

| Debtors: | NEW RITE AID, LLC, *et al.* |
|---|---|
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving the Assumption and Assignment of Certain Unexpired Leases to Ross Dress For Less, Inc. |

any collateral or security provided by or on behalf of any of the Debtors, and any rights, proceeds, benefits, claims, rights to payments and/or recoveries thereunder and/or any claims handling service agreements, shall be abandoned, sold, assigned, or otherwise transferred without the express prior written consent of the applicable insurer and/or third-party administrator.

16. This Court shall retain jurisdiction (i) to construe and determine any disputes under this Order, (ii) to enforce and implement the terms and provisions of the Assignment Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith, and (iii) to resolve any disputes arising under or related to the Lease sales (but all landlord/tenant disputes arising subsequent to the Closing Date which do not involve the Lease sales, this Order or the Debtors shall not be subject to the jurisdiction of this Court).

17. The Debtors and Assignee are hereby authorized and directed to execute and deliver any and all documents, and to do all things reasonably necessary, to effectuate the purposes of this Order, to transfer the Debtors' interests in and to the Leases, in accordance with the terms of the Assignment Agreement, and to carry out the terms and conditions of the Assignment Agreement.

18. Assignee is not a successor in interest to the Debtors (other than with respect to the Debtors' rights and obligations under each Lease first accruing after Assignee takes assignment thereunder as provided for under the Assignment Agreement), or their bankruptcy estates as a result of Assignee taking title or possession of each Lease and the subject premises, and Assignee is not assuming any liabilities or obligations of the Debtors or their bankruptcy estates, except as may be specifically provided for in the Assignment Agreement or in any agreement between Assignee and any Lease Counterparty.

19. This Order shall be effective and enforceable after its entry as provided by

(P a g e | 12)

| Debtors: | NEW RITE AID, LLC, *et al.* |
|---|---|
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving the Assumption and Assignment of Certain Unexpired Leases to Ross Dress For Less, Inc. |

Bankruptcy Rule 7062.

20.    Any remaining objections to the assignment of the Leases that have not been withdrawn, waived, adjourned, or settled, and all reservations of rights included in such objections, are overruled in all respects and denied.

21.    Any provision in the Leases regarding percentage rent to the extent of Debtors' sales prior to the Closing Date shall not be imputed against Assignee and no percentage rent is due and owing by Assignee for the period prior to the Closing Date.

22.    To the extent there is any inconsistency between the terms of this Order and the terms of the Assignment Agreement (including all ancillary documents executed in connection therewith), the terms of the Assignment Agreement shall govern.

23.    To the extent that Assignee and any Lease Counterparty enter into a side letter or other agreement with respect to any Lease, such side letter or agreement shall govern with respect to rights and obligations of Assignee and the Lease Counterparty with respect to any matters addressed in such side letter or agreement.  For the avoidance of doubt, no such side letter or agreement shall modify the rights and obligations of any third party without such third party's consent.

24.    The failure to specifically include any particular provision of the Assignment Agreement or other related documents in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Assignment Agreement and all other related documents be authorized and approved in their entirety pursuant to this Order.

25.    The Assignment Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance

| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving the Assumption and Assignment of Certain Unexpired Leases to Ross Dress For Less, Inc. |

with the terms thereof, without further order of this Court, provided that any such modification, amendment, or supplement is consistent with this Order and does not have any adverse effect on the Debtors' estates.

26.    This Order shall be deemed to constitute a separate order with respect to each Lease Any stay of this Order pending appeal by any party objecting to any of the relief granted in this Order shall stay this Order only with respect to the particular Lease(s) that are the subject of such objection(s) and/or such appeal, and shall not stay this Order with respect to any other Leases, and/or any other relief granted in this Order.

**Exhibit 1**

<u>Assumption Schedule</u>

| Store # | Address | Landlord | Cure Costs |
|---|---|---|---|
| 6032 | 19205 Sonoma Highway, Sonoma, CA 94576 | S & N Ltd. | $20,730.00 |
| 5621 | 955 Tamarack Avenue, Carlsbad, CA 92008 | MASUE LLC | $17,622.50 |
| 5355 | 16200 SW Pacific Highway, Ste E, Tigard, OR 97224 | SN Investment Properties, LLC | $38,067.99 |

**Exhibit 2**

Assumption & Assignment Agreement

## ASSUMPTION AND ASSIGNMENT AGREEMENT

This ASSIGNMENT AND ASSUMPTION AGREEMENT (the "Agreement"), dated as of July ___, 2025, is by and between **Thrifty Payless, Inc.**, a California corporation ("Assignor") and **Ross Dress For Less, Inc.**, a Virginia corporation ("Assignee" and together with Assignor, the "Parties").

