**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Co-Counsel for Debtors and Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No.  25-14861 (MBK) |
| Debtors.[1] | (Jointly Administered) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING THE SALE OF THE RETAINED PREFERENCE CLAIMS TO RAD SUB-TRUST A, PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF

TO THE HONORABLE MICHAEL B. KAPLAN
UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (the "Motion"):

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims, noticing, and solicitation agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

## Relief Requested[2]

1.      By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") approving the sale of the Retained Preference Claims (described herein) to RAD Sub-Trust A, and granting related relief.  The Debtors seek Court approval on an expedited basis to ensure that the Sub-Trust A Trustee is able to pursue the Retained Preference Claims before the statute of limitations expires on October 15, 2025.  The Debtors submit that the relief requested herein is in the best interests of the Debtors' estates, creditors, and other parties-in-interest, and therefore, should be granted.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference of the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.).  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and rule 6004-1 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

## Background

### A.      The Current Chapter 11 Cases

5.      On May 5, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the Debtors and their

---

[2]      All capitalized terms used but not otherwise defined in this section are defined below.

business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Marc Liebman, Chief Transformation Officer of the Debtors, in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 24] (the "First Day Declaration").

6.       The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy. On May 7, 2025, this Court entered an order, pursuant to section 1102 of the Bankruptcy Code, authorizing procedural consolidation and joint administration of these chapter 11 cases (the "Chapter 11 Cases") under lead Case No. 25-14681 [Docket No. 122]. On May 15, 2025, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee") in these Chapter 11 Cases [Docket No. 316]. On May 19, 2025, the U.S. Trustee amended and reconstituted the Committee [Docket No. 440]. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

7.       Since the Petition Date, the Debtors, together with their management and advisors, have accomplished many of their key objectives in these Chapter 11 Cases. The Debtors have worked with their vendors and landlords to stabilize their operational landing in Chapter 11, conducted a successful marketing process which has resulted in the execution of transactions to sell a substantial majority of their assets, and worked with their transaction counterparties to close the sales, bringing funds into the estates and, where sales involved transfers of entire locations, preserving jobs. In parallel, the Debtors have been focused on reducing their operational spending footprint, in part through ongoing store closure and reduction in force efforts to minimize estate costs.  This wind-down process remains ongoing, but as of the date hereof, the Debtors have closed all of their retail locations.

8.      As part of the Debtors efforts to complete their wind-down process and emerge from Chapter 11, on September 3, 2025, the Debtors filed the *Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and its Debtor Affiliates* [Docket No. 2286] and the *Disclosure Statement Relating to the Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and its Debtor Affiliates* [2287]. On September 4, 2025, the Debtors filed a motion seeking conditional approval of the disclosure statement for solicitation purposes and setting a timeline for confirmation of the plan or, alternatively, approving dismissal of these Chapter 11 Cases [Docket No. 2289].

9.      On September 19, 2025, the Debtors filed the *First Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and its Debtor Affiliates* [Docket No. 2286] (as amended, supplemented, or modified from time to time, the "Plan") and the *Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and its Debtor Affiliates* [2287] (the "Disclosure Statement").  On September 22, 2025, the Court entered the *Order (I)(A) Conditionally Approving the Adequacy of the Disclosure Statement, (B) Approving the Solicitation Procedures, (C) Approving the Form of Ballot and Notices in Connection Therewith, (D) Scheduling Certain Dates With Respect Thereto, and (E) Granting Related Relief and (II)(A) Scheduling Certain Dates With Respect to the Dismissal of the Chapter 11 Cases, and (B) Granting Related Relief* [Docket No. 2535]. If the Debtors are successful in overcoming the remaining hurdles to reach confirmation, the Plan will govern the liquidation of the Debtors.  A hearing on confirmation of the Plan has been adjourned to a date to be determined.

**B.    The 2023 Cases[3]**

10.    Before the commencement of the current Chapter 11 Cases, on October 15, 2023,
Rite Aid Corporation ("Rite Aid") and certain of its subsidiaries filed cases under Chapter 11 of
the Bankruptcy Code before this Court, which were jointly administered under the lead case, *In re
Rite Aid Corp.*, Case No. 23-18993 (Bankr. D.N.J.) (the "2023 Cases"). The debtors in the 2023
Cases (the "2023 Debtors") are largely the same debtor entities in these Chapter 11 Cases.

