Law Office of Shmuel Klein PA
Attorney for HVP2 LLC
113 Cedarhill Ave
Mahwah, NJ 07430
845-425-2510
Attorney ID 00851987
email: shmuel.klein@verizon.net

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

_____

In re:
NEW RITE AID LLC, *et al*.,                                              Chapter 11
Debtors                                                                            Case No. 25-14861 (MBK)

_____

TO: HONORABLE MICHAEL B. KAPLAN
United States Bankruptcy Judge

### Certification in Opposition to Sale of All Preference Actions to RAD Sub-Trust A

I, Shmuel Klein certify actual knowledge of the foregoing statements and they are true:

1.      This Certification is filed by HVP2 LLC, (hereinafter "HVP") and possibly other creditors in Opposition to the Sale of all of the Debtors' Preference Actions to RAD Sub-Trust A.

2.      On October 15, 2023, (the "Petition Date"), Rite Aid Corporation and certain of its affiliates (together "Rite Aid") filed its first petition under Chapter 11 of the United States Bankruptcy Code.

3.      The Second Amended Joint Chapter 11 Plan of Reorganization of Rite Aid's first bankruptcy and its Debtor Affiliates (with further modifications) was confirmed by Order of the Bankruptcy Court on August 16, 2024.  Part of the Plan created a "Litigation Trust" called the RAD Sub-Trust A that was to receive assets from the Rite Aid Litigation Trust. These assets were then intended to be distributed to limited categories of creditors, such as those who filed a claim related to opioid issues.   The Plan became effective in accordance with its terms on August 30, 2024 (the "Effective Date"). The TPP Trust came into existence on that date and is authorized and empowered to address TPP Claims.

4.      The TPP Trust is a sub-trust/subsection of the Endo Third-Party Payor Opioid Trust (the "Endo TPP Trust") that was established in connection with the Chapter 11 case of Endo International, Case

No. 22-22549 (JLG) (U.S. Bankruptcy Court for the Southern District of New York). TPP Claims against Rite Aid were channeled to the Endo TPP Trust, treated as a sub-trust or subsection of the trust, and governed by the terms of the Rite Aid Third-Party Payor Opioid Trust Distribution Procedures (the "TPP TDP").

5. The total amount of funding to be provided to the TPP Trust on or immediately after the Effective Date was represented to be approximately five million dollars ($5,000,000).

6. Notwithstanding the convoluted history and the various orders of this Court in the prior bankruptcy, now, NEW RITE AID LLC the new bankruptcy Debtor, is asked to essentially give away 79.5 percent value of its preference actions to fund a Trust created by the prior bankruptcy at the expense of administrative priority creditors of the current bankruptcy. The Trust is a creditor of the current bankruptcy Debtor and it should not receive superior treatment in violation of the Code.

7. Further, the motion fails to allow higher and better bids in violation to the Bankruptcy Code.

8. Normally, I would not be permitted to work on this matter as a result of the Jewish Holiday of Succos, however, essential work is permitted in the event of a financial loss. In this case, the financial loss is substantial and the Unsecured Creditor's Committee is silent as well as the United States Trustee.

9. The Order Shortening Time gave no reason given to shorten time and the return date is on the Jewish Holiday of Shmini Atzeras when no work is permitted and I cannot participate.

10. As a result of the foregoing reasons, all rights are reserved and this Creditor takes strong exception to the motion to sell; the consideration is inadequate, the notice is lacking, the RAD creditor is receiving more than it should over administrative priority creditors and there is a bona fide dispute. See In re Emoral Inc., 740 F.3d 875 (3d Cir. 2014).

WHEREFORE it is respectfully requested that the motion be denied.

Dated: October 12, 2025         Law Office of Shmuel Klein PA

BY: /s/ Shmuel Klein
Shmuel Klein, Esq.
Attorney for HVP2 LLC