| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>Robert L. LeHane<br>Jennifer D. Raviele (admitted *pro hac vice*)<br>Connie Y. Choe<br>**KELLEY DRYE & WARREN LLP**<br>3 World Trade Center<br>175 Greenwich Street<br>New York, NY 10007<br>Tel:  212-808-7800<br>Fax: 212-808-7897<br>Email:  rlehane@kelleydrye.com<br>            jraviele@kelleydrye.com<br>            cchoe@kelleydrye.com<br><br>-and-<br><br>One Jefferson Road<br>Parsippany, NJ 07054<br>Tel: 973-503-5900<br><br>*Counsel for Equity One (Copps Hill) LLC* |

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case Number: 25-14861 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING EQUITY ONE (COPPS HILL) LLC TO FILE UNDER SEAL THE WITNESS AND EXHIBIT LIST OF EQUITY ONE (COPPS HILL) LLC FOR HEARING SCHEDULED ON OCTOBER 20, 2025 AT 10:00 A.M. (ET)**

Equity One (Copps Hill) LLC ("Landlord"), by and through its undersigned counsel, Kelley Drye & Warren LLP, hereby files this motion (the "Seal Motion") for entry of an

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, PA 17319.

order, substantially in the form submitted concurrently herewith (the "Proposed Order"), authorizing Landlord to file under seal and redact certain portions of the *Witness and Exhibit List of Equity One (Copps Hill) LLC for Hearing Scheduled on October 20, 2025 at 10:00 A.M. (ET)* (the "Witness and Exhibit List"). In support of this Seal Motion, Landlord respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Seal Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984 and amended on September 18, 2012 (Simandle, C.J.). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested are sections 105(a) and 107 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 9013-1 and 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## BACKGROUND

3. On May 5, 2025, each of the above-captioned debtors (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (the "Chapter 11 Cases").

4. No trustee has been appointed in the Chapter 11 Cases and Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. Pursuant to a written lease agreement (as amended or supplemented, the "Rite Aid Lease"), Landlord leases to Debtors approximately 10,908 square feet of retail premises located at 125 Danbury Road, Ridgefield, Connecticut, which is part of the shopping center commonly referred to as Copps Hill Plaza.

6. On May 6, 2025, Debtors filed the *Debtors' Motion for Entry of an Order (I) Approving the Auction and Bidding Procedures, (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice with Respect Thereto, and (VII) Granting Related Relief* (the "Sale Procedures Motion").[2] The Sale Procedures Motion sought to establish, among other things, the process by which Debtors would market and sell leased assets and a timeline for the bidding and sale process.

7. On May 7, 2025, the Court entered an order[3] granting certain relief requested in the Sale Procedures Motion and, on June 11, 2025, the Court entered the *Final Order (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief.*[4]

8. On August 29, 2025, Debtors docketed the results of the sale of certain leases to Dollar Tree Stores, Inc. (the "Proposed Assignee") with the *Second Supplemental Notice of Successful and Backup Bidders with Respect to the Auction of Certain of the Debtors'*

---

[2] Docket No. 17.
[3] Docket No. 142.
[4] Docket No. 804.

3

*Leases* (the "Notice of Successful Bidder").[5]  The Notice of Successful Bidder advised that Proposed Assignee was the successful bidder to purchase the Rite Aid Lease.

9. On September 2, 2025, the Debtors docketed the *Notice of Assumption and Assignment of Certain of the Debtors' Leases to Dollar Tree Stores, Inc.* (the "Notice of Assignment").[6]  The Notice of Assignment advised that the Debtors sought to assume and assign certain leases, including the Rite Aid Lease to the Proposed Assignee.

10. On September 18, 2025, Landlord filed the *Objection of Equity One (Copps Hill) LLC to Notice of Assumption and Assignment of Certain of the Debtors' Leases to Dollar Tree Stores, Inc.* (the "Objection").[7]

11. In further support of the Objection, Landlord filed the Witness and Exhibit List immediately prior to filing this Seal Motion.

