**<u>Exhibit 1</u>**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

**SECOND SUPPLEMENTAL NOTICE OF SUCCESSFUL AND BACKUP BIDDERS**
**WITH RESPECT TO THE AUCTION OF CERTAIN OF THE DEBTORS' LEASES**

PLEASE TAKE NOTICE that on June 11, 2025, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered the *Final Order (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief*, [Docket No. 804] (the "Order")[2] by which the Court approved procedures setting forth the process by which the Debtors are authorized to conduct an auction (the "Auction") for the sale of certain unexpired leases of nonresidential real property (each, a "Lease"), in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors").

PLEASE TAKE FURTHER NOTICE that, on July 21, 2025, pursuant to the Order, the Debtors conducted the Auction with respect to certain of the Leases.

PLEASE TAKE FURTHER NOTICE that, at the conclusion of the Auction, the Debtors, in consultation with their professionals, filed the *Notice of Successful and Backup Bidders with Respect to the Auction of Certain of the Debtors' Leases* [Docket No. 1524].

PLEASE TAKE FURTHER NOTICE that following the Auction, the Debtors entered into an Assumption and Assignment Agreement with Dollar Tree Stores, Inc. relating to certain Leases which were not otherwise bid upon and have selected Dollar Tree Stores, Inc. as the Successful Bidder with respect to each of the Leases listed on Exhibit A attached hereto, subject to the terms of the Assumption and Assignment Agreement attached hereto as Exhibit B.  The Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each unexpired lease set forth on Exhibit A may be assumed and assigned in accordance with the Assumption and Assignment Agreement.

PLEASE TAKE FURTHER NOTICE that objections (a "Sale Agreement Objection") solely with respect to the entry of the *Order Approving the Debtors' Entry Into the Assumption and Assignment Agreement with Dollar Tree Stores, Inc.* attached hereto as Exhibit C (the "Sale

---

[1]   The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025.  The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

[2]   Capitalized terms used but not defined in this notice have the meanings given to them in the Order.

Agreement Order") must be filed with the Court and served so as to be actually received before **September 5, 2025 at 5:00 p.m., prevailing Eastern Time** (the "Sale Agreement Objection Deadline") by (a) the Debtors' co-counsel, (i) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn: Alice Belisle Eaton (aeaton@paulweiss.com), Christopher Hopkins (chopkins@paulweiss.com), and Nick Krislov (nkrislov@paulweiss.com)) and (ii) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601 (Attn: Michael D. Sirota (msirota@coleschotz.com), Warren A. Usatine (wusatine@coleschotz.com), Felice R. Yudkin (FYudkin@coleschotz.com), and Seth Van Aalten (svanaalten@coleschotz.com)); (b) the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102, Attn: Jeffrey M. Sponder and Lauren Bielskie (the "U.S. Trustee"); (c) counsel to the Prepetition ABL Agent and the DIP Agent, (i) Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110 (Attn: John F. Ventola (jventola@choate.com), Jonathan D. Marshall (jmarshall@choate.com) and Mark D. Silva (msilva@choate.com)) and (ii) Greenberg Traurig, LLP, 500 Campus Drive, Suite 400, Florham Park, NJ 07932 (Attn: Alan J. Brody (brodya@gtlaw.com) and Julia Frost-Davies (julia.frostdavies@gtlaw.com)); (d) co-counsel to the Committee, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Brett H. Miller (bmiller@willkie.com), Todd M. Goren (tgoren@willkie.com), James H. Burbage (jburbage@willkie.com), and Jessica D. Graber (jgraber@willkie.com) and Sills Cummis & Gross P.C., One Riverfront Plaza, Newark, NJ 07102, Attn: Andrew S. Sherman (asherman@sillscummis.com), Boris Mankovetskiy (bmankovetskiy@sillscummis.com), and Gregory Kopacz (gkopacz@sillscummis.com); (e) any affected Lease Counterparty or their known counsel; and (f) counsel to Dollar Tree Stores, Inc., Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: Jonathan Gordon (jonathan.gordon@lw.com).

