Order Filed on October 17, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br>　　　　　　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

**ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF HILCO IP SERVICES, LLC D/B/A HILCO STREAMBANK AS INTANGIBLE ASSETS DISPOSITION CONSULTANT TO THE DEBTORS; (II) WAIVING CERTAIN TIMEKEEPING REQUIREMENTS; AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through seven (7), is **ORDERED**.

DATED: October 17, 2025

　　　　　　　　　　　　　　　　　　　　　　　　　Honorable Michael B. Kaplan
　　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims, noticing, and solicitation agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel for Debtors and Debtors in Possession*

(Page 3)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Retention and Employment of Hilco IP Services, LLC d/b/a Hilco Streambank as Intangible Assets Disposition Consultant to the Debtors; (II) Waiving Certain Timekeeping Requirements; and (III) Granting Related Relief |

Upon the *Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of Hilco IP Services, LLC d/b/a Hilco Streambank as Intangible Assets Disposition Consultant to the Debtors (II) Waiving Certain Timekeeping Requirements; and (III) Granting Related Relief* (the "Application"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"): (i) authorizing the Debtors to retain and employ Hilco IP Services, LLC d/b/a Hilco Streambank ("Hilco Streambank") to market and otherwise facilitate the potential sale, assignment, license, or other disposition of intangible assets owned by the Debtors to the extent the Debtors require, and on the terms and conditions set forth herein and in the Engagement Letter, (ii) waiving certain requirements of Bankruptcy Rule 2016 and the U.S. Trustee Guidelines; and (iii) granting related relief, all as more fully set forth in the Application; and upon the Peress Declaration; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Application was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application; this Court having heard the statements in support of the relief requested therein at a hearing before this Court, if any; and this Court being

---

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Application.

(Page 4)
Debtors:       NEW RITE AID, LLC, *et al.*
Case No.       25-14861 (MBK)
Caption of Order:  Order (I) Authorizing the Retention and Employment of Hilco IP Services, LLC d/b/a Hilco Streambank as Intangible Assets Disposition Consultant to the Debtors; (II) Waiving Certain Timekeeping Requirements; and (III) Granting Related Relief

satisfied that Hilco Streambank does not hold or represent any interest adverse to the Debtors, their estates, or their creditors, and is a disinterested person within the meaning of Sections 327 and 101(14) of the Bankruptcy Code, and that said employment would be in the best interest of the Debtors, their respective estates and creditors, and all parties-in-interest, and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, pursuant to sections 327 and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1(c), to employ and retain Hilco Streambank in accordance with the terms and conditions set forth in the Engagement Letter, attached hereto as **Exhibit 1**, to the extent set forth herein.

3. The terms of the Engagement Letter, including the Indemnification Provision, are reasonable terms and conditions of employment and are hereby approved, subject to the following provisions:

   a. Hilco Streambank shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter, unless the indemnification, contribution or reimbursement is approved by the Court;

   b. notwithstanding any provision of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify or provide contribution or reimbursement to Hilco Streambank for any claim or expense to the extent that it is either (i) judicially determined (the determination having become final) to have arisen from Hilco Streambank's bad faith, actual fraud, gross negligence or willful misconduct, (ii) for a contractual dispute in which the Debtors allege breach of Hilco Streambank's obligations under the Engagement Letter unless this Court

(Page 5)
Debtors:        NEW RITE AID, LLC, *et al*.
Case No.        25-14861 (MBK)
Caption of Order:    Order (I) Authorizing the Retention and Employment of Hilco IP Services, LLC d/b/a Hilco Streambank as Intangible Assets Disposition Consultant to the Debtors; (II) Waiving Certain Timekeeping Requirements; and (III) Granting Related Relief

determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003), or (iii) settled without the Debtors' consent prior to a judicial determination as to Hilco Streambank's gross negligence, actual fraud, willful misconduct, bad faith or self-dealing but determined by this Court, after notice and a hearing, to be a claim or expense for which Hilco Streambank should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order;

