# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARGARET BIANUCCI, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| RITE AID CORPORATION | : | NO. 24-3356 |

ORDER

AND NOW, the 30th day of July, 2025, for the reasons set forth in the foregoing Memorandum, it is hereby ORDERED that:

(1)  The court has jurisdiction over the subject matter of this Action[1] and over all claims raised therein and all Parties thereto, including the Settlement Class.

(2)  The Court hereby approves the Settlement, including the plans for implementation and distribution of the settlement relief, and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class Members, within the authority of the Parties and the result of extensive arm's-length negotiations.  The Parties shall effectuate the Settlement Agreement in accordance with its terms.  The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

---

1.  The capitalized terms used in this Final Approval Order shall have the same meaning as defined in the Settlement Agreement (Doc. # 38-2) except as may otherwise be ordered.

(3)     There were no objections to the Settlement. Initially, there were 24 requests for exclusion ("Opt-Outs") from the Settlement.  Due to Rite Aid's pending bankruptcy action, the 24 Opt-Outs were provided Court-approved supplemental notice providing them with the opportunity to rescind their request for exclusion and remain in the Settlement Class.  The Opt-Outs had until July 16, 2025 to choose whether to rescind their request for exclusion.  Any of the Opt-Outs who timely rescinded their request for exclusion remain in the Settlement Class.  Following this process, there remain 19 timely and valid requests for exclusion from the Settlement. The 19 Class Members who timely and properly opted out from the Settlement, and who did not timely rescind their request for exclusion, are identified in Exhibit 1 to this order (the "Opt-Outs").

(4)     The Settlement Class, which will be bound by this Final Approval Order, shall include all members of the Settlement Class who did not submit timely and valid requests to be excluded from the Settlement Class, along with any Opt-Outs who rescinded their requests for exclusion on or before July 16, 2025.

(5)     For the purposes of the Settlement and this Final Approval Order, the court hereby:

-2-

(a)  Certifies the following Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure: all residents of the United States whose Personal Information was compromised or potentially compromised in the Rite Aid Data Breach, including all persons who received notice of the Data Breach. Excluded from the Settlement Class are: (1) the Judge(s) presiding over the Action and members of their immediate families and their staff; (2) Rite Aid, its subsidiaries, parent companies, successors, predecessors, any entity in which Rite Aid or its parents have a controlling interest, and its current or former officers and directors; (3) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person.

(b)  Appoints plaintiffs Margaret Bianucci, Kathryn Edwards, Erica Judka, and Faith Spiker for settlement purposes only, as representatives of the Settlement Class.  The court finds that the Class Representatives are similarly situated to absent Settlement Class Members and are typical of the

Settlement Class, and, therefore, they will be adequate Class Representatives.

(c)  Appoints Andrew W. Ferich of Ahdoot & Wolfson, PC, Benjamin F. Johns of Shub Johns & Holbrook LLP, Thomas E. Loeser of Cotchett Pitre & McCarthy LLP, Kevin Laukaitis of Laukaitis Law LLC, and Ashley Crooks of Hausfeld LLP as Class Counsel.

(d)  Finds that the dissemination of Notice to Class Members: (1) was implemented in accordance with the Preliminary Approval Order; (2) constituted the best notice practicable under the circumstances; (3) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (a) a description of the material terms of the Settlement, (b) how to submit a Claim Form, (c) the Claims Deadline, (d) the last day of the Opt-Out Period for individuals in the Settlement Class to opt out of the Settlement Class, (e) the Objection Deadline for Class Members to object to the Settlement and/or motion for a Fee Award and Costs and Class Representative Service Awards, (f) the Final Approval Hearing date, and (g) the Settlement Website address at which Class Members may access the Settlement Agreement and other related documents and information;

-4-

(4) constituted due, adequate, and sufficient notice to all natural persons entitled to receive notice of the proposed Settlement; and (5) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules.

(6)  All persons who have not made their objections to the Settlement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

(7)  Within the time periods set forth in the Settlement Agreement, the Settlement Benefits provided for in the Settlement Agreement shall be paid to the Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

(8)  Upon the Effective Date, Class Members who did not validly and timely opt out shall, by operation of this Final Approval Order, have fully, finally, and forever released, relinquished, disclaimed and discharged Defendant from all claims that were or could have been asserted in the Action.

(9)  All Class Members who did not validly and timely opt out are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in,

participating in, conducting or continuing, either directly or in any other capacity, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims against Defendant released pursuant to the Settlement Agreement.

(10) The terms of the Settlement Agreement and this Final Approval Order shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest or expenses which were or could have been asserted in the Action or in any third-party action.

(11) The Final Approval Order, the Settlement Agreement, the Settlement which it reflects, and all acts, statements, documents, or proceedings relating to the Settlement are not, and shall not be construed as, or used as an admission by or against Defendant of any fault, wrongdoing, or liability on the part of Defendant or of the validity or certifiability for litigation of any claims.

(12) The Court finds Service Awards of $3,500.00 per Class Representative are fair and reasonable.  These amounts are to be paid out of the Settlement Fund, in accordance with the Settlement Agreement.

(13) The court hereby reaffirms its appointment of Kroll Settlement Administration, LLC as Settlement Administrator.  The Court approves payment of the Settlement Administrator's costs and expenses associated with settlement administration and Notice to the Settlement Class in an amount not to exceed $1,300,000.00.

(14) The court hereby approves an award of attorneys' fees in an amount of $2,380,000 and, separately, litigation costs and expenses in an amount of $40,697.43.  These amounts are to be paid out of the Settlement Fund, in accordance with the Settlement Agreement.  The Court finds these amounts to be fair and reasonable.

(15) The above-captioned Action is hereby dismissed against Defendant in its entirety, with prejudice.  Except as otherwise provided in this Final Approval Order, the Parties shall bear their own costs and attorneys' fees.  Without affecting the finality of the Judgment entered, the court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement.

(16) Should any non-distributable residual of the Settlement Fund remain following distribution of the Settlement benefits, the court hereby approves the distribution of 100% of

any such residue from the Settlement Fund to the Pennsylvania Interest on Lawyers Trust Account Board.

                                BY THE COURT:


                                /s/   Harvey Bartle III
                                                      J.

## EXHIBIT 1

OPT-OUT LIST

(1)  A. Fontneau

(2)  A. Snyder

(3)  A. Blue

(4)  B. Kennard

(5)  C. Smith

(6)  C. Selover

(7)  D. White

(8)  G. Tellone

(9)  J. Herron

(10) K. Azar

(11) L. Schure

(12) M. Lefebvre

(13) M. Parson

(14) M. Samelak

(15) P. Snow

(16) R. Gilbert

(17) S. Patel

(18) S. Krivin

(19) T. McGorty