ROSENBERG MARTIN GREENBERG, LLP
Jeffrey M. Lichtstein
25 S. Charles Street, 21st Fl.
Baltimore, MD 21201
410-727-6600
jlichtstein@rosenbergmartin.com

*Attorneys for NEM, LLC*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br>Debtors. | Case No. 25-14861-MBK<br>Chapter 11 |

### NEM LLC'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 365(d)(3)

NEM, LLC ("NEM" or the "Landlord"), by its undersigned counsel, hereby submits this Motion for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 365(d)(3) (the "Motion") and moves the Court for the entry of an order pursuant to 11 U.S.C. § 365(d)(3), granting NEM an administrative expense claim in an amount **not less than $37,188.00** and directing immediate payment of that amount to NEM, and states:

### Jurisdiction and Venue

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1335. This is a core proceeding pursuant to U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2. On May 5, 2025 (the "Petition Date"), New Rite Aid, LLC and its affiliate entities (the "Debtors"), including Rite Aid of Maryland, LLC (the "Tenant"), filed

voluntary petitions for bankruptcy relief under Chapter 11 of the United States Bankruptcy Code, which became jointly administered as the instant case.

3. NEM is the owner of real property located at 1400 Sulphur Springs Road, Baltimore, MD 21227 (the "Premises"). Declaration of Kevin S. Breeden[1] at ¶ 4.

4. The Premises were the location of Rite Aid Store No. 2210. Breeden Dec at ¶ 5.

5. The Landlord entered into a commercial lease with the Tenant dated April 19, 1996, as most recently amended by that certain Amendment to Lease dated November 1, 2023 (the "Lease"). Breeden Dec at ¶ 6.

6. The Tenant rejected the Lease effective as of July 31, 2025 (the "Rejection Date"). [Dkt. 1574]. Breeden Dec at ¶ 7.

7. The Debtors have failed to pay rent, taxes, insurance, and common area maintenance ("CAM") charges for the post-petition months of June and July of 2025 in the total amount of $37,188.00. Breeden Dec at ¶ 8.

**The Landlord is Entitled to Its Administrative Claim**

8. NEM requests that this Court enter an Order: (a) allowing NEM an administrative expense claim pursuant to 11 U.S.C. § 365(d)(3) in the amount of $37,188.00, representing the amount of rent, taxes, insurance, and CAM charges that accrued under the Lease during the period commencing on the Petition Date and ending on the Rejection Date and (b) directing the Debtors to pay such claim.

9. 11 U.S.C. § 365(d)(3) provides, in pertinent part, "the trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real

---

[1] Hereinafter cited as "Breeden Dec".

2

property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." 11 U.S.C. § 365(d)(3).

10. Unlike other administrative expenses, under 11 U.S.C. § 365(d)(3), a landlord is entitled to the post-petition amounts due under the terms of the lease without the need to show that the amounts are reasonable or that the debtor's estate benefited from the use of the property. *In re Pacific–Atlantic Trading Co.,* 27 F.3d 401, 404 (9th Cir. 1994); *In re Microvideo Learning Systems, Inc.,* 232 B.R. 602, 607 (Bankr. S.D. N.Y. 1999).

11. The purpose of § 365(d)(3) is to protect landlords by requiring debtors to timely perform their obligations arising under their leases. *In re Valley Media, Inc.,* 290 B.R. 73, 74 (Bankr. D. Del. 2003).

12. In this case, the Debtors have failed to pay the Landlord rent, taxes, insurance, and CAM charges for the post-petition months of June and July of 2025 in the total amount of $37,188.00, as calculated below:

| | |
|---|---|
| **June 2025** | |
| Rent: | $ 13,963.00 |
| Taxes: | $ 1,833.00 |
| Insurance: | $ 798.00 |
| CAM: | $ 2,000.00 |
| **Total:** | **$ 18,594.00** |
| | |
| **July 2025** | |
| Rent: | $ 13,963.00 |
| Taxes: | $ 1,833.00 |
| Insurance: | $ 798.00 |
| CAM: | $ 2,000.00 |
| **Total:** | **$ 18,594.00** |

Breeden Dec at ¶ 13.

13. Therefore, the Landlord is entitled to an administrative expense claim in an amount not less than $37,188.00 from the Debtors. Breeden Dec at ¶¶ 8, 13.

**The Landlord is Entitled to Immediate Payment of Its Administrative Claim**

14. A landlord's claim for unpaid post-petition rents is entitled to administrative priority. *In re Pac.-Atl. Trading Co.,* 27 F.3d 401, 405 (9th Cir. 1994)(Granting administrative priority is consistent with the intent of section 365(d)(3) and necessary to carry out its objectives.); *In re Valley Media, Inc.,* 290 B.R. 73, 76 (Bankr. D. Del. 2003); *Goody's Family Clothing, Inc. v. Mountaineer Prop. Co. II, LLC* (In re Goody's Family Clothing, Inc.), 401 B.R. 656 (D. Del. 2009).

15. Additionally, the Landlord is entitled to immediate payment of its administrative expense claim. 11 U.S.C. § 365(d)(3); *In re Montgomery Ward Holding Corp.,* 268 F.3d 205, 212 (3d Cir. 2001).

16. "The determination of the timing of payment of administrative expenses is within the discretion of the bankruptcy court. In making this determination, one of the chief factors courts consider is bankruptcy's goal of an orderly and equal distribution among creditors and the need to prevent a race to the debtor's assets. Thus, distributions prior to confirmation of a plan are usually disallowed when the estate may not be able to pay all administrative expenses in full." *In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del 2022) citing *In re Standard Furniture*, 3 B.R. 527, 532 (Bankr.S.D.Cal.1980).

17. When determining the timing of the payment of an administrative expense claim, Courts often consider: (1) prejudice to the debtors, (2) hardship to [the] claimant, and (3) potential detriment to other creditors. *In re Garden Ridge Corp.,* 323 B.R. 136 (Bankr. D. Del. 2005).

18. In this case, immediate payment of the Landlord's administrative expense

4

claim should be allowed as: (1) the Debtors would not be prejudiced by the immediate payment, (2) the Landlord will experience hardship if the Debtors do not immediately pay the claim Breeden Dec at ¶ 8, and (3) detriment to the other creditors is unlikely as there is no evidence the Debtors will be unable to pay their administrative expenses in full.

19. Therefore, the Landlord's administrative expense should be allowed and paid immediately.

**Waiver of Memorandum of Law**

20. The Landlord respectfully submits that a Memorandum of Law is unnecessary in this situation pursuant to Local Rule 9013-1(a)(3) because the legal basis under which the Landlord relies is set forth herein, and the Landlord has not raised any novel issues of law.

**WHEREFORE,** for the reasons set forth within, NEM, LLC respectfully requests the Court grant its Motion and enter an order allowing its administrative expense claim in the amount of $37,188.00, and compelling immediate payment of the same.

Dated: October 23, 2025                ROSENBERG MARTIN GREENBERG, LLP

*/s/ Jeffrey M. Lichtstein*
Jeffrey M. Lichtstein
25 S. Charles Street, 21st Fl.
Baltimore, MD 21201
410-727-6600
jlichtstein@rosenbergmartin.com

*Attorneys for NEM, LLC*

**CERTIFICATE OF SERVICE**

The foregoing was served electronically on October 23, 2025, on recipients of electronic noticing, including the Debtors and the U.S. Trustee.

*/s/ Jeffrey M. Lichtstein*
Jeffrey M. Lichtstein