Law Office of Shmuel Klein PA
113 Cedarhill Ave
Mahwah, NJ 07430
845-425-2510
Attorney ID 00851987
Email: shmuel.klein@verizon.net

-and-

NATALI A. RON (SBN 302927)
Law Offices of Hastings & Ron
1330 W. Fremont Street, Suite 1
Stockton, CA 95203
(209) 476-1010
email: nron@hastingslawoffice.com
*Attorneys for Stonebrier Commercial, L.P.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br>NEW RITE AID LLC, *et al.*,<br>Debtors | Chapter 11<br>Case No. 25-14861 (MBK) |

TO: HONORABLE MICHAEL B. KAPLAN
United States Bankruptcy Judge

**CERTIFICATION IN SUPPORT OF STONEBRIER COMMERCIAL L.P. MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(B)(7) AND § 503(B)(9) AND FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

I, Corinna Jones, certify I have personal knowledge of the foregoing statements and that they are true to the best of my knowledge. I am an adult and competent to testify to these matters, and if called upon, could truthfully testify hereto, under penalty of perjury under the laws of the United States:

1. I am the co-president of Patmon Company, Inc., limited partner of STONEBRIER COMMERCIAL, L.P.

2. This Certification is filed by STONEBRIER COMMERCIAL L.P. ("STONEBRIER")

in Support of its motion for allowance of administrative expense claim in the total aggregate amount of $157,048.62, pursuant to a certain lease made between STONEBRIER and Debtors, which has since been rejected as of June 30, 2025. (See Dkt. No. 1406).

3. As a supplement to the Certification on file, I am attaching hereto copies of the supporting documents for the Lease Agreement expenses due and owing from the Debtor.

4. Specifically, pursuant to the Lease Agreement paragraph 6 REAL ESTATE TAXES, Debtors agreed to pay all real estate taxes which may be levied or charged against the Premises. Debtors have an outstanding balance for the 2nd Installment Property Tax totaling $27,486.86 and a Delinquent Fee Property Tax totaling $2,803.18. (Said invoice is attached herein as **Exhibit D**). The total outstanding balance under paragraph 6 of the Lease Agreement is $30,290.04.

5. Pursuant to the Lease Agreement, paragraph 16 UTILITIES, Debtors agreed to pay all water, light, power, and/or other utility service used by Debtor. Under paragraph 17 MAINTENANCE AND REPAIRS Debtors agreed to pay for the maintenance, repair, and replacement of the entire building and improvements on the site. Debtors have an outstanding balance for March 2025 totaling $3,095.52, April 2025 totaling $3,361.22, May 2025 totaling $3,626.73, June 2025 totaling $3,339.35, and July 2025 totaling $3,148.67, with a total aggregate amount of $16,571.49.

6. Pursuant to the Lease Agreement, paragraph 25 DEFAULT part (iv), Debtors agreed to pay Landlord (STONEBRIER) "[a]ny other reasonable amount necessary to compensate Landlord for all the damages proximately caused by Tenant's failure to perform its obligations under this Lease or which in the ordinary course of things would likely to result therefore (including, without limitation, … reasonable attorneys' fees..." (see Lease Agreement). Debtors have caused STONEBRIER to incur a total balance of $8,689.50 in attorneys' fees pursuant to the Lease Agreement.

7. Filed herewith as "Exhibits E through I" are the monthly invoices for expenses due from the Debtor under the lease, for each month from March through July, respectively.

8. An issue raised in the Opposition to this motion was that Movant is not entitled to May rent because "May rent was incurred on May 1, 2025, and is a prepetition claim." Since the date of filing of the motion, Rite Aid has made a payment in the amount of $39,594.08. Debtor has claimed this is on account of the "stub period". They have further claimed that "late charges for May 2025 rent, which was due prior to the Petition Date, is a pre-Petition Date claim." However, according to the Lease Agreement, rent is due on the 10th, after the May 5th petition filing date. As such, the late fee must also be paid. Movant sent at least two prior notices of such delinquency on April 16, 2025, and April 18, 2025, and as such, the late fees accrue automatically under the terms of the lease, without further or prior notice to the Debtor. True and correct copies of the first email notice is filed herewith as "Exhibit J". The Three-Day Notice is discussed, *infra*.

9. Debtor further asserts that attorney fees are not applicable, citing paragraph 25(b)(iv) of the lease which states that "[upon termination of this Lease as provided in California Civil Code section 1951.2...Landlord shall be entitled to recover the following from Tenant: [a]ny other reasonable amount necessary to compensate Landlord for all the damages proximately caused by Tenant's failure to perform its obligations under this Lease or which in the ordinary course of things would likely to result therefore (including, without limitation, ... reasonable attorneys' fees..." (see Lease Agreement, ¶225(b)(iv)). California Civil Code section 1951.2 provides "if [a lessee's] right to possession is terminated by the lessor because of a breach of the lease, the lease terminates. Upon such termination, the lessor may recover from the lessee..." (*Cal Civ Code § 1951.2.*) Prior to the filing of the Debtor's bankruptcy case, Stonebrier served on the Debtor a Three-Day Notice to Pay Rent or Quit, dated April 18, 2025, which effectively terminated the Debtor's lease and right to possession, requiring the Debtor quit and surrender possession of

the Property after the Debtor failed to cure the default within the three-day notice period. A true and correct copy of the Three-Day Notice to Pay Rent or Quit, is filed herewith as **"Exhibit K."** In fact, when the Debtor failed to cure the default, within the statutory three-days notice period, Movant filed un unlawful detainer complaint to regain possession and recover damages, including attorney fees, on April 25, 2025. A true and correct copy of the Unlawful Detainer Complaint, is filed herewith as **"Exhibit L."**

10. Section 11 U.S.C. Sec. 502 (b) states that if "objection to a claim is made, the court… and shall allow such claim in such amount, except to the extent that…¶if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds..."(A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of- (i) the date of the filing of the petition; and (ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property; plus (B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates;... (*11 U.S.C. Sec. 502 Allowance of claims or interests.*) As such, Movant should be entitled to rent through and including the termination date of the Lease, July 31, 2025, notwithstanding that the Debtor surrendered possession.

11. Accordingly, STONEBRIER is requesting an allowed administrative expense claim against Debtors in the aggregate amount of $157,048.62 less the payment of $39,594.08 for a total of $117,454.54.

WHEREFORE STONEBRIER respectfully requests the motion to be granted.

Dated: October 24, 2025                              By: _____
                                                     Corinna Jones, Co-President
                                                     Stonebrier Commercial L.P.