**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PASHMAN STEIN WALDER HAYDEN, P.C.**
Joseph C. Barsalona II
Katherine R. Beilin
Court Plaza South
21 Main Street Suite 200
Hackensack, NJ 07601
Telephone: (201) 488-8200
Facsimile: (201) 488-5556
Email: jbarsalona@pashmanstein.com
          kbeilin@pashmanstein.com

-and-

**SHIPMAN & GOODWIN LLP**
Eric S. Goldstein
Anthony R. Scarcella
One Constitution Plaza
Hartford, CT 06103-1919
Telephone: (860) 251-5000
Facsimile: (860) 251-5218
Email: egoldstein@goodwin.com
          ascarcella@goodwin.com

*Counsel for Mass Jaz LLC*

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No. 25-14861 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**CERTIFICATION OF KENNETH BRESLIN IN SUPPORT OF MOTION PURSUANT TO 11 U.S.C. §§ 365(d)(3) OR 503(b)(1)(A) OF MASS JAZ LLC TO ALLOW, AND COMPEL PAYMENT OF, CLAIM FOR ADDITIONAL RENT THAT CAME DUE UNDER LEASE POST-PETITION**

---

[1]     The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructring.ra.kroll.com/RiteAid2025.  The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

I, Kenneth Breslin, declare as follows:

1.      I am over the age of eighteen and believe in the obligations of an oath.

2.      I am the President of Breslin Realty Development Corp. ("Breslin") and am an authorized signatory of Mass Jaz LLC ("Mass Jaz").  Breslin is the property manager of Mass Jaz.

3.      I submit this certification in support of the *Motion Pursuant to 11 U.S.C. §§ 365(d)(3) or 503(b)(1)(A) of Mass Jaz LLC to Allow, and Compel Payment of, Claim for Additional Rent that Came Due Under Lease Post-Petition* (the "Motion"), which is being filed concurrently herewith.

4.      I make this certification based on my personal knowledge, including my personal knowledge of the books and records of Mass Jaz and would competently testify thereof under oath if requested to do so.

5.      I am one of the custodians of the books, records and files of Mass Jaz that relate to the Lease (as defined below).  I have personally worked on those books, records, and files, and as to the facts below, I know them to be true of my knowledge or I have gained knowledge of them from the business records of Mass Jaz, which records were made at or about the time of the events recorded, and which are maintained in the ordinary course of Mass Jaz's business at or near the time of the acts, conditions, or events to which they relate.  Any such document was prepared in the ordinary course of business of Mass Jaz by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.

6.      Mass Jaz, as successor-in-interest to Massapequa Plaza Associates, L.P. ("MPA"), which was successor-in-interest to Irwin Steinhauser, Marvin Steinhauser, James Sandler, Michael Steinhauser, and Elsie Steinhauser d/b/a Marwin Malls Company, is the owner and landlord of certain real property known 5117–5129 Merrick Road, Massapequa, New York (the "Entire

Premises"), which includes certain store premises known and referred to as 5125 Merrick Road, Massapequa, New York (as more particularly described in the Lease, the "Premises").

7.      Marwin Malls Company, as lessor, and the Genovese Drug Stores, Inc. (the "Debtor," and together with its debtor affiliates the "Debtors"), as lessee, entered into a certain commercial lease agreement dated April 15, 1971 (the "Base Lease," and as amended by (i) that certain Modification to Lease Agreement dated March 31, 1975 (the "March 1975 Amendment"); (ii) that certain Modification of Lease Agreement dated April 4, 1975 (the "April 1975 Amendment"); (iii) that certain Modification of Lease Agreement dated March 31, 1987 (the "March 1987 Amendment"); (iv) that certain Modification of Lease Agreement dated August 15, 1995 (the "August 1995 Amendment"); (v) that certain Fifth Modification of Lease Agreement dated September 26, 2008 (the "September 2008 Amendment"); (vi) that certain Sixth Modification of Lease Agreement dated June 13, 2012 (the "June 2012 Amendment"); (vii) that certain Seventh Modification of Lease Agreement dated July 31, 2014 (the "July 2014 Amendment"); (viii) that certain Eighth Modification of Lease Agreement dated April 6, 2020 (the "April 2020 Amendment"), the "Lease").  A true and accurate copy of the Lease is attached hereto as Exhibit A.[2]

8.      On May 5, 2025 (the "Petition Date"), the Debtors again filed voluntary Chapter 11 petitions for bankruptcy relief in this Court, commencing the above-captioned bankruptcy cases.

9.      On or about August 25, 2025 (the "Closing Date"), the Debtor completed its sale of assets at the Premises and closed the Premises.

---

[2]      Mass Jaz is unable to locate a copy of the April 1975 Amendment.

10.     On or about August 31, 2025, the Debtor notified Mass Jaz it had surrendered the Premises and Mass Jaz could rekey the same.  The Debtor rejected the Premises effective August 31, 2025 (the "Rejection Date").

11.     Before the Petition Date, on April 1, 2025, certain semiannual property taxes (school taxes) for the period January 1, 2025, through June 30, 2025, came due.  As required by the Lease, on July 9, 2025, Mass Jaz invoiced (the "School Tax Invoice") the Debtor for its proportionate share, prorated by the Petition Date.  A true and correct copy of the School Tax Invoice is included in Exhibit B hereto.  The Debtor's proportionate share of such school taxes is $38,331.00 (the "School Tax").  (School Tax Invoice.)  Pro-rated by the Petition Date, $26,260.11 of this amount is attributable to the pre-petition period and $12,070.89 (the "Post-petition School Tax") is attributable to the pre-rejection,[3] post-petition period.

12.     After the Petition Date, on July 1, 2025, certain semiannual property taxes (town taxes) for the period July 1, 2025, through December 31, 2025, came due.  As required by the Lease, on July 2, 2025, Mass Jaz invoiced (the "Town Tax Invoice") the Debtor for its proportionate share.  A true and correct copy of the Town Tax Invoice is included in Exhibit B hereto.  Under the Lease, the Debtor's proportionate share of such taxes is $25,045.67 (the "Town Tax").  (Town Tax Invoice.)  Pro-rated by the Rejection Date, $8,439.30 (the "Pre-Rejection Town Tax") is attributable to the pre-rejection, post-petition[4] period.

13.     Additionally, the Debtor has failed to pay certain common area maintenance amounts due under the Lease as additional rent for the month of May 2025.  A true and correct copy of a statement is attached as Exhibit C hereto.  Under the Lease, the Debtor's proportionate share of such common area maintenance amounts is $3,436.19 (the "May CAM Charge").  Pro-

---

[3]     June 30, 2025, the end of the taxable period, was prior to the Rejection Date.
[4]     July 1, 2025, the beginning of the taxable period, was after the Petition Date.

rated by the petition date, $2,881.97 (the "<u>Post-Petition May CAM Charge</u>") is attributable to the post-petition period.

Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of November 2025.

<u>/s/ Kenneth Breslin</u>
Kenneth Breslin