| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**PASHMAN STEIN WALDER HAYDEN, P.C.**<br>Joseph C. Barsalona II<br>Katherine R. Beilin<br>Court Plaza South<br>21 Main Street Suite 200<br>Hackensack, NJ 07601<br>Telephone: (201) 488-8200<br>Facsimile: (201) 488-5556<br>Email: jbarsalona@pashmanstein.com<br>         kbeilin@pashmanstein.com<br><br>-and-<br><br>**SHIPMAN & GOODWIN LLP**<br>Eric S. Goldstein<br>Anthony R. Scarcella<br>One Constitution Plaza<br>Hartford, CT 06103-1919<br>Telephone: (860) 251-5000<br>Facsimile: (860) 251-5218<br>Email: egoldstein@goodwin.com<br>         ascarcella@goodwin.com<br><br>*Counsel for Mass Jaz LLC* |

| | |
|---|---|
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br>                    Debtors.[1] | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered)<br><br>**Re: D.I. 2997** |

### RESPONSE OF MASS JAZ LLC TO ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED OR CONVERTED TO CHAPTER 7

---

[1]  The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

SG-22924457v3

Mass Jaz LLC ("Mass Jaz") hereby submits this response (this "Response") to the *Order to Show Cause Why Case Should Not Be Dismissed or Converted to Chapter 7* [Docket No. 2997] (the "Show Cause Order"). Mass Jaz submits that the above captioned chapter 11 cases of New Rite Aid, LLC and its affiliated debtors (collectively, the "Debtors") should be converted to cases under chapter 7 rather than dismissed. While Mass Jaz does not dispute the Court's preliminary conclusion that cause exists to dismiss or convert these cases, Mass Jaz contends it is in the best interest of creditors, like Mass Jaz, which are owed significant post-petition debts under 11 U.S.C. § 365(d)(3) and 11 U.S.C. § 503(b) as well as pre-petition debts, to convert rather than dismiss these cases. Accordingly, should the Court determine cause exists on a final basis, Mass Jaz requests the Court convert these cases to ones under Chapter 7.

In support of this Response, Mass Jaz states as follows:

**STATEMENT OF FACTS[2]**

**I.      The Massapequa Drug Store Lease**

1.     Mass Jaz, as successor-in-interest to Massapequa Plaza Associates, L.P., which was successor-in-interest to Irwin Steinhauser, Marvin Steinhauser, James Sandler, Michael Steinhauser, and Elsie Steinhauser d/b/a Marwin Malls Company, is the owner and landlord of certain real property known 5117–5129 Merrick Road, Massapequa, New York (the "Entire Premises"), which includes certain premises known and referred to as 5125 Merrick Road, Massapequa, New York (the "Premises").

---

[2] Mass Jaz incorporates herein by reference the *Motion Pursuant to 11 U.S.C. §§ 365(d)(3) or 503(b)(1)(A) of Mass Jaz LLC to Allow, and Compel Payment of, Claim for Additional Rent that Came Due Under Lease Post-Petition* Docket No. [Docket No. 3174] and supporting documents including the *Certification of Kenneth Breslin in Support of Motion Pursuant to 11 U.S.C. §§ 365(d)(3) or 503(b)(1)(A) of Mass Jaz LLC to Allow, and Compel Payment of, Claim for Additional Rent that Came Due Under Lease Post-Petition* and its attached exhibits. Mass Jaz relies on these pleadings in stating these facts.

2

2. Marwin Malls Company, as lessor, and one of the Debtors, Genovese Drug Stores, Inc. (the "Debtor"), as lessee, entered into a certain commercial lease agreement dated April 15, 1971 (the "Base Lease," and as amended from time to time, the "Lease"). Absent renewal, the Lease was set to expire on October 31, 2030.

**II.    The Lease Was Assumed in the Debtors' Prior Bankruptcy Cases**

3. On October 15, 2023 (the "Prior Petition Date"), the Debtor and certain debtor affiliates (collectively, the "Prior Debtors") filed voluntary Chapter 11 petitions for bankruptcy relief in this Court, commencing the Chapter 11 cases jointly administered under the caption *In re Rite Aid Corp.*, Case No. 23-18993 (MBK) (Bankr. D.N.J.) (the "Prior Cases").

