**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**DORSEY & WHITNEY LLP**
Eric Lopez Schnabel
Alessandra Glorioso
300 Delaware Avenue, Suite 1010
Wilmington, DE 19801
Telephone:  (302) 425-7171
Email: schnabel.eric@dorsey.com
          glorioso.alessandra@dorsey.com

-and-

**SHIPMAN & GOODWIN LLP**
Eric S. Goldstein
Anthony R. Scarcella
One Constitution Plaza
Hartford, CT 06103-1919
Telephone: (860) 251-5000
Facsimile: (860) 251-5218
Email: egoldstein@goodwin.com
          ascarcella@goodwin.com

*Counsel for eRx Network LLC*

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No. 25-14861 (MBK) |
| Debtors.[1] | (Jointly Administered) |

### RESPONSE OF ERX NETWORK, LLC TO ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED OR CONVERTED TO CHAPTER 7

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructring.ra.kroll.com/RiteAid2025.  The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

eRx Network, LLC (collectively, with its direct and indirect affiliates, "eRx") hereby submits this response (this "Response") to the *Order to Show Cause Why Case Should Not Be Dismissed or Converted to Chapter 7* [Docket No. 2997] (the "Show Cause Order").   In particular, eRx asserts that the above captioned chapter 11 cases of New Rite Aid, LLC and its affiliated debtors (collectively, the "Debtors") should be converted to cases under chapter 7 rather than dismissed.   While eRx does not dispute the Court's preliminary conclusion that cause exists to dismiss or convert these cases, eRx contends that conversion is in the best interest of creditors, including those like eRx, which have not only significant pre-petition claims but also significant administrative expense claims for services rendered post-petition.   Accordingly, should the Court determine cause exists on a final basis, eRx requests the Court convert these cases to ones under Chapter 7.

In support of this Response, eRx states as follows:

### STATEMENT OF FACTS

**I.      eRx Network Service Agreements**

1.      eRx and Rite Aid Hdqtrs Corp. ("RAH Debtor") are parties to that certain eRx Network Services Agreement with an effective date of August 6, 2007 (as amended from time to time, the "Contract").   Under the Contract, eRx provides RAH Debtor with services related to the electronic processing of pharmacy transactions, in exchange for certain fees.

2.      The Debtors operate a full-service pharmacy and drug store chain.

**II.     The Debtors' Bankruptcy Case and the Post-Petition Debt Owed to eRx**

3.      On May 5, 2025 (the "Petition Date"), the Debtors filed voluntary Chapter 11 petitions for bankruptcy relief in this Court, commencing the above-captioned bankruptcy cases.

4.      Since the Petition Date, eRx has continued to render services under the Contract by providing the services described therein.  Yet, the RAH Debtor has failed to pay any of the fees due under the Contract.  From the Petition Date through September 30, 2025, RAH Debtor owes eRx $19,617.83, as set forth below.  Moreover, additional amounts for services rendered by eRx in October 2025, which have not yet been billed, may be due and owing.

5.      Moreover, on a pre-petition basis, RAH Debtor owes eRx more than $688,000 under the Contract.

**III.    The Order to Show Cause**

6.      On October 27, 2025, the Court entered the Show Cause Order for the reasons stated on the record during hearings held on that date, including without limitation mounting administrative costs and the difficulty of achieving a confirmable plan on the facts and circumstances of these cases.

## JURISDICTION

7.      Pursuant to 28 U.S.C. § 1334, the United States District Court for the District of New Jersey (the "District Court") has jurisdiction over this matter.  Pursuant to 28 U.S.C. § 157 and the *Amended Standing Order of Reference to the Bankruptcy Court under Title 11* dated September 18, 2012, the Court has authority to hear this matter.  This matter is a core proceeding. eRx consents to the entry of a final order or judgment by the Court.  *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 686 (2015).

