UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Jeffrey M. Sponder, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email: jeffrey.m.sponder@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 25-14681 (MBK) |
| New Rite Aid, LLC, *et al.*,[1] | |
| | The Honorable Michael B. Kaplan |
| Debtors. | |
| | Hearing Date: November 10, 2025 at 10:00 a.m. |

**RESPONSE OF THE UNITED STATES TRUSTEE TO THE COURT'S
ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED
OR CONVERTED TO CHAPTER 7**

Andrew R. Vara, the United States Trustee for Regions Three and Nine (the "U.S. Trustee"), by and through his counsel, and in furtherance of his duties pursuant to 28 U.S.C. §§ 586(a)(3) and (5), respectfully submits this Response (the "Response") to the Court's Order to Show Cause Why Case Should Not Be Dismissed or Converted to Chapter 7 (the "OTSC"). In support thereof, the U.S. Trustee respectfully represents as follows:

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims, noticing, and solicitation agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

## PRELIMINARY STATEMENT

1.  The Debtors and the various parties involved in these cases have not negotiated and proposed a confirmable plan. The Debtors and the various other parties had weeks, if not months, to propose a confirmable plan, including multiple mediation sessions. Because the Debtors and the various parties are unable to reach a resolution, the cases should be converted to chapter 7 cases to allow an independent fiduciary to administer these cases.

2.  Cause exists for conversion of these cases as there is substantial and continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. In addition, cause exists as the Plan as currently contemplated is not confirmable as evidenced by the inability of the parties to reach a resolution concerning confirmation of the Plan, including with regard to the payment of administrative expenses, as well as the various objections included in the U.S. Trustee Objection to the Conditional Approval and Solicitation Motion (as defined later).[2] The best interests of creditors and the estate is to stop the continuing and mounting costs associated with continuation of the chapter 11 cases and convert these cases to chapter 7 cases.

## JURISDICTION AND STANDING

3.  This Court has jurisdiction to hear the OTSC and responses thereto pursuant to: (i) 28 U.S.C. § 1334; (ii) applicable orders of the United States District Court of the District of New Jersey issued pursuant to 28 U.S.C. § 157(a); and (iii) 28 U.S.C. § 157(b)(2).

4.  Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of chapter 11 cases filed in this judicial district. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the Courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d

---

[2] The U.S. Trustee is not opposed to a dismissal of these cases. However, any such dismissal should just be a simple dismissal of these cases without any additional language.

498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"). Specifically, the U.S. Trustee is charged with "monitoring the progress of cases under title 11 and taking such actions as the United States trustee deems to be appropriate to prevent undue delay in such progress." 28 U.S.C. § 586(a)(3)(G).

5. The U.S. Trustee has standing to be heard with respect to the OTSC pursuant to 11 U.S.C. § 307. *See U.S. Tr. v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under section 307, which goes beyond mere pecuniary interest).

## BACKGROUND AND RELEVANT FACTS

### A. The Chapter 11 Case

6. On May 5, 2025, New Rite Aid, LLC, and affiliated debtors (the "Debtors") commenced these chapter 11 cases by filing voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code" or "Code"). *See* for example Case No. 25-14861/MBK at Dkt. 1.

7. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

8. On May 16, 2025, the U.S. Trustee appointed an official committee of unsecured creditors. *See* Dkt. 316.

9. As of the date hereof, no trustee or examiner has been requested or appointed.

### B. The Plan, Disclosure Statement, and the Conditional Approval and Solicitation Motion

10. On August 14, 2025, the Court entered an Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief (the "Administrative Procedures Order"). *See* Dkt. 1883. Pursuant to the Administrative Procedures Order, certain administrative claimants were

3

provided with the opportunity to elect to opt-out of an agreement to accept a reduced payment in satisfaction of such claims. *See id.*

11. On September 3, 2025, the Debtors filed the *Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates* (the "Plan"), and the related Disclosure Statement. *See* Dkts. 2286 and 2287. Pursuant to the Plan and the Disclosure Statement, the Debtors proposed a timeline for either confirmation of the Plan or a dismissal of these cases. *See* Dkt. 2287 at page 53 of 176. Pursuant to the Disclosure Statement, the deadline to file Dismissal Orders was scheduled for September 16, 2025, the deadline to file a Toggle Notice was September 23, 2025, the deadline to file a Confirmation Order was September 26, 2025, a dismissal hearing was scheduled for October 1, 2025 and confirmation was scheduled for October 17, 2025. *See id.* at pages 53 and 54 of 176.

