Corey E. Taylor (Bar No. 178501)
Paige K. Miller (Bar No. 338873)
Law Office of Corey E. Taylor, APC
629 Camino de los Mares, Suite 305
San Clemente, CA 92673
Tel. (949) 429-3481
Fax. (949) 271-2704
E-Mail: corey@taylorlawoc.com
E-Mail: paige@taylorlawoc.com

*Pro Hac Vice Admission Pending*

Attorney for Lease Counterparty 7900 Bellaire I,
Ltd.

U.S. BANKRUPTCY COURT
FILED
TRENTON, NJ

2025 NOV -6 ⁓ 3 56

JEANE A. KNUDSEN

BY:_____
DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: | Chapter 11 |
| NEW RITE AID, LLC, et al., | Case No. 25-14861 (MBK) |
| | (Jointly Administered) |
| Debtors.[1] | **LEASE COUNTERPARTY 7900 BELLAIRE I, LTD.'S OBJECTION TO FIVE BELOW, INC.'S ASSUMPTION OF THE LEASE FOR STORE 5775; SUPPORTING DECLARATION OF COREY E. TAYLOR** |
| | Hearing Date:  Not yet set |

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025.  The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

Lease Counterparty 7900 Bellaire I, Ltd. ("**Counterparty**") provides the following Assignment and Assumption Objection ("**Assumption Objection**") regarding the proposed assumption of the lease ("**Lease**") for Debtor's Store No. 5775 located at 2400 B Las Posas Road, Camarillo, CA, 93010 ("**Store 5775**"):

On July 22, 2025, Counterparty was notified that Five Below, Inc. ("**Successful Bidder**") intended to assume the Lease.  Thereafter, Counterparty and Successful Bidder negotiated over several weeks in an effort to resolve Counterparty's objections to Successful Bidder's proposal to assume the Lease, including Counterparty drafting and providing an Assignment and Assumption of Lease Agreement ("**Assignment Agreement**") to Successful Bidder's contact person.  Declaration of Corey E. Taylor ("**Taylor Decl.**"), ¶¶ 4-7, Exh. "B."  The Assignment Agreement has not been executed.

There are three critical and unresolved issues concerning Successful Bidder's proposed assumption of the Lease for Store 5775.  Unless each is resolved, Counterparty objects to Successful Bidder's assumption of the Lease.  Those issues are as follows:

1. **Claimed Cure Amount.**  Debtor lists the cure amount at $40,533.04, while Counterparty's records establish that, inclusive of rent due for November 2025, Debtor's balance due to Counterparty is $68,597.34.  Exhibit "|A."

2. **Concessions to Successful Bidder.**  As evidenced by the Assignment Agreement (Exhibit "B"), Counterparty is unwilling to provide Successful Bidder with any discount on amounts due per the Lease, nor any concessions on rent, whether in the form or discounted rent, abated rent, or otherwise.

3. **Violations of Use Provisions.**  As also evidenced by the Assignment Agreement (Exhibit "B"), Counterparty is very concerned that Successful Bidder's operation of Store 5775 as

LAW OFFICE OF COREY E. TAYLOR, APC
629 Camino de los Mares, Suite 305
San Clemente, CA 92673

Five Below will trigger violations of the leases of at least two (2) other tenants located in Camarillo Village Square ("**Shopping Center**") where Store 5775 is located.  As such, Counterparty requires that Successful Bidder defend, indemnify, and told Counterparty harmless from any future claims by other tenants of the Shopping Center that Five Below's use of the Premises violates such other leases.  Exhibit "B."

Section IV 10.m. of the *Order (I) Approving the Auction and Bidding Procedures, (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (Iii) Approving the Form and Manner of Notice Thereof, (Iv) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (Vi) Authorizing (A) the Sale of Assets and (B) Shortened Notice with Respect Thereto, and (Vii) Granting Related Relief* ("**Order**") entered on May 21, 2025 (Docket No. 473) states as follows:

**Adequate Assurance of Future Performance**:  Each Bid must, to the extent applicable, (i) identify any then-known executory contracts and unexpired leases (collectively, the "Contracts") to be assumed and assigned in connection with the proposed Sale Transaction, (ii) provide for the payment of all cure amounts related to such then-known Contracts by the Acceptable Bidder and (iii) demonstrate, in the Debtors' reasonable business judgment, in consultation with the Consultation Parties, that the Acceptable Bidder can provide adequate assurance of future performance under all such then-known Contracts sufficient to satisfy the requirements of sections 365(b)(3) and 365(f)(2)(B) of the Bankruptcy Code, and (iv) provide the following documentation (which the Debtors may reasonably request be supplemented after the Bid is submitted in connection with any reasonable request from a counterparty to a proposed Assumed Contract):
(Emphasis added.)

LAW OFFICES OF COREY E. TAYLOR, APC
629 Camino de los Mares, Suite 305
San Clemente, CA 92673

LAW OFFICE OF COREY E. TAYLOR, APC
629 Camino de los Mares, Suite 305
San Clemente, CA 92673

1   Section 365(b)(3), in turn, states at subsections (C) and (D):

2   (C) that assumption or assignment of such lease is subject to all the provisions

3   thereof, including (but not limited to) provisions such as a radius, location, use, or

4   exclusivity provision, and will not breach any such provision contained in any other

5   lease, financing agreement, or master agreement relating to such shopping center;

6   and (D) that assumption or assignment of such lease will not disrupt any tenant mix

7   or balance in such shopping center.

8   (Emphasis added.)

