Caption in Compliance with D.N.J. LBR 9004-1(b)

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| In re:<br><br>NEW RITE AID, LLC, *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

**Order Filed on November 14, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

# STIPULATION AND CONSENT ORDER BETWEEN THE DEBTORS AND ABBOTT LABS TO MODIFY AUTOMATIC STAY TO EFFECT SETOFF

The relief set forth on the following pages, numbered three (3) through eight (8), is **ORDERED**.

**DATED: November 14, 2025**

*Honorable Michael B. Kaplan*
United States Bankruptcy Judge

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email:  arosenberg@paulweiss.com
 aeaton@paulweiss.com
 chopkins@paulweiss.com
 smitchell@paulweiss.com

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
Seth Van Aalten (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:  msirota@coleschotz.com
 wusatine@coleschotz.com
 fyudkin@coleschotz.com
 svanaalten@coleschotz.com

*Co-Counsel to the Debtors and Debtors in Possession*

This Stipulation and Consent Order is entered into by and among the Debtors and Abbott Laboratories, Inc. and certain of its subsidiaries and affiliates (collectively, "Abbott Labs," and together with the Debtors, the "Parties"). The Parties hereby stipulate and agree as follows:[5]

### RECITALS

**WHEREAS**, on October 15, 2023, Rite Aid Corporation and certain of its subsidiaries (collectively, the "2023 Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the 2023 Cases. In connection with their exit from the 2023 Cases and their assumption of the Prepetition Contracts, the 2023 Debtors agreed to Abbott Labs' setoff of the Prior Cure Amount against the Prior Chargeback Credit.

**WHEREAS**, prior to the commencement of the Debtors' current chapter 11 cases, Abbott Labs failed to setoff the Prior Cure Amount of $582,482.05 against the Prior Chargeback Credit and paid to the Debtors the entire Prior Chargeback Credit rather than the Prior Setoff Amount.

**WHEREAS**, as of the date hereof, the Parties have reconciled their respective prepetition claims and debts and have determined that each has additional claims against the other pursuant to the applicable Prepetition Contracts.

**WHEREAS**, as of the date hereof, (a) Abbott Labs owes the Debtors $3,720,087.12 (the "Current Chargeback Credit") on account of chargeback credits and rebates owing under the Prepetition Contracts, (b) Abbott Labs' claims against the Debtors, exclusive of the Prior Cure Amount of $582,482.05, total $1,279,175.34 (the "Debtors' Current Obligations"), and (c) the net effect of the offset of the Current Chargeback Credit against the Debtors' Current Obligations and the Prior Cure Amount result in Abbott Labs owing the Debtors $1,858,429.73 (the "Setoff

---

[5] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Application.

4

Amount").

**WHEREAS**, the Parties desire to memorialize their agreement regarding the modification of the automatic stay, application of all of Abbott Labs' setoff rights,[6] and payment of the Setoff Amount (which, for the avoidance of doubt, includes the Prior Setoff Amount).

**WHEREAS**, the Debtors, in their business judgment, believe the Stipulation and Consent Order is in the best interest of their estates and stakeholders.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AND IT IS HEREBY ORDERED THAT:**

1. The foregoing recitals are incorporated herein by reference.

2. The Prior Setoff Amount remains outstanding as of the date hereof.

3. Effective as of October 13, 2025, the amount of the Current Chargeback Credit and Debtors' Current Obligations shall be fixed at $3,720,087.12 and $1,279,175.34, respectively.

4. The automatic stay imposed pursuant to section 362(a) of the Bankruptcy Code is hereby modified to allow Abbott Labs to offset the Debtors' Current Obligations of $1,279,175.34, and the Prior Setoff Amount of $582,482.05 against the Current Chargeback Credit of $3,720,087.12. The net effect of such offset results in Abbott Labs owing the Debtors $1,858,429.73, the Setoff Amount.

5. Upon effectuating all of its setoff rights and paying the Setoff Amount, the Parties' prepetition claims against each other under the Prepetition Contracts shall be extinguished in their entirety.

---

[6] For the avoidance of doubt, nothing herein shall affect release or otherwise impact the Parties' rights, claims, or obligations in connection with the proof of claim in the amount of $42,955.20 filed by Abbott Rapid Dx North America, LLC in these chapter 11 cases.

