YODER & LANGFORD, P.C.
Robert R. Yoder, Esq.
(*pro hac vice*)
8175 East Evans Road, #13598
Scottsdale, Arizona 85267
Phone: (602) 808-9578
Facsimile: (602) 468-0688
robert@yoderlangford.com
*Counsel to RWY Trust*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **In re:**<br><br>**NEW RITE AID, LLC,** *et al.*,<br><br>Debtors.[1] | **Chapter 11**<br><br>**Case No. 25-14861 (MBK)**<br><br>**(Jointly Administered)** |

### MOTION FOR ADMINISTRATIVE EXPENSES
### (Related Docket Nos.: 2166, 2299, 2782, 2815, 2986, 3190, 3191)

RWY Trust (the "Landlord" or "RWY Trust") hereby requests that its Motion for Immediate Payment of Post-Petition Expenses Under Section 365(d)(3) and related Declaration of Robert Yoder [Doc. Nos. 3190 and 3191] (collectively, the "Section 365 Motion") be treated as a motion for administrative expenses under 11 U.S.C. Section 503(b) in the event that Landlord's requested relief is not otherwise granted under Section 365(d)(3). The RWY Trust further requests that this motion be consolidated and heard with the Section 365(d)(3) Motion currently set to be argued December 8, 2025. This motion expressly incorporates Doc. Nos. 3190 and 3191 by this reference.

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number is 1843.

Per 11 U.S.C. Section 503(b)(1)(A), "[a]fter notice and a hearing, there shall be allowed administrative expenses...including...the actual, necessary costs and expenses of preserving the estate...." In this case, each expense sought by the RWY Trust arose post-petition, and was actual and necessary to preserve the estate. Each expense requested (if paid) would have benefited the estate by enhancing the assignability of the lease and by retaining possession while the debtor marketed the lease until rejection.

This motion is not intended to duplicate the Section 365(d)(3) Motion and will be withdrawn if all relief is granted under Section 365(d)(3). This motion is being filed to avoid arguments of an untimely filing/administrative claim, as the Order approving rejection of the RWY Trust lease [Doc. No. 2877] set a deadline for claims arising out of the rejection on or before the later of the deadline for filing proofs of claim, <u>if any</u>, or 30 days after the Order rejecting the lease. The RWY Trust only learned today that a proof of claim deadline may not be set on this case. Thus, this motion is being filed today, while still within the 30-day rule.

The Section 365 Motion should also independently satisfy the administrative claim deadline as it was filed before deadlines set forth in the Order approving rejection and, in paragraph 18, included the following Section 503(b) request: "In the alternative, the RWY Trust contends that the Court, in its discretion, can and should under these facts order immediate payment under Section 503(b)."

Date: November 14, 2025.

Respectfully submitted,

YODER & LANGFORD, P.C.

Robert R. Yoder
*Pro Hac Vice*
*Attorneys for RWY Trust*

2