| | |
|---|---|
| **ADELMAN & GETTLEMAN, LTD**. | **McDOWELL LAW, PC** |
| Howard L. Adelman, Esq. (Ill. ARDC no. 0015458) | Paul Pflumm, Esq. (006912002) |
| (pending admission *pro hac vice*) | 46 West Main Street |
| 53 West Jackson Boulevard, Suite 1050 | Maple Shade, New Jersey 08052 |
| Chicago, Illinois 60604 | (856) 482-5544 |
| (312) 435-1050 | ppflumm@mcdowelllegal.com |
| hla@ag-ltd.com | |
| (Pro Hac Vice Application Pending) | *Co-Counsel for Southern California UFCW Unions &* |
| *Co-Counsel for Southern California UFCW Unions &* | *Drug Employers Pension Fund and Southern* |
| *Drug Employers Pension Fund and Southern* | *California Drug Benefit Fund* |
| *California Drug Benefit Fund* | |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.,* | Case No. 25-14861 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**LIMITED OBJECTION OF SOUTHERN CALIFORNIA UFCW UNIONS & DRUG EMPLOYERS PENSION FUND AND SOUTHERN CALIFORNIA DRUG BENEFIT FUND TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF NEW RITE AID, LLC AND ITS DEBTOR AFFILIATES**

The Southern California UFCW Unions & Drug Employers Pension Fund (the "**Pension Fund**") and the Southern California Drug Benefit Fund (the "**Benefit Fund**" and together with the Pension Fund, the "**Funds**"), by and through their undersigned counsel, submit this limited objection ("**Objection**") to the *Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates* [Docket No. 3216] (the "**Plan**").[2] In support of their Objection, the Funds respectfully submit as follows:

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims, noticing, and solicitation agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

[2] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Plan.

1

1434079_2

**BACKGROUND**

1. The Pension Fund is a multiemployer pension benefit plan, and the Benefit Fund is a multiemployer welfare benefit plan. Both are subject to the provisions of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("**ERISA**").

2. Debtor Thrifty Payless, Inc. ("**Thrifty Payless**") and United Food and Commercial Workers International Union, Locals 135, 324, 770, 1167, 1428, 1442, and 8 GS, are parties to collective bargaining agreements (the "**CBAs**") which obligated Thrifty Payless to make monthly employer contributions to the Funds.

3. As of August 30, 2025, Debtors no longer employ any employees covered by the CBAs and thus have no further obligation to make ongoing or future contributions to the Funds.

4. Under ERISA, Debtors' separation from all employees covered by the CBAs triggered a "complete withdrawal" from the Pension Fund. *See* 29 U.S.C. § 1383(a).

5. The withdrawal makes each Debtor jointly and severally liable to the Pension Fund in an amount equal to Debtors' withdrawal liability ("**Withdrawal Liability**"). *See id.* §§ 1301(b)(1), 1381(a).

6. Accordingly, the Pension Fund has a large claim against all Debtors for such Withdrawal Liability. While the Pension Fund has not yet calculated the final Withdrawal Liability, its most recent assessment estimate was $82,714,852.

7. Although most of the Withdrawal Liability claim is a general unsecured claim, the portion of Withdrawal Liability attributable to the postpetition period qualifies as an administrative expense under *In re Marcal Paper Mills, Inc.*, 650 F.3d 311 (3d Cir. 2011). The Pension Fund anticipates the postpetition portion of the Withdrawal Liability to be in the millions.

1434079_2

8. The Benefit Fund also has an approximately $46,000 administrative claim against Thrifty Payless for the underpayment of monthly employer contributions owed for work performed in July 2025.

9. In addition, the Funds have general unsecured claims against Thrifty Payless for the underpayment of monthly employer contributions owed for certain prepetition periods.

10. The Funds plan to seek allowance and payment of their administrative expense claims and file proofs of claim for their general unsecured claims in advance of the Claims Bar Date.

## LIMITED OBJECTION[3]

11. The Funds object to the Plan on several grounds: (a) Debtors have failed to demonstrate the Plan is feasible—specifically, that they are able to pay administrative claims in full, as provided by the Plan and required under the Bankruptcy Code; (b) the Plan provides Debtors are to receive discharges in contravention of the Bankruptcy Code; and (c) the Plan contains third-party releases and injunction provisions which are overbroad and not permissible under the applicable law.

