UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

---

**Caption in Compliance with D.N.J. LBR 9004- 1(b)**

**BALLARD SPAHR LLP**
Leslie C. Heilman
Laurel D. Roglen
Margaret A. Vesper
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
E-mail:  heilmanl@ballardspahr.com
        roglenl@ballardspahr.com
        vesperm@ballardspahr.com

*Counsel to 5931 Atlantic, LLC, AAT Del Monte LLC, Balden Towne Plaza Limited Partnership, Brixton Capital, CP/IPERS Woodfield, LLC, EDENS, Fairview Shopping Center, LLC, Gartin Properties LLC, HCP RRF Sand Canyon LLC, Huntingdon Pike Company, Lancaster Development Company, LLC, Manoa Shopping Center Associates, L.P., Northern Trust Bank of CA, N.A., Prime/FRIT Bell Gardens, LLC, QCSI Six LLC, RAR 2 Queen Anne Eden Hill QRS, LLC, Realty Income Corporation, Redondo Prime 1, LLC, S & N II, Ltd., SO-Goodnoes Corner JV LLC, Spirit EK Vineland NJ, LLC, Spirit RA Plains PA, LLC,  SVAP III Plaza Mexico, LLC, The Irvine Company LLC, Valley Mall, L.L.C. and Weis Markets Inc.*

Dustin P. Branch
Nahal Zarnighian
Sara Shahbazi
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: (424) 204-4354
Facsimile: (424) 204-4350
E-mail: branchd@ballardspahr.com
        zarnighiann@ballardspahr.com
        shahbazis@ballardspahr.com

Michael S. Myers
Joel F. Newell
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: (602) 798-5400
Facsimile: (602) 798-5595
E-mail: myersm@ballardspahr.com
        newellj@ballardspahr.com

---

In re:

NEW RITE AID, LLC, *et al.*[1]

                Debtors.

Chapter 11

Case No.  25-14861 (MBK)

(Jointly Administered)

---

**LIMITED OBJECTION OF 5931 ATLANTIC, LLC, AAT DEL MONTE LLC, BALDEN TOWNE PLAZA LIMITED PARTNERSHIP, BRIXTON CAPITAL, CP/IPERS WOODFIELD, LLC, EDENS, FAIRVIEW SHOPPING CENTER, LLC, GARTIN PROPERTIES LLC, HCP RRF SAND CANYON LLC, HUNTINGDON PIKE COMPANY, LANCASTER DEVELOPMENT COMPANY, LLC, MANOA SHOPPING CENTER ASSOCIATES, L.P., NORTHERN TRUST BANK OF CA, N.A., PRIME/FRIT BELL GARDENS, LLC, QCSI SIX LLC, RAR 2 QUEEN ANNE EDEN HILL QRS, LLC, REALTY INCOME CORPORATION, REDONDO PRIME 1, LLC, S & N II, LTD., SO-GOODNOES CORNER JV LLC, SPIRIT EK VINELAND NJ, LLC, SPIRIT RA PLAINS PA, LLC,  SVAP III PLAZA MEXICO, LLC, THE IRVINE COMPANY LLC, VALLEY MALL, L.L.C. AND WEIS MARKETS INC. TO SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF <u>NEW RITE AID, LLC AND ITS DEBTOR AFFILIATES</u>**

---

[1]  The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

5931 Atlantic, LLC, AAT Del Monte LLC, Balden Towne Plaza Limited Partnership, Brixton Capital, CP/IPERS Woodfield, LLC, EDENS, Fairview Shopping Center, LLC, Gartin Properties LLC, HCP RRF Sand Canyon LLC, Huntingdon Pike Company, Lancaster Development Company, LLC, Manoa Shopping Center Associates, L.P., Northern Trust Bank of CA, N.A., Prime/FRIT Bell Gardens, LLC, QCSI Six LLC, RAR 2 Queen Anne Eden Hill QRS, LLC, Realty Income Corporation, Redondo Prime 1, LLC, S & N II, Ltd., SO-Goodnoes Corner JV LLC, Spirit EK Vineland NJ, LLC, Spirit RA Plains PA, LLC, SVAP III Plaza Mexico, LLC, The Irvine Company LLC, Valley Mall, L.L.C. and Weis Markets Inc. (collectively, the "Landlords") object to confirmation of the Debtors' *Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates* [Docket No. 3215] (the "Plan"),[1] and respectfully represent as follows:

