**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**(DALLAS DIVISION)**

| | |
|---|---|
| In re:<br><br>New Rite Aid, LLC. *et al.*,[1]<br><br>               Debtors, | Chapter 11<br>Bankruptcy Case No. 25-14861 (MBK)<br>The Honorable Michael B. Kaplan<br><br>Hearing Date: November 24, 2025 at 10:00 a.m. |

**LIMITED OBJECTION AND RESERVATION**
**OF RIGHTS OF WARN PLAINTIFF AMANDA CANNAVO, ON**
**BEHALF OF HERSELF AND THE PUTATIVE WARN CLASS, TO**
**CONFIRMATION OF THE JOINT CHAPTER 11 PLAN**

Martin C. Gordon (the "WARN Plaintiff"), on behalf of herself and the putative class of WARN claimants (the "WARN Claimants"), respectfully submit this Objection (Objection) to the *Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Affiliates* [Dkt. 3215] (the "Plan"). In support hereof, WARN Plaintiff states as follows:

**BACKGROUND**

1. The Plan, Article II.A., provides that Other Priority claims will be paid in full.

2. WARN Plaintiff has commenced an adversary proceeding on behalf of himself and similarly situated former employees of Debtors, for WARN damages of $5.1 Million.

**OBJECTION**

**THE PLAN IS NOT FEASIBLE, (§ 1129(a)(11))**

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims, noticing, and solicitation agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319

3. Section 1129 of the Bankruptcy Code sets forth the requirements for confirming a chapter 11 plan of reorganization. 11 U.S.C. § 1129. The proponent of the plan must show by a preponderance of the evidence that each of the applicable requirements is met. *Heartland Fed. Sav. & Loan Ass'n v. Briscoe Enters. (In re Briscoe Enters.)*, 994 F.2d 1160, 1165 (5th Cir. 1993); *In re Save Our Springs (S.O.S.) Alliance, Inc.*, 388 B.R. 202, 216 (Bankr. W.D. Tex. 2008). The burden of persuasion rests with the plan proponent. *Briscoe*, 994 F.2d at 1165; *Save Our Springs*, 388 B.R. at 215-16.

4. Code section 1129(a)(11) provides that a plan may only be confirmed if "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." This is commonly known as the "feasibility" test.

5. A plan is confirmable only if it is feasible under Section 1129(a)(11). *See In re American Cap. Equip., LLC,* 688 F.3d 145, 155-56 (3d Cir. 2012). Feasibility means that a plan must be "reasonably likely to succeed on its own terms without a need for further reorganization on the debtor's part." *Id.* at 156 (citations, brackets omitted). A plan proponent must show feasibility by a preponderance of the evidence. *See In re W.R. Grace & Co.,* 475 B.R. 34, 114 (D. Del. 2012) (citing cases). A "debtor's own unsupported sincerity and belief that its plan is feasible is insufficient to satisfy the inquiry." *Id.* at 115. 26.

6. When considering a plan, the Court has "an affirmative obligation to scrutinize the plan and determine whether it is feasible." *In re Young Broadcasting Inc.,* 430 B.R. 99, 128 (Bankr. S.D.N.Y. 2010) (citing cases). The Court has this duty "regardless of whether there is any objection raised by a party in interest." *In re Mid-State Raceway, Inc.,* 2006 WL 4050809 at

* 19 (Bankr. N.D.N.Y. Feb. 10, 2006). Similarly, the Court must determine a plan's feasibility even if the plan has received overwhelming creditor support. *See In re Las Vegas Monorail Co.,* 462 B.R. 795, 803-04 (Bankr. D. Nev. 2011). "A plan will not be feasible if its success hinges on future litigation that is uncertain and speculative, because success in such cases is only possible, not reasonably likely." *American Cap. Equip.,* 688 F.3d at 156 (citations omitted); *accord In re WR Grace & Co.,* 729 F.3d 332, 348-49 (3d Cir. 2013).

7. Where a plan does not contain sufficient means to pay priority claims in full, it is not feasible. *See In re Harbin,* 486 F.3d 510, 518 (9th Cir. 2007) (bankruptcy court erred in confirming plan where it did not consider impact of appeal of conditionally disallowed claim on plan feasibility); *In re Holmes,* 301 B.R. 911, 915 (Bankr. M.D. Ga. 2003) (Chapter 11 plan not feasible where debtor merely hoped to compromise IRS claim and "[d]ebtor does not have the ability to pay the IRS's priority tax claim of $9,372,245 over a term of sixty months as proposed in his Chapter 11"); *In re Thornhill,* 268 B.R. 570, 573 (Bankr. E.D. Cal. 2001) (Chapter 13 plan not feasible where it did not provide for payment of priority and secured claims in full).

8. The proper method of addressing priority claims is to establish a disputed claims reserve sufficient to pay all disputed priority claims in full. While the Plan says it will pay in full all priority claims, it provides no information to conclude that the WARN Act Claims will, in fact, be paid in full.

9. There is certainly no guaranty that Debtors will be able to fund $5.1 Million in WARN Act Claims. If Debtors have no uncertainty as to the ability to pay such claims in full, then Debtors should have no objection to reserving at least $5.5 Million in an WARN Act Claims' reserve.

10. WARN Plaintiff reserves the right to supplement or amend this objection prior to confirmation of the Plan.

## CONCLUSION

For all of these reasons, this Court should either deny confirmation of the Plan or require that the Debtors expressly reserve for the full value of the WARN Claims.

Dated: November 19, 2025

/s/    Gail C. Lin
Gail C. Lin, Esquire (Bar No. 036752001)
Jack A. Raisner (*admitted pro hac vice*)
René S. Roupinian (*admitted pro hac vice*)
**Raisner Roupinian LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Phone: (212) 221-1747
Email: gcl@raisnerroupinian.com
Email: jar@raisnerroupinian.com
Email: rsr@raisnerroupinian.com

*Attorneys for Plaintiff and the Putative Class*