| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br> **Caption in Compliance with D.N.J. LBR 9004-1(b)** <br><br> **PIRO ZINNA CIFELLI PARIS & GENITEMPO, LLC** <br> Alec Q. Duffy, Esq. <br> 360 Passaic Avenue <br> Nutley, NJ 07110 <br> (973) 661-0710 <br> ADuffy@pirozinnalaw.com <br> *Counsel for Creditor, Ebony Bates* | |
| In re: <br><br> NEW RITE AID, LLC, et al.,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 25-14861 (MBK) <br><br> (Jointly Administered) |

**OBJECTION OF EBONY BATES WITH RESPECT TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF NEW RITE AID, LLC AND ITS DEBTOR AFFILIATES, OPT-OUT OF THIRD-PARTY RELEASE, AND RESERVATION OF RIGHTS**

Ebony Bates, by and through her undersigned counsel, hereby files this objection with respect to the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates filed under Docket No. 3215 (the 'Plan") and in support of said objection respectfully submits the following:

**JOINDER OF EBONY BATES TO OBJECTIONS OF THOSE SIMILARLY SITUATED**

1. Ebony Bates hereby joins in the objections of those Creditors similarly situated.

2. Particularly, Ms. Bates joins in the objection of the Chubb Companies to the extent that it recognizes Ms. Bates right to pursue a direct action against it.

**BACKGROUND**

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

1

3. Ms. Ebony Bates, the holder of a claim against the Debtor in excess of $20 million, objects to the Plan to the extent it seeks to preclude Bates from pursuing any insurance policy held by the Debtor to satisfy her claim, and as set forth in her prior Motions and Briefs in this matter, on appeal, and in the prior Rite Aid proceeding,

4. Prior to the Petition Date, Bates obtained a judgment against the Corporation Debtor in a lawsuit entitled Bates v. Muraguri, et al.; Case No. CAL20-14484 pending in the Circuit Court for Prince George's County, Maryland.

5. The Debtors filed their first voluntary petitions for relief pursuant to Chapter 11 of the United States Bankruptcy Code on or about October 15, 2023, under Case No. 23-18993.

6. On December 28, 2023, Bates timely filed a proof of claim against the Corporation Debtor in the amount of $20,763,650.05 (the "Claim"). See Claim No. 2684 in the 2023 matter.

7. Subsequently on August 16, 2024, the Bankruptcy Court entered an Order approving the Disclosure Statement and Confirming the Second Amended Joint Chapter 11 Plan of Reorganization in the 2023 matter.

8. On August 30, 2024, the 2023 Plan was deemed effective.

9. Then, on May 5, 2025, New Rite Aid, LLC and its affiliates, including the Debtors in the 2023 matter filed voluntary petitions for relief under the Bankruptcy Code in the Bankruptcy Court.

10. These Debtors, after having submitted the prior First Amended Joint Chapter 11 Plan on or about September 19, 2025, subsequently submitted their Second Amended Joint Chapter 11 Plan and Disclosure Statement on November 11, 2025, under Docket Nos. 3215 and 3216, which are presently at issue.

**OBJECTION**

11. After reviewing the Plan, Ms. Bates does not believe that the Plan language precludes her from seeking recovery, post-confirmation, against the proceeds of the Corporation Debtor's policies of insurance which may provide coverage for the Claim. Courts have allowed claimants to proceed with pre-Petition tort claims against a debtor, despite the language of Section 524(a) of the Bankruptcy Code, for the purpose of collecting from the debtor's liability insurer. In re Jet Florida Systems, Inc., 883 F.2d 970 (11th Cir.1989).

12. However, in the interest of erring on the side of caution, Ms. Bates submits this Objection to make certain that her rights to proceed with claims against proceeds of insurance policies are preserved.

13. To the extent the Plan precludes Ms. Bates from recovering any insurance policy held by the Debtors that provides coverage for the Claim, Ms. Bates objects to the Plan.

14. As this objection seeks to preserve Ms. Bates' right to obtain recovery from the Debtors' insurance carrier(s), the preservation of those rights shall have no impact on the Debtors' bankruptcy estate.

15. If it was the Debtors' intent to preclude Ms. Bates from recovering on her claim from any available insurance proceeds, the Plan was not filed in good faith as required by Section 1129(a)(3) of the Bankruptcy Code, nor is the Plan "fair and equitable" as required by Section 1129(b)(2)(B) of the Bankruptcy Code.

16. Alternatively, there remains ambiguity in the presently proposed Confirmation Order in that it is unclear with it expressly prohibits Ms. Bates' to proceed in a direction action against the Debtors' insurers.

17. While the presently proposed Confirmation Order appears to protect and preserve all of Ms. Bates' rights against Chubb/Ace and any other liability insurance provider, which Chubb also appears to acknowledge and agree, this should be clarified. To the extent this is not accomplished by the Confirmation Order, Ms. Bates objects.

18. In addition, Ms. Bates objects to the improper "gatekeeping" provisions to the extent it requires her to seek permission from the Bankruptcy Court prior to proceeding with direct action against Debtors' insurers, for the same reasons enumerated in the Objection filed by the Chubb Companies, which arguments she incorporates by reference herein.

## OPT-OUT OF THIRD-PARTY RELEASE

19. Ebony Bates does not consent to and opts-out of the Third-Party Release.

20. Consistent with the concept of opting out, and the notices provided in these Bankruptcy Cases (*see, e.g.,* Disclosure Statement, at pg. ii), the Debtors have not required that any objection to the Third-Party Release be sustained, or even addressed by the Court, in order for the opt out to be effective. It is Ms.

3

Bates position that, by filing this Objection, and submitting the relevant Opt-Out From provided by the Debtors, she has properly opted out of the Third-Party Release and is not a Releasing Party.

## RESERVATION OF RIGHTS

21. Ebony Bates specifically reserves all of her rights with respect to her claims, particularly those against Debtor's insurers and other third-parties which may indemnify Debtors, and her rights to assert additional objections to the Plan, to assert any other objections, including, but not limited to, objections to the Plan Supplement, the Restructuring Steps Memorandum, the Liquidating Trust Agreement, and the Confirmation Order and/or any documents related thereto, and/or to join in or rely on the objections of other parties to the Plan or any documents related thereto and/or any other objections.

November 21, 2025

Respectfully submitted,

**PIRO ZINNA CIFELLI PARIS & GENITEMPO, LLC**

/s/ Alec Q. Duffy_____
Alec Q. Duffy, Esq.
360 Passaic Avenue
Nutley, NJ 07110
(973) 661-0710
ADuffy@pirozinnalaw.com