**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Co-Counsel for Debtors and Debtors in Possession*

**COLE SCHOTZ P.C.**

Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, Debtors. [1] | Case No. 25-14861 (MBK) |
| | (Jointly Administered) |

### *AMENDED*[2] NOTICE OF AGENDA OF MATTERS SCHEDULED TO BE HEARD ON NOVEMBER 24, 2025 AT 10:00 A.M. (ET)

To:     All Parties Receiving Electronic Notification of Filing
via the Court's CM/ECF System

---

[1]     The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025.  The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

[2]     Amended agenda items noted in **bold.**

## I.    CONTESTED MATTERS GOING FORWARD

1.  Combined Hearing Regarding Final Approval of the Disclosure Statement and Confirmation of the Plan

    Related Documents

    A.  Order (I)(A) Conditionally Approving the Adequacy of the Disclosure Statement, (B) Approving the Solicitation Procedures, (C) Approving the Form of Ballot and Notices in Connection Therewith, (D) Scheduling Certain Dates with Respect Thereto, and (E) Granting Related Relief and (ii)(a) Scheduling Certain Dates with Respect to the Dismissal of the Chapter 11 Cases, and (B) Granting Related Relief [Docket No. 2535]

    B.  Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Solicitation Version) [Docket No. 3215]

    C.  Second Amended Disclosure Statement Relating to the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Solicitation Version) [Docket No. 3216]

    D.  Notice of Filing of Redlines of Second Amended Plan and Second Amended Disclosure Statement [Docket No. 3217]

    E.  Notice of Filing of Plan Supplement [Docket No. 3218]

    F.  Notice of Filing of Proposed Confirmation Order [Docket No. 3219]

    G.  Revised Notice of Hearing to Consider Confirmation of the Chapter 11 Plan [Docket No. 3220]

    H.  Debtors' (I) Memorandum of Law in Support of (A) Final Approval of the Disclosure Statement and (B) Confirmation of the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates and (II) Omnibus Reply to Objections Thereto [Docket No. 3298]

    I.  Declaration of Craig E. Johnson of Kroll Restructuring Administration LLC Regarding the Solicitation of Votes and Tabulation of Ballots Cast on the Second Amended Joint Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates [Docket No. 3299]

    J.  Declaration of Marc Liebman, Chief Transformation Officer of the Debtors, in Support of (I) Final Approval of the Disclosure Statement and (II) Confirmation of the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates [Docket No. 3300]

**K.   Notice of Filing of First Amended Plan Supplement [Docket No. 3305]**

Responses/Objections

A.   Limited Objection of Element Fleet to Confirmation of the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates [Docket No. 3263]

B.   Objection of the Chubb Companies with Respect to the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates, Opt-Out of Third-Party Release, and Reservation of Rights [Docket No. 3265]

C.   United States Trustee's Objection to the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates [Docket No. 3266]

D.   Limited Objection to Confirmation of Second Amended Joint Chapter 11 Plan and Cross-Motion to Allow and Compel Payment of Administrative Expense Claims [Docket Nos. 3267 and 3269]

E.   Limited Objection of Southern California UFCW Unions & Drug Employers Pension Fund and Southern California Drug Benefit Fund to the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates [Docket No. 3268]

F.   Joint Limited Objection of RAD Sub-Trust A and RAD Sub-Trust B to the Debtors' Data Retention Plan [Docket No. 3270]

G.   Objection of Multiple Landlords to (I) Confirmation of Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates and (II) Final Approval of Second Amended Disclosure Statement and Reservation of Rights [Docket No. 3271]

H.   Limited Objection of 5931 Atlantic, LLC, AAT Del Monte LLC, Balden Towne Plaza Limited Partnership, Brixton Capital, CP/IPERS Woodfield, LLC, Edens, Fairview Shopping Center, LLC, Gartin Properties LLC, HCP RRF Sand Canyon LLC, Huntingdon Pike Company, Lancaster Development Company, LLC, Manoa Shopping Center Associates, L.P., Northern Trust Bank of CA, N.A., Prime/FRIT Bell Gardens, LLC, QCSI Six LLC, RAR 2 Queen Anne Eden Hill QRS, LLC, Realty Income Corporation, Redondo Prime 1, LLC, S & N II, Ltd., So-Goodnoes Corner JV LLC, Spirit EK Vineland NJ, LLC, Spirit RA Plains PA, LLC, SVAP III Plaza Mexico, LLC, The Irvine Company LLC, Valley Mall, L.L.C. and Weis Markets Inc. to Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates [Docket No. 3272]

3

I.   Corrected Limited Objection and Reservation of Rights of WARN Plaintiff Martin C. Gordon II, on Behalf of Himself and the Putative WARN Class, to Confirmation of the Joint Chapter 11 Plan [Docket No. 3275, amending Docket No. 3274]

J.   Limited Objection of Brixmor Property Group, East Park Development, LLC, First Washington Realty, LLC, Lerner Properties, NNN REIT, Inc., Newmark Merrill Companies, and Regency Centers, L.P. to Confirmation of Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates [Docket No. 3277]

K.   Limited Objection and Joinder of Gibraltar Management Co., Inc., Inland Commercial Real Estate Services LLC, and the Widewaters Group, Inc. To (I) Confirmation of Second Amended Joint Chapter 11 Plan or Reorganization of New Rite Aid, LLC and Its Debtor Affiliates and (II) Final Approval of Second Amended Disclosure Statement and Reservation of Rights [Docket No. 3284]

L.   CVS Pharmacy, Inc.'s Response and Reservation of Rights with Respect to the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates [Docket No. 3289]

M.   Objection of Ebony Bates with Respect to the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates, Opt-Out of Third-Party Release, and Reservation of Rights [Docket No. 3297]

**Status:** This matter is going forward with permission of the Court. **Attached hereto as <u>Schedule A</u> is a revised Objection Reply Chart, which was previously attached to the memorandum of law in support of confirmation [Docket No. 3298] as Exhibit A, detailing the status of each of the pending objections to confirmation. Also attached is a redline showing the revisions.**

## II.   <u>ADJOURNED MATTERS</u>

2.   Joint Motion of RAD Sub-Trust A and RAD Sub-Trust B for Entry of an Order (I) Authorizing and Directing the Debtors to Share Data Containing Protected Information Pursuant to the 2023 Plan; and (II) Granting Related Relief [Docket No. 3166]

<u>Related Documents</u>

A.   Application for Order Shortening Time [Docket No. 3167]

B.   Order Shortening Time Period for Notice, Setting Hearing and Limiting Notice [Docket No. 3168]

**Status:**  Per the Court's Text Order dated November 21, 2025, the movant has requested oral argument and this matter will be adjourned to December 8, 2025 at 11:30 a.m.

