UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**Order Filed on November 26, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In Re:

Case No.:  _____

Chapter:  _____

Hearing Date:  _____

Judge:  _____

# ORDER DENYING MOTION FOR STAY RELIEF

The relief set forth on the following page(s) is ORDERED.

**DATED: November 26, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Presently before the Court is a Motion seeking Relief from the Automatic Stay (ECF No. 2794) filed by Olive Tree Corning Plaza LLC ("Movant")[1]. Specifically, Movant seeks relief to continue prosecution of a pending personal injury lawsuit filed against Movant in California State Court. The personal injury lawsuit arises from an incident that occurred on premises then under the control and management of the Movant's tenant, New Rite Aid, LLC ("Debtors"). Movant asserts that Debtors are the party primarily responsible for the creation and management of the condition of the premises that the state court plaintiff asserts caused the claimed injury and damages. Therefore, Movant asserts that stay relief is warranted so that Movant may seek a judgment for contractual and equitable indemnification, apportionment and declaratory relief against Debtors. Debtors oppose the Motion (ECF No. 3147).

At the outset, Movant's claims are barred as a result of the Debtors' assumption of the Lease and the Plan Injunction under the *2023 Rite Aid Plan*. Movant did not dispute cure costs or object to the lease assumption in the prior case. *See Plan Supplement* 10-11, ECF No. 2675 in Case No. 23-18993 (establishing deadline to object to cure costs); *2023 Confirmation Order* ¶ 42, ECF No. 4532 in Case No. 23-18993 (effectuating assumption). And, because the alleged accident underlying the litigation occurred prior to the Petition Date in the prior case, pursuit of litigation is precluded by the confirmed plan's injunction provision[2]. *2023 Rite Aid Plan*, Ex. A, Art. X.F., ECF No. 4532 in Case No. 23-18993.

Movant filed a proof of claim in the instant matter asserting a general unsecured claim in the amount of $26,376.49. As Debtors correctly note in their Opposition, even if Movant's claims were not barred, general unsecured claims are not entitled to any distributions under the Debtors' *2025 Plan*. Moreover, the Court notes that permitting prosecution of claims would distract from administration of the Debtors' estates and require use of the Debtors' already limited resources. The Court also observes that the potential dividend to tort claimants remains unknown. As Movant notes in the Motion, the personal injury lawsuit is presently in pre-trial litigation and no judgment

---

[1] The Court notes that Movant's counsel is not admitted to practice in New Jersey and has not properly submitted a *pro hac vice* application as required by the Local Bankruptcy Rules. Nonetheless, the Court considers Movant's filings as a courtesy to promote the efficient administration of the case.

[2] On January 6, 2025, Movant filed its cross-complaint in state court, asserting causes of action against Debtors for the first time. However, the claims arose when the incident occurred and when the state court plaintiff filed the personal injury lawsuit: April 3, 2024. Movant filed the instant Motion ten months after filing the cross-complaint, and over eighteen months after the state court action commenced.

has been rendered. As such, it is unclear to the Court as to how or why Movant would benefit from expending time and money litigating in state court when potential recovery remains unknown. Therefore, stay relief to pursue Movant's litigation—which will require the expense of Debtors' time and resources, and which may result in extremely limited recovery, if any—is not warranted. Simply put, given the circumstances, the prejudice to the bankruptcy estates outweighs any hardship to Movant and relief is not supported by any bases provided by Movant. For the foregoing reasons, it is hereby

**ORDERED** that Movant's Motion for Stay Relief (ECF No. 2794) is **DENIED**.