Caption in Compliance with D.N.J. LBR 9004-1(b)

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**HUSCH BLACKWELL LLP**
Rebecca R. Starner (NJ I.D. # 304872019)
1801 Pennsylvania Ave., NW, Suite 1000
Washington, DC 20006
Telephone: 202.378.2300
Email: Rebecca.Starner@huschblackwell.com

Caleb T. Holzaepfel (admitted *pro hac vice*)
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Telephone: (423) 266-5500
Facsimile: (423) 266-5499
Email: caleb.holzaepfel@huschblackwell.com

*Counsel to Appellant*

In re:

NEW RITE AID, LLC, *et al.*,[1]

Chapter 11
Case No. 25-14861 (MBK)
(Jointly Administered)

### APPELLANT'S STATEMENT OF ISSUES ON APPEAL AND DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

Pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Appellant Bayer Healthcare, LLC ("Bayer") by and through their undersigned counsel, submit the following: (i) their statement of the issues to be presented on appeal from the *Order Approving the Sale of the Retained Preference Claims to RAD Sub-Trust A, Pursuant to Section 363 of the Bankruptcy Code and Granting Related Relief* [Docket No. 2878] (the "Sale Order") entered

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims, noticing, and solicitation agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

1

on October 15, 2025 in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), and all other subsumed judgments, orders, and decrees brought up for review in the appeal; and (ii) their designation of the items to be included in the record on appeal.

## I. Statement of Issues to Be Presented on Appeal

1. Whether the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") erred in concluding that the sale (the "Sale") proposed by the *Debtors' Motion for Entry of an Order Approving the Sale of the Retained Preference Claims to RAD Sub-Trust A, Pursuant to Section 363 of the Bankruptcy Code and Granting Related Relief* [Docket No. 2837] (the "Sale Motion") to the RAD Sub-Trust A (the "Trust") complied with the applicable provisions of Title 11 of the United States Code (the "Bankruptcy Code"), including, but not limited to, 11 U.S.C. § 363(b), and applicable Third Circuit precedent.

2. Whether the Bankruptcy Court erred in concluding that the Debtors in the Bankruptcy Cases (the "Debtors") as movants had met their evidentiary burden under Section 363(b) of the Bankruptcy Code, despite neither the Debtors, nor any other party, having presented any evidence at the hearing on the Sale Motion and despite the Bankruptcy Court's not having made any factual findings. Alternatively, whether the Bankruptcy Court erred in concluding that a movant seeking approval of a sale of property of a debtor's estate outside of the ordinary course of business bears no evidentiary burden pursuant to Section 363(b) of the Bankruptcy Code.

3. Whether the Bankruptcy Court erred in approving the Sale on zero business days' notice to the Debtors' creditors and other interested parties in the Bankruptcy Cases, and other parties impacted by the Sale including without limitation the beneficiaries of RAD Sub-Trust A (the "Trust"), and with no notice having been provided to some such parties in interest, including, but not limited, to Appellant.

4.      Whether the Bankruptcy Court erred in approving a Sale to an Insider (as defined by the Bankruptcy Court) without taking evidence or examining the Sale with the required heightened level of scrutiny.

5.      Whether the Bankruptcy Court erred in approving the Sale because the Sale Motion, truncated timeline for the Sale, and the Sale hearing failed to provide interested parties with due process as required by the United States Constitution.

6.      Whether the Bankruptcy Court erred in approving the Sale pursuant to the Sale Order with no evidence having been entered of record at the hearing to approve the Sale Motion to establish an evidentiary record.

