Order Filed on December 1, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br>                              Debtors.[1] | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

**ORDER APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES DESIGNATED IN NOTICE OF DEBTORS' THRIFTY PAYLESS, INC., THE BARTELL DRUG COMPANY AND THRIFT DRUG, INC. FIVE BELOW ASSUMPTION AND ASSIGNMENT**

**[Related to Docket No. 3035]**

The relief set forth on the following pages, numbered three (3) through thirteen (13), is

**ORDERED**.

DATED: December 1, 2025

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel to the Debtors and
Debtors in Possession*

(Page 3)
Debtors: New Rite Aid, LLC, *et al.*
Case No. 25-14861 (MBK)
Caption of Order: Order Approving Assumption and Assignment of Certain Unexpired Leases Designated in Notice of Debtors Thrifty Payless, Inc., The Bartell Drug Company and Thrift Drug, Inc.'s Five Below Assumption and Assignment

Pursuant to the *Order (I) Approving the Asset Purchase Agreement Among Debtors and Buyer, (II) Authorizing the Sale of Designation Rights to Certain Leases Free and Clear of Liens, Claims, Interests, and Encumbrances, (III) Approving Assignment and Assumption Procedures for the Designated Leases and (IV) Granting Related Relief* [Dkt. 2257] (the "Sale Order"); and this Court having jurisdiction over this matter under 28 U.S.C. § 1334; and this Court having found that this is a core proceeding under 28 U.S.C. § 157(b) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding in this district is proper under 28 U.S.C. § 1408; and this Court having found that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having properly filed and served the *Notice of Debtors' Thrifty Payless, Inc., The Bartell Drug Company and Thrift Drug, Inc. Five Below Assumption and Assignment of Certain Unexpired Leases* [Dkt. 3035] (the "Assumption Notice") to each applicable party, including those parties set forth in Schedule 1 attached hereto (the "Assumption Schedule"), in accordance with the terms of the Sale Order and the Rejection and Assumption Procedures Order; and due and proper notice of the Sale Order and Assumption Notice having been provided to each applicable counterparty, and it appearing that no other notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

(Page 4)
Debtors: New Rite Aid, LLC, *et al.*
Case No. 25-14861 (MBK)
Caption of Order: Order Approving Assumption and Assignment of Certain Unexpired Leases Designated in Notice of Debtors Thrifty Payless, Inc., The Bartell Drug Company and Thrift Drug, Inc.'s Five Below Assumption and Assignment

1. The Designated Lease[1] listed in the Assumption Schedule is assumed and assigned to Five Below, Inc. (the "Assignee"), effective as of the Lease Assignment Closing Date (defined below), pursuant to the terms and conditions set forth in this Order.

2. Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of the Designated Lease shall:

   a. be free and clear of all Interests (as defined in the Sale Order), other than any Interests expressly assumed under, or expressly permitted by, the Purchase Agreement; and

   b. constitute a legal, valid and effective transfer of the Designated Lease and vest the Assignee with all rights, title, and interests to the Designated Lease.

3. Pursuant to section 365(b)(1)(A) and (B) of the Bankruptcy Code, within five (5) Business Days following the Lease Assignment Closing Date[2], the Assignee shall pay to the counterparty (the "Landlord") to the Designated Lease the agreed cure amount set forth in Schedule 1 attached hereto (the "Cure Amount"), wired in immediately available funds using the ACH / wire instructions and W-9 provided by Landlord to Assignee. The Cure Amount represents any and all amounts under the Designated Lease that came due prior to the Lease Assignment Closing Date and represents Assignee's sole payment obligation on behalf of the applicable Debtor's outstanding liabilities. Assignee's sole obligation with respect to the Cure Amounts shall

---

[1] The parties are currently negotiating a form of lease amendment to be executed after entry of this Assumption and Assignment Order.

[2] For each Designated Lease, the "Lease Assignment Closing Date" shall be the first (1st) Business Day after entry of this Assumption and Assignment Order.

| | |
|---|---|
| (Page 5) | |
| Debtors: | New Rite Aid, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving Assumption and Assignment of Certain Unexpired Leases Designated in Notice of Debtors Thrifty Payless, Inc., The Bartell Drug Company and Thrift Drug, Inc.'s Five Below Assumption and Assignment |

be to pay such amounts and any other amounts agreed upon between the applicable Debtor and Assignee.

