Shmuel Klein, Esq.
Attorney for TROY SRALP, LLC
Law Office of Shmuel Klein PA
113 Cedarhill Ave
Mahwah, NJ 07430
845-425-2510
Attorney ID 00851987
email:shmuel.klein@verizon.net

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

_____

In re:
NEW RITE AID LLC, *et al.*,1
Debtors                                                            Chapter 11
                                                                         Case No. 25-14861 (MBK)

_____

### Memorandum of Law in Support of TROY SRALP, LLC Motion

Comes Now TROY SRALP, LLC, by and through its attorney, Law Office of Shmuel Klein PA which files this Memorandum of Law in further support of its motion for payment of post petition Common Area Charges in the amount of $30,262.71 for adequate protection and as an administrative expense.

ADEQUATE PROTECTION

Adequate protection is defined in Section 361 of the Bankruptcy Code.  Under Section 361, a debtor must: (1) make a cash payment or payments to the extent the stay results in a decrease in the value of its collateral; or (2) provide the creditor an additional or replacement lien, such as a replacement lien on post-petition accounts receivable.  The court can also grant other relief that will result in the "realization" of the "indubitable equivalent" of the creditor's interest in its collateral to the extent options (1) or (2) are insufficient to provide the creditor with adequate protection.

---

1 The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid,LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

The CAM charges benefited the estate.  As such, the claim arising post-petition is treated as an administrative claim under Section 503(b)(1) of the Bankruptcy Code, which is the highest priority claim in a Chapter 11 proceeding.

An administrative expense, courts generally apply a two-part test:

1. The expense must have arisen from a post-petition transaction between the creditor and the debtor.
2. The expense must have been "actual and necessary" to preserve the estate.

The CAM charges are an Administrative Expense because they are be actual, necessary costs and expenses of preserving the estate pursuant to §503(b)(1)(A).

Further, Section 365(d)(3) of the Bankruptcy Code requires the debtor-tenant to "timely perform all the obligations …. under any unexpired lease of nonresidential real property" until such time that the tenant assumes or rejects the lease.  Because the Debtor filed for bankruptcy and remained in possession of the property, the Debtor is responsible for the CAM charges as an administrative expense.

In drafting the Bankruptcy Code, Congress intended for tenants who remain in possession of property to abide by the terms of the lease. If the debtor-tenant maintains possession and use of the property, the tenant is receiving a benefit and the landlord is entitled to an administrative expenses. Although the landlord is entitled to the "fair market value" for purposes of determining the amount of administrative expenses, there is a presumption that the terms contained in the lease represents fair market value.  Further, because the charges detailed in the CAM amount were always paid by the Debtor prior to 2024, the Debtor is equitably estopped from objecting to the amount of the detailed CAM amount.

The Third Circuit has noted that an administrative expense allowance under 11 U.S.C. § 503(b)(1) must be (i) supported by "a [post-petition] transaction with the debtor-in-possession" and (ii) "beneficial to the debtor-in-possession in the operation of the business" (or actual and necessary, as required by the Code). See In re Marcal Paper Mills, Inc., 650 F.3d 311, 315 (3d Cir. 2011), quoting In

re O'Brien Envtl. Energy, Inc., 181 F.3d 527, 532-33 (3d Cir.1999). The Third Circuit explained that meeting these two requirements promoted the solvent functioning of the estate by prioritizing creditors that helped keep the debtor in business, while preventing the estate from being consumed by administrative expenses, thereby preserving the estate for the benefit of the creditors. *See id.*,

Because the CAM charges allowed the Debtor to continue its business operations while it sought reorganization and then ultimately liquidation, the Debtor is obligated to pay the CAM charges.

WHEREFORE it is respectfully requested TROY SRALP's motion be granted and the Debtor pay the movant the $30,262.71 within ten days of the granting of this motion and allowed late penalties for violation of the Court's Order in the amount of $100.00 per day.

Dated: November 26, 2025        Law Office of Shmuel Klein PA
                                BY: /s/ Shmuel Klein
                                Shmuel Klein, Esq.
                                Attorney for TROY SRALP, LLC