

SECOND AMENDMENT TO LEASE AGREEMENT

THIS SECOND AMENDMENT TO LEASE AGREEMENT (this "Amendment") dated the 24th day of April, 2017 (the "Effective Date"), is by and between TROY SRALP, LLC, successor in interest to Troy Commercial Associates, L.P., as "Landlord", and ECKERD CORPORATION D/B/A RITE AID, as "Tenant".

WITNESSETH

WHEREAS, the predecessors in interest to Landlord and Tenant entered into that certain Lease Agreement dated May 6, 1983, as amended by that certain Lease Amendment No. 1 dated July 31, 2001 (as amended, the "Lease") with respect to certain premises (the "Premises") located in the Hudson Valley Plaza Shopping Center (the "Shopping Center"), 76 Vandenburgh Avenue, Troy, New York, all as more fully set forth therein;

WHEREAS, HVP 2 LLC and Tenant have contemporaneously herewith entered into that certain Lease (the "New Lease") with respect to certain premises conveyed by Landlord to HVP 2 LLC containing approximately 0.60 acres within the Shopping Center (the "New Premises"); and

WHEREAS, Landlord and Tenant agree to amend the Lease as hereinafter set forth.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Landlord and Tenant, intending to be legally bound, hereby agree as follows:

1. **Incorporation of Recitals.** The foregoing Recitals are hereby incorporated in and made a part of this Amendment by this reference.

2. **Certain Definitions.** Except as otherwise defined in this Amendment, each capitalized term shall have the meaning ascribed to such term in the Lease.

3. **Amendment to Lease.** The Lease is hereby amended as follows:

    a. Term.

    (1) Provided (i) Tenant is not in default, as defined in Article 28 of the Lease, and (ii) Tenant is not in default as defined in Article 21 of the New Lease, and uses good faith efforts to satisfy the contingencies in Article 41 of the New Lease, if for any reason the Rent Commencement Date (as defined in the New Lease) does not occur on or before November 16, 2017 or if the New Lease is terminated on or before November 16, 2017 in accordance with the terms thereof, Tenant is hereby granted the right to renew this Lease for two (2) five (5) year renewal periods. To exercise such option, Tenant shall be required to give to Landlord written notice at least one hundred eighty (180) days prior to the expiration of the then current term, provided however if Tenant fails to exercise such option right, Tenant's right to exercise said option shall not expire until thirty (30) days after written notice by Landlord of Tenant's failure to exercise same ("Landlord's Option Notice"). If Tenant elects to exercise such

#38331955 v1

Tenant's failure to exercise same. If Tenant elects to exercise such option, Tenant shall pay as annual rent against percentage rent the following sums for such renewal term:

| Period | Annual Rent |
|---|---|
| | |
| 4/1/19 – 3/31/24 | $138,653.00 plus 2% of annual gross sales between $6,932,650 and $7,923,029 and 1.75% of annual gross sales over $7,923,029 |
| 4/1/24 – 3/31/29 | $151,858.00 plus 2% of annual gross sales between $7,592,900 and $8,677,600 and 1.75% of annual gross sales over $8,677,600 |

(2) Notwithstanding anything herein to the contrary, the Lease shall terminate on the date Tenant opens for business in the New Premises (the "New Lease Opening Date"). If for any reason the New Lease Opening Date does not occur, the Lease shall remain in full force and effect, as amended by this Amendment. Notwithstanding the foregoing, Tenant shall have a period of thirty (30) days following the New Lease Opening Date to remove its equipment, fixtures and merchandise and surrender the Premises broom clean, in its then current "as is, where is" condition.

(3) Notwithstanding anything herein to the contrary, upon the later of (i) the Rent Commencement Date and Tenant's payment of Minimum Rent under the New Lease and (ii) the New Lease Opening Date, Tenant shall have no further obligation to pay any rent (including, but not limited to Annual Rent and percentage rent) with respect to the Premises under the Lease, provided Tenant completes the surrender of Premises in compliance with Section 3(a)(2) hereof.

b. <u>Short Lease Form</u>. A Memorandum of the Lease, as amended by this Amendment, designating the parties in interest, the term and describing the Premises may, upon either party's request, be executed in duplicate and may be placed of record in the county in which the Premises are located; however, the Lease itself shall not be recorded. The party requesting such Memorandum of Lease be recorded shall pay all transfer taxes, charges and fees incurred in connection therewith.

c. <u>Governing Law</u>. The Lease, as amended by this Amendment shall be governed by the laws of the State in which the Premises are located.

d. <u>Attorneys' Fees</u>. In the event that any suit or action is instituted by either of the parties hereto against the other to enforce compliance with any of the terms, covenants or conditions of the Lease, as amended by this Amendment, or for damages for breach of the Lease, as amended by this Amendment, the unsuccessful party shall, in addition to costs and disbursements provided by statute, pay to the successful party such sums of money as any court of competent jurisdiction may adjudge reasonable as attorneys' fees in such suit or action, including appeal from any judgment rendered therein.

