| | |
|---|---|
| **U.S. BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br>  Debtors.[1] | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

## DECLARATION OF JEAN-PIERRE KHOUEIRI IN SUPPORT OF ENTRY OF ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE RITE AID LLC ASSET PURCHASE AGREEMENT, (II) APPROVING THE SALE OF PURCHASED ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (III) GRANTING RELATED RELIEF

I, JEAN-PIERRE KHOUEIRI, declare pursuant to 28 U.S.C. § 1746, under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1. I am the managing member of Rite Aid LLC (the "**Purchaser**") under the Asset Purchase Agreement. I am over the age of eighteen, have personal knowledge of the facts stated herein, and am fully competent to submit this declaration (this "**Sale Declaration**") on behalf of the Purchaser in support of the *Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief*, submitted substantially contemporaneously herewith (the "**Sale Order**").[2]

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims, noticing, and solicitation agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

[2] Capitalized terms used in this Sale Declaration but not otherwise defined herein shall have the meanings ascribed to them in the Sale Order.

84541933:4

2.      As part of the sale process, I assisted in negotiating the Asset Purchase Agreement, which was negotiated without collusion, in good faith, and at arms'-length between the Purchaser and the Debtors.

3.      The consideration to be paid by the Purchaser under the Asset Purchase Agreement was negotiated at arm's-length, in good faith, and without collusion pursuant to section 363(m) of the Bankruptcy Code and constitutes reasonably equivalent value and fair and adequate consideration for the Purchased Assets (as defined in the Asset Purchase Agreement). At all times, the Purchaser was represented by competent counsel of its choosing.

4.      The Asset Purchase Agreement is the sole agreement between the Purchaser and the Debtors and neither the Purchaser nor any of its affiliates or agents have any undisclosed agreements with the Debtors.

5.      To the best of my knowledge, the Purchaser and I have fully complied with all provisions of the Bidding Procedures and the Bidding Procedures Order. I can confirm that no officers, directors, managers, or anyone else associated with the Purchaser are an "insider" or "affiliate" of the Debtors, as those terms are defined in the Bankruptcy Code. The Purchaser does not hold, and has not held, any debt or equity interest in the Debtors.

6.      The Purchaser has the ability to perform all obligations required of the Purchaser to close the transactions as set forth in the Asset Purchase Agreement and the other Transaction Documents. The Purchaser possesses the financial resources necessary to complete the transaction. The Purchaser will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Asset Purchase Agreement and the Sale Order.

7.      The terms and conditions set forth in the Asset Purchase Agreement are fair and reasonable under the circumstances and were not entered into by the Purchaser for the purpose of,

nor do they have the effect of, hindering, delaying, or defrauding the Debtors or their creditors under any applicable laws.

8. Purchaser is not a successor to or substantial continuation of the Debtors or their estates and there is no continuity of enterprise between Purchaser and the Debtors as a result of any action taken in connection with the sale. Purchaser is not holding itself out to the public as a continuation of the Debtors based on the Asset Purchase Agreement or the other Transaction Documents. The sale does not amount to a consolidation, succession, merger, or de facto merger of Purchaser and the Debtors and/or the Debtors' estates.

9. The Purchaser is aware that the sale involves the transfer of Personal Information. The Purchaser is also aware that certain of the Debtors' customers have executed opt-outs that indicate their preference to not be contacted by the Debtors, the Purchaser, or any other party regarding the Debtors or any successor (the "**Opt-Out Customers**"). Purchaser shall not use the Personal Information to contact the Opt-Out Customers and shall comply with all obligations precluding the use of Personal Information to contact the Opt-Out Customers.

10. Based upon the foregoing, the Purchaser believes that it has acted in good faith and in a non-collusive manner in connection with the sale within the meaning of sections 363(m) and (n) of the Bankruptcy Code and, as such, is entitled to all the protections afforded thereby.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: December 5, 2025.

                                                        Jean-Pierre Khoueiri
                                                        Managing Member
                                                        Rite Aid LLC