**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher J. Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
Alison R. Benedon
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweisss.com
chopkins@paulweiss.com
smitchell@paulweiss.com
abenedon@paulweiss.com

*Co-Counsel for the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel for the Debtors and*
*Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NEW RITE AID, LLC, *et al.*,[1] | ) Case No. 25-14861 (MBK) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### NOTICE OF FILING OF REVISED PROPOSED FORM OF ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that on November 4, 2025, RAD Sub-Trust A and RAD Sub-Trust B (each, a "Trust", and collectively, the "Trusts") filed the *Joint Motion of RAD Sub-Trust A and RAD Sub-Trust B for Entry of an Order (I) Authorizing and Directing the Debtors to Share Data Containing Protected Information Pursuant to the 2023 Plan; and (II) Granting Related Relief* [Docket No. 3166] (the "Motion") seeking entry of the proposed form of order granting the Motion (the "Order"). A copy of the Order is attached as Exhibit A to the Motion.

---

[1]    The last four digits of New Rite Aid, LLC's tax identification number are 1483.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025.  The location of Debtor New Rite Aid LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, PA 17319.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have resolved the Motion solely with respect to RAD Sub-Trust A.

**PLEASE TAKE FURTHER NOTICE** that, attached hereto as <u>Exhibit A</u> and <u>Exhibit B</u>, respectively, is (a) a revised form of the proposed order (the "<u>Revised Proposed Order</u>"), as agreed with RAD Sub-Trust A, and (b) a redline showing the changes between the Order and the Revised Proposed Order.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion, as well as all related documents, are available: (a) upon request to Kroll Restructuring Administration LLC (the claims, noticing, and solicitation agent retained in these chapter 11 cases) by calling (888) 575-9318 (toll free) or +1 (646) 930-4577 (international); (b) by visiting the website maintained in these chapter 11 cases at <u>https://restructuring.ra.kroll.com/RiteAid2025</u>; or (c) for a fee via PACER by visiting http:// <u>www.njb.uscourts.gov</u>.

*[Remainder of page intentionally left blank]*

Dated:  December 8, 2025

*/s/ Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher J. Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
Alison R. Benedon
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com
abenedon@paulweiss.com

*Co-Counsel for Debtors and
Debtors in Possession*

## EXHIBIT A

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| In re | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No. 25-14861 (MBK) |
| Debtors.[1] | (Jointly Administered) |

## ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through eighteen (18) is

**ORDERED.**

---

[1]   The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025/Home-DocketInfo. The location of Debtor New Rite Aid, LLC's principal place of business and Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, PA 17319.

| Debtors: | NEW RITE AID, LLC, *et al.* |
|---|---|
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

Upon the motion (the "Motion")[2] of RAD Sub-Trust A and RAD Sub-Trust B (the "Trusts"), formed pursuant to the confirmed 2023 Plan, seeking entry of an order authorizing and directing the Debtors to share data containing Protected Information to the Trusts as more fully set forth in the Motion; and this Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, Article XIII of the 2023 Plan, Paragraph 275 of the 2023 Confirmation Order, and section 105(a) of the Bankruptcy Code; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice is necessary; and this Court having reviewed the Motion; and all objections to the Motion, if any, having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is ADJOURNED to December 23, 2025 at 11:30 a.m. ET with respect to RAD Sub-Trust B.

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or in the *Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates* [Docket No. 3215] (the "Plan"), as applicable.

Page | 3

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

2.      The Motion is GRANTED IN PART with respect to RAD Sub-Trust A as set forth herein.

3.      Before the date which is fourteen (14) business days following entry of this Order, RAD Sub-Trust A will provide to the Debtors and, subject to and including FOIA Protective Language,[3] an attestation (the "Attestation") by its Trustee that it has an appropriate privacy and security program implemented, so as to receive the Debtors' data containing Protected Health Information ("PHI") and other individually identifiable health information ("IIHI" and, together with PHI, "Patient Data"), in compliance with applicable state and federal laws, which data shall initially be transferred to a vendor, which may include a vendor affiliated with counsel to RAD Sub-Trust A (the "Vendor"), subject to the requirements identified below, such Attestation to be accepted or rejected by the Debtors within ten (10) business days of receipt (subject to the notice and objection requirements set forth in paragraph 16 of this Order); *provided* that the Debtors shall act reasonably and in good faith in evaluating any Attestation and shall accept any Attestation which complies with the requirements of this paragraph 3.  The Attestation will include, at a minimum, the following components:

---

[3]      "FOIA Protective Language" shall mean language substantially similar to the following: "This Attestation and corresponding documentation is hereby designated as confidential, commercial/proprietary information. The information is being provided on a confidential basis under all applicable FOIA Exemptions, including, but not limited to, FOIA Exemption 4, 5 U.S.C. § 552(b)(4), and 45 C.F.R. § 5.31, for confidential/proprietary information.  We request that notice be given to [Vendor], and to [Vendor's legal counsel], Vendor's legal counsel, under Executive Order 12600 (June 23, 1987), in the event the government determines that the information may be required to be disclosed to a FOIA requester."

Page | 4

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

(a)      Identification of the Vendor, who itself shall have an appropriate privacy and security program implemented, so as to receive the Debtors' data containing Patient Data, in compliance with applicable state and federal laws.  The Vendor will provide written assurances (a copy of which shall be included in the Attestation) that its security program satisfies one of the following security standards or relevant healthcare industry standards: ISO, SOC 2 or HITRUST (and that it agrees to cooperate with reasonable requests from the Patient Ombudsperson (as defined below) to permit for quarterly auditing of ongoing maintenance of the applicable standard(s)).  RAD Sub-Trust A shall obtain (or maintain, as applicable), as a condition precedent to the Debtors' approval of any Attestation, (i) a cyber liability policy with terms reasonably acceptable to the Debtors, and with policy limits that provide for, at a minimum, one (1) million dollars ($1,000,000) in coverage per claim and in the aggregate for the Debtors and their current and former directors, officers, and employees with respect to any defense costs or other losses incurred by such parties with respect to any Subsequent Breach Claim (as defined below) and (ii) a liability policy with policy limits that provides for, at a minimum, five (5) million dollars ($5,000,000) in coverage in the aggregate, and that RAD Sub-Trust A is the primary insured or will be named as an additional insured.  The applicable policies shall require that in the event that the policy obtained in satisfaction of the foregoing requirement is canceled, modified, or allowed to lapse by failure of RAD Sub-Trust A to make any payment or take any action required pursuant to the terms of the applicable policy, the applicable insurer and/or RAD Sub-Trust A, shall promptly provide notice to the Liquidating Trustee (as defined in the Plan).

