**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweisss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Co-Counsel for the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID CORPORATION, *et al.*, | Case No. 25-14861 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF A FINAL DECREE AND ORDER CLOSING**
**CERTAIN OF THE DEBTORS' CHAPTER 11 CASES**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (this "Motion")[2]:

---

[1]   The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims, noticing, and solicitation agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them later in this Motion or in the *Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates* [Docket No. 3445, Ex. A] (the "Plan"), as applicable.

## Relief Requested

1.      The Debtors seek entry of a final decree, substantially in the form attached hereto

as **Exhibit A** (the "Proposed Final Decree"), closing each of the Debtors' chapter 11 cases except

the case of Lakehurst and Broadway Corporation, Case No. 25-14831 (MBK)

(the "Remaining Case") immediately after (and conditioned upon the prior occurrence of) the

Effective Date under the Plan.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of*

*Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the

District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.).  The

Debtors confirm their consent to the Court entering a final order in connection with this Motion to

the extent that it is later determined that the Court, absent consent of the parties, cannot enter final

orders or judgments in connection herewith consistent with Article III of the United

States Constitution.

3.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue

is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a) and 350(a) of title 11

of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Bankruptcy Rules for the Court

(the "Local Rules").

**Background**

5.      On May 5, 2025, each Debtor filed a voluntary petition for relief under chapter 11

of the Bankruptcy Code.[3]  On May 7, 2025, the Court entered an order authorizing the joint

administration of the chapter 11 cases for administrative purposes [Docket No. 122] pursuant to

Bankruptcy Rule 1015(b) under the lead case *In re New Rite Aid, LLC*, Case No. 25-14861 (MBK).

The chapter 11 cases other than the Remaining Case are as follows:

| Affiliate Debtor | Case No. |
| --- | --- |
| New Rite Aid, LLC f/k/a Juniper Rx, LLC | 25-14861 (MBK) |
| 1740 Associates, L.L.C. | 25-14744 (MBK) |
| 4042 Warrensville Center Road - Warrensville Ohio, Inc. | 25-14746 (MBK) |
| 5277 Associates, Inc. | 25-14750 (MBK) |
| 5600 Superior Properties, Inc. | 25-14753 (MBK) |
| Apex Drug Stores, Inc. | 25-14757 (MBK) |
| Broadview and Wallings-Broadview Heights Ohio, Inc. | 25-14763 (MBK) |
| Drug Palace, Inc. | 25-14768 (MBK) |
| Eckerd Corporation | 25-14769 (MBK) |
| EDC Drug Stores, Inc. | 25-14773 (MBK) |
| Ex Benefits, LLC f/k/a Advance Benefits, LLC | 25-14776 (MBK) |
| Ex Design, LLC f/k/a Design Rx, LLC | 25-14782 (MBK) |
| Ex Design Holdings, LLC f/k/a Design Rx Holdings, LLC | 25-14779 (MBK) |
| Ex Holdco, LLC f/k/a Elixir Holdings, LLC | 25-14788 (MBK) |
| Ex Initiatives, LLC f/k/a Rx Initiatives L.L.C. | 25-14793 (MBK) |
| Ex Options, LLC f/k/a Elixir Rx Options, LLC | 25-14797 (MBK) |
| Ex Pharmacy, LLC f/k/a Elixir Pharmacy, LLC | 25-14801 (MBK) |
| Ex Procurement, LLC f/k/a Tonic Procurement Solutions, LLC | 25-14809 (MBK) |
| Ex Rxclusives, LLC f/k/a Design Rxclusives, LLC | 25-14814 (MBK) |
| Ex Savings, LLC f/k/a Elixir Savings, LLC | 25-14818 (MBK) |
| Ex Software, LLC f/k/a Laker Software, LLC | 25-14822 (MBK) |

---

[3]      A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Marc Liebman, Chief Transformation Officer of the Debtors, in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 24].

