**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No. 25-14861 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**CERTIFICATION OF COUNSEL REGARDING PROPOSED ORDER IN
CONNECTION WITH NOTICE OF DEBTORS' THRIFTY PAYLESS, INC., THE
BARTELL DRUG COMPANY AND THRIFT DRUG, INC. FIVE BELOW
ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES**

New Rite Aid, LLC and its affiliated debtors and debtors in possession in the above-

captioned cases (collectively, the "Debtors"), by and through undersigned counsel, hereby certify

as follows:

1.      On June 11, 2025, the United States Bankruptcy Court for the District of New

Jersey (the "Court") entered the *Final Order (I) Establishing Procedures for the Sale of Certain

Leases and Fee Owned Properties, and (II) Granting Related Relief* [Docket No. 804] (the "Sale

Procedures Order") by which the Court approved procedures setting forth the process by which

the Debtors are authorized to conduct an auction (the "Auction") for the sale of certain unexpired

leases of nonresidential real property (each, a "Lease"), in the Debtors' chapter 11 cases.

2.      On July 21, 2025, pursuant to the Sale Procedures Order, the Debtors conducted

the Auction with respect to certain of the Leases.

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843.  A complete list of
the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website
of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025.  The location of Debtor
New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200
Newberry Commons, Etters, Pennsylvania 17319.

3.      On July 22, 2025, the Debtors filed the *Notice of Successful and Backup Bidders with Respect to the Auction of Certain of the Debtors' Leases* [Docket No. 1524], *inter alia*, providing notice of a designation rights agreement between the Debtors and Five Below, Inc. ("Five Below").

4.      On August 20, 2025, the Debtors filed that certain *Notice of Proposed Sale Order Regarding Designation Rights Agreement Between the Debtors and Five Below, Inc.* [Docket No. 1963].

5.      On August 28, 2025, the Court conducted a hearing (the "Sale Hearing"), following which it entered that certain *Order (I) Approving the Asset Purchase Agreement Among Debtors and Buyer, (II) Authorizing the Sale of Designation Rights to Certain Leases Free and Clear of Liens, Claims, Interests, and Encumbrances, (III) Approving Assignment and Assumption Procedures for the Designation Leases and (IV) Granting Related Relief* [Docket No. 2257] (the "Sale Order").

6.      Following the Sale Order, on October 23, 2025, the Debtors filed that certain *Notice of Debtors' Thrifty Payless, Inc., The Bartell Drug Company and Thrift Drug, Inc. Five Below Assumption and Assignment of Certain Unexpired Leases* [Docket No. 2973] (the "Assumption and Assignment Notice"), pursuant to which the Debtors advised that pursuant to the Sale Procedures Order, the Sale Order, and the Assumption and Assignment Notice, the Debtors had determined, in the exercise of their business judgment, to assume and assign the Debtors' Lease (the "Camarillo Lease") with 7900 Bellaire I Ltd. (the "Landlord") for Store No. 5775 located at 2400 B Las Posas Road, Camarillo, California 93010 (the "Premises") in Camarillo Village Square (the "Shopping Center") to Five Below, effective as of the date of entry of the Assumption and Assignment Order, or such other date as the Debtors, Five Below, and the Landlord agree (the

"Assumption Date"), which projected date was set forth in Schedule 3 to the Assumption and Assignment Notice (as one business day after entry of the Assumption and Assignment Order).

7.      The Landlord timely objected to the proposed assumption and assignment of the Camarillo Lease to Five Below, asserting, among other reasons, that the assignment of the Lease and the operation of the Premises as a Five Below could violate certain "Prohibited Uses" in the Landlord's leases with certain other tenants in the Shopping Center.  *See* Docket Nos. 1825 and 3205 (the "Landlord Objections") (referring to certain alleged "Prohibited Uses" (as defined in the Landlord's Objections) contained in the Landlord's leases with Sprouts and Ross Dress for Less).

8.      Neither Sprouts nor Ross Dress for Less objected to the proposed assignment of the Camarillo Lease to Five Below.

9.      In connection with the Debtors' assumption and assignment of its Lease for Store 10389 in Ridgefield, Connecticut to Dollar Tree Stores, Inc., Equity One (Copps Hills) LLC, the landlord for Store 10389 in Ridgefield, Connecticut, raised similar objections to that raised by the Landlord in the Landlord Objections.  *See* Docket No. 2947.

