Caption in Compliance with D.N.J. LBR 9004-1(b)

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
|---|
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br>                    Debtors.[1] |

Order Filed on December 15, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Chapter 11

Case No. 25-14861 (MBK)

(Jointly Administered)

# SUPPLEMENTAL ORDER TO ORDER APPROVING THE DISCLOSURE STATEMENT AND CONFIRMING THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF NEW RITE AID, LLC AND ITS DEBTOR AFFILIATES (TECHNICAL MODIFICATIONS)

The relief set forth on the following pages, numbered one (1) through four (4) is

**ORDERED.**

**DATED: December 15, 2025**

*Honorable Michael B. Kaplan*
United States Bankruptcy Judge

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims, noticing, and solicitation agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:     msirota@coleschotz.com
           wusatine@coleschotz.com
           fyudkin@coleschotz.com
           svanaalten@coleschotz.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email:    arosenberg@paulweiss.com
          aeaton@paulweiss.com
          chopkins@paulweiss.com
          smitchell@paulweiss.com

*Co-Counsel to the Debtors and Debtors in Possession*

Case 25-14861-MBK    Doc 3536    Filed 12/15/25    Entered 12/15/25 15:58:49    Desc Main
Document      Page 3 of 5

(Page | 3)
Debtors: NEW RITE AID, LLC, *et al.*
Case No: 25-14861 (MBK)
Caption of Order:  Supplemental Order to Order Approving the Disclosure Statement For, and Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)

**WHEREAS**, on November 26, 2025, the Bankruptcy Court entered the *Order Approving the Disclosure Statement and Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3445] (the "Confirmation Order"); and

**WHEREAS**, the Debtors and other parties in interest have reached resolutions with respect to certain matters that remained subject to ongoing negotiation as of entry of the Confirmation Order:

## ORDER

**IT IS DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED THAT:**

1. Paragraph 106 of the Confirmation Order is amended and restated in its entirety as follows:

   **Binding Effect**. Notwithstanding Bankruptcy Rules 3020(e), 6004(h), or 7062 or otherwise, upon the occurrence of the Effective Date, the terms of the Plan and the Plan Supplement shall be immediately effective and enforceable and deemed binding upon the Debtors, the Reorganized Debtors, the Wind-Down Debtors, and any and all Holders of Claims or Interests (regardless of whether their Claims or Interests have, or are deemed to have, accepted the Plan), all Entities that are parties to or are subject to the settlements, compromises, releases, and injunctions described in the Plan, each Entity acquiring property under the Plan or this Confirmation Order, and any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtors, except with respect to any Executory Contract or Unexpired Lease included on the Schedule of Assumed Executory Contracts and Unexpired Leases that is subject to an unresolved dispute or adjourned objection, or the Subsequent Objection Deadline on the Confirmation Date.

2. Paragraph 119 of the Confirmation Order is amended and restated in its entirety as follows:

   **McKesson Equity Distribution and Reorganized Debtors**. On the Effective Date (or before the Effective Date, as specified in the Restructuring Steps Memorandum), the Debtors or the Reorganized Debtors (as applicable) and McKesson are authorized and directed to take all actions set forth in the Restructuring Steps Memorandum, and enter into any transaction and take any actions as may be necessary or appropriate to effect the

Case 25-14861-MBK    Doc 3536    Filed 12/15/25    Entered 12/15/25 15:58:49    Desc Main
Document      Page 4 of 5

(Page | 4)
Debtors: NEW RITE AID, LLC, *et al.*
Case No: 25-14861 (MBK)
Caption of Order:  Supplemental Order to Order Approving the Disclosure Statement For, and Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)

Restructuring Transactions described in the Plan (as determined by the Debtors and McKesson in their reasonable discretion), subject in all respects to the terms set forth in the Plan, including, as applicable:  (a) the execution and delivery of appropriate agreements or other documents of merger, amalgamation, consolidation, restructuring, conversion, disposition, transfer, arrangement, continuance, dissolution, sale, purchase, or liquidation containing terms that are consistent with the terms of the Plan and that satisfy the applicable requirements of applicable law and any other terms to which the applicable Entities may agree; (b) the execution and delivery of appropriate instruments of transfer, assignment, assumption, or delegation of any asset, property, right, liability, debt, or obligation on terms consistent with the terms of the Plan and having other terms for which the applicable Entities agree; (c) the filing of appropriate certificates or articles of incorporation, reincorporation, merger, consolidation, conversion, amalgamation, arrangement, continuance, or dissolution pursuant to applicable state or provincial law; (d) the issuance of the New Equity Interests constituting the McKesson Equity Distribution and any other securities necessary to implement the Restructuring Transactions, all of which shall be authorized and approved in all respects; (e) the execution and delivery of the Definitive Documents; (f) the payment by McKesson to the Debtors or Reorganized Debtors of all payments to be made by McKesson as set forth in the Restructuring Steps Memorandum; *provided* that if the Effective Date occurs after closing of the sale described in that certain *Notice of (I) Successful Bidder, (II) Adjournment of Intangible Assets Auction, and (III) Filing of Proposed Order (A) Authorizing and Approving the Sale of Certain of the Debtors' Assets, With Such Sales to be Free and Clear of All Liens, Claims, and Encumbrances, and (B) Granting Related Relief* (the "IP Sale Notice"), the contribution to the Wind-Down Debtors in consideration of the covenants and releases under the RSA and the Plan shall be $19,700,000 rather than $20,000,000 and all Purchased Assets (as defined in the IP Sale Notice) shall be Excluded Assets (as defined in the Restructuring Steps Memorandum); and (g) all other actions that the Debtors and McKesson determine to be necessary or appropriate in connection with the Consummation of the Plan, in their reasonable discretion.

