| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.**<br>Arthur J. Abramowitz, Esq.<br>Ross J. Switkes, Esq.<br>308 Harper Drive, Suite 200<br>Moorestown, NJ 08057<br>Tel: (856) 662-0700<br>aabramowitz@shermansilverstein.com<br>rswitkes@shermansilverstein.com<br><br>*Local Counsel to the Rite Aid Sub-Trust B* | **GRANT & EISENHOFER P.A.**<br>Gordon Z. Novod, Esq.<br>Meagan Farmer, Esq.<br>485 Lexington Avenue, 29th Floor<br>New York, NY 10017<br>Tel: (646) 722-8500<br>gnovod@gelaw.com<br>ahayes@gelaw.com<br>mfarmer@gelaw.com<br><br>*Co-Counsel to the Rite Aid Sub-Trust B* |
| **GILBERT LLP**<br>Kami E. Quinn, Esq.<br>Daniel I. Wolf, Esq.<br>Beth A. Koehler, Esq.<br>700 Pennsylvania Avenue, SE<br>Suite 400<br>Washington, DC 20003<br>Tel: (202) 772-2336<br>quinnk@gilbertlegal.com<br>wolfd@gilbertlegal.com<br>koehlerb@gilbertlegal.com<br><br>*Co-Counsel to the Rite Aid Sub-Trust B* | **MCKOOL SMITH**<br>Kyle A. Lonergan, Esq.<br>James H. Smith, Esq.<br>1301 Avenue of the Americas<br>32nd Floor<br>New York, NY 10019<br>Tel: (212) 402-9425<br>klonergan@mckoolsmith.com<br>jsmith@mckoolsmith.com<br><br>*Co-Counsel to the Rite Aid Sub-Trust B* |

**GILBERT LLP'S DECLARATION IN SUPPORT OF RAD SUB-TRUST B'S MOTION FOR ENTRY OF AN ORDER (1) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF**

I, LISA A. EVANS, declare pursuant to 28 U.S.C. § 1746, under penalty of perjury that the following is true to the best of my knowledge, information, and belief in connection with *RAD Sub-Trust B's Motion for Entry of an Order (1) Authorizing and Directing the Debtors to Share*

*Data Containing Protected Information Pursuant to the 2023 Plan; and (II) Granting Related Relief*[1] (the "Motion").

1.  I am E-Discovery Senior Counsel at Gilbert LLP ("Gilbert"), declarant as detailed herein for co-counsel to the RAD Sub-Trust B in the above-referenced matter, as well as *Magnus, et al., v. Rite Aid Corporation*, Adv. Case No. 24-01211 (MBK), and *Rite Aid Corp. v. ACE Am. Ins. Co.*, No. N19C-04-150, pending in the Delaware Superior Court.

2.  Gilbert's attorneys, paralegals, and E-Discovery personnel frequently handle sensitive information involving Protected Health Information ("PHI") in numerous cases. Collectively, Gilbert's attorneys, paralegals, and E-Discovery professionals have decades of experience managing, reviewing, and safeguarding PHI governed by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), its implementing regulations, and comparable state privacy laws.

3.  Gilbert has handled PHI in matters involving individuals, insurers, pharmaceutical entities, healthcare providers, and other regulated organizations without any known unauthorized disclosure, security breach, or violation of HIPAA or other applicable privacy regulations.

4.  In particular, Gilbert has handled PHI in cases involving bodily injury or other personal injury such as mental anguish.

5.  In matters involving PHI, Gilbert's attorneys and professionals follow standardized workflows designed to ensure compliance with all applicable privacy and security obligations. These workflows include: (a) identification and tagging of PHI-containing documents during processing and review; (b) application of redactions to PHI where required by

---

[1] The motion was initially styled as *Joint Motion of RAD Sub-Trust A and RAD Sub-Trust B for Entry of an Order (1) Authorizing and Directing the Debtors to Share Data Containing Protected Information Pursuant to the 2023 Plan; and (II) Granting Related Relief*. (Dkt. 3166).

court orders, protective orders, or negotiated protocols; (c) anonymization of PHI when required by court orders, protective orders, or negotiated protocols; (d) quality-control checks and secondary reviews to ensure PHI is not inadvertently disclosed; (e) limitation of PHI access to authorized reviewers with a legitimate need to know; and (f) maintenance of audit trails and documentation regarding our PHI-handling procedures.

6. While Gilbert will not be collecting, hosting, or processing the "flat file" requested in the Motion, Gilbert's E-Discovery personnel also have significant experience in the collection, processing, and production of electronically-stored information ("ESI") containing sensitive personal information, including PHI.

7. Gilbert maintains robust technical and administrative safeguards when it is hosting PHI. These include, but are not limited to: (a) secure and encrypted storage of ESI within restricted-access review platforms; (b) multi-factor authentication, role-based permissions, and logging of all user activity; (c) secure file transfer protocols, encryption of data in transit and at rest, and controlled export of documents; (d) segregation of PHI-containing materials when required by protective orders or confidentiality agreements; (3) use of vetted third-party service providers who adhere to equivalent or higher security standards.

8. Gilbert will continue to adhere to all court orders, protective orders, confidentiality agreements, statutory requirements, and industry best practices relating to the handling of PHI during discovery.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of our knowledge, information, and belief.

Dated: December 17, 2025

*Lisa Evans*
_____
Lisa A. Evans, Esq.
Gilbert LLP