**U.S. BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

In re:

NEW RITE AID, LLC, *et al.*,

Debtors.[1]

Order Filed on December 15, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Chapter 11

Case No. 25-14861 (MBK)

(Jointly Administered)

### ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE RITE AID LLC ASSET PURCHASE AGREEMENT, (II) APPROVING THE SALE OF PURCHASED ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (III) GRANTING RELATED RELIEF

_____

The relief set forth on the following pages, numbered three (3) through thirty-four (34) is

**ORDERED.**

**DATED: December 15, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel to the Debtors and
Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

Upon the motion dated May 6, 2025 [Docket No. 17] (the "Motion"),[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections 105, 363, and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules for the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), for an order (this "Order"): (a) authorizing and approving the entry into and performance under the terms and conditions of that certain Asset Purchase Agreement, dated as of December 5, 2025, by and among certain of the Debtors (the "Sellers") and Rite Aid LLC, (the "Purchaser"), substantially in the form attached hereto as **Exhibit 1** to the Order (as it may be amended, modified, or supplemented in accordance with its terms, the "Asset Purchase Agreement"), and all other transaction documents necessary and desirable to consummate the transactions contemplated by the Asset Purchase Agreement (the "Transaction Documents"); (b) authorizing the Debtors to sell the Purchased Assets (as defined in the Asset Purchase Agreement) to the Purchaser as described in the Asset Purchase Agreement, free and clear of liens, claims, Encumbrances, and other interests pursuant to section 363(f) of the Bankruptcy Code and in accordance with the terms set forth in the Asset Purchase Agreement (the "Sale"); (c) providing that the appointment of a consumer privacy ombudsman is not required; and

---

[2]     Capitalized terms used but not otherwise defined herein have the meaning given to such terms in the Motion, the *Order (I) Approving the Auction and Bidding Procedures, (II) Scheduling Certain Dates and Deadlines With Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, (VI) Authorizing (A) the Sale of Assets and (B) Shortened Notice With Respect Thereto, and (VII) Granting Related Relief* [Docket No. 473] (the "Bidding Procedures Order"), the Bidding Procedures, or the Asset Purchase Agreement, as applicable.

(Page | 4)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

_____

(d) granting related relief, all as more fully set forth in the Motion; and the Court having entered

the Bidding Procedures Order [Docket No. 473]; and the Debtors, on October 17, 2025, having

filed the *Notice of Sale by Auction for Debtors' Intangible Assets* [Docket No. 2918] (the "Auction

Notice"), scheduling an auction (the "Auction") for the Purchased Assets in accordance with the

Bidding Procedures; and offers for the Purchased Assets having been due on October 31, 2025 in

accordance with the Auction Notice; and the Auction having taken place on November 6, 2025;

and the Debtors having determined that the Purchaser has submitted the highest or otherwise best

bid for the Purchased Assets and determined that the Purchaser is the Successful Bidder, in

accordance with the Bidding Procedures; and the Debtors having filed and served the Auction

Notice and *Notice of (I) Successful Bidder, (II) Adjournment of Intangible Assets Auction, and

(III) Filing of Proposed Order (A) Authorizing and Approving the Sale of Certain of the Debtors'

Assets, With Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, and (B)

Granting Related Relief* [Docket No. 3487] (the "Notice of Successful Bidder and Sale Hearing")

in accordance with the Bidding Procedures Order; and the Debtors having filed and served the

Notice of Successful Bidder and Sale Hearing with respect to the Purchased Assets in accordance

with the Bidding Procedures, and the Debtors having filed the form of Order on May 9, 2025, and

the Court having held a hearing, if any (the "Sale Hearing"), at which time all interested parties

were offered an opportunity to be heard with respect to the Motion and the proposed Order; and

the Court having reviewed and considered the Motion, the Asset Purchase Agreement, the

proposed Order, and any and all objections to the Sale, the Asset Purchase Agreement, and the

other Transaction Documents filed in accordance with the Bidding Procedures Order; and upon

(Page | 5)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

---

the *Declaration of Jean-Pierre Khoueiri in Support of Entry of Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief* [Docket No. 3488]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their stakeholders, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and the proposed Order was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having considered the statements submitted in support of the relief requested therein; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing, it is hereby

**FOUND, CONCLUDED, AND DETERMINED THAT:**

**Petition Date; Jurisdiction, Venue, and Final Order**

A.      On May 5, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

(Page | 6)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

B.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h), 6006(d), and any other applicable Bankruptcy Rules or Local Rules, and to any extent necessary under Bankruptcy Rule 9014 and Federal Rule of Civil Procedure 54(b), as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of judgment as set forth herein.

D.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

**Notice of the Bidding Procedures Order, the Bidding Procedures,
the Asset Purchase Agreement and the Sale, the Auction, the Sale Hearing, and this Order**

E.      As evidenced by the Auction Notice and service thereof [Docket No. 2918], the Notice of Successful Bidder and Sale Hearing [Docket No. 3487], the form of Order [Docket No. 186], affidavits of service and publication previously filed with this Court, proper, timely, adequate, and sufficient notice of the Sale Hearing, the Asset Purchase Agreement, entry of this Order, and the Sale has been provided in accordance with section 363 of the Bankruptcy Code,

(Page | 7)

Debtors:            NEW RITE AID, LLC, et al.

Case No.            25-14861 (MBK)

Caption of Order:   Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite
                    Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased
                    Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests,
                    and (III) Granting Related Relief

Bankruptcy Rules 2002, 6004, 9007, and 9014, and Local Rule 6004-3. The foregoing notice was

good, sufficient, and appropriate under the circumstances, and no other or further notice of the

Sale Hearing, the Asset Purchase Agreement, or the Sale is required.

F.      No further notice beyond that described in this Order is required in connection with

the Sale.

G.      A reasonable opportunity to object or to be heard regarding the relief requested in

the Motion was afforded to all interested persons and entities.

## Authority to Execute and Perform Under the Asset Purchase Agreement

H.      The Debtors' performance under the Asset Purchase Agreement is approved in all

respects. The Debtors are authorized to execute and perform under the Asset Purchase Agreement

pursuant to sections 363 of the Bankruptcy Code and may close the Sale pursuant to the Asset

Purchase Agreement.

## Highest or Best Offer

I.      The Debtors conducted a sale process in accordance with (i) and have complied in

all respects with the Bidding Procedures Order and (ii) the purpose of obtaining the highest or

otherwise best offer for, and have afforded a full, fair, and reasonable opportunity for any interested

party to make a higher or otherwise better offer to purchase, the Purchased Assets (including

assumption of the Assumed Liabilities).

J.      (i) Prior to and from and after the commencement of these chapter 11 cases, the

Debtors and their advisors engaged in a robust and extensive marketing and sale process and

exercised sound business judgment; (ii) the Bidding Procedures were substantively and

(Page | 8)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

procedurally fair to all parties and the Debtors conducted a fair and open sale process in compliance therewith, (iii) the sale process, the Bidding Procedures, and the Auction, were non-collusive, duly noticed, and provided a full, fair, reasonable, and adequate opportunity for any entity that either expressed an interest in acquiring the Purchased Assets, or who the Debtors believed may have had an interest in acquiring the Purchased Assets, to make an offer to purchase the Debtors' assets, including, without limitation the Purchased Assets, (iv) the Debtors and the Purchaser have negotiated and undertaken their roles leading to the entry into the Asset Purchase Agreement in a diligent, non-collusive, fair, reasonable, and good-faith manner; and (v) the sale process conducted by the Debtors pursuant to the Bidding Procedures and the Bidding Procedures Order resulted in the highest or otherwise best value for the Purchased Assets for the Debtors and their estates, was in the best interest of the Debtors, their estates, their creditors, and all parties in interest, and any other transaction would not have yielded as favorable a result. There is no legal or equitable reason to delay entry into the Asset Purchase Agreement and the transactions contemplated therein.

K.    Approval of the Asset Purchase Agreement, and the consummation of the Sale contemplated thereby, is in the best interests of the Debtors, their respective creditors, estates, and other parties in interest. The Debtors have demonstrated good, sufficient, and sound business reasons and justifications for entering into the Sale and the performance of their obligations under the Asset Purchase Agreement. The Sale must be approved and consummated in order to maximize the value of the Debtors' estates.

L.    The consummation of the Sale outside a plan of reorganization pursuant to the Asset Purchase Agreement neither impermissibly restructures the rights of the Debtors' creditors nor

(Page | 9)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

impermissibly dictates the terms of a plan of reorganization or liquidation for the Debtors. The Sale does not constitute a *sub rosa* chapter 11 plan for which approval has been sought without the protections that a disclosure statement would afford.

M.    Entry of an order approving the Asset Purchase Agreement and all the provisions thereof is a necessary condition precedent to the Purchaser's consummation of the Sale.

**Good Faith of the Purchaser**

N.    The consideration to be paid by the Purchaser under the Asset Purchase Agreement was negotiated at arm's length, in good faith, and without collusion pursuant to section 363(m) of the Bankruptcy Code and constitutes reasonably equivalent value and fair and adequate consideration for the Purchased Assets. Specifically: (i) the Purchaser recognized that the Debtors were free to deal with any other party interested in purchasing the Purchased Assets; (ii) the Purchaser complied in all respects with the provisions in the Bidding Procedures Order in negotiating and entering into the Asset Purchase Agreement and the other Transaction Documents, and the Asset Purchase Agreement, the other Transaction Documents, and the transactions described therein comply with the Bidding Procedures Order; (iii) the Purchaser agreed to subject any bid to the competitive bid procedures set forth in the Bidding Procedures Order; (iv) all payments made by the Purchaser in connection with the Sale have been disclosed in the Asset Purchase Agreement; (v) no common identity of directors, officers, or controlling stockholders exists among the Purchaser and the Debtors; (vi) the negotiation and execution of the Asset Purchase Agreement was at arm's length and in good faith, and at all times each of the Purchaser and the Debtors were represented by competent counsel of their choosing; and (vii) the Purchaser

(Page | 10)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

has not acted in a collusive manner with any person. The Purchaser will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Asset Purchase Agreement. The terms and conditions set forth in the Asset Purchase Agreement are fair and reasonable under the circumstances and were not entered into for the purpose of, nor do they have the effect of, hindering, delaying, or defrauding the Debtors or their creditors under any applicable laws.

O.     The Debtors, the Purchaser, and each of their respective management, boards of directors, members, officers, directors, employees, agents, and representatives, as applicable, have acted in good faith. The Asset Purchase Agreement and the other Transaction Documents were negotiated, proposed, and entered into by the Debtors and the Purchaser in good faith, without collusion or fraud, and from arm's-length bargaining positions. The Purchaser is a "good faith purchaser" within the meaning of section 363(m) of the Bankruptcy Code, and, as such, is entitled to all the protections afforded thereby.

P.     The Asset Purchase Agreement and the transactions contemplated thereby cannot be avoided under section 363(n) of the Bankruptcy Code. The Debtors, the Purchaser, and their respective agents, representatives, and affiliates have not engaged in any conduct that would cause or permit the Asset Purchase Agreement or the consummation of the transactions contemplated thereby to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

(Page | 11)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

---

### Personally Identifiable Information

Q.      The transfer of personally identifiable information (as defined in section 101(41A) of the Bankruptcy Code) ("Personal Information") to be effected pursuant to the Transaction Documents complies with the Debtors' Privacy Policy in effect as of the Petition Date and, as a result, consummation of the Sale as set forth in the Transaction Documents is permitted pursuant to section 363(b)(1)(A) of the Bankruptcy Code.

R.      Accordingly, appointment of a consumer privacy ombudsman in accordance with sections 363(b)(1) or 332 of the Bankruptcy Code is not required with respect to the Sale and the transactions contemplated by the Transaction Documents.  To the extent applicable, the Notice of Successful Bidder and Sale Hearing contains any information required pursuant to Bankruptcy Rule 2002(c)(1).

### No Fraudulent Transfer

S.      The consideration provided by the Purchaser pursuant to the Asset Purchase Agreement for its purchase of the Purchased Assets and the assumption of the Assumed Liabilities constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act, and under the laws of the United States, any state, territory, possession, and the District of Columbia.

T.      Neither the Purchaser nor its past, present, and future subsidiaries, parents, divisions, affiliates, agents, representatives, insurers, attorneys, successors, and assigns, nor any of its nor their respective directors, managers, officers, employees, shareholders, members, agents, representatives, attorneys, contractors, subcontractors, independent contractors, owners, insurance

(Page | 12)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

companies, or partners (collectively, the "Purchaser Parties") is a continuation of the Debtors or their respective estates, and the Purchaser is not holding itself out to the public as a continuation of the Debtors or their respective estates and the Sale does not amount to a consolidation, merger, or *de facto* merger of the Purchaser and the Debtors.

### **Validity of Transfer**

U.     Subject to entry of this Order, the Debtors (i) have full corporate power and authority to execute and deliver the Asset Purchase Agreement and all other documents contemplated thereby, as applicable, (ii) have all of the power and authority necessary to consummate the Sale, and (iii) have taken all action necessary to authorize and approve the Asset Purchase Agreement and to consummate the Sale, and no further consents or approvals, other than those expressly provided for in the Asset Purchase Agreement, are required for the Debtors to consummate the transactions contemplated by the Asset Purchase Agreement, except as otherwise set forth in the Asset Purchase Agreement. The Purchased Assets constitute property of the Debtors' estates within the meaning of section 541(a) of the Bankruptcy Code, and title thereto is presently vested in the Debtors' estates.

### **Section 363(f) Is Satisfied**

V.     The Sale of the Purchased Assets to the Purchaser, including the Contracts, under the terms of the Asset Purchase Agreement meets the applicable provisions of section 363(f) of the Bankruptcy Code such that the Sale of the Purchased Assets will be free and clear of any and all liens, claims, Encumbrances, and other interests, and will not subject the Purchaser to any liability for any claims whatsoever (including, without limitation, under any theory of equitable

(Page | 13)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

law, antitrust, or successor or transferee liability) (collectively, "Claims and Interests"), except as expressly provided in the Asset Purchase Agreement with respect to the Assumed Liabilities and Permitted Liens[3]. All holders of Claims and Interests who did not object or who withdrew their objections to the Sale are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code and all holders of Claims and Interests are adequately protected—thus satisfying section 363(e) of the Bankruptcy Code—by having their Claims and Interests, if any, attach to the proceeds of the Sale ultimately attributable to the property against or in which they assert Claims and Interests or other specifically dedicated funds in the same order of priority and with the same validity, force, and effect that such holder had prior to the Sale, subject to (a) any rights, claims, and defenses of the Debtors or their estates, as applicable and (b) paragraph 40 of this Order. Those holders of Claims and Interests who did object and who have an interest in the Purchased Assets fall under one or more of the other subsections of section 363(f) of the Bankruptcy Code.

W.    The transfer of the Purchased Assets to the Purchaser under the Asset Purchase Agreement will be a legal, valid, and effective transfer of all of the legal, equitable, and beneficial right, title, and interest in and to the Purchased Assets free and clear of all Claims and Interests, except as expressly provided in the Asset Purchase Agreement with respect to the Assumed Liabilities and Permitted Liens. The Debtors may sell their interests in the Purchased Assets free and clear of all Claims and Interests because, in each case, one or more of the standards set forth

---

[3]    "Permitted Lien" shall have the same meaning as ascribed to "Permitted Encumbrance" in the Asset Purchase Agreement.

(Page | 14)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

---

in section 363(f) has been satisfied. The Purchaser would not have entered into the Asset Purchase

Agreement and the Transaction Documents and would not consummate the transactions

contemplated thereby, including, without limitation, the Sale, (i) if the transfer of the Purchased

Assets was not free and clear of all interest of any kind or nature whatsoever, including, without

limitation, rights or claims based on any successor, transferee, derivative or vicarious liability or

any similar theory, and/or applicable state or federal law or otherwise or (ii) if the Purchaser or

any of its affiliates or designees would, or in the future could, be liable for any interests, including,

without limitation, rights or claims based on any successor, transferee, derivative or vicarious

liability or any similar theory, and/or applicable state or federal law or otherwise, in each case,

subject only to the Assumed Liabilities and Permitted Liens. Not transferring the Purchased Assets

free and clear of all Claims and Interests of any kind or nature whatsoever, including, without

limitation, rights or claims based on any successor, transferee, derivative or vicarious liability or

any similar theory, and/or applicable state or federal law or otherwise (subject only to the Assumed

Liabilities and Permitted Liens) would adversely impact the Debtors' efforts to maximize the value

of their estates.

### **Prompt Consummation**

X.        The sale of the Purchased Assets must be approved and consummated promptly to

maximize value for the Debtors' estates, and avoid irreparable harm to the Debtors' estates and

their stakeholders, including their creditors and customers. Time, therefore, is of the essence in

effectuating the Asset Purchase Agreement. As such, the Debtors and the Purchaser intend to close

the sale of the Purchased Assets as soon as reasonably practicable in accordance with the terms of

(Page | 15)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

---

the Asset Purchase Agreement. The Debtors have demonstrated immediate and irreparable harm absent entry of this Order and compelling circumstances and a good, sufficient, and sound business purpose and justification for the immediate approval and consummation of the Asset Purchase Agreement. Accordingly, there is sufficient cause to waive the stay provided in Bankruptcy Rule 6004(h) and 6006(d) and any other applicable Bankruptcy Rule or Local Rule.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

**General Provisions**

1.      The Motion is **GRANTED** as set forth herein.

2.      All objections to or reservations of rights with respect to the Motion or the relief requested therein that have not been withdrawn or resolved are overruled with prejudice. All persons and entities who did not object or withdraw their objections to the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

3.      The Asset Purchase Agreement, attached hereto as **Exhibit 1,** and the other Transaction Documents and all terms and conditions thereof, are hereby approved in all respects. The failure to specifically include any particular provision of the Asset Purchase Agreement or the Transaction Documents in this Order shall not diminish or impair the effectiveness of such provision.

**Transfer of the Purchased Assets
as set forth in the Asset Purchase Agreement**

4.      The Debtors are authorized, but not directed, to take any and all actions necessary and appropriate to cause the Sellers to: (a) consummate the transactions contemplated by the Asset

(Page | 16)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

Purchase Agreement and the Transaction Documents in accordance with the terms thereof; (b) sell the Purchased Assets to the Purchaser for the purchase price in accordance with the terms of this Order and the Asset Purchase Agreement and the Transaction Documents; (c) assume and assign any and all Contracts, and (d) otherwise implement and effectuate the terms of the Asset Purchase Agreement and the Transaction Documents.

5.      Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, upon Closing, all of the Debtors' right, title, and interest in and to, and possession of, the Purchased Assets shall be transferred to the Purchaser, free and clear of any and all Claims and Interests, with all such Claims and Interests to attach to the proceeds of the Purchased Assets in the order of their priority, with the same force, effect, and validity that they had immediately prior to the entry of this Order, subject to any rights, claims, or defenses the Debtors may have with respect thereto, *except* with respect to any Assumed Liabilities or Permitted Liens allowed under the Asset Purchase Agreement and subject to paragraph 29 of this Order. Such transfer shall constitute a legal, valid, binding, and effective transfer of the Purchased Assets.

6.      As set forth in the Asset Purchase Agreement, the Purchaser is not acquiring any of the Excluded Assets or assuming any of the Excluded Liabilities.

7.      Except for (a) the Assumed Liabilities expressly set forth in the Asset Purchase Agreement or described therein or (b) the Permitted Liens expressly set forth in the Asset Purchase Agreement none of the Purchaser, its successors or assigns, or any of their respective affiliates shall have any liability for any Claims and Interests that (x) arose prior to the date of Closing, or (y) otherwise is assertable against the Debtors or is related to the Purchased Assets prior to the

(Page | 17)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

date of Closing, including, for the avoidance of doubt, Claims and Interests arising out of the Excluded Liabilities.

8.      All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with, or which would be inconsistent with, the ability of the Debtors to transfer the Purchased Assets to the Purchaser in accordance with the Asset Purchase Agreement, the Transaction Documents, and this Order.

9.      At Closing, all of the Debtors' right, title, and interest in and to, and possession of, the corresponding Purchased Assets shall be immediately vested in the Purchaser pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code. Such transfer shall constitute a legal, valid, enforceable, and effective transfer of such Purchased Assets. All persons or entities presently or at or after Closing in possession of some or all of the corresponding Purchased Assets are directed to surrender possession of any and all portions of such Purchased Assets to the Purchaser or its respective designees at Closing or at such time thereafter as the Purchaser may request.

10.      This Order (a) shall be effective as a determination that, as of Closing, (i) no Claims and Interests other than the corresponding Assumed Liabilities and Permitted Liens will be assertable against the Purchaser or any of its assets, (ii) the corresponding Purchased Assets shall have been transferred to the Purchaser free and clear of all Claims and Interests, subject only to the applicable Assumed Liabilities and Permitted Liens, and (iii) the conveyances described herein have been effected, and (b) is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, registrars of patents, trademarks, or other intellectual property, administrative agencies, governmental departments, secretaries of

| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement and the Transaction Documents. The Purchased Assets are sold free and clear of any reclamation rights. All Claims and Interests on the Purchased Assets shall attach to the proceeds of the Sale ultimately attributable to the property against which such Claims and Interests applied or other specifically dedicated funds, in the same order of priority and with the same validity, force, and effect that such Claims and Interests applied prior to the Sale, subject to any rights, claims, and defenses of the Debtors or their estates, as applicable, subject to paragraph 29 of this Order.

11.     Except as otherwise provided in the Asset Purchase Agreement, all persons and entities (and their respective successors and assigns), including, but not limited to, all debt security holders, equity security holders, affiliates, governmental, tax, and regulatory authorities, lenders, customers, vendors, employees, trade creditors, litigation claimants, and other creditors holding claims arising under or out of, in connection with or in any way relating to, the Debtors, the Purchased Assets, and the ownership, sale, or operation of the Purchased Assets prior to Closing or the transfer of the applicable Purchased Assets to the Purchaser are hereby forever barred, estopped, and permanently enjoined from asserting such claims against the Purchaser and its property (including, without limitation, the Purchased Assets). Following Closing, no holder of any claim or interest shall interfere with the Purchaser's title to or use and enjoyment of the

(Page | 19)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

corresponding Purchased Assets based on or related to any such claim or interest or based on any action the Debtors may take in their chapter 11 cases.

12.     If any person or entity that has filed financing statements, mortgages, mechanic's claims, *lis pendens*, or other documents or agreements evidencing claims against the Debtors or in the Purchased Assets shall not have delivered to the Debtors prior to Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, and/or releases of all Claims and Interests that the person or entity has with respect to the Debtors or the Purchased Assets or otherwise, then only with regard to the Purchased Assets that are purchased by the Purchaser pursuant to the Asset Purchase Agreement and this Order: (a) the Debtors are hereby authorized and directed to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Purchased Assets; (b) the Purchaser is hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Claims and Interests against the Purchaser Parties and the Purchased Assets; and (c) upon consummation of the Sale, the Purchaser may seek in this Court or any other court to compel appropriate parties to execute termination statements, instruments of satisfaction, and releases of all Claims and Interests that are extinguished or otherwise released pursuant to this Order under section 363 of the Bankruptcy Code and any other provisions of the Bankruptcy Code with respect to the Purchased Assets. This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, or local government agency, department, or office. Notwithstanding the foregoing, the provisions of this Order

(Page | 20)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

---

authorizing the Sale and assignment of the Purchased Assets free and clear of Claims and Interests shall be self-executing and neither the Debtors nor the Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments to effectuate, consummate, and implement the provisions of this Order.

13.     Effective upon Closing, all persons and entities are forever prohibited and enjoined from commencing or continuing in any matter any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral, or other proceeding against the Purchaser or its assets (including, without limitation, the Purchased Assets), with respect to any (a) claim in these chapter 11 cases or in connection with or related to the Sale or the Debtors or (b) Successor or Transferee Liability (defined below), including, without limitation, the following actions with respect to clauses (a) and (b): (i) commencing or continuing any action or other proceeding pending or threatened; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any lien, claim, interest, or Encumbrance; (iv) asserting any set-off, right of subrogation, or recoupment of any kind; (v) commencing or continuing any action in any manner or place that does not comply with, or is inconsistent with, the provisions of this Order or other orders of this Court, or the agreements or actions contemplated or taken in respect hereof; or (vi) revoking, terminating, failing, or refusing to renew any License (defined below) to operate any business in connection with the Purchased Assets or conduct any of the businesses operated with respect to such assets.

(Page | 21)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

---

### No Successor or Transferee Liability

14.    The Purchaser shall not be deemed, as a result of any action taken in connection with the Asset Purchase Agreement, the consummation of the Sale, or the transfer, operation, or use of the Purchased Assets to (a) be a legal successor or otherwise be deemed a successor to the Debtors (other than with respect to any Assumed Liabilities and Permitted Liens arising after Closing), (b) have, *de facto* or otherwise, merged with or into the Debtors, or (c) be an alter ego or a mere continuation or substantial continuation of the Debtors or the enterprise of the Debtors, including, without limitation, within the meaning of any foreign, federal, state, or local revenue law, pension law, the Employee Retirement Income Security Act of 1974 (as amended), tax law, labor law, products liability law, employment law, environmental law, or other law, rule, or regulation (including, without limitation, filing requirements under any such laws, rules, or regulations), or under any products liability law or doctrine with respect to the Debtors' liability under such law, rule, or regulation.

15.    Immediately prior to each closing, Purchaser was not an "insider" or "affiliate" of the Debtors, as those terms are defined in the Bankruptcy Code, and no common identity of incorporators, directors, or controlling stockholders existed between the Purchaser and the Debtors.

16.    Other than as expressly set forth in the Asset Purchase Agreement, the Purchaser shall not have any responsibility for (a) any liability or other obligation of the Debtors or related to the Purchased Assets or (b) any claims against the Debtors or any of their predecessors or affiliates. Except as expressly provided in the Asset Purchase Agreement with respect to the

(Page | 22)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

Purchaser, the Purchaser shall not have any liability whatsoever with respect to the Debtors' (or their predecessors' or affiliates') respective businesses or operations or any of the Debtors' (or their predecessors' or affiliates') obligations (as defined herein, "<u>Successor or Transferee Liability</u>") based, in whole or part, directly or indirectly, on any theory of successor or vicarious liability of any kind or character, or based upon any theory of antitrust, environmental, successor, or transferee liability, *de facto* merger or substantial continuity, labor and employment or products liability, whether known or unknown as of Closing, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated, including, without limitation, liabilities on account of (a) any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the Purchased Assets or the Assumed Liabilities or prior to Closing or in respect of pre-Closing periods or (b) any plan, agreement, practice, policy, or program, whether written or unwritten, providing for pension, retirement, health, welfare, compensation or other employee benefit which is or has been sponsored, maintained, or contributed to by any Debtor or with respect to which any Debtor has any liability, whether or not contingent.

### **Good Faith Purchaser**

17.     The Sale contemplated by the Asset Purchase Agreement is undertaken by the Purchaser without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale unless such authorization and consummation of such Sale are duly and properly stayed pending such appeal.

(Page | 23)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

18.     Neither the Debtors nor the Purchaser have engaged in any action or inaction that would cause or permit the Sale to be avoided or costs or damages to be imposed under section 363(n) of the Bankruptcy Code. The consideration provided by the Purchaser for the Purchased Assets under the Asset Purchase Agreement is fair and reasonable and the Sale may not be avoided, and costs and damages may not be imposed, under section 363(n) of the Bankruptcy Code.

## Other Provisions

19.     To the maximum extent permitted by applicable law and the Asset Purchase Agreement and other Transaction Documents, the Purchaser shall be authorized, as of Closing, to operate under any license, permit, registration, and governmental authorization or approval (collectively, the "Licenses") of the Debtors with respect to the Purchased Assets.

