|  |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| *Caption in Compliance with D.N.J. LBR 9004-1(b)*<br><br>Jason D. Angelo, Esq. (No. 076922013)<br>**REED SMITH LLP**<br>506 Carnegie Center, Suite 300<br>Princeton, New Jersey 08540<br>Telephone: +1.609.987.0050<br>Facsimile: +1.609.951.0824<br>E-mail: jangelo@reedsmith.com<br><br>-and-<br><br>Omar J. Alaniz, Esq. (admitted *pro hac vice*)<br>**REED SMITH LLP**<br>2850 N. Harwood St., Suite 1500<br>Dallas, Texas 75201<br>Telephone: +1.469.680.4200<br>Facsimile: +1.469.680.4299<br>E-mail: oalaniz@reedsmith.com<br><br>*Counsel for On-Line Strategies Services, LLC* |

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No. 25-14861 (MBK) |
| Debtors.[1] | Jointly Administered |

### MOTION OF ON-LINE STRATEGIES SERVICES, LLC FOR ENTRY OF AN ORDER ALLOWING AND DIRECTING IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

TO THE HONORABLE MICHAEL B. KAPLAN,
UNITED STATES BANKRUPTCY JUDGE:

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

On-Line Strategies Services, LLC ("OLS"), by and through its counsel, Reed Smith LLP, hereby submits this motion (the "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), allowing and compelling immediate payment of an administrative expense claim to OLS by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors").  In support hereof, OLS respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over the above-captioned case, property of the Debtor's estate, and this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference 12-1* from the United States District Court for the District of New Jersey, dated July 23, 1984, and amended September 18, 2012 and June 6, 2025. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. OLS consents to the entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

4. On May 5, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. Rite Aid Hdqtrs. Corp. ("Rite Aid") and OLS are party to that certain *Master Services Agreement* dated January 21, 2020 (as has been amended and/or renewed from time to time, and including all proposals and Statements of Work ancillary thereto, the

"OLS Agreement"), pursuant to which OLS provided Rite Aid with post-petition transaction processing and payment-enablement services (the "OLS Services"). Specifically, OLS operates a network that interfaced between Rite Aid's point-of-sale systems and third-party payment authorization networks, enabling customers to pay for goods and services across in-store, e-commerce, and mobile commerce channels. Through the applicable *Statements of Work*, OLS granted Rite Aid a limited, non-exclusive right to access and use these software-based services over the internet for Rite Aid's internal business purposes, including routing, validating, transforming, and transmitting payment transaction data and returning authorization responses in real time.

6. From and after Petition Date, the Debtors knowingly accepted the OLS Services provided, and provision of such services was in the ordinary course of business of the parties. As of the date of this Motion, the following invoices,[2] for a total amount of not less than $41,544.00 (the "Administrative Expense Claim"), remain unpaid:

| INVOICE DATE | INVOICE NUMBER | AMOUNT DUE |
|---|---|---|
| July 31, 2025 | 249146_RAH07312025 | $13,848.00 |
| August 8, 2025 | 249268_RAH08082025 | $13,848.00 |
| September 24, 2025 | 250076_RAH09242025 | $13,848.00 |
| **TOTAL DUE:** | | **$41,544.00** |

**RELIEF REQUESTED**

7. OLS respectfully requests that the Court enter the Proposed Order: (i) allowing OLS's Administrative Expense Claim and (ii) compelling the Debtor to immediately satisfy the Administrative Expense Claim.

---

[2] Upon information and belief, the Debtors have copies of the listed invoices, and accordingly, copies of same are not attached to this Motion.

## BASIS FOR RELIEF

**I.    THE AMOUNTS DUE ON ACCOUNT OF THE OLS SERVICES ARE ACTUAL AND NECESSARY COSTS AND EXPENSES OF PRESERVING THE DEBTORS' ESTATES.**

8. Bankruptcy Code section 507(a) grants priority to administrative expense claims that are allowed under Bankruptcy Code section 503(b). *See* 11 U.S.C. § 507(a)(2). Section 503(b)(1)(A) provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including— (1)(A) the actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1)(A).

9. To qualify for an administrative priority, an expense (i) must arise from a post-petition transaction with the debtor-in-possession and (ii) must be beneficial to the debtor-in-possession in the operation of the business. *See In re Energy Future Holdings Corp.*, 990 F.3d 728, 741 (3d Cir. 2021) ("An administrative expense claim is entitled to priority under Section 503(b)(1)(A) if: (1) there was a 'post-petition transaction between the claimant and the estate,' and (2) those expenses yielded a 'benefit to the estate.'") (citation omitted); s*ee also In re Goody's Family Clothing, Inc.*, 610 F.3d 812, 818 (3d Cir., 2010) (internal citations omitted) ("[W]hen third parties are induced to supply goods or services to the debtor-in-possession pursuant to a contract that has not been rejected, the purposes of [administrative claims] plainly require that their claims be afforded priority.").

