**KELLEY DRYE & WARREN LLP**
James S. Carr, Esq.
Kristin S. Elliott, Esq.
7 Giralda Farms, Suite 340
Madison, NJ 07940
Telephone: (973) 503-5900

*Counsel to Tata Consultancy Services Limited*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No. 25-14861 (MBK) |
| Debtors. | (Jointly Administered) |

**TATA CONSULTANCY SERVICES LIMITED'S OBJECTION TO DEBTORS' PROPOSED CURE AMOUNTS FOR ASSUMPTION OF EXECUTORY CONTRACTS**

Tata Consultancy Services Limited ("TCS"), by and through its undersigned counsel, hereby objects (the "Cure Objection") to the proposed cure amounts (the "Proposed Cure Amounts") listed in the *Second Amended Plan Supplement* (the "Plan Supplement")[1] for certain statements of work (collectively, the "SOWs") issued under an Agreement for Computer Consultancy Services dated as of June 6, 2002 (the "MSA") between TCS and the above-captioned debtors' (collectively, the "Debtors") predecessor-in-interest. In support of this Cure Objection, TCS respectfully states:

---

[1] Docket No. 3541-1.

**PRELIMINARY STATEMENT**

1. The Debtors seek to assume the SOWs pursuant to the Plan (defined below). The Proposed Cure Amounts for the SOWs listed in Plan Supplement are $0.00. The SOWs, however, do not stand alone and are issued under, and are a part of, the MSA. As a result, the Debtors cannot assume the SOWs without also assuming the MSA, under which the amount required to cure all monetary defaults under the MSA and the SOWs is $1,596,879 (the "TCS Cure Amount"). TCS objects to the assumption of the MSA and the SOWs unless the Debtors or the reorganized Debtors (as applicable) pay the TCS Cure Amount to TCS.

**BACKGROUND**

2. TCS and the Debtors are parties to the MSA, pursuant to which TCS provided various services to the Debtors pursuant to various statements of work, including the SOWs listed on the Plan Supplement.[2]

3. On May 5, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court. Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors and debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. On November 11, 2025, the Debtors filed the *Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates* (the "Plan").[3] The Court confirmed the Plan on November 26, 2025.[4] The Debtors filed the Plan Supplement on December 16, 2025.

---

[2] The MSA and related statements of work contain confidential information and are not attached to this Cure Objection. The MSA and statements of work will be provided upon written request to TCS's counsel and execution of a confidentiality agreement.

[3] Docket No. 3215.

[4] Docket No. 3445.

5.  Exhibit A to the Plan Supplement lists the Debtors' proposed cure amounts for certain executory contracts the Debtors seek to assume pursuant to the Plan. The Plan Supplement lists $0.00 as the proposed Cure Amounts for the SOWs. The Plan Supplement does not propose to assume the MSA.

**OBJECTION**

6.  TCS does not object to the assumption of the MSA and SOWs (but not the SOWs by themselves), but the Proposed Cure Amounts are incorrect. TCS's records indicate that $1,596,879 is due and owing under the MSA. A schedule of the invoices comprising that amount is attached as **Exhibit A** to this Cure Objection.

7.  Pursuant to sections 365(b)(1) and (f)(2) of the Bankruptcy Code, a debtor-in-possession that seeks to assume and assign an executory contract must (i) cure, or provide adequate assurance that it will promptly cure, any defaults in the executory contract, (ii) compensate the counterparty to the executory contract for any actual pecuniary loss to such party resulting from such defaults, and (iii) provide adequate assurance of future performance under such contract.[5] Additionally, a debtor-in-possession is not authorized to cherry pick portions of an agreement to assume, it must assume each executory contract *cum onere*.[6]

8.  Accordingly, if the Debtors wish to assume the benefits of the SOWs listed on the Plan Supplement, they must assume—and cure all arrears—under the executory contract to which they belong. As a result, TCS respectfully requests that the Court condition the assumption of the

---

[5] 11 U.S.C. §§ 365(b)(i), (f)(2).

[6] *See, e.g., In re Fleming Cos.*, 499 F.3d 300, 308 (3d Cir. 2007) (holding that under section 365(f), a debtor assumes a contract subject to the burdens thereunder, and must adopt the burdens of an assumed contract, if it receives the benefits of such contract) (citing *In re Italian Cook Corp.*, 190 F.2d 994, 997 (3d Cir. 1951)).

3

SOWs on the Debtors' corresponding assumption of the MSA and the payment in full of the TCS Cure Amount.

**WHEREFORE**, TCS respectfully requests that the Court (i) deny the Debtors' request to assume the SOWs unless the MSA is also assumed and the TCS Cure Amount is paid in full, and (ii) grant such other and further relief as the Court deems just and proper.

Dated: December 30, 2025　　　　　　　**KELLEY DRYE & WARREN LLP**

By: /s/ *James S. Carr*
James S. Carr, Esq.
Kristin S. Elliott, Esq.
7 Giralda Farms, Suite 340
Madison, NJ 07940, 2nd Floor
Tel: (973) 503-5900
Fax: (973) 503-5950
Email: jcarr@kelleydrye.com
　　　　kelliott@kelleydrye.com

*Counsel to Tata Consultancy Services Limited*