Law Office of Shmuel Klein PA
Attorney for HVP2 LLC
113 Cedarhill Ave
Mahwah, NJ 07430
845-425-2510
Attorney ID 00851987
email: shmuel.klein@verizon.net

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

_____

In re:
NEW RITE AID LLC, *et al.*,1
Debtors                                                                Chapter 11
                                                                       Case No. 25-14861 (MBK)

_____

TO: HONORABLE MICHAEL B. KAPLAN
United States Bankruptcy Judge

### Certification in Support of HVP2 LLC
### Motion for Payment of Administrative Payment

I, Shmuel Klein certify actual knowledge of the foregoing statements and they are true:

1.     This Certification is filed by HVP2 LLC, (hereinafter "HVP") in Support of its motion for administrative expenses in the amount of $ 29,537.01 for the Debtors post-petition portion of the common area charges and penalties pro-rated to the alleged surrender date of July 31, 2025.

2.     Debtors continued to use, occupy and run its retail business in a space it leased from HVP2 LLC located at 83 Vandenburgh Ave., Troy, NY (Store 10687) (hereinafter "premises").  The lease is filed herewith as Exhibit "A").

3.     The aforesaid lease was rejected and the premises was allegedly surrendered on July 31, 2025. The allegation is currently a issue on appeal to the United States District Court.  All rights are reserved.

_____
 1 The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

4.     Prior to the second bankruptcy filing, the Debtor consistently paid its proportion of the common area charges before the premises was allegedly surrendered. Debtor owes the proportionate amount of $29,537.01. As seen on Exhibit "B" all of the charges were billed prior to the alleged surrender date of July 31, 2025 and were post-petition charges while the Debtor occupied the premises.

5.     The charges include necessary maintenance costs related to the upkeep of the shopping center where the Debtor operated its store. All the charges and bills are annexed hereto as Exhibit "B" made part hereof.

6.     According to the lease the Debtor is responsible to pay its portion of the Common Area Charges See Lease §5.1.

7.     The Bankruptcy Code requires post-petition portion of the common area charges from the Debtors petition date until the alleged date of surrender. Under 11 U.S.C. § 365(d)(3), a Debtor must timely perform all obligations under a non-residential real property lease pending assumption or rejection. All obligations under the lease which accrue post-petition are automatically deemed an administrative expense. The express language of the statute requires such performance "until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." The requirements in § 503(b)(1) that the lease obligations be actual or necessary costs of preserving the estate. The post-petition amount sought by this motion is actual or necessary costs of preserving the estate, prior to the alleged surrender date.

8.     The lease explicitly provides for attorney's fees:

> 21.3. In the event that either Landlord or Tenant seeks enforcement of its rights and commences any suit for the collection of any amounts for which the other may be in default or for the performance of any other covenant or agreement hereunder, the prevailing party shall be entitled to be reimbursed by the other party for reasonable attorneys' fees and expenses incurred in enforcing such obligations and/or collecting such amounts.

9.     As a direct result of the Debtor's failure to pay the portion of the common area charges charges, this motion was required. Debtor must therefore pay HVP's attorney's fees in the amount stated on Exhibit D in the current amount (without prejudice) of $38,249.00.

WHEREFORE it is respectfully requested HVP2 LLC's motion be granted and Debtor be compelled to pay $29,537.01 for post-petition portion of the common area charges and penalties plus attorney's fees within 10 days of an Order of this Court.

Dated: February 10, 2026        Law Office of Shmuel Klein PA
BY: /s/ Shmuel Klein
Shmuel Klein, Esq.
Attorney for HVP2 LLC