Shmuel Klein, Esq.
Attorney for HVP2 LLC
Law Office of Shmuel Klein PA
113 Cedarhill Ave
Mahwah, NJ 07430
845-425-2510
Attorney ID 00851987
email:shmuel.klein@verizon.net

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

_____

In re:
NEW RITE AID LLC, *et al.*,1
Debtors

Chapter 11
Case No. 25-14861 (MBK)

_____

TO: HONORABLE MICHAEL B. KAPLAN

**<u>Memorandum of Law in Support of HVP2 LLC
Motion for Payment of  Common Area Charges</u>**

<u>BASIS FOR RELIEF</u>

Section 365(d)(3) requires a debtor to pay all obligations under its lease in full that becomes due after a bankruptcy case is filed, in this Circuit called "stub rent".  Stub rent is the term commonly used to describe the rent for the period of time from the date of filing of the petition through the first date a payment is contractually due under the lease.  The Debtor occupied the premises known as 85 Vandenburgh Ave., Troy, NY (Store 10687), the Debtor owes Common Area Maintenance (CAM) post petition in the amount of $ 29,537.01 and attorney's fees to date in the amount of (without prejudice) of $38,249.00.

The Third Circuit,  follows the "billing date" rule,  concerning "stub rent" in the case of <u>In re Goody's Family Clothing Inc.</u> 610 F.3d 812 ( 3rd Circuit 2010) ("Goody's").  The Court upheld the

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

decisions of both the Delaware Bankruptcy Court and the Delaware Federal District Court, stating that a landlord is entitled to make a claim for "stub rent" as an administrative expense of a debtor's estate and that such claim is not precluded by Section 365(d)(3).

Section 503(b)(1) allows administrative expense claims for "actual, necessary costs and expenses of preserving the estate." The Third Circuit stated that rent arises on the day that rent is due, i.e., the "billing-date approach", including e.g., the U.S. Court of Appeals for the Third Circuit's 2001 decision in In re: Montgomery Ward Holding Corp. 268 F.3d 205 (3d Cir. 2001).

Adequate protection is defined in Section 361 of the Bankruptcy Code. Under Section 361, a debtor must: (1) make a cash payment or payments to the extent the stay results in a decrease in the value of its collateral; or (2) provide the creditor an additional or replacement lien, such as a replacement lien on post-petition accounts receivable. The court can also grant other relief that will result in the "realization" of the "indubitable equivalent" of the creditor's interest in its collateral to the extent options (1) or (2) are insufficient to provide the creditor with adequate protection with timely payment of its post-petition obligations.

WHEREFORE it is respectfully requested HVP's motion be granted and the Debtor pay the movant CAM charges in the amount of $ 29,537.01 and attorney's fees to date in the amount of (without prejudice) of $38,249.00.

Dated: February 10, 2026     Law Office of Shmuel Klein PA
                             BY: /s/ Shmuel Klein
                             Shmuel Klein, Esq.
                             Attorney for HVP2 LLC