FILED:BANKRUPTCY:NJB
2026 APR 27 PM2:17:02

**MARSHELL LANDRUM**
15333 CULVER DRIVE 340
IRVINE, CA 92604
808-321-4931
marshelllandrum@gmail.com
IN PROPRIA PERSONA

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARSHELL LANDRUM, AS COURT-APPOINTED PERSONAL REPRESENTATIVE OF THE ESTATE OF MICHAEL W. LANDRUM SR., <br><br> Movant, <br><br> vs. <br><br> New Rite Aid, LLC <br><br> Respondent. | Case No. 25-14861 (JKS) <br><br> **MOTION TO ENFORCE COURT ORDER, COMPEL ASSIGNMENT OF INSURANCE RIGHTS, AND FOR SANCTIONS** <br><br> Chapter: 11 <br> Judge: Michael B. Kaplan |

**MARSHELL LANDRUM,** Personal Representative of the Estate of Michael W. Landrum Sr., pro se, respectfully moves this Court for an order enforcing the Court's July 21, 2025 Order (Doc. 1511), compelling the Rite Aid Litigation Trust to respond to Movant's written request for assignment of insurance rights, directing assignment consistent with the confirmed Plan and this Court's prior Order, and, in the alternative, ordering Cole Schotz P.C. to show cause why sanctions should not be imposed for interference with Movant's rights and for conduct that has unreasonably and vexatiously multiplied these proceedings. In support, Movant states as follows:

## I. INTRODUCTION

On July 21, 2025, this Court entered an Order (Doc. 1511) granting Movant limited relief from the automatic stay and authorizing Movant to seek assignment of insurance rights from the Rite

MOTION TO ENFORCE COURT ORDER, COMPEL ASSIGNMENT OF INSURANCE RIGHTS, AND FOR SANCTIONS
1

Aid Litigation Trust, subject to the confirmed Plan and its applicable provisions, including Articles Articles V, VI, and X.D of the confirmed Plan.

Movant thereafter made a formal written request to the Trust on March 16, 2026, by certified mail, return receipt requested, at the Trust's designated addresses. The Trust received the request but has not responded.

Movant also has reason to believe that counsel for the Debtors, Cole Schotz P.C., has attempted to interfere with Movant's efforts to exercise the rights recognized by this Court's Order, including by discouraging insurers from communicating with Movant regarding the Estate's coverage rights. Movant therefore requests relief necessary to enforce the Court's Order, require the Trust to act, and prevent further obstruction.

## II. BACKGROUND AND PROCEDURAL HISTORY

1. On July 21, 2025, this Court entered Order Doc. 1511, which granted Movant limited relief from the automatic stay and authorized Movant to seek assignment of insurance rights from the Rite Aid Litigation Trust, subject to the confirmed Plan, including **Articles V, VI, and X.D of the confirmed Plan.**

2. The confirmed Plan provides that all rights under the Debtors' insurance policies are preserved and remain in effect after the Effective Date, that insurers retain all defenses under such policies, and that such insurance rights are retained by the Debtors and vested in, or exercisable by, the Litigation Trust. The Plan further contemplates that claimants may pursue recoveries limited to available insurance proceeds, and authorizes the Litigation Trustee to administer, pursue, settle, or assign such insurance-related rights in accordance with the Plan.

3. On March 16, 2026, Movant sent a formal written request for assignment of insurance rights to the Rite Aid Litigation Trust at the following addresses:
   - Rite Aid Litigation Trust, c/o Kurtzman Carson Consultants LLC, 222 North Pacific Coast Highway, Suite 3000, El Segundo, California 90245
   - Rite Aid Litigation Trust, 850 Third Avenue, Suite 412, Brooklyn, New York 11232

4. The request was sent by certified mail, return receipt requested. True and correct copies of the request letter and delivery confirmation are attached as **Exhibits B.**

5. More than thirty days have passed since delivery of the request, and the Trust has not responded in any manner.

6. On April 19, 2026, Movant also attempted to communicate professionally with counsel for the Debtors, Cole Schotz P.C., regarding the insurance assignment process.

