Shmuel Klein, Esq.
Attorney for HVP2 LLC
Law Office of Shmuel Klein PA
113 Cedarhill Ave
Mahwah, NJ 07430
845-425-2510
Attorney ID 00851987
email:shmuel.klein@verizon.net

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
_____

In re:
LAKEHURST AND BROADWAY CORPORATION,
Debtor.[1]                                              Chapter 11
                                                        Case No. 25-14861 (MBK)

_____

TO: HONORABLE MICHAEL B. KAPLAN

**Memorandum of Law in Support of HVP2 LLC**
**Motion for Payment of  Common Area Charges**

BASIS FOR RELIEF

Section 365(d)(3) requires a debtor to pay all obligations under its lease in full that becomes due

after a bankruptcy case is filed, in this Circuit called "stub rent".   Stub rent is the term commonly used

to describe the rent for the period of time from the date of filing of the petition through the first date a

payment is contractually due under the lease.  The Debtor occupied the premises known as 85

Vandenburgh Ave., Troy, NY (Store 10687), the Debtor owes Common Area Maintenance (CAM)

post petition in the amount of $ 29,537.01 and attorney's fees to date in the amount of (without

prejudice) of $38,249.00.

_____
 On December 30, 2025, the Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "Order on Final Decree"). The Court has entered a text order on the affiliated dockets listed in the Order on Final Decree requiring that all remaining matters be filed under the above captioned case, *Lakehurst and Broadway Corporation*, Case No. 25-14831 (MBK). Except as otherwise provided herein, references to the "Docket" herein shall refer to the docket in the formerly jointly administered cases captioned *In re New Rite Aid, LLC*, Case No. 25-14861 (MBK).

The Third Circuit, follows the "billing date" rule, concerning "stub rent" in the case of <u>In re Goody's Family Clothing Inc.</u> 610 F.3d 812 ( 3rd Circuit 2010) ("Goody's"). The Court upheld the decisions of both the Delaware Bankruptcy Court and the Delaware Federal District Court, stating that a landlord is entitled to make a claim for "stub rent" as an administrative expense of a debtor's estate and that such claim is not precluded by Section 365(d)(3).

Section 503(b)(1) allows administrative expense claims for "actual, necessary costs and expenses of preserving the estate." The Third Circuit stated that rent arises on the day that rent is due, i.e., the "billing-date approach", including e.g., the U.S. Court of Appeals for the Third Circuit's 2001 decision in <u>In re: Montgomery Ward Holding Corp.</u> 268 F.3d 205 (3d Cir. 2001).

Adequate protection is defined in Section 361 of the Bankruptcy Code. Under Section 361, a debtor must: (1) make a cash payment or payments to the extent the stay results in a decrease in the value of its collateral; or (2) provide the creditor an additional or replacement lien, such as a replacement lien on post-petition accounts receivable. The court can also grant other relief that will result in the "realization" of the "indubitable equivalent" of the creditor's interest in its collateral to the extent options (1) or (2) are insufficient to provide the creditor with adequate protection with timely payment of its post-petition obligations.

WHEREFORE it is respectfully requested HVP's motion be granted and the Debtor pay the movant CAM charges in the amount of $ 29,537.01 and attorney's fees to date in the amount of (without prejudice) of $38,249.00.

Dated: May 4, 2026        Law Office of Shmuel Klein PA
                                         BY: <u>/s/ Shmuel Klein</u>
                                         Shmuel Klein, Esq.
                                         Attorney for HVP2 LLC