## RECITALS

WHEREAS, Assignor, along with its affiliated debtors and debtors in possession (collectively, the "Debtors"), filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") in the jointly administered chapter 11 cases captioned *In re New Rite Aid, LLC*, Case No. 25-14861 (MBK) (the "Chapter 11 Cases"); and

WHEREAS, on June 11, 2025, the Bankruptcy Court entered the *Final Order (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief* [Docket No. 804] (the "Lease Sale Procedures Order") approving certain procedures (the "Auction Procedures") for the auction and sale of real property leases of the Assignor; and

WHEREAS, on July 3, 2025, the Debtors filed the *Notice of Bid Deadline, Potential Auction, and Potential Sale Hearing for Certain Lease Assets* [Docket No. 1320] (the "Bid Notice") pursuant to the Lease Sale Procedures Order; and

WHEREAS, Assignor has agreed to assume and assign, and Assignee has agreed to purchase from Assignor, the real property leases listed on the attached Schedule A (each a "Lease" and together the "Leases") with respect to the premises set forth on Schedule A (the "Premises"), which were identified in the Bid Notice, pursuant to the terms and conditions of this Agreement, subject to entry of an order approving the terms of this Agreement by the Bankruptcy Court.

NOW, THEREFORE, in consideration of the premises and the mutual agreements in this Agreement, the parties ("Parties") agree as follows:

## AGREEMENT

1.     Assignment and Assumption. Effective upon the receipt of Bankruptcy Court Approval (the "Closing Date"):

(a)     Assignor hereby sells, transfers, conveys, assigns and sets over to Assignee, its successors and assigns, all of Assignor's right, title, and interest in and to the Leases, free and clear of leasehold mortgages (if any), subleases, licenses, holdover rights under applicable bankruptcy and non-bankruptcy law and rules, claims liens, mechanics liens, bills, interests, any rights under Section 365(h) of the Bankruptcy Code, and any other rights or encumbrances.

(b)      Assignee hereby assumes and undertakes to pay, perform, and discharge all of Assignor's obligations and duties with respect to the Leases arising from and after the Closing Date (the "Post-Closing Obligations").

2.      Payment of Purchase Price. Assignee shall, on or before the Closing Date, deliver the purchase price for the Lease(s) in the amount of $4,802,128.00 less any Cure Cost Reduction (as hereinafter defined) (the "Purchase Price") in immediately available funds wired to the account specified by Assignor. If the assumption and assignment of the Lease(s) do(es) not occur by September 30, 2025, Assignee will additionally reimburse Assignor for all amounts that came due, were required to be paid, and were in fact paid in connection with the Lease(s) on and after September 30, 2025. The Parties acknowledge that if the assignment and assumption of the Lease(s) does not occur on or before September 30, 2025, the Lease(s) may thereafter be rejected in the Bankruptcy Court proceeding referenced above. If Bankruptcy Court Approval is not obtained by September 30, 2025 (the "Outside Date") Assignee may terminate this Agreement without any liability hereunder (unless such failure of Closing to occur prior to the Outside Date was due to a failure of Assignee to perform its obligations hereunder). On the Closing Date, Assignor shall deliver possession to Assignee of the Premises and all access codes and keys (or written confirmation that Assignee is authorized to change the locks), key codes and alarm codes for each Premises. If Assignee has paid a deposit with respect to the Purchase Price pursuant to the Auction Procedures or otherwise, the amount of any such deposit shall be credited against the Purchase Price at Closing. Assignee shall have no obligation to pay any amounts to cure any monetary (including any failure to pay any item of rent including CAM, real estate taxes and insurance) or non-monetary defaults under the Leases, including any actual pecuniary losses incurred by the landlord/lessor under the Leases (a "Landlord"), pursuant to section 365(b) of the Bankruptcy Code under the Leases (the "Cure Costs") and the payment of the Cure Costs shall be the sole responsibility of Assignor and be paid by Assignor to the Landlords from the Purchase Price. If Assignor has paid any rent and other charges under a Lease for the month in which the Closing Date occurs and any subsequent months, there shall be an adjustment or pro-ration of the Purchase Price on account of any such rent or other charges paid by Assignor under the Lease for the month in which the Closing Date occurs and any subsequent months such that Assignee shall pay Assignor, in addition to the Purchase Price set forth herein, for any such rents or other charges paid by Assignor with respect to any periods occurring after the closing date (which amounts shall be pro-rated on a daily basis). Notwithstanding anything to the contrary contained herein, the Purchase Price is based on the Cure Costs not exceeding the amount of Cure Costs for each Lease set forth on Schedule A attached hereto (any such Cure Costs with respect to each such Lease, the "Maximum Cure Costs"). Prior to the Closing Date, Assignor, Assignee and the Landlord for each such Lease shall agree upon the actual Cure Costs for each such Lease (such agreed Cure Costs with respect to each such Lease, the "Agreed Cure Costs"). If the Agreed Cure Costs for any Lease are less than the Maximum Cure Costs for such Lease, the Purchase Price shall be reduced on a dollar for dollar basis based upon the difference between the Maximum Cure Costs for such Lease and the Agreed Cure Costs for such Lease (the "Cure Cost Reduction"). By way of example only, if the Maximum Cure Costs for a particular Lease are $50,000.00 and the Agreed Cure Costs for such particular Lease are $25,000.00, the Purchase Price will be reduced by $25,000.00. If, for any reason, the Agreed Cure Costs for a particular Lease exceed the Maximum Cure Costs for such particular Lease, Assignee may, in its sole and exclusive discretion, terminate this Agreement solely with respect to such Lease(s) by providing written notice to Assignor (a "Partial Termination"), and upon such Partial Termination, the Parties will have no further rights or