11.    On August 16, 2024, the Court in the 2023 Cases entered the *Order Approving the
Disclosure Statement and Confirming the Second Amended Joint Chapter 11 Plan of
Reorganization of Rite Aid Corporation and its Debtor Affiliates (with Further Modifications)*
[2023 Cases, Docket No. 4532] (the "2023 Confirmation Order"), confirming Rite Aid's chapter
11 plan of reorganization (the "2023 Rite Aid Plan"), attached to the 2023 Confirmation Order as
Exhibit A.

12.    On August 30, 2025, the Effective Date of the 2023 Rite Aid Plan occurred and the
2023 Debtors emerged from Chapter 11 [2023 Cases, Docket No. 4800].

13.    The 2023 Rite Aid Plan provided for the establishment of the Litigation Trust,
which holds certain Litigation Trust Assets, including certain Assigned Claims.  Excluded from
the Assigned Claims are "claims or Causes of Action (including Avoidance Actions) against
contractual counterparties, vendors, or other go-forward commercial counterparties with the
Reorganized Debtors (other than indemnification claims against potential joint tortfeasors and Co-
Defendants)." *See* 2023 Rite Aid Plan, Article I.A.42. "Assigned Claims".  Consequently, certain
claims arising under section 547 of the Bankruptcy Code were retained by the post-confirmation

---

[3]    Capitalized Terms used but not otherwise defined herein shall have the meaning ascribed to them in the 2023
Confirmation Order or 2023 Rite Aid Plan, as applicable.

2023 Debtors and are property of the Debtors' estates in these Chapter 11 Cases (the "Retained Preference Claims"). Pursuant to section 546(a)(1)(A) of the Bankruptcy Code, the statute of limitations on the Retained Preference Claims expires on October 15, 2025 (the "Limitations Period").

14.     On September 3, 2024, the 2023 Debtors filed the *Notice of Eleventh Amended Plan Supplement* [2023 Cases, Docket No. 4793] (the "Eleventh Plan Supplement"), which attached the Litigation Trust Agreement. *See* Eleventh Plan Supplement, Exhibit I. As contemplated under the 2023 Rite Aid Plan, the Litigation Trust was formed through the establishment of the Master Trust and the applicable sub-trusts, including RAD Sub-Trust A. Thomas A. Pitta was subsequently appointed as the trustee of RAD Sub-Trust A (the "Sub-Trust A Trustee").

15.     The Debtors have agreed to a purchase and sale agreement with the Sub-Trust A Trustee, annexed to the Proposed Order as Exhibit 1 (the "PSA").  As set forth more fully in the PSA, the Debtors have agreed to sell and assign the Retained Preference Claims to RAD Sub-Trust A, subject to the terms and conditions of the PSA, in exchange for a percentage to be set forth in the PSA of net proceeds of *all* preference claim recoveries achieved by RAD Sub-Trust A, subject to certain exceptions set forth in the PSA.  To be clear, this includes recovery for the Retained Preference Claims retained by the Debtors and any other preference claims that the Sub-Trust A Trustee may pursue under section 547 of the Bankruptcy Code, except as otherwise set forth in the PSA.

16.     In accordance with Local Bankruptcy Rule 6004-1(a)(3) the Debtors make the following disclosures of material terms of the sale:[4]

---

[4] This summary is provided for the convenience of the Court and parties in interest.  To the extent there is any conflict between this summary and the PSA, the PSA shall govern in all respects.

| (A) a description of the property to be sold | The Debtors' Retained Preference Claims pursuant to the 2023 Rite Aid Plan, subject to the terms and conditions of the PSA. |
|---|---|
| (B) the date, time, and place of sale | On or before October 15, 2025. |
| (C) the purchase price | As set forth in the PSA, a percentage of the proceeds of all claims or causes of action brought by RAD Sub-Trust A pursuant to 11 U.S.C. § 547, net of RAD-Sub Trust A's legal fees and expenses incurred or associated with pursuing such causes of action, subject to certain exceptions set forth in the PSA. |
| (D) a condition of the sale | Court approval of the PSA. |
| (E) a deadline for the approval or closing of the sale | On or before October 15, 2025. |
| (F) a deposit requirement and the conditions under which the deposit may be forfeited | N/A |
| (G) a request for a tax determination under § 1146(b) of the Code | N/A |
| (H) an identification of the entity that will retain or have access to the debtor's books and records, if the proposed sale is of substantially all of the debtor's assets | N/A |
| (I) an identification of any executory contract or unexpired lease to be assumed and assigned under § 365 of the Code | N/A |
| (J) a provision regarding credit bidding under § 363(k) of the Code | N/A. Based upon the nature of the sale and limited marketability of the Retained Preference Claims, the Debtors will not be engaging in a bidding process and no credit bidding will be required. |
| (K) a broker or sales agent's anticipated fee or commission | N/A. |