## RELIEF REQUESTED

12. By this Seal Motion, Landlord seeks entry of the Proposed Order (i) authorizing Landlord to file unredacted copies of the exhibits to the Witness and Exhibit List under seal; (ii) ordering that the unredacted versions of the exhibits to the Witness and Exhibit List remain confidential and not be made available to anyone other than the Court, UST and Debtors; and (iii) authorizing Landlord to redact confidential portions of the exhibits to the Witness and Exhibit List that disclose sensitive commercial information and to file such redacted versions on the docket in the Chapter 11 Cases.

---

[5] Docket No. 2205.
[6] Docket No. 2260.
[7] Docket No. 2497.

4

**BASIS FOR RELIEF**

13. Section 105(a) of the Bankruptcy Code sets forth the Court's inherent powers of equity and authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

14. Section 107(b) of the Bankruptcy Code provides, in pertinent part:

> On the request of a party in interest, the bankruptcy court shall… (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information….[8]

15. Bankruptcy Rule 9018, in turn, explains the process by which a party-in-interest may seek relief under Bankruptcy Code section 107(b):

> On motion or on its own, the court may, with or without notice, issue any order that justice requires to: (1) to protect the estate or any entity regarding a trade secret or other confidential research, development, or commercial information….[9]

16. Once it is established that information sought to be protected can be categorized as confidential commercial information, the Bankruptcy Code does not require a party seeking protection to demonstrate cause. In fact, if information qualifies as commercial information under Bankruptcy Code section 107(b), then "the court is *required* to protect a requesting interested party and has no discretion to deny the application."[10]

17. Landlord submits that certain discrete information in the exhibits to the Witness and Exhibit List falls within the scope of information that the Court may protect pursuant to Bankruptcy Code section 107(b)(1) and Bankruptcy Rule 9018. Courts in this Circuit have noted that section 107(b) is "meant to shield entities from disclosure of commercial

---

[8] 11. U.S.C. § 107(b).

[9] Fed. R. Bankr. P. 9018; *see also* D.N.J. LBR 9018-1.

[10] *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *accord In re Farmland Indus., Inc.*, 290 B.R. 364, 368 (Bankr. W.D. Mo. 2003).

information that, if disclosed, would result in "an unfair advantage to competitors" and "cause the entity commercial injury."[11]

18. The Witness and Exhibit List contains certain commercial information, including financial and business terms. Disclosure of such information would be detrimental to the respective business interests of Landlord and its tenants. Requiring Landlord to disclose such information could have a chilling effect by discouraging prospective tenants from leasing retail space offered by Landlord.

19. Accordingly, Landlord requests entry of the Proposed Order authorizing it to redact discrete information included in the exhibits to the Witness and Exhibit List that will be available on the public docket in the Chapter 11 Cases.

## WAIVER OF MEMORANDUM OF LAW

20. The Landlord respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis for the Seal Motion is set forth herein and there are no novel issues raised.

## NO PRIOR REQUEST

21. No prior request for the relief sought in this Seal Motion has been made to this Court or any other Court.

## NOTICE

22. The Landlord will provide notice of this Seal Motion to: (a) the office of the United States Trustee for the District of New Jersey; (b) counsel to Debtors; (c) counsel to the Official Committee of Unsecured Creditors; (d) counsel to the Prepetition ABL Agent; (e) counsel to the DIP Agent; and (f) all parties requesting notices pursuant to Bankruptcy Rule

---

[11]  *In re Altegrity, Inc.*, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) (internal citations and quotations omitted).

2002. In light of the relief requested herein, Landlord submits that no other or further notice need be provided.

## CONCLUSION

**WHEREFORE**, Landlord respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: October 15, 2025

Respectfully submitted,

By: */s/ Robert L. LeHane*
Robert L. LeHane
Jennifer D. Raviele (admitted *pro hac vice*)
Connie Y. Choe
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Telephone: (212) 808-7800
Email: rlehane@kelleydrye.com
jraviele@kelleydrye.com
cchoe@kelleydrye.com

-and-

One Jefferson Road
Parsippany, NJ 07054
Tel: (973) 503-5900

*Attorneys for Equity One (Copps Hill) LLC*