PLEASE TAKE FURTHER NOTICE that the deadline to object to the proposed Cure Costs, assumption and assignment, form of adequate assurance of future performance, or any other objections to the proposed assignment of any Lease identified on Exhibit A to Dollar Tree Stores, Inc., as assignee (each, an "Assignment Objection"), will be set forth in a separate notice. **An Assignment Objection need not be filed by the Sale Agreement Objection Deadline.**

PLEASE TAKE FURTHER NOTICE that, if a Sale Agreement Objection is timely filed and not withdrawn or resolved, such Sale Agreement Objection will be heard at a hearing to be scheduled upon the request of the Debtors or as ordered by the Court. If no such Sale Agreement Objection is timely filed, the Sale Agreement Order may be entered without any hearing.

PLEASE TAKE FURTHER NOTICE that copies of the Auction Procedures and the Sale Agreement Order, as well as all related exhibits, including the Assumption and Assignment Agreement, are available: (a) upon request to Kroll Restructuring Administration LLC (the claims, noticing, and solicitation agent retained in these chapter 11 cases) by calling (888) 575-9318 (toll free) or +1 (646) 930-4577 (international); (b) by visiting the website maintained in these chapter 11 cases at **https://restructuring.ra.kroll.com/RiteAid2025**; or (c) for a fee via PACER by visiting http:// www.njb.uscourts.gov.

Dated: August 29, 2025

/s/ *Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com
            svanaalten@coleschotz.com

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email:      arosenberg@paulweiss.com
            aeaton@paulweiss.com
            chopkins@paulweiss.com
            smitchell@paulweiss.com

*Co-Counsel to the Debtors and
Debtors in Possession*

3

**Exhibit A**

| RAD Store # | Address | City | State |
|---|---|---|---|
| 447 | 1205 Ben Franklin Highway West | Douglasville | Pennsylvania |
| 790 | 1301-1399 West Chester Pike | Havertown | Pennsylvania |
| 923 | 1860 Brownsville Road | Trevose | Pennsylvania |
| 1411 | 1698 Pulaski Highway | Bear | Delaware |
| 1662 | 980 East Mal Street | Palymra | Pennsylvania |
| 1672 | 6912 New Falls Road | Levittown | Pennsylvania |
| 2205 | 1520 Rock Spring Road | Forest Hill | Maryland |
| 3607 | 1814 Spring Road | Carlisle | Pennsylvania |
| 3613 | 5277 Simpson Ferry Road | Mechanicsburg | Pennsylvania |
| 3620 | 1550 Columbia Avenue | Lancaster | Pennsylvania |
| 4284 | 3601 Walnut Street | Harrisburg | Pennsylvania |
| 4791 | 2023 Lycoming Creek Road | Williamsport | Pennsylvania |
| 5660 | 10631 Tierrasanta Boulevard | San Diego | California |
| 5903 | 1320 West Hillsdale Boulevard | San Mateo | California |
| 5910 | 60 Solano Square | Benicia | California |
| 6010 | 1032 Oakdale Road | Modesto | California |
| 6378 | 8027 North Cedar Avenue | Fresno | California |
| 10369 | 508 Monroe Turnpike | Monroe | Connecticut |

| RAD Store # | Address | City | State |
|---|---|---|---|
| 10389 | 125 Danbury Road | Ridgefield | Connecticut |
| 10644 | 18 Indian Head Road | Kings Park | New York |
| 10722 | 3027 Route 50 | Saratoga Springs | New York |
| 10822 | 2330 Niagara Falls Boulevard | Tonawanda | New York |
| 11046 | 1328 Chestnut Street | Emmaus | Pennsylvania |
| 11064 | 791 Scranton Carbondale Highway | Eynon | Pennsylvania |
| 11172 | 4630 Perkiomen Avenue | Reading | Pennsylvania |

# Exhibit B

## Assumption and Assignment Agreement

## ASSUMPTION AND ASSIGNMENT AGREEMENT

This ASSUMPTION AND ASSIGNMENT AGREEMENT (the "Agreement"), dated as of August 27, 2025, is by and between RITE AID OF PENNSYLVANIA, LLC; RITE AID OF DELAWARE, INC.; RITE AID OF MARYLAND, INC.; THRIFTY PAYLESS, INC.; GENOVESE DRUG STORES, INC.; ECKERD CORPORATION; and THRIFT DRUG, INC.; (collectively, "Assignor"), on the one hand, and DOLLAR TREE STORES, INC. ("Assignee," and together with Assignor, the "Parties"), on the other hand.