c.  if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, Hilco Streambank believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, Hilco Streambank must file an application before this Court and the Debtors may not pay any such amounts before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by Hilco Streambank for indemnification, contribution, or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify or make contributions or reimbursements to Hilco Streambank. All parties in interest shall retain the right to object to any demand by Hilco Streambank for indemnification, contribution or reimbursement in accordance with the terms of this Order;

d.  any limitation of liability pursuant to the terms and conditions set forth in the Application, the Engagement Letter, or any ancillary documents thereto shall not apply as to any losses, claims, damages, or liabilities to the extent resulting from conduct for which Hilco Streambank would not be entitled to indemnification under the provisions of this Order. Notwithstanding any provision in the Engagement Letter or any ancillary documents thereto to the contrary, the contribution obligations of Hilco Streambank shall not be limited to the aggregate amount of fees actually received by Hilco Streambank pursuant to the Engagement Letter.

4.  Hilco Streambank shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Engagement Letter and this Order, and the fees and expenses payable to Hilco Streambank shall be treated as administrative expenses

(Page 6)
| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al*. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Retention and Employment of Hilco IP Services, LLC d/b/a Hilco Streambank as Intangible Assets Disposition Consultant to the Debtors; (II) Waiving Certain Timekeeping Requirements; and (III) Granting Related Relief |

of the Debtors' estates, shall be free and clear of all liens, claims, and encumbrances, and shall be paid by the Debtors without the necessity of Hilco Streambank filing monthly or interim fee applications or otherwise complying with the monthly, quarterly, or final compensation procedures applicable to professionals; *provided, however*, that Hilco Streambank shall file a declaration (a "Sale Declaration") in conformity with Local Rule 2016-1(c) in connection with the sale, assignment, license, or other disposition of the Assets setting forth, among other things, the fees earned and expenses incurred by Hilco Streambank and paid (or to be paid) by the Debtors. The Sale Declaration shall be served on the U.S. Trustee, counsel to the Committee and counsel to the DIP Agent, each of which shall have ten days to review and object to the expenses set forth in the Sale Declaration. If there are no objections, the Debtors are authorized to promptly pay Hilco Streambank its fees and expenses. Any objections not otherwise resolved shall be brought before the Court on no less than ten (10) days' notice. Notwithstanding anything in this Order to the contrary, the U.S. Trustee shall retain all rights to object to Hilco Streambank's fees and expenses based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

5. The Debtors shall not pay Guggenheim Securities, LLC any fees on account of any Assets sold by Hilco Streambank.

6. Notwithstanding the information requirements of Bankruptcy Rule 2016 and the Fee Guidelines or otherwise, Hilco Streambank shall not be required to maintain records of detailed time entries in connection with professional services rendered under the Engagement Letter.

7. In the event of any inconsistency between the Engagement Letter, the Application,

(Page 7)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al*. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Retention and Employment of Hilco IP Services, LLC d/b/a Hilco Streambank as Intangible Assets Disposition Consultant to the Debtors; (II) Waiving Certain Timekeeping Requirements; and (III) Granting Related Relief |

and this Order, this Order shall govern.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. The Debtors and Hilco Streambank are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

    Chase Bank, N.A., (xxxviii) Kehe Distributors, (xxxix) KeyBank, (xl) Kone, (xli) Liberty Coca Cola, Lone Oak Treverse City (Coca Cola), which may be affiliates of Abarta Coca Cola Bottling, Coca Cola Bottling, Coca Cola North American Bottling, Coca Cola Refreshments, Great Lakes Coca Cola, Reyes Coca Cola Bottling LLC, Yakima Coca Cola Bottling, (xlii) Liquid Death, (xliii) M&T Bank, (xliv) Marcum LLP, (xlv) Maesa LLC, (xlvi) Mercer, (xlvii) MUFG Union Bank, N.A., (xlviii) National Express, LLC, (il) Nice-Pak Products, Inc., (l) OBI Seafoods, LLC, f/ n/a Ocean Blue LLC (li) Perfume Worldwide Inc., (lii) PlayMonster, LLC, (liii) PNC Bank, (liv) Prophase Labs, Inc., (lv) Proud Source Water, (lvi) RR Donnelley Inc., (lvii) RSM Corporate Finance LLP, RSM Restructuring (UK) Advisory LLP, which may be an affiliate of RSM US LLP, (lviii) Santander Bank, (lix) Siemens Financial Services, Inc., (lx) Sheffield Pharmaceuticals, (lxi) Spartan Stores, Inc., n/k/a/ SpartanNash Company, (lxii) Spirit Pharmaceuticals LLC, (lxiii) Spirit Pharmaceuticals LLC, (lxiv) SupplyOne, Inc, (lxv) Supply Source Enterprises, Inc., which may be an affiliate of Supply Source, Inc., (lxvi) TD Bank, (lxvii) Truist Financial, which may be an affiliate of Truist Bank, (lxviii) UBS AG (lxix) Vi-Jon LLC, (lxx) Webster Bank, (lxxi) Wells Fargo Bank, N.A., Wells Fargo Capital Finance (lxxii) Winc Australia Pty Limited, f/k/a Staples/OfficeMax Aus/NZ, which maybe an affiliate of Staples, and (lxxiii) Zevia, LLC.