4. On August 16, 2024, the Court entered the *Order Approving the Disclosure Statement and Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of Rite Aid Corporation and its Debtor Affiliates (with Further Modifications)* [Prior Cases, Docket No. 4532] (the "Prior Confirmation Order"). Pursuant to the Prior Confirmation Order,

> In accordance with Article V of the Plan, unless otherwise provided in this Confirmation Order, all Executory Contracts and Unexpired Leases included in the Schedule of Assumed Executory Contracts and Unexpired Leases included in the Schedule of Assumed Executory Contracts and Unexpired Leases shall be deemed assumed as of the Effective Date.

(Prior Confirmation Order ¶ 42.)

5. The Lease is listed on the *Amended Schedule of Assumed Executory Contracts and Unexpired Leases*. (*See* Prior Cases, Docket No. 4526, Ex. A, Item 1207).

6. On September 3, 2024, the Prior Debtors filed the *Notice of (I) Entry of Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of Rite Aid Corporation and Its Debtor Affiliates and (II) Occurrence of Effective Date* [Docket No. 4800] (the "Notice of

3

Prior Effective Date"). Pursuant to the Notice of Prior Effective Date, the effective date in the Prior cases occurred on August 30, 2024, at 11:59 p.m. (the "Prior Effective Date").

7. Accordingly, the Lease was assumed by the Debtor in the Prior Cases as of the Prior Effective Date.

### III. Mass Jaz is a Creditor in the Instant Bankruptcy Cases

8. On May 5, 2025 (the "Petition Date"), the Debtors again filed voluntary Chapter 11 petitions for bankruptcy relief in this Court, commencing the above-captioned bankruptcy cases.

9. Contemporaneously with filing the instant Response, Mass Jaz has filed its *Motion Pursuant to 11 U.S.C. §§ 365(d)(3) or 503(b)(1)(A) of Mass Jaz LLC to Allow, and Compel Payment of, Claim for Additional Rent that Came Due Under Lease Post-Petition* [Docket No. 3174] (the "Post-Petition Rent Motion"), pursuant to which it seeks to compel payment of as much as $39,998.53 in post-petition rent owed to it under 11 U.S.C. § 365(d)(3) and/or 11 U.S.C. § 503(b).

10. As asserted in the Post-Petition Rent Motion, Mass Jaz is entitled to payment before distributions to general unsecured creditors under 11 U.S.C. §§ 365(d)(3) or 503(b)(1)(A) of additional rent owed on a post-petition basis under the Lease. As stated in footnote 2 above, Mass Jaz incorporates herein by reference the Additional Rent Motion and the documents filed therewith.

11. In addition to such post-petition amounts, Mass Jaz is owed pre-petition amounts under the Lease.

### IV. The Order to Show Cause

12. On October 27, 2025, the Court entered the Show Cause Order for the reasons stated on the record during hearings held on that date, including without limitation mounting

4

administrative costs and the difficulty of achieving a confirmable plan on the facts and circumstances of these cases.

## JURISDICTION

13. Pursuant to 28 U.S.C. § 1334, the United States District Court for the District of New Jersey (the "District Court") has jurisdiction over this matter. Pursuant to 28 U.S.C. § 157 and the *Amended Standing Order of Reference to the Bankruptcy Court under Title 11* dated September 18, 2012, the Court has authority to hear this matter. This matter is a core proceeding. Mass Jaz consents to the entry of a final order or judgment by the Court. *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 686 (2015).

## RELIEF REQUESTED

14. Upon cause shown, a court "shall convert a case under [chapter 11] to a case under chapter 7 or dismiss a case under this chapter, *whichever is in the best interests of creditors and the estate*[.]" 11 U.S.C. § 1112(b) (emphasis added). In assessing the best interests of creditors, "[a] bankruptcy court has 'wide discretion' to 'use its equitable powers' to 'make an appropriate disposition of the case[.]'" *In re Am. Cap. Equip., LLC*, 688 F.3d 145, 163 (3d Cir. 2012) (second alteration in original).

15. Courts should consider creditors' preferences for conversion or dismissal because "creditors are the best judge of their own best interests." *Camden Ordnance Mfg. Co. of Ark., Inc. v. U.S. Trustee (In re Camden Ordnance Mfg. Co. of Ark., Inc.)*, 245 B.R. 794, 802 (Bankr. E.D. Pa. 2000). Mass Jaz herein states its preference for conversion.