## RELIEF REQUESTED

8.      Upon cause shown, a court "shall convert a case under [chapter 11] to a case under chapter 7 or dismiss a case under this chapter, *whichever is in the best interests of creditors and the estate*[.]"  11 U.S.C. § 1112(b) (emphasis added).  In assessing whether conversion or dismissal

is in the best interests of creditors, "[a] bankruptcy court has 'wide discretion' to 'use its equitable

powers' to 'make an appropriate disposition of the case[.]'" *In re Am. Cap. Equip., LLC*, 688 F.3d

145, 163 (3d Cir. 2012) (second alteration in original).

9.      Courts should consider creditors' preferences for conversion or dismissal because

"creditors are the best judge of their own best interests." *Camden Ordnance Mfg. Co. of Ark., Inc.

v. U.S. Trustee (In re Camden Ordnance Mfg. Co. of Ark., Inc.)*, 245 B.R. 794, 802 (Bankr. E.D.

Pa. 2000). eRx herein states its preference for conversion.

10.     It is in the best interest of creditors to convert rather than dismiss these cases. As

the Court observed during the hearing on October 27, 2025, there is limited potential for creditor

recoveries in these cases. Nevertheless, a chapter 7 trustee could investigate and potentially pursue

estate causes of action under chapter 5 of the Bankruptcy Code, which causes of action would be

lost upon dismissal and, upon the facts and circumstances of this case, may be the only realistic

source for a distribution to creditors. *In re M.A.R. Designs & Constr., Inc.*, 653 B.R. 843, 872

(Bankr. S.D. Tex. 2023) (determining conversion was in best interest of creditors because, in

pertinent part, it preserved chapter 5 causes of action); *In re Team Sys. Int'l LLC,* 640 B.R. 296,

320–21 (Bankr. D. Del. 2022) (same).

11.     Moreover, in addition to eRx, numerous other trade creditors provided goods and

services to the estate on a post-petition basis. Despite such (voluntarily or involuntarily) provision

of goods and services for the estate's benefit while the Debtors sought a path forward to

confirmation of a chapter 11 plan, such creditors will lose their rights to priority of payment outside

of bankruptcy. Therefore, it is in the best interests of creditors to convert rather than dismiss these

cases. *Camden Ordnance*, 245 B.R. at 802 ("While Highland may have been in a position of

greater priority in bankruptcy court than in state court, this does not justify disregarding Highland's

4

preference for conversion."); *In re Sandia Resorts, Inc.*, 562 B.R. 490, 496–97 (Bankr. D.N.M. 2016) ("[T]here is a substantial amount of unpaid chapter 11 administrative expense claims.  If the case were dismissed, all holders of chapter 11 administrative expense claims would lose their priority rights and their right to payment would be equal to all other unsecured creditors.  After dismissal, there would be a substantial risk that chapter 11 administrative expenses would not be paid. . . . [T]here is a greater likelihood of payment of chapter 11 expenses and to holders of priority and nonpriority unsecured claims in a converted chapter 7 case than after dismissal.").

## CONCLUSION

WHEREFORE, should the Court determine cause exists on a final basis, eRx requests the Court enter an order (i) converting these cases to cases under chapter 7; and (ii) granting whatever other relief justice so requires.

Dated:  November 7, 2025

*/s/ Eric Lopez Schnabel*
**DORSEY & WHITNEY LLP**
Eric Lopez Schnabel (NJ Bar No. 032011999)
Alessandra Glorioso (NJ Bar No. 039672011)
300 Delaware Avenue, Suite 1010
Wilmington, DE 19801
Telephone:  (302) 425-7171
Email:  schnabel.eric@dorsey.com
            glorioso.alessandra@dorsey.com

-and-

**SHIPMAN & GOODWIN LLP**
Eric S. Goldstein
Anthony R. Scarcella
One Constitution Plaza
Hartford, CT 06103-1919
Telephone: (860) 251-5000
Facsimile: (860) 251-5218
Email: egoldstein@goodwin.com
            ascarcella@goodwin.com

*Counsel for eRx Network LLC*

5

4916-6609-7272\1