12. On September 4, 2025, the Debtors filed the Motion for Entry of an Order (I)(A) Conditionally Approving the Adequacy of the Disclosure Statement, (B) Approving the Solicitation Procedures, (C) Approving the Form of Ballot and Notices in Connection Therewith, (D) Scheduling Certain Dates with Respect Thereto, and (E) Granting Related Relief and (II)(A) Approving, in the Alternative, Dismissal of the Debtors' Chapter 11 Cases, (B) Scheduling Certain Dates with Respect Thereto, and (C) Granting Related Relief that is the subject of this Objection and Reservation of Rights ("Conditional Approval and Solicitation Motion"). *See* Dkt. 2289. The Conditional Approval and Solicitation Motion sought the same deadlines as proposed in the Disclosure Statement.

13. On September 10, 2025, the U.S. Trustee filed an Objection to the Conditional Approval and Solicitation Motion (the "U.S. Trustee Objection to the Conditional Approval and Solicitation Motion"). *See* Dkt. 2403. The U.S. Trustee Objection to the Conditional Approval and Solicitation Motion included objections that the Plan was unconfirmable because it proposes

non-consensual third-party releases that are not authorized under the Bankruptcy Code, that the exculpation provision exceeds the limitations imposed by courts in this Circuit, and that the Debtors may not be able to pay administrative claimants in accordance with the priorities established by the Bankruptcy Code and applicable law. In addition, the U.S. Trustee objected to the proposed Solicitation Procedures, many of which were resolved prior to the hearing.

14. On September 22, 2025, the Court entered an Order (I)(A) Conditionally Approving the Adequacy of the Disclosure Statement, (B) Approving the Solicitation Procedures, (C) Approving the Form of Ballot and Notices in Connection Therewith, (D) Scheduling Certain Dates With Respect Thereto, and (E) Granting Related Relief and (II)(A) Scheduling Certain Dates With Respect to the Dismissal of the Chapter 11 Cases, and (B) Granting Related Relief (the "Conditional Approval and Solicitation Order"). *See* Dkt. 2535. The U.S. Trustee Objection to the Conditional Approval and Solicitation Motion concerning releases, exculpation, injunctions and opt-outs, which were reserved for confirmation.

C. **Attempts to Confirm the Plan or Toggle to a Dismissal**

15. Pursuant to the Conditional Approval and Solicitation Order, the Court scheduled the following deadlines: (i) September 26, 2025 to file a Toggle Notice; (ii) September 29, 2025, to file a Confirmation Order; (iii) September 30, 2025, to file dismissal orders; and (iv) October 9, 2025 for the combined hearing and dismissal. *See* Dkt. 2535 at page 7 and 8 of 314.

16. Since the Conditional Approval and Solicitation Order was entered on September 22, 2025, the Debtors have not filed a Toggle Notice, have not filed proposed dismissal orders, and have not filed a proposed confirmation order. Instead, on September 26, 2025, the Debtors filed a Notice of Extension of Date by Which Toggle Notice shall be filed on, and on September 30, 2025, the Debtors filed a Notice of Adjournment of the combined confirmation and dismissal hearing to a date to be determined. *See* Dkts. 2579 and 2696.

5

17. After the adjournment of the confirmation/dismissal hearing without date, the Court conducted several off the record status conferences and suggested mediation, which the parties agreed to and participated in.

18. On October 27, 2025, the Court conducted another status conference concerning the confirmation/dismissal hearing. At that status conference, the Debtors advised the Court that the mediation was not completely successful. As such, the Court advised the parties that the Court would be entering the OTSC.