9

10   A debtor in bankruptcy, should it desire to assume one of its leases or executory

11   contracts, must assume such an agreement in its entirety. *N.L.R.B. v. Bildisco & Bildisco*, 465

12   U.S. 513, 531–32 (1984).   A potential assignee of the Lease must adequately assure

13   Counterparty that it can and will comply with restrictions in the lease. *See In re Sun TV &*

14   *Appliances, Inc.*, 234 B.R. 356, 370-71 & n.7 (Bankr. D. Del. 1999); *In re Rickel Home Centers,*

15   *Inc.*, 209 F.3d 291, 299 (3d Cir. 2000).

16

17   Given the foregoing, as well as because the *Order (I) Approving the Asset Purchase*

18   *Agreement Among Debtors and Buyer, (II) Authorizing the Sale of Designation Rights to Certain*

19   *Leases Free and Clear of Liens, Claims, Interests, and Encumbrances, (III) Approving*

20   *Assignment and Assumption Procedures for the Designation Leases and (IV) Granting Related*

21   *Relief* [Docket No. 2257] ("**Sale Order**"), requires Successful Bidder to provide Lease

22   Counterparty with adequate assurance of future performance per section 365(b)(3), and

23   Successful Bidder has not yet provided such assurance, Counterparty objects to its assumption of

24   the Lease for Store 5775.

25

26   Accordingly, Counterparty requests that either (1): Successful Bidder's assumption be

27   contingent on Successful Bidder executing the Assignment Agreement; or (2) in addition to

28   ordering assumption of the Lease for Store 5775 "as-is," order such other relief as will protect

1    Counterparty from breach of lease claims brought by other tenants in the Shopping Center due to

2    Successful Bidder's operation of Store 5775.

3

4    DATED:  November 5, 2025                Respectfully submitted,

5                                           LAW OFFICE OF COREY E. TAYLOR, APC

6

7    By:

8                                           Corey E. Taylor, Esq.
                                            Attorney for Lease Counterparty 7900 Bellaire
9                                           I, Ltd.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICE OF COREY E. TAYLOR, APC
629 Camino de los Mares, Suite 305
San Clemente, CA 92673

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF COREY E. TAYLOR, APC
629 Camino de los Mares, Suite 305
San Clemente, CA 92673

## <u>DECLARATION OF COREY E. TAYLOR</u>

## <u>IN SUPPORT OF ASSIGNMENT OBJECTION</u>

I, Corey E. Taylor declare as follows:

      1.      I am counsel for 7900 Bellaire I, Ltd. ("**Counterparty**"), the landlord under the subject leases and owner of the subject property, and am authorized to make this verification on Counterparty's behalf.

      2.      I have personal knowledge of the matters set forth herein or have gained the information from review of the business records maintained by Counterparty and, if called as a witness, I could and would testify competently thereto. I make this declaration in support of Counterparty's Assumption Objection in this matter.

      3.      Attached hereto as Exhibit "A" is a current report of unpaid lease charges due pursuant to the lease for Store 5775. Exhibit "A" is one a business record of Counterparty. As set forth on Exhibit "A," debtor Rite Aid owes Counterparty $68,597.34 as of the date of this objection.

      4.      The leases for Sprouts and Ross Dress for Less, each of which are other tenants in Camarillo Village Square ("**Shopping Center**") where Store 5775 is located each contains language that may prevent Five Below from operating its discount clothing operation at Store 5775.

Exhibit G(1) to the lease for Sprouts store #419 operating in the Shopping Center states as follows, in pertinent part:

      The following uses (collectively, "Prohibited Uses") are prohibited in any portion of the Shopping Center:

a.      any so-called singled price point discount or discount dollar stores (such as Dollar Tree, 99 Center and More, Family Dollar, Dollar General, or any stores with a similar business plan or similar operation)[.]

Similarly, the Lease for Ross Dress for Less operating in the Shopping Center states:

      Landlord shall not lease any space in the Shopping Center, nor approve a change in

use under a lease if Landlord is permitted to deny consent to such change in use under such lease, allowing the tenant's or occupant's space to be a facility primarily selling merchandise at one price of set prices such as 99 Cent Only Stores or Family Dollar store, as they are currently operated, and other such types of operations. The foregoing use restriction are referred to herein as the "Ross Prohibited Uses."

5.     Other leases of tenants in the Shopping Center may have similar restrictions.

6.     Given the foregoing, as well as given Counterparty's decision not to provide any concessions to Five Below. Inc. (**"Successful Bidder"**) in connection with any lease assignment, my firm prepared and sent to Successful Bidder's representative on October 24, 2025, an email enclosing a draft Assignment and Assumption of Lease Agreement (**"Assignment Agreement"**). A true and correct copy of which is attached hereto as Exhibit "B."

7.     Neither Counterparty nor my firm have received any comments on, or Successful Bidder's agreement to execute, the Assignment Agreement.

8.     Given Successful Bidder's business model, Counterparty is concerned that its operation of a discount clothing store in the Shopping Center will place Counterparty in violation of other leases. Accordingly, Counterparty requests that either (1): Successful Bidder's assumption be contingent on Successful Bidder executing the Assignment Agreement; or (2) in addition to ordering assumption of the Lease for Store 5775 "as-is," order such other relief as will protect Counterparty from breach of lease claims brought by other tenants in the Shopping Center due to Successful Bidder's operation of Store 5775.

I declare under penalty of perjury the laws of the State of California that the foregoing is true and correct.

Executed on November 5th, 2025 at San Clemente, California.