5

6. Within twenty (20) days of the date of entry of this Stipulation and Consent Order (such date of entry, the "Effective Date"), and assuming no appeal of this Stipulation and Consent Order has been filed and remains pending, Abbott Labs shall pay the Debtors the Setoff Amount in accordance with payment instructions to be provided by the Debtors at least ten (10) days in advance of the payment due date. Payment of the Setoff Amount shall be in full and final satisfaction of any and all claims the Parties have against each other under any of the Prepetition Contracts.

7. Except as expressly provided herein, the terms of this Stipulation and Consent Order are in full and final satisfaction, settlement, discharge, and release of any and all claims of any nature whatsoever between Abbott Labs on the one hand and the Debtors and the Debtors' bankruptcy estates on the other hand, each of their current and former affiliates, and each of their current and former affiliates' respective current and former directors, officers, and equity holders, whether known or unknown, matured or unmatured, foreseen or unforeseen, asserted or unasserted, based on or relating to the Products or services provided by any of the Debtors to Abbott Labs or by Abbott Labs to any of the Debtors pursuant to the Prepetition Contracts; *provided*, *however*, the foregoing shall not (a) release or otherwise impact the Parties' rights, claims, or obligations in connection with the proof of claim in the amount of $42,955.20 filed by Abbott Rapid Dx North America, LLC in these chapter 11 cases, (b) release or otherwise impact the Parties' rights, claims, and obligations under this Stipulation and Consent Order, including, for the avoidance of doubt Abbott Labs' payment obligations set forth in paragraph 6 above, or (c) release, waive, impair, or otherwise affect any rights, claims, causes of action, or defenses of

the DIP Agent[7], the DIP Lenders, or any other DIP Secured Parties, or any rights, claims, causes of action, or defenses preserved for the benefit of the DIP Secured Parties under the DIP Loan Documents or the DIP Order, including, without limitation, any rights, claims, or causes of action arising under or related to the DIP Facilities, the DIP Collateral, or the DIP Superpriority. For the avoidance of doubt, nothing herein shall impair or affect any rights, claims, or defenses of the DIP Secured Parties as set forth in the Final DIP Order or the DIP Loan Documents.

8. Notwithstanding anything to the contrary herein, pursuant to section 365(a) of the Bankruptcy Code, any executory contracts between the Debtors and Abbott Labs (if any) are hereby rejected, effective as of the Effective Date.

9. The Parties acknowledge that this Stipulation and Consent Order is the joint work product of the Parties and that, accordingly, in the event of ambiguities, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation and Consent Order.

10. Each Party represents and warrants to the other that it has the power and authority to enter into this Stipulation and Consent Order. Each person who executes this Stipulation and Consent Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Consent Order on behalf of such Party and that each such Party has full knowledge of, and has consented to, this Stipulation and Consent Order.

11. The terms and provisions contained within this Stipulation and Consent Order shall (a) be binding on the Parties and on any later-appointed chapter 11 trustee, chapter 7 trustee, examiner, committee, plan administrator, and all other fiduciaries of the Debtors and/or their

---

[7] Capitalized terms used in this paragraph but not otherwise defined shall have the meanings ascribed to them in the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [Docket No. 1397] (as may be amended or otherwise modified from time to time, the "DIP Order").

bankruptcy estates, and (b) survive and be binding notwithstanding any conversion or dismissal of any of the Debtors' chapter 11 bankruptcy cases.

12. This Stipulation and Consent Order sets forth the entire understanding of the Parties regarding the subject matter hereof and supersedes all prior oral or written agreements between them.

13. Notwithstanding Bankruptcy Rule 4001(a)(4), the terms and conditions of this Stipulation and Consent Order will be immediately effective and enforceable upon its entry. The Debtors and Abbott Labs are authorized to take all actions necessary to effectuate the relief granted in this Stipulation and Consent Order.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Consent Order.

*[Signature page to follow]*

**IN WITNESS WHEREOF**, and in agreement herewith, the Parties have executed and delivered this Stipulation and Consent Order as of the date first set forth below.

**ACCEPTED AND AGREED:**

| | |
|---|---|
| **COLE SCHOTZ, P.C.** | **KOHNER MANN & KAILAS S.C.** |
| *Counsel to the Debtors and Debtors in Possession* | *Counsel to Abbott Laboratories, Inc., on behalf of itself and its Subsidiaries and Affiliates* |
| By: */s/ Felice R. Yudkin* | By: */s/ Eric R. von Helms* |
|     Felice R. Yudkin |     Eric R. von Helms |
| Dated: November 5, 2025 | Dated: November 5, 2025 |