**A. Feasibility**

12. "A plan is confirmable only if it is feasible, . . . that is, if '[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan.'" *In re Am. Cap. Equip., LLC*, 688 F.3d 145, 155 (3d Cir. 2012) (citing 11 U.S.C. § 1129(a)(11)) (internal citations omitted). "Even a planned liquidation must be feasible." *Id*. at 156 (internal quotations and citations omitted).

---

[3] As of the filing of this Objection, the Plan has only been on file for eight (8) days. Given the length and complexity of the Plan, the Funds note that there are provisions therein which the Funds may have been unable to digest.

3

1434079_2

13. "Although § 1129(a)(11) does not require a plan's success to be guaranteed, . . . the plan must nevertheless propose a realistic and workable framework." *Id*. (internal quotations and citations omitted).

14. The Plan provides, and the Bankruptcy Code requires, that all Allowed Administrative Claims, with a few exceptions, are to be paid in full. *See* Plan, Article II.A.

15. The Plan further provides that "the distributions to Holders of Administrative Claims occurring after the Effective Date . . . shall be made exclusively from the Administrative / Priority Claims Reserve." *Id*.

16. Per the Plan, the amount of Cash needed to fund the Administrative / Priority Claims Reserve is to be set forth in the Wind-Down Budget, which is to be included in the Plan Supplement [Docket No. 3218], and the Administrative / Priority Claims Reserve is to be funded with the proceeds of Specified Receipts. *See* Plan, Articles I.A, II.A, and VIII.D.

17. However, the Plan Supplement does not appear to include the Wind-Down Budget referenced in the Plan, and thus Debtors have provided insufficient information to determine whether Specified Receipts will include funds sufficient to pay all Allowed Administrative Claims.

18. Importantly, nowhere in the Plan, Disclosure Statement [Docket No. 3215], or Plan Supplement do Debtors appear to account for the existence or payment of the Pension Fund's (or any pension fund's) administrative claims arising from Withdrawal Liability attributable to postpetition work performed by employees.

19. It is thus not clear that Debtors have proposed a realistic and workable framework through which they are able or plan to pay in full all administrative claims—including the portion of the Pension Fund's Withdrawal Liability claim entitled to administrative priority.

20. The Funds object to the Plan as Debtors have failed to demonstrate it is feasible.

4

1434079_2

**B. Discharge**

21. "The court shall confirm a plan only if . . . [t]he plan complies with the applicable provisions of [Title 11]." 11 U.S.C. § 1129(a)(1).

22. Section 1141(d)(3) of the Bankruptcy Code provides: "The confirmation of a plan does not discharge a debtor if—(A) the plan provides for the liquidation of all or substantially all of the property of the estate; (B) the debtor does not engage in business after consummation of the plan; and (C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title." 11 U.S.C. § 1141(d)(3).

23. Here, the Plan contains provisions which discharge Debtors in contravention of section 1141(d)(3). Despite being titled a plan of reorganization, the Plan appears to provide for the liquidation of all or substantially all of the property of the vast majority of the Estates. Debtors will not engage in business after consummation of the Plan. And because Debtors are not individuals, they would be denied a discharge under section 727(a)(1) of the Bankruptcy Code if this were a chapter 7 case.

24. Pursuant to 11 U.S.C. § 1141(d)(3), Debtors are not entitled to receive the discharges provided for in the Plan. Accordingly, the Funds object to the Plan as it does not comply with the applicable provisions of the Bankruptcy Code.

**C. Third-Party Releases and Injunction Provisions**

25. The Funds further object to the Plan because it proposes non-consensual third-party releases which are overbroad and not authorized under the applicable law.

26. To the extent required under the Plan and Disclosure Statement, the Funds hereby expressly object to the inclusion of the Funds as Releasing Parties under the third-party release contained in Article X.D of the Plan.

1434079_2

**WHEREFORE**, the Southern California UFCW Unions & Drug Employers Pension Fund and the Southern California Drug Benefit Fund respectfully request that this Court deny confirmation of the Plan and grant such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**McDOWELL LAW, PC**
Co-Counsel to Southern California UFCW Unions & Drug Employers Pension Fund and Southern California Drug Benefit Fund

Dated: November 19, 2025                By: /s/*Paul Pflumm*
                                              Paul Pflumm, Esq.

-and-

**ADELMAN & GETTLEMAN, LTD**.

Co-Counsel for Southern California UFCW Unions & Drug Employers Pension Fund and Southern California Drug Benefit Fund

Dated: November 19, 2025                By: /s/ *Howard L. Adelman*
                                              Howard L. Adelman, Esq.
                                              (*pro hac vice* Application Pending)

1434079_2