## I.   BACKGROUND

**A.   General Case Background**

1.      On May 5, 2025 (the "Petition Date"), New Rite Aid, LLC and certain of its affiliates (collectively the "Debtors") each filed a voluntary petition for relief (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Court"), which Chapter 11 Cases are being jointly administered under the above-captioned case number.  The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2.      The Debtors leased retail space (the "Premises") from the Landlords pursuant to unexpired leases of nonresidential real property (individually, a "Lease," and collectively, the "Leases") at the shopping center locations (the "Centers") set forth in more detail on the attached Schedule A.

---

[1] Terms not otherwise defined herein shall have the meanings ascribed to them in the DIP Motion and accompanying documents.

3.      The Leases are leases "of real property in a shopping center" as that term is used in

Section 365(b)(3).  *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

4.      The Petition Date comes just 248 days after the Debtors' "successful" emergence

from bankruptcy under a plan of reorganization confirmed in their prior chapter 11 cases, which are jointly

administered under Case No. 23-18993 (MBK).

**B.      The Plan**

5.      The Debtors first filed an earlier version of the Plan and related disclosure statement

on September 3, 2025 [Docket No. 2286].  Amended versions of the Plan and disclosure statement were

subsequently filed on September 19, 2025, before the substantially further revised version of the Plan for

which the Debtors now seek confirmation was filed on November 11, 2025, together with a further revised

disclosure statement [Docket No. 3216] (the "Disclosure Statement") and a plan supplement [Docket No.

3218] (the "Plan Supplement," and together with the Plan and Disclosure Statement, the "Plan

Documents").

6.      The Plan provides that Holders of Allowed General Unsecured Claims will receive

no recovery and are deemed to reject the Plan.  Plan, Art. III.B.4.  The Plan further provides the following

treatment of Allowed Administrative Claims:

> Unless otherwise agreed to by the Holder of an Allowed Administrative
> Claim and the Debtors, the Reorganized Debtors, or the Liquidating Trust,
> as applicable, to the extent an Allowed Administrative Claim has not
> already been paid in full or otherwise satisfied during the Chapter 11 Cases,
> each Holder of an Allowed Administrative Claim (other than Holders of
> Professional Fee Claims, Settled Priority Claims, and McKesson 503(b)(9)
> Claims) will receive, in full and final satisfaction of its Allowed
> Administrative Claim an amount of Cash equal to the amount of the unpaid
> portion of such Allowed Administrative Claim in accordance with Article
> VIII.D and the following: (a) if such Administrative Claim is Allowed on
> or prior to the Effective Date, on the Effective Date or as soon as reasonably
> practicable thereafter (or, if not then due, when such Allowed
> Administrative Claim is due or as soon as reasonably practicable thereafter);
> (b) if such Administrative Claim is not Allowed as of the Effective Date, no

3

later than 30 days after the date on which an order Allowing such Administrative Claim becomes a Final Order, or as soon as reasonably practicable thereafter; (c) if such Allowed Administrative Claim is based on liabilities incurred by the Debtors in the ordinary course of their business after the Petition Date, on the Effective Date (or, if not then due, when such Allowed Administrative Claim is due or as soon as reasonably practicable thereafter), without any further action by the Holder of such Allowed Administrative Claim; (d) at such time and upon such terms as may be agreed upon by the Holder of such Allowed Administrative Claim and the Debtors or the Liquidating Trust, as applicable; or (e) at such time and upon such terms as set forth in a Final Order of the Bankruptcy Court; *provided, however*, **that the distributions to Holders of Administrative Claims occurring after the Effective Date in accordance with the foregoing provisos (b) through (e) shall be made exclusively from the Administrative / Priority Claims Reserve, and the Reorganized Debtors shall have no obligation to pay any Administrative Claims**.