3.  Stonebrier Commercial L.P.'s Motion for Allowance of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(7) and § 503(b)(9) and for Payment of Administrative Expense Claim [Docket No. 2218]

Related Documents

A.  Certification in Support of Stonebrier Commercial L.P.'s Motion for Allowance of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(7) and § 503(b)(9) and for Payment of Administrative Expense Claim [Docket No. 3132]

Responses/Objections

A.  Debtors' Objection to Stonebrier Commercial L.P.'s Motion for Allowance of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(7) and § 503(b)(9) and for Payment of Administrative Expense Claim [Docket No. 2543]

**Status:**  Per the Court's Text Order dated November 21, 2025, the movant has requested oral argument and this matter will be adjourned to December 8, 2025 at 11:30 a.m.

## III.  <u>MATTERS BEING DECIDED ON THE PAPERS</u>

4.  Motion of Olive Tree Corning Plaza, LLC for Relief from Stay [Docket No. 2794]

Related Documents

A.  Signature in Support of Motion of Olive Tree Corning Plaza, LLC for Relief from Stay [Docket No. 2968]

Responses/Objections

B.  Debtors' Opposition to Motion of Olive Tree Corning Plaza LLC Seeking Relief from the Automatic Stay [Docket No. 3147]

**Status:**  Per the Court's Text Order dated November 21, 2025, this matter will be decided on the papers.

*[Remainder of page intentionally left blank]*

Dated:  November 24, 2025

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Co-Counsel for Debtors and
Debtors in Possession*

## Schedule A

*In re New Rite Aid, LLC*, Case No. 25-14861 (MBK)

Summary of Formal Confirmation Objections (Revised as of November 24, 2025)[1]

| | Party | Summary of Objection | Debtors' Response | Status |
|---|---|---|---|---|
| **1.** | Element Fleet Corporation ("Element Fleet") [Dkt. No. 3263] | • Plan should preserve Element Fleet's setoff rights. ¶¶ 17–22.<br><br>• Element Fleet should not be required to file a motion to preserve its setoff rights. ¶ 23. | The Debtors have resolved this objection with agreed language in the Confirmation Order. | Resolved. |
| **2.** | Chubb Companies [Dkt. No. 3265] | • The Plan cannot modify, alter, or impair the Insurance Programs and they must be enforced as written. ¶¶ 22–27.<br><br>• The Plan cannot assign Insurance Programs, or any part thereof, without the Chubb Companies' consent. ¶¶ 28–36.<br><br>• The Plan must provide that workers' compensation and direct action claims continue in the ordinary course. ¶¶ 37–39.<br><br>• The Plan contains an improper gatekeeping provision. ¶¶ 40–43.<br><br>• The Chubb Companies do not consent to and opt-out of the Third-Party Release. ¶¶ 44–45. | The Debtors have resolved this objection with agreed language in the Confirmation Order. | Resolved. |

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them as set forth in the Plan, the Disclosure Statement, or the relevant Objection, as applicable.

| | Party | Summary of Objection | Debtors' Response | Status |
|---|---|---|---|---|
| **3.** | Santiago Holdings II, LLC, Levin Management Corporation; MAG II Morrell Plaza, LP; Trusts Under the Will of Janice Levin; Robert Marin and Celeste de Schulthess Marin, Trustees of the Robert Marin and Celeste de Schulthess Marin Family Trust (SPW) UDT; Felos Associates, LLC; Joseph Murphy Corporation; Yoko C. Gates Trust; SADG-1 Limited Partnership; SADG-3 Limited Partnership; SADG-4 Limited Partnership; RAP Hamlin LP, RAP Dallas LP; Ald Capital PA; LLC | • Plan should preserve the Claimants' rights to pursue insurance claims. ¶¶ 10–12.<br><br>• The Plan does not demonstrate that all administrative expense claims will be paid in full as required by section 1129(a)(9)(A) of the Bankruptcy Code. ¶¶ 13–15.<br><br>• Cross-motion for allowance and payment of filed administrative expense claims for unpaid rents. ¶¶ 16–21. | The Debtors have resolved this objection with agreed language in the Confirmation Order. | Resolved. |

| | Party | Summary of Objection | Debtors' Response | Status |
|---|---|---|---|---|
| | Bethel Park Library, LLC; Red Lion Broadway, LLC; 569 Broadway Associates; Mt. Lebanon Cooke, LP<br><br>(the "Stark Landlords") [Dkt. Nos. 3267 and 3269] | | | |
| 4. | The Commons at Calabasas, LLC; CLPF Harbour Pointe, LLC; GKGF, LLC; MGP XI Northgate, LLC; MGP XI-A Town Center Lake Forest, LLC; B10 Mountain A LA LP; B10 Mountain B LA LP; B10 Mountain A OC LP; B10 Mountain A OR LLC; B10 Mountain B OR LLC; B10 Mountain B SF LLC; B10 Mountain | • The Disclosure Statement fails to provide "adequate information." In particular, the most fundamental flaw is Debtors' failure to timely provide the Wind-Down Budget to creditors for review and analysis prior to the objection deadline on the Proposed Plan. ¶¶ 5–10.<br><br>• The Plan fails to meet the Third Circuit standards for approval of a settlement under *Myers* v. *Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). ¶ 10.<br><br>• Plan's exculpation and injunction provisions are overbroad and jeopardize potential recoveries from Debtors' existing insurance and other parties, including SB360. ¶¶ 11–17. | The Debtors have resolved this objection with agreed language in the Confirmation Order. | Resolved. |

| | Party | Summary of Objection | Debtors' Response | Status |
|---|---|---|---|---|
| | A WA LLC; B10 Mountain B WA LLC; BCORE Westwood Village LLC; NMP-C4 Fairfield S/C, LLC; ROIC Paramount Plaza, LLC; RI - Grass Valley, LLC; Rich/Cherry, LLC; J.W. Rich Investment Company; Montecito Market Place Associates; Surapaneni Fresno Properties, LLC; Zentmyer Properties II LLC (the "Allen Matkins Landlords") [Dkt. No. 3271] | | | |
| 5. | RAD Sub-Trust A and RAD Sub-Trust B (the "Sub-Trusts") [Dkt. No. 3270] | Data Retention Plan should be amended to (i) increase the Notice Period to 90 days and (ii) require the Wind-Down Debtors to pay for (a) all costs for retaining Trust Data requested during the Notice Period that could reasonably be transferred and (b) 50% of the costs for retaining Disputed Data. ¶¶ 22–32. | The Debtors have resolved this objection with changes to the Data Retention Plan. | Resolved. |