7.      Whether the Bankruptcy Court erred in approving the Sale because, pursuant to Article IV, paragraph R of the *Second Amended Joint Chapter 11 Plan of Reorganization of Rite Aid Corporation and its Debtor Affiliates (With Further Modifications)* (the "2023 Plan"), as confirmed by the Bankruptcy Court by, and attached to, its *Order Approving the Disclosure Statement and Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of Rite Aid Corporation and its Debtor Affiliates (With Further Modification)* [Case No. 23-18993, Docket No. 4532] entered in the bankruptcy cases styled as *In re Rite Aid Corporation, et al.* and jointly administered by the Bankruptcy Court at Case No. 23-18993 (the "2023 Bankruptcy Cases"), the Retained Preference Claims (as such term is used in the Sale Order) were not among the causes of action retained by the Debtors (as defined in the 2023 Plan), the Reorganized Debtors (as defined in the 2023 Plan), and/or the Wind-Down Debtors (as defined in the 2023 Plan).

8.      Whether the Bankruptcy Court erred in approving the Sale without any evidence or findings regarding the Trust's authority to (a) purchase claims and causes of action, and (b) transfer

rights to recover proceeds of any assigned claims under the 2023 Plan.

9. Whether the Bankruptcy Court erred in approving the Sale because the Trust lacked the authority to (a) purchase additional claims and causes of action, and (b) transfer rights to recovery proceeds arising from and assigned claims pursuant to the 2023 Plan.

10. Whether the Bankruptcy Court erred in approving the Sale because it violated relevant state law champerty laws.

11. Whether the Bankruptcy Court erred in authorizing the Sale without the Debtors' compliance with section 1127 of the Bankruptcy Code, in connection with the Sale's material modification of the 2023 Plan.

12. Whether the Bankruptcy Court erred in authorizing the Sale because the Bankruptcy Court lacked jurisdiction to modify the 2023 Plan.

13. Whether the Bankruptcy Court erred in authorizing the Sale because the Sale Order represented a modification of a settlement agreement consummated in the 2023 Plan between various parties-in-interest in the 2023 Bankruptcy Cases.

14. Whether the Bankruptcy Court erred in authorizing the Sale because the Bankruptcy Court lacked jurisdiction to modify a settlement agreement consummated in the 2023 Plan between various parties-in-interest in the 2023 Bankruptcy Cases.

## II. **Designations of Items to be Included in the Record on Appeal**

Appellant submits the following designation of items to be included in the record on appeal, which includes all exhibits, appendices, and/or addenda:[2]

---

[2] Unless otherwise indicated, the terms "Date Filed or Entered" and "Bankr. Docket No." refer to documents filed or entered, and docketed, in the Bankruptcy Cases.

| Item | Date Filed or Entered | Bankr. Docket No. | Description |
|---|---|---|---|
| 1 | 10/10/2025 | 2837 | Debtors' Motion for Entry of an Order Approving the Sale of the Retained Preference Claims to RAD Sub-Trust A, Pursuant to Section 363 of the Bankruptcy Code and Granting Related Relief |
| 2 | 10/10/2025 | 2838 | Application for Order Shortening Time For Hearing on Debtors' Motion for Entry of an Order Approving the Sale of the Retained Preference Claims to RAD Sub-Trust A, Pursuant to Section 363 of the Bankruptcy Code and Granting Related Relief |
| 3 | 10/10/2025 | 2839 | Order Shortening Time Period for Notice |
| 4 | 10/10/2025 | 2841 | Notice of Filing of Proposed Purchase and Sale Agreement in Connection with Debtors' Motion for Entry of an Order Approving the Sale of the Retained Preference Claims to RAD Sub-Trust A, Pursuant to Section 363 of the Bankruptcy Code and Granting Related Relief |
| 5 | 10/12/2025 | 2848 | Certification in Opposition to Sale of All Preference Actions to RAD Sub-Trust A |
| 6 | 10/14/2025 | 2864 | Transcript regarding Hearing Held 10/14/2025 (Audio File) |
| 7 | 10/15/2025 | 2878 | Order Approving the Sale of the Retained Preference Claims to RAD Sub-Trust A, Pursuant to Section 363 of the Bankruptcy Code and Granting Related Relief |
| 8 | 10/15/2025 | 2892 | Transcript regarding Hearing Held 10/14/2025 |
| 9 | 10/16/2015 | 2908 | Certificate of Notice for Order Shortening Time Period for Notice |
| 10 | 10/29/2025 | 3139 | Notice of Appeal |
| 11 | 11/10/2025 | 3206 | Affidavit of Service filed by Kroll Restructuring Administration |