4. From and after the Lease Assignment Closing Date, (a) the Debtors and their estates shall be relieved of any liability for breach of the Designated Lease occurring after the applicable Lease Assignment Closing Date pursuant to section 365(k) of the Bankruptcy Code; and (b) except for the Assignee's obligation to pay the applicable Cure Amount, the Landlord is barred and permanently enjoined from asserting against the Debtors or the Assignee any existing or accrued default, claim or liability arising from or relating to the Designated Lease for the period prior to the applicable Lease Assignment Closing Date; *provided, however,* that notwithstanding anything to the contrary in this Order, the Sale Order, or the Purchase Agreement, Assignee hereby assumes all obligations of the Debtor under the Designated Lease arising on or after the Lease Assignment Date, including, for the avoidance of doubt, (i) amounts owed under the Designated Lease that accrue on or after the Lease Assignment Closing Date, such as common area maintenance, insurance, taxes, and similar charges, (ii) any accrued but unbilled or not-yet due rent and charges under the Lease, regardless of whether they relate to the period prior to or after the Lease Assignment Closing Date, (iii) any regular or periodic adjustment or reconciliation of charges under the Designated Lease coming due after the Lease Assignment Closing Date, regardless of whether they relate to the period prior to or after the Lease Assignment Closing Date, (iv) other obligations, including indemnification obligations solely relating to post-assignment injuries or claims, that arise on or after the Lease Assignment Closing Date, and (v) any post-assignment

| | |
|---|---|
| (Page 6) | |
| Debtors: | New Rite Aid, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving Assumption and Assignment of Certain Unexpired Leases Designated in Notice of Debtors Thrifty Payless, Inc., The Bartell Drug Company and Thrift Drug, Inc.'s Five Below Assumption and Assignment |

obligations under the Designated Lease. Further, Assignee shall have no liability for claims or causes of action (whether known or unknown), including third-party tort claims that arose prior to the Lease Assignment Closing Date or claims for incidents that occurred prior to the Lease Assignment Closing Date, and all other persons and entities holding such claims attributable to the period prior to the Lease Assignment Closing Date, are hereby forever barred, estopped, and permanently enjoined from asserting or pursuing such claims against the Assignee, its affiliates, successors or assigns, its property or the applicable Designated Lease; *provided*, *however*, that, notwithstanding anything to the contrary in this Order, the Sale Order, or the Purchase Agreement, nothing shall impair or prejudice the rights of the Landlord with respect to the Debtors' available insurance coverage for third-party claims asserted in connection with the Debtors' use and occupancy of the premises subject to the Designated Lease for events that occurred prior to the Lease Assignment Closing Date *provided further that*, such rights shall be subject in all respects to applicable law.

5. Any provision in the Designated Lease that purports to declare a breach or default as a result of a change or transfer of control or as a result of any interest of or in respect of the Debtors is unenforceable (solely in connection with the assignment of the Designated Lease to Assignee), and the Designated Lease shall remain in full force and effect notwithstanding assignment thereof to Assignee. Solely in connection with the assignment of the Designated Lease to Assignee, no sections or provisions of the Designated Lease that in any way purport to:

    a. prohibit, restrict or condition the Debtors' assignment of such Designated Lease (including, but not limited to, use restrictions or the conditioning of

(Page 7)
Debtors: New Rite Aid, LLC, *et al.*
Case No. 25-14861 (MBK)
Caption of Order: Order Approving Assumption and Assignment of Certain Unexpired Leases Designated in Notice of Debtors Thrifty Payless, Inc., The Bartell Drug Company and Thrift Drug, Inc.'s Five Below Assumption and Assignment