          4. **Notices**. Whenever by the terms of the Lease, as amended by this Amendment, notice, demand, or other communication shall or may be given either to Landlord or Tenant, the same shall be in writing and in compliance with the terms of this Section 4.

          a. All notices required to be given to Landlord shall be delivered by hand, sent by United States registered or certified mail, return receipt requested, postage prepaid or express delivery by a nationally recognized courier to the address shown below. All rent payments shall be made to Landlord at the address shown below.

          b. All notices required to be given to Tenant shall be delivered by hand, sent by United States registered or certified mail, return receipt requested, postage paid or express delivery by a nationally recognized courier to Tenant at the address shown below.

Landlord's Address:

Troy SRALP, LLC
c/o Nigro Companies
20 Corporate Woods Boulevard
Albany, New York 12211
Attn: John J. Nigro

with a copy to:

John L. Allen, Esq.
Whiteman Osterman & Hanna LLP
One Commerce Plaza, 19th Floor
Albany, New York 12260


Tenant's Address:

if sent via United States mail:

c/o Rite Aid Corporation
P.O. Box 3165
Harrisburg, Pennsylvania 17105
Attn: Secretary

if sent via overnight courier:

c/o Rite Aid Corporation
30 Hunter Lane
Camp Hill, Pennsylvania 17011
Attn: Secretary

with a copy to:

if sent via United States mail:

3

Eckerd Corporation
c/o Rite Aid Corporation
P.O. Box 3165
Harrisburg, Pennsylvania 17105
Attn: Joseph J. Notarianni, Jr.

if sent via overnight courier:

Eckerd Corporation
c/o Rite Aid Corporation
30 Hunter Lane
Camp Hill, Pennsylvania 17011
Attn: Joseph J. Notarianni, Jr.

and a copy to:

Matthew J. Swett
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, Pennsylvania 19103-2799

    c. All notices given pursuant to the Lease, as amended by this Amendment, shall be deemed given upon receipt. Receipt shall mean the earlier of any of the following: (i) the date of delivery of the notice or other document to the address shown above and as shown on the return receipt, (ii) the date of actual receipt of the notice or other document by the person or entity shown above, or (iii) in the case of refusal to accept delivery or inability to deliver the notice or other document, the earlier of (A) the date of attempted delivery or refusal to accept delivery, (B) the date of the postmark on the return receipt, or (C) the date of receipt of notice of refusal or notice of non-delivery by the sending party.

    d. Each party shall promptly notify the other in writing of any change of address. Any such notice, demand or communication from an attorney acting or purporting to act on behalf of a party shall be deemed to be notice from such party provided that such attorney is authorized to act on behalf of such party.

    5. **Brokerage.** Each party represents and warrants to the other that it has not dealt with any broker, finder or like agent in connection with this Amendment and agrees to indemnify and hold harmless the other party for all losses, claims and damages arising from the indemnifying party's breach of the foregoing representation and warranty.

    6. **Lease in Full Force and Effect; No Conflicts.** If there is any conflict between the terms and provisions of the Lease and the terms and provisions of this Amendment, the terms and provisions of this Amendment shall prevail. Landlord and Tenant ratify and affirm the Lease as modified by this Amendment. Except as modified by this Amendment, the Lease shall remain unmodified, in full force and effect. Except as herein otherwise expressly provided, or except as the terms of the Lease may be in conflict with or inconsistent with the terms of this

4

#38331955 v3

Amendment, all of the terms, covenants and provisions of the Lease are hereby incorporated into and made a part of this Amendment as if fully set forth herein.

       7. **Entire Agreement.** This Amendment constitutes the entire agreement among the parties with respect to its subject matter and may not be altered, modified, waived or rescinded in any respect other than by a writing signed by the party to be charged therewith.

       8. **Binding Effect.** This Amendment shall be binding upon the parties hereto and their respective successors and assigns.

       9. **Restatement of Lease.** Except as herein specifically modified, each and every term, covenant and condition of the Lease is hereby restated, ratified and confirmed in all respects.

       10. **Execution in Counterparts.** This Amendment may be executed in two (2) or more counterpart copies, all of which counterparts shall have the same force and effect as if the parties hereto had executed a single copy of this Amendment.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

#38331955 v3

IN WITNESS WHEREOF, the parties have executed this Amendment as of the day and year first set forth above.

WITNESS:                                    **LANDLORD**:
                                            **TROY SRALP, LLC**

                                            By: Troy Management, LLC, Managing Member

_____                 By: _____
                                                Joel Aronson
                                                Member


WITNESS:                                    **TENANT**:
                                            **ECKERD CORPORATION**


_____                 By:_____
                                            Name:
                                            Title:

Second Amendment to Lease Agreement

IN WITNESS WHEREOF, the parties have executed this Amendment as of the day and year first set forth above.

| | |
|---|---|
| WITNESS: | **LANDLORD:** |
| | **TROY SRALP, LLC** |
| | |
| | By: Troy Management, LLC, Managing Member |
| | |
| _____ | By:_____ |
| | Marcia Klein |
| | Member |
| | |
| WITNESS: | **TENANT:** |
| | **ECKERD CORPORATION** |
| | |
| *M.L. Braykaie* | By: *[signature]* |
| | Name: |
| | Title: |
| | *Joseph J. Notarianni* |
| | *Vice President, Real Estate – Law* |

Second Amendment to Lease Agreement