Page | 5

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

(b)     The Vendor shall provide a proposed protocol of its methodology for hosting and processing RAD Sub-Trust A's requests for data, including how it will screen for Patient Data (the "Screening Protocol").  The Screening Protocol will provide for such screening with respect to any data subject to a request for production from RAD Sub-Trust A (a "Trust Request").  Other than with respect to Current Trust Requests (as defined below) to be addressed pursuant to paragraph 4, the Patient Ombudsperson (as defined below) will determine, pursuant to the procedures set forth in paragraph 6 below, whether the data responsive to a Trust Request, is (a) relevant to RAD Sub-Trust A's pursuit of the Assigned Claims and Assigned Insurance Rights transferred to it under the 2023 Plan and (b) includes only the minimum necessary (as defined 45 C.F.R. § 164.502(b)) Patient Data to permit such prosecution (any data satisfying the foregoing requirements (a) and (b), as specified further below, "Turnover Data").  To the extent there is a dispute between RAD Sub-Trust A and the Patient Ombudsperson as to whether such data responsive to a Trust Request is Turnover Data, such dispute will be resolved in accordance with the "Data Dispute Resolution Procedures" set forth in the Data Retention Plan; *provided*, *however*, that RAD Sub-Trust A shall not make any Trust Request seeking the turnover or production of any patient or prescription records (without prejudice to RAD Sub-Trust A's ability to make Trust Requests which do not target, but may capture, Patient Data, subject to the screening provisions of this Order).  In all cases, the Vendor shall agree to follow all provisions of the 2023 Confirmation Order and Protective Order applicable to handling and production of Protected Information, and RAD Sub-Trust A will include a copy of that agreement as well as a copy of the Screening Protocol in the Attestation.  Any data which the Vendor does not turn over

Page | 6

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

to RAD Sub-Trust A pursuant to a Trust Request and in accordance with the terms of this Order shall be kept strictly confidential and stored in accordance with the privacy and security program referenced in the foregoing clause (a) as if it had been screened and determined to include Patient Data until a screening yielding a contrary result is conducted.

(c)       The Attestation shall contain the Vendor's proposed destruction methodology, which shall be consistent with the industry security standards such as ISO or SOC II or HIPAA Rules on the same, including, but not limited to, timing of destruction (which shall be included in the Attestation).   Failure by the Vendor to demonstrate that its destruction methodology is consistent with these requirements shall be grounds to permit the Debtors to challenge the Attestation's sufficiency, as detailed in section (d) below.

(d)       As set forth in subsection (b) herein, the Vendor shall agree to follow and shall follow the 2023 Confirmation Order and Protective Order, and shall execute an agreement to that effect to be included in its Attestation.  If the Vendor fails to so agree or RAD Sub-Trust A fails to verify that such agreement by the Vendor meets the requirements of the Protective Order, or if an Attestation is in any other way noncompliant with the requirements of these paragraphs 3(a)-(d), the Debtors may, within five (5) business days of receipt of a Vendor's Attestation, challenge the Vendor's Attestation's sufficiency by disclosing, to counsel to RAD Sub-Trust A in writing, such challenge and the manner(s) in which the Attestation was insufficient.  Upon notice of such challenge, notice of which must be raised in writing, RAD Sub-Trust A may attempt to resolve such challenge or cure the Attestation within seven (7) business days thereof (the "Cure Period").  If the parties are unable to resolve a challenge prior to the end

Page | 7

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

of the Cure Period (an "<u>Attestation Dispute</u>"), such Attestation Dispute shall be resolved in accordance with the "Data Dispute Resolution Procedures" set forth in the Data Retention Plan.

4.      The Debtors' turnover of data subject to a Trust Request to the Vendor shall comply with the following provisions:

(a)      *First*, within thirty (30) days of the entry of this Order (the "<u>Initial Review Period</u>"), the Debtors shall attempt reasonably and in good faith to identify all data in their possession that is subject to a Trust Request provided to the Debtors on or before the date which is five (5) business days following entry of this Order (such requests, "<u>Current Trust Requests</u>"), and what discernable subset of that data, if any, is not reasonably likely to contain Patient Data (such data, "<u>Readily Producible Data</u>"). The Debtors shall produce all such Readily Producible Data to RAD Sub-Trust A's counsel directly within 5 days of the expiration of the Initial Review Period. For the avoidance of doubt, all provisions of the Protective Order shall remain controlling with respect to RAD Sub-Trust A's handling of such Readily Producible Data, including to the extent any Protected Data is subsequently identified within such Readily Producible Data. The costs of completing the steps contemplated by this paragraph 4(a), including the costs of the Debtors' counsel and data vendor, shall be borne by RAD Sub-Trust A on terms to be reasonably agreed by the Debtors and RAD Sub-Trust A.

(b)      *Second*, promptly following (a) the completion of the Initial Review Period and production of Readily Producible Data, (b) after the acceptance of an Attestation by the Debtors, and (c) appointment of the Patient Ombudsperson (as defined below), the Debtors are authorized, directed, and required to transfer all remaining data which is subject

Page | 8

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

to a Trust Request at that time, irrespective of whether such Trust Request was a Current Trust Request subject to the screening contemplated in the foregoing paragraph 4(a) or subsequently provided during the Initial Review Period (such data, "Vendor-Review Data") to the Vendor described in the Attestation contemplated in paragraph 3 hereof, including data that may or does contain Patient Data, and irrespective of whether such data is Turnover Data. Such Vendor-Review Data shall be provided to the Vendor without further review or screening by the Debtors. This transfer shall be made at RAD Sub-Trust A's sole cost and expense and in a manner permitting prompt destruction of the Debtors' native copies of such information thereafter in accordance with paragraph 9 hereof. For the avoidance of doubt, nothing in this Order modifies any Trust's cost reimbursement obligations pursuant to the Data Retention Procedures (including, without limitation, to the extent that the scope of Vendor-Review Data is such that transferring it pursuant to the terms of this Order requires the Debtors to continue operating or refrain from decommissioning any data storage arrangement as set forth in the Data Retention Plan). Following the Debtors' transfer of Vendor-Review Data to the Vendor, further productions of Turnover Data from the Vendor to RAD Sub-Trust A shall be made in accordance with the terms of this Order.

5.       It shall be a precondition to the transfer of any Vendor-Review Data to the Vendor that, in connection with RAD Sub-Trust A's engagement or utilization of such Vendor (which has otherwise satisfied the requirements of this Order), the Vendor acknowledge and agree in a writing to be delivered to the Debtors before the transfer of any data to the Vendor, that it is bound by this Order to follow the direction of the Patient Ombudsperson with respect to the

| Debtors: | NEW RITE AID, LLC, *et al.* |
|---|---|
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

handling of Patient Data as contemplated by this Order, even where such direction is contrary to a Trust Request, subject to the terms of any subsequent order of the Court resolving a dispute regarding the same.  Furthermore, to the extent the Vendor is affiliated with any professional retained by RAD Sub-Trust A, the Vendor shall, and shall acknowledge and agree in a writing to be delivered to the Debtors before the transfer of any Vendor-Review Data to the Vendor that it shall, establish and maintain for the duration of its possession of any data received from the Debtors, an ethical wall that prevents the transmission of any information other than Turnover Data to any professional retained by RAD Sub-Trust A.  For the avoidance of doubt, the Vendor shall be prohibited from disclosing any Vendor Review Data to RAD Sub-Trust A or its professional advisors unless such data has been determined to be Turnover Data in compliance with the terms of this Order.

6.      Prior to the end of the Initial Review Period, a patient ombudsperson acceptable to the Debtors (the "Patient Ombudsperson")[4] shall be appointed for purposes of processing Trust Requests and resolving any disputes with respect to whether Vendor-Review Data subject to a Trust Request is Turnover Data.  The appointment of the Patient Ombudsperson shall be effective upon the filing by the Debtors with the Court of a notice identifying the Patient Ombudsperson. The Patient Ombudsperson, the Vendor, and RAD Sub-Trust A shall comply with the following procedures:

---

[4]     The proposed methodology below and reimbursement/limitation of liability of any Patient Ombudsman remain subject to the relevant person(s) acceptance of such terms.