| | |
|---|---|
| Ex Solutions of MO, LLC f/k/a Elixir Rx Solutions | 25-14826 (MBK) |
| Ex Solutions of NV, LLC f/k/a Elixir Rx Solutions of Nevada, LLC | 25-14828 (MBK) |
| Ex Solutions of OH, LLC f/k/a Elixir Rx Solutions, LLC | 25-14833 (MBK) |
| Ex Tech, LLC f/k/a Ascend Health Technology LLC | 25-14743 (MBK) |
| First Florida Insurers of Tampa, LLC | 25-14748 (MBK) |
| GDF, Inc. | 25-14751 (MBK) |
| Genovese Drug Stores, Inc. | 25-14755 (MBK) |
| Gettysburg and Hoover-Dayton, Ohio, LLC | 25-14760 (MBK) |
| Grand River & Fenkell, LLC | 25-14764 (MBK) |
| Harco, Inc. | 25-14767 (MBK) |
| Hunter Lane, LLC | 25-14772 (MBK) |
| ILG – 90 B Avenue Lake Oswego, LLC | 25-14777 (MBK) |
| JCG Holdings (USA), Inc. | 25-14787 (MBK) |
| JCG (PJC) USA, LLC | 25-14781 (MBK) |
| K & B, Incorporated | 25-14819 (MBK) |
| K & B Alabama Corporation | 25-14792 (MBK) |
| K & B Louisiana Corporation | 25-14796 (MBK) |
| K & B Mississippi Corporation | 25-14804 (MBK) |
| K & B Services, Incorporated | 25-14807 (MBK) |
| K & B Tennessee Corporation | 25-14812 (MBK) |
| K&B Texas Corporation | 25-14824 (MBK) |
| LMW 90B Avenue Lake Oswego, Inc | 25-14836 (MBK) |
| Maxi Drug, Inc. | 25-14843 (MBK) |
| Maxi Drug North, Inc. | 25-14838 (MBK) |
| Maxi Drug South, L.P. | 25-14840 (MBK) |
| Maxi Green Inc. | 25-14774 (MBK) |
| Munson & Andrews, LLC | 25-14784 (MBK) |
| Name Rite, L.L.C. | 25-14790 (MBK) |
| PDS-1 Michigan, Inc. | 25-14803 (MBK) |
| Perry Drug Stores, Inc. | 25-14806 (MBK) |
| P.J.C. Distribution, Inc. | 25-14794 (MBK) |
| P.J.C. Realty Co., Inc. | 25-14799 (MBK) |
| PJC Lease Holdings, Inc. | 25-14808 (MBK) |
| PJC Manchester Realty LLC | 25-14813 (MBK) |
| PJC of Massachusetts, Inc. | 25-14816 (MBK) |
| PJC of Rhode Island, Inc. | 25-14820 (MBK) |

| | |
|---|---|
| PJC of Vermont Inc. | 25-14827 (MBK) |
| PJC Peterborough Realty LLC | 25-14832 (MBK) |
| PJC Realty MA, Inc. | 25-14835 (MBK) |
| PJC Revere Realty LLC | 25-14837 (MBK) |
| PJC Special Realty Holdings, Inc. | 25-14839 (MBK) |
| RCMH LLC | 25-14842 (MBK) |
| RDS Detroit, Inc. | 25-14846 (MBK) |
| READ's Inc. | 25-14847 (MBK) |
| RediClinic Associates, Inc. | 25-14848 (MBK) |
| RediClinic LLC | 25-14849 (MBK) |
| RediClinic of Dallas-Fort Worth, LLC | 25-14850 (MBK) |
| RediClinic of DC, LLC | 25-14851 (MBK) |
| RediClinic of DE, LLC | 25-14745 (MBK) |
| RediClinic of MD, LLC | 25-14747 (MBK) |
| RediClinic of PA, LLC | 25-14749 (MBK) |
| RediClinic of VA, LLC | 25-14752 (MBK) |
| RediClinic US, LLC | 25-14756 (MBK) |
| Richfield Road - Flint, Michigan, LLC | 25-14759 (MBK) |
| Rite Aid Corporation | 25-14731 (MBK) |
| Rite Aid Drug Palace, Inc. | 25-14762 (MBK) |
| Rite Aid Hdqtrs. Corp. | 25-14859 (MBK) |
| Rite Aid Hdqtrs. Funding, Inc. | 25-14860 (MBK) |
| Rite Aid Lease Management Company | 25-14765 (MBK) |
| Rite Aid of Connecticut, Inc. | 25-14770 (MBK) |
| Rite Aid of Delaware, Inc. | 25-14775 (MBK) |
| Rite Aid of Georgia, Inc. | 25-14780 (MBK) |
| Rite Aid of Indiana, Inc. | 25-14786 (MBK) |
| Rite Aid of Kentucky, Inc. | 25-14789 (MBK) |
| Rite Aid of Maine, Inc. | 25-14798 (MBK) |
| Rite Aid of Maryland, Inc. | 25-14800 (MBK) |
| Rite Aid of Michigan, Inc. | 25-14805 (MBK) |
| Rite Aid of New Hampshire, Inc. | 25-14810 (MBK) |
| Rite Aid of New Jersey, Inc. | 25-14730 (MBK) |
| Rite Aid of New York, Inc. | 25-14815 (MBK) |
| Rite Aid of North Carolina, Inc. | 25-14821 (MBK) |
| Rite Aid of Ohio, Inc. | 25-14825 (MBK) |
| Rite Aid of Pennsylvania, LLC, f/k/a Rite Aid of Pennsylvania, Inc. | 25-14830 (MBK) |
| Rite Aid of South Carolina, Inc. | 25-14841 (MBK) |