10.     At a hearing on October 27, 2025, the Court overruled Equity One (Copps Hills) LLC's objection, approving the assumption and assignment of the Debtors' lease with Equity One (Copps Hills) LLC to Dollar Tree Stores, Inc.  *See* Docket Nos. 3127 and 3222.

11.     The Landlord has acknowledged that the Landlord's Objections would be similarly overruled by the Court and that the Court will approve the assumption and assignment to Five Below over the Landlord's objection and thus, without consenting to the assumption and assignment of the Camarillo Lease to Five Below, will not contest the entry of the *Order Approving Assumption and Assignment of Certain Unexpired Leases Designated in Notice of Debtors Thrifty*

*Payless, Inc., The Bartell Drug Company and Thrift Drug, Inc.'s Five Below Assumption and Assignment*, attached hereto as **Exhibit A** (the "Proposed Order").

      12.    If there are no objections to the entry of the Proposed Order within seven (7) days from the date of this Certification, the Debtors will respectfully request that the Court enter the Proposed Order attached hereto as **Exhibit A** approving the assumption and assignment of the Camarillo Lease to Five Below on the terms set forth therein.

[*Remainder of page intentionally left blank*]

4

Dated:  December 12, 2025

Respectfully submitted,

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com
            svanaalten@coleschotz.com

-and-

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email:      arosenberg@paulweiss.com
            aeaton@paulweiss.com
            chopkins@paulweiss.com
            smitchell@paulweiss.com

*Co-Counsel to the Debtors and
Debtors in Possession*

Exhibit A

**Assumption Order**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re:<br><br>NEW RITE AID, LLC, *et al*.,<br><br>                         Debtors.[1] | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

### ORDER APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES DESIGNATED IN NOTICE OF DEBTORS' THRIFTY PAYLESS, INC., THE BARTELL DRUG COMPANY AND THRIFT DRUG, INC. FIVE BELOW ASSUMPTION AND ASSIGNMENT

### [Related to Docket No. 2973]

The relief set forth on the following pages, numbered three (3) through thirteen (13), is

**ORDERED**.

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

Caption in Compliance with D.N.J. LBR 9004-1(b)

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com


-and-


**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com


*Co-Counsel to the Debtors and
Debtors in Possession*

| | |
|---|---|
| (Page 3) | |
| Debtors: | New Rite Aid, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving Assumption and Assignment of Certain Unexpired Leases Designated in Notice of Debtors Thrifty Payless, Inc., The Bartell Drug Company and Thrift Drug, Inc.'s Five Below Assumption and Assignment |

Pursuant to the *Order (I) Approving the Asset Purchase Agreement Among Debtors and Buyer, (II) Authorizing the Sale of Designation Rights to Certain Leases Free and Clear of Liens, Claims, Interests, and Encumbrances, (III) Approving Assignment and Assumption Procedures for the Designated Leases and (IV) Granting Related Relief* [Dkt. 2257] (the "Sale Order"); and this Court having jurisdiction over this matter under 28 U.S.C. § 1334; and this Court having found that this is a core proceeding under 28 U.S.C. § 157(b) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding in this district is proper under 28 U.S.C. § 1408; and this Court having found that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having properly filed and served the *Notice of Debtors' Thrifty Payless, Inc., The Bartell Drug Company and Thrift Drug, Inc. Five Below Assumption and Assignment of Certain Unexpired Leases* [Dkt. 2973] (the "Assumption Notice") to each applicable party, including those parties set forth in Schedule 1 attached hereto (the "Assumption Schedule"), in accordance with the terms of the Sale Order and the Rejection and Assumption Procedures Order; and due and proper notice of the Sale Order and Assumption Notice having been provided to each applicable counterparty, and it appearing that no other notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.    For the same reasons stated on the record at the hearing held before the Court on October 27, 2025 (the "October 2025 Hearing"), the *Lease Counterparty 7900 Bellaire I, Ltd.'s*

| (Page 4) | |
| --- | --- |
| Debtors: | New Rite Aid, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving Assumption and Assignment of Certain Unexpired Leases Designated in Notice of Debtors Thrifty Payless, Inc., The Bartell Drug Company and Thrift Drug, Inc.'s Five Below Assumption and Assignment |