3.      Paragraph 140 of the Confirmation Order is amended and restated in its entirety as follows:

**DOJ Settlement**. On the Effective Date, the Debtors are authorized and directed to pay to the United States Department of Justice ("DOJ") a cash payment in the aggregate amount of $2,000,000 (the "DOJ Payment") without further order of the Court, in full and final satisfaction of Rite Aid Corporation's obligations under Paragraph 1 of that certain Settlement Agreement, dated July, 3, 2024, by and among the United States of America, acting through the DOJ and on behalf of the Office of Inspector General of the Department of Health and Human Services; Elixir Insurance Company ("EIC") and Rite Aid Corporation, Elixir Rx Options, Elixir Rx Solutions, and Relator Glenn Rzeszutko (the "EIC Settlement"), as amended by that certain Amendment to EIC Settlement (the "EIC Settlement Amendment").  The Debtors and EIC are authorized and directed to execute, enter

(Page | 5)
Debtors: NEW RITE AID, LLC, *et al.*
Case No: 25-14861 (MBK)
Caption of Order: Supplemental Order to Order Approving the Disclosure Statement For, and Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)

into, and take all actions necessary to effectuate the EIC Settlement Amendment. For the avoidance of doubt, the effectiveness of the EIC Settlement Amendment is subject to, among other things, approval by the United States of America, acting through the DOJ, which, if given, will be reflected by the DOJ's execution of the EIC Settlement Amendment. In accordance with the EIC Settlement Amendment, on the Effective Date, the Debtors, Reorganized Debtors, Wind-Down Debtors, DIP Lenders, DIP Agent, and Unitholders (on behalf of themselves, their Affiliates, and any party acting at their direction) shall be deemed to have waived and released any and all rights to recover from EIC on account of any Claims or Causes of Action, including those arising under or relating to the *Order Approving the Disclosure Statement and Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of Rite Aid Corporation and Its Debtor Affiliates (With Further Modifications)*, In re Rite Aid Corporation, *et al.*, Case No. 23-18993 (MBK) (Bankr. D.N.J.) [Docket No. 4532] (the "Prior Confirmation Order") or the confirmed chapter 11 plan attached to the Prior Confirmation Order (the "Prior Chapter 11 Plan"), and upon receipt of the DOJ Payment, the United States shall be deemed to have released the Debtors, the Reorganized Debtors, and the Wind-Down Debtors pursuant to Paragraph 6 of the EIC Settlement; *provided* that any claims of the United States against EIC arising out of or relating to the EIC Settlement, as amended, are unaffected and expressly preserved along with the "Allowed DOJ Claim" (as defined in the EIC Settlement) granted and approved by the Prior Confirmation Order. For the avoidance of doubt, from and after the Effective Date, and upon receipt of the DOJ Payment and execution by the United States, Rite Aid Corporation, and Relator Glenn Rzeszutko of the EIC Settlement Amendment, no Claim, right, or Cause of Action for the Covered Conduct released under Paragraph 6 of the EIC Settlement shall be asserted or enforced by the United States against any Debtor, Reorganized Debtor, or Wind-Down Debtor, and any such Claims, rights, or Causes of Action against any Debtor, Reorganized Debtor, or Wind-Down Debtor are fully released and enjoined pursuant to the Plan and this Confirmation Order (collectively, the "DOJ Settlement"). It shall be a condition precedent to Effective Date that the DOJ has informed the Debtors, DIP Agent, and the Bankruptcy Court that it has obtained approval of the proposed DOJ Settlement and for entry into the Settlement Amendment on or prior to December 19, 2025 (or such later date as approved by the Required DIP Co-Collateral Agents in their collective and absolute discretion), and such proposed settlement and the EIC Settlement Amendment shall (a) be in form and substance acceptable to the Debtors, the DIP Agent, and McKesson, and (b) become effective and binding before or concurrently with the Effective Date. If the DOJ has not so informed the Debtors, DIP Agent, and the Court on or prior to December 19, 2025, all non-DOJ parties shall appear before this Court to show cause why these Chapter 11 Cases should not be dismissed or converted to chapter 7 on December 23, 2025, at 11:30 a.m. (prevailing Eastern Time).

4.      Except as expressly set forth herein, the Confirmation Order shall not be modified

or amended in any respect and shall continue in full force and effect.

5