20.     To the extent provided by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or License relating to the Purchased Assets sold, transferred, or conveyed to the Purchaser on account of the filing or pendency of these chapter 11 cases or the consummation of the Sale contemplated by the Asset Purchase Agreement.

21.     The Asset Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in writing and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

22.     The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted with respect to the Debtors to the extent necessary, without further order of the Court, (a) to allow

(Page | 24)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

the Purchaser to give the Debtors any notice provided for in the Asset Purchase Agreement, (b) to allow the Purchaser to take any and all actions permitted by the Asset Purchase Agreement and the Transaction Documents in accordance with the terms and conditions thereof, including, without limitation, effectuating the Sale and the other transactions contemplated by the Asset Purchase Agreement and the Transaction Documents, and (c) to otherwise implement the terms and provisions of the Asset Purchase Agreement, the Transaction Documents, and this Order.

23.     The terms and provisions of the Asset Purchase Agreement, and this Order shall be binding in all respects upon the Debtors, their affiliates, their estates, all creditors of (whether known or unknown) and holders of equity interests in any Debtor, any holders of claims against or on all or any portion of the Purchased Assets, all counterparties to the Contracts, the Purchaser, and all of their respective successors and assigns, including, but not limited to, as applicable, any subsequent trustee(s), examiner(s), or receiver(s) appointed in any of the Debtors' chapter 11 cases or upon conversion to chapter 7 under the Bankruptcy Code, as to which the terms and provisions of such trustee(s), examiner(s), or receiver(s) likewise shall be binding. The Asset Purchase Agreement shall not be subject to rejection or avoidance by the Debtors, their estates, their creditors, their shareholders, or any trustee(s), examiner(s), receiver(s), or any other successor parties in interest.

24.     The terms and provisions of this Order and any actions taken pursuant hereto shall survive entry of an order which may be entered: (a) confirming any chapter 11 plan in any of these chapter 11 cases; (b) converting any of the chapter 11 cases to a case under chapter 7 of the Bankruptcy Code; (c) dismissing any of the chapter 11 cases; (d) transferring venue of the chapter

(Page | 25)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

---

11 cases to a court other than this Court; or (e) pursuant to which this Court abstains from hearing any of the chapter 11 cases. The terms and provisions of this Order, notwithstanding the entry of any such orders described in (a)–(e) above, shall continue in these chapter 11 cases or following dismissal of these chapter 11 cases.

25.     Each and every federal, state, and local governmental agency, department, or official is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement and the Transaction Documents.

26.     The Asset Purchase Agreement and the Sale contemplated hereunder shall not be subject to any bulk sales laws or any similar law of any state or jurisdiction.

27.     The Asset Purchase Agreement may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof, without further order of the Court; *provided* that any such modification, amendment, or supplement does not, based on the Debtors' business judgment, and in consultation with the Consultation Parties (as defined in the Bidding Procedures), have a material adverse effect on the Debtors' estates or their creditors. The Debtors shall provide the Consultation Parties and the U.S. Trustee with prior notice of any such modification, amendment, or supplement of the Asset Purchase Agreement.

28.     This Order is and shall be binding upon all persons and entities that may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or that may be required to report or insure any title or state of title in or to any property; and each of the foregoing persons and entities shall accept

(Page | 26)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

for filing any and all of the documents and instruments necessary and appropriate to consummate the Asset Purchase Agreement.

29. Any Transaction Fee[4] or Commission due to Hilco IP Services, LLC ("Hilco") as a result of the closing of any Sale Transaction shall be segregated and escrowed (for the exclusive benefit of Hilco) in the Debtors' or their agents' bank accounts from the proceeds of such Sale Transaction (including, without limitation, from the proceeds of any liquidation or other disposition of the Debtors' assets), as an express carve-out from the collateral of the Debtors' pre- and post-petition secured lenders, prior to any other use or distribution of such proceeds. If any Sale Transaction is the result of a successful bid without a cash component sufficient to pay the corresponding Transaction Fee due to Hilco in full, then any resulting unpaid portion of the Transaction Fee due to Hilco shall be segregated and escrowed (for the exclusive benefit of Hilco) at the closing of such Sale Transaction from the available cash of the Debtors, as an express carve-out from the collateral of the Debtors' pre- and post-petition secured lenders. Nothing in this Order shall prohibit or be construed to prohibit the use of any unencumbered assets of the Debtors or the proceeds thereof to pay any fees and expenses of Hilco or the assertion or allowance of an administrative priority claim under sections 503(b)(2) and 507(a)(2) of the Bankruptcy Code, if applicable, on account of any fees or expenses of Hilco. Notwithstanding anything to the contrary set forth herein, the requirements and obligations contained in this paragraph to pay Hilco any such

---

[4] Capitalized terms used in this paragraph and not otherwise defined herein shall have the meanings ascribed to such terms in that certain *Agreement to Market and Sell Intangible Assets of New Rite Aid, LLC and its Debtor Affiliates* between Hilco and the Debtors, dated as of September 23, 2025 [Docket No. 3221, Exhibit 1].

(Page | 27)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

Transaction Fee on account of such Sale Transaction shall be subject in all respects to the *Amended Order (I) Authorizing the Retention and Employment of Hilco IP Services, LLC D/B/A Hilco Streambank as Intangible Assets Disposition Consultant to the Debtors; (II) Waiving Certain Timekeeping Requirements; and (III) Granting Related Relief* [Docket No. 3321] (the "Hilco Retention Order") and the terms of the Hilco Retention Order, and the entry of an order by the Court approving any such fees including the Transaction Fee. All rights of the U.S. Trustee are reserved to object to such fees including the Transaction Fee pursuant to 11 U.S.C. § 330.

30. To the extent there are any inconsistencies between this Order, the Motion, the Bidding Procedures Order, the Bidding Procedures, the Asset Purchase Agreement, and the Transaction Documents, the terms of this Order shall control.

31. Except to the extent expressly provided herein, notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim, interest, or lien against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any prepetition claim, interest, or lien on any grounds; (c) a promise or requirement to pay prepetition claims; (d) a waiver of the obligation of any party in interest to file a proof of claim; (e) an implication or admission that any particular claim, interest, or lien is of a type specified or defined in the Motion or this Order; (f) an authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (g) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

(Page | 28)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

32.     The Debtors, in connection with offering a product or service, have not disclosed any policies prohibiting the transfer of Personal Information about individuals to persons that are not affiliated with the Debtors that are inconsistent with the Sale. Nothing contained in this Order prejudices parties in interest from seeking the appointment of a consumer privacy ombudsman in connection with any other proposed sale.

33.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, and 9014 or any other Bankruptcy Rules or Local Rules to the contrary, the terms and conditions of this Order shall be effective and enforceable immediately upon entry, and the Debtors and the Purchaser are authorized to close the Sale immediately upon entry of this Order.

34.     Notice of the Motion, the Sale Hearing, the Asset Purchase Agreement, and the Sale, including through distribution of the Auction Notice and the Notice of Successful Bidder and Sale Hearing shall be deemed good and sufficient notice of such Motion, the Sale Hearing, the Asset Purchase Agreement, and the Sale, and the requirements of Bankruptcy Rules 2002, 6004(a), and 6004(c) and the Local Rules are satisfied by such notice. The Auction Notice and Notice of Successful Bidder and Sale Hearing is hereby approved.

35.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

36.     Notwithstanding any provision to the contrary in this Order, any Transaction Documents, or any other document related to the sale of the Purchased Assets, with respect to the United States of America (including all agencies, departments, and instrumentalities thereof, the "United States"), nothing shall:

(Page | 29)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

i.  release, nullify, preclude, or enjoin the enforcement of any police or regulatory powers;

ii. affect the setoff or recoupment rights of the United States against the Debtors;

iii. confer exclusive jurisdiction to the Bankruptcy Court except to the extent set forth in 28 U.S.C. § 1334 (as limited by any other provisions of the United States Code);

iv. solely to the extent included in the Purchased Assets, authorize the assumption, assignment, sale or other transfer of any federal: (a) grants, (b) grant funds, (c) contracts, (d) agreements, (e) awards, (f) task orders, (g) property, (h) leases, (i) certifications, (j) applications, (k) registrations, (l) billing numbers, (m) national provider identifiers, (n) provider transaction access numbers, (o) licenses, (p) permits, (q) covenants, (r) inventory, (s) guarantees, (t) indemnifications, (u) data, (v) records, or (w) any other interests belonging to the United States (collectively, "Federal Interests"), without compliance by the Debtors and Purchaser with the terms of the Federal Interests or, to the extent section 365 of the Bankruptcy Code is applicable, section 365(c);

v.  be interpreted to set cure amounts under section 365 of the Bankruptcy Code or to require the United States to novate, approve or otherwise consent to the sale, assumption, assignment or other transfer of any Federal Interests; or

vi. expand the scope of 11 U.S.C.§ 525.

37.    In the event of an inconsistency or conflict between any provision of the Transaction Documents and any provision of this Order, as to the United States, the provisions of this Order shall govern.

38.    Notwithstanding any provision to the contrary in this Order, any Transaction Documents, or any other document related to the sale of the Purchased Assets, after Closing, nothing in such documents shall release, nullify, preclude, or enjoin the enforcement of any police or regulatory powers, under environmental statutes or regulations, to a governmental unit that any

(Page | 30)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

entity would be subject to as the post-sale owner or operator of the applicable Purchased Assets after the date of the Closing.

39.     Nothing in this Order, the Transaction Documents, or any document, agreement, or instrument contemplated by any of the foregoing, including any "transition services or transition period agreements", shall: (a) be construed to authorize or permit (i) the assumption and/or assignment of any surety bond issued by (A) International Fidelity Insurance Company and/or its affiliates, (B) Berkley Insurance Company, (C) The Hanover Insurance Company, and/or (D) RLI Insurance Company (items A through D, collectively, the "Sureties" and, each individually, a "Surety") on behalf of the Debtors (collectively, the "Surety Bonds" and, each individually, a "Surety Bond"), (ii) the assumption and/or assignment of any indemnity agreements executed by one or more of the Debtors pursuant to which the Surety Bonds were issued (the "Indemnity Agreements" and, each individually, an "Indemnity Agreement"), or (iii) obligate a Surety to replace any Surety Bond and/or issue any new surety bond on behalf of a Purchaser; or (b) be deemed to provide a Surety's consent to the involuntary substitution of any principal under any Surety Bond and/or any Indemnity Agreement, including, for the avoidance of doubt, that the Purchaser shall not be a substitute principal under any Surety Bond or any Indemnity Agreement absent a Surety's consent thereto or further order of the Bankruptcy Court. Additionally, nothing in this Order, the Transaction Documents, or any "transition agreement", or any other document, agreement, or instrument contemplated by any of the foregoing shall be deemed to alter, limit, modify, release, waive, or prejudice any rights, remedies, and/or defenses that the Sureties have or may have under applicable bankruptcy and non-bankruptcy laws, under any of the their respective

(Page | 31)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

Surety Agreements, or related agreements, or any letters of credit, or other Surety collateral relating thereto.

40.     Nothing in this Sale Order shall authorize the sale of any credits and/or chargebacks provided by Haleon US Services, Inc. f/k/a GSK Consumer Healthcare Services Inc. to any of the Debtors (including but not limited to Loyalty and/or Co-op Funding, Feature Ad Costs and/or other promotional costs associated with Haleon brands as well as any other type of credit Rite Aid may assert) (the "Credits"), and such Credits shall be an asset excluded from any such sale.

41.     Notwithstanding anything to the contrary in this Order, the Motion, any Asset Purchase Agreement, the Transaction Documents, the Bidding Procedures Order, the Bidding Procedures, the Assumption and Assignment Procedures, any Contract Assumption Notice, any Supplemental Contract Assumption Notice, any notice or list of Assigned Contracts and/or Cure Payments, or any documents relating to any of the foregoing, (a) nothing shall permit or otherwise effectuate a sale, assumption, assignment or any other transfer to any Purchaser at this time of (i) any insurance policies that have been issued by ACE American Insurance Company and/or any of its U.S.-based affiliates and/or any predecessors and successors of any of the foregoing (collectively, and solely in their capacities as insurers under the foregoing policies, the "Chubb Companies") to, or pursuant to which coverage is provided to, any of the Sellers (or their affiliates or predecessors) at any time, and all agreements, documents or instruments relating to such policies, including, without limitation, any collateral or security provided by or on behalf of any of the Sellers (or their affiliates or predecessors) to any of the Chubb Companies and the proceeds thereof (collectively, the "Chubb Insurance Contracts"), and/or (ii) any rights, interests, proceeds,

(Page | 32)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

benefits, claims, rights to payments and/or recoveries under or related to such Chubb Insurance Contracts including, without limitation, any of the Chubb Companies' indemnity, subrogation, setoff, recoupment, and/or other rights; (b) the Chubb Insurance Contracts and any rights, interests, proceeds, benefits, claims, rights to payments and/or recoveries under or related to such Chubb Insurance Contracts (i) are not and shall not be deemed to be Assigned Contracts, Purchased Assets, or a portion of any of the Purchased Assets sold, assigned or otherwise transferred as part of any the Sale hereunder, and (ii) shall be deemed to be Excluded Assets; (c) nothing herein shall alter, modify or otherwise amend the terms, conditions, rights, and/or obligations of and/or under the Chubb Insurance Contracts; (d) for the avoidance of doubt, the Purchaser is not, and shall not be deemed to be, insureds under any of the Chubb Insurance Contracts; *provided, however*, that, to the extent any claim with respect to the Purchased Assets arises that is covered by the Chubb Insurance Contracts, the Debtors may pursue such claim in accordance with the terms of the Chubb Insurance Contracts, and, if applicable, turn over to the Purchaser any such insurance proceeds (each, a "Proceed Turnover"), *provided, further, however*, that the Chubb Companies shall not have any duty to the Purchaser to effectuate a Proceed Turnover or liability to the Purchaser related to a Proceed Turnover.

42.     For the avoidance of doubt, the Purchased Assets shall not include any of the Debtors' rights arising under or in connection with that certain Supply Agreement between Rite Aid Corporation and McKesson Corporation ("McKesson"), dated as of August 30, 2024 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "Supply Agreement"), including any rebates, rights of return, set-off, recoupment,

(Page | 33)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

indemnification, rights to the assignment of antitrust claims, or related assets of the Debtors. Notwithstanding anything to the contrary in this Order, but without limiting the Purchaser's protections under this Order, McKesson's rights (a) against the Debtors under the Supply Agreement, and (b) against the Debtors and/or any other parties to any intercreditor agreements related to the Supply Agreement under such intercreditor agreements are fully reserved.

43.    In accordance with Section 5.16 *(Further Assurances)* of the Asset Purchase Agreement, following the Closing, the Debtors and Purchaser will execute any document as may reasonably be required to facilitate Purchaser's access to, and possession of, the Primary Conveyed Accounts as defined in Section 9.1 of the Asset Purchase Agreement, which includes:

a.    domain registrar accounts (GoDaddy, Network Solutions, NameCheap, 101 Domains, Network Solutions for Rite Aid Advertising, DynaDots as per Section (d) of the IP Schedule 1.1(a));

b.    short codes 88688, 75708, 96843 and related mobile aggregator accounts (e.g. Sinch, Twilio, or others);

c.    Amazon e-commerce account (https://www.amazon.com/stores/RiteAid/page/04A18F60-4172-49AE-B72C-72B4BC68DC); and

d.    social media accounts (as per the Specified Asset Schedule 1.2):

(i)    LinkedIn: Rite Aid

(ii)    YouTube: @riteaid

(iii)    Facebook: Rite Aid

(iv)    Instagram: @riteaid

(v)    X/Twitter: @riteaid

(Page | 34)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, et al. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the Rite Aid LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief |

(vi)     Pinterest: @riteaid

44.     From and after the Closing, all third party platforms managing, hosting and/or related to the Primary Conveyed Accounts are authorized to transfer administrative control of the Primary Conveyed Accounts to Purchaser.

45.     Each third-party digital platform and online marketplace, including Amazon, Meta, X, LinkedIn, YouTube, and Pinterest, is entitled to rely on this Order and the Transaction Documents in connection with providing Purchaser with access to, and possession of, the Primary Conveyed Accounts in accordance with the Transaction Documents.

46.     This Sale Order shall be binding upon any Chapter 11 or Chapter 7 trustee appointed in these bankruptcy cases.

47.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order, including, without limitation, jurisdiction for the Court to enter further orders necessary to provide Purchaser with access to, and possession of, the Primary Conveyed Accounts in accordance with the Transaction Documents.

# EXHIBIT 1

**APA**

**Execution Version**

---

**ASSET PURCHASE AGREEMENT**

dated as of December 5, 2025

by and among

Rite Aid LLC,

as Buyer,

and

Certain Affiliates of Rite Aid Corporation

as Seller

---

## TABLE OF CONTENTS

**Page**

**ARTICLE I PURCHASE AND SALE**......................................................................**4**
    Section 1.1    Purchase and Sale of Assets ....................................... 4
    Section 1.2    Specified Assets .......................................................... 5
    Section 1.3    Excluded Assets .......................................................... 5
    Section 1.4    Assumed Liabilities .................................................... 5
    Section 1.5    Excluded Liabilities .................................................... 5
    Section 1.6    Purchase Price; Deposit .............................................. 5
    Section 1.7    Allocation of Purchase Price ...................................... 6

**ARTICLE II CLOSING**......................................................................................**6**
    Section 2.1    Closing........................................................................ 6
    Section 2.2    Closing Deliverables .................................................. 7

**ARTICLE III REPRESENTATIONS AND WARRANTIES OF SELLER**.........................**8**
    Section 3.1    Organization and Qualification of Seller .................... 8
    Section 3.2    Authority of Seller...................................................... 8
    Section 3.3    No Conflicts; Consents................................................ 8
    Section 3.4    Title to Purchased Assets ............................................ 9
    Section 3.5    Intellectual Property ................................................... 9
    Section 3.6    Taxes ........................................................................ 10
    Section 3.7    Brokers .................................................................... 10
    Section 3.8    No Additional Representations or Warranties; Buyer
                  Acknowledgement ................................................... 10

**ARTICLE IV REPRESENTATIONS AND WARRANTIES OF BUYER**..........................**11**
    Section 4.1    Organization of Buyer .............................................. 11
    Section 4.2    Authority of Buyer ................................................... 11
    Section 4.3    No Conflicts; Consents.............................................. 12
    Section 4.4    Brokers .................................................................... 12
    Section 4.5    Sufficiency of Funds ................................................ 12
    Section 4.6    No Additional Representations or Warranties............ 12

**ARTICLE V COVENANTS** ...............................................................................**12**
    Section 5.1    Conduct of Business Prior to the Closing ................. 12
    Section 5.2    Bankruptcy Court Matters ........................................ 13
    Section 5.3    Notice of Certain Events .......................................... 14
    Section 5.4    Confidentiality.......................................................... 15
    Section 5.5    Closing Conditions ................................................... 15
    Section 5.6    Public Announcements.............................................. 15
    Section 5.7    Bulk Sales Laws ....................................................... 16
    Section 5.8    Transfer Taxes.......................................................... 16
    Section 5.9    Use of Name ............................................................. 16
    Section 5.10    Customer Personal Information................................. 16

Section 5.11    No Successor Liability ......................................................... 16
Section 5.12    Receipt of Misdirected Assets; Liabilities............................... 17
Section 5.13    Limited License to Intellectual Property Assets...................... 17
Section 5.14    Limited License to Opt-Out List. ........................................... 18
Section 5.15    Indemnification Procedures.................................................... 18
Section 5.16    Further Assurances ................................................................. 19

**ARTICLE VI CONDITIONS TO CLOSING**........................................................ **19**
Section 6.1    Conditions to Obligations of All Parties ................................ 19
Section 6.2    Conditions to Obligations of Buyer........................................ 19
Section 6.3    Conditions to Obligations of Seller ....................................... 20

**ARTICLE VII TERMINATION**............................................................................ **20**
Section 7.1    Termination ............................................................................ 20
Section 7.2    Effect of Termination ............................................................ 22

**ARTICLE VIII MISCELLANEOUS**..................................................................... **22**
Section 8.1    Survival .................................................................................. 22
Section 8.2    Expenses ................................................................................ 22
Section 8.3    Notices ................................................................................... 22
Section 8.4    Severability............................................................................ 23
Section 8.5    Entire Agreement .................................................................. 23
Section 8.6    Successors and Assigns ......................................................... 24
Section 8.7    No Third-Party Beneficiaries ................................................ 24
Section 8.8    Amendment and Modification; Waiver.................................. 24
Section 8.9    Governing Law; Submission to Jurisdiction; Waiver of Jury Trial ....... 24
Section 8.10    Specific Performance ............................................................ 25
Section 8.11    Counterparts .......................................................................... 25
Section 8.12    Interpretation ......................................................................... 25

**ARTICLE IX ADDITIONAL DEFINITIONS** ...................................................... **27**
Section 9.1    Certain Definitions ................................................................ 27
Section 9.2    Index of Defined Terms ........................................................ 32

## ASSET PURCHASE AGREEMENT

This Asset Purchase Agreement (this "Agreement"), dated as of December 5, 2025 (the "Agreement Date"), is entered into by and among Rite Aid LLC, a Wyoming Limited Liability Company ("Buyer") and the Affiliates of Rite Aid Corporation ("Rite Aid") listed as Sellers on the signature page hereto (collectively, the "Seller").  Capitalized terms used herein shall have the meanings set forth herein including Article IX.  Seller and Buyer are referred to herein individually as a "Party" and collectively as the "Parties".

## RECITALS

WHEREAS, on May 5, 2025 (the "Petition Date"), Rite Aid commenced a voluntary case (the "Bankruptcy Case") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") by filing a petition for relief in the U.S. Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court");

WHEREAS, Rite Aid and its Affiliates were collectively engaged in retail operations including owned and franchised stores and e-commerce sales (the "Business") and the Seller is the owner of the Purchased Assets;

WHEREAS, Seller wishes to sell and assign to Buyer, and Buyer wishes to purchase and assume from Seller, certain intellectual property assets associated with the Business, subject to the terms and conditions set forth herein; and

NOW, THEREFORE, in consideration of the mutual covenants and agreements hereinafter set forth and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## ARTICLE I
## PURCHASE AND SALE

**Section 1.1**    **Purchase and Sale of Assets**.  Subject to the terms and conditions set forth herein and the Sale Order, at the Closing, Seller shall sell, assign, transfer, convey, and (other than with respect to the Specified Assets) deliver to Buyer, and Buyer shall purchase from Seller, free and clear of any Encumbrances other than Permitted Encumbrances, all of Seller's right, title, and interest in, to, and under the following (collectively, the "Purchased Assets"):

(a)    all Intellectual Property Assets;

(b)    Customer Loyalty Data;

(c)    all prepaid expenses, credits, advance payments, claims, security, deposits, charges, sums and fees (including any such item relating to the payment of Taxes) with respect to the Purchased Assets;

(d)    the Specified Assets (as defined below); and

(e)    all goodwill associated with the Purchased Assets.

**Section 1.2    Specified Assets.**  Notwithstanding anything herein to the contrary, Buyer acknowledges and agrees that (a) Seller does not have access to or possession of the Purchased Assets set forth on Schedule 1.2 (the "Specified Assets") and does not anticipate having access to or possession of the Specified Assets, (b) although Seller is transferring its right, title and interest in and to the Specified Assets, Buyer shall be solely responsible for obtaining access or possession of the Specified Assets, including with respect to all costs, fees, charges or indemnities incurred in obtaining access or possession of the Specified Assets, (c) Seller provides no assurances that Buyer will be able to obtain access or possession of the Specified Assets, (d) Seller shall not be required to take or cause to be taken or agree to take any action to assist Buye in obtaining access or possession of the Specified Assets, and (e) Buyer may not ever be able to obtain access or possession of the Specified Assets and that Buyer's failure to obtain access or possession of the Specified Assets shall not be deemed to be a breach of this Agreement in any respect.

**Section 1.3    Excluded Assets**.  Notwithstanding the foregoing, the Buyer shall not acquire any right, title or interest in or to any assets, properties, rights, interests, or claims of any kind or description of Seller or its Affiliates, including the Opt-Out List (defined below), other than the Purchased Assets (collectively, the "Excluded Assets").

**Section 1.4    Assumed Liabilities**.  On the terms and subject to the conditions set forth in this Agreement, at the Closing, contemporaneously with the sale, assignment and transfer of the Purchased Assets to Buyer, Buyer shall assume and agree to pay, perform and discharge, as and when due (in accordance with the respective terms and subject to the respective conditions thereof) only those Liabilities arising from or relating to the ownership of the Purchased Assets or the use thereof by Buyer from and after the Closing (collectively, the "Assumed Liabilities").

**Section 1.5    Excluded Liabilities**.  Notwithstanding the provisions of Section 1.4 or any other provision in this Agreement to the contrary, Buyer shall not assume and shall not be responsible to pay, perform or discharge any Liabilities of Seller or any of its Affiliates of any kind or nature whatsoever other than the Assumed Liabilities set forth above (the "Excluded Liabilities").

**Section 1.6    Purchase Price; Deposit**.

(a)    The aggregate consideration (collectively, the "Purchase Price") for the Purchased Assets shall be: (i) a cash payment (the "Cash Payment") of Seven Million Eight Hundred Thousand United States Dollars ($7,800,000.00) and (ii) the assumption of the Assumed Liabilities. Buyer acknowledges and agrees that there shall be no reduction in the Purchase Price.

(b)    Buyer has, on or prior to the date hereof made an earnest money deposit with the Escrow Agent in the aggregate amount equal to Seven Hundred Eighty Thousand United States Dollars ($780,000.00) in cash into the Escrow Account (the "Deposit"). The Deposit shall not be subject to any lien, attachment, trustee process, or any other judicial process of any creditor of Seller and shall be applied against payment of the Purchase Price on the Closing Date.  The Deposit shall be released and delivered (together with all accrued investment income thereon, if any) by the Escrow Agent to either Buyer or Seller, as applicable, as follows:

(i)       if the Closing shall occur, the Deposit (and all accrued investment income thereon, if any) shall be released to an account designated by the Seller and applied against payment of the Cash Payment at the Closing;

(ii)       if this Agreement is terminated by Seller pursuant to <u>Section 7.1(c)</u> as a result of Buyer's nonperformance or other failure to close notwithstanding the satisfaction of the conditions thereto or pursuant to <u>Section 7.1(d)</u>, *provided* that Seller is not in material breach of any covenant, representation or warranty hereunder in either case, the Deposit (together with all accrued investment income thereon, if any) shall be released to an account designated by the Seller within three (3) Business Days after such termination; or

(iii)       if this Agreement is terminated for any reason other than as set forth in <u>Section 1.6(b)(ii)</u>, the Deposit (together with all accrued investment income thereon, if any), shall be returned to Buyer within three (3) Business Days after such termination.

In connection with any termination of this Agreement, the parties shall, within two (2) Business Days after such termination, deliver a joint written release instruction to the Escrow Agent pursuant to the Escrow Agreement directing the Escrow Agent to release the Deposit and all accrued investment income thereon in accordance with <u>Sections 1.6(b)(ii)</u> and <u>1.6(b)(iii)</u>.