10. In the Third Circuit, the phrase "actual" and "necessary costs and expenses of preserving the estate" includes costs "ordinarily incident to operation of a business." *Pennsylvania Dept. of Environmental Res. v. Tri-State Clinical Laboratories, Inc.*, 178 F.3d 685, 689-90 (3d Cir. 1999) (citing *Reading Co. v. Brown*, 391 U.S. 471, 483 (1968)). Thus, it is well established that "if a debtor in possession elects to continue to receive benefits from the other party

to an executory contract pending a decision to reject or assume a contract, the debtor in possession is obligated to pay for the reasonable value of those services." *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984). Any other result would improperly confer a benefit on the bankruptcy estate while permitting the estate to escape the contract's burdens.

11. OLS submits that its right to allowance and payment of the Administrative Expense Claim is clear: (a) OLS provided the OLS Services following the Petition Date pursuant to the OLS Agreement; (b) Rite Aid (in its capacity as a debtor-in-possession) knowingly and willingly accepted the OLS Services; (c) the OLS Services were supplied to and beneficial to Rite Aid in the operation of its business; and, (d) utilization of the OLS Services preserved the Debtors' estates. OLS further submits that usage of the OLS Services directly and substantially benefitted the Debtors' estates by permitting the Debtors' continued post-petition operations without interruption.

12. Based on these facts and circumstances, OLS submits that the provision of the OLS Services unquestionably constitutes "actual, necessary costs and expenses of preserving the estate" that should be allowed as administrative expenses, 11 U.S.C. §503(b)(1)(A), and should receive the highest priority in payment in this bankruptcy proceeding pursuant to 11 U.S.C. § 507(a)(1).

## II. OLS IS ENTITLED TO IMMEDIATE PAYMENT OF ITS ADMINISTRATIVE EXPENSE CLAIM.

13. OLS submits that it is entitled to immediate payment of the Administrative Expense Claim. A creditor that is owed administrative expense payments may show entitlement to immediate payment by showing (i) that the debtor is able to pay, and (ii) that immediate payment is necessary. *In re NE Opco, Inc.*, 501 B.R. 233, 259 (Bankr. D. Del. 2013) ("To qualify for exceptional immediate payment, a creditor must show that there is a necessity to pay and not

merely that the Debtor has the ability to pay.") (citing *In re Glob. Home Prods., LLC*, No. 06–10340 (KG), 2006 WL 3791955, *3 (Bankr. D. Del. Dec. 21, 2006)). Other factors that may be considered by the court when deciding when an administrative expense will be paid include "prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors." *In re Garden Ridge Corp.*, 323 B.R. 126, 143 (Bankr. D. Del. 2005).

14. These factors support immediate payment of the Administrative Expense Claim. There is no evidence that the Debtors will be prejudiced by paying the Administrative Expense claim immediately. The Debtors received the benefit of the OLS Services, and OLS continued to provide its services to the Debtors, on demand, without being fully compensated. OLS will certainly continue to suffer harm as a result of the Debtors' nonpayment until it is paid. Moreover, immediate payment to OLS will not prejudice other creditors because it will not compromise other administrative claimants' recovery, especially given that the Debtors' chapter 11 plan has been confirmed. Accordingly, OLS is entitled to the immediate payment of its Administrative Expense Claim.

## NO PRIOR REQUEST

15. No previous request for the relief sought herein has been made to this Court or to any other court.

## NOTICE

16. Notice of this Motion to has been provided to: (a) the United States Trustee for Region Three, and (b) counsel to the Debtors via electronic and regular first-class mail, and (c) all parties that have requested notice in this case via the Court's CM/ECF system. OLS respectfully submits that no other or further notice of this Motion is required.

**WHEREFORE**, OLS respectfully requests that the Court (a) enter the Proposed Order (i) allowing its Administrative Expense Claim in the amount of at least $41,544.00 and (ii) directing the Debtors to pay such claim immediately; and (b) grant such other and further relief as is appropriate.

Dated: December 26, 2025  
       Princeton, New Jersey

Respectfully submitted,

**REED SMITH LLP**

By: */s/ Jason D. Angelo*  
Jason D. Angelo, Esq. (No. 076922013)  
506 Carnegie Center, Suite 300  
Princeton, NJ 08543  
Telephone: +1.609.987.0050  
Facsimile: +1.609.951.0824  
E-mail: jangelo@reedsmith.com

- and -

Omar J. Alaniz, Esq. (admitted *pro hac vice*)  
**REED SMITH LLP**  
2850 North Harwood Street, Suite 1500  
Dallas, TX 75201  
Telephone: +1.469.680.4200  
Facsimile: +1.469.680.4299  
E-mail: oalaniz@reedsmith.com

*Counsel to On-Line Strategies Services, LLC*