7. Rather than engaging constructively, counsel responded with an email stating, among other things, *"I suggest you stop sending stupid emails and file whatever you want!!!!"* A true and correct copy of that email is attached as **Exhibit C.**

8. Movant further submits a declaration or other evidence showing that counsel for the Debtors communicated with Chubb and instructed it not to respond to Movant. A true and correct copy of that evidence is attached as **Exhibit C.**

**III. ARGUMENT**

**A. The Court Should Enforce Its Prior Order and Require the Trust to Respond**

This Court already granted Movant limited relief from the automatic stay and authorized Movant to seek assignment of insurance rights from the Trust, subject to the confirmed Plan and the Court's prior ruling.

The Trust's failure to respond to a formal written request delivered by certified mail is contrary to the Court's Order and frustrates the relief previously granted. At a minimum, Movant is entitled to an order requiring the Trust to respond in writing within a date certain and to identify any basis in the Plan or this Court's Order for refusing assignment.

If the confirmed Plan and this Court's Order require the Trust to process or approve assignment upon request, Movant further requests an order directing the Trust to execute the assignment without further delay.

**B. Cole Schotz P.C. Should Be Ordered to Show Cause Why Sanctions Should Not Enter**

Movant requests that the Court require Cole Schotz P.C. to show cause why sanctions should not be imposed for conduct that has interfered with Movant's efforts to exercise rights recognized by this Court.

Federal courts possess inherent authority to sanction conduct undertaken in bad faith, vexatiously, wantonly, or for oppressive reasons. See *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

The Court may also award sanctions where an attorney has multiplied proceedings unreasonably and vexatiously. See 28 U.S.C. § 1927.

Here, Movant alleges that counsel has:

1. attempted to interfere with Movant's direct access to insurers;

2. instructed an insurer not to respond to Movant;

3. responded to a good-faith inquiry with abusive and obstructive language; and

4. thereby forced Movant to file the present motion.

Taken together, these actions have increased the burden and expense of these proceedings and warrant judicial scrutiny. Movant does not ask the Court to impose sanctions based on discourtesy alone. Rather, Movant requests that the Court examine whether counsel's conduct, viewed in context, reflects bad faith interference with this Court's prior Order and a vexatious multiplication of proceedings.

**C. Movant Is Entitled to Costs Necessarily Incurred in Bringing This Motion**

Because Movant was required to seek relief from the Court to secure compliance with its prior Order, Movant requests reimbursement of reasonable costs associated with filing this motion, including filing fees, mailing costs, and copying expenses, to the extent permitted by law and the Court's authority.

**IV. REQUESTED RELIEF**

**WHEREFORE,** Movant respectfully requests that this Court enter an order:

1. Enforcing the Court's July 21, 2025 Order (Doc. 1511) and the confirmed Plan;

2. Directing the Rite Aid Litigation Trust to file and serve a written response to Movant's March 16, 2026 request within fourteen (14) days;

3. Directing the Rite Aid Litigation Trust to assign to Movant all right, title, and interest in the insurance policies covering the claim of the Estate of Michael W. Landrum Sr., including the right to pursue coverage from all applicable insurers, if and to the extent required by the confirmed Plan and this Court's prior Order;

///

///

MOTION TO ENFORCE COURT ORDER, COMPEL ASSIGNMENT OF INSURANCE RIGHTS, AND FOR SANCTIONS

4

4. In the alternative, if the Trust contends it has any basis for refusing assignment, directing the Trust to identify with particularity the specific Plan provisions, order provisions, or other authority on which it relies;

5. Ordering Cole Schotz P.C. to show cause why sanctions should not be imposed under the Court's inherent authority and/or 28 U.S.C. § 1927 for conduct that unreasonably and vexatiously multiplied these proceedings;

6. Ordering Cole Schotz P.C. to cease any conduct that interferes with Movant's lawful efforts to communicate with applicable insurers concerning the Estate's coverage rights, to the extent such communication is authorized by the Court's prior Order and the confirmed Plan;

7. Awarding Movant reasonable costs incurred in bringing this motion; and

8. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Respectfully submitted,

Date:   4/20/2026

_____

Marshell Landrum,

Plaintiff in Propria Persona

**MOTION TO ENFORCE COURT ORDER, COMPEL ASSIGNMENT OF INSURANCE RIGHTS, AND FOR SANCTIONS**

**MOTION TO ENFORCE COURT ORDER, COMPEL ASSIGNMENT OF INSURANCE RIGHTS, AND FOR SANCTIONS**