obligations to each other relating to the Lease(s) subject to such Partial Termination; provided, however, that if the Agreed Cure Costs for a particular Lease exceed the Maximum Cure Costs for such particular Lease and Assignee does not exercise a Partial Termination with respect to such Lease, the Purchase Price shall be increased on a dollar for dollar basis based upon the difference between the Agreed Cure Costs for such Lease and the Maximum Cure Costs for such Lease. If there is a Partial Termination with respect to any Lease(s), the Purchase Price shall be reduced by an amount equal to the "Total Cost" associated with such Lease(s) as such Total Cost with respect to each Lease is identified on Schedule A hereto.

3.      Assumption of Liabilities. Assignee shall assume, as of the Closing Date, all remaining obligations that exist with respect to the Lease(s), including, but not limited to, accrued but unbilled adjustments for CAM, real estate taxes, and insurance.

4.      No Further Liability of Assignor. From and after the Closing Date, Assignor shall have no further obligations and duties with respect to the Leases except Assignor's obligation to pay all Cure Costs.

5.      Approval of the Bankruptcy Court. Assignor shall, at its sole cost and expense, comply with all of the procedures and other requirements (including notice requirements) contained in the Lease Sale Procedures Order with respect to the assumption and assignment of the Leases to Assignee, and obtain entry of a final and non-appealable order of the Bankruptcy Court in a form satisfactory to Assignee and substantially in the form attached hereto as Exhibit 1 authorizing the assumption and assignment of the Leases to Assignee (the "Bankruptcy Court Approval").

6.      Conditions to Closing.

(a)      Assignee's obligations under this Agreement are subject to the timely fulfillment of the conditions set forth in this Section 6(a) on or before the Closing Date. Each condition may be waived in whole or in part only by written notice of such waiver from Assignee to Assignor:

(i)      Assignor shall have performed and complied in all material respects with all of the other terms of this Agreement to be performed and complied with by it prior to or at the Closing including, without limitation, Assignor's obligation to pay the Cure Costs to any applicable Landlord under the Leases, and Assignor's obligation to deliver the Premises to Assignee; and

(ii)      Assignor shall have obtained the Bankruptcy Court Approval.

(b)      Assignor's obligations under this Agreement are subject to the timely fulfillment of the conditions set forth in this Section 6(b) on or before the Closing Date. Each condition may be waived in whole or part only by written notice of such waiver from Assignor to Assignee:

(i)      Assignee shall have delivered the Purchase Price (less any deposit) to Assignor.

(ii)      Assignor shall have obtained the Bankruptcy Court Approval.

3

7. <u>Further Assurances</u>. At any time and from time to time after the date hereof, at the request of Assignee, and without further consideration, Assignor shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation or consents and take such other action as Assignee may reasonably request as necessary or desirable in order to more effectively transfer, convey, and assign to Assignee Assignor's rights to the Leases.

8. <u>"As Is Where Is" Transaction</u>. Assignee hereby acknowledges and agrees that Assignor makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Leases. Without limiting the foregoing, Assignor hereby disclaims any warranty (express or implied) of merchantability or fitness for any premises subject to the Leases. Assignee further acknowledges that Assignee has conducted an independent inspection and investigation of the physical condition of premises subject to the Leases and all such other matters relating to or affecting the Leases as Assignee deemed necessary or appropriate and that in proceeding with its acquisition of the Leases, Assignee is doing so based upon such independent inspections and investigations. Accordingly, Assignee will accept the Leases "AS IS" and "WHERE IS."

9. <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflicts of law.

10. <u>Jurisdiction.</u> The Parties consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of New Jersey with respect to all matters arising under or relating to this Agreement. The Parties irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The Parties waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

11. <u>No Reliance</u>. Each Party represents and warrants that in entering into this Agreement it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter. In entering into this Agreement, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

12. <u>Construction</u>. This Agreement has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Agreement so as to give rise to any presumption of convention regarding construction of this document. All terms of this Agreement were negotiated in good faith and at arm's-length, and this Agreement was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other. The execution and delivery of this Agreement is the free and voluntary act of the Parties.