17.     The Debtors submit that, as further elucidated below, the sale of the Retained Preference Claims is in the best interests of the Debtors' estates and should be approved on an expedited basis to ensure that the RAD Sub-Trust A is able to pursue such claims before the expiration of the Limitations Period.

**Basis for Relief**

I.    **The Sale of the Retained Preference Claims as Set Forth in the PSA Should Be Approved Under Section 363(b) of the Bankruptcy Code as an Exercise of the Debtors' Sound Business Judgment.**

18.    Section 363(b)(1) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105(a) provides in relevant part that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

19.    The sale of a debtor's property should be authorized pursuant to section 363 of the Bankruptcy Code if a sound business purpose exists for doing so. *See*, *e.g.*, *Meyers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996), citing *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991); *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *In re Titusville Country Club*, 128 B.R. 396 (W.D. Pa. 1991); *In re Delaware & Hudson Railway Co.*, 124 B.R. 169, 176 (D. Del. 1991). The Delaware & Hudson Railway court held that once a court is satisfied that there is a sound business reason, "the court must also determine that the [debtor] has provided the interested parties with adequate and reasonable notice, that the sale price is fair and reasonable and that the purchaser is proceeding in good faith." *Id.*

20.    Once a debtor articulates a valid business justification for its actions, courts should "give great deference to the substance of the directors' decision and will not invalidate the decision, will not examine its reasonableness, and will not substitute its views for those of the board if the latter's decision can be attributed to any rational business purpose." *In re Global Crossing Ltd.*, 295 B.R. at 744 (Bankr. S.D.N.Y. 2003) (citing *Paramount Commc'ns Inc. v. QVC Network Inc.*,

637 A.2d 34, 45 n.17 (Del. 1994)); *see also In re Integrated Resources, Inc.*, 147 B.R. 650, 656

(Bankr. S.D.N.Y. 1992) (presuming, based on the business judgment rule, "that in making a

business decision the directors of [the debtor] acted on an informed basis, in good faith and in the

honest belief that the action was in the best interests of the company" (quoting *Smith v. Van

Gorkom*, 488 A.2d 858, 872 (Del. 1985))); *In re Filene's Basement*, No. 11-13511 (KJC), 2014

WL 1713416, at *12 (Bankr. D. Del. Apr 29, 2014) ("Where the debtor articulates a reasonable

basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts

will generally not entertain objections to the debtor's conduct." (quoting *In re Johns-Manville

Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986))). Thus, if a debtor's actions satisfy the business

judgment rule, then the transaction in question should be approved under section 363(b)(1) of the

Bankruptcy Code.

21.     The Debtors propose to sell and assign the Retained Preference Claims to RAD

Sub-Trust A and have concluded that such sale and assignment, as set forth in the PSA, is

supported by a number of sound business reasons.  Namely, based on the Debtors' ongoing efforts

to complete their sale and wind-down process and pursue confirmation of the Plan, the Debtors

are not in a position to expend time and additional resources pursuing and prosecuting the Retained

Preference Claims before the expiration of the Limitations Period.  Thus, absent the sale of the

Retained Preference Claims, any recovery on such claims would be lost.  The sale of the Retained

Preference Claims to the RAD Sub-Trust A, however, will bring value into the Debtors' estates

without the concomitant cost associated with pursuing such claims.  Additionally, RAD-Sub Trust

A's beneficiaries, which are the general unsecured creditors of the 2023 Debtors estates, will

benefit from this sale of the assigned Retained Preference Claims to RAD Sub-Trust A.