## RECITALS

WHEREAS, Assignor, along with its affiliated debtors in possession (collectively, the "Debtors"), filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") in the jointly administered chapter 11 cases captioned *In re New Rite Aid, LLC*, Case No. 25-14861 (MBK) (the "Chapter 11 Cases");

WHEREAS, on June 11, 2025, the Bankruptcy Court entered the *Final Order (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief* [Docket No. 804] (the "Lease Sale Procedures Order") approving certain procedures (the "Auction Procedures") for the auction and sale of real property leases of the Assignor;

WHEREAS, Assignor has agreed to assume and assign, and Assignee has agreed to purchase from Assignor, the real property leases listed on the attached Schedule A (each, a "Lease" and, together, the "Leases") with respect to the premises set forth on Schedule A (the "Premises") pursuant to the terms and conditions of this Agreement, subject to entry by the Bankruptcy Court of (i) an order approving this Agreement, in the form attached hereto as Exhibit 1 or otherwise in form and substance satisfactory to the Parties (the "Approval Order") and (ii) an order approving the assignment of such applicable Lease(s), in the form attached hereto as Exhibit 2 or otherwise in form and substance satisfactory to the Parties (the "Assignment Order"); and

WHEREAS, pursuant to a letter agreement between Assignee and New Rite Aid, LLC, dated July 21, 2025, Assignee paid $140,000 to the Debtors for the Debtors' satisfaction of their August rent obligations under certain of the Leases.

NOW, THEREFORE, in consideration of the premises and the mutual agreements herein contained, the Parties hereto agree as follows:

## AGREEMENT

1. Bankruptcy Court Approval.

   (a)     Promptly following the Parties' execution hereof, Assignor shall (at its sole cost and expense) file notices (in form and substance satisfactory to

Assignee) with the Bankruptcy Court, requesting entry of the Approval
Order and the Assignment Order.

(b)    Assignor shall (at its sole cost and expense) serve such notices in
accordance with the Bankruptcy Code, the Lease Sale Procedures Order,
and the Federal Rules of Bankruptcy Procedures, including on the
counterparties to the Leases at the applicable notice address set forth in such
Lease and any other applicable notice addresses known to Assignor or
provided to Assignor by Assignee.

(c)    Prior to the filing and service of such notices, Assignor shall deliver to
Assignee a list of such addresses to which Assignor intends to deliver the
notices.

2.    <u>Assignment and Assumption</u>. Effective upon entry of the Assignment Order (the
"<u>Closing Date</u>") and subject to the terms therein:

(a)    Assignor hereby sells, transfers, conveys, assigns and sets over to Assignee,
its successors and assigns, all of Assignor's right, title, and interest in and
to the Lease(s), free and clear of leasehold mortgages (if any), subleases,
licenses, holdover rights under applicable bankruptcy and non-bankruptcy
law and rules, claims liens, mechanics liens, bills, interests, and rights under
Section 365(h) of the Bankruptcy Code, and any other rights or
encumbrances.

(b)    Assignee hereby assumes and undertakes to pay, perform, and discharge all
of Assignor's obligations and duties with respect to the Lease(s) arising
from and after the Closing Date.

3.    <u>Payment of Purchase Price</u>.

(a)    Assignee shall, within three business days after entry of the Approval Order,
deliver $300,000 in immediately available funds wired to an account
specified by Assignor.

(b)    Assignee shall, within five business days after entry of an Assignment
Order, deliver $60,000 in immediately available funds wired to an account
specified by Assignor per each Lease subject to such Assignment Order,
*provided* that the $300,000 purchase price paid pursuant to Section 3(a)
shall be applied to (and no additional purchase price shall be owed for) the
first six Leases assigned pursuant to any Assignment Order(s).