o.    From time to time, Hilco and/or its affiliates have collaborated with or engaged the professional services of: (i) Alvarez & Marsal, (ii) Amazon.com, which may be an affiliate of Amazon Webservices, (iii) Baker & Hostetler LLP, (iv) Baker Tilly Virchow Krause LLP, (v) Barnes & Thornburg LL, (vi) Benesch, Friedlander, Coplan & Aronoff LLP, (vii) Berger Singerman LLP, (viii) Berkeley Research Group LLC, (ix) Church & Dwight Co. Inc., (x) Cole Schotz P.C., (xi) Davis Wright Tremaine LLP, (xii) Element Fleet Corporation, (xiii) Epstein Becker & Green PC, (xiv) Foley & Lardner LLP, (xv) Fox Rothchild LLP, (xvi) Gallagher Bassett Services Inc., (xvii) Genova Burns LLC, (xviii) Gordon Rees Scully Mansukhani, (xix) Grant Thorton, (xx) Guggenheim Securities, (xxi) Holland & Knight LLP, (xxii) Houlihan Lokey, (xxiii) Kelley Drye & Warren LLP, (xxiv) Jackson Lewis LLP, (xxv) Meta Platforms LLC, Facebook, (xxvi) Morgan, Lewis, & Bockius LLP, (xxvii) Paul, Weiss, Rifkind, Wharton & Garrison LLP, (xxviii) Jones Lang LaSalle Americas, (xxix) Kramer Levin Naftalis & Frankel LLP, (xxx) Kroll Information Assurance, (xxxi) Kutak Rock LLP, (xxxii) National Union Fire Insurance, (xxxiii) Peco Energy Company, (xxxiv) Pension Benefit Guaranty Corporation, (xxv) Polsinelli PC, (xxxvi) PricewaterhouseCoopers LLP, (xxxvii) RSM Restructuring Advisory LLP, (xxxviii) Skadden, Arps, Slate, Meagher & Flom LLP, (xxxix) Vedder Price PC, (xl) Webster Bank, (xli) Wells Fargo Bank, N.A., (xlii) Westport Corporation, (xliii) Workday Inc., (xliv) Buchalter, a Professional Corporation, (xlv) Quinn Emanuel Urquhart & Sullivan, LLP, (xlvi) Greenberg Traurig, LLP, (xlvii) Kroll Restructuring Administration, (xlviii) Bryan Cave Leighton Paisner LLP, (xlix) Chiesa Shahinian & Giantomasi PC, (l) Clark Hill, (li) ArentFox Schiff, (lii) Barclay Damon LLP, (liii) Womble Bond Dickinson (US) LLP, and (liv) Sidley Austin LLP, in matters unrelated to the Debtors.

p.    Because of the magnitude of the entire creditor list in these chapter 11 cases, it is possible that Hilco Streambank and/or its affiliates may represent or may have represented other creditors of the Debtors but does not represent any such creditors in connection with these chapter 11 cases. Hilco Streambank and/or its affiliates presently or in the past have served as a professional person in other matters, wholly unrelated to the Debtors or these chapter 11 cases,

in which other attorneys, accountants and other professionals of the Debtors, creditors, or other parties in interest may have also served or serve as professional persons.