16. It is in the best interest of creditors to convert rather than dismiss these cases. As the Court observed during the hearing on October 27, 2025, there is limited potential for creditor recoveries in these cases. Nevertheless, a chapter 7 trustee could investigate and pursue estate

causes of action under chapter 5 of the Bankruptcy Code, which causes of action would be lost upon dismissal and may be the only realistic source for a distribution to creditors. *In re M.A.R. Designs & Constr., Inc.*, 653 B.R. 843, 872 (Bankr. S.D. Tex. 2023) (determining conversion was in best interest of creditors because, in pertinent part, it preserved chapter 5 causes of action); *In re Team Sys. Int'l LLC,* 640 B.R. 296, 320–21 (Bankr. D. Del. 2022) (same).

17. Moreover, in addition to Mass Jaz, numerous other landlords and trade creditors provided goods and services to the estate on a post-petition basis. Despite such (voluntarily or involuntarily) provision of goods and services for the estate's benefit while the Debtors sought a path forward to confirmation of a chapter 11 plan, such creditors will lose their rights to priority of payment outside of bankruptcy. Therefore, it is in the best interests of creditors to convert rather than dismiss these cases. *Camden Ordnance*, 245 B.R. at 802 ("While Highland may have been in a position of greater priority in bankruptcy court than in state court, this does not justify disregarding Highland's preference for conversion."); *In re Sandia Resorts, Inc.*, 562 B.R. 490, 496–97 (Bankr. D.N.M. 2016) ("[T]here is a substantial amount of unpaid chapter 11 administrative expense claims. If the case were dismissed, all holders of chapter 11 administrative expense claims would lose their priority rights and their right to payment would be equal to all other unsecured creditors. After dismissal, there would be a substantial risk that chapter 11 administrative expenses would not be paid. . . . [T]here is a greater likelihood of payment of chapter 11 expenses and to holders of priority and nonpriority unsecured claims in a converted chapter 7 case than after dismissal.").

## CONCLUSION

WHEREFORE, should the Court determine cause exists on a final basis, Mass Jaz requests the Court enter an order (i) converting these cases to cases under chapter 7; and (ii) granting whatever other relief justice so requires.

Dated: November 7, 2025                                      **PASHMAN STEIN WALDER HAYDEN, P.C.**

*/s/ Joseph C. Barsalona II*
Joseph C. Barsalona II
Katherine R. Beilin
Court Plaza South
21 Main Street Suite 200
Hackensack, NJ 07601
Telephone: (201) 488-8200
Facsimile: (201) 488-5556
Email: jbarsalona@pashmanstein.com
       kbeilin@pashmanstein.com

-and-

**SHIPMAN & GOODWIN LLP**
Eric S. Goldstein
Anthony R. Scarcella
One Constitution Plaza
Hartford, CT 06103-1919
Telephone: (860) 251-5000
Facsimile: (860) 251-5218
Email: egoldstein@goodwin.com
       ascarcella@goodwin.com

*Counsel for Mass Jaz LLC*

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**PASHMAN STEIN WALDER HAYDEN, P.C.**<br>Joseph C. Barsalona II<br>Katherine R. Beilin<br>Court Plaza South<br>21 Main Street Suite 200<br>Hackensack, NJ 07601<br>Telephone: (201) 488-8200<br>Facsimile: (201) 488-5556<br>Email: jbarsalona@pashmanstein.com<br>          kbeilin@pashmanstein.com<br><br>-and-<br><br>**SHIPMAN & GOODWIN LLP**<br>Eric S. Goldstein<br>Anthony R. Scarcella<br>One Constitution Plaza<br>Hartford, CT 06103-1919<br>Telephone: (860) 251-5000<br>Facsimile: (860) 251-5218<br>Email: egoldstein@goodwin.com<br>          ascarcella@goodwin.com<br><br>*Counsel for Mass Jaz LLC* | |
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br>                    Debtors.[3] | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

**CERTIFICATION OF SERVICE**

---

[3]   The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

SG-22924457v3

I, Joseph C. Barsalona II of Pashman Stein Walder Hayden, P.C, *Counsel for Mass Jaz LLC* in the above reference proceeding certifies as follows:

On November 7, 2025, I caused to be served the following via CM/ECF on all parties registered to receive notice in the above captioned chapter 11 bankruptcy cases:

- Response of Mass Jaz LLC to Order to Show Cause why Case Should Not Be Dismissed or Converted to Chapter 7.

Dated: November 7, 2025                                             */s/ Joseph C. Barsalona II*
                                                                                    Joseph C. Barsalona II

2