19. Shortly thereafter, also on October 27, 2025, the Court entered the OTSC. *See* Dkt. 2997.

## RESPONSE

**The Court Should Enter an Order Converting These Cases to Chapter 7**

20. 11 U.S.C. § 1112(b)(1) provides, in pertinent part:

> [O]n request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

*See* 11 U.S.C. § 1112(b)(1).

21. "Cause" is defined in 11 U.S.C. § 1112(b)(4) as including –

    (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

    (B) gross mismanagement of the estate;

    (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

    (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;

6

 (E) failure to comply with an order of the court;

 (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

 (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

 (H) failure timely to provide information or attend meetings reasonably requested by the Acting United States Trustee (or the bankruptcy administrator, if any);

 (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

 (J) failure to file a disclosure statement, or to file or confirm a plan within the time fixed by this title or by order of the court;

 (K) failure to pay any fees or charges required under chapter 123 of title 28;

 (L) revocation of an order of confirmation under section 1144;

 (M) inability to effectuate substantial consummation of a confirmed plan;

 (N) material default by the debtor with respect to a confirmed plan;

 (O) termination of a confirmed plan by reason of the occurrence of a specific condition in the plan; and

 (P) failure of the debtor to pay domestic support obligation that first becomes payable after the date of the filing of the petition.

22. It is well settled that the list of factors constituting "cause" are not exhaustive. The legislative history for the statute provides in part, "[t]he court will be able to consider other factors,

and to use its equitable powers to reach an appropriate result in individual cases." H. Rep. 595, 95th Cong., 1st Sess. 406 (1977). *See In re Pittsfield Weaving Company*, 393 B.R. 271, 274 (Bankr. D.N.H. 2008) (Section 1112(b)(4) provides a non-exhaustive list of "causes" for conversion or dismissal).

23. Section 1112(b)(4)(A) provides that cause for conversion or dismissal exists when there is a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." *See* 11 U.S.C. § 1112(b)(4)(A).

24. A party seeking to demonstrate cause under Section 1112(b)(4)(A) must establish both the "substantial or continuing" loss prong as well as the absence of a reasonable likelihood of rehabilitation prong. *See In re 1031 Tax Grp., LLC*, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007)(*citing In re Photo Promotion Assocs., Inc.*, 47 B.R. 454, 458 (Bankr. S.D.N.Y. 1985). *See also In re BH S&B Holdings, LLC*, 439 B.R. 342, 347 (Bankr. S.D.N.Y. 2010); *In re EnCap Golf Holdings, LLC*, 2008 Bankr. LEXIS 2774 * 26 (September 4, 2008); *In re Great Am. Pyramid Joint Venture*, 144 B.R. 780, 790 (Bankr. W.D. Tenn 1992); *In re Union County Wholesale Tobacco & Candy Co.*, 8 B.R. 439, 441 (Bankr. D.N.J. 1981).

25. The Supreme Court has said that "[h]owever honest in its efforts the debtor may be, and however sincere its motives, the District Court is not bound to clog its docket with visionary or impracticable schemes for resuscitation." *See Tennessee Publishing Co. v. American Nat'l Bank*, 299 U.S. 18, 22, 57 S.Ct. 85, 87, 81 L.Ed. 13 (1936). "[T]here must be 'a reasonable possibility of a successful reorganization within a reasonable time.' " *See United Sav. Ass'n v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 376, 108 S.Ct. 626, 632, 98 L.Ed.2d 740 (1988). "Courts usually require the debtor do more than manifest unsubstantiated hopes for a successful reorganization." *See In re Canal Place Ltd. Partnership*, 921 F.2d 569, 577 (5th Cir.1991) and *In re Brown*, 951 F.2d 564, 572 (3d Cir.1991).

26. The purpose of section 1112(b)(4)(A) is to "preserve estate assets by preventing the debtor in possession from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation." *See In re Lizeric Realty Corp.*, 188 B.R. 499, 503 (Bankr. S.D.N.Y. 1995) (quoted in *Loop Corp. v. United States Trustee (In re Loop Corp.)*, 379 F.3d 511, 516 (8th Cir. 2004)).