Corey E. Taylor

# EXHIBIT "A"

# Lease Ledger

Date: 11/05/2025
Property: oc25
Tenant: t0003892 Rite Aid
From Date: 08/23/1989 To Date: 08/31/2029
Move In Date: 11/17/2021
Unit(s): 2400B

| Date | Description | Unit | Charge | Payment | Balance | Chg/Rec Hold |
|---|---|---|---|---|---|---|
| 02/10/2023 | Posted by QuickTrans (rent) | | 6,877.21 | 0.00 | 6,877.21 | C-328437 No |
| 02/10/2023 | Posted by QuickTrans (camest) | | 5,222.98 | 0.00 | 12,100.19 | C-328474 No |
| 02/10/2023 | Chk# QuickTrans Posted by QuickTrans | | 0.00 | 6,877.21 | 5,222.98 | R-223976 No |
| 02/10/2023 | Chk# QuickTrans Posted by QuickTrans | | 0.00 | 5,222.98 | 0.00 | R-224015 No |
| 03/01/2023 | Standard CAM Pool (03/2023) | 2400B | 8,031.55 | 0.00 | 8,031.55 | C-328287 No |
| 03/01/2023 | Rent (03/2023) | 2400B | 10,134.83 | 0.00 | 18,166.38 | C-328288 No |
| 03/27/2023 | Chk# 210594 | | 0.00 | 17,831.86 | 334.52 | R-225114 No |
| 04/01/2023 | Standard CAM Pool (04/2023) | 2400B | 8,031.55 | 0.00 | 8,366.07 | C-330901 No |
| 04/01/2023 | Rent (04/2023) | 2400B | 10,134.83 | 0.00 | 18,500.90 | C-330902 No |
| 04/25/2023 | Chk# 210605 Chk#033123 received in Camarillo Village bank acct | | 0.00 | 17,831.86 | 669.04 | R-226387 No |
| 05/01/2023 | Standard CAM Pool (05/2023) | 2400B | 8,031.55 | 0.00 | 8,700.59 | C-332431 No |
| 05/01/2023 | Rent (05/2023) | 2400B | 10,134.83 | 0.00 | 18,835.42 | C-332432 No |
| 05/30/2023 | 2022 CAM Rec | | (14,438.31) | 0.00 | 4,397.11 | C-335065 No |
| 05/30/2023 | Chk# 210614 ACH #2311801006439850 received in c33 bank account | | 0.00 | 17,831.86 | (13,434.75) | R-227720 No |
| 06/01/2023 | Standard CAM Pool (06/2023) | 2400B | 8,031.55 | 0.00 | (5,403.20) | C-334767 No |
| 06/01/2023 | Rent (06/2023) | 2400B | 10,134.83 | 0.00 | 4,731.63 | C-334768 No |
| 07/01/2023 | Standard CAM Pool (07/2023) | 2400B | 8,031.55 | 0.00 | 12,763.18 | C-336425 No |
| 07/01/2023 | Rent (07/2023) | 2400B | 10,134.83 | 0.00 | 22,898.01 | C-336426 No |
| 08/01/2023 | Standard CAM Pool (08/2023) | 2400B | 8,031.55 | 0.00 | 30,929.56 | C-338198 No |
| 08/01/2023 | Rent (08/2023) | 2400B | 10,134.83 | 0.00 | 41,064.39 | C-338199 No |
| 08/11/2023 | Chk# ACH 081123 | | 0.00 | 17,831.86 | 23,232.53 | R-230946 No |
| 09/01/2023 | Standard CAM Pool (09/2023) | 2400B | 8,031.55 | 0.00 | 31,264.08 | C-339075 No |
| 09/01/2023 | Rent (09/2023) | 2400B | 10,134.83 | 0.00 | 41,398.91 | C-339076 No |
| 09/01/2023 | Chk# ACH 090123 | | 0.00 | 53,495.58 | (12,096.67) | R-231363 No |
| 10/01/2023 | Standard CAM Pool (10/2023) | 2400B | 8,031.55 | 0.00 | (4,065.12) | C-341732 No |
| 10/01/2023 | Rent (10/2023) | 2400B | 10,134.83 | 0.00 | 6,069.71 | C-341733 No |
| 10/02/2023 | Chk# ACH 100223 | | 0.00 | 17,831.86 | (11,762.15) | R-232469 No |
| 11/01/2023 | Standard CAM Pool (11/2023) | 2400B | 8,031.55 | 0.00 | (3,730.60) | C-342861 No |
| 11/01/2023 | Rent (11/2023) | 2400B | 10,134.83 | 0.00 | 6,404.23 | C-342862 No |
| 11/01/2023 | Chk# ACH 110123 | | 0.00 | 17,831.86 | (11,427.63) | R-233545 No |
| 12/01/2023 | Standard CAM Pool (12/2023) | 2400B | 8,031.55 | 0.00 | (3,396.08) | C-344444 No |
| 12/01/2023 | Rent (12/2023) | 2400B | 10,134.83 | 0.00 | 6,738.75 | C-344445 No |
| 12/01/2023 | Chk# ACH 120123 | | 0.00 | 17,831.86 | (11,093.11) | R-234702 No |
| 01/01/2024 | Standard CAM Pool (01/2024) | 2400B | 9,390.89 | 0.00 | (1,702.22) | C-345420 No |