Plan, Art. II.A. (emphasis supplied).  The Administrative / Priority Claims Reserve is funded with the

Administrative / Priority Claims Reserve Amount, which the Plan defines as:

> the amount of Cash necessary (as determined by the Debtors and the DIP Agent in accordance with the Wind-Down Budget) to satisfy all Allowed Administrative Claims (other than Professional Fee Claims), Allowed Other Priority Claims, Allowed Priority Tax Claims, Allowed Other Secured Claims, and any unpaid Settled Priority Claims entitled to distributions after the Effective Date in accordance with this Plan and the Administrative Claims Procedures, which aggregate amount shall be set forth in the Wind-Down Budget.

Plan, Art. I.A.11.

7.      As of the date hereof, the Wind-Down Budget has not been filed and has not been

provided to counsel to the Landlords upon request.

8.      On August 14, 2025, the Court entered the *Order (I) Authorizing the Administrative Claims Procedures and Granting Related Relief* [Docket No. 1883] (the "Administrative Claims Procedures").  Importantly, the Administrative Claims Procedures expressly carved out certain categories of Administrative Claims (the "Excluded Claims") that were not subject to the Administrative Claims Procedures or treatment thereunder, including claims for Post-Petition Lease Obligations (as defined in

the Court's final DIP Order).  Administrative Claims Procedures at ¶ 9.  Thus, Landlord's Administrative

Claims based on Post-Petition Lease Obligations were considered Excluded Claims not subject to the

Administrative Claims Procedures or the up to 5% pro rata distribution from the $5 million Administrative

Claims Distribution Pool provided thereunder.

9.    Although the Disclosure Statement makes clear that the $5 million Administrative

Claims Distribution Pool will be provided to fund the pro rata distributions to "Eligible Administrative

Claimants," there is no mention in any of the Plan Documents of what funding is or will be made available

to fund Excluded Claims, such as Landlords' Administrative Expense Claims.

## II.    OBJECTION

### A.    The Plan Must Provide for Full Payment of Landlords' Administrative Claims.

10.    As Landlords' claims were not subject to the Administrative Claims Procedures,

and Landlords have not otherwise agreed to accept less than full payment of their Administrative Claims,

the Administrative / Priority Claims Reserve must be funded with not only the Administrative Claims

Distribution Pool, but sufficient funds to pay all Excluded Claims, including Landlords' Administrative

Claims in full.  The only available information on the estimated administrative claims pool is found in the

Liquidation Analysis, which estimates total Administrative Claims of $237 million through a projected

conversion date of November 1, 2025.  Disclosure Statement, Exhibit D.

11.    The Plan Documents fail to contain any breakdown of that $237 million

administrative claims pool to explain what portion of those Administrative Claims are Eligible Claims

that will be sharing pro rata in the $5 million Administrative Claims Distribution Pool, and what portion

of the claims either opted-out pursuant to the Administrative Claims Procedures or were Excluded Claims

that are still entitled to payment in full.  Without this information, it is impossible for the Court or

Landlords to determine whether the Plan is feasible and whether it complies to Section 1129(a)(9) by

providing that the Administrative / Priority Claims Reserve will be sufficiently funded to provide the requisite 100% payment to Holders of Administrative Claims that are Excluded Claims, such as Landlords.

12.      Moreover, in the absence of the Wind-Down Budget, Landlords have no idea how much the Debtors even propose to fund into the Administrative / Priority Claims Reserve, since the Administrative / Priority Claims Reserve Amount is subject to the Wind-Down Budget, which has not been filed or provided.  Thus, the Court has not even been informed of how much cash the Debtors' propose to make available to pay Holders of Allowed Administrative Claims.