| | Party | Summary of Objection | Debtors' Response | Status |
|---|---|---|---|---|
| **6.** | Martin C. Gordon and Putative Class of WARN Plaintiffs ("WARN Claimants") [Dkt. No. 3275] | Plan is not feasible because it provides no information that the WARN Act Claims, as priority claims, will be paid in full. ¶¶ 3–10. | The Debtors understand the WARN Claimants' objection has been resolved. | Resolved. |
| **7.** | 5931 Atlantic, LLC; AAT Del Monte LLC; Balden Towne Plaza Limited Partnership; Brixton Capital; CP/IPERS Woodfield, LLC; EDENS; Fairview Shopping Center, LLC; Gartin Properties LLC; HCP RRF Sand Canyon LLC; Huntingdon Pike Company; Lancaster Development Company, LLC; Manoa Shopping Center Associates, L.P.; Northern Trust Bank of CA, N.A.; | • Plan is not feasible under section 1129(a)(9) of the Bankruptcy Code because the Debtors have provided insufficient disclosure regarding the projected amount of payments to Holders of Administrative Claims and how much funding will be available to make required payment. ¶¶ 10–13.<br><br>• All rights and obligations of the parties to leases must survive Plan confirmation and the effective date, regardless of whether they arose or accrued prior to Plan confirmation. ¶¶ 14–15.<br><br>• Plan cannot provide for automatic disallowance of any claims without notice to the Claimant. ¶ 16. | The Debtors have resolved this objection with agreed language in the Confirmation Order. | Resolved. |

| | Party | Summary of Objection | Debtors' Response | Status |
|---|---|---|---|---|
| | Prime/FRIT Bell Gardens, LLC; QCSI Six LLC; RAR 2 Queen Anne Eden Hill QRS, LLC; Realty Income Corporation; Redondo Prime 1, LLC; S & N II, Ltd.; SOGoodnoes Corner JV LLC; Spirit EK Vineland NJ, LLC; Spirit RA Plains PA, LLC; SVAP III Plaza Mexico, LLC; The Irvine Company LLC; Valley Mall, L.L.C.; and Weis Markets Inc.Company LLC, Valley Mall, L.L.C. and Weis Markets Inc. (the "Ballard Spahr Landlords") [Dkt. No. 3272] | | | |
| 8. | The Southern California UFCW Unions & Drug | • Debtors have failed to demonstrate that the plan is feasible, specifically that they are able to pay administrative claims in full, including the | • The Debtors assert the Plan is feasible with respect to payments to be made to Holders of | Outstanding. |

| | Party | Summary of Objection | Debtors' Response | Status |
|---|---|---|---|---|
| | Employers Pension Fund and the Southern California Drug Benefit Fund [Dkt. No. 3268] (the "Pension Funds") | Pension Funds' potential administrative claim for withdrawal liability. ¶¶ 12–20. Pension Funds estimate that the Debtors' total withdrawal liability is $82,714,852. They contend that most of this amount is a general unsecured claim, but that a "portion" is attributable to the postpetition period and therefore constitutes an administrative expense. ¶¶ 6–7.<br><br>• Debtors should not receive a discharge as the Plan provides for the liquidation of all or substantially all of the Debtors' Estates. ¶¶ 21–24.<br><br>• Plan provides for overbroad third-party releases and injunction provisions which are overbroad and not permissible under applicable law. ¶¶ 25–26. | Allowed Administrative Expense Claims, including with respect to any obligations owed with respect to administrative claims for withdrawal liability.<br><br>• The Debtors have agreed to include language in the Confirmation Order stating that the Wind-Down Debtors are not receiving a discharge. The Debtors believe such language resolves this objection.<br><br>• The Debtors believe the Plan's third-party releases and injunction provisions (as modified to limit the scope of the injunction with respect to the Wind Down Debtors) are consensual and consistent with precedent. | |
| 9. | Brixmor Property Group, East Park Development, LLC, First Washington Realty, LLC; Lerner Properties; NewMark Merrill | • Confirmation of the Plan should neither impair nor diminish Landlords' setoff rights pursuant to their leases. ¶¶ 5–8.<br><br>• Plan fails to satisfy sections 1129(a)(9) and 1129(a)(11) of the Bankruptcy Code by failing to show whether the Administrative / Priority | The Debtors have resolved this objection with agreed language in the Confirmation Order. | Resolved. |

| | Party | Summary of Objection | Debtors' Response | Status |
|---|---|---|---|---|
| | Companies; NNN REIT, Inc.; and Regency Centers, L.P. (the "KDW Landlords") [Dkt. No. 3277] | Claims Reserve will contain sufficient funds to satisfy all Administrative and Priority Claims. ¶¶ 9–13. <br><br> • Neither the Confirmation Order nor the Plan should modify or diminish the Debtors' obligations pursuant to the Final Financing Order to pay Stub Rent and Post-Petition Obligations. ¶¶ 14–17. <br><br> • Neither the Confirmation Order nor the Plan should impact the agreements of the relevant parties to any Lease Assignment Order. ¶¶ 18–21. <br><br> • The bar date for Rejection Claims should not occur earlier than the Plan Effective Date to afford Landlords sufficient time to prepare and file their Rejection claims. ¶¶ 22–23. | | |
| 10. | Gibraltar Management Co., Inc.; Inland Commercial Real Estate Services LLC; and The Widewaters Group, Inc. (the | Plan does not sufficiently disclose the Debtors' ability to satisfy "Excluded Claims" under the Administrative Claims Procedures from the reserves detailed in the Plan which leaves the Landlords without any assurance that their administrative claims will be paid in full as required by section 1129(a)(9) of the Bankruptcy Code. ¶ 8. | The Debtors have resolved this objection with agreed language in the Confirmation Order. | Resolved. |