| | | | |
|---|---|---|---|
| 12 | 11/12/2025 | 3223 | Notice of Appeal |
| 13 | 8/20/2025 | 1965 | Twentieth Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, if Any |
| 14 | 6/16/2025 | 1003 | Summary of Assets and Liabilities for Non-Individuals, Global Notes, Schedules, A/B,D,E/F,G,H; and Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy for Rite Aid Hdqtrs. Corp. |
| 15 | 6/16/2025 | 942 | Summary of Assets and Liabilities for Non-Individuals, Global Notes, Schedules, A/B,D,E/F,G,H; and Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy for Rite Aid Corporation |
| 16 | 6/16/2025 | 892 | Summary of Assets and Liabilities for Non-Individuals A/B,D,E/F,G,H; Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy for New Rite Aid, LLC |
| 17 | 10/16/2023 | 42 (in the 2023 Bankruptcy Cases) | Joint Chapter 11 Plan of Reorganization of Rite Aid Corporation and its Debtor Affiliates |
| 18 | 1/12/2024 | 1469 (in the 2023 Bankruptcy Cases) | Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief |
| 19 | 1/30/2024 | 1771 (in the 2023 Bankruptcy Cases) | Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief |

| | | | |
|---|---|---|---|
| 20 | 3/12/2024 | 2341 (in the 2023 Bankruptcy Cases) | Stipulation and Agreed Order (I) Further Extending Mediation and (II) Granting Related Relief |
| 21 | 3/28/2024 | 2482 (in the 2023 Bankruptcy Cases) | Order (I) Conditionally Approving the Adequacy of The Disclosure Statement, (II) Approving the Solicitation Procedures, (III) Approving the Forms of Ballots and Notices in Connection Therewith, and (IV) Scheduling Certain Dates with Respect Thereto |
| 22 | 4/2/2024 | 2511 (in the 2023 Bankruptcy Cases) | Second Amended Joint Chapter 11 Plan of Reorganization of Rite Aid Corporation and Its Debtor Affiliates (Solicitation Version) |
| 23 | 4/5/2024 | 2664 (in the 2023 Bankruptcy Cases) | Stipulation and Agreed Order (I) Further Extending Mediation and (II) Granting Related Relief |
| 24 | 6/19/2024 | 3833 (in the 2023 Bankruptcy Cases) | Second Amended Joint Chapter 11 Plan of Reorganization of Rite Aid Corporation and Its Debtor Affiliates (as Further Modified) |
| 25 | 6/20/2024 | 3861 (in the 2023 Bankruptcy Cases) | Debtors (I) Memorandum of Law in Support of (A) Final Approval of the Disclosure Statement and (B) Confirmation of the Second Amended Joint Chapter 11 Plan of Reorganization of Rite Aid Corporation and Its Debtor Affiliates (as Further Modified) and (II) Omnibus Reply to Objections Thereto in support of |
| 26 | 6/26/2024 | 3951 (in the 2023 Bankruptcy Cases) | Notice of Filing of Mediator's Report |