---

such assignment on the consent of the non-debtor party to such Designated Lease);

b. provide for the cancellation or modification of the terms of the Designated Lease based on the filing of a bankruptcy case, the financial condition of the Debtors or similar circumstances, such as those prohibited by section 365(e) of the Bankruptcy Code;

c. provide for additional payments (*e.g.*, so called "profit" sharing/splitting), penalties, fees, charges or other financial accommodations in favor of the Landlord upon assignment thereof; or

d. provide for any rights of first refusal on the Landlord's part, or any recapture or termination rights in favor of the Landlord, or any right of the Landlord to take an assignment or sublease from a tenant,

shall have any force or effect with respect to the grant and honoring of the designation rights provided for in the Purchase Agreement, because they constitute unenforceable provisions under section 365(f) of the Bankruptcy Code and/or are otherwise unenforceable under section 365(e) of the Bankruptcy Code, in connection with the assignment of the Designated Lease to Assignee pursuant to the Purchase Agreement. For the avoidance of doubt, the provisions referenced in this paragraph 5 are unenforceable only as it relates to the assignment of the Designated Lease to the Assignee pursuant to this Order and all such provisions shall be in full force and effect upon any subsequent assignment of the Designated Lease.

6. Upon the assumption and assignment of the Designated Lease to Assignee under the provisions of this Order and payment of the Cure Amount as provided in this Order, no default shall exist under the Designated Lease, and the Landlord shall not be permitted to declare a default by any Debtor or otherwise take action against Assignee or the Debtors as a result of any Debtor's

(Page 8)
Debtors: New Rite Aid, LLC, *et al.*
Case No. 25-14861 (MBK)
Caption of Order: Order Approving Assumption and Assignment of Certain Unexpired Leases Designated in Notice of Debtors Thrifty Payless, Inc., The Bartell Drug Company and Thrift Drug, Inc.'s Five Below Assumption and Assignment

---

financial condition, bankruptcy or failure to perform any of its obligations under the Designated Lease. Upon assumption and assignment of the Designated Lease pursuant to this Order, the Assignee shall enjoy all of the rights and benefits under the Designated Lease as of the Lease Assignment Closing Date.

7. Subject to an applicable landlord's right to object pursuant to the Rejection and Assumption Procedures Order, notwithstanding any provision in the Designated Lease that purports to prohibit, restrict, or condition such action, upon the assumption and assignment of the Designated Lease to Assignee in accordance with the terms of this Order,

   a. Assignee shall be authorized to:

      i. use the applicable store, subject to section 365(b)(3) of the Bankruptcy Code, upon the Lease Assignment Closing Date for Assignee's operation under the name Five Below for use as a retail store selling variety and general merchandise ("Assignee's Permitted Use"), and Assignee shall not be prevented from doing so by any recorded or unrecorded restriction, or exclusive granted by landlord;

      ii. operate such store under the trade name "Five Below";

      iii. make such alterations and modifications to the applicable store (including signage, together with appropriate changes to existing tenant signage in the respective shopping center or mall, including storefront signs, panels on all pylons, monuments, directional and other ground and off-premises signs where the Debtors are presently represented) deemed necessary by the Assignee as are necessary or desirable for the Assignee to conform such store to the Assignee's typical retail store consistent with Assignee's Permitted Use, submit and execute all building and signage permit applications without further consent of any party upon production of a copy of this Order, and any conditions grandfathered for the benefit of the Debtors shall be grandfathered for the benefit of Assignee;

| | |
|---|---|
| (Page 9) | |
| Debtors: | New Rite Aid, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving Assumption and Assignment of Certain Unexpired Leases Designated in Notice of Debtors Thrifty Payless, Inc., The Bartell Drug Company and Thrift Drug, Inc.'s Five Below Assumption and Assignment |

    iv. remain "dark" with respect to such store after such assumption and assignment until for 220 days to permit Assignee to remodel, restock, re-fixture, change signage and/or until completion of the work described in clause (iii) above or as may be agreed to by Assignee and the Landlord;

    v. self-insure any of its insurance obligations under the Designated Lease so long as Assignee shall have at all times a net worth of at least Fifty Million Dollars ($50,000,000); *provided*, however, to the extent any obligation cannot be self-insured any required insurance may be satisfied by both general and umbrella coverage; and

    vi. exercise, utilize or take advantage of any renewal options and any other current or future rights, benefits, privileges, and options granted or provided to the Debtors under the Designated Lease (including all of the same which may be described or designated as, or purport to be, "personal" to the Debtors or to a named entity in such Designated Lease or to be exercisable only by the Debtors or by a named entity or an entity operating under a specific trade name); and

  b. any reference in the Designated Lease to the Debtors shall, as of the Lease Assignment Closing Date, mean Assignee.