Page | 10

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

(a)     Upon the Debtors' delivery of the Vendor-Review Data to the Vendor, RAD Sub-Trust A shall provide the Patient Ombudsperson with all Trust Requests provided with respect to Vendor-Review Data that have not been resolved as of such date. RAD Sub-Trust A may continue to issue Trust Requests (i) to the Debtors going forward with respect to any data not included in the initial transfer of Vendor-Review Data, in which case the Debtors shall transfer the data subject to the Vendor in accordance with paragraph 4(b) (without prejudice to the Debtors' authority to destroy data pursuant to the Data Retention Plan), or (ii) with respect to data which has been transferred to the Vendor, in each case for subsequent screening and production to the RAD Sub-Trust A by the Vendor (such Trust Requests, "Production Requests"). Any Trust Request which has not been satisfied at the conclusion of the Initial Review Period shall be deemed to be an outstanding Production Request with respect to the Vendor-Review Data.

(b)     With respect to any Production Requests: the Patient Ombudsperson shall review the applicable Production Request(s) to determine whether the data responsive to such Production Request is relevant for RAD Sub-Trust A to prosecute the applicable Assigned Claim(s) or Assigned Insurance Right(s). If the Patient Ombudsperson determines that the data requested in any Production Request exceeds this scope, RAD Sub-Trust A and the Patient Ombudsperson shall confer in good faith regarding the narrowing of the applicable Production Request so as to ensure, to the Patient Ombudsperson's satisfaction, that the data responsive to such Production Request will be relevant for RAD Sub-Trust A to prosecute the applicable Assigned Claim(s) or Assigned Insurance Right(s).

(c)     In addition, within seven (7) days of receipt of any Production Request and subject to the following subparagraph 6(d), the Patient Ombudsperson shall direct the Vendor in the implementation of the Screening Protocol (including the implementation of any specific screening parameters that the Patient Ombudsperson determines to be appropriate) to exclude from the applicable data set all Patient Data other than the minimum necessary to permit prosecution of the applicable Assigned Claim or Assigned Insurance Right:

(i)     When the applicable screening process is complete, the Vendor shall report to the Patient Ombudsperson and provide the Patient Ombudsperson the opportunity to evaluate the data slated for

| Debtors: | NEW RITE AID, LLC, *et al.* |
|---|---|
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

<blockquote>

production, and shall make itself available for further consultation with the Patient Ombudsperson as the Patient Ombudsperson may request in his or her discretion;

(ii)    The Patient Ombudsperson may require further adjustments or screening in his or her discretion until the Patient Ombudsperson is reasonably satisfied that the data slated for production to the Trust contains only the minimum necessary Patient Data to permit prosecution of the applicable Assigned Claim or Assigned Insurance Right; and

(iii)    Upon such determination, which the Patient Ombudsperson shall communicate to the Vendor and RAD Sub-Trust A in writing, the data slated for production shall be deemed "Turnover Data" hereunder and produced to RAD Sub-Trust A.

</blockquote>

(d)    Upon review of a Production Request and consultation with the Vendor, the Patient Ombudsperson may determine that the data subject to a Production Request is not reasonably likely to contain Patient Data (notwithstanding the previous designation of such data as Vendor-Review Data), in which case the Patient Ombudsperson shall communicate such finding to the Vendor and RAD Sub-Trust A in writing, and the requested data shall be deemed "Turnover Data" hereunder and produced to RAD Sub-Trust A without the need to follow the protocols outlined in subparagraph 6(c) hereof.

(e)    The Patient Ombudsperson shall make all such determinations in good faith and in all respects in accordance with the requirements of this Order.

(f)    RAD Sub-Trust A shall negotiate in good faith with respect to the terms of the Patient Ombudsperson's appointment. The Patient Ombudsperson shall be entitled to prompt reimbursement from RAD Sub-Trust A of reasonable and documented fees and expenses, incurred in connection with its performance of the foregoing duties, including, without limitation, reasonable and documented fees and expenses of appropriate outside counsel if the Patient Ombudsperson determines in good faith that such retention is required for making any of the determinations contemplated hereby or resolving any related dispute regarding whether data subject to a Trust Request is Turnover Data or otherwise enforcing the terms of this Order.

Page | 12

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

(g)     The Patient Ombudsperson shall consult with the Debtors and their advisors promptly upon the acceptance of its appointment hereunder for purposes of familiarizing itself with the Debtors' data systems and potential sources and locations of Patient Data.

(h)     The Vendor and RAD Sub-Trust A shall cooperate in good faith with the Patient Ombudsperson in the exercise of its responsibilities hereunder, including the provision of any information reasonably requested by the Patient Ombudsperson.  The provision of any information to the Patient Ombudsperson with respect to an Assigned Claim or Assigned Insurance Right for purposes of this Order shall not be deemed to waive any privilege or other confidentiality protection of RAD Sub-Trust A or the Debtors.

(i)     In the event of a dispute between the Patient Ombudsperson and RAD Sub-Trust A regarding the proper scope of any Turnover Data, either party may file a motion with the Court for resolution.

7.     Paragraph 7(c) of the Protective Order shall be deleted and replaced in its entirety with the following paragraph:

> **"The Trust must designate all Discovery Materials that it intends to produce in any litigation to pursue Assigned Claims or Assigned Insurance Rights that contains Protected Information as 'PHI or Other Individually Identifiable Health Information Material.' Such designation shall constitute a representation that there is a good-faith basis for the designation, and the material so designated shall be treated in all respects as Highly Confidential Material."**

For the avoidance of doubt, the remaining terms of the Protective Order, including the protections provided in the Protective Order for data designated as "PHI or Other Individually Identifiable Health Information Material," remain and are not affected by this Order.

Page | 13

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

8.     All access, use, and review of the Protected Information (including all Turnover Data received by RAD Sub-Trust A) shall be conducted in strict compliance with the 2023 Plan, the 2023 Confirmation Order, the Protective Order, the Litigation Cooperation Agreement, the requirements of this Order, and all applicable federal and state laws, including but not limited to HIPAA, 45 C.F.R. § 164.512(e)(1)(i), and other privacy protections governing Protected Information.  Without limiting the foregoing, compliance with all applicable federal and state laws, including but not limited to HIPAA, 45 C.F.R. § 164.512(e)(1)(i), and other privacy protections governing Patient Data shall be required of any counsel retained by RAD Sub-Trust A, including security protections such as password protections for firm computers, secure work spaces, and limiting access, use and review of Protected Information (including all Turnover Data received by RAD Sub-Trust A) on any law firm document management program to those professionals and paraprofessionals working on the prosecution of the Assigned Claims and Assigned Insurance Rights transferred to it under the 2023 Plan.