| Rite Aid of Tennessee, Inc. | 25-14844 (MBK) |
|---|---|
| Rite Aid of Vermont, Inc. | 25-14754 (MBK) |
| Rite Aid of Virginia, Inc. | 25-14761 (MBK) |
| Rite Aid of Washington, D.C. Inc. | 25-14766 (MBK) |
| Rite Aid of West Virginia, Inc. | 25-14771 (MBK) |
| Rite Aid Online Store, Inc. | 25-14778 (MBK) |
| Rite Aid Payroll Management, Inc. | 25-14785 (MBK) |
| Rite Aid Realty Corp. | 25-14791 (MBK) |
| Rite Aid Rome Distribution Center, Inc. | 25-14795 (MBK) |
| Rite Aid Specialty Pharmacy, LLC | 25-14802 (MBK) |
| Rite Aid Transport, Inc. | 25-14811 (MBK) |
| Rite Investments Corp. | 25-14823 (MBK) |
| Rite Investments Corp., LLC | 25-14817 (MBK) |
| Rx Choice, Inc. | 25-14829 (MBK) |
| Rx USA, Inc. | 25-14834 (MBK) |
| The Bartell Drug Company | 25-14845 (MBK) |
| The Jean Coutu Group (PJC) USA, Inc. | 25-14852 (MBK) |
| The Lane Drug Company | 25-14854 (MBK) |
| Thrift Drug, Inc. | 25-14853 (MBK) |
| Thrifty Corporation | 25-14855 (MBK) |
| Thrifty Ice Cream, LLC f/k/a 1515 West State Street Boise, Idaho, LLC | 25-14856 (MBK) |
| Thrifty PayLess, Inc. | 25-14857 (MBK) |

6.      On November 26, 2025, the Court confirmed the Plan and entered the *Order Approving the Disclosure Statement and Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3445] (the "Confirmation Order").  The Disclosure Statement, a copy of which was attached as Exhibit B to the Confirmation Order, states that as of the date of the Disclosure Statement:  "the Debtors have entered into agreements to sell, or have consummated the sales of, substantially all of their assets."  [Docket No. 3445, Ex. B, p. 42].

7.      The Plan, a copy of which was attached as Exhibit A to the Confirmation Order, also establishes that prior to the Effective Date of the Plan, the Liquidating Trust is to be created

and the "Liquidating Trustee shall be authorized to take all steps necessary to complete the formation of the Liquidating Trust, to be administered by the Liquidating Trustee in accordance with the Liquidating Trust Agreement," including "(a) liquidating the Liquidating Trust Assets transferred to the Liquidating Trust in accordance with th[e] Plan and the Restructuring Steps Memorandum, (b) reconciling Claims asserted against the Debtors and the Wind-Down Debtors, and (c) distributing the proceeds of the Liquidating Trust Assets in accordance with th[e] Plan, with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the purpose of the Liquidating Trust."  [Docket No. 3445, Ex. A, p. 26]; *see also* [Docket No. 3445, ¶¶ 36, 67, 113, 128–29].  Eric Kaup will serve as the Liquidating Trustee (the "<u>Liquidating Trustee</u>").  *See* [Docket No. 3305, Ex. A, p. 2].[4]

8.      The Plan also contemplates the closing of the chapter 11 cases and provides that "[t]he Liquidating Trustee shall, promptly after the full administration of the Chapter 11 Cases, File with the Bankruptcy Court all documents required by Bankruptcy Rule 3022 and any applicable order necessary to close the Chapter 11 Cases."  [Docket No. 3445, Ex. A, p. 63].

9.      The Debtors do not currently anticipate any significant contested matters related to these chapter 11 cases.  However, miscellaneous motions, applications, pleadings, or other matters or proceedings are likely to arise from time to time (collectively, the "<u>Remaining Matters</u>").  Any Remaining Matters related to any of the Debtors can be filed, administered, and adjudicated in the Remaining Case without any substantive or negative impact on any party in interest.  This includes certain of the "Adversary Proceedings & Other Bankruptcy Litigation" listed in Section V.J of the Disclosure Statement (to the extent not resolved under the Plan).  [Docket No. 3445, Ex. B, p. 38].

---

[4]     Pursuant to that certain *Liquidating Trustee Engagement Letter*, dated as of November 24, 2025 (the "<u>Liquidating Trustee EL</u>"), as contemplated by the Liquidating Trust Agreement, Mr. Kaup's title is "Wind-Down Consultant" from and after the date of the Liquidating Trustee EL until the Effective Date, and Mr. Kaup will be appointed as the Liquidating Trustee as of the Effective Date.

10.     In an effort to streamline the post-confirmation administration of the chapter 11 cases, to reduce the burden of having to file multiple quarterly reports, and to save costs, the Debtors, after consultation with the Liquidating Trustee, seek to close all of the chapter 11 cases except that of Lakehurst and Broadway Corporation, which case will remain open under Case No. 25-14831 (MBK).

### Basis for Relief

11.     Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a).  Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a Chapter 11 case, the court must, on its own or on a party in interest's motion, enter a final decree closing the case." Fed. R. Bankr. P. 3022.