*Objection to Five Below, Inc.'s Assumption of the Lease for Store 5775* [Docket No. 3205] is hereby **OVERRULED** in its entirety.  In accordance with this Court's ruling at the October 2025 Hearing, assignment of the Designated Lease to the Assignee (defined below) pursuant to this Order is without consent or permission of the landlord under the Designated Lease, and Assignee shall be permitted to operate under the Designated Lease in accordance with the terms of this Order.  Further, Assignee and the landlord under the Designated Lease shall have no liability for claims or causes of action (whether known or unknown) alleging that Assignee's operation under the Designated Lease in accordance with the terms of this Order is a violation of the provisions of any lease for other premises in the shopping center where the premises that are the subject of the Designated Lease are operated, and all other persons and entities holding such claims are hereby forever barred, estopped, and permanently enjoined from asserting or pursuing such claims against the Assignee, the landlord under the Designated Lease, or either of their affiliates, successors or assigns.

2.    The Designated Leases listed in the Assumption Schedule are assumed and assigned to Five Below, Inc. (or its designee) (the "Assignee"), effective as of the Lease Assignment Closing Date (defined below), pursuant to the terms and conditions set forth in this Order, the Sale Order and that certain Asset Purchase Agreement, dated as of [•], 2025, by and

| (Page 5) | |
| --- | --- |
| Debtors: | New Rite Aid, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving Assumption and Assignment of Certain Unexpired Leases Designated in Notice of Debtors Thrifty Payless, Inc., The Bartell Drug Company and Thrift Drug, Inc.'s Five Below Assumption and Assignment |

among the Assignee and [•] (and any applicable affiliates) (the "<u>Purchase Agreement</u>"),[1] which is hereby incorporated herein by reference.

3.      Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of any Designated Lease shall:

      a.   be free and clear of all Interests (as defined in the Sale Order), other than any Interests expressly assumed under, or expressly permitted by, the Purchase Agreement; and

      b.   constitute a legal, valid and effective transfer of such Designated Lease and vest the Assignee with all rights, title, and interests to the applicable Designated Lease.

4.      Pursuant to section 365(b)(1)(A) and (B) of the Bankruptcy Code, within five (5) Business Days following the Lease Assignment Closing Date[2] for any Designated Lease, the Assignee shall pay to the Debtors all undisputed cure amounts set forth in <u>Schedule 1</u> attached hereto (the "<u>Cure Amounts</u>") with respect to each such Designated Lease, which the Debtors shall pay directly to the applicable landlords with respect to the applicable amounts due to such landlords or, if the Debtors have already paid such amounts, shall be retained by the Debtors as reimbursement thereof. The Cure Amounts represent any and all amounts accrued and owed under the Designated Lease through the Lease Assignment Closing Date and represent Assignee's sole payment obligation on behalf of the applicable Debtor's outstanding liabilities. Assignee's sole

---

[1]      Capitalized terms not defined herein have the meaning attributed to them in the Sale Order or Purchase Agreement, as applicable.

[2]      For each Designated Lease, the "Lease Assignment Closing Date" shall be the first (1st) Business Day after entry of this Assumption and Assignment Order.

(Page 6)

| | |
|---|---|
| Debtors: | New Rite Aid, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving Assumption and Assignment of Certain Unexpired Leases Designated in Notice of Debtors Thrifty Payless, Inc., The Bartell Drug Company and Thrift Drug, Inc.'s Five Below Assumption and Assignment |

obligation with respect to the Cure Amounts shall be to pay such amounts and any other amounts agreed upon between the applicable Debtor and Assignee.

5. From and after each Lease Assignment Closing Date, (a) the Debtors and their estates shall be relieved of any liability for breach of such Designated Lease occurring after the applicable Lease Assignment Closing Date pursuant to section 365(k) of the Bankruptcy Code; and (b) except for the Assignee's obligation to pay the applicable Cure Amount, the applicable Designated Lease landlord is barred and permanently enjoined from asserting against the Debtors or the Assignee any existing or accrued default, claim or liability arising from or relating to the Designated Lease for the period prior to the applicable Lease Assignment Closing Date. Further, Assignee shall have no liability for claims or causes of action (whether known or unknown), including third-party tort claims that arose prior to the Lease Assignment Closing Date or claims for incidents that occurred prior to the applicable Lease Assignment Closing Date, and all other persons and entities holding such claims attributable to the period prior to the Lease Assignment Closing Date, are hereby forever barred, estopped, and permanently enjoined from asserting or pursuing such claims against the Assignee, its affiliates, successors or assigns, its property or the applicable Designated Lease.