**Section 1.7    Allocation of Purchase Price**.  Buyer shall determine the allocation of the Purchase Price (including the amount of the Assumed Liabilities and any other amounts to the extent properly treated as consideration for applicable Tax purposes) among the Purchased Assets in a manner consistent with Section 1060 of the Code and Treasury Regulations thereunder (and any similar provision of state, local, or non-U.S. law, as appropriate) and <u>Schedule 1.6</u> attached hereto (the "<u>Allocation</u>") within thirty (30) days following the Closing Date and shall deliver to Seller a copy of such Allocation promptly after such determination.  Seller has thirty (30) days after receipt of the Allocation to notify Buyer in writing of any items of the Allocation that are not reasonable in Seller's view.  If Seller does not object in writing during such thirty (30) day period, then the Allocation shall be final and binding on all Parties.  If Seller objects in writing during such thirty (30) day period, then the Parties shall cooperate in good faith to reach a mutually agreeable allocation of the Purchase Price, which allocation shall be binding on all Parties. Buyer and Seller shall file all Tax Returns (including IRS Form 8594 and any amended returns and claims for refund) and information reports in a manner consistent with the Allocation and not take any Tax related action inconsistent with the Allocation, in each case, unless otherwise required by a "determination" within the meaning of section 1313(a) of the Code.

## ARTICLE II
## CLOSING

**Section 2.1    Closing**.  Subject to the terms and conditions of this Agreement, the consummation of the Transactions (the "<u>Closing</u>") shall take place remotely by telephone or video conference and electronic exchange of documents and signatures, at 10:00 a.m. Eastern Time, on the first Business Day after all of the conditions to Closing set forth in <u>Article VI</u> are either satisfied or waived (other than conditions which, by their nature, are to be satisfied on the Closing Date), or at such other time, date or place as Seller and Buyer may mutually agree upon in writing. The date on which the Closing is to occur is herein referred to as the "<u>Closing Date</u>".  The Closing shall

be effective as of 12:01 a.m. Eastern Time on the Closing Date for all purposes of this Agreement (including for Tax and accounting purposes), but after giving effect to any actions taken by the Seller on the Closing Date prior to the Closing.

**Section 2.2**    **Closing Deliverables**.

(a)    At the Closing, Seller shall deliver to Buyer the following:

(i)    a bill of sale and assignment and assumption agreement in a form mutually agreeable to the Parties (the "Bill of Sale and Assignment and Assumption Agreement") and duly executed by Seller;

(ii)    assignments in a form mutually agreeable to the Parties (the "Intellectual Property Assignments") and duly executed by Seller, transferring all of Seller's right, title and interest in and to the registered Intellectual Property Assets to Buyer;

(iii)    a certificate, dated the Closing Date and signed by a duly authorized officer of Seller, that each of the conditions set forth in Section 6.2(a), Section 6.2(b), and Section 6.2(d) have been satisfied;

(iv)    a properly completed and duly executed IRS Form W-9 from Seller certifying, among other matters, that Seller is exempt from U.S. federal backup withholding Tax;

(v)    a copy of the Sale Order, if required by the Bidding Procedures Order; and

(vi)    such other customary instruments of transfer, assumption, filings or documents, in form and substance reasonably satisfactory to Buyer, as may be required to give effect to this Agreement, including, without limitation, (A) specific assignments of certain digital assets comprised of the Primary Conveyed Accounts (as defined below) confirming the transfer of administrative control thereof, and (B) letters of authorization on Sellers' letterhead authorizing Purchaser to take over control over a specific Primary Conveyed Account sold to Purchaser, it being understood and acknowledged that the documents referenced in subsections (A) and (B) above must be notarized to be accepted by various platforms.   True copies of the documents required to be executed and delivered to Purchaser at the Closing under subsections (A) and (B) above are annexed hereto as Exhibit 1 to Exhibit 6.

(b)    At the Closing, Buyer shall deliver to Seller the following:

(i)    payment of an aggregate amount equal to the Cash Payment minus the Deposit, by wire transfer of immediately available funds to an account of Seller designated in writing by Seller to Buyer no later than two (2) Business Days prior to the Closing;

(ii)    the Bill of Sale and Assignment and Assumption Agreement duly executed by Buyer;

(iii)    the Intellectual Property Assignment, duly executed by Buyer; and

(iv)    a certificate, dated the Closing Date and signed by a duly authorized officer of Buyer, that each of the conditions set forth in Section 6.3(a) and Section 6.3(b) have been satisfied.

## ARTICLE III
## REPRESENTATIONS AND WARRANTIES OF SELLER

Except as set forth in the correspondingly numbered Section of the Disclosure Schedules, Seller represents and warrants to Buyer that the statements contained in this Article III are true and correct as of the date hereof.

**Section 3.1    Organization and Qualification of Seller**.  Seller is a limited liability company duly organized, validly existing and in good standing under the Laws of the state of Delaware and has full power and authority to own, operate or lease the properties and assets now owned, operated or leased by it.

**Section 3.2    Authority of Seller**.  Seller has full power and authority to enter into this Agreement and the Ancillary Documents to which Seller is or will be a party, to carry out its obligations hereunder and thereunder and, subject to the Bankruptcy Court's entry of the Sale Order, or consummation of the Sale pursuant to, and in accordance with, the De Minimis Sale Procedures Order, to consummate the Transactions.  The execution and delivery by Seller of this Agreement and any Ancillary Document to which Seller is or will be a party, the performance by Seller of its obligations hereunder and thereunder and the consummation by Seller of the Transactions have been duly authorized by all requisite corporate action on the part of Seller. This Agreement has been duly executed and delivered by Seller, and (assuming due authorization, execution and delivery by Buyer) this Agreement constitutes a legal, valid and binding obligation of Seller enforceable against Seller in accordance with its terms, except as such enforceability is limited by bankruptcy, insolvency, reorganization, moratorium or similar laws now or hereafter in effect relating to creditors' rights generally or general principles of equity. When each Ancillary Document to which Seller is or will be a party has been duly executed and delivered by Seller (assuming due authorization, execution and delivery by each other party thereto), such Ancillary Document will constitute a legal and binding obligation of Seller enforceable against it in accordance with its terms, except as such enforceability is limited by bankruptcy, insolvency, reorganization, moratorium or similar laws now or hereafter in effect relating to creditors' rights generally or general principles of equity.

**Section 3.3    No Conflicts; Consents**.  The execution, delivery and performance by Seller of this Agreement and the Ancillary Documents to which it is a party, and the consummation of the Transactions, do not and will not: (a) conflict with or result in a violation or breach of, or default under, any provision of the certificate of incorporation, bylaws or other organizational documents of Seller; (b) conflict with or result in a violation or breach of any provision of any Law or Order applicable to Seller or the Purchased Assets; (c) except the requisite Bankruptcy Court approvals, require the consent, notice or other action by any Person under, conflict with, result in a violation or breach of, constitute a default or an event that, with or without notice or

8

lapse of time or both, would constitute a default under, result in the acceleration of or create in any party the right to accelerate, terminate, modify or cancel any Contract or Permit to which Seller is a party or by which Seller is bound or to which any of the Purchased Assets are subject; or (d) result in the creation or imposition of any Encumbrance other than Permitted Encumbrances on the Purchased Assets, other than, in the case of clauses (b), (c) and (d), such conflicts, violations, defaults, terminations or cancellations that would not reasonably be expected to have, individually or in the aggregate, a Material Adverse Effect.  No consent, approval, Permit, Order, declaration or filing with, or notice to, any Governmental Authority is required by or with respect to Seller in connection with the execution and delivery of this Agreement or any of the Ancillary Documents to which Seller is or will be a party and the consummation of the Transactions, except for the requisite Bankruptcy Court approvals and except for those which, if not obtained, would not be material to the Seller or the Purchased Assets, taken as a whole.

Section 3.4    **Title to Purchased Assets**.  Seller has good and valid title to, or a valid leasehold interest in, all of the Purchased Assets. All such Purchased Assets  are free and clear of Encumbrances except for Permitted Encumbrances.  At the Closing, Seller will transfer, convey and assign good and valid title to, or a valid leasehold interest in, all of the Purchased Assets (other than the Specified Assets) to Buyer free and clear of all Encumbrances except for Permitted Encumbrances.

Section 3.5    **Intellectual Property**.

(a)    Schedule 1.1(a) contains a correct, current and complete list of: (i) all Intellectual Property Registrations, specifying as to each, as applicable: the title, mark, or design; the jurisdiction by or in which it has been issued, registered or filed; the patent, registration or application serial number; the issue, registration or filing date; and the current status; and (ii) material unregistered Trademarks included in the Intellectual Property Assets.

(b)    Seller is the sole and exclusive legal and beneficial, and with respect to the Intellectual Property Registrations, record, owner of all right, title and interest in and to the Intellectual Property Assets, in each case, free and clear of Encumbrances other than Permitted Encumbrances.

(c)    Neither the execution, delivery, or performance of this Agreement, nor the consummation of the transactions contemplated hereunder, will result in the loss or impairment of or payment of any additional amounts with respect to, or require the consent of any other Person in respect of, the Buyer's right to own or use any Intellectual Property Assets.

(d)    All Intellectual Property Registrations are subsisting and in full force and effect in all material respects. Seller has taken all commercially reasonable steps to maintain and enforce the Intellectual Property Assets. To Seller's Knowledge, all required filings and fees related to the Intellectual Property Registrations have been timely submitted with and paid to the relevant Governmental Authorities and authorized registrars. The copies of file histories, documents, certificates, office actions, correspondence, assignments, and other instruments relating to the Intellectual Property Registrations that Seller has provided Buyer are true and complete.

9

(e)     To Seller's Knowledge, (i) the conduct of the Business as formerly conducted, including the use of the Intellectual Property Assets in connection therewith, and the products, processes, and services of the Business did not infringe, misappropriate, or otherwise violate the Intellectual Property or other rights of any Person and (ii) no Person has infringed, misappropriated, or otherwise violated any Intellectual Property Assets.

(f)     To the Seller's Knowledge, except as set forth on <u>Disclosure Schedule 3.5(f)</u>, there are no Claims (including any opposition, cancellation, revocation, review, or other proceeding), whether settled, pending or threatened (including in the form of offers to obtain a license): (i) alleging any infringement, misappropriation, or other violation of the Intellectual Property of any Person by Seller in the conduct of the Business; (ii) challenging the validity, enforceability, registrability, patentability, or ownership of any Intellectual Property Assets; or (iii) by Seller or any other Person alleging any infringement, misappropriation, or other violation by any Person of any Intellectual Property Assets, except, in each case, as would not reasonably be expected to have, individually or in the aggregate, a Material Adverse Effect. To Seller's Knowledge, Seller is not subject to any outstanding or prospective Order (including any motion or petition therefor) that does or could reasonably be expected to restrict or impair the use of any Intellectual Property Assets.

**Section 3.6     <u>Taxes</u>**.  There are no Encumbrances for Taxes upon any of the Purchased Assets (other than for current Taxes not yet due and payable).  Seller has, after giving effect to all extensions thereto, timely filed, or caused to be timely filed, all Tax Returns required to be filed by it prior to the date hereof with respect to the Purchased Assets (all of which are true, complete and correct in all material respects).  All Taxes due and owing by Seller or otherwise due and payable with respect to the Purchased Assets (whether or not shown on any Tax Return) have been timely paid when due (taking into account any applicable extensions).

**Section 3.7     <u>Brokers</u>**.  Except for Hilco IP Services LLC d/b/a Hilco Streambank, no broker, finder or investment banker is entitled to any brokerage, finder's or other fee or commission in connection with the Transactions based upon arrangements made by or on behalf of Seller.

**Section 3.8     <u>No     Additional     Representations     or     Warranties;     Buyer Acknowledgement</u>**.

(A)     EXCEPT FOR THE REPRESENTATIONS AND WARRANTIES CONTAINED IN THIS <u>ARTICLE III</u>, BUYER IS NOT RELYING ON AND WILL NOT RELY ON THE ACCURACY OR COMPLETENESS OF ANY OTHER EXPRESS OR IMPLIED REPRESENTATION OR WARRANTY WITH RESPECT TO SELLER OR WITH RESPECT TO ANY OTHER INFORMATION PROVIDED TO BUYER BY SELLER AND ACKNOWLEDGES THAT NEITHER SELLER, NOR ANY OTHER PERSON ON BEHALF OF SELLER, MAKES ANY OTHER EXPRESS OR IMPLIED REPRESENTATION OR WARRANTY WITH RESPECT TO SELLER OR WITH RESPECT TO ANY OTHER INFORMATION PROVIDED TO BUYER BY SELLER. WITHOUT LIMITING THE REPRESENTATIONS AND WARRANTIES MADE BY THE PARTIES IN THIS AGREEMENT, BUYER FURTHER ACKNOWLEDGES THAT, SHOULD THE CLOSING OCCUR, BUYER WILL ACQUIRE THE PURCHASED ASSETS AND ASSUME THE

10

ASSUMED LIABILITIES IN AN "AS IS" CONDITION AND ON A "WHERE IS" BASIS, WITHOUT ANY REPRESENTATION OR WARRANTY OF ANY KIND, EXPRESS OR IMPLIED; PROVIDED, THAT NOTHING IN THIS AGREEMENT SHALL LIMIT ANY PARTY'S LIABILITY FOR FRAUD.

(b)    NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, WITH RESPECT TO THE SPECIFIED ASSETS BUYER ALSO ACKNOWLEDGES AND AGREES THAT SELLER'S RIGHT, TITLE AND INTEREST IN AND TO THE SPECIFIED ASSET ARE SOLD BY THE SELLER AND PURCHASED BY THE BUYER "AS IS, WHERE IS" AND WITH ALL FAULTS AND DEFECTS, WHETHER KNOWN OR UNKNOWN, AND SELLER MAKES NO AND HEREBY DISCLAIMS ANY REPRESENTATION OR WARRANTY WHATSOEVER WITH RESPECT TO THE SPECIFIED ASSETS, EXPRESS OR IMPLIED, INCLUDING ANY (A) WARRANTY OF MERCHANTABILITY; (B) WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE; (C) WARRANTY OF TITLE; OR (D) WARRANTY AGAINST INFRINGEMENT OF INTELLECTUAL PROPERTY RIGHTS OF A THIRD PARTY, WHETHER ARISING BY LAW, COURSE OF DEALING, COURSE OF PERFORMANCE, USAGE OF TRADE, OR OTHERWISE. BUYER ACKNOWLEDGES, BY ACCEPTING THIS AGREEMENT, THAT BUYER HAS NOT RELIED ON ANY REPRESENTATION OR WARRANTY MADE BY SELLER OR ANY OTHER PERSON ON SELLER'S BEHALF AND THAT IT HAS HAD THE OPPORTUNITY TO INSPECT THE SPECIFIED ASSETS PRIOR TO PURCHASE AND IS RELYING SOLELY ON ITS OWN INVESTIGATION, JUDGMENT, AND INSPECTION.  ALL SALES ARE FINAL, AND BUYER ACCEPTS THE SPECIFIED ASSETS IN THEIR PRESENT CONDITION. BUYER WAIVES AND RELEASES ANY AND ALL CLAIMS OR CAUSES OF ACTION AGAINST SELLER ARISING FROM OR RELATING TO THE SPECIFIED ASSETS, INCLUDING ANY CLAIMS FOR RETURN, REFUND, REPAIR, REPLACEMENT, OR DAMAGES. THERE SHALL BE NO RECOURSE WHATSOEVER AGAINST SELLER FOR ANY LOSS, LIABILITY, DAMAGE, OR EXPENSE OF ANY KIND ARISING OUT OF OR RELATING TO THE SALE, ACCESS, POSSESSION, OR USE OF THE SPECIFIED ASSETS. SELLER EXPRESSLY DISCLAIMS ANY OBLIGATION, EXPRESS OR IMPLIED, TO PROVIDE BUYER ACCESS OR POSSESSION OF THE SPECIFIED ASSETS IT BEING UNDERSTOOD THAT SELLER DOES NOT HAVE ACCESS NOR POSSESSION OF THE SPECIFIED ASSETS.

## ARTICLE IV
## REPRESENTATIONS AND WARRANTIES OF BUYER

Buyer represents and warrants to Seller that the statements contained in this Article IV are true and correct as of the date hereof.

**Section 4.1    Organization of Buyer**.  Buyer is a Limited Liability Company duly organized, validly existing and in good standing under the Laws of the state of Wyoming.

**Section 4.2    Authority of Buyer**.  Buyer has full power and authority to enter into this Agreement and the Ancillary Documents to which Buyer is or will be a party, to carry out its obligations hereunder and thereunder and to consummate the Transactions. The execution and delivery by Buyer of this Agreement and any Ancillary Document to which Buyer is or will be a

11

party, the performance by Buyer of its obligations hereunder and thereunder and the consummation by Buyer of the Transactions have been duly authorized by all requisite corporate action on the part of Buyer. This Agreement has been duly executed and delivered by Buyer, and (assuming due authorization, execution and delivery by Seller) this Agreement constitutes, subject to the Bankruptcy Court's entry of the Sale Order, or consummation of the Sale pursuant to, and in accordance with, the De Minimis Sale Procedures Order, a legal, valid and binding obligation of Buyer enforceable against Buyer in accordance with its terms, subject to applicable bankruptcy, insolvency, moratorium, or other similar Laws relating to creditors' rights and general principles of equity.

Section 4.3    **No Conflicts; Consents**.  Assuming that the Sale Order (or consummation of the Sale pursuant to, and in accordance with, the De Minimis Sale Procedures Order) and all other requisite Bankruptcy Court approvals are obtained, the execution, delivery and performance by Buyer of this Agreement and the Ancillary Documents to which it is or will be a party, and the consummation of the Transactions, do not and will not: (a) conflict with or result in a violation or breach of, or default under, any provision of the organizational documents of Buyer, (b) conflict with or result in a violation or breach of any provision of any Law or Order applicable to Buyer, or (c) require the consent, notice or other action by any Person under any Contract to which Buyer is a party, except, in the case of clauses (b) and (c), for such conflicts, violations, breaches, consents, notices, or other actions which, in the aggregate, would not have a material adverse effect on the ability of Buyer to consummate the Transactions on a timely basis.

Section 4.4    **Brokers**.  No broker, finder or investment banker is entitled to any brokerage, finder's or other fee or commission in connection with the Transactions based upon arrangements made by or on behalf of Buyer.

Section 4.5    **Sufficiency of Funds**.  Buyer has, or will have at the Closing, sufficient cash on hand or other sources of immediately available funds to enable it to make payment of the Purchase Price and consummate the Transactions.

Section 4.6    **No Additional Representations or Warranties**.  Except for the representations and warranties contained in this Article IV, Seller is not relying on and will not rely on the accuracy or completeness of any other express or implied representation or warranty with respect to Buyer or with respect to any other information provided to Seller by Buyer and acknowledges that neither Buyer, nor any other Person on behalf of Buyer, makes any other express or implied representation or warranty with respect to Buyer or with respect to any other information provided to Seller by Buyer.

## ARTICLE V
## COVENANTS

Section 5.1    **Conduct of Business Prior to the Closing**.

(a)    From the date hereof until the Closing Date, Seller shall use commercially reasonable efforts, taking into account the Bankruptcy Case and the fact that the Seller is in the process of liquidating its assets and winding down its business, to:

12

(i)    preserve and maintain all material Permits required for the ownership and use of the Purchased Assets;

(ii)    defend and protect the properties and assets included in the Purchased Assets from, among other things and not limited to, infringement, usurpation or third-party purchase of trademark, inventory; provided, that Seller will not be obligated to pursue legal action against any third parties who have purchased inventory from suppliers utilizing Seller's trademarks;

(iii)    not transfer, assign, sell or otherwise dispose of, including by way of a license or sublicense, any of the Purchased Assets;

(iv)    comply in all material respects with all Laws applicable to the conduct of the ownership and use of the Purchased Assets;

(v)    not cancel any debts, or amend, terminate or waive any rights constituting Purchased Assets;

(vi)    not abandon or allow the lapse of or not fail to maintain in full force and effect any Intellectual Property Registration, other than any Intellectual Property Registration that lapses as a result of Seller's inability to show sufficient proof of use, or not fail to take or maintain reasonable measures to protect the confidentiality of any Trade Secrets included in the Intellectual Property Assets;

(vii)    not cause or allow the imposition of any Encumbrance (other than Permitted Encumbrances) upon any of the Purchased Assets; and

(viii)    not agree, whether in writing or otherwise, to do anything prohibited by Section 5.1, or not take any action that, or not omit any action where such omission, would result in anything prohibited by Section 5.1.

(b)    Nothing contained in this Agreement is intended to give Buyer or its Affiliates, directly or indirectly, the right to control or direct the Business (or any other business of Seller and its Affiliates) prior to the Closing. Prior to the Closing, Seller shall exercise, consistent with the terms and conditions of this Agreement, complete control and supervision over the Business and its operations.

**Section 5.2    Bankruptcy Court Matters.**

(a)    Seller shall comply with the following timeline (the "Bankruptcy Court Milestones"):

(i)    On or before November 6, 2025, the Auction (if necessary) shall have been held pursuant to the Bidding Procedures Order.

(ii)    On or before December 15, 2025 (i) the Bankruptcy Court shall have held the Sale Hearing (if necessary) to consider entry of the Sale Order or (ii) the parties

13

shall have consummated the Sale pursuant to, and in accordance with, the De Minimis Sale Procedures Order.

(iii)    No later than one (1) Business Day prior to the Outside Date, Seller shall obtain entry by the Bankruptcy Court of the Sale Order (if required thereby) and such order shall be in full force and effect and not reversed, modified or stayed.

(b)    Without limiting the requirements of Section 5.2(a), Seller shall seek, on an expedited basis if necessary, entry of the Sale Order, and any other necessary orders by the Bankruptcy Court to consummate the Closing as soon as reasonably practicable following the execution of this Agreement, subject to the (i) terms of the Bidding Procedures Order and, if applicable, the Sale Order or (ii) the De Minimis Sale Procedures Order.

(c)    Seller shall cooperate with Buyer concerning the Bidding Procedures Order, the Sale Order (if any), the De Minimis Sale Procedures Order, and any other orders of the Bankruptcy Court relating to the Transactions, and the bankruptcy proceedings in connection therewith, and Seller shall provide Buyer with draft copies of all applications, pleadings, notices, proposed orders and other documents relating to such proceedings at least two (2) Business Days in advance of the proposed filing date so as to permit the Buyer sufficient time to review and comment on such drafts, and, with respect to all provisions that impact the Buyer or relate to the Transactions, such pleadings and proposed orders (including the Sale Order) shall be in form and substance reasonably acceptable to the Buyer and shall include, without limitation, a provision pursuant to which the Bankruptcy Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Agreement and the Sale Order, and which jurisdiction will allow the Bankruptcy Court to enter further orders necessary to permit Persons other than Seller and its Affiliates to provide Purchaser with access to, and possession of, the Primary Conveyed Accounts. Seller shall give Buyer reasonable advance notice of any hearings regarding the motions required to obtain the issuance of, if applicable, the Sale Order.

(d)    Seller shall promptly serve true and correct copies of all applicable pleadings and notices in accordance with the Bidding Procedures Order, the Bankruptcy Code, the Bankruptcy Rules and any other applicable order of the Bankruptcy Court.

(e)    Seller shall not propose, file, support, pursue or seek entry of, or aid in another party proposing, filing, supporting, pursuing or seeking entry of, an order confirming a chapter 11 plan that adversely impacts Buyer's rights hereunder without Buyer's prior written consent. For the avoidance of doubt, notwithstanding any other provision of this Agreement, this Section 5.2(e) shall survive the Closing.

**Section 5.3**    **Notice of Certain Events**.

(a)    From the date hereof until the Closing, Seller shall promptly notify Buyer in writing of:

(i)    any fact, circumstance, event or action the existence, occurrence or taking of which (A) has had, or could reasonably be expected to have, individually or in the aggregate, a Material Adverse Effect, (B) has resulted in, or could reasonably be expected

14

to result in, any representation or warranty made by Seller hereunder not being true and correct in all material respects or (C) has resulted in, or could reasonably be expected to result in, the failure of any of the conditions set forth in Section 6.2 to be satisfied;

(ii)    any written notice or other written communication from any Person alleging that the consent of such Person is or may be required in connection with the Transactions;

(iii)    any written notice or other written communication from any Governmental Authority in connection with the Transactions; and

(iv)    any Claims commenced or, to Seller's Knowledge, threatened in writing against, relating to or involving or otherwise affecting the Purchased Assets or the Assumed Liabilities that, if pending on the date of this Agreement, would have been required to have been disclosed pursuant to Article III or that relates to the consummation of the Transactions.

(b)    Buyer's receipt of information pursuant to this Section 5.3 shall not operate as a waiver or otherwise affect any representation, warranty or agreement given or made by Seller in this Agreement (including Section 7.1(e)) and shall not be deemed to amend or supplement the Disclosure Schedules.

Section 5.4    **Confidentiality**.  The Confidentiality Agreement is hereby incorporated herein by reference and shall continue in full force and effect in accordance with its terms; provided that from and after the Closing, all of Buyer's and its Affiliates obligations under the Confidentiality Agreement with respect to confidential information that constitutes a Purchased Asset or Assumed Liability, shall terminate and be of no further force or effect. From and after the Closing the confidential information and trade secrets included in the Purchased Assets ("Business Confidential Information") will be the confidential information of Buyer.  Seller will not use the Business Confidential Information for any reason.  From and after the Closing, except with the prior written consent of Buyer, Seller agrees to keep confidential and not disclose the Business Confidential Information, except to the extent that (i) such information has otherwise been made public by Buyer, or (ii) Seller is required by applicable Law (including, in connection with the Bankruptcy Cases) to divulge or disclose any such information (in which case Seller shall promptly notify Buyer in advance of disclosing such information and use commercially reasonable efforts to cooperate with Buyer to limit such disclosure, to the extent permitted under applicable Law).

Section 5.5    **Closing Conditions**.  From the date hereof until the Closing, (a) Seller shall use its commercially reasonable efforts to take such actions as are necessary to cause the closing conditions set forth in Section 6.1 and Section 6.2 that are within Seller's control or influence to be expeditiously satisfied or fulfilled, and (b) Buyer shall use its reasonable best efforts to take such actions as are necessary to cause the closing conditions set forth in Section 6.3 that are within Buyer's control or influence to be expeditiously satisfied or fulfilled.

Section 5.6    **Public Announcements**.  Unless otherwise required by applicable Law (based upon the reasonable advice of counsel), no Party shall make any public announcements in respect of this Agreement or the Transactions or otherwise communicate with any news media

15

without the prior written consent of the other Party (which consent shall not be unreasonably withheld, conditioned or delayed), and the Parties shall cooperate as to the timing and contents of any such announcement.

**Section 5.7    Bulk Sales Laws**. The Parties intend that pursuant to section 363(f) of the Bankruptcy Code, the transfer of the Purchased Assets shall be free and clear of any Encumbrances in the Purchased Assets including any liens or claims arising out of the bulk sales, bulk transfer, and similar Laws, and the Parties shall take such steps as may be necessary or appropriate to so provide in the Sale Order (if necessary). Seller and Buyer hereby waive compliance by Seller with the requirements and provisions of any "bulk-transfer" Laws of any jurisdiction that may otherwise be applicable with respect to the sale and transfer of any or all of the Purchased Assets to Buyer; it being understood that any Liabilities arising out of the failure of Seller to comply with the requirements and provisions of any bulk sales, bulk transfer, or similar Laws of any jurisdiction shall be treated as Excluded Liabilities.

**Section 5.8    Transfer Taxes**. All transfer, documentary, sales, use, stamp, registration, value added and other such Taxes and fees (including any penalties and interest) incurred in connection with this Agreement and the Ancillary Documents shall be borne and paid by Buyer when due. Buyer shall, at its own expense, timely file any Tax Return or other document with respect to such Taxes or fees (and Seller shall cooperate with respect thereto as necessary).

**Section 5.9    Use of Name**. Following the Closing, Seller shall, subject to Section 5.13, discontinue the use of its current name (and any other trade names or "d/b/a" names currently utilized by Seller in any trade of commerce.