13. <u>Entire Agreement and Amendment</u>. This Agreement contains the entire agreement of the Parties regarding the subject matter of this Agreement. This Agreement may be amended only in a writing signed by both Parties.

14. <u>Execution in Counterparts</u>. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Electronic signature systems such as "PDF" or "DocuSign" format

Docusign Envelope ID: 2D62C270-4A72-4FD8-BF72-E514B0061A0C

may be used in place of wet signatures and shall have the same force and effect for all purposes as original signatures, even if the dates or time stamps on the document are not identical in all respects. Each Party intends to be legally bound by the signatures on such PDF or DocuSign documents, is aware that the other Party will be rely on the PDF or DocuSign signatures, and waives all defenses to the enforcement of this Agreement based on the use of PDF or DocuSign Signature. All signatures of the Parties to this Agreement may be transmitted by facsimile or by electronic mail or DocuSign or similar electronic delivery system, and such transmission will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces, and will be binding upon such Party.

*[Signatures appear on following page]*

Docusign Envelope ID: 2D62C270-4A72-4FD8-BF72-E514B606HRC

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

ASSIGNOR:
**Thrifty Payless, Inc.**

By: _Susan C Lowell_

Name: _Susan C Lowell_

Its: _VP Tax & Payroll_

ASSIGNEE:
**Ross Dress For Less, Inc.**

By: _[signature]_

Name: Jeff Sealy

Its: Group Senior Vice President, Real Estate

*Assumption and Assignment Agreement*

## Schedule A

### Leases, Maximum Cure Costs and Total Costs

| Store # | Address | Landlord | Cure Costs | Total Cost |
|---------|---------|----------|-----------|-----------|
| 5445 | 4322 Figueroa Street, Los Angeles, CA | B.A.G. Figview #199C, LP | $108,947.00 | ■ |
| 5549 | 12739 Van Nuys Boulevard, Pacoima, CA 91331 | Pacoima Plaza Shopping Center, L.L.C. | $106,425.00 | ■ |
| 5568 | 17266 Saticoy Street, Van Nuys [Lake Balboa] CA, 91406 | Saticoy Plaza, L.L.C. | $46,958.00 | ■ |
| 5602 | 1841 East 4th Street, Ontario, CA 91764 | Mabela VP, L.P. | $47,959.00 | ■ |
| 6032 | 19205 Sonoma Highway, Sonoma, CA 94576 | S & N Ltd. | $16,768.00 | ■ |
| 5754 | 13151 Jamboree Road, Tustin, CA 92782 | Sanderson J. Ray – Tustin Ranch Plaza; Sanderson J. Ray Development, LLC; and Woodbridge Square East, LP | $93,079.00 | ■ |
| 5793 | 159 West Polk Street, Coalinga, CA 93210 | Gabrielsen Family Trust as Amended and Restated August 3, 2001 | $28,833.00 | ■ |
| 5941 | 135 Sunset Avenue, Suisun City, CA 94585 | Centre Place Walnut Creek, LLC | $98,436.00 | ■ |
| 5621 | 955 Tamarack Avenue, Carlsbad, CA 92008 | MASUE LLC | $41,027.00 | ■ |
| 6084 | 980 Florin Road, Sacramento, CA 95831 | Peter P. Bollinger Investment Company | $86,739.00 | ■ |
| 5314 | 1308 North 20th Avenue, Pasco, WA 99301 | CSP Pasco, LLC | $55,197.00 | ■ |
| 5476 | 11325 Long Beach Boulevard, Lynwood, CA 90262 | SVAP III Plaza Mexico, LLC | $35,343.00 | ■ |
| 5668 | 1854 Coronado Avenue, San Diego, CA 92154 | Gershman Properties, LLC | $60,972.00 | ■ |
| 5615 | 507 Telegraph Canyon Road, Chula Vista, CA 91910 | Canyon Gateway Plaza, LLC | $41,079.00 | ■ |

Docusign Envelope ID: 2D62C270-4A72-4FD8-BF72-E51B5C0905AC

| Store # | Address | Landlord | Cure Costs | Total Cost |
|---------|---------|----------|------------|------------|
| 5739 | 12897 Harbor Boulevard, Garden Grove, CA 92840 | Lifetime Benefits Trust for Zinayda Troussard | $46,730.00 | ███████ |
| 5355 | 16200 SW Pacific Highway, Ste E, Tigard, OR 97224 | SN Investment Properties, LLC | $28,346.00 | ███████ |
| 5885 | 170 San Mateo Road, Half Moon Bay, CA 94019 | The Chen 1998 Family Trust | $47,623.00 | ███████ |
| 6015 | 1449 East F Street, Suite 102, Oakdale, CA 95361 | Foothill Oaks Shopping Center, Inc. | $21,667.00 | ███████ |