22.     For the reasons noted above, the immediate sale and assignment of the Retained

Preference Claims under the PSA is supported by sound business reasons and is in the best interests

of the Debtors' estates.  Accordingly, the Debtors request approval under section 363(b) of the

Bankruptcy Code of the sale and assignment of the Retained Preference Claims to RAD Sub-Trust

A.

## II.     Sale of the Retained Preference Claims Should Be Approved "Free and Clear" Under Section 363(f) of the Bankruptcy Code.

23.     Section 363(f) of the Bankruptcy Code permits a debtor in possession to sell estate

property free and clear of another party's interest in the property if: (a) applicable nonbankruptcy

law permits such a free and clear sale; (b) the holder of the interest consents; (c) the interest is a

lien and the sale price of the property exceeds the value of all liens on the property; (d) the interest

is the subject of a bona fide dispute; or (e) the holder of the interest could be compelled in a legal

or equitable proceeding to accept a monetary satisfaction of its interest. 11 U.S.C. § 363(f).

24.     Section 363(f) is drafted in the disjunctive. Thus, satisfaction of any one of the

requirements will suffice to warrant the Debtors' sale of their interests in the Retained Preference

Claims free and clear of all interests (i.e., all liens, claims, rights, interests, charges, or

encumbrances). *See*, *e.g.*, *In re Kellstrom Indus., Inc.*, 282 B.R. 787, 793 (Bankr. D. Del. 2002)

("[I]f any of the five conditions are met, the debtor has the authority to conduct the sale free and

clear of all liens.").

25.     The Sale of the Retained Preference Claims is permitted under section 363(f) of the

Bankruptcy Code.  The DIP Lenders, who would otherwise hold liens on the Debtors' interest in

the Preference Claims, have consented to or are expected to consent to the transaction, allowing

the Debtors' interests in the Retained Preference Claims to be sold free and clear of all liens,

security interests and other encumbrances.  The Debtors are not aware of any other person or entity

holding an interest in the Retained Preference Claims. Accordingly, the Debtors submit that section

363(f) is satisfied and that the Court should approve the sale of the Retained Preference Claims

free and clear of any liens, claims, encumbrances, or other interests therein.

### III. The Trustee is a Good Faith Purchaser and Entitled to the Full Protection of Section 363(m) of the Bankruptcy Code.

26.    Section 363(m) of the Bankruptcy Code provides in pertinent part:

> [t]he reversal or modification on appeal of an authorization under
> subsection (b) or (c) of this section of a sale or lease or property
> does not affect the validity of a sale or lease under such
> authorization to an entity that purchased or leased such property in
> good faith, whether or not such entity knew of the pendency of the
> appeal, unless such authorization and such sale or lease were stayed
> pending appeal.

11 U.S.C. § 363(m).

27.    Section 363(m) of the Bankruptcy Code thus protects the purchaser of assets sold

pursuant to section 363 of the Bankruptcy Code from the risk that it will lose its interest in the

purchased assets if the order allowing the sale is reversed on appeal, as long as such purchaser

leased or purchased the assets in "good faith."  While the Bankruptcy Code does not define "good

faith," courts have held that a purchaser shows its good faith through the integrity of its conduct

during the course of the sale proceedings, finding that where there is a lack of such integrity, a

good-faith finding may not be made.  *See, e.g.*, *In re Abbotts Dairies of Pennsylvania, Inc.*, 788

F.2d 143, 147 (3d Cir. 1986) (quoting *In re Rock Indus. Mach. Corp.*, 572 F.2d 1195, 1198 (7th

Cir. 1978)) ("Typically, the misconduct that would destroy a [buyer's] good faith status at a

judicial sale involves fraud, collusion between the [proposed buyer] and other bidders or the

trustee, or an attempt to take grossly unfair advantage of other bidders."); *In the Matter of Andy

Frain Services, Inc.*, 798 F.2d 1113 (7th Cir. 1986) (same); *In re Sasson Jeans, Inc.*, 90 B.R. 608,

610 (S.D.N.Y. 1988) (same).