(c)    The aggregate purchase price to be paid by Assignee shall be reduced by
(i) $5,000 per each Premise subject to an assigned Lease that contains, as of
the Closing Date for such Lease, any abandoned property and (ii) on a
dollar-for-dollar basis up to $30,000, any cure amounts required to be paid
in connection with the assignment of a Lease in excess of the applicable
cure amount listed for such Lease on <u>Schedule A</u>.

-2-

(d)     Assignee reserves the right to internally adjust the allocation of such consideration among the final number of Closings for purposes of the Assignee's books and records.

4.     Termination.  Assignee may terminate this Agreement with respect to any Lease(s) at any time upon written notice to Assignor (with e-mail being sufficient).  If the assumption and assignment of a Lease on Schedule A (the "Closing") does not occur before October 31, 2025 (or such other date as agreed to by the Parties in writing or e-mail) (the "Expiration Date"), Assignor may terminate this Agreement with respect to such Lease upon written notice to the Assignee without any liability hereunder and may execute an assignment to another bidder for such Lease.

5.     Monthly Rent.  Assignee shall wire Assignor the Monthly Rent for each Lease set forth on Schedule A at least one business day prior to the start of each month (unless such rent has been waived by the applicable landlord), if the Agreement has not been terminated with respect to such Lease or if the Closing for such Lease has not occurred.

6.     No Rejection or Transfer.  Assignor shall not move to reject, and shall not assign, sell or otherwise transfer, any of the Leases on Schedule A if this Agreement has not been terminated with respect to such Lease.

7.     Assumption of Liabilities.  From and after Closing, Assignee shall assume and cure all outstanding liabilities, and assume all remaining obligations, with respect to the Lease(s), in each case pursuant and subject to the terms of the Assignment Order.

8.     No Further Liability of Assignor.  From and after Closing, Assignor shall have no further obligations and duties with respect to the Lease(s), except as set forth in the following paragraph and subject to the terms of the Assignment Order.

9.     Further Assurances.  At any time and from time to time after the date hereof, at the request of Assignee, and without further consideration, Assignor shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation or consents and take such other action as Assignee may reasonably request as necessary or desirable in order to more effectively transfer, convey, and assign to Assignee Assignor's rights to the Lease(s).

10.     "As Is Where Is" Transaction.  Assignee hereby acknowledges and agrees that Assignor makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Lease(s).  Without limiting the foregoing, Assignor hereby disclaims any warranty (express or implied) of merchantability or fitness for any premises subject to the Lease(s). Assignee further acknowledges that the Assignee has conducted an independent inspection and investigation of the physical condition of premises subject to the Lease(s) and all such other matters relating to or affecting the Lease(s) as Assignee deemed necessary or appropriate and that in proceeding with its acquisition of the Lease(s), Assignee is doing so based upon such independent inspections and investigations.  Accordingly, Assignee will accept the Lease(s) "AS IS" and "WHERE IS," subject to any modifications set forth in the Assignment Order.

11.     Compliance With Law.  Each Party hereby agrees to comply with all applicable laws.  Each Party agrees to indemnify and hold the other Party harmless for any violation of this section.

-3-

12.     <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflicts of law.

13.     <u>Jurisdiction</u>.  The Parties consent to the exclusive jurisdiction of the Bankruptcy Court with respect to all matters arising under or relating to this Agreement.  The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law.  The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

14.     <u>No Reliance</u>.  Each Party represents and warrants that in entering into this Agreement it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter.  In entering into this Agreement, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

15.     <u>Construction</u>.  This Agreement has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Agreement so as to give rise to any presumption of convention regarding construction of this document.  All terms of this Agreement were negotiated in good faith and at arm's-length, and this Agreement was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other.  The execution and delivery of this Agreement is the free and voluntary act of the Parties.

16.     <u>Execution in Counterparts</u>.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  All signatures of the Parties to this Agreement may be transmitted by facsimile or by electronic mail, and such transmission will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces, and will be binding upon such Party.