27. The Court should consider both the financial prospects of the Debtor and the financial records filed with the Court to determine whether the Debtor has suffered continuing losses or diminution of the estate. *See Nester v. Gateway Access Solutions, Inc. (In re Gateway Access Solutions, Inc.*, 374 B.R. 556, 564 (Bankr. M.D. Pa. 2007). Negative cash flow and an inability to pay current expenses as they come due can satisfy the continuing loss or diminution of the estate standard. *See id. See also Loop Corp.*, 379 F.3d at 515-16; *In re AdBrite Corp.*, 290 B.R. 209, 215 (Bankr. S.D.N.Y. 2003); *In re Motel Properties, Inc.*, 314 B.R. 889, 894 (Bankr. S.D.Ga. 2004); *In re Route 202 Corp. t/a/ Lionti's Villa*, 37 B.R. 367, 374 (E.D.Pa. 1984); *In re Schriock Constr., Inc.*, 167 B.R. 569, 575 (Bankr. D. N.D. 1994); and *In re Galvin,* 49 B.R. 665, 669 (Bankr. D. N.D. 1985) (post-petition negative cash flow is considered by courts to be evidence of continuing losses).

28. Here, as the Court mentioned at the October 27, 2025 status conference, "this case has a very short shelf life and it has to because there's just continuing and mounting costs associated with continuation of the chapter 11 case." As the Debtors are no longer operating and the majority of their assets sold, the Debtors continue to sustain substantial and continuing losses with the continuation of these cases in chapter 11.

29. The second prong of Section 1112(b)(4)(A) requires a showing that the Debtors have no reasonable likelihood of rehabilitation. Rehabilitation in the context of Section 1112(b)(4)(A) "contemplates the successful maintenance or re-establishment of the debtor's

business operations . . . ." *See Canpartners Realty Holding IV, LLC v. Vallambrosa Holdings, LLC (In re Vallambrosa Holdings, LLC)*, 419 B.R. 81, 89 (Bankr. S.D. Ga. 2009). *See also Loop Corp. v. United States Tr.*, 379 F.3d 511, 516 (8th Cir. 2004) ("Courts have consistently understood 'rehabilitation' to refer to the debtor's ability to restore the viability of its business."). Because a Chapter 11 plan of reorganization may include liquidation, the test under Section 1112(B)(4)(A) is not whether the Debtors can confirm a plan, but, rather, "whether the Debtors' business prospects justify continuance of the reorganization effort." *See Vallambrosa Holdings*, 419 B.R. at 88; *see also Loop*, 379 F.3d at 516 ("Reorganization encompasses rehabilitation and may contemplate liquidation. Rehabilitation, on the other hand, may not include liquidation.") (quoting *In re The Ledges Apartments*, 58 B.R. 84, 87 (Bankr. D. Vt. 1986)). Thus, rehabilitation "begins with a confirmable plan" and requires "at minimum, the prospect of re-establishing a business." *See Vallambrosa Holdings*, 419 B.R. at 89.

30. "In order to determine whether the debtor's business prospects are sufficient to justify a finding of a reasonable likelihood of rehabilitation, the court should determine not only whether the causes of the debtor's continuing losses can be corrected, but also whether the debtor or some other party in interest is capable of performing the necessary remediation. In almost every case, the debtor's prospects will depend on whether the debtor has formulated, or can formulate within a reasonable amount of time, a reasonably detailed business plan." *See* 7 Collier on Bankruptcy P 1112.04 (16th 2025).

31. Here, the Debtors have no prospects for rehabilitation. Confirmation of the Plan is indefinitely on hold for various reasons and the Debtors do not assert any prospect of re-establishing a business.

32. Pursuant to 11 U.S.C. § 1112(b)(4)(A), the Court should convert this case to Chapter 7.

## CONCLUSION

**WHEREFORE**, the U.S. Trustee respectfully requests that this Court enter an order converting these cases to cases under chapter 7, and grant such other and further relief as the Court deems just and equitable.

                                      Respectfully submitted,

                                      ANDREW R. VARA
                                      UNITED STATES TRUSTEE
                                      REGIONS 3 & 9

                            By:  */s/ Jeffrey M. Sponder*
                                      Jeffrey M. Sponder
                                      Trial Attorney

Dated: November 7, 2025