# Lease Ledger

Date: 11/05/2025
Property: oc25
Tenant: 10003892 Rite Aid
From Date: 08/23/1989  To Date: 08/31/2029
Move In Date: 11/17/2021
Unit(S): 2400B

| Date | Description | Unit | Charge | Payment | Balance | Chg/Rec | Hold |
|---|---|---|---|---|---|---|---|
| 01/01/2024 | Rent (01/2024) | 2400B | 10,134.83 | 0.00 | 8,432.61 | C-345421 | No |
| 01/02/2024 | Chk# ACH 010224 | | 0.00 | 17,831.86 | (9,399.25) | R-236058 | No |
| 02/01/2024 | Standard CAM Pool (02/2024) | 2400B | 9,390.89 | 0.00 | (8.36) | C-348206 | No |
| 02/01/2024 | Rent (02/2024) | 2400B | 10,134.83 | 0.00 | 10,126.47 | C-348207 | No |
| 02/02/2024 | Chk# ACH 020224 | | 0.00 | 17,831.86 | (7,705.39) | R-237349 | No |
| 03/01/2024 | Standard CAM Pool (03/2024) | 2400B | 9,390.89 | 0.00 | 1,685.50 | C-350505 | No |
| 03/01/2024 | Rent (03/2024) | 2400B | 10,134.83 | 0.00 | 11,820.33 | C-350506 | No |
| 03/04/2024 | Chk# ACH 030424 | | 0.00 | 17,831.86 | (6,011.53) | R-238477 | No |
| 04/01/2024 | Standard CAM Pool (04/2024) | 2400B | 9,390.89 | 0.00 | 3,379.36 | C-351880 | No |
| 04/01/2024 | Rent (04/2024) | 2400B | 10,134.83 | 0.00 | 13,514.19 | C-351881 | No |
| 04/01/2024 | CAM Recovery (01/2023 - 12/2023) | | (52.10) | 0.00 | 13,462.09 | C-352725 | No |
| 04/04/2024 | Chk# ACH 040424 | | 0.00 | 17,831.86 | (4,369.77) | R-239927 | No |
| 05/01/2024 | Standard CAM Pool (05/2024) | 2400B | 9,390.89 | 0.00 | 5,021.12 | C-354052 | No |
| 05/01/2024 | Rent (05/2024) | 2400B | 10,134.83 | 0.00 | 15,155.95 | C-354053 | No |
| 05/03/2024 | Chk# ACH 050324 | | 0.00 | 17,831.86 | (2,675.91) | R-241019 | No |
| 06/01/2024 | Standard CAM Pool (06/2024) | 2400B | 9,390.89 | 0.00 | 6,714.98 | C-355744 | No |
| 06/01/2024 | Rent (06/2024) | 2400B | 10,134.83 | 0.00 | 16,849.81 | C-355745 | No |
| 06/05/2024 | Chk# ACH 060524 | | 0.00 | 17,831.86 | (982.05) | R-242155 | No |
| 07/01/2024 | Standard CAM Pool (07/2024) | 2400B | 9,390.89 | 0.00 | 8,408.84 | C-356737 | No |
| 07/01/2024 | Rent (07/2024) | 2400B | 10,134.83 | 0.00 | 18,543.67 | C-356738 | No |
| 07/05/2024 | Chk# ACH 070524 | | 0.00 | 17,831.86 | 711.81 | R-243409 | No |
| 08/01/2024 | Standard CAM Pool (08/2024) | 2400B | 9,390.89 | 0.00 | 10,102.70 | C-359906 | No |
| 08/01/2024 | Rent (08/2024) | 2400B | 10,134.83 | 0.00 | 20,237.53 | C-359907 | No |
| 08/05/2024 | Chk# ACH 080524 | | 0.00 | 17,831.86 | 2,405.67 | R-244341 | No |
| 08/26/2024 | Chk# ACH 082624 | | 0.00 | 504.47 | 1,901.20 | R-245094 | No |
| 09/01/2024 | Standard CAM Pool (09/2024) | 2400B | 9,390.89 | 0.00 | 11,292.09 | C-360202 | No |
| 09/01/2024 | Rent (09/2024) | 2400B | 10,134.83 | 0.00 | 21,426.92 | C-360203 | No |
| 09/05/2024 | Chk# ACH 090524 | | 0.00 | 17,831.86 | 3,595.06 | R-245705 | No |
| 10/01/2024 | Standard CAM Pool (10/2024) | 2400B | 9,390.89 | 0.00 | 12,985.95 | C-362080 | No |
| 10/01/2024 | Rent (10/2024) | 2400B | 10,134.83 | 0.00 | 23,120.78 | C-362081 | No |
| 10/04/2024 | Chk# ACH 100424 | | 0.00 | 17,831.86 | 5,288.92 | R-247090 | No |
| 11/01/2024 | Standard CAM Pool (11/2024) | 2400B | 9,390.89 | 0.00 | 14,679.81 | C-364725 | No |
| 11/01/2024 | Rent (11/2024) | 2400B | 10,134.83 | 0.00 | 24,814.64 | C-364726 | No |
| 11/06/2024 | Chk# ACH 110624 | | 0.00 | 12,764.45 | 12,050.19 | R-248777 | No |
| 12/01/2024 | Standard CAM Pool (12/2024) | 2400B | 9,390.89 | 0.00 | 21,441.08 | C-366482 | No |
| 12/01/2024 | Rent (12/2024) | 2400B | 10,134.83 | 0.00 | 31,575.91 | C-366483 | No |