13.      Thus, the Court and Landlords lack any disclosure about the projected amount of payments to Holders of Administrative Claims *and* how much funding will be available to make all such required payments.  Absent this information, the Debtors cannot meet their burden to establish feasibility of the Plan, and confirmation of the Plan must be denied.

**B.      All Rights and Obligations of the Parties to Leases Must Survive Plan Confirmation and the Effective Date, Regardless of Whether they Arose or Accrued Prior to Confirmation.**

14.      There are various rights and obligations that arise under the Leases that have accrued prior to the termination and/or rejection of the Leases and in advance of Plan confirmation.  For instance, the Leases contains provisions that require the Debtors to indemnify Landlords with respect to various claims, which claims may not become known until after rejection of the Leases (i.e., personal injury claims at the Premises and damage to property by the Debtors or their agents).

15.      There is no basis for the Plan to cut off these indemnification and insurance obligations, however the overbroad injunction and exculpation provisions of the Plan could be interpreted to do so, even as to available insurance proceeds. *See* Plan, Art. X.E & F.  The Plan does not adequately address these rights and obligations to ensure that they will survive any injunction or exculpation that arises under the Bankruptcy Code or the Plan by virtue of plan confirmation.  Nothing in the Plan or

6

Confirmation Order should preclude the Landlords from pursuing the Debtors or Reorganized Debtors for any such obligations accruing or arising under the Leases prior to any such termination or rejection, including any indemnification rights that Landlords have under the Leases, to the extent of available insurance proceeds, and the Plan and any Confirmation Order should specifically preserve all pre-rejection or termination rights of the parties with respect to the Leases.[2]

### C. The Plan Cannot Provide for the Automatic Disallowance of Any Claims Without Notice to the Claimant

16.     The Plan seeks to permit the Debtors to disallow or adjust claims they believe are duplicates, have been paid or satisfied and/or have been late-filed without the need for any objection or further action by the Debtor, Reorganized Debtor, Wind-Down Debtor, or the Liquidating Trust, as applicable, or any further notice to or action, order, or approval of the Bankruptcy Court.. *See* Plan, Art. IX.A, D., F, and K.  The Debtors cannot unilaterally decide whether or not a claim has been filed late, is a duplicate or has been satisfied without providing notice to the affected counterparties and an opportunity to object and be heard, and Landlords object to any attempt to do so here.

### III.     RESERVATION OF RIGHTS

17.     Landlords reserve the right to make such other and further objections as may be appropriate, and do not waive and hereby preserve all of their rights, remedies, and arguments with respect to the Plan and the Leases.

---

[2] Further, nothing in the Plan or Confirmation Order should limit indemnification obligations or access to the Debtors' insurance policies in connection with any lease termination agreements or assumed and assigned leases.

## IV.    JOINDER IN OBJECTIONS

18.    To the extent consistent with the objections expressed herein, Landlords also join in the objections of any other shopping center lessors or the official committee of unsecured creditors to the Debtors' Plan.

## V.    CONCLUSION

Landlords respectfully request that the Court deny confirmation of the Plan unless and until the Plan Documents are modified to provide for payment in full of Landlords' Administrative Claims, the injunction and exculpation provisions are modified to preserve Landlords' rights and ability to pursue insurance proceeds, provide due process for all objections to Claims, and grant such further relief as the Court deems just and proper.