| | Party | Summary of Objection | Debtors' Response | Status |
|---|---|---|---|---|
| | "BarclayDamon Landlords") [Dkt. No. 3284] | | | |
| 11. | CVS Pharmacy, Inc. ("CVS") [Dkt. No. 3289] | Plan should clarify continuing rights and obligations of Debtors, Wind-Down Debtors, and/or Reorganized Debtors in accordance with the CVS Sale Order and CVS APAs. ¶¶ 3–6. | The Debtors have resolved this objection with agreed language in the Confirmation Order. | Resolved. |
| 12. | U.S. Trustee [Dkt. No. 3266] | Plan proposes unauthorized non-consensual third-party releases. ¶¶ 44–81. | The Debtors believe the Plan's third-party releases are consensual and consistent with precedent. | Outstanding. |
| | | Plan proposes overbroad Debtor releases. ¶¶ 82–90 | The Debtors believe the Plan's debtor releases are appropriately tailored and consistent with precedent. | Outstanding. |
| | | Plan proposes an overbroad exculpation provision which exceeds the limitations of Third Circuit law. ¶¶ 91–97 | • The Debtors have partially resolved this objection with agreed language in the Plan limiting the scope of the exculpation to the time between the Petition Date and Effective Date.<br><br>• The Debtors believe that the 1125(e) exculpation is consistent with the Bankruptcy Code. | Partially outstanding. |

| | Party | Summary of Objection | Debtors' Response | Status |
|---|---|---|---|---|
| | | | • The Debtors believe that the Plan's exculpation provisions are appropriately tailored and consistent with precedent. | |
| | | Plan proposes an overbroad and impermissible injunction provision. ¶¶ 98–102 | • The Debtors have partially resolved this objection with Plan language to limit the scope of the injunction with respect to the Wind-Down Debtors.<br><br>• The Debtors believe the Plan's injunction provision is appropriately tailored and consistent with precedent | Partially outstanding. |
| | | Debtors have not presented exigencies that justify a waiver of the 14-day Bankruptcy Rule 3020(e) stay. ¶¶ 103–107. | The Debtors believe cause exists to support a waiver of the 14-day stay under Bankruptcy Rule 3020(e). | Outstanding. |
| | | Plan proposes a gatekeeping provision that should not be permitted. ¶¶ 108–111 | The Debtors believe the Plan's gatekeeping provision is appropriate and consistent with the approval of the third-party release. | Outstanding. |
| | | Plan exceeds the scope of what can be settled under section 1123(b)(3)(A) of the Bankruptcy Code and is not a settlement subject to approval under Bankruptcy Rule 9019. ¶¶ 112–117. | The Debtors anticipate resolving this objection with agreed language in the Plan. | Expected to be resolved |

|  | Party | Summary of Objection | Debtors' Response | Status |
|---|---|---|---|---|
|  |  | Plan provisions regarding Statutory Fees should be revised to provide joint and several liability for the Wind-Down Debtors and Reorganized Debtors. ¶¶ 118–120. | The Debtors anticipate resolving this objection with agreed language in the Plan and/or Confirmation Order. | Expected to be resolved. |
|  |  | Plan provisions providing deemed acceptance if no votes are cast and the class contains voting-eligible holders of claims or interests is inconsistent with the Bankruptcy Code. ¶¶ 121–122. | The Debtors have agreed to remove this language from the Plan. | Resolved. |
|  |  | Plan provisions concerning indemnification and exculpation for Liquidating Trustee should be removed as Liquidating Trust does not exist until after Effective Date. ¶¶ 123-124. | The Debtors have agreed to remove this language from the Plan. | Resolved. |
|  |  | Plan provisions providing for separate release and discharge to the Committee should be removed. ¶¶ 125-128. | The Debtors have resolved this objection with agreed language in the Plan. | Resolved. |
|  |  | Plan provisions providing for Substantial Consummation should be revised to occur only when the requirements of section 1101(2) of the Bankruptcy Code are met. ¶¶ 129-131. | The Debtors have resolved this objection with agreed language in the Plan. | Resolved. |
|  |  | Plan does not disclose the identity of the Liquidating Trustee as required by section 1129(a)(5)(i) of the Bankruptcy Code. ¶¶ 132-135. | The Liquidating Trustee is Mr. Eric Kaup of Hilco Global. | Resolved. |
| 13 | Ebony Bates [Dkt. No. 3297] | • Plan should not preclude Ms. Bates from seeking recovery against proceeds of Debtors' insurance policies. ¶¶ 11-17. | The Debtors have resolved this objection with agreed language in the Confirmation Order. | Resolved. |

| | Party | Summary of Objection | Debtors' Response | Status |
|---|---|---|---|---|
| | | • To the extent that the Plan's gatekeeping provisions prevent this, Ms. Bates also objects to such provisions. ¶ 18. | | |
| 14 | NBPIV Delran LLC (the "Central Fill Landlord") [Dkt. No. 3294] | Reservation of rights with respect to the Central Fill Facility Lease, including the Debtors' request to assume the Central Fill Facility Lease under the Plan and set a cure amount. ¶¶ 6-7. | The Debtors have resolved this objection with language in the Confirmation Order in connection with an agreement on the terms by which the Central Fill Facility Lease may be assumed by the Reorganized Debtors. | Resolved. |

[*Remainder of Page Intentionally Left Blank*]

*In re New Rite Aid, LLC*, Case No. 25-14861 (MBK)

Summary of Informal Confirmation Objections (Revised as of November 24, 2025)[1]

| | Party | Summary of Objection | Status |
|---|---|---|---|
| 1. | Texas Comptroller of Public Accounts ("Texas Comptroller") | Preservation of setoff rights. | Resolved with language in the Confirmation Order. |
| 2. | Berkley Insurance Company and The Hanover Insurance Company (the "Berkley/Hanover Sureties") | • Plan should not bind Berkley/Hanover Sureties to Plan release, exculpations, and injunction provisions.<br><br>• Preservation of existing rights and obligations under existing surety bond programs. | Resolved with language in the Confirmation Order. |
| 3. | L. Perrigo Company and its affiliates' (including without limitation PBM Nutritionals, LLC) (collectively, the "Perrigo Entities," and each, a "Perrigo Entity") | Preservation of setoff rights. | Resolved with language in the Confirmation Order. |
| 4. | RAD Sub-Trust A and RAD Sub-Trust B (Assigned Insurance Rights) | Preservation of litigation trusts' insurance-related rights. | Resolved with language in the Confirmation Order. |
| 5. | International Fidelity Insurance Company ("IFIC") | • Preservation of rights under surety bonds, indemnity agreements, and collateral. | Resolved with language in the Confirmation Order. |

---

[1]   Capitalized terms used but not defined herein shall have the meanings ascribed to them as set forth in the Plan, the Disclosure Statement, or the relevant Objection, as applicable.