7

| | | | |
|---|---|---|---|
| 27 | 8/16/2024 (in the 2023 Bankruptcy Cases) | 4532 (in the 2023 Bankruptcy Cases) | Order Approving the Disclosure Statement and Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of Rite Aid Corporation and its Debtor Affiliates (With Further Modifications) |
| 28 | 7/31/2024 (in the 2023 Bankruptcy Cases) | 4454 (in the 2023 Bankruptcy Cases) | Notice of Filing of Seventh Amended Plan Supplement, including all exhibits and other attachments |
| 29 | 8/15/2024 (in the 2023 Bankruptcy Cases) | 4526 (in the 2023 Bankruptcy Cases) | Notice of Filing of Eighth Amended Plan Supplement, including all exhibits and other attachments |
| 30 | 8/31/2024 (in the 2023 Bankruptcy Cases) | 4793 (in the 2023 Bankruptcy Cases) | Notice of Filing of Eleventh Amended Plan Supplement, including all exhibits and other attachments |
| 31 | 10/22/2025 (in the 2023 Bankruptcy Cases) | 7104 (in the 2023 Bankruptcy Cases) | Status Report Pursuant to Section 3.15 of the Rite Aid Sub-Trust A Agreement |
| 32 | 1/12/2024 | Claim #7819 (in the 2023 Bankruptcy Cases) | Proof of Claim of Bayer HealthCare, LLC |
| 33 | 12/2/2023 | 977 (in the 2023 Bankruptcy Cases) | Summary of Assets and Liabilities for Non-Individuals, Global Notes, Schedules, A/B,D,E/F,G,H; and Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy for Rite Aid Hdqtrs. Corp. |
| 34 | 12/2/2023 | 859 (in the 2023 Bankruptcy Cases) | Summary of Assets and Liabilities for Non-Individuals, Global Notes, Schedules, A/B,D,E/F,G,H; and Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy for Rite Aid Corporation |

| | | | |
|---|---|---|---|
| 35 | 12/2/2023 | 974 (in the 2023 Bankruptcy Cases) | Summary of Assets and Liabilities for Non-Individuals A/B,D,E/F,G,H; Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy for Thrifty PayLess, Inc. |
| 36 | 12/2/2023 | 973 (in the 2023 Bankruptcy Cases) | Summary of Assets and Liabilities for Non-Individuals A/B,D,E/F,G,H; Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy for Thrifty Corporation. |
| 37 | | | Docket for the Bankruptcy Cases; Case No. 25-14861 |
| 38 | | | Claims Register for the Bankruptcy Cases; Case No. 25-14861 |
| 39 | | | Docket for the 2023 Bankruptcy Cases; Case No. 23-18993 |
| 40 | | | Claims Register for the 2023 Bankruptcy Cases; Case No. 23-18993 |

### III.     Reservation of Rights

Appellant reserves all rights to amend this Statement including, without limitation, to identify and to include additional items and statements of issues for inclusion in the record on appeal. Appellant further reserves all rights to amend this Statement based on one or more of the statements of issues to be presented on appeal and counter-designations of items to be included in the record on appeal filed by any other parties in this appeal.

[ *Remainder of Page Left Intentionally Blank* ]

Dated: November 26, 2025

          **HUSCH BLACKWELL LLP**

          */s/ Rebecca R. Starner*
          Rebecca R. Starner (NJ I.D. # 304872019)
          1801 Pennsylvania Ave., NW, Suite 1000
          Washington, DC 20006
          Telephone: 202.378.2300
          Email: Rebecca.Starner@huschblackwell.com

          Caleb T. Holzaepfel (admitted *pro hac vice*)
          736 Georgia Avenue, Suite 300
          Chattanooga, TN 37402
          Telephone: (423) 266-5500
          Facsimile: (423) 266-5499
          Email: caleb.holzaepfel@huschblackwell.com

          *Attorneys for Appellant*

## CERTIFICATE OF SERVICE

I, Rebecca R. Starner, counsel to the Appellant, hereby certify that on November 26, 2025, I caused a true and correct copy of the *Appellant's Statement of Issues on Appeal and Designation of Items to be Included in Record on Appeal* to be served on all registered users of the Court's Case Management/Electronic Case File ("CM/ECF") in this case, and to be served on the following parties via email:

| Party: | Attorney: |
|---|---|
| The above-captioned debtors and debtors in possession<br><br>*Appellees* | **COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>Seth Van Aalten, Esq.<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000 Email: msirota@coleschotz.com<br>wusatine@coleschotz.com<br>fyudkin@coleschotz.com<br>svanaalten@coleschotz.com<br>-and-<br><br>**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**<br>Andrew N. Rosenberg<br>Alice Belisle Eaton<br>Christopher Hopkins<br>Sean A. Mitchell<br>1285 Avenue of the Americas<br>New York, New York 10019<br>Telephone: (212) 373-3000<br>Email: arosenberg@paulweiss.com<br>aeaton@paulweiss.com<br>chopkins@paulweiss.com<br>smitchell@paulweiss.com |