  8. Except as otherwise provided in this Order, upon payment of the Cure Amount, the Landlord shall be forever barred and enjoined from asserting against the Debtors, their estates, and the Assignee any claim in connection with: (a) any breach or default, monetary or non-monetary, existing and which accrued prior to the Lease Assignment Closing Date with respect to the Designated Lease, or (b) any objection to the assumption and assignment of the Designated Lease, whether or not such non-debtor party filed a proof of claim. Upon entry of this Order, the Debtors, their estates, and the Assignee shall be forever barred and enjoined from asserting against the Landlord any claim in connection with any breach or default, monetary or non-monetary, existing or which accrued prior to the Lease Assignment Closing Date with respect to the Designated Lease.

(Page 10)
Debtors: New Rite Aid, LLC, *et al.*
Case No. 25-14861 (MBK)
Caption of Order: Order Approving Assumption and Assignment of Certain Unexpired Leases Designated in Notice of Debtors Thrifty Payless, Inc., The Bartell Drug Company and Thrift Drug, Inc.'s Five Below Assumption and Assignment

---

9. The Debtors are authorized to take any action necessary to implement the terms of this Order and the assumption and assignment without further order from this Court. All persons that are currently in possession of the premises leased under the Designated Lease are hereby directed to surrender possession of the premises to the Assignee as of the entry of this Order.

10. All recording officers are authorized to strike recorded encumbrances, claims, liens and other interests against the Designated Lease recorded prior to the date of this Order. To the extent permitted by applicable law, a certified copy of this Order may be filed with the appropriate recording officers to evidence cancellation of any recorded encumbrances, claims, liens and other interests against the Designated Lease recorded prior to the date of this Order. All recording officers are hereby authorized to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement and this Order. Utility providers are directed not to discontinue service and to cooperate with the transfer of utilities to Assignee without any transfer fees. Expect as provided in paragraph 4 of this Order, Assignee's liability for such utility usage commences on the Lease Assignment Closing Date; *provided*, for the avoidance of doubt, that this Order does not affect the Debtors' liability, if any, for utility charges incurred before the Lease Assignment Closing Date nor does this Order alter the Buyer's obligations with respect to Carrying Costs under the Sale Order.

11. The Assignee and its affiliates, successors and assigns shall not be deemed or considered to:

   a. be a legal successor, or otherwise be deemed a successor to any of the Debtors,

(Page 11)
Debtors: New Rite Aid, LLC, *et al.*
Case No. 25-14861 (MBK)
Caption of Order: Order Approving Assumption and Assignment of Certain Unexpired Leases Designated in Notice of Debtors Thrifty Payless, Inc., The Bartell Drug Company and Thrift Drug, Inc.'s Five Below Assumption and Assignment

---

b. have, *de facto* or otherwise, merged with or into any or all Debtors, or

c. be a continuation or substantial continuation, or be holding itself out as a mere continuation, of any of the Debtors or their respective estates, businesses or operations, or any enterprise of the Debtors, in each case by any law or equity, and the Assignee has not assumed nor is it in any way responsible for any liability or obligation of the Debtors or the Debtors' estates except as expressly set forth herein.

12. Except as provided in this Order, the Assignee and its affiliates, successors and assigns shall have no successor, transferee or vicarious liability of any kind or character, including, under any theory of foreign, federal, state or local antitrust, environmental, successor, tax, ERISA, assignee or transferee liability, labor, product liability, employment, de facto merger, substantial continuity or other law, rule regulation or doctrine, whether known or unknown as of the Lease Assignment Closing Date, now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, liquidated or unliquidated with respect to the Debtors or any obligations of the Debtors arising prior to the Lease Assignment Closing Date, including liabilities on account of any taxes or other governmental authority fees, contributions or surcharges, in each case arising, accruing or payable under, out of, in connection with, or in any way relating to, the Designated Lease prior to the Lease Assignment Closing Date or arising based on actions of the Debtors taken after the Lease Assignment Closing Date.