9.     The Debtors shall not be required to undertake any screening or designation of Protected Data after transferring the Vendor-Review Data to the Vendor.  With respect to any data so transferred by the Debtors pursuant to this Order, on the date of any such transfer, the Debtors may, at their sole cost and expense, proceed with destruction of native copies of their books, records, and data inventory, and any such books, records, and data inventory destroyed by the Debtors pursuant to this Order shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code.  All of the Debtors' data inventory not transferred pursuant to this Order shall be destroyed in accordance with the terms of the Data Retention Plan.  The costs and

Page | 14

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

responsibilities associated with any subsequent hosting, filtration, review, access, or use of Vendor-Review Data and/or Turnover Data following the transfer of such data to the Vendor shall be borne by RAD Sub-Trust A and/or by a Receiving Party. If an Attestation is accepted and the Vendor-Review Data is transferred to the Vendor, after the litigation to which any such data pertains is complete and RAD Sub-Trust A no longer requires such data to pursue Assigned Claims and Assigned Insurance Rights (at which point RAD Sub-Trust A will notify the Vendor), at RAD Sub-Trust A's sole cost and expense (unless otherwise agreed as between RAD Sub-Trust A and the Vendor), the Vendor shall destroy the applicable data (including all associated Patient Data) in accordance with the destruction methodology described in its written assurances (as included with the Attestation) pursuant to the foregoing paragraph 3(c), and provide notice of the same to RAD Sub-Trust A and Court.   In the event the Vendor is determined by the Patient Ombudsperson to no longer be compliant with the specifications set forth in its Attestation, including on account a determination by the Patient Ombudsperson that the Vendor no longer maintains the applicable security standard referenced in the Vendor's Attestation (which the Vendor shall be required to certify to the Patient Ombudsperson quarterly), then (a) RAD Sub-Trust A shall have the right to provide an Attestation for a successor Vendor within ten (10) business days of receipt of written notice of such default and, upon acceptance of the Attestation of such successor Vendor pursuant to the terms of this Order, the Patient Ombudsperson shall direct the Vendor to transfer any data still held by it to such successor Vendor or (b) if no satisfactory Attestation for a successor Vendor is provided, the Patient Ombudsperson shall direct

Page | 15

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

the Vendor to destroy all such data in accordance with applicable law.  In all events, all Vendor-Review Data must be destroyed before RAD Sub-Trust A is terminated.

10.     Upon transfer of any data pursuant to the terms of this Order, the Debtors and the Debtor's current and former directors, managers, officers, committee members, members of any governing body, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, predecessors, participants, successors, assigns, subsidiaries, affiliates, partners, limited partners, general partners, principals, members, management companies, fund advisors or managers, employees, agents, trustees, advisory board members, financial advisors, attorneys (including any other attorneys or professionals retained by any current or former director or manager in his or her capacity as director or manager of an Entity), accountants, investment bankers, consultants, representatives, and other professionals and advisors, or any such entity's respective heirs, executors, estates, and nominees including, without limitation, the Litigation Trustee as representative of the Litigation Trust as the successor in interest to the Debtors on and after the Effective Date (as defined in the Plan) (collectively, "Related Parties") shall be exculpated from any and all liability, damages, and/or claims, known or unknown, associated with any such Debtors' or Related Parties' compliance with this Order (including the transfer of any information required to be transferred pursuant hereto) or any party's hosting, accessing, filtering, or producing the data from that point thereafter (any such claim or cause of action, a "Subsequent Breach Claim").  The Court shall retain jurisdiction with respect to the interpretation and enforcement of this Order, including this paragraph 10.  If any future Party

Page | 16

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

attempts to assert any Subsequent Breach Claim against the Debtors or any of their Related Parties which is subject to this paragraph 10, RAD Sub-Trust A will assume defense and indemnification of any defense costs incurred or required to be incurred by the Debtors or Related Parties on account of that litigation in excess of any available insurance proceeds and move to substitute RAD Sub-Trust A in as responding defendant.

11.     If there is any privacy or security event that occurs with respect to data transferred to the Vendor or RAD Sub-Trust A pursuant to this Order that would have qualified as a reportable Breach (as defined by 45 C.F.R. § 164.402 or applicable state security breach notification laws) if such event had been done or caused by the Debtors, RAD Sub-Trust A shall be responsible for all notification obligations set forth in 45 C.F.R. § 164.404-414 (the "HIPAA Breach Rules"), or as may be required under state law, and any related costs and penalties, if any, including, but not limited to, any subsequent investigation costs, regulatory response costs, defense costs, civil monetary penalties, and defense and indemnification of any related litigation.  For the avoidance of doubt, regardless of the fact that RAD Sub-Trust A itself does not qualify as a Covered Entity, it will provide the required notifications under both the HIPAA Breach Rules and state privacy and data security laws if the event would have constituted a reportable Breach event if done by the Debtors in the first instance.

12.     Pursuant to the 2023 Plan, all attorney client privilege, work product protections, or other privilege or immunity held by the Debtors related to the Assigned Claims and Assigned Insurance Rights shall be preserved and extended to RAD Sub-Trust A.

Page | 17

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

13.      Nothing in this Order alters or modifies either Trusts' obligations under the 2023 Plan documents. The Trusts shall remain fully responsible for compliance with all applicable legal and fiduciary obligations in connection with their use of the Protected Information.

14.      References to the Debtors herein shall be deemed to refer to any successor of the Debtors as appointed pursuant to section 1123(b)(3) of the Bankruptcy Code under the Plan [ECF No. 3445 at Ex. A] or the Wind-Down Debtors, as applicable after the Plan Effective Date (but shall not, in any event, be deemed to refer to either Trust).

15.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16.      The Attestation provided pursuant to the foregoing paragraph 3 shall be referenced on the docket in the above-captioned proceeding by way of a filing by RAD Sub-Trust A and shall include a notation that the contents of the Attestation may be accessed and examined upon request by an interested party that can demonstrate a legitimate need to review it and agrees to enter into an appropriate confidentiality agreement or protective order; *provided*, *however*, that no such party may object that an Attestation fails to meet the requirements set forth in this Order if such objection is not made within ten (10) business days of the provision of the Attestation pursuant to the applicable confidentiality agreement or protective order. For the avoidance of doubt, no Attestation shall be considered compliant with the terms of this order until the earlier of (i) the date on which the foregoing ten (10) business day period has elapsed without any such objection having been filed or (ii) the date on which every such filed objection is resolved

Page | 18

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

consensually by the applicable objecting party, RAD Sub-Trust A, and the Debtors (or

Liquidating Trustee as the Debtors' successor in interest) or by final order of the Court.

17.     The Trusts are authorized and empowered to take any and all actions

necessary to implement the terms of this Order.

18.     This Court retains jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation, or enforcement of this Order.

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No. 25-14861 (MBK) |
| Debtors.[1] | (Jointly Administered) |

### ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE
### DATA CONTAINING PROTECTED INFORMATION PURSUANT ~~PURSUANT~~ TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through ~~five~~**eighteen** (~~5~~**18**) is **ORDERED.**

---

[1]     The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025/Home-DocketInfo. The location of Debtor New Rite Aid, LLC's principal place of business and Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, PA 17319.