12.     The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules.  The Advisory Committee Note to Bankruptcy Rule 3022 (the "Advisory Committee Note"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been "fully administered":

i.      whether the order confirming the plan has become final;

ii.     whether deposits required by the plan have been distributed;

iii.    whether the property proposed by the plan to be transferred has been transferred;

iv.     whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

v.      whether payments under the plan have commenced; and

vi.     whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991).  Courts look to the advisory committee's

notes on Bankruptcy Rule 3022 in seeking guidance as to the meaning of "fully administered."  *In

re SLI, Inc.*, No. 02-12608 (WS), 2005 WL 1668396, at *1–2 (Bankr. D. Del. June 24, 2005).

13.    In addition to the factors set forth in the Advisory Committee Note, courts have

considered whether the plan of reorganization has been substantially consummated.  *See In re

Broadway 401 LLC*, No. 10-10070 (KJC), 2011 WL 6008362 at *1 (Bankr. D. Del. Dec. 8, 2011)

(approving the debtor's case closing motion pursuant to Bankruptcy Rule 3022 because the court

was "satisfied that the [d]ebtors ha[d] achieved substantial consummation of their Plan").

Section 1101(2) of the Bankruptcy Code defines "substantial consummation" as the: "(A) transfer

of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by

the debtor or by the successor to the debtor under the plan of the business or of the management

of all or substantially all of the property dealt with by the plan; and (C) commencement of

distribution under the plan."

14.    Bankruptcy courts have adopted the view that "[the Advisory Committee Note]

factors are but a guide in determining whether a case has been fully administered, and not all

factors need to be present before the case is closed."  *In re SLI, Inc.*, 2005 WL 1668396, at *2

(citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768–69 (Bankr. N.D. Ill. 1991)); *see In re Valence

Tech., Inc.*, No. 12-11580-CAG, 2014 Bankr. LEXIS 4429, at *7 (Bankr. W.D. Tex. Oct. 17, 2014)

(holding that the factors "are not exhaustive nor must all six factors be present to establish that a

case should be closed" (citing *In re Union Home & Indus., Inc.*, 375 B.R. 912, 917 (10th Cir.

B.A.P. 2007))).

15.    Here, the foregoing factors weigh overwhelmingly in favor of closing the

chapter 11 cases other than the Remaining Case (collectively, the "Affiliate Cases") after the

Effective Date.  The Debtors have confirmed the Plan and expect to go effective on the Plan by the end of the year.  As of the date hereof, the Debtors have sold substantially all of their assets. The Liquidating Trust is being formed in accordance with the Plan and on the Effective Date of the Plan, the Liquidating Trustee will assume the management and control over the Liquidating Trust.  On the Effective Date, McKesson will take over ownership of the Reorganized Debtors (as defined in the Plan) and select new management for the Reorganized Debtors (as defined in the Plan).

16.     After the Effective Date, the Liquidating Trustee will be tasked to complete the wind-down of the Wind-Down Debtors (as defined in the Plan) and administer the terms of the Plan, including reconciling administrative claims and collecting and liquidating any remaining assets.  The Liquidating Trustee does not require that all one-hundred and forty-nine (149) cases remain open and pending to complete his obligations under the Plan.

17.     The Debtors have a clear and specific reason to close the Affiliate Cases as promptly as possible.  If the Affiliate Cases remain open, the Debtors will incur substantial additional fees paid to the United States Trustee pursuant to section 1930 of title 28 of the United States Code (the "Section 1930 Fees") given the number of debtor entities involved in these chapter 11 cases.  Closing the Affiliate Cases immediately after the Effective Date will therefore save the Debtors a substantial expense that they would otherwise continue to incur while the Affiliate Cases unnecessarily remain open.  Indeed, the ongoing administrative and financial burden on the Affiliate Cases provides little corresponding benefit to any party in these chapter 11 cases, including the stakeholders of the Affiliate Cases' estates.  Moreover, courts have found that entry of a final decree is appropriate to stop the accrual of Section 1930 Fees.  *See, e.g., In re Jay*

*Bee Enters., Inc.*, 207 B.R. 536, 539 (Bankr. E.D. Ky. 1997) (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" due to accrual of Section 1930 Fees).

18.     In total, the factors clearly support a finding that, after the Effective Date, the Affiliate Cases will have been "fully administered" and the Debtors should be permitted to close the Affiliate Cases.  This outcome is consistent with the Plan, which provides that the "Liquidating Trustee shall, promptly after the full administration of the Chapter 11 Cases, File with the Bankruptcy Court all documents required by Bankruptcy Rule 3022 and any applicable order necessary to close the Chapter 11 Cases."  [Docket No. 3445, Ex. A, p. 63].

19.     While the Debtors acknowledge that the payment of certain claims may be pending (e.g., Cure Claims and Administrative Claims) after the Effective Date, such claims will be paid pursuant to the Plan in the Remaining Case by the Debtors, by the Liquidating Trustee on behalf of the Liquidating Trust, or outside the chapter 11 cases in accordance with the Bankruptcy Code and the Plan.  The fact that certain payments to be made pursuant to a plan remain to be distributed should not be an impediment to the issuance of a final decree.  *See, e.g., In re Jay Bee Enterprises, Inc.*, 207 B.R. at 539 (finding that Bankruptcy Rule 3022 "does not require that a chapter 11 case be kept open until all awarded fees and allowed claims have been paid in accordance with the confirmed plan or until the statutory fees . . . have been paid"); *In re JMP-Newcor Int'l, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (entering a final decree although the debtors still needed to make certain disbursements).  "The court should not keep [a] case open only because of the possibility that the court's jurisdiction may be invoked in the future."  Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991).