6. Any provision in any Designated Lease that purports to declare a breach or default as a result of a change or transfer of control or as a result of any interest of or in respect of the Debtors is unenforceable (in connection with the assignment of a Designated Lease to Assignee),

| | |
|---|---|
| (Page 7) | |
| Debtors: | New Rite Aid, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving Assumption and Assignment of Certain Unexpired Leases Designated in Notice of Debtors Thrifty Payless, Inc., The Bartell Drug Company and Thrift Drug, Inc.'s Five Below Assumption and Assignment |

and all Designated Leases shall remain in full force and effect notwithstanding assignment thereof

to Assignee. No sections or provisions of any Designated Lease, that in any way purport to,

      a. prohibit, restrict or condition the Debtors' assignment of such Designated Lease (including, but not limited to, continuous operation covenants, use restrictions or the conditioning of such assignment on the consent of the non-debtor party to such Designated Lease);

      b. provide for the cancellation or modification of the terms of the Designated Lease based on the filing of a bankruptcy case, the financial condition of the Debtors or similar circumstances, such as those prohibited by section 365(e) of the Bankruptcy Code;

      c. provide for additional payments (_e.g._, so called "profit" sharing/splitting), penalties, fees, charges or other financial accommodations in favor of the non-debtor third party to such Designated Lease upon assignment thereof; or

      d. provide for any rights of first refusal on a landlord's part, or any recapture or termination rights in favor of a landlord, or any right of a landlord to take an assignment or sublease from a tenant,

shall have any force or effect with respect to the grant and honoring of the designation rights

provided for in the Purchase Agreement, because they constitute unenforceable anti-assignment

provisions under section 365(f) of the Bankruptcy Code and/or are otherwise unenforceable under

section 365(e) of the Bankruptcy Code, in connection with the assignment of a Designated Lease

to Assignee pursuant to the Purchase Agreement.

      7.      Upon the assumption and assignment of a Designated Lease to Assignee under the

provisions of this Order, no default shall exist under the Designated Lease, and no counterparty to

the Designated Lease shall be permitted to declare a default by any Debtor or otherwise take action

(Page 8)

| | |
|---|---|
| Debtors: | New Rite Aid, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving Assumption and Assignment of Certain Unexpired Leases Designated in Notice of Debtors Thrifty Payless, Inc., The Bartell Drug Company and Thrift Drug, Inc.'s Five Below Assumption and Assignment |

against Assignee or the Debtors as a result of any Debtor's financial condition, bankruptcy or failure to perform any of its obligations under the Designated Lease. Upon assumption and assignment of any Designated Lease pursuant to this Order, the Assignee shall enjoy all of the rights and benefits under each such Designated Lease as of the applicable Lease Assignment Closing Date.

8.      Subject to an applicable landlord's right to object pursuant to the Rejection and Assumption Procedures Order, notwithstanding any provision in any Designated Lease that purports to prohibit, restrict or condition such action, upon the assumption and assignment of such Designated Lease to Assignee in accordance with the terms of this Order,

    a.  Assignee shall be authorized to:

        i.  use the applicable store, subject to section 365(b)(3) of the Bankruptcy Code, upon consummation of the assumption and assignment of such Designated Lease to Assignee for Assignee's operation under the name Five Below for use as a retail store selling variety and general merchandise ("Assignee's Permitted Use"), and Assignee shall not be prevented from doing so by any recorded or unrecorded restriction, or exclusive granted by landlord;

        ii.  operate such store under the Assignee's trade name or any other trade name that the Assignee owns or is authorized to use;

        iii.  make such alterations and modifications to the applicable store (including signage, together with appropriate changes to existing tenant signage in the respective shopping center or mall, including storefront signs, panels on all pylons, monuments, directional and other ground and off-premises signs where the Debtors are presently represented) deemed necessary by the Assignee as are necessary or desirable for the Assignee to conform such store to the Assignee's typical retail store consistent with Assignee's Permitted Use, submit and execute all