**Section 5.10    Customer Personal Information**.    From and after the date of this Agreement and prior to the Closing or the earlier termination of this Agreement, Seller shall provide to customers and prospective customers any required privacy notices and obtain any required consents related to Seller's ability to transfer customers' and prospective customers' Personal Information included in the Purchased Assets to Buyer as is necessary to comply in all material respects with applicable Law in connection with the consummation of the Transactions.

**Section 5.11    No Successor Liability**.

(a)    The Parties intend that, to the fullest extent permitted by applicable Law (including under Section 363 of the Bankruptcy Code), upon the Closing, Buyer shall not be deemed to: (a) be the successor of Seller, (b) have, de facto, or otherwise, merged with or into Seller, (c) be a mere continuation or substantial continuation of Seller or the enterprise(s) of Seller or (d) be liable or have any Liability for any acts or omissions of Seller in the conduct of their businesses or arising under or related to the Purchased Assets other than as expressly set forth and agreed in this Agreement. Without limiting the generality of the foregoing, and except as otherwise expressly provided in this Agreement, the Parties intend that Buyer shall have no Liability for any Encumbrance against Seller or any of Seller's predecessors or Affiliates, and Buyer shall have no successor or vicarious liability of any kind or character whether known or unknown as of the Closing Date or in connection with the transactions contemplated to occur on the Closing, whether now existing or hereafter arising, or whether fixed or contingent, with respect to the business of Seller, the Purchased Assets or any Liability of Seller arising prior to, or relating to any period

16

occurring prior to, the Closing Date. The Parties agree that the Sale Order (if necessary) shall contain provisions substantially in the form set forth in this Section 5.11(a).

(b)     Without limiting the generality of Section 5.11(a), the Sale Order (if necessary) shall provide that (i) Buyer shall not be liable for or have any Liability related to the Tax Claims, and (ii) at the Closing the Purchased Assets shall transfer to Buyer free and clear of any Encumbrances related to the Tax Claims.  For purposes of this Agreement, "Tax Claims" means any and all Claims of the U.S. Internal Revenue Service, or any other taxing authority, related to or against, Seller, any Representative of Seller, any equityholder of Seller, any Affiliate of Seller or the Purchased Assets.

### Section 5.12    Receipt of Misdirected Assets; Liabilities.

(a)     From and after the Closing, if Seller or any of its respective Affiliates receives any right, property or asset that is a Purchased Asset, Seller shall promptly transfer or cause such of its Affiliates to transfer such right, property or asset (and shall promptly endorse and deliver any such asset that is received in the form of cash, checks or other documents) to Buyer, and such asset will be deemed the property of Buyer held in trust by Seller for Buyer until so transferred. From and after the Closing, if Buyer or any of its Affiliates receives any right, property or asset that is an Excluded Asset, Buyer shall promptly transfer or cause such of its Affiliates to transfer such asset (and shall promptly endorse and deliver any such right, property or asset that is received in the form of cash, checks, or other documents) to Seller, and such asset will be deemed the property of Seller held in trust by Buyer for Seller until so transferred.

(b)     From and after the Closing, if Seller or any of its Affiliates is subject to a Liability that should belong to Buyer or its Affiliates pursuant to the terms of this Agreement, Seller shall promptly transfer or cause such of its Affiliates to transfer such Liability to Buyer, and Buyer shall assume and accept such Liability. From and after the Closing, if Buyer or any of its Affiliates is subject to a Liability that should belong to Seller or its Affiliates pursuant to the terms of this Agreement, Buyer shall promptly transfer or cause such of its Affiliates to transfer such Liability to Seller or its Affiliates, and Seller or its Affiliates shall assume and accept such Liability.

### Section 5.13    Limited License to Intellectual Property Assets.

(a)     Following the Closing, Buyer hereby grants to the Seller a limited, non-exclusive, non-transferable, royalty-free, fully paid-up, right and license to use the Intellectual Property Assets and to continue using its current name, in each case solely as expressly authorized herein (the "Limited IP License"). The Limited IP License grants Seller, its Affiliates and its authorized representatives (collectively, "Licensees") administering the sale of assets in accordance with the Bankruptcy Case, the right to use the Intellectual Property Assets solely in conjunction with the wind-down plan of Seller's estate (the "Wind Down Sale").

(b)     The Seller's right to use the Intellectual Property Assets under the Limited IP License for the Wind Down Sale will terminate on the Closing Date.

(c)     Seller acknowledges and agrees that, as of the Closing, (i) Buyer shall exclusively own all beneficial and legal title and interest in and to the Intellectual Property Assets,

17

and that any and all goodwill arising in connection with the use of the Intellectual Property Assets inures solely to Buyer and (ii) no Licensee shall use the Intellectual Property Assets in a manner that is of a different character than used by Seller prior to the Closing.

(d)     Seller covenants that it will not, directly or indirectly, either alone or in conjunction with others, infringe, challenge or take any action to cause a challenge to Buyer's ownership of, or the validity of, the Intellectual Property Assets or any element of them, or to obstruct the efforts of Buyer with respect to the applications and registration thereof. Seller shall not use or apply for registration of any trademark, trade name, domain name, social media account or copyright that uses the Intellectual Property Assets, or any similar marks, names, or works, without Buyer's prior written consent, which may be withheld in Buyer's sole discretion.

(e)     Seller shall be responsible for ensuring the compliance of all Licensees' activities under this Limited IP License.

(f)     Buyer acknowledges and agrees that, from and after the Closing, and until the later of (i) December 31, 2025 or (ii) such other date as approved by the Bankruptcy Court in connection with any data retention and/or transition plan, whether in connection with a chapter 11 plan or otherwise, Buyer shall preserve and maintain in its current form, on the www.RiteAid.com website, (a) the "medical records requests" search and (b) the "find my pharmacy" search function.**Limited License to Opt-Out List**.  Upon Closing, Seller shall provide to Buyer a dataset containing Seller's list of individuals who submitted deletion or opt-out requests to Buyer with respect to their personal information (the "Opt-Out List") pursuant to the following terms and conditions: (i) The Opt-Out List is not a Purchased Asset hereunder and instead Seller grants to Buyer a limited non-sublicensable, non-transferable license to access and use the Opt-Out List in the United States, solely to ensure Buyer does not market to individuals identified in the Opt-Out List in connection with the Purchased Assets, i.e., the Rite Aid brand and marks (the "Opt-Out List Purpose"); (ii) Buyer (with its affiliates and service providers) shall only use the Opt-Out List for the Opt-Out List Purpose and for no other reason; (iii) this license to the Opt-Out List expires one (1) year after Closing, by which time Buyer shall have permanently deleted the Opt-Out List from Buyer's records; (iv) contents of the Opt-Out List shall not be added to, or comingled with, any other dataset or records; (v) Buyer shall comply with all privacy Laws, as applicable, with respect to the Opt-Out List;  (vi) Seller shall have the right to take reasonable and appropriate steps to stop and remediate unauthorized use of the Opt-Out List; (vii) Seller will only provide email addresses and phone numbers in the Opt-Out List (to prevent marketing communications using those specific identifiers); and (viii) notwithstanding anything to the contrary herein, Buyer shall defend, indemnify and hold Seller with its affiliates and their respective employees, officers, directors and representatives (the "Indemnified Parties") harmless against any loss or damage (including reasonable attorneys' fees) incurred in connection with any Action or allegation that Buyer's use of the Opt-Out List violated this Section 5.14 or applicable privacy, security or data protection Laws.

**Section 5.15   Indemnification Procedures**.  Whenever any claim shall arise for indemnification under Section 5.14, the applicable Indemnified Party or Parties shall promptly, but no later than thirty (30) days after they have actual knowledge such claim has arisen, provide written notice of such claim to the Buyer.  In connection with any claim giving rise to indemnity hereunder resulting from or arising out of any Action by a Person who is not a party to this

18

Agreement, the Buyer, at its sole cost and expense and upon written notice to the Indemnified Party, may assume the defense of any such Action with counsel reasonably satisfactory to the Indemnified Party. The Indemnified Party shall be entitled to participate in the defense of any such Action, with its counsel and at its own cost and expense. If the Buyer does not assume the defense of any such Action, the Indemnified Party may, but shall not be obligated to, defend against such Action in such manner as it may deem appropriate, including settling such Action, after giving notice of it to the Buyer, on such terms as the Indemnified Party may deem appropriate and no action taken by the Indemnified Party in accordance with such defense and settlement shall relieve the Buyer of its indemnification obligations herein provided with respect to any damages resulting therefrom. The Buyer shall not settle any Action without the Indemnified Party's prior written consent (which consent shall not be unreasonably withheld or delayed).

Section 5.16    **Further Assurances**. Following the Closing, each of the Parties shall, and shall cause their respective Affiliates to, execute and deliver such additional documents, instruments, conveyances and assurances as may be reasonably required and take such further actions as may be reasonably required to carry out the provisions hereof and give effect to the Transactions and the Ancillary Documents including, without limitation, to use reasonable efforts to execute transfer or consent forms to facilitate Purchaser's access to, and possession of, the Primary Conveyed Accounts.

**ARTICLE VI**
**CONDITIONS TO CLOSING**

Section 6.1    **Conditions to Obligations of All Parties**.  The obligations of each Party to consummate the Transactions shall be subject to the fulfillment, at or prior to the Closing, of each of the following conditions:

(a)    No Governmental Authority shall have enacted, issued, promulgated, enforced or entered any Order (including any temporary restraining Order or preliminary or permanent injunction) which is in effect and has the effect of making the Transactions illegal, otherwise restraining or prohibiting consummation of such transactions, or causing any of the Transactions to be rescinded following completion thereof.

(b)    The Bankruptcy Court shall have entered the Sale Order and the Sale Order shall not have been (i) stayed or reversed, or (ii) modified or amended in a manner not reasonably acceptable to Buyer or (ii) if the Sale Order is not necessary, the parties shall have consummated the Sale pursuant to, and in accordance with, the De Minimis Sale Procedures Order.

Section 6.2    **Conditions to Obligations of Buyer**.  The obligations of Buyer to consummate the Transactions shall be subject to the fulfillment or Buyer's written waiver, at or prior to the Closing, of each of the following conditions:

(a)    Other than the Fundamental Representations, the representations and warranties of Seller contained in this Agreement, the Ancillary Documents and any certificate or other writing delivered pursuant hereto shall be true and correct in all respects (without giving effect to any limitation indicated by the words "Material Adverse Effect," "in all material respects," "in any material respect," "material," or "materially") on and as of the Closing Date

19

with the same effect as though made at and as of such date (except those representations and warranties that address matters only as of a specified date, the accuracy of which shall be determined as of that specified date in all respects), except where the failure of such representations and warranties to be so true and correct would not reasonably be expected to have, individually or in the aggregate, a Material Adverse Effect. The Fundamental Representations shall be true and correct in all respects on and as of the Closing Date with the same effect as though made at and as of such date (except those representations and warranties that address matters only as of a specified date, the accuracy of which shall be determined as of that specified date in all respects).

(b)    Seller shall have duly performed and complied in all material respects with all agreements, covenants and conditions required by this Agreement and each of the Ancillary Documents to be performed or complied with by it prior to or on the Closing Date.

(c)    No Claim shall have been commenced against Buyer or Seller, which would prevent the Closing.

(d)    From the date of this Agreement, there shall not have occurred any Material Adverse Effect, nor shall any event or events have occurred that, individually or in the aggregate, with or without the lapse of time, could reasonably be expected to result in a Material Adverse Effect.

(e)    Seller shall have delivered to Buyer all items set forth in <u>Section 2.2(a)</u>.

**Section 6.3    Conditions to Obligations of Seller**.    The obligations of Seller to consummate the Transactions shall be subject to the fulfillment or Seller's waiver, at or prior to the Closing, of each of the following conditions:

(a)    The representations and warranties of Buyer contained in <u>Article IV</u> shall be true and correct, in each case as of the Closing Date, with the same force and effect as though all such representations and warranties had been made as of the Closing Date (other than representations and warranties that by their terms address matters only as of another specified date, which shall be so true and correct only as of such other specified date), except where the failure of such representations or warranties to be so true and correct (without giving effect to any limitation as to "materiality", "material adverse effect", or similar qualifiers contained therein) would not materially impair or prevent Buyer's ability to consummate the Transactions.

(b)    Buyer shall have duly performed and complied in all material respects with all agreements, covenants and conditions required by this Agreement and each of the Ancillary Documents to be performed or complied with by it prior to or on the Closing Date.

(c)    Buyer shall have delivered to Seller all items forth in <u>Section 2.2(b)</u>.

## ARTICLE VII
## TERMINATION

**Section 7.1    Termination**.    This Agreement may be terminated at any time prior to the Closing:

(a)      by the mutual written consent of Seller and Buyer;

(b)      by written notice of either Buyer or Seller, upon the issuance of an Order by a court of competent jurisdiction restraining, enjoining or otherwise prohibiting the consummation of the Closing or declaring unlawful the Transactions, and such Order having become final, binding and non-appealable; provided that no Party may terminate this Agreement under this Section 7.1(b) if the issuance of such Order was caused by such Party's failure to perform any of its obligations under this Agreement;

(c)      by written notice of either Buyer or Seller, if the Closing shall not have occurred on or before December 22nd<sup>th</sup>, 2025 (the "Outside Date");

(d)      by written notice from Seller to Buyer, upon a breach of any covenant or agreement on the part of Buyer, or if any representation or warranty of Buyer will have become untrue, in each case, such that the conditions set forth in Section 6.3(a) or Section 6.3(b) would not be satisfied; provided that (i) if such breach is curable by Buyer then Seller may not terminate this Agreement under this Section 7.1(d) unless such breach has not been cured by the date which that the earlier of (A) two (2) Business Days prior to the Outside Date and (B) 30 days after Seller notifies Buyer of such breach and (ii) Seller's right to terminate this Agreement pursuant to this Section 7.1(d) will not be available to Seller at any time that Seller is in material breach of, any covenant, representation or warranty hereunder;

(e)      by written notice from Buyer to Seller, upon a breach of any covenant or agreement on the part of Seller, or if any representation or warranty of the Seller will have become untrue, in each case, such that any of the conditions set forth in Section 6.2 would not be satisfied; provided that (i) if such breach is curable by Seller then Buyer may not terminate this Agreement under this Section 7.1(e) unless such breach has not been cured by the date which is the earlier of (A) two (2) Business Days prior to the Outside Date and (B) 30 days after Buyer notifies Seller of such breach, and (ii) the right to terminate this Agreement pursuant to this Section 7.1(e) will not be available to Buyer at any time that Buyer is in material breach of, any covenant, representation or warranty hereunder;

(f)      by written notice from Seller to Buyer, if Seller or the board of directors (or similar governing body) of Seller determines, based on the advice of outside counsel, that proceeding with the Transactions or failing to terminate this Agreement would be inconsistent with its or such Person's or body's fiduciary duties;

(g)      by written notice of either Buyer or Seller, if (i) Seller enters into one or more Alternative Transactions with one or more Persons other than Buyer or (ii) the Bankruptcy Court approves an Alternative Transaction other than with Buyer;

(h)      by Seller or Buyer, if the Bankruptcy Cases are dismissed or converted to a case or cases under chapter 7 of the Bankruptcy Code, or if a trustee or examiner with expanded powers to operate or manage the financial affairs or reorganization of Seller is appointed in the Bankruptcy Cases;

(i)      by Buyer if (i) following entry by the Bankruptcy Court of the Bidding Procedures Order, such order is (x) amended, modified or supplemented in a manner reasonably

21

expected to be adverse to Buyer without Buyer's prior written consent or (y) voided, reversed or vacated or is subject to a stay, or (ii) following entry by the Bankruptcy Court of the Sale Order (if any), the Sale Order is (x) amended, modified or supplemented in an adverse way without Buyer's prior written consent or (y) voided, reversed or vacated or is subject to a stay; or

(j)    by written notice from either Buyer or Seller, if Buyer is not the Successful Bidder at the Auction, if applicable.

**Section 7.2    Effect of Termination**.

(a)    In the event of termination of this Agreement pursuant to Section 7.1, this Agreement shall forthwith become null and void and no Party or any of its partners, officers, directors, managers or equityholders will have any Liability under this Agreement; provided that Section 1.6(b), Section 5.4, this Section 7.2, and Article VIII shall survive any such termination; provided further that no termination will relieve any Party from any Liability for any willful material breach of this Agreement prior to the date of such termination; provided, further, that the maximum Liability of Buyer under, or arising out of, this Agreement, including for any willful material breach of this Agreement, shall be equal to the Deposit.

## ARTICLE VIII
## MISCELLANEOUS

**Section 8.1    Survival**. Except for any covenant that by its terms is to be performed (in whole or in part) by any Party following the Closing, none of the representations, warranties, or covenants of any Party set forth in this Agreement or in any certificate delivered pursuant to Section 2.2(a)(iii) or Section 2.2(b)(iv) shall survive, and each of the same shall terminate and be of no further force or effect as of, the Closing.  Any covenants or obligations hereunder to be performed from and after the Closing shall survive until completion in accordance with the terms thereof.  Notwithstanding anything contained in this Agreement to the contrary (including in this Section 8.1), nothing set forth herein shall limit any rights or remedies available to Buyer in respect of any claim for Fraud.

**Section 8.2    Expenses.** Except as otherwise provided herein (including transfer Taxes pursuant to Section 5.8), all costs and expenses, including, fees and disbursements of counsel, financial advisors and accountants, incurred in connection with this Agreement and the Transactions shall be paid by the Party incurring such costs and expenses, whether or not the Closing shall have occurred.

**Section 8.3    Notices**.  All notices, requests, consents, claims, demands, waivers and other communications hereunder shall be in writing and shall be deemed to have been given (a) when personally delivered; (b) the day following the day on which the same has been delivered prepaid to a reputable national overnight courier service; (c) when transmitted by electronic mail (having obtained electronic delivery confirmation thereof), if delivered by 5:00 P.M. local time of the recipient on a Business Day and otherwise on the following Business Day; or (d) on the third Business Day after the date mailed, by certified or registered mail, return receipt requested, postage prepaid. Such communications must be sent to the respective Parties at the following addresses (or

22

at such other address for a Party as shall be specified in a notice given in accordance with this Section 8.3):

| | |
|---|---|
| If to Seller: | Rite Aid<br>200 Newberry Commons<br>Etters, PA 17319<br>E-mail: sbixler@riteaid.com<br>Attention: Steven K. Bixler |
| with a copy to (which shall not constitute notice): | Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York, NY 10019<br>E-mail: smitchell@paulweiss.com; jesses@paulweiss.com<br>Attention: Sean A. Mitchell; Joshua A. Esses |
| If to Buyer: | PMDLabs Inc.<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>E-mail: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>Attention: ▮▮▮▮▮▮▮▮ |
| with a copy to (which shall not constitute notice): | Akerman LLP<br>1251 Avenue of the Americas, 37th Floor<br>New York, NY 10020<br>E-mail: mark.lichtenstein@akerman.com<br>Attention: Mark S. Lichtenstein |

**Section 8.4    Severability**.  If any term or provision of this Agreement is invalid, illegal or unenforceable in any jurisdiction, such invalidity, illegality or unenforceability shall not affect any other term or provision of this Agreement or invalidate or render unenforceable such term or provision in any other jurisdiction.  Upon such determination that any term or other provision is invalid, illegal or unenforceable, the Parties shall negotiate in good faith to modify this Agreement so as to effect the original intent of the Parties as closely as possible in a mutually acceptable manner in order that the Transactions be consummated as originally contemplated to the greatest extent possible.

**Section 8.5    Entire Agreement**.  This Agreement, the Ancillary Documents, and the Confidentiality Agreement, constitute the sole and entire agreement of the Parties to this Agreement with respect to the subject matter contained herein and therein, and supersede all prior and contemporaneous understandings and agreements, both written and oral, with respect to such subject matter. In the event of any inconsistency between the statements in the body of this Agreement and those in the Ancillary Documents, the Confidentiality Agreement, or the Exhibits and Disclosure Schedules (other than an exception expressly set forth as such in the Disclosure Schedules), the statements in the body of this Agreement will control.  The Exhibits to this Agreement and the Disclosure Schedule are incorporated herein by reference and made a part hereof.

**Section 8.6**    **Successors and Assigns**.  This Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective successors and permitted assigns. Seller may not assign its rights or obligations hereunder without the prior written consent of Buyer.  Buyer may, without the prior written consent of Seller, assign all or any portion of its rights, interests, or obligations under this Agreement to one or more Persons. No assignment shall relieve the assigning party of any of its obligations hereunder.  In furtherance of, and without limiting, the foregoing, Buyer may, without the consent of Seller, designate, in accordance with the terms of this section and effective as of the Closing, one or more Persons to acquire all, or any portion of, the Purchased Assets and assume all or any portion of the Assumed Liabilities or pay all or any portion of the Purchase Price.  The foregoing designation may be made by Buyer by written notice to Seller at any time prior to the Closing Date.  The Parties agree to modify any Closing deliverables in accordance with the foregoing designation.

**Section 8.7**    **No Third-Party Beneficiaries**.  This Agreement is for the sole benefit of the Parties and their respective successors and permitted assigns and nothing herein, express or implied, is intended to or shall confer upon any other Person or entity any legal or equitable right, benefit or remedy of any nature whatsoever under or by reason of this Agreement.

**Section 8.8**    **Amendment and Modification; Waiver**.  This Agreement may only be amended, modified or supplemented by an agreement in writing signed by each Party. No waiver by any Party of any of the provisions hereof shall be effective unless explicitly set forth in writing and signed by the Party so waiving. No waiver by any Party shall operate or be construed as a waiver in respect of any failure, breach or default not expressly identified by such written waiver, whether of a similar or different character, and whether occurring before or after that waiver. No failure to exercise, or delay in exercising, any right, remedy, power or privilege arising from this Agreement shall operate or be construed as a waiver thereof; nor shall any single or partial exercise of any right, remedy, power or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, remedy, power or privilege.

**Section 8.9**    **Governing Law; Submission to Jurisdiction; Waiver of Jury Trial**.

(a)    This Agreement shall be governed by and construed in accordance with the internal laws of the State of New Jersey without giving effect to any choice or conflict of law provision or rule (whether of the State of New Jersey or any other jurisdiction), except to the extent that the Laws of such state are superseded by the Bankruptcy Code.

(b)    Each of the Parties irrevocably agrees that any Claim of any kind whatsoever, including a counterclaim, cross-claim, or defense, regardless of the legal theory under which any Liability or obligation may be sought to be imposed, whether sounding in contract or in tort or under statute, or whether at law or in equity, or otherwise under any legal or equitable theory, that may be based upon, arising out of, or related to this Agreement or the negotiation, execution, or performance of this Agreement or the Transactions and any questions concerning the construction, interpretation, validity and enforceability of this Agreement (each, an "Agreement Dispute") brought by any other Party or its successors or assigns will be brought and determined only in (a) the Bankruptcy Court and any federal court to which an appeal from the Bankruptcy Court may be validly taken or (b) if the Bankruptcy Court is unwilling or unable to hear such Claim, in the Court of Chancery of the State of New Jersey (or if such court lacks jurisdiction, any

24

other state or federal court sitting in the State of New Jersey) (collectively, the "Chosen Courts"), and each of the Parties hereby irrevocably submits to the exclusive jurisdiction of the Chosen Courts for itself and with respect to its property, generally and unconditionally, with regard to any Agreement Dispute. Each of the Parties agrees not to commence any Agreement Dispute except in the Chosen Courts, other than Claims in any court of competent jurisdiction to enforce any Order, decree or award rendered by any Chosen Courts, and no Party will file a motion to dismiss any Agreement Dispute filed in a Chosen Court on any jurisdictional or venue-related grounds, including the doctrine of forum non conveniens. The Parties irrevocably agree that venue would be proper in any of the Chosen Court, and hereby irrevocably waive any objection that any such court is an improper or inconvenient forum for the resolution of any Agreement Dispute. Each of the Parties further irrevocably and unconditionally consents to service of process in the manner provided for notices in Section 8.3. Nothing in this Agreement will affect the right of any Party to serve process in any other manner permitted by Law.

(c)     EACH PARTY ACKNOWLEDGES AND AGREES THAT ANY AGREEMENT DISPUTE IS LIKELY TO INVOLVE COMPLICATED AND DIFFICULT ISSUES AND THEREFORE HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN ANY AGREEMENT DISPUTE.

**Section 8.10**   **Specific Performance**.  The Parties agree that irreparable damage would occur if any provision of this Agreement were not performed in accordance with the terms hereof and that the Parties shall be entitled to specific performance of the terms hereof, in addition to any other remedy to which they are entitled under this Agreement.

**Section 8.11**   **Counterparts**.  This Agreement and any other agreements referred to herein or therein, and any amendments hereto or thereto, may be executed in multiple counterparts, any one of which need not contain the signature of more than one party hereto or thereto, but all such counterparts taken together will constitute one and the same instrument. Any counterpart, to the extent signed and delivered by means of a .PDF or other electronic transmission, will be treated in all manner and respects as an original agreement and will be considered to have the same binding legal effects as if it were the original signed version thereof delivered in person. Minor variations in the form of the signature page to this Agreement or any agreement or instrument contemplated hereby, including footers from earlier versions of this Agreement or any such other document, will be disregarded in determining the effectiveness of such signature.

**Section 8.12**   **Interpretation**.  Unless otherwise expressly provided in this Agreement, the following will apply to this Agreement, the Disclosure Schedules, the Schedules, the Ancillary Documents and any other certificate, instrument, agreement or other document contemplated hereby or delivered hereunder.

(a)     The terms "hereof," "herein" and "hereunder" and terms of similar import are references to this Agreement as a whole and not to any particular provision of this Agreement. Section, clause, Schedule, Disclosure Schedules and exhibit references contained in this Agreement are references to sections, clauses, Schedules, Disclosure Schedules, and exhibits in or to this Agreement, unless otherwise specified. All Exhibits, Schedules, and Disclosure Schedules annexed hereto or referred to herein are hereby incorporated in and made a part of this Agreement

25

as if set forth in full herein. Any capitalized terms used in any Schedule, Exhibit, or Disclosure Schedule but not otherwise defined therein shall be defined as set forth in this Agreement.

(b)     Whenever the words "include," "includes" or "including" are used in this Agreement, they will be deemed to be followed by the words "without limitation." Where the context permits, the use of the term "or" will be equivalent to the use of the term "and/or." The words "to the extent" shall mean "the degree by which" and not simply "if." Words denoting any gender will include all genders, including the neutral gender. Where a word is defined herein, references to the singular will include references to the plural and vice versa, and its other grammatical forms have a corresponding meaning. The word "will" will be construed to have the same meaning and effect as the word "shall". The words "shall," "will," or "agree(s)" are mandatory, and "may" is permissive.

(c)     When calculating the period of time before which, within which or following which any act is to be done or step taken pursuant to this Agreement, the date that is the reference date in calculating such period will be excluded. If the last day of such period is a day other than a Business Day, the period in question will end on the next succeeding Business Day.

(d)     All references to "$" and dollars will be deemed to refer to United States currency unless otherwise specifically provided. All references to any financial or accounting terms shall be defined in accordance with GAAP.

(e)     All references to a day or days will be deemed to refer to a calendar day or calendar days, as applicable, unless otherwise specifically provided. All references herein to time are references to prevailing Eastern Time, unless otherwise specified herein.

(f)     Any document or item will only be deemed "delivered," "provided" or "made available" by Seller, within the meaning of this Agreement if such document or item is included in the Dataroom, by 5:00 p.m. Eastern Time on the date that is 1 Business Day prior to the date of this Agreement.

(g)     Any reference to any agreement or Contract will be a reference to such agreement or Contract as amended, modified, supplemented or waived. A reference to any legislation or Law or to any provision of any legislation or Law shall include any modification or re-enactment thereof, any legislative provision substituted therefor and all regulations and statutory instruments issued thereunder or pursuant thereto.