28.     Here, the Debtors, through and with the assistance of their advisors, engaged in good faith, arm's-length discussions with the RAD Sub-Trust A Trustee such that the RAD Sub-Trust A is a "good faith purchaser" within the meaning of section 363(m) of the Bankruptcy Code, and that the PSA is being entered into as a good-faith, arms'-length agreement entitled to the protections of section 363(m) of the Bankruptcy Code.  The sale represents the Debtors' efforts to take meaningful action to sell the Retained Preference Claims to maximize the value of the Debtors' estates and should be afforded protection under section 363(m), otherwise the RAD Sub-Trust A may not be inclined to enter into the PSA and purchase the Retained Preference Claims. If the Debtors are unable to consummate the sale to the RAD Sub-Trust A, it will likely not be able to find another purchaser who is able to pursue the Retained Preference Claims before the expiration of the Limitations Period.  Accordingly, the Debtors submit that the RAD Sub-Trust A should be deemed a "good faith purchaser" within the meaning of section 363(m) of the Bankruptcy Code.

## IV.     The Sale of the Retained Preference Claims is Appropriate Under Bankruptcy Rule 6004(f).

29.     Bankruptcy Rule 6004(f) authorizes a debtor in possession to sell estate property outside of the ordinary course of business by private sale or public auction. Courts generally afford debtors in possession broad discretion to determine the manner in which estate property is sold. *See*, *e.g.*, *In re Bakalis*, 220 B.R. 525, 531 (Bankr. E.D.N.Y. 1998); *In re Alisa P'ship*, 15 B.R. 802, 802 (Bankr. D. Del. 1981). Private sales are appropriate where the debtor demonstrates that the proposed sale is permissible under section 363(b) of the Bankruptcy Code; *i.e.*, where the debtor articulates a good business reason for the sale. *See In re Cypresswood Land Partners, I*, 409 B.R. 396, 436 (Bankr. S.D. Tex. 2009) ("[T]here is no prohibition against a private sale . . . and there is no requirement that the sale be by public auction.").

30.     Here, there is a sound business justification for approving the private sale of the

Retained Preference Claims to the RAD Sub-Trust A as the Sub-Trust A Trustee has already taken

steps to pursue the Retained Preference Claims and, at this juncture, the sale to another party by

public auction is not feasible given the expiring Limitations Period.  For these reasons, a private

of the Retained Preference Claims is appropriate under Bankruptcy Rule 6004(f).

**V.      Relief Under Bankruptcy Rules 6004(a) and 6004(h) Is Appropriate.**

31.     Bankruptcy Rule 6004(a) requires that the Debtors provide notice of the proposed

sale, use or lease of property in accordance with Bankruptcy Rule 2002, requiring 21-days' notice

of to the U.S. Trustee and creditors.  Although on an expedited basis, the Debtors are providing

notice of this Motion and the sale contemplated herein to the Debtors' creditors and the U.S.

Trustee.  Based on the limited nature of the sale and the need to immediately consummate the sale

transaction contemplated by the PSA, the Debtors submit that a waiver of the notice requirements

of Bankruptcy Rule 6004(a) is warranted.

32.     Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease

of property is stayed until the expiration of fourteen days after the entry of the order, unless the

court orders otherwise."  The Debtors request that the Proposed Order be effective immediately

upon its entry by providing that the fourteen-day stays under Bankruptcy Rules 6004(h) are

waived.

33.     The purpose of Bankruptcy Rule 6004(h) is to provide sufficient time for an

objecting party to appeal before an order can be implemented.  *See* Advisory Committee Notes to

Fed. R. Bankr. P. 6004(h).  Although Bankruptcy Rule 6004(h) and the Advisory Committee Notes

are silent as to when a court should "order otherwise" and eliminate or reduce the fourteen-day

stay period, the leading treatise on bankruptcy suggests that the fourteen-day stay should be

eliminated to allow a sale or other transaction to close immediately "where there has been no

objection to procedure." 10 *Collier on Bankruptcy* ¶ 6004.10 (15th rev. ed. 2006).  Furthermore,

if an objection is filed and overruled, and the objecting party informs the court of its intent to

appeal, the stay may be reduced to the amount of time actually necessary to file such appeal.  *Id.*

34.     To maximize the value received for the Retained Preference Claims, the Debtors

seek to close the sale immediately after any hearing to ensure that the Sub-Trust A Trustee is able

to pursue the Retained Preference Claims within the Limitations Period.  Accordingly, the Debtors

hereby request that the Court waive the fourteen-day stay period under Bankruptcy Rule 6004(h).