[<i>Signatures follow</i>]

-4-

68500/0009-51200834v2

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

ASSIGNOR:

**RITE AID OF PENNSYLVANIA, LLC; RITE AID OF DELAWARE, INC.; RITE AID OF MARYLAND, INC.; THRIFTY PAYLESS, INC.; GENOVESE DRUG STORES, INC.; ECKERD CORPORATION; and THRIFT DRUG, INC.**

By: _____
Name:
Title:


ASSIGNEE:

**DOLLAR TREE STORES, INC.**

By: _____
Name:
Title:

Todd Littler
Senior Vice President
Real Estate Leasing

**Exhibit C**

**Proposed Sale Agreement Order**

<table>
<tr><td colspan="2">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

</td></tr>
<tr><td>

In re:

NEW RITE AID, LLC, *et al.*,

Debtors.[1]

</td><td>

Chapter 11

Case No. 25-14861 (MBK)

(Jointly Administered)

</td></tr>
</table>

<u>**ORDER APPROVING THE DEBTORS' ENTRY INTO THE ASSUMPTION
AND ASSIGNMENT AGREEMENT WITH DOLLAR TREE STORES, INC.**</u>

The relief set forth on the following pages, numbered three (3) through four (4), is

**ORDERED**.

---

[1]     The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025.  The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel to the Debtors and
Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al*. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER APPROVING THE DEBTORS' ENTRY INTO THE ASSUMPTION AND ASSIGNMENT AGREEMENT WITH DOLLAR TREE STORES, INC. |

Upon the *Final Order (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief* [Docket No. 804] (the "Final Order")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having jurisdiction over this matter and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.) and June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the matter in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having properly filed and served a *Notice of Bid Deadline, Potential Auction and Potential Sale Hearing for Certain Lease Assets* [Docket No. 1320], [a *Notice of Successful Bidder With Respect to Certain of the Debtors' Leases*] [Docket No. [ ● ]] (the "Notice of Successful Bidder") and the [*Notice of Assumption and Assignment of Certain of the Debtors' Leases to Dollar Tree Stores, Inc.*] [Docket No. [ ● ]] (the "Assumption and Assignment Notice" and, together with the Notice of Successful Bidder, the "Bid Notice Documents") on the Objection Notice Parties, the Successful Bidder, and the applicable Lease Counterparties, in accordance with the terms of the Final Order; and it appearing that no other notice need be provided; and this Court having determined that the Debtors having complied with the Final Order and the Auction Procedures (as defined therein), and that the Debtors' entry into the Assumption and Assignment Agreement, in the form attached hereto as **Exhibit 1** (the "Assignment Agreement"), is in the best

---

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Final Order or the *Debtors' Motion for Entry of Interim and Final Orders (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief* [Docket No. 22].

(Page | 4)

Debtors:            NEW RITE AID, LLC, *et al.*
Case No.            25-14861 (MBK)
Caption of Order:   ORDER APPROVING THE DEBTORS' ENTRY INTO THE
                    ASSUMPTION AND ASSIGNMENT AGREEMENT WITH DOLLAR
                    TREE STORES, INC.

---

interest of the Debtors and their estates and provides for the highest or best offer for the Leases (as

defined in the Assignment Agreement); and after due deliberation and sufficient cause appearing

therefor, **IT IS HEREBY ORDERED THAT**:

1.      The applicable Debtor and Assignee (as defined in the Assignment Agreement) are

authorized to enter into and perform under the Assignment Agreement, and to implement the

Assignment Agreement and the transactions contemplated thereunder and hereunder; *provided* that

the assumption and assignment of any Leases to the Assignee shall be contingent on, and subject

to, a separate order from this Court authorizing such assignment. The Assignment Agreement and

all of the terms and conditions thereof is hereby approved in all respects.

2.      The Assignment Agreement has been negotiated and executed, and the transactions

contemplated thereby are and have been undertaken, by the Debtors and the Assignee and their

respective representatives at arm's length, without collusion, and in "good faith" as such term is

defined in section 363(m) of the Bankruptcy Code. The Assignee is a "good faith" purchaser within

the meaning of section 363(m) and, as such, is entitled to the full protections under section 363(m)

of the Bankruptcy Code.

3.      The 14-day stay required Bankruptcy Rule 60064 is hereby waived.

4.      This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.