# Lease Ledger

Date: 11/05/2025
Property: oc25
Tenant: 10003892 Rite Aid
From Date: 08/23/1989 To Date: 08/31/2029
Move In Date: 11/17/2021
Unit(S): 2400B

| Date | Description | Unit | Charge | Payment | Balance | Chg/Rec Hold |
|---|---|---|---|---|---|---|
| 12/05/2024 | Chk# ACH 120524 | | 0.00 | 12,764.45 | 18,811.46 | R-249882 No |
| 01/01/2025 | Standard CAM Pool (01/2025) | 2400B | 9,390.89 | 0.00 | 28,202.35 | C-366877 No |
| 01/01/2025 | Rent (01/2025) | 2400B | 10,134.83 | 0.00 | 38,337.18 | C-366878 No |
| 01/06/2025 | Chk# ACH 010625 | | 0.00 | 12,764.44 | 25,572.74 | R-251023 No |
| 01/30/2025 | Standard CAM Pool Adjustment (01/2025) | | 740.85 | 0.00 | 26,313.59 | C-370925 No |
| 02/01/2025 | Standard CAM Pool (02/2025) | 2400B | 10,131.74 | 0.00 | 36,445.33 | C-370965 No |
| 02/01/2025 | Rent (02/2025) | 2400B | 10,134.83 | 0.00 | 46,580.16 | C-370966 No |
| 02/05/2025 | Chk# ACH 020525 | | 0.00 | 12,764.44 | 33,815.72 | R-252372 No |
| 02/12/2025 | Rent Concession (09/2024) | | (5,067.42) | 0.00 | 28,748.30 | C-371289 No |
| 02/12/2025 | Rent Concession (10/2024) | | (5,067.42) | 0.00 | 23,680.88 | C-371290 No |
| 02/12/2025 | Rent Concession (11/2024) | | (5,067.42) | 0.00 | 18,613.46 | C-371291 No |
| 02/12/2025 | Rent Concession (12/2024) | | (5,067.42) | 0.00 | 13,546.04 | C-371292 No |
| 02/14/2025 | Chk# ACH 021425 | | 0.00 | 1,001.69 | 12,544.35 | R-253063 No |
| 03/01/2025 | Standard CAM Pool (03/2025) | 2400B | 10,131.74 | 0.00 | 22,676.09 | C-371489 No |
| 03/01/2025 | Rent (03/2025) | 2400B | 10,134.83 | 0.00 | 32,810.92 | C-371490 No |
| 03/07/2025 | Chk# ACH 030725 | | 0.00 | 25,135.84 | 7,675.08 | R-253912 No |
| 04/01/2025 | Standard CAM Pool (04/2025) | 2400B | 10,131.74 | 0.00 | 17,806.82 | C-374229 No |
| 04/01/2025 | Rent (04/2025) | 2400B | 10,134.83 | 0.00 | 27,941.65 | C-374230 No |
| 05/01/2025 | Standard CAM Pool (05/2025) | 2400B | 10,131.74 | 0.00 | 38,073.39 | C-377279 No |
| 05/01/2025 | Rent (05/2025) | 2400B | 10,134.83 | 0.00 | 48,208.22 | C-377280 No |
| 05/01/2025 | CAM Recovery (01/2024 - 12/2024) | | 2,803.10 | 0.00 | 51,011.32 | C-378269 No |
| 06/01/2025 | Standard CAM Pool (06/2025) | 2400B | 10,131.74 | 0.00 | 61,143.06 | C-379273 No |
| 06/01/2025 | Rent (06/2025) | 2400B | 10,134.83 | 0.00 | 71,277.89 | C-379274 No |
| 06/03/2025 | Chk# ACH 060325 | | 0.00 | 20,266.52 | 51,011.37 | R-257594 No |
| 06/18/2025 | Chk# ACH 061825 | | 0.00 | 2,803.10 | 48,208.27 | R-258583 No |
| 07/01/2025 | Standard CAM Pool (07/2025) | 2400B | 10,131.74 | 0.00 | 58,340.01 | C-381202 No |
| 07/01/2025 | Rent (07/2025) | 2400B | 10,134.83 | 0.00 | 68,474.84 | C-381203 No |
| 07/03/2025 | Chk# ACH 070325 | | 0.00 | 10,134.83 | 58,340.01 | R-259206 No |
| 07/10/2025 | Chk# ACH 071025 | | 0.00 | 10,131.69 | 48,208.32 | R-259758 No |
| 08/01/2025 | Standard CAM Pool (08/2025) | 2400B | 10,131.74 | 0.00 | 58,340.06 | C-382415 No |
| 08/01/2025 | Rent (08/2025) | 2400B | 10,134.83 | 0.00 | 68,474.89 | C-382416 No |
| 08/01/2025 | 07/25 Legal Services, Corey E. Taylor Inv#2025-2768 | | 122.30 | 0.00 | 68,597.19 | C-384117 No |
| 08/06/2025 | Chk# ACH 080625 | | 0.00 | 20,266.52 | 48,330.67 | R-260731 No |
| 09/01/2025 | Standard CAM Pool (09/2025) | 2400B | 10,131.74 | 0.00 | 58,462.41 | C-385681 No |
| 09/01/2025 | Rent (09/2025) | 2400B | 10,134.83 | 0.00 | 68,597.24 | C-385682 No |
| 09/08/2025 | Chk# ACH 090825 | | 0.00 | 20,266.52 | 48,330.72 | R-262080 No |