Date: November 19, 2025

Respectfully Submitted,

*/s/ Leslie C. Heilman*
Leslie C. Heilman
Laurel D. Roglen
Margaret A. Vesper
**BALLARD SPAHR LLP**
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
E-mail: heilmanl@ballardspahr.com
        roglenl@ballardspahr.com
        vesperm@ballardspahr.com

-and-

Dustin P. Branch
Nahal Zarnighian
Sara Shahbazi
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: (424) 204-4354
Facsimile: (424) 204-4350
E-mail:  branchd@ballardspahr.com

zarnighiann@ballardspahr.com
shahbazis@ballardspahr.com

-and-

Michael S. Myers
Joel F. Newell
**BALLARD SPAHR LLP**
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: (602) 798-5400
Facsimile: (602) 798-5595
E-mail: myersm@ballardspahr.com
         newellj@ballardspahr.com

*Counsel to 5931 Atlantic, LLC, AAT Del Monte
LLC, Balden Towne Plaza Limited Partnership,
Brixton Capital, CP/IPERS Woodfield, LLC,
EDENS, Fairview Shopping Center, LLC, Gartin
Properties LLC, HCP RRF Sand Canyon LLC,
Huntingdon Pike Company, Lancaster Development
Company, LLC, Manoa Shopping Center Associates,
L.P.,Northern Trust Bank of CA, N.A., Prime/FRIT
Bell Gardens, LLC, QCSI Six LLC, RAR 2 Queen
Anne Eden Hill QRS, LLC, Realty Income
Corporation, Redondo Prime 1, LLC, S & N II, Ltd.,
SO-Goodnoes Corner JV LLC, Spirit EK Vineland
NJ, LLC, Spirit RA Plains PA, LLC,  SVAP III
Plaza Mexico, LLC, The Irvine Company LLC,
Valley Mall, L.L.C. and Weis Markets Inc.*

**SCHEDULE A**

| | | |
|---|---|---|
| **5931 ATLANTIC, LLC** | | |
| Store No. 05479 | 4410 E Slauson Avenue | Maywood, CA |
| **AAT DEL MONTE LLC** | | |
| Store No. 05882 | Del Monte Shopping Center | Monterey, CA |
| **BALDEN TOWNE PLAZA LIMITED PARTNERSHIP** | | |
| Store No. 05777 | Balden Towne Plaza | Fillmore, CA |
| **BRIXTON CAPITAL** | | |
| Store No. 06013 | 1935 N Street | Newman, CA |
| Store No. 05652 | 3650 Adams Avenue | San Diego, CA |
| Store No. 05837 | 9482 California City Blvd | California City, CA |
| Store No. 05830 | Cypress Plaza | Morro Bay, CA |
| Store No. 05931 | Oakley Town Center | Oakley, CA |
| **CP/IPERS WOODFIELD, LLC** | | |
| Store No. 05375 | Woodfield Station | Eugene, OR |
| **EDENS** | | |
| Store No. 05907 | Alamo Plaza Shopping Center | Alamo, CA |
| Store No. 05613 | Bonita Centre | Bonita, CA |
| Store No. 05504 | Montebello Mix | Montebello, CA |
| **FAIRVIEW SHOPPING CENTER, LLC** | | |
| Store No. 05791 | Fairview Shopping Center | Goleta, CA |
| **GARTIN PROPERTIES LLC** | | |
| Store No. 06956 | 2345 42nd Ave SW | Seattle, WA |
| **HCP RRF SAND CANYON LLC** | | |
| Store No. 05556 | Sand Canyon Shopping Center | Santa Clarita, CA |
| **HUNTINGDON PIKE COMPANY** | | |
| Store No. 00188 | Huntingdon Valley Shopping Center | Huntingdon Valley, PA |
| **LANCASTER DEVELOPMENT COMPANY, LLC** | | |
| Store No. 05360 | 681 Lancaster Drive NE | Salem, OR |