|   | Party | Summary of Objection | Status |
|---|---|---|---|
|   |   | • Plan should not bind IFIC to Plan release, exculpations, and injunction provisions. |   |
| 6. | National Union Fire Insurance Company of Pittsburgh, Pa. and/or each of the affiliates and successors (collectively, "AIG") | • Plan should preserve AIG's insurance policies and related rights/obligations.<br><br>• Plan should permit claims under AIG's insurance policies to continue to be administered post-Confirmation. | Resolved with language in the Confirmation Order. |
| 7. | Co-Defendants Under Prior Chapter 11 Plan ("Co-Defendants") | Preservation of defensive rights arising under Rite Aid's prior chapter 11 plan. | Resolved with language in Confirmation Order. |
| 8. | MedChart, Inc. ("MedChart") | Plan should not permit destruction of prescription and patient health records in alleged violation of state and federal law. | Resolved with changes to the Data Retention Plan. |

*In re New Rite Aid, LLC,* Case No. 25-14861 (MBK)

Summary of Formal Confirmation Objections **(Revised as of November 24, 2025)**[1]

| | Party | Summary of Objection | Debtors' Response | Status |
|---|---|---|---|---|
| 1. | Element Fleet Corporation ("Element Fleet") [Dkt. No. 3263] | • Plan should preserve Element Fleet's setoff rights. ¶¶ 17–22.<br><br>• Element Fleet should not be required to file a motion to preserve its setoff rights. ¶ 23. | The Debtors ~~anticipate resolving~~**have resolved** this objection with agreed language in the Confirmation Order. | ~~Expected to be resolved~~**Resolved**. |
| 2. | Chubb Companies [Dkt. No. 3265] | • The Plan cannot modify, alter, or impair the Insurance Programs and they must be enforced as written. ¶¶ 22–27.<br><br>• The Plan cannot assign Insurance Programs, or any part thereof, without the Chubb Companies' consent. ¶¶ 28–36.<br><br>• The Plan must provide that workers' compensation and direct action claims continue in the ordinary course. ¶¶ 37–39.<br><br>• The Plan contains an improper gatekeeping provision. ¶¶ 40–43.<br><br>• The Chubb Companies do not consent to and opt-out of the Third-Party Release. ¶¶ 44–45. | The Debtors ~~anticipate resolving~~**have resolved** this objection with agreed language in the Confirmation Order. | ~~Expected to be resolved~~**Resolved**. |

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them as set forth in the Plan, the Disclosure Statement, or the relevant Objection, as applicable.

| | Party | Summary of Objection | Debtors' Response | Status |
|---|---|---|---|---|
| **3.** | Santiago Holdings II, LLC, Levin Management Corporation; MAG II Morrell Plaza, LP; Trusts Under the Will of Janice Levin; Robert Marin and Celeste de Schulthess Marin, Trustees of the Robert Marin and Celeste de Schulthess Marin Family Trust (SPW) UDT; Felos Associates, LLC; Joseph Murphy Corporation; Yoko C. Gates Trust; SADG-1 Limited Partnership; SADG-3 Limited Partnership; SADG-4 Limited Partnership; RAP Hamlin LP, RAP Dallas LP; Ald Capital PA; LLC Bethel Park Library, | • Plan should preserve the Claimants' rights to pursue insurance claims. ¶¶ 10–12.<br><br>• The Plan does not demonstrate that all administrative expense claims will be paid in full as required by section 1129(a)(9)(A) of the Bankruptcy Code. ¶¶ 13–15.<br><br>• Cross-motion for allowance and payment of filed administrative expense claims for unpaid rents. ¶¶ 16–21. | • The Debtors have ~~proposed~~**resolved this objection with agreed** language in the Confirmation Order ~~that would confirm that each of the Stark Landlords opted-out of the Third-Party Release, such that they are neither a Releasing Party nor a Released Party under the Plan.~~<br><br>• ~~The Wind-Down Budget is reasonably calculated to pay all Allowed Administrative Expense Claims in full, unless the Holder has agreed to different treatment, in accordance with the Plan and as required by the Bankruptcy Code. Further, the cash projected to be available to the Wind-Down Debtors will be sufficient to satisfy all payments provided for in the Wind-Down Budget. Accordingly, the Plan is feasible.~~<br><br>• ~~Any motions for payment of administrative claims may be filed any time prior to the Claims Bar Date, and the Debtors shall be obligated to pay~~ | ~~Outstanding~~ **Resolved**. |

| | Party | Summary of Objection | Debtors' Response | Status |
|---|---|---|---|---|
| | LLC; Red Lion Broadway, LLC; 569 Broadway Associates; Mt. Lebanon Cooke, LP <br><br> (the "Stark Landlords") [Dkt. Nos. 3267 and 3269] | | ~~any such Allowed Administrative Expense Claims in accordance with the Plan.~~ | |
| 4. | The Commons at Calabasas, LLC; CLPF Harbour Pointe, LLC; GKGF, LLC; MGP XI Northgate, LLC; MGP XI-A Town Center Lake Forest, LLC; B10 Mountain A LA LP; B10 Mountain B LA LP; B10 Mountain A OC LP; B10 Mountain A OR LLC; B10 Mountain B OR LLC; B10 Mountain B SF LLC; B10 Mountain A WA LLC; B10 | • The Disclosure Statement fails to provide "adequate information."  In particular, the most fundamental flaw is Debtors' failure to timely provide the Wind-Down Budget to creditors for review and analysis prior to the objection deadline on the Proposed Plan.  ¶¶ 5–10. <br><br> • The Plan fails to meet the Third Circuit standards for approval of a settlement under *Myers* v. *Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). ¶ 10. <br><br> • Plan's exculpation and injunction provisions are overbroad and jeopardize potential recoveries from Debtors' existing insurance and other parties, including SB360. ¶¶ 11–17. | ~~The Disclosure Statement provides adequate information in accordance with section 1125 of the Bankruptcy Code.~~ <br><br> ~~To the extent applicable, the proposed settlements~~ in the Plan ~~under Bankruptcy Rule 9019 satisfy the standard set forth in *In re Martin*, which recognizes the following four criteria a bankruptcy court should consider when determining whether or not to approve a settlement.~~ <br><br> • ~~(1) the probability of success in litigation;~~ | ~~Outstanding~~ **Resolved**. |