11

| | |
|---|---|
| RAD Sub-Trust A | **EMMET, MARVIN & MARTIN, LLP**<br>Thomas A. Pitta, Esq.<br>120 Broadway, 32nd Floor New York, New York 10271 Telephone: (212) 238-3000<br>Email: tpitta@emmetmarvin.com<br><br>-and- |
| | **KELLEY DRYE & WARREN LLP**<br>Robert L. LeHane, Esq.  Andres Barajas, Esq.<br>3 World Trade Center<br>175 Greenwich Street<br>New York, NY 10007<br>Email:rlehane@kelleydrye.com<br>abarajas@kelleydrye.com |
| RAD Sub-Trust A, Trustee, Thomas A. Pitta | Thomas A. Pitta<br>120 Broadway, 32nd Floor New York, New York 10271 Telephone: (212) 238-3000<br>Email: tpitta@emmetmarvin.com |

| | |
|---|---|
| Official Committee of Unsecured Creditors | **SILLS CUMMIS & GROSS P.C.**<br>Andrew Sherman, Esq.<br>Boris Mankovetskiy, Esq.<br>Gregory Kopacz, Esq.<br>One Riverfront Plaza<br>Newark, New Jersey 07102<br>Telephone: (973) 643-7000<br>Email: asherman@sillscummis.com<br>       bmankovetskiy@sillscummis.com<br>       gkopacz@sillscummis.com<br><br>-and-<br><br>**WILLKIE FARR & GALLAGHER LLP**<br>Brett H. Miller, Esq. (admitted *pro hac vice*)<br>Todd M. Goren, Esq. (admitted *pro hac vice*) James H. Burbage, Esq. (admitted *pro hac vice*) Jessica D. Graber, Esq. (admitted *pro hac vice*) 787 Seventh Avenue<br>New York, NY 10019-6099<br>Telephone: (212) 728-8000<br>E-mail: bmiller@willkie.com<br>       tgoren@willkie.com<br>       jburbage@willkie.com<br>       jgraber@willkie.com |
| Office of the United States Trustee for the District of New Jersey | **ANDREW R. VARA, UNITED STATES TRUSTEE FOR REGIONS 3 AND 9**<br>Jeffrey M. Sponder. Esq.<br>Lauren Bielskie, Esq.<br>Office of the United States Trustee<br>One Newark Center, Suite 2100<br>Newark, New Jersey 07102<br>Telephone: (973) 645-5993<br>Email: jeffrey.m.sponder@usdoj.gov<br>       lauren.bielskie@usdoj.gov |

13

| | |
|---|---|
| Dated: November 26, 2025 | **HUSCH BLACKWELL LLP**<br><br>*/s/ Rebecca R. Starner*<br>Rebecca R. Starner (NJ I.D. # 304872019)<br>1801 Pennsylvania Ave., NW, Suite 1000<br>Washington, DC 20006<br>Telephone: 202.378.2300<br>Email: Rebecca.Starner@huschblackwell.com<br><br>Caleb T. Holzaepfel (admitted *pro hac vice*)<br>736 Georgia Avenue, Suite 300<br>Chattanooga, TN 37402<br>Telephone: (423) 266-5500<br>Facsimile: (423) 266-5499<br>Email:caleb.holzaepfel@huschblackwell.com<br><br>*Attorneys for Appellant* |