13. The Assignee is a "good faith purchaser," within the meaning of section 363(m) of the Bankruptcy Code, of the Designated Lease and is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code. The parties will be acting in good faith if they proceed to consummate the assignment at any time after entry of this Order. This Order is effective

(Page 12)
Debtors: New Rite Aid, LLC, *et al.*
Case No. 25-14861 (MBK)
Caption of Order: Order Approving Assumption and Assignment of Certain Unexpired Leases Designated in Notice of Debtors Thrifty Payless, Inc., The Bartell Drug Company and Thrift Drug, Inc.'s Five Below Assumption and Assignment

immediately, notwithstanding Bankruptcy Rules 6004(h), 6006(d), and any similar provision of law.

14. Any and all property located on or in the leased premises after the Lease Assignment Closing Date of the Designated Lease shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Lease Assignment Closing Date. As of the Lease Assignment Closing Date, the Assignee or its designee may, in its sole discretion and without further notice to any party or order of the Court, utilize and/or dispose of such abandoned property without further notice or liability to the Debtors or consenting third parties and, to the extent applicable, the automatic stay is modified to allow such disposition. The rights of the Landlord to assert claims against the Debtors for the disposition of the abandoned property are reserved, as are all parties' rights to object to such claims.

15. Notwithstanding anything to the contrary in this Order, the Auction Procedures, Bidding Procedures Order, any Assumption and Assignment Notice, any Assumption and Assignment Order, Purchase Agreement, the Assignment Agreement, side letter(s), or any document or agreement related to any of the forgoing, none of the Debtors' insurance policies (and/or any agreements related thereto between any of the Debtors, on the one hand, and the limitation, any collateral or security provided by or on behalf of any of the Debtors, and any rights, proceeds, benefits, claims, rights to payments and/or recoveries thereunder and/or any claims handling service agreements, shall be abandoned, sold, assumed and assigned, assigned, or otherwise transferred without the express prior written consent of the applicable insurer and/or

(Page 13)
Debtors: New Rite Aid, LLC, *et al.*
Case No. 25-14861 (MBK)
Caption of Order: Order Approving Assumption and Assignment of Certain Unexpired Leases Designated in Notice of Debtors Thrifty Payless, Inc., The Bartell Drug Company and Thrift Drug, Inc.'s Five Below Assumption and Assignment

---

third-party administrator; *provided*, *however*, that, to the extent any claim with respect to any Designated Lease arises that is covered by any of the Debtors' insurance policies, the Debtors may pursue such claim in accordance with the terms of the applicable insurance policy, and, if applicable, turn over to Buyer any such insurance proceeds (each, a "Proceed Turnover"), *provided*, *further*, *however*, that none of the Debtors' insurers shall have any duty to Buyer to effectuate a Proceed Turnover or liability to Buyer related to a Proceed Turnover. Notwithstanding the foregoing, nothing in this paragraph 15 shall waive, limit, or impair any rights, claims, remedies, or recoveries, if any, of the Landlord as an additional insured or loss payee, if such landlord is so designated, under any of Debtors' existing insurance policies, for any claims arising prior to the closing of the sale of the Designated Lease to the Buyer.

16. This Court shall retain jurisdiction to resolve any dispute arising from or related to this Order.

**EXHIBIT 1**

**ASSIGNMENT SCHEDULE**

| Landlord Counterparty | Debtor Counterparty | Assignee | Cure Amount | Assumption Date | Store Number | Store Address |
|---|---|---|---|---|---|---|
| DS Properties 18 LP | Thrifty Payless, Inc. | Five Below, Inc. | $25,978.33 | The first (1st) Business Day after entry of the Assumption and Assignment Order. | 6195 | 9000-A Ming Avenue, Bakersfield, CA 93311 |