Page | 2

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

Page | 3

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

~~Caption in Compliance with D.N.J. LBR 9004-1(b)~~

~~By: */s/ Robert L. LeHane*~~
~~**KELLEY DRYE & WARREN LLP**~~
~~Robert L. LeHane~~
~~Andres Barajas (admitted *pro hac vice*)~~
~~Connie Y. Choe~~
~~7 Giralda Farms, Suite 340~~
~~Madison, NJ 07940~~
~~Tel: (973) 503-5900~~
~~Email: rlehane@kelleydrye.com~~
~~abarajas@kelledrye.com~~
~~cchoe@kelleydrye.com~~

~~*Counsel for Thomas A. Pitta, as Trustee of the RAD Sub-Trust A*~~

~~By: */s/ Beth A. Koehler*~~

~~**GILBERT LLP**~~
~~Kami E. Quinn, Esq.~~
~~Daniel I. Wolf, Esq.~~
~~Beth A. Koehler, Esq.~~
~~700 Pennsylvania Ave., SE~~
~~Suite 400~~
~~Washington, DC 20003~~
~~Tel: (202) 772-2336~~
~~quinnk@gilbertlegal.com~~
~~wolfd@gilbertlegal.com~~
~~koehlerb@gilbertlegal.com~~

~~*Co-Counsel to the RAD Sub-Trust B*~~

~~By: */s/ Arthur J. Abramowitz*~~
~~**SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.**~~
~~Arthur J. Abramowitz~~
~~Ross J. Switkes~~
~~308 Harper Drive, Suite 200~~
~~Moorestown, New Jersey 08057~~
~~Telephone: (856) 662-0700~~
~~Email: aabramowitz@shermansilverstein.com~~
~~rswitkes@shermansilverstein.com~~

~~By: */s/ Gordon Z. Novod*~~
~~**GRANT & EISENHOFER P.A.**~~
~~Gordon Z. Novod, Esq.~~
~~Meagan Farmer, Esq.~~
~~485 Lexington Ave.~~
~~29th Floor~~
~~New York, NY 10017~~
~~Tel: (646) 722-8500~~
~~gnovod@gelaw.com~~
~~mfarmer@gelaw.com~~

~~*Co-Counsel to the RAD Sub-Trust B*~~

~~By: */s/ Kyle A. Lonergan*~~
~~**MCKOOL SMITH**~~
~~Kyle A. Lonergan, Esq.~~
~~James H. Smith, Esq.~~
~~1301 Avenue of the Americas~~
~~32nd Floor~~
~~New York, NY 10019~~
~~Tel: (212) 402-9400~~
~~klonergan@mckoolsmith.com~~
~~jsmith@McKoolSmith.com~~

~~*Co-Counsel to the RAD Sub-Trust B*~~

Page | 4

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

Upon the motion (the "Motion")[2] of RAD Sub-Trust A and RAD Sub-Trust B (the "Trusts"), formed pursuant to the confirmed 2023 Plan, seeking entry of an order authorizing and directing the Debtors to share data containing Protected Information to the Trusts as more fully set forth in the Motion; and this Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, Article XIII of the 2023 Plan, Paragraph 275 of the 2023 Confirmation Order, and section 105(a) of the Bankruptcy Code; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice is necessary; and this Court having reviewed the Motion; and all objections to the Motion, if any, having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. **The Motion is ADJOURNED to December 23, 2025 at 11:30 a.m. ET with respect to RAD Sub-Trust B.**

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or in the *Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates* [Docket No. 3215] (the "Plan"), as applicable.

Page | 5

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

12. The ~~MOTION is granted~~**Motion is GRANTED IN PART with respect to RAD Sub-Trust A** as set forth herein.

**3.      Before the date which is fourteen (14) business days following entry of this Order, RAD Sub-Trust A will provide to the Debtors and, subject to and including FOIA Protective Language,[3] an attestation (the "Attestation") by its Trustee that it has an appropriate privacy and security program implemented, so as to receive the Debtors' data containing Protected Health Information ("PHI") and other individually identifiable health information ("IIHI" and, together with PHI, "Patient Data"), in compliance with applicable state and federal laws, which data shall initially be transferred to a vendor, which may include a vendor affiliated with counsel to RAD Sub-Trust A (the "Vendor"), subject to the requirements identified below, such Attestation to be accepted or rejected by the Debtors within ten (10) business days of receipt (subject to the notice and objection requirements set forth in paragraph 16 of this Order); *provided* that the Debtors shall act reasonably and in good faith in evaluating any Attestation and shall accept any**

---

[3] **"FOIA Protective Language" shall mean language substantially similar to the following: "This Attestation and corresponding documentation is hereby designated as confidential, commercial/proprietary information. The information is being provided on a confidential basis under all applicable FOIA Exemptions, including, but not limited to, FOIA Exemption 4, 5 U.S.C. § 552(b)(4), and 45 C.F.R. § 5.31, for confidential/proprietary information. We request that notice be given to [Vendor], and to [Vendor's legal counsel], Vendor's legal counsel, under Executive Order 12600 (June 23, 1987), in the event the government determines that the information may be required to be disclosed to a FOIA requester."**

Page | 6

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

Attestation which complies with the requirements of this paragraph 3.  The Attestation will include, at a minimum, the following components:

(a)  Identification of the Vendor, who itself shall have an appropriate privacy and security program implemented, so as to receive the Debtors' data containing Patient Data, in compliance with applicable state and federal laws.  The Vendor will provide written assurances (a copy of which shall be included in the Attestation) that its security program satisfies one of the following security standards or relevant healthcare industry standards: ISO, SOC 2 or HITRUST (and that it agrees to cooperate with reasonable requests from the Patient Ombudsperson (as defined below) to permit for quarterly auditing of ongoing maintenance of the applicable standard(s)).  RAD Sub-Trust A shall obtain (or maintain, as applicable), as a condition precedent to the Debtors' approval of any Attestation, (i) a cyber liability policy with terms reasonably acceptable to the Debtors, and with policy limits that provide for, at a minimum, one (1) million dollars ($1,000,000) in coverage per claim and in the aggregate for the Debtors and their current and former directors, officers, and employees with respect to any defense costs or other losses incurred by such parties with respect to any Subsequent Breach Claim (as defined below) and (ii) a liability policy with policy limits that provides for, at a minimum, five (5) million dollars ($5,000,000) in coverage in the aggregate, and that RAD Sub-Trust A is the primary insured or will be named as an additional insured.  The applicable policies shall require that in the event that the policy obtained in satisfaction of

Page | 7

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

the foregoing requirement is canceled, modified, or allowed to lapse by failure of RAD Sub-Trust A to make any payment or take any action required pursuant to the terms of the applicable policy, the applicable insurer and/or RAD Sub-Trust A, shall promptly provide notice to the Liquidating Trustee (as defined in the Plan).