20.     The Debtors will work to resolve any Remaining Matters.  To the extent issues arise relating to the Debtors, such matters can be resolved in the Remaining Case without keeping the

dockets of the Affiliate Cases open.  Closing the dockets of the Affiliate Cases will have no impact

on the resolution of any remaining claims or distributions, other legal entitlements under the Plan,

or the substantive rights of any party in interest, and would stop the accrual of Section 1930 Fees

associated with the Affiliate Cases.

21.     In the event that the Affiliate Cases need to be reopened, section 350(b) of the

Bankruptcy Code provides a clear process for doing so.

22.     Lastly, courts in this and other jurisdictions have issued final decrees closing

chapter 11 cases while retaining jurisdiction over certain pending matters.  *See, e.g., In re Thrasio*

*Holdings, Inc.,* No. 24-11840 (CMG) (Bankr. D.N.J. Aug. 2, 2024) [Docket No. 1983] (closing

affiliated chapter 11 cases and retaining jurisdiction over the remaining case); *In re WeWork Inc.*,

No. 23-19865 (JKS) (Bankr. D.N.J. July 30, 2024) [Docket No. 2259] (same); *In re Cyxtera*

*Techs., Inc.*, No. 23-14853 (JKS) (Bankr. D.N.J. Mar. 27, 2024) [Docket No. 953] (same); *In re*

*MVK FarmCo LLC*, No. 23-11721 (LSS) (Bankr. D. Del. May 17, 2024) [Docket No. 995] (same).

23.     Accordingly, entry of the Proposed Final Decree closing the Affiliate Cases

immediately after the Effective Date is an appropriate use of the Court's equitable powers pursuant

to section 105(a) of the Bankruptcy Code.

## No Prior Request

24.     No prior request for the relief sought in this Motion has been made to this Court or

any other court.

## Notice

25.     The Debtors will provide notice of this Motion to the following parties and/or their

respective counsel, as applicable: (a) the office of the United States Trustee for the District of New

Jersey; (b) the Committee; (c) the Prepetition ABL Agent and counsel thereto; (d) the DIP Agent

and counsel thereto; (e) the trustees for the Senior Secured Notes and counsel thereto; (f) counsel

for McKesson Corporation; (g) the United States Attorney's Office for the District of New Jersey;

(h) the Internal Revenue Service; (i) the attorneys general in the states where the Debtors conduct

their business operations; and (j) any party that has requested notice pursuant to Bankruptcy Rule

2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further

notice need be given.


[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Final

Decree granting the relief requested herein and such other relief as the Court deems appropriate

under the circumstances.

Dated: December 12, 2025

*/s/ Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

-and-

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Co-Counsel to the Debtors and Debtors in
Possession*

**EXHIBIT A**

**PROPOSED FINAL DECREE**

Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br>                        Debtors.[1] | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

## ORDER GRANTING DEBTORS' MOTION FOR FINAL DECREE CLOSING CERTAIN OF THE CHAPTER 11 CASES

The relief set forth on the following pages, numbered two (2) through nine (9), is **ORDERED**.

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email:  arosenberg@paulweiss.com
        aeaton@paulweiss.com
        chopkins@paulweiss.com
        smitchell@paulweiss.com

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
Seth Van Aalten (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:  msirota@coleschotz.com
        wusatine@coleschotz.com
        fyudkin@coleschotz.com
        svanaalten@coleschotz.com

*Co-Counsel to the Debtors and Debtors in Possession*

(Page | 2)

| | |
|---|---|
| Debtor: | NEW RITE AID, LLC, *et al.* |
| Case No.: | 25-14861 (MBK) |
| Caption of Order: | Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases |

Upon the *Debtors' Motion for Entry of a Final Decree and Order Closing Certain of the Debtors' Chapter 11 Cases* (the "Motion") of the above-captioned Debtors (collectively, the "Debtors") for entry of a final decree (this "Final Decree") pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022 closing the Affiliate Cases, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court being able to issue a final decree consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Effective Date of the Plan having occurred; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.    The following Affiliate Cases are hereby closed and a final decree is granted effective as of the date of entry of this Final Decree; *provided* that this Court shall retain jurisdiction as provided in the Plan, the Confirmation Order, and this Final Decree:

(Page | 3)

| | |
|---|---|
| Debtor: | NEW RITE AID, LLC, *et al.* |
| Case No.: | 25-14861 (MBK) |
| Caption of Order: | Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases |

| **Affiliate Debtor** | **Case No.** |
|---|---|
| New Rite Aid, LLC f/k/a Juniper Rx, LLC | 25-14861 (MBK) |
| 1740 Associates, L.L.C. | 25-14744 (MBK) |
| 4042 Warrensville Center Road - Warrensville Ohio, Inc. | 25-14746 (MBK) |
| 5277 Associates, Inc. | 25-14750 (MBK) |
| 5600 Superior Properties, Inc. | 25-14753 (MBK) |
| Apex Drug Stores, Inc. | 25-14757 (MBK) |
| Broadview and Wallings-Broadview Heights Ohio, Inc. | 25-14763 (MBK) |
| Drug Palace, Inc. | 25-14768 (MBK) |
| Eckerd Corporation | 25-14769 (MBK) |
| EDC Drug Stores, Inc. | 25-14773 (MBK) |
| Ex Benefits, LLC f/k/a Advance Benefits, LLC | 25-14776 (MBK) |
| Ex Design, LLC f/k/a Design Rx, LLC | 25-14782 (MBK) |
| Ex Design Holdings, LLC f/k/a Design Rx Holdings LLC | 25-14779 (MBK) |
| Ex Holdco, LLC f/k/a Elixir Holdings, LLC | 25-14788 (MBK) |
| Ex Initiatives, LLC f/k/a Rx Initiatives L.L.C. | 25-14793 (MBK) |
| Ex Options, LLC f/k/a Elixir Rx Options, LLC | 25-14797 (MBK) |
| Ex Pharmacy, LLC f/k/a Elixir Pharmacy, LLC | 25-14801 (MBK) |
| Ex Procurement, LLC f/k/a Tonic Procurement Solutions, LLC | 25-14809 (MBK) |
| Ex Rxclusives, LLC f/k/a Design Rxclusives, LLC | 25-14814 (MBK) |
| Ex Savings, LLC f/k/a Elixir Savings, LLC | 25-14818 (MBK) |
| Ex Software, LLC f/k/a Laker Software, LLC | 25-14822 (MBK) |
| Ex Solutions of MO, LLC f/k/a Elixir Rx Solutions | 25-14826 (MBK) |
| Ex Solutions of NV, LLC f/k/a Elixir Rx Solutions of Nevada, LLC | 25-14828 (MBK) |
| Ex Solutions of OH, LLC f/k/a Elixir Rx Solutions, LLC | 25-14833 (MBK) |
| Ex Tech, LLC f/k/a Ascend Health Technology LLC | 25-14743 (MBK) |
| First Florida Insurers of Tampa, LLC | 25-14748 (MBK) |
| GDF, Inc. | 25-14751 (MBK) |
| Genovese Drug Stores, Inc. | 25-14755 (MBK) |
| Gettysburg and Hoover-Dayton, Ohio, LLC | 25-14760 (MBK) |
| Grand River & Fenkell, LLC | 25-14764 (MBK) |

(Page | 4)

| | |
|---|---|
| Debtor: | NEW RITE AID, LLC, *et al.* |
| Case No.: | 25-14861 (MBK) |
| Caption of Order: | Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases |

| | |
|---|---|
| Harco, Inc. | 25-14767 (MBK) |
| Hunter Lane, LLC | 25-14772 (MBK) |
| ILG – 90 B Avenue Lake Oswego, LLC | 25-14777 (MBK) |
| JCG Holdings (USA), Inc. | 25-14787 (MBK) |
| JCG (PJC) USA, LLC | 25-14781 (MBK) |
| K & B, Incorporated | 25-14819 (MBK) |
| K & B Alabama Corporation | 25-14792 (MBK) |
| K & B Louisiana Corporation | 25-14796 (MBK) |
| K & B Mississippi Corporation | 25-14804 (MBK) |
| K & B Services, Incorporated | 25-14807 (MBK) |
| K & B Tennessee Corporation | 25-14812 (MBK) |
| K&B Texas Corporation | 25-14824 (MBK) |
| LMW 90B Avenue Lake Oswego, Inc | 25-14836 (MBK) |
| Maxi Drug, Inc. | 25-14843 (MBK) |
| Maxi Drug North, Inc. | 25-14838 (MBK) |
| Maxi Drug South, L.P. | 25-14840 (MBK) |
| Maxi Green Inc. | 25-14774 (MBK) |
| Munson & Andrews, LLC | 25-14784 (MBK) |
| Name Rite, L.L.C. | 25-14790 (MBK) |
| PDS-1 Michigan, Inc. | 25-14803 (MBK) |
| Perry Drug Stores, Inc. | 25-14806 (MBK) |
| P.J.C. Distribution, Inc. | 25-14794 (MBK) |
| P.J.C. Realty Co., Inc. | 25-14799 (MBK) |
| PJC Lease Holdings, Inc. | 25-14808 (MBK) |
| PJC Manchester Realty LLC | 25-14813 (MBK) |
| PJC of Massachusetts, Inc. | 25-14816 (MBK) |
| PJC of Rhode Island, Inc. | 25-14820 (MBK) |
| PJC of Vermont Inc. | 25-14827 (MBK) |
| PJC Peterborough Realty LLC | 25-14832 (MBK) |
| PJC Realty MA, Inc. | 25-14835 (MBK) |
| PJC Revere Realty LLC | 25-14837 (MBK) |
| PJC Special Realty Holdings, Inc. | 25-14839 (MBK) |
| RCMH LLC | 25-14842 (MBK) |
| RDS Detroit, Inc. | 25-14846 (MBK) |
| READ's Inc. | 25-14847 (MBK) |