(Page 9)

| | |
|---|---|
| Debtors: | New Rite Aid, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving Assumption and Assignment of Certain Unexpired Leases Designated in Notice of Debtors Thrifty Payless, Inc., The Bartell Drug Company and Thrift Drug, Inc.'s Five Below Assumption and Assignment |

building and signage permit applications without further consent of any party upon production of a copy of this Order, and any conditions grandfathered for the benefit of the Debtors shall be grandfathered for the benefit of Assignee;

iv.  remain "dark" with respect to such store after such assumption and assignment until the date that is necessary to permit Assignee to remodel, restock, re-fixture, change signage and/or until completion of the work described in clause (iii) above (so long as such date is not more than two hundred twenty (220) days after the applicable Lease Assignment Closing Date or such longer period as may be allowed under the lease) or such later date as may be reasonably required for the restoration of such store or as may be agreed to by Assignee and the applicable landlord;

v.  self-insure any of its insurance obligations under the Designated Lease so long as Assignee shall have at all times a net worth of at least Fifty Million Dollars ($50,000,000); *provided*, however, to the extent any obligation cannot be self-insured any required insurance may be satisfied by both general and umbrella coverage; and

vi.  exercise, utilize or take advantage of any renewal options and any other current or future rights, benefits, privileges, and options granted or provided to the Debtors under such Designated Lease (including all of the same which may be described or designated as, or purport to be, "personal" to the Debtors or to a named entity in such Designated Lease or to be exercisable only by the Debtors or by a named entity or an entity operating under a specific trade name); and

b.  any reference in the Designated Lease to the Debtors shall hereinafter mean Assignee.

9.    Upon payment of the Cure Amounts with respect to any Designated Lease, the applicable landlord shall be forever barred and enjoined from asserting against the Debtors, their estates and the Assignee any claim in connection with: (a) any breach or default, monetary or non-monetary, existing and which accrued prior to the Lease Assignment Closing Date with respect to

| (Page 10) | |
|---|---|
| Debtors: | New Rite Aid, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving Assumption and Assignment of Certain Unexpired Leases Designated in Notice of Debtors Thrifty Payless, Inc., The Bartell Drug Company and Thrift Drug, Inc.'s Five Below Assumption and Assignment |

the Designated Lease, or (b) any objection to the assumption and assignment of such Designated Lease, whether or not such non-debtor party filed a proof of claim.

10.     The Debtors are authorized to take any action necessary to implement the terms of this Order and the assumption and assignment without further order from this Court. All persons that are currently in possession of the premises leased under the Designated Lease are hereby directed to surrender possession of the premises to the Assignee as of the entry of this Order and the effective date of assignment as set forth in the Assumption Schedule.

11.     All recording officers are authorized to strike recorded encumbrances, claims, liens and other interests against the Designated Lease recorded prior to the date of this Order. To the extent permitted by applicable law, a certified copy of this Order may be filed with the appropriate recording officers to evidence cancellation of any recorded encumbrances, claims, liens and other interests against the Lease recorded prior to the date of this Order. All recording officers are hereby authorized to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement and this Order. Utility providers are directed not to discontinue service and to cooperate with the transfer of utilities to Assignee without any transfer fees. Assignee's liability for such utility usage commences on the Lease Assignment Closing Date; *provided*, for the avoidance of doubt, that this Order does not affect the Debtors' liability, if any, for utility charges incurred before the Lease Assignment Closing Date nor does this Order alter the Buyer's obligations with respect to Carrying Costs under the Sale Order.

(Page 11)

| | |
|---|---|
| Debtors: | New Rite Aid, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving Assumption and Assignment of Certain Unexpired Leases Designated in Notice of Debtors Thrifty Payless, Inc., The Bartell Drug Company and Thrift Drug, Inc.'s Five Below Assumption and Assignment |

12.    The Assignee and its affiliates, successors and assigns shall not be deemed or considered to:

   a.   be a legal successor, or otherwise be deemed a successor to any of the Debtors,

   b.   have, *de facto* or otherwise, merged with or into any or all Debtors, or

   c.   be a continuation or substantial continuation, or be holding itself out as a mere continuation, of any of the Debtors or their respective estates, businesses or operations, or any enterprise of the Debtors, in each case by any law or equity, and the Assignee has not assumed nor is it in any way responsible for any liability or obligation of the Debtors or the Debtors' estates except as expressly set forth herein.