(h)     A reference to any Party to this Agreement or any other agreement or document shall include such Party's successors and assigns, but only if such successors and assigns are not prohibited by this Agreement. A reference to a Person in a particular capacity excludes such Person in any other capacity or individually.

(i)     This Agreement shall be construed without regard to any presumption or rule requiring construction or interpretation against the party drafting an instrument or causing any instrument to be drafted. The headings in this Agreement are for reference only and shall not affect the interpretation of this Agreement.

## ARTICLE IX
### ADDITIONAL DEFINITIONS

**Section 9.1** <u>**Certain Definitions**</u>. As used herein, the terms below shall have the following respective meanings:

(a) "<u>Action</u>" means any claim, action, cause of action, demand, lawsuit, arbitration, inquiry, audit, notice of violation, proceeding, litigation, citation, summon, subpoena, or investigation of any nature, whether at law or in equity.

(b) "<u>Affiliate</u>" of a Person means any other Person that directly or indirectly, through one or more intermediaries, controls, is controlled by, or is under common control with, such Person. The term "control" (including the terms "controlled by" and "under common control with") means the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of a Person, whether through the ownership of voting securities, by contract or otherwise.

(c) "<u>Ancillary Documents</u>" means the Bill of Sale and Assignment and Assumption Agreement, Intellectual Property Assignments, and the other agreements, instruments and documents required to be delivered at the Closing.

(d) "<u>Bankruptcy Rules</u>" means the Federal Rules of Bankruptcy Procedure as promulgated by the United States Supreme Court under section 2075 of title 28 of the United States Code, 28 U.S.C. § 2075, as applicable to the Bankruptcy Case, and the general, local and chambers rules of the Bankruptcy Court.

(e) "<u>Business Day</u>" means any day except Saturday, Sunday or any other day on which commercial banks located in New Jersey are authorized or required by Law to be closed for business.

(f) "<u>Claim</u>" means all actions, claims, counterclaims, suits, proceedings, demand, lawsuit, arbitration, inquiry, audit, notice of violation, litigation, citation, summons, rights of action, causes of action, Liabilities, losses, damages, remedies, penalties, judgments, settlements, costs, expenses, fines, disbursements, demands, reasonable costs, fees and expenses of counsel, including in respect of subpoena, investigation, interest, demands and actions of any nature or any kind whatsoever, known or unknown, disclosed or undisclosed, accrued or unaccrued, matured or unmatured, choate or inchoate, legal or equitable, and arising in tort, contract or otherwise, including any "claim" as defined in the Bankruptcy Code.

(g) "<u>Code</u>" means the Internal Revenue Code of 1986, as amended.

(h) "<u>Confidentiality Agreement</u>" means that certain Non-Disclosure Agreement, by and between Buyer and Seller, dated as of June 5th, 2025.

(i) "<u>Consent</u>" means any approval, consent, ratification, permission, waiver or authorization, or an Order of the Bankruptcy Court that deems or renders unnecessary the same.

27

(j)    "Contracts" means any agreement, contract, license, arrangement, commitment, promise, obligation, right, instrument, document, purchase order, sales order, or other similar commitment or instrument, whether written or oral, that is binding on the parties thereto (other than any leases).

(k)    "Customer Loyalty Data" means the date set forth on Schedule 1.1(b).

(l)    "Dataroom" means that certain data site administered by Intralinks at: https://services.intralinks.com/web/#workspace/18700445/documents and/or CapLinked at: https://secure.caplinked.com/workspaces/project-road-rite-aid, as applicable.

(m)    "De Minimis Sale Procedures Order" means the *Final Order (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions, (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment, and (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment* [Docket No. 778].

(n)    "Disclosure Schedules" means the Disclosure Schedules delivered by Seller and Buyer concurrently with the execution and delivery of this Agreement.

(o)    "Encumbrance" means any Interest, Liability, lien (statutory or otherwise, including as defined in section 101(37) of the Bankruptcy Code), claim (including as defined in section 101(5) of the Bankruptcy Code), community or other marital property interest, condition, equitable interest, right of way, encroachment, servitude, right of first refusal or right of first offer (or similar restriction), restriction of any kind (including any restriction on use, voting, transfer (including under any shareholder or similar agreement), receipt of income, or the exercise of any other attribute of ownership), deed of trust, easement, mortgage, pledge, charge, security interest or similar interests, option, security agreement, hypothecation, license, preference, priority, covenant, right of recovery, Order, imperfections or defects of title, conditional sale or other title retention agreement, assignment or deposit arrangement in the nature of a security device, right of a third party or Seller to use any portion of the Purchased Assets (including under any leasehold interest, license, or other right), lease or other imposition having substantially the same effect as any of the foregoing, or other adverse claims or interests of any kind, whether any of the foregoing is secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, material or non-material, known or unknown.

(p)    "Escrow Agent" means The Fiduciary Valet Corp., a Florida corporation.

(q)    "Escrow Account" means the non-interest bearing account established by the Escrow Agent to hold the Deposit.

(r)    "Fraud" means a knowing and intentional misrepresentation of a material fact in one or more of the representations and warranties of (i) the Seller set forth in Article III or any Ancillary Document or (ii) Buyer set forth in Article IV or any Ancillary Document, in each case of clauses (i) and (ii), with the intent that the other Party rely on such fact, and, such other Party relies on such fact to its material detriment.

28

(s)    "Fundamental Representations" means the representations and warranties contained in Section 3.1 (*Organization and Qualification of Seller*), Section 3.2 (*Authority of Seller*), Section 3.3 (*No Conflicts; Consents*), Section 3.4 (*Title to Purchased Assets*), and Section 3.7 (*Brokers*).

(t)    "GAAP" means United States generally accepted accounting principles in effect from time to time.

(u)    "Governmental Authority" means any federal, state, local or foreign government or political subdivision thereof, or any agency or instrumentality of such government or political subdivision, or any self-regulated organization or other non-governmental regulatory authority or quasi-governmental authority, including environmental Professionals (to the extent that the rules, regulations or orders of such organization or authority have the force of Law), or any arbitrator, court or tribunal of competent jurisdiction.

(v)    "Governmental Authorization" means any permit, license, certificate, approval, consent, permission, clearance, designation, qualification or authorization issued, granted, given or otherwise made available by or under the authority of any Governmental Authority or pursuant to any Law.

(w)    "Intellectual Property" means any and all rights in, arising out of, or associated with any of the following in any jurisdiction throughout the world: (a) issued patents and patent applications (whether provisional or non-provisional), including divisionals, continuations, continuations-in-part, substitutions, reissues, reexaminations, extensions, or restorations of any of the foregoing, and other Governmental Authority-issued indicia of invention ownership (including certificates of invention, petty patents, and patent utility models) ("Patents"); (b) trademarks, service marks, brands, certification marks, logos, trade dress, trade names, and other similar indicia of source or origin, together with the goodwill connected with the use of and symbolized by, and all registrations, applications for registration, and renewals of, any of the foregoing ("Trademarks"); (c) copyrights and works of authorship, whether or not copyrightable, and all registrations, applications for registration, and renewals of any of the foregoing ("Copyrights"); (d) internet domain names and social media account or user names (including "handles"), whether or not Trademarks, all associated web addresses, URLs, mobile apps, websites and web pages, social media sites and pages, and all content and data thereon or relating thereto, whether or not Copyrights ("Internet Properties"); (e) mask works, and all registrations, applications for registration, and renewals thereof; (f) industrial designs, and all Patents, registrations, applications for registration, and renewals thereof; (g) trade secrets, know-how, inventions (whether or not patentable), discoveries, improvements, technology, business and technical information, databases, data compilations and collections, tools, methods, processes, techniques, samples and other confidential and proprietary information and all rights therein ("Trade Secrets"); (h) computer programs, operating systems, applications, firmware and other code, including all source code, object code, application programming interfaces, data files, databases, protocols, specifications, and other documentation thereof ("Software"); (i) rights of publicity; and (j) all other intellectual or industrial property and proprietary rights.

(x)    "Intellectual Property Assets" means the Intellectual Property set forth on Schedule 1.1(a).

29

(y)    "Intellectual Property Registrations" means all Intellectual Property Assets that are subject to any issuance, registration, or application by or with any Governmental Authority or authorized private registrar in any jurisdiction, including issued Patents, registered Trademarks, domain names and Copyrights, and pending applications for any of the foregoing.

(z)    "Interest" means any interest within the meaning of section 363(f) of the Bankruptcy Code, including any interest of a Governmental Authority, and all other interests, pledges, security interests, rights of setoff, restrictions or limitations on use, successor liabilities, conditions, rights of first refusal, options to purchase, obligations to allow participation, agreements or rights, rights asserted in litigation matters, competing rights of possession, obligations to lend, matters filed of record that relate to, evidence or secure an obligation of the Seller (and all created expenses and charges) of any type under, among other things, any document, instrument, agreement, affidavit, matter filed of record, cause, or state or federal Law, whether known or unknown, legal or equitable, and all Encumbrances, rights of offset, replacement Encumbrances, adequate protection Encumbrances, charges, obligations, or claims granted, allowed or directed in any Order.

(aa)    "Knowledge of Seller or "Seller's Knowledge"" or any other similar knowledge qualification, means the actual knowledge of Alyssa Parrish.

(bb)    "Law" means any statute, law, ordinance, regulation, rule, code, order, constitution, treaty, common law, judgment, decree, other requirement or rule of law of any Governmental Authority.

(cc)    "Liabilities" means liabilities, obligations or commitments of any nature whatsoever, asserted or unasserted, known or unknown, absolute or contingent, accrued or unaccrued, matured or unmatured or otherwise.

(dd)    "Material Adverse Effect" means any event, occurrence, fact, condition or change that is, or could reasonably be expected to become, individually or in the aggregate, materially adverse on (a) the value of the Purchased Assets, or (b) the ability of Seller to consummate the Transactions on a timely basis; provided, however, that "Material Adverse Effect" shall not include any event, occurrence, fact, condition or change, directly or indirectly, arising out of or attributable to: (i) general economic or political conditions; (ii) conditions generally affecting the industries in which the Business operates or operated; (iii) any changes in financial or securities markets in general; (iv) acts of war (whether or not declared), armed hostilities or terrorism, or the escalation or worsening thereof; (v) any action required or permitted by this Agreement or any action taken (or omitted to be taken) with the written consent of or at the written request of Buyer; (vi) any changes in applicable Laws or accounting rules, including GAAP; (vii) the public announcement, pendency or completion of the Transactions; (viii) any natural or man-made disasters or acts of God; (ix) any epidemics, pandemics, disease outbreaks, or other public health emergencies; (x) any failure by the Business to meet any internal or published projections, forecasts or revenue or earnings predictions (provided that the underlying causes of such failures (subject to the other provisions of this definition) shall not be excluded); or (xi) the Bankruptcy Case, including the related liquidation of all of Seller's assets and winddown of its business, provided further, however, that any event, occurrence, fact, condition or change referred to in clauses (i) through (iv) immediately above shall be taken into account in determining whether a

30

Material Adverse Effect has occurred or could reasonably be expected to occur to the extent that such event, occurrence, fact, condition or change has a disproportionate effect on the Business compared to other participants in the industries in which the Business operates (in which case, only the incremental disproportionate adverse effect may be taken into account in determining whether a Material Adverse Effect has occurred).

(ee)    "Order" means any order, writ, judgment, injunction, decree, stipulation, determination or award entered by or with any Governmental Authority.

(ff)    "Permits" means all permits, licenses, franchises, approvals, authorizations, registrations, certificates, variances and similar rights obtained, or required to be obtained, from Governmental Authorities.

(gg)    "Permitted Encumbrance" means any Encumbrance to be removed or released pursuant to the Sale Order.

(hh)    "Person" means an individual, corporation, partnership, joint venture, limited liability company, Governmental Authority, unincorporated organization, trust, association or other entity.

(ii)    "Personal Information" means any data that identifies or has the capacity to identify an individual and is defined as personal information, personal data, personally identifiable information, or a similar term under any Laws, agreements, or internal or publicly posted policies, notices, or statements concerning the collection, use, processing, storage, transfer, and security of any such information.

(jj)    "Primary Conveyed Accounts" means the accounts, handles, storefronts, and related permissions thereto, as applicable to the platforms identified in Schedule 1.1 or Schedule 1.2 of this Agreement, including, without limitation:

a.    domain registrar accounts (GoDaddy, Network Solutions, NameCheap, 101 Domains, Network Solutions for Rite Aid Advertising, DynaDots as per Section (d) of the IP Schedule 1.1(a));

b.    short codes 88688, 75708, 96843 and related mobile aggregator accounts (e.g. Sinch, Twilio, or others);

c.    Amazon              e-commerce              account (https://www.amazon.com/stores/RiteAid/page/04A18F60-4172-49AE-B72C-72B4BC68DC); and

d..    social media accounts (as per the Specified Asset Schedule 1.2):

(i)    LinkedIn: Rite Aid
(ii)    YouTube: @riteaid
(iii)    Facebook: Rite Aid
(iv)    Instagram: @riteaid
(v)    X/Twitter: @riteaid

31

(vi)    Pinterest: @riteaid

(kk)    "Representative" means, with respect to any Person, any and all directors, officers, employees, consultants, financial advisors, counsel, accountants and other agents of such Person.

(ll)    "Sale Order" means the Order (i) approving this Agreement and the terms and conditions hereof, including pursuant to sections 363 and 365 of the Bankruptcy Code, and (ii) approving and authorizing Seller to consummate the Transactions, in form and substance reasonably acceptable to Seller and Buyer.

(mm)    "Schedules" means the schedules, other than the Disclosure Schedules, delivered by Seller and Buyer concurrently with the execution and delivery of this Agreement, as amended from time to time in accordance with and subject to the terms hereof.

(nn)    "Taxes" means all federal, state, local, foreign and other income, gross receipts, sales, use, production, ad valorem, transfer, documentary, franchise, registration, profits, license, lease, service, service use, withholding, payroll, employment, unemployment, estimated, excise, severance, environmental, stamp, occupation, premium, property (real or personal), real property gains, windfall profits, customs, duties or other taxes, fees, assessments or charges of any kind whatsoever, together with any interest, additions or penalties with respect thereto and any interest in respect of such additions or penalties.

(oo)    "Tax Return" means any return, declaration, report, claim for refund, information return or statement or other document relating to Taxes, including any schedule or attachment thereto, and including any amendment thereof.

(pp)    "Transactions" means the transactions contemplated by this Agreement and the Ancillary Documents.

**Section 9.2    Index of Defined Terms.**

| | |
|---|---|
| Action ........................................................ 27 | Business ...................................................... 4 |
| Affiliate .................................................... 27 | Business Confidential Information .......... 15 |
| Agreement .................................................. 4 | Business Day ............................................. 27 |
| Agreement Date .......................................... 4 | Buyer .......................................................... 4 |
| Agreement Dispute .................................. 24 | Cash Payment ............................................. 5 |
| Allocation .................................................. 6 | Chosen Courts .......................................... 25 |
| Ancillary Documents ............................... 27 | Claim ......................................................... 27 |
| Assumed Liabilities .................................... 5 | Closing ........................................................ 6 |
| Bankruptcy Cases ....................................... 4 | Closing Date ............................................... 6 |
| Bankruptcy Code ........................................ 4 | Code .......................................................... 27 |
| Bankruptcy Court ....................................... 4 | Confidentiality Agreement ....................... 27 |
| Bankruptcy Court Milestones .................. 13 | Consent ..................................................... 27 |
| Bankruptcy Rules ..................................... 27 | Contracts .................................................. 28 |
| Bill of Sale and Assignment and | Copyrights ................................................ 29 |
|     Assumption Agreement ......................... 7 | Customer Loyalty Data ............................ 28 |

Dataroom ................................................. 28
De Minimis Sale Procedures Order ......... 28
Deposit ...................................................... 5
Disclosure Schedules ............................... 28
Encumbrance ........................................... 28
Escrow Account ....................................... 28
Escrow Agent ........................................... 28
Excluded Assets ......................................... 5
Excluded Liabilities ................................... 5
Fraud ........................................................ 28
Fundamental Representations ................... 29
GAAP ....................................................... 29
Governmental Authority ........................... 29
Governmental Authorization ................... 29
Indemnified Parties .................................. 18
Intellectual Property ................................. 29
Intellectual Property Assets ..................... 29
Intellectual Property Assignments ............. 7
Intellectual Property Registrations ........... 30
Interest ..................................................... 30
Internet Properties ................................... 29
Knowledge of Seller ................................ 30
Law .......................................................... 30
Liabilities ................................................ 30
Licensees ................................................. 17
Limited IP License ................................... 17
Material Adverse Effect ........................... 30
Opt-Out List ............................................ 18
Opt-Out List Purpose ............................... 18

Order ........................................................ 31
Outside Date ............................................ 21
Parties ........................................................ 4
Party .......................................................... 4
Patents ..................................................... 29
Permits ..................................................... 31
Permitted Encumbrance ........................... 31
Person ...................................................... 31
Personal Information ................................ 31
Petition Date .............................................. 4
Primary Conveyed Accounts ................... 31
Purchase Price ........................................... 5
Purchased Assets ....................................... 4
Representative .......................................... 32
Rite Aid ..................................................... 4
Sale Order ................................................ 32
Schedules ................................................. 32
Seller .......................................................... 4
Seller's Knowledge .................................. 30
Software ................................................... 29
Specified Assets ......................................... 5
Tax Claims ............................................... 17
Tax Return ............................................... 32
Taxes ........................................................ 32
Trade Secrets ........................................... 29
Trademarks .............................................. 29
Transactions ............................................. 32
Wind Down Sale ...................................... 17

*[SIGNATURE PAGE FOLLOWS]*

United States Bankruptcy Court
District of New Jersey

In re:                                                                          Case No. 25-14861-MBK

New Rite Aid, LLC                                                               Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3                       User: admin                                    Page 1 of 31

Date Rcvd: Dec 15, 2025                    Form ID: pdf903                              Total Noticed: 1

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

+        Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 17, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + New Rite Aid, LLC, 200 Newberry Commons, Etters, PA 17319-9363 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 17, 2025                         Signature:         /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 15, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Aaron P. Davis | on behalf of Transferee Wilmington Trust  National Association, as Trustee, for the benefit of the Registered Holders of Wells Fargo Commercial Mortgage Trust 2017-C38, Commercial Mortgage Pass-Through Certificates, Series 2 adavis@polsinelli.com, tbackus@polsinelli.com;robrien@polsinelli.com;nydocketing@polsinelli.com;jane.pearson@polsinelli.com;nbwilliams@polsinelli.com;nydocketing@polsinelli.com |
| Adam S. Ravin | on behalf of Interested Party Dollar Tree Stores  Inc. adam.ravin@lw.com |
| Agostino Angelo Zammiello | on behalf of Interested Party The American Bottling Company azammiello@foxrothschild.com |
| Alan I. Nahmias | on behalf of Creditor Kevin Chamas anahmias@mbn.law  anahmias@prnlaw.com |
| Alan J. Brody | on behalf of Creditor BANK OF AMERICA brodya@gtlaw.com  alan-brody-2138@ecf.pacerpro.com |

District/off: 0312-3                                    User: admin                                    Page 2 of 31
Date Rcvd: Dec 15, 2025                                 Form ID: pdf903                                 Total Noticed: 1

Albert Anthony Ciardi, III
on behalf of Creditor Parkwood Joint Venture aciardi@ciardilaw.com  sfrizlen@ciardilaw.com;dtorres@ciardilaw.com

Alec Q. Duffy
on behalf of Creditor Ebony Bates aduffy@pirozinnalaw.com

Alexander F. Barth
on behalf of Creditor Glenwood Associates  LLC abarth@cohenseglias.com

Alexandra Pontrello
on behalf of Creditor Mar-Mart Realty Co.  Inc. apontrello@westernmanllp.com

Alison Rebecca Gross Benedon
on behalf of Debtor New Rite Aid  LLC abenedon@paulweiss.com, lcanty@paulweiss.com

Allan D Sarver
on behalf of Creditor Profectus Capital LLC ads@asarverlaw.com

Allison J. Arotsky
on behalf of Creditor BTS (Wyomissing) L.P.  Orion Development RA LXVII, LLC and Orion Development XXIII, LLC aarotsky@moritthock.com

Allison J. Arotsky
on behalf of Creditor BTS (Wyomissing) L.P. aarotsky@moritthock.com

Alvin Chien-Chih Lin
on behalf of Creditor DGMM LP and MMDG LP alin@morrisoncohen.com

Andrew Behlmann
on behalf of Interested Party SB360 Capital Partners  LLC, Gordon Brothers Retail Partners, LLC, GA Retail Solutions, Tiger Capital Group, LLC, and Hilco Merchant Resources, LLC abehlmann@lowenstein.com

Andrew Small
on behalf of Petitioning Creditor Rared Manchester NH  LLC asmall@wglaw.com

Andrew Small
on behalf of Petitioning Creditor RARED ALLENSTOWN  LLC asmall@wglaw.com

Andrew Small
on behalf of Petitioning Creditor Rared Jaffrey  LLC asmall@wglaw.com

Andrew H. Sherman
on behalf of Creditor Committee Willkie Farr & Gallagher LLP on behalf of Official Committee of Unsecured Creditors asherman@sillscummis.com

Andrew H. Sherman
on behalf of Creditor Committee Official Committee of Unsecured Creditors asherman@sillscummis.com

Andrew H. Sherman
on behalf of Creditor Committee Sills Cummis & Gross P.C. on behalf of Official Committee of Unsecured Creditors asherman@sillscummis.com

Andrew H. Sherman
on behalf of Other Prof. Alixpartners  LLP asherman@sillscummis.com

Anna Jeanne Niemann
on behalf of Creditor Olive Tree Corning Plaza LLC aniemann@sandhulg.com

Anna Pia Felix
on behalf of Creditor Tennington Associates  LP afelix@lpgmlaw.com

Anna Pia Felix
on behalf of Creditor Pinehaven Associates Motel LP afelix@lpgmlaw.com

Anne B. Sekel
on behalf of Interested Party CVS Pharmacy Inc. asekel@foley.com  jnicholson@foley.com;jlee@foley.com

Anthony J D'Artiglio
on behalf of Creditor AR & MC Co. ADARTIGLIO@ANSELL.LAW  courtfilings@ansellgrimm.com

Anthony J D'Artiglio
on behalf of Creditor Aztec Inn L.P. ADARTIGLIO@ANSELL.LAW  courtfilings@ansellgrimm.com

Anthony J D'Artiglio
on behalf of Creditor RAARAMA-11-LLC ADARTIGLIO@ANSELL.LAW  courtfilings@ansellgrimm.com

Arthur Abramowitz
on behalf of Creditor Rite Aid Sub-Trust B aabramowitz@shermansilverstein.com  jbaugh@shermansilverstein.com

Barry J. Roy
on behalf of Creditor Centerbridge Special Credit Partners IV Master  L.P. broy@rltlawfirm.com, rgaydos@rltlawfirm.com;nmarotta@rltlawfirm.com

District/off: 0312-3                                      User: admin                                      Page 3 of 31
Date Rcvd: Dec 15, 2025                              Form ID: pdf903                              Total Noticed: 1

Benjamin F Johns

on behalf of Creditor Faith Spiker bjohns@shublawyers.com

Benjamin F Johns

on behalf of Creditor Erica Judka bjohns@shublawyers.com

Benjamin F Johns

on behalf of Creditor Margaret Bianucci bjohns@shublawyers.com

Benjamin F Johns

on behalf of Creditor Kathryn Edwards bjohns@shublawyers.com

Boris I Mankovetskiy

on behalf of Creditor Committee Sills Cummis & Gross P.C. on behalf of Official Committee of Unsecured Creditors
bmankovetskiy@sillscummis.com  asherman@sillscummis.com

Bradford J. Sandler

on behalf of Interested Party Hilrod Holdings L.P. bsandler@pszjlaw.com  mseidl@pszjlaw.com;abates@pszjlaw.com

Bradshaw Rost

on behalf of Creditor Westminster Granite Main LLC brost@tspclaw.com

Brian I. Kantar

on behalf of Creditor Berkley Insurance Company bkantar@csglaw.com

Brian I. Kantar

on behalf of Creditor The Hanover Insurance Company bkantar@csglaw.com

Brigid K Ndege

on behalf of Creditor Ensono  Inc. brigid.ndege@bclplaw.com, brigid-ndege-4743@ecf.pacerpro.com

Bruce J. Wisotsky

on behalf of Creditor 169 Holding Corp. bwisotsky@nmmlaw.com  mcamacho@nmmlaw.com

Bruce J. Wisotsky

on behalf of Creditor Cascade Wholesale Hardware  Inc. bwisotsky@nmmlaw.com, mcamacho@nmmlaw.com

Catherine B. Heitzenrater

on behalf of Creditor Chubb Companies cebeideman@duanemorris.com

Charles E. Boulbol

on behalf of Creditor RX Newburgh Owners LLC rtrack@msn.com

Christopher P. Mazza

on behalf of Creditor JSK Lebanon LLC cpmazza@pbnlaw.com
mpdermatis@pbnlaw.com;pnbalala@pbnlaw.com;FESanchez@pbnlaw.com;rlhemming@pbnlaw.com;alkernell@pbnlaw.com

Clement J Farley

on behalf of Creditor Nova Nordisk Inc. cfarley@mccarter.com

Colin R. Robinson

on behalf of Creditor C&S Wholesale Grocers  LLC robinson@lrclaw.com, kittinger@lrclaw.com

Corey E Taylor

on behalf of Creditor Lease Counterparty 7900 Bellaire I  Ltd. corey@taylorlawoc.com

Corinne Samler Brennan

on behalf of Creditor RAP Smyrna  LLC cbrennan@klehr.com, scmcginly@klehr.com;nyackle@klehr.com

Corinne Samler Brennan

on behalf of Creditor RAP East Market York  LLC cbrennan@klehr.com, scmcginly@klehr.com;nyackle@klehr.com

Corinne Samler Brennan

on behalf of Creditor Pena Realty Holdings Company  LLC cbrennan@klehr.com, scmcginly@klehr.com;nyackle@klehr.com

Corinne Samler Brennan

on behalf of Creditor RAP Etters  LLC cbrennan@klehr.com, scmcginly@klehr.com;nyackle@klehr.com

Corinne Samler Brennan

on behalf of Creditor Audubon Square  Inc. cbrennan@klehr.com, scmcginly@klehr.com;nyackle@klehr.com

Corinne Samler Brennan

on behalf of Creditor RAP Milford  LLC cbrennan@klehr.com, scmcginly@klehr.com;nyackle@klehr.com

Crystal Johnson Geise

on behalf of Interested Party UNITED STATES OF AMERICA crystal.geise@usdoj.gov

D. Alexander Barnes

on behalf of Creditor Tinuiti  Inc. njbkr@obermayer.com, alexander.barnes@obermayer.com;vanja.moraca@obermayer.com

Dana S. Plon

on behalf of Creditor GC Main Street Owners LLC dplon@sirlinlaw.com

District/off: 0312-3                          User: admin                          Page 4 of 31
Date Rcvd: Dec 15, 2025                       Form ID: pdf903                       Total Noticed: 1

Dana S. Plon
                    on behalf of Creditor Marist Centerpoint  LLC dplon@sirlinlaw.com

Dana S. Plon
                    on behalf of Creditor Center Plaza Limited Partnership dplon@sirlinlaw.com

Dana S. Plon
                    on behalf of Creditor RAD Connellsville  LLC dplon@sirlinlaw.com

Dana S. Plon
                    on behalf of Creditor New Hartford Holdings LLC dplon@sirlinlaw.com

Dana S. Plon
                    on behalf of Creditor Blumel-211 Associates  LLC dplon@sirlinlaw.com