**No Prior Request**

35.     No prior request for the relief sought herein has been made to this Court or to any

other court.

**Notice**

36.     The Debtors will provide notice of this Motion to the following parties and/or their

respective counsel, as applicable: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the

Prepetition ABL Agent and counsel thereto; (d) the DIP Agent and counsel thereto; (e) the trustees

for the Senior Secured Notes and counsel thereto; (f) the United States Attorney's Office for the

District of New Jersey; (g) the Internal Revenue Service; (h) the attorneys general in the states

where the Debtors conduct their business operations; (i) any party that has requested notice

pursuant to Bankruptcy Rule 2002; and (j) counsel to the RAD Sub-Trust A Trustee. The Debtors

submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank.]*

## Conclusion

**WHEREFORE**, the Debtors respectfully request that the Court enter the Order, in substantially the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

Dated:  October 10, 2025

*/s/ Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Co-Counsel for Debtors and
Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br><div align="center">Debtors. [1]</div> | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

### ORDER APPROVING THE SALE OF THE RETAINED PREFERENCE CLAIMS TO RAD SUB-TRUST A, PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through five (5) and the exhibits hereto is **ORDERED**.

---

[1]   The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843.   A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims, noticing, and solicitation agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel for Debtors and
Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving the Sale of the Retained Preference Claims to Thomas A. Pitta, in His Capacity as Trustee of RAD Sub-Trust A, Pursuant to Section 363 of the Bankruptcy Code and Granting Related Relief |

Upon the *Debtors' Motion for Entry of an Order Approving the Sale of the Retained Preference Claims to RAD Sub-Trust A, Pursuant to Section 363 of the Bankruptcy Code and Granting Related Relief* (the "Motion")[1] of the above-captioned debtors and debtors in possession (the "Debtors") for the entry of an order (this "Order"): (a) approving the Debtors' entry into the purchase and sale agreement, attached hereto as **Exhibit 1** (the "PSA"), for the sale of the Retained Preference Claims to RAD Sub-Trust A, and (b) granting related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving the Sale of the Retained Preference Claims to Thomas A. Pitta, in His Capacity as Trustee of RAD Sub-Trust A, Pursuant to Section 363 of the Bankruptcy Code and Granting Related Relief |

1.      The Motion is **GRANTED** as set forth herein.

2.      The PSA, attached hereto as Exhibit 1, and all terms and conditions thereof, is approved in all respects.

3.      The Debtors are authorized, but not directed, to take any and all actions necessary, appropriate, or desirable to enter into the PSA and otherwise implement and effectuate the terms thereof.

4.      Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, upon the closing of the sale of the Retained Preference Claims through the execution of the PSA, all of the Debtors' right, title, and interest in and to, and possession of, the Retained Preference Claims shall be transferred to the RAD Sub-Trust A, in each case subject to the terms and conditions of the PSA, free and clear of any and all liens, claims, encumbrances, and interests, with all such liens, claims, encumbrances, and interests to attach to the proceeds thereof in the order of their priority, with the same force, effect, and validity that they had immediately prior to the entry of this Order, subject to any rights, claims, or defenses the Debtors may have with respect thereto. Such transfer shall constitute a legal, valid, binding, and effective transfer of the Debtors' interests in the Retained Preference Claims.

5.      The RAD Sub-Trust A shall be deemed to be a good faith purchaser of the interests in the Retained Preference Claims. Pursuant to section 363(m) of the Bankruptcy Code, if this Order is reversed or modified on appeal, such reversal or modification shall not affect the validity of the PSA. Consideration provided for the Retained Preference Claims under the PSA is fair and

(Page | 5)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving the Sale of the Retained Preference Claims to Thomas A. Pitta, in His Capacity as Trustee of RAD Sub-Trust A, Pursuant to Section 363 of the Bankruptcy Code and Granting Related Relief |

reasonable, and the Retained Preference Claims, including any sale of interests therein, are not subject to avoidance under section 363(n) of the Bankruptcy Code or otherwise.

6.        To the extent there are any inconsistencies between this Order and the PSA, the terms of this Order shall control.

7.        Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice or otherwise waived.

8.        Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.        This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## <u>Exhibit 1</u>

**Purchase and Sale Agreement**

*[Intentionally omitted, to be filed under separate notice.]*