Page 4

## Lease Ledger

Date: 11/05/2025
Property: oc25
Tenant: 10003892 Rite Aid
From Date: 08/23/1989  To Date: 08/31/2029
Move In Date: 11/17/2021
Unit(S): 2400B

| Date | Description | Unit | Charge | Payment | Balance | Chg/Rec | Hold |
|------|-------------|------|--------|---------|---------|---------|------|
| 10/01/2025 | Standard CAM Pool (10/2025) | 2400B | 10,131.74 | 0.00 | 58,462.46 | C-386481 | No |
| 10/01/2025 | Rent (10/2025) | 2400B | 10,134.83 | 0.00 | 68,597.29 | C-386482 | No |
| 10/03/2025 | Chk# ACH 100325 | 2400B | 0.00 | 20,266.52 | 48,330.77 | R-263132 | |
| 11/01/2025 | Standard CAM Pool (11/2025) | 2400B | 10,131.74 | 0.00 | 58,462.51 | C-388254 | No |
| 11/01/2025 | Rent (11/2025) | 2400B | 10,134.83 | 0.00 | 68,597.34 | C-388255 | No |

# EXHIBIT "B"

| | |
|---|---|
| **From:** | Corey Taylor |
| **Sent:** | Friday, October 24, 2025 2:08 PM |
| **To:** | bweiss@hilcoglobal.com |
| **Cc:** | 'Jim Wood' |
| **Subject:** | Five Below - Assumption of Lease for Rite Aid Store 5775 |
| **Attachments:** | Rite Aid Five Below Assignment - 05775 (Camarillo California) v3 CET dd 10.24.2025.docx |

Bryan –

I neglected to copy landlord's manager, Jim Wood, on my email of a moment ago attaching the lease assignment document.  Please disregard that email and refer to this one instead.

As stated, we've prepared an assumption and assignment agreement containing the terms on which the Camarillo Village Square landlord for Rite Aid store 5775 will agree to terms.  Please see attached.

Please direct any comments on the attached to Jim.  His contact information is as follows:

Jim Wood
President
Stonewood Properties, Inc.
2530 Redhill Avenue, Ste. 225
Santa Ana CA 92705
949-250-9100

CABRE# 00979382

Jim, Bryan's information is as follows:

**Bryan Weiss**
Senior Vice President | Hilco Real Estate, LLC
o: 248-516-1750 | c: 248-425-2579
bweiss@hilcoglobal.com
www.hilcoglobal.com/companies/hilco-real-estate
LinkedIn | Facebook | Instagram

Thank you,

Corey

Corey E. Taylor, Esq.
*Law Office of Corey E. Taylor, APC*
629 Camino de los Mares, Suite 305
San Clemente, CA 92673
main - 949.429.3481

dir - 949.429.3485
cl - 949.230.2458
www.taylorlawoc.com

RATED BY
**Super Lawyers**

**Corey Taylor**

**5 YEARS**

**Confidentiality Note**: Please note that the information in this email is confidential and may be privileged and is intended only for the use of the named addressee(s). Nothing in this email is intended by the attorney or the client to constitute a waiver of the confidentiality of this information. If the recipient of this email is not the intended recipient, please be advised that any duplication or distribution of this information is unauthorized. If you have received this information in error please notify us immediately by reply email at corey@taylorlawoc.com or by calling (949) 429-348] and please destroy this transmission, all attachments to it, and any copies that have been made.  Thank you for your cooperation.

### ASSIGNMENT AND ASSUMPTION OF LEASE

**THIS ASSIGNMENT AND ASSUMPTION OF LEASE** (this "*Assignment*") is made effective October 31, 2025 (the "*Effective Date*") by and between WESTWOOD RIDGE APARTMENTS I, LTD., a Texas limited partnership, SHADOW RIDGE MULTI-FAMILY INESTMENTS, LTD., a Texas limited partnership, FONVILLA APARTMENTS, LTD., a Texas limited partnership, and 7900 BELLAIRE I LTD., a Texas limited partnership (collectively, "*Landlord*"), THRIFTY PAYLESS, INC., a California corporation ("*Assignor*"), and FIVE BELOW, INC., a Pennsylvania corporation ("**Assignee**"; together with Landlord and Assignor, the "*Parties*" and each, a "*Party*").

### RECITALS

**WHEREAS**, Landlord and Assignor are parties to that certain lease agreement dated March 8, 1988 (as amended from time to time thereafter, the "*Lease*"), with respect to that certain premises located at 2400-B Las Posas Road Camarillo, California 93010-3435, which premises is defined and more particularly described in the Lease (the "*Premises*");

**WHEREAS**, on May 5, 2025, New Rite Aid, LLC and its subsidiaries, including Assignor (collectively, "*Debtors*") commenced a case (the "*Chapter 11 Cases*") under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "*Bankruptcy Code*") which is now pending in the United States Bankruptcy Court for the District of New Jersey (the "*Bankruptcy Court*"). The Chapter 11 Cases are being jointly administered under Case Number 25-14861;

**WHEREAS**, on July 22, 2025, Debtors provided notice in the Chapter 11 Cases of its intent to assume and assign the Lease;

**WHEREAS**, on September 2, 2025, the Bankruptcy Court approved Assignee's designation of the Lease for assumption, such that Landlord and Assignee could thereafter reach agreement on the terms of Assignee's assumption of the Lease;

**WHEREAS**, as of the Effective Date, Assignor owes Landlord the sum of Sixty Eight Thousand Five Hundred Ninety Seven and 34/100 Dollars ($68,597.34) ("**Cure Amount**"); and

**WHEREAS**, Assignee desires to assume Assignor's rights and obligations under the Lease, effective as of the Lease Assignment Closing Date (as hereinafter defined), pursuant to the terms of this Assignment, as consented to by Landlord.

**NOW, THEREFORE**, in consideration of the foregoing, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and confessed, the Parties hereby agree as follows:

### AGREEMENT

1.      Capitalized Terms. Capitalized terms used and not otherwise defined herein shall have the respective meaning assigned to such terms in the Lease.