| MANOA SHOPPING CENTER ASSOCIATES, L.P. | | |
|---|---|---|
| Store No. 00790 | Manoa Shopping Center | Havertown, PA |
| **NORTHERN TRUST BANK OF CA, N.A.** | | |
| Store No. 05463 | The Culver Center | Culver City, CA |
| **PRIME/FRIT BELL GARDENS, LLC** | | |
| Store No. 05459 | Bell Gardens Marketplace | Bell Gardens, CA |
| **QCSI SIX LLC** | | |
| Store No. 6016 | 855 Mono Way | Sonora, CA |
| **RAR 2 QUEEN ANNE EDEN HILL QRS, LLC** | | |
| Store No. 067 (Rite Aid No. 07) | Queen Anne (Bartell Drugs) | Seattle, WA |
| **REALTY INCOME CORPORATION** | | |
| Store No. 04166 | 360 Summer Street | Bristol, NH |
| Store No. 04800 | 10 Main Street | Winchester, NH |
| Store No. 02380 | 975 Market Street | Meadville, PA |
| Store No. 11136 | 1334 Windrim Avenue | Philadelphia, PA |
| Store No. 01726 | 6531 Route 22 | Delmont, PA |
| Store No. 01699 | 9141 Ridge Road | Girard, PA |
| Store No. 04676 | 407 Central Ave | Johnstown, PA |
| Store No. 01698 | 221 Grove City Road | Slippery Rock, PA |
| Store No. 03571 | 103 W Ilegheny Road | Imperial, PA |
| Store No. 07853 | 901 S Saint Mary Street | Saint Marys, PA |
| Store No. 02277 | 1799 3rd Street | Beaver, PA |
| Store No. 06532 | 47985 Monroe St | Indio, CA |
| Store No. 02591 | 670 Philadelphia Ave | Reading, PA |
| Store No. 07825 | 201 Devine Drive | Wexford, PA |
| Store No. 06549 | 11200 Olive Drive | Bakersfield, CA |
| Store No. 07834 | 9200 Frankford Ave | Philadelphia, PA |
| Store No. 07884 | 320 York Road | Carlisle, PA |
| Store No. 07924 | 2270 Noblestown Road | Pittsburgh, PA |

| | | |
|---|---|---|
| Store No. 06026 | 15025 Olympic Drive | Clearlake, CA |
| Store No. 04916 | 24892 John J Williams Hwy | Millsboro, DE |
| Store No. 05394 | 1514 SW Highland Avenue | Redmond, OR |
| Store No. 07894 | 4999 Jonestown Road | Harrisburg, PA |
| Store No. 05673 | 616 East Hobson Way | Blythe, CA |
| Store No. 05515 | 12541 Seal Beach Blvd | Seal Beach, CA |
| Store No. 05245 | 412 East College Way | Mount Vernon, WA |
| Store No. 10875 | 265 N Union Street | Olean, NY |
| **REDONDO PRIME 1, LLC** | | |
| Store No. 06932 | Redondo Square (Bartell Drugs) | Des Moines, IA |
| **S & N II, LTD.** | | |
| Store No. 06032 | Maxwell Village Shopping Center | Sonoma, CA |
| **SO-GOODNOES CORNER JV LLC** | | |
| Store No. 11089 | Goodnoes Corner | Newtown, PA |
| **SPIRIT EK VINELAND NJ, LLC** | | |
| Store No. 10488 | 970 Main Road | Vineland, NJ |
| **SPIRIT RA PLAINS PA, LLC** | | |
| Store No. 01632 | 20 South River Street | Plains, PA |
| **SVAP III PLAZA MEXICO, LLC** | | |
| Store No. 05476 | Plaza Mexico | Lynwood, CA |
| **THE IRVINE COMPANY LLC** | | |
| Store No. 05747 | Bayside Center | Newport Beach, CA |
| Store No. 05746 | Harbor View Shopping Center | Newport Beach, CA |
| Store No. 05766 | University Park Center | Irvine, CA |
| **VALLEY MALL, L.L.C.** | | |
| Store No. 05297 | Valley Mall | Union Gap, WA |
| **WEIS MARKETS INC.** | | |
| Store No. 11037 | 760 Broad Street | Montoursville, PA |