| Party | Summary of Objection | Debtors' Response | Status |
|---|---|---|---|
| Mountain B WA LLC; BCORE Westwood Village LLC; NMP-C4 Fairfield S/C, LLC; ROIC Paramount Plaza, LLC; RI - Grass Valley, LLC; Rich/Cherry, LLC; J.W. Rich Investment Company; Montecito Market Place Associates; Surapaneni Fresno Properties, LLC; Zentmyer Properties II LLC (the "Allen Matkins Landlords") [Dkt. No. 3271] | | • ~~(2) the likely difficulties in collection;~~<br><br>• ~~(3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and~~<br><br>• ~~(4) the paramount interest of the creditors.~~<br><br>~~*In re Martin*, 91 F.3d at 393.~~<br><br>• ~~Here, the Debtors have not identified any valuable claims that are being released pursuant to the Plan, and the releases and other settlements, including with the PBGC and DOJ are supported by the Debtors' creditors, including the DIP Lenders, who have a lien on all of the Debtors' claims and Causes of Action.~~<br><br>• ~~The Exculpation and Injunction provisions are consistent with applicable law, are integral components of the Plan, and have been approved in prior chapter 11~~ | |

| | Party | Summary of Objection | Debtors' Response | Status |
|---|---|---|---|---|
| | | | ~~cases in the Third Circuit, including in the prior Rite Aid chapter 11 cases.~~ **The Debtors have resolved this objection with agreed language in the Confirmation Order.** | |
| **5.** | RAD Sub-Trust A and RAD Sub-Trust B (the "Sub-Trusts") [Dkt. No. 3270] | Data Retention Plan should be amended to (i) increase the Notice Period to 90 days and (ii) require the Wind-Down Debtors to pay for (a) all costs for retaining Trust Data requested during the Notice Period that could reasonably be transferred and (b) 50% of the costs for retaining Disputed Data. ¶¶ 22–32. | The Debtors ~~are permitted to reject the Litigation Trust Cooperation Agreement, which is an executory contract, and it is in their business judgement to do so. Further, the Debtors may destroy the Trust Data as contemplated in~~**have resolved this objection with changes to** the Data Retention Plan ~~pursuant to section 554 of the Bankruptcy Code and applicable law.~~ | ~~Outstanding~~ **Resolved**. |
| **6.** | Martin C. Gordon and Putative Class of WARN Plaintiffs ("WARN Claimants") [Dkt. No. 3275] | Plan is not feasible because it provides no information that the WARN Act Claims, as priority claims, will be paid in full. ¶¶ 3–10. | ~~As explained above in row 3, the Plan is feasible with respect to payments to be made to Holders of Allowed Administrative Expense Claims. The putative WARN class action covers Federal WARN claimants who worked at or reported to, or received assignments from the Valley Green Facility and the Collaboration Center Facility. The Administrative Claims~~ | ~~Outstanding~~ **Resolved**. |

| | Party | Summary of Objection | Debtors' Response | Status |
|---|---|---|---|---|
| | | | ~~Procedures did not except Federal WARN claims (only, among others, NY, NJ, and MD WARN claims).  Only 48 individuals of the putative class opted out of the Administrative Claims Procedures of for a total asserted amount of claims of approximately $700,000.~~ **The Debtors understand the WARN Claimants' objection has been resolved.** | |
| 7. | 5931 Atlantic, LLC; AAT Del Monte LLC; Balden Towne Plaza Limited Partnership; Brixton Capital; CP/IPERS Woodfield, LLC; EDENS; Fairview Shopping Center, LLC; Gartin Properties LLC; HCP RRF Sand Canyon LLC; Huntingdon Pike Company; Lancaster Development | • Plan is not feasible under section 1129(a)(9) of the Bankruptcy Code because the Debtors have provided insufficient disclosure regarding the projected amount of payments to Holders of Administrative Claims and how much funding will be available to make required payment.  ¶¶ 10–13.<br><br>• All rights and obligations of the parties to leases must survive Plan confirmation  and the effective date, regardless of whether they arose or accrued prior to Plan confirmation. ¶¶ 14–15.<br><br>• Plan cannot provide for automatic disallowance of any claims without notice to the Claimant. ¶ 16. | ~~• As explained above in row 3 above, the Plan is feasible with respect to payments to be made to Holders of Allowed Administrative Expense Claims.  The Ballard Spahr Landlords are entitled to opt-out of the Third-Party Release and retain any claims and Causes of Action they may have against non-Debtors, including insurers.  Further, as explained in Memorandum, the Plan is feasible, including with respect to payment of any Allowed Administrative Claims owed to landlords, whether arising in~~ | ~~Outstanding~~ **Resolved**. |

| | Party | Summary of Objection | Debtors' Response | Status |
|---|---|---|---|---|
| | Company, LLC; Manoa Shopping Center Associates, L.P.; Northern Trust Bank of CA, N.A.; Prime/FRIT Bell Gardens, LLC; QCSI Six LLC; RAR 2 Queen Anne Eden Hill QRS, LLC; Realty Income Corporation; Redondo Prime 1, LLC; S & N II, Ltd.; SOGoodnoes Corner JV LLC; Spirit EK Vineland NJ, LLC; Spirit RA Plains PA, LLC; SVAP III Plaza Mexico, LLC; The Irvine Company LLC; Valley Mall, L.L.C.; and Weis Markets Inc.Company LLC, Valley Mall, L.L.C. and Weis Markets Inc. (the "Ballard Spahr Landlords") [Dkt. No. 3272] | | ~~connection with the rejection of their lease or otherwise.~~<br><br>• ~~The Bankruptcy Code does not impose any obligations in connection with confirmation of the Plan to affirmatively preserve or facilitate the pursuit of any claims or Causes of Action any parties may have against insurers.~~<br><br>• The Debtors have ~~added~~**resolved this objection with agreed** language ~~to~~**in** the ~~proposed~~ Confirmation Order ~~that retains Holders' rights to challenge any determination by the Debtors to automatically disallow a proof of claim. The Debtors believe that such language resolves this objection~~. | |