(b)     The Vendor shall provide a proposed protocol of its methodology for hosting and processing RAD Sub-Trust A's requests for data, including how it will screen for Patient Data (the "Screening Protocol"). The Screening Protocol will provide for such screening with respect to any data subject to a request for production from RAD Sub-Trust A (a "Trust Request"). Other than with respect to Current Trust Requests (as defined below) to be addressed pursuant to paragraph 4, the Patient Ombudsperson (as defined below) will determine, pursuant to the procedures set forth in paragraph 6 below, whether the data responsive to a Trust Request, is (a) relevant to RAD Sub-Trust A's pursuit of the Assigned Claims and Assigned Insurance Rights transferred to it under the 2023 Plan and (b) includes only the minimum necessary (as defined 45 C.F.R. § 164.502(b)) Patient Data to permit such prosecution (any data satisfying the foregoing requirements (a) and (b), as specified further below, "Turnover Data"). To the extent there is a dispute between RAD Sub-Trust A and the Patient Ombudsperson as to whether such data responsive to a Trust Request is Turnover Data, such dispute will be resolved in accordance with the "Data Dispute Resolution Procedures" set forth in the Data Retention Plan; *provided, however,* that RAD Sub-Trust

Page | 8

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

**A shall not make any Trust Request seeking the turnover or production of any patient or prescription records (without prejudice to RAD Sub-Trust A's ability to make Trust Requests which do not target, but may capture, Patient Data, subject to the screening provisions of this Order). In all cases, the Vendor shall agree to follow all provisions of the 2023 Confirmation Order and Protective Order applicable to handling and production of Protected Information, and RAD Sub-Trust A will include a copy of that agreement as well as a copy of the Screening Protocol in the Attestation. Any data which the Vendor does not turn over to RAD Sub-Trust A pursuant to a Trust Request and in accordance with the terms of this Order shall be kept strictly confidential and stored in accordance with the privacy and security program referenced in the foregoing clause (a) as if it had been screened and determined to include Patient Data until a screening yielding a contrary result is conducted.**

**(c)  The Attestation shall contain the Vendor's proposed destruction methodology, which shall be consistent with the industry security standards such as ISO or SOC II or HIPAA Rules on the same, including, but not limited to, timing of destruction (which shall be included in the Attestation). Failure by the Vendor to demonstrate that its destruction methodology is consistent with these requirements shall be grounds to permit the Debtors to challenge the Attestation's sufficiency, as detailed in section (d) below.**

Page | 9

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

(d)     As set forth in subsection (b) herein, the Vendor shall agree to follow and shall follow the 2023 Confirmation Order and Protective Order, and shall execute an agreement to that effect to be included in its Attestation.  If the Vendor fails to so agree or RAD Sub-Trust A fails to verify that such agreement by the Vendor meets the requirements of the Protective Order, or if an Attestation is in any other way noncompliant with the requirements of these paragraphs 3(a)-(d), the Debtors may, within five (5) business days of receipt of a Vendor's Attestation, challenge the Vendor's Attestation's sufficiency by disclosing, to counsel to RAD Sub-Trust A in writing, such challenge and the manner(s) in which the Attestation was insufficient.  Upon notice of such challenge, notice of which must be raised in writing, RAD Sub-Trust A may attempt to resolve such challenge or cure the Attestation within seven (7) business days thereof (the "Cure Period").  If the parties are unable to resolve a challenge prior to the end of the Cure Period (an "Attestation Dispute"), such Attestation Dispute shall be resolved in accordance with the "Data Dispute Resolution Procedures" set forth in the Data Retention Plan.

4.     The Debtors' turnover of data subject to a Trust Request to the Vendor shall comply with the following provisions:

(a)     *First*, within thirty (30) days of the entry of this Order (the "Initial Review Period"), the Debtors shall attempt reasonably and in good faith to identify all data in their possession that is subject to a Trust Request provided to the

Page | 10

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

**Debtors on or before the date which is five (5) business days following entry of this Order (such requests, "Current Trust Requests"), and what discernable subset of that data, if any, is not reasonably likely to contain Patient Data (such data, "Readily Producible Data"). The Debtors shall produce all such Readily Producible Data to RAD Sub-Trust A's counsel directly within 5 days of the expiration of the Initial Review Period. For the avoidance of doubt, all provisions of the Protective Order shall remain controlling with respect to RAD Sub-Trust A's handling of such Readily Producible Data, including to the extent any Protected Data is subsequently identified within such Readily Producible Data. The costs of completing the steps contemplated by this paragraph 4(a), including the costs of the Debtors' counsel and data vendor, shall be borne by RAD Sub-Trust A on terms to be reasonably agreed by the Debtors and RAD Sub-Trust A.**

**(b)      *Second*, promptly following (a) the completion of the Initial Review Period and production of Readily Producible Data, (b) after the acceptance of an Attestation by the Debtors, and (c) appointment of the Patient Ombudsperson (as defined below), the Debtors are authorized, directed, and required to transfer all remaining data which is subject to a Trust Request at that time, irrespective of whether such Trust Request was a Current Trust Request subject to the screening contemplated in the foregoing paragraph 4(a) or subsequently provided during the Initial Review Period (such data, "Vendor-Review Data") to the Vendor described in the Attestation contemplated in paragraph 3 hereof, including data that may or does contain Patient**

| | |
|---|---|
| Page \| 11 | |
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

Data, and irrespective of whether such data is Turnover Data.  Such Vendor-Review Data shall be provided to the Vendor without further review or screening by the Debtors.  This transfer shall be made at RAD Sub-Trust A's sole cost and expense and in a manner permitting prompt destruction of the Debtors' native copies of such information thereafter in accordance with paragraph 9 hereof.  For the avoidance of doubt, nothing in this Order modifies any Trust's cost reimbursement obligations pursuant to the Data Retention Procedures (including, without limitation, to the extent that the scope of Vendor-Review Data is such that transferring it pursuant to the terms of this Order requires the Debtors to continue operating or refrain from decommissioning any data storage arrangement as set forth in the Data Retention Plan).  Following the Debtors' transfer of Vendor-Review Data to the Vendor, further productions of Turnover Data from the Vendor to RAD Sub-Trust A shall be made in accordance with the terms of this Order.

5.     It shall be a precondition to the transfer of any Vendor-Review Data to the Vendor that, in connection with RAD Sub-Trust A's engagement or utilization of such Vendor (which has otherwise satisfied the requirements of this Order), the Vendor acknowledge and agree in a writing to be delivered to the Debtors before the transfer of any data to the Vendor, that it is bound by this Order to follow the direction of the Patient Ombudsperson with respect to the handling of Patient Data as contemplated by this Order, even where such direction is contrary to a Trust Request, subject to the terms of

Page | 12

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

any subsequent order of the Court resolving a dispute regarding the same.  Furthermore, to the extent the Vendor is affiliated with any professional retained by RAD Sub-Trust A, the Vendor shall, and shall acknowledge and agree in a writing to be delivered to the Debtors before the transfer of any Vendor-Review Data to the Vendor that it shall, establish and maintain for the duration of its possession of any data received from the Debtors, an ethical wall that prevents the transmission of any information other than Turnover Data to any professional retained by RAD Sub-Trust A.  For the avoidance of doubt, the Vendor shall be prohibited from disclosing any Vendor Review Data to RAD Sub-Trust A or its professional advisors unless such data has been determined to be Turnover Data in compliance with the terms of this Order.

6.    Prior to the end of the Initial Review Period, a patient ombudsperson acceptable to the Debtors (the "Patient Ombudsperson")[4] shall be appointed for purposes of processing Trust Requests and resolving any disputes with respect to whether Vendor-Review Data subject to a Trust Request is Turnover Data.  The appointment of the Patient Ombudsperson shall be effective upon the filing by the Debtors with the Court of a notice identifying the Patient Ombudsperson. The Patient Ombudsperson, the Vendor, and RAD Sub-Trust A shall comply with the following procedures:

(a)    Upon the Debtors' delivery of the Vendor-Review Data to the Vendor, RAD Sub-Trust A shall provide the Patient Ombudsperson

---

[4]    The proposed methodology below and reimbursement/limitation of liability of any Patient Ombudsman remain subject to the relevant person(s) acceptance of such terms.