(Page | 5)

| | |
|---|---|
| Debtor: | NEW RITE AID, LLC, *et al.* |
| Case No.: | 25-14861 (MBK) |
| Caption of Order: | Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases |

| | |
|---|---|
| RediClinic Associates, Inc. | 25-14848 (MBK) |
| RediClinic LLC | 25-14849 (MBK) |
| RediClinic of Dallas-Fort Worth, LLC | 25-14850 (MBK) |
| RediClinic of DC, LLC | 25-14851 (MBK) |
| RediClinic of DE, LLC | 25-14745 (MBK) |
| RediClinic of MD, LLC | 25-14747 (MBK) |
| RediClinic of PA, LLC | 25-14749 (MBK) |
| RediClinic of VA, LLC | 25-14752 (MBK) |
| RediClinic US, LLC | 25-14756 (MBK) |
| Richfield Road - Flint, Michigan, LLC | 25-14759 (MBK) |
| Rite Aid Corporation | 25-14731 (MBK) |
| Rite Aid Drug Palace, Inc. | 25-14762 (MBK) |
| Rite Aid Hdqtrs. Corp. | 25-14859 (MBK) |
| Rite Aid Hdqtrs. Funding, Inc. | 25-14860 (MBK) |
| Rite Aid Lease Management Company | 25-14765 (MBK) |
| Rite Aid of Connecticut, Inc. | 25-14770 (MBK) |
| Rite Aid of Delaware, Inc. | 25-14775 (MBK) |
| Rite Aid of Georgia, Inc. | 25-14780 (MBK) |
| Rite Aid of Indiana, Inc. | 25-14786 (MBK) |
| Rite Aid of Kentucky, Inc. | 25-14789 (MBK) |
| Rite Aid of Maine, Inc. | 25-14798 (MBK) |
| Rite Aid of Maryland, Inc. | 25-14800 (MBK) |
| Rite Aid of Michigan, Inc. | 25-14805 (MBK) |
| Rite Aid of New Hampshire, Inc. | 25-14810 (MBK) |
| Rite Aid of New Jersey, Inc. | 25-14730 (MBK) |
| Rite Aid of New York, Inc. | 25-14815 (MBK) |
| Rite Aid of North Carolina, Inc. | 25-14821 (MBK) |
| Rite Aid of Ohio, Inc. | 25-14825 (MBK) |
| Rite Aid of Pennsylvania, LLC, f/k/a Rite Aid of Pennsylvania, Inc. | 25-14830 (MBK) |
| Rite Aid of South Carolina, Inc. | 25-14841 (MBK) |
| Rite Aid of Tennessee, Inc. | 25-14844 (MBK) |
| Rite Aid of Vermont, Inc. | 25-14754 (MBK) |
| Rite Aid of Virginia, Inc. | 25-14761 (MBK) |
| Rite Aid of Washington, D.C. Inc. | 25-14766 (MBK) |
| Rite Aid of West Virginia, Inc. | 25-14771 (MBK) |

(Page | 6)
Debtor:                      NEW RITE AID, LLC, *et al.*
Case No.:                    25-14861 (MBK)
Caption of Order:            Order Granting Debtors' Motion for Final Decree Closing Certain
                             of the Chapter 11 Cases

| | |
|---|---|
| Rite Aid Online Store, Inc. | 25-14778 (MBK) |
| Rite Aid Payroll Management, Inc. | 25-14785 (MBK) |
| Rite Aid Realty Corp. | 25-14791 (MBK) |
| Rite Aid Rome Distribution Center, Inc. | 25-14795 (MBK) |
| Rite Aid Specialty Pharmacy, LLC | 25-14802 (MBK) |
| Rite Aid Transport, Inc. | 25-14811 (MBK) |
| Rite Investments Corp. | 25-14823 (MBK) |
| Rite Investments Corp., LLC | 25-14817 (MBK) |
| Rx Choice, Inc. | 25-14829 (MBK) |
| Rx USA, Inc. | 25-14834 (MBK) |
| The Bartell Drug Company | 25-14845 (MBK) |
| The Jean Coutu Group (PJC) USA, Inc. | 25-14852 (MBK) |
| The Lane Drug Company | 25-14854 (MBK) |
| Thrift Drug, Inc. | 25-14853 (MBK) |
| Thrifty Corporation | 25-14855 (MBK) |
| Thrifty Ice Cream, LLC f/k/a 1515 West State Street Boise, Idaho, LLC | 25-14856 (MBK) |
| Thrifty PayLess, Inc. | 25-14857 (MBK) |

2.      The Remaining Case of Lakehurst and Broadway Corporation, Case No. 25-14831 (MBK) shall remain open pending the entry of a final decree by this Court closing the Remaining Case.