13.    The Assignee and its affiliates, successors and assigns shall have no successor, transferee or vicarious liability of any kind or character, including, under any theory of foreign, federal, state or local antitrust, environmental, successor, tax, ERISA, assignee or transferee liability, labor, product liability, employment, de facto merger, substantial continuity or other law, rule regulation or doctrine, whether known or unknown as of the Lease Assignment Closing Date, now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, liquidated or unliquidated with respect to the Debtors or any obligations of the Debtors arising prior to the Lease Assignment Closing Date, including liabilities on account of any taxes or other governmental authority fees, contributions or surcharges, in each case arising, accruing or payable under, out of, in connection with, or in any way relating to, the Designated Lease prior to the Lease Assignment Closing Date or arising based on actions of the Debtors taken after the Lease Assignment Closing Date.

(Page 12)

| | |
|---|---|
| Debtors: | New Rite Aid, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving Assumption and Assignment of Certain Unexpired Leases Designated in Notice of Debtors Thrifty Payless, Inc., The Bartell Drug Company and Thrift Drug, Inc.'s Five Below Assumption and Assignment |

14.     The Assignee is a "good faith purchaser," within the meaning of section 363(m) of the Bankruptcy Code, of the Designated Leases and is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code. The parties will be acting in good faith if they proceed to consummate the assignment at any time after entry of this Order. This Order is effective immediately, notwithstanding Bankruptcy Rules 6004(h), 6006(d), and any similar provision of law.

15.     Any and all property located on or in the leased premises after the Lease Assignment Closing Date of the applicable Designated Lease shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Lease Assignment Closing Date. As of the Lease Assignment Closing Date, the Assignee or its designee may, in its sole discretion and without further notice to any party or order of the Court, utilize and/or dispose of such abandoned property without further notice or liability to the Debtors or consenting third parties and, to the extent applicable, the automatic stay is modified to allow such disposition. The rights of the counterparty to each Designated Lease to assert claims against the Debtors for the disposition of the abandoned property are reserved, as are all parties' rights to object to such claims.

16.     Notwithstanding anything to the contrary in this Order, the Auction Procedures, Bidding Procedures Order, any Assumption and Assignment Notice, any Assumption and Assignment Order, Purchase Agreement, the Assignment Agreement, side letter(s), or any document or agreement related to any of the forgoing, none of the Debtors' insurance policies

| (Page 13) | |
|---|---|
| Debtors: | New Rite Aid, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order Approving Assumption and Assignment of Certain Unexpired Leases Designated in Notice of Debtors Thrifty Payless, Inc., The Bartell Drug Company and Thrift Drug, Inc.'s Five Below Assumption and Assignment |

(and/or any agreements related thereto between any of the Debtors, on the one hand, and the

limitation, any collateral or security provided by or on behalf of any of the Debtors, and any

rights, proceeds, benefits, claims, rights to payments and/or recoveries thereunder and/or any

claims handling service agreements, shall be abandoned, sold, assumed and assigned, assigned,

or otherwise transferred without the express prior written consent of the applicable insurer and/or

third-party administrator; provided, however, that, to the extent any claim with respect to any

Designated Lease arises that is covered by any of the Debtors' insurance policies, the Debtors

may pursue such claim in accordance with the terms of the applicable insurance policy, and, if

applicable, turn over to Buyer any such insurance proceeds (each, a "Proceed Turnover"),

provided, further, however, that none of the Debtors' insurers shall not have any duty to Buyer

to effectuate a Proceed Turnover or liability to Buyer related to a Proceed Turnover.

17.    This Court shall retain jurisdiction to resolve any dispute arising from or related to

this Order.

## SCHEDULE 1

### ASSIGNMENT SCHEDULE

| Landlord Counterparty | Debtor Counterparty | Assignee | Cure Amount | Assumption Date | Store Number | Store Address |
|---|---|---|---|---|---|---|
| 7900 Bellaire I Ltd. | Thrifty Payless, Inc. | Five Below, Inc. | $88,863.91 | The first (1st) Business Day after entry of the Assumption and Assignment Order. | 5775 | 2400 B Las Posas Road Camarillo, CA 93010 |