Dana S. Plon
                    on behalf of Creditor New Wappingers Centerpoint  LLC dplon@sirlinlaw.com

Dana S. Plon
                    on behalf of Creditor Market Square Plaza I  LLC dplon@sirlinlaw.com

Daniel H Roseman
                    on behalf of Creditor Fishs Eddy IV  LLC droseman@hhk.com, twalker@hhk.com;lpucciarelli@hhk.com;gkielbasinski@hhk.com

David Edelberg
                    on behalf of Unknown Role Type The Jackson Investment Company  LLC dedelberg@sh-law.com,
                    edelbergdr82964@notify.bestcase.com

David Edelberg
                    on behalf of Unknown Role Type Musso Properties dedelberg@sh-law.com  edelbergdr82964@notify.bestcase.com

David E. Sklar
                    on behalf of Creditor PCE Partners  LLC dsklar@pashmanstein.com, lsalcedo@pashmanstein.com;gkarnick@pashmanstein.com

David E. Sklar
                    on behalf of Creditor Kaz USA  Inc. dsklar@pashmanstein.com, lsalcedo@pashmanstein.com;gkarnick@pashmanstein.com

David E. Sklar
                    on behalf of Creditor Helen of Troy L.P. dsklar@pashmanstein.com  lsalcedo@pashmanstein.com;gkarnick@pashmanstein.com

David H. Stein
                    on behalf of Creditor TIJSMA  LLC dstein@wilentz.com, ciarkowski@wilentz.com;abroome@wilentz.com

David L. Bruck
                    on behalf of Creditor SVCN 1 LLC dbruck@greenbaumlaw.com

David L. Bruck
                    on behalf of Creditor Westcore Bravo Lancaster LLC dbruck@greenbaumlaw.com

David L. Bruck
                    on behalf of Creditor State Street Partners LLC dbruck@greenbaumlaw.com

David L. Bruck
                    on behalf of Attorney State Street Partners LLC dbruck@greenbaumlaw.com

David L. Bruck
                    on behalf of Creditor TMT Bear Creek Shopping Center  Inc. dbruck@greenbaumlaw.com

Deborah Kovsky-Apap
                    on behalf of Interested Party Skyline Rocky Road Acquisition  LLC deborah.kovsky@troutman.com,
                    susan.henry@troutman.com;WLBank@troutman.com

Debra Djupman Warring
                    on behalf of Creditor Commonwealth Of Pennsylvania dwarring@attorneygeneral.gov

Douglas G. Leney
                    on behalf of Creditor Lincoln Properties  Ltd. dleney@archerlaw.com, ahuber@archerlaw.com

Douglas G. Leney
                    on behalf of Creditor Westminster Granite Main LLC dleney@archerlaw.com  ahuber@archerlaw.com

Douglas J. McGill
                    on behalf of Creditor Kathryn Edwards dmcgill@webbermcgill.com

Douglas J. McGill
                    on behalf of Creditor Class Action Plaintiffs Margaret Bianucci  Kathryn Edwards, Erica Judka, and Faith Spiker
                    dmcgill@webbermcgill.com

Douglas J. McGill
                    on behalf of Creditor Erica Judka dmcgill@webbermcgill.com

Douglas J. McGill
                    on behalf of Creditor Faith Spiker dmcgill@webbermcgill.com

District/off: 0312-3                          User: admin                          Page 5 of 31
Date Rcvd: Dec 15, 2025                       Form ID: pdf903                       Total Noticed: 1

Douglas J. McGill

on behalf of Creditor Red Eagle Management LLC dmcgill@webbermcgill.com

Douglas J. McGill

on behalf of Creditor Margaret Bianucci dmcgill@webbermcgill.com

Douglas J. Pick

on behalf of Creditor 1950 Fulton LLC dpick@picklaw.net  ezabicki@picklaw.net

Douglas J. Pick

on behalf of Creditor 3301 Properties  LLC dpick@picklaw.net, ezabicki@picklaw.net

Douglas J. Pick

on behalf of Creditor 5215 Properties  LLC dpick@picklaw.net, ezabicki@picklaw.net

Drew S. McGehrin

on behalf of Creditor Thompson & Thompson  LLC and The Edge Group, Inc. dsmcgehrin@duanemorris.com,
drew-mcgehrin-5282@ecf.pacerpro.com

Edmond M. George

on behalf of Creditor Pintzuk Brown Realty Group edmond.george@obermayer.com
michael.vagnoni@obermayer.com;Lucille.acello@obermayer.com;coleen.schmidt@obermayer.com;kelsey.sheronas@obermayer.
com;samantha.catullo@obermayer.com

Elie Jonathan Worenklein

on behalf of Creditor 1970 Group  Inc. eworenklein@debevoise.com,
ajcostin@debevoise.com;mao-bk-ecf@debevoise.com;jpark@debevoise.com;crceresa@debevoise.com

Eric Goldstein

on behalf of Creditor ERx Network Holdings  Inc. egoldstein@goodwin.com,
bankruptcy@goodwin.com;bankruptcyparalegal@goodwin.com;eric-goldstein-5237@ecf.pacerpro.com

Eric Lopez Schnabel

on behalf of Creditor ERx Network Holdings  Inc. schnabel.eric@dorsey.com

Eric R. Perkins

on behalf of Creditor Anderson Retail  LLC EPerkins@hlgslaw.com,
tcolombini@hlgslaw.com;Perkins.EricB146050@notify.bestcase.com

Eric R. Perkins

on behalf of Creditor Laguna Oaks  LLC EPerkins@hlgslaw.com,
tcolombini@hlgslaw.com;Perkins.EricB146050@notify.bestcase.com

Eric R. Perkins

on behalf of Creditor Retail Site Specialists  LLC EPerkins@hlgslaw.com,
tcolombini@hlgslaw.com;Perkins.EricB146050@notify.bestcase.com

Eric R. Perkins

on behalf of Creditor Laguna Harbour LLC EPerkins@hlgslaw.com
tcolombini@hlgslaw.com;Perkins.EricB146050@notify.bestcase.com

Ericka Fredricks Johnson

on behalf of Interested Party Elbe Associates  LLC ejohnson@bayardlaw.com,
rhudson@bayardlaw.com;ccampbell@bayardlaw.com

Ericka Fredricks Johnson

on behalf of Interested Party Kin Properties  Inc., Fundamentals Company LLC, Mascot LLC, Masue LLC, Maby LLC,
Hillsborough Associates, Janess Associates, Musue LLC, Bayview Associates, Nathan Jeffrey LLC, and Jasue LLC
ejohnson@bayardlaw.com, rhudson@bayardlaw.com;ccampbell@bayardlaw.com

Evan Lazerowitz

on behalf of Interested Party Simone Development Companies elazerowitz@rc.com

Evan C. Pappas

on behalf of Creditor Ameriserv Financial Bank epappas@tuckerlaw.com

Evan C. Pappas

on behalf of Creditor Martin Perry  as Receiver for 1700 Murray Avenue, LLC epappas@tuckerlaw.com

Faye C Rasch

on behalf of Creditor Heidi Gonzales faye@wrlawgroup.com  hazel@wrlawgroup.com;jessica@wrlawgroup.com

Felice R. Yudkin

on behalf of Defendant Rite Aid Hdqtrs. Corp. fyudkin@coleschotz.com  fpisano@coleschotz.com

Felice R. Yudkin

on behalf of Debtor New Rite Aid  LLC fyudkin@coleschotz.com, fpisano@coleschotz.com

Felice R. Yudkin

on behalf of Defendant New Rite Aid  LLC fyudkin@coleschotz.com, fpisano@coleschotz.com

Franklin Barbosa, Jr

on behalf of Creditor AG WGI LLC fb@spsk.com  clm@spsk.com

District/off: 0312-3                                    User: admin                                    Page 6 of 31
Date Rcvd: Dec 15, 2025                                 Form ID: pdf903                                Total Noticed: 1

Franklin Barbosa, Jr

    on behalf of Creditor AudioEC Inc. d/b/a ArtCreativity fb@spsk.com clm@spsk.com

Franklin Barbosa, Jr

    on behalf of Creditor Configure Inc. fb@spsk.com, clm@spsk.com

Gail C. Lin

    on behalf of Creditor Martin C Gordon II on behalf of himself and all others similarly situated gcl@raisnerroupinian.com,
    rsr@raisnerroupinian.com;jar@raisnerroupinian.com;warnlawyers@raisnerroupinian.com;rrllp@ecf.courtdrive.com

Gail C. Lin

    on behalf of Plaintiff Martin C Gordon II on behalf of himself and all others similarly situated gcl@raisnerroupinian.com,
    rsr@raisnerroupinian.com;jar@raisnerroupinian.com;warnlawyers@raisnerroupinian.com;rrllp@ecf.courtdrive.com

Gary D. Bressler

    on behalf of Creditor Haleon US Services Inc., formerly known as GSK Consumer Healthcare Services Inc. and its affiliates
    gbressler@mdmc-law.com, hryan@mdmc-law.com

Gregory Kopacz

    on behalf of Creditor Committee Official Committee of Unsecured Creditors gkopacz@sillscummis.com

Gregory Francis Vizza

    on behalf of Creditor P&F Retail Associates L.P. vizza@blankrome.com

Holly Smith Miller

    on behalf of Interested Party Investcal Realty Corporation et. al. hsmiller@gsbblaw.com

Jaclynn McDonnell

    on behalf of Creditor Danita and Donald Brown jmcdonnell@genovaburns.com dmendez@genovaburns.com

James Martin Charles McHale

    on behalf of Creditor State of Maryland jmchale@oag.state.md.us
    szadrozny@oag.state.md.us;bedmunds@oag.state.md.us;ckellogg@oag.state.md.us

James N. Lawlor

    on behalf of Creditor American Greetings Corp. jlawlor@wmd-law.com

James N. Lawlor

    on behalf of Creditor Papyrus-Recycled Greetings Inc. jlawlor@wmd-law.com

James S. Carr

    on behalf of Creditor Ryder Integrated Logistics Inc. and Ryder Transportation Solutions, LLC
    KDWBankruptcyDepartment@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com

James S. Yu

    on behalf of Creditor Dover Management Co. jyu@seyfarth.com nycdocket@seyfarth.com;rpinkston@seyfarth.com

Jami B. Nimeroff

    on behalf of Interested Party 111 North High Associates L.P. jnimeroff@brownnimeroff.com, cjones@bmnlawyers.com

Jami B. Nimeroff

    on behalf of Creditor Profectus Capital LLC jnimeroff@brownnimeroff.com cjones@bmnlawyers.com

Jami B. Nimeroff

    on behalf of Creditor Kevin Chamas jnimeroff@brownnimeroff.com cjones@bmnlawyers.com

Jason D. Angelo

    on behalf of Creditor Interactive Communications International Inc. JAngelo@reedsmith.com,
    jason-angelo-3987@ecf.pacerpro.com

Javier L. Merino

    on behalf of Interested Party West Virginia NAS Committee jmerino@dannlaw.com 9497659420@filings.docketbird.com

Javier L. Merino

    on behalf of Interested Party The Ad Hoc Committee for NAS Children jmerino@dannlaw.com
    9497659420@filings.docketbird.com

Jay Lavroff

    on behalf of Interested Party Great American Insurance Company of New York jlavroff@lindabury.com

Jay Lavroff

    on behalf of Interested Party Great American Assurance Company jlavroff@lindabury.com

Jay Lavroff

    on behalf of Interested Party Great American Spirit Insurance Company jlavroff@lindabury.com

Jay B Leighton

    on behalf of Creditor Kachr LLC jay@leighton-law.com anna@leighton-law.com

Jay B. Solomon

    on behalf of Creditor B-21 LLC jsolomon@bbgllp.com

Jay B. Solomon

District/off: 0312-3                          User: admin                                    Page 7 of 31
Date Rcvd: Dec 15, 2025                    Form ID: pdf903                              Total Noticed: 1

on behalf of Creditor Eltingville Shopping Center LLC jsolomon@bbgllp.com

Jay B. Solomon

on behalf of Creditor Brithym Realty Co. jsolomon@bbgllp.com

Jeffrey Kurtzman

on behalf of Creditor The Goldenberg Group kurtzman@kurtzmansteady.com

Jeffrey Kurtzman

on behalf of Creditor Kingsway Realty Company kurtzman@kurtzmansteady.com

Jeffrey Kurtzman

on behalf of Creditor Scottsville Properties LLC kurtzman@kurtzmansteady.com

Jeffrey Kurtzman

on behalf of Creditor DJM NNN IV  LLC kurtzman@kurtzmansteady.com

Jeffrey Kurtzman

on behalf of Creditor Mustang Square LLC kurtzman@kurtzmansteady.com

Jeffrey Kurtzman

on behalf of Creditor Goodman Properties kurtzman@kurtzmansteady.com

Jeffrey Kurtzman

on behalf of Creditor AMS Olyphant RA  LLC kurtzman@kurtzmansteady.com

Jeffrey Lichstein

on behalf of Creditor NEM  LLC jlichtstein@rosenbergmartin.com, lfeigh@rosenbergmartin.com

Jeffrey M. Sponder

on behalf of U.S. Trustee U.S. Trustee jeffrey.m.sponder@usdoj.gov  jeffrey.m.sponder@usdoj.gov

Jeffrey Thomas Testa

on behalf of Creditor Nova Nordisk Inc. jtesta@mccarter.com  lrestivo@mccarter.com

Jennifer Hoover

on behalf of Creditor Canyon Crest Towne Centre  LLC jhoover@beneschlaw.com,
docket2@beneschlaw.com;lmolinaro@beneschlaw.com

Jennifer Hoover

on behalf of Creditor Carstens Realty jhoover@beneschlaw.com  docket2@beneschlaw.com;lmolinaro@beneschlaw.com

Jennifer Cranston McEntee

on behalf of Creditor Parkwood Joint Venture jcranston@ciardilaw.com  dtorres@ciardilaw.com;sfrizlen@ciardilaw.com

Jeremiah Vandermark

on behalf of Creditor Google LLC vandermarkjj@whiteandwilliams.com

Jerome Bennett Friedman

on behalf of Creditor DJM NNN IV  LLC jfriedman@flg-law.com

Jessica Apter

on behalf of Creditor 1199SEIU League Training & Upgrading Fund japter@levyratner.com

Jessica Apter

on behalf of Creditor 1199SEIU Employer Child Care Fund japter@levyratner.com

Jessica Apter

on behalf of Creditor 1199SEIU United Healthcare Workers East japter@levyratner.com

Jessica Apter

on behalf of Creditor 1199SEIU Health Care Employees Pension Fund japter@levyratner.com

Jessica M. Gulash

on behalf of Creditor RAD PA  LLC jgulash@lbmlaw.com

Jessica M. Gulash

on behalf of Creditor Bloch Ironwood  LLC jgulash@lbmlaw.com

Jessica M. Gulash

on behalf of Creditor Rita Rudman Revocable Trust jgulash@lbmlaw.com

Jessica M. Gulash

on behalf of Creditor 9th & Highland  LLC jgulash@lbmlaw.com

Joel W. Ruderman

on behalf of Creditor Penson Benefit Guaranty Corporation ruderman.joel@pbgc.gov  efile@pbgc.gov

John O'Boyle

on behalf of Interested Party Universal Group Companies joboyle@norgaardfirm.com
amartinez@norgaardfirm.com;kcimmino@norgaardfirm.com;crose@norgaardfirm.com;dtakach@norgaardfirm.com;o'boyle.johnb
124931@notify.bestcase.com

John Piskora
on behalf of Creditor Schwartz Halfmoon Associates  LLC jpiskora@loeb.com, nydocket@loeb.com,vrubinstein@loeb.com

John Willard
on behalf of Creditor Ipsos MMA  Inc. jgwillard@spencerfane.com

John Willard
on behalf of Creditor Ipsos-Insight  LLC jgwillard@spencerfane.com

John C. Stellakis
on behalf of Creditor Cannonbut LLC jstellakis@farrellfritz.com

John C. Stellakis
on behalf of Creditor Midwood Management Corp. jstellakis@farrellfritz.com

John C. Stellakis
on behalf of Creditor RC Southampton LLC jstellakis@farrellfritz.com

John J. Jacko
on behalf of Creditor Blue Jay Center  LLC jjacko@leechtishman.com, john@fellheimer.net

John P Byrne
on behalf of Creditor Robins Carlsbad  LLC john.byrne@byrnelawcorp.com

John P. Di Iorio
on behalf of Creditor Rizona Inc. jdiiorio@shapiro-croland.com

John S. Mairo
on behalf of Creditor PHR Village  LLC jmairo@gibbonslaw.com, emunera@gibbonslaw.com

John S. Mairo
on behalf of Creditor JoAnn Dischinat jmairo@gibbonslaw.com  emunera@gibbonslaw.com

John S. Mairo
on behalf of Creditor William Burke jmairo@gibbonslaw.com  emunera@gibbonslaw.com

John S. Mairo
on behalf of Creditor Miriam Chu and Yolanda Scheffold  Trustees of Chu Family Trust, Steven Weissman and Charissa Chu,
Trustees of Chu-Weissman Family Trust, and Christian Scheffold and Yolanda Scheffold jmairo@gibbonslaw.com,
emunera@gibbonslaw.com

John S. Mairo
on behalf of Creditor Gregory P. Dischinat jmairo@gibbonslaw.com  emunera@gibbonslaw.com

John S. Mairo
on behalf of Creditor PA Hopewell LLC jmairo@gibbonslaw.com  emunera@gibbonslaw.com

John S. Mairo
on behalf of Creditor T.F. Associates jmairo@gibbonslaw.com  emunera@gibbonslaw.com

John S. Mairo
on behalf of Creditor ECK-Aliquippa PA LP jmairo@gibbonslaw.com  emunera@gibbonslaw.com

John S. Mairo
on behalf of Interested Party Laguna Woods RA  LLC jmairo@gibbonslaw.com, emunera@gibbonslaw.com

John S. Mairo
on behalf of Creditor Crest Properties LLC jmairo@gibbonslaw.com  emunera@gibbonslaw.com

John S. Mairo
on behalf of Creditor Derry Realty Group LLC jmairo@gibbonslaw.com  emunera@gibbonslaw.com

John T. Carroll, III
on behalf of Creditor Academy Fire Protection  Inc. jcarroll@cozen.com,
jdeeney@cozen.com;pgiordano@cozen.com;john-carroll-2735@ecf.pacerpro.com

John T. Carroll, III
on behalf of Interested Party Academy Fire Life Safety  LLC jcarroll@cozen.com,
jdeeney@cozen.com;pgiordano@cozen.com;john-carroll-2735@ecf.pacerpro.com

John T. Carroll, III
on behalf of Interested Party Return Management Services  Inc. jcarroll@cozen.com,
jdeeney@cozen.com;pgiordano@cozen.com;john-carroll-2735@ecf.pacerpro.com

John T. Carroll, III
on behalf of Interested Party RoofConnect Logistics  Inc. jcarroll@cozen.com,
jdeeney@cozen.com;pgiordano@cozen.com;john-carroll-2735@ecf.pacerpro.com

John T. Carroll, III
on behalf of Interested Party Academy Fire Protection  Inc. jcarroll@cozen.com,
jdeeney@cozen.com;pgiordano@cozen.com;john-carroll-2735@ecf.pacerpro.com

John T. Carroll, III

| | |
|---|---|
| | on behalf of Interested Party Pepsi-Cola Bottling Company of New York  Inc. jcarroll@cozen.com, jdeeney@cozen.com;pgiordano@cozen.com;john-carroll-2735@ecf.pacerpro.com |
| John T. Carroll, III | |
| | on behalf of Interested Party Utz Quality Foods  LLC jcarroll@cozen.com, jdeeney@cozen.com;pgiordano@cozen.com;john-carroll-2735@ecf.pacerpro.com |
| John T. Carroll, III | |
| | on behalf of Interested Party Canada Dry Potomac Corporation jcarroll@cozen.com jdeeney@cozen.com;pgiordano@cozen.com;john-carroll-2735@ecf.pacerpro.com |
| John T. Carroll, III | |
| | on behalf of Interested Party Canada Dry Delaware Valley Bottling Company jcarroll@cozen.com jdeeney@cozen.com;pgiordano@cozen.com;john-carroll-2735@ecf.pacerpro.com |
| John T. Carroll, III | |
| | on behalf of Interested Party Pepsi-Cola and National Brand Beverages  Ltd. jcarroll@cozen.com, jdeeney@cozen.com;pgiordano@cozen.com;john-carroll-2735@ecf.pacerpro.com |
| John T. Carroll, III | |
| | on behalf of Interested Party GNC Holdings  LLC jcarroll@cozen.com, jdeeney@cozen.com;pgiordano@cozen.com;john-carroll-2735@ecf.pacerpro.com |
| John T. Carroll, III | |
| | on behalf of Creditor Academy Fire Life Safety  LLC jcarroll@cozen.com, jdeeney@cozen.com;pgiordano@cozen.com;john-carroll-2735@ecf.pacerpro.com |
| Jon Travis Powers | |
| | on behalf of Creditor 2545 Getzville LLC tpowers@hodgsonruss.com |
| Jonathan I. Rabinowitz | |
| | on behalf of Creditor Centerbridge Special Credit Partners IV Master  L.P. jrabinowitz@rltlawfirm.com, rgaydos@rltlawfirm.com;nmarotta@rltlawfirm.com |
| Jonathan S. Bodner | |
| | on behalf of Creditor MTI Digital Inc. jbodner@bodnerlawpllc.com |
| Jordan Seth Blask | |
| | on behalf of Creditor CRH-A LLP jblask@fbtlaw.com  rmccartney@fbtlaw.com |
| Jordan Seth Blask | |
| | on behalf of Creditor Hillsborough Haven jblask@fbtlaw.com  rmccartney@fbtlaw.com |
| Jordan Seth Blask | |
| | on behalf of Creditor Divisions Inc. d/b/a Divisions Maintenance Group jblask@fbtlaw.com  rmccartney@fbtlaw.com |
| Joseph A McCormick, Jr. | |
| | on behalf of Creditor Southern California UFCW Unions & Drug Employers Pension Fund jmccormick@mcdowelllegal.com djamison@mcdowelllegal.com;jmiller@mcdowelllegal.com;ppflumm@mcdowelllegal.com;krhodes@mcdowelllegal.com |
| Joseph A McCormick, Jr. | |
| | on behalf of Creditor Southern California Drug Benefit Fund jmccormick@mcdowelllegal.com djamison@mcdowelllegal.com;jmiller@mcdowelllegal.com;ppflumm@mcdowelllegal.com;krhodes@mcdowelllegal.com |
| Joseph Andrew Kutschman, III | |
| | on behalf of Creditor OSJ of Peterborough LLC jkutschman@cutolobarros.com  ecourts@cutolobarros.com |
| Joseph Charles Barsalona, II | |
| | on behalf of Creditor Mass Jaz LLC jbarsalona@pashmanstein.com |
| Joseph H. Lemkin | |
| | on behalf of Creditor Harbor Center Partners  L.P. jlemkin@stark-stark.com |
| Joseph H. Lemkin | |
| | on behalf of Creditor The Libman Company jlemkin@stark-stark.com |
| Joseph H. Lemkin | |
| | on behalf of Creditor Edgemark Littleton  LLC jlemkin@stark-stark.com |
| Joseph H. Lemkin | |
| | on behalf of Creditor Levin Management Corporation jlemkin@stark-stark.com |
| Joseph H. Lemkin | |
| | on behalf of Creditor Joseph Murphy Corporation jlemkin@stark-stark.com |
| Joseph H. Lemkin | |
| | on behalf of Creditor Mt. Lebanon Cooke  LP jlemkin@stark-stark.com |
| Joseph H. Lemkin | |
| | on behalf of Creditor SADG-1 Limited Partners jlemkin@stark-stark.com |
| Joseph H. Lemkin | |
| | on behalf of Creditor Felos Associates LLC jlemkin@stark-stark.com |

District/off: 0312-3                                        User: admin                                        Page 10 of 31
Date Rcvd: Dec 15, 2025                                Form ID: pdf903                                Total Noticed: 1

Joseph H. Lemkin
> on behalf of Creditor Bethel Park Library  LLC jlemkin@stark-stark.com

Joseph H. Lemkin
> on behalf of Creditor Red Lion Broadway  LLC jlemkin@stark-stark.com

Joseph H. Lemkin
> on behalf of Creditor Yoko C. Gates Trust jlemkin@stark-stark.com

Joseph H. Lemkin
> on behalf of Creditor First Priority Funding  LLC jlemkin@stark-stark.com

Joseph H. Lemkin
> on behalf of Creditor LS Morrell  LLC jlemkin@stark-stark.com

Joseph H. Lemkin
> on behalf of Creditor Santiago Holdings II  LLC jlemkin@stark-stark.com

Joseph H. Lemkin
> on behalf of Creditor Robert Marin and Celeset de Schulthess Marin Family Trust jlemkin@stark-stark.com

Joseph H. Lemkin
> on behalf of Creditor SADG-3 Limited Partnership jlemkin@stark-stark.com

Joseph H. Lemkin
> on behalf of Creditor RAP Hamlin LP jlemkin@stark-stark.com

Joseph H. Lemkin
> on behalf of Creditor Conopco  Inc. d/b/a Unilever NA jlemkin@stark-stark.com

Joseph H. Lemkin
> on behalf of Creditor RAP Dallas LP jlemkin@stark-stark.com

Joseph H. Lemkin
> on behalf of Creditor Trust for the Benefit of Catherine M. Levin  et als. jlemkin@stark-stark.com

Joseph H. Lemkin
> on behalf of Creditor Ald Capital PA  LLC jlemkin@stark-stark.com

Joseph H. Lemkin
> on behalf of Creditor 569 Broadway Associates jlemkin@stark-stark.com

Joseph H. Lemkin
> on behalf of Creditor SADG-4 Limited Partnership jlemkin@stark-stark.com

Justin Kerner
> on behalf of Creditor Ross Dress for Less  Inc. kernerj@ballardspahr.com,
> weickk@ballardspahr.com;BallardDocketEast@ballardspahr.com

Justin S Krell
> on behalf of Creditor D & L Rentals  LLC jkrell@bsk.com, kdoner@bsk.com;CourtMail@bsk.com

Justin S Krell
> on behalf of Attorney Maria Lucania  as Executrix of the Estate of Joseph Lucania jkrell@bsk.com,
> kdoner@bsk.com;CourtMail@bsk.com

Kaitlin R. Walsh
> on behalf of Creditor NBPIV Delran LLC krwalsh@mintz.com  docketing@mintz.com

Katherine Beilin
> on behalf of Creditor Mass Jaz LLC kbeilin@pashmanstein.com

Keara Waldron
> on behalf of Creditor Mill Avenue Associates  LLC kwaldron@halperinlaw.net, adroz@lowenstein.com

Kelly D. Curtin
> on behalf of Creditor SACC Inc. kdcurtin@pbnlaw.com
> mpdermatis@pbnlaw.com;pnbalala@pbnlaw.com;jmoconnor@pbnlaw.com;FESanchez@pbnlaw.com

Kelsey L Owens
> on behalf of Creditor Penson Benefit Guaranty Corporation owens.kelsey@pbgc.gov

Kenneth L. Baum
> on behalf of Creditor 4151 White Plains Road LLC kbaum@kenbaumdebtsolutions.com  ddipiazza@kenbaumdebtsolutions.com

Kenneth L. Baum
> on behalf of Creditor Washington Town Center  LLC kbaum@kenbaumdebtsolutions.com,
> ddipiazza@kenbaumdebtsolutions.com

Kenneth L. Baum
> on behalf of Creditor The Auldan Company  L.L.C. kbaum@kenbaumdebtsolutions.com, ddipiazza@kenbaumdebtsolutions.com