2.      Effective Date. This Assignment shall be effective on the last to occur of (a) payment in full to Landlord of the Cure Amount and (b) the first (1) Business Day after an Assumption and Assignment Order for the Lease is entered by the Bankruptcy Court ("**Lease Assignment Closing Date**"). In the event the Lease Assignment Closing Date does not occur, or the Lease is rejected in accordance with the Bankruptcy Code, this Assignment shall be null and void in all respects, and nothing in this Assignment

1

shall give rise to any claim, causes of action, or damages (compensatory or consequential) against any Party.

3.    Assignment and Assumption of Lease.  As of the Lease Assignment Closing Date, Assignor hereby absolutely and unconditionally grants, transfers, conveys, bargains, sells, assigns and delivers to Assignee all of Assignor's right, title and interest, as Tenant, in, to and under the Lease.  Assignee hereby accepts the assignment and assumes all obligations of Assignor as "Tenant" under the Lease from and after the Lease Assignment Closing Date.

4.    Amended Use Provision in Lease.  The last sentence of Section 12 of the Lease entitled "USE" is deleted and replaced with the following:  "The above restrictions shall not restrict Tenant from selling those items which are customarily sold in other Five Below stores throughout Southern California."

5.    Defense and Indemnity – Use.  Assignee understands and agrees that certain leases between Landlord and other tenants of Camarillo Village Square ("**Shopping Center**") where the Premises are located, Sprouts and Ross Dress for Less ("**Ross**"), contain language potentially limiting the use of the Premises by Assignee.  Specifically, Assignee understands and agrees that Exhibit G(1) to the lease for Sprouts store #419 operating in the Shopping Center states that "*any so-called singled price point discount or discount dollar stores (such as Dollar Tree, 99 Center and More, Family Dollar, Dollar General, or any stores with a similar business plan or similar operation)[.]*" is a "Prohibited Use" and that the Lease for Ross operating in the Shopping Center states: "*Landlord shall not lease any space in the Shopping Center, nor approve a change in use under a lease if Landlord is permitted to deny consent to such change in use under such lease, allowing the tenant's or occupant's space to be a facility primarily selling merchandise at one price of set prices such as 99 Cent Only Stores or Family Dollar store, as they are currently operated, and other such types of operations.  The foregoing use restriction are referred to herein as the "Ross Prohibited Uses.""* Assignee represents and warrants that the Use of the Premises as modified by this Assignment does not constitute a Prohibited Use as defined in the lease for Sprouts store #419, a Ross Prohibited Use as defined in the Lease for Ross operating in the Shopping Center, nor a violation of the provisions of any other existing lease for premises within the Shopping Center (collectively, the "**Existing Prohibited Uses**").  In the event that Sprouts, Ross, or any other tenant of the Shopping Center asserts any claim against Landlord arising out of an alleged violation of the Existing Prohibited Uses as a result of this Assignment, Assignee shall indemnify, protect, defend (by counsel reasonably approved in writing by Landlord) and hold Landlord wholly harmless from and against any and all claims, judgments, suits, causes of action, damages, losses, liabilities and expenses (including attorneys' fees and court costs) resulting from such claimed violation.

6.    Waiver of Claims.  As of the Lease Assignment Closing Date, Landlord waives, releases, and discharges Assignor and all of its affiliated companies, the Debtors (as defined in the Chapter 11 Cases), and their bankruptcy estates, and their respective successors and assigns, from any and all claims, damages, obligations, liabilities, actions, and causes of action of every kind and nature whatsoever it may have for any cure payments or other amounts due and owing under the Lease, or that otherwise arose under or in connection with the Lease, through and including the date hereof, including but not limited to claims for so-called "stub rent," (whether or not asserted as administrative priority claims pursuant to Section 503(b) of the Bankruptcy Code) whether known or unknown, liquidated or unliquidated, fixed or contingent, matured or unmatured, now existing or hereafter arising, including any claims and causes of action for damages, payments, or amounts owing or that may become owing pursuant to section 365(b) of the Bankruptcy Code.

7.    Authority.  Each Party represents and warrants that it has the authority and power to enter into this Assignment and that this Assignment constitutes a legal, valid and binding obligation of that Party.

8.     Notices.

(a)     Notwithstanding anything to the contrary contained in the Lease, any notices required or permitted to be sent to "Tenant" under the Lease shall be sent by nationally recognized overnight courier or United States certified mail, return receipt requested, addressed as follows:

Name:

Address:

(b)     Notwithstanding anything to the contrary contained in the Lease any notices required or permitted to be sent to Landlord under the Lease shall be sent by nationally recognized overnight courier or United States certified mail, return receipt requested, addressed as follows:

| | |
|---|---|
| Name: | WESTWOOD RIDGE APARTMENTS I, LTD. |
| | SHADOW RIDGE MULTI-FAMILY INVESTMENTS, LTD. |
| | FONVILLA APARTMENTS, LTD. |
| | 7900 BELLAIRE I LTD |
| Address: | c/o Milan Capital Mgmt |
| | 701 S Parker St., Ste 5200 |
| | Orange, CA 92868 |
| Email: | rod@milancap.com |
| Telephone: | 714-687-0000 x104 |

9.     Miscellaneous.

(a)     Landlord and Assignee each hereby represents that it has dealt with no party or broker in connection with this Assignment (except for A&G Real Estate Partners ("*Assignee's Broker*")). Any and all fees that may be due to Assignee's Broker shall be paid by Assignee pursuant to a separate agreement). Insofar as each Party knows, no other broker negotiated this Assignment or is entitled to any commission in connection therewith. Landlord and Assignee each agrees to indemnify, defend and hold the other harmless from and against any and all claims, loss, cost and damages (including reasonable attorney fees and court costs) suffered or incurred by the representing Party as a result of a breach of this representation.