| | Party | Summary of Objection | Debtors' Response | Status |
|---|---|---|---|---|
| 8. | The Southern California UFCW Unions & Drug Employers Pension Fund and the Southern California Drug Benefit Fund [Dkt. No. 3268] (the "Pension Funds") | • Debtors have failed to demonstrate that the plan is feasible, specifically that they are able to pay administrative claims in full, including the Pension Funds' potential administrative claim for withdrawal liability. ¶¶ 12–20. Pension Funds estimate that the Debtors' total withdrawal liability is $82,714,852. They contend that most of this amount is a general unsecured claim, but that a "portion" is attributable to the postpetition period and therefore constitutes an administrative expense. ¶¶ 6–7.<br><br>• Debtors should not receive a discharge as the Plan provides for the liquidation of all or substantially all of the Debtors' Estates. ¶¶ 21–24.<br><br>• Plan provides for overbroad third-party releases and injunction provisions which are overbroad and not permissible under applicable law. ¶¶ 25–26. | • ~~As explained above in row 3,~~The Debtors assert the Plan is feasible with respect to payments to be made to Holders of Allowed Administrative Expense Claims, including with respect to any obligations owed with respect to administrative claims for withdrawal liability.<br><br>• The Debtors have agreed to include language in the Confirmation Order stating that the Wind-Down Debtors are not receiving a discharge. **The Debtors believe such language resolves this objection.**<br><br>• **The Debtors believe the Plan's third-party releases and injunction provisions (as modified to limit the scope of the injunction with respect to the Wind Down Debtors) are consensual and consistent with precedent.** | Outstanding. |
| 9. | Brixmor Property Group, East Park Development, LLC, | • Confirmation of the Plan should neither impair nor diminish Landlords' setoff rights pursuant to their leases. ¶¶ 5–8. | • ~~The Debtors have added language to the Confirmation Order that preserves the KDW~~ | ~~Outstanding~~ **Resolved.** |

| | Party | Summary of Objection | Debtors' Response | Status |
|---|---|---|---|---|
| | First Washington Realty, LLC; Lerner Properties; NewMark Merrill Companies; NNN REIT, Inc.; and Regency Centers, L.P. (the "KDW Landlords") [Dkt. No. 3277] | • Plan fails to satisfy sections 1129(a)(9) and 1129(a)(11) of the Bankruptcy Code by failing to show whether the Administrative / Priority Claims Reserve will contain sufficient funds to satisfy all Administrative and Priority Claims. ¶¶ 9–13.<br><br>• Neither the Confirmation Order nor the Plan should modify or diminish the Debtors' obligations pursuant to the Final Financing Order to pay Stub Rent and Post-Petition Obligations. ¶¶ 14–17.<br><br>• Neither the Confirmation Order nor the Plan should impact the agreements of the relevant parties to any Lease Assignment Order. ¶¶ 18–21.<br><br>• The bar date for Rejection Claims should not occur earlier than the Plan Effective Date to afford Landlords sufficient time to prepare and file their Rejection claims. ¶¶ 22–23. | ~~Landlords' right of setoff. The~~ <span style="color:green">~~Debtors believe that such language resolves this objection.~~</span><br><br>• ~~As explained above in row 3, the Plan is feasible with respect to payments to be made to Holders of Allowed Administrative Expense Claims.~~<br><br>• ~~The Debtors have added language to the Confirmation Order that provides that notwithstanding entry of the Confirmation Order, all parties' rights with respect to rejection, assumption, assumption and assignment, and/or cure that remain outstanding are reserved. The Debtors' believe that such language resolves this objection.~~<br><br>• ~~Stub Rent Claims are capped in the aggregate at $23,388,878, and no individual Stub Rent Claim can be allowed or paid to the extent that, when added to prior Stub Rent payments, it would cause total Stub Rent payments to exceed that cap. Any right to payment above that~~ | |

| | Party | Summary of Objection | Debtors' Response | Status |
|---|---|---|---|---|
| | | | ~~cap was permanently waived upon entry of the Final Financing Order.~~<br><br>• The Debtors ~~expect to resolve the~~**have resolved this** objection with ~~respect to the Rejection Bar Date through revised~~**agreed** language ~~to~~**in** the ~~Plan and/or~~Confirmation Order. | |
| 10 | Gibraltar Management Co., Inc.; Inland Commercial Real Estate Services LLC; and The Widewaters Group, Inc. (the "BarclayDamon Landlords") [Dkt. No. 3284] | Plan does not sufficiently disclose the Debtors' ability to satisfy "Excluded Claims" under the Administrative Claims Procedures from the reserves detailed in the Plan which leaves the Landlords without any assurance that their administrative claims will be paid in full as required by section 1129(a)(9) of the Bankruptcy Code. ¶ 8. | ~~As explained above in row 3, the Plan is feasible with respect to payments to be made to Holders of Allowed Administrative Expense Claims.~~ **The Debtors have resolved this objection with agreed language in the Confirmation Order.** | ~~Outstanding~~**Resolved**. |
| 11 | CVS Pharmacy, Inc. ("CVS") [Dkt. No. 3289] | Plan should clarify continuing rights and obligations of Debtors, Wind-Down Debtors, and/or Reorganized Debtors in accordance with the CVS Sale Order and CVS APAs. ¶¶ 3–6. | The Debtors ~~anticipate resolving~~**have resolved** this objection with agreed language in the Confirmation Order. | ~~Expected to be resolved~~**Resolved**. |
| 12 | U.S. Trustee [Dkt. No. 3266] | Plan proposes unauthorized non-consensual third-party releases. ¶¶ 44–81. | The Debtors believe the Plan's third-party releases are consensual and consistent with precedent. | Outstanding. |

| | Party | Summary of Objection | Debtors' Response | Status |
|---|---|---|---|---|
| | | Plan proposes overbroad Debtor releases. ¶¶ 82–90 | The Debtors believe the Plan's debtor releases are appropriately tailored and consistent with precedent. | Outstanding. |
| | | Plan proposes an overbroad exculpation provision which exceeds the limitations of Third Circuit law. ¶¶ 91–97 | • **The Debtors have partially resolved this objection with agreed language in the Plan limiting the scope of the exculpation to the time between the Petition Date and Effective Date.**<br><br>• The Debtors believe that the 1125(e) exculpation is consistent with the Bankruptcy Code.<br><br>• The Debtors believe that the Plan's exculpation provisions are appropriately tailored and consistent with precedent. | ~~Outstanding~~ **Partially outstanding**. |
| | | Plan proposes an overbroad and impermissible injunction provision. ¶¶ 98–102 | • The Debtors have ~~proposed~~**partially resolved this objection with Plan** language to | Partially outstanding. |