Page | 13

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

with all Trust Requests provided with respect to Vendor-Review Data that have not been resolved as of such date.  RAD Sub-Trust A may continue to issue Trust Requests (i) to the Debtors going forward with respect to any data not included in the initial transfer of Vendor-Review Data, in which case the Debtors shall transfer the data subject to the Vendor in accordance with paragraph 4(b) (without prejudice to the Debtors' authority to destroy data pursuant to the Data Retention Plan), or (ii) with respect to data which has been transferred to the Vendor, in each case for subsequent screening and production to the RAD Sub-Trust A by the Vendor (such Trust Requests, "Production Requests").  Any Trust Request which has not been satisfied at the conclusion of the Initial Review Period shall be deemed to be an outstanding Production Request with respect to the Vendor-Review Data.

2.    The  Debtors are authorized, directed, and required to  provide the Trusts with access to all data, including data containing Protected Information and Privileged Information, reasonably necessary for the Trusts to evaluate, administer, and pursue  the Assigned Claims and Assigned Insurance Rights transferred to  them  under the 2023 Plan.

(b)    With respect to any Production Requests: the Patient Ombudsperson shall review the applicable Production Request(s) to determine whether the data responsive to such Production Request is relevant for RAD Sub-Trust A to prosecute the applicable Assigned Claim(s) or Assigned Insurance Right(s).  If the Patient Ombudsperson determines that the data requested in any Production  Request exceeds this scope, RAD Sub-Trust A and the Patient Ombudsperson shall confer in good faith regarding the narrowing of the applicable Production Request so as to ensure, to the Patient Ombudsperson's satisfaction, that the data responsive to such Production Request will be relevant for RAD Sub-Trust A to prosecute the applicable Assigned Claim(s) or Assigned Insurance Right(s).

(c)    In addition, within seven (7) days of receipt of any Production Request and subject to the following subparagraph 6(d), the Patient Ombudsperson shall direct the Vendor in the implementation of the Screening Protocol (including the implementation of any specific screening parameters that the Patient Ombudsperson determines to be appropriate) to exclude from the applicable data set all Patient Data other than the minimum necessary to permit prosecution of the applicable Assigned Claim or Assigned Insurance Right:

Page | 14

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

(i)   When the applicable screening process is complete, the Vendor shall report to the Patient Ombudsperson and provide the Patient Ombudsperson the opportunity to evaluate the data slated for production, and shall make itself available for further consultation with the Patient Ombudsperson as the Patient Ombudsperson may request in his or her discretion;

(ii)   The Patient Ombudsperson may require further adjustments or screening in his or her discretion until the Patient Ombudsperson is reasonably satisfied that the data slated for production to the Trust contains only the minimum necessary Patient Data to permit prosecution of the applicable Assigned Claim or Assigned Insurance Right; and

(iii)   Upon such determination, which the Patient Ombudsperson shall communicate to the Vendor and RAD Sub-Trust A in writing, the data slated for production shall be deemed "Turnover Data" hereunder and produced to RAD Sub-Trust A.

(d)   Upon review of a Production Request and consultation with the Vendor, the Patient Ombudsperson may determine that the data subject to a Production Request is not reasonably likely to contain Patient Data (notwithstanding the previous designation of such data as Vendor-Review Data), in which case the Patient Ombudsperson shall communicate such finding to the Vendor and RAD Sub-Trust A in writing, and the requested data shall be deemed "Turnover Data" hereunder and produced to RAD Sub-Trust A without the need to follow the protocols outlined in subparagraph 6(c) hereof.

(e)   The Patient Ombudsperson shall make all such determinations in good faith and in all respects in accordance with the requirements of this Order.

(f)   RAD Sub-Trust A shall negotiate in good faith with respect to the terms of the Patient Ombudsperson's appointment.  The Patient Ombudsperson shall be entitled to prompt reimbursement from RAD Sub-Trust A of reasonable and documented fees and expenses,

Page | 15

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

**incurred in connection with its performance of the foregoing duties, including, without limitation, reasonable and documented fees and expenses of appropriate outside counsel if the Patient Ombudsperson determines in good faith that such retention is required for making any of the determinations contemplated hereby or resolving any related dispute regarding whether data subject to a Trust Request is Turnover Data or otherwise enforcing the terms of this Order.**

**(g)    The Patient Ombudsperson shall consult with the Debtors and their advisors promptly upon the acceptance of its appointment hereunder for purposes of familiarizing itself with the Debtors' data systems and potential sources and locations of Patient Data.**

**(h)    The Vendor and RAD Sub-Trust A shall cooperate in good faith with the Patient Ombudsperson in the exercise of its responsibilities hereunder, including the provision of any information reasonably requested by the Patient Ombudsperson.  The provision of any information to the Patient Ombudsperson with respect to an Assigned Claim or Assigned Insurance Right for purposes of this Order shall not be deemed to waive any privilege or other confidentiality protection of RAD Sub-Trust A or the Debtors.**

**(i)    In the event of a dispute between the Patient Ombudsperson and RAD Sub-Trust A regarding the proper scope of any Turnover Data, either party may file a motion with the Court for resolution.**

3̶7.    Paragraph 7(c) of the Protective Order shall be deleted and replaced in its

entirety with the following paragraph:

"~~The Trust shall conduct a reasonable review of PHI or Other Individually Identifiable Health Material before producing or sharing such Discovery Materials with any other person or entity.~~  **The Trust must designate all Discovery Materials that it ~~reasonably concludes~~ intends to produce in any litigation to pursue Assigned Claims or Assigned Insurance Rights that** contains Protected Information as 'PHI or Other Individually Identifiable Health Information Material.' Such designation shall constitute a

| Debtors: | NEW RITE AID, LLC, *et al.* |
|---|---|
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

> **representation that there is a good-faith basis for the designation, and the material so designated shall be treated in all respects as Highly Confidential Material."**

For the avoidance of doubt, the remaining terms of the Protective Order, including the protections provided in the Protective Order for data designated as **"**PHI or ~~IIHI, ~~**Other Individually Identifiable Health Information Material,"** remain and are not affected by this Order.