3.      All Remaining Matters, including claims reconciliation with respect to claims against any Debtor, shall be filed, administered, and adjudicated in the Remaining Case without the need to reopen any Affiliate Case, and the Court retains jurisdiction and authority with regard to the Remaining Matters, whether or not they pertain to the Remaining Case or the Affiliate Cases. For the avoidance of doubt, nothing herein shall modify the rights or responsibilities of the Reorganized Debtors with respect to the Remaining Matters.

| | |
|---|---|
| Debtor: | NEW RITE AID, LLC, *et al.* |
| Case No.: | 25-14861 (MBK) |
| Caption of Order: | Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases |

4.       The clerk shall designate on the docket of each Affiliate Case that the chapter 11 cases are now being administered under the Remaining Case.  The Debtors shall make a docket entry in each of the Affiliate Cases substantially similar to the following:

> An order has been entered in this case directing that all further reporting concerning the administration of the assets and liabilities in this case will occur only in the case of Lakehurst and Broadway Corporation, Case No. 25-14831 (MBK).  The docket in Case No. 25-14831 (MBK) should be consulted for all matters affecting this case.

5.       The Debtors shall pay the appropriate sum of quarterly fees due and payable under 28 U.S.C. §§ 1930(a)(6)(A) and (B) for the Affiliate Cases within forty-five (45) days after the date of entry of the Final Decree, subject to further extensions with prior written agreement between the Debtors and the U.S. Trustee (email being sufficient); *provided* that, for the avoidance of doubt, effective as of the date of entry of the Final Decree, no further quarterly U.S. Trustee fees shall be due and payable by the Debtors of the Affiliate Cases.  This Court shall retain jurisdiction to enforce fees assessed under 28 U.S.C. §§ 1930(a)(6)(A) and (B).

6.       Quarterly disbursements for the Remaining Case will be reported in post-confirmation reports, and quarterly fees will be paid when due and payable under 28 U.S.C. §§ 1930(a)(6)(A) and (B) pending the entry of a final decree by this Court closing the Remaining Case.

7.       Entry of this Final Decree is without prejudice to (a) the rights of the Debtors or any party in interest to seek to reopen any of the Affiliate Cases for cause pursuant to section 350(b) of the Bankruptcy Code and (b) the rights of the Debtors, the Liquidating Trustee acting on behalf of the Liquidating Trust, or any entity authorized pursuant to the Plan, as applicable, to (i) commence, prosecute, and/or resolve any claims filed against any Debtor or any

(Page | 8)

| | |
|---|---|
| Debtor: | NEW RITE AID, LLC, *et al.* |
| Case No.: | 25-14861 (MBK) |
| Caption of Order: | Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases |

other person in these chapter 11 cases, or (ii) object to claims filed against any Debtor. This Final Decree shall have no effect whatsoever on any contested matter, adversary proceeding, or other matters pending before this Court, as provided in the Plan and the Confirmation Order. Notwithstanding anything to the contrary contained in the Plan, any failure of any Debtor, or any entity authorized pursuant to the Plan, as applicable, to file an objection to a claim against or interest in any Debtor's chapter 11 case shall not constitute allowance of the claim and shall not result in such claim being deemed allowed against any Debtor. Any objections to claims against or interests in the Debtors may be filed, administered, and adjudicated in the Remaining Case.

8.     Notwithstanding entry of this Final Decree, in accordance with Section IV.C and Articles VII and VIII of the Plan, which were incorporated into and made part of the Confirmation Order, the Liquidating Trustee acting on behalf of the Liquidating Trust, shall be entitled to prosecute claims and defenses, make distributions, and attend to other affairs on behalf of each of the other former Debtors as if such former Debtors' estates continued to exist.

9.     Notwithstanding the entry of this Final Decree or 11 U.S.C. § 550(f), the closing of the Affiliate Cases shall not affect the rights of the Debtors, the Wind-Down Debtors, the Reorganized Debtors, or the Liquidating Trustee acting on behalf of the Liquidating Trust granted pursuant to the Plan and the Confirmation Order, including, without limitation, in connection with (a) commencing or maintaining any action, claim, or proceeding, and/or (b) actions, claims, or proceedings to recover from any transferee or any subsequent transferee (in each case to the extent consistent with the Plan and the Confirmation Order).

10.     This Final Decree shall be immediately effective and enforceable upon its entry.

(Page | 9)

| | |
|---|---|
| Debtor: | NEW RITE AID, LLC, *et al*. |
| Case No.: | 25-14861 (MBK) |
| Caption of Order: | Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases |

11.     The Debtors and any entity authorized pursuant to the Plan and/or the Confirmation Order, and their respective agents, are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

12.     Nothing in this Final Decree shall change the amount or nature of any distribution, or any other substantive rights, that any claim against or interest in any Debtor would have been entitled to under the Plan, the Confirmation Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise, had this Final Decree not been entered.

13.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.