Kenneth L. Baum

District/off: 0312-3                          User: admin                          Page 11 of 31
Date Rcvd: Dec 15, 2025                       Form ID: pdf903                       Total Noticed: 1

| | |
|---|---|
| | on behalf of Creditor West Capitol Shopping Center  LLC kbaum@kenbaumdebtsolutions.com, ddipiazza@kenbaumdebtsolutions.com |
| Kenneth L. Baum | |
| | on behalf of Creditor 10-21 Portland Avenue  LLC kbaum@kenbaumdebtsolutions.com, ddipiazza@kenbaumdebtsolutions.com |
| Keri P. Ebeck | |
| | on behalf of Creditor The Ventura Family 2023 Trust KEBECK@BERNSTEINLAW.COM btemple@bernsteinlaw.com;kebeck@ecf.courtdrive.com;agilbert@bernsteinlaw.com |
| Keri P. Ebeck | |
| | on behalf of Interested Party Murray Avenue Market KEBECK@BERNSTEINLAW.COM btemple@bernsteinlaw.com;kebeck@ecf.courtdrive.com;agilbert@bernsteinlaw.com |
| Keri P. Ebeck | |
| | on behalf of Creditor Duquesne Light Company KEBECK@BERNSTEINLAW.COM btemple@bernsteinlaw.com;kebeck@ecf.courtdrive.com;agilbert@bernsteinlaw.com |
| Kevin J. Mangan | |
| | on behalf of Creditor CorVel Enterprise Claims  Inc. (f/k/a CorVel Enterprise Comp, Inc.) kevin.mangan@wbd-us.com, Heidi.sasso@wbd-us.com;cindy.giobbe@wbd-us.com;nichole.wilcher@wbd-us.com |
| Kevin M. Capuzzi | |
| | on behalf of Creditor Infosys Limited kcapuzzi@beneschlaw.com  docket2@beneschlaw.com;lmolinaro@beneschlaw.com |
| Kevin M. Capuzzi | |
| | on behalf of Creditor Williams Scotsman  Inc., as successor-in-interest to Mobile Mini, Inc. kcapuzzi@beneschlaw.com, docket2@beneschlaw.com;lmolinaro@beneschlaw.com |
| Kevin T Fogerty | |
| | on behalf of Creditor Goldco Partners kfogerty@fogertylaw.com |
| Kimberly Nelson | |
| | on behalf of Interested Party Federal Trade Commission knelson@ftc.gov |
| Kyriaki Christodoulou | |
| | on behalf of Creditor Southern California Gas Company kchristodoulou@cullenllp.com |
| Kyriaki Christodoulou | |
| | on behalf of Creditor Metropolitan Edison Company kchristodoulou@cullenllp.com |
| Kyriaki Christodoulou | |
| | on behalf of Creditor San Diego Gas and Electric Company kchristodoulou@cullenllp.com |
| Kyriaki Christodoulou | |
| | on behalf of Creditor The Connecticut Light & Power Company kchristodoulou@cullenllp.com |
| Kyriaki Christodoulou | |
| | on behalf of Creditor Appalachian Power Company kchristodoulou@cullenllp.com |
| Kyriaki Christodoulou | |
| | on behalf of Creditor Pennsylvania Power Company kchristodoulou@cullenllp.com |
| Kyriaki Christodoulou | |
| | on behalf of Creditor Delmarva Power & Light Company kchristodoulou@cullenllp.com |
| Kyriaki Christodoulou | |
| | on behalf of Creditor Virginia Electric and Power Company d/b/a Dominion Energy Virginia kchristodoulou@cullenllp.com |
| Kyriaki Christodoulou | |
| | on behalf of Creditor West Penn Power Company kchristodoulou@cullenllp.com |
| Kyriaki Christodoulou | |
| | on behalf of Creditor The Brooklyn Union Gas Company kchristodoulou@cullenllp.com |
| Kyriaki Christodoulou | |
| | on behalf of Creditor Niagara Mohawk Power Corporation kchristodoulou@cullenllp.com |
| Kyriaki Christodoulou | |
| | on behalf of Creditor PSEG Long Island kchristodoulou@cullenllp.com |
| Kyriaki Christodoulou | |
| | on behalf of Creditor Yankee Gas Service Company kchristodoulou@cullenllp.com |
| Kyriaki Christodoulou | |
| | on behalf of Creditor New York State Electric & Gas Corporation kchristodoulou@cullenllp.com |
| Kyriaki Christodoulou | |
| | on behalf of Creditor NStar Electric Company kchristodoulou@cullenllp.com |
| Kyriaki Christodoulou | |
| | on behalf of Creditor PECO Energy Company kchristodoulou@cullenllp.com |
| Kyriaki Christodoulou | |

District/off: 0312-3                                    User: admin                                    Page 12 of 31
Date Rcvd: Dec 15, 2025                              Form ID: pdf903                              Total Noticed: 1

Kyriaki Christodoulou

on behalf of Creditor Western Massachusetts kchristodoulou@cullenllp.com

Kyriaki Christodoulou

on behalf of Creditor Consolidated Edison Company of New York  Inc. kchristodoulou@cullenllp.com

Kyriaki Christodoulou

on behalf of Creditor KeySpan Gas East Corporation kchristodoulou@cullenllp.com

Kyriaki Christodoulou

on behalf of Creditor Southern California Edison Company kchristodoulou@cullenllp.com

Kyriaki Christodoulou

on behalf of Creditor Public Service Company of New Hampshire kchristodoulou@cullenllp.com

Kyriaki Christodoulou

on behalf of Creditor Boston Gas Company kchristodoulou@cullenllp.com

Kyriaki Christodoulou

on behalf of Creditor Rochester Gas and Electric Corporation kchristodoulou@cullenllp.com

Kyriaki Christodoulou

on behalf of Creditor Baltimore Gas and Electric Company kchristodoulou@cullenllp.com

Kyriaki Christodoulou

on behalf of Creditor Pennsylvania Electric Company kchristodoulou@cullenllp.com

Kyriaki Christodoulou

on behalf of Creditor Atlantic City Electric Company kchristodoulou@cullenllp.com

Kyriaki Christodoulou

on behalf of Creditor Massachusetts Electric Company kchristodoulou@cullenllp.com

Kyriaki Christodoulou

on behalf of Creditor Ohio Edison Company kchristodoulou@cullenllp.com

Kyriaki Christodoulou

on behalf of Creditor Orange & Rockland Utilities  Inc. kchristodoulou@cullenllp.com

Kyriaki Christodoulou

on behalf of Creditor Ohio Power Company d/b/a AEP Ohio kchristodoulou@cullenllp.com

Kyriaki Christodoulou

on behalf of Creditor Jersey Central Power & Light Company kchristodoulou@cullenllp.com

Lauren Bielskie

on behalf of U.S. Trustee U.S. Trustee lauren.bielskie@usdoj.gov

Leslie Carol Heilman

on behalf of Creditor BCORE WESTWOOD VILLAGE LLC HeilmanL@ballardspahr.com
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor Manoa Shopping Center Associates  L.P. HeilmanL@ballardspahr.com,
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor Prime/FRIT Bell Gardens  LLC HeilmanL@ballardspahr.com,
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor RAR 2 Queen Anne Eden Hill QRS  LLC HeilmanL@ballardspahr.com,
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor RI - Grass Valley  LLC HeilmanL@ballardspahr.com,
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor Balden Towne Plaza Limited Partnership HeilmanL@ballardspahr.com
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor Levon Investments  LLC HeilmanL@ballardspahr.com,
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor Hummelt Development Company HeilmanL@ballardspahr.com
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor Spirit EK Vineland NJ  LLC HeilmanL@ballardspahr.com,
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor c/oLeslie C. Heilman CLPF HARBOUR POINTE LLC; HeilmanL@ballardspahr.com,
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor GKGF LLC HeilmanL@ballardspahr.com,
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor NMP-C4 Fairfield S/C LLC HeilmanL@ballardspahr.com,
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor S & N II LTD. HeilmanL@ballardspahr.com,
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor ROIC Paramount Plaza LLC HeilmanL@ballardspahr.com,
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor HCP RRF Sand Canyon LLC HeilmanL@ballardspahr.com
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor Lancaster Development Company LLC HeilmanL@ballardspahr.com,
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor Rich/Cherry LLC HeilmanL@ballardspahr.com,
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor The Irvine Company LLC HeilmanL@ballardspahr.com
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor Perform Properties HeilmanL@ballardspahr.com
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor Fairview Shopping Center LLC HeilmanL@ballardspahr.com,
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor B10 Mountain A OC LP HeilmanL@ballardspahr.com
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor Spirit RA Plains PA LLC HeilmanL@ballardspahr.com,
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor 5931 Atlantic LLC HeilmanL@ballardspahr.com,
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor Merlone Geier Partners HeilmanL@ballardspahr.com
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor Weis Markets Inc. HeilmanL@ballardspahr.com
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor AAT Del Monte LLC HeilmanL@ballardspahr.com
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor The Commons at Calabasas LLC HeilmanL@ballardspahr.com,
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor Zentmyer Properties II LLC HeilmanL@ballardspahr.com
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor CP/IPERS Woodfield LLC HeilmanL@ballardspahr.com,
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor Gartin Properties LLC HeilmanL@ballardspahr.com
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

District/off: 0312-3

Date Rcvd: Dec 15, 2025

User: admin

Form ID: pdf903

Page 14 of 31

Total Noticed: 1

Leslie Carol Heilman

on behalf of Creditor B10 Mountain B LA LP HeilmanL@ballardspahr.com
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor MGP XI-A TOWN CENTER LAKE FOREST  LLC; HeilmanL@ballardspahr.com,
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor B10 MOUNTAIN A WA LLC HeilmanL@ballardspahr.com
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor QCSI SIX LLC HeilmanL@ballardspahr.com
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor Surapaneni Fresno Properties  LLC HeilmanL@ballardspahr.com,
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor Realty Income Corporation HeilmanL@ballardspahr.com
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor B10 MOUNTAIN B OR LLC HeilmanL@ballardspahr.com
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor MDC Seal Beach  LLC HeilmanL@ballardspahr.com,
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor Huntingdon Pike Company HeilmanL@ballardspahr.com
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor J.W. Rich Investment Company HeilmanL@ballardspahr.com
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor B10 Mountain A LA LP HeilmanL@ballardspahr.com
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor MGP XI Northgate  LLC HeilmanL@ballardspahr.com
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor Montecito Market Place Associates HeilmanL@ballardspahr.com
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor EDENS HeilmanL@ballardspahr.com
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor Valley Mall  L.L.C. HeilmanL@ballardspahr.com,
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor B10 MOUNTAIN B WA LLC HeilmanL@ballardspahr.com
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor Redondo Prime 1  LLC HeilmanL@ballardspahr.com,
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor B10 MOUNTAIN A OR LLC HeilmanL@ballardspahr.com
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor SO-Goodnoes Corner JV LLC HeilmanL@ballardspahr.com
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor Northern Trust Bank of CA  N.A. HeilmanL@ballardspahr.com,
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman

on behalf of Creditor SVAP III Plaza Mexico  LLC HeilmanL@ballardspahr.com,
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

District/off: 0312-3                          User: admin                                      Page 15 of 31
Date Rcvd: Dec 15, 2025                       Form ID: pdf903                                   Total Noticed: 1

Leslie Carol Heilman
on behalf of Creditor Brixton Capital HeilmanL@ballardspahr.com
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Leslie Carol Heilman
on behalf of Creditor CLPF Harbour Pointe  LLC HeilmanL@ballardspahr.com,
vesperm@ballardspahr.com;roglenl@ballardspahr.com;weidmanb@ballardspahr.com

Liam Braber
on behalf of Creditor New Century Associates Group  L.P. lbraber@jacobydonner.com

Louis Anthony Modugno
on behalf of Interested Party Chartis Excess Limited lmodugno@tm-firm.com

Louis Anthony Modugno
on behalf of Interested Party Lexington Insurance Company lmodugno@tm-firm.com

Louis Anthony Modugno
on behalf of Interested Party Granite State Insurance Company lmodugno@tm-firm.com

Louis Anthony Modugno
on behalf of Interested Party Commerce and Industry Insurance Company lmodugno@tm-firm.com

Louis Anthony Modugno
on behalf of Interested Party Insurance Company of The State of Pennsylvania lmodugno@tm-firm.com

Louis Anthony Modugno
on behalf of Interested Party AIG Specialty Insurance Company lmodugno@tm-firm.com

Louis Anthony Modugno
on behalf of Interested Party American Home Assurance Company lmodugno@tm-firm.com

Louis Anthony Modugno
on behalf of Interested Party American International Reinsurance Company  LTD lmodugno@tm-firm.com

Louis Anthony Modugno
on behalf of Interested Party Illinois National Insurance Company lmodugno@tm-firm.com

Louis Anthony Modugno
on behalf of Interested Party AIU Insurance Company lmodugno@tm-firm.com

Louis Anthony Modugno
on behalf of Interested Party National Union Fire Insurance Company of Pittsburgh  Pennsylvania lmodugno@tm-firm.com

Louis T. DeLucia
on behalf of Creditor SKBB Investments louis.delucia@icemiller.com
john.acquaviva@icemiller.com,daniel.polatsek@icemiller.com,michael.ott@icemiller.com,jessa.degroote@icemiller.com,nathan.
basalyga@icemiller.com,aneca.lasley@icemiller.com,george.gasper@icemiller.com

Marc Justin Kurzman
on behalf of Creditor The Greystone Group mkurzman@carmodylaw.com

Mark B Conlan
on behalf of Creditor RA Hopewell Associates  LLC mconlan@gibbonslaw.com

Mark B Conlan
on behalf of Creditor Chu Family Trust  Chu-Weissman Family Trust, and Christian Scheffold and Yolanda Scheffold
mconlan@gibbonslaw.com

Mark B Conlan
on behalf of Creditor PHR Village  LLC mconlan@gibbonslaw.com

Mark B Conlan
on behalf of Creditor JoAnn Dischinat mconlan@gibbonslaw.com

Mark B Conlan
on behalf of Creditor Gregory P. Dischinat mconlan@gibbonslaw.com

Mark B Conlan
on behalf of Creditor William Burke mconlan@gibbonslaw.com

Mark B Conlan
on behalf of Creditor T F Associates mconlan@gibbonslaw.com

Mark B Conlan
on behalf of Creditor Derry Realty Group LLC mconlan@gibbonslaw.com

Mark B Conlan
on behalf of Creditor ECK-Aliquippa PA LP mconlan@gibbonslaw.com

Mark B Conlan
on behalf of Creditor Crest Properties LLC mconlan@gibbonslaw.com

District/off: 0312-3                          User: admin                                   Page 16 of 31
Date Rcvd: Dec 15, 2025                        Form ID: pdf903                              Total Noticed: 1

Mark B Conlan

on behalf of Creditor RA Hopewell LLC mconlan@gibbonslaw.com

Mark B Conlan

on behalf of Creditor Miriam Chu and Yolanda Scheffold  Trustees of Chu Family Trust, Steven Weissman and Charissa Chu,
Trustees of Chu-Weissman Family Trust, and Christian Scheffold and Yolanda Scheffold mconlan@gibbonslaw.com

Mark B Conlan

on behalf of Creditor PA Hopewell LLC mconlan@gibbonslaw.com

Mark B Conlan

on behalf of Creditor ECK-ALIQUIPPA Associates  L.P. mconlan@gibbonslaw.com

Mark B Conlan

on behalf of Creditor T.F. Associates mconlan@gibbonslaw.com

Mark S. Lichtenstein

on behalf of Interested Party PMD Labs  Inc. mark.lichtenstein@akerman.com, Reyko.delpino@akerman.com

Mark S. Lichtenstein

on behalf of Interested Party Rite Aid LLC mark.lichtenstein@akerman.com  Reyko.delpino@akerman.com

Martha Baskett Chovanes

on behalf of Creditor Parsi Investments  LLC mchovanes@foxrothschild.com,
rsolomon@foxrothschild.com;brian-oneill-fox-5537@ecf.pacerpro.com

Matthew E. Kaslow

on behalf of Interested Party Terramar Retail  LLC a/k/a Tierrasanta Town Centers, LLC mkaslow@blankrome.com

Matthew W. Bourda

on behalf of Creditor ENGIE Resources LLC matthew@jonesmurray.com

Melissa A. Pena

on behalf of Creditor Rochdale Village  Inc. mapena@norris-law.com, pfreda@nmmlaw.com

Melissa A. Pena

on behalf of Creditor Sligo Realty and Service Corp. mapena@norris-law.com  pfreda@nmmlaw.com

Melissa A. Pena

on behalf of Creditor 508 Monroe Turnpike  LLC mapena@norris-law.com, pfreda@nmmlaw.com

Melissa L. Van Eck

on behalf of Creditor Commonwealth Of Pennsylvania mvaneck@attorneygeneral.gov

Melissa S. Woods

on behalf of Creditor United Food & Commercial Workers International Union (UFCW) mwoods@cwsny.com  ecf@cwsny.com

Michael Kahme

on behalf of Creditor Universal Protein Supplements Corp. dba Universal Nutrition mkahme@hillwallack.com
fmansmann@hillwallack.com

Michael Kwiatkowski

on behalf of Creditor Rochester Gas and Electric Corporation mkwiatkowski@moritthock.com  crodriguez@cullenllp.com

Michael Kwiatkowski

on behalf of Creditor San Diego Gas and Electric Company mkwiatkowski@moritthock.com  crodriguez@cullenllp.com

Michael Kwiatkowski

on behalf of Creditor Massachusetts Electric Company mkwiatkowski@moritthock.com  crodriguez@cullenllp.com

Michael Kwiatkowski

on behalf of Creditor New York State Electric & Gas Corporation mkwiatkowski@moritthock.com  crodriguez@cullenllp.com

Michael Kwiatkowski

on behalf of Creditor Southern California Gas Company mkwiatkowski@moritthock.com  crodriguez@cullenllp.com

Michael Kwiatkowski

on behalf of Creditor Baltimore Gas and Electric Company mkwiatkowski@moritthock.com  crodriguez@cullenllp.com

Michael Kwiatkowski

on behalf of Creditor Public Service Company of New Hampshire mkwiatkowski@moritthock.com  crodriguez@cullenllp.com

Michael Kwiatkowski

on behalf of Creditor Consolidated Edison Company of New York  Inc. mkwiatkowski@moritthock.com,
crodriguez@cullenllp.com

Michael Kwiatkowski

on behalf of Creditor NStar Electric Company mkwiatkowski@moritthock.com  crodriguez@cullenllp.com

Michael Kwiatkowski

on behalf of Creditor PECO Energy Company mkwiatkowski@moritthock.com  crodriguez@cullenllp.com

Michael Kwiatkowski

| | |
|---|---|
| | on behalf of Creditor Boston Gas Company mkwiatkowski@moritthock.com crodriguez@cullenllp.com |
| Michael Kwiatkowski | |
| | on behalf of Creditor Yankee Gas Service Company mkwiatkowski@moritthock.com crodriguez@cullenllp.com |
| Michael Kwiatkowski | |
| | on behalf of Creditor West Penn Power Company mkwiatkowski@moritthock.com crodriguez@cullenllp.com |
| Michael Kwiatkowski | |
| | on behalf of Creditor Pennsylvania Electric Company mkwiatkowski@moritthock.com crodriguez@cullenllp.com |
| Michael Kwiatkowski | |
| | on behalf of Creditor Niagara Mohawk Power Corporation mkwiatkowski@moritthock.com crodriguez@cullenllp.com |
| Michael Kwiatkowski | |
| | on behalf of Creditor Orange & Rockland Utilities Inc. mkwiatkowski@moritthock.com, crodriguez@cullenllp.com |
| Michael Kwiatkowski | |
| | on behalf of Creditor Western Massachusetts mkwiatkowski@moritthock.com crodriguez@cullenllp.com |
| Michael Kwiatkowski | |
| | on behalf of Creditor Atlantic City Electric Company mkwiatkowski@moritthock.com crodriguez@cullenllp.com |
| Michael Kwiatkowski | |
| | on behalf of Creditor Jersey Central Power & Light Company mkwiatkowski@moritthock.com crodriguez@cullenllp.com |
| Michael Kwiatkowski | |
| | on behalf of Creditor KeySpan Gas East Corporation mkwiatkowski@moritthock.com crodriguez@cullenllp.com |
| Michael Kwiatkowski | |
| | on behalf of Creditor Ohio Power Company d/b/a AEP Ohio mkwiatkowski@moritthock.com crodriguez@cullenllp.com |
| Michael Kwiatkowski | |
| | on behalf of Creditor Metropolitan Edison Company mkwiatkowski@moritthock.com crodriguez@cullenllp.com |
| Michael Kwiatkowski | |
| | on behalf of Creditor Virginia Electric and Power Company d/b/a Dominion Energy Virginia mkwiatkowski@moritthock.com crodriguez@cullenllp.com |
| Michael Kwiatkowski | |
| | on behalf of Creditor Appalachian Power Company mkwiatkowski@moritthock.com crodriguez@cullenllp.com |
| Michael Kwiatkowski | |
| | on behalf of Creditor Delmarva Power & Light Company mkwiatkowski@moritthock.com crodriguez@cullenllp.com |
| Michael Kwiatkowski | |
| | on behalf of Creditor Ohio Edison Company mkwiatkowski@moritthock.com crodriguez@cullenllp.com |
| Michael Kwiatkowski | |
| | on behalf of Creditor The Brooklyn Union Gas Company mkwiatkowski@moritthock.com crodriguez@cullenllp.com |
| Michael Kwiatkowski | |
| | on behalf of Creditor Pennsylvania Power Company mkwiatkowski@moritthock.com crodriguez@cullenllp.com |
| Michael Kwiatkowski | |
| | on behalf of Creditor The Connecticut Light & Power Company mkwiatkowski@moritthock.com crodriguez@cullenllp.com |
| Michael Kwiatkowski | |
| | on behalf of Creditor Southern California Edison Company mkwiatkowski@moritthock.com crodriguez@cullenllp.com |
| Michael Kwiatkowski | |
| | on behalf of Creditor PSEG Long Island mkwiatkowski@moritthock.com crodriguez@cullenllp.com |
| Michael D. Sirota | |
| | on behalf of Debtor PJC Revere Realty LLC msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | |
| | on behalf of Debtor Rite Aid of Washington D.C. Inc. msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | |
| | on behalf of Debtor Maxi Drug North Inc. msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | |
| | on behalf of Debtor PJC Realty MA Inc. msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |

District/off: 0312-3                          User: admin                          Page 18 of 31
Date Rcvd: Dec 15, 2025                       Form ID: pdf903                       Total Noticed: 1

Michael D. Sirota

on behalf of Debtor Rx USA  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor Rite Aid of Connecticut  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor EDC Drug Stores  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor Ex Solutions of MO  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor Ex Design Holdings  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor 4042 Warrensville Center Road Warrensville Ohio  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor Rite Aid of West Virginia  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor JCG (PJC) USA  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor Rite Aid Payroll Management  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor PJC Manchester Realty LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor Apex Drug Stores  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor RediClinic of VA  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor P.J.C. Realty Co.  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor PJC of Vermont Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor Rite Aid of New York  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor Rite Aid Corporation msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor Hunter Lane  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz

District/off: 0312-3                          User: admin                          Page 19 of 31
Date Rcvd: Dec 15, 2025                     Form ID: pdf903                     Total Noticed: 1

.com

Michael D. Sirota

    on behalf of Debtor Rite Aid Rome Distribution Center  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

    on behalf of Debtor Ex Initiatives  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

    on behalf of Debtor Rx Choice  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

    on behalf of Attorney Cole Schotz P.C. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

    on behalf of Debtor Rite Aid Specialty Pharmacy  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

    on behalf of Debtor K & B Services  Incorporated msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

    on behalf of Debtor Drug Palace  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

    on behalf of Debtor Rite Aid of Delaware  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

    on behalf of Debtor PJC Special Realty Holdings  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

    on behalf of Debtor P.J.C. Distribution  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

    on behalf of Debtor Ex Tech  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

    on behalf of Debtor Eckerd Corporation msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

    on behalf of Defendant New Rite Aid  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

    on behalf of Debtor Harco  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

    on behalf of Debtor The Jean Coutu Group (PJC) USA  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

    on behalf of Debtor K&B Texas Corporation msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

District/off: 0312-3 | User: admin | Page 20 of 31
Date Rcvd: Dec 15, 2025 | Form ID: pdf903 | Total Noticed: 1

on behalf of Debtor Rite Aid Hdqtrs. Funding  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor Ex Savings  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor RDS Detroit  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor 1740 Associates  L.L.C. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor The Lane Drug Company msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor K & B  Incorporated msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor Grand River & Fenkell  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor First Florida Insurers of Tampa  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor Rite Aid Hdqtrs. Corp. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor New Rite Aid  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor Name Rite  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor Ex Holdco  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor Rite Aid of Tennessee  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor PJC of Rhode Island  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor K & B Tennessee Corporation msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor The Bartell Drug Company msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor Rite Aid Realty Corp. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota
on behalf of Debtor PDS-1 Michigan  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota
on behalf of Debtor Rite Aid of North Carolina  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota
on behalf of Debtor Ex Rxclusives  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota
on behalf of Debtor RediClinic of PA  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota
on behalf of Debtor RediClinic of DC  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota
on behalf of Debtor Rite Aid of Michigan  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota
on behalf of Debtor Genovese Drug Stores  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota
on behalf of Debtor Perry Drug Stores  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota
on behalf of Debtor Lakehurst and Broadway Corporation msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota
on behalf of Debtor Rite Aid of Kentucky  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota
on behalf of Debtor Rite Investments Corp. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota
on behalf of Plaintiff Rite Aid Corporation msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota
on behalf of Debtor Rite Aid of Georgia  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota
on behalf of Plaintiff Rite Aid Hdqtrs. Corp. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota
on behalf of Debtor Maxi Green Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota
on behalf of Debtor Rite Investments Corp.  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota
on behalf of Debtor Ex Solutions of NV  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz

.com

Michael D. Sirota

on behalf of Debtor Thrifty Corporation msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor Rite Aid of New Jersey  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor GDF  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor Ex Software  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor Rite Aid of Ohio  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor RediClinic US  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor Rite Aid of New Hampshire  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor Thrift Drug  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor RediClinic LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor Rite Aid of Pennsylvania  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor K & B Alabama Corporation msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor Broadview and Wallings-Broadview Heights Ohio  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor JCG Holdings (USA)  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor Maxi Drug South  L.P. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor Thrifty Ice Cream  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor LMW - 90B Avenue Lake Oswego  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

District/off: 0312-3                              User: admin                              Page 23 of 31

Date Rcvd: Dec 15, 2025                        Form ID: pdf903                        Total Noticed: 1

on behalf of Debtor Rite Aid of Virginia  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor Rite Aid Lease Management Company msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor RediClinic of Dallas-Fort Worth  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor Rite Aid Online Store  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor Ex Procurement  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor K & B Louisiana Corporation msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor ILG - 90 B Avenue Lake Oswego  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor Thrifty PayLess  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor PJC Lease Holdings  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor Rite Aid of Maryland  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor Ex Benefits  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor Ex Pharmacy  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor READ's Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor Rite Aid of Vermont  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor Munson & Andrews  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor 5277 Associates  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor Ex Solutions of OH  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

User: admin
Date Rcvd: Dec 15, 2025  Form ID: pdf903  Total Noticed: 1

Michael D. Sirota
　　　　　　　　on behalf of Debtor RediClinic of DE  LLC msirota@coleschotz.com,
　　　　　　　　fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
　　　　　　　　.com

Michael D. Sirota
　　　　　　　　on behalf of Debtor Gettysburg and Hoover-Dayton  Ohio, LLC msirota@coleschotz.com,
　　　　　　　　fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
　　　　　　　　.com