(b)     This Assignment may be executed in counterparts, each of which shall constitute an original, and which together shall constitute one and the same agreement. This Assignment may be executed or delivered by electronic or facsimile means, and copies of executed signature pages stored electronically in portable document format (.pdf) shall be binding as originals. Neither Party shall record this Assignment without the express prior written consent of the other Party.

(c)     Subject to the other terms of this Assignment, each of Landlord and Assignee agree to execute and deliver such other instruments and perform such other acts, in addition to the matters herein specified, as may be reasonably necessary, from time to time, to effectuate the modifications, waivers and Assignments contemplated by this Assignment.

(d)     This Assignment, and all covenants contained herein, shall be binding and inure to the benefit of the Parties and their respective successors, assigns, heirs, executors, administrators, and representatives.

     (e)     The invalidity or unenforceability of any provision of this Assignment shall not affect or impair any other provisions, which shall remain in full force and effect.

     (f)     Except as modified as set forth in this Assignment, all of the terms and provisions of the Lease remain unchanged and in full force and effect and Landlord and Assignee hereby ratify and confirm same.  Landlord and Assignee acknowledge and agree that the Lease, as modified by this Assignment, sets forth the entire agreement between Landlord and Assignee and there are no other agreements, understandings, undertakings, representations, or warranties among the Parties with respect to the subject matter hereof except as set forth herein.  In case of any conflict between the terms and provisions of the Lease and the terms and provisions of this Assignment, the terms and provisions of this Assignment shall control.

*[signature pages follow]*

**IN WITNESS WHEREOF**, the Parties hereto have executed this Assignment effective as of the Effective Date.

**LANDLORD:**

WESTWOOD RIDGE APARTMENTS I, LTD.; SHADOW RIDGE MULTI-FAMILY
INVESTMENTS, LTD.; FONVILLA APARTMENTS, LTD.; and 7900 BELLAIRE I LTD.

By: STONEWOOD PROPERTIES, INC.,
    its Asset Manager


By:_____
Name: Jim Wood
Title:    President


**ASSIGNOR:**

THRIFTY PAYLESS, INC.


By:_____
Name: _____
Title: _____


**ASSIGNEE:**

FIVE BELOW, INC.


By:_____
Name: _____
Title: _____


5

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this proceeding.  My business address is: **629 Camino de los Mares, Suite 305, San Clemente, CA 92673**

A true and correct copy of the foregoing document entitled (*specify*): **LEASE COUNTERPARTY 7900 BELLAIRE I, LTD.'S SALE OBJECTION REGARDING FIVE BELOW, INC.'S ASSUMPTION FO THE LEASE FOR STORE 5775; SUPPORTING DECLARATION OF COREY E. TAYLOR** will be served in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*), I checked the CM/ECF docket for this proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐   Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*), I served the following persons and/or entities at the last known addresses in this proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐   Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling BRCP or LR, on November 5, 2025, I served the following persons and/or entities **by email** as follows:

☒   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 11/5/2025 | Corey E. Taylor | /s/ Corey E. Taylor |
| *Date* | *Printed Name* | *Signature* |

LAW OFFICE OF COREY E. TAYLOR, APC
629 Camino de los Mares, Suite 305
San Clemente, CA 92673

LAW OFFICE OF COREY E. TAYLOR, APC
629 Camino de los Mares, Suite 305
San Clemente, CA 92673

1     <u>**EMAIL SERVICE LIST**</u>

2     **Co-Counsel for Debtors**

3     PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

4     • Alice Belisle Eaton aeaton@paulweiss.com

5     • Christopher Hopkins chopkins@paulweiss.com

6     • Nick Krislov nkrislov@paulweiss.com

7     COLE SCHOTZ P.C.

8     • Michael D. Sirota msirota@coleschotz.com

9     • Warren A. Usatine wusatine@coleschotz.com

10     • Felice R. Yudkin FYudkin@coleschotz.com

11     • Seth Van Aalten svanaalten@coleschotz.com

12     **U.S. Trustee**

13     • Jeffrey M. Sponder Jeffrey.M.Sponder@Usdoj.Gov

14     • Lauren Bielskie  Lauren.Bielskie@Usdoj.Gov

15     **Counsel to the Prepetition ABL Agent and the DIP Agent**

16     CHOATE, HALL & STEWART LLP

17     • John F. Ventola jventola@choate.com

18     • Jonathan D. Marshall jmarshall@choate.com

19     • Mark D. Silva msilva@choate.com

20     GREENBERG TRAURIG, LLP

21     • Alan J. Brody brodya@gtlaw.com

22     • Julia Frost-Davies julia.frostdavies@gtlaw.com

23     **Proposed cocounsel to the Committee**

24     WILLKIE FARR & GALLAGHER LLP

25     • Brett H. Miller bmiller@willkie.com

26     • Todd M. Goren tgoren@willkie.com

27     • James H. Burbage jburbage@willkie.come

28     • Jessica D. Graber jgraber@willkie.com

SILLS CUMMIS & GROSS P.C

- Andrew S. Sherman asherman@sillscummis.com

- Boris Mankovetskiy bmankovetskiy@sillscummis.com

- Gregory Kopacz gkopacz@sillscummis.com

**Successful Bidder**

FIVE BELOW INC.

- Real_Estate@fivebelow.com