| Party | Summary of Objection | Debtors' Response | Status |
|---|---|---|---|
| | | limit the scope of the injunction with respect to the Wind-Down Debtors. ~~The Debtors believe this objection has been resolved.~~<br><br>• The Debtors believe the Plan's injunction provision is appropriately tailored and consistent with precedent | |
| | Debtors have not presented exigencies that justify a waiver of the 14-day Bankruptcy Rule 3020(e) stay.  ¶¶ 103–107. | The Debtors believe cause exists to support a waiver of the 14-day stay under Bankruptcy Rule 3020(e). | Outstanding. |
| | Plan proposes a gatekeeping provision that should not be permitted.  ¶¶ 108–111 | The Debtors believe the Plan's gatekeeping provision is appropriate and consistent with the approval of the third-party release. | Outstanding. |
| | Plan exceeds the scope of what can be settled under section 1123(b)(3)(A) of the Bankruptcy Code and is not a settlement subject to approval under Bankruptcy Rule 9019.  ¶¶ 112–117. | The Debtors anticipate resolving this objection with agreed language in the Plan ~~and/or Confirmation Order~~. | Expected to be resolved~~.~~ |
| | Plan provisions regarding Statutory Fees should be revised to provide joint and several liability for the Wind-Down Debtors and Reorganized Debtors. ¶¶ 118–120. | The Debtors anticipate resolving this objection with agreed language in the Plan and/or Confirmation Order. | Expected to be resolved. |
| | Plan provisions providing deemed acceptance if | The Debtors have agreed to remove | Resolved. |

| | Party | Summary of Objection | Debtors' Response | Status |
|---|---|---|---|---|
| | | no votes are cast and the class contains voting-eligible holders of claims or interests is inconsistent with the Bankruptcy Code. ¶¶ 121–122. | this language from the Plan. | |
| | | Plan provisions concerning indemnification and exculpation for Liquidating Trustee should be removed as Liquidating Trust does not exist until after Effective Date. ¶¶ 123-124. | The Debtors ~~will resolve this objection with removal of agreed~~**have agreed to remove this** language ~~in~~**from** the Plan. | Resolved. |
| | | Plan provisions providing for separate release and discharge to the Committee should be removed. ¶¶ 125-128. | The Debtors ~~anticipate resolving~~**have resolved** this objection with agreed language in the Plan. | ~~Expected to be resolved~~**Resolved**. |
| | | Plan provisions providing for Substantial Consummation should be revised to occur only when the requirements of section 1101(2) of the Bankruptcy Code are met. ¶¶ 129-131. | The Debtors ~~will resolve~~**have resolved** this objection with agreed language in the Plan. | Resolved. |
| | | Plan does not disclose the identity of the Liquidating Trustee as required by section 1129(a)(5)(i) of the Bankruptcy Code. ¶¶ 132-135. | The ~~Debtors have resolved this objection by disclosing identity of~~ Liquidating Trustee ~~prior to Confirmation Hearing~~**is Mr. Eric Kaup of Hilco Global**. | Resolved. |
| 13 | Ebony Bates [Dkt. No. 3297] | • Plan should not preclude Ms. Bates from seeking recovery against proceeds of Debtors' insurance policies. ¶¶ 11-17.<br><br>• To the extent that the Plan's gatekeeping | The Debtors ~~anticipate resolving~~**have resolved** this objection with agreed language in the Confirmation Order. | ~~Expected to be resolved~~**Resolved.** |

| | Party | Summary of Objection | Debtors' Response | Status |
|---|---|---|---|---|
| | | provisions prevent this, Ms. Bates also objects to such provisions. ¶ 18. | | |
| 14 | NBPIV Delran LLC (the "Central Fill Landlord") [Dkt. No. 3294] | Reservation of rights with respect to the Central Fill Facility Lease, including the Debtors' request to assume the Central Fill Facility Lease under the Plan and set a cure amount. ¶¶ 6-7. | The Debtors ~~anticipate resolving~~**have resolved** this objection ~~prior to~~**with language in** the Confirmation ~~Hearing~~**Order in connection with an agreement on the terms by which the Central Fill Facility Lease may be assumed by the Reorganized Debtors**. | ~~Expected to be resolved~~**Resolved**. |

*[Remainder of Page Intentionally Left Blank]*

*In re New Rite Aid, LLC*, Case No. 25-14861 (MBK)

Summary of Informal Confirmation Objections **(Revised as of November 24, 2025)**[1]

| | Party | Summary of Objection | Status |
|---|---|---|---|
| **1.** | Texas Comptroller of Public Accounts ("Texas Comptroller") | Preservation of setoff rights. | Resolved with language in the Confirmation Order. |
| **2.** | Berkley Insurance Company and The Hanover Insurance Company (the "Berkley/Hanover Sureties") | • Plan should not bind Berkley/Hanover Sureties to Plan release, exculpations, and injunction provisions.<br><br>• Preservation of existing rights and obligations under existing surety bond programs. | Resolved with language in the Confirmation Order. |
| **3.** | L. Perrigo Company and its affiliates' (including without limitation PBM Nutritionals, LLC) (collectively, the "Perrigo Entities," and each, a "Perrigo Entity") | Preservation of setoff rights. | Resolved with language in the Confirmation Order. |
| **4.** | RAD Sub-Trust A and RAD Sub-Trust B (Assigned Insurance Rights) | Preservation of litigation trusts' insurance-related rights. | Resolved with language in the Confirmation Order. |

---

[1]   Capitalized terms used but not defined herein shall have the meanings ascribed to them as set forth in the Plan, the Disclosure Statement, or the relevant Objection, as applicable.

| | **Party** | **Summary of Objection** | **Status** |
|---|---|---|---|
| **5.** | International Fidelity Insurance Company ("IFIC") | • Preservation of rights under surety bonds, indemnity agreements, and collateral.<br><br>• Plan should not bind IFIC to Plan release, exculpations, and injunction provisions. | Resolved with language in the Confirmation Order. |
| **6.** | National Union Fire Insurance Company of Pittsburgh, Pa. and/or each of the affiliates and successors (collectively, "AIG") | • Plan should preserve AIG's insurance policies and related rights/obligations.<br><br>• Plan should permit claims under AIG's insurance policies to continue to be administered post-Confirmation. | Resolved with language in the Confirmation Order. |
| **7.** | Co-Defendants Under Prior Chapter 11 Plan ("Co-Defendants") | Preservation of defensive rights arising under Rite Aid's prior chapter 11 plan. | [Resolved with language in Confirmation Order.] |
| **8.** | MedChart, Inc. ("MedChart") | Plan should not permit destruction of prescription and patient health records in alleged violation of state and federal law. | [Resolved with ~~language in Confirmation Order.~~]**changes to the Data Retention Plan.** |