4**8**.     All access, use, and review of the Protected Information **(including all Turnover Data received by RAD Sub-Trust A)** shall be conducted in strict compliance with the 2023 Plan, the 2023 Confirmation Order, the Protective Order, the Litigation Cooperation Agreement, **the requirements of this Order,** and all applicable federal and state laws, including **but not limited to** HIPAA, 45 C.F.R. § 164.512(e)(1)(i), and other privacy protections governing ~~PHI, PII, and IIHI.~~**Protected Information.  Without limiting the foregoing, compliance with all applicable federal and state laws, including but not limited to HIPAA, 45 C.F.R. § 164.512(e)(1)(i), and other privacy protections governing Patient Data shall be required of any counsel retained by RAD Sub-Trust A, including security protections such as password protections for firm computers, secure work spaces, and limiting access, use and review of Protected Information (including all Turnover Data received by RAD Sub-Trust A) on any law firm document management program to those**

Page | 17

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

**professionals and paraprofessionals working on the prosecution of the Assigned Claims and Assigned Insurance Rights transferred to it under the 2023 Plan.**

~~5~~**9**.    The Debtors shall not be required to undertake any ~~separate or additional~~ screening or designation of ~~the Protected Information~~**Protected Data after transferring the Vendor-Review Data to the Vendor.  With respect to any data so transferred by the Debtors pursuant to this Order, on the date of any such transfer, the Debtors may, at their sole cost and expense, proceed with destruction of native copies of their books, records, and data inventory, and any such books, records, and data inventory destroyed by the Debtors pursuant to this Order shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code.  All of the Debtors' data inventory not transferred pursuant to this Order shall be destroyed in accordance with the terms of the Data Retention Plan**.  The costs and responsibilities associated with any subsequent **hosting, filtration,** review, access, or use of ~~the Protected Information~~**Vendor-Review Data and/or Turnover Data following the transfer of such data to the Vendor** shall be borne by ~~the Trusts~~**RAD Sub-Trust A** and/or by a Receiving Party.  **If an Attestation is accepted and the Vendor-Review Data is transferred to the Vendor, after the litigation to which any such data pertains is complete and RAD Sub-Trust A no longer requires such data to pursue Assigned Claims and Assigned Insurance Rights (at which point RAD Sub-Trust A will notify the Vendor), at RAD Sub-Trust A's sole cost and expense (unless otherwise agreed as between RAD Sub-Trust A and the Vendor), the Vendor shall destroy the applicable data (including all associated**

~~.~~

Page | 18

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

**Patient Data) in accordance with the destruction methodology described in its written assurances (as included with the Attestation) pursuant to the foregoing paragraph 3(c), and provide notice of the same to RAD Sub-Trust A and Court.  In the event the Vendor is determined by the Patient Ombudsperson to no longer be compliant with the specifications set forth in its Attestation, including on account a determination by the Patient Ombudsperson that the Vendor no longer maintains the applicable security standard referenced in the Vendor's Attestation (which the Vendor shall be required to certify to the Patient Ombudsperson quarterly), then (a) RAD Sub-Trust A shall have the right to provide an Attestation for a successor Vendor within ten (10) business days of receipt of written notice of such default and, upon acceptance of the Attestation of such successor Vendor pursuant to the terms of this Order, the Patient Ombudsperson shall direct the Vendor to transfer any data still held by it to such successor Vendor or (b) if no satisfactory Attestation for a successor Vendor is provided, the Patient Ombudsperson shall direct the Vendor to destroy all such data in accordance with applicable law.  In all events, all Vendor-Review Data must be destroyed before RAD Sub-Trust A is terminated.**

**10.    Upon transfer of any data pursuant to the terms of this Order, the Debtors and the Debtor's current and former directors, managers, officers, committee members, members of any governing body, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment**

Page | 19

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

**vehicles, managed accounts or funds, predecessors, participants, successors, assigns, subsidiaries, affiliates, partners, limited partners, general partners, principals, members, management companies, fund advisors or managers, employees, agents, trustees, advisory board members, financial advisors, attorneys (including any other attorneys or professionals retained by any current or former director or manager in his or her capacity as director or manager of an Entity), accountants, investment bankers, consultants, representatives, and other professionals and advisors, or any such entity's respective heirs, executors, estates, and nominees including, without limitation, the Litigation Trustee as representative of the Litigation Trust as the successor in interest to the Debtors on and after the Effective Date (as defined in the Plan) (collectively, "Related Parties") shall be exculpated from any and all liability, damages, and/or claims, known or unknown, associated with any such Debtors' or Related Parties' compliance with this Order (including the transfer of any information required to be transferred pursuant hereto) or any party's hosting, accessing, filtering, or producing the data from that point thereafter (any such claim or cause of action, a "Subsequent Breach Claim"). The Court shall retain jurisdiction with respect to the interpretation and enforcement of this Order, including this paragraph 10. If any future Party attempts to assert any Subsequent Breach Claim against the Debtors or any of their Related Parties which is subject to this paragraph 10, RAD Sub-Trust A will assume defense and indemnification of any defense costs incurred or required to be incurred by the Debtors or Related Parties on account of**

| | |
|---|---|
| Page \| 20 | |
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

**that litigation in excess of any available insurance proceeds and move to substitute RAD Sub-Trust A in as responding defendant.**

**11.    If there is any privacy or security event that occurs with respect to data transferred to the Vendor or RAD Sub-Trust A pursuant to this Order that would have qualified as a reportable Breach (as defined by 45 C.F.R. § 164.402 or applicable state security breach notification laws) if such event had been done or caused by the Debtors, RAD Sub-Trust A shall be responsible for all notification obligations set forth in 45 C.F.R. § 164.404-414 (the "HIPAA Breach Rules"), or as may be required under state law, and any related costs and penalties, if any, including, but not limited to, any subsequent investigation costs, regulatory response costs, defense costs, civil monetary penalties, and defense and indemnification of any related litigation.  For the avoidance of doubt, regardless of the fact that RAD Sub-Trust A itself does not qualify as a Covered Entity, it will provide the required notifications under both the HIPAA Breach Rules and state privacy and data security laws if the event would have constituted a reportable Breach event if done by the Debtors in the first instance.**

~~6~~**12**.    Pursuant to the 2023 Plan, all attorney client privilege, work product protections, or other privilege or immunity held by the Debtors related to the Assigned Claims and Assigned Insurance Rights shall be preserved and extended to ~~the Trust~~**RAD Sub-Trust A**.

~~7~~**13**.    Nothing in this Order alters or modifies ~~the~~**either** Trusts' obligations under the 2023 Plan documents.  The Trusts shall remain fully responsible for compliance with

Page | 21

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

all applicable legal and fiduciary obligations in connection with their use of the Protected Information.

**14.    References to the Debtors herein shall be deemed to refer to any successor of the Debtors as appointed pursuant to section 1123(b)(3) of the Bankruptcy Code under the Plan [ECF No. 3445 at Ex. A] or the Wind-Down Debtors, as applicable after the Plan Effective Date (but shall not, in any event, be deemed to refer to either Trust).**

8**15**.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

**16.    The Attestation provided pursuant to the foregoing paragraph 3 shall be referenced on the docket in the above-captioned proceeding by way of a filing by RAD Sub-Trust A and shall include a notation that the contents of the Attestation may be accessed and examined upon request by an interested party that can demonstrate a legitimate need to review it and agrees to enter into an appropriate confidentiality agreement or protective order; *provided*, *however*, that no such party may object that an Attestation fails to meet the requirements set forth in this Order if such objection is not made within ten (10) business days of the provision of the Attestation pursuant to the applicable confidentiality agreement or protective order.  For the avoidance of doubt, no Attestation shall be considered compliant with the terms of this order until the earlier of (i) the date on which the foregoing ten (10) business day period has elapsed without any**

Page | 22

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

**such objection having been filed or (ii) the date on which every such filed objection is resolved consensually by the applicable objecting party, RAD Sub-Trust A, and the Debtors (or Liquidating Trustee as the Debtors' successor in interest) or by final order of the Court.**

~~9~~17. The Trusts are authorized and empowered to take any and all actions necessary to implement the terms of this Order.

~~10~~18. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.