Michael D. Sirota
　　　　　　　　on behalf of Debtor Rite Aid Drug Palace  Inc msirota@coleschotz.com,
　　　　　　　　fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
　　　　　　　　.com

Michael D. Sirota
　　　　　　　　on behalf of Debtor 5600 Superior Properties  Inc. msirota@coleschotz.com,
　　　　　　　　fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
　　　　　　　　.com

Michael D. Sirota
　　　　　　　　on behalf of Debtor Richfield Road - Flint  Michigan, LLC msirota@coleschotz.com,
　　　　　　　　fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
　　　　　　　　.com

Michael D. Sirota
　　　　　　　　on behalf of Debtor Rite Aid of South Carolina  Inc. msirota@coleschotz.com,
　　　　　　　　fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
　　　　　　　　.com

Michael D. Sirota
　　　　　　　　on behalf of Debtor Ex Options  LLC msirota@coleschotz.com,
　　　　　　　　fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
　　　　　　　　.com

Michael D. Sirota
　　　　　　　　on behalf of Debtor Ex Design  LLC msirota@coleschotz.com,
　　　　　　　　fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
　　　　　　　　.com

Michael D. Sirota
　　　　　　　　on behalf of Debtor PJC of Massachusetts  Inc. msirota@coleschotz.com,
　　　　　　　　fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
　　　　　　　　.com

Michael D. Sirota
　　　　　　　　on behalf of Debtor RediClinic of MD  LLC msirota@coleschotz.com,
　　　　　　　　fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
　　　　　　　　.com

Michael D. Sirota
　　　　　　　　on behalf of Debtor PJC Peterborough Realty LLC msirota@coleschotz.com
　　　　　　　　fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
　　　　　　　　.com

Michael D. Sirota
　　　　　　　　on behalf of Debtor Rite Aid of Indiana  Inc. msirota@coleschotz.com,
　　　　　　　　fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
　　　　　　　　.com

Michael D. Sirota
　　　　　　　　on behalf of Debtor RediClinic Associates  Inc. msirota@coleschotz.com,
　　　　　　　　fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
　　　　　　　　.com

Michael D. Sirota
　　　　　　　　on behalf of Debtor RCMH LLC msirota@coleschotz.com
　　　　　　　　fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
　　　　　　　　.com

Michael D. Sirota
　　　　　　　　on behalf of Debtor Rite Aid Transport  Inc. msirota@coleschotz.com,
　　　　　　　　fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
　　　　　　　　.com

Michael D. Sirota
　　　　　　　　on behalf of Debtor K & B Mississippi Corporation msirota@coleschotz.com
　　　　　　　　fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
　　　　　　　　.com

Michael D. Sirota
　　　　　　　　on behalf of Debtor Maxi Drug  Inc. msirota@coleschotz.com,
　　　　　　　　fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz

.com

Michael D. Sirota
on behalf of Debtor Rite Aid of Maine  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael E. Holt
on behalf of Creditor AJC Legacy Trust LLC mholt@formanlaw.com  kanema@formanlaw.com

Michael E. Holt
on behalf of Creditor BM Properties mholt@formanlaw.com  kanema@formanlaw.com

Michael J. Goettig
on behalf of Creditor Green Dot Bank MichaelGoettig@dwt.com  nycdocket@dwt.com

Michael J. Goettig
on behalf of Creditor Green Dot Corporation MichaelGoettig@dwt.com  nycdocket@dwt.com

Michael R. Herz
on behalf of Interested Party Alsoctt  Inc. mherz@foxrothschild.com, cbrown@foxrothschild.com

Michele M. Dudas
on behalf of Defendant McKesson Corporation mdudas@msbnj.com

Michele M. Dudas
on behalf of Creditor McKesson Corporation and certain corporate affiliates mdudas@msbnj.com

Monique Bair DiSabatino
on behalf of Creditor Forest Valley Station LLC mdisabatino@saul.com  robyn.warren@saul.com

Monique Bair DiSabatino
on behalf of Creditor Famtan LLC mdisabatino@saul.com  robyn.warren@saul.com

Monique Bair DiSabatino
on behalf of Creditor Mary Ann Genuario mdisabatino@saul.com  robyn.warren@saul.com

Monique Bair DiSabatino
on behalf of Creditor L/S 1200 Intrepid Avenue  LP mdisabatino@saul.com, robyn.warren@saul.com

Morris J. Schlaf
on behalf of Creditor Nikolaos Zigouris mschlaf@saccofillas.com  mschlaf@recap.email

Morton R. Branzburg
on behalf of Creditor AmerisourceBergen Drug Corporation mbranzburg@klehr.com  jtaylor@klehr.com;nyackle@klehr.com

Moshie Solomon
on behalf of Creditor Tandem Equities L.L.C. msolomon@golenbock.com

Nicholas Marten
on behalf of Creditor Independence Plaza SC  LLC nicholas.marten@afslaw.com,
lisa.indelicato@afslaw.com;alyssa.fiorentino@afslaw.com

Nicholas Marten
on behalf of Creditor Linda Mar S.C.  L.P. nicholas.marten@afslaw.com,
lisa.indelicato@afslaw.com;alyssa.fiorentino@afslaw.com

Nicholas Marten
on behalf of Creditor PK II Tanasbourne Village LP nicholas.marten@afslaw.com
lisa.indelicato@afslaw.com;alyssa.fiorentino@afslaw.com

Nicholas Marten
on behalf of Creditor PL Rancho LP nicholas.marten@afslaw.com  lisa.indelicato@afslaw.com;alyssa.fiorentino@afslaw.com

Nicholas Marten
on behalf of Creditor Pan Pacific (Jefferson Square) LLC nicholas.marten@afslaw.com
lisa.indelicato@afslaw.com;alyssa.fiorentino@afslaw.com

Nicholas Marten
on behalf of Creditor Gateway at Donner Pass  LP nicholas.marten@afslaw.com,
lisa.indelicato@afslaw.com;alyssa.fiorentino@afslaw.com

Nicholas Marten
on behalf of Creditor WRI Freedom Centre  L.P. nicholas.marten@afslaw.com,
lisa.indelicato@afslaw.com;alyssa.fiorentino@afslaw.com

Nicholas Marten
on behalf of Creditor 11 Knolls Crescent LLC nicholas.marten@afslaw.com
lisa.indelicato@afslaw.com;alyssa.fiorentino@afslaw.com

Nicholas Marten
on behalf of Creditor Kimschott Factoria Mall  LLC nicholas.marten@afslaw.com,
lisa.indelicato@afslaw.com;alyssa.fiorentino@afslaw.com

District/off: 0312-3 | User: admin | Page 26 of 31
Date Rcvd: Dec 15, 2025 | Form ID: pdf903 | Total Noticed: 1

Nicholas Marten
on behalf of Creditor PK I Silverdale Shopping Center LLC nicholas.marten@afslaw.com
lisa.indelicato@afslaw.com;alyssa.fiorentino@afslaw.com

Nicholas Marten
on behalf of Creditor KK Great Neck 2470 LLC nicholas.marten@afslaw.com,
lisa.indelicato@afslaw.com;alyssa.fiorentino@afslaw.com

Nicholas Marten
on behalf of Creditor Kimco Realty Corporation nicholas.marten@afslaw.com
lisa.indelicato@afslaw.com;alyssa.fiorentino@afslaw.com

Norman N Kinel
on behalf of Interested Party CSC Delaware Trust Company  as Successor Trustee norman.kinel@squirepb.com,
sarah.conley@squirepb.com;norman-kinel-4300@ecf.pacerpro.com

Oleh Matviyishyn
on behalf of Creditor Committee Official Committee of Unsecured Creditors omatviyishyn@sillscummis.com

Owen Lipnick
on behalf of Creditor JRC Assets  LP olipnick@bertonepiccini.com

Pamela Elchert Thurmond
on behalf of Creditor LAW DEPT CITY OF PHILADELPHIA Pamela.Thurmond@phila.gov

Paul J. Winterhalter
on behalf of Creditor Vernon Central Warehouse  Inc. pwinterhalter@offitkurman.com, cballasy@offitkurman.com

Paul J. Winterhalter
on behalf of Creditor Fair Oaks  LLC pwinterhalter@offitkurman.com, cballasy@offitkurman.com

Paul J. Winterhalter
on behalf of Creditor Sheldon Plaza  LLC pwinterhalter@offitkurman.com, cballasy@offitkurman.com

Paul J. Winterhalter
on behalf of Creditor The Chen 1998 Family Trust & 170 San Mateo Road Partnership pwinterhalter@offitkurman.com
cballasy@offitkurman.com

Paul J. Winterhalter
on behalf of Attorney Breck E Milde pwinterhalter@offitkurman.com  cballasy@offitkurman.com

Paul J. Winterhalter
on behalf of Creditor Toni A. Dimiceli  Trustee et al pwinterhalter@offitkurman.com, cballasy@offitkurman.com

Paul R. DeFilippo
on behalf of Interested Party Five Below  Inc. pdefilippo@wmd-law.com

Paul R. DeFilippo
on behalf of Creditor American Greetings Corp. pdefilippo@wmd-law.com

Paul R. DeFilippo
on behalf of Creditor Papyrus-Recycled Greetings  Inc. pdefilippo@wmd-law.com

Paul Stadler Pflumm
on behalf of Creditor Southern California UFCW Unions & Drug Employers Pension Fund ppflumm@mcdowelllegal.com
kgresh@mcdowelllegal.com;tcuccuini@mcdowelllegal.com;jmiller@mcdowelllegal.com;djamison@mcdowelllegal.com;cgetz@
mcdowelllegal.com;Pflumm.PaulR62202@notify.bestcase.com;krhodes@mcdowelllegal.com

Paul Stadler Pflumm
on behalf of Creditor Southern California Drug Benefit Fund ppflumm@mcdowelllegal.com
kgresh@mcdowelllegal.com;tcuccuini@mcdowelllegal.com;jmiller@mcdowelllegal.com;djamison@mcdowelllegal.com;cgetz@
mcdowelllegal.com;Pflumm.PaulR62202@notify.bestcase.com;krhodes@mcdowelllegal.com

Rachel A. Parisi
on behalf of Creditor JSK Lebanon LLC raparisi@pbnlaw.com
mpdermatis@pbnlaw.com;pnbalala@pbnlaw.com;FESanchez@pbnlaw.com;rlhemming@pbnlaw.com;alkernell@pbnlaw.com

Raymond M. Patella
on behalf of Creditor Contingence LLC rpatella@lawjw.com

Rebecca Starner
on behalf of Creditor Bayer Healthcare  LLC rebecca.starner@huschblackwell.com,
serena.gray@huschblackwell.com;rebecca-starner-2254@ecf.pacerpro.com

Rebecca Starner
on behalf of Creditor Levy Affiliates rebecca.starner@huschblackwell.com
serena.gray@huschblackwell.com;rebecca-starner-2254@ecf.pacerpro.com

Richard D. Trenk
on behalf of Creditor Ohiopyle Prints  Inc. rtrenk@trenkisabel.law, mmassoud@trenkisabel.law;rbicocchi@trenkisabel.law

Richard D. Trenk
on behalf of Creditor Major Trading Inc. rtrenk@trenkisabel.law  mmassoud@trenkisabel.law;rbicocchi@trenkisabel.law

District/off: 0312-3
Date Rcvd: Dec 15, 2025

User: admin
Form ID: pdf903

Page 27 of 31
Total Noticed: 1

Richard D. Trenk
on behalf of Creditor One Paragon Drive  LP rtrenk@trenkisabel.law, mmassoud@trenkisabel.law;rbicocchi@trenkisabel.law

Robert L Murphy
on behalf of Creditor Greater Butler Mart Holdings  LLC rmurphy@papernick-gefsky.com

Robert L. LeHane
on behalf of Interested Party Thomas A. Pitta  Co-Trustee of the RAD Master Trust, Trustee of the RAD Sub-Trust A, and Trustee of the RAD GUC Equity Trust rlehane@kelleydrye.com, KDWBankruptcyDepartment@KelleyDrye.com;BankruptcyDepartment2@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com

Robert L. LeHane
on behalf of Creditor East Park Development LLC rlehane@kelleydrye.com KDWBankruptcyDepartment@KelleyDrye.com;BankruptcyDepartment2@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com

Robert L. LeHane
on behalf of Creditor Brixmor Property Group  Inc. rlehane@kelleydrye.com, KDWBankruptcyDepartment@KelleyDrye.com;BankruptcyDepartment2@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com

Robert L. LeHane
on behalf of Creditor NNN REIT  Inc. rlehane@kelleydrye.com, KDWBankruptcyDepartment@KelleyDrye.com;BankruptcyDepartment2@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com

Robert L. LeHane
on behalf of Creditor Benderson Development Company rlehane@kelleydrye.com KDWBankruptcyDepartment@KelleyDrye.com;BankruptcyDepartment2@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com

Robert L. LeHane
on behalf of Creditor Fox Chapel Plaza rlehane@kelleydrye.com KDWBankruptcyDepartment@KelleyDrye.com;BankruptcyDepartment2@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com

Robert L. LeHane
on behalf of Creditor DS Properties 18 LP rlehane@kelleydrye.com KDWBankruptcyDepartment@KelleyDrye.com;BankruptcyDepartment2@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com

Robert L. LeHane
on behalf of Creditor First Washington Realty rlehane@kelleydrye.com KDWBankruptcyDepartment@KelleyDrye.com;BankruptcyDepartment2@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com

Robert L. LeHane
on behalf of Interested Party Equity One (Copps Hills) LLC rlehane@kelleydrye.com KDWBankruptcyDepartment@KelleyDrye.com;BankruptcyDepartment2@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com

Robert L. LeHane
on behalf of Creditor Lerner Properties rlehane@kelleydrye.com KDWBankruptcyDepartment@KelleyDrye.com;BankruptcyDepartment2@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com

Robert L. LeHane
on behalf of Creditor Regency Centers L.P. rlehane@kelleydrye.com KDWBankruptcyDepartment@KelleyDrye.com;BankruptcyDepartment2@KelleyDrye.com;MVicinanza@ecf.inforuptcy.com

Robert P. Shapiro
on behalf of Creditor RA2 Wildwood LLC rshapiro@shapirocroland.com

Robert P. Shapiro
on behalf of Creditor RA2 Lakehurst LLC rshapiro@shapirocroland.com

Robert Richard Yoder
on behalf of Creditor RWY Trust robert@yoderlangford.com

Ronald Brown, Jr
on behalf of Creditor Platt Partners. L.P. ron@rkbrownlaw.com

Ronald Brown, Jr
on behalf of Creditor Harbor Center Partners  L.P. ron@rkbrownlaw.com

Ross J. Switkes
on behalf of Creditor Rite Aid Sub-Trust B rswitkes@shermansilverstein.com

Ryan Lamb
on behalf of Interested Party UNITED STATES OF AMERICA ryan.lamb@usdoj.gov

Sam Della Fera, Jr
on behalf of Creditor Greenwood Shopping Center  Inc. sdellafera@csglaw.com

Scott Fleischer
on behalf of Creditor Kempner Properties  LLC sfleischer@barclaydamon.com, scott-fleischer-2734@ecf.pacerpro.com

Scott Fleischer
on behalf of Creditor SVAP III Plaza Mexico  LLC sfleischer@barclaydamon.com, scott-fleischer-2734@ecf.pacerpro.com

Scott Fleischer
on behalf of Creditor Ironhorn Enterprises  LLC sfleischer@barclaydamon.com, scott-fleischer-2734@ecf.pacerpro.com

District/off: 0312-3

Date Rcvd: Dec 15, 2025

User: admin

Form ID: pdf903

Page 28 of 31

Total Noticed: 1

Scott Fleischer

on behalf of Creditor Gibraltar Management Co. Inc. sfleischer@barclaydamon.com, scott-fleischer-2734@ecf.pacerpro.com

Scott Fleischer

on behalf of Creditor The Widewaters Group Inc. sfleischer@barclaydamon.com, scott-fleischer-2734@ecf.pacerpro.com

Scott Fleischer

on behalf of Creditor Inland Commercial Real Estate Services LLC sfleischer@barclaydamon.com
scott-fleischer-2734@ecf.pacerpro.com

Scott Fleischer

on behalf of Creditor Paragon Management Group LLC sfleischer@barclaydamon.com, scott-fleischer-2734@ecf.pacerpro.com

Scott Fleischer

on behalf of Creditor DLC Management Corporation sfleischer@barclaydamon.com scott-fleischer-2734@ecf.pacerpro.com

Scott A. Zuber

on behalf of Creditor The Hanover Insurance Company szuber@csglaw.com ecf@csglaw.com

Scott A. Zuber

on behalf of Creditor Berkley Insurance Company szuber@csglaw.com ecf@csglaw.com

Scott A. Zuber

on behalf of Creditor Mahnaz Javaheri szuber@csglaw.com ecf@csglaw.com

Scott A. Zuber

on behalf of Creditor Eliseo Medellin Hernandez szuber@csglaw.com ecf@csglaw.com

Scott A. Zuber

on behalf of Creditor Cardinal Health 110 LLC d/b/a Parmed Pharmaceuticals szuber@csglaw.com, ecf@csglaw.com

Scott A. Zuber

on behalf of Creditor Ieka Monique Lucas szuber@csglaw.com ecf@csglaw.com

Seth H. Lieberman

on behalf of Creditor Computershare Trust Company National Association, as Successor Trustee
slieberman@pryorcashman.com, bankruptcydocketing@pryorcashman.com

Shawn J. Lau

on behalf of Creditor RWY Trust shawn_lau@msn.com

Shawn M. Christianson

on behalf of Creditor Oracle America Inc. schristianson@buchalter.com, cmcintire@buchalter.com

Shmuel Klein

on behalf of Attorney Natali A. Ron shmuel.klein@verizon.net bleichmanklein@gmail.com;kleinsr88450@notify.bestcase.com

Shmuel Klein

on behalf of Creditor Gallashea Properties LLC shmuel.klein@verizon.net,
bleichmanklein@gmail.com;kleinsr88450@notify.bestcase.com

Shmuel Klein

on behalf of Creditor c/o Natal A. Ron Esq STONEBRIER COMMERCIAL L.P. shmuel.klein@verizon.net
bleichmanklein@gmail.com;kleinsr88450@notify.bestcase.com

Shmuel Klein

on behalf of Creditor Hvp2 LLC shmuel.klein@verizon.net bleichmanklein@gmail.com;kleinsr88450@notify.bestcase.com

Shmuel Klein

on behalf of Creditor Shmuel TROY SRALP LLC shmuel.klein@verizon.net,
bleichmanklein@gmail.com;kleinsr88450@notify.bestcase.com

Simon Aron

on behalf of Interested Party Series IV channel Island Business Mart, of The Wolf Family Series, LP saron@wrslawyers.com,
jlee@wrslawyers.com

Steven A. Jayson

on behalf of Creditor IVI World LLC sjayson@msklaw.net
jloewenstein@msklaw.net;donnaz@msklaw.net;pmasiello@msklaw.net

Steven A. Jayson

on behalf of Creditor HS Belmont LLC sjayson@msklaw.net
jloewenstein@msklaw.net;donnaz@msklaw.net;pmasiello@msklaw.net

Steven A. Jayson

on behalf of Creditor 1021 First Avenue Conway LLC sjayson@msklaw.net,
jloewenstein@msklaw.net;donnaz@msklaw.net;pmasiello@msklaw.net

Steven M Richman

on behalf of Creditor CPT Shops at Rossmoor LLC srichman@clarkhill.com, mfaas@clarkhill.com

Steven M Richman

on behalf of Creditor Vestar Peninsula Retail LLC srichman@clarkhill.com, mfaas@clarkhill.com

District/off: 0312-3                    User: admin                    Page 29 of 31
Date Rcvd: Dec 15, 2025                    Form ID: pdf903                    Total Noticed: 1

Steven M Richman

on behalf of Creditor Summit Apartments  Inc. srichman@clarkhill.com, mfaas@clarkhill.com

Steven M Richman

on behalf of Creditor S. Davis Real Estate Holdings  LLC srichman@clarkhill.com, mfaas@clarkhill.com

Stuart Kossar

on behalf of Creditor Rochdale Village  Inc. slkossar@norris-law.com, aburton@norris-law.com

Stuart Kossar

on behalf of Creditor 508 Monroe Turnpike  LLC slkossar@norris-law.com, aburton@norris-law.com

Stuart Kossar

on behalf of Creditor Sligo Realty and Service Corp. slkossar@norris-law.com  aburton@norris-law.com

Stuart M. Brown

on behalf of Interested Party MedImpact Healthcare Systems  Inc. stuart.brown@dlapiper.com,
DLAPiper@ecfxmail;docketingbaltimore@dlapiper.com

Sue Liu Chin

on behalf of Creditor Reyes Holdings  L.L.C. schin@borgeslawllc.com

Terri Jane Freedman

on behalf of Creditor Berkley Insurance Company tfreedman@csglaw.com

Terri Jane Freedman

on behalf of Creditor 1396 W. Chestnut LLC tfreedman@csglaw.com

Terri Jane Freedman

on behalf of Creditor Cardinal Health 110  LLC d/b/a Parmed Pharmaceuticals tfreedman@csglaw.com

Terri Jane Freedman

on behalf of Creditor The Hanover Insurance Company tfreedman@csglaw.com

Thomas Pitta

on behalf of Interested Party Thomas A. Pitta  Co-Trustee of the RAD Master Trust, Trustee of the RAD Sub-Trust A, and Trustee
of the RAD GUC Equity Trust tpitta@emmetmarvin.com

Thomas S. Onder

on behalf of Creditor LS Morrell  LLC tonder@stark-stark.com

Thomas S. Onder

on behalf of Creditor SADG-3 Limited Partnership tonder@stark-stark.com

Thomas S. Onder

on behalf of Creditor Edgemark Littleton  LLC tonder@stark-stark.com

Thomas S. Onder

on behalf of Creditor SADG-1 Limited Partners tonder@stark-stark.com

Thomas S. Onder

on behalf of Creditor Robert Marin and Celeset de Schulthess Marin Family Trust tonder@stark-stark.com

Thomas S. Onder

on behalf of Creditor 569 Broadway Associates tonder@stark-stark.com

Thomas S. Onder

on behalf of Creditor Yoko C. Gates Trust tonder@stark-stark.com

Thomas S. Onder

on behalf of Creditor Conopco  Inc. d/b/a Unilever NA tonder@stark-stark.com

Thomas S. Onder

on behalf of Creditor The Libman Company tonder@stark-stark.com

Thomas S. Onder

on behalf of Creditor RAP Hamlin LP tonder@stark-stark.com

Thomas S. Onder

on behalf of Creditor Red Lion Broadway  LLC tonder@stark-stark.com

Thomas S. Onder

on behalf of Creditor Bethel Park Library  LLC tonder@stark-stark.com

Thomas S. Onder

on behalf of Creditor SADG-4 Limited Partnership tonder@stark-stark.com

Thomas S. Onder

on behalf of Creditor Levin Management Corporation tonder@stark-stark.com

Thomas S. Onder

on behalf of Creditor Mt. Lebanon Cooke  LP tonder@stark-stark.com

Thomas S. Onder
on behalf of Creditor Santiago Holdings II  LLC tonder@stark-stark.com

Thomas S. Onder
on behalf of Creditor RAP Dallas LP tonder@stark-stark.com

Thomas S. Onder
on behalf of Creditor Harbor Center Partners  L.P. tonder@stark-stark.com

Thomas S. Onder
on behalf of Creditor Ald Capital PA  LLC tonder@stark-stark.com

Thomas S. Onder
on behalf of Creditor Joseph Murphy Corporation tonder@stark-stark.com

Thomas S. Onder
on behalf of Creditor Trust for the Benefit of Catherine M. Levin  et als. tonder@stark-stark.com

Thomas S. Onder
on behalf of Creditor Felos Associates LLC tonder@stark-stark.com

Turner Falk
on behalf of Creditor Element Fleet Corporation turner.falk@saul.com  tnfalk@recap.email

Turner Falk
on behalf of Creditor Allegheny County Airport Authority turner.falk@saul.com  tnfalk@recap.email

Turner Falk
on behalf of Creditor PFK Partners LP turner.falk@saul.com  tnfalk@recap.email

Turner Falk
on behalf of Creditor Ross Dress for Less  Inc. turner.falk@saul.com, tnfalk@recap.email

Turner Falk
on behalf of Creditor H.K.N.IV.  LLC turner.falk@saul.com, tnfalk@recap.email

Turner Falk
on behalf of Creditor 1700 Aviation Boulevard  LLC turner.falk@saul.com, tnfalk@recap.email

U.S. Trustee
USTPRegion03.NE.ECF@usdoj.gov

Victoria N Argeroplos
on behalf of Interested Party Burlington Stores  Inc. vargeroplos@jw.com,
kgradney@jw.com;dtrevino@jw.com;jrego@jw.com;jpupo@jw.com

Vincent J. Roldan
on behalf of Creditor SN Investment Properties  LLC vroldan@mblawfirm.com

Vincent J. Roldan
on behalf of Creditor Cascade Commons LLC vroldan@mblawfirm.com

Virginia T. Shea
on behalf of Creditor Haleon US Services  Inc., formerly known as GSK Consumer Healthcare Services Inc. and its affiliates
vshea@mdmc-law.com, gbressler@mdmc-law.com

Walter Benzija
on behalf of Creditor Mill Avenue Associates  LLC wbenzija@halperinlaw.net, mmurrayhbb@outlook.com

Warren A. Usatine
on behalf of Debtor New Rite Aid  LLC wusatine@coleschotz.com, fpisano@coleschotz.com;ddelehanty@coleschotz.com

Warren J. Martin, Jr.
on behalf of Creditor SKD Construction Co.  LLC wjmartin@pbnlaw.com,
mpdermatis@pbnlaw.com;pnbalala@pbnlaw.com;raparisi@pbnlaw.com;jmoconnor@pbnlaw.com

Wendy M Simkulak
on behalf of Creditor Chubb Companies wmsimkulak@duanemorris.com

William G. Wright
on behalf of Creditor Gitomer Family Realty LLC wwright@capehart.com  jlafferty@capehart.com

William J. Burnett
on behalf of Creditor Colella Family Partners and Samuel D. Colella  Trustee of the Colella Family Non-Exempt Marital
Deduction Trust dated 9/21/1992 william.burnett@flastergreenberg.com,
william.burnett@ecf.inforuptcy.com;nicole.pettit@flastergreenberg.com

William J. Burnett
on behalf of Creditor Aquitania  Corp. william.burnett@flastergreenberg.com,
william.burnett@ecf.inforuptcy.com;nicole.pettit@flastergreenberg.com

William J. Levant
on behalf of Creditor FNRP Realty Advisors  LLC efile.wjl@kaplaw.com, wlevant@gmail.com

District/off: 0312-3
Date Rcvd: Dec 15, 2025

User: admin
Form ID: pdf903

Page 31 of 31
Total Noticed: 1

William John Maffucci
on behalf of Creditor ImageOne Interco  LLC d/b/a ImageOne Industries, LLC wmaffucci@sogtlaw.com

William Joseph Oxley
on behalf of Creditor Township of Barnegat woxley@dastilaw.com

William Joseph Oxley
on behalf of Creditor Manchester Township Tax Office woxley@dastilaw.com

Wojciech F. Jung
on behalf of Interested Party Burlington Stores  Inc. Wojciech.Jung@wbd-us.com,
cindy.giobbe@wbd-us.com;wojciech-jung-6010@ecf.pacerpro.com

Wojciech F. Jung
on behalf of Creditor TRC Master Fund LLC Wojciech.Jung@wbd-us.com
cindy.giobbe@wbd-us.com;wojciech-jung-6010@ecf.pacerpro.com


TOTAL: 679